| | |
|---|---|
| Charles S. LiMandri, SBN 110841<br>  cslimandri@limandri.com<br>Paul M. Jonna, SBN 265389<br>  pjonna@limandri.com<br>Mark D. Myers, SBN 235719<br>  mmyers@limandri.com<br>Jeffrey M. Trissell, SBN 292480<br>  jtrissell@limandri.com<br>Milan L. Brandon II, SBN 326953<br>  mbrandon@limandri.com<br>LiMANDRI & JONNA LLP<br>P.O. Box 9120<br>Rancho Santa Fe, CA 92067<br>Telephone: (858) 759-9930<br>Facsimile: (858) 759-9938 | Thomas Brejcha, *pro hac vice**<br>  tbrejcha@thomasmoresociety.org<br>Peter Breen, *pro hac vice**<br>  pbreen@thomasmorsociety.org<br>THOMAS MORE SOCIETY<br>309 W. Washington St., Ste. 1250<br>Chicago, IL 60606<br>Tel: (312) 782-1680<br>*Application forthcoming<br><br>*Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,<br><br>   Plaintiffs,<br><br>   v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>   Defendants. | Case No.: 3:23-cv-0768-BEN-WVG<br><br>**Request for Judicial Notice in Support of Plaintiffs' Motion for a Preliminary Injunction**<br><br>Judge:          Hon. Roger T. Benitez<br>Courtroom:  5A<br>Hearing Date: June 26, 2023<br>Hearing Time: 10:30 a.m. |

# NOTICE OF MOTION AND MOTION

TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Elizabeth Mirabelli and Lori Ann West, by and through counsel, will and hereby do request that this Court, pursuant to Fed. R. Evid. 201, take judicial notice of the following exhibits to the Complaint:

- **Exhibit 1:** EUSD Board Policy 0410.
- **Exhibit 2:** EUSD Board Policy 5145.3.
- **Exhibit 3:** EUSD Administrative Regulation 5145.3.
- **Exhibit 4:** Transcript & Slideshow of Presentation "Rights of Gender Diverse Students," dated February 3, 2022.
  - **Electronic Exhibit 4:** Video of Slideshow Presentation "Rights of Gender Diverse Students," dated February 3, 2022.
- **Exhibit 5:** Mission Middle School "Rights of Gender Diverse Students" Q&A Document.
- **Exhibit 6:** EUSD Integrated Students Supports "Preferred Name/Gender Request Form."
- **Exhibit 7:** Memorandum re: EUSD Position on Teachers' Request for Accommodation Regarding Identity Policies, dated February 8, 2023.
- **Exhibit 9:** Memorandum re: Elizabeth Mirabelli & Lorie [sic] West's Request for Religious Accommodation, dated March 10, 2023.
- **Exhibit 11:** EUSD Questions Parking Lot document, dated 8/18/21-5/17/22.
- **Exhibit 12:** Email from Trent Smith, Director of Integrated Student Supports, dated April 7, 2022.
- **Exhibit 13:** Transcript of Del Dios Academy Middle School "Rights of Gender Diverse Students" Q&A Discussion at February 2, 2023 Staff Meeting.

- ☐ **Electronic Exhibit 13:** Video of Del Dios Academy Middle School February 2, 2023 Staff Meeting.
- o **Exhibit 14:** EUSD Board Policy 4119.21.
- o **Exhibit 15:** EUSD Board Policy 0100.
- o **Exhibit 16:** EUSD Board Policy 6144 and Administrative Regulation 6144.
- o **Exhibit 17:** EUSD Certificated Staff Contract for 2022-2024.
- o **Exhibit 19:** EUSD Board Policy 6142.3.
- o **Exhibit 20:** EUSD Board Policy 5145.2 and Administrative Regulation 5145.2.
- o **Exhibit 21:** Email from Ida Batiste, Rincon Middle School Social Worker, dated April 1, 2022.
- o **Exhibit 22:** Email from Gloria Torres Batiste, Rincon Middle School Counselor, dated August 10, 2022.
- o **Exhibit 23:** Email Chain from Gloria Torres Batiste, Rincon Middle School Counselor, dated August 12-15, 2022.
- o **Exhibit 26:** CDE Frequently Asked Questions page on Assembly Bill 1266, School Success and Opportunity Act.
- o **Exhibit 27:** The Interactive Process Meeting (TIPM) Accommodation Assessment Summary for Elizabeth Mirabelli, dated November 15, 2022.
- o **Exhibit 28:** The Interactive Process Meeting (TIPM) Accommodation Assessment Summary for Lori Ann West, dated November 15, 2022.
- o **Exhibit 30:** EUSD Response to Plaintiffs' First Public Records Request, dated October 19, 2022.
- o **Exhibit 32:** EUSD Response to Plaintiffs' Second Public Records Request, dated February 24, 2023.

///

# INTRODUCTION

Plaintiffs Elizabeth Mirabelli and Lori Ann West, by and through their attorneys, hereby request that the Court take judicial notice of various governmental documents, policies, regulations, contracts, letters, and webpages, all of which are attached to the Verified Complaint.

# LEGAL STANDARDS

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at subd. (c)(2); *see also Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (abuse of discretion to not take judicial notice "when a party requests it and supplies all necessary information").

Fed. R. Evid. 201 "deals only with judicial notice of 'adjudicative' facts." Adv. Comm. Notes to Fed. R. Evid. 201(a). "Adjudicative facts are *simply the facts of the particular case*. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id.* (italics added). Stated differently:

> Adjudicative facts are facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses. By contrast, legislative facts do not relate specifically to the activities or characteristics of the litigants. A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers material wholly unrelated to the activities of the parties.

*Qualley v. Clo-Tex Int'l, Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000) (cleaned up).

///
///

**LEGAL ARGUMENT**

Here, Plaintiffs ask that this Court take judicial notice of Defendants' own generated governmental documents, including (1) EUSD board policies or administrative regulations (Exhibits 1, 2, 3, 14, 15, 16, 19, 20), (2) EUSD documents explaining or implementing its gender identity policies (Exhibits 4, 5, 6, 11, 12, 13, 21, 22, 23); (3) the EUSD Certificated Staff Contract (Exhibit 17); (4) documents generated by the parties' Title VII religious accommodation negotiation (Exhibits 7, 9, 27, 28); (5) the CDE Frequently Asked Questions Page regarding Assembly Bill 1266, School Success and Opportunity Act (Exhibit 26); and (6) EUSD's letters responding to Plaintiffs' public records act requests (Exhibits 30, 32). These are all properly judicially noticeable.

For example, "a court may take judicial notice of 'matters of public record.' " *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Government documents that are public records are appropriate subjects for judicial notice. *See, e.g.*, *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 968 n.4 (9th Cir. 2008) (government documents on government website); *Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts . . . [and] public documents").

Here, the documents at issue are all attached to the Complaint, and authenticated by the Complaint itself, which is verified by both Plaintiffs. (*See* Compl., pp. 65-66.) Twenty-four of the twenty-five exhibits are documents generated by, and originating with, EUSD; the other comes from the website of the California Department of Education. Because there can be no dispute that these documents are authentic government documents, the Court should take judicial notice of them.

///

///

///

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court take judicial notice of the above-referenced governmental documents, all of which are attached to the Verified Complaint.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: May 15, 2023                    By: _____
Charles S. LiMandri
Paul M. Jonna
Mark D. Myers
Jeffrey M. Trissell
Milan L. Brandon II
Attorneys for Plaintiffs