Charles S. LiMandri, SBN 110841
  cslimandri@limandri.com
Paul M. Jonna, SBN 265389
  pjonna@limandri.com
Mark D. Myers, SBN 235719
  mmyers@limandri.com
Jeffrey M. Trissell, SBN 292480
  jtrissell@limandri.com
Milan L. Brandon II, SBN 326953
  mbrandon@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Thomas Brejcha, *pro hac vice*\*
  tbrejcha@thomasmoresociety.org
Peter Breen, *pro hac vice*\*
  pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
\*Application forthcoming

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,<br><br>          Plaintiffs,<br><br>     v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>          Defendants. | Case No.: 3:23-cv-0768-BEN-WVG<br><br>**Plaintiffs' Ex Parte Application to Seal Manually Filed Video in Support of Motion for a Preliminary Injunction**<br><br>Judge:      Hon. Roger T. Benitez<br>Courtroom:  5A |

Plaintiffs' Ex Parte Application to Seal Manually Filed Video
ISO Motion for a Preliminary Injunction

**TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Elizabeth Mirabelli and Lori Ann West, by and through counsel, will and hereby do apply to the Court for an order sealing Manually Filed Electronic Exhibit 37, a short 2:31 minute video, submitted in support of Plaintiffs' Motion for a Preliminary Injunction.

This Application is made on the grounds that the video contains images of minor children at Rincon Middle School. As a result, there is a compelling justification for sealing the video to protect the children's privacy. Plaintiffs have also submitted redacted screenshots which satisfy the public's legitimate interests in understanding the context of the legal proceedings in this case.

This Application is supported by the accompanying Memorandum of Points and Authorities, by the previously filed declarations of Plaintiffs Elizabeth Mirabelli and Lori Ann West, and by such further argument and evidence that may be adduced at any hearing on this matter.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: May 17, 2023          By: /s/ Charles S. LiMandri
Charles S. LiMandri
Paul M. Jonna
Mark D. Myers
Jeffrey M. Trissell
Milan L. Brandon II
Attorneys for Plaintiffs
Elizabeth Mirabelli & Lori Ann West

---

1

**Plaintiffs' Ex Parte Application to Seal Manually Filed Video ISO Motion for a Preliminary Injunction**

## MEMORANDUM OF POINTS & AUTHORITIES

In support of their motion for a preliminary injunction, Plaintiffs have manually filed a flash drive containing videos, one of which contains images of students at Rincon Middle School. (*See* Dkt. 5-5, Notice of Manual Filing, Elec. Ex. 37.) To protect those students' privacy, Plaintiffs now apply to the Court for an order sealing the exhibit. Plaintiffs do not seek sealing of their other Electronic Exhibits Nos. 4 and 13, submitted on a separate flash drive.

## LEGAL STANDARD

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. The main reason for this general right is to accommodate "the citizen's desire to keep a watchful eye on the workings of … government." *Id.* at 598. However, the Supreme Court also stated that "the right to inspect and copy judicial records is not absolute." *Id.* at 589. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.*; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions); *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (treating motion for

preliminary injunction as dispositive for sealing analysis because the motion directly addresses the merits and seeks injunctive relief before trial). That is, the party must "articulate [ ] compelling reasons supported by specific factual findings," *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

## ARGUMENT

In support of their motion for a preliminary injunction, Plaintiffs submitted a short 2:31 minute video created by the Rincon Middle School Band Teacher and circulated to the entire Rincon Middle School staff. (*See* Dkt. 5-3, Mirabelli Decl., ¶¶14-17; Dkt. 5-4, West Decl., ¶¶13; Dkt. 5-5, Notice of Manual Filing, Elec. Ex. 37.) In that video, the Band Teacher records approximately twenty students singing the protest song "This is Me," in apparent protest to this lawsuit. (Dkt. 5-3, Mirabelli Decl., ¶14.) The middle-school students (ages approximately 11-13) are shown waiving various small Rainbow Pride flags, with one student wearing a large Rainbow Pride flag as a cape. (*Id.*, ¶15.) Plaintiffs submit that this video shows a hostile culture at Rincon Middle School where teachers misuse students as methods of retaliation, supporting their motion for a preliminary injunction.[1]

---

[1] Plaintiffs' retained expert Dr. Erica Anderson—a recognized leader in the field of treating children with gender incongruence or gender dysphoria—has noted that recent surveys of children indicate a recent dramatic increase in gender identity confusion. (Dkt. 5-2, Anderson Decl., ¶¶14-15.) This increase is particularly notable among natal females. (*Id.*, ¶¶17-18.) Dr. Anderson also notes that the Word Professional Association for Transgender Health's ("WPATH") Standards of Care, Version 8 (2022), states that the causes of this phenomenon have not been adequately studied, but concludes that "susceptibility to social influence impacting gender may be an important differential to consider." (*Id.*, ¶19 (quoting WPATH SOC8 at S45).) Here, where Rincon Middle School is experiencing an explosion of transgender youth, *all* natal females, "social influence" from the Band Teacher may be a particularly relevant cause. (Dkt. 1, Compl., ¶158 (Plaintiffs had no transgender students in the 2021-2022 school year); ¶¶167, 211 (Plaintiffs have eight transgender students, all natal females, in the 2022-2023 school year).)

However, Plaintiffs fully accept that these students have very important privacy rights. Thus, Plaintiffs request that the Court seal the video. The Federal Rules recognize that minor's privacy interests are particularly important. *See* Fed. R. Civ. P. 5.2(a)(3). As a result, courts have not hesitated to seal photographs of children. *See, e.g., Beas-Campo v. Case*, No. CV-23-00199, 2023 WL 3306485, at *2 (D. Ariz. May 5, 2023); *United States v. Gomez-Marentes*, No. CR20-0092-JCC-19, 2022 WL 2805614, at *1 (W.D. Wash. July 18, 2022); *Hollowell v. Arizona Dep't of Child Safety*, No. CV-15-02045, 2016 WL 1593814, at *4 (D. Ariz. Apr. 20, 2016); *Mubita v. Blades*, No. 1:08-CV-00310, 2015 WL 2064476, at *4 (D. Idaho May 4, 2015). This is especially appropriate in the case of transgender or gender diverse children. *Tingley v. Ferguson*, 47 F.4th 1055, 1069-70 (9th Cir. 2022), *cert. petition docketed* No. 22-942 (Mar. 28, 2023) (transgender children would satisfy standards for pseudonymous litigation); *D.T. v. Christ*, 552 F. Supp. 3d 888, 897 (D. Ariz. 2021) (noting court had sealed photograph of natal male/transgender female child).

Plaintiffs are also not requesting that the Court seal more than necessary to preserve the children's privacy. Plaintiffs have submitted an un-sealed exhibit containing screenshots of the video with the children's identities obscured. (*See* Dkt. 5-3, Mirabelli Decl., Ex.37, at ECF pp.31-34.) This exhibit satisfies any legitimate interest the public has in viewing public court records as it adequately conveys the substance of the video without violating students' privacy. *See Stone Brewing Co., LLC v. Millercoors LLC*, No. 3:18-CV-00331-BEN, 2019 WL 13164179, at *4 (S.D. Cal. Nov. 5, 2019) ("[T]he Court finds that … the parties' [ ] Motions to Seal are narrowly tailored such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims.").

Here, the public's only interest is in understanding the judicial process, which is being adequately served by knowing the general nature of what the video depicts. The public has no interest in knowing the identity of the children or what they look

like. Who they are and what they look like will not form any part of the analysis concerning the video's relevance.

In contrast, showing the children's images could result in improper use and would prejudice them. This case has already drawn a good deal of public attention, and has been covered in the media. (*See* Dkt. 5-4, West Decl., ¶5.) It involves a controversially and socially divisive issue, and making the children's images public would invite people on both sides of the issue to harass them or use them against their will as part of a public debate. The children's band teacher's decision to use them as tools or puppets in the debate was not done with the minor children's informed consent or that of their parents, and should not continue further than it already has.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their application to seal Electronic Exhibit 37, which they are manually filing with this Court via delivery of a flash drive.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: May 17, 2023        By: _____
Charles S. LiMandri
Paul M. Jonna
Mark D. Myers
Jeffrey M. Trissell
Milan L. Brandon II
Attorneys for Plaintiffs
Elizabeth Mirabelli & Lori Ann West

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*
USDC Court Case No.: 3:23-cv-00768-BEN-WVG

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Plaintiffs' Ex Parte Application to Seal Manually Filed Video in Support of Motion for a Preliminary Injunction.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Thomas Prouty, Deputy General Counsel
California Department of Education
1430 "N" Street, Suite 5319
Sacramento, CA 95814
Tel: 916-319-0860; Fax: 916-322-2549
E-Mail:  tprouty@cde.ca.gov
**Attorneys for CDE Defendants**

Daniel R. Shinoff, Esq.
Artiano Shinoff
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
Tel: 619-232-3122
E-Mail:  Dshinoff@as7law.com
E-Mail:  nlay@as7law.com
**Attorneys for EUSD Defendants**

__X__ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on May 17, 2023, at Rancho Santa Fe, California.

Kathy Denworth