LEN GARFINKEL State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
TERRENCE OHLER, State Bar No. 164424
Acting Assistant General Counsel
REBECCA P. FEIL. State Bar No. 273064
Deputy General Counsel
CHRISTOPHER MANDARANO, State Bar No. 263625
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
Email: rfeil@cde.ca.gov
Attorneys for Defendants Tony Thurmond in his official capacity as State
Superintendent of Public Instruction and State Board of Education Members in their
official capacities

*(Defendants Tony Thurmond in his official capacity and State Board of Education Members in their official capacity are Governmental Parties Exempt from the Provisions of FRCP 7.1)*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual, | Case No. 3:23-cv-0768-BEN-WVG |
| Plaintiffs, | **STATE-LEVEL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| MARK OLSON, Superintendent of EUSD, et al., | **Hearing Date: June 26, 2023** <br> **Time:        10:30 a.m.** <br> **Courtroom:    5A** <br> **Judge:        Hon. Roger T. Benitez** |
| Defendants. | |

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i.

TABLE OF AUTHORITIES ......................................................................................ii.

I.        INTRODUCTION .......................................................................... 1

II.       BACKGROUND ............................................................................ 2

III.      LEGAL STANDARD...................................................................... 3

IV.       ARGUMENT .................................................................................. 3

    A.  Plaintiffs are Unlikely to Succeed on the Merits of Their Claims............. 3

      1.  Plaintiffs do not have standing to sue the State-level Defendants......... 4

        a.  The Complaint does not plausibly allege a causal connection between the alleged injury and any challenged state action. ............. 5

        b.  The Complaint does not plausibly allege that Plaintiffs' alleged injury will be redressed by the remedy that they seek....................... 6

      2.  The Eleventh Amendment Bars Plaintiffs' Section 1983 Claims against the State-level Defendants. ........................................................ 7

    B.  Plaintiffs Will not Suffer Irreparable Harm if the Injunction is Denied. ........................................................................................... 10

    C.  The Balance of Equities Tips in the State-Level Defendants' Favor and an Injunction is not in the Public Interest. ......................................... 12

    D.  The Requested Injunction is Unconstitutionally Vague. ......................... 12

V.        CONCLUSION .......................................................................... 14

1

## TABLE OF AUTHORITIES

2

**Federal Cases**

3
4
*Ashcroft v. Iqbal,*
    556 U.S. 662 (2005).....................................................................5

5
6
*Atascadero State Hospital v. Scanlon,*
    473 U.S. 234 (1985)......................................................................8

7
8
*Boardman v. Pac. Seafood Grp.,*
    822 F.3d 1011 (9th Cir. 2016) ...................................................11

9
10
*Bols v. Newsom,*
    515 F. Supp. 3d 1120 (S.D. Cal. 2021) .....................................8

11
12
*Brown v. Calif. Dept. of Corr.,*
    554 F.3d 747 (9th Cir. 2009) .......................................................8

13
14
*Caribbean Marine Servs. Co., Inc. v. Baldridge,*
    844 F.2d 668 (9th Cir. 1988) .....................................................11

15
16
*Dittman v. California,*
    191 F.3d 1020 (9th Cir. 1999) .....................................................8

17
*Drakes Bay Oyster Co. v. Jewell,*
    747 F.3d 1073 (9th Cir. 2014) .....................................................3

18
19
*East Bay Sanctuary Covenant v. Biden,*
    993 F.3d 640 (9th Cir. 2021) .....................................................10

20
21
*Garcia v. Google, Inc.,*
    786 F.3d 733 (9th Cir. 2015) .....................................3, 10, 11, 12

22
23
*Hafer v. Melo,*
    502 U.S. 21 (1991).......................................................................9

24
25
*Honig v. Doe,*
    484 U.S. 305 (1988).....................................................................4

26
27
*Jamul Action Committee v. Simermeyer,*
    974 F.3d 984 (9th Cir. 2020) .......................................................9

28

*Kentucky v. Graham,*
  473 U.S. 159 (1985)..................................................................................9

*Klein v. San Clemente,*
  584 F.3d 1196 (9th Cir. 2009) ...............................................................3

*Krainski v. State ex rel. Bd. of Regents,*
  616 F.3d 963 (9th Cir. 2010) ..............................................................8, 9

*Levine v. U.S. Dist. Court for Cent. Dist. of California,*
  764 F.2d 590 (9th Cir. 1985) ...............................................................12

*Los Angeles Memorial Coliseum Comm'n v. National Football League,*
  634 F.2d 1197 (9th Cir.1980) ..............................................................11

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992)...............................................................................4, 7

*Martinez v. Newsom,*
  46 F.4th 965 (9th Cir. 2022), *cert. denied*, 2023 WL 3046151 (2023) ...............7

*Mecinas v. Hobbs*
  30 F.4th 890 (9th Cir. 2022) .................................................................10

*Munaf v Geren,*
  553 U.S. 674 (2008)..................................................................................3

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.,*
  958 F.3d 1239 (9th Cir. 2020) ..........................................................12, 13

*North Carolina v. Rice,*
  404 U.S. 244 (1971)..................................................................................4

*Papasan v. Allain,*
  478 U.S. 265 (1986)...............................................................................8, 9

*Pennhurst State School & Hospital v. Halderman,*
  465 U.S. 89 (1984)....................................................................................8

*Perfect 10, Inc. v. Google, Inc.*
  653 F.3d 976 (9th Cir. 2011) ...............................................................11

*Quern v. Jordan*,
   440 U.S. 332 (1979)..................................................................8

*Rhoades v. Avon Products, Inc.*,
   504 F.3d 1151 (9th Cir. 2007) ...............................................7

*Sato v. Orange County Dept. of Educ.*,
   861 F.3d 923 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 459 (2017) ...................10

*Stormans, Inc. v. Selecky*,
   586 F.3d 1109 (9th Cir. 2009) ...............................................12

*Terenkian v. Republic of Iraq*,
   694 F.3d 1122 (9th Cir. 2012) ...............................................5

*Vuitton Et Fils S.A. v. J. Young Enterprises, Inc.*,
   644 F.2d 769 (9th Cir. 1981) ...............................................12

*Will v. Michigan Dept. of State Police*,
   491 U.S. 58 (1989)..................................................................8, 9

*Winter v. Natural Resources Defense Council*,
   555 U.S. 7 (2008).................................................................3, 10

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ...............................................9

*Ex Parte Young* (1908)
   209 U.S. 123 ..................................................................9, 10

**California Cases**

*Gonzales v. State*,
   29 Cal. App. 3d 585 (1972) ...............................................6

*Johnson v. San Diego Unified Sch. Dist.*,
   217 Cal. App. 3d 692 (1990) ...............................................6

**Federal Statutes**

42 U.S.C.
   § 1983 (Section 1983)........................................................*passim*

**California Statutes**

Cal. Educ. Code
    § 33000....................................................................................................8
    § 33000.5.................................................................................................8
    § 33010....................................................................................................4
    § 33300....................................................................................................6
    § 33301-33307.....................................................................................4, 8
    § 35010....................................................................................................6
    § 35020....................................................................................................6
    § 35035....................................................................................................6
    § 44830-44929......................................................................................6

Cal. Gov't. Code
    § 900.6....................................................................................................8

**Other Authorities**

Fed. R. Civ. P.
    12(b)(1)..........................................................................................5, 6, 7, 10
    12(b)(6)................................................................................................10
    19(a)(1)(B)..............................................................................................1
    65(d)....................................................................................................12
    65 (d)(1)(B).........................................................................................12
    65 (d)(1)(C).........................................................................................12

**Federal Constitutional Provisions**

U.S. Constitution First Amendment ...............................................*passim*

U.S. Constitution Eleventh Amendment............................................*passim*

U.S. Constitution Article III...............................................................2, 3, 4

**State Constitutional Provisions**

Cal. Const. Article IX
    § 2........................................................................................................8
    § 7........................................................................................................8

# I.    INTRODUCTION

Plaintiff teachers, employed by Escondido Unified School District ("EUSD"), seek to enjoin the State Superintendent of Public Instruction ("SPI"), head of the California Department of Education ("CDE"), and members of the State Board of Education ("SBE") -- all state officials sued in their official capacity – from "interfering in any way, including by taking action against the EUSD Defendants, with [the teachers'] ability to communicate with the parents of transgender or gender diverse students." However, the Complaint neither alleges that any of these officials acting in their official capacity (collectively, the "State-level Defendants") have done so in the past nor that they are likely to do so in the future. In fact, the Complaint affirmatively alleges that there is ***no connection*** between any State-level Defendant and any past or prospective harm to Plaintiffs.  The only claim related to a State-level Defendant or their agency is Plaintiffs' allegation that the local school district identified a CDE web page in support of its administrative regulation concerning transgender students.  Because that is an insufficient basis for jurisdiction over any of the State-level Defendants, much less the extraordinary injunctive relief Plaintiffs seek against them, the Court should deny this motion.[1]

---

[1] Plaintiffs' Complaint repeatedly demonstrates the lack of connection between their claims and any action by the State-level defendants. Indeed, while Plaintiffs' Complaint curiously references Fed. R. Civ. P. 19(a)(1)(B) on "required" joinder, Dkt. 1, p. 10,¶¶ 33, 35,  Plaintiffs fail to plead facts that would support the application of the rule to the State-level Defendants.  *Compare* Fed. R. Civ. P. 19(a)(1)(B) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … that person claims an interest relating to the subject of the action") with Compl. ¶¶ 33, 35 (the officers of the CDE and the members of the SBE "are sued here solely under Fed. R. Civ. P. 19(a)(1)(B), ***to the extent that*** they claim an interest relating to the subject matter of the action for which their joinder is practically important.")

1    To begin, Plaintiffs are unlikely to succeed on the merits of their underlying
2  complaint as to them because: 1) Plaintiffs cannot establish Article III standing as to
3  their Section 1983 claims against the State-level Defendants and 2) the State-level
4  Defendants are immune from this lawsuit under the Eleventh Amendment.
5    Further, Plaintiffs fail to demonstrate how they will suffer irreparable harm if the
6  requested injunction is not granted as against the SPI and SBE members. Also, the
7  balance of the equities tips in the State-level Defendants' favor and the granting of an
8  injunction against the SPI and members of the SBE would not serve the public interest.
9  Finally, the injunction sought is unconstitutionally vague.
10    Accordingly, the requested preliminary injunction against the State-level
11  Defendants should be denied.

## II.    BACKGROUND

13    The Complaint (Dkt. 1) alleges as follows:  EUSD required that teachers refer to
14  transgender or gender-nonconforming students by their preferred names and pronouns.
15  EUSD required that teachers decline to disclose to parents, without the student's
16  permission, whether a student had decided to "socially transition" and present at school
17  as a different gender. Plaintiffs sought and received a religious accommodation related to
18  the use of student-preferred pronouns, but they were denied a religious accommodation
19  related to disclosure to parents.
20    The sole factual allegation as to any State-level actor in the 64-page Complaint is
21  that the CDE posted Frequently Asked Questions (FAQs) on its website, addressing
22  gender-identity issues.  Complaint, Dkt. 1, p. 46, ¶ 189, ll. 20-23. There are no factual
23  allegations made against the members of the SBE, either with respect to the FAQs or
24  otherwise. Moreover, Plaintiffs affirmatively assert that these FAQs, regardless of what
25  they say, were not binding on EUSD.  Dkt. 1, p. 23.
26    Plaintiffs assert multiple claims against EUSD under 42 U.S.C. § 1983 (Section
27  1983) alleging violations of the Free Speech and Free Exercise of Religion clauses of the
28  First Amendment to the U.S. Constitution.  The only cause of action that specifically

references any State-level Defendant is the Fourth Cause of Action for declaratory relief. Complaint, Dkt. 1, p. 63.

The Complaint seeks (1) a declaration that EUSD's policies and the CDE's FAQs violate the Constitution, (2) injunctive relief barring EUSD from enforcing its policies relating to transgender or gender-nonconforming students; (3) nominal and actual damages; and (4) attorney's fees and costs.  Complaint, Dkt. 1, p. 64.

### III.    LEGAL STANDARD

A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right.  *Munaf v Geren*, 553 U.S. 674, 689-690 (2008).  To obtain a preliminary injunction pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. P.) 65, Plaintiffs must show (1) they are likely to succeed on the merits, (2) they will likely suffer irreparable harm if the injunction is not granted, (3) the balance of equities tips in the Plaintiffs' favor and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).  Where the government is a party to a case in which an injunction is sought, the last two factors merge.  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).  Plaintiffs, as the movants, bear the burden of proving each of these elements.  *Klein v. San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).  Because likelihood of success is a threshold inquiry, when a plaintiff has failed to show it, the court need not consider the remaining three *Winter* elements. *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015).

### IV.    ARGUMENT

#### A. Plaintiffs are Unlikely to Succeed on the Merits of Their Claims.

Injunctive relief should be denied because Plaintiffs are unlikely to succeed on the merits of their Section 1983 claims against the State-level Defendants because they fail to plead facts necessary to establish standing under Article III of the U.S. Constitution and because the suit against the SPI and SBE members in their official capacities is barred by the Eleventh Amendment.

Plaintiffs make no allegation connecting the SBE members in their official capacities to any deprivation of First Amendment rights. Individual members of the SBE are not authorized to act alone, Cal. Educ. Code § 33010. An official capacity suit against each SBE member is the equivalent of suing the SBE as an entity.  While Plaintiffs seemingly conflate SBE and CDE by styling the State-level Defendants as "CDE Defendants", SBE and CDE are distinct entities.  (See footnote 4 below.)  Yet the Complaint cites no action taken by the SBE that has interfered with Plaintiffs' Mirabelli and West ability to communicate with the parents of transgender children in EUSD.

Likewise, the SPI is vested with all executive and administrative functions of the CDE as its Chief Executive Officer.  Cal. Educ. Code §§ 33301-33307.  Accordingly, a suit against the SPI in his official capacity is the equivalent of a suit against the CDE. Yet here again, Plaintiffs' complaint fails to identify a single act by either the SPI or the CDE that has deprived them of First Amendment rights for the purposes of Section 1983.

   1.  Plaintiffs do not have standing to sue the State-level Defendants.

For a case to be litigated in federal court there must be "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988); U.S. Constitution, Article III. Courts may not render advisory opinions.  *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

The Supreme Court has set forth a three-part test for determining whether a plaintiff has met the threshold burden of showing standing.  See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  First, the plaintiff must have suffered a concrete injury in fact.  Second, there must be a causal connection between the injury and the conduct complained of.  That is, the injury has to be fairly traceable to the challenged action of the defendant.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* Plaintiffs have the burden of establishing all three elements.  *Id.* at 561.  As explained below, Plaintiffs fail to meet

the second and third requirements for showing standing against the State-level Defendants.

That is, the Complaint lacks sufficient factual matter, accepted as true, to plausibly -- not merely possibly -- allow the reasonable inference that there is a causal connection between the alleged injury and any conduct of the State-level Defendants, or that the alleged harm will be redressed by the requested remedy as to the State-level Defendants. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-679 (2005); see *Terenkian v. Republic of Iraq,* 694 F.3d 1122, 1131 (9th Cir. 2012) (applying this *Iqbal* standard to a motion to dismiss under Fed. R. Civ. P. 12(b)(1).

a. The Complaint does not plausibly allege a causal connection between the alleged injury and any challenged state action.

As stated above, the only factual allegation against any State-level actor is that the CDE published FAQs relating to gender identity on its website. Complaint, Dkt. 1, ¶ 189. There are no factual allegations against the SBE or its members with respect to the FAQs. Plaintiffs also affirmatively assert that these FAQs were not binding on EUSD. *Id.,* ll. 23-23; see also Cal. Educ. In other words, Plaintiffs argue that EUSD could, and did, establish its own administrative regulation that is the subject of this lawsuit.

The Complaint contains no factual allegations as to any interaction of any kind between any State-level Defendant and either Plaintiffs or EUSD. The Complaint contains no allegations that the State-level Defendants employed the Plaintiffs, nor could it properly do so.

///
///
///
///

In California, a local educational agency such as EUSD employs its own teachers. Cal. Educ. Code §§ 33300, 35010, 35020, 35035, 44830–44929.[2] The Complaint does not allege that the State-level Defendants imposed any requirements on Plaintiffs relating to communications either at school or with parents as to transgender or non-conforming students.  The Complaint does not allege that the State-level Defendants denied Plaintiffs any requested religious accommodation. In summary, the Complaint fails to establish any nexus between the alleged injury and any conduct of the State-level Defendants.  Therefore, the Complaint as to the State-level Defendants is subject to dismissal for lack of standing under Fed. R. Civ. P. 12(b)(1), and Plaintiffs are unlikely to succeed on the merits.

> b.  The Complaint does not plausibly allege that Plaintiffs' alleged injury will be redressed by the remedy that they seek.

As to the State-level Defendants, the only remedy sought in the complaint is an order declaring that the CDE's FAQ page violates the First Amendment to the Constitution.  See Dkt. 1, p. 64, ll. 7-9.  There is no remedy sought against the members of the SBE, a legally distinct entity.  Moreover, as noted above, Plaintiffs assert that the CDE's FAQs are not binding on EUSD.  See Dkt. 1, p. 46, ¶189. Even if the court granted this declaratory relief, it would not address the alleged harm arising from EUSD's alleged failure to grant a religious accommodation to Plaintiffs in relation to EUSD's own policies on protection from discrimination based on gender identity. Plaintiffs fail to meet their burden that it is likely, as opposed to merely speculative, that

---

[2] It is clear under state law that the state is not liable for the alleged wrongs of local school districts or their employees. *Johnson v. San Diego Unified Sch. Dist.*, 217 Cal. App. 3d 692, 699 (1990); *Gonzales v. State*, 29 Cal. App. 3d 585, 592 (1972).

the requested declaration as to the CDE's FAQs would result in EUSD either amending its policies in the manner sought by Plaintiffs or granting Plaintiffs a further religious accommodation from such policies. [3]  See *Lujan*, 504 U.S. at 561.

Because the only relief sought against the State-level Defendants is declaratory relief as to the CDE's FAQs, such a declaration would constitute an impermissible advisory opinion.  Absent a true case or controversy, a complaint for declaratory relief is subject to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Rhoades v. Avon Products, Inc.,* 504 F.3d 1151, 1167 (9th Cir. 2007).  A claim for declaratory relief, standing alone, is insufficient to confer jurisdiction. *Martinez v. Newsom*, 46 F.4th 965, 972 (9th Cir. 2022), *cert. denied*, 2023 WL 3046151 (2023).

There is no controversy between the teacher Plaintiffs in this case and the SPI or SBE members in their official capacities.  Plaintiffs do not allege that the CDE's FAQs harmed them, and by conceding that the CDE's FAQS are non-binding, they cannot.

In summary, the Complaint fails to establish that Plaintiffs' alleged injury will be redressed by the declaratory relief sought as to State-level Defendants.  The claim for declaratory relief relating to the CDE's FAQs, standing alone, is insufficient to confer standing as it would result in an impermissible advisory opinion.  Therefore, the Complaint as to the State-level Defendants is subject to dismissal for lack of standing under Fed. R. Civ. P. 12(b)(1), and Plaintiffs are unlikely to succeed on the merits.

2.  The Eleventh Amendment Bars Plaintiffs' Section 1983 Claims against the State-level Defendants.

The Eleventh Amendment provides as follows:

> The judicial power of the United States shall not be construed
> to extend to any suit in law or equity, commenced or

---

[3]For example, the Complaint does not allege that the CDE's FAQs address the issue of religious accommodation.

prosecuted against one of the United States by citizens of
another state, or by citizens or subjects of any foreign state.

Through the Eleventh Amendment, a state is immune from suit brought in federal court by its citizens or citizens of another state. *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). That immunity extends to a state's agencies. *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010). In California, the "State" includes state offices, officers, departments, boards and agencies. Cal. Gov't. Code § 900.6. The Complaint acknowledges that the California Department of Education and State Board of Education are such state entities. See Dkt. 1, p. 10, ¶¶ 33, 35.[4]

The Eleventh Amendment bars suits against state agencies in federal court unless the State has waived its immunity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989). The Supreme Court has held that Congress must make its intent to abrogate state immunity "unmistakably clear in the language of the statute." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242 (1985). That immunity was not abrogated by Section 1983 itself, and California has not waived its immunity to Section 1983 suits. *Quern v. Jordan*, 440 U.S. 332, 344-45 (1979); *Brown v. Calif. Dept. of Corr.,* 554 F.3d 747, 752 (9th Cir. 2009); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999).

Furthermore, when public servants such as the SPI and the SBE members are sued in their official capacity, they enjoy the same Eleventh Amendment immunity as the

---

[4] The California Constitution establishes the office of the SPI. Cal. Const. art. IX, § 2. The SPI functions as the CDE's Chief Executive Officer. Cal. Educ. Code §§ 33301-33307. The California Constitution also provides for a State Board of Education. Cal. Const. Art. IX, § 7. The members are appointed by the Governor. Cal. Educ. Code §§ 33000, 33000.5. SBE members are state officials appointed to a board that is mandated by the California state constitution and are tasked with state-level duties. *See Bols v. Newsom*, 515 F. Supp. 3d 1120, 1135 (S.D. Cal. 2021).

state government entities they represent.  See *Hafer v. Melo*, 502 U.S. 21, 25, 112 (1991);  *Krainski*, 616 F. 3d at 967.  Section 1983 claims against state officials in their official capacity as employees of these agencies are barred by the Eleventh Amendment because they are duplicative of pleading an action against the state agency itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Also, for purposes of suits under Section 1983, a state, its agencies, and its officials acting in their official capacity are not considered "persons" subject to suit.  *Will,* 491 U.S. at 70-71 (1989); *Wolfe v. Strankman*, 392 F.3d 358, 364-65 (9th Cir. 2004).

Plaintiffs may seek to invoke the *Ex Parte Young* exception to Eleventh Amendment immunity, but the Complaint does not plausibly allege facts to support its application here.  The *Ex Parte Young* doctrine provides a limited exception that allows a Section 1983 action to proceed against a state official sued in their official capacity if the action *only* seeks prospective injunctive relief to address an ongoing violation of federal law (as opposed to remedying past unlawful conduct) and the official has a sufficient connection with the law and direct responsibility for enforcing it.  *Papasan*, 478 U.S. at 277-278.  See also *Ex Parte Young* (1908) 209 U.S. 123, 126.  For the exception to apply, a plaintiff "must point to threatened or ongoing unlawful conduct by a particular governmental officer.  The doctrine does not allow a plaintiff to circumvent sovereign immunity by naming some arbitrarily chosen governmental officer with only general responsibility for governmental policy." *Jamul Action Committee v. Simermeyer*, 974 F.3d 984, 994 (9th Cir. 2020).

Here, Plaintiffs' 64-page complaint challenges the policies of their employer EUSD, which is solely responsible for promulgating them.  The Complaint does not allege that the State-level Defendants had or have any hand in developing, adopting, implementing, enforcing or considering religious accommodations in relation to EUSD's challenged policies that are at issue here.  The Complaint contains one factual allegation as to any State-level actor -- that CDE published FAQs that Plaintiffs affirmatively assert were not binding on EUSD.  In fact, Plaintiffs fail to state any facts connecting the

members of the SBE or the SPI to a relevant role beyond the generalized allegations that they happen to be involved in public education at the state level. *Mecinas v. Hobbs* 30 F.4th 890, 903–904 (9th Cir. 2022).

For these reasons, Plaintiffs' claims against the State-level Defendants are barred by the Eleventh Amendment, and the *Ex Parte Young* exception does not apply. Therefore, Plaintiffs' claims are subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiffs are unlikely to succeed on the merits.[5]

**B. Plaintiffs Will not Suffer Irreparable Harm if the Injunction is Denied.**

Because Plaintiffs have failed to demonstrate likelihood of success on the merits, it is unnecessary to address the other *Winter* elements. *Garcia v. Google, Inc.,* 786 F.3d at 740. In any event, those elements weigh in the State-level Defendants' favor too.

Irreparable harm is "harm for which there is no adequate legal remedy, such as an award for damages". *East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021).

Plaintiffs fail to identify a *single* threatened action by any named State-level Defendant that, if not enjoined, would cause irreparable harm to them. Plaintiffs seek to enjoin State-level Defendants from "interfering in any way, including by taking action against the EUSD Defendants, with [the teachers'] ability to communicate with the parents of transgender or gender diverse students," but they fail to allege that the State-level Defendants have done so in the past or are likely to do so in the future. Rather, the entirety of Plaintiffs' argument in this regard arises from their allegations that they currently suffer from a loss of First Amendment freedoms and "emotional stress, depression and reduced sense of well-being, as a result of the coercive pressure to violate

---

[5] The State-level Defendants recognize that the Ninth Circuit has held that the Eleventh Amendment defense is quasi-jurisdictional and may be raised alternatively in a motion under Fed. R. Civ. P. 12(b)(1). *Sato v. Orange County Dept. of Educ.*, 861 F.3d 923, 927 n. 2 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 459 (2017).

their religious beliefs or lose their job." Dkt. 5-1, pp. 23-24.  Nevertheless, these harms arise solely from their employment relationship with EUSD and within that context.  Tellingly, the only reference in Plaintiffs' Motion to the State-level Defendants is a footnote in which Plaintiffs explain that because EUSD "has contended that its policies simply follow the guidance" of the CDE, Plaintiffs Mirabelli and West request that the injunction encompass the State-level Defendants.  Dkt. 5-1, p. 2, n. 2.  But Plaintiffs themselves do not allege that the State-level Defendants have directly harmed them or will do so in the future.

In the absence of relevant actual allegations, any harm caused to Plaintiffs attributable to the State-level Defendants is speculative.  "Mere [s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co., Inc. v. Baldridge,* 844 F.2d 668, 674 (9th Cir. 1988).  "[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*; see also *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir.1980); *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016).

Further, a plaintiff must also show a "sufficient causal connection" between the alleged injury and the conduct that it is seeking to enjoin such that an injunction effectively minimizes the risk of injury.  *Perfect 10, Inc. v. Google, Inc.* (9th Cir. 2011) 653 F.3d 976, 982 (9th Cir. 2011); see *Garcia v. Google, Inc.*, 786 F.3d at 745.  Here, even if the court were to grant Plaintiffs' injunction as to the State-level Defendants, they cannot show it would minimize the harms they allege in the form of emotional distress and potential adverse employment action by EUSD.  Simply put, an order restraining the SPI and SBE members in their official capacities from "interfering" with the Plaintiff teachers' ability to communicate with the parents of transgender pupils would not address Plaintiffs' concerns regarding EUSD's policies and EUSD's application of those policies to Plaintiffs.

///

Accordingly, Plaintiffs fail to establish that they will be irreparably harmed by a denial of their requested injunctive relief as against the State-level Defendants.  For this additional reason, the motion should be denied.

### C. The Balance of Equities Tips in the State-Level Defendants' Favor and an Injunction is not in the Public Interest.

Because Plaintiffs are unlikely to succeed on the merits, it is not necessary to address the balance of equities and the public interest.  *Garcia v. Google, Inc.,* 786 F.3d at 740.  Nevertheless, both factors favor the State-level Defendants.  Enjoining a constitutionally elected state official and appointed members of a state board from engaging in undefined actions and speech absent a single allegation of prior or prospective interference with the Plaintiffs' First Amendment rights would impermissibly impact and undermine the ability of the State-level Defendants to freely conduct their daily governmental and administrative functions.  For this additional reason, the motion should be denied.

### D. The Requested Injunction is Unconstitutionally Vague.

"A restraining order is unconstitutionally vague if it fails to give clear guidance regarding the types of speech for which an individual may be punished." *Levine v. U.S. Dist. Court for Cent. Dist. of California,* 764 F.2d 590, 599 (9th Cir. 1985).  Injunctive relief must be tailored to remedy the specific harm alleged.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009).  "An overbroad injunction is an abuse of discretion." *Id.*  An order granting a preliminary injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required" as required by Fed. R. Civ. P. 65 (d)(1)(B) and (C); see also *Vuitton Et Fils S.A. v. J. Young Enterprises, Inc.*, 644 F.2d 769, 779 (9th Cir. 1981).  The basic principle in Rule 65(d) is that "those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits*." In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1263 (9th Cir. 2020).

Here, the requested injunction seeks an order from the court enjoining state officials from "interfering in any way" with Plaintiffs' right to communicate with "parents of transgender or gender diverse students."  See Dkt. 5, p.2, ll. 7-10.  It is impossible for the State-level Defendants to determine what actions could be considered to constitute such "interference" under this subjective and overbroad standard.  Given the absence of any parameters governing the injunctive relief sought against the State-level Defendants, if granted, it would constitute an over-reaching infringement on the ability of the state officials to perform their constitutionally and statutorily mandated duties.

Such an injunction would leave the constitutionally elected SPI and gubernatorially-appointed SBE members subject to insufficient notice regarding the conduct that is forbidden.  *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d at 1263.  This proposed injunction neither adequately defines the persons protected nor the conduct prohibited.  As such, it is unconstitutionally vague and must be denied.

///
///
///
///
///
///
///
///
///
///
///
///
///

**V.    CONCLUSION**

For the foregoing reasons, Defendants Tony Thurmond in his official capacity as State Superintendent of Public Instruction and the State Board of Education members in their official capacity respectfully request that the court deny Plaintiffs' motion for injunctive relief as to them.


Dated: June 12, 2023                    Respectfully submitted,


                                        LEN GARFINKEL
                                        General Counsel
                                        BRUCE YONEHIRO
                                        Assistant General Counsel
                                        TERRENCE OHLER
                                        Acting Assistant General Counsel

                              By:    /s/ Rebecca P. Feil
                                     REBECCA P. FEIL
                                     Deputy General Counsel
                                     Attorney for State-level Defendants

                              By:    /s/ Christopher Mandarano
                                     CHRISTOPHER MANDARANO
                                     Deputy General Counsel
                                     Attorney for State-level Defendants