| | |
|---|---|
| Charles S. LiMandri, SBN 110841 | Thomas Brejcha, *pro hac vice*\* |
|  cslimandri@limandri.com |  tbrejcha@thomasmoresociety.org |
| Paul M. Jonna, SBN 265389 | Peter Breen, *pro hac vice*\* |
|  pjonna@limandri.com |  pbreen@thomasmorsociety.org |
| Mark D. Myers, SBN 235719 | THOMAS MORE SOCIETY |
|  mmyers@limandri.com | 309 W. Washington St., Ste. 1250 |
| Jeffrey M. Trissell, SBN 292480 | Chicago, IL 60606 |
|  jtrissell@limandri.com | Tel: (312) 782-1680 |
| Milan L. Brandon II, SBN 326953 | \*Application forthcoming |
|  mbrandon@limandri.com | |
| LiMANDRI & JONNA LLP | |
| P.O. Box 9120 | *Attorneys for Plaintiffs* |
| Rancho Santa Fe, CA 92067 | |
| Telephone: (858) 759-9930 | |
| Facsimile: (858) 759-9938 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual, <br><br>         Plaintiffs, <br><br>   v. <br><br> MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al., <br><br>         Defendants. | Case No.: 3:23-cv-0768-BEN-WVG <br><br> **Plaintiffs' Second Ex Parte Application to Seal in Support of Motion for a Preliminary Injunction** <br><br> Judge:          Hon. Roger T. Benitez <br> Courtroom:  5A |

**TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Elizabeth Mirabelli and Lori Ann West, by and through counsel, will and hereby do apply to the Court for an order sealing unredacted copies of Exhibit 23 to the Complaint and Exhibit 45 to the Rebuttal Declaration of Elizabeth Mirabelli. Redacted copies of Exhibit 23 and Exhibit 45 have already been filed with the Court. (*See* ECF No. 1, Complaint, pp.189-192; ECF No. 18-2, Rebuttal Declaration of Elizabeth Mirabelli, pp.7-16.)

Exhibit 23 is an email from EUSD listing transgender students and their preferred names; Exhibit 45 is a nine-page document collecting instances when classified staff did not comply with EUSD's gender identity policies by using those student's legal names instead of their preferred names.

This Application is made on the grounds that the exhibits contain the names of minor children at Rincon Middle School. As a result, there is a compelling justification for sealing the exhibits to protect the children's privacy. Because Plaintiffs have already filed a redacted copy of the exhibits, those redacted copies satisfy the public's legitimate interests in understanding the context of the legal proceedings in this case.

This Application is supported by the accompanying Memorandum of Points and Authorities, by the previously filed declarations of Plaintiffs Elizabeth Mirabelli and Lori Ann West, and by such further argument and evidence that may be adduced at any hearing on this matter.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: June 19, 2023     By: _____
Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
Attorneys for Plaintiffs

---

1

PLAINTIFFS' SECOND EX PARTE APPLICATION TO SEAL
ISO MOTION FOR A PRELIMINARY INJUNCTION

## MEMORANDUM OF POINTS & AUTHORITIES

In support of their motion for a preliminary injunction, Plaintiffs have filed as Exhibit 23 to the Complaint a redacted email from EUSD listing transgender students and their preferred names, and as Exhibit 45 to the Declaration of Elizabeth Mirabelli a redacted nine-page document collecting instances when classified staff did not comply with EUSD's gender identity policies by using student's legal names instead of their preferred names. (*See* ECF No. 1, Complaint, pp.189-92, ¶164 & Ex.23; ECF No. 18-2, Rebuttal Declaration of Elizabeth Mirabelli, pp.7-16, ¶4 & Ex.45.) To protect those students' privacy, Plaintiffs now apply to the Court for an order sealing the unredacted copies of Exhibit 23 and Exhibit 45.

## LEGAL STANDARD

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Id*. at 597. The main reason for this general right is to accommodate "the citizen's desire to keep a watchful eye on the workings of … government." *Id*. at 598. However, the Supreme Court also stated that "the right to inspect and copy judicial records is not absolute." *Id*. at 589. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id*. (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id*.; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons

standard to dispositive motions); *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (treating motion for preliminary injunction as dispositive for sealing analysis because the motion directly addresses the merits and seeks injunctive relief before trial). That is, the party must "articulate [ ] compelling reasons supported by specific factual findings," *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

## ARGUMENT

In support of their motion for a preliminary injunction, Plaintiffs submitted an email from EUSD identifying transgender students and their preferred names. (*See* ECF No. 1, Complaint, at pp.189-92, ¶164 & Ex. 23.) Plaintiffs also submitted a nine-page document collecting instances when classified staff did not comply with EUSD's gender identity policies by using student's legal names instead of their preferred names. (*See* ECF No. 18-2, Rebuttal Mirabelli Decl., pp.7-16, ¶4 & Ex.45.) In that document, Plaintiffs have collected hall passes, merit certificates, overdue library book notices, and other instances when EUSD classified staff have not complied with EUSD's gender identity policies. (*Id.*) Plaintiffs submit this evidence to rebut Integrated Student Services Director Tracy Schmidt's declaration in which she contends that classified staff have been trained on compliance with EUSD's gender identity policies.[1]

However, these students have very important privacy rights. Thus, Plaintiffs request that the Court seal the exhibits. The Federal Rules recognize that minor's

---

[1] The original version of Exhibit 23 to the Complaint contained physical redactions through a pen, and then was re-redacted electronically. To obtain a clean copy of Exhibit 23 for this motion to seal, Plaintiffs had to re-print the exhibit to a new PDF. This new version appears longer than the original version solely because the original August 12, 2022 email that started the chain is no longer collapsed in the subsequent, responding emails.

privacy interests are particularly important and preclude the use of their names in legal filings. *See* Fed. R. Civ. P. 5.2(a)(3). As a result, courts have not hesitated to seal information regarding children. *See, e.g., Beas-Campo v. Case*, No. CV-23-00199, 2023 WL 3306485, at *2 (D. Ariz. May 5, 2023); *United States v. Gomez-Marentes*, No. CR20-0092-JCC-19, 2022 WL 2805614, at *1 (W.D. Wash. July 18, 2022); *Hollowell v. Arizona Dep't of Child Safety*, No. CV-15-02045, 2016 WL 1593814, at *4 (D. Ariz. Apr. 20, 2016); *Mubita v. Blades*, No. 1:08-CV-00310, 2015 WL 2064476, at *4 (D. Idaho May 4, 2015). This is especially appropriate in the case of transgender or gender diverse children. *Tingley v. Ferguson*, 47 F.4th 1055, 1069-70 (9th Cir. 2022), *cert. petition docketed* No. 22-942 (Mar. 28, 2023) (transgender children would satisfy standards for pseudonymous litigation); *D.T. v. Christ*, 552 F. Supp. 3d 888, 897 (D. Ariz. 2021) (court had sealed photograph of natal male/transgender female child).

      Plaintiffs are also not requesting that the Court seal more than necessary to preserve the children's privacy. Plaintiffs have submitted redacted copies of the exhibits with the children's names obscured. (*See* ECF No. 1, Complaint, pp.189-92, ¶164 & Ex.23; ECF No. 18-2, Rebuttal Mirabelli Decl., pp.7-16, ¶4 & Ex.45.) These exhibits satisfy any legitimate interest the public has in viewing public court records as it adequately conveys the substance of the exhibits without violating students' privacy. *See Stone Brewing Co., LLC v. Millercoors LLC*, No. 3:18-CV-00331-BEN, 2019 WL 13164179, at *4 (S.D. Cal. Nov. 5, 2019) ("[T]he Court finds that … the parties' [ ] Motions to Seal are narrowly tailored such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims.").

      Here, the public's only interest is in understanding the judicial process, which is being adequately served by knowing the general nature of what the exhibits depict. The public has no interest in knowing the identity of the children. Who they are will not form any part of the analysis concerning the exhibits' relevance. In contrast,

revealing the children's names could result in improper use and would prejudice them. This case has already drawn a good deal of public attention, and has been covered in the media. (*See* ECF No. 5-4, West Decl., ¶5.) It involves a controversially and socially divisive issue, and making the children's names public would invite people on both sides of the issue to harass them or use them against their will as part of a public debate.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their application to seal the unredacted copies of Exhibit 23 to the Complaint and Exhibit 45 to the Rebuttal Declaration of Elizabeth Mirabelli.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: June 19, 2023            By: _____
Charles S. LiMandri
Paul M. Jonna
Mark D. Myers
Jeffrey M. Trissell
Milan L. Brandon II
Attorneys for Plaintiffs
Elizabeth Mirabelli & Lori Ann West

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*
USDC Court Case No.: 3:23-cv-00768-BEN-WVG

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **PLAINTIFFS' SECOND EX PARTE APPLICATION TO SEAL IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION; and**
- **[Proposed] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATIONS TO SEAL.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Thomas Prouty, Deputy General Counsel
California Department of Education
1430 "N" Street, Suite 5319
Sacramento, CA 95814
Tel: 916-319-0860; Fax: 916-322-2549
E-Mail: tprouty@cde.ca.gov
**Attorneys for CDE Defendants**

Daniel R. Shinoff, Esq.
Artiano Shinoff
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
Tel: 619-232-3122
E-Mail: Dshinoff@as7law.com
E-Mail: nlay@as7law.com
**Attorneys for EUSD Defendants**

__X__ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on June 19, 2023, at Rancho Santa Fe, California.

_____
Kathy Denworth