LEN GARFINKEL State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
REBECCA P. FEIL. State Bar No. 273064
Deputy General Counsel
CHRISTOPHER MANDARANO, State Bar No. 263625
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
Email: rfeil@cde.ca.gov
Attorneys for Defendants Tony Thurmond in his official capacity as State
Superintendent of Public Instruction and State Board of Education Members in their
official capacities

*(Defendants Tony Thurmond in his official capacity and State Board of Education members in their official capacity are governmental parties exempt from the provisions of FRCP 7.1)*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,** | **Case No. 3:23-cv-0768-BEN-WVG** |
|     **Plaintiffs,** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE-LEVEL DEFENDANTS' MOTION TO DISMISS** |
|     **v.** | |
| **MARK OLSON, Superintendent of EUSD, et al.,** | **Hearing Date: August 7, 2023** |
|     **Defendants.** | **Time:**       **10:30 A.M.**<br>**Courtroom:**  **5A**<br>**Judge:**     **Hon. Roger T. Benitez** |

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………………………...i

TABLE OF AUTHORITIES……………………………………………………………………ii

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND.................................................................................2

    A.  Summary of Complaint...................................................................................2

    B.  CDE and SBE.................................................................................................3

III.    LEGAL STANDARDS UNDER RULE 12(b)(1) and 12(b)(6) ...............4

IV.     ARGUMENT ..........................................................................................................5

    A.  Plaintiffs do not Have Standing to sue the State-Level Defendants............5

       1.  The Complaint does not plausibly allege a causal connection between the alleged injury and any challenged state action..................6

       2.  The Complaint does not plausibly allege that Plaintiffs' alleged injury will be redressed by the remedy that they seek...........................7

       3.  The Complaint seeks an impermissible advisory opinion. ....................8

    B.  The Eleventh Amendment Bars Plaintiffs' Section 1983 Claims Against the State-Level Defendants................................................................9

V.      CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...................................................................4

*Atascadero State Hospital v. Scanlon,*
    473 U.S. 234 (1985) ..........................................................................................9

*Balistreri v. Pac. Police Dept.,*
    901 F.2d 696 (9th Cir. 1990) ............................................................................4

*Bols v. Newsom,*
    515 F. Supp. 3d 1120 (S.D. Cal. 2021) .............................................................3

*Brown v. Calif. Dept. of Corr.,*
    554 F.3d 747 (9th Cir. 2009) ............................................................................9

*Dittman v. California,*
    191 F.3d 1020 (9th Cir. 1999) ..........................................................................9

*Hafer v. Melo,*
    502 U.S. 21 (1991) ............................................................................................9

*Hollingsworth v. Perry,*
    570 U.S. 693 (2013) ..........................................................................................6

*Honig v. Doe,*
    484 U.S. 305 (1988) ..........................................................................................5

*Jamul Action Committee v. Simermeyer,*
    974 F.3d 984 (9th Cir. 2020) ..........................................................................10

*Kentucky v. Graham,*
    473 U.S. 159 (1985) ........................................................................................10

*Krainski v. State ex rel. Bd. of Regents,*
    616 F.3d 963 (9th Cir. 2010) ............................................................................9

*Lacano Investments, LLC v. Balash,*
    765 F.3d 1068 (9th Cir. 2014) ..........................................................................4

*Leite v. Crane Co.,*
    749 F.3d 1117 (9th Cir. 2014) ..........................................................................4

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)................................................................................5, 8

*Martinez v. Newsom*,
46 F.4th 965 (9th Cir. 2022), *cert. denied*, 2023 WL 3046151 (2023) ...............8

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ....................................................................4

*North Carolina v. Rice*,
404 U.S. 244 (1971)................................................................................5

*Papasan v. Allain*,
478 U.S. 265 (1986)..............................................................................9, 10

*Pennhurst State School & Hospital v. Halderman*,
465 U.S. 89 (1984)................................................................................9

*Quern v. Jordan*,
440 U.S. 332 (1979)................................................................................9

*Rhoades v. Avon Products, Inc.*,
504 F.3d 1151 (9th Cir. 2007) ..................................................................8

*Sato v. Orange County Dept. of Educ.*,
861 F.3d 923 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 459 (2017) .....................5

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)................................................................................4

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ....................................................................5

*Terenkian v. Republic of Iraq*,
694 F.3d 1122 (9th Cir. 2012) ................................................................4, 6

*Trans Union LLC v. Ramirez*,
141 S. Ct. 2190, 2205 (2021)....................................................................5

*Will v. Michigan Dept. of State Police*,
491 U.S. 58 (1989)..............................................................................9, 10

*Wolfe v. Strankman*,
392 F.3d 358 (9th Cir. 2004) ..................................................................10

*Ex Parte Young*,
   209 U.S. 123 (1908)..........................................................................................10

**California Cases**

*Gonzales v. State*,
   29 Cal. App. 3d 585 (1972) ...................................................................................7

*Johnson v. San Diego Unified Sch. Dist.*,
   217 Cal. App. 3d 692 (1990) .................................................................................7

**Federal Statutes**

42 U.S.C.
   § 1983 (Section 1983).......................................................................1, 2, 6, 9, 10

**California Statutes**

Cal. Educ. Code
   § 33000....................................................................................................................3
   § 33000.5.................................................................................................................3
   § 33004....................................................................................................................3
   § 33007-33009.7 .....................................................................................................3
   § 33010....................................................................................................................3
   § 33111....................................................................................................................4
   § 33300....................................................................................................................7
   § 33301....................................................................................................................3
   § 33303....................................................................................................................4
   § 35010....................................................................................................................7
   § 35020....................................................................................................................7
   § 35035....................................................................................................................7
   § 44830-44929 .......................................................................................................7

Cal. Gov't. Code
   § 900.6.....................................................................................................................9
   §§ 11120-11133 .....................................................................................................3

**Other Authorities**

Fed. R. Civ. P.
   12(b)(1) .......................................................................................................4, 5, 7, 8
   12(b)(6) ............................................................................................................4, 10
   19(a)(1)(B)..............................................................................................................1

**Federal Constitutional Provisions**

U.S. Constitution First Amendment ..................................................................1, 6, 7

U. S. Constitution Eleventh Amendment......................................................2, 5, 9, 10

U.S. Constitution Article III.................................................................................2, 4, 5

**State Constitutional Provisions**

Cal. Const. Article IX
    § 2.................................................................................................................3
    § 7.................................................................................................................3

Tony Thurmond in his official capacity as Superintendent of Public Instruction ("SPI") and the members of the State Board of Education ("SBE") in their official capacity (collectively, the "State-level defendants") submit the following memorandum in support of their motion to dismiss.

## I.    INTRODUCTION

In their Section 1983 lawsuit against their employer Escondido Unified School District ("EUSD"), Plaintiff teachers have also named as defendants the State Superintendent of Public Instruction ("SPI"), head of the California Department of Education ("CDE"), and each member of the State Board of Education ("SBE") in their official capacities.  However, the Complaint fails to allege facts to support that any of these officials have deprived Plaintiffs Mirabelli and West of their First Amendment rights.  The Complaint ("Compl.," Dkt. 1) not only fails to allege sufficient facts to support Plaintiffs' claims against the State-level Defendants, it affirmatively alleges that there is *no connection* between any State-level Defendant and any harm to Plaintiffs.  Indeed, the Complaint acknowledges that Plaintiffs have named the State-level Defendants only in a misapplication of the joinder rules, stating "The officers of the CDE [and SBE] are sued here solely under Fed. R. Civ. P. 19(a)(1)(B),[1] *to the extent that* they claim an interest relating to the subject matter of the action for which their joinder is practically important."  Dkt. 1, p. 10, ¶¶ 33, 35 (emphasis added).  Plaintiffs fail to plead any facts that would support the application of the joinder rule to the State-level Defendants.  Plaintiffs' suit against the State-level Defendants should be dismissed

///

[1] This is not the standard for joinder. Fed. R. Civ. P. 19(a)(1)(B) does not provide for the joinder of non-parties simply where the plaintiff avers the non-party *may* claim an interest relating to the subject matter of the action, as Plaintiffs attempt to do here. Rather, joinder under Fed. R. Civ. P. 19(a)(1)(B) is only proper where the non-party "claims an interest relating to the subject of the action."

because they cannot establish Article III standing as to their Section 1983 claims and the State-level Defendants are immune from this lawsuit under the Eleventh Amendment.

## II.  FACTUAL BACKGROUND

**A. Summary of Complaint**

The Complaint (Dkt. 1) alleges as follows:  EUSD enacted an administrative regulation requiring that teachers refer to transgender or gender-nonconforming students by their preferred names and pronouns.  EUSD required that teachers decline to disclose to parents, without the student's permission, whether a student had decided to "socially transition" and present at school as a different gender.  Plaintiffs sought and received a religious accommodation related to the use of student-preferred pronouns, but EUSD denied them a religious accommodation related to disclosure to parents.

The sole factual allegation as to any State-level Defendant in the 64-page Complaint is that the CDE posted Frequently Asked Questions (FAQs) addressing gender-identity issues on its website.  Dkt. 1, p. 46, ¶ 189, ll. 20-23.   Not only do Plaintiffs assert that these FAQs are not a formal agency interpretation, *id.,* in their Opposition to EUSD's Motion to Dismiss, Plaintiffs explicitly concede that the "FAQ page is *non-binding. . ..*" Dkt. 10, pg. 22, n. 11 (emphasis supplied).  And there are no factual allegations made against the members of the SBE, either with respect to the FAQs or otherwise.  As Plaintiffs concede, the SBE acts only through majority vote.  Dkt. 18-1, pg. 4, l. 4.   Plaintiffs make no factual allegations that the SBE ever acted or voted on the FAQs, much less any EUSD policy or regulation.

Similarly, the only cause of action that specifically references any State-level Defendant is the Fourth Cause of Action seeking a declaration that the CDE's FAQs violate the Constitution.  Complaint, Dkt. 1, p. 63.  Further, the injunctive relief sought for the first three causes of action is related to "invalidating and restraining enforcement of *EUSD's* policies." Dkt 1, p. 56, ¶ 238; p. 59, ¶ 257; p. 63, ¶ 279 (emphasis supplied).

///

///

However, Plaintiffs do not mention the State-level Defendants in the narrative of any of the first three causes of action and, in particular, make no allegations that any of the State-level Defendants would have any role in enforcing EUSD's policies.[2]  Dkt 1, pp. 53-63.

**B. CDE and SBE**

SBE and CDE are distinct entities.  The CDE is administered through two distinct entities: 1) the SBE, which is the governing and policy determining body of the CDE and 2) the SPI, in whom is vested the executive and administrative functions of the CDE. Cal. Educ. Code § 33301.

The California Constitution provides for a State Board of Education.  Cal. Const. Art. IX, § 7.  The members are appointed by the Governor.  Cal. Educ. Code §§ 33000, 33000.5.  SBE members are state officials appointed to a board that is mandated by the California state constitution and are tasked with state-level duties.  See *Bols v. Newsom*, 515 F. Supp. 3d 1120, 1135 (S.D. Cal. 2021).  Individual members of the SBE are not authorized to act alone, and all acts of the SBE must be approved by a majority vote of its members.  Cal. Educ. Code § 33010.  The SBE acts in accordance with the provisions of the Bagley-Keene Open Meeting Act.  Cal. Educ. Code §§ 33010; 33007-33009.7; Cal. Gov't. Code §§ 11120-11133.

The SPI is a constitutionally elected officer.  Cal. Const. art. IX, § 2.  The SPI is the secretary and acts as executive officer of the SBE, but is not a voting member.  Cal. Educ. Code § 33004; see also Cal. Educ. Code §§ 33000, 33000.5, 33010.  The SPI

///

///

[2] Even if the first three causes of action were interpreted as being against any of the State-level Defendants, such causes of action are insufficient for the reasons identified in the motion below.

executes the policies decided upon by the SBE.  Cal. Educ. Code § 33111.  The SPI is also the ex officio Director of Education of the CDE.  Cal. Educ. Code § 33303.

### III.    LEGAL STANDARDS UNDER RULE 12(b)(1) and 12(b)(6)

A Rule 12(b)(1) motion asserts jurisdictional defenses, including plaintiffs' lack of standing.  A Rule 12(b)(1) motion mounts a facial or factual challenge to jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (explaining differences). Reserving their right to present a factual attack later if necessary, the State-level Defendants bring a facial challenge, because the jurisdictional failures are apparent from the face of the Complaint.  In assessing such challenges, courts determine whether the complaint states sufficient factual matter to plausibly allow the reasonable inference that the defendant is liable.  *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (applying the rule in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) to a motion to dismiss under Fed. R. Civ. P. 12(b)(1)); *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071-1072 (9th Cir. 2014) (conclusory allegations disregarded); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (plaintiff has burden of "clearly" alleging "facts demonstrating each element" for Article III standing).

A Rule 12(b)(6) motion "tests the legal sufficiency" of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The motion is granted if there is no cognizable legal theory to grant relief or sufficient facts to support a such theory. *Balistreri v. Pac. Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  The complaint must state sufficient factual matter to plausibly (not merely possibly) allow the reasonable inference that the defendant is liable.  *Ashcroft,* 556 U.S. at 678-79.

///

///

///

///

///

///

While well-pleaded factual allegations are accepted, a court need not accept conclusory factual allegations, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).[3]

## IV.    ARGUMENT

### A. Plaintiffs do not Have Standing to sue the State-Level Defendants.

Article III grants a limited power to federal courts, not "a freewheeling power to hold defendants accountable for legal infractions." *Trans Union LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).  Thus, the Constitution requires that federal courts dismiss cases where the plaintiffs lack Article III standing, a doctrine built on the foundational idea of separation of powers.  *Id*. at 2203.

For a case to be litigated in federal court there must be "actual, ongoing controversies."  *Honig v. Doe*, 484 U.S. 305, 317 (1988); U.S. Constitution, Article III. Courts may not render advisory opinions. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

The Supreme Court has set forth a three-part test for determining whether a plaintiff has met the threshold burden of showing standing.  See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  First, the plaintiff must have suffered a concrete injury in fact.  Second, there must be a causal connection between the injury and the conduct complained of.  That is, the injury has to be fairly traceable to the challenged action of the defendant.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Id*.  Plaintiffs have the burden of establishing all three elements.  *Id.* at 561.  In light of the standing requirement's

---

[3] The State-level Defendants recognize that the Ninth Circuit has held that the Eleventh Amendment defense is quasi-jurisdictional and may be raised alternatively in a motion under Fed. R. Civ. P. 12(b)(1).  *Sato v. Orange County Dept. of Educ.*, 861 F.3d 923, 927 n. 2 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 459 (2017).

importance, courts "must put aside the natural urge to proceed directly to the merits of [an] important dispute and to 'settle' it for the sake of convenience and efficiency." *Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013).  As explained below, Plaintiffs fail to meet the second and third requirements for showing standing against the State-level Defendants.

That is, the Complaint lacks sufficient factual allegations, accepted as true, to plausibly -- not merely possibly -- allow the reasonable inference that there is a causal connection between the alleged injury and any conduct of the State-level Defendants, or that the alleged harm will be redressed by the requested remedy as to the State-level Defendants.  *Terenkian,* 694 F.3d at 1131.

1. The Complaint does not plausibly allege a causal connection between the alleged injury and any challenged state action.

Plaintiffs' complaint fails to identify a single act by either the SPI or the CDE that has deprived them of First Amendment rights for the purposes of Section 1983. Plaintiffs make no allegation alleging the SBE members in their official capacities voted to adopt any policy of EUSD's or the CDE website FAQs (which they assert are non-binding and not a formal agency interpretation).  Plaintiffs do not have standing to sue any of the State-level Defendants.

As stated above, the only factual allegation against any State-level actor is that the CDE published FAQs relating to gender identity on its website.  Complaint, Dkt. 1, ¶ 189, ll. 20-23.  Plaintiffs also affirmatively assert that these FAQs were not binding on EUSD and are not a formal agency interpretation.  *Id.,* Dkt. 22, p. 22, n. 11.

///

///

///

///

///

///

The Complaint contains no factual allegations as to any interaction of any kind between any State-level Defendant and either Plaintiffs or EUSD.   The Complaint contains no allegations that the State-level Defendants employed the Plaintiffs, nor could it properly do so.  In California, a local educational agency such as EUSD employs its own teachers.  Cal. Educ. Code §§ 33300, 35010, 35020, 35035, 44830–44929.[4]  The Complaint does not allege that the State-level Defendants imposed any requirements on Plaintiffs relating to communications either at school or with parents as to transgender or non-conforming students.  The Complaint does not allege that the State-level Defendants denied Plaintiffs any requested religious accommodation.   In summary, the Complaint fails to establish any nexus between the alleged injury and any conduct of the State-level Defendants.  Therefore, the Complaint as to the State-level Defendants is subject to dismissal for lack of standing under Fed. R. Civ. P. 12(b)(1).

       2.   The Complaint does not plausibly allege that Plaintiffs' alleged injury will be redressed by the remedy that they seek.

As to the State-level Defendants, the only remedy sought in the Complaint is a declaration that the CDE's FAQ page violates the First Amendment to the Constitution.  See Dkt. 1, p. 64, ll. 7-9.  There is no remedy sought against the members of the SBE, a legally distinct entity.  Even if the court granted this declaratory relief against the State-level Defendants, the declaration would not, in and of itself, do anything to redress the alleged harm arising from EUSD's policies.  To the extent the Complaint purports to establish a link between EUSD's actions in denying a religious accommodation and the CDE's FAQs, it fails.  For example, the Complaint notes only that when EUSD denied the requested accommodation in a memorandum, it wrote, "The nature of [Mrs.

---

[4] It is clear under state law that the state is not liable for the alleged wrongs of local school districts or their employees. *Johnson v. San Diego Unified Sch. Dist.*, 217 Cal. App. 3d 692, 699 (1990); *Gonzales v. State*, 29 Cal. App. 3d 585, 592 (1972).

Mirabelli's and Mrs. West's] request for exemptions also generate the potential for discrimination and lack of compliance under the various laws described earlier in this IPM Summary."   Dkt. 1, p. 49, ¶ 201; Dkt. 1, pp. 254, 266, Ex. 27 at p. 4, Ex. 28 at p. 4. As expressed in the Complaint, EUSD is subject to general laws on nondiscrimination, unrelated to whether CDE has any FAQs on the subject.

Further, Plaintiffs' allegation is that the FAQs are not binding, so declaring them unconstitutional would do nothing towards providing them a religious accommodation from EUSD.[5]  Plaintiffs fail to meet their burden that it is likely, as opposed to merely speculative, that the requested declaration as to the CDE's FAQs would result in EUSD either amending its policies in the manner sought by Plaintiffs or granting Plaintiffs a further religious accommodation from such policies.  See *Lujan*, 504 U.S. at 561.

3.  The Complaint seeks an impermissible advisory opinion.

A claim for declaratory relief, standing alone, is insufficient to confer jurisdiction. *Martinez v. Newsom*, 46 F.4th 965, 972 (9th Cir. 2022), *cert. denied*, 2023 WL 3046151 (2023).

There is no controversy between the Plaintiff teachers in this case and the SPI or SBE members in their official capacities.  Plaintiffs do not allege that the CDE's FAQs harmed them, and by conceding that the CDE's FAQS are non-binding, they cannot. Dkt. 10, p. 22, n. 11.  Absent a true case or controversy, a complaint for declaratory relief is subject to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Rhoades v. Avon Products, Inc.,* 504 F.3d 1151, 1167 (9th Cir. 2007).

///

///

///

---

[5] Indeed, the Complaint does not even allege that the CDE's FAQs address the issue of religious accommodation.

## B. The Eleventh Amendment Bars Plaintiffs' Section 1983 Claims Against the State-Level Defendants.

The Eleventh Amendment provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

Through the Eleventh Amendment, a state is immune from suit brought in federal court by its citizens or citizens of another state. *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). That immunity extends to a state's agencies. *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010). In California, the "State" includes state offices, officers, departments, boards and agencies. Cal. Gov't. Code § 900.6. The Complaint acknowledges that the CDE and SBE are such state entities. See Dkt. 1, p. 10, ¶¶ 33, 35.

The Eleventh Amendment bars suits against state agencies in federal court unless the State has waived its immunity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989). The Supreme Court has held that Congress must make its intent to abrogate state immunity "unmistakably clear in the language of the statute." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242 (1985). That immunity was not abrogated by Section 1983 itself, and California has not waived its immunity to Section 1983 suits. *Quern v. Jordan*, 440 U.S. 332, 344-45 (1979); *Brown v. Calif. Dept. of Corr.,* 554 F.3d 747, 752 (9th Cir. 2009); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999).

Furthermore, when public servants such as the SPI and the SBE members are sued in their official capacity, they enjoy the same Eleventh Amendment immunity as the state government entities they represent. See *Hafer v. Melo*, 502 U.S. 21, 25, 112 (1991); *Krainski*, 616 F. 3d at 967. Section 1983 claims against state officials in their official capacity as employees of these agencies are barred by the Eleventh Amendment because they are duplicative of pleading an action against the state agency itself.

*Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Also, for purposes of suits under Section 1983, a state, its agencies, and its officials acting in their official capacity are not considered "persons" subject to suit. *Will,* 491 U.S. at 70-71; *Wolfe v. Strankman*, 392 F.3d 358, 364-65 (9th Cir. 2004).

Plaintiffs may seek to invoke the *Ex Parte Young* exception to Eleventh Amendment immunity, but the Complaint does not plausibly allege facts to support its application here. The *Ex Parte Young* exception allows a Section 1983 action to proceed against a state official sued in their official capacity if the action *only* seeks prospective injunctive relief to address an ongoing violation of federal law (as opposed to remedying past unlawful conduct) and the official has a sufficient connection with the law and direct responsibility for enforcing it. *Papasan*, 478 U.S. at 277-278; see also *Ex Parte Young*, 209 U.S. 123, 126 (1908). For the exception to apply, a plaintiff "must point to threatened or ongoing unlawful conduct by a particular governmental officer. The doctrine does not allow a plaintiff to circumvent sovereign immunity by naming some arbitrarily chosen governmental officer with only general responsibility for governmental policy." *Jamul Action Committee v. Simermeyer*, 974 F.3d 984, 994 (9th Cir. 2020).

Here, Plaintiffs' 64-page complaint challenges EUSD's administrative regulation and subsequent failure to provide a religious accommodation. The Complaint does not allege that the State-level Defendants had any hand in developing, adopting, implementing, or enforcing EUSD's administrative regulations or in denying Plaintiffs' requested religious accommodation. For this reason, Plaintiffs fail to meet the requirements for the application of the *Ex Parte* Young exception to allow a Section 1983 action to proceed against the members of the SBE or the SPI.

Accordingly, Plaintiffs' claims against the State-level Defendants are subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because the action is barred by the Eleventh Amendment and it does not fall within the *Ex Parte Young* exception.

## V.    CONCLUSION

For the foregoing reasons, Defendants Tony Thurmond in his official capacity as State Superintendent of Public Instruction and the State Board of Education members, in their official capacities, respectfully request dismissal as to the State-level defendants.

Dated: June 26, 2023                              Respectfully submitted,

LEN GARFINKEL
General Counsel
BRUCE YONEHIRO
Assistant General Counsel

By:    /s/ Rebecca P. Feil
REBECCA P. FEIL
Deputy General Counsel
Attorney for State-level Defendants

By:    /s/ Christopher Mandarano
CHRISTOPHER MANDARANO
Deputy General Counsel
Attorney for State-level Defendants