Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Mark D. Myers, SBN 235719
 mmyers@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Milan L. Brandon II, SBN 326953
 mbrandon@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Thomas Brejcha, *pro hac vice*\*
 tbrejcha@thomasmoresociety.org
Peter Breen, *pro hac vice*\*
 pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
\*Application forthcoming

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>  Defendants. | Case No.: 3:23-cv-0768-BEN-WVG<br><br>**Notice of Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction, and in Opposition to the EUSD Defendants' Motion to Dismiss**<br><br>Judge:  Hon. Roger T. Benitez<br>Courtroom:  5A<br>Hearing Date:  July 17, 2023<br>Hearing Time:  10:30 a.m. |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Elizabeth Mirabelli and Lori Ann West bring to this Court's attention recently issued supplemental authority in support of their motion for a preliminary injunction (ECF Nos. 5, 8, 18) and their opposition to the EUSD Defendants' motion to dismiss (ECF No. 10). *Cf.* Fed. R. App. P. 28(j).[1]

**I.    *303 Creative LLC* v. *Elenis*, 600 U.S. ___ (2023)**

In *303 Creative LLC v. Elenis*, 600 U.S. ___, 2023 WL 4277208 (2023), the High Court held that Colorado could not enforce a statute to compel a graphic designer to create custom wedding websites celebrating same-sex weddings. As explained by the Court, "Colorado seeks to compel this speech in order to 'excis[e] certain ideas or viewpoints from the public dialogue.'" *Id.* at *9 (slip op., at 10-11). But, under the U.S. Constitution, this is a wholly illegitimate purpose: "Under our precedents, that 'is enough,' more than enough, to represent an impermissible abridgment of the First Amendment's right to speak freely." *Id.* The Court held that it would be "truly novel [to] allow[] a government to coerce" conformity on "a question of political and religious significance." *Id.* at *13 (slip op., at 19-20).

Here, as explained in the Complaint, there are two distinct lenses through which to regard gender identity. The first is the traditional medical lens. (ECF No. 1 at 12-13, ¶¶49-50.) The new approach, however, is to treat gender identity as a matter of individual "self-determination," and approaches it from an ideological, "quasi-religious," and political direction. (ECF No. 1 at 13-14, ¶¶51-55.) In this respect, Plaintiffs have argued that EUSD's efforts to restrict their speech on gender identity or gender diverse theory should be very carefully scrutinized because political speech is at the core of the First Amendment. (*See* ECF No. 5-1 at 22:19-23:13 & nn.10-11, 31:14-17; ECF No. 18 at 8:18-9:7.) *303 Creative* confirms this.[2]

---

[1] Page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

[2] *Counterman v. Colorado*, 600 U.S. ___, 2023 WL 4187751 (2023), also just issued by

## II. *Groff* v. *DeJoy*, 600 U.S. ___ (2023)

The High Court also recently issued its opinion in *Groff v. DeJoy*, 600 U.S. ___, 2023 WL 4239256 (2023). In that *unanimous* opinion, the Court revived the plaintiff's dismissed Title VII religious accommodation claims. In so doing, the Court clarified that "a coworker's dislike of 'religious practice and expression in the workplace' or [dislike of] 'the mere fact [of] an accommodation' is not 'cognizable to factor into the undue hardship inquiry.'" *Id.* at *12 (slip. op., at 20). Neither "employee animosity" nor "adverse customer reaction" is cognizable. *Id.* Notably, Justice Sotomayor concurred separately to reiterate this point. *Id.* at *14 (slip. op., at 3).

Here, Plaintiffs discussed how, in weighing Plaintiffs' and EUSD's interests in the Free Speech context, EUSD's asserted interests as an employer must be "legitimate." (ECF No. 5-1 at 22:5-24:14.) The disruption that could arise when colleagues or students object to Plaintiffs' religious beliefs may not be considered by EUSD. (*Id.*) *Groff* reaffirms this longstanding principle.

## III. *Students for Fair Admissions, Inc.* v. *President & Fellows of Harvard Coll.*, 600 U.S. ___ (2023)

Finally, in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. ___, 2023 WL 4239254 (2023), the Court reviewed whether Harvard University and the University of North Carolina's affirmative action policies could continue to survive strict scrutiny. In "apply[ing] genuine strict scrutiny, *id.* at *24 (Thomas J., concurring) (slip op., at 2), the Court first criticized the universities' asserted interests as unable to "be subjected to meaningful judicial review." As the Court explained, a compelling interest must be rejected if it is "standardless" or cannot be "measured." *Id.* at *15-16 (slip. op., at 23-24). Thus, "diversity" may be compelling, but it fails where the "degree" of needed diversity is unknowable. *Id.*

///

---

the High Court, similarly reiterates that "dissenting political speech [is] at the First Amendment's core." *Id.* at *7 (slip. op., at 13).

Here, EUSD similarly asserts immeasurable and amorphous goals to satisfy strict scrutiny, such as creating "inclusive campuses" to "uphold[] a positive and diverse culture in our district" (ECF No. 10 at 29:20-22), or "eradicating sex and gender identity discrimination. (ECF No. 10 at 30:12-23.) As explained by the Supreme Court, these interests are insufficient in the abstract. The court here must look to EUSD's more concrete, measurable, goals—such as ending gender identity discrimination *through* presuming that parents are unfit caretakers. And, as explained in Plaintiffs' brief, at that more concrete level, EUSD's interests fail. (ECF No. 10 at 28:23-32:15.)

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: June 30, 2023          By: _____
                                  Charles S. LiMandri
                                  Paul M. Jonna
                                  Mark D. Myers
                                  Jeffrey M. Trissell
                                  Milan L. Brandon II
                                  Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*
USDC Court Case No.: 3:23-cv-00768-BEN-WVG

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Notice of Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction, and in Opposition to the EUSD Defendants' Motion to Dismiss.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Thomas Prouty, Deputy General Counsel<br>Len Garfinkel<br>California Department of Education<br>1430 "N" Street, Suite 5319<br>Sacramento, CA 95814<br>Tel: 916-319-0860; Fax: 916-322-2549<br>E-Mail: tprouty@cde.ca.gov<br>E-Mail: lgarfinkel@cde.ca.gov<br>**Attorneys for CDE Defendants** | Daniel R. Shinoff, Esq.<br>Artiano Shinoff<br>3636 Fourth Avenue, Suite 200<br>San Diego, CA 92103<br>Tel: 619-232-3122<br>E-Mail: Dshinoff@as7law.com<br>E-Mail: nlay@as7law.com<br>**Attorneys for EUSD Defendants** |

__X__ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on June 30, 2023, at Rancho Santa Fe, California.

_____
Kathy Denworth