
LEN GARFINKEL State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
REBECCA P. FEIL. State Bar No. 273064
Deputy General Counsel
CHRISTOPHER MANDARANO, State Bar No. 263625
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
Email: rfeil@cde.ca.gov

Attorneys for Defendants Tony Thurmond in his official capacity as State Superintendent of Public Instruction and State Board of Education Members in their official capacities

*(Defendants Tony Thurmond in his official capacity and State Board of Education members in their official capacity are governmental parties exempt from the provisions of FRCP 7.1)*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK OLSON, Superintendent of EUSD, et al.,<br><br>    Defendants. | Case No. 3:23-cv-0768-BEN-WVG<br><br>**THE STATE-LEVEL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing Date: August 23, 2023<br>Time:    2:00 P.M.<br>Courtroom:  5A<br>Judge:    Hon. Roger T. Benitez |

## I.  INTRODUCTION

Plaintiffs' Opposition improperly seeks to incorporate by reference prior briefing from a different motion, presents only cursory "summary" arguments, and largely concedes the State-level Defendants' motion.  Having previously conceded the "causation" prong of standing by urging that the California Department of Education's ("CDE") FAQs are "not a formal agency interpretation," Dkt. 1, p. 46, ¶ 189, ll. 20-23, and are "nonbinding," Dkt. 10, pg. 22, n. 11,[1] Plaintiffs focus their Opposition on seeking leave to amend.  However, they propose to amend their complaint not by alleging any new facts showing that the FAQs harmed Plaintiffs, but rather to simply make a 180-degree turn and argue (wholly inconsistently) that the FAQs are binding.  Toward that end, Plaintiffs improperly request judicial notice of documents that are not referenced in, and are not central to, the complaint.  For the reasons set forth in State-level Defendants' motion and below, the court should grant the motion for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.  ARGUMENT

### A. Critical Procedural Defects in Plaintiffs' Opposition

Plaintiffs improperly purport to "expressly incorporate" prior briefing from a different motion.  Dkt. 28, p. 1, l. 15.  The court must reject this approach.  Fed. R. Civ. P. 10(c) only allows for statements in "pleadings" to be adopted by reference in other pleadings or motions.  *Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996); see Fed. R. Civ. P. 7 (defining pleadings to include complaint, answer, etc.).  Rule 10(c) does not provide for incorporation by reference of legal arguments asserted in prior briefs filed for other "motions."  *Swanson,* 87 F.3d at 345 (incorporation of substantive

---

[1] State-level Defendants note that in their motion, they referenced in two places the Plaintiffs' concession, in their Opposition to EUSD's Motion to Dismiss, that the FAQs were nonbinding.  That concession appears at Dkt. 10, pg. 22, n. 11.  State-level Defendants referenced it at Dkt. 25-1, p. 2, l. 17; and p. 6, l. 22.  However, the latter citation inadvertently referred to Dkt. 22 rather than Dkt. 10.

material by reference is not sanctioned by Rule 10(c); district court did not abuse its discretion in striking such incorporation); *Roth v. Meridian Financial Network, Inc.*, 2008 WL 3850478 at *2-3 (D. Haw.). (Rule 10(c) does not permit incorporation of arguments made in earlier opposition to motion to dismiss as it is not a "pleading"); *H. v. Department of Education,* 2016 WL 4522177 at *4, n. 2 (D. Haw.) (there is no authority for incorporating prior briefing). "Incorporating prior arguments by reference in motion papers is generally ignored by the Court." *Grizzle v. County of San Diego* 2020 WL 4746211 at *2 (S.D. Cal.).

      Plaintiffs purport to "summarize" prior briefing. Dkt. 28, p. 1, l. 16. However, each brief must stand on its own. While Plaintiffs provide citations to certain cases, Dkt. 28, pp. 3-4, they fail to provide any analysis of the facts or holding of any of those cases. Therefore, the court should place no weight on Plaintiffs' arguments that are incorporated by reference and citations.

      By improperly attempting to incorporate prior briefing by reference and citation, Plaintiffs have in effect ignored State-level Defendants' arguments in their motion to dismiss, which is the equivalent of conceding them. *Borchers v. Weinstein Co., LLC*, 2018 WL 4856540 at *2 (C.D. Cal.) ("Plaintiff ignores, and thus concedes [Defendant's argument]").

      Finally, the court should reject Plaintiffs' request to take judicial notice of new, extraneous matter offered for the new proposition that the FAQs are in fact binding. Dkt. 28, p. 13, n. 3. On a motion to dismiss, as a general rule, the court is limited to examining the facts alleged in the complaint. The court may also consider documents attached to the complaint and that are referred to in the complaint, such as the Exhibits to the complaint here. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); see also Fed. R. Civ. P. 10(c). And a court may even consider a document not initially attached to the complaint if the complaint refers to it and it is central to Plaintiffs' claim. *U.S. v. Corinthian Colleges*, 655 F.3d at 999; see also *Hadley v. Kellogg Sales Company*, 273 F.Supp.3d 1052, 1061 (N.D. Cal., 2017). But none of that applies here. None of the

material referenced in or attached to the new Trissell declaration is referenced in the complaint, attached to the complaint, or central to the complaint's claim against the State-level Defendants, which is based only on the fact that CDE issued FAQs.[2] The request for judicial notice should be denied.

### B. Plaintiffs do not Have Standing to sue the State-Level Defendants (Fed. R. Civ. P. 12(b)(1))

As a precaution, State-level Defendants will show below why the cases that Plaintiffs cite (but fail to analyze) are distinguishable and not helpful to them in responding to the defects in their complaint highlighted by State-level Defendants.

1. The Complaint does not plausibly allege a causal connection between the alleged injury and any challenged state action.

Courts may consider concessions made in plaintiff's response to a motion to dismiss as well as in response to any pleading or motion. *Cordova v. Imperial County Narcotics Task Force*, 2022 WL 84409 at *4 (S.D. Cal.). Plaintiffs have conceded, in their Opposition to Escondido Unified School District's ("EUSD") Motion to Dismiss, that the CDE's FAQs are non-binding. Dkt. 10, pg. 22, n, 11. This dooms Plaintiffs' argument as to the causation prong of standing. At issue in *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 582 (9th Cir. 2000) (*en banc*) was whether the state's administration of the California Basic Education Skill Test ("CBEST") to prospective teachers interfered with the plaintiff teachers' employment opportunities with local school districts, thereby subjecting the state to the application of Title VII on employment. The court held that "the administration of the CBEST is an exercise of both the state's police power and its proprietary power; and it is the exercise

///

---

[2] Even if the court were to consider the references to Temecula Valley Unified School District in Plaintiffs' Opposition, it is not helpful to Plaintiffs because that matter involves different parties, does not involve transgender disclosure policy, and involves issues that are not addressed in the FAQs at issue here. Dkt. 28, p. 12-13.

of proprietary power that subjects the state to the coverage of Title VII in this case." *Mexican-American*, 231 F. 3d at 584.

      Here, Plaintiffs have failed to allege facts to support that any State-level Defendant action has interfered with their employment relationship with "EUSD". Nor does Plaintiffs' complaint allege facts identifying an instance in which the state has exercised its police or proprietary power. There is no allegation, nor could there be, that the State-level Defendants have intervened in the drafting, promulgation, or enforcement of EUSD's administrative regulations related to transgender students, much less issued a mandate or directive to EUSD in this regard. Nor is there any allegation, nor could there be, that the State-level Defendants had any involvement in the decision whether to grant the teachers a religious accommodation. Quite simply, there is no allegation in the complaint of any action by any State-level Defendant towards any Plaintiff or EUSD related to the present dispute.

      *Skyline Wesleyan Church v. California Department of Managed Health Care*, 968 F.3d 738 (9th Cir. 2020) is similarly unavailing to Plaintiffs. In *Skyline*, a church objected to California's Department of Managed Health Care ("DMHC") requirement that health insurance plans offered by religious employers must include coverage for elective abortions and other services that the church deemed to be against its religious beliefs. Skyline Church argued that this mandate violated its constitutional rights to religious freedom and free exercise of religion. On the "causation" prong of standing, the *Skyline* court found that there was a direct "chain of causation from the DMHC's directive requiring seven insurers to change their coverage, to Skyline's insurer's doing so, to Skyline's losing access to the type of coverage it wanted." *Skyline*, 968 F. 3d at 748.

      *Skyline* does not support Plaintiffs' attempt to characterize the CDE FAQ page as a first link in the chain of causation leading to EUSD's accommodation denial. Unlike DHMC's clear directive to insurance companies to cover abortion services obligating Plaintiffs to offer this coverage in contravention of their religious beliefs, here Plaintiffs

fail to allege facts to show that any State-level Defendant issued a directive or factually similar mandate.  Indeed, Plaintiffs have argued the exact opposite –Plaintiffs have conceded in their complaint that the FAQs were not a formal agency interpretation, Dkt. 1, p. 46, ¶ 189, ll. 20-23, and conceded in their Opposition to EUSD's Motion to Dismiss that the FAQs were not binding on EUSD. Dkt. 10, pg. 22, n. 11.

Plaintiffs fail to address State-level Defendants' arguments on Rule 19 joinder at all, other than to provide a citation to *Drobnicki v. Poway Unified Sch. Dist.,* 2007 WL 9718700 (S.D. Cal), without any analysis of the facts or holding.  In any event, *Drobnicki* has no application here.  The underlying case involved an administrative hearing between a parent of a student with a disability and a school district.  Pursuant to federal law, the CDE was responsible for setting up a system of administrative special education hearings through an independent entity and had done so via the Office of Administrative Hearings.  Not only did the parent have a dispute with the school district at OAH, the parent asserted there were systemic deficiencies in the OAH hearing system that CDE had set up and for which it was ultimately responsible.  Under those narrow, unique facts the court held that CDE should remain a party.  However, Plaintiffs' complaint here alleges no facts supporting a theory that CDE promulgated or is responsible for EUSD's policies relating to transgender students.

Finally, Plaintiffs argue without any support that State-level Defendants must be parties because California has some laws that relate to gender identity. Dkt. 28, p. 6, ll. 11-22.  Plaintiffs fail to cite any authority for the proposition that state agencies that work on education matters must be parties to any local litigation in which education matters are at issue, simply because there are state laws on the subject.  This is especially so when Plaintiffs do not challenge those same state laws in their lawsuit.

    2. The Complaint specifically does not plausibly allege a causal connection between the alleged injury and any challenged SBE action.

In addition to the defects described above that are applicable to the claims against both CDE and State Board of Education ("SBE"), Plaintiffs do not dispute that SBE acts

only by majority vote of its members. Cal. Educ. Code § 33010. Plaintiffs do not dispute that SBE did not vote on the FAQs (that Plaintiffs have conceded are in any event non-binding on EUSD). Plaintiffs argue only that CDE has not cited case law requiring Plaintiffs to allege that SBE voted. Dkt. 28, p. 5, ll. 9-11.[3] However, the relevant legal standard requires that Plaintiffs plausibly allege facts to show a causal connection between SBE actions and harm to Plaintiffs. Plaintiffs complaint fails to show such a causal connection between any SBE action and the harm allegedly suffered by Plaintiffs.

In sum, Plaintiffs have failed to plausibly allege traceability of their injury to any of the State-level Defendants.

      3. **The Complaint does not plausibly allege that Plaintiffs' injury will be redressed by the remedy they seek.**

The *Skyline* court also found that redressability is lacking "if the injury complained of is 'th[e] result [of] the independent action of some third party not before the court.' But a plaintiff does have standing when the defendant's actions produce injury through their 'determinative or coercive effect upon the action of someone else.'" Skyline, 968 F. 3d at 749 (citations omitted). Here, Plaintiffs' alleged injury is the sole result of the EUSD decision to refuse them accommodation from the district's administrative regulation addressing transgender students' privacy. Conspicuously absent from the complaint, however, are any factual allegations supporting that any State-level actor coerced or otherwise had a determinative effect on EUSD's decision to deny Plaintiffs' accommodation. There are no factual allegations that any State-level actor had any involvement whatsoever with Plaintiffs or EUSD.

///

---

[3] As a "state body," (Cal. Gov't. Code § 11121) the SBE is subject to the Bagley-Keene Open Meeting Act. (Cal. Gov't. Code § 11120, et seq.) Taking a vote is consistent with how a state body subject to Bagley-Keene takes action. See Cal. Gov't. Code § 11122.

Plaintiffs fail to rebut the State-level Defendants' argument that the complaint challenges and seeks relief as to *EUSD's* "Parental Exclusion Policies." At every opportunity and in every cause of action, the complaint refers to the Parental Exclusion Policies as *EUSD's*. See Dkt. 1, ¶¶ 150, 227-229, 231, 234-235, 237, 247-248, 251, 254-256, 266, 270, 273, 275, 276-278, 282, 284. And at every opportunity and in every cause of action, the complaint seeks relief as to *EUSD's* Parental Exclusion Policies. Dkt. 1, ¶¶ 238, 257, 279, 285. In their Opposition, Plaintiffs now improperly purport to rewrite the complaint, using brackets, to include references to the CDE that do not appear in the complaint. Dkt. 28, p. 6, n. 2. However, the complaint speaks for itself.

Plaintiffs have failed to plausibly allege that an injunction as to CDE's FAQs will provide the redress they seek from EUSD.

### C. The Eleventh Amendment Bars Plaintiffs' Section 1983 Claims Against the State-Level Defendants (Fed. R. Civ. P. 12(b)(6))

The State-level Defendants enjoy sovereign immunity from suits brought in federal court by the state's citizens or citizens of another state. *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). The complaint acknowledges that the CDE and SBE are such state entities. See Dkt. 1, p. 10, ¶¶ 33, 35. It is also true that the *Ex parte Young* exception allows a Section 1983 action to proceed against a state official sued in their official capacity under certain circumstances that include if the action only seeks prospective injunctive relief. *Papasan*, 478 U.S. at 277-278; see also *Ex parte Young*, 209 U.S. 123, 126 (1908). However, the exception requires that a plaintiff "must point to threatened or ongoing unlawful conduct by a particular governmental officer. The doctrine does not allow a plaintiff to circumvent sovereign immunity by naming some arbitrarily chosen governmental officer with only general responsibility for governmental policy." *Jamul Action v. Simermeyer,* 974 F.3d 984, 994 (9th Cir. 2020). The "connection" required under *Ex parte Young* demands "… that the implicated state official have a relevant role that goes beyond "a generalized duty to enforce state law or general supervisory power

over the persons responsible for enforcing the challenged provision." *Mecinas v. Hobbs*, 30 F.4th 890, 903–904 (9th Cir. 2022). Plaintiffs' cursory case citations (Dkt. 28, p. 4, ll. 22-28) with no analysis, fail to address a fatal defect with respect to Plaintiffs' attempt to invoke the *Ex parte Young* exception. That is, Plaintiffs do not, nor can they, allege any facts in the complaint supporting that any of the State-level Defendants have more than a general responsibility for education policy in California.

In their Opposition to the instant motion, Plaintiffs fail to address the State-level Defendants' argument that there are insufficient facts to establish the requisite connection between the SBE members or State Superintendent of Public Instruction ("SPI") and any discrete duty to enforce EUSD's administrative regulation at issue. Plaintiffs remain unable to articulate *a single duty* that any State-level Defendant has to enforce the EUSD's administrative regulation. Accordingly, in the absence of any allegation beyond that of a generalized duty to enforce state education law or policy, the *Ex parte Young* exception should not apply to the State-level Defendants in this matter.

### III. CONCLUSION

The State-level Defendants respectfully request that the Court dismiss the Complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Whether to grant leave to amend is within the discretion of the District Court, and it is proper to deny leave to amend when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 192 (1962); *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2009). A dismissal shall be without leave to amend when the complaint cannot be saved by further amendment. *In re Broderbund Learning Co. Sec. Litig.*, 294 F.3d 1201, 1203 (9th Cir. 2002); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1021 (9th Cir. 2000). Plaintiffs have not demonstrated that allegations of other facts consistent with the challenged pleading could cure the deficiency. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

Plaintiffs do not indicate that they have any new facts to allege regarding CDE's FAQs, or any involvement by State-level Defendants in the relationship between

Plaintiffs and EUSD. Plaintiffs do not suggest that they have any additional facts to allege that would indicate that the State-level Defendants ever took any action against EUSD with respect to the CDE's FAQs, for example. Plaintiffs suggest only that they would attempt to change their legal argument as to the impact of CDE's FAQs from "nonbinding" to "binding." The court should hold Plaintiffs to their previous concession on this point.

None of the new "facts" as to which Plaintiffs seek judicial notice would be helpful to them even if they were to insert them in an amended complaint.[4] The material is all extraneous to this particular case. Nothing put forth in Plaintiffs Opposition changes the fact that this is a local dispute between two teachers and their employer, and that the State-level Defendants are not necessary parties simply because the CDE posted nonbinding FAQs.

For the reasons stated above, the State-level Defendants respectfully request that the Court dismiss the Complaint in its entirety, without leave to amend.

Dated: August 16, 2023                    Respectfully submitted,

                                          LEN GARFINKEL
                                          General Counsel
                                          BRUCE YONEHIRO
                                          Assistant General Counsel

                                    By:   /s/ Rebecca P. Feil
                                          REBECCA P. FEIL
                                          Deputy General Counsel
                                          Attorney for State-level Defendants

                                    By:   /s/ Christopher Mandarano
                                          CHRISTOPHER MANDARANO
                                          Deputy General Counsel
                                          Attorney for State-level Defendants

---

[4] As noted in footnote 2 above, to the extent Plaintiffs now reference a curriculum issue involving Temecula Unified School District that is not included in the complaint, it is irrelevant as it does not involve transgender disclosure policy, it is not addressed in these FAQs, and it would not support amending the complaint. Dkt. 28, p. 12-13.