Charles S. LiMandri, SBN 110841
cslimandri@limandri.com
Paul M. Jonna, SBN 265389
pjonna@limandri.com
Mark D. Myers, SBN 235719
mmyers@limandri.com
Jeffrey M. Trissell, SBN 292480
jtrissell@limandri.com
Milan L. Brandon II, SBN 326953
mbrandon@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Thomas Brejcha, *pro hac vice**
tbrejcha@thomasmoresociety.org
Peter Breen, *pro hac vice**
pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
*Application forthcoming

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,

Plaintiffs,

v.

MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,

Defendants.

Case No.: 3:23-cv-0768-BEN-WVG

**Plaintiffs': (1) Response to CDE Defendants' Objections, and (2) Objections to CDE Defendants' Reply, in support of Plaintiffs' Opposition to CDE Defendants' Motion to Dismiss**

**[Fed. R. Civ. P. 12(b)(1)]**
**[Fed. R. Civ. P. 12(b)(6)]**

Judge: Hon. Roger T. Benitez
Courtroom: 5A
Hearing Date: August 23, 2023
Hearing Time: 2:00 p.m.

## I. RESPONSE TO CDE'S PROCEDURAL OBJECTION

The CDE Defendants' opposition to Plaintiffs' motion for a preliminary injunction (ECF No. 9), and the CDE Defendants' motion to dismiss (ECF No. 25-1), are the same briefing cut-and-pasted. Thus, when Plaintiffs filed their opposition to the CDE's motion to dismiss, Plaintiffs included a 2-page summary of their prior preliminary injunction reply, and incorporated that 10-page reply brief by reference. (*See* ECF No. 28 at 9:7-5:3; citing ECF No. 18-1.)[1]

With the CDE's reply in support of its motion to dismiss, it then objected to that summary and incorporation by reference, stating that nothing in the Federal Rules permits incorporation by reference. (*See* ECF No. 30 at 2:16-3:4; citing *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996).) While nothing in the Federal Rules expressly *allows* incorporation by reference (*see Swanson*, 87 F.3d at 343-45 ("district court did not abuse its discretion" in "grant[ing] the government's motion to strike those portions of the revised ISC brief that incorporated by reference 69 additional pages of argument")), nothing expressly *prohibits* incorporation by reference either. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 n.4 (9th Cir. 2010) (noting that local rules permitted incorporation by reference in briefing).

Thus, courts most frequently reject incorporation by reference when it is abused to circumvent page limits (*see Swanson*, 87 F.3d at 345), and allow it when it promotes efficiency. *See, e.g., Gifford v. Calco, Inc.*, No. A03-19 CV (RRB), 2005 WL 283524, at *7 n.2 (D. Alaska Jan. 25, 2005) ("Notably, CALCO's reply incorporates by reference its opposition to APUIT's motion for summary judgment at docket No. 50. The summary judgment motions presently before the court are intertwined and,

[1] Unless otherwise noted, all quotations are "cleaned up" by omitting citations, quotation marks, brackets, ellipses, and emphasis; all emphasis is added. Page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

most efficiently, a good deal of incorporation by reference has occurred between them."); *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, No. 1:08-CV-358-OWW-SMS, 2009 WL 160283, at *3 (E.D. Cal. Jan. 21, 2009) (on summary judgment, "[i]n the interest of efficiency, the parties may incorporate by reference any affidavits or briefing submitted in connection with Lion's motion for discovery.").

Here, Plaintiffs believed that their summary and incorporation by reference was the most efficient manner of presenting certain arguments to the Court, so the Court did not have to hunt for truffles between cut-and pasted, *but slightly modified*, briefing. *See* S.D. Cal. CivLR 1.1(c) (rules "must be construed so as to … promote the just, efficient and economical determination of every action"). However, if the Court would prefer that Plaintiffs cut-and-paste their prior briefing—because there is room to do so in their opposition to the motion to dismiss, which only contains 14 pages of new briefing (*see* ECF No. 28)—Plaintiffs can re-submit such a corrected brief. Otherwise, Plaintiffs request that the Court overrule the CDE's objection.

## II. PLAINTIFFS' OBJECTION TO NEW REPLY ARGUMENT

In the CDE Defendants' motion to dismiss, the CDE stated unequivocally that their standing arguments were based solely on "the face of the Complaint." (ECF No. 23-1 at 10:9.) Nevertheless, on reply, the CDE argues that the Court should treat a footnote in Plaintiffs' opposition to the *EUSD* Defendants' motion to dismiss as a binding "concession." (*See* ECF No. 30 at 4:12-16; citing *Cordova v. Imperial Cnty. Narcotics Task Force*, No. 3:21-cv-445, 2022 WL 84409, at *4 (S.D. Cal. Jan. 7, 2022) (Benitez, J.); *but see also* ECF No. 30 at 2 n.1 (admitting the location of the "concession" was not clearly cited in the motion to put Plaintiffs on notice).

The rule which this Court cited in *Cordova*, however, concerns "concessions" made in opposition to the *moving party's* motion to dismiss—not *another party's* motion to dismiss. *See Cordova*, 2022 WL 84409, at *2 n.5 (citing *Camara de Mercadeo, Industria y Distribucion de Alimentos, Inc. v. Emanuelli-Hernandez*, No. CV 21-1156, 2021 WL 5605098, at *2 (D.P.R. Nov. 30, 2021), *aff'd*, 72 F.4th 361 (1st Cir.

2023); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)). Thus, the *actual* rule is inapplicable on its face. In reality, the *new rule* which the CDE proposes—that any statement made by the plaintiff in any brief should trump the allegations of the complaint—is directly contrary to the rule that this Court discussed. *See Cordova*, 2022 WL 84409, at *2 n.5 (explaining that the court is limited to the four corners of the complaint except in unique circumstances, present there, but not present here). Under the logic of the CDE's rule, the Court would equally have to read into Plaintiffs' Complaint *EUSD's* "concession" in its brief that the CDE's FAQ page is binding on it. (ECF No. 16 at 7:16-17, 8:2-3.) How to resolve such competing concessions is anybody's guess.

Moreover, in reality, the CDE does and did not purport to create new substantive protections in its Legal Advisory on gender identity and corresponding FAQ page. (*See* ECF No. 28-1 at 5-20.) It merely purported to summarize the current state of California law (*see id.*), and it is indisputable that the CDE expects local school districts to comply with California law. Whether the FAQ page *itself* is binding or not is misdirection. The dispositive issue here is that—despite ample briefing—the CDE has refused to "disavow" that EUSD must follow California law or that the Legal Advisory/FAQ page accurately reflects California law. In the context of a refusal to "disavow," the U.S. Supreme Court has made clear that a pre-enforcement challenge is appropriate. *303 Creative LLC v. Elenis*, 143 S. Ct. 2298, 2310 (2023).

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: August 17, 2023 By: ______________________

Charles S. LiMandri
Paul M. Jonna
Mark D. Myers
Jeffrey M. Trissell
Milan L. Brandon II
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

***Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.***
USDC Court Case No.: 3:23-cv-00768-BEN-WVG

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Plaintiffs': (1) Response to CDE Defendants' Objections, and (2) Objections to CDE Defendants' Reply, in support of Plaintiffs' Opposition to CDE Defendants' Motion to Dismiss.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Thomas Prouty, Deputy General Counsel
Len Garfinkel
California Department of Education
1430 "N" Street, Suite 5319
Sacramento, CA 95814
Tel: 916-319-0860; Fax: 916-322-2549
E-Mail: tprouty@cde.ca.gov
E-Mail: lgarfinkel@cde.ca.gov
**Attorneys for CDE Defendants**

Daniel R. Shinoff, Esq.
Artiano Shinoff
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
Tel: 619-232-3122
E-Mail: Dshinoff@as7law.com
E-Mail: nlay@as7law.com
**Attorneys for EUSD Defendants**

__X__ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ (**BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on August 17, 2023, at Rancho Santa Fe, California.

Kathy Denworth