LEN GARFINKEL State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
REBECCA P. FEIL. State Bar No. 273064
Deputy General Counsel
CHRISTOPHER MANDARANO, State Bar No. 263625
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
Email: rfeil@cde.ca.gov
Attorneys for Defendants Tony Thurmond in his official capacity as State Superintendent of Public Instruction and State Board of Education Members in their official capacities

*(Defendants Tony Thurmond in his official capacity and State Board of Education members in their official capacity are governmental parties exempt from the provisions of FRCP 7.1)*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK OLSON, Superintendent of EUSD, et al.,<br><br>    Defendants. | Case No. 3:23-cv-0768-BEN-WVG<br><br>**THE STATE-LEVEL DEFENDANTS' REQUEST TO STRIKE PLAINTIFFS' SUR-REPLY TO THE STATE-LEVEL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing Date: August 23, 2023<br>Time:         2:00 P.M.<br>Courtroom:   5A<br>Judge:        Hon. Roger T. Benitez |

Plaintiffs' most recent filing entitled "Plaintiffs': (1) Response to CDE Defendants' Objections, and (2) Objections to CDE Defendants' Reply, in support of Plaintiffs' opposition to CDE Defendants' Motion to Dismiss" (Dkt. 31) is improper on two distinct grounds. First, no rule of civil procedure or local rule provides Plaintiffs the right to file the type of sur-reply represented by the filing in Dkt. 31. Second, a sur-reply is disfavored and typically only allowed in narrow circumstances where a party has made new arguments on reply, which did not occur here.

## I.   ARGUMENT

### A. No Rule Permits Plaintiffs' Sur-Reply in the Absence of Their Failure to Request Leave of the Court for Such a Filing.

"Neither the Federal Rules of Civil Procedure nor the [United States District Court Southern District of California] Civil Local Rules provides a right to file a sur-reply because a sur-reply is not part of the ordinary process for the briefing of motions." *Johnson v. Wennes*, 2009 WL 1161620, at *2 (S.D. Cal.). Simply stated, the federal and local rules allow for the filing of a motion, the filing of an opposition by the Respondent, and the filing of a reply to that opposition by the movant. *Id*.

Because no rule permits Plaintiffs' Dkt 31 filing, it is a sur-reply. "The respondent may not file a sur-reply unless leave of court is granted." *Id.* A decision to grant or deny leave to file a sur-reply is "generally committed to the 'sound discretion' of the court." *Brady v. Grendene USA, Inc.* 2015 WL 6828400, at *3 (S.D. Cal.), citing *Mitchell v. Donahoe*, 2013 WL 4478892, at *10 (D.Ariz.). Here, Plaintiffs did not have leave and proceeded directly to filing their "objections" to the State-level Defendants' Reply. Accordingly, the court should strike Plaintiffs' Dkt. 31 filing in its entirety.

### B. The State-Level Defendants Make no new Arguments in Their Reply Warranting the Filing of a Sur-Reply by Plaintiffs.

Even if Plaintiffs had requested such leave, the court should have denied the request because the State-level Defendants have not made any new arguments in their Reply. A court admitting arguments submitted for the first time in a reply brief should

protect the non-moving party against unfair surprises by allowing it an opportunity to respond. *Sherman v. Yahoo! Inc*. 2015 WL 5604400, at *3 (S.D. Cal.), citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996). In this regard, the court may choose to either "provide oral argument to the non-moving party or allow the non-moving party to file a sur-reply." *Id.* [Citations omitted.] However, here, Plaintiffs' attempt to characterize the State-level Defendants' legal arguments in the Reply brief (Dkt. 30) as "new" is false.

    First, Plaintiffs endeavored to incorporate prior briefing into their Opposition to the State-level Defendants' Motion to Dismiss (Dkt. 28, p. 1, ll. 15-16.) In their Reply, the State-level Defendants merely addressed the fact that such incorporation by reference is improper on procedural grounds (Dkt. 30, p, 1-2.) In their sur-reply (Dkt. 31), the Plaintiffs now attempt to rebut the State-level Defendants' well-founded procedural objection. Nevertheless, the State-level Defendants' objection to the improper incorporation by reference does not constitute a new, substantive argument for which a sur-reply is justified.

    Second, in their Motion to Dismiss, the State-level Defendants pointed out Plaintiffs had previously, and expressly, conceded the FAQs are non-binding. Dkt. 25 at p. 2, ¶15-16. Although Plaintiffs had every opportunity in their Opposition to the Motion to Dismiss (Dkt. 28) to address that argument, they chose instead to, for the first time, characterize the FAQs as "practically binding." Dkt. 28, p. 7, ll.14-15. The State-level Defendants' Reply simply reminded the court that Plaintiffs' Opposition was contrary to their previous argument that the FAQs were non-binding. State-level Defendants also provided authority for the proposition that the court should treat such previous, contrary statements as a concession. Dkt. 30 at p. 3. Again, this was a proper reply argument to Plaintiffs' Opposition, not a new substantive argument.

///

///

///

## II. CONCLUSION

The State-level Defendants respectfully request the Court strike Plaintiffs' improper filing in its entirety at Docket 31.

Dated: August 18, 2023

Respectfully submitted,

LEN GARFINKEL
General Counsel
BRUCE YONEHIRO
Assistant General Counsel

By: /s/ Rebecca P. Feil
REBECCA P. FEIL
Deputy General Counsel
Attorney for State-level Defendants

By: /s/ Christopher Mandarano
CHRISTOPHER MANDARANO
Deputy General Counsel
Attorney for State-level Defendants