ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Jack M. Sleeth Jr, Esq. (SBN 108638)
jsleeth@as7law.com
3636 Fourth Avenue, Suite 200
San Diego, California 92103
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorney for Defendant School Employees

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual ,

Plaintiffs,

v.

MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.

Defendants.

Case No.: 23CV0768 BEN WVG

**ANSWER OF DEFENDANT SCHOOL EMPLOYEES**

**DEMAND FOR JURY TRIAL**

Judge: Hon. Roger T. Benitez
Courtroom: 5A

COMES NOW Defendants, MARK OLSON, FRANK HUSTON, JOAN GARDNER, DOUG PAULSON, ZESTY HARPER, LUIS RANKINS-IBARRA, JOHN ALBERT, TRENT SMITH, TRACY SCHMIDT, and STEVE WHITE (hereafter “Defendant School Employees”) by and through the undersigned counsel, and hereby answers the verified Complaint by Plaintiffs ELIZABETH MIRABELLI, and LORI ANN WEST (“Plaintiffs”) in the above-entitled matter, and admit, deny and alleges for themselves alone and for no other party, denying each and every allegation contained in the Complaint except those expressly admitted below. Fed. R. Civ. Proc. § 8(b)(3).

///

///

///

**INTRODUCTION**

1. Defendant School Employees deny the allegation in Paragraph 1 that public schools must never hide information from parents, inasmuch as statutes require schools keep certain fact from parents (H. & S. Code §§ 123110(a), 123115(a)(1), 123462; Civ. Code §§ 56.10, 56.11; Fam. Code § 6925), but admit the School District adopted a Regulation requiring teachers to aid in a student's social transition by using pronouns or a gender-specific name requested by the student during school, and further assert that a Regulation is not the same as a Policy, but deny the remaining argumentative allegations in the Paragraph.

2. Defendant School Employees admit the allegations in Paragraph 2, except to deny the allegations that, "There is absolutely no room for discussion, polite disagreement, or even questioning whether the child is sincere or acting on a whim."

3. Defendant School Employees admit the allegations in Paragraph 3, except to deny the allegations that, "Once a child's social transitioning has begun, EUSD elementary and middle school teachers must ensure that parents do not find out."

4. Admit.

5. Defendant School Employees admit the allegations in Paragraph 5, except to deny the allegations that, "If a parent discovers that their child has socially transitioned at school and objects to the social transition, EUSD's policies flatly prohibit teachers from respecting parents' wishes."

6. Deny.

7. Defendants School Employees lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 7, and thereon deny the allegations.

8. Defendant School Employees admit the allegations in Paragraph 8, except to they lack sufficient information or belief and thereon deny the allegation that, "She lives her entire life in accordance with the teachings of her faith and will not abandon them for any reason."

9. Admit.

10. Defendant School Employees admit Plaintiffs sought religious accommodations

but deny the remaining allegations in paragraph 10.

11. Defendant School Employees admit the allegations in Paragraph 11, except to deny the allegation that, “In all communications with parents, they should be permitted to use students’ legal names and biological pronouns, while also explaining that the student is referred to differently at the school—using preferred pronouns and a gender-specific name.”

12. Defendant School Employees admit the allegations in paragraph 12, except to deny the allegation that “teachers must participate in the deception of parents.”

13. Deny.

14. Deny.

15. Admit.

**JURISDICTION AND VENUE**

16. Admit.

17. Admit.

18. Admit.

**THE PARTIES**

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

35. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

36. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

37. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

38. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

39. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

40. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

41. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

42. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

43. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

44. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

45. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

46. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

## FACTUAL ALLEGATIONS

**I. Background on Gender Theory & Schools**

47. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the allegations of wrongdoing and unlawful conduct, Defendants deny the same.

48. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the allegations of wrongdoing and unlawful conduct, Defendants deny the same.

***A. The New Shift in Gender Theory***

49. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

50. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

51. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

52. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

53. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

54. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

55. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

56. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

57. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

58. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

59. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

60. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

***B. Activists Coopt School Districts to Push Gender Theory***

61. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

62. These conclusionary allegations do not require an answer. To the extent that an

answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

63. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

64. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees lack sufficient information or belief to admit or deny the allegations and thereupon deny.

65. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

66. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

67. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

***C. The New Gender Policies Are Unconstitutional***

68. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and

wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

69. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

70. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

71. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

72. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

73. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

74. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

**II. Plaintiffs Elizabeth Mirabelli & Lori Ann West**

75. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

***A. Plaintiff Elizabeth Mirabelli***

76. Admit.

77. Admit.

78. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

79. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

80. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

81. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

82. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

83. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

84. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

***B. Plaintiff Lori Ann West***

85. Admit.

86. Admit.

87. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

88. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

89. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

90. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

***C. Joint Statement of Faith and Beliefs***

91. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

92. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

93. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

94. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

95. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

96. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

97. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

98. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

99. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

100. Defendant School Employees are without sufficient knowledge to admit or deny

the allegations and thereupon deny the allegations.

101. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

102. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

103. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

104. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

105. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

106. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

107. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

108. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

109. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

110. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

111. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

**III. EUSD's Policies on Gender Identity**

***A. EUSD's Original Policies***

112. Admit.

113. Admit.

114. Defendant School Employees admit the allegation that the policy did not

"provide any further explanation of what constitutes "discrimination," or provide examples of actions that could or would constitute discrimination on the basis of "gender identity," but deny the remaining conclusory and argumentative allegations in paragraph 114.

115. Defendant School Employees admit the allegations in paragraph 115, except to deny the allegations that, "As a result, it is not discussed at a public board meeting where the public has the opportunity to provide input."

116. Defendant School Employees admit the allegations in paragraph 116, except to deny the allegations that the Regulation required staff to "hide that information from parents or caretakers, among other requirements," and the allegation that "AR 5145.3 was not widely circulated to staff."

***B. The "Rights of Gender Diverse Students" Presentation***

117. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

118. Defendant School Employees admit the allegations in paragraph 118, except to deny, on lack of information or belief, the allegations, "Apparently in response to this incident, EUSD decided to begin enforcing its AR 5145.3."

119. Admit.

120. Admit.

121. Admit.

122. Admit.

123. Admit.

124. Admit.

125. Admit.

126. Admit.

127. Admit.

128. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees deny the legal conclusion and affirmatively asset that the California Constitution and several statutes require student privacy to be

respected and give students rights to protect their medical privacy against the inspection of any other person including their parents, including Article 1, section 1.1 of the California Constitution, Health and Safety Code sections 123110(a), 123115(a)(1), and 123462, Civil Code sections 56.10, and 56.11 and Family Code section 6925.

129. Admit.

130. Admit.

131. Admit.

132. Admit.

133. Admit.

134. Defendant School Employees admit the allegations in paragraph 134 except to deny the allegation that, "EUSD did not afford any opportunity for public discussion or parental input regarding those policies" and affirmatively assert the difference between the approval of a Policy and the adoption of a Regulation; AR 5145.3 is not a "Policy."

***C. The Loose Nature of the Policies***

135. Admit.

136. Deny.

137. Admit.

138. Admit.

139. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

140. Admit.

141. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

142. Admit.

143. Deny.

144. Admit.

145. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees at all times worked to protect the safety and

wellbeing of all students and to comply with the law as they understood it, with the advice of counsel. As to the implied allegations of wrongdoing and unlawful conduct, Defendants deny the same.

146. Admit.

147. Admit.

148. Admit.

**IV. EUSD's Gender Identity Policies Go Into Effect**

***A. The New Regulations Conflict with Longstanding Board Policies***

149. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

150. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

151. Admit.

152. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

153. Admit.

154. Admit.

155. Admit.

156. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

***B. EUSD Pressures Plaintiffs to Comply***

157. Admit.

158. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

159. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

160. Defendant School Employees are without sufficient knowledge to admit or deny

the allegations and thereupon deny the allegations.

161. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

162. Defendant School Employees admit the allegations in paragraph 162, except to deny the characterization of the action requiring her to "deceive the students father."

163. Admit.

164. Admit.

165. Admit.

166. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

***C. The Policies Prove Unworkable***

167. Admit.

168. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

169. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

170. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

171. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

172. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

173. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

174. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

175. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

176. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

**V. Ramp up to the Litigation**

***A. Plaintiffs Request a Religious Accommodation***

177. Defendant School Employees admit Plaintiffs submitted requests for accommodation, but are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

178. Admit.

179. Admit.

180. Admit.

181. Admit.

182. Admit.

183. Admit.

184. Admit.

185. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

***B. EUSD Engages in the Religious Accommodation Process***

186. Admit.

187. Admit.

188. Admit.

189. Admit.

190. Defendant School Employees admit the allegations in paragraph 190, except for the misunderstanding of Education Code section 221.3.

191. Defendant School Employees admit the allegations in Paragraph 191, except to deny the allegation that, “This is the sole basis for the contention that EUSD must or should enact and enforce a policy requiring teachers to deceive parents about a child’s gender identity.”



192. Admit.

193. Admit.

194. Deny.

195. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees deny the allegation that, "it is simply not an egregious breach of social norms for schools to speak with parents about their children," particularly in a situation where there is a risk of harm to the child from the parent.

196. Admit.

197. Admit.

198. Defendant School Employees admit the allegations in Paragraph 198, except to deny the allegation the FAQ page was "without basis."

199. Admit.

200. Admit.

201. Admit.

202. Admit.

203. Admit.

204. Admit.

205. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

206. Admit.

207. Admit.

208. Admit.

209. Admit.

210. Deny.

211. Deny.

212. Deny.

/ / /

/ / /

*C. Plaintiffs Conclude Litigation is Necessary*

213. Defendant School Employees admit the allegations in Paragraph 213 that Plaintiffs submitted a public records act request and the District responded, but lack sufficient information or belief and there on deny the remaining allegations.

214. Admit.

215. Defendant School Employees are without sufficient knowledge to admit or deny the allegations and thereupon deny the allegations.

216. Deny.

**CLAIMS FOR RELIEF**

**First Claim for Relief:**

**Violation of Free Speech Clause of First Amendment to U.S. Constitution:**

**Compelled Speech & Viewpoint Discrimination**

**(By Both Plaintiffs Against All Defendants)**

217. Defendant School Employees incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.

218. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees deny the applicability of the case citations to the facts of this case.

219. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees deny the applicability of the case citations to the facts of this case.

220. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees deny the applicability of the case citations to the facts of this case.

221. Admit.

222. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees deny the applicability of the case citations to the facts of this case.



223. Deny.

224. Deny.

225. Deny.

226. Deny.

227. Admit.

228. Admit.

229. Deny.

230. Deny.

231. Deny.

232. Deny.

233. Defendant School Employees affirmatively assert that the Policy does not require anyone to lie or deceive parents, and deny the allegation that EUSD has no legitimate, compelling interest in enforcing the Policy and deny that enforcing the policy violates the Fourteenth Amendment rights of parents.

234. Deny.

235. Deny.

236. Admit.

237. Deny.

238. Deny.

239. Deny.

**Second Claim for Relief:**

**Violation of Free Exercise Clause of First Amendment to U.S. Constitution:**

**Not Generally Applicable due to Categorical Exemptions**

**(By Both Plaintiffs Against All Defendants)**

240. Defendant School Employees incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.

241. Admit.

242. Admit.

ARTIANO SHINOFF

243. Admit.

244. Admit.

245. Deny.

246. Admit.

247. Deny.

248. Deny.

249. Deny.

250. Deny.

251. Deny.

252. Deny.

253. Deny.

254. Deny.

255. Deny.

256. Deny.

257. Deny.

258. Deny.

**Third Claim for Relief:**

**Violation of Free Exercise Clause of First Amendment to U.S. Constitution:**

**Not Generally Applicable due to Discretionary Exemptions**

**(By Both Plaintiffs Against All Defendants)**

259. Defendant School Employees incorporate by reference all responses contained in the preceding paragraphs as thought fully set forth herein.

260. Deny.

261. Admit.

262. These conclusionary allegations do not require an answer. To the extent that an answer is required, Defendant School Employees deny the applicability of the case citations to the facts of this case.

263. Deny.

264. Admit.

265. Deny.

266. Deny.

267. Admit.

268. Admit.

269. Admit.

270. Admit.

271. Deny.

272. Deny.

273. Deny.

274. Deny.

275. Deny.

276. Deny.

277. Deny.

278. Deny.

279. Deny.

280. Deny.

**Fourth Claim for Relief:**

**Declaratory Relief re: The California Department of Education's FAQ Page**

**(By Both Plaintiffs Against All Defendants)**

281. The allegations in paragraphs 282 through 286 are brought against the California Department of Education, only, and are not Answered by the Defendant School Employees.

## AFFIRMATIVE DEFENSE

DEFENDANTS alleges and asserts the following additional defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to defenses pled herein, DEFENDANTS reserves the right to allege additional defenses that become known through the course of discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim**

Plaintiffs' Complaint fails to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(No Causation)**

Plaintiffs' claims are barred because no causal relationship exists between any injuries, loss or damages, if any, suffered by Plaintiffs and the alleged wrongful actions, if any, of the Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(No Discrimination)**

Plaintiffs' claims barred because at no time did Defendants act with the purpose, or intent of violating Plaintiff's civil rights, nor did the Defendant's actions have a disproportionate impact on Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lawful Conduct)**

Plaintiff is barred from asserting the claims alleged since at all times relevant, the Defendants properly complied with relevant California and federal law, acted in reliance upon such operative law, statutes, and regulations, and believe such law, statutes, and regulations were constitutional and said law, statutes, and regulations had not been declared unconstitutional or otherwise unlawful by a court of competent jurisdiction at the time of the

**SIXTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

Defendants are entitled to dismissal of all claims on grounds of the doctrine of qualified immunity, because the Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

/ / /

/ / /

/ / /



ARTIANO SHINOFF

**SEVENTH AFFIRMATIVE DEFENSE**

**(Eleventh Amendment)**

Plaintiff's SAC and claims are barred by the Eleventh Amendment to the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

**Undue Hardship**

Plaintiffs claims are barred because accommodation of Plaintiffs' religious beliefs would constitute an undue hardship on the operations of the school district and would put some students at risk of harm.

**NINTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

Defendant alleges that there may be additional affirmative defenses to Plaintiff's causes of action that are currently unknown to Defendant, and Defendant reserve the right to amend this Answer to allege additional affirmative defenses in the event discovery or other information indicates they are appropriate.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant School Employees pray for judgment against Plaintiffs according to law and according to proof, as follows:

1. Plaintiffs take nothing by reason of their Complaint;
2. Plaintiffs' Complaint be dismissed with prejudice;
3. Defendants be awarded its costs of suit incurred and attorney fees; and
4. That this Court award such other and further relief it deems just and proper.

/ / /

/ / /

/ / /

/ / /

Dated: November 13, 2023

ARTIANO SHINOFF

By: /s/ Daniel R. Shinoff
Daniel R. Shinoff
Jack M. Sleeth Jr.
Attorneys for Defendants School Employees