LEN GARFINKEL State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
CHRISTOPHER MANDARANO, State Bar No. 263625
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
Email: cmandarano@cde.ca.gov
Attorneys for Defendants Tony Thurmond in his official capacity as State Superintendent of Public Instruction and State Board of Education Members in their official capacities

*(Defendants Tony Thurmond in his official capacity and State Board of Education Members in their official capacity are Governmental Parties Exempt from the Provisions of FRCP 7.1)*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MARK OLSON, Superintendent of EUSD, et al., <br><br> Defendants. | Case No. 3:23-cv-0768-BEN-VET <br><br> REPLY OF STATE-LEVEL DEFENDANTS IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS <br><br> Fed. R. Civ. P. 12(c) <br><br> Hearing Date: January 8, 2023 <br> Time: 10:30 a.m. <br> Courtroom: 5A <br> Judge: Hon. Roger T. Benitez |

## I. INTRODUCTION

Plaintiffs' Opposition ("Opp.," Dkt. 62) focuses on Escondido's policy but fails to show how a different document, the CDE's FAQs, violates their constitutional rights. As shown below, Plaintiffs fail to effectively rebut the State Defendants' motion. See *In re Sargent Technology, Inc. Derivative Litigation*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (dismissing claim against moving co-defendants because complaint did not clearly indicate what allegedly wrongful acts they were responsible for).

## II. ARGUMENT

### A. The Law of the Case Doctrine Does Not Preclude This Motion

The State Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of standing, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim based on Eleventh Amendment immunity. Dkt. 25. The State Defendants did not otherwise move under Rule12(b)(6) for failure to state a claim. Escondido moved to dismiss under Rule 12(b)(6) for failure to state a claim under the First Amendment's free speech and free exercise of religion clauses. Dkt. 7 and 17.

The court denied the State Defendants' Rule 12(b)(1) motion, placing weight on two things: that *Escondido* thought it was bound by the FAQs, and that the Attorney General had mentioned the FAQs in a separate lawsuit against a different school district. Dkt. 42, pp. 31-32.[1] The court also denied the State Defendants' motion under Rule 12(b)(6) regarding Eleventh Amendment immunity. Dkt. 42, pp. 32-33.

---

[1] At the August 30, 2023, hearing on the State Defendants' motion, the State Defendants confirmed that, in their view, the FAQs are non-binding (Transcript, Dkt. 39, p. 6, ll. 17-22), noting that while school districts are bound by the text of the statutes mentioned in the FAQs, they are not bound by the guidance in the FAQs as to how to apply those statutes in particular circumstances. (Transcript, p. 4, ll. 1-14.) The court acknowledged that the separate lawsuit was not brought by the State Defendants and that the Attorney General in that separate lawsuit did not allege that the school district in question was required to follow the FAQs. (Transcript, p. 71, ll. 2-9.)

The court denied Escondido's motion under Rule 12(b)(6) to dismiss the First Amendment free speech and free exercise of religion claims as to Escondido's policy. Dkt. 42, pp. 33. On the free speech claim as to Escondido (First Cause of Action), the court found that Escondido's policy as communicated to the faculty, and Escondido's response to Plaintiffs' request for a religious accommodation, appeared to require teachers to misrepresent to parents the names and pronouns chosen by their students at school. Dkt. 42, p. 23. On the free exercise of religion claims as to Escondido, the court found that Escondido's policy was not generally applicable because (1) training on the policy was provided only to full-time teachers but not instructional aides, substitute teachers, office staff or non-teaching administrators (Second Cause of Action) and (2) teachers could be exempt from discipline for communicating a student's gender identity to a parent without consent if it was determined on a case-by-case basis that there was a legitimate need to do so (Third Cause of Action). Dkt. 42, pp. 26-27.

The law of the case doctrine states that when a court has decided a rule of law, that decision should generally continue to govern "the same issues" in subsequent stages in the same case. *Musacchio v. United States*, 577 U.S. 237, 244-245 (2016); *Arizona v. California,* 460 U.S. 605, 618 (1983). The law of the case doctrine generally precludes a court from reconsidering an issue that has already been decided by the same court or a higher court in the same case. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

For the doctrine to apply, the issue in question must have been decided "explicitly or by necessary implication" in the previous disposition. *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452-453 (9th Cir. 2020); *United State v. Cote*, 51 F.3d at 181; *Hall v. City of Los Angeles*, 697 F.3d at 1067. The law of the case doctrine does not apply to issues not actually decided. *Mortimer* v. *Baca*, 594 F.3d 714, 720 (9th Cir. 2010). Further, the rule only precludes parties from contesting matters that they have had a full and fair opportunity to litigate. *Arizona v. California*, 460 U.S. at 619.

The law of the case doctrine does not apply here. The court's order denying the parties' motions to dismiss (Dkt. 42) did not rule on whether Plaintiffs had sufficiently pled claims *against the State Defendants* under the First Amendment's free speech and free exercise of religion clauses such that the complaint would survive a motion to dismiss under Rule 12(b)(6). That is, the court did not rule on whether Plaintiffs had plausibly alleged that the FAQs violated their First Amendment rights. The State Defendants did not previously make such a motion, and their right to subsequently make the present motion pursuant to Rule 12(c) is guaranteed by Rule 12(h)(2)(B). *In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 317-318 (9th Cir. 2017) (defendant who omits a defense in a first Rule 12(b)(6) motion to dismiss does not waive that defense but can raise it in a post-answer 12(c) motion). Thus, the State Defendants have not yet had a full and fair opportunity to litigate these issues. The issues were not explicitly or implicitly ruled on. See Dkt. 42, p. 30, ll. 16-17 (noting that the State Defendants had not argued the merits of Escondido's policy, and not finding that the State Defendants had argued the merits of the claims against them regarding the FAQs).

For example, on the First Cause of Action, the court relied on Plaintiffs' allegations that Escondido's policy contains improper provisions as to what staff should do if parents make inquiries about their students' gender identity. Complaint, Dkt. 1, p. 4, ¶ 4; p. 33, ¶ 133; p. 51, ¶ 209; p. 55, ¶ 228. Plaintiffs do not (and cannot) make similar allegations as to the FAQs, because the FAQs do not address how staff should respond to inquiries from parents. See Dkt. 1, Exh. 26. On the Second Cause of Action, the court relied on Plaintiffs' allegations that Escondido did not apply its policy to all staff. Dkt. 1, pp. 33-35, ¶¶ 135-143; p. 58, ¶ 248. Plaintiffs do not (and cannot) make similar allegations as to the FAQs, because the FAQs do not limit the staff members as to whom the guidance may be considered. Dkt. 1, Exh. 26. On the Third Cause of Action, the court relied on Plaintiffs' allegations that Escondido exercised discretion in applying discipline to teachers relating to the policy. Dkt. 1, p. 36, ¶ 147; p. 61, ¶ 270.
///

Plaintiffs do not (and cannot) make similar allegations as to the FAQs, because the FAQs do not address teacher discipline.  Dkt. 1, Exh. 26.

Plaintiffs cite *Chae v. SLM Corp.*, 2008 WL 11342464 at *1 (S.D. Cal.) (Opp., p. 12), but that case is not helpful to them.  There, a defendant's Rule 12(c) motion addressed issues identical to those in the defendant's prior Rule 12(b)(6) motion.  That simply is not the case here, as State Defendants did not raise the present issues in the prior motion.  Plainly, this is not a motion for reconsideration and the court should reject Plaintiffs' argument to the contrary.

### B. The First Cause of Action Under the First Amendment's Free Speech Clause Fails to State a Claim Against the State Defendants

1. Plaintiffs' speech was not protected.

Plaintiffs acknowledge that *Johnson v. Poway Unified Sch. Dist.,* 658 F.3d 954, 970, 975 (9th Cir. 2011), *cert. denied*, 566 U.S. 906 (2012), holds that the government may compel a teacher's speech in the course of their employment.  Plaintiff cites *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023), (Opp., p. 10) but it is inapposite because it is not a teacher compelled-speech case.  Plaintiff cites *Vlaming v. West Point School Board*, 2023 WL 8634968 at *24-30 (Va. Sup. Ct.), in which the court held that the teacher stated a claim that the school district's policy compelling teachers to use students' preferred names and pronouns violated his First Amendment right to free speech.  But that state court decision carries no weight here because the Ninth Circuit's decision in *Johnson* controls.

To the extent that Plaintiffs allege that Escondido's policy on responding to parent inquiries about their students' gender identity compels them to convey an illegal message, Plaintiffs do not (and cannot) make similar allegations as to the FAQs, because the FAQs do not address how staff should respond to inquiries from parents.

///
///
///

### 2. The FAQs do not compel Plaintiffs to violate parents' fundamental rights.

Plaintiffs do not dispute that it is some but not all transgender persons who experience gender dysphoria. See, e.g., *Karnoski v. Trump*, 926 F.3d 1180, 1187 n. 1 (9th Cir. 2019) ("In *some* instances, the discordance between one's gender identity and birth-assigned sex can be associated with clinically significant distress, known as gender dysphoria") (emphasis supplied). Plaintiffs fail to cite any case that holds that simply being transgender is a medical or psychiatric condition, and in fact the case law holds the opposite. See, e.g., *Doe v. Boyertown Area School District*, 276 F. Supp. 3d 324, 367 (E.D. Penn. 2017), *aff'd*, 897 F.3d 518 (3d Cir 2018), *cert. denied*, 139 S. Ct. 2636 (2019). Nor does the complaint allege that any Escondido student has been diagnosed with gender dysphoria.

Plaintiffs cite *Edmo v. Corizon, Inc.,* 935 F.3d 757, 770 (9th Cir. 2019) for the proposition that treatment of gender dysphoria may include "changes in gender expression." This misses the point as it does not rebut the fact that not all transgender students have gender dysphoria. Plaintiffs only otherwise cite *T.F. v. Kettle Moraine Sch. Dist.,* 2023 WL 6544917 (Wis. Cir. Ct.), a state court case involving uncontested expert affidavits on summary judgment expressing the opinion that social transitioning at school is a medical issue. *Id.* at *5. That case is not helpful to Plaintiffs because of the difference in procedural context. On a motion for judgment on the pleadings, the court should not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2005). Plaintiffs cite *Jones v. Johnson*, 781 F.2d 769, 772 n. 1 (9th Cir. 1986), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014), but that case simply accepted as true Plaintiff's allegations that he was in significant pain. That case does not support an argument that the court should accept as true conclusory allegations that (1) being transgender is a medical or psychiatric condition or (2) permitting social transitioning for a transgender student who does not have gender dysphoria is medical treatment. See also *Regino v. Staley*, 2023 WL 4464845 at *3 (despite *Edmo*, rejecting as

conclusory the allegation that permitting social transitioning at school is medical treatment).

Plaintiffs' argument would require a court to establish a new fundamental constitutional right for a parent to be informed of a student's change in gender identity at school simply because some transgender students may have gender dysphoria, and social transitioning may be a treatment option for a transgender person with gender dysphoria. (Opp., p. 8.)   This is contrary to Ninth Circuit authority. See *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1200, 1206 (9th Cir. 2015), *opinion affirmed and amended in part on denial of rehearing*, 447 F.3d 1187 (9th Cir. 2016), *cert. denied*, 127 S. Ct. 725 (2016); *Parents for Privacy v. Barr*, 949 F.3d 1210, 1232 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 894 (2020) ("Plaintiffs fail to cite any Supreme Court authority showing that parents' substantive due process rights under the Fourteenth Amendment encompass a right to direct the curriculum, administration or policies of public schools."). Further, courts must proceed with utmost care when considering establishing new substantive due process rights. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Parental rights are not absolute or unlimited. *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944).

### 3.  The FAQs survive rational basis review.

Because parents do not have a fundamental right to be informed of their child's change in gender identity at school, rational basis review applies. *Regino v. Staley,* 2023 WL 4464845 at *4 (E.D. Cal.).  States have a strong interest in protecting the lives and health of children within their borders. *Globe Newspaper Co. v. Superior Court of Norfolk County*, 457 U.S. 596, 607 (1982).  Protecting the psychological well-being of transgender youth is a legitimate state interest. *Tingley v. Ferguson*, 47 F.4th 1055, 1078 (9th Cir. 2022), *cert. denied*, 2023 WL 8531854 (2023).  The gender identity of children who identify as transgender must be honored out of respect for the individual. *Tingley*, 47 F.4th at 1084.  As the District Court stated in *Regino,* 2023 WL 4464845 at *4:

> . . . [T]he Defendant has demonstrated a legitimate state interest in creating a zone of protection for transgender students and those questioning their gender identity from adverse hostile reactions, including, but not limited to,

domestic abuse and bullying; this is in line with the Regulation's general purpose to combat discrimination and harassment against students.[2]

### C. The Second and Third Causes of Action Under the First Amendment's Free Exercise of Religion Clause Fail to State a Cause of Action Against the State Defendants

1. The FAQs do not substantially burden religion.

Plaintiffs rely on Escondido's statements at the August 30, 2023 hearing that *it* believed the FAQs were binding. Opp., pp. 11-12. Yet at that hearing -- in this action for forward-looking relief only as to the State Defendants -- the state Defendants confirmed that in their view the FAQs are non-binding and explained that while school districts are bound by the text of the statutes mentioned in the FAQs, they are not bound by the guidance in the FAQs as to how to apply those statutes in particular circumstances. Plaintiffs further rely on the fact that in another case, the Attorney General had mentioned the FAQs in a separate lawsuit against a different school district. Dkt. 42, pp. 31-32. Yet as this court acknowledged, the state Defendants did not bring the separate lawsuit referenced, and the Attorney General in that separate lawsuit did not allege that the school district in question was required to follow the FAQs. There is no substantial burden where the contested action is non-coercive. See *American Family Association v. City and County of San Francisco*, 277 F.3d 1114, 1123-1124 (9th Cir. 2002) (Board of Supervisors' resolution urging TV stations not to run anti-gay ads did not substantially burden religious groups' free exercise of religion where the resolution).

2. The FAQs are neutral and generally applicable, and thus subject to rational basis review.

Even if FAQs 6 and 7 somehow substantially burden Plaintiffs' exercise of religion, they are neutral and generally applicable.

---

[2] Courts have even described the government's interest in protecting LGBTQ persons from discrimination as compelling. See, e.g., *National Institute of Family and Life Advocates v. Becerra*, 138 S. Ct. 2361, 2371 (2018) (government has compelling interest in preventing misgendering of LGBTQ residents in long term care); *Doe v. Boyertown Area Sch. Dist.*, 897 F.3d at 529 (school district had compelling interest in protecting transgender students from discrimination).

### a. The FAQs are neutral.

Plaintiffs do not directly address State Defendants' argument that the FAQs are neutral, instead focusing on the general applicability concept. (Opp., pp. 13-14.) Plaintiffs do not rebut that the FAQs were neither aimed at religion nor driven by the Plaintiffs' religious beliefs. See *Bates v. Pakseresht*, 2023 WL 7546002 at *7 (D. Or.). As the court stated in *Bates*, persons may have non-LBGTQ-affirming views that are not based on religion, and religious persons may have neutral or pro-LGBTQ-affirming views. *Id.* at *9. A rule regarding nondisclosure of gender identity would not endorse a secular viewpoint over a religious viewpoint. *Id.*

### b. The FAQs are generally applicable.

Plaintiffs fail to effectively rebut the State Defendants' argument that the FAQs are generally applicable. Plaintiffs rely on two aspects of Escondido's policy that are not applicable to the FAQs. Opp., p. 13. On the free exercise of religion claims as to Escondido, the court found that Escondido's policy was not generally applicable because (1) training on the policy was provided only to full-time teachers but not instructional aides, substitute teachers, office staff or non-teaching administrators (Second Cause of Action) and (2) teachers could be exempt from discipline for communicating a student's gender identity to a parent without consent if it was determined on a case-by-case basis that there was a legitimate need to do so (Third Cause of Action). Dkt. 42, pp. 26-27. Plaintiffs do not (and cannot) make similar allegations as to the FAQs. This is because, with respect to the Second Cause of Action, the FAQs do not limit the staff members as to whom the guidance may be considered, and with respect to the Third Cause of Action, the FAQs do not address teacher discipline.

Plaintiffs fail to rebut State Defendants' argument (Motion, Dkt. 53-1, pp. 12-13) that the FAQs do not establish exceptions. Further, Plaintiffs do not and cannot allege that the State Defendants have "applied" the FAQs in such a way as to grant exceptions for non-religious reasons but deny them for religious reasons. In fact, Plaintiffs do not and cannot allege that the State Defendants have "applied" the FAQs at all, given that

the FAQs are simply non-binding guidance for the school districts that directly serve students. Plaintiffs cite *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist.*, 82 F.4th 664, 687-688 (9th Cir. 2023) (en banc), (Opp. p. 14), but that case does not apply here. In *Fellowship*, the school district revoked a Christian student club's status because it required members to affirm that they disapproved of gay marriage. The school district applied certain exceptions to its non-discrimination policy, but denied an exception based on religious beliefs. Here, there is no dispute that the State Defendants have not established, granted or denied any exceptions to the FAQs.

### c. The FAQs survive rational basis review.

For the reasons stated above, Plaintiffs' argument that strict scrutiny applies (Opp., pp. 13-14) must be rejected, and rational basis review applies. Plaintiffs do not contest that the FAQs survive rational basis review.

### D. The Fourth Cause of Action for Declaratory Relief Fails to State a Claim

Plaintiffs fail to effectively rebut State Defendants' argument that declaratory relief is a remedy, not an independent cause of action. Plaintiffs point out correctly that a request for declaratory relief alone does not confer jurisdiction. See, e.g., *Martinez v. Newsom*, 46 F.4th 965, 972-973 (9th Cir 2022), *cert. denied*, 143 S. Ct. 1782 (2023). (Opp., p. 15). But courts have gone beyond that to confirm that even where there are other causes of action that confer jurisdiction, a request for declaratory relief is a remedy, not a cause of action, and if it belongs in the complaint at all, it belongs in the prayer for relief section. *Rosenfeld v. JP Morgan Chase Bank*, N.A. 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010). Plaintiffs cite North *County Communications Corp. v. Verizon Global Networks Inc.*, 685 F. Supp. 2d 1112, 1123 (S.D. Cal. 2010) (Opp., p. 16), which allowed a declaratory relief claim where there were other causes of action. However, *Rosenfeld* has the better view because it is more consistent with the greater body of case law distinguishing remedies from causes of action. See *Jensen v. Quality Loan Services Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (prayer can seek injunctive relief related to a substantive claim, but it is a remedy rather than a cause of

action, such that "[A] separately pled claim or cause of action for injunctive relief is inappropriate.").

Here, the prayer for relief in the Complaint seeks as a remedy a declaration that the FAQs violate the First Amendment. Dkt. 1, p. 64. There is no basis for there to be a Fourth Cause of Action for declaratory relief.

### E. Plaintiffs' Request for Sanctions is Unfounded

The request is substantively improper for the reasons discussed in Section II.A. above. Plaintiffs have not met the heavy burden to show that sanctions are warranted under any theory. This is not a motion for reconsideration, nor does the law of the case preclude this motion. A Rule 12(b)(6) defense in a Rule 12(c) motion is proper, and -- other than having rejected the State Defendants' Eleventh Amendment defense -- the court has not previously ruled on whether Plaintiffs have sufficiently pled claims against the State Defendants. This is a proper (and meritorious) Rule 12(c) motion, as permitted by Fed. R. Civ. P. 12(h)(2)(B).

### III.   CONCLUSION

For the above reasons, the State Defendants respectfully request that the court grant judgment in their favor on all claims against them, pursuant to Rule 12(c).

Dated: December 29, 2023                    Respectfully submitted,

                                By:   /s/ Len Garfinkel
                                      LEN GARFINKEL
                                      General Counsel
                                      Attorney for State-level Defendants