1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9         **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ELIZABETH MIRABELLI, an                    Case No.:  23-cv-00768-BEN-VET
    individual, and LORI ANN WEST, and
12  individual,                                **ORDER GRANTING DEFENDANTS'**
                                               **REQUEST TO CONTINUE THE**
13                        Plaintiffs,          **EARLY NEUTRAL EVALUATION**
                                               **CONFERENCE**
14  v.

15  MARK OLSON, in his official capacity as
16  President of the EUSD Board of
    Education, et al.,
17
18                        Defendants.
19

20          Before the Court is a Joint Motion Regarding Defendants' Request to Continue the

21  Early Neutral Evaluation Conference (the "Joint Motion"). Doc. No. 92. On January 29,

22  2024, Plaintiffs filed an amended complaint that added Gavin Newsom and Rob Bonta as

23  defendants. Doc. No. 80. Plaintiffs served Defendants Newsom and Bonta with a summons

24  and the amended complaint on February 2, 2024. Doc. No. 82. In the Joint Motion,

25  Defendants Newsom and Bonta argue there is good cause to continue the Early Neutral

26  Evaluation ("ENE") due to their recent addition to the case. Doc. No. 92 at 3. They assert

27  there has not been sufficient opportunity to file a responsive pleading and additional time

28  is necessary to consider factors that would facilitate settlement discussions. *Id.*

1

Defendants Newsom and Bonta note that other Defendants do not oppose their request and that the ENE was previously continued at the request of other parties and prior to their addition to this suit. *Id.* Plaintiffs defer to the Court regarding a continuance but seek "to move this case forward and believe holding the ENE as scheduled may be appropriate." *Id.* at 4. Defendants Newsom and Bonta request the Court schedule the ENE within 45 days of filing answers. *Id.* at 5.

Based on a review of the Joint Motion and the record, and good cause appearing, Defendants' request to continue the ENE is **GRANTED**. The parties are advised that any further continuances are strongly disfavored absent additional supporting facts.

The Court **ORDERS** the following:

1.    Counsel and party representatives must appear for an Early Neutral Evaluation Conference ("ENE") in this case on **April 12, 2024** at **10:00 a.m.** before Magistrate Judge Valerie E. Torres. In the event the case does not settle during the ENE, the Court will hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b) immediately following the conclusion of the ENE.

2.    **Review of Chamber Rules**

Counsel must review the Court's Civil Local Rules and the Chambers Rules of the assigned District Judge and Magistrate Judge, all of which are available at www.casd.uscourts.gov.

3.    **Purpose of the ENE**

The ENE is an opportunity for the parties to reach an early resolution of the case. Counsel should have a command of the facts and applicable law, and the parties must be prepared to engage in good faith settlement discussions, including a detailed discussion of the merits of their respective cases. ***All discussions during the ENE are informal, off the record, privileged, and confidential.*** Counsel for any non-English speaking party is responsible for providing an interpreter at the ENE.

### 4.   **Full Settlement Authority Required**

Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and counsel with primary responsibility for the case must participate in the ENE.[1] This appearance must be made with full and complete authority to make settlement decisions.[2] A party appearing at the ENE without full and complete settlement authority will be in violation of this directive. Any deviation from this directive requires prior Court approval.

In the case of a public/private corporation, partnership, association, or other entity, an authorized representative (*i.e.*, not outside counsel) must be present with authority to bind the entity and settle the case up to the plaintiff's prayer for damages (excluding punitive damage prayers). This requirement ensures representatives present have authority to settle the case at the ENE without seeking further approval. Counsel for a government entity is excused from this requirement if the government attorney who participates in the ENE (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[1]   The attendance requirement includes parties that are indemnified by others.

[2]   Full authority to settle means that the individuals at the ENE are authorized to fully explore settlement options and agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may change during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

3

5.    **Procedure for Zoom Videoconference**[3]

The Court will hold the ENE and CMC via Zoom video conferencing.[4] No less than two (2) business days prior to the ENE, the Court will email counsel an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided.[5]

Each participant should plan to join the Zoom video conference ***at least five (5) minutes before*** the start of the ENE. Following brief introductions, the Court will divide participants into Zoom "Breakout Rooms" to facilitate separate and confidential communications between the Court and parties.[6] Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

Counsel is responsible for ensuring their clients are able to participate in the ENE. All participants must display the same level of professionalism and attention during the ENE as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted). Participants are encouraged to use laptops or desktop computers for the Zoom video conference, if possible, as mobile devices often offer inferior

---

[3]   Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to install Zoom, create an account using Zoom's cost-free option, and familiarize themselves with Zoom prior to the ENE. For assistance with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[4]   Counsel may request the ENE and CMC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[5]   Note that upon clicking the meeting hyperlink, Zoom will prompt participants to download and install Zoom if not already installed on their computer/device.

[6]   For more information on what to expect when participating in a Zoom Breakout Room, visit https://support.zoom.us/hc/en-us/articles/115005769646.

performance. Because Zoom quickly depletes the battery of mobile devices, each participant should have necessary charging equipment readily available during the video conference.

If the case does not settle during the ENE, the Court will hold the CMC with counsel immediately following the ENE.

6.    **Confidential ENE Statements Required**

No later than **April 5, 2024**, each party must ***lodge a confidential ENE Statement*** by e-mail to the Court at efile_torres@casd.uscourts.gov.[7] Parties are not required to lodge a confidential ENE statement if they have already done so pursuant to a prior Court order. However, parties may supplement and amend a prior ENE statement as necessary by no later than April 5, 2024. Confidential ENE Statements must not exceed seven (7) pages, excluding exhibits. If exhibits are attached, the parties are encouraged to highlight the relevant portions.

Confidential ENE Statements must include:

A.    A brief description of the case, including the causes of action and defenses asserted;

B.    The party's position on liability and damages supported by relevant facts and controlling legal authority;

C.    The party's settlement position. ***For plaintiff(s)***, a specific and current settlement demand addressing all relief sought, and the specific basis for that relief; ***for defendant(s)***, a specific and current offer and the basis for that offer (***Note***: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific demand or offer for settlement cannot be made at the ENE, specify the reasons

---

[7]    The Court does not require ENE Statements to be served on other parties; however, the parties may elect to share their ENE Statements at their discretion. ***These statements are not to be filed on the CM/ECF system.***

23-cv-00768-BEN-VET

why and explain what additional information is required to make a settlement demand or offer);

D.    A brief description of any previous settlement negotiations or mediation efforts;

E.    If appropriate for the case, an attached chronology of key events, noting the date, event, and any relevant supporting exhibit (if the event is documented by an attached exhibit). The attached chronology does not count against the seven-page limit for ENE Statements;

F.    **For government entities**, a brief description of any settlement approval process required by applicable law or policy; and

G.    The following participant information: (i) **name and title(s)/position(s) of each participant**, (ii) an **e-mail address for each attorney participant** to receive the Zoom video conference invitation, and (iii) a **telephone number where each attorney participant** may be reached should any technical difficulties arise prior to or during the Zoom video conference.

7.    **Settlement Prior to the ENE**

If the parties resolve the case prior to the ENE, counsel must promptly file a Joint Motion for Dismissal or a Notice of Settlement.

8.    **Case Management Conference**

If the case does not settle during the ENE, the Court will immediately proceed with the CMC. The parties are, therefore, ordered to comply with Fed. R. Civ. P. 26 and proceed with the initial disclosure process prior to the CMC as follows:

A.    Counsel must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **March 22, 2024**;

B.    Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A-D), must occur on or before **April 5, 2024**; and

C.     A Joint Discovery Plan must be filed on the CM/ECF system no later than **April 5, 2024**. The Joint Discovery Plan must be one document and address all topics identified in Fed. R. Civ. P. 26(f)(3), including the following:

    i.      Whether any parties remain to be served and a proposed deadline for service as to those parties;

    ii.      Identify counsel who attended the Fed. R. Civ. P. 26(f) conference, and the manner in which it was held (*i.e.*, in person or telephonic);

    iii.      Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26(a) and a description of the disclosures made. If not, state when the parties expect to complete initial disclosures;

    iv.      Identify any related cases by case name, case number, and court;

    v.      Identify any anticipated amendments to the pleadings, including any amendment to add parties or claims;

    vi.      Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

    vii.      Describe the proposed discovery plan, including:

        a.  The subjects on which discovery may be needed;

        b.  By name and/or title, all witnesses each party seeks to depose and a brief explanation as to why the party seeks to depose the witness;

        c.  Categories of documents each party anticipates requesting;

        d.  Any issues and agreements concerning the disclosure, discovery, and/or preservation of electronically stored information ("ESI"), including the form or forms in which ESI should be produced, and confirmation that the parties reviewed the Court's "Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information," available at https://www.casd.uscourts.gov/Judges/torres/docs/Electronically%20Stored%20Information%20Checklist.pdf;

        e.  What changes, if any, should be made to the limitations on discovery imposed under the discovery rules, including whether the parties will stipulate to any proposed changes; and

        f.  If a party objects to the scope of any anticipated discovery, the party must articulate a specific legal basis for those objections;

7

viii.   Whether discovery should be conducted in phases or focused on certain issues (*e.g.*, deposition of a particular party, exchange of certain key evidence, etc.), and whether such an approach will assist with early resolution of the case;

ix.   Describe any issues that implicate expert evidence, including whether counsel anticipates any issues under *Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579 (1993);

x.   Describe all prior and pending motions, their current status, and any anticipated motions, including whether any threshold legal issues may be resolved by summary judgment or partial summary judgment;

xi.   Describe the procedure the parties plan to use regarding claims of privilege;

xii.   If a class action, describe any class-action issues, including a proposal for how and when the class will be certified;

xiii.   Whether the case will be tried to a jury or to the court and the expected length of the trial;

xiv.   Confirmation that all attorneys identified in the parties' pleadings reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct;

xv.   Such other matters as may facilitate the just, speedy, and inexpensive disposition of the case, including identifying any discovery that deserves the special attention of the Court at the CMC; and

xvi.   A proposed schedule for:

a.  the filing of motions to amend pleadings and/or add parties;

b.  the completion of fact and expert witness discovery;

c.  the designation and supplemental designation of expert witnesses;

d.  the service of expert witness reports and rebuttal expert witness reports;

e.  the date by which all motions, including dispositive motions, shall be filed;

f.  a date for a Settlement Conference; and

g.  a date for a Pretrial Conference before the assigned District Judge.

9.   **New Parties Must Be Notified by Counsel for Plaintiff(s)**

Counsel for Plaintiff(s) must give notice of the ENE and CMC and provide a copy of this Order to parties responding to the operative complaint after the date of this Order.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated:  February 21, 2024

Honorable Valerie E. Torres
United States Magistrate Judge

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this Court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States Court of Appeals like any other judgment of this Court. A magistrate judge may exercise this authority only if all parties voluntarily consent. *See* Form 1A – "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available in the Clerk's Office. You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case. Counsel for the plaintiff(s) is responsible for obtaining the consent of all parties, should they desire to consent.