1  ROB BONTA
   Attorney General of California
2  DARRELL W. SPENCE
   Supervising Deputy Attorney General
3  KEVIN L. QUADE
   Deputy Attorney General
4  EMMANUELLE S. SOICHET
   Deputy Attorney General
5  State Bar No. 290754
     455 Golden Gate Avenue, Suite 11000
6    San Francisco, CA  94102-7004
     Telephone:  (415) 510-4426
7    Fax:  (415) 703-5843
     E-mail:  Emmanuelle.Soichet@doj.ca.gov
8  *Attorneys for Defendant*
   *Governor Gavin Newsom*
9
                 IN THE UNITED STATES DISTRICT COURT
10
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11

12

13

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,** | 3:23-cv-0768-BEN-VET |
| Plaintiffs, | **GOVERNOR NEWSOM'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| **v.** | |
| **MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,** | Date:      April 1, 2024<br>Time:      10:30 a.m.<br>Dept:      5A<br>Judge:    The Honorable Roger T. Benitez |
| Defendants. | Action Filed:      4/27/2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

        PLEASE TAKE NOTICE that on April 1, 2024, at 10:30 a.m. at the United

States District Court, Southern District of California, Edward J. Schwartz United

States Courthouse, 221 West Broadway, San Diego, California 92101, Courtroom

5A, 5th floor, defendant Governor Gavin Newsom will and does hereby move to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) on the grounds that this court lacks subject matter jurisdiction.  This motion is made following the conference of counsel that took place on February 15, 2024.

The motion is based upon the Notice, the Memorandum of Points and Authorities, the pleadings and papers filed herein, and any argument the Court may hear.


Dated:  February 23, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
KEVIN QUADE
Deputy Attorney General


/s/ Emmanuelle S. Soichet
EMMANUELLE S. SOICHET
Deputy Attorney General
*Attorneys for Def. Governor Newsom*

# TABLE OF CONTENTS

**Page**

Introduction ..................................................................................................... 1

Background ...................................................................................................... 2

    I.    Factual Background ...................................................................... 2

    II.   Procedural Background ................................................................. 3

Legal Standard ................................................................................................ 5

Argument ........................................................................................................ 5

    I.    Governor Newsom Should be Dismissed as a Defendant
         Because He Enjoys Eleventh Amendment Immunity from Suit ......... 5

    II.   Plaintiffs Have Not Identified Any Injury Traceable to Governor
         Newsom and Thus Cannot Establish Standing Required to Sue
         The Governor ............................................................................ 10

Conclusion .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Agric. Water v. Occidental Oil & Gas Corp.*
235 F. Supp. 3d 1132 (E.D. Cal. 2017) ................................................. 8

*Am. Nurses Assn. v. Torlakson*
57 Cal. 4th 570 (2013) ........................................................................ 7

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
729 F.3d 937 (9th Cir. 2013) .............................................................. 7

*Association of American Physicians & Surgeons, Inc. v. Brown*
No. 2:16-CV-02441-MC, 2018 WL 1535531 (E.D. Cal., Mar. 29,
2018) ................................................................................................. 8

*B&L Prods., Inc. v. Newsom*
No. 21-CV-01718-AJB-KSC, 2022 WL 3567064 (S.D. Cal. Aug.
18, 2022) ........................................................................................... 7

*Bolbol v. Brown*
120 F. Supp. 3d 1010 (N.D. Cal. 2015) ............................................... 8

*Buffin v. City & Cnty. of San Francisco*
No. 15-CV-04959-YGR, 2016 WL 6025486 (N.D. Cal. Oct. 14,
2016) ................................................................................................. 9

*Coachella Valley Unified Sch. Dist. v. State of Cal.*
176 Cal. App. 4th 93 (2009) .............................................................. 10

*Coal. to Defend Affirmative Action v. Brown*
674 F.3d 1128 (9th Cir. 2012) ......................................................... 5, 9

*Holmes v. Estock*
No. 316CV02458MMABLM, 2018 WL 5840043 (S.D. Cal. Nov.
8, 2018) ............................................................................................. 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994) ........................................................................... 5

# TABLE OF AUTHORITIES
## (continued)

Page

*Lacambra v. City of Orange*
 No. 818-CV-00960, 2019 WL 1454365 (C.D. Cal. Apr. 1, 2019) ..................... 8

*LSO, Ltd. v. Stroh*
 205 F.3d 1146 (9th Cir. 2000) ........................................................................... 11

*Lujan v. Defenders of Wildlife*
 504 U.S. 555 (1992) .......................................................................... 10, 11, 12

*Mitchell v. Brown*
 No. 214-CV-2994, 2015 WL 13658066 ............................................................ 8

*Nat'l Audubon Soc'y, Inc. v. Davis*
 307 F.3d 835 (9th Cir. 2002) ....................................................................... 5, 6, 8

*Nichols v. Brown*
 859 F.Supp.2d 1118 (C.D. Cal. 2012) ............................................................... 7

*Pharm. Rsch. & Manufacturers of Am. v. Brown*
 No. 217-CV-02573, 2018 WL 4144417 (E.D. Cal. Aug. 30, 2018) ................... 8

*Pickup v. Brown*
 No. 2:12-CV-02497-KJM, 2015 WL 5522265 (E.D. Cal. Sept. 16,
 2015) .................................................................................................................. 8

*Russel v. Arnold*
 No. 2:17-CV-1918, 2019 WL 2355385 (E.D. Cal. June 4, 2019) ..................... 8

*S.B. by & through Kristina B. v. Cal. Dep't of Educ.*
 327 F. Supp. 3d 1218 (E.D. Cal. 2018) ............................................................. 8

*Snoeck v. Brussa*
 153 F.3d 984 (9th Cir. 1998) ............................................................................. 6

*Southern Pac. Transp. Co. v. Brown*
 651 F.2d 613 (9th Cir. 1980) ............................................................................. 6

*State Bd. of Educ. v. Honig*
 13 Cal. App. 4th 720 (1993) .............................................................................. 9

iii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Tandon v. Newsom*
  141 S. Ct. 1294 (2021) ....................................................................... 1

*Valley Forge Christian Coll. v. Ams. United for Separation of Church*
  *& State*
  454 U.S. 464 (1982) ......................................................................... 10

*Vergara v. State of California*
  246 Cal. App. 4th 619 (2006) ......................................................... 9, 10

*Virginia House of Delegates v. Bethune-Hill*
  139 S. Ct. 1945 (2019) .................................................................... 10

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136 (9th Cir. 2003) ............................................................ 5

*Wash. Env't Council v. Bellon*
  732 F.3d 1131 (9th Cir. 2013) ..................................................... 10, 11

*Ex parte Young*
  209 U.S. 123 (1908) ........................................................................... 5

**STATUTES**

California Education Code
  §§ 33110-33133.5 .............................................................................. 9
  § 33301 ............................................................................................. 9
  § 33308.5 ........................................................................................... 7
  §§ 35160-35166 ............................................................................... 12

California Government Code §§ 12010-12019 ...................................... 12

**CONSTITUTIONAL PROVISIONS**

First Amendment ...................................................................................... 3

Eleventh Amendment ...................................................................... *passim*

**COURT RULES**

Rule 12(b)(1).............................................................................................. 5

iv

# TABLE OF AUTHORITIES
### (continued)

**Page**

**OTHER AUTHORITIES**

California Constitution Article V, § 1 .................................................................9, 12

Def. Gov. Newsom's Mot. to Dismiss FAC (3:23-cv-0768-BEN-VET)

**INTRODUCTION**

This case involves a dispute between the Escondido Union School District (EUSD) and two of its teachers, Plaintiffs Elizabeth Mirabelli and Lori Ann West, over a local district policy.  Plaintiffs have expressly alleged that no California law required EUSD to adopt the local policy that they challenge, and thus Plaintiffs do not challenge any state law in their lawsuit.  Nonetheless, at the Court's direction, they have now amended their complaint to add Governor Gavin Newsom as a stand-in for the State of California.  But the Governor has no involvement in their dispute with EUSD.  He was not involved in adopting or enforcing the challenged policy and has no direct responsibility for enforcing any state law that EUSD alone argues mandated its policy.  Nor does he have direct authority over the school district, which is governed by a locally elected school board; much less does he "control" other elected statewide officers.  The Governor simply does not belong in this case.  Plaintiffs' amended pleading reinforces this fact: the Governor's name is referenced only four times—once in the caption, twice in the section listing parties (stating he is the Governor and is sued in his official capacity), and once in a citation to an unrelated U.S. Supreme Court case, *Tandon v. Newsom*, 141 S. Ct. 1294, 1296 (2021).

The Governor now moves to dismiss the first amended complaint on the basis that Plaintiffs' claims against him are barred by Eleventh Amendment sovereign immunity, which prohibits suit against state officers absent a direct connection to the challenged law.  Plaintiffs have expressly disavowed that any state law required EUSD's policy and have failed to identify any state law in this case to which the Governor has a direct connection.  Plaintiffs' contention that the Governor's general duty to enforce state law is a basis to name him as a defendant is foreclosed by controlling the Ninth Circuit precedent: the Ninth Circuit and California district courts have repeatedly held that—even in cases where a specific state law *is*

1

challenged—this general duty is not enough to overcome Eleventh Amendment immunity and haul the Governor into court.

In addition, Plaintiffs have failed to meet the constitutional requirements for standing to bring suit against the Governor. They have alleged no injury traceable to the Governor, who had no involvement in the policy and who has no connection to any alleged enforcement of state laws impacting EUSD. By the same token, because the Governor has no involvement or direct authority relevant to this dispute, no relief against him would redress the alleged injuries involved.

For these reasons, the Court should grant the motion and dismiss all claims against Governor Newsom.

## BACKGROUND

### I.  FACTUAL BACKGROUND

Plaintiffs Elizabeth Mirabelli and Lori Ann West (Plaintiffs) are middle school teachers in the Escondido Union School District (EUSD). ECF No. 80 (First Amended Complaint or FAC) at ¶¶ 20-21. In August 2020, EUSD administrators adopted a district policy regarding discrimination on the basis of gender identity. *Id.* ¶¶ 118-119. That policy, known as AR 5145.3, requires all EUSD staff to use gender non-conforming students' preferred pronouns and names. *Id.* ¶ 119; *see* FAC, Ex. 3 (Policy). It also, among other requirements, prohibits staff from disclosing a gender non-conforming student's status "to individuals who do not have a legitimate need for the information" without the student's consent. *Id.* ¶ 132, Ex. 3 at 5 (EUSD "shall only disclose the information to others with the student's prior consent, except when the disclosure is otherwise required by law or when the district has compelling evidence that disclosure is necessary to preserve the student's physical or mental well-being."); Ex. 4 at 7.

Mirabelli and West allege a common religious belief that "God immutably creates each person as male or female" and that "rejection of one's biological sex is a rejection of the image of God within that person." *Id.* at ¶¶ 96, 104. They "also

believe that they cannot affirm as true those ideas and concepts that they believe are not true, nor can they aid and abet the deception of others." *Id.* at ¶ 97. They also share a religious belief "that the parent-child relationship was ordained by God and that parents have the ultimate right and responsibility to care for and guide their children." *Id.* at ¶¶ 83, 92.

After the Policy was announced, Mirabelli and West requested a religious accommodation from EUSD regarding (1) the Policy's requirement that they use students' preferred names and pronouns, and (2) the prohibition on disclosure of this information to the students' parents or guardians. *Id.* at ¶¶ 135, 180-187. EUSD and Plaintiffs then began a religious accommodation process that included multiple meetings and follow-up communications between Mirabelli, West, their lawyers, a mediator, and EUSD staff and counsel. *Id.* at ¶¶ 189-191, 202-208. Ultimately, EUSD and Plaintiffs agreed to an accommodation on Plaintiffs' request regarding use of students' preferred names and pronouns. *Id.* at ¶ 210. But they did not reach an agreement on an accommodation regarding disclosure of students' gender non-conforming status to parents. *Id.* at ¶¶ 211, 218.

## II.  PROCEDURAL BACKGROUND

In April 2023, Plaintiffs filed suit against various EUSD defendants, the California Department of Education, the California Superintendent of Public Instruction, and members of the California State Board of Education. ECF No 1 at ¶¶ 23-46. Plaintiffs' complaint alleged that the Policy violates Plaintiffs' First Amendment rights to free speech and free exercise. *Id.* at ¶¶ 217-280. Plaintiffs also sought a declaration that the "conclusions" in a "Frequently Asked Questions" guidance webpage posted by the California Department of Education (and referred to as the "FAQ page") "violate the U.S. Constitution." *See id.* at ¶¶ 189, 285. The complaint did not specify which Constitutional provision the FAQ page violated. *Id.* at ¶ 285.

In September 2023, the Court granted Plaintiffs' motion for preliminary injunction and denied motions to dismiss filed by the defendants.  ECF No. 42.  The California Department of Education then filed a motion for judgment on the pleadings.  ECF No. 53.

Following a hearing on that motion held on January 8, 2024, the Court ordered Plaintiffs to add "the Attorney General and the State of California."  ECF No. 72. Plaintiffs then requested clarification of that order, acknowledging that sovereign immunity prevented the addition of the State, and also seeking to expand their free speech and free exercise claims to include a new challenge to the FAQ page and an accompanying legal advisory.  *See* ECF No. 77, Ex. A (proposed FAC) at ¶¶ 265, 266, 268-270, 271-273, 283, 285-293, 296, 301, 305-313 (expanding the causes of action).  The Court ultimately rejected Plaintiffs' request to expand their claims to challenge the FAQ page and legal advisory, but granted Plaintiffs' request to amend the complaint to add Governor Gavin Newsom in lieu of the State.  ECF No. 79.

On January 29, 2024, Plaintiffs filed their first amended complaint, adding Attorney General Bonta and Governor Newsom as defendants, and stating the same claims that were asserted in the original complaint.[1]  ECF No. 80 (First Amended Complaint or FAC).

The Governor is mentioned just four times by name in the amended complaint, including once in the caption and once in a citation to an unrelated Supreme Court case.  *See* FAC ¶ 276.  No specific action of his is alleged, even once in the complaint.  Rather, Plaintiffs allege simply that the Governor—based on his title— serves as the "supreme executive power of the State" and has a general obligation under the State Constitution to "see that the law is faithfully executed."  FAC ¶¶ 35, 220 (quoting Cal. Const. art. V, § 1).  Similarly, they allege, without support, that

---

[1] Attorney General Bonta is filing a separate motion to dismiss the claims against him.

he "has ultimate responsibility for overseeing the State's education system." FAC ¶ 246.

In addition, Plaintiffs repeatedly allege that the challenged Policy is a locally adopted policy "*not* required by any provision in California law," including by the FAQ page, which is nonbinding guidance that does not have the effect of law. FAC ¶¶ 131, 192, 219 (emphasis in original), 222. As such, Plaintiffs state unequivocally that they "do not contend that any provision of California law . . . violates the U.S. Constitution." *Id.* at ¶ 219. Rather, they expressly state, "[t]his lawsuit concerns solely whether EUSD's own Parental Exclusion Policies violate the Constitution." *Id.*

## LEGAL STANDARD

The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or based upon extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

## ARGUMENT

### I. GOVERNOR NEWSOM SHOULD BE DISMISSED AS A DEFENDANT BECAUSE HE ENJOYS ELEVENTH AMENDMENT IMMUNITY FROM SUIT

Governor Newsom should be dismissed from the suit under the Eleventh Amendment because he does not have any direct connection to or responsibility for enforcement of any policy or law challenged in this lawsuit.

The Eleventh Amendment generally bars federal lawsuits brought against a state. "It does not, however, bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). For the *Ex parte Young* exception to apply, the official must have "some connection" with

5

1    enforcement of the challenged act.  *Ex parte Young*, 209 U.S. at 157; *Nat'l*

2    *Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (finding action for

3    injunctive and declaratory relief against California Governor and Secretary of

4    Resources barred by Eleventh Amendment "as there is no showing that they have

5    the requisite enforcement connection" to challenged ballot proposition).  Without

6    such a connection, suit against an official "would be equivalent to suit against the

7    state and would violate the Eleventh Amendment."  *Southern Pac. Transp. Co. v.*

8    *Brown,* 651 F.2d 613, 615 (9th Cir. 1980).

9         The nexus required to overcome Eleventh Amendment immunity "must be

10   fairly direct; a generalized duty to enforce state law or general supervisory power

11   over the persons responsible for enforcing the challenged provision will not subject

12   an official to suit."  *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting

13   *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)).  The

14   relevant inquiry then is "whether a named state official has direct authority and

15   practical ability to enforce the challenged statute."  *Nat'l Audubon Soc'y*, 307 F.3d

16   at 846.

17        Plaintiffs have failed to allege any factual connection between the Governor

18   and a law challenged in this lawsuit, much less have they established the "direct"

19   connection required to overcome Eleventh Amendment immunity.

20        Simply put, Plaintiffs challenge only EUSD's Policy, which is not required by

21   any California law.  *See* FAC ¶¶ 219 ("As stated above, it is clear that EUSD's

22   Parental Exclusion Policy, as documented in AR 5145.3, is not required by any

23   provision in California law"), 247, 283.  As such, Plaintiffs have made clear that

24   they do not challenge any state law in the lawsuit—much less one that the Governor

25   is responsible for enforcing.  *See id.* ¶ 219.  This alone should be enough to dismiss

26   the Governor from suit.

27        Nor can the California Department of Education's FAQ guidance provide the

28   "direct connection" to the Governor here to overcome Eleventh Amendment

immunity.  First, the California Department of Education issued the FAQ guidance, not the Governor.  And Plaintiffs have not alleged that the Governor had authority over or otherwise played a role in crafting the FAQ guidance (nor could they plausibly do so, given the Department's constitutional and statutory independence explained in more detail below).  Second, EUSD's local Policy is not required by the FAQ guidance, which is non-binding as a matter of undisputed state law.  *See* Cal. Educ. Code § 33308.5 (all Department of Education guidance is non-binding); FAC ¶¶ 131, 192, 221 ("This type of Legal Advisory or FAQ page is not a formal agency interpretation subject to any judicial deference. *See Am. Nurses Assn. v. Torlakson*, 57 Cal. 4th 570, 588 (2013)"); *see also* ECF No. 53 at 10 (motion to dismiss by State Board of Education and California Department of Education stating that the FAQs are non-binding and "do not require Plaintiffs or EUSD to do anything").  As a result, Plaintiffs have not alleged—nor could they—that the Governor has any authority or direct role in enforcing this nonbinding guidance such that he could be open to suit in this matter.

Instead of tying the Governor to a particular law at issue in this case, Plaintiffs attempt to bring him into court simply because he is the Governor.  Specifically, they highlight the Governor's role as the "supreme executive power of the State" and his general obligation under the State Constitution to "see that the law is faithfully executed."  FAC ¶¶ 35, 220 (quoting Cal. Const. art. V, § 1).  But the Ninth Circuit and other California district courts have repeatedly held this generalized duty to enforce California law is insufficient to overcome Eleventh Amendment immunity.  *See*, *e.g.*, *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (holding governor was entitled to Eleventh Amendment immunity in suit "because his only connection to [the challenged statute] is his general duty to enforce California law"); *Nichols v. Brown*, 859 F.Supp.2d 1118, 1132 (C.D. Cal. 2012) (finding allegation that "[t]he Governor has the supreme executive power in the State and is responsible for the

7

faithful execution of the laws of the State of California" is an insufficient, generalized connection); *B&L Prods., Inc. v. Newsom*, No. 21-CV-01718-AJB-KSC, 2022 WL 3567064, at *5 (S.D. Cal. Aug. 18, 2022) (allegation that governor must 'see the law is faithfully executed' and thus is 'ultimately responsible for enforcement of the law' is insufficient to overcome Eleventh Amendment immunity).  Plaintiffs' allegations in the FAC regarding the Governor's duties are indistinguishable from the insufficient allegations in those cases, which—in contrast here—at least challenged state law.[2]

Similarly, to the extent Plaintiffs rely on the Governor's "supervision and control" over other state officials to create the necessary nexus with the laws challenged, such allegations are plainly false and, even if true, would be insufficient to overcome Eleventh Amendment immunity.  *See* FAC ¶ 246 (alleging Defendants

_____

[2] *See also Davis*, 307 F.3d at 847; *S.B. by & through Kristina B. v. Cal. Dep't of Educ.*, 327 F. Supp. 3d 1218, 1236 (E.D. Cal. 2018) (holding the governor enjoyed immunity because he "has no alleged factual connection to the enforcement of the California Education Code, other than a general duty to enforce California law as the governor"); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1162 (E.D. Cal. 2017); *Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1018 (N.D. Cal. 2015) (holding allegation that governor was responsible for "ensur[ing] that laws of the State are properly enforced" was insufficient to overcome Eleventh Amendment immunity); *Russel v. Arnold*, No. 2:17-CV-1918, 2019 WL 2355385, at *4 (E.D. Cal. June 4, 2019) (holding governor enjoys immunity because "Plaintiff only alleges a generalized role in promulgating a law, which is barred by the Eleventh Amendment"); *Lacambra v. City of Orange*, No. 818-CV-00960, 2019 WL 1454365, at *7 (C.D. Cal. Apr. 1, 2019) (same); *Holmes v. Estock*, No. 316CV02458MMABLM, 2018 WL 5840043, at *5 (S.D. Cal. Nov. 8, 2018) (dismissing governor as a defendant because he had "no alleged factual connection to the enforcement of [the] regulations or the administration of the prison healthcare system, other than a general duty to enforce California law as the governor"); *Pharm. Rsch. & Manufacturers of Am. v. Brown*, No. 217-CV-02573, 2018 WL 4144417, at *4 (E.D. Cal. Aug. 30, 2018); *Mitchell v. Brown*, No. 214-CV-2994, 2015 WL 13658066, at *2 (E.D. Cal. Oct. 14, 2015 (holding governor's "general duty to enforce California law" . . . "is an insufficient connection to the enforcement of this law to overcome the bar of sovereign immunity"); *Pickup v. Brown*, No. 2:12-CV-02497-KJM, 2015 WL 5522265, at *4 (E.D. Cal. Sept. 16, 2015) (holding governor is entitled to immunity "[w]here his only connection to the statute is his general duty to enforce California law"); *Association of American Physicians & Surgeons, Inc. v. Brown*, No. 2:16-CV-02441-MC, 2018 WL 1535531, at *4 (E.D. Cal., Mar. 29, 2018) (despite allegation that governor was "the chief executive of California having the ultimate responsibility for enforcing" challenged statute, court found "Governor is simply too attenuated as an actor to be considered to have enforcement duties with regard to [the statute]").

8

State Board of Education, the California Department of Education, the State Superintendent of Public Instruction, and the Attorney General all "operat[e] under the supervision and control of the Governor").  Notably, Defendants Superintendent of Public Instruction and Attorney General are both statewide elected officers with powers granted directly by the State constitution that are independent and wholly separate from the powers of the Governor and the executive branch agencies he oversees.  *See e.g.*, Cal. Cons. Art. IX, § 2 (Superintendent is elected); art. V, § 6 (governor may not assign and reorganize functions among elective officers and agencies administered by elective officers); art. V, § 13 (Attorney General's powers); Cal Educ. Code §§ 33110-33133.5 (Superintendent's powers and duties).

It is the Superintendent of Public Instruction who is statutorily responsible for executive administration of the California Department of Education, which issued the guidance purportedly at issue in this matter.  Cal. Educ. Code § 33301 (providing that State Board of Education is responsible for policy-making functions of the Department of Education, while Superintendent of Public Instruction is responsible for executive and administrative functions); *see also* ECF 25 at 11; *State Bd. of Educ. v. Honig*, 13 Cal. App. 4th 720 (1993) (describing division of responsibilities between the State Board of Education and Superintendent of Public Instruction).  Thus, contrary to Plaintiffs' unfounded allegations, California law actually dictates that the Governor does not "control" either the Superintendent of Public Instruction or the Attorney General or their agencies' actions.

Moreover, even if these defendants were under the "supervision and control" of the Governor, it is well-established that "general supervisory power over the persons responsible" for enforcement of a law does not overcome Eleventh Amendment immunity and subject a state official to suit in federal court.  *Coal. to Defend Affirmative Action*, 674 F.3d at 1134; see, e.g., *Buffin v. City & Cnty. of San Francisco*, No. 15-CV-04959-YGR, 2016 WL 6025486, at *12 (N.D. Cal. Oct. 14, 2016).

9

Ultimately, the case law is clear on this point: the Governor cannot be hauled into federal court based on his title alone.[3]  And because Plaintiffs have failed to show the Governor has a direct connection (or any connection) to any state law at issue in this case—to the extent there even is a state law issue in this case—they cannot overcome Eleventh Amendment sovereign immunity, and the Governor should be dismissed as a defendant.

## II.   PLAINTIFFS HAVE NOT IDENTIFIED ANY INJURY TRACEABLE TO GOVERNOR NEWSOM AND THUS CANNOT ESTABLISH STANDING REQUIRED TO SUE THE GOVERNOR

Plaintiffs' claims against the Governor should also be dismissed in their entirety because Plaintiffs have failed to allege any past or future concrete injury traceable to the Governor sufficient to confer standing to sue him.

Article III of the United States Constitution confines the jurisdiction of federal courts "to the resolution of cases and controversies."  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982).  To establish standing necessary for a justiciable case or controversy, a plaintiff must demonstrate: (1) a concrete and particularized injury in fact; (2) a causal connection between the injury and defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision.  *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  To satisfy the causality element for constitutional standing, Plaintiffs must

---

[3] Plaintiffs' reliance on a California Court of Appeal decision, *Vergara v. State of California*, 246 Cal. App. 4th 619, 629 n.2 (2006), as the sole authority supporting their contention that the Governor is a proper party to litigation involving education activities, *see* FAC ¶ 220, underscores that federal court jurisdiction is lacking here.  Because *Vergara* was a state court challenge, the Eleventh Amendment was not implicated.  In any event, that case involved a "lawsuit mounting a facial challenge to five statutes of state-wide application," *Vergara*, 246 Cal. App. 4th at 629 n.2, not a policy adopted by a single local school district.  Moreover, the *Vergara* court's reasoning that the Governor was a "proper defendant" relied solely on the Governor's general duty to enforce state law, which, as shown above, is well-established to be insufficient to overcome Eleventh Amendment immunity, even it were enough to haul the Governor into state court.  *Cf. Coachella Valley Unified Sch. Dist. v. State of Cal.*, 176 Cal. App. 4th 93, 112 (2009) (noting prior decision that governor was not a proper party in education matter alleging statewide concerns).

10

show that their injury is "causally linked or fairly traceable" to the Governor's alleged misconduct. *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1142 (9th Cir. 2013). "The line of causation between the defendant's action and the plaintiff's harm must be more than attenuated." *Id.* (citations and quotes omitted). And when a plaintiff's alleged injury arises from government regulation of a third party, standing against the government actor is "substantially more difficult to establish." *Lujan*, 504 U.S. at 562.

The Governor is aware the Court has determined that Plaintiffs have alleged an actual, concrete, and particularized injury in that they requested and were partially denied a religious accommodation from the Policy adopted by EUSD. *See* FAC ¶¶ 184, 187, 189-191; 202-215; *see also* ECF No. 42 at p. 35:16-19 (Plaintiffs "are compelled to violate the parent's rights by forcing plaintiffs to conceal information they feel is critical for the welfare of their students – violating plaintiffs' religious beliefs"). But whatever injury stems from the Policy is not traceable to the Governor.

As alleged, EUSD administrators alone enacted the challenged Policy in 2020, alone provided staff trainings regarding its interpretation, and alone drafted internal Q&A guidance and implementing forms. FAC ¶¶ 118-130, 133-136, 152, 155-156. The district alone fielded complaints of Policy violations and alone negotiated with Plaintiffs over a possible religious accommodation from the Policy's requirements. *Id.* ¶¶ 120, 189-191, 202-211. Notably, Plaintiffs have not alleged that the Governor has had any involvement in EUSD's adoption or enforcement of the Policy, at any stage, whether against Plaintiffs or others.

Moreover, Plaintiffs have not alleged and cannot show that the Governor required EUSD, as a matter of state law, to adopt the allegedly injury-causing Policy. *See e.g.*, *LSO, Ltd. v. Stroh*, 205 F.3d 1146 (9th Cir. 2000) (holding plaintiff had standing to sue a state agency for injury plaintiff suffered as a result of the agency's threats to enforce the challenged state regulation against third-party

licensees).  As discussed above, Plaintiffs, the Attorney General, and the California Department of Education and State Board of Education defendants all agree that EUSD's current Policy is not required by any California law—much less one that is enforced directly by the Governor himself.  *See* FAC ¶¶ 219 ("As stated above, it is clear that EUSD's Parental Exclusion Policy, as documented in AR 5145.3, is not required by any provision in California law"), 247, 283.  In addition, while the amended complaint contains newly added allegations regarding alleged acts by the Attorney General, Plaintiffs have not alleged any involvement by the Governor, who is an independent state officer with distinct authority, duties, and executive decision-making from the Attorney General, as made clear in state law.  *See* Cal. Cons. art. V, §§ 1, 6, 13; Cal. Govt. Code §§ 12010-12019 (powers of the governor), 12510-12534 (powers of the Attorney General).

Finally, for the same reasons that Plaintiffs' injuries were not caused by the Governor, no order from this Court against the Governor could likely redress their alleged injuries.  *Lujan*, 504 U.S. at 560.  The Governor simply has no direct legal authority over EUSD—which is governed by an independent and elected school board—such that he can control its policies or even prevent it from carrying out the Court's orders in this matter.  *See e.g.*, Cal. Educ. Code §§ 35160-35166 (describing powers of local school boards in California).  And Plaintiffs have not and cannot point to any state law that the Governor currently enforces that requires EUSD to maintain the challenged policy, such that enjoining the Governor is necessary.

Ultimately, Plaintiffs' alleged injury is based on EUSD's Policy alone, which the Governor had no alleged role in adopting, enforcing, or requiring of EUSD.  Nor would relief against him have any effect in redressing Plaintiffs' injuries, since he simply has nothing to do with this dispute.  As such, Plaintiffs have not shown they have standing to sue the Governor, and the Court should dismiss him as a defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons set forth above, the Complaint should be dismissed in its
entirety without leave to amend.


Dated:  February 23, 2024                    Respectfully submitted,

                                             ROB BONTA
                                             Attorney General of California
                                             DARRELL W. SPENCE
                                             Supervising Deputy Attorney General
                                             KEVIN QUADE
                                             Deputy Attorney General



                                             /s/ Emmanuelle S. Soichet
                                             EMMANUELLE S. SOICHET
                                             Deputy Attorney General
                                             *Attorneys for Def. Governor Newsom*

SA2024300204
44073434.docx

13

# CERTIFICATE OF SERVICE

Case Name:   **Mirabelli et al. v. Olson, et al.**       No.   **3:23-cv-0768-BEN-VET**

I hereby certify that on <u>February 23, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**GOVERNOR NEWSOM'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 23, 2024</u>, at San Francisco, California.

| Monali Dholakia | /s/: Monali Dholakia |
|:---:|:---:|
| Declarant | Signature |

SA2024300204