1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Darrell W. Spence, State Bar No. 248011
   Supervising Deputy Attorney General
3  Emmanuelle S. Soichet (SBN: 290754)
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 510-4426
    Fax:  (415) 703-5843
6   E-mail:  Emmanuelle.Soichet@doj.ca.gov
   *Attorneys for Defendant Attorney General*
7  *Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-0768-BEN-VET<br><br>**REPLY IN SUPPORT OF DEFENDANT BONTA'S MOTION TO DISMISS COMPLAINT**<br><br>Date:  April 1, 2024<br>Time:  10:30 a.m.<br>Courtroom:  5A<br>Judge:  The Honorable Roger T. Benitez<br><br>Action Filed:  April 27, 2023 |

## INTRODUCTION

Defendant Attorney General Rob Bonta's motion to dismiss (ECF 96) raised jurisdictional arguments for why the Attorney General should be dismissed from this suit.  It catalogued the Attorney General's alleged actions and explained that Plaintiffs had failed to show an alleged injury traceable to the Attorney General needed for Article III standing.  Namely, they had not shown the Attorney General was involved in the adoption or enforcement of the challenged Escondido Union School District (EUSD) policy—the source of Plaintiffs' injuries—and had not

1

required EUSD to adopt it or threatened EUSD to maintain it. In their opposition, Plaintiffs do not dispute that the Attorney General took none of these actions. ECF 98. Instead, they focus solely on the Attorney General's litigation posture in two unrelated cases filed *after* this lawsuit. But this does not remedy Plaintiffs' standing problem, as they still cannot trace any injury to those cases. Relatedly, the Attorney General enjoys Eleventh Amendment sovereign immunity from suit because he does not have direct authority or practical ability to enforce the California Department of Education's FAQ page—the only State "policy" Plaintiffs challenge—because it is nonbinding and unenforceable. For these reasons, the claims should be dismissed against the Attorney General in their entirety.

## ARGUMENT

### I. PLAINTIFFS HAVE NOT IDENTIFIED ANY INJURY TRACEABLE TO THE ATTORNEY GENERAL, AND THUS LACK STANDING

#### A. Plaintiffs Effectively Concede That Any Alleged Injuries Stemming From the EUSD Policy and CDE FAQs Are Not Traceable to the Attorney General

In order to establish Article III standing, Plaintiffs must demonstrate: (1) a concrete and particularized injury in fact; (2) a causal connection between the injury and the Attorney General's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish causation, they must show that their injury is "causally linked or fairly traceable" to the Attorney General's alleged misconduct. *See Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1142 (9th Cir. 2013). In their complaint, Plaintiffs expressly challenge two policies: EUSD's Policy and a "FAQ Page" guidance issued by the California Department of Education. Unsurprisingly, Plaintiffs' opposition does not dispute—and thus effectively concedes[1]— that none

---

[1] *See, e.g., Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir. 2011) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Pers. Elec. Transports, Inc. v. Off. of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009) (holding "district court correctly opined" party waived argument

2

of their injuries stemming from either policy are traceable to the Attorney General.

The Attorney General's opening brief in support of his motion to dismiss laid this out in several ways. *See* ECF 96 at 5-8. It argued that Plaintiffs had failed to allege that the Attorney General had any involvement in the adoption or enforcement of EUSD's Policy against Plaintiffs. *Id.* at 6. It argued that the Attorney General had not required that EUSD adopt its Policy as a matter of State law. *Id.* And it argued that the Attorney General had not pressured or threatened EUSD with an enforcement action if the district failed to maintain its Policy. *Id.* at 9-14. Plaintiffs do not dispute any of these arguments.

Not only did the motion highlight that the Attorney General never required EUSD to adopt its Policy, the motion also directly responded to EUSD's previous assertion that it was required to adopt the challenged Policy based on the FAQ Page guidance, which was created by the California Department of Education. *See* ECF 96 at 4; FAC ¶¶ 235-237; ECF 42 at 31. The motion argued that this guidance, by statute, is nonbinding and thus not legally enforceable by any State officer, much less the Attorney General. ECF 96 at 6-8; Cal. Educ. Code § 33308.5. It directly rebutted the suggestion that he has enforced the guidance in litigation. ECF 96 at 7. Plaintiffs do not appear to dispute any of this, nor can they.[2]

Because Plaintiffs have not alleged the Attorney General in any way caused EUSD to make the independent decision to adopt and enforce its Policy, and did not create or enforce the FAQ Page against EUSD, they have failed to establish a causal link between the Attorney General's conduct and their alleged injuries, and thus lack standing to sue him.

---

"for failing to raise in their opposition to the [counterparty's] motion to dismiss"); *Chamndany v. Harding*, No. 822CV00243FWSDFM, 2022 WL 19263348, at *16 (C.D. Cal. Oct. 4, 2022) (court may deem arguments in motion to dismiss as conceded when plaintiff does not oppose them).

[2] Plaintiffs argue that its concession that EUSD's policy is not required by State law "is not a silver bullet" because, in a pre-enforcement challenge, a plaintiff may challenge a law while also alleging that the law does not apply to them. ECF 98 at 18-19. Plaintiffs are wrong that this suit amounts to a pre-enforcement challenge; in their view, enforcement of the EUSD and FAQ Page has already occurred. Regardless, whether or not Plaintiffs alleged it, state law makes clear that California Department of Education guidance is nonbinding. Cal. Educ. Code § 33308.5.

3

### B. The Attorney General's Litigation of Other Matters Does Not Create a Causal Connection to Plaintiffs' Injuries

Having dropped any argument for standing based on the Attorney General's conduct in relation to EUSD's Policy or the FAQ Page, Plaintiffs instead focus exclusively on the Attorney General's enforcement actions in other litigation. ECF 98 at 18. Specifically, they argue that in "briefing in both the *Chino Unified* and *Temecula Valley Unified* cases,"[3] "the Attorney General made clear that the Privacy Clause of the California Constitution forbids school districts from informing parents of their child's gender transition." *Id.* They then argue that "[*t*]*hat's the policy at issue* which Plaintiffs do not wish to abide by." *Id.* (emphasis added). But this argument both is misguided and fails to remedy their standing problems for at least two reasons.

First, it should go without saying that Plaintiffs have not and cannot allege any injury traceable to the Attorney General by virtue of his litigation positions in the unrelated cases cited in the opposition. *See* ECF 98 at 18. This is because the *Chino Valley* and *Temecula Valley* lawsuits have no direct effect on Plaintiffs, as they deal with the legality of categorically different policies, at different school districts, that do not apply to Plaintiffs. They also do not impact Plaintiffs' claims, as those cases dealt with State law only, and the Attorney General's briefing does not address the First Amendment interests Plaintiffs have asserted here (which, if prevailing, would trump State law concerns due to the Supremacy Clause). *See* ECF 96 at 14. Moreover, the timing of the *Chino Valley* matter should put to rest any inference that it caused injury to Plaintiffs. That matter was filed three years *after* EUSD adopted its Policy, over a year after Plaintiffs requested a religious accommodation, four months after Plaintiffs filed suit, and weeks after the parties had already briefed all the initial dispositive motions in this case. *See* FAC ¶¶ 118,

---

[3] *See People v. Chino Valley Unified Sch. Dist.* (*Chino Valley*), No. CIV SB 2317301 (Cal. Super. Ct., San Bernardino County, Aug. 28, 2023); *Mae M. v. Temecula Valley Unified Sch. Dist.* (*Temecula Valley*), No. CV SW 2306224 (Cal. Super. Ct., Riverside Cnty, Dec. 13, 2023).

240; ECF 1; ECF 16, ECF 17, ECF 30. And, within about two weeks of its filing, this Court issued its order enjoining the EUSD's Policy and shielding Plaintiffs. ECF 42. Any line of causation between Plaintiffs' alleged harms and the later-filed *Chino Valley* litigation is more than "attenuated," and thus cannot confer standing to sue the Attorney General. *See Wash. Env't Council*, 732 F.3d at 1142. In other words, basic principles of standing bar Plaintiffs from hauling the Attorney General into a lawsuit over injuries he did not cause—or have any connection to—just because he was involved in later litigation that Plaintiffs believe implicate related legal issues. That is just not how standing works.

Second, Plaintiffs' argument erroneously seeks to paint EUSD's Policy as required by State law, based on a flawed reading of the legal filings in *Chino Valley*. Just as the two briefs cited in Plaintiffs' opposition do not state that the FAQ page is binding, they also never make the absolute statement that the "Privacy Clause of the California Constitution forbids school districts from informing parents of their child's gender transition." *See* ECF 98 at 18; ECF 98-1 at 91-94, 135-137. Rather, as explained in the motion to dismiss, the Attorney General has made clear through guidance that local districts have the flexibility under state law to craft policies to account for multiple concerns and interests—including the potential need for parental disclosure—with the understanding that there are legal guideposts in State law related to privacy, equality, and discrimination that schools must abide by. *See* ECF 96 at 8, fn. 1; RJN Ex. 5 at 2 (noting "numerous feasible and effective alternatives to forced disclosure policies exist").

By misconstruing the Attorney General's position and collapsing policy-making by schools into a false binary choice under State law (disclose or protect), Plaintiffs again misdirect from the fact that this litigation is about a very specific policy adopted voluntarily by their school district, EUSD. EUSD's policy is what allegedly caused Plaintiffs' harms and is the only enforceable policy challenged in the lawsuit. Indeed, to the extent that Plaintiffs' theory of causation depends on

5

EUSD's flawed belief that it must maintain its allegedly injurious policy or face litigation from the Attorney General for violation of State law (everyone in this case except EUSD agrees that this is incorrect), EUSD's commitment to continue enforcing its policy based on this mistaken understanding surely constitutes the type of "independent decision" by a third party that breaks any theoretical causal connection to the Attorney General's conduct. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011).

For these reasons, the Attorney General's legal positions in other litigation are irrelevant and do not assist Plaintiffs with meeting their burden of establishing that their alleged injuries were caused by the Attorney General. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (as the party who invoked the court's jurisdiction, plaintiff bears the burden of establishing federal subject matter jurisdiction, and the court presumes lack of jurisdiction until plaintiff establishes otherwise). Thus, the Court should grant this motion.

## II. THE ATTORNEY GENERAL SHOULD BE DISMISSED FROM SUIT BECAUSE HE ENJOYS ELEVENTH AMENDMENT IMMUNITY

As argued in the motion to dismiss, Plaintiffs' attempt to haul the Attorney General into court is barred by the Eleventh Amendment because the Attorney General does not have any direct connection to or responsibility for enforcement of any State law directly challenged in this lawsuit. To overcome Eleventh Amendment immunity, a State officer must have a "fairly direct" enforcement connection with the challenged law; "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). The relevant inquiry then is "whether a named state official has direct authority and practical ability to enforce the challenged statute." *Nat'l Audubon Soc'y*, 307 F.3d at 846

As laid out in the motion and above, the California Department of Education's FAQ page guidance is the only State "policy" challenged in the FAC. *See* ECF 96 at 4; FAC ¶¶ 249-312. And this guidance document is unenforceable, as a matter of law, by any State officer, including the Attorney General. ECF 96 at 6-8; Cal. Educ. Code § 33308.5. As such, the Attorney General does not have "direct authority and a practical ability" to enforce the guidance, and sovereign immunity applies.

For this reason, Plaintiffs have not alleged any connection—much less a direct one—that allows Plaintiffs to overcome his Eleventh Amendment immunity, and he should be dismissed.

### III. THE LAW OF THE CASE DOCTRINE DOES NOT APPLY HERE

In their opposition, Plaintiffs reference the "law of the case" doctrine in an apparent effort to paint the arguments in the Attorney General's motion to dismiss as seeking reconsideration of issues already decided. ECF No. 98 at 20 (citing *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). Law-of-the-case doctrine ordinarily precludes a court from reexamining an issue previously decided by the same court or a high court, in the same case. *United States v. Jingles*, 702 F.3d 494, 499-500 (9th Cir. 2012). The doctrine is discretionary, not mandatory, and is in no way a limit on the Court's power. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

Here, the issue of Eleventh Amendment immunity and standing as to the Attorney General was not decided in the Court's earlier order. To the contrary, in denying the State Education Defendants' motion to dismiss, the Court placed explicit evidentiary and party caveats on its ruling, finding, "*[w]ith no evidence to the contrary at this point*, it must be concluded that *the State* is the driving force

7

behind EUSD's alleged violations of plaintiffs' constitutional rights." ECF No. 42 at 32 (emphasis added). To that point, in later ordering Plaintiffs to add the Attorney General and the State of California, it is apparent that the Court sought inclusion of all parties who could *possibly* be responsible for Plaintiffs' injuries. *See* ECF No. 75 at 55.

Moreover, Plaintiffs cite no authority for the proposition that law-of-the-case doctrine applies to bar a defendant newly added to a civil lawsuit from raising a challenge to the court's jurisdiction to hear a case against them. Indeed, as Plaintiffs purport to apply the doctrine here, law-of-the-case would permanently deprive the Governor and Attorney General from pressing specific arguments based on their individualized circumstances and connection to the Plaintiffs' claimed injuries. But the mere fact that one of these parties—the Attorney General—was referenced in the Court's prior decision rejecting standing and immunity claims by the State Education Defendants cannot extinguish the Attorney General's (or the Governor's) ability to make their own challenges to the Court's jurisdiction. *See*, *e.g.*, *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119–1120 (S.D. Cal. 2007) (the right of a defendant to bring a motion to dismiss was not foreclosed by a district court's prior finding, during *sua sponte* screening of civil action filed by prisoner, that prisoner has stated a claim, because the right to file a motion to dismiss as a responsive pleading is a "basic procedural right" afforded to all defendants); Fed. R. Civ. P. 12.

For these reasons, the Court should reject Plaintiffs' law-of-the-case doctrine theory.

## IV. PLAINTIFFS' REQUEST FOR SANCTION IS IMPROPER AND BASELESS

Relatedly, in their opposition, Plaintiffs request that the Court order $25,234 in sanctions against the Attorney General and Governor pursuant to 28 U.S.C. § 1927 and this Court's inherent authority to impose sanctions under Local Rule 83.1. ECF No. 98 at 20-21, 31-34. They argue the motions to dismiss by the Attorney

8

General and Governor are "frivolous motions for reconsideration" that raise "no new facts or law" and serve no purpose "except to harass Plaintiffs and delay this case." ECF 98 at 33.

As a threshold matter, the request should be rejected as procedurally improper. Rule 7(b) of the Federal Rules of Civil Procedure requires that all requests for a court order be made by motion. Local Rule 7.1 reiterates this motion requirement, adding more requirements for hearing of the motion, notice, and supporting documentation. *See* Local Rule 7.1 (b), (e)(1), (f)(1). Plaintiffs failed to follow these procedural requirements and, instead of filing a noticed motion, simply embedded their request for an order on sanctions within their opposition to the Attorney General's motion to dismiss. This is not legally sufficient motion. *See Reitz v. Dieter*, 840 F. Supp. 353, 356 (E.D. Pa. 1993) (denying sanctions request embedded within opposition to dismiss because it was not a legally sufficient motion under the local rules). As such, it denies the Attorney General a meaningful opportunity to respond. For these procedural failure alone, the request should be denied or deemed waived. *See* Local Rule 7.1(f)(2)(b).

Otherwise, Plaintiffs' request is baseless. Under no standard—whether "bad faith," recklessness, or frivolousness—is the motion to dismiss sanctionable under 28 U.S.C. § 1927 or the Court's inherent powers. The two arguments advanced in the motion (standing and sovereign immunity) are inherently fact-specific and vary based on a particular defendant's official duties and alleged conduct. Thus, while previous defendants had raised standing and sovereign immunity defenses, the Attorney General's motion raised and relied on a range of new facts not previously before the Court regarding the Attorney General's enforcement authority, his alleged involvement in interactions with EUSD, and his actions enforcing State law. (In fact, as noted above, the Court issued its ruling noting it potentially did not have this information.) Moreover, the Attorney General cannot be faulted for filing a 12(b) motion, as is his right under the Federal Rules of Civil Procedure, that

raises the same types of legal defenses as other defendants; this is necessarily the result of Plaintiffs adding him as a defendant almost a year into litigation.  Notably, none of the cases Plaintiffs cite in their opposition present this situation of later-served defendants.  Ultimately, the Attorney General's motion was made in good faith and caused no unreasonable delay; it will be heard just two months after the Attorney General was served the FAC.

Moreover, Plaintiffs request for sanctions under the Local Rules for failing to file the motion to dismiss as a motion for reconsideration is, itself, frivolous.  ECF 98 at 24.  The rule for those motions applies only when a party files a motion requesting "the same relief" as an earlier motion already ruled on.  *See* Local Rule 7.1(i)(1).  There simply was no previous motion seeking dismissal of the Attorney General in this matter.

Because Plaintiffs' request was defective and baseless, the Court should deny the request.

## CONCLUSION

For the reasons stated above, the Complaint should be dismissed as to Attorney General Bonta in its entirety, without leave to amend.

Dated:  March 25, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

/s/ Emmanuelle S. Soichet
EMMANUELLE S. SOICHET
Deputy Attorney General
*Attorneys for Defendant Bonta*

SA2024300204
44107905.docx

# CERTIFICATE OF SERVICE

Case Name:   **Mirabelli et al. v. Olson, et al.**          No.   **3:23-cv-0768-BEN-VET**

I hereby certify that on March 25, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY IN SUPPORT OF DEFENDANT BONTA'S MOTION TO DISMISS COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

I further certify that some of the participants in the case are not registered CM/ECF users. On March 25, 2024 I have caused to be electronically mailed.

:

Jeffrey Trissell
E:Mail: jtrissell@limandri.com

Jack Sleeth
E-mail: JSleeth@as7law.com

Virginia Cale
E-Mail: VCale@cde.ca.gov

Gil Abed
E-Mail: GAbed@as7law.com

Daniel Shinoff
E:mail: DShinoff@as7law.com

Maurice Bumbu
E-Mail: mbumbu@as7law.com

Paul Jonna
E-Mail: pjonna@limandri.com

Nopealey Lay
E-Mail: nlay@as7law.com

Charles Limandri
E-Mail: climandri@limandri.com

Len Garfinkel
E-Mail: LGarfinkel@cde.ca.gov

Mark Myers
E-Mail: mmyers@limandri.com

Christopher Mandarano
E-Mail: CMandarano@cde.ca.gov

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 25, 2024, at San Francisco, California.

| Monali Dholakia | /s/: Monali Dholakia |
|---|---|
| Declarant | Signature |

SA2024300204