UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, and individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>Defendants. | Case No.: 3:23-cv-00768-BEN-VET<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR A STAY OF DISCOVERY PENDING RULING ON MOTIONS TO DISMISS**<br><br>[Doc. No. 103] |

Before the Court is Defendants Gavin Newsom and Rob Bonta's *Ex Parte* Application for a Stay of Discovery Pending Ruling on Motions to Dismiss ("*Ex Parte* Application"). Doc. No. 103. Defendants Newsom and Bonta seek an "order staying all discovery as to them, including discovery motions, pending a ruling on their motions to dismiss the First Amended Complaint (FAC)." *Id.* at 1. Plaintiffs oppose the request. Doc. No. 104. For the reasons stated below, the Court **GRANTS** the *Ex Parte* Application.

## I. PROCEDURAL HISTORY

Plaintiffs filed suit on April 27, 2023, alleging violations of the free speech and free exercise clauses of the First Amendment. Doc. No. 1. The alleged violations arise in connection with policies by the Escondido Union School District ("EUSD") that purportedly "force" teachers to "unhesitatingly accept a child's assertion of a transgender or gender diverse identity" and prohibit teachers from revealing a student's transgender status to certain individuals, including their parents. *See generally id.*

Plaintiffs initially named two sets of defendants: (i) the "Defendant School Employees" associated with the Escondido Union School District (collectively the "EUSD Defendants") and (ii) the "State-Level Defendants" associated with the California Department of Education, including the California State Board of Education (collectively the "CDE Defendants"). *See* Doc. Nos. 7, 9. On May 15, 2023, Plaintiffs also moved for a preliminary injunction, seeking to enjoin enforcement of the above-referenced policies against Plaintiffs and enjoin any adverse employment actions against Plaintiffs. Doc. No. 5. Both sets of defendants moved to dismiss and opposed the preliminary injunction. Doc. Nos. 7, 9, 16, 17, 25. On September 14, 2023, the Court granted Plaintiffs' motion for a preliminary injunction and denied the motions to dismiss. Doc. No. 42.

On November 13, 2023, the EUSD and CDE Defendants filed answers, and the CDE Defendants moved for judgment on the pleadings.[1] Doc. Nos. 51–53. Following argument on January 8, 2024, the Court took the motion for judgment under submission and ordered Plaintiffs to amend their complaint to include the Attorney General and State of California. Doc. No. 72. The Court reasoned that Plaintiffs needed to name "everybody who can possibly be responsible, if you will, and who can be bound." Doc. No. 75 at 55:2–4. On

---

[1] Given the filing of answers, the Court set an Early Neutral Evaluation and Case Management Conference ("ENE/CMC") for January 3, 2024. Doc. No. 54. Following requests for continuances and a transfer to a new judge, the Court held the ENE/CMC on April 12, 2024.

January 29, 2024, Plaintiffs filed an amended complaint adding Defendants Newsom and Bonta. Doc. No. 80.

## II.   DEFENDANTS' PENDING MOTIONS TO DISMISS

On February 23, 2024, Defendants Newsom and Bonta moved to dismiss the claims against them. Doc. Nos. 95, 96. Defendant Newsom argues that Eleventh Amendment sovereign immunity bars Plaintiffs' claims. Specifically, he contends that immunity attaches "because he does not have any direct connection to or responsibility for enforcement of any policy or law challenged in the suit." Doc. No. 95 at 5. Further, Defendant Newsom contends that Plaintiffs lack Article III standing because they fail to "allege any past or future concrete injury traceable to the Governor sufficient to confer standing to sue him." *Id.* at 10. Defendant Newsom alleges he played no role in "adopting, enforcing, or requiring" EUSD's policy, and as such, any relief against him would have no effect in redressing Plaintiffs' injuries. *Id.* at 12.

Similarly, Defendant Bonta argues that Plaintiffs lack Article III standing because they fail to allege "any past, present or future concrete injury traceable to the Attorney General," emphasizing that the policy "EUSD chose to adopt was not mandated by state law, nor did the Attorney General have any involvement in its adoption or enforcement." Doc. No. 96 at 5, 9. Defendant Bonta also invokes Eleventh Amendment immunity, arguing that the Attorney General does not have any direct connection to or responsibility for enforcement of any policy or law directly challenged in this lawsuit." *Id.* at 14.

## III.   LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). This principle is subject to limitation. Accordingly, for good cause, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(c)). When considering whether to limit

discovery, "[t]he burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Id.*

As to the relief requested by Defendants, the Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 5:22-cv-07148-EJD, 2023 U.S. Dist. LEXIS 68757, at *2 (N.D. Cal. Apr. 19, 2023); *Rutledge v. ADP, Inc.*, No. 3:22-cv-00898-L-BLM, 2023 U.S. Dist. LEXIS 67150, at *3 (S.D. Cal. Apr. 17, 2023) (same). Still, the "district court has wide discretion in controlling discovery." *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). As such, the "Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss." *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 U.S. Dist. LEXIS 182943, at *2 (N.D. Cal. Oct. 22, 2019) (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) and *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

"The Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending[.]" *Rutledge*, 2023 U.S. Dist. LEXIS 67150 at *4. However, California district courts frequently apply a two-part test. *See Rutledge*, 2023 U.S. Dist. LEXIS 67150 at *6–7; *Ewing v. Premium Merch. Funding One, LLC*, No. 23-cv-00933-BAS-WVG, 2023 U.S. Dist. 140070, at *3–4 (S.D. Cal. Aug. 10, 2023). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 U.S. Dist. LEXIS 16128, at *20 (E.D. Cal. Feb. 7, 2011); *Rutledge,* 2023 U.S. Dist. LEXIS 67150, at *5; *Ewing*, 2023 U.S. Dist. 140070, at *3–4. "If the moving party satisfies these two prongs, the court may issue a protective order. Discovery should proceed if either prong of the test is not met." *Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *20. As

part of the analysis, the Court must "take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should issue."[2] *Id.* at *28.

## IV.  DISCUSSION

### A.  Pending Motions to Dismiss Are Potentially Dispositive

Based on a preliminary look, the Court finds that Defendant Newsom and Bonta's motions to dismiss are potentially dispositive. Both invoke governmental immunity under the Eleventh Amendment and identify a lack of Article III standing as grounds for dismissal. Both grounds impact the Court's jurisdiction to entertain Plaintiffs' claims, and as such, if successful, both are potentially dispositive.

Furthermore, the Court rejects Plaintiffs' suggestion that the Court already engaged in a preliminary look at the pending motions to dismiss when he ordered Plaintiffs to add Defendants Newsom and Bonta. Doc. No. 104 at 8–9. First, there is no suggestion that the Court actually evaluated the arguments raised by Defendants, *i.e.*, immunity and Article III standing. The Court's instruction that Plaintiffs add "everyone who can *possibly* be responsible, if you will, and who can be bound" is not the equivalent of evaluating these arguments. Doc. 75 at 55:1–4 (emphasis added). Further, the arguments raised by Defendants Newsom and Bonta suggest they may be differently situated from other named defendants in important respects, including the contention that Defendants Newsom and

---

[2] A second, more lenient approach looks solely at the potentially dispositive motion, taking a "preliminary peek at the merits of the motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). A third approach includes analyzing "several factors on a case-by-case analysis," including (1) the type of pending dispositive motion; (2) whether it is a challenge as a matter of law or sufficiency of allegations; (3) the nature and complexity of the case; (4) whether counter or cross-claims have been alleged; (4) whether some or all defendants requested a stay; (5) the stage or posture of litigation; (6) the expected extent of discovery in the case; and (7) any other relevant circumstances. *Rutledge*, 2023 U.S. Dist. LEXIS 67150, at *5–6 (citing Feldman, 176 F.R.D. at 652)).

Bonta played no role in adopting or enforcing the policy at issue. Lastly, it bears noting that as Governor and Attorney General, Defendants Newsom and Bonta are government officials who serve in vastly different roles than the EUSD and CDE Defendants.

In short, without opining on the merits of Defendant Newsom and Bonta's motions to dismiss, the Court finds that, if granted, the motions are potentially dispositive of all claims against them.

### B. Additional Discovery is Not Needed to Decide the Motions to Dismiss

Defendants Newsom and Bonta indicate that "[d]iscovery is not needed to decide the pending motions to dismiss." Doc. No. 103-1 at 7. Plaintiffs agree and "do not contend that they need discovery to overcome the pending motions to dismiss." Doc. No. 104 at 9. Because discovery is not necessary to decide the pending motions to dismiss, this factor also favors a discovery stay.

### C. Other Factors Favor a Temporary Discovery Stay

Lastly, the Court notes that additional factors favor a stay. First, a temporary discovery stay as to Defendants Newsom and Bonta only will not meaningfully delay this action or prejudice Plaintiffs. Defendants Newsom and Bonta promptly moved to dismiss following service of the amended complaint. *See* Doc. Nos. 82, 95, 96. Moreover, Defendants Newsom and Bonta represent only two among twenty-four (24) named defendants. And nothing prevents discovery as to the remaining twenty-two (22) defendants from continuing to move forward. Indeed, Plaintiffs detail discovery efforts currently underway as to the EUSD and CDE Defendants. Doc. No. 104 at 10. Second, the case is still in its initial stages, with case management deadlines only recently set and discovery just commencing. Third, a temporary stay promotes efficiency by not requiring litigants who may be immune from litigation from engaging in potentially expensive discovery. *Little*, 863 F.2d at 685 (holding that "trial court did not abuse its discretion by staying discovery until the immunity issue was decided").

## V.   CONCLUSION

For the foregoing reasons, a temporary discovery stay is appropriate as to Defendants Newsom and Bonta only. According, the Court **ORDERS** the following:

All discovery deadlines are **STAYED** as to **only** Defendants Newsom and Bonta until the Court rules on the pending motions to dismiss. *See* Doc. Nos. 95, 96. If the Court denies the motions to dismiss as to either or both Defendants Newsom and Bonta, discovery shall proceed accordingly.

**IT IS SO ORDERED.**

Dated:  April 15, 2024

Honorable Valerie E. Torres
United States Magistrate Judge