UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>Defendants. | Case No.: 3:23-cv-00768-BEN-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT GAVIN NEWSOM'S MOTION TO DISMISS; and**<br><br>**(2) GRANTING DEFENDANT ROB BONTA'S MOTION TO DISMISS**<br><br>[ECF Nos. 95, 96] |

Plaintiffs Elizabeth Mirabelli and Lori Ann West ("Plaintiffs") are suing certain employees of Escondido Union School District ("EUSD"), members of the EUSD Board of Education (collectively, "EUSD Defendants") as well as members of the California State Board of Education and the State Superintendent (collectively, "State-Level Defendants") for violation of First Amendment Free Speech and Free Exercise. ECF No. 1. On January 29, 2024, Plaintiffs filed a First Amended Complaint ("FAC") adding Governor Gavin Newsom ("Newsom") and California Attorney General Rob Bonta ("Bonta") as Defendants. ECF No. 80.

Before the Court are Defendants Newsom and Bonta's motions to dismiss. ECF Nos. 95, 96. These motions are fully briefed. *See* ECF Nos. 98, 100-101. A hearing was held on April 29, 2024. ECF Nos. 110 (Minute Order), 111 ("Hearing Trans."). After considering the parties arguments and the papers submitted, the Court **GRANTS** both Defendant Newsom and Defendant Bonta's motions to dismiss without prejudice.

## I. BACKGROUND[1]

The factual background of this case was set forth in the Court's prior Order (*see* ECF No. 42) and will not be reproduced here. In September 2023, the Court granted Plaintiffs' motion for preliminary injunction and denied motions to dismiss filed by the various defendants. ECF No. 42. Two months later, the state-level defendants filed a motion for judgment on the pleadings. ECF No. 53. The Court held a hearing for this motion on January 8, 2024. ECF No. 72.

At the January 8 hearing, the question of whether the guidance on the CDE's FAQ page was binding and who had authority to enforce it was once more debated. *Id.* The State-Level Defendants again argued the FAQ page was non-binding, and regardless, the Attorney General was the entity with enforcement authority for the laws and California constitutional provisions which were the basis for the guidance. ECF No. 75 at 6:9-25, 7:10-25. At the end of that hearing, the Court ordered Plaintiffs to add the Attorney General and the State of California to the lawsuit. *Id.* at 55:1-8.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

---

[1] For purposes of a motion to dismiss, the Court assumes the facts pled in the complaint as true. *Mazarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

A complaint may be dismissed under Rule 12(b)(1) if "there is no case or controversy"— *i.e.*, the plaintiffs lack Article III standing. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (citation omitted).

To satisfy Article III's standing requirement, a plaintiff must demonstrate three elements: (1) it has suffered an injury in fact; (2) the injury is fairly traceable to the challenged action of defendant ("traceability"); and (3) it is likely that the injury will be redressed by a favorable decision ("redressability"). *Maya*, 658 F.3d at 1067 (citation omitted). To demonstrate traceability, a plaintiff must show the injury is causally linked to a defendant's alleged misconduct. *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1142 (9th Cir. 2013). Traceability does not require that a defendant be the "sole source of injury[,]" and "a causal chain does not fail simply because it has several links, provided those links are not hypothetical or tenuous[.]" *Bellon*, 732 F.3d at 1141-42.

A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or based on extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Plaintiffs and Defendant Bonta both made requests for judicial notice in their briefing. *See* ECF No. 97, Defendant Bonta's Request for Judicial Notice; ECF No. 98, Opposition to Motions to Dismiss ("Oppo.") at 4-6 (footnotes 3-7). Judicial notice permits a court to notice an adjudicative fact if it is not "subject to reasonable dispute." Fed. R. Evid. 201(b). The parties largely had no objections to each other's requests for judicial notice. Defendant Newsom objected to a single exhibit offered by Plaintiffs. See ECF No. 100 at 8 fn1 (objecting to Exhibit 5). The Court **GRANTS** the parties' requests for judicial notice. Given Exhibit 5 does not affect the Court's analysis below, Newsom's objection thereto is **OVERRULED**.

Generally, Eleventh Amendment Immunity ("immunity") bars a lawsuit from proceeding against a state. An exception under *Ex Parte Young* allows for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law, so long as the state officer has some connection with enforcement of the act. *Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022) (citation

omitted, cleaned up). Like the traceability inquiry, to overcome immunity the government officer must have sufficient "connection with the unconstitutional acts alleged..." *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983). This connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over persons responsible for enforcing the challenged provision will not subject an official to suit." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (citation omitted).

## III. DISCUSSION

Defendants Newsom and Bonta both move for dismissal on similar grounds. Both Defendants argue Plaintiffs lack Article III standing and both argue they are entitled to immunity. Defendants focus their attacks on the traceability element of Article III standing and immunity inquiry. Because these inquiries are substantially similar[2] and depend on the same factual allegations, they will be analyzed together.

### A. Defendant Newsom

Defendant Newsom argues he should be dismissed from the suit because he has no "direct connection to or responsibility for enforcement of any policy or law challenged" in the lawsuit. Newsom Mot. at 5. Newsom points out Plaintiffs' only described connection between himself and Plaintiffs' injury is Newsom's "generalized duty to enforce state law[,]" which is well-established as insufficient to confer standing or overcome immunity. Newsom Mot. at 7 (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) ("*Harris*")).

Plaintiffs argue several avenues of Newsom's potential connection to Plaintiffs' injury. First, they argue "public education is ultimately a state obligation, and the

---

[2] *See Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022) ("The question of whether there is the requisite 'connection' between the sued official and the challenged law implicates an analysis that is 'closely related—indeed overlapping'—with the traceability and redressability inquiry.") (citation omitted).

4

supreme executive power of the State is vested in the Governor[.]" Oppo. at 19 (*citing Vergara v. State of California*, 246 Cal. App. 4th 619, 629 n.2 (2016)).[3] Plaintiffs also cite press releases and public statements by Newsom regarding issues in education, arguing it is evidence of Newsom's willingness to intervene in education issues.[4] Most of the cited press releases involve Temecula School District's unwillingness to adopt a state-approved social studies curriculum and textbook, which Newsom publicly addressed in June and July 2023. *Id.*

### B. Defendant Bonta

Like Newsom, Defendant Bonta argues Plaintiffs cannot establish traceability between himself and Plaintiffs' injury for the purpose of standing or immunity. Bonta Mot. at 5. Bonta argues Plaintiffs have not alleged that he had "any involvement in EUSD's adoption or enforcement of the Policy, at any stage, whether against Plaintiffs or others." *Id.* at 6.

In response, Plaintiffs point to Bonta's recent litigation activities related to Chino Valley and Temecula school districts.[5] Jonna Decl., Exs. 1-2, 6, 8. Specifically, Chino Valley and Temecula school districts adopted policies which required school personnel to notify parents if their child requested to use different pronouns, name, or gendered facility at school ("Mandatory Disclosure Policies"). *Id.* AG Bonta filed suit against Chino Valley in August 2023 and filed an amicus brief in the Temecula case. *Id.*, Exs 6, 8. In these filings, AG Bonta argues the Privacy Clause of the California Constitution forbids school districts from informing parents of their child's gender transition without the child's consent. Jonna Decl., Ex. 6 at 22-25; Ex. 8 at 12-14.

---

[3] Notably, there is no Article III standing issue for lawsuits brought in state courts.

[4] *See* Oppo. at 19 (*citing* ECF No. 98-1, Decl. of Paul Jonna ("Jonna Decl.") Exs. 10-13).

[5] Plaintiffs also point to an amicus brief by the CDE filed in the Ninth Circuit appeal for *Regino v. Staley,* Case No. 23-16031. Jonna Decl., Ex. 9. The district court opinion in *Regino* was cited by both sides in the original round of motions to dismiss.

## C. Argument at the April 29, 2024 Hearing

At the outset of the hearing, the Court noted its tentative ruling. (CITE). The Court indicated it was inclined to grant Defendant Newsom's motion to dismiss but deny Defendant Bonta's motion based on a reading of *Harris*.[6] Hearing Trans. at 5:14-25. In *Harris*, the Ninth Circuit rejected the Attorney General's argument that "she ha[d] not shown she intend[ed] to enforce [the statute][,]" and should be afforded immunity. *Harris*, 729 F.3d at 944. The Ninth Circuit stated the immunity inquiry is concerned with "whether a named state official has direct authority" not necessarily "whether enforcement is imminent[.]" *Id.* at 846. The Ninth Circuit based its reasoning in part on a provision in the challenged statute which expressly authorized district attorneys and city attorneys to sue to enforce it. *Id.* at 943-44. Given Defendant Bonta's position in recent litigation enforcement activity and amicus briefs, *Harris* is sufficient to overcome Bonta's immunity arguments. With respect to standing, the Court referenced evidence on the record regarding a conversation between the Attorney General and EUSD where the Attorney General indicated it would "consider action against [EUSD]" if EUSD "did not protect the gender identity of students when the student requested it[.]" *See* ECF No. 65-1 at ¶ 3, Hearing Trans. at 11:15-20. This evidence would foreclose the avenue left open in *Harris* regarding a present threat of enforcement as it relates to standing.

However, during argument, counsel for Defendant Bonta indicated they stood ready to disavow any enforcement action against EUSD for any actions that EUSD would take in compliance with the Court's order. Hearing Trans. at 16:24-17:1-3. The Court considered this disavowal dispositive. *Id.* at 8:2-11, 17:4. However, Plaintiffs disagreed, and argued both Newsom and Bonta were proper defendants regardless of Defendant Bonta's representation. *Id.* at 17:5-9, 20-37.

---

[6] The Ninth Circuit decision in *Harris* was referred to as "the foie gras case" during the hearing. *See id.* at 5:12-15.

6

The Court requested Plaintiffs' counsel identify legal authority supporting finding the requisite connection between the either Defendant Newsom's public statements, or Defendant Bonta's litigation activity and Plaintiffs' case. *Id.* at 38:4-13. Plaintiffs' counsel directed the Court to two cases. *Id.*

First, Plaintiffs directed the Court to *National Audubon Society v. Davis*, 307 F.3d 835 (2002). In *Davis*, the Ninth Circuit reviewed a declaratory judgment that a Fish and Game regulation was preempted and violated the Property Clause of the Constitution. *Davis*, 307 F.3d at 846-47. On appeal, the state officials argued because there was no "present threat of enforcement" of the challenged regulation, they were entitled to immunity. *Davis*, 307 F.3d at 846-47. The Ninth Circuit found plaintiffs had overcome immunity to only the Director of the California Department of Fish & Game, "who ha[d] direct authority over and principal responsibility for enforcing[,]" the challenged regulation. *Id.* at 847. However, the Ninth Circuit upheld the Governor and State Secretary of Resources immunity, explaining these officials did not "have the requisite enforcement connection" to the challenged regulation. *Id.*

*Davis* does not support Plaintiffs' position with respect to Defendant Newsom because the Governor is in essentially the same position in the causal chain in this case as he was in *Daivs*. Plaintiffs here do not and cannot argue Newsom is the one with "direct authority over" and who has "principal responsibility" for enforcement of any aspect of the FAQs or the laws underlying it. *Davis* also does not appear to overcome Defendant Bonta's disavowal in open court of any intent to take action against EUSD. Hearing Trans. at 19:17-25.

Next, Plaintiffs directed the Court to *Twenty-Nine Palms Band of Mission Indians v. Schwarzenegger*, No. CV-08-1753-VAP-OP, 2009 WL 10671376 (C.D. Cal. Sept. 4, 2009) ("29 Palms"). In *29 Palms*, a district court found that plaintiffs had sufficiently stated a justiciable controversy as to defendant Governor Schwarzenegger based on the Governor's supervisory power to affect taxation and two executive orders issued by the Governor's office in 1993 and 2003. 2009 WL 10671376 at *3.

Plaintiffs argued *29 Palms* stands for the idea that evidence that the Governor has used its supervisory powers to affect an issue in the past is sufficient to confer standing. Hearing Trans. at 38:15-24. The Court takes two issues with application of *29 Palms* to the instant case. First, the evidence presented in *29 Palms* is dissimilar to that presented in this case: plaintiffs in *29 Palms* pointed to two executive orders, where Plaintiffs here point to press releases. Second, respectfully, *29 Palms* is persuasive, non-binding authority. Given the facts before the Court, the Court does not find *29 Palms* can overcome the binding Ninth Circuit authority articulated in *Davis* and *Harris*.

Accordingly, for the reasons set forth at the April 29, 2024, hearing and set forth above, the Court **GRANTS** Defendants Newsom and Bonta's motions to dismiss without prejudice.

**IT IS SO ORDERED.**

Dated: May 9, 2024

HON. ROGER T. BENITEZ
United States District Judge