Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Mark D. Myers, SBN 235719
 mmyers@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Milan L. Brandon II, SBN 326953
 mbrandon@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Thomas Brejcha, *pro hac vice*\*
 tbrejcha@thomasmoresociety.org
Peter Breen, *pro hac vice*\*
 pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
\*Application forthcoming


*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,

        Plaintiffs,

    v.

MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,

        Defendants.

Case No.: 3:23-cv-0768-BEN-VET

**Notice of New Authority re: Plaintiffs' Motion for Leave to Amend the Complaint and Proceed Pseudonymously**

Judge:       Hon. Roger T. Benitez
Courtroom:   5A
Hearing Date:  July 10, 2024
Hearing Time:  10:30 a.m.

## NOTICE OF SUPPLEMENTAL AUTHORITY

On July 10, 2024, this Court heard argument on Plaintiffs' motion for leave to file a Second Amended Class Action Complaint, and took the motion under submission. *See* ECF Nos. 118, 120, 121, 123, 124, 126, 128. Since that time, new authority has been issued which is relevant to the issues in that motion. *Cf.* Fed. R. App. P. 28(j). That new authority is AB 1955, signed by California Governor Gavin Newsom on July 15, 2024. The signing of this bill into law further supports Plaintiffs' need for prospective relief in this action. Attached hereto is both AB 1955 and Governor Newsom's news release regarding the bills signed today.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: July 15, 2024          By: _____
                                    Charles S. LiMandri
                                    Paul M. Jonna
                                    Jeffrey M. Trissell
                                    Milan L. Brandon II
                                    Attorneys for Plaintiffs

**ATTACHMENT 1**

 

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

## AB-1955 Support Academic Futures and Educators for Today's Youth Act. (2023-2024)

SHARE THIS: 

Date Published: **07/01/2024 09:00 PM**

ENROLLED  JULY 01, 2024

PASSED  IN  SENATE  JUNE 13, 2024

PASSED  IN  ASSEMBLY  JUNE 27, 2024

AMENDED  IN  SENATE  MAY 22, 2024

CALIFORNIA LEGISLATURE— 2023–2024 REGULAR SESSION

# ASSEMBLY BILL                                         NO. 1955

**Introduced by Assembly Member Ward**
**(Principal coauthors: Assembly Members Cervantes, Jackson, Lee, Low, and Zbur)**
**(Principal coauthors: Senators Atkins, Eggman, Laird, Menjivar, Padilla, and Wiener)**
**(Coauthor: Assembly Member Muratsuchi)**
**(Coauthor: Senator Rubio)**

**January 29, 2024**

---

An act to add Sections 220.1, 220.3, and 220.5 to, and to add Article 2.6 (commencing with Section 217) to Chapter 2 of Part 1 of Division 1 of Title 1 of, the Education Code, relating to pupil rights.

## LEGISLATIVE COUNSEL'S DIGEST

AB 1955, Ward. Support Academic Futures and Educators for Today's Youth Act.

(1) Existing law requires the State Department of Education to develop resources or, as appropriate, update existing resources for in-service training on schoolsite and community resources for the support of lesbian, gay, bisexual, transgender, queer, and questioning (LGBTQ) pupils, and strategies to increase support for LGBTQ pupils, as specified.

This bill would require the State Department of Education to develop resources or, as appropriate, update existing resources, for supports and community resources for the support of parents, guardians, and families of LGBTQ pupils and strategies to increase support for LGBTQ pupils, as specified.

(2) Existing law prohibits discrimination on the basis of, among other characteristics, gender, gender identity, gender expression, and sexual orientation in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid. Existing law requires the State Board of Education to adopt regulations to implement these provisions.

Bill Text - AB-1955 Support Academic Futures and Educators for Today's Youth Act.

This bill would prohibit school districts, county offices of education, charter schools, and the state special schools, and a member of the governing board or body of those educational entities, from enacting or enforcing any policy, rule, or administrative regulation that requires an employee or a contractor to disclose any information related to a pupil's sexual orientation, gender identity, or gender expression to any other person without the pupil's consent unless otherwise required by law, as provided. The bill would prohibit employees or contractors of those educational entities from being required to make such a disclosure unless otherwise required by law, as provided. The bill would prohibit employees or contractors of school districts, county offices of education, charter schools, or the state special schools, or members of the governing boards or bodies of those educational entities, from retaliating or taking adverse action against an employee on the basis that the employee supported a pupil in the exercise of specified rights, work activities, or providing certain instruction, as provided.

Vote: majority   Appropriation: no   Fiscal Committee: yes   Local Program: no

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** This act shall be known, and may be cited, as the Support Academic Futures and Educators for Today's Youth Act or SAFETY Act.

**SEC. 2.** The Legislature finds and declares all of the following:

(a) All pupils deserve to feel safe, supported, and affirmed for who they are at school.

(b) Choosing when to "come out" by disclosing an LGBTQ+ identity, and to whom, are deeply personal decisions, impacting health and safety as well as critical relationships, that every LGBTQ+ person has the right to make for themselves.

(c) Parents and families across California understand that coming out as LGBTQ+ is an extremely personal decision and want to support their children in coming out to them on their own terms.

(d) Parents and families have an important role to play in the lives of young people. Studies confirm that LGBTQ+ youth thrive when they have parental support and feel safe sharing their full identities with them, but it can be harmful to force young people to share their full identities before they are ready.

(e) Policies that forcibly "out" pupils without their consent remove opportunities for LGBTQ+ young people and their families to build trust and have these conversations when they are ready.

(f) LGBTQ+ pupils have the right to express themselves freely at school without fear, punishment, or retaliation, including that teachers or administrators might "out" them without their permission. Policies that require outing pupils without their consent violate pupils' rights to privacy and self-determination.

(g) Pupils have a constitutional right to privacy when it comes to sensitive information about them, and courts have affirmed that young people have a right to keep personal information private.

(h) Laws and policies that target or invite targeting of pupils on the basis of gender or sexual orientation are prohibited under state and federal law.

(i) Attacks on the rights, safety, and dignity of transgender, gender-expansive, and other LGBTQ+ youth continue to grow across the country, including here in California. These efforts are having a measurable impact on the health and well-being of LGBTQ+ pupils, and have led to a rise in bullying, harassment, and discrimination.

(j) School policies that support LGBTQ+ pupils and their parents and families in working towards family acceptance on their own terms, without interference from teachers and school staff, build safety and trust within school communities.

(k) (1) Teachers and school staff can provide crucial support to LGBTQ+ young people and can play an important role in encouraging them to seek out appropriate resources and support.

(2) Affirming school environments significantly reduce the odds of transgender youth attempting suicide, according to The Trevor Project Research Brief: LGBTQ & Gender-Affirming Spaces (2020).

(3) LGBTQ+ students with supportive staff at their school experienced a number of positive outcomes, including being less likely to feel unsafe at school because of their gender expression or sexual orientation, or both, and reporting lower levels of depression, according to Joseph G. Kosciw, Ph.D., et al., The 2019 National School Climate Survey: The Experiences of Lesbian, Gay, Bisexual, Transgender, and Queer Youth in Our Nation's Schools (2019).

Case 3:23-cv-00768-BEN-VET   Document 129   Filed 07/15/24   PageID.3928   Page 6 of 14

7/15/24, 4:24 PM                    Bill Text - AB-1955 Support Academic Futures and Educators for Today's Youth Act.

(4) Transgender and gender-nonconforming youth with supportive educators had better education outcomes, according to Michelle Marie Johns et al., Protective Factors Among Transgender and Gender Variant Youth: A Systematic Review by Socioecological Level (2018).

(l) School personnel have faced increasing harassment and adverse employment actions because of their lawful efforts to protect pupil privacy, to protect pupils from discrimination, to provide instruction consistent with state standards, and to create a safe and supportive learning environment for all pupils, including LGBTQ+ pupils.

(m) This harassment and adverse treatment of school personnel prevents all pupils from accessing safe and supportive learning environments.

(n) No school employee should suffer an adverse employment action because the employee supported a pupil or pupils in exercising their legal rights to privacy, nondiscrimination, state-aligned instructional materials, and equal educational opportunity.

**SEC. 3.** Article 2.6 (commencing with Section 217) is added to Chapter 2 of Part 1 of Division 1 of Title 1 of the Education Code, to read:

**Article 2.6. Supports and Resources for Parents, Guardians, and Families of Lesbian, Gay, Bisexual, Transgender, Queer, and Questioning Pupils**

**217.** (a) (1) The department shall develop resources, or, as appropriate, update existing resources, for supports and community resources for the support of parents, guardians, and families of lesbian, gay, bisexual, transgender, queer, and questioning (LGBTQ) pupils and strategies to increase support for LGBTQ pupils and thereby improve overall school and community climate. The resources shall be designed for use in schools operated by a school district or county office of education and charter schools serving pupils in grades 7 to 12, inclusive.

(2) The department shall develop the supports and community resources for parents, guardians, and families of LGBTQ pupils in collaboration with parents, guardians, and families of, including, but not limited to, LGBTQ pupils.

(b) The department shall periodically update the supports and community resources for the support of parents, guardians, and families of LGBTQ pupils to reflect changes in law.

(c) (1) As used in this section, school-based supports and community resources for the support of parents, guardians, and families of LGBTQ pupils include, but are not limited to, all of the following:

(A) Parents, guardians, and families of LGBTQ pupils support groups or affinity clubs and organizations.

(B) Safe spaces for parents, guardians, and families of LGBTQ pupils.

(C) Antibullying and harassment policies and related complaint procedures for parents, guardians, and families to access.

(D) Counseling services.

(E) School staff who have received antibias or other training aimed at supporting LGBTQ youth and their parents, guardians, and families.

(F) Suicide prevention policies and related procedures for parents, guardians, and families to access.

(2) As used in this section, community resources for the support of parents, guardians, and families of LGBTQ pupils include, but are not limited to, both of the following:

(A) Local community-based organizations that provide support to parents, guardians, and families of LGBTQ youth.

(B) Local physical and mental health providers with experience in treating and supporting parents, families, and guardians of LGBTQ youth.

**SEC. 4.** Section 220.1 is added to the Education Code, to read:

**220.1.** An employee or a contractor of a school district, county office of education, charter school, or state special school for the blind or the deaf, or a member of the governing board of a school district or county office of education or a member of the governing body of a charter school, shall not in any manner retaliate or take

adverse action against any employee, including by placing the employee on administrative leave, on the basis that the employee (a) supported a pupil in the exercise of rights set forth in Article 1 (commencing with Section 200) of, Article 2.7 (commencing with Section 218) of, Article 3 (commencing with Section 220) of, or Article 4 (commencing with Section 221.5) of, this chapter, (b) performed the employee's work activities in a manner consistent with the recommendations or employer obligations set forth in this chapter, or (c) provided instruction to pupils consistent with the current content standards, curriculum frameworks, and instructional materials adopted by the state board, and any other requirements of this code, including, but not limited to, Section 51204.5 and the California Healthy Youth Act (Chapter 5.6 (commencing with Section 51930) of Part 28 of Division 4 of Title 2).

**SEC. 5.** Section 220.3 is added to the Education Code, to read:

**220.3.** (a) An employee or a contractor of a school district, county office of education, charter school, or state special school for the blind or the deaf shall not be required to disclose any information related to a pupil's sexual orientation, gender identity, or gender expression to any other person without the pupil's consent unless otherwise required by state or federal law.

(b) Subdivision (a) does not constitute a change in, but is declaratory of, existing law.

**SEC. 6.** Section 220.5 is added to the Education Code, to read:

**220.5.** (a) A school district, county office of education, charter school, state special school for the blind or the deaf, or a member of the governing board of a school district or county office of education or a member of the governing body of a charter school, shall not enact or enforce any policy, rule, or administrative regulation that would require an employee or a contractor to disclose any information related to a pupil's sexual orientation, gender identity, or gender expression to any other person without the pupil's consent, unless otherwise required by state or federal law.

(b) Subdivision (a) does not constitute a change in, but is declaratory of, existing law.

(c) Any policy, regulation, guidance, directive, or other action of a school district, county office of education, charter school, or state special school for the blind or the deaf, or a member of the governing board of a school district or county office of education or a member of the governing body of a charter school, that is inconsistent with subdivision (a) is invalid and shall not have any force or effect.

**ATTACHMENT 2**

 ← News

**Jul 15, 2024**

# Governor Newsom issues legislative update 7.15.24

SACRAMENTO – Governor Gavin Newsom today announced that he has signed the following bills:

- AB 375 by Assemblymember Laurie Davies (R-Laguna Niguel) – Food delivery platforms: disclosure of delivery drivers' identity.

- AB 1782 by Assemblymember Tri Ta (R-Westminster) – Redevelopment: successor agencies: Low and Moderate Income Housing Asset Fund.

- AB 1790 by Assemblymember Damon Connolly (D-San Rafael) – California State University: sexual harassment: implementing California State Auditor recommendations.

- AB 1870 by Assemblymember Liz Ortega (D-San Leandro) – Notice to employees: legal services.

- AB 1881 by Assemblymember Laurie Davies (R-Laguna Niguel) – California Coastal Commission: scientific panel expertise: coastal erosion.

- AB 1900 by Assemblymember Dr. Akilah Weber (D-San Diego) – Consumer refunds: nondisclosure agreements.

- AB 1903 by Assemblymember Brian Maienschein (D-San Diego) –

International commercial arbitration: procedure.

- AB 1916 by Assemblymember Brian Maienschein (D-San Diego) – Self-service storage facilities: abandoned personal property.

- AB 1924 by Assemblymember Stephanie Nguyen (D-Elk Grove) – Sacramento Regional Transit District.

- AB 1935 by Assemblymember Blanca Rubio (D-Baldwin Park) – Gaming: Indian Gaming Special Distribution Fund.

- AB 1948 by Assemblymember Anthony Rendon (D-Lakewood) – Homeless multidisciplinary personnel teams.

- AB 1955 by Assemblymember Christopher Ward (D-San Diego) – Support Academic Futures and Educators for Today's Youth Act.

- AB 1988 by Assemblymember Al Muratsuchi (D-Torrance) – Stray animals: availability for adoption or release.

- AB 2001 by Assemblymember James Gallagher (R-Yuba City) – Political Reform Act of 1974.

- AB 2018 by Assemblymember Freddie Rodriguez (D-Pomona) – Controlled substances: fenfluramine.

- AB 2049 by Assemblymember Blanca Pacheco (D-Downey) – Motions for summary judgment: filing deadlines.

- AB 2114 by Assemblymember Jacqui Irwin (D-Thousand Oaks) – Building standards: exterior elevated elements: inspection.

- AB 2227 by Assemblymember Josh Hoover (R-Folsom) – Unemployment insurance: violations.

- AB 2261 by Assemblymember Eduardo Garcia (D-Coachella) – Transportation: federal funding: tribes.

- AB 2275  by Assemblymember Mike Fong (D-Alhambra) – Trustees of the California State University: appointees.

- AB 2287 by Assemblymember Phillip Chen (R-Yorba Linda) – Inuit.

- AB 2299 by Assemblymember Heath Flora (R-Modesto) – Labor Commissioner: whistleblower protections: model list of rights and responsibilities.

- AB 2325 by Assemblymember Alex Lee (D-San Jose) – San Francisco Bay Area Rapid Transit District: officers and employees: designation and appointment.

- AB 2393 by Assemblymember Diane Dixon (R-Newport Beach) – Tidelands and submerged lands: County of Orange and Newport Bay: franchises or leases.

- AB 2474 by Assemblymember Tom Lackey (R-Palmdale) – Retirement: County Employees Retirement Law of 1937: benefit payments and overpayments.

- AB 2582 by Assemblymember Gail Pellerin (D-Santa Cruz) – Elections omnibus bill.

- AB 2608 by Assemblymember Jesse Gabriel (D-Encino) – Postsecondary education: sexual violence and sexual harassment: training.

- AB 2634 by Assemblymember Kevin McCarty (D-Sacramento) – Sacramento Regional Transit District.

- AB 2689 by Assemblymember Dr. Jasmeet Bains (D-Bakersfield) – Personal income taxes: California Alzheimer's Disease and Related Dementia Research Voluntary Tax Contribution Fund.

- AB 2730 by Assemblymember Tom Lackey (R-Palmdale) – Sexual assault: medical evidentiary examinations.

- AB 2731 by Assemblymember Wendy Carrillo (D-Los Angeles) – California Pollution Control Financing Authority: eligible projects.

- AB 2755 by Assemblymember Buffy Wicks (D-Oakland) – Claims against the state: appropriation.

- AB 2767 by Assemblymember Miguel Santiago (D-Los Angeles) – Financial Solvency Standards Board: membership.

- AB 2770 by the Committee on Public Employment and Retirement – Public employees' retirement.

- AB 2932 by Assemblymember Joe Patterson (R-Rocklin) – Pupil instruction: sextortion prevention.

- AB 2979 by Assemblymember Mike Fong (D-Alhambra) – Income taxation: exclusion: victim compensation.

- AB 3197 by Assemblymember Tom Lackey (R-Palmdale) – Elections.

- AB 3286 by the Committee on Privacy and Consumer Protection – California Consumer Privacy Act of 2018: monetary thresholds: grants.

- AB 3287 by the Committee on Revenue and Taxation – Electronic notifications.

- AB 3288 by the Committee on Revenue and Taxation – Property taxation: tax-defaulted property sales: objections and excess proceeds.

- AB 3289 by the Committee on Revenue and Taxation – Taxation: tax expenditures: information.

- SB 948 by Senator Monique Limón (D-Santa Barbara) – Political Reform Act of

1974: contribution limitations.

- SB 962 by Senator Steve Padilla (D-San Diego) – San Diego Unified Port District: public employee pension benefits.

- SB 1009 by Senator Brian Dahle (R-Bieber) – Mount Shasta Fish Hatchery: lease.

- SB 1044 by Senator Kelly Seyarto (R-Murrieta) – Bingo: overhead costs.

- SB 1097 by Senator John Laird (D-Santa Cruz) – Veterans: military and veterans: gender-neutral terms.

- SB 1172 by Senator Shannon Grove (R-Bakersfield) – Personal income tax: voluntary contributions: California Breast Cancer Research Voluntary Tax Contribution Fund and California Cancer Research Voluntary Tax Contribution Fund.

- SB 1189 by Senator Monique Limón (D-Santa Barbara) – County Employees Retirement Law of 1937: county board of retirement.

- SB 1215 by the Committee on Governmental Organization – Fire protection: Office of the State Fire Marshal: State Board of Fire Services: membership: quorum.

- SB 1224 by Senator Rosilicie Ochoa Bogh (R-Yucaipa) – Alcoholic beverage control: on-sale general license: County of Riverside.

- SB 1257 by Senator Catherine Blakespear (D-Encinitas) – Geographic Managed Care Pilot Project: County of San Diego: advisory board.

- SB 1320 by Senator Aisha Wahab (D-Silicon Valley) – Mental health and substance use disorder treatment.

- SB 1464 by Senator Angelique Ashby (D-Sacramento) – Health facilities: cardiac catheterization laboratory services.

- SB 1495 by Senator Scott Wilk (R-Santa Clarita) – Tied-house restrictions: for-profit cemeteries: City of Los Angeles.

- SB 1519 by the Committee on Governmental Organization – Gambling Control Act.

- SB 1520 by the Committee on Natural Resources and Water – Public resources.

- SB 1529 by the Committee on Military and Veterans Affairs – Veterans homes.

- SB 1530 by the Committee on Military and Veterans Affairs – Veterans homes.

The Governor also announced that he has vetoed the following bills:

- AB 2570 by Assemblymember Joe Patterson (R-Rocklin) – Department of Housing and Community Development: annual report: Homeless Housing, Assistance, and Prevention program. A veto message can be found here.

- AB 2708 by Assemblymember Jim Patterson (R-Fresno) – Office of Broadband and Digital Literacy: reports. A veto message can be found here.

For full text of the bills, visit: http://leginfo.legislature.ca.gov.

---

Categories: News, Press Releases, Recent News



## CERTIFICATE OF SERVICE

***Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.***

USDC Court Case No.: 3:23-cv-00768-BEN-WVG

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

**1.      Notice of New Authority re: Plaintiffs' Motion for Leave to Amend the Complaint and Proceed Pseudonymously.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Darrell W. Spence, Supervising Deputy Attorney General<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6089<br>E-mail: Darrell.Spence@doj.ca.gov<br>**Attorneys for Attorney General Ron Bonta** | Daniel R. Shinoff, Esq.<br>Gil Abed, Esq.<br>Jack Sleeth, Esq.<br>Maurice Bumbu, Esq.<br>Artiano Shinoff<br>3636 Fourth Avenue, Suite 200<br>San Diego, CA 92103<br>Tel: 619-232-3122<br>E-Mail: Dshinoff@as7law.com |
| Len Garfinkel, Esq., General Counsel<br>Bruce Yonehiro, Assistant General Counsel<br>Paul Gant, Assistant General Counsel<br>Christopher Mandarano, Esq., Deputy Gen. Counsel<br>Virginia Cale, Deputy General Counsel<br>California Department of Education<br>1430 "N" Street, Suite 5319<br>Sacramento, CA 95814<br>Tel: 916-319-0860; Fax: 916-322-2549<br>E-Mail: lgarfinkel@cde.ca.gov<br>E-Mail: byonehiro@cde.ca.gov<br>E-Mail: pgant@cde.ca.gov<br>E-Mail: cmandarano@cde.ca.gov<br>E-Mail: vcale@cde.ca.gov<br>**Attorneys for State Defendants** | E-Mail: nlay@as7law.com<br>E-Mail: gabed@as7law.com<br>E-Mail: jsleeth@as7law.com<br>E-Mail: mbumbu@as7law.com<br>**Attorneys for EUSD Defendants**<br><br>Emmanuelle Soichet, Esq.<br>Kevin L. Quade, Esq.<br>Deputy Attorney General<br>California Department of Justice<br>455 Golden Gate Ave., Ste. 1100<br>San Francisco, CA 94102-7004<br>E-Mail: emmanuelle.soichet@doj.ca.gov<br>E-Mail: kevin.quade@doj.ca.gov<br>**Attorneys for Governor Gavin Newsom and Attorney General Ron Bonta** |

__X__   (**BY ELECTRONIC MAIL**) I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__   (**BY ELECTRONIC FILING/SERVICE**) I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.  Executed on July 15,  2024, at Rancho Santa Fe, California.

Kathy Denworth