Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Thomas Brejcha, *pro hac vice*\*
 tbrejcha@thomasmoresociety.org
Peter Breen, *pro hac vice*\*
 pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
\*Application forthcoming

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al., <br><br>   Plaintiffs, <br><br> v. <br><br> MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al., <br><br>   Defendants. | Case No.: 3:23-cv-0768-BEN-VET <br><br> **Notice of Motion and Plaintiffs' Motion for a Class-Wide Preliminary Injunction** <br><br> Judge:           Hon. Roger T. Benitez <br> Courtroom:    5A <br> Hearing Date: November 4, 2024 <br> Hearing Time: 10:30 a.m. |

**TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 4, 2024 at 10:30 a.m., in Courtroom 5A of this Court, located at 221 West Broadway, San Diego, CA 92101, Plaintiffs Elizabeth Mirabelli, Lori Ann West, Jane Roe, Jane Boe, John Poe, Jane Poe, John Doe, and Jane Doe, by and through counsel, will and hereby do move this Court, pursuant to Fed. R. Civ. P. 65(b) and S.D. Cal. CivLR 7.1 for a class-wide preliminary injunction, prohibiting Defendant Attorney General Bonta, the CDE Defendants (State Superintendent Tony Thurmond, California State Board Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Julia Clauson), and the EUSD Defendants (EUSD Superintendent Luis Rankins-Ibarra, EUSD Board Members Mark Olson, Frank Huston, Joan Gardner, Doug Paulson, and Zesty Harper, Assistant Superintendent John Albert, Director Trent Smith, Director Tracy Schmidt, and Rincon Middle School Principal Steve White), from implementing, enforcing, facilitating, or allowing enforcement by any California public school district of any Parental Exclusion Policy.

Specifically, Plaintiffs request:

1. An injunction against Attorney General Bonta and the CDE Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from implementing or enforcing: (1) the Privacy Provision of the California Constitution, Cal. Const. art. I, § 1; (2) the Support Academic Futures and Educators for Today's Youth Act, Cal. Stats. 2024, ch. 95, §§ 4-6 (AB 1955) (creating Cal. Educ. Code §§ 220.1, 220.3, 220.5); (3) the School Success and Opportunity Act, Cal. Stats. 2013, ch. 85, § 1 (AB 1266) (creating Cal. Educ. Code, § 221.5(f)); (4) any other provision of California law, including equal protection provisions such as Cal. Educ. Code §§ 200, 220, Cal. Gov. Code § 11135;

or (5) any regulations or guidance, such as the 2016 "Legal Advisory regarding application of California's antidiscrimination statutes to transgender youth in schools" and accompanying FAQ page, or Cal. Code Regs., tit. 5, §§4900-4965, in such a manner as to:

(a): permit or require any employee in the California state-wide education system, or knowingly allow any school district to permit or require any employee in the California state-wide education system, to mislead the parent or guardian of a minor child in the education system about their child's gender presentation at school, whether by (i) directly lying to the parent, (ii) preventing the parent from accessing educational records of the child, or (iii) using a different set of preferred pronouns/names when speaking with the parents than is being used at school;

(b): permit or require any employee in the California state-wide education system, or knowingly allow any school district to permit or require any employee in the California state-wide education system, to participate in the social gender transition of a minor child by using a preferred name and preferred pronouns to refer to that child that do not match the child's legal name and natal pronouns, absent notification to the child's parent or legal guardian;

(c): permit or require any employee in the California state-wide education system, or knowingly allow any school district to permit or require any employee in the California state-wide education system, to participate in the social gender transition of a minor child by using a preferred name and preferred pronouns to refer to that child that do not match the child's legal name and natal pronouns, absent consent of the child's parent or legal guardian; and

(d): require any employee in the California state-wide education system, or knowingly allow any school district to require any employee in the California state-wide education system, to participate in the social gender transition of a minor child by using a preferred name and preferred pronouns to refer to that child that do not match the child's legal name and natal pronouns, and conceal that social gender

transition from the child's parents, over the employee's conscientious or religious objection.

2. An injunction against the EUSD Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from implementing or enforcing: (1) the Privacy Provision of the California Constitution, Cal. Const. art. 1, § 1; (2) the Support Academic Futures and Educators for Today's Youth Act, Cal. Stats. 2024, ch. 95, §§4-6 (AB 1955) (creating Cal. Educ. Code §§ 220.1, 220.3, 220.5); (3) the School Success and Opportunity Act, Cal. Stats. 2013, ch. 85, § 1 (AB 1266) (creating Cal. Educ Code, § 221.5(f)); (4) any other provision of California law, including equal protection provisions such as Cal. Educ. Code §§ 200, 220, Cal. Gov. Code § 11135; or (5) any Board Policies or Administrative Regulations, such BP 5145.3 or AR 5145.3, in such a manner as to:

(a): permit or require any EUSD employee to mislead the parent or guardian of a minor child attending EUSD schools about their child's gender presentation at school, whether by (i) directly lying to the parent, (ii) preventing the parent from accessing educational records of the child, or (iii) using a different set of preferred pronouns/names when speaking with the parents than is being used at school;

(b): permit or require any EUSD employee to participate in the social gender transition of a minor child by using a preferred name and preferred pronouns to refer to that child that do not match the child's legal name and natal pronouns, absent notification to the child's parent or legal guardian;

(c): permit or require any EUSD employee to participate in the social gender transition of a minor child by using a preferred name and preferred pronouns to refer to that child that do not match the child's legal name and natal pronouns, absent consent of the child's parent or legal guardian; and

(d): require any EUSD employee to participate in the social gender transition of a minor child by using a preferred name and preferred pronouns to refer to that

child that do not match the child's legal name and natal pronouns, and conceal that social gender transition from the child's parents, over the employee's conscientious or religious objection.

This motion is made on the grounds that Defendants' Parental Exclusion Policies violate all California parents' right to direct the upbringing of their children and religious California parents' right to free exercise of religion, and that Defendants' Parental Exclusion Policies violate California teachers' First Amendment rights to freedom of speech and free exercise of religion. Defendants' deprivation of Californians' constitutional liberty is causing them irreparable injury. The relief Plaintiffs request would not harm any lawful interest of the Defendants and granting them the requested relief would serve the public interest.

Further, Plaintiffs request that the Court waive any bond requirement in issuing the injunction because enjoining Defendants from unconstitutionally violating Californians' constitutional rights will not financially affect Defendants.

This motion is supported by the accompanying Memorandum of Points and Authorities, by the declaration of Paul M. Jonna, Esq., by the Appendix of Evidence, and by the Appendix of Previously Submitted declarations, containing declarations from Elizabeth Mirabelli, Lori Ann West, Jane Roe, Jane Boe, John Poe, Jane Poe, John Doe, Jane Doe, and Erica Anderson, Ph.D., and by such further argument and evidence that may be adduced at any hearing on this matter or of which the Court may take judicial notice.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: September 24, 2024          By: _____
                                       Charles S. LiMandri
                                       Paul M. Jonna
                                       Jeffrey M. Trissell
                                       Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*
USDC Court Case No.: 3:23-cv-00768-BEN-WVG

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

1. **Notice of Motion and Plaintiffs' Motion for a Class-Wide Preliminary Injunction;**
2. **Memorandum of Points & Authorities in Support of Plaintiffs' Motion for a Class-Wide Preliminary Injunction;**
3. **Declaration of Paul. M. Jonna, Esq., in Support of Plaintiffs' Motion for a Class-Wide Preliminary Injunction;**
4. **Appendix of Evidence, Volume I, in Support of Plaintiffs' Motion for a Class-Wide Preliminary Injunction;**
5. **Appendix of Evidence, Volume II, in Support of Plaintiffs' Motion for a Class-Wide Preliminary Injunction;**
6. **Appendix of Evidence, Volume III, in Support of Plaintiffs' Motion for a Class-Wide Preliminary Injunction; and**
7. **Appendix of Previously Submitted Declarations in Support of Plaintiffs' Motion for a Class-Wide Preliminary Injunction.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Darrell W. Spence, Supervising Deputy Attorney General<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6089<br>E-mail: Darrell.Spence@doj.ca.gov<br>**Attorneys for Attorney General Ron Bonta**<br><br>Len Garfinkel, Esq., General Counsel<br>Bruce Yonehiro, Assistant General Counsel<br>Paul Gant, Assistant General Counsel<br>Christopher Mandarano, Esq., Deputy Gen. Counsel<br>Virginia Cale, Deputy General Counsel<br>California Department of Education<br>1430 "N" Street, Suite 5319<br>Sacramento, CA 95814<br>Tel: 916-319-0860; Fax: 916-322-2549<br>E-Mail: lgarfinkel@cde.ca.gov<br>E-Mail: byonehiro@cde.ca.gov<br>E-Mail: pgant@cde.ca.gov<br>E-Mail: cmandarano@cde.ca.gov<br>E-Mail: vcale@cde.ca.gov<br>**Attorneys for State Defendants** | Daniel R. Shinoff, Esq.<br>Gil Abed, Esq.<br>Jack Sleeth, Esq.<br>Maurice Bumbu, Esq.<br>Artiano Shinoff<br>3636 Fourth Avenue, Suite 200<br>San Diego, CA 92103<br>Tel: 619-232-3122<br>E-Mail: Dshinoff@as7law.com<br>E-Mail: nlay@as7law.com<br>E-Mail: gabed@as7law.com<br>E-Mail: jsleeth@as7law.com<br>E-Mail: mbumbu@as7law.com<br>**Attorneys for EUSD Defendants**<br><br>Emmanuelle Soichet, Esq.<br>Kevin L. Quade, Esq.<br>Deputy Attorney General<br>California Department of Justice<br>455 Golden Gate Ave., Ste. 1100<br>San Francisco, CA 94102-7004<br>E-Mail: emmanuelle.soichet@doj.ca.gov<br>E-Mail: kevin.quade@doj.ca.gov<br>**Attorneys for Governor Gavin Newsom and Attorney General Ron Bonta** |

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

**CERTIFICATE OF SERVICE - CONT'D**.

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*

USDC Court Case No.: 3:23

__X__  **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on September 24, 2024, at Rancho Santa Fe, California.

_____
Kathy Denworth