ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
EMMANUELLE S. SOICHET (SBN: 290754)
KEVIN QUADE (SBN: 285197)
Deputy Attorneys General
  State Bar No. 285197
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7693
  Fax: (916) 324-8835
  E-mail: Kevin.Quade@doj.ca.gov
*Attorneys for Defendant Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, et al.,**<br><br>                        Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>                        Defendants. | 3:23-cv-00768-BEN-VET<br><br>**DEFENDANT BONTA'S REPLY IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' NEW MOTION FOR A CLASS-WIDE PRELIMINARY INJUNCTION**<br><br>Courtroom: 5A<br>Judge:      The Honorable Roger T. Benitez<br><br>Action Filed:     4/27/2023 |

1

Def. Bonta's Reply ISO Ex Parte App. to Continue Pls.' New Mot. for Prelim. Inj. (3:23-cv-00768-BEN-VET)

# REPLY ARGUMENT

Plaintiffs' Opposition mischaracterizes the Attorney General's ex parte application as asking the Court to "summarily *deny* Plaintiffs' motion for a preliminary injunction." Pls.' Opp'n to Def. Bonta's Ex Parte App. to Continue Hearing on Pls.' Mot. for a Class-Wide Prelim. Inj. at 1 (ECF No. 155) (emphasis added). The Attorney General has made no such request; rather, he merely asks the Court to reject Plaintiffs' attempt to circumvent the Court's already-issued ruling that any *new* preliminary injunction motion should wait until the Court rules on Defendants' motions to dismiss. The Attorney General has filed his motion to dismiss, which, along with motions to dismiss from the other defendants, will be heard soon, on November 4, 2024. ECF No. 156. Thus, litigation over Plaintiffs' new preliminary injunction request will not be held in abeyance "indefinitely," but rather only until the Court hears and resolves the motions to dismiss next month.

Plaintiffs primarily contend that the Court left the door open to their immediately filing a new preliminary injunction motion. But they entirely ignore the fact that the Court has *already* denied their request to have a preliminary injunction heard immediately and prior to resolution of the Attorney General's motion to dismiss. To reiterate: in their Ex Parte Application to Reconsider or Clarify (ECF No. 145), Plaintiffs explicitly requested that the Court issue an order that would "allow Plaintiffs to *immediately* seek class-wide injunctive relief, either *preliminary* or permanent." ECF No. 145 at 15 (emphasis added); *see also id.* at 3 (requesting "clarification regarding whether Plaintiffs may re-file their . . . motion for a preliminary injunction"). And this Court unequivocally denied Plaintiffs' request in its entirety:

> MINUT[]E ORDER issued by the Honorable Roger T. Benitez: Denying 145 Motion for Reconsideration re 145 Ex Parte MOTION for Reconsideration re 144 Order on Motion to Continue Or Clarify Order Granting Defendant Bontas Application to Stay Plaintiffs Motions for Summary Judgment and Class Certification.

2

Def. Bonta's Reply ISO Ex Parte App. to Continue Pls.' New Mot. for Prelim. Inj.   (3:23-cv-00768-BEN-VET)

ECF No. 151.  Thus, the Court's pronouncement on this matter was clear: the next step in this litigation will be the Court's consideration of Defendants' motions to dismiss, and other motion practice will follow, if necessary, thereafter.

Plaintiffs make much of the fact that, prior to the Court's closing the door on the matter, the Attorney General had at one point stated that Plaintiffs might still be able to seek preliminary injunctive relief prior to resolution of the motions to dismiss.  Opp'n 2-3.  But Plaintiffs overstate the Attorney General's statements.  The Attorney General's full statement on this was: "If obtaining preliminary injunctive relief is Plaintiffs' primary objective, they still have an opportunity to file a separate motion for preliminary injunction and work with Defendants on a reasonable briefing schedule that allows Defendants a meaningful opportunity to respond."  ECF No. 142 at 8.  Plaintiffs have not attempted to work with Defendants on a "reasonable briefing schedule" that allows the Attorney General and the other defendants a "meaningful opportunity" to gather evidence, conduct discovery, and provide the Court with a fulsome opposition briefing package.  In any event, the Court has mooted this issue by rejecting Plaintiffs' explicit request to file a new preliminary injunction motion prior to resolution of the motions to dismiss.  ECF No. 151.

Finally, Plaintiffs contend that there is an urgent and imminent need to have their preliminary injunction motion heard immediately.  Opp'n 3-4.  But Plaintiffs already made the same arguments regarding alleged harms in their application for reconsideration, *compare id. with* Pls.' Ex Parte App. to Reconsider Or Clarify at 2, 4, 14 (ECF No. 145), which contained their request that the Court allow them to file a new preliminary injunction motion immediately.  Again, the Court flatly denied that request despite Plaintiffs' proffer of the same purported harms they now invoke.  ECF No. 151.  And, as the Attorney General explains in his motion to dismiss, among other deficiencies in their legal case against him, Plaintiffs' pleadings do not and cannot connect these purported harms to any actions of the

3

Def. Bonta's Reply ISO Ex Parte App. to Continue Pls.' New Mot. for Prelim. Inj.  (3:23-cv-00768-BEN-VET)

Attorney General, and they therefore cannot have them redressed by any court order issued against the Attorney General. *See* Def. Att'y Gen. Bonta's Mot. to Dismiss, Mem. of P&A, at 8-9, 16-21 (ECF No. 156-1); *see also id.* at 21-24 (explaining why the Attorney General is immune from this lawsuit under the Eleventh Amendment). That is why (among other reasons) the Court should resolve these and other issues regarding whether the Attorney General is a proper defendant in this lawsuit before considering Plaintiffs' arguments regarding preliminary injunctive relief.

## CONCLUSION

The Court should continue the hearing on Plaintiffs' new motion for class-wide preliminary injunction until after it resolves the Attorney General's pending motion to dismiss.

Dated: October 2, 2024                                   Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
EMMANUELLE S. SOICHET
Deputy Attorney General

KEVIN L. QUADE
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*

4

Def. Bonta's Reply ISO Ex Parte App. to Continue Pls.' New Mot. for Prelim. Inj. (3:23-cv-00768-BEN-VET)

# CERTIFICATE OF SERVICE

Case Name:   **Mirabelli et al. v. Olson, et al.**          No.   **3:23-cv-0768-BEN-VET**

I hereby certify that on October 2, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT BONTA'S REPLY IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' NEW MOTION FOR A CLASS-WIDE PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 2, 2024, at Sacramento, California.

|  |  |
|---|---|
| Kevin L. Quade | */s/ Kevin L. Quade* |
| Declarant | Signature |