LEN GARFINKEL, State Bar No. 114815
General Counsel
PAUL GANT, State Bar No. 159844
Assistant General Counsel
VIRGINIA CALE, State Bar No. 258557
Deputy General Counsel
CHRISTOPHER MANDARANO, State Bar No. 263625
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile:  916-322-2549
Email: cmandarano@cde.ca.gov

Attorneys for Defendants Tony Thurmond in his official capacity as State Superintendent of Public Instruction and State Board of Education Members in their official capacities

*(Defendants Tony Thurmond in his official capacity and State Board of Education Members in their official capacity are Governmental Parties Exempt from the Provisions of FRCP 7.1)*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>MARK OLSON, Superintendent of Child Poe's school district, et al.,<br><br>  Defendants. | Case No. 3:23-cv-0768-BEN-VET<br><br>REPLY IN SUPPORT OF DEFENDANTS SBE MEMBERS' MOTION TO DISMISS<br><br>**Hearing Date:** November 4, 2024<br>**Time:**         10:30 AM<br>**Courtroom:**   5A<br>**Judge:**        Hon. Roger T. Benitez |

## I. INTRODUCTION

Defendants, the State Board of Education members ("SBE"), submit this Reply in support of their Motion to Dismiss, specifically to address Plaintiffs' failure to rebut SBE's argument that it is an improper party to this action. Plaintiffs' opposition fails to show any SBE action related to the California Department of Education ("CDE") guidance related to gender identity at issue here. Instead of demonstrating a cogent theory of liability clarifying how the statements made in the CDE's FAQ and Legal Advisory are traceable to the SBE, Plaintiffs' opposition relies on a cursory mention of the SBE's oversight role in a footnote, offering no specifics regarding any formal action by the SBE Board to endorse, adopt, or enforce the disputed CDE policies. This absence of any rebuttal is further confirmation that SBE does not belong in this lawsuit and should be dismissed.

In the interest of judicial economy and to avoid unnecessary duplication, SBE incorporates by reference the legal arguments set forth in Defendant State Superintendent of Public Instruction's ("SSPI") Reply Brief in support of their Motion to Dismiss, specifically Sections I, II, III, IV, and subsections A and B of Section V addressing, among others, the inapplicability of Plaintiffs' arguments in their opposition regarding the Law of the Case, Free Exercise and Speech and Parental Rights as well as the insufficiency of the plaintiffs' standing to bring this action. The SBE members adopt those arguments as though fully set forth herein, as they apply equally to the SBE.

## II. ARGUMENT

**A. The Parent Plaintiffs Claimed Injury Is Not Caused by Any Action of the SBE**

In their opposition, Plaintiffs effectively concede that the SBE is not responsible for information posted by the CDE by not addressing it all. *Pecover v. Electronics Arts Inc.*, 633 F.Supp.2d 976, 984-985 (N.D. Cal. 2009). Indeed, as Plaintiffs fail to dispute, the SBE's statutory authority is expressly limited to actions taken during official board meetings, following California's procedural mandates under Education Code §§ 33030 and 33031 and the Bagley-Keene Open Meeting Act (Gov. Code § 11120 *et seq.*). This

provision restricts the SBE's capacity to take any binding action outside of noticed meetings. Further, under Government Code § 815.2, a public entity in California is liable for its employees' actions only if the employee is personally liable and no immunity applies. By contrast, the Legislature intended the Superintendent to be involved in "the practical management and direction of the executive department." *State Bd. of Educ. v. Honig,* 13 Cal. App. 4th 720, 766 (1993). In this role, the Superintendent is responsible for day-to-day execution of Board policies, supervision of staff, and more detailed aspects of program and budget oversight.

Plaintiffs fail to establish a causal link between any SBE meeting action and the alleged injuries. Instead, Plaintiffs attempt to assign liability to the SBE based on general assertions about its oversight role in a single footnote. Plaintiffs' Opp. at p. 7, n. 2. However, Plaintiffs cite no specific SBE meeting where policies concerning the CDE's guidance on gender identity were ever discussed, endorsed, or ratified. Moreover, to the extent that Plaintiffs appear to suggest a theory of vicarious liability on the part of the SBE for CDE publications, this assumption is both unfounded and untenable because Plaintiffs' pleadings contain no allegations of formal action by the SBE as a whole or any individual member. Accordingly, given Plaintiffs' own concessions and their failure to establish the necessary affirmative link for causation—or any viable theory of liability—the SBE should be dismissed from this action.

### B. Joinder of LEAs is Necessary for Proper Relief

Plaintiffs not only improperly name the SBE as a defendant but also overlook the most relevant parties: the local education agencies ("LEAs") attended by the Poe and Doe children that allegedly withheld information about the children's gender identities. The notion that these LEAs are unnecessary parties strains credulity, as they are the entities directly responsible for developing and implementing the disputed policies. Under Rule 19(a)(1)(A), a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." LEAs are responsible for adopting and enforcing privacy policies, making their absence here a barrier to complete

relief. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.,* 276 F.3d 1150, 1155 (9th Cir. 2002).

In *Milliken v. Bradley,* 418 U.S. 717 (1974), the Supreme Court held that while suburban districts were not directly responsible for segregation in Detroit, they were necessary for a comprehensive remedy because school district boundaries could not be ignored when crafting an effective desegregation plan. The Court acknowledged the deeply entrenched local control over education. "School district lines may not be casually ignored or treated as a mere administrative convenience; substantial local control of public education is a deeply rooted tradition." *Id*. at 742.

Here, the LEAs—like the suburban districts in *Milliken*—play a crucial role in implementing the very policies Plaintiffs challenge. Therefore, their participation is essential to ensure that any judgment rendered is fully enforceable at the local level. As the CDE's FAQs and Legal Advisory are not prescriptive, a failure to join the LEAs would render the relief ineffective because it would leave key implementation and enforcement decisions in the hands of the districts. Accordingly, the involvement of districts is indispensable to achieve full compliance and consistent application of any court-ordered relief.

Moreover, when an absent party is indispensable, the case must be dismissed if the party is not joined. Republic of the *Philippines v. Pimentel,* 553 U.S. 851, 869 (2008). As the Supreme Court stated in *Provident Tradesmens Bank & Tr. Co. v. Patterson,* 390 U.S. 102, 124-125 (1968):

> One basis for dismissal is prejudice to the rights of an absent party that 'cannot' be avoided in issuance of a final decree. Alternatively, if the decree can be so written that it protects the interests of the absent persons, but as so written it leaves the controversy so situated that the outcome may be inconsistent with 'equity and good conscience,' the suit should be dismissed.

Failing to join the districts would result in inconsistent outcomes across the state, undermining both the fairness and enforceability of any relief. Plaintiffs' argument that the CDE alone can implement or enforce a judgment overlooks the fact that LEAs

exercise local control over the adoption, implementation, and enforcement of their student privacy regulations. Accordingly, the complaint against the SBE should be dismissed because no relief could be granted without either significantly prejudicing the absent LEAs or creating inconsistencies that compromise their local authority.

### 1. Local Educational Agencies Have a Significant, Cognizable Interest

Rule 19 requires joinder when an absentee's legally protected interest may be impaired. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). LEAs, including EUSD, draft, adopt, and enforce policies on gender identity disclosures and student privacy. A ruling here could alter their legal obligations, requiring procedural overhauls and risking liability. Financially, if these policies are invalidated, LEAs would bear the costs of revising procedures, retraining staff, and defending lawsuits—real, not hypothetical, risks.

Additionally, LEAs have a protected interest in preserving local control over education, a right enshrined in California law. California Education Code § 35160 grants school boards broad discretion to act within the law, while § 33308.5 emphasizes that CDE "[p]rogram guidelines... shall not be prescriptive." Thus, LEAs—not the SBE—retain discretion as to whether and how to implement guidance from the CDE or CSBA locally and any relief granted without the LEAs would directly impact this decision-making and authority.

### 2. There Can Be No Complete Relief Without the LEAs

Plaintiffs' claim that the court can grant complete relief without the school districts ignores their control over privacy policies. The LEAs are similar to the Native American tribe in *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774 (9th Cir. 2005). In *Peabody*, the Equal Employment Opportunity Commission ("EEOC") sought to stop a mining company from enforcing hiring preferences that favored Navajo individuals over other Native Americans, claiming that the provision in the leases between Peabody and the Navajos constituted unlawful employment discrimination. Although the EEOC did not name the Navajo tribe as a defendant, the court held that the Navajo Nation was

nonetheless indispensable because it was a party to the leases in question and even if the plaintiff prevailed in the absence of the Navajo Nation, the tribe could "possibly initiate further action to enforce the employment preference against Peabody, even though that preference would have been held illegal in this litigation." *Id.* at 780.

Here, the LEAs control the local implementation and enforcement of student privacy policies—similar to the enforcement of the lease-based hiring preferences in *Peabody*, making their participation essential for complete relief. Any judgment without the LEAs could lead to inconsistent application of privacy policies across districts, leaving gaps in enforcement and legal uncertainty. Even if the court were to enjoin the CDE from publishing its non-binding guidance, districts could still enforce their own student privacy policies. Therefore, the LEAs' participation is essential to ensuring uniform enforcement of any judgment rendered by the court.

### III. CONCLUSION

For at least the reasons set forth above and in SBE's Motion to Dismiss, Plaintiffs' claims against the SBE should be dismissed.

Dated: October 28, 2024          By:/s/ Christopher Mandarano
                                     CHRISTOPHER MANDARANO
                                     Attorney for Defendant SBE