UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  3:23-cv-00768-BEN-VET<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE HELD ON FEBRUARY 14, 2025** |

　　　　On February 14, 2025, the Court held a Discovery Conference in response to a discovery dispute involving the timeliness of a third-party subpoena. Doc. Nos. 209, 210. On February 11, 2025, Defendant Bonta served a subpoena, with a production deadline of February 14, 2025, on a third-party therapist to obtain mental health records (the "Subpoena"). On February 13, 2025, the third-party therapist responded and agreed to produce records by February 28, 2025. The Second Amended Scheduling Order requires all fact discovery to be completed, not just initiated, by February 14, 2025. Doc. No. 179 at 4.

Defendant Bonta first notified Plaintiffs of the Subpoena on February 6, 2025 in accordance with the Protective Order in this matter. *See* Doc. No. 189. Plaintiffs responded to Defendant Bonta's notice on February 11, objecting solely to the Subpoena's timeliness. Plaintiffs renewed their timeliness objection before the Court during the Discovery Conference. Plaintiffs argued that Defendant Bonta knew of the subpoenaed records by at least January 15, 2025 and that permitting production of the subpoenaed documents after the discovery cutoff would be procedurally unfair. Defendant Bonta argued that the subpoena was timely served and the short delay past the cutoff was reasonable considering the parties' significant fact discovery efforts in recent weeks. Both parties also addressed the issue of the subpoenaed documents' relevance as it relates to the issue of timeliness.

Plaintiffs did not articulate, to the Court's satisfaction, any prejudice resulting from the subpoenaed documents being produced by February 28, 2025 instead of February 14, 2025. In turn, the Court finds that denying access to the subpoenaed documents based on a timeliness objection would prejudice Defendant Bonta. Further, while the Court recognizes that the Subpoena was served close to the fact discovery cutoff, both parties have been granted some leniency regarding the cutoff date in connection with certain depositions. *See, e.g.*, Doc. Nos. 203, 206.

Accordingly, based on the argument of the parties, and for the reasons stated on the record during the Discovery Conference, Plaintiffs' timeliness objection to the Subpoena is **OVERRULED**. Any documents produced in response to the Subpoena shall be marked **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** in accordance with the Protective Order. *See* Doc. No. 189 at 15. Within five days of receipt, Defendant Bonta shall serve Plaintiffs with a copy of any documents produced in response to the Subpoena.

**IT IS SO ORDERED**.

Dated: February 19, 2025

Honorable Valerie E. Torres
United States Magistrate Judge