UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, and individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>Defendants. | Case No.:  23-cv-00768-BEN-VET<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE JOINT EX PARTE APPLICATION FOR AN ORDER COMPELLING PRODUCTION AND (2) OPENING FACT DISCOVERY FOR LIMITED PURPOSE**<br><br>**[Doc. No. 229]** |

Before the Court is a Joint Ex Parte Application for an Order Compelling Production of Child Poe's Therapy Records. Doc. No. 229 ("Joint Application"). Therein, Plaintiffs and Defendant Rob Bonta ("Defendant Bonta") request that the Court order two therapists, Melissa Bright and William Moran (collectively the "Therapists"), to produce therapy treatment records of Child Poe, the child of Plaintiffs John and Jane Poe who are proceeding pseudonymously. *See generally id.* On February 26, 2025, Plaintiffs agreed to produce the referenced treatment records as part of a supplemental document production. *Id.* at 2. Plaintiffs then requested the treatment records directly from the Therapists. *Id.* at 2–3. However, the Therapists refused to produce the requested records, responding that a

1

court order was required given the treatment records' sensitive nature. *Id.* at 3. Thus, Plaintiffs and Defendant Bonta now jointly seek a Court order, directing the Therapists to produce the requested records to Plaintiffs, who in turn will produce them to Defendant Bonta. *Id.* at 4.

First, the Court notes that fact discovery in this matter closed on February 14, 2025. *See* Doc. No. 179 at 4. And it appears that neither party served the Therapists with a subpoena, pursuant to Fed. R. Civ. P. 45, seeking the records at issue. Despite the absence of a subpoena, Plaintiffs and Defendant Bonta request that the Court compel production of records from third parties. However, a motion to compel is not the appropriate means to obtain documents from a third party. "A Rule 45 subpoena is the only discovery method by which information may be obtained from a third party." *Gonzalez v. Fresno Sheriff's Dep't*, No. 1:15-cv-01200-BAM (PC), 2017 U.S. Dist. LEXIS 109853, *7 (E.D. Cal. July 13, 2017); *see also* Fed. R. Civ. P. 34(c) (non-parties may be compelled to produce documents by subpoena), 45 (authorizing subpoenas); *Frazier v. Redding Police Dept.*, No. CIV S-11-1351 GGH P, 2012 U.S. Dist. LEXIS 165167, at *22–24 (E.D. Cal. Nov. 19, 2012) (motion to compel non-party to provide documents not proper in the absence of appropriate service of a non-party subpoena in accordance with Fed. R. Civ. P. 45(b)(1)). Therefore, the Court cannot order the Therapists, as third parties, to produce records absent a valid subpoena. Thus, the Court **DENIES WITHOUT PREJUDICE** the Joint Application.

Nevertheless, considering Plaintiffs' agreement with Defendant Bonta to produce, the Court recognizes that the therapy treatment records referenced in the Joint Application likely require production to satisfy Plaintiffs' continuing obligation to supplement their document production. *See L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) ("The duty to supplement continues even after the discovery period has closed.") (internal quotations and citations omitted). To facilitate Plaintiffs' obligation to supplement, the Court finds that good cause exists to reopen fact discovery *for the limited*

*purpose* of serving the Therapists with Rule 45 subpoenas. Accordingly, the Court **ORDERS** the following:

1. Fact discovery shall **REOPEN** for the limited purpose of permitting Plaintiffs to serve Melissa Bright and William Moran with subpoenas pursuant to Fed. R. Civ. P. 45, seeking the therapy treatment records of Child Poe that are identified in the Joint Application. The Court notes that "a subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions." *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983).

2. On or before **April 7, 2025**, Plaintiffs shall **SERVE** the aforementioned Rule 45 subpoenas on Melissa Bright and William Moran in accordance with all requirements for service under the Federal Rules.

3. Plaintiffs shall seek subpoena responses, including the production of the therapy treatment records identified in the Joint Application, from Melissa Bright and William Moran by no later than **April 28, 2025**.

4. Upon receipt of any therapy treatment records from Melissa Bright and William Moran, Plaintiffs shall **PRODUCE** the records to Defendant Bonta no later than **two business days after receipt** of such records.

5. If Melissa Bright and/or William Moran fail to timely respond to the subpoenas, Plaintiffs and Defendant Bonta may **FILE** a joint motion to compel production by no later than **April 30, 2025**.

**IT IS SO ORDERED.**

Dated:  April 3, 2025

Honorable Valerie E. Torres
United States Magistrate Judge