ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
JENNIFER A. BUNSHOFT (SBN 197306)
KEVIN L. QUADE (SBN 285197)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3377
  Fax:  (415) 703-5480
  E-mail:  Jennifer.Bunshoft@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BEN-VET<br><br>**DECLARATION OF JENNIFER A. BUNSHOFT IN SUPPORT OF STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON PROSPECTIVE RELIEF CLAIMS**<br><br>Date:            September 29, 2025<br>Time:           10:30 a.m.<br>Dept:           5A<br>Judge:          The Honorable Roger T. Benitez<br>Trial Date:     Not assigned<br>Action Filed:   April 27, 2023 |

I, Jennifer A. Bunshoft, declare:

1.   I am an attorney licensed to practice before all courts of the State of California and am a Deputy Attorney General employed by the California Office of the Attorney General, counsel of record for Defendant Rob Bonta, in his official capacity as Attorney General of California, Defendant Tony Thurmond, in his official capacity as California Superintendent of Public Instruction, and the State

Board of Education Members in their official capacities (collectively, State Defendants), in this matter.  I am familiar with the proceedings in this matter.  If called as a witness, I could and would testify competently thereto.

2.   On July 16, 2025, Plaintiffs emailed their proposed Judgment and Class-Wide Permanent Injunction, submitted in connection with their motion filings, to the Court and opposing counsel.  A true and correct copy of that proposed Judgment and Class-Wide Permanent Injunction is attached hereto as Exhibit 1.

3.   On July 10, 2024, the Court held a hearing on Plaintiffs' motion to amend their complaint.  A true and correct copy of excerpts of the transcript of the July 10, 2024 hearing are attached hereto as Exhibit 2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on September 8, 2025.

By: _____

Jennifer A. Bunshoft

Declaration of Jennifer A. Bunshoft iso State Defendants' Opposition to Plaintiffs' Motion For Summary Judgment (3:23-cv-00768-BEN-VET)

## TABLE OF CONTENTS

| Exh. No. | Description | Page Numbers |
|---|---|---|
| 1 | Proposed Judgment | 001 - 006 |
| 2 | Deposition Excerpts - July 10, 2024 Hearing on Plaintiffs' Motion to Amend Complaint | 007 - 017 |

EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al., | Case No.: 3:23-cv-0768-BEN-VET **[Proposed] JUDGMENT AND CLASS-WIDE PERMANENT INJUNCTION** |
| Plaintiffs, | |
| v. | |
| MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al., | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 54 and 58(a), the Court enters judgment as follows.

## I.   DEFINITIONS

The following terms are defined as follows:

A. CDE: California Department of Education.

B. EUSD: Escondido Union School District.

C. The CDE Defendants: Defendants State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Julian Clauson.

D. EUSD Official-Capacity Defendants: Defendants EUSD Superintendent Luis Rankins-Ibarra and EUSD Board of Education Members Mark Olson, Frank Huston, Joan Gardner, Doug Paulson, and Zesty Harper.

E. EUSD Personal-Capacity Defendants: Defendants EUSD Assistant Superintendent John Albert, EUSD Director Trent Smith, EUSD Director Tracy Schmidt, and EUSD Rincon Middle School Principal Steve White.

F. Teacher Plaintiffs: Plaintiffs Elizabeth Mirabelli, Lori Ann West, Jane Roe, and Jane Boe.

G. Parent Plaintiffs: Plaintiffs John Poe, Jane Poe, John Doe, and Jane Doe.

## II.   CLAIMS

The Court enters judgment on:

- All Teacher Plaintiffs' First Cause of Action (Free Speech) in favor of Plaintiffs and the First Sub-Class, and against Attorney General Bonta and the CDE Defendants; and Plaintiffs Roe and Boe's First Cause of Action (Free Speech) in favor of Plaintiffs and the First Sub-Class, and against the EUSD Official-Capacity Defendants.

- All Teacher Plaintiffs' Second and Third Causes of Action (Free

2

Exercise) in favor of Plaintiffs and the Second Sub-Class, and against Attorney General Bonta and the CDE Defendants; and Plaintiffs Roe and Boe's Second and Third Causes of Action (Free Exercise) in favor of Plaintiffs and the Second Sub-Class, against the EUSD Official-Capacity Defendants.

- Parent Plaintiffs' Seventh Cause of Action (Substantive Due Process) in favor of Plaintiffs and the Third Sub-Class, and against Attorney General Bonta and the CDE Defendants.

- Parent Plaintiffs' Sixth and Eighth Causes of Action (Free Exercise) in favor of Plaintiffs and the Fourth Sub-Class, and against Attorney General Bonta and the CDE Defendants.

The Court enters the declaratory relief and class-wide permanent injunction specified in Sections IV and V as a remedy for these claims.

## III.    COSTS AND ATTORNEYS' FEES

Plaintiffs are the prevailing parties for purposes of taxable costs. The amount of taxable costs to be awarded, and the entitlement of any party to non-taxable costs and attorneys' fees, shall be determined in accordance with Federal Rule of Civil Procedure 54 and Local Rule 54.1.

## IV.    DECLARATORY RELIEF

For the reasons stated in the Court's order on Plaintiffs' motion for summary judgment and entry of a permanent injunction, the Court adjudges, declares, and decrees that:

1.    The social gender transition of a minor child to a non-natal gender implicates the fundamental liberty rights of parents, under the Fourteenth Amendment, to marry, establish a home, and bring up children according to the parents' conception of what is right and just, and is not narrowly tailored to achieve a compelling governmental interest. Thus, the government may not engage in the social gender transition of a minor child absent parental notification and consent. *See* U.S. Const.

amend. XIV. Any contrary state law that conflicts with this is necessarily preempted.

2.    Any record maintained by a school district which lists information specific to a child, such as that child's preferred non-natal name and pronouns, is an educational record under the Family Educational Rights and Privacy Act to which the parents are entitled to access. *See* 20 U.S.C. § 1232g, 34 C.F.R. § 99. Any contrary state law that conflicts with this is necessarily preempted.

3.    The manner by which the social gender transition of a minor child to a non-natal gender is effected in California public schools reveals that doing so is not neutral or generally applicable, and implicates the free exercise rights of parents to direct the religious upbringing of their children, and is not narrowly tailored to achieve a compelling governmental interest. As a result, government employees are not required to hide a child's gender transition from their parents over the teacher's religious objection and parents are not required to allow their child to engage in a gender transition at school over their religious objection. *See* U.S. Const. amend. I.

4.    The use of a non-natal preferred name and pronouns to refer to a minor engaging in a social gender transition is speech on a matter of public interest, unnecessary to the provision of education, and core ideological speech that cannot be outweighed by any governmental administrative interest. As a result, government employees cannot be coerced, over their conscientious objection, to use a non-natal preferred name and pronouns to refer to a minor engaging in a social gender transition without the parent's knowledge or consent. *See* U.S. Const. amend. I.

## V.    CLASS-WIDE PERMANENT INJUNCTION

For the reasons stated in the Court's order on Plaintiffs' motion for summary judgment and entry of a permanent injunction, the Court enters the following class-wide permanent injunction:

1.    Defendants Attorney General Rob Bonta, State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon

Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Julian Clauson, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order, or know of the existence of this injunction order, are enjoined, on a state-wide basis, from (1) enforcing, implementing, or recommending Parental Exclusion Policies ("PEPs")* and (2) knowingly allowing school districts and state education employees to enforce, implement, or recommend PEPs, including by using a student's preferred names and pronouns without parental consent, against any member of the Class.**

*"PEPs" are defined as the requirements identified by the California Department of Education in its webpage "School Success and Opportunity Act (Assembly Bill 1266) Frequently Asked Questions," which provide that (1) "school districts should accept and respect a student's assertion of their gender identity where the student expresses that identity at school," (2) "schools must consult with a transgender student to determine who can or will be informed of the student's transgender status, if anyone, including the student's family"; (3) "[w]ith rare exceptions, schools are required to respect the limitations that a student places on the disclosure of their transgender status, including not sharing that information with the student's parents"; and (4) "[a] transgender student's right to privacy does not restrict a student's right to openly discuss and express their gender identity or to decide when or with whom to share private information."

**"The Class" is defined as all individuals who desire to participate in California's public education system, whether as employees or parents/guardians of students, without having to subject themselves to Parental Exclusion Policies, and

    (1) Are employees who object on ideological or conscience grounds, whether religious or secular, to complying with Parental Exclusion Policies (Claim for Relief #1);

[Proposed] JUDGMENT AND CLASS-WIDE PERMANENT INJUNCTION 005

(2) Are employees who object on religious grounds to complying with Parental Exclusion Policies (Claims for Relief #2-3);

(3) Are legal guardians who object on ideological or conscience grounds, whether religious or secular, to having Parental Exclusion Policies applied against them and have children who are attending California public schools and are experiencing, or have experienced, gender incongruence (Claim for Relief #7); or

(4) Are legal guardians who object on religious grounds to having Parental Exclusion Policies applied against them and have children who are attending California public schools and are experiencing, or have experienced, gender incongruence (Claims for Relief #6, 8).

2.     Defendants EUSD Superintendent Luis Rankins-Ibarra and EUSD Board of Education Members Mark Olson, Frank Huston, Joan Gardner, Doug Paulson, and Zesty Harper, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order, or know of the existence of this injunction order, are enjoined, on a state-wide basis, from (1) enforcing, implementing, or recommending Parental Exclusion Policies ("PEPs") and (2) knowingly allowing school districts and state education employees to enforce, implement, or recommend PEPs, including by using a student's preferred names and pronouns without parental consent, against any member of the Class.

**IT IS SO ORDERED.**

DATED: _____          _____
                                 **HON. ROGER T. BENITEZ**
                                 United States District Judge

[Proposed] JUDGMENT AND CLASS-WIDE PERMANENT INJUNCTION006

EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA


ELIZABETH MIRABELLI, AN INDIVIDUAL,   .
AND LORI ANN WEST, AN INDIVIDUAL,     .
                                      .
     PLAINTIFFS,                      . NO.23-CV-0768
                                      .
          V.                          . JULY 10, 2024
                                      .
MARK OLSON, IN HIS OFFICIAL CAPACITY . 10:30 A.M.
AS PRESIDENT OF THE EUSD BOARD OF     .
EDUCATION, ET AL.,                    . SAN DIEGO, CALIFORNIA
                                      .
     DEFENDANTS.                      .
. . . . . . . . . . . . . . . . . . . ..

               TRANSCRIPT OF MOTION HEARING
          BEFORE THE HONORABLE ROGER T. BENITEZ
               UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:         LIMANDRI & JONNA LLP
                           BY: PAUL M. JONNA
                               JEFFREY M. TRISSELL
                           P.O. BOX 9120
                           RANCHO SANTA FE, CALIFORNIA  92067

FOR THE DEFENDANT:         ARTIANO SHINOFF
                           BY: DANIEL SHINOFF
                           3636 FOURTH AVENUE, SUITE 200
                           SAN DIEGO, CALIFORNIA  92103

                           CALIFORNIA DEPARTMENT OF EDUCATION
                           BY: PAUL GANT
                               KEVIN QUAED
                           1430 N STREET, ROOM 5319
                           SACRAMENTO, CALIFORNIA  95814

COURT REPORTER:            JULIET Y. EICHENLAUB, RPR, CSR
                           USDC CLERK'S OFFICE
                           333 WEST BROADWAY, ROOM 420
                           SAN DIEGO, CALIFORNIA  92101
                           JULIET_EICHENLAUB@CASD.USCOURTS.GOV

REPORTED BY STENOTYPE, TRANSCRIBED BY COMPUTER

SAN DIEGO, CALIFORNIA; JULY 10, 2024; 10:30 A.M.

THE CLERK: ONE ON CALENDAR, 23CV0768, MIRABELLI, ET AL., VERSUS OLSON, ET AL., MOTION HEARING.

THE COURT: COUNSEL, PLEASE REGISTER YOUR APPEARANCES FOR THE RECORD, STARTING WITH THE PLAINTIFF.

ATTORNEY JONNA: GOOD MORNING, YOUR HONOR. PAUL JONNA ON BEHALF OF THE PLAINTIFFS.

THE COURT: I'M SORRY. CAN YOU SPEAK UP PLEASE?

ATTORNEY JONNA: PAUL JONNA ON BEHALF OF PLAINTIFFS.

ATTORNEY TRISSELL: GOOD MORNING, YOUR HONOR. JEFF TRISSELL ON BEHALF OF PLAINTIFFS.

THE COURT: IS IT ME OR ARE THE MICROPHONES NOT ON? I'M SORRY, WOULD YOU DO IT ONE MORE TIME PLEASE.

ATTORNEY TRISSELL: JEFFREY TRISSELL ON BEHALF OF THE PLAINTIFFS.

ATTORNEY SHINOFF: GOOD MORNING, YOUR HONOR. DANIEL SHINOFF ON BEHALF OF THE ESCONDIDO DEFENDANTS.

ATTORNEY GANT: GOOD MORNING, YOUR HONOR. PAUL GANT ON BEHALF OF THE CALIFORNIA DEPARTMENT OF EDUCATION, SUPERINTENDENT OF PUBLIC INSTRUCTION AND THE STATE BOARD OF EDUCATION, THE STATE EDUCATION DEFENDANTS.

ATTORNEY QUAED: GOOD MORNING, YOUR HONOR. KEVIN QUAED ON BEHALF OF THE CALIFORNIA ATTORNEY GENERAL.

THE COURT: I'M SORRY. SPELL YOUR LAST NAME FOR

ME.

ATTORNEY QUAED:  QUAD, Q-U-A-E-D.

THE COURT:  OKAY.  WELL, THANK YOU.  GLENN, DO ME A FAVOR, GET THOSE MICROPHONES UP BECAUSE I'M HAVING A HARD TIME HEARING.

THE CLERK:  OKAY, JUDGE.

THE COURT:  ALL RIGHT.  TODAY WE HAVE A MOTION TO AMEND THE COMPLAINT BEFORE ME, AND I ALSO WANTED TO TALK ABOUT DISCOVERY AND MOVING THIS CASE FORWARD.  I HAVE TO BE OUT OF HERE AT NOON.  SO PLEASE TAILOR YOUR ARGUMENTS ACCORDINGLY.  SO MR. JONNA, IT'S YOUR MOTION; TELL ME WHY YOU THINK I SHOULD GRANT YOUR MOTION TO AMEND.

ATTORNEY JONNA:  GOOD MORNING, YOUR HONOR.  PAUL JONNA ON BEHALF OF THE PLAINTIFFS.  YOUR HONOR, THE AMENDMENTS THAT WE PROPOSE TO MAKE ARE ESSENTIALLY ADDING ADDITIONAL TEACHER PLAINTIFFS, ADDING ADDITIONAL -- ADDING NEW PARENT PLAINTIFFS, ADDING A SCHOOL DISTRICT AND ADDING TITLE VII CLAIMS ON BEHALF OF AN EXISTING PLAINTIFF AND ADDING CLASS ACTION ALLEGATIONS.

I ASSUME THE COURT HAS READ THE PAPERS.

THE COURT:  I HAVE.  I HAVE.

ATTORNEY JONNA:  YOUR HONOR, WE BELIEVE THAT THE OVERWHELMING MAJORITY OF THE ISSUES RAISED EVEN IN THE AMENDED COMPLAINT, PROPOSED AMENDED COMPLAINT ARE ALREADY BASICALLY -- ALL THE LEGAL ANALYSIS HAS ALREADY BEEN DONE.  THE

COURT HAS ALREADY ADDRESSED THE CORE LEGAL ISSUES.

THE DISCOVERY, FROM OUR PROSPECTIVE, YOUR HONOR, AS THE PLAINTIFF, IS ESSENTIALLY COMPLETE.  WE HAVE A SUMMARY JUDGMENT MOTION DRAFTED AND READY TO FILE WITHIN A WEEK.  WE HAVE A MOTION FOR CLASS CERTIFICATION DRAFTED AND READY TO BE FILED WITHIN A WEEK.

THE FACT THAT WE'RE ADDING ADDITIONAL PARTIES, AND THE FACT THAT WE'RE AMENDING THE CLASS ACTION ALLEGATIONS IS NOT GOING TO CAUSE ANY DELAY.  IT'S NOT GOING TO CAUSE ANY PREJUDICE.

THE ONLY PREJUDICE THAT THE OTHER SIDE IS REALLY GOING TO EXPERIENCE IS THE FACT THAT A VERY NEGATIVE ORDER, FROM THEIR PERSPECTIVE, IS NOW GOING TO HAVE A BROADER IMPACT.

QUITE FRANKLY, NONE OF THESE AMENDMENTS SHOULD HAVE BEEN NECESSARY IF THE DEFENDANTS WOULD HAVE DONE WHAT A RATIONAL ACTOR WOULD HAVE DONE UPON READING THE COURT'S ORDER, WHICH IS TO GET IN COMPLIANCE OF THE ORDER AND MAKE CHANGES ON A BROADER SCALE.

INSTEAD, THE DEFENDANTS HAVE INTERPRETED THE ORDER NARROWLY AND HAVE TAKEN OFFENSIVE MEASURES TO ACT IN A WAY THAT'S CONTRARY TO THE COURT'S ORDER.

AND TO BE VERY CLEAR ABOUT WHEN THIS ESCALATION OCCURRED, MOST OF IT OCCURRED IN APRIL 2024, WHICH IS THE FIRST TIME THE CDE FILED A LAWSUIT AGAINST A SCHOOL DISTRICT -- THAT'S THE ROCKLIN UNIFIED CASE  -- AND IT WAS SHORTLY

THEREAFTER THAT THEY RESURRECTED PROPOSED LEGISLATION THAT HAD SORT HAVE BEEN SHOVED TO THE SIDE THAT WOULD SORT OF BASICALLY CIRCUMVENT THE CORE HOLDINGS IN THIS CASE THROUGH AB-1955 WHICH IS SET TO BECOME LAW LATER THIS MONTH.

THE COURT:  MR. JONNA, AS YOU KNOW, I REALLY APPRECIATE YOUR ARGUMENTS, AND I THINK YOU DO A REMARKABLE JOB REPRESENTING YOUR CLIENTS.  BUT CAN YOU TELL ME WHAT THIS LEGISLATION -- I'M TRYING TO RECALL WHAT THE LEGISLATION SAYS. DOES IT NOT PROHIBIT SCHOOL DISTRICTS FROM COMPELLING DISCLOSURE?  ISN'T THAT BASICALLY THE GIST OF IT?

ATTORNEY JONNA:  ESSENTIALLY, YOUR HONOR, IT WOULD MAKE IT A VIOLATION OF CALIFORNIA LAW FOR A SCHOOL DISTRICT TO HAVE A PARENTAL NOTIFICATION POLICY, A POLICY THAT MANY SCHOOL DISTRICTS HAVE ADOPTED IN RESPONSE TO THIS COURT'S ORDER, WHICH IS A POLICY THAT WOULD PROVIDE FOR DISCLOSURE IF A CHILD PRESENTS WITH A TRANSGENDER -- PROVIDES FOR DISCLOSURE TO THAT CHILD'S PARENTS.  IT WOULD MAKE THOSE POLICIES ILLEGAL ESSENTIALLY.

THE COURT:  AGAIN, BUT THE POLICY IS -- THE POLICY, AS I UNDERSTAND IT, THAT'S BEING ADOPTED BY MANY SCHOOL DISTRICTS IS THAT IT'S A MANDATORY DISCLOSURE POLICY; ISN'T THAT RIGHT?

IN OTHER WORDS, THAT THE TEACHERS ARE REQUIRED TO DISCLOSE TO THE PARENTS THE GENDER INCONGRUENCE; IS THAT BASICALLY WHAT THE LAW IS?

ATTORNEY JONNA:  OR THE OTHER WAY TO SAY IT IS THEY'RE REQUIRED NOT TO LIE TO PARENTS AND DECEIVE THEM BY USING TWO DIFFERENT NAMES WITH THESE KIDS -- ONE WITH THE CHILDREN AND ONE WITH THE PARENTS.  BUT YES, IN A SENSE, IT WOULD PROMOTE -- THESE POLICIES, SUBJECT TO SOME LIMITED EXCEPTION I BELIEVE, DO REQUIRE TEACHERS TO CONVEY THAT KEY INFORMATION ABOUT THEIR STUDENTS TO THOSE STUDENTS' PARENTS.

THE COURT:  OKAY.  BUT THE REASON WHY I ASKED IS BECAUSE MY RECOLLECTION IS THAT THE SCHOOL DISTRICT -- THAT IS, THE ESCONDIDO SCHOOL DISTRICT'S POLICY -- THEIR POLICY SAID THAT YOU CANNOT DISCLOSE TO THE PARENTS INFORMATION ABOUT YOUR CHILD'S GENDER INCONGRUENCE OR WHATEVER THEY WANT TO CALL IT. BUT THAT'S DIFFERENT THAN COMPELLING THE TEACHERS TO DISCLOSE.

NOW, I'LL GRANT YOU THAT IN THE FERPA, I THINK A SCHOOL DISTRICT WOULD REALLY BE WALKING ON THIN ICE, IF NOT IN CLEAR VIOLATION OF FERPA, IF THE SCHOOL DISTRICT, FOR EXAMPLE, WAS TO GIVE STUDENT TESTS -- SAY THEY GAVE A STUDENT A QUIZ AND WHEN THE STUDENT PERFORMED THE QUIZ -- I HOPE NOBODY TAKES OFFENSE TO THIS -- BUT LET'S JUST SAY THAT "JOHNNY" SIGNS IT AS "JANIE" AND TURNS IN THE QUIZ.

I BELIEVE, UNDER FERPA, I THINK THAT THE SCHOOL DISTRICT WOULD BE VIOLATING FEDERAL LAW IF THEY THEN ALTERED THE RECORDS INTERNALLY SO AS TO CONCEAL THAT FROM THE PARENTS. BUT THAT'S DIFFERENT THAN A STATUTE THAT SAYS YOU CANNOT COMPEL TEACHERS TO TELL PARENTS ABOUT THEIR CHILDREN'S INCONGRUENCE.

DO YOU FOLLOW WHAT I'M SAYING?

ATTORNEY JONNA:  YES, YOUR HONOR.  HERE IS HOW I WOULD RESPOND TO THAT.  HERE IS THE BOTTOM LINE CORE ISSUE IN THIS CASE -- AND BY THE WAY, THE SCHOOL DISTRICTS ARE VERY MUCH ANCILLARY PLAYERS IN THIS CASE NOW.  IT'S THE STATE, AND WE KNOW THIS FROM MANY HEARINGS NOW, THAT'S DRIVING THIS ISSUE.

THE STATE HAS SAID TO EVERY SCHOOL DISTRICT -- IN MANY, MANY DIFFERENT FORMATS AND MANY DIFFERENT WAYS -- THAT THE CALIFORNIA CONSTITUTION, THE PRIVACY CLAUSE SPECIFICALLY, GIVES CHILDREN THIS RIGHT TO KEEP THIS TRANSGENDER IDENTITY A SECRET FROM EVERYBODY, INCLUDING THEIR OWN PARENTS.  AS A RESULT OF THAT INTERPRETATION OF THE CALIFORNIA CONSTITUTION, THEY HAVE SAID THAT YOU HAVE TO -- YOU HAVE TO BASICALLY IMPLEMENT THESE PARENTAL EXCLUSION POLICIES.

SO THE QUESTION IS THIS:  IS THAT A CORRECT STATEMENT OF LAW OR NOT?  IF IT IS NOT A CORRECT STATEMENT OF LAW, AS THIS COURT HAS HELD, THEN A SCHOOL DISTRICT SHOULD BE ALLOWED TO IMPLEMENT PARENTAL NOTIFICATION POLICIES.  ESPECIALLY CONSIDERING THE FACT THAT THE COURT ALSO DETERMINED --

THE COURT:  BUT ISN'T THERE A DIFFERENCE BETWEEN COMPELLING A TEACHER TO SPEAK IN A CERTAIN WAY AND FORBIDDING THEM FROM SPEAKING IN A WAY THAT WOULD ADVERSELY AFFECT A CHILD'S POTENTIAL MENTAL HEALTH STATUS, IF YOU WILL?

ATTORNEY JONNA:  YOUR HONOR, I THINK YOUR HONOR'S RULING ANSWERS THAT QUESTION.  YOUR HONOR'S RULING SAYS THAT

THE 14TH AMENDMENT, SUBSTANTIVE DUE PROCESS PARENTAL RIGHTS, ESSENTIALLY GIVE PARENTS THE RIGHT TO KNOW THIS INFORMATION.

SO IF THAT MEANS A TEACHER HAS TO PROVIDE IT, THEN THAT'S PERFECTLY FINE AND ABSOLUTELY REQUIRED UNDER THE CONSTITUTION.  SO I THINK THE COURT HAS ALREADY DONE THE ANALYSIS ON THAT ISSUE IN THE PRELIMINARY INJUNCTION ORDER.

THE COURT:  MY PRELIMINARY INJUNCTION ORDER, AS I RECALL, MR. JONNA, WAS THIS:  YOU CANNOT FORCE A TEACHER, THE GOVERNMENT CANNOT FORCE ITS EMPLOYEES TO VIOLATE SOMEONE ELSE'S RIGHTS.  AND THOSE ARE THE RIGHTS OF THE PARENTS.  AND AS FAR AS I'M CONCERNED, I THINK THE LAW IS CRYSTAL CLEAR THAT PARENTS ARE THE ONES WHO HAVE A RIGHT TO DECIDE THE EDUCATION, THE CARE, AND HEALTH CARE NEEDS OF THEIR CHILDREN, NOT THE STATE, BECAUSE THE KIDS DO NOT BELONG TO THE STATE.

SO WHAT I SAID WAS:  NEITHER THE SCHOOL DISTRICT NOR THE STATE CAN COMPEL A TEACHER TO VIOLATE SOMEONE ELSE'S CONSTITUTION RIGHTS, I.E., THE PARENTS.  THAT'S WHAT I SAID.

ATTORNEY JONNA:  WELL, THE NATURAL EXTENSION OF THAT IS THE PARENTS HAVE THE RIGHT TO KNOW, THEREFORE, YOU SHOULD TELL THEM.  IT'S A VERY LOGICAL SORT OF POSITION FLOWING FROM THE REASONING OF YOUR ORDER.

THE COURT:  I UNDERSTAND.  BUT I'M NOT SURE THAT THAT'S THE ISSUE IN THIS CASE.

ATTORNEY JONNA:  WELL, YOUR HONOR, SO IN THIS PROPOSED AMENDED COMPLAINT, AGAIN, IT'S VERY -- IT'S REALLY NOT

AS COMPLICATED AS IT SEEMS.  THERE'S TEACHER PLAINTIFFS, AND THERE'S PARENT PLAINTIFFS, AND THERE'S A SCHOOL DISTRICT.

THIS SCHOOL DISTRICT IS THE ONLY -- THIS SCHOOL DISTRICT CREATES A COUPLE OF ADDITIONAL LEGAL ISSUES WHICH ARE REALLY NATURALLY FLOWING FROM WHAT THE COURT HAS ALREADY ANALYZED.  AND THE COURT TOUCHED ON ONE, FERPA.

AND THEN THE OTHER ISSUE IS THEY WANT TO PASS A NOTIFICATION POLICY.  IT'S VERY MUCH TIED INTO THE ANALYSIS THE COURT HAS ALREADY DONE.  I'M NOT SAYING THAT THE COURT HAS ALREADY DECIDED THAT BUT IT'S A VERY -- IT'S NOT GOING TO REQUIRE A LOT OF ADDITIONAL NOVEL BRIEFING IN THIS CASE.

IN TERMS OF ISSUES THAT NEED TO BE DECIDED IN A FUTURE MOTION, BASICALLY, THOSE ARE THE ONLY TWO ADDITIONAL ISSUES.  THE OTHER ISSUES HAVE ALREADY ESSENTIALLY BEEN DECIDED BY THIS COURT.

THE COURT:  BUT IS THAT ISSUE REALLY BEFORE ME?  IN OTHER WORDS, IF I HAD A SCHOOL DISTRICT BEFORE ME THAT WAS COMPELLING TEACHERS TO NOTIFY THE PARENTS, THEN THAT WOULD BE AN ISSUE THAT'S BEFORE ME AND THAT I COULD -- BUT OTHERWISE, IT SOUNDS TO ME LIKE IT SEEMS LIKE IT'S SORT OF AN ADVISORY OPINION RATHER THAN --

ATTORNEY JONNA:  SO THIS IS A SCHOOL DISTRICT, YOUR HONOR.  EVERY SCHOOL DISTRICT HAS BEEN THREATENED WITH LITIGATION IF THEY DON'T COMPLY WITH THE ATTORNEY GENERAL'S AND CALIFORNIA DEPARTMENT OF EDUCATION'S VIEW OF THIS ISSUE.

THE COURT:  SO ISN'T THE WAY TO APPROACH THAT IS TO WHATEVER SCHOOL DISTRICT IS BEING THREATENED BECAUSE IT HAS A POLICY, THAT THEY FILE?

ATTORNEY JONNA:  WELL, THEY DON'T WANT TO WAIT TO BE SUED.  THEY PASSED A PARENTS' BILL OF RIGHTS.  THEY WANT TO PASS A PARENTAL NOTIFICATION POLICY.  THEY DON'T WANT TO BE SUED.  THEY WANT TO RESTRAIN THE GOVERNMENT FROM TAKING ACTION AGAINST THEM FROM DOING --

THE COURT:  LET ME STOP YOU.  I HAVE A LOT OF QUESTIONS, AND I'M NOT SHY ABOUT ASKING QUESTIONS.  HAS THE ESCONDIDO UNIFIED SCHOOL DISTRICT BEEN THREATENED IN THAT WAY?

ATTORNEY JONNA:  YES, THEY HAVE.

THE COURT:  SO THEY HAVE BEEN TOLD THAT IF YOU ENACT A POLICY THAT COMPELS YOUR TEACHERS TO NOTIFY PARENTS, THEN WE WILL TAKE ACTION AGAINST YOU.

ATTORNEY JONNA:  THEY HAVE SAID THAT IF YOU DARE TO INTERPRET JUDGE BENITEZ' ORDERS AS APPLYING TO ANYONE BESIDES MIRABELLI AND WEST, WE WILL TAKE ACTION AGAINST YOU.  THAT MEANS THAT IF YOU REFUSE TO ENFORCE THE PARENTAL EXCLUSION POLICY -- IF YOU ALLOW TEACHERS TO DISCLOSE THIS INFORMATION TO PARENTS, WE WILL SUE YOU.

THE COURT:  OKAY.  BUT AGAIN, THERE'S A DIFFERENCE --

ATTORNEY JONNA:  NOT REALLY THOUGH, YOUR HONOR, BECAUSE IT'S ACTUALLY WORSE.  THEY'RE NOT EVEN PROPOSING TO

12:01:18

IS NOT REQUIRED TO WAIT FROM THAT LETTER FROM THE CDE SAYING, "WE'RE GOING TO WITHHOLD FUNDS IF YOU DON'T WITHDRAW THIS POLICY," WHICH IS WHAT THEY DID TO ROCKLIN.  THEY DON'T HAVE TO WAIT FOR THAT LETTER.  THEY CAN GET AN ORDER FROM THIS COURT LETTING THEM MOVE FORWARD, AND THAT'S WHAT WE WANT.

SO I WOULD ASK THE COURT, RESPECTFULLY, TO GRANT OUR MOTION FOR LEAVE TO AMEND.  WE'LL FILE OUR MOTIONS.  WE'LL WORK WITH COUNSEL IN GOOD FAITH ON SCHEDULING.  AND WE WANT TO GET THIS CASE BROUGHT TO RESOLUTION AS PROMPTLY AS POSSIBLE.

THE COURT:  GREAT.  MATTER SUBMITTED.  ALL RIGHT.  WELL, THANK YOU VERY MUCH.  THIS HEARING IS CONCLUDED.

(MATTER CONCLUDED.)

C-E-R-T-I-F-I-C-A-T-I-O-N

I HEREBY CERTIFY THAT I AM A DULY APPOINTED, QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN THE AFOREMENTIONED CAUSE; THAT SAID TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES JUDICIAL CONFERENCE.

DATED: AUGUST 23, 2024, AT SAN DIEGO, CALIFORNIA.

/S/ JULIET Y. EICHENLAUB
JULIET Y. EICHENLAUB, RPR, CSR
OFFICIAL COURT REPORTER
CERTIFIED SHORTHAND REPORTER NO. 12084

# CERTIFICATE OF SERVICE

Case Name:    **Mirabelli et al. v. Olson, et al.**          Case No.    **3:23-cv-00768-BEN-VET**

I hereby certify that on <u>September 8, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF JENNIFER A. BUNSHOFT IN SUPPORT OF STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON PROSPECTIVE RELIEF CLAIMS**

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>September 8, 2025</u>, at Los Angeles, California.

|  |  |
| --- | --- |
| Anthony Conklin | *Anthony Conklin* |
| Declarant | Signature |

SA2024300204
67921457.docx