ROB BONTA
Attorney General of California
DARRELL W. SPENCE (SBN: 248011)
Supervising Deputy Attorney General
SHATTI A. HOQUE (SBN: 350250)
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3884
 Fax:  (415) 703-5480
 E-mail:  Shatti.Hoque@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BEN-VET<br><br>**OBJECTION TO DECLARATION OF NATHAN M. SZAJNBERG, MD**<br><br>Date:      September 29, 2025<br>Time:      10:30 a.m.<br>Dept:      5a<br>Judge:     The Honorable Roger T. Benitez<br>Trial Date:   Not Set<br>Action Filed:      April 27, 2023 |

1

Defendant Rob Bonta, in his official capacity as Attorney General of California, Defendant Tony Thurmond, in his official capacity as California Superintendent of Public Instruction, and the State Board of Education Members in their official capacities (collectively, State Defendants), submit the following objection to the Declaration of Nathan M. Szajnberg, MD, (ECF No. 247-11), filed in support of Plaintiffs' renewed motion for summary judgment.  ECF No. 247.

| NO. | MATERIAL OBJECTED TO | OBJECTIONS |
|---|---|---|
| 1 | As discussed in the declaration of Dr. Erica E. Anderson, Ph.D., the 2024 Cass Review generally concluded that there was insufficient evidence to support any of the claims made by the more activist-minded proponents of gender transition for minors.<br><br>Expert Report of Dr. Szajnberg,[1] ¶ 9.<br><br>The significant disconnect between the Cass Review and WPATH SOC-8 is particularly concerning, as both endeavor to be objective and comprehensive analysis of the field of treating gender incongruence.<br><br>Expert Report of Dr. Szajnberg, ¶ 85. | Improper and irrelevant expert opinion. *See* Fed. R. Evid. 401, 402, 702; lacks foundation. *See* Fed R. Evid. 602.<br><br>Under Federal Rule of Evidence 702, testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony must be both "relevant" to the case and "reliable." *Daubert v. Merrell Dow Pharms., Inc*, 509 U.S. 579, 597 (1993).<br><br>As discussed by State Defendants' expert, both the Cass Review and SOC7 have major limitations which calls into question the ability to form scientific conclusions on the matter of social transition. (Declaration of Dr. Christine Brady, Ph.D. in Opposition to Plaintiffs' Motion for a Class-Wide Preliminary Injunction [Brady Decl.], ¶¶ 73-75, 81, 83-85.) To the extent Dr. Szajnberg offers his opinions based upon conclusions that are not the consensus of the scientific community, this purported evidence is an improper opinion which is not based on sound scientific evidence. To the extent he offers his opinion based on incorrect conclusions about |

---

[1] Dr. Szajnberg's Expert Report is attached as Exhibit 1 to his Declaration.

2

| | |
|---|---|
| My review of WPATH SOC-8, and public criticisms of it, leads me to have concerns about relying on it. Specifically, at least three former members of WPATH have criticized its scientific validity: Dr. Stephen Levine, M.D., Dr. James Cantor, Ph.D., and Dr. Erica Anderson, Ph.D. | the state of scientific consensus on these issues, this evidence lacks foundation. |

Expert Report of Dr. Szajnberg, ¶ 86.

James Cantor's critique is particularly compelling. He submitted a declaration in *Boe v. Marshall*, No. 2:22-cv-184 (D. Ala. June 24, 2024), using internal WPATH emails to show that WPATH 8 was influenced by political pressure from the team of the Assistant Secretary of Health, Rachel Levine, not science. Dr. Levine's criticisms—included in declarations filed in various cases— are more substantive, noting WPATH SOC-8's non-evidence-based recommendations and failure to incorporate systematic reviews.

Objection to Declaration of Nathan M. Szajnberg, MD (3:23-cv-00768-BEN-VET)

Expert Report of Dr. Szajnberg, ¶ 87.

A close examination of the Cass Review shows that the criticisms of WPATH SOC-8 are not unfounded. The Cass Review examined evidence on social transition, puberty blockers, hormone therapy, and gender-affirming surgery for youth, finding weak research basis—small samples, no control groups, and short follow-ups—typically meriting C (unproven benefit) or D (no benefit or harmful) ratings under the Hayes Rating System. The Hayes Rating System grades scientific evidence from A (strong) to D (insufficient) or "No Evidence," based on study design, sample size, consistency, and bias risk.

Expert Report of Dr. Szajnberg, ¶ 88.

With respect to social transition specifically, the Cass Review discussed a systematic review which used a modified Newcastle-Ottowa (sic) Scale to rate the quality of evidence. The Cass

4

| | | |
|---|---|---|
| | Review identified only *eleven* studies that had examined whether a social transition provided any mental health benefits for minors. From those studies, nine were low quality and two were moderate quality. The Cass Review concluded that "[t]he quality of the studies was not good enough to draw any firm conclusions, so all results should be interpreted with caution."<br><br>Expert Report of Dr. Szajnberg, ¶ 89.<br><br>The Cass Review's analysis of the field of gender incongruence suggests that lacks rigorous, longitudinal studies, leaving the evidence base unsettled. Since its publication in April 2024, nothing has meaningfully changed.<br><br>Expert Report of Dr. Szajnberg, ¶ 91. | |
| 2 | Withholding information about a child's gender incongruence—whether full-blown gender dysphoria or more nascent gender issues—puts the | Improper and irrelevant expert opinion. *See* Fed. R. Evid. 401, 402, 702; lacks foundation. *See* Fed R. Evid. 602.<br><br>As stated in the State Defendants' Experts' Reports, this opinion fails to recognize that |

5

| | | |
|---|---|---|
| | school's staff at risk of withholding medical information from the family, and puts the child at risk of having serious medical issues that jeopardizes the child's health, well-being, and possibly life.<br><br>Expert Report of Dr. Szajnberg, ¶ 77. | gender dysphoria is a specific condition that is not the same as being transgender or gender nonconforming, and many transgender and gender nonconforming youth do not experience gender dysphoria. (Expert Report of Dr. Christine Brady [Brady Rep.], Section III, ¶ C(2); *see also* WPATH SOC8, p. S6 ['The expression of gender . . . identities . . . that are not stereotypically associated with one's sex assigned at birth is a common and culturally diverse human phenomenon that should not be seen as inherently negative or pathological'].)<br><br>To the extent Dr. Szajnberg offers his opinions based upon conclusions that are not the consensus of the scientific community, this purported evidence is an improper opinion rather than scientific evidence. To the extent he offers his opinion based on incorrect conclusions about the state of scientific consensus on these issues, this evidence lacks foundation. |
| 3 | The parents' task is to protect the child. The schools' task to aid the parent in providing a safe environment. The parents pay taxes for the school to both educate and protect; the school in that sense works for the parents. As the parents' employee, the school is responsible to keep parents informed of any major issues with their children. | Improper and irrelevant expert opinion. *See* Fed. R. Evid. 401, 402, 702.<br><br>Under Federal Rule of Evidence 702, testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony must be both "relevant" to the case and "reliable." *Daubert v. Merrell Dow Pharms., Inc*, 509 U.S. 579, 597 (1993). This constitutes Dr. Szajnberg's personal opinion on the issues in this case, and is therefore irrelevant and an improper opinion, rather than scientific evidence. |

Objection to Declaration of Nathan M. Szajnberg, MD (3:23-cv-00768-BEN-VET)

| Expert Report of Dr. Szajnberg, ¶ 81. | |
|---|---|

Dated:  September 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

SHATTI A. HOQUE
Deputy Attorney General
*Attorneys for State Defendants*

SA2024300204

Objection to Declaration of Nathan M. Szajnberg, MD (3:23-cv-00768-BEN-VET)

# CERTIFICATE OF SERVICE

Case Name:    **Mirabelli et al. v. Olson, et al.**        Case
No.        **3:23-cv-00768-BEN-VET**

I hereby certify that on <u>September 8, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## OBJECTION TO DECLARATION OF NATHAN M. SZAJNBERG, MD

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>September 8, 2025</u>, at Los Angeles, California.

Anthony Conklin          *Anthony Conklin*
Declarant                Signature

SA2024300204
67921457.docx