ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
SHATTI A. HOQUE
Deputy Attorney General
State Bar No. 350250
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3884
  Fax:  (415) 703-1107
  E-mail:  Shatti.Hoque@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BEN-VET<br><br>**OBJECTION TO DECLARATION OF JOHN DOE**<br><br>Date:        September 29, 2025<br>Time:        10:30 a.m.<br>Dept:        5a<br>Judge:       The Honorable Roger T. Benitez<br>Trial Date:  Not Set<br>Action Filed:        April 27, 2023 |

Defendant Rob Bonta, in his official capacity as Attorney General of California, Defendant Tony Thurmond, in his official capacity as California Superintendent of Public Instruction, and the State Board of Education Members in their official capacities (collectively, State Defendants), submit the following objection to the declaration of Plaintiff John Doe (ECF No. 247-9), filed in support of Plaintiffs' renewed motion for summary judgment.  ECF No. 247.

1

| NO. | MATERIAL OBJECTED TO | OBJECTIONS |
|---|---|---|
| 1 | While in fifth grade, one of my daughter's friends told her mother that my daughter was using male avatars, and the mother relayed that information to me.<br><br>Declaration of John Doe, ¶ 8, lines 24-26. | The underlined statement is hearsay without an exception. *See* Fed. R. Evid. 801-802. |
| 2 | The mother was also surprised; she told me she had assumed that I was of course aware of my daughter's social transition since my daughter affirmatively announced it to her daughter.<br><br>Declaration of John Doe, ¶ 10, lines 10-12. | The underlined statement is hearsay without an exception. *See* Fed. R. Evid. 801-802. |
| 3 | We believe the contents of the note were not organically created by our daughter, but dictated by idealogues who, directly or indirectly, through online propaganda, content, or communications, instruct young children on ways of "coming out" to one's parents.<br><br>Declaration of John Doe, ¶ 16, lines 20-23. | The underlined statements lack foundation. *See* Fed R. Evid. 602. |
| 4 | The principal then responded with a one-line answer: "We support our LGBTQ students and follow the Education Code," along with a hyperlink to the California Department of Education's FAQ page on student gender identity.<br><br>Declaration of John Doe, ¶ 21, lines 16-18. | The underlined statement is hearsay without an exception. See Fed. R. Evid. 801-802. |
| 5 | In one such email, she complained to her orchestra teacher about feeling depressed, but that information was never passed on to my wife or me. We feared it was because the | The underlined statement ("she complained to her orchestra teacher") contains hearsay without an exception. See Fed. R. |

2

| | | |
|---|---|---|
| | teacher was afraid of accidentally "outing" our daughter to us.<br><br>Declaration of John Doe, ¶ 24, lines 3-6. | Evid. 801-802. The subsequent statement ("the teacher was afraid of accidentally "outing" our daughter to us") lacks foundation. *See* Fed R. Evid. 602. |
| 6 | Although at least two of the teachers seemed distinctly uncomfortable—one by acting defensive and rude, and the other by appearing nervous—every teacher answered, "No."<br><br>Declaration of John Doe, ¶ 25, lines 14-16. | The underlined statements lack foundation. *See* Fed R. Evid. 602. The underlined statement regarding every teacher answering "no" is hearsay without an exception. *See* Fed. R. Evid. 801-802. |
| 7 | But, the Principal stated if a child asked to be referred to using a new name and pronouns, and to keep this information from parents, "We are instructed to protect the rights of LGBTQ students, We have to do that, it's the law." I asked the principal to show me the "law." The principal then navigated on her laptop to the California Department of Education's FAQ page on AB 1266 and gender identity. I responded with, "That's not law, that's FAQs on a website," but the principal responded, "Yes it is, and we have to follow that."<br><br>Declaration of John Doe, ¶ 28, lines 26-28; 1-4. | The underlined statements are hearsay without an exception. *See* Fed. R. Evid. 801-802. |
| 8 | My wife and I wish to be involved in every part of our daughter's life, but our daughter's school, citing the CDE guidance, informed us that this specific aspect will always be kept from us. | The underlined statement lacks foundation. *See* Fed R. Evid. 602. The underlined statement is also hearsay without an |

3

| | | |
|---|---|---|
| | Declaration of John Doe, ¶ 34, lines 13-15. | exception.  See Fed. R. Evid. 801-802. |
| 9 | The passage of AB 1955 made things worse. Pasadena Unified School District sent out an email to parents about AB 1955, and appeared emboldened, seemingly viewing AB 1955 as a victory for secrecy—affording teachers the ability to keep secrets from parents. But if a school district cannot be required to alert parents to a child's gender confusion or gender dysphoria—or basically the mental distress that gender confusion is—what else will they feel free to conceal from parents?<br><br>Declaration of John Doe, ¶ 36, lines 22-28. | The underlined statements lack foundation.  *See* Fed R. Evid. 602. |
| 10 | AB 1955 immediately and severely affected the culture at schools. It ramped up the pressure on school campuses for the children to trans-identify and emboldened administrators and teachers to believe that a child could really be "born in the wrong body" and that they have a right to encourage this idea, to encourage the adoption of public opposite-sex identity, and to conceal this on-campus behavior from parents.<br><br>Declaration of John Doe, ¶ 37, lines 1-6. | The underlined statements lack foundation.  *See* Fed R. Evid. 602. |
| 11 | Due to the secrecy and deception by our daughter's explained secondary school (grades 6-12), my wife and I feared that we could no longer entrust our daughter's education to them. The hostility we faced from the teachers an administrators and the increased cultural shift enabled by AB 1955 created a toxic environment not suited to our | The underlined statements lack foundation.  *See* Fed R. Evid. 602.  CDE withdrew its FAQ page once AB 1955 went into effect. |

Objection to Declaration of John Doe (3:23-cv-00768-BEN-VET)

| | | |
|---|---|---|
| | daughter's health and safety. Even though she made friends an enjoyed the campus, my wife and I worried that we could not leaver her there, where the administrators and teachers strictly followed the CDE's FAQ page on gender identity.<br><br>Declaration of John Doe, ¶ 38, lines 7-14. | |
| 12 | Further, leaving her on that campus—especially with an older cohort of high schoolers and new, unknown kids entering from other schools—could expose her to continued pressure to begin trans-identifying again. Should that happen, we are confident that the teachers and administrators on campus would go along with it, enable it, and conceal it from us under the guise of CDE's FAQ page and AB 1955.<br><br>Declaration of John Doe, ¶ 39, lines 15-20. | The underlined statements lack foundation. *See* Fed R. Evid. 602. CDE withdrew its FAQ page once AB 1955 went into effect. |
| 13 | I know that schools in California continue to use secret transition plans for the covert social transitions of minor children. This issue is simply not going away. This is a statewide problem that is ongoing and that has been made worse with AB 1955.<br><br>Declaration of John Doe, ¶ 47, lines 19-22. | The underlined statements lack foundation. *See* Fed R. Evid. 602. The statement regarding a "statewide problem" is improper opinion testimony. *See* Fed R. Evid. 701. |
| 14 | We need to immediately stop the damage to families like ours, who have already experienced the distress of learning about the secret social transition of their child, learning that their child has been treated as the opposite sex for a year or more without their knowledge or consent, and fearing that it would continue in the next grade or school, regardless of what the child says . . . . | The underlined statement lacks foundation. *See* Fed R. Evid. 602. |

|  |  | Declaration of John Doe, ¶ 48, lines 27-28. |  |
|---|---|---|---|
|  | 15 | It is incumbent upon this court to act decisively and swiftly in order to stop this in California, and begin the process of unwinding <u>what we now know has been **years** of harming children and deceiving parents.</u><br><br>Declaration of John Doe, ¶ 49, lines 5-8. | The underlined statement lacks foundation. *See* Fed R. Evid. 602. |

Dated:  September 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

SHATTI A. HOQUE
Deputy Attorney General
*Attorneys for State Defendants*

SA2024300204

6

Objection to Declaration of John Doe (3:23-cv-00768-BEN-VET)

# CERTIFICATE OF SERVICE

Case Name:   **Mirabelli et al. v. Olson, et al.**   Case No.   **3:23-cv-00768-BEN-VET**

I hereby certify that on <u>September 8, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## OBJECTION TO DECLARATION OF JOHN DOE

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>September 8, 2025</u>, at Los Angeles, California.

Anthony Conklin
Declarant

*Anthony Conklin*
Signature

SA2024300204
67921457.docx