1  ROB BONTA
   Attorney General of California
2  DARRELL W. SPENCE
   Supervising Deputy Attorney General
3  JENNIFER A. BUNSHOFT (SBN 197306)
   SHATTI A. HOQUE (SBN 350250)
4  Deputy Attorneys General
5  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
6  Telephone:  (415) 510-3377
   Fax:  (415) 703-5480
7  E-mail:  Jennifer.Bunshoft@doj.ca.gov
8  *Attorneys for State Defendants*

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,** | 3:23-cv-00768-BEN-VET |
| Plaintiffs, | **STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| v. | |
| **MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,** | Date:       September 29, 2025 Time:       10:30 a.m. Dept:       5a Judge:      The Honorable Roger T.                    Benitez |
| Defendants. | Trial Date: Action Filed:      April 27, 2023 |

# TABLE OF CONTENTS

**Page**

Introduction..................................................................................................................1

Summary of Proposed Class and Class-Wide Relief .............................................3

    I.     The Class and Subclasses.........................................................................3

    II.    The Proposed Declaratory Judgment and Injunction............................4

    III.   Plaintiffs' Definition of "Peps"...............................................................4

Legal Standard ........................................................................................................6

Argument .................................................................................................................7

    I.     Plaintiffs Offered No Evidence to Establish the Requirements
         for Class Certification ............................................................................7

    II.    The Class is Fatally Subjective ...............................................................8

        A.    Courts Cannot Certify Classes Based on Subjective
             Criteria When There Is a Need to Know Who Is in the
             Class..........................................................................................8

        B.    Here, the Proposed Class Is Too Vague and Subjective to
             Certify ......................................................................................13

            1.    The undefined term "gender incongruence," as used
                 by Plaintiffs, is too vague for a class definition ............13

            2.    Parents' and employees' objections, their asserted
                 bases and whether those bases are bona fide, are
                 subjective.......................................................................14

            3.    Even if the "facts" regarding class membership
                 were known and objective (they are not), the State
                 Defendants do not know these "facts" ...........................15

    III.   Plaintiffs Have Not Met the Requirements of Rule 23(**A**) .................15

        A.    The Putative Class Lacks Commonality...................................16

        B.    Plaintiffs are Atypical ..............................................................18

    IV.   Plaintiffs Cannot Establish the Requirements of Rule 23(**B**)(2) ........19

    V.    Rule 23(**B**)(1)(**A**) Has No Application in this Case............................21

Conclusion ............................................................................................................24

i

# TABLE OF AUTHORITIES

Page

C ASES

*A.B. v. Haw. State Dep't of Educ.*
30 F.4th 828 (9th Cir. 2022)...................................................................10

*A.M. v. San Bernardino County Superintendent of Schools*
2020 WL 5775169 (C.D. Cal. 2020)......................................................17

*Adair v. England*
209 F.R.D. 5 (D.D.C. 2002)....................................................................22

*Barraza v. C. R. Bard Inc.*
322 F.R.D. 369 (D. Ariz. 2017)..............................................................21

*Berry v. Baca*
226 F.R.D. 398 (C.D. Cal. 2005)............................................................23

*Blackwell v. SkyWest Airlines, Inc.*
245 F.R.D. 453 (S.D. Cal. 2007).............................................................24

*Braidwood Mgmt., Inc. v. EEOC*
70 F.4th 914 (5th Cir. 2023)...............................................................8, 14

*C.G.B. v. Wolf*
464 F.Supp.3d 174 (D.D.C. 2020) ..........................................................21

*Califano v. Yamasaki*
442 U.S. 682 (1979) ..................................................................................6

*Castaneda Juarez v. Asher*
No. C20-0700JLR-MLP, 2020 WL 6434907
(W.D. Wash. July 6, 2020),.....................................................................17

*Chua v. City of Los Angeles*
No. LACV1600237JAKGJSX, 2017 WL 10776036
(C.D. Cal. May 25, 2017 .................................................................10, 12

*Civil Rights Education and Enforcement Center v. Hospitality
Properties Trust*
317 F.R.D. 91 (N.D. Cal. 2016) ..............................................................19

ii

*Comcast Corp. v. Behrend*
    569 U.S. 27 (2013) ...................................................................... 6, 8

*Crosby v. Soc. Sec. Admin. of U.S.*
    796 F.2d 576 (1st Cir. 1986) ............................................................. 9

*Doninger v. Pacific Northwest Bell, Inc.*
    564 F.2d 1304 (9th Cir. 1977) ........................................................... 6

*EQT Prod. Co. v. Adair*
    764 F.3d 347 (4th Cir. 2014) ............................................................. 9

*Galfer v. City of Los Angeles*
    No. CV1300664SJOMRWX, 2014 WL 12966872
    (C.D. Cal. May 8, 2014) .............................................................. 22, 23

*Gen.Tel.Co. v. Galcon*
    457 U.S. 147 (1982) ......................................................................... 7

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ......................................................... 16

*Hanon v. Dataproducts Corp.*
    976 F.3d 497 (9th Cir. 1992) ........................................................... 18

*Hernandez v. Grisham*
    494 F. Supp. 3d 1044 (D. New Mexico 2020) ................................ 20

*In re Navy Chaplaincy*
    306 F.R.D. 33 (D.D.C. 2014) .......................................................... 23

*In re Principal U.S. Prop. Acct. ERISA Litig*.
    No. 4:10-CV-00198-JEG, 2013 WL 7218827
    (S.D. Iowa Sept. 30, 2013) ............................................................. 19

*In re Victor Techs. Sec. Litig.*
    102 F.R.D. 53 (N.D. Cal 1984) ...................................................... 22

*In re Yahoo Mail Litigation*
    308 F.R.D. 577 (N.D. Cal. 2015) .............................................. 10, 11

*Jamie S. v. Milwaukee Pub. Sch.*
668 F.3d 481 (7th Cir. 2012) ........................................................................9, 20

*Juarez v. Asher*
No. C20-0700JLR-MLP, 2020 WL 5746875
(W.D. Wash. Sept. 25, 2020) ............................................................................ 17

*Kosta v. Del Monte Foods, Inc.*
308 F.R.D. 217 (N.D. Cal. 2015) ..................................................................... 11

*M.D. ex rel. Stukenberg v. Perry*
675 F.3d 832 (5th Cir. 2012) ............................................................................ 20

*M.D. v. Abbott*
907 F.3d 237 (5th Cir. 2018) ............................................................................ 10

*Martinez v. Brown*
No. 08-CIV-565 BEN (CAB), 2011 WL 1130458
(S.D. Cal. Mar. 25, 2011) .....................................................................7, 18, 20

*Mateo v. M/S Kiso*
805 F. Supp. 761 (N.D. Cal. 1991) ...............................................................7, 22

*Mazza v. Am. Honda Motor Co.*
666 F.3d 581 (9th Cir. 2012) ............................................................................ 17

*McDonnell Douglas Corp. v. U.S. Dist. Ct.*
523 F.2d 1083 (9th Cir. 1975) .......................................................................... 22

*Mckinnon v. Dollar Thrifty Auto. Grp., Inc.*
No. 12-CV-04457-YGR, 2016 WL 879784
(N.D. Cal. Mar. 8, 2016) .................................................................................. 19

*Moyle v. Liberty Mut. Ret. Ben. Plan*
823 F.3d 948 (9th Cir.) 2016 ............................................................................ 22

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*
31 F.4th 651 (9th Cir. 2022) ............................................................................. 17

*Parsons v. Ryan*
754 F.3d 657 (9th Cir. 2014) .......................................................................10, 19

iv

*Rodriguez v. Hayes*
    591 F.3d 1105 (9th Cir. 2010)............................................. 10, 20

*Romberio v. Unumprovident Corp.*
    385 Fed.Appx. 423 (6th Cir. 2009) ...................................... 8

*Shelton v. Bledsoe*
    775 F.3d 554 (3rd Cir. 2015).............................................. 11

*Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*
    543 F.3d 597 (10th Cir. 2008).............................................. 20

*Sueoka v. United States*
    101 F. App'x 649 (9th Cir. 2004)........................................ 22

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011) .....................................................*passim*

*Willis v. City of Seattle*
    943 F.3d 882 (9th. Cir. 2019) ............................................ 16

*Wolin v. Jaguar Land Rover N. Am., LLC*
    617 F.3d 1168 (9th Cir. 2010)........................................ 18, 19

*Woulfe v. Universal City Studios LLC*
    No. 222CV00459SVWAGR, 2023 WL 6376152
    (C.D. Cal. Aug. 28, 2023) ................................................ 8

*Xavier v. Philip Morris USA Inc.*
    787 F. Supp. 2d 1075 (N.D. Cal. 2011)..............................9, 10, 11

*Zeyen v. Boise District #1*
    2022 WL 2047688 (D.Idaho 2022) .................................... 17

*Zinser v. Accufix Rsch, Inst., Inc.*
    253 F.3d 1180 (9th Cir. 2001)........................................... 22

CONSTITUTIONAL PROVISIONS

First Amendment .................................................... 12, 14

v

# <u>TABLE OF AUTHORITIES</u>
### (continued)

<u>**Page**</u>

**C**OURT **R**ULES

Fed. R. Civ. P.
  23 .............................................................................................*passim*
  65(d)(2) .................................................................................... 4

**O**THER **A**UTHORITIES

Fed. Proc., L. Ed. . ........................................................................... 11, 12

**INTRODUCTION**

Plaintiffs ask this Court to enjoin the Superintendent of Public Instruction, the State Board of Education, and the California Attorney General (collectively State Defendants), their employees, and "those who gain knowledge of [the] injunction order," from allowing schools and their staff to accept and respect a student's gender identity, and from allowing schools to adopt or maintain policies to respect the student's requested limitations on the disclosure of their gender identity (student privacy policies). Plaintiffs ask that the Court also declare student privacy policies unlawful.

Plaintiffs request that the Court limit the application of their proposed declaration and injunction to (1) parents who object to student privacy policies on religious, ideological, or conscientious grounds and have children in public schools who have experienced gender incongruence, and (2) employees who object to these policies on religious, ideological, or conscientious grounds (collectively, the Class).

Plaintiffs' proposed class cannot be certified because Plaintiffs offer *no evidence* in support of the contested issues they need to prove to prevail on their motion. Although Plaintiffs provide evidence regarding the requirements of numerosity and adequacy of counsel,[1] they do not offer any evidence that the putative Class meets the other requirements of Federal Rules of Civil Procedure, Rule 23.[2] Plaintiffs do not submit *any evidence* of commonality or typicality, and they fail to offer evidence that the class meets the requirements of Rule 23(b). This alone is grounds to deny the motion.

To the extent the Court elects to look further, the motion fails for numerous other reasons. First, Plaintiffs seek a judgment that will apply to only the Class. This requires that the State Defendants (and courts) know who is in the Class, but,

---

[1] State Defendants do not contest these two elements.
[2] All references to the Rule or Rule 23 are to Federal Rule of Civil Procedure Rule 23.

1

as the Class is defined, identification of Class members requires knowledge of subjective and fluid facts regarding claimed gender incongruity and religious or ideological beliefs and the conscience of putative class members. Because it would be administratively impractical for the Court to ascertain whether an individual is a member of the Class, the Class should not be certified. This failing also renders the Class unable to meet the commonality and typicality requirements of Rule 23(a) and the requirement of Rule 23(b)(2) that there be one "final judgment" applicable to a class as "a whole."

Second, the Class also cannot meet these requirements because Plaintiffs' claims are premised on the existence of an alleged uniform state policy, which they refer to as "Parental Exclusion Policies," but Plaintiffs offer *no evidence* of any such universal and uniform state policy. Nor is there any such universal and uniform state policy. Instead, there are over a thousand school districts in California, all at liberty to devise their own local policies, so long as they comply with state and federal law.

Third, and finally, Plaintiffs' "alternative" argument that the Class should be certified under Rule 23(b)(1)(A) is misplaced because class certification under this provision is proper only where a defendant's efforts to comply with a judgment in one action will require them to act inconsistently with a judgment in another. But Plaintiffs have not shown, as they must, that "prosecuting separate actions by … individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct" for the State Defendants. Indeed, different courts throughout California and the country often decide similar legal issues, and our judicial system does not require that each such case be a class action.

For these reasons, further explained below, the motion for class certification should be denied.

# SUMMARY OF PROPOSED CLASS AND CLASS-WIDE RELIEF

## I.    THE CLASS AND SUBCLASSES

Plaintiffs ask this Court to certify four subclasses of "individuals who desire to participate in California's public education, whether as employees or parent/guardians of students without having to subject themselves to Parental Exclusion Policies" (*i.e.*, policies that restrict disclosure of information regarding a student's gender identity without the student's consent, unless disclosure is necessary to protect the student's health and well-being).[3]  ECF 244 (Notice of Motion (Notice)), p. 2.[4]

Plaintiffs propose subdividing employees within the Class into two subclasses: those who object to complying with student privacy policies on ideological or conscience grounds (Subclass 1), and those who object to complying with student privacy policies on religious grounds (Subclass 2) (Subclasses 1 and 2 are, collectively, the Employee Subclasses).  Notice, p. 2.

Plaintiffs also propose dividing the parents within the Class into two subclasses.  For both parent subclasses the parent must have "children who are attending California public schools and who are experiencing, or have experienced, gender incongruence." *Id*., p. 2.  The first parent subclass is further limited to parents who object to having student privacy policies "applied against them" on ideological or conscience grounds (Subclass 3).  The other parent subclass is limited to parents who object to having student privacy policies "applied against them" on religious grounds (Subclass 4) (Subclasses 3 and 4 are, collectively, the Parent Subclasses).  *Id*.

Plaintiffs do not define what constitutes ideological, conscience or religious grounds for an objection to a student privacy policy.  *See generally id*.  Nor do

---

[3] Plaintiffs use "PEPs" as an acronym for such policies.  State Defendants generally refer to such varying policies as "student privacy policies."

[4] State Defendants use the term "parent" and "guardian" interchangeably.

Plaintiffs ever define what it means for one's child to experience gender incongruence for purposes of the Class definition. *Id.* Plaintiffs also do not propose a mechanism to determine whether a potential class member satisfies these undefined criteria, the standard for such a determination, who will make such a determination, or how any State Defendant will be aware of who is in the Class and must be treated as such.

## II. THE PROPOSED DECLARATORY JUDGMENT AND INJUNCTION

In their Proposed Judgment (lodged with the court on July 16, 2025), Plaintiffs request that the Court issue the following permanent injunction *as to just them and the Class*:

> [State Defendants], their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order, or know of the existence of this injunction order,[5] are enjoined, on a state-wide basis, from (1) enforcing, implementing, or recommending [PEPs] and (2) knowingly allowing school districts and state education employees to enforce, implement, or recommend PEPs, including by using a student's preferred names and pronouns without parental consent*, against any member of the Class*.

J. Bunshoft Decl. in Support of Opposition to Motion for Summary Judgment (September 8, 2025), Ex. 1 at 4-5 (emphasis added).

## III. PLAINTIFFS' DEFINITION OF "PEPS"

Plaintiffs do not define "PEPs" in their class certification briefing. In their [Proposed] Judgment, however, Plaintiffs define these policies as

> the requirements identified by the California Department of Education in its webpage "School Success and Opportunity Act (Assembly Bill 1266) Frequently Asked Questions," which provide that (1) "school districts

---

[5] It is unclear what "those who gain knowledge of this injunction order, or know of the existence of this injunction order" means. If Plaintiffs mean *anyone* who learns of the injunction, including nonparties, that would be profoundly unlawful. *See* Rule 65(d)(2).

4

should accept and respect a student's assertion of their gender identity where the student expresses that identity at school," (2) "schools must consult with a transgender student to determine who can or will be informed of the student's transgender status, if anyone, including the student's family"; (3) "[w]ith rare exceptions, schools are required to respect the limitations that a student places on the disclosure of their transgender status, including not sharing that information with the student's parents;" and (4) "[a] transgender student's right to privacy does not restrict a student's right to openly discuss and express their gender identity or to decide when or with whom to share private information."

*Id.*, p. 5. Plaintiffs' definition relies wholly on a nonexistent webpage that contained non-binding guidance in a withdrawn FAQ, formerly issued by the California Department of Education. Richard Barrera Decl. in Support of Opposition to Motion for Summary Judgment (September 8, 2025) Decl., Exh. 1.

Plaintiffs have not provided any evidence of any uniform policy mandated at the state-level *and* that all public-school districts have in fact adopted. There are over 1,000 unique school districts in California,[6] each free to establish its own local policy (written or ad hoc) regarding gender-identity disclosure, so long as it complies with state and federal law, including Assembly Bill No. 1955. For example, Pasadena Unified School District, the school district Plaintiffs Jane and John Doe's child attends, has a policy which provides:

As appropriate given the student's need for support, the compliance officer may discuss with the student any need to disclose the student's intersex, nonbinary, transgender, or gender-nonconformity status or gender identity or gender expression to the student's parents/guardians and/or other, including other students, teacher(s), or adults on campus. The district shall offer support services, such as counseling, to students who wish to inform their parents/guardians of their status and desire assistance in doing so.

Yosemite Valley Charter School, the school Plaintiffs Jane and John Poe's

---

[6] Plaintiffs allege there are "approximately 1,000 school districts" in California. ECF 133, Second Amended Complaint, at ¶ 3.

child attends, has a policy which provides:

> When school personnel find it important to discuss a student's gender identity or expression with parents (if, for example, the student is being bullied based on their gender identity or expression), school personnel should consult and work closely with the student to assess the degree to which, if any, the parent is aware of the student's gender identity or expression and is supportive of the student, and school personnel shall take into consideration the safety, health and well-being of the student in deciding whether to disclose the student's gender identity or expression to parents.[7]

## LEGAL STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). To qualify for the exception to individual litigation, the party seeking class certification bears the burden of showing by a preponderance of the evidence that class certification is appropriate and must provide facts sufficient to satisfy the requirements of Federal Rule of Civil Procedure, Rule 23(a) and (b). *Dukes*, 564 U.S. at 351; *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1308-09 (9th Cir. 1977).

"The Rule 'does not set forth a mere pleading standard.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Dukes*, 264 U.S. at 350). "Rather, a party must not only 'be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact,' typicality of claims and defenses, and adequacy of representation, as required by Rule 23(a). The party must also satisfy through evidentiary proof at least one of the provisions of Rule

---

[7] These policies are available at
https://resources.finalsite.net/images/v1711002715/pusdus/ihscazn3h6govaweev1e/51453ARNondiscriminationHarassment06-2022.pdf (last visited September 8, 2025);
https://dwscbcy9jc8hm.cloudfront.net/sites/165/comfy/cms/files/66275/files/original/Transgender_and_Gender_Nonconforming_Students_Policy_-_Yosemite_V2_%281%29.pdf (last visited September 8, 2025)

23(b)." *Id.* (quoting *Dukes*, 564 U.S. at 350) (internal citation omitted).

Rule 23(a) sets out four requirements for class certification: numerosity, commonality, typicality, and adequacy of representation. A showing that these requirements are met—alone—does not warrant class certification. Plaintiffs must also show that one of the requirements of Rule 23(b) is met. Here, Plaintiffs assert Rule 23(b)(2) applies or, in the alternative, Rule 23(b)(1)(A).

Rule 23(b)(2) permits class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" A court must be fully satisfied that the requirements of Rule 23(a) and (b) are met. *Gen.Tel.Co. v. Galcon*, 457 U.S. 147, 161 (1982).

Under Rule 23(b)(1)(A), the Ninth Circuit has adopted an "extremely conservative view," requiring a finding that "rulings in separate actions would subject defendant to incompatible judgments requiring inconsistent conduct to comply with the judgment." *Mateo v. M/S Kiso,* 805 F. Supp. 761, 772 (N.D. Cal. 1991) (quoting *McDonnell Douglas Corp. v. U.S. Dist. Ct.,* 523 F.2d 1083, 1086 (9th Cir. 1975)).

A "proposed class definition must also set forth a class that is ascertainable and clearly identifiable." *Martinez v. Brown*, No. 08-CIV-565 BEN (CAB), 2011 WL 1130458, *7 (S.D. Cal. Mar. 25, 2011) (denying Rule 23(b)(2) certification).

## ARGUMENT

### I. PLAINTIFFS OFFERED NO EVIDENCE TO ESTABLISH THE REQUIREMENTS FOR CLASS CERTIFICATION

Plaintiffs' class certification motion has almost no evidentiary support. The only evidence Plaintiffs provide is of their counsel's adequacy and the Class's numerosity. *See* Notice, p. 3 (identifying evidence in support of the Motion and referring to only the Declaration of Paul Jonna) and ECF 242, the Declaration of Paul Jonna (addressing only adequacy of counsel and numerosity). These issues are

7

not even contested. Plaintiffs offer no evidence to establish typicality or commonality, and nothing to demonstrate how the Class could be feasibly administered and how the Proposed Judgment could be effectuated.

Plaintiffs' "plainly inadequate evidentiary showing, severely undermines Plaintiffs' ability to meet their burden on class certification." *Woulfe v. Universal City Studios LLC*, No. 222CV00459SVWAGR, 2023 WL 6376152, at *1 (C.D. Cal. Aug. 28, 2023). Rule 23 "does not set forth a mere pleading standard. Rather, a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp.*, 569 U.S. at 33–34 (emphasis in original); *Dukes*, 564 U.S. at 350, 131 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.").

Plaintiffs' lack of any evidence in support of the facts they must prove is both a sufficient and a necessary reason to deny their motion.

## II. THE CLASS IS FATALLY SUBJECTIVE

Plaintiffs seek relief for only themselves and the Class. ECF 244, Plaintiffs' Memorandum in Support of Motion for Class Certification (Mot.), p. 4. There is, however, no practical way to tell who is in the Class and this prevents certification.

### A. Courts Cannot Certify Classes Based on Subjective Criteria When There Is a Need to Know Who Is in the Class

Where the requested class relief requires knowledge of the membership within the class, courts will certify a class if the scope of its members is objectively ascertainable. Generally, under Rule 23, courts require that a class's membership be readily ascertainable without further individualized fact-finding. *See Romberio*

8

*v. Unumprovident Corp.,* 385 Fed.Appx. 423, 431–33 (6th Cir. 2009) (reversing certification where the only way to identify (b)(2) class members was "to engage in individualized fact-finding"); *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 934-35 (5th Cir. 2023) ("Courts avoid certifying classes where the class definition depends on the class members' state of mind because this state is generally a subjective factor"); *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (reversing certification under (b)(2) and holding if "class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate) (quotations omitted); *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 495 (7th Cir. 2012) ("The problem with a class of potentially eligible but unidentified students is . . . that the relevant criteria for class membership are unknown . . . . It's not hard to see how this class lacks the definiteness required for class certification; there is no way to know or readily ascertain who is a member of the class"); *Crosby v. Soc. Sec. Admin. of U.S.*, 796 F.2d 576, 580 (1st Cir. 1986) (affirming denial of (b)(2) class certification "[b]ecause the standard of 'within a reasonable time' makes class members impossible to identify prior to individualized fact-finding and litigation, the class fails to satisfy one of the basic requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure").

Courts within the Ninth Circuit have held that putative classes fail to present ascertainable membership when membership depends upon beliefs or subjective states of mind.

> If a class definition includes a requirement that cannot be proven directly, and that depends instead upon each putative class member's feelings and beliefs, then there is no reliable way to ascertain class membership. Without an objective, reliable way to ascertain class membership, the class quickly would become unmanageable, and the preclusive effect of final judgment would be easy to evade.

*Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011). In

9

such cases, class membership "would come down to the state of mind of the putative class member, and it would be easy to fade in or out of the class depending on the outcome." *Id.* (denying class certification for prospective injunctive relief because membership in the class depended on generally unprovable fact of whether putative class members smoked one pack of Marlboro cigarettes per day for twenty years); *see also Chua v. City of Los Angeles*, No. LACV1600237JAKGJSX, 2017 WL 10776036, at *13 (C.D. Cal. May 25, 2017) (denying certification of injunctive relief class on the grounds that it was based on subjective beliefs and states of mind, and thus the class was unascertainable). As the court in *Chua* explained, in the context of a putative injunction-only (b)(2) class, a class definition "must be definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member. Class membership may not depend on the beliefs or state of mind of any individuals and must be readily susceptible to judicial determination. This requirement has been applied to Rule 23(b)(2) injunctive relief classes." *Id.*

In some cases—such as the cases Plaintiffs cite—courts have loosened the ascertainability requirement. Mot., pp. 7-8. But they have done so only because there was no need to ascertain the membership of the class in order to effectuate the requested relief. *See Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) (certifying Rule 23(b)(2) class of all inmates now, or in the future, subjected to the medical, mental health, and dental care policies and practices of the state department of corrections, because "every inmate in . . . custody is subject to the same . . . policies and practices"); *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 833 (9th Cir. 2022) (seeking to Rule 23(b)(2) certifying class to end systemic discrimination); *Rodriguez v. Hayes*, 591 F.3d 1105, 1113 (9th Cir. 2010*)* (affirming Rule 23(b)(2) certification of class of all detainees held pursuant to three immigration statutes); *M.D. v. Abbott*, 907 F.3d 237, 246 (5th Cir. 2018) (affirming Rule 23(b)(2) certification of class of all children in the state's permanent managing

10

conservatorship program). As the court in *In re Yahoo Mail Litigation*, 308 F.R.D. 577 (N.D. Cal. 2015), a case Plaintiffs cite, explained, "ascertainability may often not be necessary in (b)(2) class actions because the remedy does not require individual identification of class members … If relief is granted, the defendants are legally obligated to comply, and it is usually unnecessary to define with precision the persons entitled to enforce compliance." *Id.* (*citing Shelton v. Bledsoe*, 775 F.3d 554, 561 (3rd Cir. 2015) (quotes omitted). In the cases Plaintiffs cite, there was no need to determine who was in the class—the orders would apply to everyone equally. But where necessary to identify a class's members in order to effectuate the relief, however, courts have held fast to the ascertainability requirement. *See supra.*

Here, it is crucial to know who is in the Class to effectuate the Court's judgment if Plaintiffs prevail in this case, because Plaintiffs concede such a ruling would apply only to the parties and the Class, if certified. Mot., p. 3: lines 1-3. It is also equally crucial to know who is in the class "because *if a plaintiff class loses, the preclusive effect of final judgment must be enforced against all class members.*" *Xavier,* 787 F. Supp. 2d 1075 at 1091(emphasis in original) (denying certification when plaintiffs failed to "provide a satisfactory answer to the problem of how membership in the proposed plaintiff class could be reliably ascertained for purposes of res judicata in future actions if plaintiffs were to lose this action on behalf of a class"); *Kosta v. Del Monte Foods, Inc.,* 308 F.R.D. 217, 223 (N.D. Cal. 2015) ("This Court is in agreement with others that, even where certification is sought only for purposes of injunctive relief, a class definition must be clear in its applicability so that it will be clear later on whose rights are merged into the judgment in order to avoid satellite litigation . . . over who was in the class in the first place") (cleaned up).[8] In this case, it is necessary to identify who is in the class

---

[8] The judgment rendered in a Fed. R. Civ. P. 23(b)(1) or Fed. R. Civ. P. 23(b)(2) class action is binding on all members of the class, subject to the important (continued…)

11

because only *they* can enforce a favorable judgment and only *they* are bound by a defeat.[9]

For Plaintiffs' proposed Class, numerous mini trials will be needed to determine who is in the Class (e.g., whether a student is experiencing gender incongruence and whether a parent has a bona fide conscience-based objection to student privacy policies). This makes the Class fail the ascertainability test, and also fail to meet the requirements of commonality and typicality under Rule 23(a). *See infra* §§III (A) and (B). This need for numerous mini-trials also demonstrates that the proposed Class's claims cannot be resolved as a whole in one final judgment, as is required for Rule23(b)(2). *See infra* §IV.

The district court's reasoning in the *Chua* case is illustrative. There, like here, the plaintiffs provided "no objective criteria that could be applied to determine membership in this class, *i.e.*, the identities of all persons who may seek to be present within the City of Los Angeles at protests or to participate in them in a manner that constitutes the exercise of First Amendment rights." *Chua,* 2017 WL 10776036 at *13. The proposed class was not viable because it "does not provide a means of determining if potential members of this class would be exercising any First Amendment rights or if any would believe that such rights may be infringed." *Id.* Like Plaintiffs here, plaintiffs there "presented no criteria by which such a determination could be made." *Id.*

No matter the rubric, State Defendants are not aware of any case certifying a subjective, unidentifiable class, like Plaintiffs propose here, in a case like this where it is necessary to know who is in the class. Whatever limits might apply to "ascertainability" in cases of universal application (such as cases banning

---

requirement that the court identify those whom it finds to be class members. Thus, judgments rendered in class actions conducted under Rule 23(b)(1) or (2) will bind nonparty class members, including persons who have intervened or objected. 6A MICHAEL HUGHES ET AL., Fed. Proc., L. Ed., § 12:401 (Updated 2025).

[9] *See also id.* (even if ascertainability did not apply, this "does not obviate the basic requirement that Plaintiffs provide a clear class definition") (citing Fed. R. Civ. P. 23(c)(1)(B)).

segregation in schools or banning warrantless strip searches), ascertainability is necessary for certification when there is a need to know who is in the class.

### B. Here, the Proposed Class Is Too Vague and Subjective to Certify

#### 1. The undefined term "gender incongruence," as used by Plaintiffs, is too vague for a class definition

First, in the case of the Parent Subclasses, if the Plaintiffs prevail on the merits, then State Defendants, or this Court in a later contempt proceeding, will have to determine whether parents have children experiencing or who have experienced "gender incongruence." Notice, p. 2. Unless a parent meets this criterion, any injunctive relief issued in this case would not apply to them. Second, if, on the other hand, the State Defendants prevail on the merits, then a subsequent court will have to make this same determination to know against whom the Court's ruling is res judicata.

The term "gender incongruence," as used in the Class definition, is undefined, vague, and susceptible to Plaintiffs' subjective labels. How Plaintiffs define "gender incongruence" is unclear, and it is also unclear how Plaintiffs propose "gender incongruence" is to be determined. Yet, this determination must be made to know who is in the Parent Subclasses.

Where on the spectrum of gender identity does a child have to be *for his or her parent or guardian to be in the Class* (assuming religious or ideological objection)? Is a name or pronoun change required? Is a letter from a therapist stating that a child is gender incongruent required? If an assigned-at-birth male child wears makeup, nail polish and long hair, are their parents in the Class? What about the parents of an assigned-at-birth female who has a short haircut, wears traditionally male clothes,[10] and uses a gender-ambiguous nickname? What if the parent

---

[10] *See*, *e.g.*, ECF 247-9, Declaration of Father Poe, ¶ 19 (expressing his belief that his daughter's style choice of heavy jeans, oversize t-shirts, button-up shirts, Converse sneakers, and oversize hoodies is indicia of a transgender identity).

considers such things a sign of gender incongruence, but the child does not?

These are all determinations that will need to be made.  Plaintiffs offer no guidance or plan for who should do this and how it could be done, and their failure to do so is a strong indicator that the proposed Parent Subclasses are administratively unmanageable.

### 2. Parents' and employees' objections, their asserted bases and whether those bases are bona fide, are subjective

For *both* the Parent and Employee Subclasses, additional dispositive factual findings based on wholly subjective criteria will need to be made to determine Class membership.  Plaintiffs designate Subclass 1 for school employees who object to complying with gender-identity nondisclosure policies on ideological or conscience grounds, and designate Subclass 2 for those school employees who object on religious grounds.  Notice, p. 2.  Plaintiffs designate Subclass 3 for parents with gender incongruent children who object to having nondisclosure policies "applied against them" on ideological or conscience grounds and designate Subclass 4 for parents who object on religious grounds.  *Id*.

A case-by-case analysis for each potential class member must be made to determine whether the employee or parent objects to the policies at issue *and* does so on religious, conscience, or ideological grounds (as opposed to, for example, an unrelated vendetta against a student in the case of an employee, or in the case of a parent, unrelated animus toward an ex-spouse).  The "fact that a review of religious sincerity may not be demanding does not mean it is a non-existent requirement or non-essential for Rule 23 purposes."  *Braidwood Mgmt.,* 70 F.4th at 935.

Such a subjective class definition raises further issues.  What about employees and parents whose views evolve?  What point in time matters for purposes of inclusion into the Class?  Do parents and employees fade in and out of the class? For example, if an employee or parent does not object to the policies at issue today,

can they become a class member next year, if their views change? What if their views change again? Does res judicata fade in and out?

Without these determinations, there is no way to know to whom this Court's ruling will apply because these findings are prerequisite to the application of a merits ruling to any parent or employee wanting to participate in California's public education system. Plaintiffs propose no method for these determinations to be made, let alone an administratively feasible means to do so.

### 3. Even if the "facts" regarding class membership were known and objective (they are not), the State Defendants do not know these "facts"

Finally, compounding these problems, the State Defendants do not know which parents and employees object to nondisclosure policies, on what grounds and whether those grounds are bona fide. Nor do State Defendants know which students in California public schools have experienced gender incongruence. Moreover, Plaintiffs propose no procedure to notify State Defendants of these facts (even if they were ascertainable). But knowledge of who such people is necessary to effectuate any order on the merits as to the Class. Without this knowledge, State Defendants will have no way to know to whom this Court's ruling in this case applies, for purposes of relief or res judicata.

Because knowing who is in the Class is necessary here, and there is no way to know who is in the Class without conducting numerous mini-trials, class certification must be denied.

### III. PLAINTIFFS HAVE NOT MET THE REQUIREMENTS OF RULE 23(A)

For the Court to certify the Class, Plaintiffs must prove: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of counsel. Fed. R. Civ. P. 23(a)(1)-(4). For purposes of this opposition only and regarding only the Class at issue, State Defendants focus on the requirements of commonality and typicality, as to which Plaintiffs offered no evidence.

15

## A. The Putative Class Lacks Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class[.] It is insufficient to merely allege any common question. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Instead, the plaintiff must allege the existence of a "common contention" that is of "such a nature that is capable of classwide resolution[.]" *Dukes*, 564 U.S. at 350. As the Supreme Court stated:

> What matters to class certification . . . is not the raising of common 'questions'–even in droves–but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* Here, Plaintiffs have failed to meet their burden of establishing commonality for at least two reasons.

First, Plaintiffs have not proven that there is a uniform statewide "PEP" that can be ruled on in a single proceeding. *See supra* §I. Plaintiffs offer no evidence of any homogenous state policy, but Plaintiffs were required to submit such evidence so that the Court could rigorously analyze it. *Id*. (citing cases). Plaintiffs did not meet that burden, having submitted nothing.

Not only did Plaintiffs fail to meet their burden, but there are over a thousand school districts, some of which have either no policy or no written policy governing the issues raised by Plaintiffs in this case. All of those districts are at liberty to draft their own policies, and their individual policies have meaningful differences. *See supra* pp. 5-6. Under these facts, there is no commonality. *See Willis v. City of Seattle*, 943 F.3d 882, 887 (9th. Cir. 2019) (proposed class members asserting that the City of Seattle and Washington State Department of Transportation engaged in an alleged policy and practice of "sweeps" destroying the personal property of people experiencing homelessness did not meet commonality requirement because

while the record contained a broad description of "sweeps," it did not point to a specific practice that applied uniformly to all proposed class members); *A.M. v. San Bernardino County Superintendent of Schools*, 2020 WL 5775169, *5 (C.D. Cal. 2020) (lack of uniform policy defeated commonality); *Zeyen v. Boise District #1*, 2022 WL 2047688, *6 (D.Idaho 2022) (determining the constitutionality of patchwork of fees assessed across the state would require the court to examine each and every challenged fee in each and every school–"a direct contravention of Rule 23").

Second, because the Class is not ascertainable (*see* §II s*upra*), it also lacks commonality. There is no dispositive single answer to resolve the putative class claims because before that could be done, not only would the local policies of the approximately 1,000 school districts the State need to be reviewed, but approximately 5.8 million students—and their parents—and nearly 286,000 classroom teachers and numerous other school staff,[11] would have to be individually evaluated to assess whether a child was experiencing gender incongruity and whether a parent or employee objected for a bona fide ideological, religious, or conscientious reason.

When each potential class member must be assessed to determine membership in a proposed class, there can be no class certification. "The necessity of such individualized analyses to determine class membership defeats commonality." *Castaneda Juarez v. Asher*, No. C20-0700JLR-MLP, 2020 WL 6434907, at *5 (W.D. Wash. July 6, 2020), *report and recommendation adopted in part sub nom. Juarez v. Asher*, No. C20-0700JLR-MLP, 2020 WL 5746875 (W.D. Wash. Sept. 25, 2020); *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 596 (9th Cir. 2012), *overruled on the other grounds* by *Olean Wholesale Grocery Coop., Inc. v. Bumble*

---

[11] *See* paragraph 14 of the Declaration of Richard Barrera in Support of State Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, filed on September 8, 2025 (stating the number of public-school students and teachers in the State, and the number of school districts).

17

*Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (individual determinations of class membership defeat commonality).

Because Plaintiffs failed to meet their burden of proving commonality, their proposed Class cannot be certified.

## B. Plaintiffs are Atypical

The class action requirement of typicality focuses on the relationship of facts and issues between the class and its representatives. Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.3d 497, 508 (9th Cir. 1992) (internal citations omitted). The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

For the same reason the putative class lacks commonality, Plaintiffs cannot meet the typicality requirement.[12] First, there is no uniform policy to be evaluated. In *Martinez*, 2011 WL 1130458, at *9-10, plaintiff submitted 126 declarations from inmates at 17 California prisons regarding prison conditions as they related to Native American religious practice, but lacked evidence concerning 13 other prisons and also non-traditional settings. *Id.* Absent such evidence, the Court refused to assume that the plaintiff's claims were typical of religious claims from Native American inmates in all correctional settings. *Id.*

So too here. Plaintiffs offer *no* evidence of any uniform state policy. *See supra* §I. Therefore, Plaintiffs fail to establish typicality. A plaintiff must show

---

[12] The typicality requirement tends "to merge" with the commonality requirement because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5.

18

that other putative class members "have the same or similar injury," "the action is based on conduct which is not unique to the named plaintiffs," and "other class members have been injured by the same . . . conduct." *Wolin*, 617 F.3d at 1175; *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 317 F.R.D. 91, 103 (N.D. Cal. 2016) (typicality requirement not met where plaintiffs failed to identity common policy across 142 hotels); *cf. Parsons*, 754 F.3d at 685 (typicality found where injuries to inmates was the result of a course of conduct that was not unique to any of them, and followed from the course of conduct at the center of the class claims).

Second, because the class is not ascertainable, Plaintiffs also lack typicality. *See In re Principal U.S. Prop. Acct. ERISA Litig.*, No. 4:10-CV-00198-JEG, 2013 WL 7218827, at *32 (S.D. Iowa Sept. 30, 2013) ("the Court is convinced determination of class membership [] considerations require an individualized analysis . . . . Due to the individualized inquiries necessary . . . Plaintiffs cannot satisfy the typicality requirement of Rule 23(a)(3)"); *Mckinnon v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-CV-04457-YGR, 2016 WL 879784, at *8 (N.D. Cal. Mar. 8, 2016) (same).

## IV. PLAINTIFFS CANNOT ESTABLISH THE REQUIREMENTS OF RULE 23(B)(2)

Under Fed. R. Civ. P. 23(b)(2), class certification may be appropriate where a defendant has acted or refused to act in a manner applicable to the class generally, rendering injunctive and declaratory relief appropriate as to the class as a whole. Thus, (b)(2) certification is proper where "the relief sought must perforce affect the entire class at once." *Dukes*, 564 U.S. at 361–62.

> The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them. In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a

different injunction or declaratory judgment against the defendant.

*Id.* at 360 (internal quotation marks and citation omitted; emphasis omitted); *see also* Fed. R. Civ. P. 23(b)(2) (requiring that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole").

The problem in this case under (b)(2) is the same twofold problem that plagues commonality and typicality. First, Rule 23(b)(2) requires examination of whether class members seek uniform relief from a practice applicable to all of them. Here, as explained above, Plaintiffs offered no evidence of any uniform statewide policy. Therefore, for this reason too, class certification must be denied. *See Rodriguez,* 591 F.3d at 1125; *see also Martinez*, 2001 WL 1130458, *12 (S.D. Cal. 2011) (holding that putative class did not satisfy Rule 23(b)(2) requirements when inmate declarations failed to establish a consistent pattern of behavior and different policies were at issue); *Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) (under Rule 23(b)(2), the class members' injuries must be sufficiently similar that they can be addressed in a single injunction that need not differentiate between class members); *Hernandez v. Grisham*, 494 F. Supp. 3d 1044, 1140 (D. New Mexico 2020) (Rule 23(b)(2) requirements not satisfied where plaintiff failed to identity a uniformly applicable policy by state department of education).

Second, the effect of a final judgment in this case requires knowing who is in the Class, but as explained above, knowing that requires countless mini-trials. "That the plaintiffs have superficially structured their case around a claim for class-wide injunctive and declaratory relief does not satisfy Rule 23(b)(2) if as a substantive matter the relief sought would merely initiate a process through which highly individualized determinations of liability and remedy are made; this kind of relief would be class-wide in name only, and it would certainly not be final." *Jamie S.*, 668 F.3d at 499; *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 847 (5th Cir.

2012) (same); *see also C.G.B. v. Wolf*, 464 F.Supp.3d 174, 206 (D.D.C. 2020) ("Rule 23(b)(2) applies only when a *single* injunction or declaratory judgment would provide relief to *each* member of the class.") (emphasis in original)).

The unmanageable process described above is exactly what would need to occur here if the Class is certified—class certification and an injunction would merely initiate an unwieldy process to ascertain who is in the Class. A final judgment would be the beginning of litigation, not the end, which would undermine the reason behind Rule (b)(2) and class actions in general. *See Barraza v. C. R. Bard Inc.,* 322 F.R.D. 369, 389 (D. Ariz. 2017) (it is "clear that a predominance of common issues is indeed part of Rule 23(b)(2) classes—it is assumed, 'self-evident.' This is not because the Rule requires the trial court to examine the proposed class and find such predominance, but because the very nature of the relief available under (b)(2)—injunctive or declaratory relief obtained in a trial of the class representative's claim and applicable to all members of the class—works only when common issues predominate" (and citing cases)).

Accordingly, because Plaintiffs offered no evidence that a final class wide ruling would do anything other than initiate more litigation to determine who is in the Class, Plaintiffs failed to meet their burden under Rule 23(b)(2) and class certification must be denied.

## V. RULE 23(B)(1)(A) HAS NO APPLICATION IN THIS CASE

Rule 23(b)(1)(A) provides that if the requirements of Rule 23(a) are met, a class action may be maintained if

> prosecuting separate actions by or against individual class members would create a risk of [] inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)(A).

For Rule 23(b)(1)(A) to apply, the Ninth Circuit has adopted an "extremely conservative view," requiring a finding that "rulings in separate actions would subject defendant to incompatible judgments requiring inconsistent conduct to comply with the judgment . . . ." *Mateo v. M/S Kiso,* 805 F. Supp. 761, 772 (N.D. Cal. 1991) (quoting *McDonnell Douglas Corp. v. U.S. Dist. Ct.,* 523 F.2d 1083, 1086 (9th Cir.1975)).

Here, Plaintiffs have not made that showing. Plaintiffs point to eight lawsuits raising similar issues, some of which have been dismissed or settled. Mot., pp. 10-12. Plaintiffs then assert that there is "plainly a 'risk' of multiple cases imposing different injunctive demands" on the State Defendants.

Courts have rejected this simplistic view:

> Individual plaintiffs often bring civil rights actions arguing that government regulations and procedures are invalid. Adjudicating the lawfulness of such procedures does not inescapably alter the rights of others injured by the same or similar procedures. If this were so, there would be no place in our judicial system for follow-on actions. Certification under Rule 23(b)(1) is inappropriate.

*Galfer v. City of Los Angeles*, No. CV1300664SJOMRWX, 2014 WL 12966872, at *11 (C.D. Cal. May 8, 2014).

The cases Plaintiffs cite in support of certification under Rule 23(b)(1)(A) (Mot., at pp. 8-9) are factually inapposite.[13] Plaintiffs cite *Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002), which at first glance may seem relevant because it was a case challenging Navy practices as unconstitutional. However, Plaintiffs fail to point out that ultimately the class certification order was vacated and the court

---

[13] *See, e.g., Sueoka v. United States*, 101 F. App'x 649, 654 (9th Cir. 2004) (claim for disgorgement of interest and return of improper expense deductions on currency and cash cost bonds); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir. 2001) (products liability case); *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 965 (9th Cir.) 2016) (ERISA case); *McDonnell-Douglas Corp. v. U.S. Dist. Court*, 523 F.2d 1083, 1086 (9th Cir. 1975) (mass tort); *In re Victor Techs. Sec. Litig.*, 102 F.R.D. 53, 63 (N.D. Cal 1984), aff'd, 792 F.2d 862 (9th Cir. 1986) (securities case).

subsequently held that the proposed class was not maintainable under Rule 23(b)(1). *See In re Navy Chaplaincy*, 306 F.R.D. 33, 43, 56 (D.D.C. 2014) ("Since there is always some risk that individual actions may expose a defendant to conflicting judgments on liability, certification under subdivision (b)(1)(A) requires something more—namely, a legitimate risk that separate actions may establish incompatible standards of conduct, so as to make individual actions impossible or unworkable" (internal quotations omitted)). Plaintiffs' citation to *Berry v. Baca*, 226 F.R.D. 398, 406 (C.D. Cal. 2005) is similarly specious. While the case involved alleged unlawful over-detainment in county jail, the holding is dicta because no class was ever certified nor is it relevant because the case involved a finite group of class members adjudicating a factually harmonious claim. *Id.* Finally, any persuasive authority it might have had is undermined by a subsequent court in the same district reaching the opposite conclusion. *See Galfer*, 2014 WL 12966872, at *11.

If Plaintiffs were correct (and they are not), every suit in which numerosity was established would be a class action. Moreover, it is unclear how class certification in this case (or any other) would stop other state and federal courts from ruling on these same issues. Absent that result, Plaintiffs' asserted purpose for relying on Rule 23(b)(1)(A) falls away; there still could be inconsistent rulings and standards even if the proposed Class is certified. Finally, the judicial system would be stifled if other courts were prevented from litigating ripe cases before them with arguably overlapping issues. Courts would not have the benefit of other courts ruling on the same issues, appellate courts would not have splits of authority within a circuit, and the Supreme Court would not have circuit splits.

Whatever the benefit of Rule 23(b)(1)(A), it has no application here when different courts in different jurisdictions are determining different legal issues under different facts. The Rule 23(b)(1) test "is not met simply by raising a possibility that one court could reach a different conclusion on a similar issue than another

court." *Blackwell v. SkyWest Airlines, Inc.,* 245 F.R.D. 453, 465 (S.D. Cal. 2007) "Rather, [p]laintiff must demonstrate, with respect to each class she wishes to certify, that rulings in individual actions would subject Defendant to "incompatible judgments" requiring "inconsistent conduct." *Id.* Plaintiffs have not made this evidentiary showing.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' motion for class certification should be denied.

Dated: September 8, 2025                          Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

*Jennifer Bunshoft*

JENNIFER A. BUNSHOFT
Deputy Attorney General
*Attorneys for State Defendants*

SA2024300204

# CERTIFICATE OF SERVICE

Case Name:   **Mirabelli et al. v. Olson, et al.**   No.   **3:23-cv-00768-BEN-VET**

I hereby certify that on <u>September 8, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 8, 2025</u>, at San Francisco, California.

|  |  |
|:---:|:---:|
| G. Guardado | */s/ G. Guardado* |
| Declarant | Signature |

SA2024300204
44790550.docx