Charles S. LiMandri, SBN 110841
  cslimandri@limandri.com
Paul M. Jonna, SBN 265389
  pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
  jtrissell@limandri.com
William T. Duke, SBN 361823
  wduke@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Peter Breen, *pro hac vice*
  pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>  Defendants. | Case No.: 3:23-cv-0768-BEN-VET<br><br>**Reply to the EUSD Defendants' Opposition to Plaintiffs' Renewed Motion for (1) Summary Judgment on Prospective Relief Claims; (2) Partial Summary Judgment re Liability on Damages Claims; (3) Entry of a Rule 54(b) Separate Judgment on Prospective Relief Claims and Stay of Damages Claims; and (4) Entry of a Class-Wide Permanent Injunction**<br><br>Judge:         Hon. Roger T. Benitez<br>Courtroom:  5A<br>Hearing Date:  September 29, 2025<br>Hearing Time:  10:30 a.m. |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................1

REPLY ARGUMENT ......................................................................... 2

    I.    Legal Background on the Sovereign Immunity Issue ......................... 2

    II.   Legal Analysis: Under the Kohn Test, Sovereign Immunity Does Not Reach Public School Districts ............................................ 4

        A.   California's "Dignity Interests" Do Not Warrant Granting Sovereign Immunity to School Districts. ....................5

            1.    Intent: How State Law Characterizes School Districts. ...........................................................................5

            2.    Intent: Whether School Districts Perform State Functions. ..................................................................... 6

            3.    Intent: How School Districts Are Treated by Other State Laws. ................................................................. 6

            4.    Intent: The State's Representations About School District's Status. ....................................................7

            5.    Control: How Directors Are Appointed. .........................7

            6.    Control: Whether the State Has Plenary Veto Power. ..............................................................................7

        B.   California's "Financial Solvency" Interests Do Not Warrant Granting Sovereign Immunity to School Districts. ............................................................................... 8

            1.    Treasury: California Is Not Responsible for School District Debts. ...................................................... 8

            2.    Treasury: California's Responsibility for Funding School Districts. ............................................. 9

CONCLUSION ......................................................................................10

# TABLE OF AUTHORITIES

*Cases*

*Alden v. Maine*,
    527 U.S. 706 (1999) ........................................................................................... 2

*Ambus v. Granite Bd. of Educ.*,
    995 F.2d 992 (10th Cir. 1993) ............................................................................ 10

*Beentjes v. Placer Cnty. Air Pollution Control Dist.*,
    397 F.3d 775 (9th Cir. 2005) ............................................................................... 9

*Belanger v. Madera Unified Sch. Dist.*,
    963 F.2d 248 (9th Cir. 1992) ......................................................................... 3, 4, 9

*Butt v. California*,
    4 Cal. 4th 668 (1992) ........................................................................................ 10

*Cal. Rifle & Pistol Ass'n, Inc. v. Los Angeles Cnty. Sheriff's Dep't*,
    No. 2:23-cv-10169, 2025 WL 2324625 (C.D. Cal. July 21, 2025) ..................... 6

*Crowe v. State Bar of Or.*,
    112 F.4th 1218 (9th Cir. 2024) ......................................................................... 2, 9

*Eason v. Clark Cnty. Sch. Dist.*,
    303 F.3d 1137 (9th Cir. 2002) .......................................................................... 3, 9

*Edmonds Sch. Dist. No. 15 v. City of Mountlake Terrace*,
    77 Wash. 2d 609 (1970) ...................................................................................... 3

*Great Am. Ins. Co. of New York v. Jackson Cnty. Sch. Dist. No. 9*,
    478 F. Supp. 2d 1227 (D. Or. 2007) ................................................................... 3

*Health Freedom Def. Fund, Inc. v. Carvalho*,
    104 F.4th 715 (9th Cir. 2024) .................................................................... 1, 4, 5, 9

*Health Freedom Def. Fund, Inc. v. Carvalho*,
    148 F.4th 1020 (9th Cir. 2025) ......................................................................... 1, 4

*Henry George Sch. of Soc. Sci. v. San Diego Unified Sch. Dist.*,
    183 Cal. App. 2d 82 (1960) ................................................................................ 7

*Hess v. Port Auth. Trans-Hudson Corp.*,
    513 U.S. 30 (1994) ..................................................................................... *passim*

*Holz v. Nenana City Pub. Sch. Dist.*,
    347 F.3d 1176 (9th Cir. 2003) ............................................................................ 3

# TABLE OF AUTHORITIES

*Cases*

*Indep. Sch. Dist. No. 1 v. Common Sch. Dist. No. 1*,
 56 Idaho 426 (1936) .................................................................................... 3

*Johnson v. San Diego Unified Sch. Dist.*,
 217 Cal. App. 3d 692 (1990) .................................................................... 5, 9

*K.J. v. Jackson*,
 127 F.4th 1239 (9th Cir. 2025) ...................................................................... 4

*Kenny v. Bd. of Trs. of Valley Cnty. Sch. Dist.*,
 563 F. Supp. 95 (D. Mont. 1983) .................................................................. 3

*Kenny v. Bd. of Trs. of Valley Cnty. Sch. Dist.*,
 770 F.2d 170 (9th Cir. 1985) ......................................................................... 3

*Kirchmann v. Lake Elsinore Unified Sch. Dist.*,
 83 Cal. App. 4th 1098 (2000) ........................................................... 3, 4, 9, 10

*Kohn v. State Bar of Cal.*,
 87 F.4th 1021 (9th Cir. 2023) ............................................................... *passim*

*Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*,
 440 U.S. 391 (1979) ................................................................................. 6, 7

*Lindsey v. Matayoshi*,
 950 F. Supp. 2d 1159 (D. Haw. 2013) .......................................................... 3

*Mead v. Rockford Public Sch. Dist.*,
 No. 1:23-cv-1313, 2025 WL 2682125 (W.D. Mich. Sept. 18, 2025) .................. 2

*Mitchell v. Los Angeles Cmty. Coll. Dist.*,
 861 F.2d 198 (9th Cir. 1988) .............................................................. 2, 3, 4, 8

*Morris v. Wash. Metro. Area Transit Auth.*,
 781 F.2d 218 (D.C. Cir. 1986) ...................................................................... 7

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,
 429 U.S. 274 (1977) .................................................................................. 10

*Novalk, LLC v. Kinsale Ins. Co.*,
 No. 3:21-cv-1014, 2021 WL 4134741 (S.D. Cal. Sept. 10, 2021) ..................... 1

*Parker v. Franklin Cnty. Cmty. Sch. Corp.*,
 667 F.3d 910 (7th Cir. 2012) ....................................................................... 10

# TABLE OF AUTHORITIES

*Cases*

*Price v. Tamalpais Union High Sch. Dist.*,
  No. 3:24-cv-8033, 2025 WL 1046644 (N.D. Cal. Apr. 8, 2025) ....................... 4

*Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*,
  531 F.3d 868 (D.C. Cir. 2008) .................................................. 3, 5, 6, 7, 8

*Ramirez v. Oakland Unified Sch. Dist.*,
  No. 3:24-cv-9223, 2025 WL 1507092 (N.D. Cal. May 27, 2025) ................. 1, 4

*Riley's Am. Heritage Farms v. Elsasser*,
  No. 23-55516, 2024 WL 1756101 (9th Cir. Apr. 24, 2024) ............................... 4

*Sato v. Orange Cnty. Dep't of Educ.*,
  861 F.3d 923 (9th Cir. 2017) .............................................................. 3, 4, 8, 9

*Savage v. Glendale Union High Sch.*,
  343 F.3d 1036 (9th Cir. 2003) ..................................................................... 3, 6

*Statutes & Rules*

42 U.S.C. § 1983 ............................................................................................. 1

Cal. Const. art. VII, § 4(i) ............................................................................... 6

Cal. Const. art. IX, §§ 5-6 .............................................................................. 5

Cal. Educ. Code §§ 35000-35950 .................................................................. 6

Cal. Educ. Code § 35010 ................................................................................ 7

Cal. Gov. Code § 900.4 .................................................................................. 5

Cal. Gov. Code § 18500 ................................................................................. 6

S.D. Cal. CivLR 7.1(f)(3)(c) ........................................................................... 1

*Other Authorities*

13 Wright, Miller, & Freer,
  *Fed. Prac. & Proc. Juris.* § 3524.2 (3d ed. 2025) ............................................ 10

## INTRODUCTION

On July 16, 2025, both Plaintiffs and the EUSD Defendants filed cross-motions for summary judgment. ECF No. 247 (Plts.); ECF No. 242 (EUSD).[1] With respect to the EUSD Defendants, Plaintiffs are seeking both injunctive relief and damages. Thus, both motions sought partial summary judgment on liability with respect to Plaintiff West's Title VII damages claims, and adjudication of the EUSD Personal-Capacity Defendants' qualified immunity defense to damages for the constitutional claims. However, Plaintiffs' motion also sought adjudication of the EUSD Official-Capacity Defendants' sovereign immunity defense to damages for the constitutional claims.

Under sovereign immunity, the State of California cannot be sued for damages absent its consent. As a general rule, this immunity extends only to the sovereign itself—the state and its agencies—not cities, counties, or other local entities. With Title VII, Congress preempted state sovereign immunity, thus making states liable for monetary damages for their wrongdoing. But Congress did not do so for 42 U.S.C. § 1983, and for over thirty years, the Ninth Circuit has held that California's tight control over public education means that sovereign immunity should extend to its public school districts. This has had the unfortunate result of immunizing school districts for damages for their unconstitutional actions.

Then, in 2023, the en banc Ninth Circuit revamped its test for determining when and whether sovereign immunity should extend down to local entities, such as school districts. *Kohn v. State Bar of Cal.*, 87 F.4th 1021 (9th Cir. 2023) (en banc). As Judge Ryan Nelson has explained, under this new test, California's public school districts should not be protected by sovereign immunity. *Health Freedom Def. Fund, Inc. v. Carvalho*, 104 F.4th 715, 726-27 (9th Cir. 2024) (Nelson, J., concurring), *on reh'g en banc*, 148 F.4th 1020 (9th Cir. 2025). In heeding his call to have this question adjudicated properly on a fulsome record, Plaintiffs requested that the Court strike the EUSD Defendants' sovereign immunity defense. *See* ECF No. 247-1, pp.61:20-63:26.

---

[1] All page citations are to the ECF stamp.

Now, with the benefit of EUSD's opposition briefing, *see* ECF No. 276, pp.13:4-15:18, Plaintiffs reiterate that request. California school districts should join those in the rest of the nation in being monetarily accountable for violations of constitutional rights. *See, e.g.*, *Mead v. Rockford Public Sch. Dist.*, No. 1:23-cv-1313, 2025 WL 2682125, at *6-9 (W.D. Mich. Sept. 18, 2025) (denying motion to dismiss Parental Rights claim).[2]

## REPLY ARGUMENT

### I. LEGAL BACKGROUND ON THE SOVEREIGN IMMUNITY ISSUE

As stated in Plaintiffs' motion for summary judgment, a sovereign entity such as the State of California is immune from suit absent its consent. *See* ECF No. 247-1, pp.61:20-63:26 (citing *Alden v. Maine*, 527 U.S. 706, 715 (1999)). This immunity does not extend to municipalities, but it does extend to an "arm of the state" (whether sued in its own name, or via its officials), a determination which is a question of law. *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1026 (9th Cir. 2023) (en banc); *Crowe v. State Bar of Or.*, 112 F.4th 1218, 1230 (9th Cir. 2024). In determining whether sovereign immunity should apply, "[t]he Supreme Court has directed that '[w]hen indicators of immunity point in different directions, the Eleventh Amendment's twin reasons for being remain our prime guide': the states' dignity and their financial solvency. *Kohn*, 87 F.4th at 1026-27 (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994)).

---

[2] Plaintiffs' motion for summary judgment also sought partial summary judgment with respect to the Teacher-Plaintiffs' prospective relief 42 U.S.C. § 1983 claims against the EUSD Official-Capacity Defendants (the Superintendent and Board). The EUSD Defendants did not oppose this. ECF No. 247. Thus, the Court should treat Plaintiffs' motion as unopposed on that point. *See* S.D. Cal. CivLR 7.1(f)(3)(c); *Novalk, LLC v. Kinsale Ins. Co.*, No. 3:21-cv-1014, 2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021) ("where the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived"). With respect to Title VII liability and qualified immunity, the EUSD Defendants' moving and opposition briefs have the identical argument (literally cut-and-paste). *See* ECF Nos. 242-1, 276. Thus, Plaintiffs' incorporate herein their earlier briefing, including their evidentiary objections to the new Shinoff declaration, which is identical to the earlier one. *See* ECF No. 255-4; *compare* ECF No. 242-2; *with* ECF No. 276-1.

Before December 2023, the Ninth Circuit applied the five-factor *Mitchell* test, which "arose from a grab bag of Supreme Court and Ninth Circuit precedent." *See id.* at 1027 (citing *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)). But the *Mitchell* factors became "out of step with current Supreme Court jurisprudence," primarily by "plac[ing] the greatest weight on … whether a money judgment would be satisfied out of state funds." *Id.* at 1027 & n.6 (collecting sister circuit cases moving away from placing great weight on that factor). Thus, in December 2023, the en banc Ninth Circuit abandoned the *Mitchell* factors and held that "state dignity and solvency are … entitled to equal weight." *Id.* at 1028.

In *Kohn*, to determine whether a government agency is an "arm of the state," the Ninth Circuit explicitly adopted then-Judge Kavanaugh's three factor test. *Id.* at 1030 (citing *Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 873 (D.C. Cir. 2008) (Kavanaugh, J.)). Under that test, the Court looks at "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Id.* "The intent and control factors advance the states' dignity interests, and the treasury factor protects the states' financial solvency." *Id.*; *cf. Kirchmann v. Lake Elsinore Unified Sch. Dist.*, 83 Cal. App. 4th 1098, 1107 (2000) (analyzing two prongs: "fiscal affairs" and "political status").

Under the prior *Mitchell* test, courts within the Ninth Circuit held that the public schools of Alaska, Arizona, Nevada, Montana, and Oregon are not arms of the state. *See Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1184 (9th Cir. 2003) (Alaska); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1044 (9th Cir. 2003) (Arizona); *Eason v. Clark Cnty. Sch. Dist.*, 303 F.3d 1137, 1143 (9th Cir. 2002) (Nevada); *Kenny v. Bd. of Trs. of Valley Cnty. Sch. Dist.*, 563 F. Supp. 95, 99 (D. Mont. 1983), *aff'd*, 770 F.2d 170 (9th Cir. 1985) (Montana); *Great Am. Ins. Co. of New York v. Jackson Cnty. Sch. Dist. No. 9*, 478 F. Supp. 2d 1227, 1239 (D. Or. 2007) (Oregon). In contrast, courts have concluded that the public school systems of Hawaii, Washington, and Idaho are arms of

the state. *Lindsey v. Matayoshi*, 950 F. Supp. 2d 1159, 1166 (D. Haw. 2013); *Edmonds Sch. Dist. No. 15 v. City of Mountlake Terrace*, 77 Wash. 2d 609, 614 (1970); *Indep. Sch. Dist. No. 1 v. Common Sch. Dist. No. 1*, 56 Idaho 426 (1936).

The Ninth Circuit had similarly concluded that California's public school system was an arm of the state under the five-factor *Mitchell* test, *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017); *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992), and while applying a different test, a California court came to the same conclusion. *See Kirchmann*, 83 Cal. App. 4th at 1115. But with the adoption of the new three-factor *Kohn* test, the Ninth Circuit has repeatedly noted that the analysis may change. *See Health Freedom Def. Fund*, 104 F.4th at 726 (Nelson, J., concurring) (raising the issue); *reh'g en banc*, 148 F.4th at 1027 n.8 (en banc) (noting the issue as unnecessary for resolution of the appeal); *K.J. v. Jackson*, 127 F.4th 1239, 1251 n.8 (9th Cir. 2025) (same); *Riley's Am. Heritage Farms v. Elsasser*, No. 23-55516, 2024 WL 1756101, at *1 n.1 (9th Cir. Apr. 24, 2024) (same).

During that time, two courts in the Northern District of California have concluded that California public schools remain protected by sovereign immunity even under the *Kohn* three-factor test. *See Ramirez v. Oakland Unified Sch. Dist.*, No. 3:24-cv-9223, 2025 WL 1507092, at *4 (N.D. Cal. May 27, 2025); *Price v. Tamalpais Union High Sch. Dist.*, No. 3:24-cv-8033, 2025 WL 1046644, at *2 (N.D. Cal. Apr. 8, 2025). But neither case has percolated up to the Ninth Circuit.

## II. Legal Analysis: Under the *Kohn* Test, Sovereign Immunity Does Not Reach Public School Districts

As stated above, the Ninth Circuit's new test for sovereign immunity places equal weight on a state's "dignity interests" and "financial solvency," when previously the Ninth Circuit had placed "excessive emphasis" on the financial solvency factor. *Kohn*, 87 F.4th at 1027-28. This excessive emphasis was a key factor in the Ninth Circuit's prior holding that sovereign immunity applied to California school districts. *Sato*, 861 F.3d at 929 ("The first *Mitchell* factor … is the most important"); *Belanger*,

963 F.2d at 251 ("the first factor is predominant"); *Kirchmann*, 83 Cal. App. 4th at 1107 ("most salient factor"). Below, Plaintiffs first address how the "dignity" factors point against sovereign immunity, before addressing how the "financial" factors are not enough to warrant sovereign immunity.

### A. California's "Dignity Interests" Do Not Warrant Granting Sovereign Immunity to School Districts.

As stated, the factors of both state "intent" and "control" examine the state's dignity interests in not being sued in federal court. *Kohn*, 87 F.4th at 1030. Each of these has several sub-factors. With respect to "intent," this factor looks at "the [s]tate's intent as to the status of the entity, including the functions performed by the entity." *Id.* at 1026. "The first factor of intent turns on [1] whether state law expressly characterizes the entity as a governmental instrumentality rather than as a local governmental or non-governmental entity; [2] whether the entity performs state governmental functions; [3] whether the entity is treated as a governmental instrumentality for purposes of other state law; and [4] state representations about the entity's status." *Id.* at 1030. With respect to "control," this factor looks at "the [s]tate's control over the entity," *id.* at 1026, and "depends on [5] how members of the governing body of the entity are appointed and removed, as well as [6] whether the state can 'directly supervise and control [the entity's] ongoing operations.'" *Id.* at 1030 (quoting *Puerto Rico Ports Auth.*, 531 F.3d at 877). Each sub-factor is addressed below.

#### 1. *Intent: How State Law Characterizes School Districts.*

On the first sub-factor, whether the entity is an "instrumentality" or a state "agency," the EUSD Defendants state simply that "State law characterizes school districts as state entities. The California Constitution provides for a system of public schools, contemplates school districts that are part of a 'Public School System,' and establishes a 'State School Fund' for said 'Public School System.'" ECF No. 276, pp.13:27-14:2 (quoting Cal. Const. art. IX, §§ 5-6). But this paints with too broad of a brush. While schooling is a matter of state-wide concern—a state *function*, *see Health*

5
Reply to the EUSD Defendants ISO Plaintiffs' Renewed
Motion for Summary Judgment or a Preliminary Injunction

*Freedom Def. Fund*, 104 F.4th at 727 (Nelson, J., concurring)—a school district is treated as a "local public entity" under California law. *Johnson v. San Diego Unified Sch. Dist.*, 217 Cal. App. 3d 692, 699 & n.5 (1990) (citing Cal. Gov. Code § 900.4).

This strongly indicates that the California Department of Education ("CDE") is an arm of the state, but not necessarily school districts—specifically termed "local educational agencies." *See* Cal. Educ. Code §§ 35000-35950. This sub-factor turns on how California statutes treat the *entity*, and here, those statutes clearly distinguish between state and local entities regardless of whether they are performing state or local functions. *See Savage*, 343 F.3d at 1050; *Puerto Rico Ports Auth.*, 531 F.3d at 875; *Cal. Rifle & Pistol Ass'n, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, No. 2:23-cv-10169, 2025 WL 2324625, at *10 (C.D. Cal. July 21, 2025).

### 2. Intent: Whether School Districts Perform State Functions.

The second sub-factor asks "whether the entity performs state governmental functions." *Kohn*, 87 F.4th at 1030. By this, the Ninth Circuit meant "functions *typically* performed by state governments." *Id.* at 1033 (citing *Hess*, 513 U.S. at 45) (emphasis added). Although California is unique, education is not *typically* a matter of state-wide, as opposed to local, concern. *See Hess*, 513 U.S. at 45 (finding factor neutral because "functions [were] not readily classified as typically state or unquestionably local"); *Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391, 402 (1979) ("The regulation of land use is traditionally a function performed by local governments.").

### 3. Intent: How School Districts Are Treated by Other State Laws.

The third sub-factor is "whether the entity is treated as a governmental instrumentality for purposes of other state law." *Kohn*, 87 F.4th at 1030. As stated by the D.C. Circuit, this question is whether "[the agency's] internal operations are governed by [state] laws that apply to [state] agencies generally." *Puerto Rico Ports Auth.*, 531 F.3d at 876. Here, state employees are covered by the State Civil Service Act, but teachers are not. Cal. Gov. Code § 18500 (State Civil Service Act); Cal.

Const. art. VII, § 4(i). A whole separate legal regime applies to employees of local educational agencies. *See* Cal. Educ. Code §§ 35000-35950. Further, although state agencies are bound by the California Administrative Procedure Act, school districts are not. *Henry George Sch. of Soc. Sci. v. San Diego Unified Sch. Dist.*, 183 Cal. App. 2d 82, 85-86 (1960). Thus, this factor weights against sovereign immunity.

### 4. *Intent: The State's Representations About School District's Status.*

The last "intent" sub-factor looks at "state representations about the entity's status." *Kohn*, 87 F.4th at 1030. This factor looks at "[the state's] representations *in this case* about [the entity's] status." *Puerto Rico Ports Auth.*, 531 F.3d at 874 (citing *Morris v. Wash. Metro. Area Transit Auth.*, 781 F.2d 218, 225 (D.C. Cir. 1986)). For example, in *Morris*, both "Maryland and Virginia … filed a joint brief *amici curiae* stating their intent to confer immunity on [the agency]." *Morris*, 781 F.2d at 225. Here, in contrast, the CDE has claimed that "school districts" "are political subdivisions of the state," ECF No. 124, p.14:2-3, p.16:13; that they are "independent school districts, each with distinct policies," ECF No. 164, p.10:15; and that "they are not bound by the guidance in the CDE FAQs," ECF No. 195-1, p.2:27-28; thus weighing against sovereign immunity.

### 5. *Control: How Directors Are Appointed.*

Turning to the first "control" sub-factor, as stated, this "look[s] primarily at how the directors and officers of [the entity] are appointed." *Puerto Rico Ports Auth.*, 531 F.3d at 877 & n.6. Here, local school districts are governed by an independently elected board of trustees. Cal. Educ. Code § 35010; *see Hess*, 513 U.S. at 44 (noting that "[a]ll commissioners are state appointees").

### 6. *Control: Whether the State Has Plenary Veto Power.*

Separate from how directors are appointed, state "control" can be shown through "the government's statutory authority to veto an entity's proposed actions." *Puerto Rico Ports Auth.*, 531 F.3d at 877 n.6. But there is no such authority here. The CDE does not have plenary veto power over local educational agencies, as shown

through the fact that it must "resort[] to litigation … to impose its will." *Lake Country Ests.*, 440 U.S. at 402. EUSD argues that "ultimately, the state has 'total control' over public school funding and 'centralized control' over other decisions for public schools, such as textbook use, student suspension, and student expulsion." ECF No. 276, p.14:26-28. But that is not the question that these factors are asking.

*   *   *

As shown, the "intent" and "control" factors strongly lean against sovereign immunity. California has organized its public school system like most other states—with a significant amount of local control. Thus, subjecting school districts to suit in federal court would not significantly impact California's dignity interests. Rather, as indicated above, the "financial solvency" factor of the *Mitchell* test carried most of the weight because of California's unique funding scheme. But when placed on an equal footing with the "dignity interests," that analysis does not warrant granting school districts sovereign immunity.

### B. California's "Financial Solvency" Interests Do Not Warrant Granting Sovereign Immunity to School Districts.

The last *Kohn* factor is "the entity's overall effects on the state treasury." *Kohn*, 87 F.4th at 1026. This factor has two sub-factors: whether the entity [1] "pays its own debts," and [2] "generates its own revenue." *Hess*, 513 U.S. at 52; *see Kohn*, 87 F.4th at 1036 (whether "California is responsible for funding the [entity] or paying its debts). For these sub-factors, "the relevant issue is a [s]tate's overall responsibility for funding the entity or paying the entity's debts or judgments, *not* whether the [s]tate would be responsible to pay a judgment *in the particular case at issue.*" *Id.* at 1036 (quoting *Puerto Rico Ports Auth.*, 531 F.3d at 878). Each sub-factor will be addressed below.

#### 1. *Treasury: California Is Not Responsible for School District Debts.*

The first sub-factor asks whether the state is legally responsible for the agency's debts. Here, "[i]n evaluating this factor, 'the relevant inquiry is whether [the state] will be legally required to satisfy any monetary judgment obtained against the

[d]istrict,' not whether state funds will actually be used." *Sato*, 861 F.3d at 929 (quoting *Eason*, 303 F.3d at 1142). Thus, "in the absence of a showing that money used to pay a judgment will necessarily be replaced with state funds, 'we adhere to our basic proposition that the fact that the state may ultimately *volunteer* to pay the judgment … is immaterial….'" *Kohn*, 87 F.4th at 1037 (quoting *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775, 781 (9th Cir. 2005)); *accord Crowe*, 112 F.4th at 1232. Here, state law is unequivocal that California is not liable for the wrongs of local school districts or their employees. *Kirchmann*, 83 Cal. App. 4th at 1108; *Johnson*, 217 Cal. App. at 699.

### *2. Treasury: California's Responsibility for Funding School Districts.*

The second sub-factor asks whether the state "is responsible for funding" the entity, *Kohn*, 87 F.4th at 1036, or whether the entity "generates its own revenue." *Hess*, 513 U.S. at 52. As indicated above, this sub-factor and California's unique educational funding regime carried almost all of the weight in the Ninth Circuit's prior sovereign immunity analyses. *See Health Freedom Def. Fund*, 104 F.4th at 727 (Nelson, J., concurring). Under that analysis, the Ninth Circuit distinguished between states that "guarantee[] minimum funding for school districts" and states that "establish[] a maximum, equalized funding level." *Sato*, 861 F.3d at 929-30. States with *minimum* funding level, like Alaska, allow their local school district to raise further funds through local property taxes and bonds; states with *maximum* funding levels prohibit this. *See id*.

This is the aspect of the "financial solvency" factor that the Ninth Circuit found dispositive. *Belanger*, 963 F.2d at 251-52; *Sato*, 861 F.3d at 929-32. And, indeed, California does directly fund all public schooling in the state. *See id*. But because the Ninth Circuit focused on this sub-factor, there is no discussion of payment of debts in either *Belanger* or *Sato*, as a result of which, a California court noted that "*Belanger's* conclusion that California school districts are arms of the state because they are principally state funded [is] questionable." *Kirchmann*, 83 Cal. App. 4th at 1108.

The California court side-stepped this issue by stating that even though the state is not legally liable for school districts' debts, "[t]he court also must consider whether the state is 'practically' liable" because the "state would ultimately make up budget shortfall." *Kirchmann*, 83 Cal. App. 4th at 1109 (quoting *Hess*, 513 U.S. at 51). In this respect, the court recognized that if a school district becomes completely insolvent, such that it "lacked funds to complete the final six weeks of its school term," the state must step in. *Id.* at 1112 (citing *Butt v. California*, 4 Cal. 4th 668, 694-96 (1992)). But the Ninth Circuit has been wary of this reasoning, and in the en banc *Kohn* case, noted that it had precedent both accepting and rejecting such reasoning. *See Kohn*, 87 F.4th at 1036-37.

\*    \*    \*

Thus, at best, one-half of the "financial solvency" factor weighs in favor of extending sovereign immunity to California school districts, while the other half weighs against doing so, and the "dignity interests" factor strongly weighs against doing so. In weighing the factors, the Court should also consider whether its ultimate "conclusion puts us in good company." *Kohn*, 87 F.4th at 1037. In that vein, it is noteworthy that "[l]ocal school districts usually are classified as local political subdivisions and thus not entitled to sovereign immunity." 13 Wright, Miller, & Freer, *Fed. Prac. & Proc. Juris.* § 3524.2 & n.44 (3d ed. 2025) (collecting cases). Thus, finding that California school districts are not protected by sovereign immunity would put the Ninth Circuit in good company indeed. *See, e.g.*, *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 279-81 (1977); *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 995-97 (10th Cir. 1993) (collecting cases); *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 927-29 (7th Cir. 2012).

## CONCLUSION

For the foregoing reasons, and those stated in their motion for partial summary judgment, Plaintiffs respectfully request that the Court grant their motion for partial summary judgment against the EUSD Defendants in full.

10
Reply to the EUSD Defendants ISO Plaintiffs' Renewed
Motion for Summary Judgment or a Preliminary Injunction

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: September 22, 2025     By: _____
Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
William T. Duke
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*

USDC Court Case No.: 3:23-cv-00768-BEN-VET

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Reply to the EUSD Defendants' Opposition to Plaintiffs' Renewed Motion for (1) Summary Judgment on Prospective Relief Claims; (2) Partial Summary Judgment re Liability on Damages Claims; (3) Entry of a Rule 54(b) Separate Judgment on Prospective Relief Claims and Stay of Damages Claims; and (4) Entry of a Class-Wide Permanent Injunction.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Darrell Spence, Superv. Dep. Att'y Gen.<br>Kevin L. Quade, Dep. Att'y Gen.<br>California Department of Justice<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6089<br>E-Mail: Darrell.Spence@doj.ca.gov<br>E-Mail: kevin.quade@doj.ca.gov | Emmanuelle Soichet, Dep. Att'y Gen.<br>Jennifer Bunshoft, Dep. Att'y Gen.<br>Shatti Hoque, Dep. Att'y Gen.<br>California Department of Justice<br>455 Golden Gate Ave., Ste. 1100<br>San Francisco, CA 94102-7004<br>E-Mail: emmanuelle.soichet@doj.ca.gov<br>E-Mail: Jennifer.Bunshoft@doj.ca.gov<br>E-Mail: shatti.hoque@doj.ca.gov |
| Darin L. Wessel, Dep. Att'y Gen.<br>California Department of Justice<br>600 W Broadway Ste 1800<br>San Diego, CA 92101-3375<br>Telephone: (619) 738-9125<br>E-Mail: Darin.Wessel@doj.ca.gov<br>**Attorneys for CDE Defendants** | Daniel R. Shinoff, Esq.<br>Jack Sleeth, Esq.<br>Maurice Bumbu, Esq.<br>Lauren Cambronero, Esq.<br>Artiano Shinoff<br>3636 Fourth Avenue, Suite 200<br>San Diego, CA 92103<br>Tel: 619-232-3122<br>E-Mail: dshinoff@as7law.com<br>E-Mail: nlay@as7law.com<br>E-Mail: jsleeth@as7law.com<br>E-Mail: mbumbu@as7law.com<br>E-Mail: lcambronero@as7law.com<br>**Attorneys for EUSD Defendants** |

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on September 22, 2025, at Rancho Santa Fe, California.

_____
Kathy Denworth