UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, and LORI ANN WEST, individually and on behalf of herself and all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>Defendants. | Case No.: 3:23-cv-768-BEN-WVG<br><br>**ORDER SEVERING FOR TRIAL CLAIMS OF TEACHERS AGAINST THE ESCONDIDO UNION SCHOOL DISTRICT DEFENDANTS AND STAYING SEVERED CLAIMS** |

Plaintiffs Elizabeth Mirabelli and Lori Ann West initially brought this action against their employer the Escondido Union School District ("EUSD") and some of its officials where Plaintiffs taught middle school students. The Second Amended Class Action Complaint broadened the litigation to include two additional EUSD middle school teacher plaintiffs and a plaintiff class of teachers and parents across the state who seek vindication of their federal constitutional rights and who seek to enjoin the members of the State Board of Education, the State Superintendent of Public Instruction and the State Attorney General from enforcing policies in derogation of their rights. A plaintiff class of parents and teachers against state officials has now been certified under Federal Rule of Civil Procedure 23(b)(2).[1]

---

[1] The following class and subclasses were certified in accordance with Rule 23(b)(2):

1

23-cv-00768-BEN-WVG

Pending in this case is the class plaintiffs' motion for summary judgment on prospective relief claims, plaintiffs' motion for partial summary judgment regarding liability on damages claims, plaintiffs' request for entry of a Rule 54(b) separate judgment on prospective relief claims and a stay on damages claims, plaintiffs' motion for entry of a class-wide preliminary or permanent injunction, plaintiffs' motion for summary judgment against the EUSD defendants and EUSD's own cross-motion for summary judgment.

The individual claims of teachers Mirabelli, West, Jane Roe, and Jane Boe against the EUSD defendants focus on many issues that are distinct from the plaintiff state-wide class action claims. For example, West brings stand-alone Title VII claims against EUSD (Claims 4 & 5), and teachers West, Mirabelli, Roe, and Boe seek money damages from EUSD, EUSD board members, the Principal of Rincon Middle School, and other school officials for violating their constitutional rights under 42 U.S.C. §1983 along with requests for injunctive relief included in Claims 1, 2, and 3. The EUSD defendants ask for a finding of qualified immunity. At the same time, the class action plaintiffs seek only declarative and injunctive relief against the state defendants and their local educational units. However, the claims of all plaintiffs are to some degree interlinked and resolution of one claim will likely affect the resolution of others.

Therefore, a severance of proceedings and eventually of trial for the claims against the EUSD defendants asserted by teachers Mirabelli, West, Roe, and Boe will be

---

All individuals who are participating or will participate in California's public education system, whether as employees or parents/guardians of students, without having to subject themselves to Parental Exclusion Policies, and
(1) Are employees who object to complying with Parental Exclusion Policies;
(2) Are employees who submit a request for a religious exemption or opt-out to complying with Parental Exclusion Policies;
(3) Are parents/guardians who object to having Parental Exclusion Policies applied against them and have children who are attending California public schools; or
(4) Are parents/guardians who submit a request for a religious exemption or opt-out to having Parental Exclusion Policies applied against them and have children who are attending California public schools.

beneficial to all parties. Due to the interlinking of some of the claims, severance of the middle school teacher's claims against EUSD is better suited under FRCP Rule 42(b) (which will schedule different trial tracks) than severance under FRCP Rule 21 (which would create two distinct actions). *Cf. Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017) (when a claim is severed under Rule 21 it becomes an entirely new and independent case) (citations omitted). *Moore's Federal Practice* explains the difference between a Rule 21 and a Rule 42(b) severance as follows:

> Severance under Rule 21 results in separate actions. A single claim that is severed from a multiclaim action "may be . . . proceeded with separately." In other words, the severed claim proceeds as a discrete, independent suit. It and the original case result in their own separate final judgments from which appeals may be taken. If a severed claim is one of multiple claims asserted by a single plaintiff against a single defendant (or vice versa), neither party is severed from the original action. Rather, both parties are involved in two separate actions. *In contrast, an order of separate trials [under Rule 42(b)] does not result in the filing of separate cases. Instead, it simply leads to two or more separate factual inquiries in the context of a single, properly joined case.* No matter how many separate trials the court may order, they remain part of a single case. While judgment on a severed claim is final for purposes of appeal, judgment on a claim tried separately is not an appealable final judgment, unless certified for immediate appeal under Rule 54.

*Moore's Fed. Practice - Civil* § 4:21.06[1] (2025) (emphasis added).

Therefore, this Court finds it necessary to sever the individual claims of teachers Mirabelli, West, Roe, and Boe against the EUSD defendants, pursuant to FRCP Rule 42(b), for the convenience of the parties and the Court and to expedite proceedings and hereby Orders separate pre-trial proceedings and separate trials.

**Stay of Severed Proceedings**

The severed proceedings by the teachers Mirabelli, West, Roe, and Boe against the EUSD defendants are hereby stayed until further order of the Court. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes

on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether a stay is appropriate, a federal court may consider: (1) the "possible damage which may result from the granting of a stay;" (2) the "hardship or inequity which a party may suffer in being required to go forward;" and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  These factors support a stay.  The stay will simplify proceedings by allowing the class claims against the state defendants which are largely issues of constitutional law to proceed to a conclusion before addressing the more fact-intensive local damages claims.

Dated:  October 24, 2025

_____
ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE