Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
William T. Duke, SBN 361823
 wduke@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Peter Breen, *pro hac vice*
 pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situation; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>　　　　Defendants. | Case No.: 3:23-cv-0768-BEN-VET<br><br>**Plaintiffs' Ex Parte Application for an Order to Show Cause re: Sanctions**<br><br>Judge:　　　Hon. Roger T. Benitez<br>Courtroom:　5A |

**TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Elizabeth Mirabelli, Lori Ann West, Jane Roe, Jane Boe, John Poe, Jane Poe, John Doe, and Jane Doe, by and through counsel, will and hereby do apply to the Court for an order to show cause regarding sanctions against the State Defendants and their counsel for misleading the Court about the California Department of Education's ("CDE") purported withdrawal of Parental Exclusion Policies.

This Application is made on the following grounds: The State Defendants contended that the Court should dismiss this action as moot because the CDE had supposedly **"withdrawn and conclusively replaced Plaintiffs' only basis for suit against the State Education Defendants"** by taking down and replacing the FAQ page. Although that argument was frivolous and has been rejected by this Court, Plaintiffs recently discovered that the facts are far more serious. The reality is that the CDE merely moved the challenged content of the FAQ page to its new "PRISM" training module—which is required for all teachers. **In making their mootness argument while concealing that the challenged requirements were covertly ported over to the PRISM training, the State Defendants have engaged in an egregious attempt to affirmatively mislead the Court and prejudice Plaintiffs and the Class**. That training was not previously available to Plaintiffs, who could not submit it with their regular briefing, but it is judicially noticeable as a government record.

This Application is supported by the accompanying Memorandum of Points and Authorities, by the declaration of Paul M. Jonna, Esq., and by such further argument and evidence that may be adduced at any hearing on this matter.

For the reasons discussed herein, **Plaintiffs respectfully request the opportunity to address these serious issues at the November 17, 2025 hearing on Plaintiffs' Motion for Summary Judgment.**

///

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | Respectfully submitted, |
| 2   |     |     | LiMANDRI & JONNA LLP |
| 3   |     |     |     |
| 4   | Dated: November 7, 2025 | By: | _____ |
| 5   |     |     | Charles S. LiMandri |
| 6   |     |     | Paul M. Jonna |
| 7   |     |     | Jeffrey M. Trissell<br>William T. Duke |
| 8   |     |     | Attorneys for Plaintiffs |

11  / / /
12  / / /
13  / / /
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

---

3

PLAINTIFFS' EX PARTE APPLICATION FOR AN OSC RE: SANCTIONS

## EX PARTE APPLICATION

**1.** The "court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). This includes fraud on the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 n.17 (1991). "To impose sanctions under its inherent authority, the district court must make an explicit finding ... that [the] conduct constituted or was tantamount to bad faith." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). Sanctions can also specifically be awarded for submitting a summary judgment declaration in bad faith, Fed. R. Civ. P. 56(h), or for violations of the local rules. S.D. Cal. Civ. Local Rule 83.1.

**2.** Here, the State Defendants moved to dismiss Plaintiffs' claims as moot at the beginning of this year on the basis that the CDE had taken down the FAQ page. ECF Nos. 195, 207, 208. In response, the Court held that Plaintiffs' claims were not moot because the basis for removing the page was unclear and it did not appear that it could not easily be undone. ECF No. 236. Then, in opposing Plaintiffs' motion for summary judgment, the State Defendants again argued that Plaintiffs' claims were moot because the "CDE has withdrawn the prior challenged nonbinding FAQ guidance, replaced it with new guidance about the requirements of AB 1955, and notified every school district in California of that change." *See* ECF No. 256, p.17. In support, the State Defendants further cited the declaration of the CDE's Rule 30(b)(6) witness, Richard Barrera. *See id.* (citing ECF No. 256-6). They continued:

> The Court previously held that Plaintiffs' claims against the State Education Defendants were not moot under the exception for voluntary cessation. ECF 236 at 2-6. But here, CDE's withdrawal and replacement of its earlier guidance was due to the passage of AB 1955, making it akin to a durable statutory change. By fully withdrawing the old guidance, as opposed to simply adding to it, CDE unequivocally communicated to districts that the rescinded guidance Plaintiffs focus on is no longer in effect. **Because CDE has withdrawn and conclusively replaced Plaintiffs' only basis for suit against the State Education Defendants**, *see* ECF 247-1 at 28-29 (emphasizing the

purported lingering effect of withdrawn guidance), **the claims against these Defendants are moot.**

*Id.* at 17:14-24 (emphasis added).

In response, Plaintiffs stated that their claims were not moot because both the CDE and Attorney General continue to believe that Parental Exclusion Policies are required by California law and that the removal of the FAQ page has not remediated its effects. *See* ECF No. 269 at pp.10-12. In support of this, Plaintiffs cited to the CDE's new PRISM training, required under new Cal. Educ. Code § 218.3(b)(1) to be published by the CDE by July 1, 2025. *See* ECF No. 255-3, Ex. P (CDE webpage). Plaintiffs had obtained a copy of the Facilitator's Guide, but had not obtained access to the training itself. *See id.*, Ex. Q.

That Facilitator's Guide itself, however, was not particularly explicit in continuing Defendants' Parental Exclusion Policies. It instructs staff to "[r]eassure the student that their privacy is a top priority," ECF No. 255-3 at 87, and to "[a]sk the student for their input about who needs to be informed," *id.* at 88, but without ever explicitly stating that parents can be intentionally excluded. The closest the guide comes is when it describes the importance of family involvement *if* the parents are supportive—with no discussion of what should occur if parents are not supportive. *See id.* at 88.

**3.** On November 3, 2025, a group posted a video of the PRISM training itself online. The training is provided through an online portal in which a person must read each slide and then press a button to proceed to the next page. The training also has the option to have the slide read aloud to the viewer. The video that was created is a recording of a teacher's computer screen as he proceeds through the training. Plaintiffs immediately downloaded the video and saved it. *See* Ntc. of Manual Filing, Ex. 2 Plaintiffs have also taken a screenshot of the key slide. *See* Jonna Decl., Ex. 2. In most relevant part, training states:

In the State of California, LGBTQI+ students have the right to express

themselves freely at school without fear, punishment or retaliation. It is illegal to discriminate against people based on sexual orientation gender identity…. **A school cannot "out" a student as LGBTQI+ to anyone without their permission, including their parents**. Students have the right to control to what extent and to whom their personal information is disclosed, including information about their sexual orientation or gender identity…. A student who is "out" about their sexual orientation or gender identity at school, but not out to their parents at home, still has a reasonable expectation of privacy. **Meaning, school staff can't tell the student's family they are LGBTQI+ without the student's permission. There are limited circumstances in which a school can inform a parent(s) of their child's** sexual orientation or <u>**gender identity**</u> **– such as issues involving safety or wellness.**

Plaintiffs also obtained another short video showing Defendant Thurmond introducing the PRISM training. *See* Ntc. of Manual Filing, Ex. 3.

The language from the PRISM training language closely tracks the prior FAQ page, which stated:

[S]chools must consult with a transgender student to determine who can or will be informed of the student's transgender status, if anyone, including the student's family. **With rare exceptions, schools are required to respect the limitations that a student places on the disclosure of their transgender status, including not sharing that information with the student's parents.** In those very rare circumstances where a school believes there is a specific and compelling **"need to know,"** the school should inform the student that the school intends to disclose the student's transgender status, giving the student the opportunity to make that disclosure her or himself.

ECF No. 256-6 at 13, Richard Barrera Decl., Ex. 1 (emphasis added).

Further, in describing what would constitute a "need to know," the State Education Defendants explained in their discovery responses:

Whether there is a compelling "need to know" would necessarily vary based on all of the factors present in a specific situation. It is not possible to speculate about every potential scenario where it might be warranted to disclose a pupil's gender nonconforming status to a parent over the pupil's objection. Specific facts, which have not been presented in this interrogatory, would need to be provided to determine whether a given scenario would support the disclosure of a pupil's gender nonconforming

identity to the pupil's parents over the pupil's objection.

*See* ECF No. 137-2 at 243, CDE Responses to Interrogatories Nos. 6-8.

Thus, the State Defendants have repeatedly argued that Plaintiffs' case was moot because they had taken down the FAQ page, when in reality they had simply moved the content to a new location, difficult for Plaintiffs to obtain access to, but which all teachers would ultimately be required to read. This is an egregious attempt to mislead the Court.

**4.** Under Rule 201, "a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). This includes government documents. *See, e.g.*, *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 968 n.4 (9th Cir. 2008) (government documents on government website); *Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts … [and] public documents"). Here, the PRISM training is a matter of public record whose content as shown in the video and the screenshot is not a matter of reasonable dispute. Plaintiffs request that the Court take judicial notice of those items and consider them at the summary judgment hearing.

**5.** The State Defendants' attempt to mislead the Court into dismissing Plaintiffs' claims as moot is a particularly egregious attempt to perpetrate a fraud on the Court. Plaintiffs previously argued that Defendants had merely taken down the offending material, which did not remediate the problem because school districts were left in a state of ambiguity. *See* ECF No. 269 at 10-12. But Defendants' conduct was much worse—they continued affirmatively telling school districts that Parental Exclusion Policies were legally required, while arguing mootness to this Court. This attempted fraud on the Court should not be tolerated.

Plaintiffs respectfully request that the Court order an OSC re: sanctions against every person involved, including all of the named State Defendants, their

counsel of record, and the Rule 30(b)(6) witness Richard Barrera. In response to that OSC, Plaintiffs will brief the specific authority under which sanctions are appropriate and the specific sanctions that should issue.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: November 7, 2025        By: _____
Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
William T. Duke
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*

USDC Court Case No.: 3:23-cv-00768-BEN-VET

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Plaintiffs' Ex Parte Application for an Order to Show Cause re: Sanctions;**
- **Declaration of Paul M. Jonna, Esq., in Support of Plaintiffs' Ex Parte Application for an Order to Show Cause re: Sanctions; and**
- **[PROPOSED] ORDER TO SHOW CAUSE WHY STATE DEFENDANTS SHOULD NOT BE SANCTIONED FOR MISLEADING THE COURT RE ITS WITHDRAWAL OF PARENTAL EXCLUSION POLICIES.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Darrell Spence, Superv. Dep. Att'y Gen.
Kevin L. Quade, Dep. Att'y Gen.
California Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6089
E-Mail: Darrell.Spence@doj.ca.gov
E-Mail: kevin.quade@doj.ca.gov

Emmanuelle Soichet, Dep. Att'y Gen.
Jennifer Bunshoft, Dep. Att'y Gen.
Shatti Hoque, Dep. Att'y Gen.
California Department of Justice
455 Golden Gate Ave., Ste. 1100
San Francisco, CA 94102-7004
E-Mail: emmanuelle.soichet@doj.ca.gov
E-Mail: Jennifer.Bunshoft@doj.ca.gov
E-Mail: shatti.hoque@doj.ca.gov

Darin L. Wessel, Dep. Att'y Gen.
California Department of Justice
600 W Broadway Ste 1800
San Diego, CA 92101-3375
Telephone: (619) 738-9125
E-Mail: Darin.Wessel@doj.ca.gov
**Attorneys for CDE Defendants**

Daniel R. Shinoff, Esq.
Jack Sleeth, Esq.
Maurice Bumbu, Esq.
Lauren Cambronero, Esq.
Artiano Shinoff
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
Tel: 619-232-3122
E-Mail: dshinoff@as7law.com
E-Mail: nlay@as7law.com
E-Mail: jsleeth@as7law.com
E-Mail: mbumbu@as7law.com
E-Mail: lcambronero@as7law.com
**Attorneys for EUSD Defendants**

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on November 7, 2025, at Rancho Santa Fe, California.

_____
Kathy Denworth