UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>Defendants. | Case No.: 3:23-cv-0768-BEN-VET<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR A CLASS-WIDE PERMANENT INJUNCTION** |

ORDER GRANTING MOTION FOR CLASS-WIDE PERMANENT INJUNCTION

## I. INTRODUCTION

Plaintiffs Elizabeth Mirabelli, Lori Ann West, Jane Roe, and Jane Boe ("Teacher Plaintiffs"), and Plaintiffs John Poe, Jane Poe, John Doe, and Jane Doe ("Parent Plaintiffs"), brought this action under 42 U.S.C. § 1983 seeking injunctive and declaratory relief against Defendants Attorney General Rob Bonta ("AG Bonta"), Defendants State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Anya Ayyappan ("CDE Defendants").

Before this Court is Plaintiffs' Motion for Summary Judgment and for a Class-Wide Permanent Injunction. The Court heard oral argument on the motion on November 17, 2025. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion.

## II. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED** that:

1. Defendants Attorney General Rob Bonta, State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Anya Ayyappan, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from implementing or enforcing: (1) the Privacy Provision of the California Constitution, Cal. Const. art. I, § 1; (2) any other provision of California law, including equal protection provisions such as Cal. Educ. Code §§ 200, 220, Cal. Gov. Code § 11135; or (3) any regulations or guidance, such as the 2016 "Legal Advisory regarding application of California's antidiscrimination statutes to transgender youth in schools" and accompanying FAQ page, or Cal. Code Regs., tit.

5, §§4900-4965, or the newly produced PRISM cultural competency training, in such a manner as to:

(a): permit or require any employee in the California state-wide education system from misleading the parent or guardian of a minor child in the education system about their child's gender presentation at school, whether by: (i) directly lying to the parent; (ii) preventing the parent from accessing educational records of the child; or (iii) using a different set of preferred pronouns/names when speaking with the parents than is being used at school;

(b): permit or require any employee in the California state-wide education system to use a name or pronoun to refer to that child that do not match the child's legal name and natal pronouns, where a child's parent or legal guardian has communicated their objection to such use;

(c): require any employee in the California state-wide education system to use a name or pronoun to refer to a child that do not match the child's legal name and natal pronouns while concealing that social gender transition from the child's parents, over the employee's conscientious or religious objection;

(d): or in any way interfere with a teacher or other school administrator, counselor or staff from communicating to parents that his, her, or their child has manifested a form of gender incongruity such as changing preferred names or pronouns.

2. Defendants shall provide forthwith, by personal service or otherwise, actual notice of this order to all personnel who are responsible for implementing or enforcing the enjoined provisions. Within 20 days, the government shall file a declaration establishing proof of such notice.

3. Defendants shall include in a prominent place in PRISM training materials, and in any other state-created or approved instruction on the gender-related rights of student and faculty, the following statement:

**"Parents and guardians have a federal constitutional right to be informed**

**if their public school student child expresses gender incongruence. Teachers and school staff have a federal constitutional right to accurately inform the parent or guardian of their student when the student expresses gender incongruence. These federal constitutional rights are superior to any state or local laws, state or local regulations, or state or local policies to the contrary."**

4. Further, because enjoining Defendants from enforcing unconstitutional policies will impose no financial burden, Plaintiffs are not required to post a bond or undertaking.

**IT IS SO ORDERED.**

DATED: December 22, 2025

　　　　　　　　　　　　　　　　　　**HON. ROGER T. BENITEZ**
　　　　　　　　　　　　　　　　　　United States District Judge