ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
KEVIN L. QUADE
Deputy Attorney General
State Bar No. 285197
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7693
 Fax: (916) 324-8835
 E-mail: Kevin.Quade@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an Individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BEN-VET<br><br>**STATE DEFENDANTS' EX PARTE APPLICATION FOR STAY OF ORDER GRANTING SUMMARY JUDGMENT AND INJUNCTION PENDING APPEAL, OR ALTERNATIVELY, 14-DAY ADMINISTRATIVE STAY**<br><br>Courtroom: 5A<br>Judge: The Honorable Roger T. Benitez<br><br>Action Filed: April 27, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants, the California Superintendent of Public Instruction (SPI), the State Board of Education (SBE), and the California Attorney General (AG) (collectively, State Defendants), request that the Court stay the order granting Plaintiffs' motion for summary judgment (ECF No. 307), and the related injunction order (ECF No. 308) pending appeal (collectively, "the Orders"). If the Court is not inclined to grant a stay of the Orders pending appeal, then State

Defendants request a brief administrative stay of fourteen days, to seek relief from the Ninth Circuit Court of Appeals. State Defendants request a ruling on this request no later than 2 p.m. on December 23, 2025. The parties to this case were notified that State Defendants would be making this request on December 22, 2025.

    A stay pending appeal—and at a minimum a brief stay to seek relief from the Court of Appeals—is warranted in this case. The Court has issued a statewide injunction that abruptly enjoins State Defendants from enforcing longstanding state laws that protect vulnerable transgender and gender nonconforming students. The Court's ruling raises serious questions going to the merits of Plaintiffs' claims. If the Orders are allowed to stay in effect before the Court of Appeals has a chance to review them, they would irrevocably alter the status quo and will create chaos and confusion among students, parents, teachers, and staff at California's public schools. And this chaos and confusion would arise several days before the Christmas holiday. Absent at least a brief stay, Defendants will be forced to seek an emergency stay from the Ninth Circuit, just before Christmas, requiring that Court and its employees to spend time on the emergency over a state and federal holiday. Therefore, at an absolute minimum, if the Court is not inclined to stay the Orders pending appeal, State Defendants request an interim fourteen-day stay to seek relief from the Ninth Circuit Court of Appeals.

Dated: December 22, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

KEVIN L. QUADE
Deputy Attorney General
*Attorneys for State Defendants*

# POINTS AND AUTHORITIES IN SUPPORT OF STAY

## INTRODUCTION

This Court has granted summary judgment in favor of Plaintiffs on all claims and issued a class-wide permanent injunction that bars enforcement of the state constitutional right to privacy, as well as various statutory privacy protections, in the school context. As the Court acknowledged at the hearing on Plaintiffs' motion, this case will now move to the Ninth Circuit. A stay of the permanent injunction pending that appeal is warranted. Here, even if this Court is convinced that it will not be reversed by the Ninth Circuit, there remains serious questions going to the merits of the unprecedented and sweeping constitutional relief that the Court has afforded Plaintiffs. Those serious questions, in combination with the unequivocal irreparable injury associated with an injunction that bars the State from implementing and enforcing state law, justify a stay pending appeal. In the alternative, the Court should issue a 14-day administrative stay to allow the Ninth Circuit to consider a motion for stay pending appeal without needing to resolve an emergency request for relief over the holidays.

## LEGAL STANDARD

Granting a stay of a preliminary injunction pending appeal is an exercise of judicial discretion, based upon the circumstances of the particular case. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020). In deciding whether to grant a stay pending appeal, courts consider (1) whether the applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether a stay is in the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020). The first two factors are the "most critical," and courts need only reach the last two factors where the applicant has satisfied the first. *Nken*, 556 U.S. at 434-35; *Al Otro Lado*, 952 F.3d at 1007.

The Ninth Circuit applies a "sliding scale" approach to these factors, meaning that a stronger showing on one element may offset a weaker showing of another. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Thus, a stay pending appeal is warranted where the applicant shows a high degree of irreparable injury and "'serious legal questions' going to the merits." *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983)). And importantly, in the context of motion for stay of a final judgment, where the district court has already ruled on the legal issue being appealed, the court need not conclude that it is likely to be reversed on appeal in order to grant a stay. *See Strobel v. Morgan Stanley Dean Witter*, 2007 WL 1238709, at *1 (S.D. Cal. Apr. 24, 2007). Rather, "it may grant the stay when it has ruled on 'an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained.'" *Spieler ex rel. Spieler v. Mt. Diablo Unified Sch. Dist.*, 2007 WL 3245286, at *3 (N.D. Cal. Nov. 2, 2007) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844-45 (D.C. Cir. 1977)).

## ARGUMENT

### I. THERE ARE SERIOUS QUESTIONS THAT GO TO THE MERITS OF PLAINTIFFS' CONSTITUTIONAL CLAIMS FOR RELIEF

In its order granting summary judgment and a permanent class-wide injunction in favor of Plaintiffs, the Court concluded that "parents have a right to gender information based on the Fourteenth Amendment's substantive due process clause . . . [and] the First Amendment's free exercise of religion clause . . . [, while] religious public school teachers have a right to provide gender information to parents based on the First Amendment's free exercise clause . . . [and] a right to communicate accurate gender information to parents based on the First Amendment['s] free speech clause." ECF 307 at 2. But as the Court correctly acknowledged at the hearing on Plaintiffs' motion, the issues in this case are

"unprecedented," "very serious," and "difficult." MSJ Hearing Transcript at 181. The Court believes as a matter of law that Plaintiffs have established viable constitutional claims, but there can be no doubt that there are at least serious questions going to the merits of those claims that warrant a stay pending appeal.

   A. On Plaintiffs' substantive due process claim, for instance, the Court's holding fit squarely within the type of "sweeping generalizations" the Ninth Circuit has explicitly rejected. *See Regino v. Staley*, 133 F.4th 951, 964 (9th Cir. 2025). While parents have an undisputed right direct the upbringing of their children, including making decisions pertinent to their children's education, *see Meyer v. Nebraska*, 262 U.S. 390, 399, 401 (1923); *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000), no court (until this one) has recognized a right of parents to insist on affirmative school notification of all information that might facilitate the exercise of those rights. Indeed, the First Circuit has explicitly rejected this exact constitutional claim, demonstrating the serious questions manifest in Plaintiffs' assertion. *See Foote v. Ludlow Sch. Comm.*, 128 F.4th 336, 353-54 (1st Cir. 2025).

   B. The Parent Plaintiffs' free exercise claim presents similarly serious questions. Though the Court determined that this claim succeeds under the Supreme Court's recent decision in *Mahmoud v. Taylor*, 606 U.S. 522 (2025), the all-encompassing relief that Plaintiffs claim under that decision cannot be squared with the Court's actual holding. In particular, the Court recognized the state's compelling interest in having an undisrupted school environment. *See Mahmoud*, 606 U.S. at 566. Unlike the opt-out required in that case, which could be effectuated without altering the learning environment for all students, the ability afforded to parents by this Court to demand that their child be misgendered by school staff indisputably cannot be limited to just their child. The broad free exercise right recognized by the Court permits a parent to alter the learning environment for all students, while undermining the State's ability to dictate appropriate policy for the public-school environment. And the Court's application

of *Mahmoud* squarely conflicts with the limited understanding of that decision recently embraced by the Sixth Circuit. *See Doe No.1 v. Bethel Loc. Sch. Dist. Bd. of Educ.*, No. 23-3740, 2025 WL 2453836, at *6-7 & n.3 (6th Cir. Aug. 26, 2025). This Court may disagree with the Sixth Circuit's analysis. But it is beyond debate that there are at least serious questions about the scope of *Mahmoud*—questions that the parties should have a chance to litigate on appeal before the Ninth Circuit before this Court's injunction takes effect.

    C. The Teacher Plaintiffs free exercise claims raise serious questions because First Amendment rights are limited in the context of claims by public employees. And the operative laws challenged —the state constitutional right to privacy and related statutory protections—are neither discretionary nor contain comparable secular exemptions. *See Fulton v. City of Phila., Pa.*, 593 U.S. 522, 533 (2021). Under California law, whether a teacher can legally disclose a student's private gender identity information turns on an objective constitutional analysis—namely, whether the student's factual circumstances evidence a compelling need for disclosure without consent for the student's safety or well-being. *See Tarasoff v. Regents of Univ. of California*, 17 Cal. 3d 425, 431 (1976). Nor is the religious exemption that Teacher Plaintiffs are granted under the injunction comparable to compelling need disclosure because the expected numbers for the religious exemption recognized will far surpass the number of disclosures made based on a compelling need. *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177-78 (9th Cir. 2021).

    D. Additionally, serious questions exist as to the Court finding that Teacher Plaintiffs have established a viable free speech claim. There can be little doubt that an individual student's private gender identity information is not a matter of public concern and has no newsworthiness for purposes of affording the requested disclosures constitutional protection. *See Lane v. Franks*, 573 U.S. 228, 241 (2014). And even if so, a teacher's interactions with parents are owed entirely to

their professional capacity and duties as teachers. Indeed, as this Court previously explained, the teachers' job responsibilities include "the duty to communicate with a student's parents from time to time about the student's school performance." *Mirabelli v. Olson*, 691 F. Supp. 3d 1197, 1215 (S.D. Cal. 2023).

E. There are also serious questions concerning the propriety and scope of class-wide relief ordered by the Court. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)"). For instance, the Court held that parents have a "right to be informed about the gender identity expressed within the schoolhouse gates," Opn. 30, and enjoined defendants from "permit[ting] . . . any employee in the California state-wide education system from misleading the parent or guardian of a minor child in the education system about their child's gender presentation at school," Order 2. But other courts have denied parents seeking similar relief standing, where the parents have failed to allege that their children "had questioned their gender identity or otherwise sought guidance or support under the School District's policy." *Parents Protecting Our Children, UA v. Eau Claire Area School District, Wisconsin*, 95 F.4th 501, 504-506 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 14 (2024); *see also John and Jane Parents 1 v. Montgomery County Board of Education*, 78 F.4th 622, 630 (4th Cir. 2023) (similar), *cert. denied*, 144 S. Ct. 2560 (2024) (parents failed to allege "that they suspect their children might be considering gender transition or have a heightened risk of doing so").[1] It is thus doubtful that the named plaintiffs have standing to get relief on their substantive due process claims compelling disclosure of gender-identity information. But the Court did not even attempt to conduct the factbound inquiry with respect to the broad class of all "parents/guardians who object to having Parental Exclusion

---

[1] The Ninth Circuit is currently considering similar standing questions in *Chino Valley v. Newsom*, No. 25-3686.

Policies applied against them and have children who are attending California public schools." Dkt. 286 at 13. And "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion LLC*, 594 U.S. at 431 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J., concurring)).[2]

## II. THE STATE WILL SUFFER IRREPARABLE HARM IF THE PERMANENT INJUNCTION IS NOT STAYED PENDING APPEAL

To show the requisite risk of irreparable injury, a stay applicant must show that such injury is likely to occur during the period before the appeal is likely to be decided. *Leiva-Perez*, 640 F.3d at 968. That is unequivocally the case here.

The Court's permanent injunction prohibits the State Defendants from enforcing, among other things, "the Privacy Provision of the California Constitution, Cal. Const. art. I, § 1 . . . [and] any provision of California law, including equal protection provisions such as Cal. Educ. Code §§ 200, 220, Cal. Gov. Code § 11135." *See* ECF 308 at 2. Courts have long recognized that an injunction prohibiting the enforcing of duly enacted state laws inflicts irreparable harm on the state. *See Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018) (interference with state's sovereign authority to enact law inflicts irreparable harm); *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (same); *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.");

---

[2] Citing *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022), Plaintiffs have previously argued that "when a court is certifying a class seeking injunctive or other equitable relief," it is not necessary to show that all members have Article III standing. Even if that is accurate "*before* a court certifies a class," that is a "distinct question" from whether any member of a certified class is ultimately entitled to relief at the conclusion of proceedings. *TransUnion*, 594 U.S. at 431, n.4. A rule that would allow relief, injunctive or otherwise, to extend to class members who lack standing would be in serious tension with the Supreme Court's recent decision limiting a court's authority to issue injunctions no "broader than necessary to provide complete relief to *each plaintiff with standing to sue*." *CASA v. Trump*, 606 U.S. 831, 861 (2025) (emphasis added).

*Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) ("a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined"). Absent of a stay pending appeal, the Court's sweeping injunction, which forecloses enforcement of state constitutional and statutory protections applicable in the school environment, inflicts severe and indisputable irreparable harm on California.

### III. A STAY PENDING APPEAL WILL NOT SUBSTANTIALLY OR IRREPARABLY INJURE PLAINTIFFS

The Court held that both categories of Plaintiff had established irreparable harm "by showing the State Defendants are violating their rights." ECF 307 at 51. But this simply dovetails into the merits of the constitutional claims, which, as explained, pose various serious and difficult questions that will be addressed on appeal. Moreover, as the State Defendants have repeatedly argued as to this Court's jurisdiction, the named Plaintiffs have not established that they are likely to be injured in the exercise of their asserted constitutional rights. As such, Plaintiffs murky and uncertain case for irreparable harm, when compared to the indisputable irreparable harm the injunction inflicts on the State, cuts in favor of a stay pending appeal.

### IV. A STAY PENDING APPEAL IS IN THE PUBLIC INTEREST

Finally, the severe public harms associated with nonconsensual disclosure of a student's private gender identity information weigh strongly in favor of stay. As explained in the record before the Court, such disclosures, before a student is ready to share such personal information with family members present multi-faceted harms. These included an undermining of the trust between student and teacher that is critical to a functioning and safe learning environment. A fear of nonconsensual disclosure can not only harm a student academically, but disincentivizes the type of open communication that allows the student to report instances of harm, bullying, or depression. *See* Al-Shamma MSJ Decl. ¶¶ 36, 39-

40. In some instances, too, a nonconsensual disclosure of gender identity can harm the openness and quality of the parent-child relationship. The Court's summary conclusion that it is always in the public's interest to prevent a violation of constitutional rights again fails to grapple with these serious considerations. A stay pending appeal would freeze the status quo, ensuring that students remain protected by California law while the difficult issues in this case are addressed by the Ninth Circuit. Absent a stay, however, teachers and school officials could begin informing parents about students' gender identities in ways that threaten substantial harm to students. Once that occurs, the harm is irreparable. The information cannot be un-disclosed. That should not happen while the serious, weighty legal questions discussed above are resolved in the State's soon-to-be-filed appeal.

## CONCLUSION

For these reasons, the State Defendants respectfully request that this Court stay its permanent injunction pending appeal, or in the alternative, issue a 14-day administrative stay of the injunction to allow the Ninth Circuit adequate time to consider a motion for emergency relief.

Dated: December 22, 2025    Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
JENNIFER A. BUNSHOFT
ANNE BUSACCA-RYAN
SHATTI A. HOQUE
Deputy Attorneys General

KEVIN L. QUADE
Deputy Attorney General
*Attorneys for State Defendants*

# CERTIFICATE OF SERVICE

Case Name:   **Mirabelli et al. v. Olson, et al.**        No.   **3:23-cv-00768-BEN-VET**

I hereby certify that on December 22, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' EX PARTE APPLICATION FOR STAY OF ORDER GRANTING SUMMARY JUDGMENT AND INJUNCTION PENDING APPEAL, OR ALTERNATIVELY, 14-DAY ADMINISTRATIVE STAY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 22, 2025, at Sacramento, California.

|  |  |
|---|---|
| Kevin L. Quade | /s/ Kevin L. Quade |
| Declarant | Signature |