fCharles S. LiMandri, SBN 110841
  cslimandri@limandri.com
Paul M. Jonna, SBN 265389
  pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
  jtrissell@limandri.com
William T. Duke, SBN 361823
  wduke@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Peter Breen, *pro hac vice*
  pbreen@thomasmoresociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situation; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>            Defendants. | Case No.: 3:23-cv-0768-BEN-VET<br><br>**Plaintiffs' Opposition to State Defendants' Ex Parte Application for Administrative Stay or Stay of Permanent Injunction Pending Appeal**<br><br>Judge:         Hon. Roger T. Benitez<br>Courtroom:  5A |

**PLAINTIFFS' OPPOSITION TO EX PARTE RELIEF**

The State Defendants ex parte application is procedurally defective. *See* ECF No. 309. The State Defendants alternatively request either a 14-day administrative stay or an emergency ruling staying the permanent injunction pending appeal. *Id*. But the State Defendants make no argument about impending imminent harm other than references to the principle that "an injunction prohibiting the enforcing of duly enacted state laws inflicts irreparable harm on the state." *Id*. at 8:14-17. Indeed, the State Defendants could posit no real world harm that would happen in the next 14 days because nearly all of California's teachers and students are on winter break until at least January 5, 2026. *See, e.g.*, EUSD 2025-2026 Calendar, https://bit.ly/4qml4jN (students return 1/6/26); PUSD 2025-2026 Calendar, https://bit.ly/4pSgXMs (students return 1/5/26); YVCS 2025-2026 Calendar, https://bit.ly/3YMvai0 (students return 1/7/26).

This is insufficient for an administrative stay, whose purpose is to "minimize harm" and which should last "no longer than necessary to make an intelligent decision on the motion for stay pending appeal." *State v. Trump*, 158 F.4th 943, 944 (9th Cir. 2025) (quoting *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring)). In adjudicating a request for an administrative stay, the court "defer[s] weighing the *Nken* factors until the motion for stay pending appeal is considered." *Id* (quoting *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020)). Instead, taking a case-specific analysis of "the facts of this case," the court "ask[s] what real-world effects would result 'if an administrative stay is put in place.'" *Id*. (quoting *Nat'l Urb. League*, 977 F.3d at 701-02).

Here, the State Defendants chose not to appeal this Court's groundbreaking preliminary injunction—leaving it in place for over two years. *See* ECF No. 42. In addition, the State Defendants' primary theme has been not only that the case was moot, but that the Plaintiffs were challenging a non-existent policy. ECF No. 256 at 17-22. If those arguments were true, then the State Defendants conceded that there

can be no harm from maintaining the injunction in place, and have conceded that their present allegations of "chaos" in the schools are unsubstantiated and contradictory. ECF No. 309 at 2:9-14. In any event, there is no actual *evidence* of what those real-world effects would be, how that "chaos" would manifest, and the State Defendants' argument focuses solely on legal truisms. Plaintiffs have been litigating this case since April 2023; it has been a long and hard-fought case in which the Court has repeatedly meaningfully addressed its important issues and noted that the undisputed evidence shows that California's Parental Exclusion Policies harm students. The Court should not grant even a 14-day administrative stay of parents' right to direct the social transition of their children. As shown through the example of the Poe Family and the Doe Family, such a stay would cause significant, real-world harm. *See* ECF No. 307 at 33-38.

      The same defect defeats the State Defendants' request for an ex parte stay of the injunction pending appeal. In California federal district courts, the general standard for ex parte relief has two prongs: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *accord Apex Sys., LLC v. Sperber*, No. 23-cv-2011-BEN, 2024 WL 666334, at *3 (S.D. Cal. Feb. 16, 2024). Here, the State Defendants again provide no evidence in support of their allegation of irreparable prejudice—merely argument which is repetitive of their summary judgment argument. *See* ECF No. 309. Nor did the State Defendants ask for any stay of the injunction when opposing summary judgment. *See* ECF No. 256 (brief); ECF No. 303 (transcript). That request would have presumably been considered by the Court and could have prevented this fire drill heading into Christmas. *See Frankel v. Regents of Univ. of Cal.*, 744 F. Supp. 3d 1015, 1028 (C.D. Cal. 2024) (granting short

administrative stay when issuing preliminary injunction in light of opposition request for stay pending appeal).[1]

Absent any evidence of the harm that would occur during the pendency of considering a stay pending appeal in the normal course, Plaintiffs oppose ex parte relief. Instead, Plaintiffs request that the Court order a briefing schedule so that the parties can meaningfully brief whether a stay pending appeal is warranted—which is indeed a complex analysis that should not be rushed. *See, e.g.*, *In re Google Play Store Antitrust Litig.*, 152 F.4th 1078, 1081 (9th Cir. 2025) ("Unlike many stay orders, this Order does not relate to a stay pending issuance of a preliminary injunction but rather relates to a stay request following a jury trial, a permanent injunction, and a final judgment."). Plaintiffs propose the following briefing schedule, which follows S.D. Cal. CivLR 7.1(e):

- Opposition due: Monday, January 12, 2026;
- Reply due: Friday, January 16, 2026 (in light of the holiday on January 19);
- Hearing: Monday, January 26, 2026, at 10:30 a.m.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: December 23, 2025    By: _____
Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
Attorneys for Plaintiffs

---

[1] Plaintiffs note that ex parte notice was given via emails sent at 5:17 and 5:24 p.m. on December 22, 2025.

4

Plts.' Opp. to State Defs.' Ex Parte Appl. for
Emergency Stay of Permanent Inj. Pending Appeal &/or Admin. Stay

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*

USDC Court Case No.: 3:23-cv-00768-BEN-VET

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Plaintiffs' Opposition to State Defendants' Ex Parte Application for Administrative Stay or Stay of Permanent Injunction Pending Appeal.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Darrell Spence, Superv. Dep. Att'y Gen.<br>Kevin L. Quade, Dep. Att'y Gen.<br>California Department of Justice<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6089<br>E-Mail: Darrell.Spence@doj.ca.gov<br>E-Mail: kevin.quade@doj.ca.gov | Emmanuelle Soichet, Dep. Att'y Gen.<br>Jennifer Bunshoft, Dep. Att'y Gen.<br>Shatti Hoque, Dep. Att'y Gen.<br>California Department of Justice<br>455 Golden Gate Ave., Ste. 1100<br>San Francisco, CA 94102-7004<br>E-Mail: emmanuelle.soichet@doj.ca.gov<br>E-Mail: Jennifer.Bunshoft@doj.ca.gov<br>E-Mail: shatti.hoque@doj.ca.gov |
| Darin L. Wessel, Dep. Att'y Gen.<br>California Department of Justice<br>600 W Broadway Ste 1800<br>San Diego, CA 92101-3375<br>Telephone: (619) 738-9125<br>E-Mail: Darin.Wessel@doj.ca.gov<br>**Attorneys for CDE Defendants** | Daniel R. Shinoff, Esq.<br>Jack Sleeth, Esq.<br>Maurice Bumbu, Esq.<br>Lauren Cambronero, Esq.<br>Artiano Shinoff<br>3636 Fourth Avenue, Suite 200<br>San Diego, CA 92103<br>Tel: 619-232-3122<br>E-Mail: dshinoff@as7law.com<br>E-Mail: nlay@as7law.com<br>E-Mail: jsleeth@as7law.com<br>E-Mail: mbumbu@as7law.com<br>E-Mail: lcambronero@as7law.com<br>**Attorneys for EUSD Defendants** |

  X   (**BY ELECTRONIC FILING/SERVICE**) I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on December 23, 2025, at Rancho Santa Fe, California.

*/s/ Rebecca M. Oakley*
Rebecca M. Oakley