# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, et al.,** | ) Case No.: 23-CV-0768-BEN-VET |
| | ) |
| Plaintiffs, | ) **ORDER DENYING REQUEST FOR** |
| | ) **STAY** |
| **v.** | ) |
| | ) |
| **MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,** | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

The parties are familiar with the facts of this case, and because of the relatively short time between the court's order granting summary judgment and the filing of this application, the facts will not be repeated here. However, a brief recap of the State Defendants' posturing in this case, as relevant to the issue of irreparable harm, will be briefly restated-minus legal jargon.

This case began when two teachers alleged that their rights were being infringed because the Escondido Unified School District (EUSD) was restricting their ability to communicate with parents about a child's manifesting gender incongruity. EUSD argued that they were compelled to do what they did because the State Defendants had published

-1-

FAQ's that forced them to do it.  The school teachers sued.  The State Defendants represented to the Court that they did not belong in this lawsuit, that the FAQs were voluntary guidance, and that the state would not enforce them.  The State Defendants' argument was transparent—they meant none of it.  The Court granted a Preliminary Injunction, and the case proceeded forward.

The complaint was then amended to add parents and teachers beyond the two initial teachers.  Again, the State Defendants moved to dismiss, this time arguing that the FAQs had been taken down, they were no longer an issue, and that the case was "moot."  The State Defendants also argued that a new law had been enacted, AB 1955.  According to the State Defendants, this too mooted the case since AB 1955 did not bar teachers from disclosing information to parents.  This new argument was as transparent as those that came before.  The motion to dismiss was denied.  Next came a motion to hold the State Defendants in contempt because, among other things, the PRISM program, which supposedly had replaced the FAQs, also contained language that would prohibit teachers from disclosing information to parents.  In response, the State Defendants filed a declaration by counsel for the CDE, Mr. Garfinkel, in which he declared under penalty of perjury that "AB 1955 does not prohibit staff from voluntarily disclosing a student's gender identity to parents."  (Garfinkel OSC Decl. ¶ 10).  Mr. Garfinkel also stated, "[a]lthough I reviewed a draft of the text for the PRISM training, I did not review any links to third-party resources.  I cannot recall if this was because the links were not 'live' at the time of my review, or simple oversight.  Either way, it was inadvertent.  Because I did not review the links, I was not aware of the language that Plaintiffs complain of.  (*Id.* ¶ 11.)

Fortunately, this Court had watched the oral argument in *City of Huntington Beach* during which the Attorney General had admitted to the panel that simply because AB 1955 had been passed, that did not prevent the State from barring teachers from disclosing information to parents.  Of course, this was consistent with this Court's

holding that the case was not moot and in contradiction to what the State Defendants had at least implicitly argued to this Court.

So what is the point? Prior to the FAQ's there had been no prohibition against teachers speaking to parents about their child's gender incongruity, at least none has been brought to this Court's attention during this lengthy and contentious litigation. Furthermore, the State Defendant's inconsistent positions as to whether or not they should be in this lawsuit to begin with, whether by eliminating the FAQs teachers are free to speak to parents, whether the enactment of AB 1955 made that clear, and lastly that the PRISM program should have reflected that parents could be informed about their child's gender incongruity, notwithstanding the child's objection, all make their argument that the state will suffer irreparable harm ring hollow.

In any event, the State Defendant's argument that a stay would preserve long-standing laws is also inaccurate. The State Defendants have failed to point out what those laws are. In any event, this court's order does not hold any law to be unconstitutional. What this Court's order does is to clear up confusion caused by the State Defendants, beginning with the FAQs, and bars enforcement of any applicable law that would infringe on the long-standing tradition, as supported by Supreme Court precedent, that parents have the right to the care, custody, and control, including making health care decisions, for their children. In short, this Court's order preserves what most parents and government actors have honored, acknowledged, and protected for decades, if not centuries.

Defendant requests a stay of this Court's Decision and permanent injunction pending appeal, or in the alternative, a 14-day administrative stay. The Defendant says that if the Decision is allowed to stay in effect, it would "irrevocably alter the status quo and will create chaos and confusion among students, parents, teachers, and staff at California's public schools. And this chaos and confusion would arise several days

-3-

before the Christmas holiday."

**DISCUSSION**

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead 'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009). In exercising its discretion, a court is to be guided by four legal principles or factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Id.* "The first two factors. . . are the most critical." *Id.* at 434. The Defendant here has not shown a strong likelihood of success on the merits, *i.e.*, the first factor, or the likelihood of irreparable injury, the second factor.

As to the first factor, the Defendant's case on the merits is weak, as Parents have had a long-recognized parental privacy right to raise and support their children according to their own values and beliefs, and to work through their differences in a loving and nurturing way. As to the second factor, the Defendant argues irreparable injury will occur without a stay because "the ability afforded to parents by this Court to demand that their child be misgendered by school staff indisputably cannot be limited to just their child." (Dkt. No. 309 at 5). However, the Defendants admit that "AB 1955 does not prohibit staff from voluntarily disclosing a student's gender identity to parents." (Garfinkel Decl. ¶ 10). "[S]imply showing some 'possibility of irreparable injury,' fails to satisfy the second factor. . . , the 'possibility' standard is too lenient." *Id.* at 434-35 (citations omitted). While there is the possibility that an abusive parent will be notified without a stay, there continue to exist criminal laws against parental abuse of their children. This Court's decision in no way affects those laws, and the Defendant is free to continue to enforce the same. Consequently, the second factor does not weigh in favor of a stay. The third and fourth factors weigh heavily against granting a stay as the enjoined

-4-

laws are infringing on the long-standing constitutional rights of citizens.

The Court has given the State plenty of opportunity and time to provide evidence that demonstrates that State law does not run afoul of the Federal Constitution.  Instead, the State argues that the State Constitution supersedes the Federal Constitution.  The Court's Decision simply requires a return to the status quo ante litem as it existed prior to the parental exclusion policies.  Having considered the relevant factors, the request for a stay pending appeal and an administrative stay is **DENIED**.

    **IT IS SO ORDERED.**

DATED:    December 23, 2025

**HON. ROGER T. BENITEZ**
United States District Judge

-5-