Charles S. LiMandri, SBN 110841
  cslimandri@limandri.com
Paul M. Jonna, SBN 265389
  pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
  jtrissell@limandri.com
William T. Duke, SBN 361823
  wduke@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Peter Breen, *pro hac vice*
  pbreen@thomasmoresociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,

Plaintiffs,

v.

MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,

Defendants.

Case No.: 3:23-cv-0768-BEN-VET

**DECLARATION OF PAUL M. JONNA, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Judge:          Hon. Roger T. Benitez
Courtroom:    5A
Hearing Date:  March 9, 2026
Hearing Time:  10:30 a.m.

I, Paul M. Jonna, Esq., declare and state as follows:

1.      I am an attorney at law duly licensed to practice in the State of California and in the Southern District of California. I am a Partner with LiMandri & Jonna LLP, and am counsel of record for Plaintiffs in this action. The matters discussed below are based on my own personal knowledge. I could and would testify to them if called upon to do so in court.

## Manner of Tracking Time Across Law Firms

2.      The weight of the work performed in this matter was undertaken by LiMandri & Jonna LLP, a general civil litigation practice based in San Diego County. LiMandri & Jonna LLP was founded in 1987 by Charles LiMandri. I joined Mr. LiMandri in 2013, and became a named partner in 2016. In its 39-year existence, we have tried over 60 cases and recovered tens of millions of dollars for clients, with more than twenty verdicts and settlements in the seven figures, and our highest settlement coming to $27 million. A chart containing a true and correct description of some of our most important verdicts and settlements in excess of $1 million is attached as **Exhibit 1**.

3.      In 2003, our firm had its first foray into pro bono constitutional and religious liberty litigation. That year, Mr. LiMandri filed an *amicus curiae* brief with the U.S. Supreme Court regarding whether including the clause "Under God" in the pledge of allegiance violated the First Amendment. In subsequent years, our firm spent thousands of pro bono hours in numerous public interest cases. Two of the most prominent include the successful defense of the Mt. Soledad Cross Veterans Memorial and the successful prosecution of a lawsuit against the City of San Diego for ordering four Christian firefighters to participate in a gay pride parade. *See San Diegans for Mt. Soledad Nat'l War Mem'l v. Paulson*, 548 U.S. 1301 (2006) (Kennedy, J., in chambers); *Paulson v. Abdelnour*, 145 Cal. App. 4th 400 (2006); *Ghiotto v. City of San Diego*, No. D055029, 2010 WL 4018644 (Cal. Ct. App. Oct. 14, 2010).

4. The cost of these pro bono cases, however, was significant and difficult for the law firm to bear, which has never employed more than 10 attorneys. As a result, in 2013, Mr. LiMandri founded a nonprofit called Freedom of Conscience Defense Fund (FCDF), in order to help fund constitutional and religious liberty cases. Its founding attracted both myself in 2013 and Jeffrey M. Trissell in 2014 to join the firm. As stated, in 2016, I became a named partner and the firm changed its name to LiMandri & Jonna LLP.

5. In 2019, LiMandri & Jonna LLP began a formal relationship with the nonprofit law firm Thomas More Society based in Chicago in which we would serve as outside special counsel. Thomas More Society is a not-for-profit, national public interest law firm dedicated to restoring respect in law for life, family, and religious liberty. Thomas More Society provides pro bono legal representation to plaintiffs and defendants involved in complex civil rights and constitutional litigation in state and federal courts nationwide.

6. Within its litigation department, Thomas More Society has had between 10 and 15 attorneys over the years and has had impressive wins at over its 25-year existence at the U.S. Supreme, state supreme courts, and various appellate courts. *See, e.g., Scheidler v. Nat'l Org. for Women, Inc.*, 547 U.S. 9 (2006); *Fla. Preborn Rescue, Inc. v. City of Clearwater*, 161 F.4th 732 (11th Cir. 2025); *Jackson v. Noem*, 132 F.4th 790 (5th Cir. 2025); *Kindschy v. Aish*, 8 N.W.3d 1 (Wis. 2024); *Does 1-11 v. Univ. of Colo.*, 100 F.4th 1251 (10th Cir. 2024).

7. LiMandri & Jonna LLP was able to significantly expand its constitutional litigation. This included cases successfully forcing California to allow churches to open during the COVID-19 pandemic. *See S. Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021) (mem.); *Burfitt v. Newsom*, No. BCV-20-102267, 2021 WL 2152961 (Cal. Super. Ct. Dec. 10, 2020). Some of those cases, analogous here because of their inclusion of the California government or school districts, have included:

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

a. *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, No. 16-cv-501 (S.D. Cal. Feb. 26, 2016), No. 18-55451 (9th Cir. Apr. 9, 2018). In this case, California modified its regulations requiring all health insurance plans to cover elective abortion, with no exceptions for religious entities. A church sued and the case was dismissed. After a reversal from the Ninth Circuit, the case settled with California agreeing to approve health insurance plans that do not cover elective abortion.

b. *Child. of the Immaculate Heart v. Cal. Dep't of Soc. Servs.*, No. 37-2019-61761 (Cal. Super. Ct., S.D. Cty., Nov. 19, 2019). In this case, California refused to provide a license to a Catholic nonprofit to care for foster children because of their unwillingness to facilitate abortions or gender affirming care for minors. The case successfully settled with California agreeing to provide the license.

c. *Strain v. Cal. Dep't of Soc. Servs.*, No. 37-2021-33248 (Cal. Super. Ct., S.D. Cty., Aug. 3, 2021). In this case, California tried to shut down San Pasqual Academy, a boarding high school for foster youth on the basis that group homes are inferior to foster families, in violation of a specific statute permitting the Academy to remain open. Following a victory in the trial court, the case settled.[1]

d. *Cals. for Equal Rts. Found. v. Cal. Dep't of Educ.*, No. 37-2021-37896 (Cal. Super. Ct., S.D. Cty., Sep. 3, 2021). In this case, the California Department of Education published a model curriculum for "Ethnic Studies" classes for high schoolers. The model curriculum included chants in which students would invoke the names of indigenous deities for help. The case

---

[1] This case was not prosecuted in conjunction with Thomas More Society.

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

successfully settled with California agreeing to remove the prayers from the curriculum.

e. *Doe v. San Diego Unified Sch. Dist.*, No. 21-cv-1809 (S.D. Cal. Oct. 22, 2021), No. 21-56259 (9th Cir. Nov. 18, 2021). In this case, a school district imposed a COVID-19 vaccination requirement for students age 16+ with the threat that students who refuse vaccination would stay on remote learning. After a pseudonymous athlete sued, the school district delayed implementation of the mandate and ultimately never implemented it.

f. *Cal. Civ. Rts. Dep't v. Pseudonymous Shelter*, No. ----- (2022). In this investigation, the California Civil Rights Department sought information regarding whether a homeless shelter discriminated on the basis of transgender status by refusing to house a homeless male-to-female individual in the female dormitories. The investigation was dropped with no action by California.

g. *Hayward v. Santa Barbara Unified Sch. Dist.* (May 9, 2023). In this matter, a high school teacher used the infamous "Piss Christ" image by artist Andres Serrano during a philosophy class. The image is a photograph of a crucifix immersed in Mr. Serrano's urine, and led the U.S. Congress to defund the National Endowment for the Arts in the 1990s. In response to a demand letter, the school district confirmed that the image would be taken out of the curriculum.

8. For the present litigation, LiMandri & Jonna LLP served as lead counsel. From the 3,807.15 hours of attorney time, LiMandri & Jonna LLP incurred 3,325.8 of those hours. Thomas More Society attorneys then provided oversight and assistance, as requested, incurring 80.2 hours. Further, LiMandri & Jonna LLP retained three outside attorneys to provide specialized assistance. Norman D.

Grissom (67.9 hours), and later Frank J. Coughlin (53.2 hours), jointly represented the Plaintiffs with LiMandri & Jonna LLP with respect to their employment claims. Professor H. Tomás Gómez-Arostegui, a legal historian, provided research for the Plaintiffs' summary judgment motion (10 hours).

9.      LiMandri & Jonna LLP maintains an electronic system for recording and managing time entries and costs incurred for individual matters. Pursuant to LiMandri & Jonna LLP's regular billing practices for good timekeeping practices, all timekeepers who billed time to this matter were required to record each task performed and the time spent on each task in LiMandri & Jonna LLP's system of record contemporaneously with performing the task, or as soon as practicable thereafter. The only timekeeper who does not use this system is Mr. LiMandri who instead records his time contemporaneously on a physical timesheet.

10.     While as a public interest law firm, Thomas More Society does not regularly bill its clients, Society attorneys are regularly expected to track their time, and its attorneys' time is accurately reflected on the attached spreadsheet. Attorneys Grissom and Coughlin, and Professor Gómez-Arostegui also submitted timesheets to our office to record their time incurred.

11.     Attached as **Exhibit 2** to this declaration is a printout of an excel spreadsheet merging time incurred in this action by LiMandri & Jonna LLP, Thomas More Society, NDG Law APC, Frank J. Coughlin PLC, and Prof. Gómez-Arostegui. Thomas More Society expended additional time supporting LiMandri & Jonna LLP that is not claimed in the chart.

12.     The chart was initially created by Mr. Trissell by merging all time entries. It was then confirmed by me. Both Mr. Trissell and I have personal knowledge of the matters that occurred in this action. I am, and always have been, the principal attorney responsible for managing this case. I have directly overseen and directed all of the attorneys, paralegals, and law clerks on this matter since its inception in 2022. In addition to my personal involvement in every action that

Plaintiffs have taken, at the end of every month for the past four years, both Mr. Trissell and I have reviewed our timesheets for that month. Mr. Trissell undertakes a first level review and then I confirm his review.

## BIOGRAPHICAL INFORMATION ABOUT TIMEKEEPERS

### A.    CORE LITIGATION TEAM

13.    The weight of the work performed in this matter was done by myself (approximately 1,000 hours) and Senior Associate Jeffrey M. Trissell (approximately 1,800 hours). Only one other attorney had more than 100 hours, and no other attorney had more than 150 hours.

14.    Mr. Trissell was primarily responsible for preparing initial drafts of all of the briefing. Those briefs were then always reviewed by me and often by at least one other attorney. Mr. Trissell also prepared the initial drafts of the majority of the deposition outlines in this case and I took and defended all of the depositions. Together, I and Mr. Trissell developed the legal strategy for this case and delegated other tasks to other attorneys, paralegals, or clerks. Collectively, the billers in this case incurred 3,807.15 hours of attorney, law clerk, or paralegal time.

15.    **Paul M. Jonna, Esq. (PMJ)**—I supervised and directed the litigation team in this case. I worked closely with Mr. Trissell during all aspects of this case, including initial legal research, development of legal strategy, the reviewing and revising of legal filings, pre-trial written discovery, extensive depositions, and motion practice. I worked 1,002 hours in this matter.

16.    I earned my J.D. from the University of San Diego School of Law, where I was Comments Editor of *San Diego Law Review* and published *In Search of Market Discipline: The Case for Indirect Hedge Fund Regulation*, 45 San Diego Law Review 989 (2008). During law school, I earned a CALI Award for the highest grade in Complex Litigation as well as a merit scholarship. I earned my B.S. in Business Administration from the University of Southern California's Marshall School of Business, where I

was invited to Beta Gamma Sigma, named to the Dean's List, and earned a merit scholarship.

17. I obtained considerable trial and arbitration experience early in my legal career, including bench trials, lengthy jury trials, and securities arbitration proceedings. I have handled state and federal appeals and have argued before numerous state and federal courts, including before the Ninth Circuit Court of Appeals and the California Court of Appeals. I was selected by the San Diego Business Journal as one of the "Best of the Bar" for 2016 and 2017, and have been named to Super Lawyers' San Diego Rising Stars list since 2019. Avvo rates me 10.0 out of 10.0.

18. I began working with Charles LiMandri in 2013 and became a named partner in 2016. I was previously an associate at the national law firm of Gordon & Rees, where I represented a broad range of clients, including major Fortune 500 companies, small and large businesses, and leading national and international insurers in complex commercial litigation and class actions in state and federal courts throughout California. Prior to joining Gordon & Rees, I was an associate at Bernstein Litowitz Berger & Grossmann, where I represented institutional investors in complex litigation and securities class actions, including *Public Employees Ret. Sys. of Mississippi vs. Merrill Lynch & Co.* ($315 million recovery); *In re Wells Fargo Mortgage Pass-Through Certificate Litigation* ($125 million); and *In re AXA Rosenberg Investor Litigation* ($65 million).

19. I am admitted to practice before all courts in California, both state and federal, and am admitted to practice before the Ninth Circuit and the United States Supreme Court. I represent corporate and individual clients in complex civil litigation—reaching successful conclusions at trial, through summary judgment and other dispositive motions, and through confidential settlements. A significant portion of my practice focuses on representing plaintiffs in serious personal injury cases— where I have recovered millions for clients. I also devote a significant portion of my

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

practice to handling high-profile, complex constitutional litigation.

20.     As a result of our constitutional practice, Mr. LiMandri and I were selected for the CLAY Award ("California Lawyer *Attorney of the Year*") by the Los Angeles and San Francisco Daily Journal. Our law firm was also named the "Top Constitutional Law Firm in California in 2021" by the Daily Journal.

21.     I am also active in the community. I am a former three-term President of the San Diego Chapter of Legatus, an organization of Catholic business leaders. Additionally, I have served on the Board of Directors of Catholic Answers and the Catholic Bar Association. I am also a former three-term President of the St. Thomas More Society of San Diego, an association of Catholic lawyers, judges, and public servants. I have also sat on various parish councils and Diocesan boards. In 2023, I was granted the Legatus International "Ambassador of the Year" award in recognition of my role in our firm's religious liberty victories.

22.     **Jeffrey M. Trissell, Esq. (JMT)**—Mr. Trissell was the LiMandri & Jonna LLP attorney with the greatest number of hours in this litigation. His work was supervised and directed by me. From the beginning of this case and continuing to this day, he has participated significantly in the development of legal strategy and preparing initial drafts of the motions, briefs, and written discovery. Mr. Trissell worked 1,839 hours.

23.     Mr. Trissell obtained his law degree from the George Washington University Law School in 2013. When he attended, it was ranked in the top 20 of law schools nationwide by U.S. News & World Report. Prior to that, he graduated *magna cum laude* from Oklahoma State University. He passed the California bar in 2013 and, after a short legal fellowship, has been practicing law with my firm in San Diego ever since.

24.     Mr. Trissell is admitted to practice before the Supreme Court of California, all federal courts in California, including the Ninth Circuit, and the United States Supreme Court. The majority of his practice is in high-profile constitutional

law cases and in pre-trial, post-trial, and appellate briefing. The rest of his practice is focused on general civil litigation, including defamation claims, business litigation, and writ actions against the government.

25.    A significant portion of Mr. Trissell's practice is in appellate briefing. He has briefed many appeals and writs in both California and federal court, obtaining both affirmances and reversals. In California, he has briefed appeals in the First, Second, Fourth, Fifth, and Sixth Appellate Districts. Many of his appeals have also resulted in published opinions, including in California's Second, Fourth, Fifth, and Sixth Appellate Districts, the Ninth Circuit, and the U.S. Supreme Court. Collectively, those published appellate opinions have been cited by other courts more than 1,200 times. In 2025, Mr. Trissell also published a book detailing our firm's successful efforts to force California to allow churches to open during the COVID-19 pandemic. *See* Jeffrey M. Trissell, Esq., *Unlocking the Churches: The Legal Victory Against California's Pandemic-Era Religious Discrimination* (Nashua, NH: Crisis Publications, 2025).

26.    Mr. Trissell is active in local bar associations and served on the board of the St. Thomas More Society of San Diego, a bar association for Catholic attorneys, from 2015 to 2023. For 2019 and 2020, he was elected the President of the St. Thomas More Society. Mr. Trissell has also served on the board of Children of the Immaculate Heart, a local nonprofit that helps victims of human trafficking. For 2020-2023, and 2026, Mr. Trissell has been named a Rising Star by Super Lawyers San Diego.

### B.    Additional Billers from LiMandri & Jonna LLP

27.    **Charles S. LiMandri, Esq. (CSL)**—Mr. LiMandri is our firm's founding partner, who incurred 97.4 hours advising on this matter. Mr. LiMandri obtained his law degree from the Georgetown Law Center in 1983. Prior to that he graduated *magna cum laude* from the University of San Diego, obtained a diploma in International Law and Relations from the University of Wales at Aberystwyth, as a

Rotary International Graduate Scholar, and he studied the life and works of Sir Thomas More for a year at Oxford as part of the University of San Diego Oxford Program, on Sixteenth Century English Literature and History.

28.     Since 1983, he has tried over 50 civil trials to verdict in state and federal courts. He is admitted to practice law in California, New York, Washington D.C., and before the Ninth Circuit and the United States Supreme Court. His trial experience encompasses many areas of civil litigation. He has successfully represented clients in business litigation, products liability, medical malpractice, and personal injury cases. Additionally, he has successfully handled cases involving insurance coverage, construction, real estate, environmental and maritime matters.

29.     He is one of a select few San Diego attorneys who is a member of both the American Board of Trial Advocates and the National Board of Trial Advocacy (which is accredited by the American Bar Association and the State Bar of California). He is a member of the Million Dollar Advocates Circle (for obtaining verdicts and settlements in excess of a million dollars) and hold the highest ("A.V.") rating for legal skills and ethics (by fellow attorneys and judges) in Martindale-Hubbell national directory of attorneys. He is also listed in Super Lawyers and the Bar Register of Preeminent Lawyers. He is a member of the Board of Editors of the California Tort Reporter and the California Insurance Law and Regulation Reporter, both of which are published by West Group. He is a member of the Congress of Fellows of the Center for International Legal Studies based in Salzburg, Austria. He has been an MCLE provider on Trial Practice, Constitutional Law at the California State Bar Annual Convention, and Legal Ethics.

30.     Mr. LiMandri's professional affiliations include the American Bar Association, State Bar of California, District of Columbia Bar Association, National Italian-American Bar Association, San Diego Trial Lawyers Association, Thomas More Society of America, Association of Southern California Defense Counsel, Rancho Santa Fe Rotary Club (President, 1999-2000), and the Thomas More Society

of San Diego (President, 2001). He is also a past President of the University of San Diego's National Alumni Association and a recipient of USD's Outstanding Alumni Service Award (1997).

31.    Mr. LiMandri is also a former member of the Board of Directors of the Center for Thomas More Studies based in Dallas, Texas. He is also a member of the Board of Trustees of the University of Dallas. He received the Ronald Reagan Gold medal for service to the Republican National Party for 2004 and 2005. He is a past President of the San Diego chapter of Legatus, which is an international group of Catholic CEOs, and he received Legatus International's prestigious "Ambassador of the Year" award for 2005. He has also been given various awards for public service by Catholic and other Christian organizations including Whispering Winds Catholic Conference Center (2009), the Alliance Defense Fund (2009 and 2017), and Our Lady of the Rosary Parish (2011). He was also given an award by the American Legion in 2007. And he named as one of the "Top 100 Lawyers in California for 2021" by the Los Angeles and San Francisco Daily Journal.

32.    **Mark D. Myers, Esq. (MDM)**—Towards the beginning of this case, senior associate Mark Myers provided assistance. Mr. Myers joined LiMandri & Jonna LLP in 2021 and left in August 2024. He currently serves as Of Counsel to Steptoe & Johnson PLLC in their Oklahoma City office. Prior to joining LiMandri & Jonna LLP, Mr. Myers served as law clerk for fifteen years to the Hon. Larry A. Burns, including during Judge Burns' tenure as the Southern District of California's Chief Judge. He also has experience as an appellate clerk to the Hon. William J. Holloway, Jr. of the U.S. Court of Appeals for the Tenth Circuit. He is admitted to practice law in California, Texas, and Oklahoma.

33.    Mr. Myers is a frequent presenter, teacher, and publisher on legal issues. He has taught classes in Civil Procedure, Remedies, and Constitutional Law at Thomas Jefferson School of Law, and has lectured on common law and the American legal system. He previously practiced civil law and white collar criminal law with

distinguished firms in Dallas and San Diego. He obtained his J.D. from Stanford Law School in 2001 and his B.A. from Cambridge University. Mr. Myers worked 87.6 hours in this matter.

34. **Robert E. Weisenburger (REW)**—Mr. Weisenburger joined LiMandri & Jonna LLP in 2021. He obtained his J.D. from the University of San Diego in 2015, *cum laude*. Prior that that, he graduated *magna cum laude* from the University of Dallas. During law school, Mr. Weisenburger had the honor of clerking as extern for the honorable William V. Gallo, Magistrate Judge for United States District Court for the Southern District of California, and the honorable Margaret M. Mann, Chief Judge for the United States Bankruptcy Court for the Southern District of California. He also worked as a law clerk practicing in the areas of insurance defense, intellectual property, and federal appeals.

35. Prior to joining LiMandri and Jonna in 2021, Mr. Weisenburger worked for White and Bright LLP focusing primarily on commercial and real estate litigation, including handling complex commercial fraud and contract disputes. Mr. Weisenburger also has experience in a broad range of other practice areas, including personal injury, medical malpractice, construction defect, and insurance bad faith litigation, among others. Mr. Weisenburger worked 9.4 hours in this matter.

36. **Milan L. Brandon II, Esq. (MLB)**—Towards the beginning of this case, associate Milan Brandon provided assistance. Mr. Brandon joined LiMandri & Jonna LLP in 2019 and left in August 2024. He currently serves as a Deputy District Attorney in Mono County. Mr. Brandon obtained his law degree in 2016 from the University of Southern California, Gould School of Law. Prior to that he obtained his B.A. in Economics from the University of San Diego, where he was valedictorian of his graduating class. In law school, he completed externships with the San Diego Superior Court and served on the editorial staff for the sixth edition of Real Estate Transactions, Finance, and Development by distinguished professor of real estate, George Lefcoe.

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

37.    Although Mr. Brandon passed the California bar in 2016 and began working as a post-bar law clerk, due to administrative issues with the State Bar, he was not sworn in until 2019. During the COVID-19 pandemic, Mr. Brandon was at the forefront of academic discussions of business interruption coverage, and published two articles on the subject: Charles S. LiMandri, Milan L. Brandon & Noel J. Meza, *Pandemic of Coverage Litigation for Business Income Losses Due to Coronavirus Plagues Insurance Industry*, 32 California Insurance Law & Regulation Reporter 81 (May 2020); and Charles S. LiMandri, Milan L. Brandon & Noel J. Meza, *Business Interruption Coverage for the COVID-19 Pandemic: Insurance Industry Fights Biggest Battle Ever Against Difficult Odds*, 42 Insurance Litigation Reporter 10 (June 2020). Currently, Mr. Brandon serves as President of the James J. and Margaret O'Neill Charitable Foundation. He is also a member of the Church of the Nativity Pastoral Advisory Board. Mr. Brandon worked 88.4 hours in this matter.

38.    **Joshua A. Youngkin**, **Esq. (JAY)**—Mr. Youngkin joined LiMandri & Jonna LLP in 2023. Before then, he spent three years working for two large insurance defense firms defending businesses in claims for products liability, commercial liability, and general liability (2020-2023). While staff attorney at a plaintiff's boutique firm, and also while at a well-known corporate defense firm, he developed expertise in the use of legal tech to power discovery in document heavy multidistrict federal antitrust cases that challenged core business practices of Fortune 100 companies in the pharmaceutical and investment banking industries (2015-2020). Prior to civil litigation, he was a public policy attorney and lobbyist for a think tank. His work centered on improving science education in the nation's public schools and advising statehouses on adoption of Common Core State Standards, Next Generation Science Standards, and Academic Freedom legislation, while also defending in court the freedom of speech and conscience in higher education (2011-2014). Mr. Youngkin is admitted to practice law in California and Washington.

39.    Mr. Youngkin obtained his J.D. from the University of San Diego School

of Law in 2010 and obtained his B.A. in International Business from San Diego State University. In law school, he completed externships with the San Diego Superior Court, for judges Dahlquist and Elias, served as President of the Federalist Society, USD Law Chapter, served as Executive Editor of the Journal of Contemporary Legal Issues, served as Research Assistant to Professors Roy L. Brooks and Michael Rappaport. After law school, he also published a law review article on the teaching style and content of academic Stanley Fish. Before law school, Mr. Youngkin worked for nearly seven years as a network engineer at high tech startup that used satellites to provide broadband connectivity to businesses and militaries all over the world (2001–2007). Mr. Youngkin worked 16.2 hours in this matter.

40. **Brian M. McPherson**, **Esq. (BMM)**—Mr. Brian McPherson graduated from UCLA School of Law in May of 2022. Upon graduating, he served as a post-bar law clerk and Deputy District Attorney at the Sacramento County District Attorney's Office and first-chaired several criminal jury trials. He subsequently second-chaired a civil jury trial and a bench trial. He has experience in real estate, consumer, law, contract law, criminal law, restraining order hearings, and insurance coverage disputes. Mr. McPherson joined LiMandri & Jonna LLP in August 2024 and worked 45 hours in this matter.

41. **William T. Duke**, **Esq. (WTD)**—Mr. Will Duke graduated from the University of San Diego School of Law in 2024, with a concentration in Civil Litigation, earning the Virginia C. Nelson Academic Award for outstanding efforts and distinction in Advanced Trial Advocacy. Prior to law school, Mr. Duke earned his Master of Music in Performance and Literature from the University of Illinois at Urbana-Champaign in 2017 and a Bachelor of Arts in Music Performance from Middle Tennessee State University in 2015. He performed leading roles in numerous operas across North America before transitioning to a successful career in sales, which helped sharpen his persuasive communication abilities. Mr. Duke joined LiMandri & Jonna LLP in August 2024 and worked 140.8 hours in this matter.

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

42.    **Paralegals and Law Clerks: Kathy Denworth (KD), Robert Muldowney (RM), Rebecca Oakley (RO), Kate Howell (KH), and Matthew Zavaro (MZ)**—Four LiMandri & Jonna LLP paralegals and one law clerk also billed time on this case. The paralegals were Kathy Denworth (98 hours), Robert Muldowney (60 hours), Rebecca Oakley (42.2 hours), and Kate Howell (0.2 hours). Ms. Howell has since left LiMandri & Jonna LLP. In addition, one student law clerk, Matthew Zavaro worked on this case (66 hours). Mr. Zavaro was admitted to the California bar in November 2025 and is currently working in civil litigation in Los Angeles.

## C.    ADDITIONAL BILLERS FROM THOMAS MORE SOCIETY

43.    **Peter C. Breen, Esq. (PCB)**—Mr. Peter Breen serves as Executive Vice President and Head of Litigation at Thomas More Society. Breen leads the firm's litigation team and has argued in numerous federal and state trial and appellate courts across the country over his twenty-five years of law practice. Breen also served two terms in the Illinois House of Representatives, where he rose to the position of Republican Floor Leader. Breen earned a B.E. in Electrical Engineering from Vanderbilt University in 1997 and a J.D. from the University of Notre Dame Law School in 2000. He worked 11.4 hours in this matter.

44.    **Joan M. Mannix, Esq. (JMM)**—Mrs. Joan Mannix serves as Executive Vice President & Managing Counsel at Thomas More Society, specializing in civil appellate practice. Throughout her career, she has written hundreds of appellate briefs, argued before the Illinois Appellate Court and the Seventh Circuit Court of Appeals, and represented clients in the Illinois Supreme Court, Wisconsin Supreme Court, and the U.S. Supreme Court. Her notable victories include a $16 million judgment reversal and an $8.3 million wrongful death verdict. Mannix earned a bachelor's degree in History in 1985 and a J.D. in 1989, both from the University of Notre Dame. Committed to service, she volunteered for the Peace Corps, teaching science in Burkina Faso. Recognized as an Illinois Super Lawyer multiple times, she

has contributed to Illinois Institute of Continuing Education (IICLE) publications, co-authoring chapters on Settlement and Compromise and Settlement Procedures. She worked 32.2 hours in this matter.

45.     **Mary Catherine Martin, Esq. (MCM)**—Ms. Mary Catherine Martin earned three undergraduate degrees from Saint Louis University, graduating in 1999, her law degree from Harvard Law School in 2003. After law school, she clerked for Judge José A. Cabranes on the United States Court of Appeals for the Second Circuit in New York City. After working for four firms in St. Louis over 15 years, specializing in drafting appellate briefs, Mary Catherine joined the Thomas More Society in 2018. She worked 3.8 hours in this matter.

46.     **Matthew F. Heffron, Esq. (MFH)**—Mr. Matthew Heffron has been a trial attorney since graduating from Georgetown University Law Center in 1984, where he served as associate editor of the Georgetown Law Journal. He began his law practice with a commercial litigation firm in Helena, Montana, and eventually became a statewide special prosecutor for the Montana Attorney General's Office. For many years, he was a federal prosecutor with the United States Attorney's Office in Phoenix, Arizona, where he tried numerous complex criminal jury trials and eventually was appointed Deputy Chief for the Criminal Division. He was a frequent speaker on federal trial practice at Department of Justice seminars. In 1998, he returned to his hometown, Omaha. For the next 20 years, he litigated complicated commercial and banking cases, together with major trucking accidents and white-collar criminal defense. Mr. Heffron's collaboration with Thomas More Society began in 2006. In early 2019, Mr. Heffron joined Thomas More Society full time. He worked 20 hours in this matter.

47.     **Michael G. McHale, Esq. (MGM)**—Mr. Michael McHale earned a B.A. in Journalism and History from the University of Nebraska-Lincoln with high distinction in 2009 and a J.D. from the University of Nebraska College of Law with distinction in 2012. Before joining Thomas More Society, Mr. McHale served as

general counsel and policy analyst for the Nebraska Catholic Conference. From 2018 to 2019, he clerked for the Honorable L. Steven Grasz on the United States Court of Appeals for the Eighth Circuit. Since joining Thomas More Society in 2019, Mr. McHale has accumulated significant First Amendment-related success at both the district and appellate levels as lead, co-lead counsel, or lead associate, including, in district court: *Soos v. Cuomo*, 470 F. Supp. 3d 268 (N.D.N.Y 2020); *Dr. A. v. Hochul*, 567 F. Supp. 3d 362 (N.D.N.Y. 2021), reasoning adopted by *Dr. A v. Hochul*, 142 S. Ct. 552, 552-59 (2021) (Gorsuch, J., joined by Alito, J., dissenting from denial of application for injunction pending appeal); *Air Force Officer v. Austin*, 588 F. Supp. 3d 1338 (M.D. Ga. 2022); *Nat'l Inst. of Fam. & Life Advocs. v. Raoul*, 685 F. Supp. 3d 688 (N.D. Ill. 2023); *Hulinsky v. Cty. of Westchester*, No. 22-cv-6950, 2025 WL 2318705 (S.D.N.Y. 2025); and, in U.S. Circuit Courts of Appeal: *Robinson v. Murthy*, No. 20A95 (U.S. Jan. 19, 2021); *New York by James v. Griepp*, 11 F.4th 174 (2d Cir. 2021); *Does 1-11 v. Univ. of Colo. Bd. of Regents*, 100 F.4th 1251 (10th Cir. 2024) (lead appellate counsel); *Jackson v. Noem*, 132 F.4th 790 (5th Cir. 2025) (lead appellate counsel); *Florida PreBorn Rescue, Inc. v. City of Clearwater*, 161 F.4th 732 (11th Cir. 2025) (lead appellate counsel).

48.    **Christopher J.F. Galiardo, Esq. (CJG)**—Mr. Chris Galiardo joined Thomas More Society in 2024. Before then, he clerked for prominent federal judges, including Judge Lawrence VanDyke of the U.S. Court of Appeals for the Ninth Circuit (2022–2023), Judge Matthew J. Kacsmaryk of the U.S. District Court for the Northern District of Texas (2020–2021), Judge Timothy J. Kelly of the U.S. District Court for the District of Columbia (2017), and Judge James O. Browning of the U.S. District Court for the District of New Mexico (2016–2017). As Chief Law Clerk for Judge Kacsmaryk, he managed the civil docket, streamlined chambers operations, and drafted key opinions. Mr. Galiardo has also served as an Assistant Attorney General in the Office of the Texas Solicitor General (2021–2022), where he briefed eleven cases before the U.S. Supreme Court and argued before the Fifth Circuit.

Earlier, as a Presidential Management Fellow at the White House Office of the U.S. Trade Representative (2017–2019). A graduate of Yale Law School and Harvard University, where he earned a concurrent J.D. and M.P.P. in 2015, Chris distinguished himself as a Jack B. Tate Scholar (Yale) and Dubin Fellow (Harvard). He holds an A.B. *summa cum laude* from Dartmouth College (2006), where he received the Dartmouth Senior Scholar Award for his top-ranked thesis. He is also a Fulbright Scholarship recipient (2008–2009). He worked 8.6 hours in this matter.

49. **Paralegals and Law Clerks: Amelia Knapp (AK)**—One Thomas More Society, Amelia Knapp (AK), also billed time on this case (3.45 hours). Thomas More Society summer law clerks also incurred time but it is not being claimed here.

### D. Additional Billers from Other Firms

50. **Norman D. Grissom, Esq. (NDG)**—Mr. Norman Grissom obtained his law degree from the University of San Diego School of Law in 2005, where he was a member of the Order of the Barrister and a National Mock Trial Team. Prior to that he received a degree in economics from the University of Cincinnati in 1986. He began his own legal practice in downtown San Diego with Rosenberg, Shpall, & Zeigen, APLC, before starting his own firm in 2014, called NDG Law, APC. His practice currently specializes in employment law, business law, and general civil litigation. He has participated in a variety of litigation matters including labor and employment actions, breach of contract disputes, real estate disputes, non-profit corporation matters and general business tort cases. He also has an extensive background in business and human resource management. He is a member of the California Bar Labor and Employment Section. He worked 67.9 hours in this matter.

51. **Frank J. Coughlin, Esq. (FJC)**—Mr. Frank Coughlin obtained his J.D. from Loyola Law School in 1992. Since then, he has managed his own practice, Frank J. Coughlin, PLC, while also sometimes serving as Of Counsel with various firms. In 2011, he also received a certificate in Mediating the Litigated Case from the Straus

Institute of Dispute Resolution at Pepperdine University School of Law. He has represented thousands of employees and employers throughout his career, prosecuting cases for employees and defending employers in litigation, conducting case analysis, mediations, arbitrations, and trying both single party and class action cases in state and federal courts. He is admitted in all California Courts, Southern, Central, and Northern California U.S. District Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. He worked 53.2 hours in this matter.

52. **H. Tomás Gómez-Arostegui, Esq. (TGA)**—Professor Tomás Gómez-Arostegui teaches courses on the History of the Common Law, Civil Procedure, Torts, and Remedies. His research interests lie primarily in English legal history before the year 1800, civil procedure, and remedies. Prof. Gómez-Arostegui obtained his J.D. from the University of Southern California in 1997, where he was a member of the Order of the Coif and the Notes Editor for the Southern California Law Review. He also subsequently obtained an LL.M. in 2004 from the University of Oslo. After law school, he clerked for Judge Edward Rafeedie of the U.S. District Court for the Central District of California and Judge John C. Porfilio of the U.S. Court of Appeals for the Tenth Circuit. He then entered private practice for several years before entering into academia in 2004. In 2015, the American Society for Legal History awarded him the Sutherland Prize for the best article or book chapter on English legal history published in the prior year. He currently teaches at Lewis & Clark Law School, but performed work on this case in his private capacity. He worked 10 hours in this matter.

### THE RATES OF PLAINTIFFS' COUNSEL ARE REASONABLE

53. The rates that LiMandri & Jonna LLP and co-counsel billed on this matter and included in this request are reasonable in light of prevailing community standards for comparable legal work, and are the same rates that LiMandri & Jonna LLP and co-counsel would customarily seek in fee requests for comparable legal work. Billing rates at LiMandri & Jonna LLP are based primarily on level of seniority,

status as a law partner, and on years of experience, the latter determined primarily by year of law school graduation. It is my understanding and belief that this is typical of hourly rates in the legal market in which LiMandri & Jonna LLP participates.

54.    Turning to the actual hourly rates, LiMandri & Jonna LLP handles a significant amount of pro bono litigation, without any hourly rate billed to clients, and then seeks attorneys' fees under relevant statutes. In such cases, LiMandri & Jonna LLP creates hourly rates for their fee motions primarily by reviewing what courts have recently awarded and various fee charts.

### A.    Various Matrices & Surveys

55.    For example, the USAO *Laffey* Matrix was prepared for litigation in Washington D.C. by the U.S. Attorney's Office with the intent that it could be adjusted annually to take inflation into account. *See Laffey v. Northwest Airlines*, Inc. 572 F. Supp. 354 (D.D.C. 1983). As stated therein, the point of the matrix was to facilitate settlement by providing rates that the U.S. Attorney's Office would not question. **Exhibit 3.**

56.    However, criticism of the applicability of the USAO *Laffey* Matrix to complex civil litigation led a private group to develop the LSI *Laffey* Matrix, which was adopted by courts in the District of Columbia as superior. *See DL v District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019). It lists reasonable hourly rates for the year ending May 31, 2025, ranging from $473 for a first year law student to $1,141 for an attorney with 20+ years experience. **Exhibit 4**.

57.    In light of the D.C. Circuit's rejection of the USAO *Laffey* Matrix in favor of the LSI *Laffey* Matrix, the U.S. Attorney's Office for the District of Columbia abandoned that matrix in 2021 and created a new *Fitzpatrick* Matrix. The current version is updated as of 2023. It lists reasonable hourly rates ranging from $467 for an attorney with less than one year experience to $807 for attorneys with greater than 35 years of experience. ***See* Exhibit 5.**

58.    These matrices envision that the reasonable hourly rate would be

adjusted based on the differences in cost-of-living between Washington D.C. and the relevant locale. As a result, they are convenient here because, as courts have noted, the cost-of-living in San Diego and Washington D.C. is comparable. *See Ramirez v. Escondido Unified Sch. Dist.*, No. 11-cv-1823, 2014 WL 12675859, at \*2 (S.D. Cal. Apr. 17, 2014). This remains true today. The website of the U.S. Courts list Washington D.C. as requiring a 33.94% locality adjustment and San Diego requiring a 33.72% locality adjustment—a practically negligible difference. *See Judiciary Salary Plan Pay Rates*, U.S. Courts (Dec. 29, 2025).[2]

59.    However, the Ninth Circuit has cautioned that merely adjusting for cost-of-living does not actually capture differences in hourly rates in various legal markets. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). Thus, the matrices need to be compared against actual rates in the forum.

60.    One helpful guide in this respect is the Wolters Kluwer Real Rate Report, which lists average actual billing rates across the country, broken down by location and practice area. Unfortunately, it only lists rates for partners and associates without further breakdown based on experience. The most recently available 2024 Report surveyed 102 "Partners" in San Diego and found an average hourly rate of $637 and a third-quartile-median hourly rate of $904, meaning that 25% of partners charge more than $904 hourly. Restricting this to "Litigation Partner" in San Diego, the 2024 Real Rate Report surveyed 43 individuals and found an average hourly rate of $568 and a third-quartile-median hourly rate of $907. ***See* Exhibit 6**.

## B.    Judicially Awarded Rates in San Diego

61.    Since 25% of "Litigation Partners" in San Diego charge more than $907 per hour, I have also cross-referenced the above with recently judicially awarded rates. Msot recently, in October 2025, this Court awarded $1,500/hour for a Supreme Court specialist and $925/hour for an attorney who was admitted to the California bar in 1995

---

[2] https://www.uscourts.gov/careers/compensation/judiciary-salary-plan-pay-rates.

Decl. of Paul. M. Jonna, Esq., ISO
Plaintiffs' Motion for Attorneys' Fees

and thus has 30 years experience. This opinion is particularly analogous because it involved a violation of Free Speech rights. *See Garnier v. Poway Unified Sch. Dist.*, No. 17-cv-2215, 2025 WL 3403370 (S.D. Cal. Oct. 20, 2025). A copy of this opinion is attached as **Exhibit 7**.[3]

62.     In August 2025, Judge Battaglia addressed a fee request in which partners sought rates up to $1,670, using their regular rates from Los Angeles and San Francisco. However, Judge Battaglia ultimately reduced these rates and only awarded rates up to $1,251.25 for principals and up to $750 for associates. Importantly, although the attorneys with Rosen Bien Galvan & Grunfeld LLP were based out of San Francisco, explaining their high rates, the majority of attorneys from DLA Piper were from its San Diego office. This included partner Christopher Young whose regular hourly rate was $1,670 and associates Isabella Neal and Chelsea Rissmiller whose regular hourly rates were $1,200 and $1,145 respectively. This case is also analogous because it is a pro bono civil rights case, although it concerned unconstitutional conditions in the county jails. *See Dunsmore v. San Diego Cty. Sheriff's Dep't*, No. 20-cv-406, 2025 WL 2301940, at *8 (S.D. Cal. Aug. 8, 2025). A copy of this opinion is attached as **Exhibit 8**.

63.     A year earlier, in October 2024, Judge Battaglia ruled on another fee request. This one also concerned a pro bono civil rights case brought on behalf of homeless individuals using statutes prohibiting discrimination on the basis of disability. The court awarded hourly rates of $1,250 and $1,200 for two partners from a local San Diego firm. *See Bloom v. City of San Diego*, No. 17-cv-2324, 2024 WL 4495512 (S.D. Cal. Oct. 15, 2024). A copy of this opinion is attached as **Exhibit 9**.

64.     Earlier cases arise in different contexts. In 2023, Judge Curiel ruled on a fees request in a patent case. The rates here were significantly higher, showing that reasonable hourly rates can be even higher in San Diego for specific specialties.

---

[3] My office obtained the years of experience by searching the California Bar website and/or by performing other internet research.

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Specifically, Judge Curiel awarded "(1) $1,465, $1,120, and $1,055 for the three partners; (2) $805 and $610 for the two associates; and (3) $495, $420, and $415 for the three paralegals." *See CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17-cv-2479, 2023 WL 2604816, at *4 (S.D. Cal. Mar. 22, 2023). A copy of this opinion is attached as **Exhibit 10.**

65. Judge Goddard awarded fees on a discovery dispute in another patent case in 2021. She awarded awarded an hourly rate of $1,260 for a senior partner practicing law since 1988; $1,140 for a partner practicing law since 2009; and $1,065 for a fifth-year associate attorney. *See Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-cv-970, 2021 WL 5449041 (S.D. Cal. Nov. 19, 2021) A copy of this opinion is attached as **Exhibit 11**.

66. Lastly, earlier in February 2021, Judge Goddard awarded fees on an anti-SLAPP motion to the Los Angeles office of Gibson Dunn. The prevailing defendant sought partner rates up to $1,525, senior associate rates up to $960, mid-level associate rates up to $740, and junior associate rates up to $625. Judge Goddard reduced these rates and awarded hourly rates of $1,150-$1,050 for partners admitted to practice law between 1984 and 1987, and $720-$470 for associates admitted to practice law between 2006 and 2017. *Herring Networks, Inc. v. Maddow*, No. 19-cv-1713, 2021 WL 409724 (S.D. Cal. Feb. 5, 2021). A copy of this opinion is attached as **Exhibit 12**.

67. I also thought that reviewing fee awards made to the California government would be helpful and found one from Los Angeles County Superior Court. There, the California Civil Rights Department (formerly the Department of Fair Employment & Housing) sued Riot Games alongside various private plaintiffs for discrimination. In 2023, the Court ultimately awarded the CRD nearly $7 million. *See McCracken v. Riot Games, Inc.*, No. 18STCV03957, 2023 WL 11053298, at *3 (Cal. Super. June 15, 2023). A copy of this opinion is attached as **Exhibit 13**. Reviewing the underlying motion for fees, that was the total amount that the CRD sought. Its rates were up to $975/hour. A copy of the declaration of Alexis McKenna

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

from that action is attached as **Exhibit 14.**

68.     And similarly, I thought it would be helpful to identify rates paid out by the government. In that respect, the Los Angeles Times reports that the Los Angeles Department of Water and Power retained Munger, Tolles & Olson to represent it in response to lawsuits relating to the Palisades Fire. The article reports that because the firm was selected because of its agreement to a "discounted rate structure" in which partners bill up to $1,975/hour and associates bill $1,180-$745/hour. A copy of Matt Hamilton & David Sahniser, *DWP secures law firm, at up to $1,975 an hour, to defend against Palisades fire lawsuits*, L.A. Times (Feb. 14, 2025), is attached as **Exhibit 15.**

### C.    Judicially Awarded Rates to Counsel

69.     As stated, in 2020 and 2021, LiMandri & Jonna LLP handled cases representing churches who objected to Governor Newsom's COVID-19 lockdown order. This included cases in the Southern District of California, Los Angeles County Superior Court, and Kern County Superior Court. In those cases, LiMandri & Jonna LLP obtained injunctions against the lockdown orders as applied to churches. The case in Kern County Superior Court was titled *Burfitt v. Newsom*, No. BCV-20-102267 (Cal. Super. Sep. 29, 2020). The case in the Southern District of California was titled *South Bay United Pentecostal Church v. Newsom* No. 3:20-cv-865 (S.D. Cal. May 8, 2020). LiMandri & Jonna LLP also successfully defended against a prosecution of a church by Los Angeles County, in a case titled *Cty. of Los Angeles v. Grace Cmty. Church of the Valley*, No. 20STCV30695 (Cal. Super. Ct. Aug. 14, 2020).

70.     Following our victory, I negotiated a fees settlement with the State of California and County of Los Angeles using hourly rates for work performed in 2020 and 2021 of $1,150 for Mr. LiMandri, $850 for myself, $600 for Mr. Trissell, $500-475 for junior associates. Based on these rates (plus additional time for other attorneys), our lodestar in *Burfitt v. Newsom* was $547,508 and our lodestar in *South Bay* was $1,577,690. I was directly involved in both cases and in the attorneys' fees

negotiations.

71.     Following negotiations, the State of California agreed to pay $550,000 in full satisfaction of reasonable attorneys' fees in *Burfitt v. Newsom* and $1,600,000 in full satisfaction of reasonable attorneys' fees in *South Bay*. There were some additional costs but the parties agreed to settle on round numbers and waive any additional costs. California and Los Angeles County also agreed to pay $800,000 to settle *Grace Community Church*, a 30% discount from our $1,100,000 lodestar to account for the fact that we had never obtained an affirmative injunction in that defensive action. A true and correct copy of the *Fr. Burfitt v. Newsom* final judgment reflecting the agreement to pay $550,000 in full satisfaction of reasonable attorneys' fees is attached to this declaration as **Exhibit 16**. A true and correct copy of the *South Bay* final judgment reflecting the agreement to pay $1,600,000 in full satisfaction of reasonable attorneys' fees is attached to this declaration as **Exhibit 17.**

72.     My office also handled another case involving a significant fee award, although it was later vacated by the Court of Appeal for reasons unrelated to the reasonableness of the fees incurred. In that case, my office sought $1,260/hour for Mr. LiMandri, $1,140/hour for myself, and $1,065-$875/hour for senior associates, and $700-$575/hour for associates for our time incurred in 2022 and lower rates for prior years. The court awarded our fees in full, but the case was ultimately reversed on appeal on the merits. The case was called *Dep't of Fair Emp't & Hous. v. Cathy's Creations, Inc.*, No. BCV-18-102633 (Cal. Super. Oct. 17, 2018).

## D.    RECENT RATE INCREASES

73.     Since the COVID-19 pandemic, the United States has experienced severe inflation which has significantly impacted legal billing rates. Indeed, at the beginning of 2025, Reuters reported that more firms were charging $3,000 per hour for top partners. By the beginning of 2026, the rate was up to $4,000 per hour. A copy of David Thomas & Mike Scarcella, *More lawyers join the $3,000-an-hour club, as other firms close in*, Reuters (Feb. 27, 2025), is attached as **Exhibit 18**. A copy of

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

David Thomas & Mike Scarcella, *As lawyer rates surge, US firm charges $4,000 an hour for top partners*, Reuters (Jan. 267, 2026), is attached as **Exhibit 19**.

74. As a result, I determined it would be appropriate to review information on billing trends to cross-reference with the above information. According to a chart produced by Thomson Reuters, hourly rates increased by 7.4% in 2025. A copy of *Law Firm Rates Report 2026: Law firms discover the hidden engine driving their pricing power*, Thomson Reuters (Oct. 20, 2025), is attached as **Exhibit 20**. This was actually down from prior years, with the ABA reporting that billing rates increased by 9.1% in 2024 and 8.3% in 2023. A copy of Debra Cassens Weiss, *"Very strong performance" reported for law firms in 2024, with revenue increasing 12.5%*, ABA Journal (Jan. 29, 2025), is attached as **Exhibit 21**.

### E.    Efforts to Settle the Case

75. Throughout its entire life, the Plaintiffs in this action have engaged in good faith efforts to settle this case. This began with negotiations with EUSD before litigation was filed and continued with a letter to both EUSD and CDE after the preliminary injunction order was issued. A copy of that letter, dated September 19, 2023, is attached as **Exhibit 22**. I never received a response to this letter from either EUSD or CDE, except for calls with counsel for EUSD stating that EUSD was only interested in a global resolution.

76. At the May 9, 2025, status conference this Court encouraged the parties to take a serious look at settling this case. As a result, the day after Plaintiffs filed their motion for summary judgment, I sent a letter to counsel for the Attorney General—copying my prior letter—to inquire about the possibility of settlement. A copy of that letter, dated July 17, 2025, is attached as **Exhibit 23**. I did not receive a response to my letter.

77. On September 17, 2025, the parties participated in a status conference with the Court. At that conference, the Court ordered Plaintiffs and EUSD to proceed to a settlement conference with Magistrate Judge Torres, that the parties

Decl. of Paul. M. Jonna, Esq., ISO
Plaintiffs' Motion for Attorneys' Fees

ultimately scheduled for October 17, 2025.

78. On September 22, 2025, I made a call to counsel for the State Defendants, Darrell Spence. Knowing EUSD's desire for a global resolution, I stressed to Mr. Spence that we were still interested in settling with the State Defendants. Mr. Spence agreed to look into whether settlement was possible and to provide us with the State Defendants' position by mid-October. After exchanging several emails, the State Defendants ultimately responded that there were no terms they could agree to. A copy of these emails is attached as **Exhibit 24**.

### E.   Application of the Above Here

79. The above matrices show that senior partner rates for San Diego could range from $807 (*Fitzpatrick* Matrix) to $1,141 (LSI *Laffey* Matrix). The Real Rate Report shows that the third-quartile-median rate for partners is $904-$907. Based on my personal experience practicing in civil litigation in San Diego since 2009, and managing my firm since 2016, these rates are reasonable for general civil litigation. Thus, the $925 hourly rate that this Court awarded to Attorney Briggs in *Garnier v. Poway Unified School District* appears reasonable.

80. However, judicially awarded rates show that specialization can and should lead to higher hourly rates. As stated, in 2021, I and Mr. LiMandri were two of 35 lawyers in California (out of 190,000 active lawyers) selected for the CLAY award ("California Lawyer Attorney of the Year") by the Los Angeles Daily Journal—in recognition of the firm's work in *South Bay United Pentecostal Church v. Newsom*. Mr. LiMandri was also named as one of the "Top 100 Lawyers in California for 2021," and LiMandri & Jonna LLP was named the "Top Constitutional Law Firm in California in 2021" by the Los Angeles and San Francisco Daily Journal.

81. Thus, in 2023, we requested and were awarded higher rates, $1,260 for Mr. LiMandri and $1,140 for myself. These rates were taken from the rate awarded in *Orthopaedic Hospital v. Encore Medical, L.P.*, based on the argument that specialization in complex constitutional law is rare and analogous to the specialization there. Since

28

Decl. of Paul. M. Jonna, Esq., ISO
Plaintiffs' Motion for Attorneys' Fees

then, Judge Curiel awarded up to $1,465 in *CliniComp Int'l, Inc. v. Cerner Corp.*, another highly specialized case, and this Court awarded $1,500 for the Supreme Court specialist in *Garnier v. Poway Unified School District*.

82. To develop a reasonable hourly rate for this litigation that takes into account these higher rates and the increase in billing rates reported by Thomson Reuters and the ABA, I began by taking the rates awarded to my firm in April 2023 and increasing them by 20%. I used these rates for LiMandri & Jonna LLP and Thomas More Society. Thomas More Society attorneys, who are not based in San Diego, use substantially higher hourly rates. But for this application, all rates are based on San Diego reasonable hourly rates.

83. Cross-referencing the rate with the above case law showed that the resulting rate was reasonable for the majority of the billers. For billers that did not have previously awarded rates, I assigned rates to them based on their levels of experience and qualifications. If an attorney moved from being an associate to a Senior Attorney, his rate was increased to match his most analogous colleague. I assigned a comparably prestigious rate to Professor Tomás Gómez-Arostegui. However, for the employment counsel, I assigned a lower rate.

84. The resulting rates are below:

| Timekeeper | Negotiated June 2021 | Awarded April 2023 | 2026 Rate |
|---|---|---|---|
| Principals/Executives | | | |
| Charles S. LiMandri (1983) (42 years) (L&J) | $1,150 | $1,260 | $1,512 |
| Paul M. Jonna (2009) (16 years) (L&J) | $850 | $1,140 | $1,368 |
| Peter C. Breen (2000) (25 years) (TMS) | | | $1,368 |
| Joan M. Mannix (1989) (36 years) (TMS) | | | $1,368 |
| H. Tomás Gómez-Arostegui (1997) (28 years) (Solo) | | | $1,368 |
| Frank J. Coughlin (1993) (32 years) (Solo) | | | $1,050 |
| Norman D. Grissom (2005) (17 years) (Solo) | | | $1,050 |
| Senior Attorneys | | | |
| Mark D. Myers (2001) (24 years) (L&J) | | $1,065 | $1,278 |
| Jeffrey M. Trissell (2013) (12 years) (L&J) | $600 | $875 | $1,050 |

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

| | | | |
|---|---|---|---|
| Robert E. Weisenburger (2015) (10 yrs) (L&J) | | $700 | $1,050 |
| Mary Catherine Martin (2003) (22 yrs) (TMS) | | | $1,278 |
| Matthew F. Heffron (1984) (41 years) (TMS) | | | $1,278 |
| Michael G. McHale (2012) (14 years) (TMS) | $625 | | $1,050 |
| Associates/Staff Counsel | | | |
| Joshua A. Youngkin (2011) (14 years) (L&J) | | | $840 |
| Milan L. Brandon (2016) (9 years) (L&J) | | $700 | $840 |
| Brian M. McPherson (2022) (3 years) (L&J) | | | $610 |
| William T. Duke (2024) (1 year) (L&J) | | | $450 |
| Christopher J. Galiardo (2015) (10 yrs) (TMS) | | | $840 |
| Support | | | |
| Kathy Denworth (Paralegal) (L&J) | $175 | $200 | $240 |
| Robert Muldowney (Paralegal) (L&J) | | | $240 |
| Rebecca Oakley (Paralegal) (L&J) | | | $240 |
| Kate Howell (Paralegal) (L&J) | | $200 | $240 |
| Matthew Zavaro (Law Clerk) (L&J) | | $250 | $300 |
| Amelia Knapp (Paralegal) (TMS) | | | $240 |

## F.    SUMMATION

85.    As stated above, attached as Exhibit 2 is a listing of all time incurred by counsel on behalf of Plaintiffs in this action. As that Exhibit shows, Plaintiffs incurred **3,807.15** hours of attorney, law clerk, or paralegal time, representing **$4,045,917** in fees. Because these hours are not billed to the clients, they do not include reductions that I would normally include. Thus, to avoid any concerns about over-billing or excessive, redundant, or otherwise unnecessary time, I am decreasing this lodestar by 10%, decreasing it to **$3,641,325.30**.

86.    Here, the hourly rates of Plaintiffs' counsel are near the high-end of appropriate rates in San Diego County. But for the most exceptional lawyers in the entire State, rates were significantly higher. Indeed, although Plaintiffs' top rate is $1,512, Los Angeles County is presently paying up to $1,975 per hour for its defense against lawsuits related to the Palisades Fire. In light of the nature of this case, obtaining excellent results across the entire state, Plaintiffs believe that a multiplier matching higher rates used across the State is appropriate. Thus, Plaintiffs request a

1.25 multiplier, bringing the lodestar to **$4,551,656.63**.

87.     I have experience litigating fee motions in both state and federal court in California. Based on my experience in complex litigation and my personal familiarity with the work performed in this matter, I believe that the attorneys' fees and costs included in this request are both fair and reasonable under the circumstances.

### PLAINTIFFS ARE ENTITLED TO NON-TAXABLE COSTS

88.     Lastly, as stated, Plaintiffs are entitled to receive under Section 1988 all costs and expenses incurred, except expert witness fees. Here, contemporaneously with this motion, Plaintiffs have filed their Bill of Taxable Costs in the amount of $55,798.58. In addition, Plaintiffs are submitting their non-taxable costs with this motion, including filings fees for amicus briefs in related actions, printing costs, and travel costs. Those non-taxable costs total $20,755.10. *See* **Exhibit 25**.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on February 2, 2026, in Rancho Santa Fe, California.

Paul M. Jonna, Esq.

DECL. OF PAUL. M. JONNA, ESQ., ISO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

**EXHIBIT 1**



Home    About Us    Our Team    Practice Areas    News    Testimonials    Results    Contact Us

# Case Results
## Past Verdicts & Settlements

| | |
|---|---|
| **$27,000,000** | **Plane Crash Property Damage**: U.S. Navy F14 Jet Aircraft crashed into hangar at the airport, destroying a fleet of helicopters and their spare parts. Fortunately, the pilot bailed out of the plane and was uninjured. Recovered $27 million for owner of helicopters. |
| **$17,000,000** | **Insurance Bad Faith for Storm Damage**: Major insurance carrier denied water district's claim for damage to the largest earth filled dam in the United States. The water damage was caused by the El Niño rain storms while this huge reservoir was still under construction. Recovered $17 million for the water district. |
| **$8,000,000** | **Medical Malpractice Brain Injury**: In three medical malpractice cases, an anesthesia mishap during routine surgery led to catastrophic brain injuries. Two of the cases were against oral surgeons who were doing tooth extractions. Recovered $8 million for the three clients. |
| **$6,000,000** | **Semi-Truck Personal Injury**: In a semi-truck collision involving a limb amputation, recovered $6 million via settlement |
| **$3,400,000** | **Product Defect Wrongful Death:** Husband and father in his thirties with good earning capacity died due to vehicular collision caused by defective tires. Auto manufacturer and tire distributor settled claims following close of plaintiff's case-in-chief at trial. Recovered $3.4 million for the family. |
| **$3,000,000+** | **Breach of Real Estate Contract**: When the defendant breached an oral real estate contract, the plaintiff sued seeking damages. Because the contract was oral only, proving the case through emails and conflicting testimony was a challenge. Recovered all $3 million sought for breach of contract, as well as a post-judgment award of attorneys' fees and costs, all of which was collected. |
| **$3,000,000** | **Train Accident Brain Injury**: Client's car was struck by train as it crossed a major intersection because another freight train was unlawfully parked on adjacent tracks, blocking the view of the moving train. Client suffered severe brain injuries. Recovered $3 million for client. |

| | |
|---|---|
| **$3,000,000** | **Drunk Driver Wrongful Death**: In two auto accident cases, a drunk driver struck a bicyclist, the son of the plaintiff, and a separate drunk driver struck another driver, the husband of the plaintiff. Recovered $3 million for the families. |
| **$2,950,000** | **Attorneys' Fees for Constitutional Violation**: In three cases, Governor Newsom and the State of California illegally ordered churches and other places of worship across the State to close during the COVID-19 pandemic, despite allowing numerous other organizations to open. Following an order by the U.S. Supreme Court to let the churches open, California paid $2.95 million in attorneys' fees for three cases. |
| **$2,858,000** | **Insurance Bad Faith for Fire Damage**: The "Cedar Fire" destroyed much of Whispering Winds Catholic Conference Center, but the insurance company wrongfully refused to pay any more than $858,000, the Conference Center sued for breach of contract and bad faith denial. The case settled for $2.0 million just before jury selection. |
| **$2,700,000** | **Health Club Failure to Use AEDs**: In two separate cases, health clubs—a regulated industry in California—negligently failed to use AEDs on clients who fell into cardiac arrest. One case led to a wrongful death, the second led to a catastrophic brain injury. Recovered $2.7 million. |
| **$2,600,000** | **Dental Malpractice Brain Injury**: An anesthesia mishap during a routine tooth extraction led to a catastrophic brain injury, leaving the client in a persistent vegetative state. We pursued both the oral surgeon and the dentist who contributed to the accident, ultimately recovering $2.6 million for our client and his wife. |
| **$2,500,000** | **Trespass/Dumping of Hazardous Substances**: As part of a beachfront development, defendant moved 2,500 truckloads of ash and burned refuse from an old municipal dump, to a seven-acre canyon next to plaintiffs' land in Otay Mesa. The ash contained hazardous levels of lead and copper, which contaminated ground and surface water. Jury awarded $2.5 million in compensation to clean up the canyon. |
| **$2,376,189+** | **Product Defect Personal Injury**: The tread of a tire suddenly separated, causing a speeding van carrying six young adults home from a spiritual retreat to crash, leading to orthopedic injuries and mild brain injuries. Plaintiffs settled for a confidential amount with the auto manufacturer, and the jury awarded an additional $2.3 million in damages against the tire company and the owner of the van. |
| **$2,187,500+** | **Insurance Bad Faith for Water Damage**: USAA wrongfully refused to pay under an insurance policy when a leak in a kitchen pipe led to water damage and mold damage. Jury awarded $2.1 million, which included $1.75 million in punitive damages, plus attorneys' fees and costs. |
| **$2,076,000** | **Negligent Interference with Rescue Wrongful Death**: A 35-year old husband and father collapsed while attending a lecture at a community college. During the lecture, he began snoring and fell out of his chair, symptoms of a heart attack. When one student asked whether he should call 911, the professor told him not to, and continued the lecture. |

| | |
|---|---|
| | Later, it became clear that the man was not well, and students gave him CPR, but he died. Jury awarded just over $2 million for the family. |
| **$2,448,950** | **Business HOA & Contract Dispute**: A timeshare club's owners' association adopted a rule limiting the number of concurrent timeshare units that could be reserved at one time. This led to a lawsuit by a resort group that had purchased a significant number of timeshares, and a counter-lawsuit by the timeshare club when the resort group failed to pay its assessments. Following a two-week bench trial, judgment was entered for the timeshare club, with an award of $1,318,950 in attorneys' fees, and the assessment action was then settled for $1.13 million, for a total of $2,448,950. |
| **$1,497,293** | **Corporate Derivative Action & Insurance Bad Faith Dispute**: Individual corporate members of a trade association for small grocery or convenience stores initiated a derivative action seeking to oust the President of the trade association and recover embezzled funds. After successfully trying the case, the President was ordered terminated and ordered to repay $248,000 to the trade association; and the trade association was ordered to pay the members' attorneys' fees and litigation costs of approximately $1,2249,293. When the trade association's insurance carrier failed to pay, LiMandri & Jonna LLP litigated the issue in federal court. On summary judgment, the court ordered that the insurance contract covered the attorneys' fees award. |
| **$1,000,000+** | **Intentional Interference with Contract**: In a case against a law firm involving intentional interference with contract, case settled for more than $1,000,000. |

**EXHIBIT 2**

| Timekeeper | Initials | 2026 Rate | Hours |
|---|---|---|---|
| Principals/Executives | | | |
| Charles S. LiMandri (1983) (42 years) (L&J) | CSL | $1,512 | 97.4 |
| Paul M. Jonna (2009) (16 years) (L&J) | PMJ | $1,368 | 1002 |
| Peter C. Breen (2000) (25 years) (TMS) | PCB | $1,368 | 11.4 |
| Joan M. Mannix (1989) (36 years) (TMS) | JMM | $1,368 | 32.2 |
| H. Tomás Gómez-Arostegui (1997) (28 years) (Solo) | TGA | $1,368 | 10 |
| Frank J. Coughlin (1993) (32 years) (Solo) | FJC | $1,050 | 53.2 |
| Norman D. Grissom (2005) (17 years) (Solo) | NDG | $1,050 | 67.9 |
| Senior Attorneys | | | |
| Mark D. Myers (2001) (24 years) (L&J) | MDM | $1,278 | 87.6 |
| Jeffrey M. Trissell (2013) (12 years) (L&J) | JMT | $1,050 | 1839 |
| Robert E. Weisenburger (2015) (10 yrs) (L&J) | REW | $1,050 | 9.4 |
| Mary Catherine Martin (2003) (22 yrs) (TMS) | MCM | $1,278 | 3.8 |
| Matthew F. Heffron (1984) (41 years) (TMS) | MFH | $1,278 | 20 |
| Michael G. McHale (2012) (13 years) (TMS) | MGH | $1,050 | 4.2 |
| Associates/Staff Counsel | | | |
| Joshua A. Youngkin (2011) (14 years) (L&J) | JAY | $840 | 16.2 |
| Milan L. Brandon (2016) (9 years) (L&J) | MLB | $840 | 88.4 |
| Brian M. McPherson (2022) (3 years) (L&J) | BMM | $610 | 45 |
| William T. Duke (2024) (1 year) (L&J) | WTD | $450 | 140.8 |
| Christopher J. Galiardo (2015) (10 yrs) (TMS) | CJG | $840 | 8.6 |
| Support | | | |
| Kathy Denworth (Paralegal) (L&J) | KD | $240 | 98 |
| Robert Muldowney (Paralegal) (L&J) | RM | $240 | 60 |
| Rebecca Oakley (Paralegal) (L&J) | RO | $240 | 42.2 |
| Kate Howell (Paralegal) (L&J) | KH | $240 | 0.2 |
| Matthew Zavaro (Law Clerk) (L&J) | MZ | $300 | 66 |
| Amelia Knapp (Paralegal) (TMS) | AK | $240 | 3.45 |

1

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1 | 09/07/22 | PMJ | Assess potential case for Elizabeth Mirabelli regarding religious discrimination. | 0.2 | $1,368 | 273.6 |
| 2 | 09/07/22 | JMT | Initial telephonic client meeting; Telephone call with Tom Brejcha regarding same. | 1.4 | $1,050 | 1470 |
| 3 | 09/07/22 | PMJ | Telephone call with Elizabeth Mirabelli to assess potential religious discrimination case against Escondido Union School District; Discuss case with ███. | 1.2 | $1,368 | 1641.6 |
| 4 | 09/07/22 | PMJ | Assess potential Escondido Union School District religious discrimination case. | 0.4 | $1,368 | 547.2 |
| 5 | 09/07/22 | PMJ | Telephone call with Tom Brejcha to discuss Elizabeth Mirabelli case. | 0.2 | $1,368 | 273.6 |
| 6 | 09/12/22 | PMJ | Review decision in Pamela Ricard case and constitutional principles involved. | 0.2 | $1,368 | 273.6 |
| 7 | 09/13/22 | JMT | Review file in Ricard v. USD 475 Geary County Schools. | 1.8 | $1,050 | 1890 |
| 8 | 09/16/22 | PMJ | Meeting with potential client Elizabeth Mirabelli regarding ████████████████. | 1.4 | $1,368 | 1915.2 |
| 9 | 09/16/22 | JMT | Attend initial client meeting. | 1.4 | $1,050 | 1470 |
| 10 | 09/17/22 | PMJ | E-mail correspondence with the Mirabellis regarding next steps. | 0.2 | $1,368 | 273.6 |
| 11 | 09/18/22 | CSL | Exchange e-mail correspondence regarding facts and legal issues. | 0.4 | $1,512 | 604.8 |
| 12 | 09/19/22 | JMT | Draft fee agreement. | 1.4 | $1,050 | 1470 |
| 13 | 09/19/22 | PMJ | Review and revise Mirabelli fee agreement. | 0.2 | $1,368 | 273.6 |
| 14 | 09/20/22 | PMJ | Multiple telephone calls and e-mail correspondence with clients and team regarding Mirabelli case. | 0.2 | $1,368 | 273.6 |
| 15 | 09/20/22 | PMJ | Multiple e-mail correspondence regarding Mirabelli clients and next steps. | 0.2 | $1,368 | 273.6 |
| 16 | 09/20/22 | PMJ | Review video of policy at EUSD. | 0.2 | $1,368 | 273.6 |
| 17 | 09/20/22 | PMJ | Telephone call with clients regarding case and next steps. | 0.2 | $1,368 | 273.6 |
| 18 | 09/20/22 | JMT | Review file and draft e-mail correspondence to Tom Brejcha summarizing evidence. | 1 | $1,050 | 1050 |
| 19 | 09/21/22 | PMJ | Telephone call with Attorney Grissom to discuss religious accommodation request. | 0.2 | $1,368 | 273.6 |
| 20 | 09/22/22 | PMJ | E-mail correspondence with client regarding ██████ ████████. | 0.2 | $1,368 | 273.6 |
| 21 | 09/22/22 | PMJ | Multiple e-mail correspondence with client regarding next steps. | 0.2 | $1,368 | 273.6 |
| 22 | 09/22/22 | JMT | Draft public records request to Escondido Union School Dsitrict. | 1 | $1,050 | 1050 |
| 23 | 09/22/22 | PMJ | Review and analyze draft public records request. | 0.2 | $1,368 | 273.6 |
| 24 | 09/22/22 | CSL | Review e-mail correspondence regarding ██████ ████████. | 0.2 | $1,512 | 302.4 |
| 25 | 09/23/22 | PMJ | E-mail correspondence with new potential plaintiff, Lori Ann West. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 26 | 09/26/22 | JMT | Telephone call with potential client Lori West. | 0.4 | $1,050 | 420 |
| 27 | 09/26/22 | PMJ | Telephone call with Lori West regarding ████████ ████████. | 0.4 | $1,368 | 547.2 |
| 28 | 09/26/22 | JMT | Draft fee agreement for Lori West. | 0.2 | $1,050 | 210 |
| 29 | 09/27/22 | PMJ | E-mail correspondence with client regarding ████ ████████. | 0.2 | $1,368 | 273.6 |
| 30 | 09/27/22 | PMJ | Review client e-mail correspondence regarding ████████████████████. | 0.2 | $1,368 | 273.6 |
| 31 | 09/27/22 | REW | Telephone call with Mr. Trissell regarding strategy for ████████████████. | 0.4 | $1,050 | 420 |
| 32 | 09/27/22 | JMT | Begin drafting religious accommodation request for both Elizabeth Mirabelli and Lori West. | 2.8 | $1,050 | 2940 |
| 33 | 09/27/22 | PMJ | Review and revise religious accommodation request letter. | 0.4 | $1,368 | 547.2 |
| 34 | 09/28/22 | REW | Review draft religious accommodation request for teachers seeking excuse from gender pronoun policy. | 0.2 | $1,050 | 210 |
| 35 | 09/28/22 | JMT | Edit religious accommodation request. | 0.8 | $1,050 | 840 |
| 36 | 09/29/22 | PMJ | Review e-mail correspondence to ████ regarding ████████████████. | 0.2 | $1,368 | 273.6 |
| 37 | 09/29/22 | REW | Prepare comments and analysis of strategy for ████ ████████████████. | 0.6 | $1,050 | 630 |
| 38 | 09/29/22 | PMJ | Telephone calls with client regarding ████████████ ████████. | 0.2 | $1,368 | 273.6 |
| 39 | 09/29/22 | PMJ | Assess edits to religious accommodation request. | 0.2 | $1,368 | 273.6 |
| 40 | 09/30/22 | PMJ | Review and respond to e-mail correspondence from client regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 41 | 09/30/22 | PMJ | Telephone call with client to discuss ████████████ ████████. | 0.2 | $1,368 | 273.6 |
| 42 | 09/30/22 | JMT | Edit request for religious accommodation and send to clients. | 0.4 | $1,050 | 420 |
| 43 | 09/30/22 | PMJ | Telephone with client regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 44 | 10/01/22 | PMJ | Telephone call with client to discuss ████████████ ████████. | 0.4 | $1,368 | 547.2 |
| 45 | 10/04/22 | JMT | Respond to client emails; Additional research regarding legal claims. | 1.2 | $1,050 | 1260 |
| 46 | 10/05/22 | JMT | Draft legal memorandum with research regarding legal claims. | 3 | $1,050 | 3150 |
| 47 | 10/05/22 | JMT | Review response to public records request; Forward same to client; E-mail correspondence to client seeking further information regarding ████████████████████ ██. | 0.2 | $1,050 | 210 |
| 48 | 10/06/22 | JMT | Participate in conference call with counsel handling similar ████████████████ case. | 1 | $1,050 | 1050 |
| 49 | 10/10/22 | PMJ | Review client's request for religious accommodation. | 0.2 | $1,368 | 273.6 |

3

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 50 | 10/10/22 | PMJ | E-mail correspondence with client regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 51 | 10/10/22 | JMT | Review draft religious accommodation request. | 0.2 | $1,050 | 210 |
| 52 | 10/10/22 | PMJ | Assess legal theories and discuss next steps. | 0.4 | $1,368 | 547.2 |
| 53 | 10/10/22 | JMT | Discuss strategy of case with Mr. Jonna. | 0.6 | $1,050 | 630 |
| 54 | 10/10/22 | JMT | Draft legal research memorandum regarding legal claims. | 2.8 | $1,050 | 2940 |
| 55 | 10/11/22 | PMJ | E-mail correspondence with client regarding ████ ███████████. | 0.2 | $1,368 | 273.6 |
| 56 | 10/11/22 | JMT | Review ███████████ opinion on ███████████. | 0.6 | $1,050 | 630 |
| 57 | 10/11/22 | PMJ | Review and analyze ███████████ and client e-mail correspondence regarding same. | 0.2 | $1,368 | 273.6 |
| 58 | 10/11/22 | JMT | Research on legal claims for memorandum. | 1.2 | $1,050 | 1260 |
| 59 | 10/12/22 | PMJ | Review final edits to client Mirabelli's accommodation request. | 0.2 | $1,368 | 273.6 |
| 60 | 10/12/22 | JMT | Research on legal claims for comprehensive memorandum. | 3 | $1,050 | 3150 |
| 61 | 10/12/22 | MDM | Confer with Mr. Trissell regarding ███████████ ███████████; Research this issue. | 1 | $1,278 | 1278 |
| 62 | 10/12/22 | JMT | Legal research and draft memorandum regarding legal claims. | 5.6 | $1,050 | 5880 |
| 63 | 10/13/22 | JMT | Legal research and work on memorandum regarding legal claims and case strategy. | 3.4 | $1,050 | 3570 |
| 64 | 10/13/22 | PMJ | Review and respond to client e-mail correspondence regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 65 | 10/13/22 | MDM | Continue research on ███████████ and confer with Mr. Trissell regarding same; Review memorandum by Mr. Trissell on legal issues in connection with claims. | 0.8 | $1,278 | 1022.4 |
| 66 | 10/18/22 | PMJ | Review legal memorandum regarding claims. | 0.2 | $1,368 | 273.6 |
| 67 | 10/19/22 | PMJ | Review and respond to client e-mail correspondence regarding next steps. | 0.2 | $1,368 | 273.6 |
| 68 | 10/19/22 | JMT | Discuss legal strategy and memorandum with Mr. Jonna; E-mail correspondence to ███████████ ███████████ for their review. | 0.4 | $1,050 | 420 |
| 69 | 10/19/22 | JMT | Review PRR documents produced by EUSD. | 2.2 | $1,050 | 2310 |
| 70 | 10/19/22 | MDM | Begin reviewing and evaluating research memorandum forwarded by Mr. Trissell. | 1 | $1,278 | 1278 |
| 71 | 10/21/22 | PMJ | Telephone call with Andrew Mirabelli regarding status updates and next steps in litigation. | 0.2 | $1,368 | 273.6 |
| 72 | 10/21/22 | JMT | Telephone call with Andrew Mirabelli regarding ████ ███████████. | 0.6 | $1,050 | 630 |
| 73 | 10/21/22 | PMJ | Review documents produced by EUSD and legal memorandum regarding strategy; E-mail correspondence to clients ███████████. | 0.4 | $1,368 | 547.2 |

4

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 74 | 10/21/22 | MDM | Begin reviewing public records request documents. | 0.4 | $1,278 | 511.2 |
| 75 | 10/24/22 | PMJ | Telephone call with client to discuss next steps regarding ▓▓▓▓; Telephone call with Norman Grissom regarding same. | 0.4 | $1,368 | 547.2 |
| 76 | 10/24/22 | JMT | Telephone call with client and Norman Grissom regarding next steps. | 0.4 | $1,050 | 420 |
| 77 | 10/25/22 | PMJ | Review response from EUSD to Lori West regarding accommodation request. | 0.2 | $1,368 | 273.6 |
| 78 | 10/25/22 | PMJ | Review client's follow-up request to EUSD regarding religious accommodation request. | 0.2 | $1,368 | 273.6 |
| 79 | 10/25/22 | NDG | Telephone call with client's husband and Paul Jonna regarding ▓▓▓▓. | 0.4 | $1,050 | 420 |
| 80 | 10/26/22 | MDM | Review and evaluate ▓▓▓▓ analysis of Mr. Trissell's memorandum and compare with original memorandum. | 0.6 | $1,278 | 766.8 |
| 81 | 10/26/22 | JMT | Receive and respond to lengthy e-mail correspondence from ▓▓▓▓ commenting on legal research memorandum. | 0.2 | $1,050 | 210 |
| 82 | 10/27/22 | PMJ | Multiple e-mail correspondence with client regarding ▓▓▓▓. | 0.4 | $1,368 | 547.2 |
| 83 | 10/27/22 | PMJ | Review e-mail correspondence from client regarding ▓▓▓▓. | 0.2 | $1,368 | 273.6 |
| 84 | 10/27/22 | PMJ | Review and respond to client e-mail correspondence regarding ▓▓▓▓. | 0.2 | $1,368 | 273.6 |
| 85 | 10/27/22 | NDG | Multiple Correspondence with client and all counsel regarding ▓▓▓▓. | 1 | $1,050 | 1050 |
| 86 | 10/28/22 | PMJ | Follow-up e-mail correspondence with client regarding next steps. | 0.2 | $1,368 | 273.6 |
| 87 | 10/28/22 | PMJ | E-mail correspondence with client regarding ▓▓▓▓. | 0.2 | $1,368 | 273.6 |
| 88 | 10/28/22 | PMJ | E-mail correspondence with client regarding ▓▓▓▓ and next steps. | 0.2 | $1,368 | 273.6 |
| 89 | 10/28/22 | PMJ | Conference call with client and co-counsel regarding ▓▓▓▓. | 0.4 | $1,368 | 547.2 |
| 90 | 10/28/22 | NDG | Telephone call with Lori West and Mr. Jonna regarding pending accommodation meeting with employer. | 0.3 | $1,050 | 315 |
| 91 | 10/28/22 | JMT | Telephone call with client Lori West about ▓▓▓▓. | 0.4 | $1,050 | 420 |
| 92 | 10/30/22 | PMJ | E-mail correspondence with team regarding next steps. | 0.2 | $1,368 | 273.6 |
| 93 | 10/31/22 | NDG | Review documents sent by client in preparation for accommodation meeting: California Education Codes and various School Policies and promotional materials; correspondence with all regarding same. | 0.7 | $1,050 | 735 |

5

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 94 | 11/01/22 | PMJ | E-mail correspondence with clients regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 95 | 11/02/22 | PMJ | Telephone call with Norman Grissom to discuss accommodation meeting. | 0.2 | $1,368 | 273.6 |
| 96 | 11/02/22 | PMJ | Review e-mail correspondence from Norman Grissom to clients regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 97 | 11/02/22 | PMJ | Multiple e-mail correspondence with clients regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 98 | 11/02/22 | NDG | Review and respond to emails from clients and counsel regarding upcoming accommodation meeting with school officials and scope of issues to be addressed. | 0.8 | $1,050 | 840 |
| 99 | 11/03/22 | PMJ | Telephone call with Andrew Mirabelli to discuss ██████████ and next steps. | 0.2 | $1,368 | 273.6 |
| 100 | 11/04/22 | KD | Schedule Zoom meeting with clients and Norman Grissom regarding ██████████; E-mail correspondence regarding same. | 0.4 | $240 | 96 |
| 101 | 11/10/22 | JMT | Zoom meeting with client ██████████. | 1.6 | $1,050 | 1680 |
| 102 | 11/10/22 | PMJ | Conference call with clients and Attorney Grissom to ██████████. | 1.6 | $1,368 | 2188.8 |
| 103 | 11/10/22 | NDG | Telephone conference with potential plaintiffs and LiMandri & Jonna LLP regarding ██████████. | 1.5 | $1,050 | 1575 |
| 104 | 11/14/22 | NDG | Prepare for meeting with Escondido school officials and clients regarding interactive process for requests for religious exemptions; review case file and correspondence with clients and counsel. | 1.4 | $1,050 | 1470 |
| 105 | 11/15/22 | NDG | Attend two (2) religious exemption accommodation meetings with clients and school officials (including travel). | 6 | $1,050 | 6300 |
| 106 | 11/16/22 | PMJ | Review detailed summary of ██████████ from client. | 0.2 | $1,368 | 273.6 |
| 107 | 11/16/22 | CSL | Exchange e-mail correspondence with client regarding ██████████. | 0.4 | $1,512 | 604.8 |
| 108 | 11/16/22 | NDG | Correspondence with client and all counsel regarding ██████████. | 0.5 | $1,050 | 525 |
| 109 | 11/16/22 | NDG | Correspondence with clients and counsel; review Mirabelli's summary of meeting. | 0.3 | $1,050 | 315 |
| 110 | 11/17/22 | PMJ | E-mail correspondence with clients regarding ██████████ and next steps. | 0.2 | $1,368 | 273.6 |
| 111 | 11/17/22 | PMJ | Multiple e-mail correspondence regarding next steps. | 0.2 | $1,368 | 273.6 |
| 112 | 11/17/22 | PMJ | Review update of ██████████ from Lori. | 0.2 | $1,368 | 273.6 |

6

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 113 | 11/17/22 | NDG | Correspondence with clients and all counsel regarding ██████████████████████████████. | 0.5 | $1,050 | 525 |
| 114 | 11/18/22 | PMJ | Review and respond to client e-mail correspondence regarding next steps. | 0.2 | $1,368 | 273.6 |
| 115 | 11/18/22 | PMJ | Review documents given to clients from EUSD. | 0.2 | $1,368 | 273.6 |
| 116 | 11/18/22 | PMJ | Review and respond to client e-mail correspondence regarding lawsuit and next steps. | 0.2 | $1,368 | 273.6 |
| 117 | 11/18/22 | CSL | Multiple emails regarding School District's failure to accommodate religious liberty request; Telephone conference with Mr. Jonna regarding same. | 0.8 | $1,512 | 1209.6 |
| 118 | 11/18/22 | NDG | Read, review and respond to emails from clients and co counsel regarding ███████████████. | 0.5 | $1,050 | 525 |
| 119 | 11/21/22 | PMJ | Review summary of accommodation meeting from Norman Grissom. | 0.2 | $1,368 | 273.6 |
| 120 | 11/21/22 | NDG | Draft summary of EUSD interactive meetings. | 0.6 | $1,050 | 630 |
| 121 | 11/29/22 | PMJ | Review e-mail correspondence to School District regarding follow-up and next steps. | 0.2 | $1,368 | 273.6 |
| 122 | 11/29/22 | NDG | Review emails from clients, send e-mail to Mr. Shinoff regarding Dr. Dupree's summary of proceedings. | 0.4 | $1,050 | 420 |
| 123 | 12/06/22 | PMJ | E-mail correspondence with clients and team regarding next steps. | 0.2 | $1,368 | 273.6 |
| 124 | 12/06/22 | PMJ | Review and respond to client e-mail correspondence regarding update on next steps. | 0.2 | $1,368 | 273.6 |
| 125 | 12/06/22 | NDG | Review and respond to emails from clients and counsel regarding School Board's lack of response and/or Dr. Dupree's mediator's recommendations/decision. | 0.3 | $1,050 | 315 |
| 126 | 12/12/22 | PMJ | Review e-mail correspondence with █████████ from clients. | 0.2 | $1,368 | 273.6 |
| 127 | 12/13/22 | PMJ | E-mail correspondence with clients regarding ████████ ██████████████████. | 0.2 | $1,368 | 273.6 |
| 128 | 12/13/22 | JMT | Review and respond to emails from clients regarding ██████████████████. | 0.2 | $1,050 | 210 |
| 129 | 12/13/22 | CSL | E-mail correspondence regarding status of ██████████ School District policies. | 0.4 | $1,512 | 604.8 |
| 130 | 12/14/22 | JMT | Amend research memorandum on case. | 5 | $1,050 | 5250 |
| 131 | 12/21/22 | PMJ | Review and respond to client e-mail correspondence regarding next steps and ███████████. | 0.2 | $1,368 | 273.6 |
| 132 | 12/21/22 | JMT | Conference call with clients regarding next steps. | 0.8 | $1,050 | 840 |
| 133 | 12/21/22 | PMJ | Telephone call with clients to discuss litigation and next steps. | 0.8 | $1,368 | 1094.4 |
| 134 | 12/21/22 | CSL | Review e-mail correspondence regarding matter status; Telephone conference with Mr. Jonna regarding strategy. | 0.4 | $1,512 | 604.8 |
| 135 | 12/21/22 | NDG | Review and respond to emails from clients and counsel. | 0.4 | $1,050 | 420 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 136 | 12/21/22 | NDG | Correspondence with School Board attorney Mr. Shinoff regarding lack of response to clients and status of Dupree's memo/recommendations; cc to all counsel. | 0.4 | $1,050 | 420 |
| 137 | 12/22/22 | PMJ | Review follow-up e-mail correspondence to School District. | 0.2 | $1,368 | 273.6 |
| 138 | 12/22/22 | NDG | Telephone conference with clients and counsel regarding School Board's failure to issue a ruling. | 0.7 | $1,050 | 735 |
| 139 | 12/27/22 | NDG | Follow-up email to Daniel Shinoff regarding lack of response to clients request for accommodation and status of Dr. Dupree's memo/recommendations. | 0.3 | $1,050 | 315 |
| 140 | 01/09/23 | NDG | Correspondence with clients and co-counsel regarding ███████████████████████. | 0.3 | $1,050 | 315 |
| 141 | 01/10/23 | PMJ | Review and respond to status update on case from Attorney Grissom. | 0.2 | $1,368 | 273.6 |
| 142 | 01/14/23 | PMJ | Zoom call with client regarding ███████████ ████████████ and next steps. | 1.2 | $1,368 | 1641.6 |
| 143 | 01/14/23 | JMT | Zoom call with client regarding ███████████ ████████████ and next steps. | 1.2 | $1,050 | 1260 |
| 144 | 01/15/23 | NDG | Review San Dieguito School district policy on Non Discrimination / Harassment and Los Angeles School District School memorandum on Gender Identity and Students sent by clients. | 0.4 | $1,050 | 420 |
| 145 | 01/17/23 | PMJ | Review and revise follow up e-mail correspondence regarding accommodation request; Review ██████ ████████. | 0.6 | $1,368 | 820.8 |
| 146 | 01/17/23 | PMJ | Discuss case strategy and next steps. | 0.2 | $1,368 | 273.6 |
| 147 | 01/17/23 | NDG | Review and respond to emails from clients and co-counsel regarding response to new directive from the school board. | 0.4 | $1,050 | 420 |
| 148 | 01/18/23 | PMJ | Review e-mail correspondence from client regarding ████████████████████████████. | 0.2 | $1,368 | 273.6 |
| 149 | 01/19/23 | NDG | Review Dr. Dupree's report; legal research regarding same. | 0.8 | $1,050 | 840 |
| 150 | 01/19/23 | NDG | Telephone call with Mr. Mirabelli regarding unemployment insurance and case status. | 0.5 | $1,050 | 525 |
| 151 | 01/20/23 | JMT | Begin drafting motion for a preliminary injunction. | 2.4 | $1,050 | 2520 |
| 152 | 01/20/23 | MLB | Review case file; Discuss facts with Mr. Jonna; Review multiple e-mail correspondence and documents received from Mr. Jonna; Review client-provided documents; Begin drafting outline for statement of facts. | 7.2 | $840 | 6048 |
| 153 | 01/22/23 | PMJ | Review and analyze summary from EUSD regarding religious accommodation request. | 0.2 | $1,368 | 273.6 |
| 154 | 01/23/23 | PMJ | Assess next steps. | 0.2 | $1,368 | 273.6 |
| 155 | 01/23/23 | JMT | Continue drafting preliminary injunction papers. | 3.8 | $1,050 | 3990 |

8

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 156 | 01/23/23 | JMT | Telephone conference with clients regarding next steps. | 1.2 | $1,050 | 1260 |
| 157 | 01/23/23 | PMJ | Telephone call with clients to discuss ███████ ███ and next steps regarding same. | 1.2 | $1,368 | 1641.6 |
| 158 | 01/23/23 | MLB | Zoom meeting with Mr. Jonna, Mr. Trissell, and clients regarding ████████; E-mail correspondence regarding same. | 0.8 | $840 | 672 |
| 159 | 01/23/23 | MLB | Begin drafting complaint and initial draft statement of facts based on review of case file. | 9.2 | $840 | 7728 |
| 160 | 01/23/23 | NDG | Correspondence with co-counsel regarding Mr. Shinoff's suggestion for an additional meeting. | 0.7 | $1,050 | 735 |
| 161 | 01/23/23 | NDG | Telephone call with clients and co-counsel regarding case status, interactive meeting process, and new meeting with Board attorney. | 1.1 | $1,050 | 1155 |
| 162 | 01/24/23 | JMT | Continue drafting preliminary injunction papers. | 2.2 | $1,050 | 2310 |
| 163 | 01/24/23 | MLB | Continue working on complaint; Review TIPM reports and add facts to statement of facts; Legal research on ████████. | 10.8 | $840 | 9072 |
| 164 | 01/24/23 | NDG | Correspondence with Mr. Shinoff regarding additional meeting with clients and counsel. | 0.4 | $1,050 | 420 |
| 165 | 01/25/23 | JMT | Continue working on preliminary injunction papers. | 3.2 | $1,050 | 3360 |
| 166 | 01/25/23 | MLB | Continue working on complaint; Review client timeline of events; Review emails from EUSD counselors regarding students with pronoun requests. | 9.6 | $840 | 8064 |
| 167 | 01/26/23 | JMT | Continue drafting preliminary injunction papers. | 2.4 | $1,050 | 2520 |
| 168 | 01/26/23 | PMJ | Review IPM summary regarding Lori West. | 0.2 | $1,368 | 273.6 |
| 169 | 01/26/23 | MLB | Continue working on complaint; Review Rights of Gender Diverse Students Powerpoint presentation; Review video and transcript; Integrate facts as necessary. | 9.8 | $840 | 8232 |
| 170 | 01/26/23 | NDG | Review Lori West's IPM Summary report from Dr. Dupree. | 0.4 | $1,050 | 420 |
| 171 | 01/27/23 | JMT | Continue working on preliminary injunction papers. | 2 | $1,050 | 2100 |
| 172 | 01/27/23 | PMJ | Telephone call with client to discuss status and next steps. | 0.2 | $1,368 | 273.6 |
| 173 | 01/27/23 | MLB | Continue working on complaint; Legal research on ████████████. | 9.2 | $840 | 7728 |
| 174 | 01/30/23 | PMJ | Assess update with EUSD. | 0.2 | $1,368 | 273.6 |
| 175 | 01/30/23 | MLB | Compile draft exhibits to complaint; Revise complaint based on conversation with Mr. Trissell; Legal research on ████████████. | 7.8 | $840 | 6552 |
| 176 | 01/30/23 | NDG | Correspondence with clients and counsel regarding new meeting, date and time for continuation of interactive process and who will be attending. | 0.5 | $1,050 | 525 |
| 177 | 01/31/23 | JMT | Continue working on motion for preliminary injunction. | 4.6 | $1,050 | 4830 |
| 178 | 02/01/23 | PMJ | Review e-mail correspondence from Mr. Trissell regarding case status. | 0.2 | $1,368 | 273.6 |

9

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 179 | 02/01/23 | JMT | Work on preliminary injunction papers. | 6.4 | $1,050 | 6720 |
| 180 | 02/01/23 | CSL | E-mail correspondence from client regarding ███ ███ ; Conference with Mr. Trissell regarding potential preliminary injunction. | 0.4 | $1,512 | 604.8 |
| 181 | 02/01/23 | NDG | Review emails and documents from ███ regarding documentary evidence for case. | 0.6 | $1,050 | 630 |
| 182 | 02/02/23 | JMT | Continue working on preliminary injunction papers. | 5.4 | $1,050 | 5670 |
| 183 | 02/02/23 | PMJ | Review and revise follow-up e-mail correspondence regarding public records act request. | 0.2 | $1,368 | 273.6 |
| 184 | 02/02/23 | JMT | Review draft complaint. | 0.6 | $1,050 | 630 |
| 185 | 02/02/23 | NDG | Review California Public Records Act Request to School Board and related emails. | 0.6 | $1,050 | 630 |
| 186 | 02/03/23 | PMJ | Assess complaint and exhibits. | 0.2 | $1,368 | 273.6 |
| 187 | 02/03/23 | JMT | Conferences with Mr. Jonna and Mr. Brandon regarding strategy for complaint and preliminary injunction papers; Review various complaints for Mr. Brandon to review. | 1.2 | $1,050 | 1260 |
| 188 | 02/03/23 | MLB | Begin revisions to draft complaint based on comments from Mr. Trissell; Review ███ ███ . | 8.2 | $840 | 6888 |
| 189 | 02/04/23 | PMJ | Review congressional testimony on gender ideology in schools. | 0.2 | $1,368 | 273.6 |
| 190 | 02/04/23 | NDG | Review emails from clients regarding teacher "RP", case facts, and evidence. | 0.4 | $1,050 | 420 |
| 191 | 02/06/23 | PMJ | Assess next steps. | 0.2 | $1,368 | 273.6 |
| 192 | 02/06/23 | MDM | Confer with Mr. Trissell regarding ███ ███ ; Preliminary research of ███ ███ Forward results of initial research to Mr. Trissell. | 0.4 | $1,278 | 511.2 |
| 193 | 02/06/23 | PMJ | Assess parties to name in complaint. | 0.2 | $1,368 | 273.6 |
| 194 | 02/06/23 | JMT | Perform research for complaint. | 5.4 | $1,050 | 5670 |
| 195 | 02/06/23 | MLB | Continue revisions to draft complaint; Incorporate new ███ ; expansions and revisions to statement of facts. | 8.8 | $840 | 7392 |
| 196 | 02/07/23 | JMT | Further research on necessary joinder of California Department of Education under FRCP 19. | 0.8 | $1,050 | 840 |
| 197 | 02/07/23 | JMT | Edits to complaint. | 3 | $1,050 | 3150 |
| 198 | 02/07/23 | JMT | Continue working on complaint. | 1.8 | $1,050 | 1890 |
| 199 | 02/07/23 | MLB | Complete revisions to draft complaint; Prepare exhibits for same; Exchange e-mail correspondence with Mr. Trissell regarding same. | 6.4 | $840 | 5376 |
| 200 | 02/08/23 | JMT | Continue editing complaint. | 6.2 | $1,050 | 6510 |

10

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|-----|------|-------|-------------|-----|------|------|
| 201 | 02/08/23 | REW | Analyze issues regarding ███████████ ████ and send e-mail correspondence to Mr. Trissell regarding same. | 0.4 | $1,050 | 420 |
| 202 | 02/08/23 | NDG | Review emails from clients regarding case facts to include in the draft civil complaint. | 0.3 | $1,050 | 315 |
| 203 | 02/09/23 | PMJ | Review e-mail correspondence with clients regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 204 | 02/09/23 | JMT | Additional revisions to the complaint. | 5.2 | $1,050 | 5460 |
| 205 | 02/09/23 | KD | Draft civil cover sheet; Prepare list of attorneys for plaintiffs and a list of defendants to attach to same. | 0.6 | $240 | 144 |
| 206 | 02/09/23 | KD | Draft summons; Prepare list of defendants to attach to same. | 0.4 | $240 | 96 |
| 207 | 02/14/23 | JMT | Continue working on complaint. | 2.4 | $1,050 | 2520 |
| 208 | 02/15/23 | JMT | Conference with clients ███████████ ████. | 0.6 | $1,050 | 630 |
| 209 | 02/15/23 | JMT | Review letter responding to PRR request; Forward same to client. | 0.2 | $1,050 | 210 |
| 210 | 02/15/23 | NDG | Conference call with clients and counsel concerning █████████████████; review emails and client letter regarding ███████████. | 1.8 | $1,050 | 1890 |
| 211 | 02/16/23 | NDG | Appear at two (2) Escondido School Board meetings for Mrs. West and Mrs. Mirabelli to receive and discuss religious accommodations granted to clients by school administration (including travel). | 4.4 | $1,050 | 4620 |
| 212 | 02/17/23 | PMJ | Review news coverage regarding similar California case in Los Angeles County. | 0.2 | $1,368 | 273.6 |
| 213 | 02/21/23 | PMJ | Telephone call with Attorney Grissom to discuss latest updates and accommodation from EUSD. | 0.6 | $1,368 | 820.8 |
| 214 | 02/21/23 | JMT | Conference call with Attorney Grissom and Mr. Jonna regarding religious accommodation meeting and next steps. | 0.6 | $1,050 | 630 |
| 215 | 02/21/23 | JMT | Telephone call with ███████ regarding strategy and next steps. | 0.6 | $1,050 | 630 |
| 216 | 02/21/23 | PMJ | Assess next steps with EUSD; Telephone call with ██ regarding same. | 0.6 | $1,368 | 820.8 |
| 217 | 02/21/23 | JMT | Draft response letter to Attorney Shinoff. | 2.8 | $1,050 | 2940 |
| 218 | 02/21/23 | PMJ | Review draft response letter to Attorney Shinoff. | 0.4 | $1,368 | 547.2 |
| 219 | 02/21/23 | PMJ | Conference call with clients to discuss litigation and next steps. | 0.8 | $1,368 | 1094.4 |
| 220 | 02/21/23 | JMT | Conference call with clients regarding next steps. | 0.8 | $1,050 | 840 |
| 221 | 02/21/23 | CSL | Review and analysis of memorandum on parental rights; Conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 222 | 02/21/23 | NDG | Correspondence with clients and counsel regarding EUSD's meeting and granted accommodation. | 0.4 | $1,050 | 420 |

11

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|-----|------|-------|-------------|-----|------|------|
| 223 | 02/22/23 | PMJ | Review and revise response letter to Attorney Shinoff. | 0.2 | $1,368 | 273.6 |
| 224 | 02/22/23 | PMJ | Review and respond to client e-mail correspondence regarding litigation strategy and next steps. | 0.2 | $1,368 | 273.6 |
| 225 | 02/22/23 | JMT | Review Mr. Jonna's edits to draft letter to EUSD; Review client emails and respond to same. | 0.4 | $1,050 | 420 |
| 226 | 02/22/23 | PMJ | Assess next steps regarding accommodation and litigation. | 0.2 | $1,368 | 273.6 |
| 227 | 02/22/23 | JMT | Discuss case developments with Mr. Jonna and Mr. Breen. | 0.2 | $1,050 | 210 |
| 228 | 02/22/23 | PCB | Conference call regarding case developments. | 0.2 | $1,368 | 273.6 |
| 229 | 02/22/23 | NDG | Conference call with clients and counsel regarding EUSD's granted accommodation, litigation and path forward. | 0.7 | $1,050 | 735 |
| 230 | 02/23/23 | JMM | Review and edit draft motion for a preliminary injunction. | 2 | $1,368 | 2736 |
| 231 | 02/23/23 | JMT | Review Joan Mannix's edits to preliminary injunction papers. | 1.4 | $1,050 | 1470 |
| 232 | 02/23/23 | PMJ | E-mail correspondence with client regarding ▮▮▮▮ ▮▮▮▮ and next steps. | 0.2 | $1,368 | 273.6 |
| 233 | 02/24/23 | PMJ | E-mail correspondence with client regarding next steps. | 0.2 | $1,368 | 273.6 |
| 234 | 02/24/23 | JMM | Review and edit draft complaint. | 2 | $1,368 | 2736 |
| 235 | 02/27/23 | PMJ | Review and analyze letter to EUSD regarding privacy policy. | 0.2 | $1,368 | 273.6 |
| 236 | 02/27/23 | PMJ | Review updated draft letter to EUSD regarding privacy policy. | 0.2 | $1,368 | 273.6 |
| 237 | 02/27/23 | JMT | Review and revise letter to EUSD. | 0.4 | $1,050 | 420 |
| 238 | 02/27/23 | NDG | Review all drafts of Shinoff letter and comments from clients. | 0.8 | $1,050 | 840 |
| 239 | 02/28/23 | NDG | Revise draft of Shinoff Mirabelli letter. | 0.8 | $1,050 | 840 |
| 240 | 03/01/23 | JMT | Review and revise draft letter from Attorney Grissom to EUSD with questions. | 0.2 | $1,050 | 210 |
| 241 | 03/01/23 | NDG | Review and revise letter to School Board incorporating all suggested edits. | 0.8 | $1,050 | 840 |
| 242 | 03/02/23 | NDG | Correspondence with client and counsel regarding communications to School Board and application of PTO hours for missed time after interactive meeting. | 0.4 | $1,050 | 420 |
| 243 | 03/03/23 | JMT | Review and respond to e-mail correspondence from clients regarding ▮▮▮▮▮▮. | 0.2 | $1,050 | 210 |
| 244 | 03/04/23 | PMJ | Review e-mail correspondence from clients regarding status and next steps. | 0.2 | $1,368 | 273.6 |
| 245 | 03/06/23 | JMT | E-mail correspondence to clients explaining ▮▮▮▮ ▮▮▮▮▮▮▮▮ | 0.4 | $1,050 | 420 |
| 246 | 03/06/23 | PMJ | Review e-mail correspondence from team regarding ▮▮▮▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |

12

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 247 | 03/06/23 | NDG | Review legal arguments and cases regarding violation of Title VII drafted by LiMandri & Jonna LLP. | 1.8 | $1,050 | 1890 |
| 248 | 03/09/23 | PMJ | Review and respond to client e-mail correspondence regarding ███████ and next steps. | 0.2 | $1,368 | 273.6 |
| 249 | 03/09/23 | JMT | Respond to various emails from clients seeking status update. | 0.4 | $1,050 | 420 |
| 250 | 03/09/23 | PMJ | Multiple e-mail correspondence with client. | 0.2 | $1,368 | 273.6 |
| 251 | 03/09/23 | NDG | Correspondence with client and counsel regarding ████ ████████████████████████████ | 1.2 | $1,050 | 1260 |
| 252 | 03/10/23 | PMJ | Review and respond to client e-mail correspondence regarding litigation and next steps. | 0.2 | $1,368 | 273.6 |
| 253 | 03/14/23 | NDG | Correspondence with clients and counsel regarding legal arguments and case developments. | 0.6 | $1,050 | 630 |
| 254 | 03/14/23 | NDG | Review Mr. Shinoff's response to clients questions about how to apply exemption; correspondence with all regarding same. | 1.3 | $1,050 | 1365 |
| 255 | 03/15/23 | JMT | Review letter from EUSD regarding Title VII accommodation; E-mail correspondence to clients regarding ████. | 0.2 | $1,050 | 210 |
| 256 | 03/16/23 | PMJ | Review letter from School District regarding accommodation. | 0.2 | $1,368 | 273.6 |
| 257 | 03/19/23 | PMJ | E-mail correspondence with clients regarding ██████ ████████. | 0.2 | $1,368 | 273.6 |
| 258 | 03/20/23 | PMJ | Review client update regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 259 | 03/20/23 | NDG | Review ██████████ from client; respond accordingly. | 0.4 | $1,050 | 420 |
| 260 | 03/21/23 | JMT | Telephone call with Andrew Mirabelli with status update. | 0.4 | $1,050 | 420 |
| 261 | 03/21/23 | PMJ | Telephone call with Andrew Mirabelli regarding case status and next steps. | 0.4 | $1,368 | 547.2 |
| 262 | 03/22/23 | JMT | Update complaint in light of EUSD's latest letter responding to our specific questions. | 6.2 | $1,050 | 6510 |
| 263 | 03/23/23 | JMT | Continue revising complaint. | 4 | $1,050 | 4200 |
| 264 | 03/24/23 | JMT | Continue revising complaint. | 3 | $1,050 | 3150 |
| 265 | 03/24/23 | JMT | Update preliminary injunction papers. | 0.6 | $1,050 | 630 |
| 266 | 03/24/23 | CSL | Review e-mail correspondence regarding ██████████ ████████████. | 0.4 | $1,512 | 604.8 |
| 267 | 03/27/23 | PMJ | Review and respond to client e-mail correspondence regarding ████████████████ and next steps. | 0.2 | $1,368 | 273.6 |
| 268 | 03/27/23 | JMT | Revise preliminary injunction memorandum. | 3.4 | $1,050 | 3570 |
| 269 | 03/27/23 | JMT | Respond to client's e-mail correspondence regarding status of case. | 0.2 | $1,050 | 210 |
| 270 | 03/27/23 | CSL | E-mail correspondence regarding filing of complaint. | 0.4 | $1,512 | 604.8 |
| 271 | 03/28/23 | PMJ | Review and revise draft complaint. | 1 | $1,368 | 1368 |
| 272 | 03/28/23 | PMJ | Discuss edits to complaint with Mr. Trissell. | 0.2 | $1,368 | 273.6 |

13

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 273 | 03/28/23 | JMT | Conference with Mr. Jonna regarding complaint; E-mail correspondence to Attorney Grissom regarding same and potential of ████████████ . | 0.2 | $1,050 | 210 |
| 274 | 03/28/23 | PMJ | Assess ████████████████████ ; Telephone call with Attorney Grissom to discuss same. | 0.2 | $1,368 | 273.6 |
| 275 | 03/28/23 | PMJ | Review and revise complaint. | 1.4 | $1,368 | 1915.2 |
| 276 | 03/28/23 | JMT | Conference with Mr. Jonna regarding revised complaint. | 0.4 | $1,050 | 420 |
| 277 | 03/28/23 | NDG | Review final draft of Complaint and Motion for Preliminary Injunction. | 2 | $1,050 | 2100 |
| 278 | 03/28/23 | NDG | Correspondence with LiMandri & Jonna LLP regarding final causes of action and allegations. | 0.4 | $1,050 | 420 |
| 279 | 03/29/23 | PMJ | Review and revise memorandum or points and authorities regarding preliminary injunction. | 0.8 | $1,368 | 1094.4 |
| 280 | 03/29/23 | JMT | Conference with Mr. Jonna and ████████████ regarding legal strategy. | 0.6 | $1,050 | 630 |
| 281 | 03/29/23 | JMT | Update complaint with Mr. Jonna's proposed edits. | 2.2 | $1,050 | 2310 |
| 282 | 03/29/23 | PMJ | Review and revise preliminary injunction motion. | 0.4 | $1,368 | 547.2 |
| 283 | 03/29/23 | PMJ | Telephone call with ███ regarding preliminary injunction motion. | 0.6 | $1,368 | 820.8 |
| 284 | 03/29/23 | JMT | Additional revisions to complaint. | 2.2 | $1,050 | 2310 |
| 285 | 03/30/23 | PMJ | Review and revise complaint; Review recent legal authority. | 0.4 | $1,368 | 547.2 |
| 286 | 03/30/23 | PMJ | Assess complaint and motion for preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 287 | 03/30/23 | JMT | Revise complaint; Review expert declarations and amicus briefs from similar cases; Review briefing in similar cases in California; Review Board policies. | 7.4 | $1,050 | 7770 |
| 288 | 03/30/23 | JMT | Listen to Eighth Circuit Court of Appeal oral argument in Parents Defending Education v. Linn-Marr Community School District. | 0.8 | $1,050 | 840 |
| 289 | 03/30/23 | JMT | Additional research regarding parental rights for complaint. | 1 | $1,050 | 1050 |
| 290 | 03/30/23 | NDG | Correspondence with clients and counsel regarding final draft of pleadings. | 0.4 | $1,050 | 420 |
| 291 | 03/31/23 | PMJ | Review multiple e-mail correspondence with clients regarding next steps. | 0.2 | $1,368 | 273.6 |
| 292 | 03/31/23 | JMT | Further research on parental rights; Update complaint. | 0.8 | $1,050 | 840 |
| 293 | 03/31/23 | JMT | Update complaint further. | 0.4 | $1,050 | 420 |
| 294 | 04/03/23 | JMT | Listen to oral argument in Parents Defending Education v. Linn Marr Community School District. | 0.8 | $1,050 | 840 |
| 295 | 04/03/23 | JMT | Listen to oral argument in John Doe Parents v. Montgomery County School District. | 1.2 | $1,050 | 1260 |
| 296 | 04/03/23 | JMT | Review new Ninth Circuit case Bolden-Hardge v. California State Controller. | 0.4 | $1,050 | 420 |

14

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 297 | 04/10/23 | JMT | Listen to ██████████████████████████. | 1 | $1,050 | 1050 |
| 298 | 04/10/23 | JMT | Review Kluge  Seventh Circuit opinion. | 1.6 | $1,050 | 1680 |
| 299 | 04/10/23 | JMT | Review and update complaint. | 2.6 | $1,050 | 2730 |
| 300 | 04/10/23 | PMJ | Discuss case status and next steps. | 0.2 | $1,368 | 273.6 |
| 301 | 04/11/23 | PMJ | Review disciplinary letter from witness in regard to transgender policy. | 0.2 | $1,368 | 273.6 |
| 302 | 04/11/23 | JMT | Telephone call with potential expert Dr. Erica Anderson. | 0.6 | $1,050 | 630 |
| 303 | 04/11/23 | JMT | Additional revisions to the complaint. | 2 | $1,050 | 2100 |
| 304 | 04/11/23 | JMT | Listen to second ██████████████████. | 0.6 | $1,050 | 630 |
| 305 | 04/11/23 | JMT | Review expert report of ███████████████████████████████████ | 1 | $1,050 | 1050 |
| 306 | 04/11/23 | PMJ | Assess further edits to complaint and next steps. | 0.4 | $1,368 | 547.2 |
| 307 | 04/11/23 | JMT | Telephone call with Mr. Jonna regarding Dr. Anderson; Further research regarding same; Multiple conferences regarding same. | 1.4 | $1,050 | 1470 |
| 308 | 04/11/23 | REW | Strategy discussions with Mr. Jonna and Mr. Trissell regarding retaining expert Erica Anderson; Joint telephone call with Dr. Anderson regarding same. | 0.4 | $1,050 | 420 |
| 309 | 04/11/23 | REW | Analyze strategy regarding ██████████████ ████████. | 0.2 | $1,050 | 210 |
| 310 | 04/11/23 | PMJ | Interview experts and assess edits to complaint. | 1 | $1,368 | 1368 |
| 311 | 04/11/23 | PMJ | Assess claims and next steps. | 0.2 | $1,368 | 273.6 |
| 312 | 04/11/23 | PMJ | Telephone call with client to discuss complaint and next steps. | 0.4 | $1,368 | 547.2 |
| 313 | 04/11/23 | JMT | Conference with Mrs. Mirabelli  regarding ███████ ██████████. | 0.6 | $1,050 | 630 |
| 314 | 04/11/23 | CSL | Conference with Mr. Jonna regarding case strategy. | 0.4 | $1,512 | 604.8 |
| 315 | 04/11/23 | NDG | Review Federal Complaint drafted by Jeff Trissell and suggested edits by clients; review most recent national cases on this subject. | 3.7 | $1,050 | 3885 |
| 316 | 04/12/23 | PMJ | Assess framing of arguments and legal theories in complaint. | 0.2 | $1,368 | 273.6 |
| 317 | 04/12/23 | JMM | Assess framing of arguments and legal theories in complaint. | 0.2 | $1,368 | 273.6 |
| 318 | | MGM | Assess framing of arguments and legal theories in complaint. | 0.2 | $1,050 | 210 |
| 319 | 04/12/23 | JMT | Update complaint to █████████████████████ ████. | 7.2 | $1,050 | 7560 |
| 320 | 04/12/23 | PMJ | Assess legal theories and next steps. | 0.2 | $1,368 | 273.6 |
| 321 | 04/12/23 | PMJ | Review updated complaint. | 0.2 | $1,368 | 273.6 |
| 322 | 04/12/23 | CSL | E-mail correspondence regarding revisions to complaint. | 0.4 | $1,512 | 604.8 |
| 323 | 04/13/23 | PMJ | Listen to oral argument in Parents Defending Education v. Linn-Mar Community School District  and John & Jane Parents 1 v. Montgomery County Board of Education | 1.4 | $1,368 | 1915.2 |

15

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 324 | 04/13/23 | PMJ | Legal analysis regarding ███████. | 0.2 | $1,368 | 273.6 |
| 325 | 04/13/23 | JMT | Revise complaint per Mr. Jonna and client's comments. | 0.8 | $1,050 | 840 |
| 326 | 04/13/23 | JMT | Multiple emails regarding retaining experts. | 0.4 | $1,050 | 420 |
| 327 | 04/13/23 | PMJ | Legal analysis regarding ███████. | 0.2 | $1,368 | 273.6 |
| 328 | 04/13/23 | JMT | Edits to Dr. Anderson's declaration. | 0.6 | $1,050 | 630 |
| 329 | 04/13/23 | PMJ | Review e-mail correspondence regarding ███████ ███████. | 0.2 | $1,368 | 273.6 |
| 330 | 04/13/23 | JMT | Work on preliminary injunction motion; Gather key cases for binder; Further research on 14th amendment parental rights. | 4 | $1,050 | 4200 |
| 331 | | JMM | Respond to email about messaging for case and phrase "Parental Exclusion Policy." | 0.2 | $1,368 | 273.6 |
| 332 | 04/14/23 | JMT | Additional updates to preliminary injunction papers. | 4 | $1,050 | 4200 |
| 333 | 04/15/23 | JMT | Interview of potential expert ███████. | 0.6 | $1,050 | 630 |
| 334 | 04/17/23 | PMJ | Telephone call with client regarding status and next steps. | 0.2 | $1,368 | 273.6 |
| 335 | 04/18/23 | JMT | Edits to preliminary injunction motion. | 2 | $1,050 | 2100 |
| 336 | 04/18/23 | PMJ | Telephone call with client regarding status and next steps. | 0.2 | $1,368 | 273.6 |
| 337 | 04/18/23 | PMJ | Review and revise preliminary injunction papers. | 0.4 | $1,368 | 547.2 |
| 338 | 04/18/23 | NDG | Review Plaintiff's Motion for Preliminary Injunction. | 1 | $1,050 | 1050 |
| 339 | 04/19/23 | PMJ | E-mail correspondence with client regarding ███████ ███████ and next steps. | 0.2 | $1,368 | 273.6 |
| 340 | 04/19/23 | JMT | Prepare for client meeting. | 0.4 | $1,050 | 420 |
| 341 | 04/19/23 | PMJ | Assess case status and next steps. | 0.2 | $1,368 | 273.6 |
| 342 | 04/19/23 | JMT | Conference with Mr. Jonna to prepare for client meeting. | 0.4 | $1,050 | 420 |
| 343 | 04/19/23 | JMT | Respond to emails from client with questions regarding next steps; Minor edits to preliminary injunction papers. | 0.8 | $1,050 | 840 |
| 344 | 04/19/23 | JMT | Incorporate client's edits into complaint. | 0.8 | $1,050 | 840 |
| 345 | 04/19/23 | PMJ | Review Dr. Anderson's retainer agreement. | 0.2 | $1,368 | 273.6 |
| 346 | 04/19/23 | PMJ | Client meeting regarding preliminary injunction and complaint. | 1 | $1,368 | 1368 |
| 347 | 04/19/23 | JMT | Meeting with clients; Revise complaint. | 2 | $1,050 | 2100 |
| 348 | 04/19/23 | KD | E-mail correspondence to Dr. Anderson with executed retainer agreement. | 0.2 | $240 | 48 |
| 349 | 04/20/23 | JMT | Update complaint; Telephone call with Dr. Anderson. | 4.8 | $1,050 | 5040 |
| 350 | 04/20/23 | PMJ | Assess expert report, complaint, and preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 351 | 04/20/23 | CSL | Telephone call with Mr. Trissell regarding status of complaint; Review e-mail correspondence regarding same. | 0.4 | $1,512 | 604.8 |
| 352 | 04/20/23 | NDG | Correspondence with LiMandri & Jonna LLP regarding disclosure of School BOD letters and related matters. | 0.6 | $1,050 | 630 |
| 353 | 04/21/23 | PMJ | Review latest transgender statistics. | 0.2 | $1,368 | 273.6 |
| 354 | 04/21/23 | JMT | Review and finalize complaint. | 2 | $1,050 | 2100 |

16

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 355 | 04/21/23 | JMT | Telephone calls with Mr. Jonna, ███████, and Attorney Grissom regarding "confidential" designation on various of the religious accommodation process documents; Add footnote to complaint. | 0.6 | $1,050 | 630 |
| 356 | 04/21/23 | PMJ | Assess final edits to complaint and privilege issues. | 0.6 | $1,368 | 820.8 |
| 357 | 04/21/23 | PMJ | Review and revise complaint. | 0.4 | $1,368 | 547.2 |
| 358 | 04/21/23 | PMJ | Review and revise complaint. | 0.4 | $1,368 | 547.2 |
| 359 | 04/21/23 | JMT | Revise preliminary injunction papers. | 0.6 | $1,050 | 630 |
| 360 | 04/21/23 | PMJ | Review and revise complaint. | 1 | $1,368 | 1368 |
| 361 | 04/21/23 | CSL | Review and revise complaint; Conference with Mr. Jonna regarding same. | 2.4 | $1,512 | 3628.8 |
| 362 | 04/22/23 | PMJ | Review final edits to complaint. | 0.2 | $1,368 | 273.6 |
| 363 | 04/24/23 | KD | Revise summons, civil cover sheet, and attachment of list of defendants to same. | 0.4 | $240 | 96 |
| 364 | 04/24/23 | JMT | Receive verification for complaint from client; Send revised expert declaration to Dr. Anderson; Revise complaint per client West's comments. | 0.8 | $1,050 | 840 |
| 365 | 04/24/23 | PMJ | Review summons and civil case cover sheet. | 0.2 | $1,368 | 273.6 |
| 366 | 04/24/23 | JMT | Review and revise summons and civil case information sheet. | 0.4 | $1,050 | 420 |
| 367 | 04/24/23 | JMT | Telephone call with Mr. Jonna regarding ██████ ██████████; Research same. | 0.4 | $1,050 | 420 |
| 368 | 04/24/23 | PMJ | Review complaint and prepare outline of key points. | 2.2 | $1,368 | 3009.6 |
| 369 | 04/24/23 | PMJ | Review and revise press release. | 0.2 | $1,368 | 273.6 |
| 370 | 04/24/23 | JMT | Multiple emails with expert Dr. Anderson regarding expert declaration. | 0.4 | $1,050 | 420 |
| 371 | 04/25/23 | JMT | Review and edit press release. | 0.6 | $1,050 | 630 |
| 372 | 04/25/23 | JMT | Respond to Dr. Anderson's e-mail correspondence regarding request to see motion for preliminary injunction. | 0.2 | $1,050 | 210 |
| 373 | 04/25/23 | PMJ | Review and revise press release. | 0.4 | $1,368 | 547.2 |
| 374 | 04/25/23 | PMJ | Review complaint. | 0.2 | $1,368 | 273.6 |
| 375 | 04/26/23 | PMJ | Review complaint and create outline of key points. | 0.4 | $1,368 | 547.2 |
| 376 | 04/26/23 | JMT | Finalize complaint for filing. | 1 | $1,050 | 1050 |
| 377 | 04/26/23 | PMJ | Review complaint and assess legal theories. | 1 | $1,368 | 1368 |
| 378 | 04/26/23 | PMJ | Review legal theories in complaint. | 0.2 | $1,368 | 273.6 |
| 379 | 04/26/23 | PMJ | Review complaint and revise press release. | 0.8 | $1,368 | 1094.4 |
| 380 | 04/26/23 | JMT | Multiple telephone calls with Mr. Jonna regarding issues for complaint; Further edits to same. | 2.4 | $1,050 | 2520 |
| 381 | 04/26/23 | PMJ | Assess final edits to complaint. | 0.2 | $1,368 | 273.6 |
| 382 | 04/26/23 | PMJ | Review exhibits to complaint. | 0.8 | $1,368 | 1094.4 |
| 383 | 04/27/23 | PMJ | Telephone call with client to discuss ██████████ ██████ and next steps. | 0.2 | $1,368 | 273.6 |

17

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 384 | 04/27/23 | KD | Review e-mail correspondence from Mr. Trissell regarding revised summons, civil cover sheet, and complaint; Prepare documents for filing; File with Court; Telephone call to USDC to confirm receipt of filed docs. | 0.4 | $240 | 96 |
| 385 | 04/27/23 | JMT | Review filed complaint; Conference with Mr. Jonna regarding same. | 0.2 | $1,050 | 210 |
| 386 | 04/27/23 | PMJ | Review key cases; Prepare for and participate in ▮▮▮▮ ▮▮▮ interview. | 1.4 | $1,368 | 1915.2 |
| 387 | 04/27/23 | JMT | Send emails to counsel for various defendants seeking acceptance of service of the complaint; E-mail correspondence to Dr. Anderson with complaint. | 0.6 | $1,050 | 630 |
| 388 | 04/27/23 | PMJ | Telephone call with Andrew Mirabelli and Tom Ciesielka regarding media interviews and next steps. | 0.4 | $1,368 | 547.2 |
| 389 | 04/27/23 | JMT | Update preliminary injunction motion with citations to filed complaint. | 1 | $1,050 | 1050 |
| 390 | 04/27/23 | PMJ | Telephone call with client regarding ▮▮▮▮▮▮ ▮▮▮▮. | 0.4 | $1,368 | 547.2 |
| 391 | 04/27/23 | PMJ | Interview with ▮▮▮▮▮▮▮▮ regarding case. | 0.8 | $1,368 | 1094.4 |
| 392 | 04/27/23 | CSL | Review multiple articles on filing of case; Telephone conference with Mr. Jonna regarding assignment of case. | 0.8 | $1,512 | 1209.6 |
| 393 | 04/27/23 | MDM | Review e-mail correspondence between Mr. Trissell and Attorney Prouty regarding acceptance of service. | 0.2 | $1,278 | 255.6 |
| 394 | 04/27/23 | NDG | Review Request for Waiver of Summons | 0.4 | $1,050 | 420 |
| 395 | 04/28/23 | PMJ | Review data on transgender youth and new church documents concerning same; Correspond with client regarding case. | 0.4 | $1,368 | 547.2 |
| 396 | 04/28/23 | MDM | Review press inquiries regarding case and replies by Mr. LiMandri and Mr. Jonna; Review e-mail correspondence from opposing counsel waiving service. | 0.4 | $1,278 | 511.2 |
| 397 | 04/28/23 | PMJ | Coordinate multiple media interviews. | 0.4 | $1,368 | 547.2 |
| 398 | 04/28/23 | JMT | Lengthy telephone call with expert Dr. Anderson regarding expert declaration. | 2 | $1,050 | 2100 |
| 399 | 04/28/23 | PMJ | Telephone calls with client and Tom Ciesielka regarding media interviews. | 0.2 | $1,368 | 273.6 |
| 400 | 04/28/23 | JMT | Review e-mail correspondence from Attorney Prouty regarding accepting service of complaint for the CDE defendants. | 0.2 | $1,050 | 210 |
| 401 | 04/28/23 | PMJ | Interview preparation. | 0.6 | $1,368 | 820.8 |
| 402 | 04/28/23 | JMT | Participate in client's media preparation. | 0.8 | $1,050 | 840 |
| 403 | 04/28/23 | PMJ | Participate in interviews and interview preparation with clients | 1.6 | $1,368 | 2188.8 |
| 404 | 04/28/23 | PMJ | Telephone call with client regarding media and next steps. | 0.2 | $1,368 | 273.6 |
| 405 | 04/28/23 | PMJ | Coordinate media issues. | 0.2 | $1,368 | 273.6 |

18

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 406 | 04/28/23 | CSL | Review multiple articles regarding filing of case; Emails regarding same; Conference with Mr. Jonna regarding same. | 1 | $1,512 | 1512 |
| 407 | 04/28/23 | KD | Review e-mail correspondence from opposing counsel with signed waiver of summons; File with court. | 0.2 | $240 | 48 |
| 408 | 04/29/23 | PMJ | Prepare for and participate in ▉▉▉▉▉ interview. | 1.4 | $1,368 | 1915.2 |
| 409 | 04/29/23 | CSL | E-mail correspondence with Mr. Jonna regarding ▉▉▉▉ ▉▉▉▉ interview and review ▉▉▉▉▉▉▉▉ article; Telephone conference with Mr. Jonna regarding case strategy. | 0.8 | $1,512 | 1209.6 |
| 410 | 04/30/23 | PMJ | Prepare for and travel to and from ▉▉▉ interview. | 2 | $1,368 | 2736 |
| 411 | 04/30/23 | PMJ | Review and respond to client e-mail correspondence regarding ▉▉▉▉▉▉▉▉▉▉. | 0.2 | $1,368 | 273.6 |
| 412 | 05/01/23 | PMJ | Multiple e-mail correspondence with clients and media regarding next steps and communications from students/parents. | 0.4 | $1,368 | 547.2 |
| 413 | 05/01/23 | KD | Review waiver of summons for defendants Tony Thurmond, Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Naomi Porter; File with court. | 0.4 | $240 | 96 |
| 414 | 05/01/23 | PMJ | Discuss case analysis with Mr. LiMandri. | 0.2 | $1,368 | 273.6 |
| 415 | 05/01/23 | JMT | Respond to Tom Cisielka's e-mail correspondence seeking hi-res photographs for Fox News. | 0.4 | $1,050 | 420 |
| 416 | 05/01/23 | JMT | Receive filing of waiver of service of summons for CDE defendants. | 0.2 | $1,050 | 210 |
| 417 | 05/01/23 | PMJ | Attend TMS executive meeting to discuss Mirabelli case. | 0.4 | $1,368 | 547.2 |
| 418 | 05/01/23 | PMJ | Interview with ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉. | 0.8 | $1,368 | 1094.4 |
| 419 | 05/01/23 | PMJ | Interview with ▉▉▉▉▉. | 0.6 | $1,368 | 820.8 |
| 420 | 05/01/23 | PMJ | E-mail correspondence with opposing counsel regarding employment retaliation issues at Rincon. | 0.6 | $1,368 | 820.8 |
| 421 | 05/01/23 | PMJ | Review media regarding lawsuit; E-mail correspondence to EUSD regarding paid administrative leave for client. | 0.4 | $1,368 | 547.2 |
| 422 | 05/01/23 | CSL | Multiple emails regarding media and negative push back from students; Emails regarding administrative leave. | 0.6 | $1,512 | 907.2 |
| 423 | 05/01/23 | NDG | Review LiMandri & Jonna LLP's email communication to Mr. Shinoff. | 0.3 | $1,050 | 315 |
| 424 | 05/01/23 | NDG | Ongoing correspondence (email and telephone calls) with entire legal team and clients regarding harassment and hostile work environment as a result of TV coverage of lawsuit; individual acts of harassment; suggested remedies and paths to report the transgressions. | 2.1 | $1,050 | 2205 |

19

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 425 | 05/02/23 | PMJ | E-mail correspondence with client regarding ▓▓▓ ▓▓▓▓▓▓▓. | 0.2 | $1,368 | 273.6 |
| 426 | 05/02/23 | PMJ | Multiple e-mail correspondence with clients regarding ▓▓▓▓▓▓▓▓. | 0.4 | $1,368 | 547.2 |
| 427 | 05/02/23 | PMJ | Participate in ▓▓▓▓▓▓▓ interview. | 0.2 | $1,368 | 273.6 |
| 428 | 05/02/23 | MDM | Review press coverage of case. | 0.2 | $1,278 | 255.6 |
| 429 | 05/02/23 | PMJ | Prepare for and participate in ▓▓ interview; Meet with client regarding ▓▓. | 1 | $1,368 | 1368 |
| 430 | 05/02/23 | CSL | Review articles on case; Review request for administrative leave for client; Conference with client regarding ▓▓▓▓. | 1.2 | $1,512 | 1814.4 |
| 431 | 05/02/23 | NDG | Ongoing correspondence (email and telephone calls) with entire legal team and clients regarding how to address the untenable situation at the school; legal research regarding same. | 1.8 | $1,050 | 1890 |
| 432 | 05/03/23 | KD | Draft waiver of summons and attachment for EUSD defendants; E-mail correspondence to Mr. Trissell for review. | 0.4 | $240 | 96 |
| 433 | 05/03/23 | JMT | Send waiver of service of summons to the EUSD defendants. | 0.2 | $1,050 | 210 |
| 434 | 05/03/23 | PMJ | Review and revise e-mail press release. | 0.2 | $1,368 | 273.6 |
| 435 | 05/04/23 | JMT | Further research into case ▓▓▓▓▓▓▓▓. | 1 | $1,050 | 1050 |
| 436 | 05/04/23 | JMT | Update declaration of Dr. Anderson. | 1 | $1,050 | 1050 |
| 437 | 05/04/23 | PMJ | Multiple e-mail correspondence with client regarding ▓▓▓ and next steps. | 0.6 | $1,368 | 820.8 |
| 438 | 05/04/23 | JMT | Conference with Mr. Jonna; Telephone calls with Attorney Shinoff and client regarding paid administrative leave. | 0.4 | $1,050 | 420 |
| 439 | 05/04/23 | PMJ | Telephone calls and e-mail correspondence with opposing counsel and clients regarding harassment and paid administrative leave issues. | 1.4 | $1,368 | 1915.2 |
| 440 | 05/04/23 | CSL | Review articles and radio interviews on case; E-mail correspondence regarding request for administrative leave; Review emails regarding fundraising. | 0.8 | $1,512 | 1209.6 |
| 441 | 05/04/23 | CSL | Multiple e-mail correspondence regarding administrative leave for client; Conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 442 | 05/05/23 | PMJ | Draft e-mail correspondence to EUSD regarding complaints. | 0.4 | $1,368 | 547.2 |
| 443 | 05/05/23 | PMJ | E-mail correspondence with clients and opposing counsel regarding next steps. | 1 | $1,368 | 1368 |
| 444 | 05/05/23 | CSL | E-mail correspondence regarding video sent to client from band leader; View video. | 0.6 | $1,512 | 907.2 |

20

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 445 | 05/05/23 | NDG | Review correspondence from clients and LiMandri & Jonna LLP regarding leave of absence and communications with Mr. Shinoff | 0.5 | $1,050 | 525 |
| 446 | 05/06/23 | PMJ | Review and respond to e-mail correspondence from potential witness, ███████. | 0.2 | $1,368 | 273.6 |
| 447 | 05/07/23 | KD | Review e-mail correspondence from opposing counsel with signed waiver of summons; File with court. | 0.2 | $240 | 48 |
| 448 | 05/08/23 | PMJ | Review and respond to client e-mail correspondence regarding ███████. | 0.2 | $1,368 | 273.6 |
| 449 | 05/08/23 | REW | Review inquiry from ███████ regarding transgender issues at school; Discuss same with Mr. Jonna and Mr. Trissell. | 0.4 | $1,050 | 420 |
| 450 | 05/08/23 | JMT | Respond to e-mail correspondence from potential plaintiff ███████. | 0.2 | $1,050 | 210 |
| 451 | 05/08/23 | CSL | View video regarding transgender agenda in schools; Emails regarding same; E-mail correspondence regarding potential parent as plaintiff; Conference with Mr. Trissell regarding same. | 1.2 | $1,512 | 1814.4 |
| 452 | 05/09/23 | JMT | Work on preliminary injunction declarations for clients. | 5.6 | $1,050 | 5880 |
| 453 | 05/09/23 | REW | Respond to e-mail correspondence from ███████ regarding parental rights case involving transgender daughter. | 0.2 | $1,050 | 210 |
| 454 | 05/09/23 | PMJ | Review client e-mail correspondence regarding harassing e-mail correspondence from schools. | 0.2 | $1,368 | 273.6 |
| 455 | 05/09/23 | PMJ | Telephone call with clerk regarding motion for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 456 | 05/09/23 | PMJ | Telephone call with client to discuss preliminary injunction and next steps. | 0.2 | $1,368 | 273.6 |
| 457 | 05/09/23 | PMJ | Review and revise declaration of Dr. Erica Anderson in support of motion for preliminary injunction. | 0.4 | $1,368 | 547.2 |
| 458 | 05/09/23 | JMT | Receive and respond to e-mail correspondence from ███████. | 0.2 | $1,050 | 210 |
| 459 | 05/09/23 | CSL | E-mail correspondence with ███████; Telephone conference with ███████ regarding local school district cases; Emails regarding same; Telephone conference with Mr. Jonna regarding above. | 1 | $1,512 | 1512 |
| 460 | 05/10/23 | PMJ | Review and revise declarations of West and Mirabelli in support of motion for preliminary injunction. | 0.4 | $1,368 | 547.2 |
| 461 | 05/10/23 | PMJ | Assess meeting with potential ███ witness. | 0.2 | $1,368 | 273.6 |
| 462 | 05/10/23 | JMT | Prepare for telephone call with potential witness ███████. | 0.4 | $1,050 | 420 |
| 463 | 05/10/23 | JMT | Edit client declarations per Mr. Jonna's comments; Send to clients for review. | 0.6 | $1,050 | 630 |

21

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 464 | 05/10/23 | PMJ | Prepare for and participate in ███ interview regarding case. | 1 | $1,368 | 1368 |
| 465 | 05/10/23 | PMJ | Assess potential transgender case for ████████ . | 0.6 | $1,368 | 820.8 |
| 466 | 05/10/23 | JMT | Telephone call with potential declarant-parent ████████ . | 0.8 | $1,050 | 840 |
| 467 | 05/10/23 | JMT | Calendar deadlines for preliminary injunction briefing. | 0.2 | $1,050 | 210 |
| 468 | 05/10/23 | JMT | Update Mirabelli preliminary injunction declaration with her edits. | 0.2 | $1,050 | 210 |
| 469 | 05/10/23 | JMT | Update Anderson declaration per Mr. Jonna's edits; Forward to Mr. Jonna and Dr. Anderson for review. | 1.8 | $1,050 | 1890 |
| 470 | 05/10/23 | JMT | Update Lori West declaration with comments from client. | 0.2 | $1,050 | 210 |
| 471 | 05/10/23 | CSL | E-mail correspondence regarding motion for preliminary injunction. | 0.4 | $1,512 | 604.8 |
| 472 | 05/11/23 | PMJ | Review and revise declaration of Dr. Anderson. | 0.2 | $1,368 | 273.6 |
| 473 | 05/11/23 | PMJ | Review client e-mail correspondence regarding preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 474 | 05/11/23 | JMT | Continue working on motion for preliminary injunction papers. | 6.2 | $1,050 | 6510 |
| 475 | 05/11/23 | PMJ | Review and respond to client e-mail correspondence regarding ████████ . | 0.2 | $1,368 | 273.6 |
| 476 | 05/11/23 | KH | Prepare and send declaration of Dr. Erica Anderson document through DocuSign for signature. | 0.2 | $240 | 48 |
| 477 | 05/12/23 | PMJ | Review and revise TMS press release regarding motion for preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 478 | 05/12/23 | PMJ | E-mail correspondence with Tom Ciesielka regarding motion for preliminary injunction filing. | 0.2 | $1,368 | 273.6 |
| 479 | 05/12/23 | PMJ | Review and respond to client e-mail correspondence with ████████ . | 0.2 | $1,368 | 273.6 |
| 480 | 05/12/23 | PMJ | Review edits to Lori West declaration. | 0.2 | $1,368 | 273.6 |
| 481 | 05/12/23 | PMJ | Review and respond to client updates regarding ████████ . | 0.2 | $1,368 | 273.6 |
| 482 | 05/12/23 | PMJ | Telephone calls with Tom Ciesielka and Lori West regarding press release. | 0.2 | $1,368 | 273.6 |
| 483 | 05/12/23 | MLB | Revisions to the West declaration for preliminary injunction; Email correspondence with Mr. Jonna and Mr. Trissell regarding same. | 0.6 | $840 | 504 |
| 484 | 05/15/23 | PMJ | Review letter from EUSD regarding administrative leave; E-mail correspondence with client regarding same. | 0.2 | $1,368 | 273.6 |
| 485 | 05/15/23 | PMJ | Review and revise preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 486 | 05/15/23 | JMT | Finalize motion for a preliminary injunction and declaration of Lori West; Incoroporate edits to memorandum from Mr. Jonna, Mr. Weisenburger, and Mr. Myers; Finalize notice and order ████████ . | 8 | $1,050 | 8400 |

22

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 487 | 05/15/23 | PMJ | Review and revise preliminary injunction motion. | 1 | $1,368 | 1368 |
| 488 | 05/15/23 | MDM | Confer with Mr. Trissell regarding requirements for motion to seal; Review draft motion for preliminary injunction and forward recommended changes to Mr. Trissell, Mr. Jonna, and team. | 1.6 | $1,278 | 2044.8 |
| 489 | 05/15/23 | REW | Review and analyze draft memorandum of points and authorities in support of preliminary injunction. | 2.4 | $1,050 | 2520 |
| 490 | 05/15/23 | PMJ | Review and revise preliminary injunction papers. | 0.4 | $1,368 | 547.2 |
| 491 | 05/15/23 | NDG | Review and respond to client and LiMandri & Jonna LLP regarding Paid Admin Leave letter from the School Board. | 0.5 | $1,050 | 525 |
| 492 | 05/16/23 | PMJ | Review final court filings regarding motion for preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 493 | 05/16/23 | REW | Analyze case strategy. | 0.4 | $1,050 | 420 |
| 494 | 05/16/23 | PMJ | Telephone calls with Steve Grosklaus and Tom Ciesielka regarding press and media issues. | 0.4 | $1,368 | 547.2 |
| 495 | 05/16/23 | JMT | Review recent orders granting a preliminary injunction from Judge Benitez. | 0.6 | $1,050 | 630 |
| 496 | 05/16/23 | PMJ | Review latest media article on case and e-mail correspondence from client regarding ███████. | 0.2 | $1,368 | 273.6 |
| 497 | 05/16/23 | JMT | Draft motion to seal. | 2.2 | $1,050 | 2310 |
| 498 | 05/16/23 | MDM | Review motion to seal; Research of issues for this motion; Forward recommended revisions to Mr. Trissell. | 1 | $1,278 | 1278 |
| 499 | 05/16/23 | PMJ | Review and revise motion to seal. | 0.2 | $1,368 | 273.6 |
| 500 | 05/16/23 | PMJ | Telephone call with Tom Ciesielka regarding press issues. | 0.2 | $1,368 | 273.6 |
| 501 | 05/16/23 | PMJ | Review and revise motion to seal. | 0.2 | $1,368 | 273.6 |
| 502 | 05/16/23 | JMT | Review e-mail correspondence from interested third-party ███████████; Forward same. | 0.2 | $1,050 | 210 |
| 503 | 05/16/23 | CSL | Review e-mail correspondence on filing of motion for preliminary injunction. | 0.2 | $1,512 | 302.4 |
| 504 | 05/17/23 | JMT | Review new Ninth Circuit Court of Appeal case Keene v. San Francisco for use in reply brief. | 0.2 | $1,050 | 210 |
| 505 | 05/17/23 | JMT | Review media on case. | 0.4 | $1,050 | 420 |
| 506 | 05/17/23 | PMJ | Telephone call with co-counsel and clients to discuss response letter to EUSD. | 0.4 | $1,368 | 547.2 |
| 507 | 05/17/23 | PMJ | Travel to and from and attend client interview at ██ ███████. | 2.6 | $1,368 | 3556.8 |
| 508 | 05/17/23 | MDM | Review motion to seal. | 0.2 | $1,278 | 255.6 |
| 509 | 05/17/23 | NDG | Telephone conference with clients and Paul Jonna regarding ████████████. | 0.3 | $1,050 | 315 |
| 510 | 05/18/23 | PMJ | Review draft letter to EUSD regarding administrative leave. | 0.2 | $1,368 | 273.6 |
| 511 | 05/18/23 | PMJ | Review correspondence from EUSD regarding Lori West. | 0.2 | $1,368 | 273.6 |

23

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 512 | 05/18/23 | JMT | Review draft letter to opposing counsel regarding Mirabelli's job restrictions. | 0.2 | $1,050 | 210 |
| 513 | 05/18/23 | JMT | Review emails putting Lori West on administrative leave. | 0.2 | $1,050 | 210 |
| 514 | 05/18/23 | NDG | Draft response to Administrative Leave letter from Mr. Albert; review related communications from clients and counsel. | 1.8 | $1,050 | 1890 |
| 515 | 05/18/23 | NDG | Correspondence with clients and LiMandri & Jonna LLP regarding Lori West and her evolving discipline for alleged complaints from students. | 0.4 | $1,050 | 420 |
| 516 | 05/19/23 | PMJ | Review and respond to multiple client e-mail correspondence regarding ██████████████. | 0.2 | $1,368 | 273.6 |
| 517 | 05/19/23 | PMJ | Telephone call with Attorney Shinoff; E-mail correspondence with clients regarding next steps. | 0.4 | $1,368 | 547.2 |
| 518 | 05/19/23 | PMJ | Telephone calls and e-mail correspondence with clients regarding next steps. | 0.2 | $1,368 | 273.6 |
| 519 | 05/19/23 | CSL | Review emails regarding client's administrative leave; Telephone conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 520 | 05/20/23 | PMJ | Review and respond to client e-mail correspondence regarding media inquiry. | 0.2 | $1,368 | 273.6 |
| 521 | 05/22/23 | PMJ | Review and respond to client e-mail correspondence regarding ████████. | 0.2 | $1,368 | 273.6 |
| 522 | 05/22/23 | JMT | Edit letters to Attorney Shinoff regarding client's administrative leave status. | 0.8 | $1,050 | 840 |
| 523 | 05/22/23 | NDG | Draft response letter to Mr. Shinoff from Mrs. West regarding forced administrative leave. Review correspondence from client and counsel regarding same. | 1.3 | $1,050 | 1365 |
| 524 | 05/22/23 | NDG | Correspondence with clients and LiMandri & Jonna LLP regarding summer school opportunity for Lori West and administrative status of both clients. | 0.7 | $1,050 | 735 |
| 525 | 05/23/23 | JMT | Receive and review motion to dismiss complaint. | 0.2 | $1,050 | 210 |
| 526 | 05/23/23 | MDM | Review motion to dismiss and forward analysis to Mr. Trissell. | 0.4 | $1,278 | 511.2 |
| 527 | 05/23/23 | CSL | Conference with Mr. Myers regarding defendant's motion to dismiss; Telephone conference with Mr. Trissell and Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 528 | 05/24/23 | PMJ | Review EUSD's motion to dismiss and discuss same with team. | 0.2 | $1,368 | 273.6 |
| 529 | 05/24/23 | JMT | E-mail correspondence to client Mirabelli regarding ████████ ████████████████ | 0.2 | $1,050 | 210 |
| 530 | 05/24/23 | JMT | Draft Lori Ann West supplemental declaration. | 0.8 | $1,050 | 840 |
| 531 | 05/24/23 | NDG | Review letter and text from the School District to Mrs. West regarding paid admin leave pending investigation; correspondence with client and LiMandri & Jonna LLP regarding same. | 0.4 | $1,050 | 420 |

24

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|-----|------|-------|-------------|-----|------|------|
| 532 | 05/25/23 | JMT | Send letters seeking clarification regarding administrative leave to opposing counsel. | 0.2 | $1,050 | 210 |
| 533 | 05/26/23 | PMJ | Review Lori West supplemental declaration. | 0.2 | $1,368 | 273.6 |
| 534 | 05/26/23 | JMT | Telephone call with Lori West to finalize supplemental declaration; E-mail correspondence with Ms. Denworth regarding same. | 0.4 | $1,050 | 420 |
| 535 | 05/26/23 | KD | Review and finalize supplemental declaration of Lori West in support of motion preliminary injunction; File with Court; E-mail correspondence to opposing with same. | 0.4 | $240 | 96 |
| 536 | 05/26/23 | JMT | Review motion to dismiss and send to clients with analysis. | 0.8 | $1,050 | 840 |
| 537 | 05/26/23 | JMT | Review new case Lowe v. Mills. | 0.4 | $1,050 | 420 |
| 538 | 05/26/23 | NDG | Review Supplemental Declaration of Plaintiff Lori Ann West in Support of Motion for a Preliminary Injunction | 0.5 | $1,050 | 525 |
| 539 | 05/26/23 | NDG | Review Daniel Shinoff's letter to both clients regarding administrative leave and terms thereof. | 0.4 | $1,050 | 420 |
| 540 | 05/29/23 | PMJ | Client e-mail correspondence regarding next steps. | 0.2 | $1,368 | 273.6 |
| 541 | 05/29/23 | PMJ | Review client e-mail correspondence regarding ███████ ████. | 0.2 | $1,368 | 273.6 |
| 542 | 05/30/23 | JMT | Draft project list for interns. | 0.4 | $1,050 | 420 |
| 543 | 05/30/23 | PMJ | Review letters from EUSD to West and Mirabelli. | 0.2 | $1,368 | 273.6 |
| 544 | 05/31/23 | PMJ | Review and respond to client e-mail correspondence regarding status. | 0.2 | $1,368 | 273.6 |
| 545 | 05/31/23 | NDG | Review client's summary of events leading up to involuntary leave and investigation; correspondence with clients and LiMandri & Jonna LLP regarding same. | 0.5 | $1,050 | 525 |
| 546 | 06/01/23 | JMT | E-mail correspondence to clients ████████ █████████████. | 0.2 | $1,050 | 210 |
| 547 | 06/02/23 | JAY | Confer with Mr. Trissell and Mr. Myers regarding case strategy, facts, merits of claims and ████████ █████████████████████. | 0.6 | $840 | 504 |
| 548 | 06/05/23 | PMJ | E-mail correspondence with clients regarding ██████. | 0.2 | $1,368 | 273.6 |
| 549 | 06/05/23 | JMT | Begin working on opposition to motion to dismiss. | 1.4 | $1,050 | 1470 |
| 550 | 06/06/23 | JMT | Continue working on opposition to motion to dismiss. | 6 | $1,050 | 6300 |
| 551 | 06/06/23 | PMJ | Telephone call with Elizabeth Mirabelli to discuss ████████████████. | 0.4 | $1,368 | 547.2 |
| 552 | 06/07/23 | JMT | Continue working on opposition to motion to dismiss. | 5 | $1,050 | 5250 |
| 553 | 06/08/23 | JMT | Continue working on opposition to motion to dismiss. | 4.8 | $1,050 | 5040 |
| 554 | 06/09/23 | JMT | Review cases for opposition to motion to dismiss. | 0.4 | $1,050 | 420 |
| 555 | 06/09/23 | PMJ | Review and revise opposition to motion to dismiss. | 0.8 | $1,368 | 1094.4 |

25

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 556 | 06/09/23 | JMT | Conference with Mr. Jonna regarding opposition to motion to dismiss; Edits to same; E-mail correspondence to client with opposition for review. | 1.4 | $1,050 | 1470 |
| 557 | 06/09/23 | NDG | Review draft Opposition to EUSD's motion to dismiss the Complaint. | 0.4 | $1,050 | 420 |
| 558 | 06/10/23 | MDM | Confer with Mr. Trissell regarding arguments; Draft text disputing defendant's definition of "lying" and forward to Mr. Trissell for possible use in reply brief. | 1.6 | $1,278 | 2044.8 |
| 559 | 06/12/23 | JMT | Review new case The Catholic Bookstore v. City of Jacksonville. | 0.2 | $1,050 | 210 |
| 560 | 06/12/23 | JMT | Retrieve preliminary injunction transcript in Judge Benitez's Rhode v. Becerra case and review. | 0.4 | $1,050 | 420 |
| 561 | 06/12/23 | JMT | Review CDE's opposition to motion for preliminary injunction; Draft reply in support of same. | 2.8 | $1,050 | 2940 |
| 562 | 06/12/23 | PMJ | Review prior preliminary injunction hearing transcripts with Judge Benitez. | 0.2 | $1,368 | 273.6 |
| 563 | 06/12/23 | MDM | Review and suggest revisions to opposition to motion to dismiss and forward to Mr. Trissell; Telephone call with Mr. Trissell regarding edits; Review and evaluate brief in opposition to motion for preliminary injunction. | 1.4 | $1,278 | 1789.2 |
| 564 | 06/12/23 | JMT | Telephone call with Mr. Myers regarding edits to opposition to motion to dismiss; Finalize same. | 1 | $1,050 | 1050 |
| 565 | 06/12/23 | PMJ | Prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 566 | 06/12/23 | KD | Review and finalize opposition to motion to dismiss; File with court. | 0.6 | $240 | 144 |
| 567 | 06/12/23 | JMT | Review EUSD's opposition to motion to dismiss. | 0.4 | $1,050 | 420 |
| 568 | 06/12/23 | CSL | Multiple emails regarding opposition to motion to dismiss and opposition to motion for preliminary injunction. | 0.4 | $1,512 | 604.8 |
| 569 | 06/13/23 | PMJ | Review e-mail correspondence regarding EUSD's opposition to our motion for preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 570 | 06/13/23 | JMT | Draft reply to CDE defendants in support of preliminary injunction. | 4.4 | $1,050 | 4620 |
| 571 | 06/13/23 | PMJ | E-mail correspondence with opposing counsel regarding Lori West's summer school job posting. | 0.2 | $1,368 | 273.6 |
| 572 | 06/13/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 573 | 06/13/23 | MDM | Review and evaluate docket activity and pleadings; Confer with Mr. Trissell regarding same. | 0.6 | $1,278 | 766.8 |
| 574 | 06/13/23 | PMJ | Follow-up e-mail correspondence with client regarding ████████ . | 0.2 | $1,368 | 273.6 |
| 575 | 06/13/23 | PMJ | Review e-mail correspondence regarding ████ ████ . | 0.2 | $1,368 | 273.6 |
| 576 | 06/13/23 | CSL | Review articles and podcasts involving transgender issues in schools. | 0.6 | $1,512 | 907.2 |

26

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 577 | 06/14/23 | PMJ | Review and respond to e-mail correspondence from Lori West regarding ███████████ ████████. | 0.2 | $1,368 | 273.6 |
| 578 | 06/14/23 | JMT | Continue working on reply papers in support of motion for preliminary injunction. | 4.4 | $1,050 | 4620 |
| 579 | 06/14/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 580 | 06/15/23 | PMJ | Review and respond to e-mail correspondence from EUSD regarding investigations. | 0.2 | $1,368 | 273.6 |
| 581 | 06/15/23 | PMJ | Review and revise reply declarations regarding motion for preliminary injunction; Prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 582 | 06/15/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 1.2 | $1,368 | 1641.6 |
| 583 | 06/15/23 | PMJ | Review and revise reply briefs in support of motion for preliminary injunction. | 0.8 | $1,368 | 1094.4 |
| 584 | 06/15/23 | JMT | Draft rebuttal declarations and reply brief; Research into new case Foote v. Ludlow School Committee. | 7.6 | $1,050 | 7980 |
| 585 | 06/15/23 | MDM | Begin reviewing reply briefs. | 0.8 | $1,278 | 1022.4 |
| 586 | 06/15/23 | MZ | Review and summarize key cases for Mr. Jonna's oral argument "cheat sheet." | 2.8 | $300 | 840 |
| 587 | 06/16/23 | PMJ | Review and revise reply briefs in support of motion for preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 588 | 06/16/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 2.4 | $1,368 | 3283.2 |
| 589 | 06/16/23 | MDM | Continue reviewing reply briefs; Confer with Mr. Trissell and Mr. Jonna regarding additional arguments and evidence to include; Send suggested revisions to Mr. Trissell; Review newly-edited draft before filing and send comments to Mr. Trissell. | 3.4 | $1,278 | 4345.2 |
| 590 | 06/16/23 | PMJ | Review and revise reply declaration of Elizabeth Mirabelli; Continue to prepare for Preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 591 | 06/16/23 | JMT | Continue drafting reply briefs in support of preliminary injunction. | 6.6 | $1,050 | 6930 |
| 592 | 06/16/23 | PMJ | Review and revise reply briefs in support of motion for preliminary injunction. | 0.6 | $1,368 | 820.8 |
| 593 | 06/16/23 | PMJ | Review and revise motion to seal. | 0.2 | $1,368 | 273.6 |
| 594 | 06/16/23 | KD | Prepare table of authorities for reply to EUSD and reply to CDE in support of motion for preliminary injunction. | 2.4 | $240 | 576 |
| 595 | 06/16/23 | KD | Review and finalize reply to EUSD and reply to CDE and rebuttal declarations of Elizabeth Mirabelli and Lori West in support of motion for preliminary injunction; file with court; e-mail correspondence to opposing cousnel with same. | 0.4 | $240 | 96 |
| 596 | 06/16/23 | CSL | E-mail correspondence regarding complaint and pending motions. | 0.4 | $1,512 | 604.8 |
| 597 | 06/16/23 | MZ | Continue to review and summarize key cases. | 6.6 | $300 | 1980 |

27

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 598 | 06/16/23 | NDG | Correspondence with client and LiMandri & Jonna LLP regarding loss of summer school teaching opportunity and demand for compensation. | 0.5 | $1,050 | 525 |
| 599 | 06/17/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 600 | 06/17/23 | PMJ | Review expert report to prepare for motion for preliminary injunction hearing. | 1 | $1,368 | 1368 |
| 601 | 06/17/23 | PMJ | Draft outline for preliminary injunction hearing. | 1 | $1,368 | 1368 |
| 602 | 06/18/23 | CSL | Review declaration of defense expert. | 0.6 | $1,512 | 907.2 |
| 603 | 06/19/23 | JMT | Draft motion to seal. | 1 | $1,050 | 1050 |
| 604 | 06/19/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 4.4 | $1,368 | 6019.2 |
| 605 | 06/19/23 | JMT | Review various emails from clients regarding ███████. | 0.2 | $1,050 | 210 |
| 606 | 06/19/23 | JMT | E-mail correspondence to potential witness ███████████. | 0.2 | $1,050 | 210 |
| 607 | 06/19/23 | KD | Review and finalize second motion to seal documents; File with court. | 0.4 | $240 | 96 |
| 608 | 06/19/23 | JMT | Conference with Mr. Myers regarding qualified immunity research. | 0.4 | $1,050 | 420 |
| 609 | 06/19/23 | MDM | Review e-mail correspondence from client and notices of docket filings; Confer with Mr. Trissell regarding qualified immunity and proposed order. | 0.4 | $1,278 | 511.2 |
| 610 | 06/19/23 | JMT | Multiple conferences with Mr. Jonna to prepare for preliminary injunction hearing. | 0.8 | $1,050 | 840 |
| 611 | 06/19/23 | MZ | Continue to review and summarize key cases. | 5.2 | $300 | 1560 |
| 612 | 06/19/23 | MZ | Research regarding qualified immunity; E-mail correspondence to Mr. Trissell regarding same. | 1 | $300 | 300 |
| 613 | 06/20/23 | PMJ | Review verified complaint and exhibits to prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 614 | 06/20/23 | JMT | Obtain a copy of CSBA Model AR 5145.3; E-mail correspondence to Mr. Jonna with explanation of same. | 0.4 | $1,050 | 420 |
| 615 | 06/20/23 | PMJ | Review California School Boards Association model AR 5145.3. | 0.2 | $1,368 | 273.6 |
| 616 | 06/20/23 | JMT | Conferences with Mr. Jonna to prepare for preliminary injunction hearing. | 1.2 | $1,050 | 1260 |
| 617 | 06/20/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 1.8 | $1,368 | 2462.4 |
| 618 | 06/20/23 | PMJ | Review complaint exhibits to prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 619 | 06/20/23 | MDM | Confer with Mr. Jonna regarding Article III standing in preparation for oral argument on preliminary injunction motion. | 0.2 | $1,278 | 255.6 |
| 620 | 06/20/23 | MZ | Continue to review and summarize key cases. | 6.6 | $300 | 1980 |
| 621 | 06/21/23 | PMJ | Review briefing to prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 622 | 06/21/23 | JMT | Review new transgender cases. | 0.6 | $1,050 | 630 |

28

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 623 | 06/21/23 | PMJ | Prepare for preliminary injunction hearing and revise outline. | 1.2 | $1,368 | 1641.6 |
| 624 | 06/21/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 625 | 06/21/23 | JMT | Multiple conferences with Mr. Jonna to prepare for preliminary injunction hearing; Review notice reseting hearing from court; E-mail correspondence to clients regarding same. | 0.6 | $1,050 | 630 |
| 626 | 06/21/23 | CSL | Conference with Mr. Jonna regarding continuance of hearing; E-mail correspondence regarding same. | 0.4 | $1,512 | 604.8 |
| 627 | 06/21/23 | MZ | Continue to review and summarize key cases. | 6.8 | $300 | 2040 |
| 628 | 06/21/23 | NDG | Correspondence with client and LiMandri & Jonna LLP regarding interview with the School Board regarding pending allegations against Lori West. | 0.4 | $1,050 | 420 |
| 629 | 06/22/23 | PMJ | Review reply briefs to prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 630 | 06/22/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 631 | 06/22/23 | MDM | Confer with Mr. Jonna regarding Eleventh Amendment and sovereign immunity in preparation for oral argument. | 0.2 | $1,278 | 255.6 |
| 632 | 06/22/23 | MZ | Continue to review and summarize key cases. | 0.6 | $300 | 180 |
| 633 | 06/23/23 | JMT | Review parental rights cases; Review and revise case list "cheat sheet" summary prepared by law clerk. | 2.8 | $1,050 | 2940 |
| 634 | 06/23/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 1.6 | $1,368 | 2188.8 |
| 635 | 06/23/23 | MDM | Confer with Mr. Jonna regarding likely focus of upcoming hearing. | 0.2 | $1,278 | 255.6 |
| 636 | 06/23/23 | MZ | Continue to review and summarize key cases. | 2.8 | $300 | 840 |
| 637 | 06/24/23 | PMJ | Review article regarding New Jersey lawsuit challenging gender identity policies. | 0.2 | $1,368 | 273.6 |
| 638 | 06/24/23 | PMJ | E-mail correspondence with clients regarding ▇▇▇ and next steps. | 0.2 | $1,368 | 273.6 |
| 639 | 06/25/23 | PMJ | Review and respond to client e-mail correspondence regarding ▇▇▇▇▇. | 0.2 | $1,368 | 273.6 |
| 640 | 06/26/23 | PMJ | E-mail correspondence with opposing counsel regarding scheduling interview of clients. | 0.4 | $1,368 | 547.2 |
| 641 | 06/26/23 | JMT | Review new journal articles on religious liberty and transgender issues. | 0.2 | $1,050 | 210 |
| 642 | 06/26/23 | JMT | Receive and preliminary review of CDE's motion to dismiss. | 0.2 | $1,050 | 210 |
| 643 | 06/26/23 | JMT | Conference with Mr. Jonna regarding CDE's request to delay hearings on all matters to August 7, 2023. | 0.2 | $1,050 | 210 |
| 644 | 06/26/23 | PMJ | Assess motion to dismiss filed by CDE. | 0.2 | $1,368 | 273.6 |
| 645 | 06/26/23 | PMJ | E-mail correspondence regarding client interviews and next steps. | 0.2 | $1,368 | 273.6 |
| 646 | 06/26/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |

29

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 647 | 06/26/23 | PMJ | Review and respond to client regarding ████ ████. | 0.2 | $1,368 | 273.6 |
| 648 | 06/26/23 | PMJ | Review motion to dismiss briefing. | 0.2 | $1,368 | 273.6 |
| 649 | 06/26/23 | MZ | Continue to review and summarize key cases. | 6.4 | $300 | 1920 |
| 650 | 06/27/23 | MDM | Review and evaluate state defendants' motion to dismiss; Research issue of Article III standing and traceability. | 1 | $1,278 | 1278 |
| 651 | 06/27/23 | MZ | Continue to review and summarize key cases. | 6.2 | $300 | 1860 |
| 652 | 06/28/23 | PMJ | Review cases to prepare for preliminary injunction hearing. | 2.6 | $1,368 | 3556.8 |
| 653 | 06/28/23 | JMT | Conferences with Mr. Jonna to prepare for preliminary injunction hearing. | 0.2 | $1,050 | 210 |
| 654 | 06/28/23 | PMJ | Telephone call with counsel for EUSD to discuss employment complaint investigation interview with clients. | 0.2 | $1,368 | 273.6 |
| 655 | 06/28/23 | PMJ | Review and analyze Meriwether case and update preliminary injunction outline. | 0.6 | $1,368 | 820.8 |
| 656 | 06/28/23 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 657 | 06/28/23 | PMJ | Prepare for preliminary injunction hearing; Review cases; Prepare for meeting with EUSD. | 1.2 | $1,368 | 1641.6 |
| 658 | 06/28/23 | JMT | Meeting with clients to prepare for administrative investigation interviews. | 0.6 | $1,050 | 630 |
| 659 | 06/28/23 | MZ | Continue to review and summarize key cases. | 6.6 | $300 | 1980 |
| 660 | 06/28/23 | NDG | Review clients emails, incident reports and other related evidence of harassment at Rincon. | 0.9 | $1,050 | 945 |
| 661 | 06/28/23 | NDG | Conference call with clients and LiMandri & Jonna LLP regarding client interviews scheduled for 6/29/2023. | 0.5 | $1,050 | 525 |
| 662 | 06/29/23 | PMJ | Travel to and from and attend EUSD interviews of Lori West and Elizabeth Mirabelli; Discuss same with clients. | 4 | $1,368 | 5472 |
| 663 | 06/29/23 | JMT | Review new Supreme Court opinions in Counterman v. Colorado, Students for Fair Admissions v. Harvard, and Groff v. DeJoy; Draft notice of new authority. | 2.6 | $1,050 | 2730 |
| 664 | 06/29/23 | PMJ | E-mail correspondence with clients following EUSD interviews. | 0.2 | $1,368 | 273.6 |
| 665 | 06/29/23 | PMJ | Review cases to prepare for preliminary injunction hearing. | 1.6 | $1,368 | 2188.8 |
| 666 | 06/29/23 | MZ | Continue to review and summarize key cases. | 3.4 | $300 | 1020 |
| 667 | 06/29/23 | CSL | Telephone conference with Mr. Jonna regarding clients' interviews; Emails regarding same. | 0.4 | $1,512 | 604.8 |
| 668 | 06/30/23 | PMJ | Review case law to prepare for preliminary injunction hearing. | 1.2 | $1,368 | 1641.6 |
| 669 | 06/30/23 | JMT | Continue drating notice of supplemental authority; Revise per Mr. Jonna's comments. | 3.6 | $1,050 | 3780 |
| 670 | 06/30/23 | PMJ | Review and revise notice of supplemental authority. | 0.2 | $1,368 | 273.6 |

30

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 671 | 06/30/23 | PMJ | Review transgender cases. | 0.2 | $1,368 | 273.6 |
| 672 | 06/30/23 | PMJ | Prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 673 | 06/30/23 | KD | Review and finalize notice of supplemental authority in support of motion for a preliminary injunction and in opposition to EUSD's motion to dismiss; file with court; e-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 674 | 06/30/23 | JMT | Review journal articles on gender theory. | 0.6 | $1,050 | 630 |
| 675 | 06/30/23 | MZ | Continue to review and summarize key cases. | 4.2 | $300 | 1260 |
| 676 | 07/01/23 | PMJ | Read transgender cases to prepare for preliminary injunction hearing. | 1.2 | $1,368 | 1641.6 |
| 677 | 07/02/23 | PMJ | Read school speech cases to prepare for preliminary injunction hearing. | 1.8 | $1,368 | 2462.4 |
| 678 | 07/02/23 | PMJ | Review Ninth Circuit Court of Appeals school speech cases to prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 679 | 07/06/23 | PMJ | Review and respond to client e-mail correspondence regarding ██████████████. | 0.2 | $1,368 | 273.6 |
| 680 | 07/07/23 | PMJ | Review cases to prepare for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 681 | 07/07/23 | JMT | Listen to Elizabeth Mirabelli employment investigation interview with Attorney Jesse Basel. | 1.2 | $1,050 | 1260 |
| 682 | 07/07/23 | PMJ | Review Ninth Circuit Court of Appeals employee speech cases. | 0.4 | $1,368 | 547.2 |
| 683 | 07/07/23 | JMT | Review new case Willey v. Sweetwater County School District. | 1.8 | $1,050 | 1890 |
| 684 | 07/07/23 | MDM | Review and analysis of case law and analysis forwarded by Mr. Trissell; Discuss same with Mr. Trissell and Mr. Jonna; Forward analysis to Mr. Trissell and Mr. Jonna; Discuss potential supplemental authority with Mr. Trissell and Mr. Jonna. | 1.2 | $1,278 | 1533.6 |
| 685 | 07/10/23 | JMT | Listen to Lori West employment investigation interview by Attorney Jesse Basel of Artiano Shinoff. | 1 | $1,050 | 1050 |
| 686 | 07/10/23 | JMT | Review new Sixth Circuit case L.W. v. Skrmetti. | 0.4 | $1,050 | 420 |
| 687 | 07/10/23 | PMJ | Review and analyze new Sixth Circuit case L.W. v. Skrmetti. | 0.2 | $1,368 | 273.6 |
| 688 | 07/10/23 | PMJ | Review school speech cases to prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 689 | 07/10/23 | PMJ | Review Ninth Circuit Court of Appeals school speech cases. | 0.8 | $1,368 | 1094.4 |
| 690 | 07/10/23 | PMJ | Prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 691 | 07/10/23 | JAY | Research and draft email memorandum regarding federal and state amicus briefing by allied organizations on scope of fundamental right of parental upbringing and application of strict scrutiny as applied to any infringement of same. | 2.4 | $840 | 2016 |

31

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 692 | 07/10/23 | PMJ | Continue reviewing Ninth Circuit Court of Appeals school speech cases to prepare for preliminary injunction hearing. | 1 | $1,368 | 1368 |
| 693 | 07/10/23 | PMJ | Review cases to prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 694 | 07/10/23 | MDM | Review and analysis of L.W. v. Skrmetti case for possible use in this case; Forward evaluation to Mr. Jonna, Mr. LiMandri, Mr. Trissell, and Mr. Weisenburger. | 0.6 | $1,278 | 766.8 |
| 695 | 07/10/23 | CSL | View Podcast on gender ideology on public schools; Emails regarding same; Conference with Mr. Jonna and Mr. Trissell regarding same. | 1.4 | $1,512 | 2116.8 |
| 696 | 07/11/23 | MDM | Review ███████████ brief regarding parental rights and analysis of same forwarded by Mr. Youngkin for possible use in this case; Research and analysis of parental rights issues; Forward analysis to Mr. Trissell, Mr. Youngkin, Mr. Jonna, Mr. LiMandri, and Mr. Weisenburger. | 1.6 | $1,278 | 2044.8 |
| 697 | 07/11/23 | PMJ | Revise outline for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 698 | 07/11/23 | PMJ | Review California privacy cases to prepare for preliminary injunction hearing. | 2.8 | $1,368 | 3830.4 |
| 699 | 07/11/23 | JMT | Multiple conferences with Mr. Jonna to prepare for preliminary injunction hearing; Review long e-mail correspondence from Mr. Youngkin regarding various cases. | 0.6 | $1,050 | 630 |
| 700 | 07/11/23 | CSL | Conference with Mr. Trissell and Mr. Jonna regarding strategy for ██████████████████████████; Review Podcast regarding same. | 1.2 | $1,512 | 1814.4 |
| 701 | 07/11/23 | MZ | Research regarding Supremacy of Rights under the U.S. Constitution v. State Constitution; Draft e-mail summary to Mr. Trissell and Mr. Youngkin regarding same. | 0.6 | $300 | 180 |
| 702 | 07/12/23 | PMJ | Review Ninth Circuit Court of Appeals case law holding ███████████████████████████ | 0.2 | $1,368 | 273.6 |
| 703 | 07/12/23 | PMJ | Review California privacy cases to prepare for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 704 | 07/12/23 | PMJ | Prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 705 | 07/12/23 | JAY | Discuss with Mr. Zavarro his research into ████ ████████████████████████████████ Review memorandum regarding same and reply. | 0.6 | $840 | 504 |
| 706 | 07/12/23 | PMJ | Review parental rights cases to prepare for preliminary injunction hearing. | 1.2 | $1,368 | 1641.6 |

32

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 707 | 07/12/23 | PMJ | Telephone call with clients to discuss preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 708 | 07/12/23 | JMT | Meeting with clients to prepare for hearing. | 0.6 | $1,050 | 630 |
| 709 | 07/12/23 | MDM | Review research materials on transitioning. | 1.4 | $1,278 | 1789.2 |
| 710 | 07/12/23 | MZ | Continue research regarding Supremacy of Rights under the U.S. Constitution v. State Constitution; Continue summarizing same and forward to Mr. Trissell and Mr. Youngkin regarding same. | 0.8 | $300 | 240 |
| 711 | 07/13/23 | PMJ | Review and analyze parental rights cases. | 0.6 | $1,368 | 820.8 |
| 712 | 07/13/23 | PMJ | Review and revise preliminary injunction hearing outline. | 0.4 | $1,368 | 547.2 |
| 713 | 07/13/23 | PMJ | Assess new hearing date and next steps. | 0.4 | $1,368 | 547.2 |
| 714 | 07/13/23 | JMT | Review notice from court continuing preliminary injunction hearing; Conference with Mr. Jonna and Mr. Myers regarding same. | 0.4 | $1,050 | 420 |
| 715 | 07/13/23 | MDM | Receive and review order consolidating and continuing argument on pending motions; Confer with Mr. Jonna and Mr. Trissell regarding rescheduling of hearing on motions and evaluation of this action. | 0.4 | $1,278 | 511.2 |
| 716 | 07/13/23 | PMJ | Telephone calls with Attorney Shinoff and Lori West to discuss status of administrative leave. | 0.4 | $1,368 | 547.2 |
| 717 | 07/13/23 | CSL | Review notice from Court continuing hearing on motion for preliminary injunction; Conference with Mr. Jonna and Mr. Myers regarding same. | 0.4 | $1,512 | 604.8 |
| 718 | 07/13/23 | MZ | Organize key cases binders; Review and summarize cases and forward to Mr. Jonna. | 0.6 | $300 | 180 |
| 719 | 07/14/23 | JMT | Review new Texas v. HHS case. | 0.4 | $1,050 | 420 |
| 720 | 07/15/23 | PMJ | Review and respond to client e-mail correspondence regarding work status and paid leave. | 0.2 | $1,368 | 273.6 |
| 721 | 07/15/23 | MDM | Review and analysis of emails from client's husband and from client regarding ▮▮▮▮▮▮▮▮▮; Forward analysis to Mr. Jonna, Mr. Trissell, and Mr. Brandon. | 0.2 | $1,278 | 255.6 |
| 722 | 07/16/23 | PMJ | E-mail correspondence with client regarding next steps. | 0.2 | $1,368 | 273.6 |
| 723 | 07/17/23 | PMJ | Review and analyze ruling in similar case Regino v Staley. | 0.4 | $1,368 | 547.2 |
| 724 | 07/17/23 | JMT | Review new order Regino v. Staley II. | 0.4 | $1,050 | 420 |
| 725 | 07/18/23 | JMT | Draft opposition to CDE motion to dismiss. | 2.6 | $1,050 | 2730 |
| 726 | 07/19/23 | JMT | Draft opposition to CDE motion to dismiss. | 7 | $1,050 | 7350 |
| 727 | 07/20/23 | JMT | Draft opposition to CDE motion to dismiss. | 5.6 | $1,050 | 5880 |
| 728 | 07/21/23 | JMT | Finalize Jeffrey Trissell declaration in opposition to CDE's motion to dismiss. | 0.4 | $1,050 | 420 |
| 729 | 07/21/23 | JMT | Review further appellate briefing in Kluge v. Brownsburg. | 0.4 | $1,050 | 420 |

33

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 730 | 07/22/23 | JMT | Review numerous text messages from clients with ██████████ ; Amend opposition to CDE motion to dismiss. | 1.4 | $1,050 | 1470 |
| 731 | 07/22/23 | PMJ | Review media articles regarding latest developments in schools with similar policies. | 0.2 | $1,368 | 273.6 |
| 732 | 07/23/23 | PMJ | Review and revise opposition to CDE motion to dismiss. | 0.4 | $1,368 | 547.2 |
| 733 | 07/23/23 | JMT | Work on finalizing opposition to CDE motion to dismiss. | 1 | $1,050 | 1050 |
| 734 | 07/24/23 | JMT | Finalize opposition to CDE motion to dismiss. | 0.8 | $1,050 | 840 |
| 735 | 07/24/23 | MDM | Review emails from Andrew Mirabelli and decision forwarded by same. | 0.6 | $1,278 | 766.8 |
| 736 | 07/25/23 | PMJ | E-mail correspondence with client regarding ████████████████. | 0.2 | $1,368 | 273.6 |
| 737 | 07/25/23 | MDM | Review opposition to CDE motion to dismiss. | 0.8 | $1,278 | 1022.4 |
| 738 | 07/25/23 | PMJ | Review client e-mail correspondence regarding ████████████ ; Discuss same with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 739 | 07/25/23 | PMJ | Telephone call with client to discuss ████ and next steps. | 0.2 | $1,368 | 273.6 |
| 740 | 07/25/23 | NDG | Review Plaintiffs' Memorandum of Points & Authorities in Opposition to CDE Defendants' Motion to Dismiss and Supporting Declaration of Jeffrey M. Trissell, Esq. in support of Plaintiffs' Opposition to CDE Defendants' Motion to Dismiss. | 1.6 | $1,050 | 1680 |
| 741 | 07/27/23 | PMJ | Prepare preliminary injunction hearing outline. | 0.2 | $1,368 | 273.6 |
| 742 | 07/27/23 | MZ | Continue to organize key cases binder; Shepardize cases. | 3.8 | $300 | 1140 |
| 743 | 07/28/23 | MZ | Continue to organize key cases binders. | 1 | $300 | 300 |
| 744 | 07/30/23 | CSL | E-mail correspondence regarding ████████████ education system and the transgender agenda. | 0.4 | $1,512 | 604.8 |
| 745 | 07/31/23 | PMJ | Follow-up e-mail correspondence to opposing counsel regarding status of clients' administrative leave; E-mail correspondence to clients regarding same. | 0.2 | $1,368 | 273.6 |
| 746 | 07/31/23 | PMJ | Telephone call with client regarding status and next steps. | 0.2 | $1,368 | 273.6 |
| 747 | 08/01/23 | PMJ | E-mail correspondence with EUSD regarding status of internal investigations. | 0.2 | $1,368 | 273.6 |
| 748 | 08/01/23 | PMJ | Telephone call with opposing counsel regarding clients' paid administrative leave and next steps. | 0.4 | $1,368 | 547.2 |
| 749 | 08/02/23 | PMJ | Review new case PDE v Olentangy School District. | 0.2 | $1,368 | 273.6 |
| 750 | 08/03/23 | PMJ | E-mail correspondence with clients and opposing counsel regarding return to work issues. | 0.2 | $1,368 | 273.6 |
| 751 | 08/03/23 | PMJ | Telephone call with clients to discuss status and next steps. | 0.6 | $1,368 | 820.8 |
| 752 | 08/03/23 | CSL | Conference with Mr. Jonna regarding client's ████████████. | 0.4 | $1,512 | 604.8 |
| 753 | 08/04/23 | PMJ | Prepare for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 754 | 08/07/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |

34

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 755 | 08/07/23 | PMJ | Discuss preliminary injunction hearing with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 756 | 08/07/23 | CSL | E-mail correspondence regarding Podcast addressing LGTBQ agenda in schools; Review articles regarding same. | 0.6 | $1,512 | 907.2 |
| 757 | 08/10/23 | PMJ | Review and respond to client e-mail correspondence regarding ██████████████████████. | 0.2 | $1,368 | 273.6 |
| 758 | 08/10/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 759 | 08/11/23 | PMJ | Continue preparing for preliminary injunction hearing. | 1 | $1,368 | 1368 |
| 760 | 08/11/23 | PMJ | Prepare for Preliminary injunction hearing | 0.2 | $1,368 | 273.6 |
| 761 | 08/11/23 | PMJ | Review and respond to client e-mail correspondence regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 762 | 08/11/23 | PMJ | Revise outline to prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 763 | 08/14/23 | PMJ | Participate in interactive process with EUSD regarding Mirabelli workplace incident; Telephone calls with client regarding same. | 1.8 | $1,368 | 2462.4 |
| 764 | 08/15/23 | PMJ | Assess media inquiry. | 0.2 | $1,368 | 273.6 |
| 765 | 08/15/23 | PMJ | Continue preparing for preliminary injunction hearing. | 1.4 | $1,368 | 1915.2 |
| 766 | 08/16/23 | JMT | Review CDE reply in support of motion to dismiss; Research and draft response to objection and draft plaintiffs' objection to new reply argument. | 3.2 | $1,050 | 3360 |
| 767 | 08/16/23 | PMJ | Review and analyze CDE defendants' reply in support of motion to dismiss. | 0.4 | $1,368 | 547.2 |
| 768 | 08/16/23 | MDM | Assist Mr. Jonna with preparation for upcoming preliminary injunction hearing. | 0.2 | $1,278 | 255.6 |
| 769 | 08/16/23 | PMJ | Revise preliminary injunction outline and prepare for hearing. | 2.2 | $1,368 | 3009.6 |
| 770 | 08/16/23 | JMT | Conference with Mr. Jonna to prepare for preliminary injunction and motion to dismiss hearing. | 2.4 | $1,050 | 2520 |
| 771 | 08/17/23 | PMJ | Review and revise objection and response to CDE reply brief; Review new legal authority relevant to motion to dismiss. | 0.4 | $1,368 | 547.2 |
| 772 | 08/17/23 | JMT | Finalize response to objection, and reply objection, regarding opposition to CDE motion to dismiss. | 0.2 | $1,050 | 210 |
| 773 | 08/17/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 774 | 08/17/23 | JMT | Work with Mr. Jonna to prepare for preliminary injunction hearing; Further edits to hearing outline. | 2.8 | $1,050 | 2940 |
| 775 | 08/17/23 | JMT | Review EUSD notice of new authority. | 0.2 | $1,050 | 210 |
| 776 | 08/17/23 | KD | Review and finalize response to CDE's objections, objections to CDE reply in support of plaintiffs' opposition to CDE motion to dismiss; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |

35

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 777 | 08/17/23 | NDG | Review Plaintiffs' (1) Response to CDE Defendants' Objections, and (2) Objections to CDE Defendants' Reply, in support of Plaintiffs' Opposition to CDE Defendants' Motion to Dismiss. | 0.4 | $1,050 | 420 |
| 778 | 08/18/23 | JMT | Review new case Hecox v. Little. | 0.6 | $1,050 | 630 |
| 779 | 08/18/23 | PMJ | Review new case Hecox v. Little. | 0.2 | $1,368 | 273.6 |
| 780 | 08/18/23 | MDM | Review notice of filing and docket. | 0.2 | $1,278 | 255.6 |
| 781 | 08/18/23 | JMT | Review CDE's request to strike plaintiffs' objections to their reply in support of motion to dismiss. | 0.2 | $1,050 | 210 |
| 782 | 08/19/23 | PMJ | Revise outline for preliminary injunction hearing. | 1.2 | $1,368 | 1641.6 |
| 783 | 08/19/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 784 | 08/20/23 | PMJ | Revise outline for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 785 | 08/21/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 786 | 08/21/23 | JMT | Prepare with Mr. Jonna for preliminary injunction hearing. | 3.2 | $1,050 | 3360 |
| 787 | 08/21/23 | PMJ | Continued preparation for preliminary injunction hearing. | 1.4 | $1,368 | 1915.2 |
| 788 | 08/21/23 | PMJ | Prepare for preliminary injunction hearing | 1.4 | $1,368 | 1915.2 |
| 789 | 08/21/23 | PMJ | Prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 790 | 08/21/23 | PMJ | Review Eleventh Circuit Court of Appeals reversal of district court's ruling preliminarily enjoining the Alabama youth transition ban. | 0.2 | $1,368 | 273.6 |
| 791 | 08/21/23 | JMT | Review new Eleventh Circuit case Eknes-Tucker v. Alabama Governor. | 0.2 | $1,050 | 210 |
| 792 | 08/21/23 | CSL | Conference with Mr. Jonna regarding new Fourth Circuit Court of Appeals case and moot court; Emails regarding same. | 0.6 | $1,512 | 907.2 |
| 793 | 08/22/23 | PMJ | Continue preparing for preliminary injunction hearing; Participate in moot court. | 3.6 | $1,368 | 4924.8 |
| 794 | 08/22/23 | JMT | Review new Eleventh Circuit case, Ecknes-Tucker v. Governor of Alabama, and draft notice of supplemental authority; Conference with Mr. Jonna regarding same. | 2.2 | $1,050 | 2310 |
| 795 | 08/22/23 | JMT | Conference with Mr. Jonna to continue to prepare for preliminary injunction hearing. | 0.4 | $1,050 | 420 |
| 796 | 08/22/23 | JMT | Attend second moot court. | 1 | $1,050 | 1050 |
| 797 | 08/22/23 | KD | Review and finalize second notice of supplemental authority in support of motion for preliminary injunction; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 798 | 08/22/23 | CSL | Participate in moot court with Mr. Jonna and Mr. Trissell; E-mail correspondence regarding same. | 1 | $1,512 | 1512 |
| 799 | 08/22/23 | NDG | Review Plaintiffs' Second Notice of Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction, and in Opposition to the Motions to Dismiss. | 0.3 | $1,050 | 315 |

36

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 800 | 08/23/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 801 | 08/23/23 | PMJ | Review briefing to prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 802 | 08/24/23 | PMJ | Review complaint to prepare for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 803 | 08/25/23 | JMT | Meeting with Mr. Jonna regarding preliminary injunction hearing. | 0.4 | $1,050 | 420 |
| 804 | 08/25/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 805 | 08/26/23 | PMJ | Review complaint and exhibits to prepare for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 806 | 08/26/23 | PMJ | Review e-mail correspondence from client regarding ███████. | 0.2 | $1,368 | 273.6 |
| 807 | 08/28/23 | JMT | Review order in new case from Missouri, Emily Noe v. Missourri Governor Parson. | 0.2 | $1,050 | 210 |
| 808 | 08/28/23 | JMT | Review complaint in Bonta v. Chino Valley Unified School District and draft notice of related cases. | 1 | $1,050 | 1050 |
| 809 | 08/28/23 | PMJ | Continue preparing for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 810 | 08/29/23 | PMJ | Review draft notice of related case. | 0.2 | $1,368 | 273.6 |
| 811 | 08/29/23 | KD | Review e-mail correspondence from Mr. Trissell regarding notice of related case; Prepare documents for exhibits to same; Finalize same; File with court. | 0.6 | $240 | 144 |
| 812 | 08/29/23 | PMJ | Continue preparing for preliminary injunction hearing. | 5 | $1,368 | 6840 |
| 813 | 08/29/23 | JMT | Edit and finalize notice of related cases. | 0.6 | $1,050 | 630 |
| 814 | 08/29/23 | PMJ | Review notice of related case and send same to client. | 0.2 | $1,368 | 273.6 |
| 815 | 08/29/23 | MDM | Confer with Mr. Jonna regarding oral argument; Review notice of related case. | 0.2 | $1,278 | 255.6 |
| 816 | 08/29/23 | PMJ | Prepare for preliminary injunction hearing and review briefs. | 0.4 | $1,368 | 547.2 |
| 817 | 08/29/23 | JMT | Conference with Mr. Jonna to prepare for preliminary injunction hearing. | 2.8 | $1,050 | 2940 |
| 818 | 08/29/23 | MDM | Confer with Mr. Jonna and Mr. Trissell regarding procedure for tomorrow's hearing; Call to chambers to confirm expected schedule; Assist Mr. Jonna in preparing for tomorrow's hearing. | 0.4 | $1,278 | 511.2 |
| 819 | 08/29/23 | PMJ | Call with clients regarding preliminary injunction hearing | 0.2 | $1,368 | 273.6 |
| 820 | 08/29/23 | CSL | Discuss issues for hearing with Mr. LiMandri. | 0.4 | $1,512 | 604.8 |
| 821 | 08/29/23 | NDG | Review Plaintiffs' Notice of Related Case in Support of Plaintiffs' Motion for a Preliminary Injunction, and in Opposition to the Defendants' Motions to Dismiss. | 0.8 | $1,050 | 840 |
| 822 | 08/30/23 | PMJ | Final preparation for preliminary injunction hearing. | 1.4 | $1,368 | 1915.2 |
| 823 | 08/30/23 | PMJ | Travel to and from and argue motions for preliminary injunction and motions to dismiss in federal court. | 7.8 | $1,368 | 10670 |
| 824 | 08/30/23 | MDM | Confer with Mr. Jonna regarding courtroom logistics. | 0.2 | $1,278 | 255.6 |

37

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 825 | 08/30/23 | REW | Telephone call with Mr. Jonna regarding results of preliminary injunction hearing. | 0.2 | $1,050 | 210 |
| 826 | 08/30/23 | PMJ | Telephone call with Mr. Weisenburger regarding argument recap of preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 827 | 08/30/23 | JMT | Travel to and from and attend full day preliminary injunction hearing. | 7.8 | $1,050 | 8190 |
| 828 | 08/30/23 | CSL | Telephone conference with Mr. Jonna regarding hearing on motion for preliminary injunction; Emails and text messages regarding same. | 1.4 | $1,512 | 2116.8 |
| 829 | 08/31/23 | JMT | Review media on preliminary injunction hearing. | 0.2 | $1,050 | 210 |
| 830 | 08/31/23 | JMT | Review e-mail correspondence from clerk requesting courtesy copy of complaint; E-mail to Ms. Denworth regarding same. | 0.2 | $1,050 | 210 |
| 831 | 08/31/23 | JMT | Review e-mail correspondence from Ms. Denworth regarding expedited copy of hearing transcript. | 0.2 | $1,050 | 210 |
| 832 | 08/31/23 | KD | Telephone call and e-mail correspondence to court reporter regarding expediting transcript of motion preliminary injunction/motion to dismiss hearing. | 0.2 | $240 | 48 |
| 833 | 08/31/23 | PMJ | Hearing recap and discuss next steps with Mr. Myers. | 0.2 | $1,368 | 273.6 |
| 834 | 08/31/23 | CSL | Review articles on hearing in Federal court and other similar situations. | 0.4 | $1,512 | 604.8 |
| 835 | 09/01/23 | JMT | Review emails from ███████████ regarding California v. Chino, and respond, ████████████ ███████████████ . | 0.2 | $1,050 | 210 |
| 836 | 09/01/23 | PMJ | Assess Amicus brief in California v. Chino Valley Unified School District. | 0.4 | $1,368 | 547.2 |
| 837 | 09/01/23 | PMJ | Telephone call with ███████████ office regarding Chino case. | 0.2 | $1,368 | 273.6 |
| 838 | 09/01/23 | MDM | Review and respond to Mr. Trissell e-mail correspondence regarding temporary restraining order hearing in China Valley School District case; Confer with Mr. Jonna and Mr. Trissell regarding ██████ ████████████ ; Conference call to counsel for Chino. | 0.6 | $1,278 | 766.8 |
| 839 | 09/01/23 | PMJ | Hearing recap with Peter Breen. | 0.2 | $1,368 | 273.6 |
| 840 | 09/01/23 | PCB | Hearing recap. | 0.2 | $1,368 | 273.6 |
| 841 | 09/01/23 | JMT | Draft potential Amicus curiae brief to file in California v. Chino Valley Unified School District; Emails with counsel in same regarding connecting with expert witnesses. | 4.8 | $1,050 | 5040 |
| 842 | 09/01/23 | PMJ | Review and analyze draft Amicus brief. | 0.2 | $1,368 | 273.6 |
| 843 | 09/01/23 | CSL | Conference with Mr. Trissell regarding filing Amicus brief in Chino Unified case; E-mail correspondence regarding same. | 0.6 | $1,512 | 907.2 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|-----|------|-------|-------------|-----|------|------|
| 844 | 09/02/23 | CSL | Review and revise Amicus brief in California v. Chino case; E-mail correspondence regarding same. | 0.6 | $1,512 | 907.2 |
| 845 | 09/03/23 | PMJ | E-mail correspondence with clients regarding ███ ████████████████████████. | 0.2 | $1,368 | 273.6 |
| 846 | 09/03/23 | JMT | Edit ex parte application for leave to file Amicus Curiae brief. | 1.4 | $1,050 | 1470 |
| 847 | 09/03/23 | CSL | E-mail correspondence with Mr. Trissell regarding Amicus brief. | 0.4 | $1,512 | 604.8 |
| 848 | 09/04/23 | PMJ | Review and revise Amicus brief in Chino action. | 0.4 | $1,368 | 547.2 |
| 849 | 09/04/23 | MDM | Confer via e-mail correspondence with Mr. Jonna regarding advisability of filing Amicus brief in California v. Chino Valley Unified School District; Review proposed brief and send analysis to Mr. Jonna. | 0.8 | $1,278 | 1022.4 |
| 850 | 09/05/23 | PMJ | Assess next steps with Chino litigation and Amicus brief. | 0.6 | $1,368 | 820.8 |
| 851 | 09/05/23 | PMJ | Review and revise ex parte application to file Amicus brief. | 0.2 | $1,368 | 273.6 |
| 852 | 09/05/23 | JMT | Telephone calls with Mr. Jonna and Ms. Denworth regarding Amici Curiae brief; Edits to same; Provide ex parte notice to parties in Bonta v. Chino; Finalize same. | 3 | $1,050 | 3150 |
| 853 | 09/05/23 | PMJ | Assess filing and next steps with Chino case. | 0.6 | $1,368 | 820.8 |
| 854 | 09/05/23 | MDM | Various e-mail correspondence with team regarding filing of Amicus brief in San Bernardino Superior Court. | 0.2 | $1,278 | 255.6 |
| 855 | 09/05/23 | KD | Review e-mail correspondence from Mr. Trissell regarding filing of amicus brief in Chino case; Telephone call to department Clerk regarding ex parte application hearing date. | 0.2 | $240 | 48 |
| 856 | 09/05/23 | KD | Prepare proof of service for ex parte application for leave to file Amici Curiae brief in opposition to California's application for a temporary restraining order, declaration of Paul Jonna, and proposed order in the People of the State of California v. Chino Valley Unified School District case; Review and finalize same; Research court docket for counsel for Chino Valley Unified School District; E-mail correspondence to attorney service with same for rush filing. | 0.8 | $240 | 192 |
| 857 | 09/05/23 | KD | Review e-mail correspondence from Attorney Dixon from the Center for American Liberty with intervenors' ex parte application to intervene, opposition to ex parte application for temporary restraining order, and answer to complaint; Review same for filing with court; E-mail correspondence to attorney service with same for rush filing. | 0.6 | $240 | 144 |
| 858 | 09/05/23 | JMT | Review temporary restraining order briefing by Chino Valley Unified School District and Center for American Liberty in Bonta v. Chino. | 0.8 | $1,050 | 840 |
| 859 | 09/05/23 | PMJ | Review Chino brief. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 860 | 09/05/23 | JMT | Research regarding scheduling remote appearance for Mr. Jonna in the Bonta v. Chino Valley Unified case. | 0.2 | $1,050 | 210 |
| 861 | 09/05/23 | PMJ | Telephone call with clients regarding ███████, ████, and next steps. | 0.8 | $1,368 | 1094.4 |
| 862 | 09/05/23 | JMT | Conference with Mr. Jonna regarding Elizabeth Mirabelli's concerns regarding ███████; Forward Amicus Curiae brief to clients. | 0.2 | $1,050 | 210 |
| 863 | 09/05/23 | PMJ | Review Bonta's brief in the California v. Chino case. | 0.2 | $1,368 | 273.6 |
| 864 | 09/05/23 | JMT | Review opposition to application for leave to file Amicus brief in Californiav. Chino. | 0.4 | $1,050 | 420 |
| 865 | 09/05/23 | PMJ | Telephone call with █████████████ ████ regarding Chino case. | 0.2 | $1,368 | 273.6 |
| 866 | 09/05/23 | CSL | E-mail correspondence regarding ex parte notice requesting leave to file Amicus brief; Telephone conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 867 | 09/06/23 | JMT | Review news article on hearing in Bonta v. Chino Valley Unified School District. | 0.2 | $1,050 | 210 |
| 868 | 09/06/23 | PMJ | Review press release regarding ruling in Chino case. | 0.2 | $1,368 | 273.6 |
| 869 | 09/06/23 | JMT | Review California's reply brief in Bonta v. Chino; Telephone call with █████████ regarding hearing. | 0.4 | $1,050 | 420 |
| 870 | 09/06/23 | PMJ | Telephone call with ██████████████ regarding Chino hearing. | 0.2 | $1,368 | 273.6 |
| 871 | 09/06/23 | CSL | Review e-mail correspondence regarding result of temporary restraining order hearing in California v. Chino. | 0.4 | $1,512 | 604.8 |
| 872 | 09/07/23 | PMJ | Review Tony Thurmond interview regarding parental notification policies. | 0.2 | $1,368 | 273.6 |
| 873 | 09/07/23 | PMJ | Review minute order in Bonta v. Chino Valley Unified School District case. | 0.2 | $1,368 | 273.6 |
| 874 | 09/07/23 | JMT | Draft third notice of supplemental authority in support of motion for preliminary injunction. | 1.2 | $1,050 | 1260 |
| 875 | 09/07/23 | PMJ | Review and revise third notice of supplemental authority in support of motion for preliminary injunction. | 0.4 | $1,368 | 547.2 |
| 876 | 09/07/23 | MDM | Review and evaluate third notice of supplemental authority in support of motion for preliminary injunction regarding temporary restraining order issued in Chino case; Confer with Mr. Jonna and Mr. Trissell regarding same. | 0.4 | $1,278 | 511.2 |
| 877 | 09/08/23 | PMJ | Review final order in Chino case. | 0.2 | $1,368 | 273.6 |
| 878 | 09/08/23 | PMJ | E-mail correspondence to court reporter for Chino case seeking copy of temporary restraining order transcript. | 0.2 | $1,368 | 273.6 |
| 879 | 09/08/23 | PMJ | Review transcript from temporary restraining order hearing in Chino case. | 0.2 | $1,368 | 273.6 |

40

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 880 | 09/08/23 | JMT | Respond to Tom Brejcha's emails regarding preliminary injunction hearing in Mirabelli v. Olson. | 0.2 | $1,050 | 210 |
| 881 | 09/08/23 | CSL | Review and analysis of excerpts of transcript of temporary restraining order hearing; Emails regarding same. | 0.6 | $1,512 | 907.2 |
| 882 | 09/09/23 | PMJ | Review excerpts of preliminary injunction hearing in Mirabelli case. | 0.2 | $1,368 | 273.6 |
| 883 | 09/09/23 | PMJ | Assess gender identity policies at ███████████ ████████. | 0.2 | $1,368 | 273.6 |
| 884 | 09/11/23 | REW | Review excerpts of transcript from preliminary injunction hearing. | 0.6 | $1,050 | 630 |
| 885 | 09/11/23 | JAY | Review key excerpts from transcript of oral argument on hearing of state's motion to dismiss and plaintiffs' motion for preliminary injunction. | 0.8 | $840 | 672 |
| 886 | 09/11/23 | MDM | Review and evaluate quotations from preliminary injunction hearing transcript and response by Mr. Weisenburger; Review emails from client, and court notice of filing. | 0.4 | $1,278 | 511.2 |
| 887 | 09/11/23 | JMT | Review transcript of temporary restraining order hearing in Bonta v. Chino Valley Unified School District. | 1.8 | $1,050 | 1890 |
| 888 | 09/11/23 | PMJ | Review temporary restraining order transcript in Bonta v. Chino Valley Unified School District. | 0.4 | $1,368 | 547.2 |
| 889 | 09/11/23 | PMJ | Review and revise notice of new authority regarding Chino case. | 0.2 | $1,368 | 273.6 |
| 890 | 09/11/23 | KD | Review and finalize third notice of supplemental authority in support of motion for preliminary injunction; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 891 | 09/11/23 | NDG | Review Plaintiffs' Third Notice of Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction, and in Opposition to the Motions to Dismiss. | 1 | $1,050 | 1050 |
| 892 | 09/12/23 | JMT | Collect material from case to send to ███████████ ███████████. | 0.4 | $1,050 | 420 |
| 893 | 09/13/23 | PMJ | Telephone call with clients to prepare for ████████ ██████ interview. | 0.4 | $1,368 | 547.2 |
| 894 | 09/13/23 | JMT | Review new FCA v. SJUSD Ninth Circuit en banc opinion; Draft fourth notice of new authority. | 3 | $1,050 | 3150 |
| 895 | 09/13/23 | PMJ | Review FCA v. SJUSD Ninth Circuit en banc opinion. | 0.4 | $1,368 | 547.2 |
| 896 | 09/13/23 | REW | Review recent free exercise and free speech case Fellowship of Christian Athletes v. San Jose Unified School District issued by the Ninth Circuit Court of Appeals. | 0.4 | $1,050 | 420 |
| 897 | 09/13/23 | PMJ | Review Fellowship of Christian Athletes v. San Jose Unified School District case; Review draft fourth notice of supplemental authority. | 0.2 | $1,368 | 273.6 |

41

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 898 | 09/13/23 | PMJ | Review and revise fourth notice of new authority. | 0.4 | $1,368 | 547.2 |
| 899 | 09/13/23 | KD | Review and finalize fourth notice of supplemental authority in support of motion for preliminary injunction; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 900 | 09/13/23 | NDG | Review Plaintiffs' Fourth Notice of Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction, and in Opposition to the Motions to Dismiss. | 0.3 | $1,050 | 315 |
| 901 | 09/14/23 | MDM | Review Ninth Circuit's en banc opinion in FCA v. San Jose USD and e-mail correspondence forwarded by Mr. Trissell with analysis; Evaluate for possible use in cases. | 0.6 | $1,278 | 766.8 |
| 902 | 09/14/23 | PMJ | Prepare for and participate in ███████████ interview regarding status of case. | 1 | $1,368 | 1368 |
| 903 | 09/14/23 | REW | Review order granting preliminary injunction and denying motion to dismiss. | 0.2 | $1,050 | 210 |
| 904 | 09/14/23 | MDM | Review and evaluate order denying motions to dismiss and granting preliminary injunction and confer with team regarding same. | 0.6 | $1,278 | 766.8 |
| 905 | 09/14/23 | PMJ | Review and analyze ruling granting preliminary injunction; Discuss same with clients. | 1 | $1,368 | 1368 |
| 906 | 09/14/23 | JMT | Receive and review ruling on motion for a preliminary injunction and motions to dismiss. | 1.2 | $1,050 | 1260 |
| 907 | 09/14/23 | JMT | Edit press release on preliminary injunction win. | 0.2 | $1,050 | 210 |
| 908 | 09/14/23 | PMJ | Review and revise draft press release. | 0.2 | $1,368 | 273.6 |
| 909 | 09/14/23 | JAY | Review 36 page memorandum in support of order granting preliminary injunction and denying motions to dismiss by state and district. | 1.2 | $840 | 1008 |
| 910 | 09/14/23 | JMT | Telephone call with Dr. Anderson regarding preliminary injunction ruling. | 0.4 | $1,050 | 420 |
| 911 | 09/14/23 | JAY | Review decision in Fellowship of Christian Athletes v. San Jose Unified School District to reverse the district court's denial of FCA's motion for a preliminary injunction. | 1.2 | $840 | 1008 |
| 912 | 09/14/23 | PMJ | Press interviews; E-mail correspondence and text messages regarding same. | 0.8 | $1,368 | 1094.4 |
| 913 | 09/14/23 | PMJ | Telephone call with opposing counsel regarding clients returning to work. | 0.2 | $1,368 | 273.6 |
| 914 | 09/14/23 | PMJ | Prepare for and participate in ███ interview. | 0.8 | $1,368 | 1094.4 |
| 915 | 09/14/23 | PMJ | Prepare social media posts regarding victory; Review media. | 0.8 | $1,368 | 1094.4 |
| 916 | 09/14/23 | CSL | Review order on preliminary injunction; Conference with Mr. Jonna regarding same; Review press release; E-mail correspondence regarding same. | 1.2 | $1,512 | 1814.4 |

42

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 917 | 09/14/23 | PCB | Review 36 page memorandum in support of order granting preliminary injunction and denying motions to dismiss by state and district. | 1.2 | $1,368 | 1641.6 |
| 918 | 09/14/23 | JMM | Review 36 page memorandum in support of order granting preliminary injunction and denying motions to dismiss by state and district. | 1.2 | $1,368 | 1641.6 |
| 919 | 09/14/23 | MGM | Review 36 page memorandum in support of order granting preliminary injunction and denying motions to dismiss by state and district. | 1.2 | $1,050 | 1260 |
| 920 | 09/15/23 | PMJ | Review client e-mail correspondence regarding ████ ████████. | 0.2 | $1,368 | 273.6 |
| 921 | 09/15/23 | PMJ | Travel to and from and attend ████ interview; Telephone calls and e-mail correspondence regarding multiple other interviews. | 2.4 | $1,368 | 3283.2 |
| 922 | 09/15/23 | PMJ | Coordinate multiple media interviews. | 0.8 | $1,368 | 1094.4 |
| 923 | 09/15/23 | MDM | Review analysis forwarded by Mr. Trissell regarding amendment and extension of time to answer; Send additional analysis in response, including ████ ████. | 0.8 | $1,278 | 1022.4 |
| 924 | 09/15/23 | PMJ | Assess amending complaint and next steps. | 0.2 | $1,368 | 273.6 |
| 925 | 09/15/23 | JMT | Research into next steps, including amending complaint. | 5.6 | $1,050 | 5880 |
| 926 | 09/15/23 | PMJ | Assess amending complaint and next steps. | 0.2 | $1,368 | 273.6 |
| 927 | 09/15/23 | MDM | Travel to and from and attend lunch meeting with clients and discuss case; View news broadcast with client regarding the case and the Judge's order. | 2.2 | $1,278 | 2811.6 |
| 928 | 09/15/23 | JMT | Review timeslips and begin drafting letter to opposing counsel regarding next steps. | 0.4 | $1,050 | 420 |
| 929 | 09/15/23 | PMJ | Client lunch meeting and multiple media interviews. | 3.6 | $1,368 | 4924.8 |
| 930 | 09/15/23 | PMJ | Meeting with client regarding ████ interview. | 0.2 | $1,368 | 273.6 |
| 931 | 09/15/23 | KD | Exchange e-mail correspondence with co-counsel regarding invoices and excel spreadsheet of same. | 0.4 | $240 | 96 |
| 932 | 09/15/23 | KD | Prepare attorneys' fees and costs chart; E-mail correspondence to Mr. Trissell with same. | 0.4 | $240 | 96 |
| 933 | 09/15/23 | CSL | View media coverage on case; Conference with client regarding ████████. | 0.6 | $1,512 | 907.2 |
| 934 | 09/15/23 | NDG | Review Judge Benitez's decision on the motion to dismiss and preliminary injunction. | 1 | $1,050 | 1050 |
| 935 | 09/16/23 | PMJ | Draft letter to Attorney Shinoff regarding employment status of clients. | 0.4 | $1,368 | 547.2 |
| 936 | 09/16/23 | PMJ | Travel to and from and attend second ████ interview; Multiple e-mail correspondence regarding media. | 1.8 | $1,368 | 2462.4 |
| 937 | 09/17/23 | PMJ | Draft media statements regarding federal court win. | 0.4 | $1,368 | 547.2 |
| 938 | 09/18/23 | PMJ | Review client e-mail correspondence regarding ████ ████████. | 0.4 | $1,368 | 547.2 |

43

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 939 | 09/18/23 | PMJ | E-mail correspondence with clients regarding ██████ ███████████. | 0.2 | $1,368 | 273.6 |
| 940 | 09/18/23 | PMJ | Multiple e-mail correspondence and telephone calls regarding media. | 0.6 | $1,368 | 820.8 |
| 941 | 09/18/23 | PMJ | Telephone call with Attorney Grissom regarding case status. | 0.2 | $1,368 | 273.6 |
| 942 | 09/18/23 | PMJ | Telephone call with clients regarding ██████ and next steps. | 0.2 | $1,368 | 273.6 |
| 943 | 09/18/23 | PMJ | ██████ media interview. | 0.4 | $1,368 | 547.2 |
| 944 | 09/18/23 | PMJ | Interviews with ██████ and ███. | 0.8 | $1,368 | 1094.4 |
| 945 | 09/18/23 | MDM | Review news releases regarding case. | 0.2 | $1,278 | 255.6 |
| 946 | 09/18/23 | JMT | Draft two letters to be sent to opposing counsel regarding clients' paid administrative leave and regarding next steps in the litigation. | 2.4 | $1,050 | 2520 |
| 947 | 09/18/23 | PMJ | Review and revise letter to EUSD and CDE regarding clients returning to work and litigation status. | 0.6 | $1,368 | 820.8 |
| 948 | 09/18/23 | KD | Review and finalize correspondence regarding next steps in the litigation; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 949 | 09/18/23 | KD | Review and finalize correspondence to opposing counsel regarding employment status of clients; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 950 | 09/18/23 | PMJ | Finalize letters to Attorney Shinoff regarding next steps. | 0.2 | $1,368 | 273.6 |
| 951 | 09/18/23 | MDM | Continue reviewing and evaluating order granting motion for preliminary injunction. | 0.4 | $1,278 | 511.2 |
| 952 | 09/18/23 | PMJ | Draft comment for Daily Signal. | 0.2 | $1,368 | 273.6 |
| 953 | 09/18/23 | CSL | Review letter to opposing counsel regarding amending complaint, disclosures, and potential stipulated judgment. | 0.4 | $1,512 | 604.8 |
| 954 | 09/19/23 | PMJ | Review media regarding case. | 0.4 | $1,368 | 547.2 |
| 955 | 09/19/23 | MDM | Review e-mail correspondence sent to our clients from School District and discuss same with Mr. Trissell. | 0.2 | $1,278 | 255.6 |
| 956 | 09/19/23 | JMT | Assist Mr. Jonna with preparing for TMS webinar. | 0.2 | $1,050 | 210 |
| 957 | 09/20/23 | PMJ | Review media article concerning impact of preliminary injunction ruling. | 0.2 | $1,368 | 273.6 |
| 958 | 09/20/23 | JMT | Review media on case. | 0.2 | $1,050 | 210 |
| 959 | 09/20/23 | PMJ | E-mail correspondence with counsel regarding deadline to respond to complaint; E-mail correspondence and telephone calls regarding multiple media inquiries. | 0.4 | $1,368 | 547.2 |
| 960 | 09/20/23 | PMJ | Telephone calls with ██████████████ regarding 5145.3 policies and next steps regarding parental notification policies. | 0.6 | $1,368 | 820.8 |
| 961 | 09/20/23 | PMJ | Review letter from State defendants regarding motion to dismiss. | 0.2 | $1,368 | 273.6 |

44

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 962 | 09/20/23 | PMJ | Participate in ▮▮▮▮▮ radio interview regarding case. | 0.4 | $1,368 | 547.2 |
| 963 | 09/20/23 | JMT | Review letter from the CDE regarding successive Rule 12(b)(6) motion; Telephone call with Mr. Jonna regarding research into same; E-mail correspondence to team regarding same. | 1 | $1,050 | 1050 |
| 964 | 09/20/23 | CSL | Review articles on case; E-mail correspondence regarding media interviews; Telephone conference with ▮ ▮▮▮▮▮▮; Conference with Mr. Jonna regarding same. | 0.8 | $1,512 | 1209.6 |
| 965 | 09/21/23 | PMJ | Assess next steps regarding amended complaint and motions to dismiss; E-mail correspondence with opposing counsel regarding same. | 0.4 | $1,368 | 547.2 |
| 966 | 09/21/23 | JMT | Conference with Mr. Jonna and Mr. Myers regarding CDE's second motion to dismiss. | 0.4 | $1,050 | 420 |
| 967 | 09/21/23 | JMT | Begin drafting first amended complaint. | 0.2 | $1,050 | 210 |
| 968 | 09/21/23 | PMJ | E-mail correspondence with opposing counsel regarding proposed amended complaint and meet and confer regarding motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 969 | 09/21/23 | MDM | Confer with Mr. Jonna and Mr. Trissell regarding amendment of complaint and state defendants' proposed new motion to dismiss; Prepare for meet-and-confer telephone conference. | 0.6 | $1,278 | 766.8 |
| 970 | 09/21/23 | JMT | Begin drafting first amended complaint. | 0.8 | $1,050 | 840 |
| 971 | 09/21/23 | KD | Review e-mail correspondence from co-counsel with invoices and excel spreadsheet of same; E-mail correspondence to Mr. Trissell with same. | 0.2 | $240 | 48 |
| 972 | 09/21/23 | JMT | Respond to Andrew Mirabelli's e-mail correspondence regarding ▮▮▮▮▮▮. | 0.4 | $1,050 | 420 |
| 973 | 09/22/23 | PMJ | E-mail correspondence with counsel for EUSD regarding meet and confer conference call; E-mail correspondence with clients regarding next steps. | 0.2 | $1,368 | 273.6 |
| 974 | 09/22/23 | PMJ | Review Wall Street Journal coverage regarding case. | 0.2 | $1,368 | 273.6 |
| 975 | 09/22/23 | JMT | Continue working on first amended complaint. | 5.2 | $1,050 | 5460 |
| 976 | 09/22/23 | JMT | Telephone call with Emily Rae of Liberty Justice Center, representing Chino Valley Unified School District; E-mail correspondence regarding same. | 0.4 | $1,050 | 420 |
| 977 | 09/22/23 | PMJ | Telephone call with Attorney Rae of Liberty Justice Center for Chino regarding preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 978 | 09/22/23 | PMJ | Conference call with opposing counsel to meet and confer regarding Rule 12(b)(6) motion. | 0.6 | $1,368 | 820.8 |
| 979 | 09/22/23 | PMJ | Review and revise e-mail correspondence to opposing counsel regarding inappropriateness of successive motion to dismiss. | 0.2 | $1,368 | 273.6 |

45

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 980 | 09/22/23 | JMT | Meet and confer with the CDE attorneys regarding their proposed successive motion to dismiss; Draft e-mail correspondence in response documenting what was said. | 1.2 | $1,050 | 1260 |
| 981 | 09/22/23 | MDM | Confer with Mr. Jonna and Mr. Trissell regarding telephone conference with opposing counsel, possibility of amendment, and appropriate response should state defendants seek reconsideration of the court's order. | 0.6 | $1,278 | 766.8 |
| 982 | 09/23/23 | PMJ | Review CBN coverage on case. | 0.2 | $1,368 | 273.6 |
| 983 | 09/23/23 | MDM | View interview of client Lori West and Mr. Jonna regarding this case. | 0.4 | $1,278 | 511.2 |
| 984 | 09/25/23 | JMT | Continue working on first amended complaint. | 4.2 | $1,050 | 4410 |
| 985 | 09/25/23 | JMT | Participate in meet and confer telephone call with CDE regarding extension of time to answer. | 0.4 | $1,050 | 420 |
| 986 | 09/25/23 | PMJ | Meet and confer conference call with counsel for State defendants regarding amended complaint and stipulation. | 0.2 | $1,368 | 273.6 |
| 987 | 09/25/23 | JMT | Draft stipulation to extend time to answer complaint. | 1 | $1,050 | 1050 |
| 988 | 09/25/23 | CSL | E-mail correspondence on ███████████████ ██████████████. | 0.4 | $1,512 | 604.8 |
| 989 | 09/26/23 | PMJ | Review draft stipulation regarding extension of time to answer complaint. | 0.2 | $1,368 | 273.6 |
| 990 | 09/26/23 | PMJ | Review and revise draft redline of amended complaint. | 0.6 | $1,368 | 820.8 |
| 991 | 09/26/23 | JMT | Review and respond to e-mail correspondence from Mr. Jonna regarding telephone call from ████████ ████████████████████. | 0.4 | $1,050 | 420 |
| 992 | 09/26/23 | JMT | Review and respond to e-mail correspondence from Dr. Anderson with copy of Microsoft Word version of declaration. | 0.2 | $1,050 | 210 |
| 993 | 09/26/23 | JMT | Conference with Mr. Jonna regarding decision to not amend complaint; Emails to opposing counsel. | 1 | $1,050 | 1050 |
| 994 | 09/26/23 | PMJ | Assess amending complaint and next steps; Telephone calls with Attorney Shinoff and clients. | 0.4 | $1,368 | 547.2 |
| 995 | 09/26/23 | PMJ | E-mail correspondence with opposing counsel regarding Lori West's work status. | 0.2 | $1,368 | 273.6 |
| 996 | 09/26/23 | PMJ | Review e-mail correspondence from Elizabeth Mirabelli regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 997 | 09/26/23 | PMJ | Review Attorney General press release on preliminary injunction order. | 0.2 | $1,368 | 273.6 |
| 998 | 09/26/23 | CSL | Review press release from Attorney General Bonta; Review Attorney Bonta's guideline letter on preliminary injunction order; Emails regarding same. | 0.6 | $1,512 | 907.2 |
| 999 | 09/27/23 | PMJ | Draft statement in response to Attorney General Bonta press release. | 1.2 | $1,368 | 1641.6 |

46

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1000 | 09/27/23 | PMJ | Telephone calls with TMS regarding response to Attorney General Bonta press release. | 0.4 | $1,368 | 547.2 |
| 1001 | 09/27/23 | JMT | Edit Open Letter to Attorney General Bonta regarding his "guidance" to school districts; Legal research for same. | 3 | $1,050 | 3150 |
| 1002 | 09/27/23 | PMJ | Review and revise press release regarding Attorney General Bonta statement; Telephone calls and e-mail correspondence regarding same; Telephone conference with CDE regarding stipulation to extend time to answer complaint. | 1 | $1,368 | 1368 |
| 1003 | 09/27/23 | JMT | Finalize joint ex parte application for extension of time for defendants to respond to complaint. | 0.4 | $1,050 | 420 |
| 1004 | 09/27/23 | PMJ | E-mail correspondence with team regarding Attorney General Bonta's press release and our public response. | 0.2 | $1,368 | 273.6 |
| 1005 | 09/27/23 | JMT | Conference with Mr. Jonna regarding updating and re-filing Amicus brief in the Chino case. | 0.2 | $1,050 | 210 |
| 1006 | 09/27/23 | KD | Review and finalize joint ex parte application for extension of time for defendants to respond to complaint and order; File with Court; E-mail correspondence to Judge Benitez with proposed order; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1007 | 09/27/23 | PMJ | Interview with ▮▮▮▮▮▮ regarding case. | 0.4 | $1,368 | 547.2 |
| 1008 | 09/27/23 | PMJ | Edit draft press release and letter responding to Attorney General Bonta. | 0.2 | $1,368 | 273.6 |
| 1009 | 09/27/23 | MDM | Confer with Mr. Trissell regarding possible Amicus brief in Chino case; Review and evaluate letter by Mr. Jonna regarding Attorney General's guidance to school districts and news coverage of same. | 0.6 | $1,278 | 766.8 |
| 1010 | 09/27/23 | JMT | Review article regarding open letter issued to Attorney General Bonta. | 0.2 | $1,050 | 210 |
| 1011 | 09/27/23 | CSL | Review and revise press release responding to Attorney General Bonta; E-mail correspondence regarding same. | 0.6 | $1,512 | 907.2 |
| 1012 | 09/28/23 | JMT | Review docket of Chino Valley case to see whether Amicus brief could be re-filed. | 0.2 | $1,050 | 210 |
| 1013 | 09/28/23 | JMT | Update Amicus brief in Chino Valley Unified for re-filing. | 3.8 | $1,050 | 3990 |
| 1014 | 09/28/23 | MDM | Review joint motion to extend time for defendants to answer and court's order granting same. | 0.2 | $1,278 | 255.6 |
| 1015 | 09/28/23 | PMJ | Review e-mail correspondence from Attorney Shinoff regarding clients; Discuss ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮. | 0.4 | $1,368 | 547.2 |
| 1016 | 09/28/23 | CSL | Review article in response to Bonta's "guidelines" interpreting the preliminary injunction order. | 0.6 | $1,512 | 907.2 |
| 1017 | 09/29/23 | PMJ | E-mail correspondence with TMS regarding Daily Journal Open Letter Request. | 0.2 | $1,368 | 273.6 |

47

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1018 | 09/29/23 | PMJ | E-mail correspondence with opposing counsel regarding Lori West investigation. | 0.2 | $1,368 | 273.6 |
| 1019 | 09/29/23 | PMJ | Review and revise Amicus brief in the case of People v. Chino Valley Unified. | 0.2 | $1,368 | 273.6 |
| 1020 | 09/29/23 | JMT | Edits to Amicus brief in Chino Valley case. | 2.6 | $1,050 | 2730 |
| 1021 | 09/29/23 | PMJ | E-mail correspondence with opposing counsel regarding next steps regarding Lori West. | 0.2 | $1,368 | 273.6 |
| 1022 | 09/29/23 | PMJ | Review note of thanks from EUSD supporter. | 0.2 | $1,368 | 273.6 |
| 1023 | 09/29/23 | PMJ | Review and revise Chino Valley Unified Amicus brief ex parte application. | 0.4 | $1,368 | 547.2 |
| 1024 | 09/30/23 | PMJ | Review Sixth Circuit win for parents against transgender policies at school. | 0.2 | $1,368 | 273.6 |
| 1025 | 10/01/23 | JMT | Review new LW v. Skrmetti case from Sixth Circuit. | 1 | $1,050 | 1050 |
| 1026 | 10/02/23 | JMT | Edit first amended complaint with citations to LW v. Skrmetti, and Parents Defending Education. | 0.2 | $1,050 | 210 |
| 1027 | 10/02/23 | JMT | Finalize Amicus brief in People v. Chino Valley Unified. | 0.2 | $1,050 | 210 |
| 1028 | 10/02/23 | JMT | Review voluminous emails exchanged regarding Lori West returning to work; Conference with Mr. Jonna regarding same; E-mail correspondence to Attorney Coughlin and Lori West introducing each other. | 0.6 | $1,050 | 630 |
| 1029 | 10/02/23 | PMJ | Telephone calls and e-mail correspondence with Andrew Mirabelli regarding ███████████████ and next steps; Discuss Lori West employment and investigation status with Attorney Coughlin, Mr. LiMandri, and Mr. Trissell; E-mail correspondence with EUSD regarding same. | 1.6 | $1,368 | 2188.8 |
| 1030 | 10/02/23 | CSL | E-mail correspondence regarding administrative complaint against client and investigation; Telephone conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 1031 | 10/02/23 | KD | Review and finalize ex parte application for leave to file Amici curiae brief in opposition to OSC re: preliminary injunction and supporting documents; E-mail correspondence to attorney service with instructions for filing in San Bernardino court; E-mail correspondence to opposing counsel with same. | 0.6 | $240 | 144 |
| 1032 | 10/02/23 | FJC | Telephone conference with Paul Jonna; email from Jeff Trissell; begin review of complaint. | 1.5 | $1,050 | 1575 |
| 1033 | 10/03/23 | JMT | Review lengthy e-mail correspondence from Elizabeth Mirabelli regarding ███████████. | 0.2 | $1,050 | 210 |
| 1034 | 10/03/23 | JMT | Review lengthy e-mail correspondence from Lori West regarding ███████████████. | 0.2 | $1,050 | 210 |
| 1035 | 10/03/23 | JMT | Review preliminary injunction opposition papers in Chino Valley Unified case. | 0.2 | $1,050 | 210 |

48

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1036 | 10/03/23 | JMT | Telephone call with Mr. Jonna regarding Elizabeth Mirabelli's employment status; E-mail correspondence to Attorney Coughlin regarding same. | 0.4 | $1,050 | 420 |
| 1037 | 10/03/23 | PMJ | Assess next steps with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 1038 | 10/03/23 | CSL | E-mail correspondence regarding clients' return to work; Conference with Mr. Trissell regarding same. | 0.4 | $1,512 | 604.8 |
| 1039 | 10/03/23 | FJC | Review file and email from client. | 3.5 | $1,050 | 3675 |
| 1040 | 10/04/23 | PMJ | Review Chino Valley opposition to preliminary injunction in Bonta v. Chino Valley. | 0.2 | $1,368 | 273.6 |
| 1041 | 10/04/23 | PMJ | Assess next steps regarding amended complaint and Lori and Elizabeth's return to work. | 0.2 | $1,368 | 273.6 |
| 1042 | 10/04/23 | PMJ | Review ruling from Kettle Moraine case. | 0.2 | $1,368 | 273.6 |
| 1043 | 10/04/23 | PMJ | Assess next steps regarding Lori and Elizabeth employment status. | 0.2 | $1,368 | 273.6 |
| 1044 | 10/04/23 | JMT | Conference with Mr. Jonna regarding case strategy; Review e-mail correspondence from Attorney Coughlin with his thoughts; Draft responsive e-mail correspondence. | 0.4 | $1,050 | 420 |
| 1045 | 10/04/23 | JMT | Review new Kettle Moraine School District win. | 0.4 | $1,050 | 420 |
| 1046 | 10/04/23 | JMT | Review ACLU Amicus brief filed in People v. Chino Valley Unified; E-mail correspondence to counsel for Chino regarding same. | 0.4 | $1,050 | 420 |
| 1047 | 10/04/23 | PMJ | E-mail correspondence regarding Elizabeth's work status; Telephone call with Politico regarding case. | 0.2 | $1,368 | 273.6 |
| 1048 | 10/04/23 | PMJ | Telephone call with Attorney Coughlin and Mr. Trissell regarding amending complaint and next steps. | 0.4 | $1,368 | 547.2 |
| 1049 | 10/04/23 | JMT | Conference with Mr. Jonna and Attorney Coughlin regarding next steps in litigation and amending complaint. | 0.4 | $1,050 | 420 |
| 1050 | 10/04/23 | JMT | Telephone conference with Attorney Coughlin to provide legal background of claims for him. | 0.4 | $1,050 | 420 |
| 1051 | 10/04/23 | JMT | Conference call with Attorney Coughlin and Andrew Mirabelli to introduce them to each other. | 0.4 | $1,050 | 420 |
| 1052 | 10/04/23 | PMJ | E-mail correspondence with team regarding litigation and next steps. | 0.2 | $1,368 | 273.6 |
| 1053 | 10/04/23 | PMJ | Telephone call with client to discuss ██████████ ██████. | 0.4 | $1,368 | 547.2 |
| 1054 | 10/04/23 | FJC | Review emails, consider and analyze; respond; further email from Jeff Trissell. | 1.5 | $1,050 | 1575 |
| 1055 | 10/04/23 | FJC | Review matter, telephone conference with Paul Jonna. | 1 | $1,050 | 1050 |
| 1056 | 10/05/23 | PMJ | Draft e-mail correspondence to EUSD regarding Lori and Elizabeth return date and next steps. | 0.6 | $1,368 | 820.8 |

49

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1057 | 10/05/23 | PMJ | Prepare for and attend ex parte hearing regarding application for leave to submit Amicus brief in Chino case. | 1.6 | $1,368 | 2188.8 |
| 1058 | 10/05/23 | JMT | Prepare for and participate in ex parte hearing regarding application for leave to file amicus curiae brief in People v. Chino Valley Unified case. | 1.4 | $1,050 | 1470 |
| 1059 | 10/05/23 | PMJ | Telephone call with Emily Rae regarding Chino ex parte hearing. | 0.2 | $1,368 | 273.6 |
| 1060 | 10/05/23 | PMJ | E-mail correspondence with client regarding ██████ ██. | 0.2 | $1,368 | 273.6 |
| 1061 | 10/05/23 | JMT | Draft reply Amicus brief in Chino Valley Unified case. | 1.8 | $1,050 | 1890 |
| 1062 | 10/05/23 | PMJ | Review and revise Amicus reply brief in Chino case. | 0.2 | $1,368 | 273.6 |
| 1063 | 10/05/23 | PMJ | Edit e-mail correspondence to opposing counsel regarding work status and next steps. | 0.2 | $1,368 | 273.6 |
| 1064 | 10/05/23 | JMT | Edit correspondence to ██████████████ regarding its Parental Exclusion Policies. | 0.8 | $1,050 | 840 |
| 1065 | 10/05/23 | CSL | Review and revise letter to █████████████ regarding transgender policies. | 0.4 | $1,512 | 604.8 |
| 1066 | 10/05/23 | FJC | Talk to Lori West; review documents; research; review various emails from Paul Jonna to Dan Shinoff; edit proposed letter. | 3.9 | $1,050 | 4095 |
| 1067 | 10/05/23 | FJC | Research of procedural issues for filing claims of employees, GTCA, FEHA, etc.; Review parts of the EUSD MOU; Review Westlaw re: Board of Ed. At EUSD; Review policies and regulations of EUSD Board of Education, including AR-4030. | 2 | $1,050 | 2100 |
| 1068 | 10/05/23 | FJC | Review and research issue re: potential additional claims and amendment vs. supplemental complaint and drafted brief memo. | 1 | $1,050 | 1050 |
| 1069 | 10/06/23 | JMT | Review client's lengthy emails regarding ████████ ██; Review e-mail correspondence from Mr. Jonna regarding same; Review Attorney Coughlin's emails regarding employment claims. | 0.2 | $1,050 | 210 |
| 1070 | 10/06/23 | PMJ | E-mail correspondence and telephone calls with Attorney Shinoff and Attorney Coughlin regarding employment issues. | 0.2 | $1,368 | 273.6 |
| 1071 | 10/06/23 | KD | Review and finalize reply Amici curiae brief in opposition to California's order to show cause regarding preliminary injunction; E-mail correspondence to attorney service with same for rush filing. | 0.4 | $240 | 96 |
| 1072 | 10/06/23 | PMJ | E-mail correspondence to Attorney Shinoff regarding next steps in the litigation and regarding interactive process meetings. | 0.2 | $1,368 | 273.6 |
| 1073 | 10/06/23 | CSL | Review reply to opposition to Amicus brief in Bonta v. Chino Valley. | 0.4 | $1,512 | 604.8 |

50

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1074 | 10/06/23 | FJC | Review client emails (.2); email to Paul Jonna re: confirming with opposing counsel re: internal grievance (.2); telephone conference with Paul Jonna (.2). | 0.6 | $1,050 | 630 |
| 1075 | 10/06/23 | FJC | Telephone confernce regarding spreadsheet. | 0.4 | $1,050 | 420 |
| 1076 | 10/07/23 | FJC | First review of files sent by Mirabell on 10/6/23. | 0.3 | $1,050 | 315 |
| 1077 | 10/07/23 | FJC | Review emails from Andrew Mirabelli; review documents and timeline; create restated timeline. | 4.4 | $1,050 | 4620 |
| 1078 | 10/08/23 | PMJ | E-mail correspondence with opposing counsel regarding meeting with Lori West on administrative complaint; Review new court decision regarding transgender issues. | 0.2 | $1,368 | 273.6 |
| 1079 | 10/09/23 | PMJ | E-mail correspondence regarding Lori West meeting details. | 0.2 | $1,368 | 273.6 |
| 1080 | 10/09/23 | PMJ | Telephone call with client ███████████. | 0.2 | $1,368 | 273.6 |
| 1081 | 10/09/23 | CSL | View Podcast of parents protesting transgernder indoctrination; E-mail correspondence regarding same. | 0.4 | $1,512 | 604.8 |
| 1082 | 10/09/23 | FJC | Email from Andrew Mirabelli; response. | 0.4 | $1,050 | 420 |
| 1083 | 10/10/23 | JMT | Draft second joint ex parte application to extend deadline to answer complaint. | 0.4 | $1,050 | 420 |
| 1084 | 10/10/23 | PMJ | Review and revise stipulation to extend deadline to answer complaint. | 0.2 | $1,368 | 273.6 |
| 1085 | 10/10/23 | PMJ | Respond to client e-mail correspondence regarding ████ ███████████. | 0.2 | $1,368 | 273.6 |
| 1086 | 10/11/23 | JMT | Finalize second joint ex parte application to continue deadline to answer. | 0.2 | $1,050 | 210 |
| 1087 | 10/11/23 | PMJ | Review edits to draft stipulation to extend deadline to answer. | 0.2 | $1,368 | 273.6 |
| 1088 | 10/11/23 | PMJ | Prepare for and participate in interview with Lori West by EUSD. | 1.2 | $1,368 | 1641.6 |
| 1089 | 10/11/23 | KD | Review and finalize second joint ex parte application for extension of time for defendants to respond to complaint and order; File with Court; E-mail correspondence to Judge Benitez with proposed order; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1090 | 10/11/23 | JMT | Listen to audio recording of Lori Ann West investigative interview conducted by Attorneys Shinoff and Basel. | 0.6 | $1,050 | 630 |
| 1091 | 10/11/23 | MDM | Receive and review various e-mail correspondence from Mr. Jonna and opposing counsel regarding joint motion to extend time to answer; Review court update regarding extension. | 0.4 | $1,278 | 511.2 |
| 1092 | 10/12/23 | PMJ | Draft e-mail correspondence to EUSD regarding West and Mirabelli investigations and next steps. | 0.4 | $1,368 | 547.2 |
| 1093 | 10/12/23 | PMJ | Revise e-mail correspondence to EUSD regarding next steps with administrative investigations. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1094 | 10/12/23 | PMJ | E-mail correspondence to opposing counsel regarding next steps with Lori West administrative investigation. | 0.2 | $1,368 | 273.6 |
| 1095 | 10/12/23 | PMJ | Telephone call with Attorney Coughlin and Elizabeth to discuss ███████████. | 1 | $1,368 | 1368 |
| 1096 | 10/12/23 | FJC | Telephone call with client, reivew emails, research and write email to client. | 2.75 | $1,050 | 2887.5 |
| 1097 | 10/13/23 | PMJ | Assess next steps with Elizabeth and team regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 1098 | 10/13/23 | PMJ | Review flyer at EUSD protesting lawsuit; E-mail correspondence to EUSD notifying them of same. | 0.4 | $1,368 | 547.2 |
| 1099 | 10/13/23 | PMJ | Draft e-mail correspondence to EUSD regarding employment investigations of Lori and Elizabeth and next steps. | 0.8 | $1,368 | 1094.4 |
| 1100 | 10/13/23 | JMT | Review emails from Attorney Coughlin and Andrew Mirabelli regarding ████; Conference with Mr. Jonna regarding same. | 0.6 | $1,050 | 630 |
| 1101 | 10/13/23 | CSL | Review e-mail correspondence regarding retaliation against clients; Review protest flyer regarding same. | 0.4 | $1,512 | 604.8 |
| 1102 | 10/13/23 | FJC | Review email, begin to review documents for purposes of requested response. | 4.4 | $1,050 | 4620 |
| 1103 | 10/14/23 | CSL | E-mail correspondence regarding harassment and retaliation against clients; Review materials regarding same. | 0.6 | $1,512 | 907.2 |
| 1104 | 10/15/23 | PMJ | Multiple client e-mail correspondence regarding next steps with employment. | 0.4 | $1,368 | 547.2 |
| 1105 | 10/16/23 | PMJ | Review and respond to client e-mail correspondence regarding ██████████████. | 0.2 | $1,368 | 273.6 |
| 1106 | 10/16/23 | JMT | Review emails from Andrew Mirabelli regarding ██████████. | 0.2 | $1,050 | 210 |
| 1107 | 10/16/23 | PMJ | Telephone call with ████████████████. | 0.2 | $1,368 | 273.6 |
| 1108 | 10/16/23 | PMJ | Assess next steps regarding protest planned against clients. | 0.2 | $1,368 | 273.6 |
| 1109 | 10/16/23 | JMT | Conference with Mr. Jonna regarding next steps in litigation and seeking contempt sanctions. | 0.2 | $1,050 | 210 |
| 1110 | 10/16/23 | CSL | E-mail correspondence regarding harassment of clients and contempt. | 0.2 | $1,512 | 302.4 |
| 1111 | 10/17/23 | PMJ | E-mail correspondence with clients regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 1112 | 10/17/23 | PMJ | Review e-mail correspondence regarding ████████████. | 0.2 | $1,368 | 273.6 |

52

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1113 | 10/18/23 | PMJ | Review and respond to e-mail correspondence with client regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 1114 | 10/18/23 | JMT | Respond to Andrew Mirabelli's e-mail correspondence regarding ██████████. | 0.2 | $1,050 | 210 |
| 1115 | 10/18/23 | PMJ | Review e-mail correspondence regarding ██████ ██████████. | 0.2 | $1,368 | 273.6 |
| 1116 | 10/18/23 | PMJ | Review e-mail correspondence from Attorney Shinoff regarding administrative investigation and next steps; Forward same to team. | 0.2 | $1,368 | 273.6 |
| 1117 | 10/19/23 | JMT | Listen to preliminary injunction hearing in California v. Chino case. | 2.2 | $1,050 | 2310 |
| 1118 | 10/19/23 | JMT | Listen to afternoon preliminary injunction argument in California v. Chino case. | 1.2 | $1,050 | 1260 |
| 1119 | 10/19/23 | JMT | Draft ex parte application for an order to show cause regarding civil contempt of court. | 2.2 | $1,050 | 2310 |
| 1120 | 10/19/23 | PMJ | Review multiple e-mail correspondence from clients regarding ██████████████████. | 0.4 | $1,368 | 547.2 |
| 1121 | 10/20/23 | PMJ | Review recap of Chino preliminary injunction hearing; Discuss same with Mr. Trissell. | 0.4 | $1,368 | 547.2 |
| 1122 | 10/20/23 | JMT | Review various text messages and photographs/videos of protest at Rincon Middle School. | 0.2 | $1,050 | 210 |
| 1123 | 10/20/23 | JMT | Continue working on ex parte application for an order to show cause regarding civil contempt of court. | 4.2 | $1,050 | 4410 |
| 1124 | 10/20/23 | PMJ | Receive report on what occurred at protest. | 0.2 | $1,368 | 273.6 |
| 1125 | 10/20/23 | PMJ | Assess next steps regarding contempt sanctions and amended complaint. | 0.2 | $1,368 | 273.6 |
| 1126 | 10/20/23 | JMT | Conference with Mr. Jonna regarding next steps with contempt application and first amended complaint. | 0.2 | $1,050 | 210 |
| 1127 | 10/20/23 | PMJ | Telephone call with client to discuss ██████. | 0.2 | $1,368 | 273.6 |
| 1128 | 10/20/23 | PMJ | Review draft application for an order to show cause regarding contempt. | 0.2 | $1,368 | 273.6 |
| 1129 | 10/20/23 | CSL | Conference with ██████ regarding protest against clients; Review e-mail correspondence and photographs regarding same. | 0.4 | $1,512 | 604.8 |
| 1130 | 10/21/23 | PMJ | Review and revise ex parte application for an order to show cause regarding civil contempt. | 0.4 | $1,368 | 547.2 |
| 1131 | 10/21/23 | PCB | Review and comment on draft ex parte application for an OSC re: civil contempt. | 0.4 | $1,368 | 547.2 |
| 1132 | 10/21/23 | CSL | Review ex parte papers regarding applying for contempt sanctions. | 0.4 | $1,512 | 604.8 |
| 1133 | 10/22/23 | PMJ | Review article regarding EUSD pulling books from libraries. | 0.2 | $1,368 | 273.6 |
| 1134 | 10/23/23 | PMJ | Assess response and edits to ex parte application to order to show cause regarding civil contempt. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1135 | 10/23/23 | PMJ | Telephone calls with Attorney Shinoff and clients to discuss employment investigations and next steps. | 0.4 | $1,368 | 547.2 |
| 1136 | 10/23/23 | JMT | Meeting with Mr. Jonna regarding strategy in case; Telephone conference with clients regarding ███. | 0.4 | $1,050 | 420 |
| 1137 | 10/23/23 | PMJ | E-mail correspondence with Attorney Shinoff regarding employment status and next steps. | 0.2 | $1,368 | 273.6 |
| 1138 | 10/23/23 | JMT | Telephone call with Attorney Coughlin regarding adding Title VII claims to case; E-mail correspondence regarding ██████████████████. | 0.4 | $1,050 | 420 |
| 1139 | 10/23/23 | PMJ | Telephone call with client regarding ████████ ███████. | 0.2 | $1,368 | 273.6 |
| 1140 | 10/23/23 | CSL | Review e-mail correspondence regarding meeting with opposing counsel. | 0.2 | $1,512 | 302.4 |
| 1141 | 10/24/23 | PMJ | E-mail correspondence with Attorney Shinoff regarding whether Lori West can come to campus for open enrollment. | 0.2 | $1,368 | 273.6 |
| 1142 | 10/24/23 | PMJ | E-mail correspondence to EUSD regarding deadline to complete investigation into Lori West. | 0.2 | $1,368 | 273.6 |
| 1143 | 10/24/23 | FJC | Case work; emails from last 2 days (.2); put all intake documents together and review for purposes of drafting EEOC claim. | 0.7 | $1,050 | 735 |
| 1144 | 10/25/23 | PMJ | Review and respond to e-mail correspondence from Attorney Shinoff regarding EUSD investigation into Lori West. | 0.2 | $1,368 | 273.6 |
| 1145 | 10/25/23 | CSL | E-mail correspondence regarding meeting with opposing counsel. | 0.2 | $1,512 | 302.4 |
| 1146 | 10/25/23 | FJC | Review documents, review research, organize notes, interviews, emails, re-review emails, drafting claim for EEOC; email to LiMandri & Jonna LLP re: potential video. | 4 | $1,050 | 4200 |
| 1147 | 10/25/23 | FJC | Begin document review in the morning. | 0.7 | $1,050 | 735 |
| 1148 | 10/25/23 | FJC | Analysis re: potential issues with employment claims, risk of anti-SLAPP, etc.; Review case documents. | 0.6 | $1,050 | 630 |
| 1149 | 10/26/23 | PMJ | E-mail correspondence with client regarding ███████████████████. | 0.2 | $1,368 | 273.6 |
| 1150 | 10/26/23 | FJC | Review administrative claim filing with EEOC and CRD, and potential issues that might arise. | 1.4 | $1,050 | 1470 |
| 1151 | 10/26/23 | FJC | Continued brief review of relevant case documents; substantive review and revisions to draft EEOC complaint. | 1.3 | $1,050 | 1365 |
| 1152 | 10/27/23 | FJC | Research adverse action issue; draft and revise claim; emails and calls with clients. | 3 | $1,050 | 3150 |
| 1153 | 10/27/23 | FJC | Review and revise EEOC complaint; research re: EEOC/CRD complaint and right to sue letter; draft memo re: procedure. | 1.3 | $1,050 | 1365 |

54

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1154 | 10/27/23 | FJC | Revisions to EEOC complaint. | 0.5 | $1,050 | 525 |
| 1155 | 10/27/23 | FJC | Research re: interviews before right to sue letter is issued. | 0.8 | $1,050 | 840 |
| 1156 | 10/30/23 | PMJ | Review approving statements regarding Lori West made by students. | 0.2 | $1,368 | 273.6 |
| 1157 | 10/30/23 | PMJ | Assess next steps regarding civil contempt filing. | 0.2 | $1,368 | 273.6 |
| 1158 | 10/30/23 | JMT | Review and edit draft administrative complaints to file with EEOC. | 0.4 | $1,050 | 420 |
| 1159 | 10/30/23 | JMT | Telephone call with Elizabeth Mirabelli, Andrew Mirabelli, Attorney Couhglin, and Mr. Jonna regarding ███████████████████████. | 0.8 | $1,050 | 840 |
| 1160 | 10/30/23 | PMJ | Telephone call with clients regarding ████ ███████████████████. | 1 | $1,368 | 1368 |
| 1161 | 10/30/23 | PMJ | E-mail correspondence with opposing counsel regarding interactive process meeting. | 0.2 | $1,368 | 273.6 |
| 1162 | 10/30/23 | FJC | Review and send document. | 2.4 | $1,050 | 2520 |
| 1163 | 10/31/23 | PMJ | Follow-up telephone call and e-mail correspondence with Attorney Shinoff regarding Lori West investigation and next steps. | 0.4 | $1,368 | 547.2 |
| 1164 | 10/31/23 | FJC | Review client email; review CRD form; telephone conference with client; send her ████████████ ██████. | 1.1 | $1,050 | 1155 |
| 1165 | 10/31/23 | FJC | Review client accomodation draft; review and begin to compose notes for client for review in advance of accommodation meeting. | 0.5 | $1,050 | 525 |
| 1166 | 11/01/23 | PMJ | Telephone call with client and Andrew Mirabelli regarding ████████████████. | 0.2 | $1,368 | 273.6 |
| 1167 | 11/02/23 | PMJ | Prepare for Elizabeth Mirabelli's Title VII meeting with EUSD. | 0.2 | $1,368 | 273.6 |
| 1168 | 11/02/23 | JMT | Conference with Mr. Jonna regarding update on Elizabeth Mirabelli's Title VII meeting with EUSD. | 0.2 | $1,050 | 210 |
| 1169 | 11/02/23 | PMJ | Telephone call with Attorney Shinoff regarding Lori West's return to work date; Participate in interactive process meeting with Attorney Shinoff, Attorney Coughlin, and Elizabeth Mirabelli. | 1.8 | $1,368 | 2462.4 |
| 1170 | 11/02/23 | FJC | Draft and send memo to client and group re: ███████ ██████████████████████. Participate in call with EUSD attorney. | 2.5 | $1,050 | 2625 |
| 1171 | 11/02/23 | FJC | Analysis re: possible accommodations and brainstorm what to request to protect client; substantive review and comments to memo to client. | 0.5 | $1,050 | 525 |
| 1172 | 11/03/23 | PMJ | Review and respond to client e-mail correspondence regarding ████████████████████████. | 0.2 | $1,368 | 273.6 |
| 1173 | 11/03/23 | PMJ | E-mail correspondence with team regarding order to show cause re: contempt and next steps; Review client e-mail correspondence regarding ██████████████. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1174 | 11/03/23 | JMT | Conference with Mr. Jonna regarding settlement e-mail correspondence to be sent to opposing counsel. | 0.2 | $1,050 | 210 |
| 1175 | 11/03/23 | PMJ | E-mail correspondence to EUSD regarding settlement and next steps. | 0.2 | $1,368 | 273.6 |
| 1176 | 11/03/23 | JMT | Draft letter to EEOC informing them of our representation of Lori West and requesting a right to sue letter. | 0.4 | $1,050 | 420 |
| 1177 | 11/06/23 | JMT | Review video of Lori West interacting with students during lunch break. | 0.4 | $1,050 | 420 |
| 1178 | 11/07/23 | PMJ | Review client e-mail correspondence regarding working document to move forward with EUSD accommodation process and return to work. | 0.2 | $1,368 | 273.6 |
| 1179 | 11/07/23 | JMT | Conference with Mr. Jonna regarding next steps in litigation. | 0.2 | $1,050 | 210 |
| 1180 | 11/08/23 | PMJ | Draft e-mail correspondence to Attorney Shinoff regarding next steps with Elizabeth Mirabelli's return to work. | 0.2 | $1,368 | 273.6 |
| 1181 | 11/08/23 | PMJ | Review draft e-mail correspondence to Attorney Shinoff regarding next steps. | 0.4 | $1,368 | 547.2 |
| 1182 | 11/08/23 | PMJ | Evaluate next steps. | 0.2 | $1,368 | 273.6 |
| 1183 | 11/08/23 | JMT | Send e-mail correspondence to opposing counsel regarding how plaintiffs do not intend to file first amended complaint. | 0.2 | $1,050 | 210 |
| 1184 | 11/08/23 | PMJ | Telephone call with Elizabeth Mirabelli regarding ██████████████████████████. | 0.4 | $1,368 | 547.2 |
| 1185 | 11/09/23 | PMJ | Draft e-mail correspondence to EUSD regarding Elizabeth Mirabelli's return and accommodation regarding same. | 0.2 | $1,368 | 273.6 |
| 1186 | 11/09/23 | PMJ | Watch podcasts regarding transgender issues. | 0.8 | $1,368 | 1094.4 |
| 1187 | 11/09/23 | PMJ | E-mail correspondence with client regarding ████████. | 0.2 | $1,368 | 273.6 |
| 1188 | 11/09/23 | CSL | Review e-mail correspondence regarding client's return to work. | 0.2 | $1,512 | 302.4 |
| 1189 | 11/10/23 | PMJ | Review and respond to e-mail correspondence from opposing counsel regarding extension of time to answer complaint. | 0.2 | $1,368 | 273.6 |
| 1190 | 11/13/23 | PMJ | Review and respond to client e-mail correspondence regarding ████████████████████. | 0.2 | $1,368 | 273.6 |
| 1191 | 11/13/23 | PMJ | E-mail correspondence with counsel for EUSD regarding answer to complaint and next steps. | 0.2 | $1,368 | 273.6 |
| 1192 | 11/13/23 | JMT | Receive EUSD answer to complaint and CDE answer to complaint. | 0.2 | $1,050 | 210 |
| 1193 | 11/13/23 | JMT | Review CDE motion for judgment on the pleadings; Emails to team regarding same. | 0.4 | $1,050 | 420 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1194 | 11/13/23 | PMJ | Review CDE's motion for judgment on the pleadings and rules regarding handling of motions for reconsideration. | 0.4 | $1,368 | 547.2 |
| 1195 | 11/14/23 | PMJ | Assess amended complaint and next steps. | 0.2 | $1,368 | 273.6 |
| 1196 | 11/14/23 | JMT | Conference with Mr. Jonna regarding responding to motion for judgment on the pleadings. | 0.2 | $1,050 | 210 |
| 1197 | 11/14/23 | PMJ | Review order setting early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1198 | 11/14/23 | JMT | Receive and review order setting early neutral evaluation conference and Rule 26 dates. | 0.2 | $1,050 | 210 |
| 1199 | 11/15/23 | JMT | Review early neutral evaluation conference and case management conference order issued by Magistrate Judge Crawford; E-mail correspondence to clients ▇▇▇ ▇▇▇. | 0.6 | $1,050 | 630 |
| 1200 | 11/15/23 | MDM | E-mail correspondence  with Lori West, Mr. Jonna and team regarding ▇▇▇ ▇▇▇. | 0.2 | $1,278 | 255.6 |
| 1201 | 11/15/23 | PMJ | Review and respond to e-mail correspondence from Attorney Shinoff regarding next steps. | 0.2 | $1,368 | 273.6 |
| 1202 | 11/16/23 | PMJ | E-mail correspondence with co-counsel regarding Title VII claims and next steps. | 0.2 | $1,368 | 273.6 |
| 1203 | 11/16/23 | PMJ | Review and respond to correspondence from Attorney Shinoff regarding early neutral evaluation conference date. | 0.2 | $1,368 | 273.6 |
| 1204 | 11/16/23 | PMJ | Follow-up e-mail correspondence with Attorney Shinoff regarding next steps. | 0.2 | $1,368 | 273.6 |
| 1205 | 11/16/23 | FJC | Email to Paul Jonna, email response from Paul Jonna to me re: FAC, Answer, EEOC timing and potential for supplemental pleading. | 0.2 | $1,050 | 210 |
| 1206 | 11/17/23 | PMJ | E-mail correspondence with counsel for EUSD regarding next steps with clients. | 0.2 | $1,368 | 273.6 |
| 1207 | 11/17/23 | PMJ | Assess next steps regarding order to show cause. | 0.2 | $1,368 | 273.6 |
| 1208 | 11/17/23 | PMJ | Telephone call with ▇▇▇ to discuss strategy and next steps. | 0.4 | $1,368 | 547.2 |
| 1209 | 11/17/23 | PMJ | Review and analyze draft joint motion to continue early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1210 | 11/17/23 | PMJ | Review EUSD's motion for application of waiver of requirement for all defendants to attend early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1211 | 11/20/23 | JMT | Review EUSD's motion to excuse attendance at early neutral evaluation conference, and order denying same. | 0.2 | $1,050 | 210 |
| 1212 | 11/20/23 | PMJ | Assess next steps regarding early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1213 | 11/20/23 | JMT | Draft lengthy e-mail correspondence regarding joint motion to continue early neutral evaluation conference and to excuse attendance at early neutral evaluation conference. | 0.4 | $1,050 | 420 |

57

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1214 | 11/21/23 | PMJ | Review e-mail correspondence regarding joint motion to continue early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1215 | 11/21/23 | JMT | Edits to joint motion for a continuance of the early neutral evaluation conference. | 0.4 | $1,050 | 420 |
| 1216 | 11/21/23 | PMJ | Review draft motion to continue early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1217 | 11/22/23 | PMJ | Review final edits to joint motion to continue early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1218 | 11/22/23 | PMJ | Meet with clients to discuss ████. | 0.2 | $1,368 | 273.6 |
| 1219 | 11/27/23 | JMT | Review as-filed version of EUSD's joint motion to continue the early neutral evaluation conference. | 0.2 | $1,050 | 210 |
| 1220 | 11/27/23 | JMT | Review order continuing early neutral evaluation conference and setting new dates. | 0.2 | $1,050 | 210 |
| 1221 | 11/28/23 | PMJ | E-mail correspondence with client regarding ████ ████████████████████. | 0.2 | $1,368 | 273.6 |
| 1222 | 11/29/23 | PMJ | Review and respond to client e-mail correspondence regarding ████. | 0.2 | $1,368 | 273.6 |
| 1223 | 11/30/23 | JMT | Conference with Mr. Jonna regarding next steps in case, contempt, and early neutral evaluation conference. | 0.2 | $1,050 | 210 |
| 1224 | 11/30/23 | PMJ | Review correspondence from Attorney Shinoff regarding early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1225 | 12/01/23 | JMT | Draft ex parte application for an order to show cause regarding contempt. | 4.4 | $1,050 | 4620 |
| 1226 | 12/04/23 | PMJ | Review and revise ex parte application for an order to show cause regarding contempt. | 1 | $1,368 | 1368 |
| 1227 | 12/04/23 | PMJ | Telephone call with clients to discuss ████████ ████████████████. | 0.4 | $1,368 | 547.2 |
| 1228 | 12/04/23 | PMJ | Assess next steps regarding contempt. | 0.4 | $1,368 | 547.2 |
| 1229 | 12/04/23 | PMJ | Review and revise ex parte application for an order to show cause regarding contempt. | 0.2 | $1,368 | 273.6 |
| 1230 | 12/04/23 | JMT | Edits to ex parte application for an order to show cause regarding contempt. | 6 | $1,050 | 6300 |
| 1231 | 12/04/23 | JMT | Edits to press release on contempt application. | 0.6 | $1,050 | 630 |
| 1232 | 12/04/23 | PMJ | Review draft press release regarding contempt application. | 0.2 | $1,368 | 273.6 |
| 1233 | 12/04/23 | KD | Review e-mail correspondence from Mr. Trissell regarding sending Rincon Middle School protest videos and photographs; E-mail correspondence to clients ████ ████. | 0.4 | $240 | 96 |
| 1234 | 12/05/23 | PMJ | Review final draft of contempt press release. | 0.2 | $1,368 | 273.6 |
| 1235 | 12/05/23 | JMT | Make edits to Lori's declaration in support of ex parte application for contempt. | 0.4 | $1,050 | 420 |

58

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1236 | 12/05/23 | PMJ | Review e-mail correspondence from clients regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 1237 | 12/05/23 | JMT | Telephone call with Elizabeth Mirabelli regarding ████ ████████████. | 1.2 | $1,050 | 1260 |
| 1238 | 12/05/23 | JMT | Additional edits to Mirabelli declaration in support of contempt; Finalize all papers. | 0.6 | $1,050 | 630 |
| 1239 | 12/05/23 | KD | Telephone call with Mr. Trissell regarding declaration of Elizabeth Mirabelli; E-mail correspondence to Ms. Mirabelli with same. | 0.2 | $240 | 48 |
| 1240 | 12/06/23 | KD | Review and finalize ex parte application for an order to show cause re: civil contempt of court and/or clarification of the preliminary injunction order, Declaration of Paul Jonna, Elizabeth Mirabelli, Lori West, and proposed order;  File with Court; E-mail correspondence to opposing counsel with same; E-mail correspondence to Tom Ciesielka and Joe Barnas with conformed copies of same; E-mail correspondence to attorney service to deliver courtesy copy to Judge Benetiz. | 0.6 | $240 | 144 |
| 1241 | 12/06/23 | PMJ | Review and revise e-mail fundraising post from TMS regarding contempt papers. | 0.2 | $1,368 | 273.6 |
| 1242 | 12/06/23 | PMJ | Telephone call with clients ████████████. | 0.2 | $1,368 | 273.6 |
| 1243 | 12/06/23 | PMJ | Prepare for and participate in ███ interview regarding contempt. | 1.4 | $1,368 | 1915.2 |
| 1244 | 12/07/23 | PMJ | Assess next steps regarding contempt application. | 0.2 | $1,368 | 273.6 |
| 1245 | 12/07/23 | JMT | Research into when an opposition to the ex parte application for an order to show cause regarding contempt is due. | 0.6 | $1,050 | 630 |
| 1246 | 12/07/23 | PMJ | Review and respond to e-mail correspondence from Attorney Shinoff regarding Elizabeth Mirabelli's workers' compensation information. | 0.2 | $1,368 | 273.6 |
| 1247 | 12/07/23 | PMJ | Interview with ██████████ regarding next steps in case. | 0.4 | $1,368 | 547.2 |
| 1248 | 12/07/23 | MDM | Receive and review e-mail correspondence from Mr. Trissell regarding time for opposing counsel to respond to ex parte motion for order to show cause regarding contempt; Review ex parte motion and local rules; Draft analysis and forward to Mr. Trissell and Mr. Jonna. | 0.6 | $1,278 | 766.8 |
| 1249 | 12/07/23 | JMT | Draft response to Attorney Shinoff regarding scheduling Rule 26(f) conference. | 0.2 | $1,050 | 210 |
| 1250 | 12/08/23 | PMJ | E-mail correspondence with opposing counsel regarding date of early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1251 | 12/08/23 | PMJ | Review and respond to e-mail correspondence from Elizabeth Mirabelli regarding ████████████ ███. | 0.2 | $1,368 | 273.6 |
| 1252 | 12/08/23 | KD | E-mail correspondence to opposing counsel telephone call-in information for conference call on January 4, 2024 regarding Rule 26(f). | 0.2 | $240 | 48 |

59

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1253 | 12/11/23 | PMJ | Interview with the ▮▮▮▮ regarding status of case. | 0.4 | $1,368 | 547.2 |
| 1254 | 12/11/23 | PMJ | Interview with ▮▮▮ regarding next steps with contempt application. | 0.4 | $1,368 | 547.2 |
| 1255 | 12/11/23 | JMT | Draft opposition to CDE motion for judgment on the pleadings. | 3.4 | $1,050 | 3570 |
| 1256 | 12/11/23 | CSL | Review articles on motion for sanctions; e-mail correspondence regarding media interviews; Telephone conference with Mr. Jonna regarding same. | 1 | $1,512 | 1512 |
| 1257 | 12/11/23 | CSL | Review Heritage article on Rights of Parents in Education of Children; E-mail correspondence regarding same. | 0.6 | $1,512 | 907.2 |
| 1258 | 12/12/23 | PMJ | Coordinate interview times with ▮▮▮. | 0.2 | $1,368 | 273.6 |
| 1259 | 12/12/23 | PMJ | Multiple telephone calls and e-mail correspondence regarding interviews with ▮. | 0.2 | $1,368 | 273.6 |
| 1260 | 12/12/23 | MDM | Review and assess order setting hearing on order to show cause; Forward initial assessment to Mr. Jonna and Mr. Trissell. | 0.4 | $1,278 | 511.2 |
| 1261 | 12/12/23 | PMJ | Telephone call with Elizabeth Mirabelli regarding ▮ ▮▮▮. | 0.2 | $1,368 | 273.6 |
| 1262 | 12/12/23 | JMT | Continue working on opposition to CDE motion for judgment on the pleadings. | 4.8 | $1,050 | 5040 |
| 1263 | 12/12/23 | PMJ | Prepare for ▮▮ interview. | 0.8 | $1,368 | 1094.4 |
| 1264 | 12/12/23 | PMJ | Travel to and from and attend ▮▮▮ interview regarding case. | 3 | $1,368 | 4104 |
| 1265 | 12/12/23 | MDM | View interview of Elizabeth Mirabelli and Mr. Jonna. | 0.2 | $1,278 | 255.6 |
| 1266 | 12/13/23 | PMJ | Review media regarding case. | 0.4 | $1,368 | 547.2 |
| 1267 | 12/13/23 | JMT | Review ▮▮▮ interview of client. | 0.2 | $1,050 | 210 |
| 1268 | 12/13/23 | JMT | Edits to opposition to motion for judgment on the pleadings. | 0.4 | $1,050 | 420 |
| 1269 | 12/13/23 | PMJ | Telephone call with Epoch Times reporter. | 0.2 | $1,368 | 273.6 |
| 1270 | 12/14/23 | PMJ | Prepare for and participate in ▮▮ interview regarding contempt motion. | 0.4 | $1,368 | 547.2 |
| 1271 | 12/14/23 | PMJ | Review notice of case transfer and discuss implications with Mr. Myers. | 0.2 | $1,368 | 273.6 |
| 1272 | 12/14/23 | PMJ | Interview with ▮▮▮ news. | 0.4 | $1,368 | 547.2 |
| 1273 | 12/14/23 | MDM | Confer with Mr. Jonna regarding reassignment of case to new Magistrate judge and effect on scheduling going forward; Draft analysis and forward same to Mr. Jonna and Mr. Trissell. | 0.4 | $1,278 | 511.2 |
| 1274 | 12/15/23 | JMT | Review new Vlaming decision from Virginia Surpeme Court; Update opposition to CDE motion for judgment on the pleadings to cite same. | 1.6 | $1,050 | 1680 |
| 1275 | 12/15/23 | PMJ | Review e-mail correspondence regarding new case in Virginia Supreme Court. | 0.2 | $1,368 | 273.6 |

60

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|------|---------|------|-------------|-----|--------|--------|
| 1276 | 12/15/23 | CSL | Review article on motion for contempt. | 0.4 | $1,512 | 604.8 |
| 1277 | 12/18/23 | JMT | Review new Second Circuit en banc decision in Soule v. Connecticut. | 0.6 | $1,050 | 630 |
| 1278 | 12/18/23 | PMJ | Review new pronoun case from Virginia Supreme Court. | 0.2 | $1,368 | 273.6 |
| 1279 | 12/18/23 | PMJ | Telephone call with Andrew Mirabelli regarding ███████ ██████████. | 0.2 | $1,368 | 273.6 |
| 1280 | 12/19/23 | PMJ | Telephone call with ████████ regarding ███████ ██████. | 0.2 | $1,368 | 273.6 |
| 1281 | 12/19/23 | PMJ | Review testimony from witness ███████████. | 0.2 | $1,368 | 273.6 |
| 1282 | 12/19/23 | PMJ | Review and revise opposition to motion for judgment on the pleadings. | 0.6 | $1,368 | 820.8 |
| 1283 | 12/19/23 | JMT | Conference with Mr. Jonna regarding edits to opposition to motion for judgment on the pleadings; Revise same. | 1.8 | $1,050 | 1890 |
| 1284 | 12/20/23 | JMT | Continue working on opposition to State Defendants' motion for judgment on the pleadings. | 2.8 | $1,050 | 2940 |
| 1285 | 12/20/23 | PMJ | Review draft edits to opposition to motion for judgment on the pleadings. | 0.2 | $1,368 | 273.6 |
| 1286 | 12/20/23 | MDM | Confer with Mr. Trissell regarding request for fees for unauthorized motion for reconsideration; Review pleadings. | 0.8 | $1,278 | 1022.4 |
| 1287 | 12/20/23 | JMT | Conference with Mr. Myers regarding edits to opposition to motion for judgment on the pleadings; Further edits to same. | 1.6 | $1,050 | 1680 |
| 1288 | 12/20/23 | PMJ | Review final edits to opposition to motion for judgment on the pleadings. | 0.2 | $1,368 | 273.6 |
| 1289 | 12/21/23 | JMT | Draft initial disclosures. | 1.6 | $1,050 | 1680 |
| 1290 | 12/21/23 | JMT | Draft joint discovery plan. | 1 | $1,050 | 1050 |
| 1291 | 12/21/23 | JMT | Begin working on written discovery. | 1 | $1,050 | 1050 |
| 1292 | 12/22/23 | PMJ | Review letter from ████████████ regarding ███████████ ██████████████████████. | 0.2 | $1,368 | 273.6 |
| 1293 | 12/22/23 | JMT | Edits to declaration of Paul Jonna in opposition to CDE motion for judgment on the pleadings. | 0.2 | $1,050 | 210 |
| 1294 | 12/22/23 | KD | Review and finalize opposition to defendants' motion for judgment on the pleadings and declaration of Paul Jonna; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1295 | 12/22/23 | PMJ | Telephone call with client regarding ██████████ █████████████████████████. | 0.2 | $1,368 | 273.6 |
| 1296 | 12/22/23 | CSL | E-mail correspondence regarding new claim against EUSD; Telephone conference with Mr. Jonna regarding same. | 0.4 | $1,512 | 604.8 |
| 1297 | 12/27/23 | PMJ | Telephone call and e-mail correspondence with client regarding workers' compensation and contempt support. | 0.2 | $1,368 | 273.6 |

61

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1298 | 12/27/23 | PMJ | Review and respond to e-mail correspondence from ███ ██████ regarding ██████████████████s. | 0.2 | $1,368 | 273.6 |
| 1299 | 12/27/23 | PMJ | Review EUSD opposition to contempt application. | 0.2 | $1,368 | 273.6 |
| 1300 | 12/27/23 | JMT | Review numerous emails regarding continuing the Rule 26(f) conference, and respond regarding why this cannot be done. | 0.4 | $1,050 | 420 |
| 1301 | 12/28/23 | JMT | Review order resetting early neutral evaluation conference and re-calendar deadlines. | 0.2 | $1,050 | 210 |
| 1302 | 12/28/23 | JMT | Review emails from ██████████████ regarding ██████ ██████████. | 0.2 | $1,050 | 210 |
| 1303 | 12/28/23 | JMT | Receive and download opposition to order to show cause regarding contempt; Begin drafting reply in support of same; Conference with Mr. Jonna regarding points to make on reply. | 4.6 | $1,050 | 4830 |
| 1304 | 12/28/23 | PMJ | Assess response to contempt application. | 0.4 | $1,368 | 547.2 |
| 1305 | 12/28/23 | MDM | Review and assess opposition to motion for order to show cause regarding contempt. | 1.2 | $1,278 | 1533.6 |
| 1306 | 12/28/23 | PMJ | Review comments from clients on contempt application. | 0.2 | $1,368 | 273.6 |
| 1307 | 12/29/23 | JMT | Continue working on reply in support of order to show cause regarding contempt. | 7.2 | $1,050 | 7560 |
| 1308 | 12/29/23 | JMT | Review Attorney Sleeth's two motions for leave to appear remotely at hearings. | 0.2 | $1,050 | 210 |
| 1309 | 12/29/23 | JMT | Review CDE's reply in support of motion for judgment on the pleadings. | 0.2 | $1,050 | 210 |
| 1310 | 12/29/23 | PMJ | Review motion to appear remotely at contempt hearing. | 0.2 | $1,368 | 273.6 |
| 1311 | 12/30/23 | PMJ | Review and revise reply in support of order to show cause regarding contempt. | 0.4 | $1,368 | 547.2 |
| 1312 | 01/02/24 | PMJ | E-mail correspondence with clients regarding setting up meeting. | 0.2 | $1,368 | 273.6 |
| 1313 | 01/02/24 | MDM | Review and suggest revisions to draft reply brief regarding contempt; Review supporting documents for possible changes; Forward assessment and recommended revisions to Mr. Trissell. | 1.6 | $1,278 | 2044.8 |
| 1314 | 01/02/24 | PMJ | E-mail correspondence with team regarding workers' compensation issues. | 0.2 | $1,368 | 273.6 |
| 1315 | 01/02/24 | JMT | Review and incorporate Mr. Jonna's edits into reply in support of motion for contempt; Edit same; Draft declarations of Paul Jonna and Elizabeth Mirabelli. | 1.4 | $1,050 | 1470 |
| 1316 | 01/02/24 | PMJ | Review draft declarations regarding contempt papers. | 0.2 | $1,368 | 273.6 |
| 1317 | 01/02/24 | JMT | Forward draft reply in support contempt to clients for review and approval. | 0.2 | $1,050 | 210 |
| 1318 | 01/02/24 | JMT | E-mail correspondence to clients regarding beginning of discovery, requesting ideas for interrogatories and | 0.4 | $1,050 | 420 |

62

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| | | | document requests, and information for initial disclosures, and explain same. | | | |
| 1319 | 01/02/24 | MDM | Review e-mail correspondence from Attorney Trissell regarding discovery requests. | 0.2 | $1,278 | 255.6 |
| 1320 | 01/03/24 | PMJ | Final edits to contempt reply papers. | 0.2 | $1,368 | 273.6 |
| 1321 | 01/03/24 | PMJ | Review final edits to reply in support of contempt filing. | 0.2 | $1,368 | 273.6 |
| 1322 | 01/03/24 | JMT | Edits to reply in support of motion for contempt; Draft Frank Coughlin declaration. | 2 | $1,050 | 2100 |
| 1323 | 01/03/24 | PMJ | Review draft declaration of Frank Coughlin. | 0.2 | $1,368 | 273.6 |
| 1324 | 01/03/24 | PMJ | Review final edits to contempt reply papers. | 0.2 | $1,368 | 273.6 |
| 1325 | 01/03/24 | KD | Review and finalize reply in support of motion for contempt, declarations of Paul Jonna, Elizabeth Mirabelli, and  Frank Coughlin; file with court; E-mail correspondence to opposing counsel with same. | 0.6 | $240 | 144 |
| 1326 | 01/03/24 | PMJ | Review notice from court regarding motion for judgment on the pleadings hearing; Discuss same with team. | 0.2 | $1,368 | 273.6 |
| 1327 | 01/03/24 | JMT | Receive order regarding setting hearing on motion for judgment on the pleadings; E-mail correspondence regarding briefing and cases for binder. | 0.8 | $1,050 | 840 |
| 1328 | 01/03/24 | PMJ | Review client e-mail correspondence regarding ███████ █████████████. | 0.2 | $1,368 | 273.6 |
| 1329 | 01/03/24 | JMT | Review various emails from clients regarding ██████ ████████████; Send draft joint discovery plan to Mr. Jonna. | 0.4 | $1,050 | 420 |
| 1330 | 01/03/24 | FJC | Review declaration; talk to Paul Jonna; review papers and draft declaration; emails to/from LiMandri & Jonna LLP. | 1.5 | $1,050 | 1575 |
| 1331 | 01/04/24 | PMJ | Telephone call with client ████████████████ ████████; Review e-mail correspondence from Lori West regarding ██████. | 0.4 | $1,368 | 547.2 |
| 1332 | 01/04/24 | MDM | Review court notice regarding contempt hearing; Review and assess ███████████████ sent by clients; Research possible additional damages or claims on behalf of Lori West and forward analysis to Mr. Trissell and Mr. Jonna. | 0.6 | $1,278 | 766.8 |
| 1333 | 01/04/24 | PMJ | Prepare for and participate in Rule 26f conference. | 0.8 | $1,368 | 1094.4 |
| 1334 | 01/04/24 | JMT | Prepare for and participate in Rule 26(f) conference. | 1.2 | $1,050 | 1260 |
| 1335 | 01/04/24 | JMT | Review and edit joint discovery plan. | 1.6 | $1,050 | 1680 |
| 1336 | 01/04/24 | JMT | Review order denying defendants ex parte application for leave to appear remotely at contempt hearing. | 0.2 | $1,050 | 210 |
| 1337 | 01/04/24 | PMJ | Review order denying ex parte motions to appear remotely for motion for contempt hearing by defendants. | 0.2 | $1,368 | 273.6 |
| 1338 | 01/04/24 | JMT | Telephone call with worker's compensation specialist Craig Fuller. | 0.4 | $1,050 | 420 |

63

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1339 | 01/05/24 | PMJ | Review and respond to client e-mail correspondence regarding contempt hearing. | 0.2 | $1,368 | 273.6 |
| 1340 | 01/05/24 | PMJ | Review e-mail correspondence from client regarding ███████████████████████████████████. | 0.2 | $1,368 | 273.6 |
| 1341 | 01/05/24 | JMT | Review e-mail correspondence from client regarding ████████████; Respond with information regarding ███████████████████. | 0.2 | $1,050 | 210 |
| 1342 | 01/05/24 | PMJ | Telephone call with lawyer in █████ to help with related pronoun case. | 0.2 | $1,368 | 273.6 |
| 1343 | 01/05/24 | JMT | Prepare oral argument outline for hearing on motion for judgment on the pleadings. | 1 | $1,050 | 1050 |
| 1344 | 01/05/24 | JMT | Work on written discovery. | 3.6 | $1,050 | 3780 |
| 1345 | 01/05/24 | KD | Review e-mail correspondence from Mr. Trissell to obtain filing in Chino case; Review court docket for ex parte application to file Amicus Curiae in support of plaintiff's motion preliminary injunction; E-mail correspondence to Mr. Trissell with same. | 0.4 | $240 | 96 |
| 1346 | 01/05/24 | PMJ | Prepare for motion for judgment on the pleadings hearing. | 2.6 | $1,368 | 3556.8 |
| 1347 | 01/05/24 | MDM | Confer with Mr. Jonna and Mr. Trissell regarding the significance of Judge Benitez's order rescheduling hearing and denying leave for defendants to appear remotely; Telephone call to chambers to clarify hearing calendar; Evaluate issues to prepare in advance of two upcoming motion hearings. | 0.8 | $1,278 | 1022.4 |
| 1348 | 01/06/24 | PMJ | Receive Elizabeth Mirabelli's update regarding ████████ ██████. | 0.2 | $1,368 | 273.6 |
| 1349 | 01/06/24 | PMJ | Prepare for motion for judgment on the pleadings hearing. | 2.6 | $1,368 | 3556.8 |
| 1350 | 01/06/24 | JMT | Telephone conference with Mr. Jonna regarding strategy on upcoming hearings on motion for judgment on the pleadings and contempt. | 0.4 | $1,050 | 420 |
| 1351 | 01/07/24 | PMJ | Continue to prepare for motion for judgment on the pleadings hearing. | 0.8 | $1,368 | 1094.4 |
| 1352 | 01/07/24 | PMJ | Review and respond to e-mail correspondence from client regarding ████████. | 0.2 | $1,368 | 273.6 |
| 1353 | 01/08/24 | PMJ | Review e-mail correspondence from Andrew Mirabelli regarding ███████████████. | 0.2 | $1,368 | 273.6 |
| 1354 | 01/08/24 | JMT | Respond to Tom Cieselka's e-mail correspondence regarding contempt hearing. | 0.2 | $1,050 | 210 |
| 1355 | 01/08/24 | PMJ | Review Elizabeth Mirabelli's hospital discharge papers. | 0.2 | $1,368 | 273.6 |
| 1356 | 01/08/24 | JMT | Continue working on written discovery. | 0.6 | $1,050 | 630 |
| 1357 | 01/08/24 | PMJ | Continue to prepare for motion for judgment on the pleadings hearing. | 1.4 | $1,368 | 1915.2 |
| 1358 | 01/08/24 | JMT | Prepare for hearing on motion for judgment on the pleadings with Mr. Jonna; Edit outline. | 1.4 | $1,050 | 1470 |

64

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1359 | 01/08/24 | PMJ | Travel to and from and attend motion for judgment on the pleadings hearing. | 4 | $1,368 | 5472 |
| 1360 | 01/08/24 | PMJ | Review and respond to client e-mail correspondence regarding ██████. | 0.2 | $1,368 | 273.6 |
| 1361 | 01/08/24 | JMT | Travel to and from and attend hearing on motion for judgment on the pleadings. | 4 | $1,050 | 4200 |
| 1362 | 01/08/24 | JMT | Edit Tom Ciesielka's media advisory for the contempt hearing. | 0.2 | $1,050 | 210 |
| 1363 | 01/08/24 | CSL | Telephone conference with Mr. Jonna regarding motion for contempt hearing. | 0.2 | $1,512 | 302.4 |
| 1364 | 01/09/24 | PMJ | Review draft Mirabelli media advisory copy. | 0.2 | $1,368 | 273.6 |
| 1365 | 01/09/24 | KD | E-mail correspondence to court reporter to order a copy of the hearing transcript for motion for judgment on pleadings. | 0.2 | $240 | 48 |
| 1366 | 01/09/24 | PMJ | Review minute order regarding adding Attorney General and State to case; Discuss with team. | 0.2 | $1,368 | 273.6 |
| 1367 | 01/09/24 | PMJ | Prepare for motion for contempt hearing. | 1.6 | $1,368 | 2188.8 |
| 1368 | 01/09/24 | PMJ | Prepare for contempt hearing and draft media statement; Telephone call with client. | 0.6 | $1,368 | 820.8 |
| 1369 | 01/09/24 | PMJ | Continue preparing for motion for contempt hearing. | 0.8 | $1,368 | 1094.4 |
| 1370 | 01/09/24 | JMT | Telephone conference with Mr. Jonna to prepare for contempt hearing. | 0.2 | $1,050 | 210 |
| 1371 | 01/09/24 | PCB | Respond to email about adding Attorney General Bonta as a defendant. | 0.2 | $1,368 | 273.6 |
| 1372 | 01/10/24 | PMJ | Continue preparing for motion for contempt hearing. | 1.6 | $1,368 | 2188.8 |
| 1373 | 01/10/24 | JMT | Prepare for, travel to and from, and participate in contempt hearing; Post-hearing debrief meeting with client. | 5 | $1,050 | 5250 |
| 1374 | 01/10/24 | PMJ | Travel to and from and attend motion for contempt hearing. | 5 | $1,368 | 6840 |
| 1375 | 01/10/24 | PMJ | Telephone call with media team regarding next steps. | 0.2 | $1,368 | 273.6 |
| 1376 | 01/10/24 | CSL | Review outline for motion for contempt hearing. | 0.4 | $1,512 | 604.8 |
| 1377 | 01/10/24 | CSL | E-mail correspondence regarding result of contempt hearing; Telephone conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 1378 | 01/11/24 | PMJ | Review media following ruling on contempt hearing. | 0.4 | $1,368 | 547.2 |
| 1379 | 01/11/24 | PMJ | Review and respond to e-mail correspondence from client regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 1380 | 01/11/24 | MDM | Review e-mail correspondence from Andrew Mirabelli regarding ██████████. | 0.2 | $1,278 | 255.6 |
| 1381 | 01/11/24 | JMT | Begin drafting first amended complaint. | 2.6 | $1,050 | 2730 |
| 1382 | 01/11/24 | PMJ | Multiple telephone calls and e-mail correspondence with Tom Ciesielka to review and revise press release. | 0.4 | $1,368 | 547.2 |

65

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1383 | 01/11/24 | PMJ | E-mail correspondence with opposing counsel regarding clients' return to work. | 0.4 | $1,368 | 547.2 |
| 1384 | 01/12/24 | JMT | Continue working on first amended complaint. | 4.2 | $1,050 | 4410 |
| 1385 | 01/12/24 | JMT | Conference with Tom Ciesielka regarding radio interview; Participate in interview. | 0.4 | $1,050 | 420 |
| 1386 | 01/12/24 | CSL | Review articles on latest court hearing; Emails regarding same. | 0.6 | $1,512 | 907.2 |
| 1387 | 01/16/24 | PMJ | E-mail correspondence with clients and EUSD regarding ███████. | 0.4 | $1,368 | 547.2 |
| 1388 | 01/16/24 | PMJ | E-mail correspondence with EUSD regarding Lori West returning to work. | 0.2 | $1,368 | 273.6 |
| 1389 | 01/16/24 | PMJ | Prepare for and participate in ██████ interview regarding case. | 0.8 | $1,368 | 1094.4 |
| 1390 | 01/16/24 | PMJ | E-mail correspondence with client and counsel for EUSD regarding ███████. | 0.2 | $1,368 | 273.6 |
| 1391 | 01/16/24 | JMT | Conference with Mr. Jonna regarding next steps in case. | 0.2 | $1,050 | 210 |
| 1392 | 01/16/24 | PMJ | Assess next steps in case with Mr. Trissell; E-mail correspondence with EUSD regarding next steps. | 0.4 | $1,368 | 547.2 |
| 1393 | 01/16/24 | JMT | Receive and review preliminary injunction order in People v. Chino. | 0.2 | $1,050 | 210 |
| 1394 | 01/16/24 | PMJ | Follow-up regarding Lori West interview at EUSD. | 0.2 | $1,368 | 273.6 |
| 1395 | 01/16/24 | JMT | Draft lengthy e-mail correspondence to clients regarding ██████. | 0.8 | $1,050 | 840 |
| 1396 | 01/16/24 | PMJ | E-mail correspondence to clients regarding ███████ ██████. | 0.2 | $1,368 | 273.6 |
| 1397 | 01/16/24 | JMT | Continue working on initial disclosures. | 0.4 | $1,050 | 420 |
| 1398 | 01/17/24 | PMJ | Review and respond to client e-mail correspondence regarding ███████. | 0.2 | $1,368 | 273.6 |
| 1399 | 01/17/24 | PMJ | Multiple e-mail correspondence with Lori West and EUSD regarding ███████. | 0.4 | $1,368 | 547.2 |
| 1400 | 01/17/24 | PMJ | E-mail correspondence with client regarding ██████ ██████. | 0.2 | $1,368 | 273.6 |
| 1401 | 01/17/24 | PMJ | E-mail correspondence with EUSD regarding Lori West's teaching requirements. | 0.2 | $1,368 | 273.6 |
| 1402 | 01/17/24 | MDM | Review e-mail correspondence from Andrew Mirabelli and Lori West regarding ███████. | 0.2 | $1,278 | 255.6 |
| 1403 | 01/17/24 | JMT | Continue working on initial disclosures. | 2.2 | $1,050 | 2310 |
| 1404 | 01/17/24 | PMJ | Discuss possible employment claims with Attorney Frank Coughlin. | 0.2 | $1,368 | 273.6 |
| 1405 | 01/17/24 | PMJ | Assess employment claims and next steps. | 0.2 | $1,368 | 273.6 |
| 1406 | 01/17/24 | JMT | Legal research regarding adding employment claims to case; E-mail correspondence to Mr. Jonna and Attorney Coughlin regarding same. | 0.6 | $1,050 | 630 |

66

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1407 | 01/17/24 | PMJ | Telephone call with Lori West regarding ██████ ██████████████ ; Telephone call Attorney Shinoff regarding same. | 0.2 | $1,368 | 273.6 |
| 1408 | 01/17/24 | PMJ | Review initial disclosures. | 0.2 | $1,368 | 273.6 |
| 1409 | 01/17/24 | FJC | Telephone call with Paul Jonna; emails to/from Paul Jonna; review prior emails. | 1.25 | $1,050 | 1312.5 |
| 1410 | 01/18/24 | PMJ | Review recent Legal Advisory issued by California Attorney General. | 0.2 | $1,368 | 273.6 |
| 1411 | 01/18/24 | PMJ | Review and respond to client e-mail correspondence regarding ████████████ . | 0.2 | $1,368 | 273.6 |
| 1412 | 01/18/24 | JMT | Review new press release from Attorney General; Edits to first amended complaint. | 2.8 | $1,050 | 2940 |
| 1413 | 01/18/24 | PMJ | Media interview with ██████████ ; Review and revise first amended complaint. | 0.8 | $1,368 | 1094.4 |
| 1414 | 01/18/24 | PMJ | Prepare for and participate in ██████████ interview. | 0.8 | $1,368 | 1094.4 |
| 1415 | 01/18/24 | PMJ | Review edits to first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1416 | 01/18/24 | PMJ | Assess edits to complaint with Attorney Coughlin. | 0.2 | $1,368 | 273.6 |
| 1417 | 01/18/24 | MDM | Identify information regarding pay and benefits to forward to Attorney Coughlin; E-mail correspondence to Lori West in advance of forwarding this information. | 0.4 | $1,278 | 511.2 |
| 1418 | 01/18/24 | CSL | Review notices from Attorney General regarding transgender school policies; E-mail correspondence regarding same. | 0.4 | $1,512 | 604.8 |
| 1419 | 01/19/24 | PMJ | Review media clips on case. | 0.4 | $1,368 | 547.2 |
| 1420 | 01/19/24 | PMJ | Review e-mail correspondence from Lori West regarding ████████████ . | 0.2 | $1,368 | 273.6 |
| 1421 | 01/19/24 | MDM | Confer with Mr. Jonna regarding employment information to forward to Attorney Coughlin with comments. | 0.4 | $1,278 | 511.2 |
| 1422 | 01/22/24 | PMJ | Participate in interview with ██████████ radio show regarding case status. | 0.4 | $1,368 | 547.2 |
| 1423 | 01/22/24 | PMJ | Telephone call with Elizabeth Mirabelli to discuss ██████████ ██████████████ . | 0.2 | $1,368 | 273.6 |
| 1424 | 01/22/24 | JMT | Telephone call with client regarding ██████████ ████████ ; Prepare redline version of first amended complaint and send to opposing counsel. | 0.6 | $1,050 | 630 |
| 1425 | 01/22/24 | JMT | Review Elizabeth Mirabelli's suggested ██████████████ ████████████ . | 0.2 | $1,050 | 210 |
| 1426 | 01/22/24 | JMT | Finalize initial disclosures; Telephone call to Ms. Oakley regarding service of same on opposing counsel. | 0.6 | $1,050 | 630 |
| 1427 | 01/22/24 | RO | Telephone call and e-mail correspondence with Mr. Trissell regarding initial disclosures; Finalize and serve initial disclosures. | 0.2 | $240 | 48 |

67

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1428 | 01/22/24 | MDM | Receive and review e-mail correspondence from Attorney Coughlin regarding late receipt of e-mail correspondence on employee rights violations. | 0.2 | $1,278 | 255.6 |
| 1429 | 01/23/24 | PMJ | Assess Lori West's retirement. | 0.2 | $1,368 | 273.6 |
| 1430 | 01/23/24 | JMT | E-mail correspondence to opposing counsel regarding why initial disclosures are late. | 0.2 | $1,050 | 210 |
| 1431 | 01/23/24 | JMT | Edits to pleadings jurisdiction motions. | 0.2 | $1,050 | 210 |
| 1432 | 01/23/24 | PMJ | Review and respond to client e-mail correspondence regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 1433 | 01/23/24 | PMJ | Review defendants' initial disclosures. | 0.2 | $1,368 | 273.6 |
| 1434 | 01/23/24 | PMJ | Assess next steps regarding first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1435 | 01/23/24 | MDM | Review e-mail correspondence from Attorney Mandarano declining to consent to amendment of complaint; Confer with Mr. Jonna and Mr. Trissell regarding procedure for seeking leave to amend; Telephone conference with Attorney Mandarano regarding same; Review e-mail correspondence from Mr. Jonna regarding EUSD's position on amendment. | 0.6 | $1,278 | 766.8 |
| 1436 | 01/23/24 | JMT | Review emails regarding CDE refusal to stipulate to amended complaint; Conference with Mr. Jonna and Mr. Myers regarding same. | 0.6 | $1,050 | 630 |
| 1437 | 01/23/24 | JMT | Legal research on federal preemption as applied here. | 0.6 | $1,050 | 630 |
| 1438 | 01/23/24 | FJC | Telephone call with Lori West re: administrative charges and updates. | 0.2 | $1,050 | 210 |
| 1439 | 01/24/24 | PMJ | Review and respond to e-mail correspondence from opposing counsel regarding first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1440 | 01/24/24 | PMJ | Telephone call to Clerk to discuss allegations in first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1441 | 01/24/24 | JMT | Telephone call to Clerk regarding how to proceed regarding first amended complaint. | 0.2 | $1,050 | 210 |
| 1442 | 01/24/24 | PMJ | E-mail correspondence to State Defendants regarding first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1443 | 01/24/24 | JMT | Draft ex parte application for clarification regarding first amended complaint. | 1.4 | $1,050 | 1470 |
| 1444 | 01/25/24 | PMJ | Follow-up with Mr. Trissell regarding next steps with first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1445 | 01/25/24 | JMT | Telephone call to court Clerk regarding next steps on first amended complaint. | 0.4 | $1,050 | 420 |
| 1446 | 01/25/24 | PMJ | Telephone call with court Clerk regarding ex parte application regarding first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1447 | 01/25/24 | JMT | Draft ex parte application for clarification of order to amend complaint. | 0.8 | $1,050 | 840 |

68

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|------|---------|------|-------------|------|--------|--------|
| 1448 | 01/25/24 | MDM | Review and suggest to Mr. Trissell revisions to ex parte application for clarification of order to amend complaint; Confer with Mr. Trissell regarding nature of proposed amendments; E-mail correspondence to Mr. Jonna and Mr. Trissell regarding next steps. | 0.4 | $1,278 | 511.2 |
| 1449 | 01/25/24 | PMJ | Review draft ex parte application regarding clarification of order to file first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1450 | 01/25/24 | FJC | Follow up with LiMandri & Jonna LLP, with Lori West; review prior emails; status to client, to LiMandri & Jonna LLP. | 1.1 | $1,050 | 1155 |
| 1451 | 01/26/24 | JMT | Draft written discovery. | 4 | $1,050 | 4200 |
| 1452 | 01/26/24 | JMT | Review order on clarification; Prepare first amended complaint. | 1.4 | $1,050 | 1470 |
| 1453 | 01/27/24 | PMJ | Review and analyze order on ex parte motion to clarify court order. | 0.2 | $1,368 | 273.6 |
| 1454 | 01/27/24 | PMJ | Review e-mail correspondence from Attorney Coughlin regarding Lori West and Elizabeth Mirabelli's employment claims. | 0.2 | $1,368 | 273.6 |
| 1455 | 01/27/24 | PMJ | Review e-mail correspondence from Lori West to EUSD. | 0.2 | $1,368 | 273.6 |
| 1456 | 01/27/24 | MDM | Receive and review e-mail correspondence from Mr. Jonna to Attorney Coughlin regarding Elizabeth MIrabelli's claims. | 0.2 | $1,278 | 255.6 |
| 1457 | 01/28/24 | PMJ | E-mail correspondence with TMS regarding Elizabeth Mirabelli and Lori West photographs; Revise press statement regarding filing of first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1458 | 01/28/24 | MDM | Verify newly set early neutral evaluation and case management conference dates and prepare for discussion with Mr. Jonna regarding how to address schedule conflict. | 0.2 | $1,278 | 255.6 |
| 1459 | 01/29/24 | PMJ | E-mail correspondence with clients to discuss TMS photographs. | 0.2 | $1,368 | 273.6 |
| 1460 | 01/29/24 | JMT | Finalize first amended complaint. | 0.6 | $1,050 | 630 |
| 1461 | 01/29/24 | KD | Draft amended summons, civil cover sheet, and update attachment list of defendants; Prepare documents for filing; File with Court. | 0.6 | $240 | 144 |
| 1462 | 01/29/24 | MDM | Research issue of resolving scheduling conflict between this early neutral evaluation and oral argument in separate case; Review draft letter regarding schedule and recommend revisions. | 0.4 | $1,278 | 511.2 |
| 1463 | 01/29/24 | PMJ | Telephone call with ███████ regarding religious accommodation and next steps. | 0.4 | $1,368 | 547.2 |
| 1464 | 01/29/24 | JMT | Receive first amended complaint. | 0.2 | $1,050 | 210 |
| 1465 | 01/30/24 | JMT | E-mail correspondence to various Deputy Attorney Generals to see whether they will accept service of the first amended complaint. | 0.4 | $1,050 | 420 |

69

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1466 | 01/30/24 | PMJ | Assess next steps regarding motion for partial summary judgement. | 0.2 | $1,368 | 273.6 |
| 1467 | 01/30/24 | PMJ | E-mail correspondence with State of California regarding summons. | 0.2 | $1,368 | 273.6 |
| 1468 | 01/31/24 | PMJ | Review and respond to e-mail correspondence from Elizabeth Mirabelli regarding ███████ ██████. | 0.2 | $1,368 | 273.6 |
| 1469 | 01/31/24 | JMT | Review emails from and to Elizabeth Mirabelli  regarding ████████████. | 0.2 | $1,050 | 210 |
| 1470 | 01/31/24 | JMT | Review additional interrogatories proposed by Elizabeth Mirabelli and add to written discovery. | 0.6 | $1,050 | 630 |
| 1471 | 01/31/24 | JMT | Telephone call with ███████████████ █████████████ regarding case. | 0.4 | $1,050 | 420 |
| 1472 | 01/31/24 | JMT | Telephone call with opposing counsel DAG Emma Soichet. | 0.2 | $1,050 | 210 |
| 1473 | 02/01/24 | PMJ | Research new Deputy Attorney General assigned to case; Review e-mail correspondence from Attorney General regarding telephone call on extension of time to respond to first amended complaint. | 0.2 | $1,368 | 273.6 |
| 1474 | 02/01/24 | PMJ | Review and analyze e-mail correspondence from Attorney General's office regarding service and proposed motion to dismiss; Discuss response with Mr. Trissell. | 0.4 | $1,368 | 547.2 |
| 1475 | 02/01/24 | JMT | Draft response letter to Deputy Attorney General Soichet regarding pleading response. | 3.2 | $1,050 | 3360 |
| 1476 | 02/01/24 | JMT | Review e-mail correspondence from Attorney Coughlin regarding Elizabeth's Title VII claims, and respond. | 0.2 | $1,050 | 210 |
| 1477 | 02/01/24 | PMJ | Review and revise edits to first amended complaint. | 0.4 | $1,368 | 547.2 |
| 1478 | 02/01/24 | PMJ | Review assessment of Elizabeth Mirabelli's employment claims from Attorney Coughlin | 0.2 | $1,368 | 273.6 |
| 1479 | 02/01/24 | JMT | Finalize response to Deputy Attorney General Soichet and send out; Telephone call with Ms. Denworth regarding serving Attorney General and Governor Newsom. | 0.4 | $1,050 | 420 |
| 1480 | 02/01/24 | KD | Review e-mail and telephone call with Mr. Trissell regarding letter to  Deputy Attorney General Emmanuelle Soichet regarding response to telephone call on January 31, 2024; Finalize same and e-mail correspondence to Deputy Attorney General Soichet with same. | 0.4 | $240 | 96 |
| 1481 | 02/01/24 | KD | Research Internet regarding service location on Governor Gavin Newsom and  Attorney General; Exchange e-mail correspondence with attorney service regarding same; Discuss above with Mr. Trissell. | 0.4 | $240 | 96 |
| 1482 | 02/02/24 | PMJ | Review letter to State defendants regarding motion to dismiss; Discuss same with Mr. Trissell. | 0.2 | $1,368 | 273.6 |

70

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1483 | 02/02/24 | JMT | Review amended summons prepared by Ms. Denworth for service on Attorney General Rob Bonta and Governor Newsom. | 0.2 | $1,050 | 210 |
| 1484 | 02/02/24 | KD | Prepare issued amended summons for Governor Newsom and Attorney General Rob Bonta; Prepare documents for service on same; E-mail correspondence to attorney with instructions for service. | 0.8 | $240 | 192 |
| 1485 | 02/05/24 | PMJ | Review and respond to client e-mail correspondence regarding status and next steps. | 0.2 | $1,368 | 273.6 |
| 1486 | 02/05/24 | PMJ | Respond to media inquiry regarding amended complaint. | 0.2 | $1,368 | 273.6 |
| 1487 | 02/05/24 | PMJ | Follow-up with EUSD regarding status of Lori West investigations. | 0.2 | $1,368 | 273.6 |
| 1488 | 02/06/24 | PMJ | Review article regarding "School District Violated Code with Gender Notification Policy, CA Department of Education Says." | 0.2 | $1,368 | 273.6 |
| 1489 | 02/07/24 | PMJ | Radio interview with ████████████ regarding status of case and next steps; Review letter from CDE to Rocklin. | 0.4 | $1,368 | 547.2 |
| 1490 | 02/07/24 | PMJ | Review and respond to e-mail correspondence from Attorney ████ regarding ████ accommodation and next steps regarding CDE. | 0.2 | $1,368 | 273.6 |
| 1491 | 02/07/24 | JMT | Work on joint discovery plan. | 0.6 | $1,050 | 630 |
| 1492 | 02/08/24 | PMJ | Review and respond to e-mail correspondence from client regarding ████████████████. | 0.2 | $1,368 | 273.6 |
| 1493 | 02/08/24 | JMT | Receive order excusing Frank Huston from early neutral evaluation conference. | 0.2 | $1,050 | 210 |
| 1494 | 02/08/24 | PMJ | Draft statement to media concerning CDE report regarding Rocklin Unified School District policy. | 0.2 | $1,368 | 273.6 |
| 1495 | 02/08/24 | PMJ | Review and analyze order granting motion to excuse early neutral evaluation conference attendance by EUSD Board Trustee. | 0.2 | $1,368 | 273.6 |
| 1496 | 02/08/24 | JMT | Continue working on written discovery and joint discovery plan. | 0.8 | $1,050 | 840 |
| 1497 | 02/08/24 | JMT | Review letter to Rocklin Unified School District; Research quotes from preliminary injunction hearing contradicting it. | 0.4 | $1,050 | 420 |
| 1498 | 02/08/24 | JMT | Draft notice of new authority in response to CDE's motion for judgment on the pleadings. | 1.2 | $1,050 | 1260 |
| 1499 | 02/08/24 | PMJ | Review draft notice of supplemental authority. | 0.2 | $1,368 | 273.6 |
| 1500 | 02/08/24 | PMJ | Review and revise discovery plan and discovery requests. | 0.6 | $1,368 | 820.8 |
| 1501 | 02/08/24 | MDM | Review draft notice of new authority; Confer with Mr. Jonna and Mr. Trissell regarding recommended changes. | 0.4 | $1,278 | 511.2 |
| 1502 | 02/08/24 | JMT | Convert notice of new authority into supplemental request for judicial notice. | 0.4 | $1,050 | 420 |

71

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1503 | 02/08/24 | PMJ | Review and revise motion for judicial notice regarding RUSD report. | 0.2 | $1,368 | 273.6 |
| 1504 | 02/08/24 | JMT | Finalize written discovery. | 1.6 | $1,050 | 1680 |
| 1505 | 02/08/24 | KD | Review and finalize supplemental request for judicial notice in opposition to State defendants' motion for judgment on pleadings; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1506 | 02/08/24 | KD | Review and finalize written discovery: Elizabeth Mirabelli's interrogatories to State defendants, defendants Trent Smith, Steve White, John Albert, Tracy Schmidt, and EUSD official-capacity defendants; Elizabeth Mirabelli's requests for admission to all defendants; Lori West's requests for admission to State defendants and EUSD defendants; and Elizabeth Mirabelli and Lori West's requests for production of documents to State defendants and EUSD defendants; E-mail correspondence to opposing counsel with same. | 0.8 | $240 | 192 |
| 1507 | 02/08/24 | CSL | Review text messages regarding media coverage. | 0.4 | $1,512 | 604.8 |
| 1508 | 02/09/24 | PMJ | Review client deposition list. | 0.2 | $1,368 | 273.6 |
| 1509 | 02/09/24 | KD | Review and finalize written discovery: Lori West's request for admissions to State defendants and EUSD defendants, Elizabeth Mirabelli's interrogatories to State defendants, Trent Smith, Steve White, John Albert, EUSD defendants, Tracy Schmidt, and request for admissions to all defendants, and joint plaintiffs' request for production of documents to State defendants and EUSD defendants; E-mail correspondence to opposing counsel with same. | 0.8 | $240 | 192 |
| 1510 | 02/09/24 | JMT | E-mail correspondence to opposing counsel with joint discovery plan. | 0.2 | $1,050 | 210 |
| 1511 | 02/12/24 | PMJ | Follow-up regarding next steps with Lori West CRD interview. | 0.2 | $1,368 | 273.6 |
| 1512 | 02/12/24 | PMJ | Review pointers from Attorney Coughlin regarding CRD interview. | 0.2 | $1,368 | 273.6 |
| 1513 | 02/12/24 | MDM | Receive and  briefly review answer to amended complaint. | 0.2 | $1,278 | 255.6 |
| 1514 | 02/13/24 | PMJ | E-mail correspondence with ▮▮▮▮▮ regarding article on case and Zoom call regarding ▮▮▮▮▮▮▮▮ ▮▮▮▮ meeting. | 0.2 | $1,368 | 273.6 |
| 1515 | 02/13/24 | JMT | Listen to ▮▮▮▮▮▮ regarding parental exclusion cases. | 0.6 | $1,050 | 630 |
| 1516 | 02/13/24 | JMT | E-mail correspondence to opposing counsel asking why answer was not filed. | 0.2 | $1,050 | 210 |
| 1517 | 02/13/24 | MDM | Confer with Mr. Trissell regarding failure of defendant to answer. | 0.2 | $1,278 | 255.6 |
| 1518 | 02/14/24 | PMJ | E-mail correspondence with opposing counsel regarding meeting and conferring on motions and discovery. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1519 | 02/14/24 | PMJ | Review and respond to client e-mail correspondence regarding next steps with Elizabeth Mirabelli; E-mail correspondence with Department of Justice regarding motions to dismiss. | 0.4 | $1,368 | 547.2 |
| 1520 | 02/14/24 | PMJ | Participate in webinar with ███████████ regarding impact of ruling. | 0.6 | $1,368 | 820.8 |
| 1521 | 02/14/24 | PMJ | Assess next steps regarding state defendants. | 0.2 | $1,368 | 273.6 |
| 1522 | 02/14/24 | JMT | Meeting with clients regarding ████████ ███████. | 0.8 | $1,050 | 840 |
| 1523 | 02/14/24 | PMJ | Client meeting regarding ████████ ████████; Review and respond to e-mail correspondence from Attorney General regarding meeting and conferring on Rule 12(b)1 motion. | 1 | $1,368 | 1368 |
| 1524 | 02/15/24 | PMJ | Prepare for and participate in telephone call with opposing counsel regarding Rule 12(b)1 motions and early neutral evaluation conference continuance. | 0.8 | $1,368 | 1094.4 |
| 1525 | 02/15/24 | JMT | Prepare for and participate in meet and confer with Attorney General's office regarding early neutral evaluation conference and motions to dismiss. | 0.8 | $1,050 | 840 |
| 1526 | 02/15/24 | JMT | Begin drafting early neutral evaluation conference statement. | 0.4 | $1,050 | 420 |
| 1527 | 02/15/24 | JMT | Edit joint motion regarding continuing the early neutral evaluation conference; Conference with Mr. Jonna regarding same and further edits. | 1 | $1,050 | 1050 |
| 1528 | 02/15/24 | PMJ | Review and revise joint motion to continue early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1529 | 02/15/24 | MDM | Confer with Mr. Jonna and Mr. Trissell regarding advisability of opposing or consenting to joint motion to continue the early neutral evaluation conference to accommodate new defendants. | 0.2 | $1,278 | 255.6 |
| 1530 | 02/16/24 | PMJ | Telephone calls and e-mail correspondence to review edits to joint motion regarding early neutral evaluation conference continuance | 0.4 | $1,368 | 547.2 |
| 1531 | 02/16/24 | JMT | Review CDE's edits to joint motion regarding continuing the early neutral evaluation conference. | 0.2 | $1,050 | 210 |
| 1532 | 02/16/24 | JMT | Draft confidential early neutral evaluation conference brief. | 3 | $1,050 | 3150 |
| 1533 | 02/16/24 | JMT | Edit responses to Daily Signal questions. | 0.4 | $1,050 | 420 |
| 1534 | 02/16/24 | JMT | Review notices of appearance of Deputy Attorneys General; Review motion to continue the early neutral evaluation conference. | 0.2 | $1,050 | 210 |
| 1535 | 02/17/24 | PMJ | Review Daily Signal reporting and help with quotes. | 0.2 | $1,368 | 273.6 |
| 1536 | 02/18/24 | PMJ | Review and revise early neutral evaluation conference brief. | 0.2 | $1,368 | 273.6 |

73

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1537 | 02/18/24 | MDM | Review and evaluate edited early neutral evaluation conference statement forwarded by Mr. Jonna; Identify and recommend additional changes. | 0.4 | $1,278 | 511.2 |
| 1538 | 02/18/24 | JMT | Review Mr. Jonna's and Mr. Myers' edits to early neutral evaluation conference brief. | 0.2 | $1,050 | 210 |
| 1539 | 02/19/24 | PMJ | Multiple telephone calls and e-mail correspondence regarding ███████ interview. | 0.6 | $1,368 | 820.8 |
| 1540 | 02/19/24 | PMJ | Review final edits to early neutral evaluation conference brief. | 0.2 | $1,368 | 273.6 |
| 1541 | 02/20/24 | PMJ | Prepare for ███████ interview. | 0.4 | $1,368 | 547.2 |
| 1542 | 02/20/24 | PMJ | Prepare for and participate in ███████ Interview regarding case status. | 1 | $1,368 | 1368 |
| 1543 | 02/20/24 | PMJ | Review CDE edits to joint discovery plan. | 0.2 | $1,368 | 273.6 |
| 1544 | 02/20/24 | PMJ | Telephone call with Lori West regarding ███████ ███████. | 0.2 | $1,368 | 273.6 |
| 1545 | 02/20/24 | MDM | View news interview of client and Mr. Jonna regarding this case. | 0.2 | $1,278 | 255.6 |
| 1546 | 02/21/24 | PMJ | Review new student reviews of Lori West. | 0.2 | $1,368 | 273.6 |
| 1547 | 02/21/24 | PMJ | Review e-mail correspondence from opposing counsel regarding joint discovery plan. | 0.2 | $1,368 | 273.6 |
| 1548 | 02/21/24 | PMJ | Review order on motion to continue early neutral evaluation conference. | 0.2 | $1,368 | 273.6 |
| 1549 | 02/22/24 | RO | Telephone calls with Mr. Jonna and Mr. Myers regarding: service of initial disclosures to opposing counsel for defendants Newsom and Bonta and early neutral evaluation conference; Prepare initial disclosures and forward to opposing counsel; Review e-mail correspondence between Mr. Jonna and Attorney Quade. | 0.4 | $240 | 96 |
| 1550 | 02/22/24 | PMJ | Review and respond to e-mail correspondence from Attorney Quade for Bonta and Newsom regarding discovery and next steps in the case. | 1.2 | $1,368 | 1641.6 |
| 1551 | 02/22/24 | MDM | Confer with Mr. Jonna and Ms. Oakley regarding service of initial disclosures; Confer with Mr. Jonna regarding conflicts with rescheduled early neutral evaluation conference; Research dates for serving written discovery on newly added parties and confer with Mr. Jonna regarding same; Assist Mr. Jonna in preparing communications to opposing counsel giving our position on FRCP 26(f) conference and service of written discovery on newly added parties. | 0.8 | $1,278 | 1022.4 |
| 1552 | 02/22/24 | PMJ | Exchange e-mail correspondence with Attorney General regarding discovery responses. | 0.2 | $1,368 | 273.6 |
| 1553 | 02/23/24 | PMJ | Review Bonta and Newsom motions to dismiss. | 0.6 | $1,368 | 820.8 |
| 1554 | 02/24/24 | PMJ | Review and respond to client e-mail correspondence regarding status of medical condition. | 0.2 | $1,368 | 273.6 |

74

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1555 | 02/24/24 | MDM | Review and evaluate message from attorney forwarded by Mr. Jonna regarding Kirchmann v. Lake Elsinore Unified School District. | 0.4 | $1,278 | 511.2 |
| 1556 | 02/26/24 | PMJ | Review California ruling upholding transgender notification policy. | 0.2 | $1,368 | 273.6 |
| 1557 | 02/26/24 | CSL | Review article on favorable ruling from State court in Riverside; Conference with Mr. Jonna regarding same. | 0.4 | $1,512 | 604.8 |
| 1558 | 02/27/24 | PMJ | Review and respond to client e-mail correspondence regarding ██████████████████. | 0.2 | $1,368 | 273.6 |
| 1559 | 02/27/24 | PMJ | Review and respond to client e-mail correspondence regarding ██████████████. | 0.2 | $1,368 | 273.6 |
| 1560 | 02/27/24 | PMJ | Follow-up e-mail correspondence with opposing counsel regarding client investigative reports. | 0.2 | $1,368 | 273.6 |
| 1561 | 02/28/24 | JMT | Review early neutral evaluation conference order. | 0.2 | $1,050 | 210 |
| 1562 | 02/28/24 | JMT | Review Governor Newsom's and Attorney General Bonta's motions to dismiss and limited research into same. | 2.4 | $1,050 | 2520 |
| 1563 | 02/28/24 | PMJ | Follow-up e-mail correspondence with Attorney General regarding Rule 26 conference. | 0.2 | $1,368 | 273.6 |
| 1564 | 02/28/24 | JMT | Conference with Mr. Jonna regarding Newsom and Bonta's motions to dismiss. | 0.2 | $1,050 | 210 |
| 1565 | 02/28/24 | JMT | Review ruling on preliminary injunction motion in M. v. Komrosky; Discuss with Ms. Denworth regarding obtaining final ruling. | 0.4 | $1,050 | 420 |
| 1566 | 02/29/24 | KD | Review e-mail correspondence from Mr. Trissell regarding obtaining documents in the M. v. Komrosky case; Research court docket for notice of ruling on preliminary injunction and minute order regarding motion for preliminary injunction; E-mail correspondence to Mr. Trissell with same. | 0.4 | $240 | 96 |
| 1567 | 02/29/24 | JMT | Draft opposition to Newsom and Bonta's motions to dismiss. | 6.8 | $1,050 | 7140 |
| 1568 | 02/29/24 | PMJ | Assess next steps regarding motions to dismiss. | 0.2 | $1,368 | 273.6 |
| 1569 | 02/29/24 | PMJ | Review and respond to Attorney Shinoff regarding workers' compensation claim. | 0.2 | $1,368 | 273.6 |
| 1570 | 03/01/24 | JMT | Review final investigative report regarding Lori West. | 0.2 | $1,050 | 210 |
| 1571 | 03/01/24 | PMJ | Review report with conclusion of Lori Ann West investigation. | 0.2 | $1,368 | 273.6 |
| 1572 | 03/01/24 | PMJ | Review and respond to e-mail correspondence from Attorney General's office regarding meet and confer date; Review and respond to client e-mail correspondence regarding investigation of Lori West. | 0.2 | $1,368 | 273.6 |
| 1573 | 03/01/24 | MDM | Review e-mail correspondence from Attorney Quade regarding Rule 26 meet and confer, and related e-mail correspondence regarding scheduling. | 0.2 | $1,278 | 255.6 |

75

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1574 | 03/01/24 | PMJ | Assess complaints and results of EUSD investigation. | 0.2 | $1,368 | 273.6 |
| 1575 | 03/01/24 | PMJ | Assess strategy regarding Newsom motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 1576 | 03/01/24 | JMT | Draft opposition to defendants Newsom's and Bonta's motions to dismiss. | 8.6 | $1,050 | 9030 |
| 1577 | 03/01/24 | CSL | Further e-mail correspondence regarding investigation of claims made against client. | 0.4 | $1,512 | 604.8 |
| 1578 | 03/01/24 | CSL | E-mail correspondence regarding investigation of claims made against client Lori West. | 0.4 | $1,512 | 604.8 |
| 1579 | 03/04/24 | JMT | Update opposition to motions to dismiss filed by Newsom and Bonta. | 0.4 | $1,050 | 420 |
| 1580 | 03/04/24 | PMJ | Review and revise opposition to Attorney General's and Governor Newsom's motion to dismiss. | 0.8 | $1,368 | 1094.4 |
| 1581 | 03/04/24 | PMJ | Telephone calls with Frank Coughlin and Lori West regarding Title VII claims and next steps. | 0.2 | $1,368 | 273.6 |
| 1582 | 03/04/24 | MDM | Review and revise opposition to newly added defendants' motion to dismiss. | 2.2 | $1,278 | 2811.6 |
| 1583 | 03/04/24 | PMJ | E-mail correspondence with opposing counsel regarding discovery extension. | 0.2 | $1,368 | 273.6 |
| 1584 | 03/05/24 | JMT | Edits to opposition to Newsom's and Bonta's motions to dismiss. | 2 | $1,050 | 2100 |
| 1585 | 03/08/24 | JMT | Listen to Newsom press conference regarding parental rights in education from August 2023. | 0.8 | $1,050 | 840 |
| 1586 | 03/12/24 | PMJ | Review and respond to client e-mail correspondence regarding ██████████████████████ ████████. | 0.2 | $1,368 | 273.6 |
| 1587 | 03/13/24 | PMJ | Review e-mail correspondence from EUSD to Lori West regarding adjunct duties. | 0.2 | $1,368 | 273.6 |
| 1588 | 03/13/24 | JMT | Edits to motion to dismiss opposition. | 0.8 | $1,050 | 840 |
| 1589 | 03/14/24 | PMJ | Review and revise final edits to opposition to motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 1590 | 03/14/24 | JMT | Minor edits to motion to dismiss opposition. | 0.2 | $1,050 | 210 |
| 1591 | 03/14/24 | PMJ | Prepare for EEOC interview with Lori West and Frank Coughlin. | 0.4 | $1,368 | 547.2 |
| 1592 | 03/14/24 | PMJ | Prepare for EEOC interview. | 0.2 | $1,368 | 273.6 |
| 1593 | 03/14/24 | PMJ | Participate in Lori West EEOC interview; Discuss same with Frank Coughlin. | 0.2 | $1,368 | 273.6 |
| 1594 | 03/14/24 | RM | Prepare table of authorities in support of opposition to Newsom's and Bonta's motion to dismiss. | 3 | $240 | 720 |
| 1595 | 03/15/24 | JMT | Review Supreme Court decision in O'Connor-Ratcliffe. | 0.2 | $1,050 | 210 |
| 1596 | 03/18/24 | JMT | Work with Mr. Muldowney on the table of authorities for the opposition to Newsom's and Bonta's motion to dismiss. | 1 | $1,050 | 1050 |

76

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1597 | 03/18/24 | JMT | Draft declaration of Paul Jonna in support of opposition to Governor Newsom's and Attorney General Bonta's motions to dismiss. | 1.2 | $1,050 | 1260 |
| 1598 | 03/18/24 | PMJ | Review final edits to opposition to motion to dismiss and declaration regarding same. | 0.4 | $1,368 | 547.2 |
| 1599 | 03/18/24 | PMJ | Telephone call with client regarding ███████ ████████████. | 0.2 | $1,368 | 273.6 |
| 1600 | 03/18/24 | RM | Discuss revisions to table of authorities in support of opposition to Newsom's and Bonta's motion to dismiss with Mr. Trissell; Revise same. | 0.6 | $240 | 144 |
| 1601 | 03/19/24 | PMJ | Review client e-mail correspondence regarding ████ ██████████. | 0.2 | $1,368 | 273.6 |
| 1602 | 03/19/24 | PMJ | Draft letter to Attorney Shinoff regarding Elizabeth Mirabelli's work status. | 0.4 | $1,368 | 547.2 |
| 1603 | 03/19/24 | PMJ | Follow-up e-mail correspondence with client regarding ████████████████████████████; Forward draft e-mail correspondence to workers' compensation lawyer. | 0.2 | $1,368 | 273.6 |
| 1604 | 03/19/24 | JMT | Review numerous emails regarding employment situation. | 0.4 | $1,050 | 420 |
| 1605 | 03/19/24 | JMT | Edit joint discovery plan. | 0.6 | $1,050 | 630 |
| 1606 | 03/20/24 | JMT | Edits to joint discovery plan. | 0.8 | $1,050 | 840 |
| 1607 | 03/20/24 | PMJ | Follow-up with co-counsel regarding EEOC charge for Lori West, and Attorney Shinoff response regarding Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 1608 | 03/20/24 | PMJ | Prepare for Rule 26(f) conference. | 0.4 | $1,368 | 547.2 |
| 1609 | 03/20/24 | JMT | Conference with Mr. Jonna regarding joint discovery plan and Rule 26(f) conference. | 0.6 | $1,050 | 630 |
| 1610 | 03/20/24 | MDM | Review and assess draft joint discovery plan prior to Rule 26(f) conference. | 0.4 | $1,278 | 511.2 |
| 1611 | 03/20/24 | PMJ | Assess workers' compensation issues from Craig Fuller; E-mail correspondence with Frank Coughlin regarding EEOC letter. | 0.4 | $1,368 | 547.2 |
| 1612 | 03/20/24 | JMT | Review CDE's written discovery responses. | 1 | $1,050 | 1050 |
| 1613 | 03/20/24 | PMJ | Assess employment claims for Lori West. | 1.2 | $1,368 | 1641.6 |
| 1614 | 03/20/24 | JMT | Telephone calls with Mr. Jonna, Frank Couglin, and Lori West regarding next steps and Title VII. | 1 | $1,050 | 1050 |
| 1615 | 03/20/24 | PMJ | Participate in Rule 26(f) conference with Bonta/Newsom defendants. | 0.6 | $1,368 | 820.8 |
| 1616 | 03/20/24 | JMT | Participate in Rule 26(f) conference. | 0.6 | $1,050 | 630 |
| 1617 | 03/20/24 | JMT | Prepare written discovery to be propounded on Defendants Newsom and Bonta. | 0.4 | $1,050 | 420 |
| 1618 | 03/20/24 | JMT | Work on discovery meet and confer letter for CDE. | 0.8 | $1,050 | 840 |
| 1619 | 03/20/24 | PMJ | Telephone call with Andrew Mirabelli regarding ██████ ████████████. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1620 | 03/21/24 | PMJ | Telephone calls with Craig Fuller and clients regarding ███████████ | 0.4 | $1,368 | 547.2 |
| 1621 | 03/21/24 | JMT | Draft discovery meet and confer letter to CDE. | 4.8 | $1,050 | 5040 |
| 1622 | 03/21/24 | PMJ | Telephone calls with TMS and client regarding ████ ███████████. | 1 | $1,368 | 1368 |
| 1623 | 03/21/24 | JMT | Telephone calls with Mr. Jonna and clients regarding ██ ███████████. | 0.6 | $1,050 | 630 |
| 1624 | 03/21/24 | PMJ | Telephone conference with client ██████████. | 0.2 | $1,368 | 273.6 |
| 1625 | 03/21/24 | CSL | Receive report regarding Title VII claim. | 0.2 | $1,512 | 302.4 |
| 1626 | 03/22/24 | JMT | Receive ██████ from client; Send charge of discrimination on behalf of Lori West to EEOC. | 0.2 | $1,050 | 210 |
| 1627 | 03/22/24 | JMT | Continue drafting discovery meet and confer letter to CDE. | 2 | $1,050 | 2100 |
| 1628 | 03/22/24 | JMT | Review Newsom reply in support of motion to dismiss. | 0.2 | $1,050 | 210 |
| 1629 | 03/25/24 | PMJ | Review potential claims of new potential plaintiffs. | 0.2 | $1,368 | 273.6 |
| 1630 | 03/25/24 | JMT | Review Bonta reply in support of motion to dismiss. | 0.2 | $1,050 | 210 |
| 1631 | 03/25/24 | PMJ | Review e-mail correspondence from potential witness, ██████████. | 0.2 | $1,368 | 273.6 |
| 1632 | 03/25/24 | PMJ | Review draft meet and confer letter regarding CDE discovery responses. | 0.2 | $1,368 | 273.6 |
| 1633 | 03/25/24 | KD | Review and finalize meet and confer letter to Attorney Cale regarding CDE discovery responses; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1634 | 03/26/24 | JMT | Receive notice resetting hearing on motions to dismiss. | 0.2 | $1,050 | 210 |
| 1635 | 03/26/24 | JMT | Review new Supreme Court FBI v. Fikre decision. | 0.2 | $1,050 | 210 |
| 1636 | 03/26/24 | JMT | Research for next steps in case. | 0.4 | $1,050 | 420 |
| 1637 | 03/29/24 | PMJ | Review and respond to e-mail correspondence from Attorney General's office regarding discovery stay. | 0.2 | $1,368 | 273.6 |
| 1638 | 03/29/24 | JMT | Receive and review defendants Newsom's and Bonta's ex parte application for protective order staying discovery. | 0.4 | $1,050 | 420 |
| 1639 | 04/01/24 | JMT | Draft opposition to defendants' ex parte application for protective order staying discovery. | 6.8 | $1,050 | 7140 |
| 1640 | 04/01/24 | PMJ | Review and respond to client e-mail correspondence regarding ██████. | 0.2 | $1,368 | 273.6 |
| 1641 | 04/01/24 | PMJ | Review and revise opposition to defendants' ex parte application for protective order staying discovery. | 0.6 | $1,368 | 820.8 |
| 1642 | 04/01/24 | KD | Review and finalize opposition to defendants' ex parte application for protective order staying discovery; Revise exhibits to Jonna declaration; File with court; E-mail correspondence to attorney service to deliver courtesy copy to court; E-mail correspondence to opposing counsel with same. | 0.6 | $240 | 144 |

78

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1643 | 04/02/24 | PMJ | Telephone call with Andrew Mirabelli regarding ██████ ████████████████████. | 0.2 | $1,368 | 273.6 |
| 1644 | 04/02/24 | PMJ | Review and respond to e-mail correspondence from Attorney Coughlin regarding MOU and grievance procedures. | 0.2 | $1,368 | 273.6 |
| 1645 | 04/02/24 | PMJ | Review e-mail correspondence from Attorney Coughlin regarding next steps with grievance procedure. | 0.2 | $1,368 | 273.6 |
| 1646 | 04/03/24 | PMJ | E-mail correspondence with client regarding ██████ ████████████████████. | 0.2 | $1,368 | 273.6 |
| 1647 | 04/03/24 | PMJ | Review e-mail correspondence from Attorney Coughlin regarding grievance process and next steps. | 0.2 | $1,368 | 273.6 |
| 1648 | 04/03/24 | PMJ | Review proposed edits to joint discovery plan. | 0.2 | $1,368 | 273.6 |
| 1649 | 04/03/24 | PMJ | E-mail correspondence to opposing counsel regarding grievance process and next steps. | 0.2 | $1,368 | 273.6 |
| 1650 | 04/03/24 | PMJ | Assess next steps regarding amending complaint. | 0.2 | $1,368 | 273.6 |
| 1651 | 04/04/24 | PMJ | Assess next steps regarding amended complaint. | 0.2 | $1,368 | 273.6 |
| 1652 | 04/04/24 | JMT | Review numerous emails regarding employment compensation, confiscation of funds, differential pay, and filing a grievance. | 0.4 | $1,050 | 420 |
| 1653 | 04/04/24 | PMJ | Telephone conference with potential parent plaintiff Jane Poe. | 0.4 | $1,368 | 547.2 |
| 1654 | 04/04/24 | PMJ | Review and respond to e-mail correspondence from client with draft grievance; Review Lori West right to sue letter. | 0.2 | $1,368 | 273.6 |
| 1655 | 04/04/24 | PMJ | Review e-mail correspondence from Attorney Coughlin regarding edits to grievance form. | 0.2 | $1,368 | 273.6 |
| 1656 | 04/04/24 | JMT | Review and revise confidential early neutral evaluation conference statement. | 0.6 | $1,050 | 630 |
| 1657 | 04/04/24 | PMJ | Review State of California reply in support of motion to stay discovery. | 0.2 | $1,368 | 273.6 |
| 1658 | 04/04/24 | JMT | Review defendants Newsom and Bonta reply in support of motion for a discovery stay. | 0.2 | $1,050 | 210 |
| 1659 | 04/04/24 | PMJ | Review draft early neutral evaluation conference statement. | 0.2 | $1,368 | 273.6 |
| 1660 | 04/04/24 | PMJ | Prepare for meeting with clients and ████ potential new teacher plaintiffs. | 0.2 | $1,368 | 273.6 |
| 1661 | 04/04/24 | PMJ | Meeting with potential new plaintiffs and client regarding ██████. | 2 | $1,368 | 2736 |
| 1662 | 04/04/24 | JMT | Meeting with ████ potential new client teacher. | 2 | $1,050 | 2100 |
| 1663 | 04/04/24 | PMJ | Telephone conference with potential new plaintiff Jane Poe. | 0.4 | $1,368 | 547.2 |
| 1664 | 04/04/24 | CSL | Conference with Mr. Jonna regarding change in plaintiffs. | 0.4 | $1,512 | 604.8 |
| 1665 | 04/04/24 | KD | Review e-mail correspondence from Mr. Trissell regarding updating attorney hours for early neutral evaluation conference statement; Update same. | 0.4 | $240 | 96 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1666 | 04/05/24 | PMJ | E-mail correspondence with ███████ regarding ████████. | 0.2 | $1,368 | 273.6 |
| 1667 | 04/05/24 | PMJ | Review edits to joint discovery plan. | 0.2 | $1,368 | 273.6 |
| 1668 | 04/05/24 | JMT | Review and finalize joint discovery plan. | 1 | $1,050 | 1050 |
| 1669 | 04/05/24 | KD | Review and finalize joint discovery plan; File with Court. | 0.4 | $240 | 96 |
| 1670 | 04/05/24 | PMJ | Review e-mail correspondence from Attorney Shinoff regarding Elizabeth Mirabelli and confiscation of her pay. | 0.2 | $1,368 | 273.6 |
| 1671 | 04/05/24 | CSL | Review video on school indoctrination; E-mail correspondence regarding same; Conference with Mr. Jonna and Mr. Trissell regarding same. | 1 | $1,512 | 1512 |
| 1672 | 04/08/24 | PMJ | E-mail correspondence with potential plaintiff Jane Boe. | 0.2 | $1,368 | 273.6 |
| 1673 | 04/08/24 | JMT | Respond to emails from client regarding sending recap letter regarding grievance to EUSD. | 0.2 | $1,050 | 210 |
| 1674 | 04/08/24 | PMJ | Assess next steps regarding letter to Audrey Frank regarding grievance procedure. | 0.2 | $1,368 | 273.6 |
| 1675 | 04/08/24 | JMT | E-mail correspondence to new plaintiffs Jane Roe and Jane Boe. | 0.2 | $1,050 | 210 |
| 1676 | 04/09/24 | PMJ | Telephone call with ██████ regarding ██████ claim. | 0.6 | $1,368 | 820.8 |
| 1677 | 04/10/24 | PMJ | Review letter from Attorney Shinoff regarding Elizabeth Mirabelli's pay issues. | 0.2 | $1,368 | 273.6 |
| 1678 | 04/10/24 | PMJ | Review e-mail correspondence from court regarding early neutral evaluation conference login information. | 0.2 | $1,368 | 273.6 |
| 1679 | 04/10/24 | PMJ | E-mail correspondence to opposing counsel regarding Elizabeth Mirabelli's work status. | 0.2 | $1,368 | 273.6 |
| 1680 | 04/10/24 | PMJ | Review and respond to Attorney Shinoff's e-mail correspondence regarding Elizabeth Mirabelli's pay. | 0.2 | $1,368 | 273.6 |
| 1681 | 04/10/24 | PMJ | E-mail correspondence with Attorney Shinoff regarding Elizabeth Mirabelli's letter regarding pay confiscation. | 0.2 | $1,368 | 273.6 |
| 1682 | 04/10/24 | PMJ | Interview potential plaintiff Jane Poe; Discuss same with Mr. Trissell. | 0.4 | $1,368 | 547.2 |
| 1683 | 04/10/24 | PMJ | Review and respond to Attorney Shinoff's letter regarding Elizabeth Mirabelli's status. | 0.2 | $1,368 | 273.6 |
| 1684 | 04/10/24 | CSL | Conference with Mr. Jonna regarding new plaintiffs and claims. | 0.4 | $1,512 | 604.8 |
| 1685 | 04/11/24 | PMJ | Review and respond to e-mail correspondence from Jane Poe regarding next steps. | 0.2 | $1,368 | 273.6 |
| 1686 | 04/11/24 | JMT | Review EUSD written discovery responses and document production. | 2.6 | $1,050 | 2730 |
| 1687 | 04/11/24 | PMJ | Telephone call with ██████ regarding Jane Poe. | 0.4 | $1,368 | 547.2 |
| 1688 | 04/12/24 | JMT | Participate in early neutral evaluation conference and case management conference. | 3 | $1,050 | 3150 |
| 1689 | 04/12/24 | JMT | Draft fee agreements for new clients Jane Roe and Jane Boe. | 1.4 | $1,050 | 1470 |

80

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1690 | 04/12/24 | PMJ | Travel to and from and attend early neutral evaluation conference and discuss same with team. | 4.8 | $1,368 | 6566.4 |
| 1691 | 04/12/24 | PCB | Multiple emails regarding draft fee agreements for new clients. | 0.4 | $1,368 | 547.2 |
| 1692 | 04/14/24 | PMJ | Multiple e-mail correspondence regarding updates to fee agreement for new plaintiffs Jane Roe and Jane Boe. | 0.4 | $1,368 | 547.2 |
| 1693 | 04/14/24 | PMJ | E-mail correspondence with clients regarding new plaintiffs Jane Roe and Jane Boe. | 0.2 | $1,368 | 273.6 |
| 1694 | 04/15/24 | PMJ | Review and analyze order on motion to stay. | 0.2 | $1,368 | 273.6 |
| 1695 | 04/15/24 | JMT | Review order staying discovery as to defendants Newsom and Bonta. | 0.2 | $1,050 | 210 |
| 1696 | 04/15/24 | JMT | Draft EUSD meet and confer discovery letter brief. | 2.4 | $1,050 | 2520 |
| 1697 | 04/15/24 | CSL | Conference with Mr. Jonna regarding discovery and motion for summary judgment; E-mail correspondence regarding same. | 0.4 | $1,512 | 604.8 |
| 1698 | 04/16/24 | PMJ | Review and respond to e-mail correspondence from Jane Roe regarding joining lawsuit. | 0.2 | $1,368 | 273.6 |
| 1699 | 04/16/24 | JMT | Review new SCOTUS opinion in Labrador v. Poe. | 0.4 | $1,050 | 420 |
| 1700 | 04/16/24 | PMJ | Review and revise meet and confer letter responses. | 0.6 | $1,368 | 820.8 |
| 1701 | 04/16/24 | PMJ | Calendar case management conference dates. | 0.2 | $1,368 | 273.6 |
| 1702 | 04/16/24 | JMT | Draft discovery meet and confer letter to CDE. | 2.8 | $1,050 | 2940 |
| 1703 | 04/16/24 | PMJ | Interview potential plaintiff, Jane Poe. | 1 | $1,368 | 1368 |
| 1704 | 04/16/24 | JMT | Telephone conference with potential plaintiff Jane Poe. | 0.8 | $1,050 | 840 |
| 1705 | 04/16/24 | KD | Review and finalize letter to EUSD regarding meet and confer on discovery; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1706 | 04/16/24 | PMJ | Review and revise meet and confer letter to CDE. | 0.4 | $1,368 | 547.2 |
| 1707 | 04/16/24 | JMT | Draft fee agreement for Jane Poe. | 0.4 | $1,050 | 420 |
| 1708 | 04/16/24 | KD | Review and finalize letter to Deputy General Counsel Virginia Cale, of CDE regarding discovery meet and confer; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1709 | 04/17/24 | JMT | Review new Title VII case Muldrow v. City of St. Louis. | 0.4 | $1,050 | 420 |
| 1710 | 04/17/24 | PMJ | Prepare for motion to dismiss hearing. | 0.2 | $1,368 | 273.6 |
| 1711 | 04/17/24 | MDM | Review Muldrow v. City of St Louis case and analysis by Mr. Trissell regarding adverse employment actions. | 0.2 | $1,278 | 255.6 |
| 1712 | 04/18/24 | PMJ | E-mail correspondence with parent plaintiff, Jane Poe | 0.2 | $1,368 | 273.6 |
| 1713 | 04/18/24 | PMJ | Review and revise Jane Poe fee agreement. | 0.2 | $1,368 | 273.6 |
| 1714 | 04/18/24 | JMT | Draft second amended complaint. | 3 | $1,050 | 3150 |
| 1715 | 04/18/24 | JMT | Revisions to fee agreement for Jane Poe. | 0.6 | $1,050 | 630 |
| 1716 | 04/18/24 | PCB | Further review of draft fee agreements for new clients. | 0.4 | $1,368 | 547.2 |
| 1717 | 04/19/24 | JMT | Continue working on second amended complaint. | 3 | $1,050 | 3150 |
| 1718 | 04/19/24 | PMJ | Prepare for motion to dismiss hearing. | 0.8 | $1,368 | 1094.4 |

81

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1719 | 04/19/24 | JMT | Prepare for and participate in meet and confer conference call with CDE. | 2.2 | $1,050 | 2310 |
| 1720 | 04/19/24 | PMJ | Prepare for and participate in meet and confer conference call with CDE on discovery. | 2 | $1,368 | 2736 |
| 1721 | 04/19/24 | PMJ | Review amended discovery responses from the CDE. | 0.2 | $1,368 | 273.6 |
| 1722 | 04/20/24 | PMJ | E-mail correspondence with client regarding ███ ███. | 0.2 | $1,368 | 273.6 |
| 1723 | 04/22/24 | JMT | Follow-up emails to potential new plaintiff Jane Boe. | 0.2 | $1,050 | 210 |
| 1724 | 04/22/24 | PMJ | Prepare for hearing on Attorney General Bonta's motion to dismiss. | 1.2 | $1,368 | 1641.6 |
| 1725 | 04/22/24 | JMT | Draft letter to Virginia Cale regarding discovery. | 2.8 | $1,050 | 2940 |
| 1726 | 04/22/24 | PMJ | Review and revise CDE meet and confer letter. | 0.4 | $1,368 | 547.2 |
| 1727 | 04/22/24 | PMJ | Review e-mail correspondence from Attorney Shinoff regarding dismissal of defendants John Abert and Tracy Shmidt. | 0.2 | $1,368 | 273.6 |
| 1728 | 04/22/24 | KD | Review and finalize letter to Deputy General Counsel Virginia Cale, of CDE regarding discovery meet and confer; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1729 | 04/23/24 | PMJ | Review multiple client e-mail correspondence regarding ████████. | 0.2 | $1,368 | 273.6 |
| 1730 | 04/23/24 | PMJ | Assess settlement and next steps with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 1731 | 04/23/24 | PMJ | Review client e-mail correspondence regarding ███ ████. | 0.2 | $1,368 | 273.6 |
| 1732 | 04/23/24 | PMJ | Prepare for motions to dismiss hearing. | 1.4 | $1,368 | 1915.2 |
| 1733 | 04/23/24 | PMJ | Prepare outline for motion to dismiss hearing. | 0.4 | $1,368 | 547.2 |
| 1734 | 04/23/24 | PMJ | Review materials for motion to dismiss hearing; Update outline. | 0.4 | $1,368 | 547.2 |
| 1735 | 04/23/24 | JMT | Continue working on second amended complaint. | 1.4 | $1,050 | 1470 |
| 1736 | 04/23/24 | PMJ | Review and revise outline for motion to dismiss hearing. | 0.2 | $1,368 | 273.6 |
| 1737 | 04/23/24 | PMJ | Telephone call with potential client, Jane Poe. | 0.8 | $1,368 | 1094.4 |
| 1738 | 04/23/24 | JMT | Meeting with new clients John Poe and Jane Poe. | 0.8 | $1,050 | 840 |
| 1739 | 04/24/24 | PMJ | Review and respond to client e-mail correspondence regarding next steps with settlement. | 0.2 | $1,368 | 273.6 |
| 1740 | 04/24/24 | PMJ | Review information regarding new plaintiffs, Jane Poe, John Poe, and Child Poe. | 0.2 | $1,368 | 273.6 |
| 1741 | 04/24/24 | PMJ | Assess marketing for amended complaint. | 0.2 | $1,368 | 273.6 |
| 1742 | 04/24/24 | PMJ | Follow-up with ████ regarding Jane Poe. | 0.2 | $1,368 | 273.6 |
| 1743 | 04/24/24 | JMT | Edits to second amended complaint. | 0.6 | $1,050 | 630 |
| 1744 | 04/24/24 | PMJ | Continue working on outline for motion to dismiss hearing. | 1 | $1,368 | 1368 |
| 1745 | 04/24/24 | JMT | Draft comprehensive response to clients regarding dismissing John Albert and Tracy Schmidt. | 1 | $1,050 | 1050 |

82

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1746 | 04/24/24 | JMT | Review and respond to e-mail correspondence from Virginia Cale regarding discovery. | 0.4 | $1,050 | 420 |
| 1747 | 04/24/24 | JMT | Draft subpoenas for document production to Genders & Sexualities Alliance Network, National Center for Lesbian Rights, Inc., California School Boards Association, Inc., and Equality California, Inc. | 1.4 | $1,050 | 1470 |
| 1748 | 04/24/24 | PMJ | Review e-mail correspondence to client regarding ▮▮▮▮▮; Review e-mail correspondence to CDE regarding same. | 0.2 | $1,368 | 273.6 |
| 1749 | 04/24/24 | PMJ | Review third-party subpoenas of Genders & Sexualities Alliance Network, National Center for Lesbian Rights, Inc., California School Boards Association, Inc., and Equality California, Inc. | 0.2 | $1,368 | 273.6 |
| 1750 | 04/24/24 | JMT | Work on chart regarding various players for hearing. | 1.8 | $1,050 | 1890 |
| 1751 | 04/24/24 | PMJ | Telephone conference with ▮▮▮ regarding Jane Poie's claims and next steps; Telephone call with potential new plaintiff Jane Doe. | 0.8 | $1,368 | 1094.4 |
| 1752 | 04/24/24 | JMT | Telephone call to Mr. Jonna regarding potential new plaintiff Jane Doe. | 0.2 | $1,050 | 210 |
| 1753 | 04/24/24 | KD | Exchange e-mail correspondence to attorney service regarding custodian of records locations and service of subpoenas to Genders & Sexualities Alliance Network, National Center for Lesbian Rights, Inc., California School Boards Association, Inc., and Equality California, Inc. | 0.2 | $240 | 48 |
| 1754 | 04/24/24 | KD | Revise subpoenas for Genders & Sexualities Alliance Network, Inc., National Center for Lesbian Rights, Inc., California School Boards Association, Inc., and Equality California, Inc. | 0.2 | $240 | 48 |
| 1755 | 04/24/24 | KD | E-mail correspondence to opposing counsel with subpoenas for Genders & Sexualities Alliance Network, National Center for Lesbian Rights, Inc., California School Boards Association, Inc., and Equality California, Inc. | 0.2 | $240 | 48 |
| 1756 | 04/24/24 | KD | Exchange e-mail correspondence to attorney service with subpoenas for personal service on Genders & Sexualities Alliance Network, National Center for Lesbian Rights, Inc., California School Boards Association, Inc., and Equality California, Inc. | 0.2 | $240 | 48 |
| 1757 | 04/24/24 | PMJ | Telephone call with potential new plaintiff Jane Doe regarding joining case. | 0.8 | $1,368 | 1094.4 |
| 1758 | 04/24/24 | JMT | Telephone conference with potential new plaintiff Jane Doe. | 1.4 | $1,050 | 1470 |
| 1759 | 04/25/24 | PMJ | Review client e-mail correspondence regarding ▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |

83

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1760 | 04/25/24 | PMJ | Continue to prepare for defendants Newsom and Bonta motions to dismiss hearing. | 2.2 | $1,368 | 3009.6 |
| 1761 | 04/25/24 | JMT | Edit materials for Mr. Jonna to use at hearing. | 1.2 | $1,050 | 1260 |
| 1762 | 04/26/24 | PMJ | Revisions to outline for Bonta and Newsom motions to dismiss hearing. | 1 | $1,368 | 1368 |
| 1763 | 04/26/24 | MDM | Confer with Mr. Jonna and Mr. LiMandri regarding upcoming oral argument and presentation of exhibits; Assist Mr. Jonna in preparing for oral argument. | 1 | $1,278 | 1278 |
| 1764 | 04/26/24 | JMT | Meeting with Mr. Jonna regarding preparation for oral argument. | 0.4 | $1,050 | 420 |
| 1765 | 04/26/24 | PMJ | Review briefing in Regino v. Staley case; Telephone call to Clerk regarding motion hearing. | 0.2 | $1,368 | 273.6 |
| 1766 | 04/26/24 | PMJ | Review and respond to Attorney Shinoff's e-mail correspondence regarding Elizabeth Mirabellli's grievance. | 0.2 | $1,368 | 273.6 |
| 1767 | 04/26/24 | JMT | Assist Mr. Jonna in preparing for motions to dismiss hearing. | 2.8 | $1,050 | 2940 |
| 1768 | 04/26/24 | CSL | Conference with Mr. Jonna, Mr. Trissell, and Mr. Myers regarding strategy for presentation of oral argument on motions to dismiss; Review exhibit regarding same. | 0.8 | $1,512 | 1209.6 |
| 1769 | 04/26/24 | PMJ | Continue to prepare for defendants Newsom and Bonta motions to dismiss hearing. | 6.2 | $1,368 | 8481.6 |
| 1770 | 04/27/24 | MDM | Research on issue of governor's immunity and necessary party status per discussion with Mr. Jonna; Forward analysis to same and to Mr. Trissell. | 1.6 | $1,278 | 2044.8 |
| 1771 | 04/27/24 | PMJ | Continue to prepare for defendants Newsom and Bonta motions to dismiss hearing. | 1 | $1,368 | 1368 |
| 1772 | 04/28/24 | PMJ | Continue to prepare for defendants Newsom and Bonta motions to dismiss hearing. | 1.4 | $1,368 | 1915.2 |
| 1773 | 04/28/24 | JMT | Update presentation for defendants Newsom and Bonta motions to dismiss hearing. | 0.8 | $1,050 | 840 |
| 1774 | 04/29/24 | PMJ | Continue to prepare for defendants Newsom and Bonta motions to dismiss hearing. | 0.8 | $1,368 | 1094.4 |
| 1775 | 04/29/24 | JMT | Prepare for, travel to and from, participate in, and debrief concerning hearing on defendants Newsom's and Bonta's motions to dismiss. | 4 | $1,050 | 4200 |
| 1776 | 04/29/24 | PMJ | Travel to and from, and attend defendants' motions to dismiss hearing. | 3.6 | $1,368 | 4924.8 |
| 1777 | 04/29/24 | KD | Exchange e-mail correspondence to court reporter Adrian Baule to request an expedited transcript of defendants' motion to dismiss hearing; Complete request form. | 0.4 | $240 | 96 |
| 1778 | 04/29/24 | JMT | Telephone conference with potential new plaintiff Jane Doe. | 0.6 | $1,050 | 630 |
| 1779 | 04/29/24 | PMJ | Follow-up conference call with potential new plaintiff, Jane Doe. | 0.6 | $1,368 | 820.8 |

84

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1780 | 04/29/24 | JMT | Telephone conference with clients regarding ███████ ███████████████████████. | 0.6 | $1,050 | 630 |
| 1781 | 04/29/24 | PMJ | Conference call with clients to discuss █████████ ██████. | 0.6 | $1,368 | 820.8 |
| 1782 | 04/29/24 | CSL | Telephone conference with Mr. Jonna regarding hearing on motions to dismiss defendants Newsom and Bonta. | 0.6 | $1,512 | 907.2 |
| 1783 | 04/30/24 | PMJ | Review EUSD's meet and confer letter response regarding discovery disputes; Review Courthouse News update on case. | 0.4 | $1,368 | 547.2 |
| 1784 | 04/30/24 | MDM | Confer with Mr. Trissell regarding research needed on bringing claims as a class action; Review and analysis of Supreme Court precedent on breadth of injunctions; Review and assess settlement terms sent to opposing counsel. | 0.8 | $1,278 | 1022.4 |
| 1785 | 04/30/24 | PMJ | E-mail correspondence with team regarding next steps. | 0.2 | $1,368 | 273.6 |
| 1786 | 04/30/24 | PMJ | Telephone call with Attorney Shinoff and clients to discuss settlement and next steps. | 1 | $1,368 | 1368 |
| 1787 | 04/30/24 | JMT | Telephone calls with Attorney Shinoff regarding next steps and settlement, and with client regarding same. | 0.8 | $1,050 | 840 |
| 1788 | 04/30/24 | JMT | Review numerous text messages and draft settlement e-mail correspondence between Mr. Jonna and Attorney Shinoff. | 0.2 | $1,050 | 210 |
| 1789 | 04/30/24 | PMJ | E-mail correspondence to EUSD regarding settlement. | 0.2 | $1,368 | 273.6 |
| 1790 | 04/30/24 | JMT | Prepare fee agreement for potential new plaintiff John Doe and Jane Doe. | 0.4 | $1,050 | 420 |
| 1791 | 05/01/24 | JMT | Draft response to Attorney Shinoff's April 29, 2024 discovery meet and confer letter. | 1 | $1,050 | 1050 |
| 1792 | 05/01/24 | PMJ | Assess litigation strategy and next steps. | 0.2 | $1,368 | 273.6 |
| 1793 | 05/01/24 | JMT | Telephone call with Mr. Jonna regarding next steps. | 0.2 | $1,050 | 210 |
| 1794 | 05/01/24 | PMJ | Review and revise meet and confer letter to EUSD regarding discovery. | 0.2 | $1,368 | 273.6 |
| 1795 | 05/01/24 | KD | Review, revise, and finalize meet and confer letter to Attorney Shinoff; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1796 | 05/01/24 | PMJ | Review summary of ruling in Kluge v. Brownsburg case. | 0.2 | $1,368 | 273.6 |
| 1797 | 05/02/24 | PMJ | Respond to reporters regarding latest Court order granting motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 1798 | 05/02/24 | JMT | Review Ninth Circuit order ████████████████████. | 0.2 | $1,050 | 210 |
| 1799 | 05/02/24 | PMJ | Review update regarding CDE case against Rocklin. | 0.2 | $1,368 | 273.6 |
| 1800 | 05/02/24 | JMT | Draft second supplemental request for judicial notice regarding Rocklin case. | 1.6 | $1,050 | 1680 |
| 1801 | 05/02/24 | PMJ | Review and revise prior statement regarding latest court ruling. | 0.6 | $1,368 | 820.8 |
| 1802 | 05/02/24 | PMJ | Review and revise notice of new authority regarding CDE case against Rocklin Unified. | 0.2 | $1,368 | 273.6 |

85

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1803 | 05/02/24 | MDM | Review judicial ███████ order regarding ████████ ████████████████████████. | 0.4 | $1,278 | 511.2 |
| 1804 | 05/02/24 | JMT | Draft edits to Mr. Jonna's statement regarding Rocklin Unified lawsuit. | 0.2 | $1,050 | 210 |
| 1805 | 05/02/24 | PMJ | Review and revise notice of supplemental authority. | 0.2 | $1,368 | 273.6 |
| 1806 | 05/02/24 | PMJ | Edit statement regarding latest court hearing. | 0.2 | $1,368 | 273.6 |
| 1807 | 05/02/24 | PMJ | Review e-mail correspondence from Attorney Shinoff regarding grievance. | 0.2 | $1,368 | 273.6 |
| 1808 | 05/03/24 | PMJ | E-mail correspondence with Attorney Shinoff regarding resolution of grievance. | 0.2 | $1,368 | 273.6 |
| 1809 | 05/03/24 | PMJ | Review statement released by Assembleman Essayli regarding state guidelines. | 0.2 | $1,368 | 273.6 |
| 1810 | 05/03/24 | PMJ | Interview with ████████████████; E-mail correspondence with client regarding differential pay discrepancy. | 0.4 | $1,368 | 547.2 |
| 1811 | 05/03/24 | PMJ | Review and revise case press release. | 0.2 | $1,368 | 273.6 |
| 1812 | 05/03/24 | JMT | Review and edit press release on Governor Newsom and Attorney General Bonta's dismissal from case. | 0.2 | $1,050 | 210 |
| 1813 | 05/06/24 | PMJ | Telephone call with ███████ to discuss edits to article on case updates and spreadsheet of school districts that passed parental notification. | 0.2 | $1,368 | 273.6 |
| 1814 | 05/06/24 | JMT | Conference with Mr. Jonna regarding adding school districts to case. | 0.4 | $1,050 | 420 |
| 1815 | 05/06/24 | PMJ | Legal analysis regarding amended complaint and next steps. | 0.8 | $1,368 | 1094.4 |
| 1816 | 05/06/24 | PMJ | Review and revise press release from ███████. | 0.2 | $1,368 | 273.6 |
| 1817 | 05/06/24 | PMJ | Review letter from Attorney Shinoff regarding differential pay. | 0.2 | $1,368 | 273.6 |
| 1818 | 05/06/24 | PMJ | Review CPRA document from ████████. | 0.4 | $1,368 | 547.2 |
| 1819 | 05/07/24 | PMJ | Review e-mail correspondence from ███████ regarding Chico Unified School District. | 0.2 | $1,368 | 273.6 |
| 1820 | 05/07/24 | PMJ | Review article on case updates and post on social media. | 0.2 | $1,368 | 273.6 |
| 1821 | 05/07/24 | JMT | Review appellate briefing in Regino v. Stale. | 2.6 | $1,050 | 2730 |
| 1822 | 05/07/24 | JMT | Telephone call with Mr. Jonna regarding ████████ ██████. | 0.2 | $1,050 | 210 |
| 1823 | 05/07/24 | CSL | Review articles on press release from Attorney General Bonta's office regarding policy enforcement; Emails regarding same. | 0.4 | $1,512 | 604.8 |
| 1824 | 05/08/24 | PMJ | Social media posts regarding TMS press release. | 0.2 | $1,368 | 273.6 |
| 1825 | 05/08/24 | JMT | Draft response to CSBA counsel regarding document subpoena. | 0.6 | $1,050 | 630 |
| 1826 | 05/08/24 | PMJ | Assess next steps regarding third-party subpoenas. | 0.2 | $1,368 | 273.6 |
| 1827 | 05/08/24 | JMT | Research for proposed amended complaint. | 4.2 | $1,050 | 4410 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1828 | 05/08/24 | PMJ | Provide update to ███████████ during webinar; ███████ interview regarding case. | 1.2 | $1,368 | 1641.6 |
| 1829 | 05/08/24 | MDM | Begin researching feasibility of bringing injunctive class action against government defendants. | 0.8 | $1,278 | 1022.4 |
| 1830 | 05/08/24 | PMJ | Telephone call with reporter regarding status. | 0.2 | $1,368 | 273.6 |
| 1831 | 05/09/24 | PMJ | Observe Regino v. Staley oral argument; Discuss same with Mr. Trissell. | 1.2 | $1,368 | 1641.6 |
| 1832 | 05/09/24 | JMT | Begin drafting second amended complaint. | 3.4 | $1,050 | 3570 |
| 1833 | 05/09/24 | JMT | Listen to Regino v. Staley oral argument. | 1 | $1,050 | 1050 |
| 1834 | 05/09/24 | PMJ | Prepare for and participate in ██ Interview regarding case. | 0.4 | $1,368 | 547.2 |
| 1835 | 05/09/24 | PMJ | Telephone call with ████████ regarding Regino v. Staley oral argument. | 0.2 | $1,368 | 273.6 |
| 1836 | 05/09/24 | MDM | Discuss Regino oral argument with Mr. Jonna and view argument. | 1 | $1,278 | 1278 |
| 1837 | 05/10/24 | JMT | Continue working on second amended complaint. | 4.8 | $1,050 | 5040 |
| 1838 | 05/10/24 | PMJ | Research and analysis regarding class action allegations. | 0.8 | $1,368 | 1094.4 |
| 1839 | 05/10/24 | PMJ | Review and revise second amended complaint. | 1 | $1,368 | 1368 |
| 1840 | 05/10/24 | PMJ | Legal research regarding class action allegations. | 0.4 | $1,368 | 547.2 |
| 1841 | 05/10/24 | JMT | Review order granting Governor Newsom and Attorney General Bonta's motions to dismiss. | 0.2 | $1,050 | 210 |
| 1842 | 05/10/24 | PMJ | Legal research and analysis regarding amended complaint. | 0.6 | $1,368 | 820.8 |
| 1843 | 05/10/24 | MDM | Continue research on class action; Review authority forwarded by Mr. Trissell regarding injunctive class actions; Review proposed second amended complaint. | 0.4 | $1,278 | 511.2 |
| 1844 | 05/10/24 | JMT | Begin drafting motion for leave to amend complaint. | 0.6 | $1,050 | 630 |
| 1845 | 05/10/24 | PMJ | Assess class action complaint and next steps with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 1846 | 05/13/24 | JMT | Draft joint ex parte application to extend time to move to compel against EUSD defendants. | 0.4 | $1,050 | 420 |
| 1847 | 05/13/24 | PMJ | Review draft ex parte application to continue discovery deadlines. | 0.2 | $1,368 | 273.6 |
| 1848 | 05/13/24 | JMT | Draft e-mail correspondence to Attorney Shinoff regarding Mirabelli paycheck. | 0.4 | $1,050 | 420 |
| 1849 | 05/13/24 | PMJ | Review correspondence from EUSD regarding settlement. | 0.2 | $1,368 | 273.6 |
| 1850 | 05/13/24 | JMT | Draft motion for leave to amend complaint and for leave to proceed pseudonymously. | 2.8 | $1,050 | 2940 |
| 1851 | 05/13/24 | MDM | Continue researching availability of class action and requirements for it. | 0.8 | $1,278 | 1022.4 |

87

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1852 | 05/13/24 | KD | Review and finalize joint ex parte application for extension of time for plaintiffs to move to compel discovery responses and proposed order; File with Court; Email proposed order to Judge Torres; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 1853 | 05/13/24 | JMT | Draft motion for class certification. | 2.2 | $1,050 | 2310 |
| 1854 | 05/13/24 | CSL | Review e-mail correspondence regarding class action complaint. | 0.4 | $1,512 | 604.8 |
| 1855 | 05/14/24 | PMJ | Review ███████████ interview regarding major teacher settlement. | 0.2 | $1,368 | 273.6 |
| 1856 | 05/14/24 | PMJ | Telephone call with clients regarding second amended complaint. | 0.4 | $1,368 | 547.2 |
| 1857 | 05/14/24 | JMT | Telephone call with Jane Roe to gather information for declarations. | 0.8 | $1,050 | 840 |
| 1858 | 05/14/24 | MDM | Continue research and analysis of possibility of injunctive or declaratory class action. | 1.6 | $1,278 | 2044.8 |
| 1859 | 05/14/24 | JMT | Draft motion for class certification. | 3.4 | $1,050 | 3570 |
| 1860 | 05/15/24 | PMJ | Assess Elizabeth Mirabelli ███████ claim. | 0.2 | $1,368 | 273.6 |
| 1861 | 05/15/24 | PMJ | Assess possible ███████ claims for Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 1862 | 05/15/24 | JMT | Continue working on motion for class certification. | 2.4 | $1,050 | 2520 |
| 1863 | 05/15/24 | PMJ | Discuss motion to dismiss hearing with Peter Breen. | 0.2 | $1,368 | 273.6 |
| 1864 | 05/15/24 | PCB | Hearing recap. | 0.2 | $1,368 | 273.6 |
| 1865 | 05/15/24 | MDM | Update research memorandum on class action; Additional analysis for same; Forward preliminary memorandum to Mr. Trissell and Mr. Jonna. | 0.8 | $1,278 | 1022.4 |
| 1866 | 05/15/24 | PMJ | Participate in ██████ regarding ███████████. | 1.6 | $1,368 | 2188.8 |
| 1867 | 05/16/24 | JMT | Continue working on motion for class certification. | 2 | $1,050 | 2100 |
| 1868 | 05/16/24 | PMJ | Assess next steps regarding class action. | 0.4 | $1,368 | 547.2 |
| 1869 | 05/16/24 | JMT | Participate in discovery meet and confer telephone call with CSBA counsel. | 0.8 | $1,050 | 840 |
| 1870 | 05/16/24 | MDM | Review, analyze, and comment on draft motion to certify class. | 2.4 | $1,278 | 3067.2 |
| 1871 | 05/16/24 | PMJ | Telephone call with potential plaintiff School Board president. | 0.4 | $1,368 | 547.2 |
| 1872 | 05/16/24 | JMT | Continue working on motion for leave to amend complaint and motion for class certification. | 2.2 | $1,050 | 2310 |
| 1873 | 05/16/24 | CSL | Conference with Mr. Jonna regarding new potential School District plaintiff. | 0.2 | $1,512 | 302.4 |
| 1874 | 05/17/24 | PMJ | Assess next steps regarding class certification. | 0.2 | $1,368 | 273.6 |
| 1875 | 05/17/24 | JMT | Research into Tapia settlement. | 0.2 | $1,050 | 210 |
| 1876 | 05/17/24 | JMT | Continue working on motion for leave to amend complaint. | 0.8 | $1,050 | 840 |
| 1877 | 05/17/24 | JMT | Review and research Mr. Myers' notes on the motion for class certification. | 0.6 | $1,050 | 630 |
| 1878 | 05/17/24 | PMJ | Assess class action strategy and next steps. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1879 | 05/17/24 | MDM | Confer with Mr. Trissell and Mr. Jonna regarding class certification and definition of classes in proposed amended complaint; Review authority forwarded by Mr. Trissell on class definitions. | 0.4 | $1,278 | 511.2 |
| 1880 | 05/22/24 | PMJ | Review and respond to e-mail correspondence from Jane Poe regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 1881 | 05/22/24 | PMJ | Telephone call with ████████ regarding California bill regarding parental notification; Discuss same with Peter Breen. | 0.4 | $1,368 | 547.2 |
| 1882 | 05/22/24 | PCB | Call regarding new AB 1955. | 0.2 | $1,368 | 273.6 |
| 1883 | 05/22/24 | CSL | Review and analysis of article on proposed changes to school policies on nondisclosure to parents. | 0.4 | $1,512 | 604.8 |
| 1884 | 05/23/24 | JMT | Review new AB 1955. | 0.2 | $1,050 | 210 |
| 1885 | 05/23/24 | JMT | Conference with Mr. Jonna regarding next steps in light of legislation. | 0.2 | $1,050 | 210 |
| 1886 | 05/23/24 | PMJ | Assess next steps regarding proposed legislation; Telephone call with Elizabeth Mirabelli regarding same. | 0.6 | $1,368 | 820.8 |
| 1887 | 05/23/24 | PMJ | Multiple e-mail correspondence with ████████ and clients regarding ██████████████████ ████████. | 0.2 | $1,368 | 273.6 |
| 1888 | 05/23/24 | PMJ | Telephone call with Elizabeth Mirabelli regarding ████████████████████████████████████. | 0.2 | $1,368 | 273.6 |
| 1889 | 05/24/24 | JMT | Respond to ████████ with public records request research. | 0.4 | $1,050 | 420 |
| 1890 | 05/26/24 | PMJ | E-mail correspondence with clients regarding ██████ ████████. | 0.2 | $1,368 | 273.6 |
| 1891 | 05/27/24 | JMT | Edits to second amended complaint. | 1 | $1,050 | 1050 |
| 1892 | 05/28/24 | JMT | Edit motion for class certification. | 3.4 | $1,050 | 3570 |
| 1893 | 05/28/24 | JMT | Edits to motion for leave to proceed pseudonymously. | 2 | $1,050 | 2100 |
| 1894 | 05/28/24 | KD | Review e-mail correspondence from Mr. Trissell regarding obtaining documents in the M. v. Komrosky case; Research court docket for notice of ruling on demurrer and motion to strike, minute orders regarding same, and first amended complaint; E-mail correspondence to Mr. Trissell with same. | 0.4 | $240 | 96 |
| 1895 | 05/28/24 | JAY | Review CSBA's objections to third-party subpoena; E-mail correspondence to Mr. Trissell regarding ESI strategy and production protocol. | 1.6 | $840 | 1344 |
| 1896 | 05/28/24 | PCB | Email to team regarding filing amicus brief in Parents Protecting Our Children v. Eau Claire School District. | 0.2 | $1,368 | 273.6 |
| 1897 | 05/29/24 | PMJ | Review e-mail correspondence from Mr. Trissell regarding second amended complaint, motion for class certification, and next steps. | 0.2 | $1,368 | 273.6 |

89

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1898 | 05/29/24 | JAY | Review other ESI protocols used in other cases; Review updates in third-party e-discovery case law; Select protocol for Mr. Trissell to send to counsel for CSBA in advance of meet and confer on same, based on initial expectation of 10K+ pages of responsive, non-privileged/lightly redacted documentation from nonprofit third-party. | 2.2 | $840 | 1848 |
| 1899 | 05/30/24 | PMJ | Review testimony regarding AB1955. | 0.2 | $1,368 | 273.6 |
| 1900 | 05/30/24 | PMJ | Review and revise motion for leave to amend complaint and proceed pseudonymously and supporting declarations. | 0.6 | $1,368 | 820.8 |
| 1901 | 05/30/24 | PMJ | Review and revise motion for class certification and supporting papers. | 0.8 | $1,368 | 1094.4 |
| 1902 | 05/30/24 | PMJ | Assess motion for class certification and next steps with Mr. Trissell. | 0.4 | $1,368 | 547.2 |
| 1903 | 05/30/24 | JMT | Conference with Mr. Jonna regarding motion for leave to amend complaint and class certification. | 0.6 | $1,050 | 630 |
| 1904 | 05/30/24 | JMT | Edit draft protective order. | 0.8 | $1,050 | 840 |
| 1905 | 05/30/24 | JMT | Edits to complaint and motion for leave to proceed pseudonymously. | 2.6 | $1,050 | 2730 |
| 1906 | 05/30/24 | JMT | Conference with CSBA counsel regarding document production. | 0.8 | $1,050 | 840 |
| 1907 | 05/30/24 | MDM | Review and assess article commenting on scientific status of transition therapies; Forward to Mr. LiMandri, Mr. Jonna, and Mr. Trissell. | 0.6 | $1,278 | 766.8 |
| 1908 | 05/30/24 | JAY | Prepare for and participate in conference call with Mr. Trissell and counsel for CSBA regarding custodians, search terms, limitations, format for production, metadata fields to be included with production, etc.; Determine that responsive document universe is currently 100K+, with pages far exceeding that number; Provide right sized protocol to replace prior recommendation. | 0.8 | $840 | 672 |
| 1909 | 05/31/24 | JMT | Revise declaration of Jane Boe with her edits. | 0.2 | $1,050 | 210 |
| 1910 | 05/31/24 | JMT | Review Seventh Circuit decision in Parents Protecting Children v. Eau Claire School District and related cert petition. | 0.6 | $1,050 | 630 |
| 1911 | 05/31/24 | PMJ | Assess legality of state school board suing state defendants in federal court for prospective injunctive relief. | 0.2 | $1,368 | 273.6 |
| 1912 | 05/31/24 | PMJ | Assess amended complaint and next steps. | 0.2 | $1,368 | 273.6 |
| 1913 | 05/31/24 | MDM | Confer with Mr. Jonna regarding research needed on capacity of a state agency to sue a state officer in federal court; Research regarding same and send preliminary findings to Mr. Jonna and Mr. Trissell with written authority; Additional research and analysis; Forward analysis to Mr. Jonna, Mr. Trissell, and Peter Breen. | 2.6 | $1,278 | 3322.8 |

90

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1914 | 05/31/24 | JAY | Research CSBA, member associations, and relations to CDE; Prepare for and participate in telephone conference with Mr. Trissell regarding additional case background, litigation strategy, and ESI strategy, following reflection on positions taken by CSBA. | 0.8 | $840 | 672 |
| 1915 | 05/31/24 | PCB | Review research memorandum regarding ability of an arm of the state to sue the state in federal court. | 0.4 | $1,368 | 547.2 |
| 1916 | 06/01/24 | PMJ | Review legal research and analysis of viability of school districts as plaintiffs. | 0.2 | $1,368 | 273.6 |
| 1917 | 06/01/24 | PMJ | E-mail correspondence with Lakeside School Board regarding joining case. | 0.2 | $1,368 | 273.6 |
| 1918 | 06/01/24 | PMJ | Telephone call with Andrew Hayes regarding ███████ █████████████████. | 0.4 | $1,368 | 547.2 |
| 1919 | 06/01/24 | PCB | Emails about importance of including FERPA allegations in the Complaint; and other issues. | 0.4 | $1,368 | 547.2 |
| 1920 | 06/02/24 | MDM | Review various e-mail correspondence from Peter Breen and Mr. Jonna regarding possibility of adding Lakeside School District as plaintiff; Research Younger and Colorado River Abstention Doctrines and forward analysis to same. | 0.8 | $1,278 | 1022.4 |
| 1921 | 06/02/24 | JMT | E-mail correspondence to Jane Boe regarding declaration. | 0.2 | $1,050 | 210 |
| 1922 | 06/02/24 | JMT | Legal research for claims, including FERPA and parental rights. | 6 | $1,050 | 6300 |
| 1923 | 06/03/24 | PMJ | Assess school district claims and next steps. | 0.4 | $1,368 | 547.2 |
| 1924 | 06/03/24 | JMT | Conference with Mr. Jonna and Peter Breen regarding next steps in case. | 0.4 | $1,050 | 420 |
| 1925 | 06/03/24 | JMT | Edits to second amended complaint. | 2.8 | $1,050 | 2940 |
| 1926 | 06/03/24 | PMJ | Interview with ████████ regarding case status. | 0.2 | $1,368 | 273.6 |
| 1927 | 06/03/24 | PMJ | Interview with ███████ regarding case status. | 0.2 | $1,368 | 273.6 |
| 1928 | 06/03/24 | PMJ | Telephone call with TMS regarding media and next steps. | 0.2 | $1,368 | 273.6 |
| 1929 | 06/03/24 | PCB | Conference call with Paul Jonna and Jeff Trissell about next steps. | 0.2 | $1,368 | 273.6 |
| 1930 | 06/04/24 | JMT | Additional revisions to second amended complaint. | 3 | $1,050 | 3150 |
| 1931 | 06/04/24 | PMJ | Review and revise second amended complaint and new allegations. | 1.2 | $1,368 | 1641.6 |
| 1932 | 06/04/24 | JMT | Telephone calls with Mr. Jonna regarding second amended complaint; Incorporate his edits to same. | 0.4 | $1,050 | 420 |
| 1933 | 06/04/24 | JMT | Further edits to complaint. | 0.6 | $1,050 | 630 |
| 1934 | 06/04/24 | PMJ | E-mail correspondence to Lakeside School District regarding draft second amended complaint. | 0.2 | $1,368 | 273.6 |
| 1935 | 06/04/24 | JMT | Work on client declarations for motion for leave to amend complaint. | 0.8 | $1,050 | 840 |
| 1936 | 06/04/24 | JMT | Prepare fee agreement for Lakeside School District, including class action representative duties. | 0.6 | $1,050 | 630 |

91

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1937 | 06/04/24 | JMT | Edits to motion for leave to amend complaint and proceed pseudonymously. | 1.4 | $1,050 | 1470 |
| 1938 | 06/04/24 | PMJ | Review draft Lakeside School District fee agreement; Review client e-mail correspondence regarding ███ ███; Telephone call with Lakeside School District regarding retention. | 0.4 | $1,368 | 547.2 |
| 1939 | 06/04/24 | PMJ | Review edits to draft motion for leave to amend complaint. | 0.2 | $1,368 | 273.6 |
| 1940 | 06/05/24 | PMJ | E-mail correspondence with client regarding ███ ███. | 0.2 | $1,368 | 273.6 |
| 1941 | 06/05/24 | JMT | Review press conference of introduction of AB 1955. | 0.6 | $1,050 | 630 |
| 1942 | 06/05/24 | PMJ | Assess applicability of ascertainability requirement in Ninth Circuit; E-mail correspondence with team regarding same. | 0.2 | $1,368 | 273.6 |
| 1943 | 06/05/24 | JMT | Edit second amended complaint; Review the Poe Family's edits to their declarations. | 1.4 | $1,050 | 1470 |
| 1944 | 06/05/24 | PMJ | Assess various class action issues with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 1945 | 06/05/24 | MDM | Various e-mail correspondence with Michael McHale, Mr. Jonna, and Mr. Trissell regarding class certification and ascertainability; Additional research of this issue; Confer with Mr. Trissell regarding analysis. | 1 | $1,278 | 1278 |
| 1946 | 06/05/24 | JMT | Review rules for filing Amicus briefs for Parents Protecting our Children v. Eau Claire. | 0.2 | $1,050 | 210 |
| 1947 | 06/05/24 | PMJ | Telephone conference with Lakeside School District regarding joining lawsuit. | 0.4 | $1,368 | 547.2 |
| 1948 | 06/05/24 | JMT | Incorporate Chris Galiardo's edits into complaint and motion for leave to amend complaint. | 0.8 | $1,050 | 840 |
| 1949 | 06/05/24 | KD | E-mail correspondence to Cockle Legal Briefs to put them on notice for filing and printing of Amicus brief in Parents Protecting Our Children v. Eau Claire Area School District | 0.2 | $240 | 48 |
| 1950 | 06/05/24 | PMJ | Telephone conference with Andrew Hayes regarding ███ ███. | 0.2 | $1,368 | 273.6 |
| 1951 | 06/05/24 | CSL | E-mail correspondence from Mr. Jonna regarding meeting with Lakeside School District; Telephone conference with Mr. Jonna regarding same. | 0.4 | $1,512 | 604.8 |
| 1952 | 06/05/24 | MGM | Review and provide commentary on class allegations in proposed amended complaint. | 1 | $1,050 | 1050 |
| 1953 | 06/05/24 | CJG | Review and edit proposed second amended complaint. | 1 | $840 | 840 |
| 1954 | 06/06/24 | PMJ | Review e-mail correspondence from Jane Doe regarding edits to complaint and declaration and references to Trevor Project. | 0.2 | $1,368 | 273.6 |
| 1955 | 06/06/24 | JMT | Incorporate client's edits into complaint and declarations; Finalize motion for leave to amend complaint. | 1.8 | $1,050 | 1890 |

92

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1956 | 06/06/24 | PMJ | Review final edits to proposed second amended complaint. | 0.4 | $1,368 | 547.2 |
| 1957 | 06/06/24 | JMT | Prepare class action addendum to retainer agreement and forward to all clients for review. | 0.8 | $1,050 | 840 |
| 1958 | 06/06/24 | PMJ | E-mail correspondence with clients regarding class action addendum. | 0.2 | $1,368 | 273.6 |
| 1959 | 06/06/24 | PMJ | Review e-mail correspondence from Attorney Shinoff regarding Mirabelli employment issues. | 0.2 | $1,368 | 273.6 |
| 1960 | 06/06/24 | PMJ | Telephone call with Peter Breen to discuss additional fee agreements, status, and next steps. | 0.2 | $1,368 | 273.6 |
| 1961 | 06/06/24 | JMT | Telephone call with Peter Breen regarding new class action retainer agreements. | 0.2 | $1,050 | 210 |
| 1962 | 06/06/24 | PCB | Telephone call regarding new class action retainer agreements. | 0.2 | $1,368 | 273.6 |
| 1963 | 06/06/24 | PMJ | Follow-up e-mail correspondence with Attorney Shinoff regarding Mirabelli settlement terms for grievance. | 0.2 | $1,368 | 273.6 |
| 1964 | 06/06/24 | PCB | Review addendums to fee agreements; review LSUSD fee agreement. | 0.4 | $1,368 | 547.2 |
| 1965 | 06/07/24 | PMJ | Assess timing regarding motion for leave to amend complaint and next steps regarding case. | 0.2 | $1,368 | 273.6 |
| 1966 | 06/07/24 | JMT | Finalize motion for leave to amend complaint. | 1.4 | $1,050 | 1470 |
| 1967 | 06/07/24 | JMT | Review written discovery requests propounded by CDE. | 0.6 | $1,050 | 630 |
| 1968 | 06/07/24 | JMT | Review objections to subpoenas. | 0.2 | $1,050 | 210 |
| 1969 | 06/07/24 | PMJ | Travel to and from and attend Lakeside School District meeting to vote on joining case. | 2.6 | $1,368 | 3556.8 |
| 1970 | 06/07/24 | PMJ | Review and revise press release; Review final edits to motion papers and second amended complaint. | 0.6 | $1,368 | 820.8 |
| 1971 | 06/07/24 | PMJ | Final edits to press release. | 0.2 | $1,368 | 273.6 |
| 1972 | 06/07/24 | JMT | Review objections to various third-party subpoenas; Draft response letters to same; Finalize motion for leave to amend complaint. | 1.2 | $1,050 | 1260 |
| 1973 | 06/07/24 | KD | Review and finalize motion for leave to amend complaint and proceed pseudonymously, declarations of Paul Jonna, Jane Roe, Jane Boe, John Poe, Jane Poe, John Doe, Jane Doe, and proposed order; Discussion with Mr. Trissell regarding face -page cover for exhibits to Jonna declaration; Prepare same and update exhibits. | 1.2 | $240 | 288 |
| 1974 | 06/07/24 | KD | Final review of motion for leave to amend complaint and proceed pseudonymously, declarations of Paul Jonna, Jane Roe, Jane Boe, John Poe, Jane Poe, John Doe, Jane Doe, and proposed order; File with court; E-mail correspondence to Judge Benetiz with Word version of proposed order; Prepare documents in DropBox and e-mail correspondence to opposing counsel with same. | 0.6 | $240 | 144 |
| 1975 | 06/07/24 | JMT | Review protective order and ESI protocol for CSBA. | 0.6 | $1,050 | 630 |

93

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1976 | 06/07/24 | MDM | Confer with Mr. Jonna regarding Judge Benitez's decision to set a status conference; Review and assess various e-mail correspondence regarding supplemental discovery requests and motion to amend complaint. | 0.6 | $1,278 | 766.8 |
| 1977 | 06/10/24 | PMJ | Review and revise press release. | 0.4 | $1,368 | 547.2 |
| 1978 | 06/10/24 | PMJ | Assess impact of LAUSD Ninth Circuit Court of Appeals case in Mirabelli. | 0.2 | $1,368 | 273.6 |
| 1979 | 06/10/24 | RM | Prepare responses to requests for admission, requests for production of documents, and special interrogatories propounded by CDE. | 3.8 | $240 | 912 |
| 1980 | 06/10/24 | JAY | Review correspondence from CSBA, protective order for CSBA subpoena, and ESI protocol. | 1.2 | $840 | 1008 |
| 1981 | 06/10/24 | JAY | E-mail correspondence on metadata fields to Mr. Trissell. | 1 | $840 | 840 |
| 1982 | 06/10/24 | PCB | Emails regarding issues of whether sovereign immunity applies to school districts. | 0.2 | $1,368 | 273.6 |
| 1983 | 06/11/24 | PMJ | Review minute order regarding advancing hearing date on motion for leave to amend complaint; Discuss same with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 1984 | 06/12/24 | PMJ | Review ▉▉▉ media coverage. | 0.2 | $1,368 | 273.6 |
| 1985 | 06/12/24 | JMT | Review EUSD's supplemental discovery responses. | 0.4 | $1,050 | 420 |
| 1986 | 06/13/24 | JMT | Review new case law on parental rights and classroom disruption. | 0.8 | $1,050 | 840 |
| 1987 | 06/13/24 | JMT | Begin drafting discovery responses of both Elizabeth Mirabelli and Lori West to CDE's comprehensive requests. | 0.8 | $1,050 | 840 |
| 1988 | 06/14/24 | JMT | Continue working on plaintiffs' discovery responses to CDE. | 3 | $1,050 | 3150 |
| 1989 | 06/14/24 | MDM | Review Supreme court decision in FDA v. Alliance for Hippocratic Medicine regarding standing for possible use in case; Discuss same with Mr. Trissell. | 1 | $1,278 | 1278 |
| 1990 | 06/14/24 | JMT | Draft reply to EUSD regarding motion for leave to amend complaint. | 3 | $1,050 | 3150 |
| 1991 | 06/14/24 | CSL | E-mail correspondence regarding pending California Legislation on parental gender transition notification in schools; Telephone conference with Mr. Trissell regarding same. | 0.6 | $1,512 | 907.2 |
| 1992 | 06/15/24 | JMT | Edit Lori West's declaration in support of motion to amend complaint and forward same for review. | 0.2 | $1,050 | 210 |
| 1993 | 06/15/24 | PMJ | Review draft reply in support of motion for leave to amend complaint; E-mail correspondence regarding same. | 0.4 | $1,368 | 547.2 |
| 1994 | 06/16/24 | PMJ | Assess edits to settlement agreement regarding grievance. | 0.2 | $1,368 | 273.6 |
| 1995 | 06/17/24 | JMT | Review new Sixth Circuit case Tennessee v. Department of Education. | 0.2 | $1,050 | 210 |
| 1996 | 06/17/24 | JMT | Draft outline for status conference. | 1.4 | $1,050 | 1470 |

94

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 1997 | 06/17/24 | PMJ | Review and revise motion for leave to amend complaint reply brief; Telephone call with clients ████████. | 0.6 | $1,368 | 820.8 |
| 1998 | 06/17/24 | JMT | Conference with Mr. Jonna and clients regarding ████████ ████████ | 0.6 | $1,050 | 630 |
| 1999 | 06/17/24 | PMJ | Review final edits to reply in support of motion for leave to amend complaint. | 0.2 | $1,368 | 273.6 |
| 2000 | 06/17/24 | PMJ | Review order moving status conference. | 0.2 | $1,368 | 273.6 |
| 2001 | 06/17/24 | KD | Review and finalize reply to EUSD defendants in support of motion for leave to amend complaint and declaration of Lori West; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2002 | 06/17/24 | JMT | Edit Elizabeth Mirabelli's settlement agreement regarding internal grievance. | 0.4 | $1,050 | 420 |
| 2003 | 06/17/24 | PMJ | Review edits to settlement agreement regarding grievance and pay dispute. | 0.2 | $1,368 | 273.6 |
| 2004 | 06/17/24 | MDM | Receive and review e-mail correspondence regarding new case filings. | 0.2 | $1,278 | 255.6 |
| 2005 | 06/17/24 | CSL | Conference with Mr. Jonna regarding strategy. | 0.4 | $1,512 | 604.8 |
| 2006 | 06/17/24 | KD | E-mail correspondence to copy service with instructions for delivery of courtesy copy to Judge Benitez with reply to EUSD defendants in support of motion for leave to amend complaint and supporting papers. | 0.2 | $240 | 48 |
| 2007 | 06/18/24 | JMT | Review District court opinion Tennessee v. Cardona. | 0.4 | $1,050 | 420 |
| 2008 | 06/18/24 | PMJ | E-mail correspondence regarding Elizabeth Mirabelli's grievance settlement agreement. | 0.2 | $1,368 | 273.6 |
| 2009 | 06/18/24 | JMT | Work on document request responses. | 4.6 | $1,050 | 4830 |
| 2010 | 06/18/24 | PMJ | Review summary of new Ninth Circuit Court of Appeals Free Exercise case. | 0.2 | $1,368 | 273.6 |
| 2011 | 06/18/24 | JMT | Draft amicus brief in Parents Protecting Our Children case. | 1 | $1,050 | 1050 |
| 2012 | 06/18/24 | PMJ | Telephone call with ████████ to discuss latest legislative developments and potential litigation by ████████. | 0.2 | $1,368 | 273.6 |
| 2013 | 06/18/24 | MGM | Respond to email about class action cases that Thomas More Society has participated in. | 0.2 | $1,050 | 210 |
| 2014 | 06/19/24 | JMT | Draft Amicus brief in Parents Protecting Our Children case. | 4.6 | $1,050 | 4830 |
| 2015 | 06/19/24 | PMJ | Assess strategy and next steps regarding amended complaint. | 0.4 | $1,368 | 547.2 |
| 2016 | 06/19/24 | PMJ | Telephone calls with ████████ and ████████ to discuss AB 1955 and impact on our case. | 1 | $1,368 | 1368 |
| 2017 | 06/19/24 | PMJ | Participate in ████████ webinar. | 0.6 | $1,368 | 820.8 |
| 2018 | 06/19/24 | JMT | Draft motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 2019 | 06/19/24 | PMJ | Review and revise discovery responses. | 0.8 | $1,368 | 1094.4 |

95

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2020 | 06/19/24 | JMT | Conference with Mr. Jonna regarding edits to discovery responses. | 0.4 | $1,050 | 420 |
| 2021 | 06/19/24 | PCB | Respond to email about class action cases that Thomas More Society has participated in. | 0.2 | $1,368 | 273.6 |
| 2022 | 06/20/24 | JMT | Edit Amicus brief. | 0.6 | $1,050 | 630 |
| 2023 | 06/20/24 | PMJ | Review and revise Amicus brief in Parents Protecting Our Children v Eau Claire Area School District. | 0.8 | $1,368 | 1094.4 |
| 2024 | 06/20/24 | PMJ | Telephone call with ▮▮▮▮▮ to discuss proposed class action and next steps regarding same; Telephone call with ▮▮▮▮▮ regarding same. | 0.6 | $1,368 | 820.8 |
| 2025 | 06/20/24 | JMT | Edit discovery responses. | 1.2 | $1,050 | 1260 |
| 2026 | 06/20/24 | JMT | Review EUSD's supplemental discovery responses. | 0.8 | $1,050 | 840 |
| 2027 | 06/20/24 | JMT | Meet and confer call with NCLR's attorneys regarding document subpoena. | 0.2 | $1,050 | 210 |
| 2028 | 06/20/24 | JMT | Continue drafting motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 2029 | 06/21/24 | PMJ | Review edits to draft settlement of Mirabelli grievance. | 0.2 | $1,368 | 273.6 |
| 2030 | 06/21/24 | JMT | Continue working on motion for summary judgment. | 5.8 | $1,050 | 6090 |
| 2031 | 06/21/24 | JMT | Review EUSD's edits to settlement agreement. | 0.2 | $1,050 | 210 |
| 2032 | 06/21/24 | PMJ | Telephone call with ▮▮▮▮▮ regarding litigation and next steps. | 0.4 | $1,368 | 547.2 |
| 2033 | 06/21/24 | PMJ | E-mail correspondence with key witness regarding analysis of new AR 5145.3. | 0.2 | $1,368 | 273.6 |
| 2034 | 06/22/24 | JMT | Continue working on motion for summary judgment. | 4 | $1,050 | 4200 |
| 2035 | 06/24/24 | PMJ | E-mail correspondence with client regarding status conference. | 0.2 | $1,368 | 273.6 |
| 2036 | 06/24/24 | JMT | Continue working on motion for summary judgment. | 4.6 | $1,050 | 4830 |
| 2037 | 06/24/24 | JMT | Review CDE and Attorney General's oppositions to motion for leave to amend complaint; Research for reply. | 1.2 | $1,050 | 1260 |
| 2038 | 06/25/24 | JMT | Draft reply in support of motion for leave to amend complaint. | 6.8 | $1,050 | 7140 |
| 2039 | 06/25/24 | JMT | Edit discovery responses per client's comments; Email to client with same. | 1 | $1,050 | 1050 |
| 2040 | 06/25/24 | MDM | Additional research of ability of school district to sue California state government; Forward analysis to Mr. Trissell. | 1.6 | $1,278 | 2044.8 |
| 2041 | 06/26/24 | JMT | Review Murthy v. Missouri for its standing analysis. | 1 | $1,050 | 1050 |
| 2042 | 06/26/24 | JMT | Edits to motion for summary judgment. | 0.8 | $1,050 | 840 |
| 2043 | 06/26/24 | JMT | Finalize written discovery responses and document production. | 1.2 | $1,050 | 1260 |
| 2044 | 06/26/24 | JMT | Draft reply in support of motion for leave to amend complaint. | 4.4 | $1,050 | 4620 |
| 2045 | 06/26/24 | PMJ | Assess motion for leave to amend complaint and next steps. | 0.2 | $1,368 | 273.6 |
| 2046 | 06/26/24 | PMJ | E-mail correspondence with client regarding grievance settlement. | 0.2 | $1,368 | 273.6 |

96

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2047 | 06/26/24 | PMJ | Assess viability of LSUSD claim against state. | 0.2 | $1,368 | 273.6 |
| 2048 | 06/27/24 | JMT | Draft reply in support of motion for leave to amend complaint. | 3.4 | $1,050 | 3570 |
| 2049 | 06/27/24 | JMT | Review Moyle v. U.S. for its preemption analysis. | 0.8 | $1,050 | 840 |
| 2050 | 06/27/24 | JMT | Edits to Amicus brief; Send notice to counsel per S.C. Rule 37.2; E-mail correspondence to clients regarding ███. | 0.4 | $1,050 | 420 |
| 2051 | 06/27/24 | JMT | Finalize discovery responses for serving. | 0.2 | $1,050 | 210 |
| 2052 | 06/27/24 | JMT | Continue working on motion for summary judgment. | 2.2 | $1,050 | 2310 |
| 2053 | 06/27/24 | KD | Review and finalize Mirabelli and West responses to Thurmond and Darling-Hammond special interrogatories, request for production of docs, and request for admissions; Prepare responses and documents in DropBox link for service; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2054 | 06/27/24 | PMJ | Review and revise reply in support of motion for leave to amend complaint. | 0.4 | $1,368 | 547.2 |
| 2055 | 06/27/24 | MDM | Research of issues raised in defendants' briefing and our reply brief regarding standing of school district to sue. | 2 | $1,278 | 2556 |
| 2056 | 06/28/24 | JMT | Continue working on motion for summary judgment. | 6.2 | $1,050 | 6510 |
| 2057 | 06/28/24 | MDM | Continue researching standing of school district to seek declaratory relief against state; Confer with Mr. Jonna and Mr. Trissell regarding possibility of dividing arguments among reply briefs; Confer with same regarding effect of continuation of hearing on briefing deadlines; Forward proposed revisions to reply brief to Mr. Trissell for incorporation into final reply briefs. | 4.4 | $1,278 | 5623.2 |
| 2058 | 06/28/24 | PMJ | Assess arguments regarding reply in support of motion for leave to amend complaint. | 0.4 | $1,368 | 547.2 |
| 2059 | 06/28/24 | PMJ | Review state defendants' opposition to motion for leave to amend complaint. | 0.4 | $1,368 | 547.2 |
| 2060 | 06/28/24 | JMT | Draft motion for summary judgment; Research FERPA. | 1 | $1,050 | 1050 |
| 2061 | 06/29/24 | JMT | Edit replies in support of motion for leave to amend. | 1.8 | $1,050 | 1890 |
| 2062 | 06/29/24 | MDM | Review draft reply briefs forwarded by Mr. Trissell; Review cited authority and recommend additional revisions. | 0.6 | $1,278 | 766.8 |
| 2063 | 06/30/24 | PMJ | Review and revise reply in support of motion for leave to amend | 0.6 | $1,368 | 820.8 |
| 2064 | 06/30/24 | JMT | Research and draft motion for summary judgment. | 1 | $1,050 | 1050 |
| 2065 | 07/01/24 | JMT | Draft motion for summary judgment. | 3.4 | $1,050 | 3570 |
| 2066 | 07/01/24 | JMT | Updates to reply in support of motion for leave to amend complaint. | 1.4 | $1,050 | 1470 |
| 2067 | 07/01/24 | JMT | Incorporate Elizabeth Mirabelli's edits into amicus brief. | 0.4 | $1,050 | 420 |
| 2068 | 07/01/24 | MDM | Final review of reply in support of motion for leave to amend complaint; Forward suggested revisions to Mr. Trissell; Check key case citations. | 1 | $1,278 | 1278 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2069 | 07/01/24 | PMJ | Review final edits to reply in support of motion for leave to amend complaint. | 0.2 | $1,368 | 273.6 |
| 2070 | 07/01/24 | PMJ | Review edits to reply to CDE regarding motion for leave to amend complaint. | 0.2 | $1,368 | 273.6 |
| 2071 | 07/01/24 | JMT | Conference with Mr. Jonna regarding preparing for hearing on motion for leave to file amended complaint. | 0.4 | $1,050 | 420 |
| 2072 | 07/01/24 | KD | E-mail correspondence to Cockle Legal Brief with draft Amicus brief in the Parents Protecting Children v. Eau Claire Sch. Dist. appeal; Upload same to portal. | 0.2 | $240 | 48 |
| 2073 | 07/01/24 | KD | Review and finalize reply to CDE defendants and Attorney General in support of plaintiffs' motion for leave to amend the complaint and proceed pseudonymously; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2074 | 07/01/24 | KD | E-mail correspondence to copy service with instructions for delivery of courtesy copy to Judge Benitez with reply to CDE defendants and Attorney General in support of motion for leave to amend complaint and supporting papers. | 0.2 | $240 | 48 |
| 2075 | 07/01/24 | CJG | Review and edit section regarding standing of LSUSD to sue the State of California. | 4 | $840 | 3360 |
| 2076 | 07/02/24 | PMJ | Review e-mail correspondence with letter from EUSD to Elizabeth Mirabelli regarding grievance settlement. | 0.2 | $1,368 | 273.6 |
| 2077 | 07/02/24 | PMJ | Assess strategy and next steps regarding litigation. | 0.4 | $1,368 | 547.2 |
| 2078 | 07/02/24 | MDM | Confer with Mr. Jonna and Mr. Trissell regarding strategy going forward. | 0.4 | $1,278 | 511.2 |
| 2079 | 07/02/24 | JMT | Continue working on motion for summary judgment. | 3.8 | $1,050 | 3990 |
| 2080 | 07/02/24 | JMT | E-mail correspondence to Cockle regarding preparation of amicus brief, edits to same, and service list. | 0.4 | $1,050 | 420 |
| 2081 | 07/02/24 | JMT | Review amicus brief proof from Cockle. | 0.4 | $1,050 | 420 |
| 2082 | 07/02/24 | PMJ | Assess legislative developments regarding AB 1955. | 0.2 | $1,368 | 273.6 |
| 2083 | 07/02/24 | JMT | Continue working on motion for summary judgment. | 3.8 | $1,050 | 3990 |
| 2084 | 07/02/24 | RM | Review amicus brief for Parents Protecting our Children v. Eau Claire Area School District. | 1 | $240 | 240 |
| 2085 | 07/03/24 | JMT | Continue working on motion for summary judgment. | 8 | $1,050 | 8400 |
| 2086 | 07/03/24 | PMJ | Assess strategy and next steps. | 0.2 | $1,368 | 273.6 |
| 2087 | 07/03/24 | JMT | Prepare outline for hearing on motion to amend complaint for Mr. Jonna. | 0.4 | $1,050 | 420 |
| 2088 | 07/05/24 | JMT | Review second proof of amicus brief; Edit and return to Cockle. | 0.6 | $1,050 | 630 |
| 2089 | 07/05/24 | JMT | Continue working on motion for summary judgment. | 1.8 | $1,050 | 1890 |
| 2090 | 07/05/24 | PMJ | Prepare for motion to amend complaint hearing. | 0.4 | $1,368 | 547.2 |
| 2091 | 07/05/24 | PMJ | E-mail correspondence with clients regarding hearing on motion to amend complaint. | 0.2 | $1,368 | 273.6 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2092 | 07/06/24 | JMT | Review order granting nationwide injunction against Title IX rules. | 0.4 | $1,050 | 420 |
| 2093 | 07/07/24 | PMJ | E-mail correspondence with clients regarding ██████ ███████████████. | 0.2 | $1,368 | 273.6 |
| 2094 | 07/07/24 | PMJ | Prepare for hearing on motion to amend complaint. | 0.4 | $1,368 | 547.2 |
| 2095 | 07/07/24 | JMT | Conference with Mr. Jonna regarding hearing on motion to amend complaint. | 0.2 | $1,050 | 210 |
| 2096 | 07/08/24 | JMT | Review new Title IX cases. | 1 | $1,050 | 1050 |
| 2097 | 07/08/24 | PMJ | Review articles summarizing latest studies on harms of gender transitions for minors. | 0.2 | $1,368 | 273.6 |
| 2098 | 07/08/24 | JMT | Review proof of amicus brief; Finalize same for filing. | 0.2 | $1,050 | 210 |
| 2099 | 07/08/24 | PMJ | Prepare for hearing on motion to amend complaint. | 1.2 | $1,368 | 1641.6 |
| 2100 | 07/08/24 | PMJ | Telephone call with ████████ regarding AB1955 challenge. | 0.2 | $1,368 | 273.6 |
| 2101 | 07/08/24 | JMT | Serve amicus brief on opposing counsel. | 0.2 | $1,050 | 210 |
| 2102 | 07/08/24 | PMJ | Review draft motion for summary judgment to prepare for motion for leave to amend complaint hearing. | 1 | $1,368 | 1368 |
| 2103 | 07/08/24 | MDM | Confer with Mr. Jonna regarding possible course of action involving seeking summary judgment and entry of judgment as to some claims and staying litigation of the remainder pending any appeal. | 0.4 | $1,278 | 511.2 |
| 2104 | 07/08/24 | JMT | Send emails to clients regarding ████████████ ████████████. | 0.2 | $1,050 | 210 |
| 2105 | 07/08/24 | PMJ | E-mail correspondence with clients regarding ██████ ████████. | 0.2 | $1,368 | 273.6 |
| 2106 | 07/08/24 | KD | Review e-mail correspondence from Cockle with final versions of amicus brief, certification, and proof of service; File notice of appearance and amicus brief with US Supreme court. | 0.6 | $240 | 144 |
| 2107 | 07/09/24 | PMJ | Prepare for hearing on motion for leave to amend complaint. | 2.8 | $1,368 | 3830.4 |
| 2108 | 07/09/24 | PMJ | Review article on Attorney General Bonta's new budget and strategy. | 0.2 | $1,368 | 273.6 |
| 2109 | 07/09/24 | RO | Review declarations of John Poe and John Doe; E-mail correspondence to Mr. Jonna regarding same. | 0.4 | $240 | 96 |
| 2110 | 07/09/24 | PMJ | Review Attorney General's opposition brief to prepare for motion for leave to amend complaint hearing. | 0.6 | $1,368 | 820.8 |
| 2111 | 07/09/24 | JMT | Assist Mr. Jonna in preparing for motion to amend complaint hearing. | 0.2 | $1,050 | 210 |
| 2112 | 07/09/24 | PMJ | Additional preparation for motion for leave to amend complaint hearing. | 2 | $1,368 | 2736 |
| 2113 | 07/09/24 | JMT | Assist Mr. Jonna in preparing for motion to amend complaint hearing. | 2 | $1,050 | 2100 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2114 | 07/09/24 | MDM | Confer with Mr. Jonna and Mr. Trissell to prepare for status conference and hearing on motion for leave to amend; Additional research of issues raised by Mr. Jonna, and forward analysis to same. | 2.6 | $1,278 | 3322.8 |
| 2115 | 07/10/24 | PMJ | Respond to media inquiry regarding litigation. | 0.2 | $1,368 | 273.6 |
| 2116 | 07/10/24 | PMJ | Prepare for motion for leave to amend hearing; Refine outline and review key cases. | 2 | $1,368 | 2736 |
| 2117 | 07/10/24 | PMJ | Travel to and from and attend hearing on motion for leave to amend complaint; Lunch meeting with clients regarding same. | 4.8 | $1,368 | 6566.4 |
| 2118 | 07/10/24 | JMT | Prepare for, travel to and from, and participate in hearing on motion for leave to amend complaint; ███████ ████. | 4.6 | $1,050 | 4830 |
| 2119 | 07/10/24 | JMT | E-mail correspondence to all clients ███████ ███████████████████. | 0.4 | $1,050 | 420 |
| 2120 | 07/10/24 | JMT | Revisions to motion for summary judgment. | 2 | $1,050 | 2100 |
| 2121 | 07/10/24 | CSL | Receive report on hearing for motion to amend complaint from Mr. Jonna. | 0.4 | $1,512 | 604.8 |
| 2122 | 07/11/24 | JMT | Continue working on motion for summary judgment. | 4.4 | $1,050 | 4620 |
| 2123 | 07/11/24 | PMJ | E-mail correspondence with Lakeside Unified School District regarding status of notification policy. | 0.2 | $1,368 | 273.6 |
| 2124 | 07/11/24 | MCM | Emails about reviewing and editing motion for summary judgment. | 0.2 | $1,278 | 255.6 |
| 2125 | 07/12/24 | JMT | Update motion for summary judgment upon reviewing Blackstone and Kent legal commentaries. | 1.2 | $1,050 | 1260 |
| 2126 | 07/12/24 | PMJ | Review and respond to client e-mail correspondence regarding ███████████████████ ███████. | 0.2 | $1,368 | 273.6 |
| 2127 | 07/12/24 | PCB | Emails about filing amicus brief in Parents Protecting Our Children v. Eau Claire Area School District. | 0.2 | $1,368 | 273.6 |
| 2128 | 07/15/24 | JMT | Continue working on motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 2129 | 07/15/24 | PMJ | Receive update regarding AB 1955. | 0.2 | $1,368 | 273.6 |
| 2130 | 07/15/24 | JMT | Work on motion for class certification. | 1.4 | $1,050 | 1470 |
| 2131 | 07/15/24 | JMT | Draft notice of supplemental authority regarding signing of AB 1955. | 0.4 | $1,050 | 420 |
| 2132 | 07/15/24 | PMJ | Review draft notice of new authority. | 0.2 | $1,368 | 273.6 |
| 2133 | 07/15/24 | KD | Review and finalize notice of new authority in support of motion for leave to amend complaint and proceed pseudonymously; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2134 | 07/15/24 | PMJ | Draft press release regarding AB 1955. | 0.4 | $1,368 | 547.2 |
| 2135 | 07/15/24 | CSL | Telephone conference with Mr. Jonna regarding new statute prohibiting School Districts from informing parents of a child's gender transition at school; Review emails regarding same. | 0.4 | $1,512 | 604.8 |

100

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2136 | 07/16/24 | JMT | Updates to motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 2137 | 07/16/24 | JMT | Continue working on motion for class certification. | 2.4 | $1,050 | 2520 |
| 2138 | 07/16/24 | PMJ | Telephone call with ▮▮▮▮ and Peter Breen regarding AB 1955 challenge and next steps. | 0.4 | $1,368 | 547.2 |
| 2139 | 07/16/24 | JMT | Telephone call with ▮▮▮▮▮▮▮▮ regarding their challenge to AB 1955. | 0.4 | $1,050 | 420 |
| 2140 | 07/16/24 | PCB | Call with Paul Jonna regarding AB 1955 challenge. | 0.2 | $1,368 | 273.6 |
| 2141 | 07/16/24 | PMJ | ▮▮▮▮ Interview regarding case. | 0.4 | $1,368 | 547.2 |
| 2142 | 07/16/24 | PMJ | Telephone call with ▮▮▮▮ regarding AB 1955 challenge and next steps. | 0.2 | $1,368 | 273.6 |
| 2143 | 07/16/24 | CSL | Review articles, videos, and emails regarding new law prohibiting disclosure to parents of a child's transgender status at school. | 1 | $1,512 | 1512 |
| 2144 | 07/17/24 | PMJ | Review and respond to e-mail correspondence from ▮▮▮▮ regarding AB 1955. | 0.2 | $1,368 | 273.6 |
| 2145 | 07/17/24 | PMJ | Review ▮▮▮▮ article regarding case. | 0.2 | $1,368 | 273.6 |
| 2146 | 07/17/24 | JMT | Continue working on motion for class certification. | 2.6 | $1,050 | 2730 |
| 2147 | 07/17/24 | JMT | Telephone conference with ▮▮▮▮ regarding next steps in various cases. | 0.4 | $1,050 | 420 |
| 2148 | 07/17/24 | PMJ | Telephone conference with ▮▮▮▮ regarding AB 1955. | 0.4 | $1,368 | 547.2 |
| 2149 | 07/17/24 | PMJ | Assess strategy and next steps with team. | 0.6 | $1,368 | 820.8 |
| 2150 | 07/17/24 | JMT | Draft ex parte application for leave to file oversized memoranda. | 1.4 | $1,050 | 1470 |
| 2151 |  | JMM | Review and edit draft motion for summary judgment. | 2 | $1,368 | 2736 |
| 2152 | 07/18/24 | REW | Review declarations of fathers of proposed plaintiff's for class action allegations. | 0.4 | $1,050 | 420 |
| 2153 | 07/18/24 | JMT | Continue working on motion for leave to file memorandum in excess of page limits. | 0.4 | $1,050 | 420 |
| 2154 | 07/19/24 | PMJ | Check court docket in Chino case. | 0.2 | $1,368 | 273.6 |
| 2155 | 07/22/24 | PMJ | Prepare for and participate in ▮▮▮▮ Interview. | 0.4 | $1,368 | 547.2 |
| 2156 | 07/23/24 | PMJ | Review discovery meet and confer letter from CDE. | 0.2 | $1,368 | 273.6 |
| 2157 | 07/23/24 | JMT | Conference with Mr. Muldowney regarding preparing attorney declarations and appendix tables. | 0.2 | $1,050 | 210 |
| 2158 | 07/24/24 | PMJ | Prepare for and participate in ▮▮▮▮ interview. | 0.6 | $1,368 | 820.8 |
| 2159 | 07/24/24 | PMJ | Telephone call with ▮▮▮▮ regarding AB 1955 challenge. | 0.4 | $1,368 | 547.2 |
| 2160 | 07/24/24 | MCM | Review and edit motion for summary judgment and motion for class certification. | 3.6 | $1,278 | 4600.8 |
| 2161 | 07/25/24 | PMJ | Review edits to motion for summary judgment and motion for class certification from TMS. | 0.2 | $1,368 | 273.6 |

101

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2162 | 07/25/24 | JMT | Review new Title IX case, Arkansas v. Department of Education; Review Mary Catherine's edits to motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 2163 | 07/25/24 | JMT | Draft response to Mandarano discovery meet and confer letter. | 0.8 | $1,050 | 840 |
| 2164 | 07/25/24 | RM | Begin drafting attorney declaration and appendix of exhibits in support of motion for summary judgment and motion for class certification. | 0.2 | $240 | 48 |
| 2165 | 07/26/24 | JMT | Draft discovery meet and confer letter in response to the CDE's letter. | 3.4 | $1,050 | 3570 |
| 2166 | 07/26/24 | JMT | Conference with Mr. Muldowney regarding preparing attorney declarations for motion for class certification. | 0.2 | $1,050 | 210 |
| 2167 | 07/26/24 | RM | Reviewed exhibits and added authentication paragraphs to the class certification attorney declaration. | 0.6 | $240 | 144 |
| 2168 | 07/26/24 | PMJ | Multiple telephone calls and e-mail correspondence with ███████ and others regarding AB 1955 and next steps. | 0.4 | $1,368 | 547.2 |
| 2169 | 07/28/24 | PMJ | E-mail correspondence with ███████ regarding conference call on AB 1955. | 0.2 | $1,368 | 273.6 |
| 2170 | 07/28/24 | PMJ | Review and respond to Lakeside Unified School District e-mail correspondence regarding passage of parent notification policy. | 0.2 | $1,368 | 273.6 |
| 2171 | 07/29/24 | PMJ | Review draft meet and confer response to Attorney Mandarano. | 0.2 | $1,368 | 273.6 |
| 2172 | 07/29/24 | PMJ | Review and respond to e-mail correspondence from ███████ regarding new plaintiffs. | 0.2 | $1,368 | 273.6 |
| 2173 | 07/29/24 | PMJ | Review and respond to e-mail correspondence from ███████ regarding California School Boards issues. | 0.2 | $1,368 | 273.6 |
| 2174 | 07/29/24 | PMJ | E-mail correspondence with clients regarding document production. | 0.2 | $1,368 | 273.6 |
| 2175 | 07/30/24 | JMT | Conference call with attorneys in various parental notification cases. | 1.4 | $1,050 | 1470 |
| 2176 | 07/30/24 | PMJ | Telephone conference with ███████ and other California lawyers regarding AB 1955 challenges and strategy regarding same. | 1.6 | $1,368 | 2188.8 |
| 2177 | 07/30/24 | JMT | Review documents from Elizabeth Mirabelli and answers to discovery questions; Edit letter to opposing counsel. | 1.2 | $1,050 | 1260 |
| 2178 | 07/30/24 | PMJ | Telephone call with ███████ regarding AB 1955 and next steps with litigation. | 0.6 | $1,368 | 820.8 |
| 2179 | 07/30/24 | JMT | Edit to declaration of Paul Jonna in support of motion for class certification. | 1 | $1,050 | 1050 |
| 2180 | 07/31/24 | JMT | Review new case on qualified immunity and add to motion for summary judgment. | 0.2 | $1,050 | 210 |

102

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2181 | 07/31/24 | JMT | Telephone call with Mr. Muldowney regarding creating attorney declaration and appendix of exhibits for motion for summary judgment. | 0.2 | $1,050 | 210 |
| 2182 | 07/31/24 | RM | Review exhibits and edit declarations in support of motion for summary judgment. | 1.2 | $240 | 288 |
| 2183 | 08/02/24 | PMJ | Review and respond to e-mail correspondence from ▇ ▇ regarding facts and questions on AB 1955. | 0.2 | $1,368 | 273.6 |
| 2184 | 08/02/24 | JMT | Edit declaration of Paul Jonna in support of motion for summary judgment. | 0.4 | $1,050 | 420 |
| 2185 | 08/02/24 | PMJ | Review order in Regino ordering briefing regarding impact of AB 1955. | 0.2 | $1,368 | 273.6 |
| 2186 | 08/05/24 | PMJ | Assess discovery and next steps with team. | 0.2 | $1,368 | 273.6 |
| 2187 | 08/06/24 | JMT | E-mail correspondence to opposing counsel regarding extending discovery deadline and setting deposition dates; E-mail correspondence to client regarding same. | 0.4 | $1,050 | 420 |
| 2188 | 08/06/24 | PMJ | E-mail correspondence with CDE regarding depositions of plaintiffs. | 0.2 | $1,368 | 273.6 |
| 2189 | 08/07/24 | JMT | Review new case Texas v. Cardona; Edit memorandum of points and authorities in support of motion for summary judgment to include new case. | 0.4 | $1,050 | 420 |
| 2190 | 08/08/24 | JMT | Review and edit State Education Defendants' joint draft motion to extend the deadline to raise a discovery dispute. | 0.4 | $1,050 | 420 |
| 2191 | 08/08/24 | JMT | Review order granting in part motion for leave to amend complaint. | 0.2 | $1,050 | 210 |
| 2192 | 08/08/24 | PMJ | Review and analyze order on motion to amend complaint. | 0.8 | $1,368 | 1094.4 |
| 2193 | 08/08/24 | JMT | Conference with Mr. Jonna and other TMS attorneys regarding ruling on motion for leave to file a second amended complaint. | 1 | $1,050 | 1050 |
| 2194 | 08/08/24 | JMT | Review order on motion for leave to amend complaint; Edits to second amended complaint; E-mail correspondence to ▇ regarding same; Emails to clients regarding ▇; Additional edits to motion for summary judgment. | 1.6 | $1,050 | 1680 |
| 2195 | 08/09/24 | JMT | Edits to second amended complaint, motion for class certification, and motion for summary judgment. | 4.4 | $1,050 | 4620 |
| 2196 | 08/10/24 | PMJ | Assess next steps regarding motion for summary judgment and class certification; Multiple telephone calls with team regarding same. | 1.4 | $1,368 | 1915.2 |
| 2197 | 08/10/24 | PMJ | Review and revise case update memorandum. | 0.2 | $1,368 | 273.6 |
| 2198 | 08/12/24 | PMJ | Review order granting joint discovery motion filed with the CDE. | 0.2 | $1,368 | 273.6 |
| 2199 | 08/12/24 | PMJ | Telephone call with Jane Poe regarding status and next steps with their daughter. | 0.4 | $1,368 | 547.2 |
| 2200 | 08/12/24 | PMJ | Conference call with ▇ regarding therapist for Jane Poe's daughter. | 0.2 | $1,368 | 273.6 |

103

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2201 | 08/12/24 | JMT | Revisions to motion for summary judgment. | 4 | $1,050 | 4200 |
| 2202 | 08/12/24 | JMT | Review new complaint in Chino v. Newsom. | 0.4 | $1,050 | 420 |
| 2203 | 08/12/24 | PMJ | Telephone call with ███████ and ██████ regarding AB 1955 and AR 5145.3. | 0.6 | $1,368 | 820.8 |
| 2204 | 08/12/24 | MDM | Confer with Mr. Jonna and Mr. Trissell regarding amendment of complaint and FERPA claim. | 0.2 | $1,278 | 255.6 |
| 2205 | 08/12/24 | JMT | Meeting with Mr. Jonna regarding case strategy and next steps. | 0.6 | $1,050 | 630 |
| 2206 | 08/12/24 | PMJ | Review and revise first amended complaint and motion for summary judgment. | 0.8 | $1,368 | 1094.4 |
| 2207 | 08/12/24 | PMJ | Review draft e-mail correspondence from Elizabeth Mirabelli ██████████████ ███████ | 0.2 | $1,368 | 273.6 |
| 2208 | 08/12/24 | RM | Reviewed exhibits and draft declaration of Paul Jonna in support of motion for summary judgment. | 2 | $240 | 480 |
| 2209 | 08/13/24 | JMT | Finalize second amended complaint. | 0.8 | $1,050 | 840 |
| 2210 | 08/13/24 | JMT | Additional edits to summary judgment motion. | 1.2 | $1,050 | 1260 |
| 2211 | 08/13/24 | JMT | Draft protective order to protect client's identities. | 1 | $1,050 | 1050 |
| 2212 | 08/13/24 | JMT | Telephone calls with clients regarding motion for summary judgment; Meeting with Mr. Jonna regarding same. | 0.4 | $1,050 | 420 |
| 2213 | 08/13/24 | PMJ | Review Ninth Circuit Court of Appeals Circuit letter briefs regarding AB 1955; Telephone call with Jane Doe regarding case status. | 0.6 | $1,368 | 820.8 |
| 2214 | 08/13/24 | KD | Review and finalize second amended class action complaint; Draft second amended civil cover sheet; Update attachment to civil cover sheet and summons with attorneys, plaintiffs, and defendants; File with court; E-mail correspondence to opposing counsel with same. | 0.6 | $240 | 144 |
| 2215 | 08/13/24 | JMT | Edits to ex parte application for leave to file oversized memoranda. | 0.4 | $1,050 | 420 |
| 2216 | 08/13/24 | PMJ | Review and revise motion for class certification. | 0.4 | $1,368 | 547.2 |
| 2217 | 08/13/24 | JMT | Draft e-mail correspondence response to counsel for Attorney General and CDE regarding requests for extension of time to move to dismiss. | 0.6 | $1,050 | 630 |
| 2218 | 08/13/24 | PMJ | Review and revise motion for summary judgment. | 0.8 | $1,368 | 1094.4 |
| 2219 | 08/13/24 | JMT | Review new preliminary injunction order in Frankel v. Regents of the University of California. | 0.2 | $1,050 | 210 |
| 2220 | 08/13/24 | RM | Complete declaration of Paul Jonna in support of motion for summary judgment. | 0.6 | $240 | 144 |
| 2221 | 08/13/24 | RM | Begin preparing table of authorities in support of motion for class certification. | 1.8 | $240 | 432 |
| 2222 | 08/14/24 | PMJ | E-mail correspondence with client and co-counsel regarding ████████████████ ██████████████. | 0.2 | $1,368 | 273.6 |

104

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2223 | 08/14/24 | JMT | Finalize motion for summary judgment and motion for class certification. | 5.6 | $1,050 | 5880 |
| 2224 | 08/14/24 | PMJ | Participate in webinar with ████████████████ regarding legal update. | 0.6 | $1,368 | 820.8 |
| 2225 | 08/14/24 | PMJ | Review and revise motion for class certification. | 0.4 | $1,368 | 547.2 |
| 2226 | 08/14/24 | RM | Prepare table of authorities for motion for summary judgment. | 3.2 | $240 | 768 |
| 2227 | 08/15/24 | PMJ | Review and revise motion for summary judgment briefs. | 1.6 | $1,368 | 2188.8 |
| 2228 | 08/15/24 | PMJ | Analyze motion for summary judgment and next steps in case with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 2229 | 08/15/24 | PMJ | Review and revise motion for summary judgment. | 1 | $1,368 | 1368 |
| 2230 | 08/15/24 | PMJ | Assess edits to motion for summary judgment. | 0.4 | $1,368 | 547.2 |
| 2231 | 08/15/24 | PMJ | Make additional edits to motion for summary judgment papers. | 0.4 | $1,368 | 547.2 |
| 2232 | 08/15/24 | PMJ | Interview with ████████████████ regarding case. | 0.2 | $1,368 | 273.6 |
| 2233 | 08/15/24 | JMT | Edits to motion for summary judgment, prepare supporting declarations for same. | 7.2 | $1,050 | 7560 |
| 2234 | 08/15/24 | RM | Update table of authorities for memorandum of points and authorities in support of motion for summary judgment. | 0.6 | $240 | 144 |
| 2235 | 08/15/24 | RM | Prepare appendix vols. 1 and 2, appendix of authorities, and appendix of declarations in support of motion for summary judgment. | 1 | $240 | 240 |
| 2236 | 08/15/24 | MDM | Review motion for summary judgment or a preliminary injunction, identify corrections and changes. | 3.4 | $1,278 | 4345.2 |
| 2237 | 08/16/24 | PMJ | Review and revise motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 2238 | 08/16/24 | JMT | Draft ex parte application for leave to file oversized memoranda; Finalize motion for summary judgment, motion for class certification, and protective order. | 5.4 | $1,050 | 5670 |
| 2239 | 08/16/24 | PMJ | Review edits to declaration of Paul Jonna and draft protective order. | 0.2 | $1,368 | 273.6 |
| 2240 | 08/16/24 | PMJ | Review e-mail correspondence to counsel regarding proposed protective order. | 0.2 | $1,368 | 273.6 |
| 2241 | 08/16/24 | RM | Revise table of authorities for memorandum of points and authorities in support of motion for summary judgment. | 1.8 | $240 | 432 |
| 2242 | 08/16/24 | KD | Review and finalize motion for class certification; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2243 | 08/16/24 | KD | Review and finalize ex parte application for leave to file oversized memoranda; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |

105

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2244 | 08/16/24 | KD | Review and finalize motion for summary judgment, memorandum of points and authorities, appendix of evidence, vol.1 and 2, appendix of authorities, appendix of declarations, declaration of Paul Jonna, declaration of Elizabeth Mirabelli, declaration of Lori West, proposed judgment and permanent injunction, and proposed order; File with court; E-mail correspondence to opposing counsel with same. | 0.8 | $240 | 192 |
| 2245 | 08/16/24 | PCB | Emails regarding motion for summary judgment and motion for class certification. | 0.2 | $1,368 | 273.6 |
| 2246 | 08/17/24 | PMJ | E-mail correspondence with ███████ and Mr. Trissell regarding preliminary injunction hearings. | 0.2 | $1,368 | 273.6 |
| 2247 | 08/19/24 | JMT | Review Department of Education v. Louisiana case. | 0.4 | $1,050 | 420 |
| 2248 | 08/19/24 | PMJ | Telephone call with ███████ to discuss status of appeals and AB 1955 challenge. | 0.2 | $1,368 | 273.6 |
| 2249 | 08/19/24 | JMT | Telephone call with ███████ regarding next steps in our cases. | 0.4 | $1,050 | 420 |
| 2250 | 08/19/24 | PMJ | Telephone call with Attorney Shinoff regarding differential pay issue; Assess next steps regarding Attorney General's motion to dismiss. | 0.6 | $1,368 | 820.8 |
| 2251 | 08/19/24 | JMT | Telephone call with clients and Attorney Shinoff regarding ███████████████. | 0.6 | $1,050 | 630 |
| 2252 | 08/19/24 | JMT | Draft response to DAG Emma Soichet regarding continuing the motions for summary judgment. | 0.6 | $1,050 | 630 |
| 2253 | 08/20/24 | PMJ | Review and revise e-mail correspondence to Attorney General regarding timing of motions and next steps. | 0.2 | $1,368 | 273.6 |
| 2254 | 08/20/24 | PMJ | Review and respond to e-mail correspondence from Elizabeth regarding ████████████████████. | 0.2 | $1,368 | 273.6 |
| 2255 | 08/20/24 | PMJ | Review and respond to e-mail correspondence from counsel for defendant Bonta regarding deferral of motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 2256 | 08/20/24 | JMT | Research and draft opposition to ex parte application to stay motions for summary judgment and class certification. | 3.4 | $1,050 | 3570 |
| 2257 | 08/20/24 | PMJ | Assess next steps regarding motion for summary judgment and motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 2258 | 08/21/24 | JMT | Review new case Geraghty v. Jackson. | 0.2 | $1,050 | 210 |
| 2259 | 08/21/24 | JMT | Research and draft opposition to ex parte application to defer motion for summary judgment. | 2.6 | $1,050 | 2730 |
| 2260 | 08/21/24 | PMJ | Review letter from Attorney Shinoff regarding next steps. | 0.2 | $1,368 | 273.6 |
| 2261 | 08/21/24 | PMJ | Conference call with clients to discuss █████████████████. | 0.8 | $1,368 | 1094.4 |
| 2262 | 08/21/24 | JMT | Telephone call with Mr. Jonna and clients regarding ████████████████████. | 0.8 | $1,050 | 840 |

106

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2263 | 08/21/24 | JMT | Draft letter to Attorney Shinoff regarding Elizabeth's employment. | 1.4 | $1,050 | 1470 |
| 2264 | 08/22/24 | JMT | Review new Ninth Circuit ruling Youth 71Five Ministries v. Williams case. | 0.2 | $1,050 | 210 |
| 2265 | 08/22/24 | JMT | Draft letter regarding employment status of Elizabeth Mirabelli to Attorney Shinoff. | 3.4 | $1,050 | 3570 |
| 2266 | 08/22/24 | PMJ | E-mail correspondence with client regarding ██████ ████████████████████; Review ex parte application. | 0.4 | $1,368 | 547.2 |
| 2267 | 08/22/24 | PMJ | Review draft letter to Attorney Shinoff regarding Elizabeth's employment. | 0.2 | $1,368 | 273.6 |
| 2268 | 08/22/24 | PMJ | Review CDE opposition to application to file oversized briefs. | 0.2 | $1,368 | 273.6 |
| 2269 | 08/22/24 | JMT | Review CDE opposition to ex parte regarding oversized briefing. | 0.2 | $1,050 | 210 |
| 2270 | 08/22/24 | PMJ | Review edits to letter to Attorney Shinoff regarding Elizabeth's employment. | 0.2 | $1,368 | 273.6 |
| 2271 | 08/23/24 | JMT | Finalize and send out letter to Attorney Shinoff regarding Elizabeth's leave status. | 0.2 | $1,050 | 210 |
| 2272 | 08/23/24 | JMT | Emails to Mrs. Poe and Mrs. Doe regarding ████████ ██████████████████████. | 0.2 | $1,050 | 210 |
| 2273 | 08/23/24 | KD | Review and finalize letter to Attorney Shinoff regarding employment status of Elizabeth Mirabelli; E-mail correspondence to Attorney Shinoff with same. | 0.4 | $240 | 96 |
| 2274 | 08/23/24 | JMT | Telephone call with Jane Poe ████████████ ██████████████████. | 0.6 | $1,050 | 630 |
| 2275 | 08/23/24 | JMT | Review ex parte application to defer motion for summary judgment and class certification. | 0.6 | $1,050 | 630 |
| 2276 | 08/23/24 | PMJ | Review Attorney General Bonta's ex parte motion regarding continuing summary judgment hearing. | 0.2 | $1,368 | 273.6 |
| 2277 | 08/26/24 | PMJ | Review and revise Jane Doe declaration in support of opposition to motion to stay class certification and motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 2278 | 08/26/24 | JMT | Draft opposition to ex parte application to stay motion for summary judgment hearing. | 4.8 | $1,050 | 5040 |
| 2279 | 08/26/24 | PMJ | Review edits to declaration of Jane Doe in support of opposition to ex parte motion to stay. | 0.2 | $1,368 | 273.6 |
| 2280 | 08/26/24 | PMJ | Review order granting Bonta's ex parte application and discuss next steps regarding reconsideration motion with team. | 0.6 | $1,368 | 820.8 |
| 2281 | 08/26/24 | JMT | Conferences with Mr. Jonna, Mr. Myers, and Peter Breen regarding how to respond to order granting ex parte motion to continue hearings. | 0.8 | $1,050 | 840 |

107

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2282 | 08/26/24 | JMT | Draft ex parte application for reconsideration or clarification of order staying motion for summary judgment. | 2.4 | $1,050 | 2520 |
| 2283 | 08/26/24 | PCB | Conference call regarding how to respond to order granting ex parte motion to continue hearings. | 0.6 | $1,368 | 820.8 |
| 2284 | 08/27/24 | PMJ | Review and revise opposition to motion to stay motion for summary judgment. | 0.4 | $1,368 | 547.2 |
| 2285 | 08/27/24 | PMJ | Review e-mail correspondence to counsel pursuant to Local Rule 88.3 regarding motion for reconsideration. | 0.2 | $1,368 | 273.6 |
| 2286 | 08/27/24 | PMJ | Review Attorney General Bonta's ex parte application; Telephone call to chambers regarding response to order; Review and revise motion to reconsider. | 0.4 | $1,368 | 547.2 |
| 2287 | 08/27/24 | JMT | Edits to ex parte application for reconsideration and/or class clarification. | 3.2 | $1,050 | 3360 |
| 2288 | 08/27/24 | PMJ | Review and revise ex parte application to reconsider/clarify order granting Attorney General Bonta's motion to stay motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 2289 | 08/27/24 | PMJ | Review and revise proposed order granting reconsideration. | 0.2 | $1,368 | 273.6 |
| 2290 | 08/27/24 | KD | Review and finalize ex parte application to reconsider/clarify order on defendant Bonta's application to stay plaintiffs' motions for summary judgment and class certification, declaration of Paul Jonna, declarations of Jane Poe and Jane Doe, and proposed order; File with court; E-mail correspondence to Judge Benitez with proposed order; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2291 | 08/28/24 | PMJ | Review e-mail correspondence from EUSD regarding Elizabeth's employment status and send e-mail correspondence regarding ▮▮▮ to client. | 0.2 | $1,368 | 273.6 |
| 2292 | 08/28/24 | PMJ | Review CDE's opposition to ex parte application to reconsider. | 0.2 | $1,368 | 273.6 |
| 2293 | 08/28/24 | JMT | Review CDE opposition to motion to reconsider. | 0.2 | $1,050 | 210 |
| 2294 | 08/28/24 | PMJ | Review and revise e-mail correspondence to EUSD regarding Elizabeth's employment leave status. | 0.4 | $1,368 | 547.2 |
| 2295 | 08/28/24 | PMJ | Assess arguments with ▮▮▮▮ regarding amicus brief in Mae M. v. Komrosky (Temecula School District case). | 0.4 | $1,368 | 547.2 |
| 2296 | 08/28/24 | PMJ | Review CDE's opposition to motion for reconsideration regarding staying motion for summary judgment hearing. | 0.2 | $1,368 | 273.6 |
| 2297 | 08/29/24 | PMJ | Review minute order denying motion for reconsideration; Assess next steps with team. | 0.2 | $1,368 | 273.6 |
| 2298 | 08/29/24 | JMT | Telephone call with Peter Breen regarding next steps. | 0.4 | $1,050 | 420 |
| 2299 | 08/29/24 | PCB | Telephone call with Jeff Trissell regarding next steps. | 0.4 | $1,368 | 547.2 |
| 2300 | 08/29/24 | PMJ | Research and analysis regarding motion for preliminary injunction. | 0.4 | $1,368 | 547.2 |

108

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2301 | 08/29/24 | PMJ | Review and respond to Attorney Shinoff letter regarding Elizabeth's employment status. | 0.2 | $1,368 | 273.6 |
| 2302 | 08/29/24 | PMJ | Review and respond to client e-mail correspondence regarding ███████████████████. | 0.2 | $1,368 | 273.6 |
| 2303 | 08/29/24 | JMT | Review various emails regarding Elizabeth's employment status. | 0.4 | $1,050 | 420 |
| 2304 | 08/29/24 | PMJ | Review motions to dismiss filed by CDE. | 0.2 | $1,368 | 273.6 |
| 2305 | 08/29/24 | PCB | Multiple emails and calls about re-filing motion for summary judgment as a motion for a class-wide preliminary injunction. | 0.6 | $1,368 | 820.8 |
| 2306 | 08/30/24 | PMJ | Review and analyze CDE's motion to dismiss and motion for judgment on the pleadings. | 0.4 | $1,368 | 547.2 |
| 2307 | 08/30/24 | WTD | Review case file. | 0.4 | $450 | 180 |
| 2308 | 09/03/24 | JMT | Begin drafting motion for a preliminary injunction. | 5.4 | $1,050 | 5670 |
| 2309 | 09/03/24 | PMJ | E-mail correspondence with Attorney Shinoff regarding employment meeting with Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 2310 | 09/04/24 | PMJ | E-mail correspondence regarding scheduling client meeting with EUSD. | 0.2 | $1,368 | 273.6 |
| 2311 | 09/04/24 | PMJ | Telephone call with ████████ to provide update on status of case; Discuss motion for preliminary injunction with Mr. Trissell and assess strategy regarding same. | 0.2 | $1,368 | 273.6 |
| 2312 | 09/04/24 | JMT | Continue working on motion for preliminary injunction. | 4.8 | $1,050 | 5040 |
| 2313 | 09/04/24 | PMJ | Follow-up with EUSD and Elizabeth Mirabelli regarding EUSD meeting. | 0.2 | $1,368 | 273.6 |
| 2314 | 09/04/24 | JMT | Draft opposition to CDE motion to dismiss. | 0.8 | $1,050 | 840 |
| 2315 | 09/05/24 | PMJ | Review and revise motion for preliminary injunction. | 1.2 | $1,368 | 1641.6 |
| 2316 | 09/05/24 | JMT | Telephone call with Mr. Jonna regarding edits to motion for preliminary injunction. | 0.4 | $1,050 | 420 |
| 2317 | 09/05/24 | WTD | Review case file to catch up on status and facts of the case. | 4.2 | $450 | 1890 |
| 2318 | 09/05/24 | WTD | Discussion with Mr. Trissell regarding amicus brief in Mae M. v. Komrosky case. | 0.2 | $450 | 90 |
| 2319 | 09/06/24 | PMJ | Follow-up with EUSD regarding meeting with Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 2320 | 09/09/24 | JMT | Review Doe v. Horne case from the Ninth Circuit. | 0.2 | $1,050 | 210 |
| 2321 | 09/10/24 | JMT | Listen to ████ webinar on compelled pronoun use. | 1 | $1,050 | 1050 |
| 2322 | 09/11/24 | PMJ | Prepare for and participate in accommodation meeting with EUSD. | 2.4 | $1,368 | 3283.2 |
| 2323 | 09/11/24 | WTD | Prepare for and attend meeting with Andrew and Elizabeth Mirabelli and EUSD regarding accommodations. | 2.2 | $450 | 990 |
| 2324 | 09/11/24 | WTD | Review draft form interrogatories responses in preparation for drafting special interrogatories and requests for admissions responses. | 0.4 | $450 | 180 |

109

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2325 | 09/12/24 | JMT | Draft response to client regarding ▮▮▮▮▮ ▮▮▮▮▮▮. | 0.4 | $1,050 | 420 |
| 2326 | 09/12/24 | PMJ | Telephone conference with client regarding ▮▮▮▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 2327 | 09/13/24 | JMT | Edits to motion for a class-wide preliminary injunction. | 3.4 | $1,050 | 3570 |
| 2328 | 09/13/24 | JMT | Research on how Pickering balancing applies to Free Exercise claims. | 1 | $1,050 | 1050 |
| 2329 | 09/13/24 | WTD | Review opening and response appellate briefs in Mae M. v. Komrosky in preparation of drafting amicus brief. | 2.8 | $450 | 1260 |
| 2330 | 09/13/24 | WTD | Begin drafting amicus brief for Mae M. v. Komrosky. | 1.6 | $450 | 720 |
| 2331 | 09/16/24 | PMJ | E-mail correspondence with client regarding deposition. | 0.2 | $1,368 | 273.6 |
| 2332 | 09/18/24 | JMT | Edits to motion for class-wide preliminary injunction. | 1.4 | $1,050 | 1470 |
| 2333 | 09/18/24 | PMJ | Review final edits to motion for preliminary injunction brief. | 0.2 | $1,368 | 273.6 |
| 2334 | 09/18/24 | JMT | Review EUSD's supplemental responses to the CDE's discovery. | 0.2 | $1,050 | 210 |
| 2335 | 09/19/24 | PMJ | E-mail correspondence regarding meet and confer with Attorney General regarding their motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 2336 | 09/19/24 | JMT | Draft notice of withdrawals for Mark Myers and Milan Brandon. | 0.4 | $1,050 | 420 |
| 2337 | 09/19/24 | JMT | Review discovery propounded by CDE. | 0.4 | $1,050 | 420 |
| 2338 | 09/19/24 | KD | Review and finalize notice of withdrawal for Mark Myers and Milan Brandon; File with court; E-mail correspondence to opposing counsel with same. | 0.2 | $240 | 48 |
| 2339 | 09/19/24 | JMT | Further review of CDE's discovery requests. | 0.6 | $1,050 | 630 |
| 2340 | 09/20/24 | PMJ | Review potential discovery objections for newly propounded discovery that exceed the limits. | 0.2 | $1,368 | 273.6 |
| 2341 | 09/20/24 | WTD | Draft responses to request for admissions, set two, propounded by CDE on Elizabeth Mirabelli and Lori West. | 2.2 | $450 | 990 |
| 2342 | 09/20/24 | PMJ | E-mail correspondence with potential client in EUSD case. | 0.2 | $1,368 | 273.6 |
| 2343 | 09/20/24 | WTD | Prepare responses to discovery propounded on Elizabeth Mirabelli and Lori West. | 1 | $450 | 450 |
| 2344 | 09/20/24 | CSL | Conference with client regarding ▮▮▮▮▮. | 0.4 | $1,512 | 604.8 |
| 2345 | 09/23/24 | WTD | Continue preparing responses to discovery propounded on Elizabeth Mirabelli and Lori West. | 1 | $450 | 450 |
| 2346 | 09/23/24 | JMT | Meet and confer telephone call with Attorney General regarding motion to dismiss. | 0.2 | $1,050 | 210 |
| 2347 | 09/23/24 | PMJ | Meet and confer telephone call with Attorney General's office regarding 12b1 motion. | 0.2 | $1,368 | 273.6 |
| 2348 | 09/23/24 | PMJ | Review and revise Elizabeth Mirabelli's employment letter to Attorney Shinoff. | 0.4 | $1,368 | 547.2 |

110

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2349 | 09/24/24 | PMJ | Multiple e-mail correspondence with EUSD regarding Mirabelli work accommodation. | 0.2 | $1,368 | 273.6 |
| 2350 | 09/24/24 | JMT | Finalize motion for class-wide preliminary injunction. | 0.8 | $1,050 | 840 |
| 2351 | 09/24/24 | PMJ | E-mail correspondence with department clerk regarding hearing date and time for preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 2352 | 09/24/24 | KD | Review and finalize motion for class-wide preliminary injunction and proposed order; File with Court; Email proposed order to Judge Benitez in support of same; e-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2353 | 09/25/24 | KD | Exchange e-mail correspondence with Judge Benitez' clerk Bob, regarding proposed order in Word format; Telephone call with Bob regarding same and help him open order in Word. | 0.2 | $240 | 48 |
| 2354 | 09/25/24 | JMT | Edit amicus brief to be filed in Mae M. v. Komrosky. | 4 | $1,050 | 4200 |
| 2355 | 09/25/24 | CSL | Conference with ███████████████ ████████ regarding support of class action; Discuss case with ██████ member. | 0.6 | $1,512 | 907.2 |
| 2356 | 09/26/24 | PMJ | Interview with ███████████ regarding case. | 0.4 | $1,368 | 547.2 |
| 2357 | 09/26/24 | JMT | Review new filings in S.E. v. Gray filed in Southern District of California. | 0.2 | $1,050 | 210 |
| 2358 | 09/26/24 | PMJ | Review ex parte application regarding continuing preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 2359 | 09/27/24 | PMJ | Review Attorney General's ex parte application regarding preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 2360 | 09/27/24 | JMT | Draft opposition to ex parte application to stay our preliminary injunction. | 3 | $1,050 | 3150 |
| 2361 | 09/27/24 | PMJ | Review and revise opposition to ex parte application regarding continuing hearing on motion for preliminary injunction. | 0.4 | $1,368 | 547.2 |
| 2362 | 09/27/24 | PMJ | Review final edits to opposition to ex parte application regarding continuing preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 2363 | 09/27/24 | RO | Discussions with Mr. Jonna and Mr. Trissell regarding ex parte opposition; Finalize same and file with court. | 0.4 | $240 | 96 |
| 2364 | 09/27/24 | JMT | Review filings in S.E. v. Encinitas School District. | 0.4 | $1,050 | 420 |
| 2365 | 09/27/24 | JMT | Draft opposition to CDE motion to dismiss. | 1.6 | $1,050 | 1680 |
| 2366 | 09/27/24 | WTD | Review and revise amicus brief for Mae M. v. Komrosky case. | 2.4 | $450 | 1080 |
| 2367 | 09/28/24 | JMT | Final edits to Komrosky amicus brief. | 0.6 | $1,050 | 630 |
| 2368 | 09/30/24 | PMJ | Follow-up regarding discovery and next steps. | 0.2 | $1,368 | 273.6 |
| 2369 | 09/30/24 | JMT | Work on written discovery responses to CDE. | 4.4 | $1,050 | 4620 |
| 2370 | 09/30/24 | WTD | Research rules of court related to electronic service of amicus brief by amici to trial court. | 0.6 | $450 | 270 |
| 2371 | 09/30/24 | JMT | Review Mr. Duke's edits to amicus brief in Mae M. v. Komrosky; Incorporate client's edits to same. | 0.6 | $1,050 | 630 |

111

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2372 | 09/30/24 | RM | Begin preparing discovery shells in response to 34 sets of discovery requests from the CDE. | 4.2 | $240 | 1008 |
| 2373 | 10/01/24 | PMJ | Review ruling on motion for summary judgement in Tatel v Mount Lebanon School District case. | 0.2 | $1,368 | 273.6 |
| 2374 | 10/01/24 | JMT | Continue working on written discovery responses. | 5.4 | $1,050 | 5670 |
| 2375 | 10/01/24 | PMJ | Review e-mail correspondence to all plaintiffs regarding written discovery from CDE. | 0.2 | $1,368 | 273.6 |
| 2376 | 10/01/24 | JMT | Review new Tatel v. Mt Lebanon School District motion for summary judgment order. | 0.8 | $1,050 | 840 |
| 2377 | 10/01/24 | JMT | Finalize amicus brief for filing in Mae M. v. Komrosky. | 0.4 | $1,050 | 420 |
| 2378 | 10/01/24 | RM | Continue preparing discovery shells in response to 34 discovery requests from defendants. | 0.8 | $240 | 192 |
| 2379 | 10/01/24 | RM | Prepare table of authorities for amicus brief for Mae M. v. Komrosky. | 3 | $240 | 720 |
| 2380 | 10/02/24 | PMJ | Review Attorney General Bonta's reply in support of ex parte application to continue motion for preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 2381 | 10/02/24 | JMT | Continue working on special interrogatory responses. | 6.2 | $1,050 | 6510 |
| 2382 | 10/02/24 | RM | Continue preparation of shells for responses to discovery. | 0.6 | $240 | 144 |
| 2383 | 10/03/24 | JMT | Continue drafting responses to CDE's written discovery. | 1.8 | $1,050 | 1890 |
| 2384 | 10/03/24 | JMT | Edits to Elizabeth Mirabelli's written discovery responses. | 0.2 | $1,050 | 210 |
| 2385 | 10/03/24 | JMT | Review new journal article on parental rights. | 0.4 | $1,050 | 420 |
| 2386 | 10/04/24 | JMT | Review CDE's edits to protective order; Draft comprehensive meet and confer letter in response to same; Continue working on written discovery responses. | 5.8 | $1,050 | 6090 |
| 2387 | 10/04/24 | PMJ | Review and revise meet and confer letter regarding protective order. | 0.2 | $1,368 | 273.6 |
| 2388 | 10/07/24 | PMJ | Review and respond to e-mail correspondence from Elizabeth Mirabelli regarding ███████████ ███████████. | 0.2 | $1,368 | 273.6 |
| 2389 | 10/07/24 | PMJ | Review ███████ article covering case. | 0.2 | $1,368 | 273.6 |
| 2390 | 10/07/24 | PMJ | Review CDE request for clarification of scheduling order. | 0.2 | $1,368 | 273.6 |
| 2391 | 10/07/24 | JMT | Telephone call with client Jane Poe regarding ██████ ████████; Finalize same and forward same for her review. | 2.2 | $1,050 | 2310 |
| 2392 | 10/08/24 | PMJ | Review response to meet and confer letter from CDE. | 0.2 | $1,368 | 273.6 |
| 2393 | 10/08/24 | PMJ | Telephone conference with Elizabeth Mirabelli ████ ███████████████████████████ ███. | 0.4 | $1,368 | 547.2 |
| 2394 | 10/08/24 | JMT | Begin working on Jane Boe's special interrogatory responses. | 2 | $1,050 | 2100 |
| 2395 | 10/08/24 | PMJ | Telephone call with Elizabeth Mirabelli regarding ███████████. | 0.2 | $1,368 | 273.6 |

112

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2396 | 10/08/24 | PMJ | E-mail correspondence with Elizabeth Mirabelli regarding ███████████; Discuss same with Attorney Shinoff. | 0.4 | $1,368 | 547.2 |
| 2397 | 10/08/24 | JMT | Telephone call with client Jane Roe regarding ██████████. | 1.2 | $1,050 | 1260 |
| 2398 | 10/08/24 | CSL | Review article on U.S. Supreme court case on parental rights regarding school lessons on sexuality issues. | 0.4 | $1,512 | 604.8 |
| 2399 | 10/09/24 | PMJ | E-mail correspondence with Elizabeth regarding ██ ██████████. | 0.2 | $1,368 | 273.6 |
| 2400 | 10/09/24 | PMJ | Review and respond to Attorney Shinoff's e-mail correspondence regarding employment accommodation for Elizabeth Mirabelli. | 0.4 | $1,368 | 547.2 |
| 2401 | 10/09/24 | JMT | Continue working on written discovery responses. | 1.6 | $1,050 | 1680 |
| 2402 | 10/09/24 | PMJ | Review Attorney Shinoff's response regarding Elizabeth Mirabelli's accommodation. | 0.2 | $1,368 | 273.6 |
| 2403 | 10/09/24 | PMJ | E-mail correspondence with client regarding ██████ ████████████████████. | 0.2 | $1,368 | 273.6 |
| 2404 | 10/09/24 | PMJ | E-mail correspondence with Attorney Shinoff regarding administrative leave for Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 2405 | 10/09/24 | PMJ | Review ECF notice regarding motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 2406 | 10/09/24 | PMJ | Review updated scheduling order; E-mail correspondence with Attorney Shinoff regarding Elizabeth Mirabelli's accommodation. | 0.2 | $1,368 | 273.6 |
| 2407 | 10/09/24 | JMT | Continue working on Lori West's discovery responses. | 0.8 | $1,050 | 840 |
| 2408 | 10/09/24 | JMT | Continue drafting opposition to various motions to dismiss. | 0.4 | $1,050 | 420 |
| 2409 | 10/10/24 | PMJ | Review e-mail correspondence from Attorney Shinoff regarding next steps with accommodation for Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 2410 | 10/10/24 | JMT | Continue working on opposition to motions to dismiss. | 0.6 | $1,050 | 630 |
| 2411 | 10/10/24 | PMJ | E-mail correspondence with Attorney Shinoff regarding next steps with EUSD. | 0.2 | $1,368 | 273.6 |
| 2412 | 10/10/24 | JMT | Continue working on oppositions to motions to dismiss. | 2 | $1,050 | 2100 |
| 2413 | 10/11/24 | JMT | Continue working on oppositions to motions to dismiss. | 6.4 | $1,050 | 6720 |
| 2414 | 10/14/24 | PMJ | Review deposition notices of Jane Doe and Jane Poe. | 0.2 | $1,368 | 273.6 |
| 2415 | 10/15/24 | PMJ | Assess request from CDE to adjust scheduling order; Review e-mail correspondence regarding same; Discuss same with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 2416 | 10/15/24 | PMJ | Follow-up with EUSD regarding Elizabeth Mirabelli's leave status. | 0.2 | $1,368 | 273.6 |
| 2417 | 10/15/24 | JMT | Respond to Attorney Cale regarding extending fact discovery deadline. | 0.2 | $1,050 | 210 |
| 2418 | 10/15/24 | JMT | Continue working on oppositions to motions to dismiss. | 3.4 | $1,050 | 3570 |
| 2419 | 10/15/24 | PMJ | Review e-mail correspondence regarding proposed scheduling order. | 0.2 | $1,368 | 273.6 |

113

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2420 | 10/16/24 | JMT | Edits to oppositions to motion to dismiss per Mr. Jonna's comments. | 0.2 | $1,050 | 210 |
| 2421 | 10/16/24 | PMJ | Review and revise oppositions to motion to dismiss. | 0.8 | $1,368 | 1094.4 |
| 2422 | 10/16/24 | PMJ | Meet and confer telephone call with opposing counsel regarding edits to protective order. | 0.6 | $1,368 | 820.8 |
| 2423 | 10/16/24 | JMT | Prepare for and participate in conference call with opposing counsel regarding protective order. | 0.8 | $1,050 | 840 |
| 2424 | 10/16/24 | JMT | Continue working on oppositions to motions to dismiss. | 1.8 | $1,050 | 1890 |
| 2425 | 10/16/24 | PMJ | Review draft stipulated protective order. | 0.2 | $1,368 | 273.6 |
| 2426 | 10/16/24 | JMT | Research regarding reinstatement after retirement for Elizabeth Mirabelli. | 0.4 | $1,050 | 420 |
| 2427 | 10/17/24 | JMT | Revisions to draft protective order. | 1.4 | $1,050 | 1470 |
| 2428 | 10/17/24 | PMJ | Assess edits to protective order. | 0.2 | $1,368 | 273.6 |
| 2429 | 10/17/24 | JMT | Edits to proposed joint stipulation to modify scheduling order. | 1 | $1,050 | 1050 |
| 2430 | 10/17/24 | PMJ | Telephone call with Andrew Mirabelli regarding ███. | 0.2 | $1,368 | 273.6 |
| 2431 | 10/18/24 | JMT | Multiple telephone calls with Andrew Mirabelli regarding ███. | 0.4 | $1,050 | 420 |
| 2432 | 10/18/24 | PMJ | Telephone calls with Andrew Mirabelli regarding ███. | 0.4 | $1,368 | 547.2 |
| 2433 | 10/18/24 | RM | Begin preparing table of authorities for opposition to defendants' motions to dismiss. | 2.4 | $240 | 576 |
| 2434 | 10/19/24 | PMJ | Review draft stipulation to set-up status conference. | 0.2 | $1,368 | 273.6 |
| 2435 | 10/20/24 | CJG | Review and edit opposition to motions to dismiss. | 1 | $840 | 840 |
| 2436 | 10/21/24 | PMJ | Review edits to opposition to motions to dismiss. | 0.2 | $1,368 | 273.6 |
| 2437 | 10/21/24 | PMJ | Telephone conference with Andrew Mirabelli ███. | 0.2 | $1,368 | 273.6 |
| 2438 | 10/21/24 | JMT | Finalize opposition to motions to dismiss. | 2.6 | $1,050 | 2730 |
| 2439 | 10/21/24 | PMJ | Review final edits to opposition to motions to dismiss. | 0.2 | $1,368 | 273.6 |
| 2440 | 10/21/24 | JMT | Finalize opposition to motions to dismiss. | 1.4 | $1,050 | 1470 |
| 2441 | 10/21/24 | RM | Update table of authorities for opposition to motions to dismiss. | 0.6 | $240 | 144 |
| 2442 | 10/21/24 | KD | Review and finalize opposition to defendants' motions to dismiss second amended complaint; File with Court; e-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2443 | 10/22/24 | JMT | Review filings in opposition to motion for a preliminary injunction; Telephone call with expert Dr. Anderson regarding doing rebutal declaration; Emails regarding same; E-mail correspondence to counsel in related cases to inquire regarding experts. | 1.6 | $1,050 | 1680 |
| 2444 | 10/22/24 | PMJ | Review papers filed by Attorney General in opposition to preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 2445 | 10/22/24 | JMT | Continue working on written discovery responses. | 1.8 | $1,050 | 1890 |

114

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2446 | 10/22/24 | PMJ | E-mail correspondence with Attorney Coughlin regarding Andrew Mirabelli. | 0.2 | $1,368 | 273.6 |
| 2447 | 10/22/24 | PMJ | Review briefs in preparation for motions to dismiss hearing. | 0.2 | $1,368 | 273.6 |
| 2448 | 10/22/24 | JMT | Edits to rebuttal declaration of expert Dr. Anderson. | 5 | $1,050 | 5250 |
| 2449 | 10/22/24 | JMT | Respond to emails regarding discovery cut-off extension. | 0.2 | $1,050 | 210 |
| 2450 | 10/22/24 | CSL | Research regarding statistics on suicide rates of transgenders; Conference with Mr. Trissell regarding same. | 0.8 | $1,512 | 1209.6 |
| 2451 | 10/23/24 | PMJ | Review portion of draft rebuttal declaration of expert Dr. Anderson. | 0.2 | $1,368 | 273.6 |
| 2452 | 10/23/24 | PMJ | Review e-mail correspondence from Attorney Coughlin to Andrew Mirabelli regarding employment claims. | 0.2 | $1,368 | 273.6 |
| 2453 | 10/23/24 | JMT | E-mail correspondence to expert Dr. Anderson with draft declaration for review. | 0.2 | $1,050 | 210 |
| 2454 | 10/23/24 | PMJ | Review client e-mail correspondence regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 2455 | 10/23/24 | JMT | Begin drafting response to evidentiary objections in support of motion for preliminary injunction. | 1.2 | $1,050 | 1260 |
| 2456 | 10/23/24 | JMT | Continue working on written discovery responses. | 1 | $1,050 | 1050 |
| 2457 | 10/23/24 | PMJ | Review correspondence from Attorney Shinoff to Elizabeth Mirabelli regarding employment accommodation. | 0.2 | $1,368 | 273.6 |
| 2458 | 10/23/24 | JMT | Review oppositions to motion for a preliminary injunction; Begin drafting reply memorandum. | 4.8 | $1,050 | 5040 |
| 2459 | 10/24/24 | JMT | Continue working on reply in support of motion for preliminary injunction. | 1.6 | $1,050 | 1680 |
| 2460 | 10/24/24 | JMT | Edits to responses to the Attorney General's evidentiary objections. | 1.4 | $1,050 | 1470 |
| 2461 | 10/24/24 | JMT | Telephone conference with expert Dr. Anderson regarding rebuttal report. | 0.4 | $1,050 | 420 |
| 2462 | 10/24/24 | PMJ | Assess discovery responses and discuss same with client Jane Doe. | 0.2 | $1,368 | 273.6 |
| 2463 | 10/24/24 | WTD | Review exhibits in preparation for respanding to evidentiary objections. | 1.2 | $450 | 540 |
| 2464 | 10/24/24 | WTD | Review declarations in preparation for drafting evidentiary objections and review Rutter Guide regarding same. | 1.6 | $450 | 720 |
| 2465 | 10/25/24 | PMJ | Review and provide comments on expert Dr. Anderson's declaration. | 0.8 | $1,368 | 1094.4 |
| 2466 | 10/25/24 | PMJ | Review Attorney General's proposed edits to protective order. | 0.2 | $1,368 | 273.6 |
| 2467 | 10/25/24 | JMT | Prepare documents for Elizabeth Mirabelli's production. | 0.6 | $1,050 | 630 |
| 2468 | 10/25/24 | PMJ | Review and provide comments on expert Dr. Anderson's declaration. | 0.4 | $1,368 | 547.2 |

115

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2469 | 10/25/24 | JMT | Propose revisions to declaration of expert Dr. Anderson. | 1.4 | $1,050 | 1470 |
| 2470 | 10/25/24 | RO | Telephone call from Mr. Trissell regarding DocuSign; Review e-mail correspondence from Mr. Trissell to Dr. Anderson regarding declaration; Send declaration to Dr. Anderson with same. | 0.2 | $240 | 48 |
| 2471 | 10/25/24 | JMT | Continue working on Elizabeth Mirabelli's discovery responses. | 0.8 | $1,050 | 840 |
| 2472 | 10/25/24 | PMJ | Review and revise discovery responses. | 1.2 | $1,368 | 1641.6 |
| 2473 | 10/25/24 | JMT | Finalize and serve written discovery responses for Elizabeth Mirabelli and Lori West's to defendant Tony Thurmond's written discovery, Teacher Jane Roe, Teacher Jane Boe, Jane Poe, and Jane & John Doe's to defendants' Linda Darling-Hammond & Tony Thurmond's written discovery. | 5.2 | $1,050 | 5460 |
| 2474 | 10/25/24 | PMJ | Revise multiple discovery responses. | 0.2 | $1,368 | 273.6 |
| 2475 | 10/25/24 | JMT | Telephone call with ▇▇▇▇ regarding next steps in her case ▇▇▇▇▇▇ and timeline in our case. | 0.2 | $1,050 | 210 |
| 2476 | 10/25/24 | PMJ | Review and revise multiple discovery responses. | 0.4 | $1,368 | 547.2 |
| 2477 | 10/25/24 | PMJ | Telephone conference with client Jane Doe regarding ▇▇▇▇▇▇. | 0.2 | $1,368 | 273.6 |
| 2478 | 10/25/24 | PMJ | Review and revise multiple discovery responses. | 1.2 | $1,368 | 1641.6 |
| 2479 | 10/25/24 | JMT | Continue drafting reply in support of class-wide motion for preliminary injunction. | 2.2 | $1,050 | 2310 |
| 2480 | 10/25/24 | WTD | Begin drafting responses to defendants' evidentiary objections in opposition to motion for class-wide preliminary injunction. | 3.4 | $450 | 1530 |
| 2481 | 10/26/24 | JMT | Continue working on reply in support of class-wide preliminary injunction. | 5 | $1,050 | 5250 |
| 2482 | 10/26/24 | WTD | Continue drafting responses to defendants' evidentiary objections in opposition to motion for class-wide preliminary injunction. | 1.4 | $450 | 630 |
| 2483 | 10/27/24 | PMJ | Review motion to dismiss briefing to prepare for hearing. | 1.8 | $1,368 | 2462.4 |
| 2484 | 10/28/24 | PMJ | Review motion to dismiss briefing to prepare for hearing. | 0.8 | $1,368 | 1094.4 |
| 2485 | 10/28/24 | JMT | Finalize reply in support of class-wide preliminary injunction. | 7.6 | $1,050 | 7980 |
| 2486 | 10/28/24 | PMJ | Review and draft outline for motion to dismiss hearing. | 1.4 | $1,368 | 1915.2 |
| 2487 | 10/28/24 | WTD | Continue drafting responses to defendants' evidentiary objections in motion for class-wide preliminary injunction. | 4.8 | $450 | 2160 |
| 2488 | 10/28/24 | PMJ | Review reply in support of class-wide preliminary injunction. | 1 | $1,368 | 1368 |
| 2489 | 10/28/24 | WTD | Review and revise reply in support of motion for class-wide preliminary injunction; Review and revise appendix of exhibits in support of same. | 1.2 | $450 | 540 |

116

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2490 | 10/28/24 | PMJ | Review preliminary injunction briefing and revise reply brief in support of motion for preliminary injunction. | 1 | $1,368 | 1368 |
| 2491 | 10/28/24 | PMJ | Review oppositions to motion for preliminary injunction and brainstorm arguments for reply brief. | 1.6 | $1,368 | 2188.8 |
| 2492 | 10/28/24 | PMJ | Final edits to reply in support of motion for preliminary injunction. | 1 | $1,368 | 1368 |
| 2493 | 10/28/24 | KD | Review and finalize reply in support of motion for class-wide preliminary injunction, rebuttal declaration of Dr. Erica Anderson, response to evidentiary objections, and corrected appendix of evidence, Vol. 2; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2494 | 10/28/24 | KD | Review and finalize ex parte application for leave to file oversized memoranda and proposed order; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2495 | 10/28/24 | CSL | Multiple emails regarding recent court filings. | 0.2 | $1,512 | 302.4 |
| 2496 | 10/29/24 | JMT | Review new Loffman v. CDE decision from Ninth Circuit. | 0.6 | $1,050 | 630 |
| 2497 | 10/29/24 | JMT | Review joint motion to modify the scheduling order. | 0.2 | $1,050 | 210 |
| 2498 | 10/29/24 | JMT | Review Attorney General's edits to draft protective order; Conference with Mr. Jonna regarding same and proposed depositions; E-mail correspondence to opposing counsel regarding same. | 1 | $1,050 | 1050 |
| 2499 | 10/29/24 | PMJ | Review edits to scheduling order and protective order; Assess depositions and next steps. | 0.6 | $1,368 | 820.8 |
| 2500 | 10/30/24 | PMJ | Review joint motion to modify the scheduling order. | 0.2 | $1,368 | 273.6 |
| 2501 | 10/30/24 | JMT | Draft declaration of Paul Jonna in support of joint stipulation for extension of time. | 0.6 | $1,050 | 630 |
| 2502 | 10/30/24 | PMJ | Review and revise declaration in support of joint motion to modify first amended scheduling order. | 0.2 | $1,368 | 273.6 |
| 2503 | 10/30/24 | KD | Review and finalize declaration of Paul Jonna in support of joint stipulation to modify first amended scheduling order; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2504 | 10/31/24 | PMJ | Review declaration from defendant Rob Bonta in support of request for amended scheduling order. | 0.2 | $1,368 | 273.6 |
| 2505 | 10/31/24 | PMJ | Assess case deadlines. | 0.2 | $1,368 | 273.6 |
| 2506 | 11/01/24 | PMJ | E-mail correspondence with Andrew Mirabelli regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 2507 | 11/01/24 | PMJ | Meet and confer telephone call with defense counsel regarding protective order. | 0.4 | $1,368 | 547.2 |
| 2508 | 11/01/24 | JMT | Telephone conference with Attorney General regarding edits to protective order. | 0.4 | $1,050 | 420 |
| 2509 | 11/02/24 | PMJ | Review our further edits to protective order. | 0.2 | $1,368 | 273.6 |

117

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2510 | 11/04/24 | PMJ | Assess final edits to preliminary injunction papers. | 0.4 | $1,368 | 547.2 |
| 2511 | 11/05/24 | JMT | Review declaration of Attorney Jennifer Bunshoft regarding amendment of scheduling order. | 0.2 | $1,050 | 210 |
| 2512 | 11/06/24 | PMJ | Review defendant Bonta's edits to protective order. | 0.2 | $1,368 | 273.6 |
| 2513 | 11/08/24 | JMT | Review response to amicus briefs filed by Temecula Valley School District in Mae M. v. Komrosky. | 0.2 | $1,050 | 210 |
| 2514 | 11/13/24 | JMT | Review new case Roake v. Brumley regarding parental rights. | 0.2 | $1,050 | 210 |
| 2515 | 11/13/24 | JMT | Finalize stipulated protective order for filing. | 0.4 | $1,050 | 420 |
| 2516 | 11/14/24 | JMT | Review second amended scheduling order. | 0.2 | $1,050 | 210 |
| 2517 | 11/14/24 | PMJ | Review rebuttal declaration of Dr. Erica Anderson in support of motion for class-wide preliminary injunction. | 0.2 | $1,368 | 273.6 |
| 2518 | 11/14/24 | KD | Review and finalize stipulated protective order; File with court; E-mail correspondence to opposing counsel with same; E-mail correspondence to Judge Torres with Word version of stipulated protective order. | 0.4 | $240 | 96 |
| 2519 | 11/14/24 | JMT | Review new case KC v. Indiana. | 0.8 | $1,050 | 840 |
| 2520 | 11/14/24 | PMJ | Review amended scheduling order. | 0.2 | $1,368 | 273.6 |
| 2521 | 11/14/24 | JMT | Draft reply in support of motion for class-wide preliminary injunction. | 1.8 | $1,050 | 1890 |
| 2522 | 11/15/24 | PMJ | Prepare for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 2523 | 11/16/24 | PMJ | Review and analyze letter from CDE regarding protective order and discovery responses. | 0.2 | $1,368 | 273.6 |
| 2524 | 11/18/24 | PMJ | Review preliminary injunction papers in preparation for hearing. | 0.6 | $1,368 | 820.8 |
| 2525 | 11/18/24 | PMJ | Review preliminary injunction briefing. | 0.2 | $1,368 | 273.6 |
| 2526 | 11/18/24 | JMT | Send e-mail correspondence to clients regarding ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ | 0.2 | $1,050 | 210 |
| 2527 | 11/19/24 | PMJ | Review preliminary injunction briefing. | 1.4 | $1,368 | 1915.2 |
| 2528 | 11/19/24 | JMT | Produce unredacted discovery responses to opposing counsel. | 0.2 | $1,050 | 210 |
| 2529 | 11/19/24 | KD | Prepare unredacted discovery responses for service on opposing counsel; Discussion with Mr. Trissell regarding same; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2530 | 11/20/24 | PMJ | Prepare preliminary injunction hearing outline. | 0.2 | $1,368 | 273.6 |
| 2531 | 11/20/24 | JMT | Respond to e-mail correspondence from client Jane Boe regarding ▮▮▮▮▮▮▮▮▮. | 0.2 | $1,050 | 210 |
| 2532 | 11/20/24 | PMJ | Telephone conference with ▮▮▮▮▮▮▮▮ regarding litigation update. | 0.2 | $1,368 | 273.6 |
| 2533 | 11/20/24 | JMT | Review various dockets of related cases for update on status. | 0.4 | $1,050 | 420 |

118

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2534 | 11/21/24 | KD | Review and prepare confidential authorization to release student records for child Doe and child Poe; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2535 | 11/21/24 | PMJ | Continue working on outline for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 2536 | 11/21/24 | PMJ | Continue preparation for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 2537 | 11/22/24 | PMJ | E-mail correspondence with clients and opposing counsel regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 2538 | 11/22/24 | PMJ | E-mail correspondence with CDE regarding deposition dates. | 0.2 | $1,368 | 273.6 |
| 2539 | 11/22/24 | PMJ | E-mail correspondence with clients regarding ████████. | 0.2 | $1,368 | 273.6 |
| 2540 | 11/22/24 | PMJ | Continue working on outline for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 2541 | 11/22/24 | PMJ | Continue to prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 2542 | 11/22/24 | WTD | E-mail correspondence with Mr. Jonna regarding non-party "person most knowledgeable" depositions; Research and conference with Mr. Jonna regarding same. | 0.4 | $450 | 180 |
| 2543 | 11/22/24 | PMJ | Revise outline for preliminary injunction hearing. | 0.6 | $1,368 | 820.8 |
| 2544 | 11/23/24 | PMJ | E-mail correspondence with clients regarding ████████. | 0.2 | $1,368 | 273.6 |
| 2545 | 11/23/24 | PMJ | Update preliminary injunction hearing outline. | 1.4 | $1,368 | 1915.2 |
| 2546 | 11/23/24 | PMJ | Review preliminary injunction briefs to prepare for hearing. | 0.4 | $1,368 | 547.2 |
| 2547 | 11/24/24 | PMJ | Continue to prepare for preliminary injunction hearing. | 2.2 | $1,368 | 3009.6 |
| 2548 | 11/24/24 | JMT | Numerous text messages with Mr. Jonna to prepare for preliminary injunction hearing. | 0.4 | $1,050 | 420 |
| 2549 | 11/25/24 | PMJ | Revise outline for preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 2550 | 11/25/24 | PMJ | Continue to prepare for preliminary injunction hearing. | 1.8 | $1,368 | 2462.4 |
| 2551 | 11/25/24 | RO | Telephone calls with Mr. Jonna regarding research task; Internet research regarding school boards with parental secrecy policies. | 1 | $240 | 240 |
| 2552 | 11/26/24 | PMJ | E-mail correspondence with Jane Poe regarding ███████████. | 0.2 | $1,368 | 273.6 |
| 2553 | 11/26/24 | PMJ | Review second amended complaint to prepare for December 2 hearing. | 0.6 | $1,368 | 820.8 |
| 2554 | 11/26/24 | PMJ | Telephone call with Jane Poe regarding ████████; E-mail correspondence to counsel regarding same. | 0.4 | $1,368 | 547.2 |
| 2555 | 11/26/24 | PMJ | Continue to prepare for preliminary injunction hearing. | 2 | $1,368 | 2736 |

119

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2556 | 11/26/24 | RO | Review e-mail correspondence from ▇▇▇▇ with ▇▇▇▇▇▇▇▇ regarding Telephone calls with Mr. Jonna and ▇▇▇▇ regarding same; Internet research regarding number of schools on the Defending Education article list and list of school districts in California, their use of eboardsolutions; Brief comparison between DefendingEducation article and list of school boards from the California Department of Education; E-mail correspondence to Mr. Jonna regarding same; Review e-mail correspondence from ▇▇▇▇. | 1.6 | $240 | 384 |
| 2557 | 11/26/24 | PMJ | Review second amended complaint to prepare for preliminary injunction hearing. | 0.8 | $1,368 | 1094.4 |
| 2558 | 11/26/24 | PMJ | Prepare for preliminary injunction hearing; Review second amended complaint. | 2.2 | $1,368 | 3009.6 |
| 2559 | 11/26/24 | JMT | Multiple text message conferences and calls with Mr. Jonna to prepare for motion for preliminary injunction hearing and update him on what is needed for Rule 26(f) conference with opposing counsel. | 0.8 | $1,050 | 840 |
| 2560 | 11/27/24 | PMJ | Review outline to prepare for preliminary injunction and motion to dismiss hearings. | 0.8 | $1,368 | 1094.4 |
| 2561 | 11/27/24 | PMJ | Prepare for preliminary injunction hearing and Rule 26 conference. | 0.2 | $1,368 | 273.6 |
| 2562 | 11/27/24 | RO | Discussion with Mr. Jonna regarding school districts that have the policy; Research regarding same; Telephone calls and e-mail correspondence to Mr. Muldowney regarding same. | 3.8 | $240 | 912 |
| 2563 | 11/27/24 | PMJ | Participate in Rule 26 conference with Attorney General's office. | 0.2 | $1,368 | 273.6 |
| 2564 | 11/27/24 | PMJ | Additional preparation for preliminary injunction hearing. | 0.4 | $1,368 | 547.2 |
| 2565 | 11/27/24 | PMJ | Review motion to dismiss briefing to prepare for hearing. | 0.6 | $1,368 | 820.8 |
| 2566 | 11/27/24 | PMJ | Prepare for motion to dismiss hearing. | 0.8 | $1,368 | 1094.4 |
| 2567 | 11/27/24 | PMJ | Review motion to dismiss briefing. | 1.4 | $1,368 | 1915.2 |
| 2568 | 11/27/24 | RM | Internet search for school policies regarding concealing transgender issues from parents. | 2.8 | $240 | 672 |
| 2569 | 11/27/24 | JMT | Multiple text messages with Mr. Jonna to prepare for motion to dismiss hearing. | 0.4 | $1,050 | 420 |
| 2570 | 11/28/24 | PMJ | Continue to prepare for preliminary injunction hearing. | 2 | $1,368 | 2736 |
| 2571 | 11/29/24 | PMJ | Continue to prepare for preliminary injunction hearing. | 4.8 | $1,368 | 6566.4 |
| 2572 | 11/29/24 | JMT | Text messages with Mr. Jonna to prepare for hearings. | 0.4 | $1,050 | 420 |
| 2573 | 11/30/24 | PMJ | Review cases and briefs to prepare for preliminary injunction and motion to dismiss hearings. | 7.2 | $1,368 | 9849.6 |
| 2574 | 11/30/24 | JMT | Multiple text messages with Mr. Jonna to prepare for motion to dismiss and motion for preliminary injunction hearings. | 0.4 | $1,050 | 420 |

120

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2575 | 12/01/24 | PMJ | Prepare for preliminary injunction hearing; Revise outline. | 2.4 | $1,368 | 3283.2 |
| 2576 | 12/01/24 | PMJ | Review client's draft e-mail correspondence to EUSD regarding lapsed medical insurance. | 0.2 | $1,368 | 273.6 |
| 2577 | 12/01/24 | PMJ | Revise outline for preliminary injunction hearing. | 3.6 | $1,368 | 4924.8 |
| 2578 | 12/01/24 | JMT | Meeting with Mr. Jonna to prepare for preliminary injunction hearing; Edits to outline. | 4.2 | $1,050 | 4410 |
| 2579 | 12/02/24 | PMJ | Review outline for preliminary injunction hearing; Prepare for same. | 1.2 | $1,368 | 1641.6 |
| 2580 | 12/02/24 | PMJ | Travel to and from and attend preliminary injunction and motion to dismiss hearings. | 6.6 | $1,368 | 9028.8 |
| 2581 | 12/02/24 | PMJ | Prepare for motion to dismiss and preliminary injunction hearings. | 1 | $1,368 | 1368 |
| 2582 | 12/02/24 | JMT | Travel to and from and attend hearing on motions to dismiss; Lunch meeting to discuss hearing before afternoon session. | 6.2 | $1,050 | 6510 |
| 2583 | 12/02/24 | PMJ | Provide update on status of case to clients and supporters. | 0.4 | $1,368 | 547.2 |
| 2584 | 12/02/24 | JMT | Review Matsumoto v. Labrador case and draft notice of supplemental authority. | 0.8 | $1,050 | 840 |
| 2585 | 12/02/24 | PMJ | Review draft notice of new authority for Matsumoto case; Review case. | 0.2 | $1,368 | 273.6 |
| 2586 | 12/02/24 | WTD | Assist Mr. Jonna and Mr. Trissell at motions to dismiss and preliminary injunction hearing. | 4.6 | $450 | 2070 |
| 2587 | 12/02/24 | CSL | Telephone conference with Mr. Jonna regarding oral argument on motion to dismiss; Emails regarding same; Conference with Mr. Jonna regarding motion for preliminary injunction. | 1 | $1,512 | 1512 |
| 2588 | 12/03/24 | PMJ | Multiple e-mail correspondence with clients regarding ██████████████ . | 0.2 | $1,368 | 273.6 |
| 2589 | 12/03/24 | JMT | E-mail correspondence to court reporter to order transcript from motion to dismiss hearing. | 0.2 | $1,050 | 210 |
| 2590 | 12/03/24 | PMJ | Review e-mail correspondence with clerk regarding expedited transcript. | 0.2 | $1,368 | 273.6 |
| 2591 | 12/03/24 | JMT | Research regarding issues raised by Court at hearing; i.e., role of school counselors and psychologists, when gender incongruence is medicalized or not, role of Doe v. Horne and Hecox cases from Ninth Circuit Court of Appeals. | 0.4 | $1,050 | 420 |
| 2592 | 12/03/24 | REW | Discussion with Mr. Jonna regarding case experts. | 0.4 | $1,050 | 420 |
| 2593 | 12/03/24 | PMJ | Assess experts and next steps regarding litigation. | 0.2 | $1,368 | 273.6 |
| 2594 | 12/03/24 | PMJ | E-mail correspondence with Attorney Shinoff regarding Elizabeth Mirabelli health insurance benefits. | 0.2 | $1,368 | 273.6 |
| 2595 | 12/03/24 | PMJ | E-mail correspondence from client regarding ████████ ██████ . | 0.2 | $1,368 | 273.6 |

121

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2596 | 12/03/24 | CSL | Review article regarding Court hearing on motion to dismiss; Emails regarding same. | 0.4 | $1,512 | 604.8 |
| 2597 | 12/03/24 | KD | Review and finalize notice of supplemental authority in support of plaintiff's opposition to motions to dismiss; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2598 | 12/04/24 | JMT | Listen to L.W. v. Skrmetti oral argument. | 1.6 | $1,050 | 1680 |
| 2599 | 12/04/24 | PMJ | Listen to L.W. v. Skrmetti oral argument. | 1.6 | $1,368 | 2188.8 |
| 2600 | 12/04/24 | PMJ | Review L.W. v. Skrmetti hearing at the Supreme Court. | 0.2 | $1,368 | 273.6 |
| 2601 | 12/04/24 | PMJ | Review motion to dismiss hearing transcript. | 0.6 | $1,368 | 820.8 |
| 2602 | 12/04/24 | JMT | Conference with Mr. Duke regarding distinguishing cases where a school district adopted a policy versus a state adopting a policy, and potential of moving your child to a different school. | 0.2 | $1,050 | 210 |
| 2603 | 12/04/24 | PMJ | Prepare for and participate in ████████████████ webinar. | 0.6 | $1,368 | 820.8 |
| 2604 | 12/04/24 | PMJ | Telephone conference with client Mirabelli regarding ██████████. | 0.2 | $1,368 | 273.6 |
| 2605 | 12/05/24 | PMJ | Review notice of supplemental authority from Attorney General. | 0.2 | $1,368 | 273.6 |
| 2606 | 12/05/24 | JMT | Review DSM-5 definition of gender dysphoria; Review Ninth Circuit Court of Appeal cases regarding what it means for "gender identity" to be a protected characteristic under the Equal Protection Clause; Review transcript of motion hearing in which Judge Benitez discusses same. | 2.4 | $1,050 | 2520 |
| 2607 | 12/06/24 | PMJ | Review correspondence from Attorney Shinoff regarding client Mirabelli medical benefits; Discuss ████ with client. | 0.4 | $1,368 | 547.2 |
| 2608 | 12/09/24 | PMJ | Review SCOTUS certiorari denial in Protecting Our Children. | 0.2 | $1,368 | 273.6 |
| 2609 | 12/09/24 | PMJ | Review client edits to discovery responses. | 0.2 | $1,368 | 273.6 |
| 2610 | 12/09/24 | RO | Review and respond to e-mail correspondence from Mr. Jonna regarding article titled ████████████ ████████████████████████████████ " Internet research regarding ████████. | 0.2 | $240 | 48 |
| 2611 | 12/09/24 | JMT | Review opinion dissenting from denial of certiorari in Parents Protecting Our Children v. Eau Claire Area School District. | 0.2 | $1,050 | 210 |
| 2612 | 12/10/24 | PMJ | Assess strategy and next steps regarding class certiorari and motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 2613 | 12/10/24 | JMT | Conference with Mr. Jonna regarding strategy following denial of motions to dismiss. | 0.4 | $1,050 | 420 |
| 2614 | 12/10/24 | PMJ | Telephone call with ████████ regarding preliminary injunction hearing transcript. | 0.2 | $1,368 | 273.6 |

122

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|-----|------|-------|-------------|-----|------|------|
| 2615 | 12/11/24 | PMJ | Review and respond to client e-mail correspondence regarding Supreme Court ruling in Wisconsin case. | 0.2 | $1,368 | 273.6 |
| 2616 | 12/12/24 | PMJ | Review Attorney General's initial disclosures. | 0.2 | $1,368 | 273.6 |
| 2617 | 12/12/24 | JMT | Review Attorney General's initial disclosures. | 0.2 | $1,050 | 210 |
| 2618 | 12/12/24 | JMT | Review Mandarano's discovery letter. | 0.8 | $1,050 | 840 |
| 2619 | 12/13/24 | WTD | Review Thurmond's meet and confer letter in preparation for drafting response. | 1.4 | $450 | 630 |
| 2620 | 12/16/24 | PMJ | E-mail correspondence to ▮▮▮▮▮ regarding hearing transcript; Telephone call regarding same. | 0.4 | $1,368 | 547.2 |
| 2621 | 12/16/24 | PMJ | Review meet and confer letter from CDE regarding discovery requests. | 0.2 | $1,368 | 273.6 |
| 2622 | 12/16/24 | JMT | Work on document production of the Does and Poes. | 1 | $1,050 | 1050 |
| 2623 | 12/18/24 | JMT | Prepare discovery for production. | 2.6 | $1,050 | 2730 |
| 2624 | 12/18/24 | JMT | Draft letter to Attorney Mandarano regarding written discovery. | 4.2 | $1,050 | 4410 |
| 2625 | 12/19/24 | PMJ | Review and revise CDE discovery meet and confer response letter. | 0.4 | $1,368 | 547.2 |
| 2626 | 12/19/24 | JMT | Review written discovery and subpoenas propounded by Attorney General. | 0.4 | $1,050 | 420 |
| 2627 | 12/19/24 | JMT | Review comprehensive discovery propounded by Attorney General. | 0.8 | $1,050 | 840 |
| 2628 | 12/19/24 | PMJ | Review third-party subpoenas and discovery requests from Attorney General. | 0.4 | $1,368 | 547.2 |
| 2629 | 12/19/24 | JMT | Conference with Mr. Jonna regarding discovery, strategy, and next steps. | 0.6 | $1,050 | 630 |
| 2630 | 12/19/24 | JMT | Send comprehensive emails to clients regarding ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. | 1.2 | $1,050 | 1260 |
| 2631 | 12/19/24 | JMT | Edits to letter responding to Mandarano's discovery letter. | 0.4 | $1,050 | 420 |
| 2632 | 12/19/24 | JMT | Conference with Mr. Muldowney regarding preparation of discovery response shells. | 0.2 | $1,050 | 210 |
| 2633 | 12/19/24 | PMJ | Review e-mail correspondence to clients regarding ▮▮▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 2634 | 12/19/24 | PMJ | Recap of hearing from ▮▮▮▮▮▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 2635 | 12/19/24 | RM | Begin preparing discovery response shells for clients. | 1.8 | $240 | 432 |
| 2636 | 12/20/24 | JMT | Telephone conference with John Poe and Jane Poe regarding ▮▮▮▮▮▮▮; Finalize letter to CDE regarding same. | 1.4 | $1,050 | 1470 |
| 2637 | 12/20/24 | RM | Continue preparing discovery response shells for clients' to Attorney General's requests. | 1.6 | $240 | 384 |
| 2638 | 12/23/24 | PMJ | Review and respond to client e-mail correspondence ▮▮▮▮▮▮▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 2639 | 12/23/24 | JMT | Emails to Mr. Jonna regarding how to respond to emails from Jane Doe regarding ▮▮▮▮▮. | 0.4 | $1,050 | 420 |

123

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2640 | 12/23/24 | JMT | Prepare written discovery propounded to Attorney General. | 0.2 | $1,050 | 210 |
| 2641 | 12/23/24 | PMJ | Plan for deposition meetings and subpoenas to school districts. | 0.2 | $1,368 | 273.6 |
| 2642 | 12/23/24 | PMJ | Review draft written discovery propounded to Attorney General. | 0.2 | $1,368 | 273.6 |
| 2643 | 12/23/24 | JMT | E-mail correspondence to clients regarding ███████████ ██████████; Continue working on written discovery propounded to Attorney General. | 0.8 | $1,050 | 840 |
| 2644 | 12/23/24 | JMT | E-mail correspondence to opposing counsel with propounded written discovery on Attorney General. | 0.2 | $1,050 | 210 |
| 2645 | 12/23/24 | RO | Calendar plaintiffs' written discovery propounded to Attorney General. | 0.4 | $240 | 96 |
| 2646 | 12/26/24 | RO | Telephone calls and e-mail correspondence to Mr. Trissell regarding requesting medical records; Prepare authorizations and cover letters for ████████████ ███████████████████████ Internet research regarding authorizations. | 1.2 | $240 | 288 |
| 2647 | 12/26/24 | RM | Finish preparing and revising discovery response shells for Mirabelli, West, Poes, Does, Roes and Boes. | 3.2 | $240 | 768 |
| 2648 | 12/27/24 | PMJ | Review subpoenas from Attorney General. | 0.2 | $1,368 | 273.6 |
| 2649 | 12/27/24 | WTD | Review previous discovery responses in preparation for responding to Attorney General's discovery requests. | 0.6 | $450 | 270 |
| 2650 | 12/30/24 | PMJ | Meet and confer call with CDE regarding discovery, strategize discovery, and next steps regarding depositions. | 1.8 | $1,368 | 2462.4 |
| 2651 | 12/30/24 | JMT | Prepare for discovery meet and confer call; Particpate in same with CDE. | 1 | $1,050 | 1050 |
| 2652 | 12/30/24 | JMT | Conference with Mr. Jonna regarding various discovery issues and depositions. | 1 | $1,050 | 1050 |
| 2653 | 12/30/24 | RO | Review and respond to e-mail correspondence from Mr. Trissell regarding Child Poe's medical records; Review Mr. Trissell e-mail correspondence to Mr. and Mrs. Poe regarding same. | 0.2 | $240 | 48 |
| 2654 | 12/30/24 | JMT | Draft response letter to Mandarano's discovery meet and confer letter. | 1.8 | $1,050 | 1890 |
| 2655 | 12/30/24 | PMJ | Review meet and confer letter to CDE regarding discovery responses. | 0.2 | $1,368 | 273.6 |
| 2656 | 12/30/24 | WTD | Begin drafting responses to written discovery propounded by the Attorney General. | 1.2 | $450 | 540 |
| 2657 | 12/31/24 | PMJ | Review final version of meet and confer letter to Mandarano. | 0.2 | $1,368 | 273.6 |
| 2658 | 12/31/24 | PMJ | Review meet and confer letter response from CDE. | 0.2 | $1,368 | 273.6 |
| 2659 | 12/31/24 | PMJ | Telephone call with Mrs. Poe regarding ██████████ ████████. | 0.2 | $1,368 | 273.6 |

124

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2660 | 12/31/24 | RO | Discussions with Mr. Jonna regarding Child Poe's medical records; Prepare and fax letters to ███ ██████████████ and ██████████; E-mail correspondence to Mr. Jonna and Mr. Trissell regarding same. | 0.6 | $240 | 144 |
| 2661 | 12/31/24 | WTD | Continue drafting responses to Attorney General's discovery requests. | 2.4 | $450 | 1080 |
| 2662 | 01/02/25 | PMJ | Prepare for pre-deposition meetings with Lori West, Elizabeth Mirabelli, and Jane Roe. | 0.2 | $1,368 | 273.6 |
| 2663 | 01/02/25 | PMJ | Pre-deposition meetings with clients Lori West, Elizabeth Mirabelli, and Jane Roe. | 2.4 | $1,368 | 3283.2 |
| 2664 | 01/02/25 | JMT | Participate in pre-depo meeting with Lori West, Elizabeth Mirabelli, and Jane Roe. | 2.6 | $1,050 | 2730 |
| 2665 | 01/02/25 | PMJ | E-mail correspondence to clients regarding ████████ ██████████████████. | 0.2 | $1,368 | 273.6 |
| 2666 | 01/02/25 | KD | E-mail correspondence to clients, Jane Roe with Zoom link for pre-deposition meeting. | 0.2 | $240 | 48 |
| 2667 | 01/02/25 | KD | Further e-mail correspondence to clients, Jane Roe with Zoom link for pre-deposition meeting. | 0.2 | $240 | 48 |
| 2668 | 01/03/25 | JMT | Review and respond to e-mail correspondence from Attorney Mandarano regarding discovery. | 0.6 | $1,050 | 630 |
| 2669 | 01/03/25 | JMT | Edits to stipulation to extend the discovery deadline from Attorney Mandarano. | 0.4 | $1,050 | 420 |
| 2670 | 01/03/25 | PMJ | Review e-mail correspondence from Attorney Mandarano regarding meet and confer and respond to same. | 0.2 | $1,368 | 273.6 |
| 2671 | 01/03/25 | PMJ | Pre-deposition meeting with Jane and John Poe, Jane Boe, and Jane and John Doe. | 1.6 | $1,368 | 2188.8 |
| 2672 | 01/03/25 | JMT | Pre-deposition meeting with Jane and John Poe, Jane Boe, and Jane and John Doe. | 1.6 | $1,050 | 1680 |
| 2673 | 01/03/25 | PMJ | Telephone conference with Andrew Mirabelli regarding ██████. | 0.2 | $1,368 | 273.6 |
| 2674 | 01/03/25 | PMJ | Review meet and confer response to Attorney Mandarano. | 0.2 | $1,368 | 273.6 |
| 2675 | 01/03/25 | WTD | Draft supplemental discovery responses for teacher Jane Roe. | 2.6 | $450 | 1170 |
| 2676 | 01/04/25 | PMJ | Review and revise supplemental responses to request for admissions and special interrogatories. | 0.4 | $1,368 | 547.2 |
| 2677 | 01/04/25 | JMT | Work on Jane Doe's supplemental discovery responses. | 2 | $1,050 | 2100 |
| 2678 | 01/04/25 | JMT | Prepare Elizabeth Mirabelli's supplemental document production. | 0.4 | $1,050 | 420 |
| 2679 | 01/04/25 | JMT | Work on Jane Boe's supplemental discovery responses. | 1 | $1,050 | 1050 |
| 2680 | 01/04/25 | PMJ | Review document production for Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 2681 | 01/04/25 | WTD | Draft supplemental discovery responses for Jane and John Poe. | 2.8 | $450 | 1260 |

125

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2682 | 01/04/25 | WTD | Continue working on supplemental discovery responses for teacher Jane Boe. | 2.6 | $450 | 1170 |
| 2683 | 01/05/25 | PMJ | Review client e-mail correspondence regarding ███████ ██████████████████. | 0.2 | $1,368 | 273.6 |
| 2684 | 01/05/25 | PMJ | E-mail correspondence with opposing counsel regarding deposition schedule. | 0.2 | $1,368 | 273.6 |
| 2685 | 01/06/25 | JMT | Finalize supplemental discovery responses; E-mail correspondence to opposing counsel with same. | 0.6 | $1,050 | 630 |
| 2686 | 01/06/25 | PMJ | E-mail correspondence with intern regarding depositions. | 0.2 | $1,368 | 273.6 |
| 2687 | 01/06/25 | PMJ | E-mail correspondence with opposing counsel regarding deposition exhibits. | 0.2 | $1,368 | 273.6 |
| 2688 | 01/06/25 | PMJ | E-mail correspondence with CDE regarding deposition exhibit list. | 0.2 | $1,368 | 273.6 |
| 2689 | 01/06/25 | RO | Discussion with Mr. Mai regarding faxes sent on December 31, 2024 to ███████████████; Refax medical records request to ███████████ regarding Child Poe. | 0.2 | $240 | 48 |
| 2690 | 01/06/25 | WTD | Draft supplemental discovery responses for Jane and John Doe. | 2.8 | $450 | 1260 |
| 2691 | 01/06/25 | PMJ | E-mail correspondence with client regarding ████████████████. | 0.2 | $1,368 | 273.6 |
| 2692 | 01/06/25 | KD | Finalize teacher Jane Boe and Jane Roe supplemental discovery responses to defendant Darling-Hammonds interrogatories; Prepare same in DropBox; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2693 | 01/07/25 | PMJ | Telephone call with Elizabeth Mirabelli to discuss ████████. | 0.2 | $1,368 | 273.6 |
| 2694 | 01/07/25 | PMJ | Continue to prepare for depositions. | 0.2 | $1,368 | 273.6 |
| 2695 | 01/07/25 | PMJ | Defend the deposition of client Lori West. | 3 | $1,368 | 4104 |
| 2696 | 01/07/25 | JMT | Participate in client Lori West's deposition. | 3 | $1,050 | 3150 |
| 2697 | 01/07/25 | JMT | Participate in client Elizabeth Mirabelli's deposition. | 3 | $1,050 | 3150 |
| 2698 | 01/07/25 | PMJ | Defend the deposition of client Elizabeth Mirabelli. | 3.6 | $1,368 | 4924.8 |
| 2699 | 01/07/25 | PMJ | Telephone call with Jane Boe to discuss ███████████████. | 0.4 | $1,368 | 547.2 |
| 2700 | 01/08/25 | PMJ | Review draft press release regarding motion to dismiss ruling. | 0.2 | $1,368 | 273.6 |
| 2701 | 01/08/25 | PMJ | Attend/defend the deposition of Jane Boe. | 2 | $1,368 | 2736 |
| 2702 | 01/08/25 | JMT | Prepare for and participate in Jane Boe deposition. | 1.8 | $1,050 | 1890 |
| 2703 | 01/08/25 | JMT | Prepare for and participate in Jane Roe deposition. | 3.6 | $1,050 | 3780 |
| 2704 | 01/08/25 | PMJ | Attend deposition of Jane Roe; Discuss ████ with client; Interview with ███████████ regarding case. | 4.4 | $1,368 | 6019.2 |
| 2705 | 01/09/25 | PMJ | Assess next depositions and preparation for same. | 0.4 | $1,368 | 547.2 |
| 2706 | 01/09/25 | JMT | Review draft written discovery responses; Identify deponents and e-mail correspondence list to clients. | 3 | $1,050 | 3150 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2707 | 01/09/25 | PMJ | Review status of Child Poe's medical records. | 0.2 | $1,368 | 273.6 |
| 2708 | 01/09/25 | RO | Telephone call with Mr. Jonna regarding Child Poe's medical records; Telephone call to ███████ and ███████ regarding same. | 0.4 | $240 | 96 |
| 2709 | 01/09/25 | WTD | Continue drafting responses to Attorney General's discovery requests. | 3.6 | $450 | 1620 |
| 2710 | 01/09/25 | PMJ | Review Attorney General's deposition notices for all clients. | 0.2 | $1,368 | 273.6 |
| 2711 | 01/09/25 | JMT | Work on written discovery responses to the Attorney General. | 1 | $1,050 | 1050 |
| 2712 | 01/10/25 | JMT | Review new Title IX case from Tennessee; Review new Parents Defending Education poll. | 0.2 | $1,050 | 210 |
| 2713 | 01/10/25 | RO | Telephone call to ███████ regarding Child Poe's medical records; Discussions with Ms. Denworth, Mr. Mai, and Mr. Trissell regarding same. | 0.2 | $240 | 48 |
| 2714 | 01/10/25 | RO | Prepare notices of depositions of Luis Rankins-Ibarra, Trent Smith, Tracy Schmidt, John Albert, Steve White, Katie Terrill, Kathleen Barlow, EUSD, CDE/SBE, and Attorney General; Prepare subpoenas for Kathleen Barlow and Katie Terrill; E-mail correspondence and telephone call with Mr. Trissell regarding same. | 2 | $240 | 480 |
| 2715 | 01/10/25 | WTD | Complete draft responses to Attorney General's discovery requests. | 3.4 | $450 | 1530 |
| 2716 | 01/10/25 | JMT | Draft written discovery to serve on the CDE. | 0.4 | $1,050 | 420 |
| 2717 | 01/10/25 | KD | Finalize interrogatories and requests for production of documents, sets 2 propounded on CDE; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2718 | 01/10/25 | JMT | Finalize written discovery responses and send to clients for review. | 2.8 | $1,050 | 2940 |
| 2719 | 01/10/25 | RO | Review e-mail correspondence from Mr. Trissell regarding subpoenas from the DOJ; Discussions with Ms. Denworth regarding same; Prepare letter to DOJ requesting copies of documents received via the subpoenas; E-mail correspondence to opposing counsel regarding same. | 0.6 | $240 | 144 |
| 2720 | 01/10/25 | PMJ | Review draft written discovery to propound on CDE. | 0.2 | $1,368 | 273.6 |
| 2721 | 01/10/25 | RM | Create special interrogatory response shells for Mirabelli, West, Does, Poes, Roe and Boe in response to Bonta, set two. | 2 | $240 | 480 |
| 2722 | 01/10/25 | KD | Discussion with Ms. Oakley regarding medical records regarding Child Poe from ███████ . | 0.2 | $240 | 48 |
| 2723 | 01/10/25 | KD | Review e-mail correspondence and discussion with Ms. Oakley regarding subpoenas from the DOJ. | 0.2 | $240 | 48 |

127

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2724 | 01/13/25 | RO | Review Child Poe's medical and billing records from ███████████; E-mail correspondence to Mr. Trissell regarding same; Telephone call to ████████ ███████████ regarding Child Poe's medical records; Telephone call to Mr. Trissell regarding same. | 0.4 | $240 | 96 |
| 2725 | 01/13/25 | PMJ | Assess deposition schedule and next steps. | 0.2 | $1,368 | 273.6 |
| 2726 | 01/13/25 | JMT | Work on written discovery responses for all plaintiffs. | 1 | $1,050 | 1050 |
| 2727 | 01/13/25 | PMJ | Telephone call with client Jane Doe regarding ██████████████████. | 0.2 | $1,368 | 273.6 |
| 2728 | 01/13/25 | JMT | E-mail correspondence to opposing counsel regarding depositions and discovery. | 0.2 | $1,050 | 210 |
| 2729 | 01/13/25 | PMJ | Telephone call with ████████████ regarding AB 1955 challenge. | 0.2 | $1,368 | 273.6 |
| 2730 | 01/13/25 | PMJ | Review and revise discovery responses to Attorney General. | 0.8 | $1,368 | 1094.4 |
| 2731 | 01/13/25 | RM | Redact medical records of Child Poe. | 1.8 | $240 | 432 |
| 2732 | 01/13/25 | JMT | Finalize discovery responses for plaintiffs and serve on opposing counsel. | 2 | $1,050 | 2100 |
| 2733 | 01/13/25 | JAY | Summarize and review medical records; Draft explanatory e-mail correspondence regarding same to Mr. Trissell and Mr. Jonna. | 1.8 | $840 | 1512 |
| 2734 | 01/14/25 | PMJ | Review summary of Jane Poe's medical records. | 0.2 | $1,368 | 273.6 |
| 2735 | 01/14/25 | PMJ | Review Attorney General's request to extend deadline to answer to the second amended complaint. | 0.2 | $1,368 | 273.6 |
| 2736 | 01/14/25 | PMJ | Pre-deposition meeting with Jane Poe. | 1.6 | $1,368 | 2188.8 |
| 2737 | 01/14/25 | JMT | Pre-deposition meeting with Jane Poe. | 1.4 | $1,050 | 1470 |
| 2738 | 01/14/25 | JMT | Draft e-mail correspondence to Poe family to assist them in preparing for their depositions. | 0.4 | $1,050 | 420 |
| 2739 | 01/14/25 | JMT | Finalize document production of Child Poe's medical records. | 0.6 | $1,050 | 630 |
| 2740 | 01/14/25 | PMJ | Assess classwide preliminary injunction motion and next steps; Telephone call to court Clerk to discuss same. | 0.6 | $1,368 | 820.8 |
| 2741 | 01/14/25 | JMT | Meeting with Mr. Jonna to discuss next steps in case. | 0.8 | $1,050 | 840 |
| 2742 | 01/14/25 | PMJ | Telephone call with Peter Breen regarding classwide preliminary injunction motion and next steps; E-mail correspondence to clients regarding deposition links. | 0.2 | $1,368 | 273.6 |
| 2743 | 01/14/25 | PCB | Telephone call regarding preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 2744 | 01/14/25 | PMJ | Prepare for deposition of "person most knowledgeable" for Pasadena Unified School District. | 0.2 | $1,368 | 273.6 |
| 2745 | 01/14/25 | JMT | Review new motion to dismiss action as moot. | 0.2 | $1,050 | 210 |
| 2746 | 01/14/25 | PMJ | Review CDE's motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 2747 | 01/14/25 | CSL | E-mail correspondence regarding latest motion to dismiss; Telephone conference with Mr. Trissell regarding same; Emails regarding depositions. | 0.6 | $1,512 | 907.2 |

128

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2748 | 01/14/25 | WTD | Review medical record summary of Child Poe by Mr. Youngkin. | 1 | $450 | 450 |
| 2749 | 01/15/25 | PMJ | Pre-deposition telephone call with Jane and John Poe. | 0.8 | $1,368 | 1094.4 |
| 2750 | 01/15/25 | PMJ | Prepare for and attend Jane Poe's deposition. | 3.2 | $1,368 | 4377.6 |
| 2751 | 01/15/25 | RO | E-mail correspondence to opposing counsel regarding corrected DOE000001-000150; Telephone calls to ██████ ████████████████ regarding Child Poe's medical records; E-mail correspondence to Mr. Jonna and Mr. Trissell regarding same. | 0.8 | $240 | 192 |
| 2752 | 01/15/25 | RO | Prepare notices of deposition for all defendants; E-mail correspondence to Mr. Trissell regarding same. | 0.4 | $240 | 96 |
| 2753 | 01/15/25 | PMJ | Attend the deposition of Jane Poe; Prepare for "person most knowledgeable" deposition of Clovis Unified School District. | 3.2 | $1,368 | 4377.6 |
| 2754 | 01/15/25 | PMJ | Review EUSD discovery requests to Lori West. | 0.2 | $1,368 | 273.6 |
| 2755 | 01/15/25 | BMM | Review and analyze second amended complaint. | 1.2 | $610 | 732 |
| 2756 | 01/15/25 | JMT | Telephone conference with Jane and John Poe to prepare them for their depositions. | 1 | $1,050 | 1050 |
| 2757 | 01/15/25 | JMT | Participate in Jane Poe's deposition. | 3 | $1,050 | 3150 |
| 2758 | 01/15/25 | JMT | Participate in John Poe's deposition. | 2 | $1,050 | 2100 |
| 2759 | 01/15/25 | JMT | Work with Jane Poe to ████████████████ ██████████████████████. | 0.4 | $1,050 | 420 |
| 2760 | 01/15/25 | JMT | Prepare topics for examination for depositions of entity defendants; Finalize and serve all notices of deposition. | 1 | $1,050 | 1050 |
| 2761 | 01/15/25 | JMT | Review new written discovery propounded by EUSD on Lori West. | 0.2 | $1,050 | 210 |
| 2762 | 01/15/25 | CSL | E-mail correspondence regarding ratification by state agency through failure to repudiate; Legal research regarding same; Conference with Mr. Trissell regarding above. | 0.8 | $1,512 | 1209.6 |
| 2763 | 01/16/25 | RO | Review and respond to e-mail correspondence from ████████████████████████████ regarding Child Poe's medical records; E-mail correspondence to Mr. Jonna and Mr. Trissell regarding same; E-mail correspondence to opposing counsel regarding production of ████ medical records. | 0.4 | $240 | 96 |
| 2764 | 01/16/25 | JMT | Review Child Poe's medical records from ████ ████████████████ and prepare same for production. | 1.2 | $1,050 | 1260 |
| 2765 | 01/16/25 | PMJ | Review Child Poe's medical records from ████ ████████████████. | 0.2 | $1,368 | 273.6 |
| 2766 | 01/16/25 | JMT | Work on deposition outline for Clovis Unified School District and Pasadena Unified School District. | 3.4 | $1,050 | 3570 |
| 2767 | 01/16/25 | PMJ | Radio interview regarding case status with ████████ ████████. | 0.2 | $1,368 | 273.6 |

129

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2768 | 01/16/25 | PMJ | Prepare for deposition of "person most knowledgeable" for ████████████████████████. | 0.6 | $1,368 | 820.8 |
| 2769 | 01/16/25 | PMJ | Follow-up e-mail correspondence regarding ████ ██████████████████ records for Child Poe. | 0.2 | $1,368 | 273.6 |
| 2770 | 01/16/25 | PMJ | Prepare for deposition of "person most knowledgeable" for Clovis Unified School District. | 0.4 | $1,368 | 547.2 |
| 2771 | 01/16/25 | RM | Prepare shells for Lori Ann West's responses to Escondido Union School District's special interrogatories and request for production of documents. | 0.6 | $240 | 144 |
| 2772 | 01/16/25 | PMJ | Review ████████████████████ records for Child Poe. | 0.2 | $1,368 | 273.6 |
| 2773 | 01/17/25 | PMJ | Review records from ████████████████ for Child Poe; Prepare for deposition. | 0.4 | $1,368 | 547.2 |
| 2774 | 01/17/25 | RO | Review facsimile from ████ regarding ████ ████████████████ medical records. | 0.2 | $240 | 48 |
| 2775 | 01/17/25 | JMT | Prepare for and participate in deposition of "person most knowledgeable" for Clovis Unified School District. | 4.6 | $1,050 | 4830 |
| 2776 | 01/17/25 | PMJ | Attend deposition of "person most knowledgeable" for Clovis Unified School District; Discuss same with client. | 5.2 | $1,368 | 7113.6 |
| 2777 | 01/17/25 | BMM | Participate in preparation and taking of the deposition of "person most knowledgeable" Marc Hammack for Clovis Unified School District. | 4.6 | $610 | 2806 |
| 2778 | 01/17/25 | PMJ | Telephone conference with court Clerk regarding preliminary injunction hearing. | 0.2 | $1,368 | 273.6 |
| 2779 | 01/17/25 | JMT | Prepare for deposition of "person most knowledgeable" for Pasadena Unified School District. | 1 | $1,050 | 1050 |
| 2780 | 01/17/25 | JMT | Gather exhibits used at Clovis Unified School District deposition for court reporter. | 0.2 | $1,050 | 210 |
| 2781 | 01/18/25 | PMJ | E-mail correspondence to clients regarding deposition of "person most knowledgeable" for Pasadena Unified School District. | 0.2 | $1,368 | 273.6 |
| 2782 | 01/21/25 | PMJ | Review President Trump's executive order related to gender identity. | 0.2 | $1,368 | 273.6 |
| 2783 | 01/21/25 | PMJ | Review CDE's renewed motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 2784 | 01/21/25 | PMJ | Telephone call with Mr. Trissell to discuss preliminary injunction hearing and next steps. | 0.2 | $1,368 | 273.6 |
| 2785 | 01/21/25 | JMT | Respond to Attorney General's request for extension of time for discovery responses. | 0.2 | $1,050 | 210 |
| 2786 | 01/22/25 | PMJ | Assess possible settlement demand to Attorney General and CDE. | 0.2 | $1,368 | 273.6 |
| 2787 | 01/22/25 | PMJ | Review and analyze motion to dismiss ruling. | 0.2 | $1,368 | 273.6 |
| 2788 | 01/22/25 | PMJ | Prepare for and participate in meeting on ████████████ ████████████ - update. | 0.4 | $1,368 | 547.2 |

130

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2789 | 01/22/25 | PMJ | E-mail correspondence with counsel for Attorney General regarding depositions. | 0.2 | $1,368 | 273.6 |
| 2790 | 01/22/25 | CSL | Conference with Mr. Jonna regarding request for judicial notice of President Trump's executive order; Emails regarding same. | 0.6 | $1,512 | 907.2 |
| 2791 | 01/23/25 | RO | Review and respond to e-mail correspondence from Mr. Jonna regarding President Trump's executive order "Defending Women From Gender Ideology Extremism And Restoring Biological Truth To The Federal Government;" Review various documents rescinded in same; E-mail correspondence to Mr. Jonna regarding same. | 0.6 | $240 | 144 |
| 2792 | 01/23/25 | PMJ | Review President Trump's executive order and rescinded documents regarding gender identity. | 0.2 | $1,368 | 273.6 |
| 2793 | 01/23/25 | JMT | Review and respond to emails from opposing counsel regarding deposition scheduling. | 0.2 | $1,050 | 210 |
| 2794 | 01/23/25 | PMJ | ███████ interview regarding status of case. | 0.4 | $1,368 | 547.2 |
| 2795 | 01/23/25 | PMJ | Telephone call with Jane Doe regarding ████████. | 0.2 | $1,368 | 273.6 |
| 2796 | 01/23/25 | PMJ | E-mail correspondence with Attorney General's office regarding depositions. | 0.2 | $1,368 | 273.6 |
| 2797 | 01/23/25 | JMT | Gather exhibits to prepare for EUSD depositions. | 1 | $1,050 | 1050 |
| 2798 | 01/23/25 | WTD | Review written discovery propounded on Lori West by EUSD regarding Title VII claims; Draft response to same. | 3.2 | $450 | 1440 |
| 2799 | 01/24/25 | PMJ | Review article regarding proposed legislation supporting parental rights. | 0.2 | $1,368 | 273.6 |
| 2800 | 01/24/25 | JMT | Review cases on State providing notice to all school districts of unconstitutionality of a law. | 0.4 | $1,050 | 420 |
| 2801 | 01/24/25 | PMJ | E-mail correspondence with clients regarding ████████. | 0.2 | $1,368 | 273.6 |
| 2802 | 01/24/25 | JMT | Draft responses to Attorney General Bonta's second set of interrogatories. | 3.4 | $1,050 | 3570 |
| 2803 | 01/24/25 | JMT | Gather exhibits for depositions of EUSD affiliated personnel. | 0.8 | $1,050 | 840 |
| 2804 | 01/27/25 | PMJ | Defend depositions of Jane and John Doe. | 5.6 | $1,368 | 7660.8 |
| 2805 | 01/28/25 | PMJ | Review and revise draft joint motion to complete DOJ deposition. | 0.2 | $1,368 | 273.6 |
| 2806 | 01/28/25 | PMJ | E-mail correspondence with counsel for Attorney General regarding deposition of DOJ. | 0.2 | $1,368 | 273.6 |
| 2807 | 01/28/25 | PMJ | Review final edits to joint motion regarding Attorney General deposition. | 0.2 | $1,368 | 273.6 |
| 2808 | 01/28/25 | PMJ | Interview with Lori West and Elizabeth Mirabelli with ████████. | 0.6 | $1,368 | 820.8 |
| 2809 | 01/29/25 | PMJ | Review reports regarding new executive order about gender ideology in schools. | 0.2 | $1,368 | 273.6 |
| 2810 | 01/29/25 | PMJ | Review President Trump's executive order regarding ending radical indoctrination in K-12 schools. | 0.2 | $1,368 | 273.6 |

131

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2811 | 01/30/25 | JMT | Review new federal executive orders on gender ideology in schools. | 0.2 | $1,050 | 210 |
| 2812 | 01/30/25 | JMT | Telephone call with Mr. Jonna regarding moving Rankins-Ibarra deposition; Telephone call to Lauren Combronero regarding same. | 0.2 | $1,050 | 210 |
| 2813 | 01/30/25 | PMJ | Assess deposition dates, EUSD "person most knowledgeable" categories, and next steps. | 0.2 | $1,368 | 273.6 |
| 2814 | 01/30/25 | JMT | Work on opposition to CDE's motion to dismiss. | 3.6 | $1,050 | 3780 |
| 2815 | 01/30/25 | PMJ | Review and revise discovery responses. | 0.4 | $1,368 | 547.2 |
| 2816 | 01/30/25 | JMT | Conference with Mr. Jonna regarding edits to interrogatory responses to Attorney General Bonta. | 0.2 | $1,050 | 210 |
| 2817 | 01/30/25 | PMJ | Exchange e-mail correspondence with opposing counsel regarding deposition dates. | 0.4 | $1,368 | 547.2 |
| 2818 | 01/30/25 | CSL | Conference with Mr. Jonna regarding depositions; E-mail correspondence regarding same. | 0.4 | $1,512 | 604.8 |
| 2819 | 01/31/25 | JMT | Draft opposition to the CDE's motion to dismiss the action as moot. | 4.6 | $1,050 | 4830 |
| 2820 | 01/31/25 | PMJ | E-mail correspondence with clients and opposing counsel regarding ▒▒▒▒▒▒▒▒▒▒▒. | 0.2 | $1,368 | 273.6 |
| 2821 | 01/31/25 | PMJ | Review memorandum from ▒▒▒▒▒▒ titled "California Laws Force Public School Districts to Violate FERPA and Title IX; Mandatory Withholding of Federal Funds;" Review and respond to client ▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. | 0.4 | $1,368 | 547.2 |
| 2822 | 01/31/25 | PMJ | Review and revise opposition to CDE's motion to dismiss. | 0.4 | $1,368 | 547.2 |
| 2823 | 01/31/25 | JMT | Draft joint ex parte application to continue the discovery cut-off with respect to the EUSD deposition. | 0.8 | $1,050 | 840 |
| 2824 | 01/31/25 | PMJ | Review and revise proposed joint motion to continue the discovery cutoff for EUSD. | 0.2 | $1,368 | 273.6 |
| 2825 | 01/31/25 | JMT | Edits to written discovery responses to CDE. | 0.8 | $1,050 | 840 |
| 2826 | 01/31/25 | PMJ | Review CDE meet and confer letter regarding 30(b)(6) deposition. | 0.2 | $1,368 | 273.6 |
| 2827 | 01/31/25 | JMT | Draft letter to U.S. DOJ regarding FERPA. | 0.8 | $1,050 | 840 |
| 2828 | 01/31/25 | KD | Review and finalize joint ex parte application for extension of time to complete deposition of Escondido Union School District; File with court; E-mail correspondence to Judge Torres with proposed order; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2829 | 01/31/25 | CSL | E-mail correspondence regarding deposition scheduling; Review articles on changes in school curriculum. | 0.6 | $1,512 | 907.2 |
| 2830 | 02/02/25 | PMJ | Review and respond to client ▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. | 0.2 | $1,368 | 273.6 |

132

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2831 | 02/03/25 | PMJ | Review and respond to client ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Review letter regarding Title 11 from US DOJ. | 0.2 | $1,368 | 273.6 |
| 2832 | 02/03/25 | JMT | Edits to omnibus special interrogatory responses regarding class action allegations. | 0.8 | $1,050 | 840 |
| 2833 | 02/03/25 | PMJ | Review and respond to e-mail correspondence from opposing counsel regarding mandatory settlement conference date. | 0.2 | $1,368 | 273.6 |
| 2834 | 02/03/25 | PMJ | Review final edits to responses to Attorney General Bonta's interrogatories, set 2; Review order on motion to continue discovery deadline. | 0.2 | $1,368 | 273.6 |
| 2835 | 02/04/25 | PMJ | Review video of PUSD employee to prepare for deposition. | 0.2 | $1,368 | 273.6 |
| 2836 | 02/04/25 | JMT | Review and edit joint motion to continue deadline to depose PUSD. | 0.2 | $1,050 | 210 |
| 2837 | 02/04/25 | PMJ | Review edits to motion to continue discovery deadline. | 0.2 | $1,368 | 273.6 |
| 2838 | 02/05/25 | JMT | Finalize plaintiffs' written discovery responses to Attorney General Bonta. | 0.2 | $1,050 | 210 |
| 2839 | 02/05/25 | KD | Review and finalize plaintiffs' responses to Attorney General Bonta's interrogatories; E-mail correspondence to opposing counsel with same. | 0.2 | $240 | 48 |
| 2840 | 02/06/25 | PMJ | Review Attorney General's discovery responses. | 0.2 | $1,368 | 273.6 |
| 2841 | 02/06/25 | JMT | Research to respond to Virginia Cale's e-mail correspondence regarding the CDE deposition objecting to testifying regarding privileged information. | 0.4 | $1,050 | 420 |
| 2842 | 02/07/25 | PMJ | Assess draft meet and confer response to CDE over person most qualified deposition. | 0.2 | $1,368 | 273.6 |
| 2843 | 02/07/25 | PMJ | Review draft stipulation to continue mandatory settlement conference. | 0.2 | $1,368 | 273.6 |
| 2844 | 02/07/25 | JMT | Review and edit joint motion to continue the mandatory settlement conference. | 0.2 | $1,050 | 210 |
| 2845 | 02/07/25 | JMT | Review draft written discovery responses for Lori West. | 0.6 | $1,050 | 630 |
| 2846 | 02/07/25 | JMT | Review proposed subpoena to ▮▮▮▮▮▮ regarding Child Poe. | 0.4 | $1,050 | 420 |
| 2847 | 02/07/25 | PMJ | Telephone call with Jane Poe regarding ▮▮▮▮▮ ▮▮▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 2848 | 02/07/25 | JMT | Telephone call with client Jane Poe regarding ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. | 0.4 | $1,050 | 420 |
| 2849 | 02/08/25 | PMJ | Review Attorney General Bonta's press release in response to President Trump's Executive Orders. | 0.2 | $1,368 | 273.6 |
| 2850 | 02/08/25 | PMJ | Deposition preparation for Trent Smith and Tracy Schmidt depositions with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 2851 | 02/08/25 | JMT | Draft outline for Trent Smith and Tracy Schmidt depositions. | 2.4 | $1,050 | 2520 |
| 2852 | 02/08/25 | PMJ | Prepare for EUSD depositions. | 0.2 | $1,368 | 273.6 |

133

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2853 | 02/08/25 | PMJ | Prepare for Trent Smith and Tracy Schmidt depositions. | 1.2 | $1,368 | 1641.6 |
| 2854 | 02/09/25 | CJG | Review and edit draft opposition to CDE's motion to dismiss action as moot. | 1 | $840 | 840 |
| 2855 | 02/10/25 | PMJ | E-mail correspondence with client regarding ██████ ████████. | 0.2 | $1,368 | 273.6 |
| 2856 | 02/10/25 | PMJ | Review final edits to opposition to CDE motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 2857 | 02/10/25 | KD | Exchange emails with court reporter regarding depositions of Trent Smith and Tracy Schmidt; E-mail correspondence to opposing counsel with deposition link for same. | 0.2 | $240 | 48 |
| 2858 | 02/10/25 | PMJ | E-mail correspondence with clients regarding ██████. | 0.2 | $1,368 | 273.6 |
| 2859 | 02/10/25 | KD | Review and finalize opposition to CDE motion to dismiss and declaration of Paul Jonna; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2860 | 02/10/25 | PMJ | Continue to prepare for Trent Smith and Tracy Schmidt depositions. | 0.8 | $1,368 | 1094.4 |
| 2861 | 02/10/25 | JMT | Prepare with Mr. Jonna for Trent Smith and Tracy Schmidt depositions. | 0.6 | $1,050 | 630 |
| 2862 | 02/10/25 | PMJ | Prepare for EUSD depositions; Review order on motion to continue discovery dates. | 0.4 | $1,368 | 547.2 |
| 2863 | 02/10/25 | JMT | Finalize opposition to motion to dismiss action as moot. | 0.4 | $1,050 | 420 |
| 2864 | 02/10/25 | PMJ | Prepare for and take deposition of Trent Smith. | 3.2 | $1,368 | 4377.6 |
| 2865 | 02/10/25 | PMJ | Review letter from Trump Administration to SCOTUS regarding Skrmetti. | 0.2 | $1,368 | 273.6 |
| 2866 | 02/10/25 | PMJ | Prepare for and take deposition of Tracy Schmidt. | 3.8 | $1,368 | 5198.4 |
| 2867 | 02/11/25 | PMJ | Review CDE discovery responses, privilege log, and document production. | 0.2 | $1,368 | 273.6 |
| 2868 | 02/11/25 | PMJ | Review deposition outline for John Albert and Steve White. | 0.2 | $1,368 | 273.6 |
| 2869 | 02/11/25 | KD | Exchange emails with court reporter regarding depositions of John Albert and Steve White; E-mail correspondence to opposing counsel and clients with deposition link for same. | 0.2 | $240 | 48 |
| 2870 | 02/11/25 | PMJ | Review deposition outlines and telephone call with client to prepare for John Albert and Steve White depositions. | 0.6 | $1,368 | 820.8 |
| 2871 | 02/11/25 | PMJ | Preparation for EUSD depositions. | 1.2 | $1,368 | 1641.6 |
| 2872 | 02/11/25 | PMJ | Take deposition of John Albert. | 3.6 | $1,368 | 4924.8 |
| 2873 | 02/11/25 | PMJ | Take deposition of Steve White. | 3.2 | $1,368 | 4377.6 |
| 2874 | 02/11/25 | PMJ | E-mail correspondence with opposing counsel regarding discovery responses. | 0.2 | $1,368 | 273.6 |
| 2875 | 02/11/25 | PMJ | E-mail correspondence with court reporter regarding exhibits for the deposition of Trent Smith and Tracy Schmidt. | 0.2 | $1,368 | 273.6 |

134

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2876 | 02/11/25 | PMJ | Conference call with Lori West ███████████████ ███████████████████████. | 0.2 | $1,368 | 273.6 |
| 2877 | 02/12/25 | PMJ | Prepare for depositions of Katie Terrill and Kathleen Barlow | 0.8 | $1,368 | 1094.4 |
| 2878 | 02/12/25 | PMJ | E-mail correspondence with clients regarding ████ ██████; Review CDE discovery responses. | 0.2 | $1,368 | 273.6 |
| 2879 | 02/12/25 | PMJ | Additional preparation for Katie Terrill deposition. | 0.4 | $1,368 | 547.2 |
| 2880 | 02/12/25 | PMJ | Continue to prepare for Kathleen Barlow deposition. | 0.6 | $1,368 | 820.8 |
| 2881 | 02/12/25 | JMT | Review Attorney General's written discovery responses. | 0.4 | $1,050 | 420 |
| 2882 | 02/12/25 | PMJ | Take deposition of Katie Terrill. | 3 | $1,368 | 4104 |
| 2883 | 02/12/25 | PMJ | Take deposition of Kathleen Barlow. | 2.8 | $1,368 | 3830.4 |
| 2884 | 02/12/25 | PMJ | Prepare for CDE "person most knowledgeable" deposition. | 0.4 | $1,368 | 547.2 |
| 2885 | 02/12/25 | JMT | Prepare for and participate in depositions of Katie Terrill and Kathleen Barlow; Draft outline for CDE "person most knowledgeable" deposition. | 8.4 | $1,050 | 8820 |
| 2886 | 02/12/25 | PMJ | Telephone call with court reporter regarding deposition start time. | 0.2 | $1,368 | 273.6 |
| 2887 | 02/13/25 | PMJ | Prepare for CDE "person most knowledgeable" deposition. | 0.8 | $1,368 | 1094.4 |
| 2888 | 02/13/25 | PMJ | Telephone calls with team regarding deposition scheduling. | 0.2 | $1,368 | 273.6 |
| 2889 | 02/13/25 | PMJ | Review and revise outline for CDE "person most knowledgeable" deposition. | 1.4 | $1,368 | 1915.2 |
| 2890 | 02/13/25 | PMJ | Take the deposition of CDE "person most knowledgeable" deposition Richard Barrera. | 2.8 | $1,368 | 3830.4 |
| 2891 | 02/13/25 | PMJ | Continue taking the deposition of "person most knowledgeable" for CDE. | 2.6 | $1,368 | 3556.8 |
| 2892 | 02/13/25 | JMT | E-mail correspondence to opposing counsel requesting time to meet and confer over subpoena to ████████. | 0.2 | $1,050 | 210 |
| 2893 | 02/13/25 | PMJ | Review e-mail correspondence to Shatti Hoque regarding Attorney General subpoena of ██████████. | 0.2 | $1,368 | 273.6 |
| 2894 | 02/13/25 | JMT | Edits to Lori West's final discovery responses. | 1.4 | $1,050 | 1470 |
| 2895 | 02/13/25 | CSL | Conference with Mr. Jonna regarding deposition of CDE's "person most knowledgeable." | 0.4 | $1,512 | 604.8 |
| 2896 | 02/14/25 | PMJ | E-mail correspondence with Attorney General's office regarding meet and confer over subpoena of ███ ██████████. | 0.2 | $1,368 | 273.6 |
| 2897 | 02/14/25 | KD | E-mail correspondence to court reporter requesting expedited transcript of CDE designee Richard Barrera. | 0.2 | $240 | 48 |
| 2898 | 02/14/25 | JMT | Prepare for meet and confer telephone call with opposing counsel regarding subpoena to ██████████. | 0.4 | $1,050 | 420 |
| 2899 | 02/14/25 | JMT | Draft meet and confer letter to CDE regarding its deposition. | 0.4 | $1,050 | 420 |

135

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2900 | 02/14/25 | PMJ | Prepare for and participate in meet and confer telephone call regarding subpoena to ▮▮▮▮▮▮ regarding Child Poe. | 1 | $1,368 | 1368 |
| 2901 | 02/14/25 | JMT | Participate in discovery meet and confer conference call with opposing counsel; Telephone call to Chambers to raise discovery dispute. | 1.2 | $1,050 | 1260 |
| 2902 | 02/14/25 | PMJ | Prepare for telephone call with Judge Torres regarding Child Poe records. | 0.2 | $1,368 | 273.6 |
| 2903 | 02/14/25 | PMJ | Prepare for hearing before Judge Torres regarding discovery dispute. | 0.6 | $1,368 | 820.8 |
| 2904 | 02/14/25 | PMJ | Prepare for and participate in court hearing over discovery dispute with Attorney General over Child Poe medical records. | 1.8 | $1,368 | 2462.4 |
| 2905 | 02/14/25 | JMT | Prepare for and participate in discovery hearing with Judge Torres. | 2.6 | $1,050 | 2730 |
| 2906 | 02/14/25 | PMJ | Review and revise discovery responses from Lori West to EUSD. | 0.2 | $1,368 | 273.6 |
| 2907 | 02/14/25 | KD | Review and finalize Lori West's responses to EUSD interrogatories and requests for production of documents; E-mail correspondence to all counsel with same. | 0.4 | $240 | 96 |
| 2908 | 02/14/25 | KD | Review e-mail correspondence from Mr. Trissell regarding deadline to designate portions of deposition transcripts confidential per the protective order for Jane & John POE, Jane BOE and Jane ROE; Review emails to confirm receipt date of transcripts. | 0.4 | $240 | 96 |
| 2909 | 02/14/25 | PMJ | Review documents produced by CDE. | 0.2 | $1,368 | 273.6 |
| 2910 | 02/14/25 | CSL | Conference with Mr. Jonna regarding ex parte hearing regarding Child Poe's psychiatric needs. | 0.4 | $1,512 | 604.8 |
| 2911 | 02/17/25 | PMJ | Review press release from Attorney General: California Schools Will Remain a Welcoming, Inclusive, Safe Place for All | State of California - Department of Justice - Office of the Attorney General. | 0.2 | $1,368 | 273.6 |
| 2912 | 02/18/25 | JMT | Review deposition transcripts of Jane Roe and Jane Boe and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. | 0.6 | $1,050 | 630 |
| 2913 | 02/18/25 | PMJ | Review deposition transcript confidentiality designations. | 0.2 | $1,368 | 273.6 |
| 2914 | 02/18/25 | PMJ | Assess case status and next steps with team regarding division of labor for document review. | 0.2 | $1,368 | 273.6 |
| 2915 | 02/18/25 | JMT | Review deposition transcripts for Jane Roe and Jane Boe and mark portions as confidential. | 2 | $1,050 | 2100 |
| 2916 | 02/18/25 | PMJ | Prepare for CDE motion to dismiss hearing. | 0.6 | $1,368 | 820.8 |
| 2917 | 02/18/25 | KD | Finalize highly confidential / attorneys eyes only portions of deposition transcripts of Jane Roe and Jane Boe; E-mail correspondence to opposing counsel with same. | 0.2 | $240 | 48 |

136

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2918 | 02/19/25 | JMT | Research into new Supreme Court case on class certification and Article III standing. | 0.4 | $1,050 | 420 |
| 2919 | 02/19/25 | PMJ | Continue to prepare for CDE motion to dismiss hearing. | 1 | $1,368 | 1368 |
| 2920 | 02/19/25 | JMT | Draft discovery meet and confer letter regarding CDE "person most knowledgeable" deposition. | 4 | $1,050 | 4200 |
| 2921 | 02/20/25 | PMJ | Review CDE "person most knowledgeable" deposition transcript. | 1 | $1,368 | 1368 |
| 2922 | 02/20/25 | PMJ | Review Judge Torres discovery order and Attorney General meet and confer letter regarding Child Poe therapy records. | 0.2 | $1,368 | 273.6 |
| 2923 | 02/20/25 | JMT | Update letter to CDE regarding discovery abuse at Richard Barrera deposition. | 3.8 | $1,050 | 3990 |
| 2924 | 02/20/25 | PMJ | Review and analyze CDE "person most knowledgeable" deposition transcript. | 0.6 | $1,368 | 820.8 |
| 2925 | 02/20/25 | JMT | Draft letter in response to Attorney Spence regarding production of Child Poe therapy records from therapists other than ███████. | 2 | $1,050 | 2100 |
| 2926 | 02/20/25 | PMJ | Prepare for CDE motion to dismiss hearing. | 1 | $1,368 | 1368 |
| 2927 | 02/20/25 | BMM | Review and analyze 4,000+ page document production from Attorney General's office, consisting of filed briefs and e-mail correspondence between Attorney General and opposing counsel in the Chino Valley case and related matters. | 3.8 | $610 | 2318 |
| 2928 | 02/21/25 | PMJ | Review edits to Jane Roe deposition; Revise letter to Attorney Spence regarding Child Poe therapy records; Revise letter to Attorney Cale regarding CDE "person most knowledgeable" deposition. | 0.6 | $1,368 | 820.8 |
| 2929 | 02/21/25 | JMT | Further edits to letter to Attorney Spence regarding Child Poe's therapy records. | 0.6 | $1,050 | 630 |
| 2930 | 02/21/25 | PMJ | Review additional edits to Attorney Spence letter regarding Child Poe therapy records. | 0.2 | $1,368 | 273.6 |
| 2931 | 02/21/25 | JMT | Draft ex parte application for leave to supplement opposition to CDE defendants' motion to dismiss. | 0.4 | $1,050 | 420 |
| 2932 | 02/21/25 | PMJ | Review and revise letter to Attorney Cale regarding CDE "person most knowledgeable" deposition. | 0.2 | $1,368 | 273.6 |
| 2933 | 02/21/25 | JMT | Conference with Mr. Jonna regarding edits to letter to Attorney Cale regarding CDE "person most knowledgeable" deposition. | 0.8 | $1,050 | 840 |
| 2934 | 02/21/25 | PMJ | Review cases to prepare for CDE defendants' motion to dismiss hearing. | 0.4 | $1,368 | 547.2 |
| 2935 | 02/21/25 | JMT | Draft ex parte application to supplement opposition to CDE defendants' motion to dismiss. | 1.8 | $1,050 | 1890 |
| 2936 | 02/21/25 | KD | Review and finalize meet and confer letter to Attorney Cale; Prepare attachments for same; E-mail correspondence to all counsel with same. | 0.4 | $240 | 96 |

137

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2937 | 02/21/25 | PMJ | Review and revise supplemental opposition to CDE defendants' motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 2938 | 02/21/25 | JMT | Review Jane Roe's edits to her deposition transcript. | 0.8 | $1,050 | 840 |
| 2939 | 02/21/25 | KD | Review and finalize ex parte application for leave to supplement opposition to CDE defendants' motion to dismiss; File with Court; E-mail correspondence to opposing counsel with same; E-mail correspondence to Judge Benitez with proposed order. | 0.4 | $240 | 96 |
| 2940 | 02/21/25 | PMJ | Prepare for CDE defendants' motion to dismiss hearing. | 0.2 | $1,368 | 273.6 |
| 2941 | 02/21/25 | JMT | Prepare with Mr. Jonna for hearing on CDE defendants' motion to dismiss. | 0.4 | $1,050 | 420 |
| 2942 | 02/21/25 | PMJ | Telephone call with ████████ regarding case status. | 0.2 | $1,368 | 273.6 |
| 2943 | 02/21/25 | PMJ | Prepare for CDE defendants' motion to dismiss hearing. | 1 | $1,368 | 1368 |
| 2944 | 02/21/25 | JMT | Conference with Mr. Jonna to prepare for hearing on CDE defendants' motion to dismiss. | 1 | $1,050 | 1050 |
| 2945 | 02/21/25 | BMM | Continue to review and analyze Attorney General document production. | 1.8 | $610 | 1098 |
| 2946 | 02/21/25 | BMM | Review and analyze Yosemite Valley document production, including internal e-mail correspondence regarding parental notification requests from the parents of Child Poe. | 3.8 | $610 | 2318 |
| 2947 | 02/22/25 | PMJ | Additional preparation for CDE defendants' motion to dismiss hearing. | 0.4 | $1,368 | 547.2 |
| 2948 | 02/23/25 | PMJ | Preparation for CDE defendants' motion to dismiss hearing. | 1 | $1,368 | 1368 |
| 2949 | 02/23/25 | JMT | Conference with Mr. Jonna regarding hearing on CDE defendants' motion to dismiss. | 0.2 | $1,050 | 210 |
| 2950 | 02/24/25 | PMJ | Review Jane Roe deposition transcript changes. | 0.2 | $1,368 | 273.6 |
| 2951 | 02/24/25 | PMJ | Preparation for CDE defendants' motion to dismiss hearing. | 0.8 | $1,368 | 1094.4 |
| 2952 | 02/24/25 | PMJ | Travel to and from and attend CDE defendants' motion to dismiss hearing. | 3.4 | $1,368 | 4651.2 |
| 2953 | 02/24/25 | JMT | Travel to and from and attend hearing on CDE defendants' motion to dismiss. | 3 | $1,050 | 3150 |
| 2954 | 02/24/25 | PMJ | Participate in ████████ interview regarding case status. | 0.4 | $1,368 | 547.2 |
| 2955 | 02/24/25 | KD | Draft amended notice of deposition for Escondido Union School District and deposition subpoena and topics for California Department of Education; E-mail correspondence to Mr. Trissell and Mr. Jonna for review. | 0.4 | $240 | 96 |
| 2956 | 02/24/25 | PMJ | Review Chino Valley summary judgement ruling; Review amended deposition notices. | 0.2 | $1,368 | 273.6 |
| 2957 | 02/24/25 | JMT | Research summary judgment order in Chino Valley case. | 1 | $1,050 | 1050 |

138

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2958 | 02/24/25 | JMT | Review updated deposition notices for Escondido Union School District and deposition subpoena for California Department of Education. | 0.2 | $1,050 | 210 |
| 2959 | 02/24/25 | PMJ | Assess status of discovery and next steps with team. | 0.2 | $1,368 | 273.6 |
| 2960 | 02/24/25 | JMT | Work on various issues, including preparation for depositions and discovery issues. | 1.4 | $1,050 | 1470 |
| 2961 | 02/24/25 | BMM | Conference with Mr. Jonna and Mr. Trissell regarding case status, preparation for upcoming depositions, and document review. | 0.4 | $610 | 244 |
| 2962 | 02/24/25 | BMM | Review thousands of pages of documents from Yosemite Valley subpoena production. | 4.8 | $610 | 2928 |
| 2963 | 02/24/25 | KD | Finalize amended notice of deposition for Escondido Union School District and deposition subpoena and topics for California Department of Education; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 2964 | 02/24/25 | KD | Finalize letter to Attorney Spence regarding discovery meet and confer; E-mail correspondence to all opposing counsel with same. | 0.2 | $240 | 48 |
| 2965 | 02/24/25 | PMJ | Telephone call with ▮▮▮▮▮▮ regarding status of Chino case. | 0.2 | $1,368 | 273.6 |
| 2966 | 02/24/25 | CSL | Conference with Mr. Jonna regarding hearing on motion to dismiss; Telephone conference with Mr. Jonna regarding applicability of ruling in Chino Valley case. | 0.6 | $1,512 | 907.2 |
| 2967 | 02/25/25 | KD | Review and respond to e-mail correspondence from court reporter Juliet Eichenlaub regarding delay in processing transcript and her request for case names cited at the hearing. | 0.2 | $240 | 48 |
| 2968 | 02/25/25 | JMT | Work on deposition outlines for EUSD. | 4 | $1,050 | 4200 |
| 2969 | 02/25/25 | PMJ | Review summary of Yosemite Valley documents. | 0.2 | $1,368 | 273.6 |
| 2970 | 02/25/25 | BMM | Review and analyze Yosemite Valley Charter School document production; Draft memorandum regarding document production to Mr. Jonna and Mr. Trissell, collect documents referenced in memorandum; E-mail correspondence regarding same; Analysis of AB 1955 as it relates to District level Parental Exclusion Policies. | 5.4 | $610 | 3294 |
| 2971 | 02/25/25 | PMJ | Assess sufficiency of Yosemite production with Mr. McPherson. | 0.2 | $1,368 | 273.6 |
| 2972 | 02/25/25 | PMJ | Review meet and confer letter from Attorney Wessel regarding Child Poe therapy records. | 0.2 | $1,368 | 273.6 |
| 2973 | 02/25/25 | KD | E-mail correspondence to opposing counsel with signature pages and errata sheets of Jane Boe and Jane Roe for their deposition transcripts taken on January 8, 2025 | 0.2 | $240 | 48 |
| 2974 | 02/26/25 | PMJ | Review and analyze Foote v. Ludlow School Committee First Circuit decision on parental rights. | 0.6 | $1,368 | 820.8 |

139

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2975 | 02/26/25 | KD | Review and respond to e-mail correspondence from court reporter Adrian Baule regarding ordering the hearing transcript of the defendants' motion to dismiss. | 0.2 | $240 | 48 |
| 2976 | 02/26/25 | PMJ | Review and analyze cert petition in Mahmoud v. Taylor case. | 0.2 | $1,368 | 273.6 |
| 2977 | 02/26/25 | PMJ | Assess next steps regarding Child Poe therapy records subpoena issues. | 0.2 | $1,368 | 273.6 |
| 2978 | 02/26/25 | JMT | Conference with Mr. Jonna regarding Attorney General's latest threatened motion to compel; Telephone call with Attorney Wessell regarding same; Telephone call with client regarding ▌▌. | 0.6 | $1,050 | 630 |
| 2979 | 02/26/25 | JMT | Conference with Mr. Jonna and multiple telephone calls with clients and potential experts regarding ▌▌ ▌▌; Multiple emails regarding same. | 1.8 | $1,050 | 1890 |
| 2980 | 02/26/25 | PMJ | Telephone conference with potential experts Drs. Szjanberg ▌▌; Telephone call with clients Poe and Doe to discuss legal strategy. | 0.8 | $1,368 | 1094.4 |
| 2981 | 02/26/25 | RO | Discussions with Mr. Jonna and Mr. LiMandri regarding publications stating that social transition is medical treatment; Internet research regarding ▌▌ ▌▌ regarding same; Review ▌▌ expert affidavit from ▌▌ case; E-mail correspondence to Mr. Jonna and Mr. Trissell regarding same. | 0.4 | $240 | 96 |
| 2982 | 02/26/25 | PMJ | Interview potential experts; Telephone conference with Dr. Szjanberg regarding status and next steps. | 0.6 | $1,368 | 820.8 |
| 2983 | 02/26/25 | RO | Review and respond to e-mail correspondence from Mr. Trissell and Mr. Jonna regarding Child Poe's therapy records; Telephone calls to ▌▌ and therapists ▌▌, and ▌▌; Prepare medical records requests from ▌▌ and therapists ▌▌ and ▌▌; E-mail correspondences with Jane Poe regarding ▌▌. | 1.6 | $240 | 384 |
| 2984 | 02/26/25 | PMJ | Listen to ▌▌ interview regarding case. | 0.4 | $1,368 | 547.2 |
| 2985 | 02/26/25 | PMJ | Review Yosemite documents; Interview with ▌▌ as a potential expert witness. | 0.4 | $1,368 | 547.2 |
| 2986 | 02/26/25 | PMJ | Interview potential expert, Dr. Nathan Szjanberg. | 0.6 | $1,368 | 820.8 |
| 2987 | 02/26/25 | BMM | Review and analysis of Yosemite Valley production related to internal communication regarding AB 1955; Draft memorandum to Mr. Jonna and Mr. Trissell regarding same. | 1.2 | $610 | 732 |
| 2988 | 02/26/25 | BMM | Review and analysis of Attorney General's document production and responses to document requests, to determine whether all responsive documents were provided. | 0.6 | $610 | 366 |
| 2989 | 02/26/25 | JMT | Work on designating Poe deposition transcripts as confidential; Numerous telephone calls and conferences regarding potential experts and retain Dr. Szanjberg. | 2.8 | $1,050 | 2940 |

140

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 2990 | 02/26/25 | PMJ | Review and analyze Foote v. Ludlow School Committee ruling. | 0.2 | $1,368 | 273.6 |
| 2991 | 02/26/25 | CSL | E-mail correspondence and telephone calls regarding retention of psychiatric expert; Conference with Mr. Jonna regarding same. | 1 | $1,512 | 1512 |
| 2992 | 02/26/25 | CSL | E-mail correspondence regarding new adverse First Circuit decision, Foote v. Ludlow School Committee; Review portions of decision. | 0.6 | $1,512 | 907.2 |
| 2993 | 02/27/25 | RO | Follow up e-mail correspondence and telephone calls to ██████ and therapists ████████ and ██████ regarding Child Poe's therapy records. | 0.4 | $240 | 96 |
| 2994 | 02/27/25 | JMT | Prepare AEO version of Poe deposition transcripts. | 2.4 | $1,050 | 2520 |
| 2995 | 02/27/25 | PMJ | Review documents produced by PUSD. | 0.2 | $1,368 | 273.6 |
| 2996 | 02/27/25 | JMT | Draft Audrey Frank deposition outline. | 3.2 | $1,050 | 3360 |
| 2997 | 02/27/25 | KD | Finalize highly confidential / attorneys eyes only portions of deposition transcripts of Jane and John Poe; E-mail correspondence to opposing counsel with same. | 0.2 | $240 | 48 |
| 2998 | 02/27/25 | JMT | Draft deposition outline for Luis Rankins-Ibarra. | 3.2 | $1,050 | 3360 |
| 2999 | 02/27/25 | BMM | Review and analyze document production from Pasadena Unified School District; Draft memorandum and forward to Mr. Jonna and Mr. Trissell regarding same. | 0.8 | $610 | 488 |
| 3000 | 02/27/25 | BMM | Upload documents regarding ████████████████ ████████████████████. | 0.2 | $610 | 122 |
| 3001 | 02/28/25 | RO | Review and respond to e-mail correspondences from Jane Poe regarding ████████████████████ and ████; Briefly review records from ██████. | 0.2 | $240 | 48 |
| 3002 | 02/28/25 | KD | Review and respond to e-mail correspondence from court reporter Adrian Baule with a copy of check for payment of transcript. | 0.2 | $240 | 48 |
| 3003 | 02/28/25 | KD | Review e-mail correspondence from Mr. Trissell regarding the petition for writ of mandate in the CDE v. Cajon Valley Union School District case; Obtain same from San Diego Superior Court website. | 0.2 | $240 | 48 |
| 3004 | 02/28/25 | JMT | Continue drafting deposition outline for Luis Rankins-Ibarra. | 3.8 | $1,050 | 3990 |
| 3005 | 02/28/25 | JMT | Continue working on PUSD deposition outline. | 3 | $1,050 | 3150 |
| 3006 | 02/28/25 | BMM | Draft deposition outline for Attorney General related to actions in Chino Valley case. | 1.4 | $610 | 854 |
| 3007 | 02/28/25 | PMJ | Review Attorney General's notice of supplemental authority Foote v. Ludlow School Committee in opposition to preliminary injunction motion. | 0.2 | $1,368 | 273.6 |
| 3008 | 03/02/25 | PMJ | Review Attorney General's objections to notice of deposition of California Department of Justice. | 0.2 | $1,368 | 273.6 |

141

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3009 | 03/02/25 | PMJ | Review e-mail correspondence from CDE regarding "person most knowledgeable" deposition; Review document production. | 0.4 | $1,368 | 547.2 |
| 3010 | 03/02/25 | PMJ | Prepare for depositions of "person most knowledgeable" for Pasadena Unified School District and Escondido Union School District. | 0.2 | $1,368 | 273.6 |
| 3011 | 03/03/25 | PMJ | Prepare for Pasadena Unified School District "person most knowledgeable" deposition. | 1 | $1,368 | 1368 |
| 3012 | 03/03/25 | JMT | Prepare with Mr. Jonna for deposition of "person most knowledgeable" for Pasadena Unified School District. | 1 | $1,050 | 1050 |
| 3013 | 03/03/25 | PMJ | Take deposition of "person most knowledgeable" for Pasadena Unified School District. | 3.4 | $1,368 | 4651.2 |
| 3014 | 03/03/25 | JMT | Participate in deposition of "person most knowledgeable" for Pasadena Unified School District. | 3 | $1,050 | 3150 |
| 3015 | 03/03/25 | JMT | Research and draft response to notice of supplemental authority from Attorney General. | 1.8 | $1,050 | 1890 |
| 3016 | 03/03/25 | PMJ | Review and revise response to notice of supplemental authority from Attorney General. | 0.4 | $1,368 | 547.2 |
| 3017 | 03/03/25 | PMJ | Prepare for Escondido Union School District "person most knowledgeable" depositions. | 0.2 | $1,368 | 273.6 |
| 3018 | 03/03/25 | JMT | Draft supplemental opposition to CDE's motion to dismiss as moot. | 1.2 | $1,050 | 1260 |
| 3019 | 03/03/25 | BMM | Review and analyze document production from ██ ██████████. | 1.2 | $610 | 732 |
| 3020 | 03/03/25 | BMM | Draft deposition outline for Mr. Jonna for California Department of Justice; Review documents in preparation for gathering exhibits to use at deposition. | 1.8 | $610 | 1098 |
| 3021 | 03/03/25 | PMJ | Review and revise draft response to Attorney General regarding Foote case. | 0.2 | $1,368 | 273.6 |
| 3022 | 03/03/25 | JMT | Continue working on supplemental opposition to CDE's motion to dismiss as moot. | 2.4 | $1,050 | 2520 |
| 3023 | 03/04/25 | KD | Finalize response to Attorney General Bonta's notice of supplemental authority; File with court and forward same to opposing counsel. | 0.4 | $240 | 96 |
| 3024 | 03/04/25 | JMT | Prepare with Mr. Jonna for depositions of "person most knowledgeable" for Escondido Union School District. | 0.6 | $1,050 | 630 |
| 3025 | 03/04/25 | JMT | Continue working on supplemental opposition to CDE motion to dismiss. | 9.8 | $1,050 | 10290 |
| 3026 | 03/04/25 | PMJ | Take deposition of Audrey Frank "person most knowledgeable" for Escondido Union School District. | 3.6 | $1,368 | 4924.8 |
| 3027 | 03/04/25 | PMJ | Take deposition of Dr. Ibarra, "person most knowledgeable" for Escondido Union School District. | 4.4 | $1,368 | 6019.2 |
| 3028 | 03/04/25 | PMJ | Prepare for depositions of "persons most knowledgeable" for Escondido Union School District. | 0.4 | $1,368 | 547.2 |

142

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3029 | 03/05/25 | PMJ | Assess next steps regarding supplemental opposition to CDE's motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 3030 | 03/05/25 | PMJ | Telephone call with court reporter regarding expediting deposition transcript of Dr. Rankins-Ibarra. | 0.2 | $1,368 | 273.6 |
| 3031 | 03/05/25 | JMT | Edits to supplemental opposition to CDE's motion to dismiss. | 1.4 | $1,050 | 1470 |
| 3032 | 03/05/25 | JMT | Research regarding obtaining Child Poe's mental health records. | 0.8 | $1,050 | 840 |
| 3033 | 03/05/25 | PMJ | Review and revise supplemental opposition to CDE motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 3034 | 03/05/25 | KD | E-mail correspondence to court reporting office requesting a rough draft of the deposition transcript for Dr. Luis Rankins-Ibarra; Discussion with Mr. Jonna regarding same. | 0.2 | $240 | 48 |
| 3035 | 03/05/25 | KD | Follow-up telephone call to court reporting office regarding request for rush rough draft of the deposition transcript for Dr. Rankins-Ibarra; E-mail correspondence to court reporter Taylor with exhibits for the deposition of Audrey Frank and Dr. Rankins-Ibarra. | 0.4 | $240 | 96 |
| 3036 | 03/05/25 | RO | Review and respond to e-mail correspondence from Mr. Trissell regarding letter to therapists ███████████ and ███████; Prepare and send letters; E-mail correspondence to Jane Poe regarding ████████████████████ ████████████████████. | 0.8 | $240 | 192 |
| 3037 | 03/05/25 | PMJ | Further review and revise supplemental opposition to CDE motion to dismiss. | 0.6 | $1,368 | 820.8 |
| 3038 | 03/05/25 | BMM | Continue to draft and assemble exhibits for deposition of California Department of Justice's "person most knowledgeable." | 1.8 | $610 | 1098 |
| 3039 | 03/05/25 | KD | Follow-up telephone call to Jilio-Ryan Court Reporters regarding Mr. Jonna's request for rush deposition transcript of Ana Maria Apodaca, "person most knowledgeable" for Pasadena Unified School District. | 0.2 | $240 | 48 |
| 3040 | 03/05/25 | PMJ | Review and respond to Attorney Bunshoft's e-mail correspondence regarding meet and confer over topics for depositions of California Department of Justice. | 0.4 | $1,368 | 547.2 |
| 3041 | 03/05/25 | JMT | Draft letter to Virginia Cale regarding problems with the CDE deposition. | 2 | $1,050 | 2100 |
| 3042 | 03/05/25 | PMJ | Prepare for California Department of Justice's "person most knowledgeable" deposition. | 0.2 | $1,368 | 273.6 |
| 3043 | 03/05/25 | JMT | Further edits to supplemental opposition to motion to dismiss. | 0.6 | $1,050 | 630 |
| 3044 | 03/06/25 | PMJ | E-mail correspondence with Attorney General's office regarding DOJ deposition. | 0.2 | $1,368 | 273.6 |
| 3045 | 03/06/25 | PMJ | Review and revise draft response to Virginia Cale regarding problems with CDE deposition. | 0.2 | $1,368 | 273.6 |

143

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3046 | 03/06/25 | RO | Review and forward Jane Poe's e-mail correspondence to Mr. Trissell regarding ██████████████████. | 0.2 | $240 | 48 |
| 3047 | 03/06/25 | KD | Exchange emails with court reporter regarding deposition of Laura Faer, "person most knowledgeable" for the California Department of Justice; E-mail correspondence to opposing counsel with deposition link for same. | 0.2 | $240 | 48 |
| 3048 | 03/06/25 | KD | E-mail correspondence to clients with link for the deposition of Laura Faer, on behalf of the California Department of Justice. | 0.2 | $240 | 48 |
| 3049 | 03/06/25 | PMJ | Prepare for "person most knowledgeable" deposition for California Department of Justice; Review exhibits and outline for same. | 2.8 | $1,368 | 3830.4 |
| 3050 | 03/06/25 | JMT | Edits to supplemental opposition to CDE's motion to dismiss. | 9 | $1,050 | 9450 |
| 3051 | 03/06/25 | KD | Review and finalize supplemental opposition to the CDE defendants' motion to dismiss action as moot and declaration of Paul Jonna; File with court and serve on opposing counsel. | 0.4 | $240 | 96 |
| 3052 | 03/06/25 | PMJ | Review and revise CDE motion to dismiss supplemental opposition brief; Prepare for Attorney General "person most knowledgeable" deposition. | 1.4 | $1,368 | 1915.2 |
| 3053 | 03/06/25 | PMJ | Additional preparation for Attorney General "person most knowledgeable" deposition. | 1.2 | $1,368 | 1641.6 |
| 3054 | 03/06/25 | RM | Draft table of authorities for opposition to motion to dismiss as moot; Edit Mr. Jonna's supporting declaration. | 3 | $240 | 720 |
| 3055 | 03/06/25 | BMM | Prepare exhibits for deposition of Attorney General's "person most knowledgeable;" Revise deposition outline for same. | 6 | $610 | 3660 |
| 3056 | 03/06/25 | BMM | Draft memorandum to Mr. Jonna regarding ██████████ records. | 0.4 | $610 | 244 |
| 3057 | 03/07/25 | PMJ | Continue to prepare for Attorney General "person most knowledgeable" deposition. | 0.8 | $1,368 | 1094.4 |
| 3058 | 03/07/25 | PMJ | Take deposition of Attorney General's "person most knowledgeable." | 5.8 | $1,368 | 7934.4 |
| 3059 | 03/07/25 | KD | E-mail correspondence to client Elizabeth Mirabelli ██ ████████████████████████████████ ████████████████. | 0.2 | $240 | 48 |
| 3060 | 03/07/25 | KD | E-mail correspondence to client Lori West ██████ ██████████████████████████████████ ████████████████. | 0.2 | $240 | 48 |
| 3061 | 03/07/25 | RM | Review rough draft deposition transcript of Jane Poe; Prepare errata sheet on her behalf. | 1.8 | $240 | 432 |
| 3062 | 03/07/25 | BMM | Legal research regarding rule allowing questions of 30(b)(6) witnesses outside scope of designation. | 0.4 | $610 | 244 |
| 3063 | 03/07/25 | JMT | Participate in deposition of the Attorney General "person most knowledgeable." | 5.8 | $1,050 | 6090 |

144

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3064 | 03/07/25 | JMT | Finalize and send errata sheet and signature pages for John and Jane Poe depositions to opposing counsel, | 0.4 | $1,050 | 420 |
| 3065 | 03/10/25 | JMT | Review Doe depositions and mark portions confidential. | 1.2 | $1,050 | 1260 |
| 3066 | 03/10/25 | KD | Finalize highly confidential / attorneys eyes only portions of deposition transcripts of Jane and John Doe; E-mail correspondence to opposing counsel with same. | 0.2 | $240 | 48 |
| 3067 | 03/10/25 | KD | E-mail correspondence to all counsel with call-in information for conference call with Mr. Jonna and Mr. Trissell. | 0.2 | $240 | 48 |
| 3068 | 03/10/25 | RM | Redact medical records from two providers for client Child POE for production to opposing counsel. | 2 | $240 | 480 |
| 3069 | 03/11/25 | RO | E-mail correspondences with Mr. Trissell regarding obtaining Child Poe's medical records from therapists ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; E-mail correspondence to ▇▇▇▇▇▇ regarding medical records; Telephone calls and e-mail correspondences to ▇▇▇▇▇ and ▇▇▇▇▇▇ regarding same. | 0.4 | $240 | 96 |
| 3070 | 03/11/25 | PMJ | Prepare for and participate in meet and confer conference call with CDE regarding 30(b)(6) deposition. | 0.6 | $1,368 | 820.8 |
| 3071 | 03/11/25 | JMT | Prepare for and participate in meet and confer telephone call with CDE over 30(b)(6) deposition. | 0.8 | $1,050 | 840 |
| 3072 | 03/11/25 | PMJ | Review e-mail correspondence to CDE regarding continued deposition of California Department of Education. | 0.2 | $1,368 | 273.6 |
| 3073 | 03/12/25 | JMT | Draft subpoena for renewed deposition of CDE. | 0.2 | $1,050 | 210 |
| 3074 | 03/13/25 | PMJ | Review draft updated deposition subpoena to CDE. | 0.2 | $1,368 | 273.6 |
| 3075 | 03/13/25 | JMT | Perform research for and prepare expert disclosures; Review information on Dr. Anderson and Dr. Szajnberg. | 1.6 | $1,050 | 1680 |
| 3076 | 03/14/25 | JMT | Review Child POE's medical records. | 1.4 | $1,050 | 1470 |
| 3077 | 03/14/25 | PMJ | E-mail correspondence with CDE regarding continued "person most knowledgeable" deposition. | 0.2 | $1,368 | 273.6 |
| 3078 | 03/14/25 | JMT | Work on first expert designations. | 0.6 | $1,050 | 630 |
| 3079 | 03/14/25 | JMT | Finalize subpoena for continued deposition of CDE; Draft joint ex parte application for leave to take deposition. | 0.4 | $1,050 | 420 |
| 3080 | 03/14/25 | KD | Finalize highly confidential / attorneys eyes only document production Bates Nos. POE000372 - POE000420, and redacted Child Poe subpoenaed DRQ documents received from the Attorney General, Bates Nos. DRQ-1 - DRQ-76; E-mail correspondence to opposing counsel with same. | 0.2 | $240 | 48 |
| 3081 | 03/14/25 | PMJ | Review draft report of Dr. Szajnberg and draft expert disclosures. | 0.2 | $1,368 | 273.6 |

145

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3082 | 03/14/25 | KD | E-mail correspondence to opposing counsel with DropBox link for document production Bates Nos. POE000372 - POE000420, and redacted Child Poe subpoenaed DRQ documents. | 0.2 | $240 | 48 |
| 3083 | 03/14/25 | PMJ | Review Attorney General's responses to request for production of documents regarding production of warning letters sent to the school districts. | 0.2 | $1,368 | 273.6 |
| 3084 | 03/14/25 | JMT | Review issues regarding collecting medical records of Child Poe; Send follow-up emails to treating therapists. | 0.4 | $1,050 | 420 |
| 3085 | 03/14/25 | PMJ | Review CDE's supplemental brief regarding mootness. | 0.2 | $1,368 | 273.6 |
| 3086 | 03/14/25 | KD | Review and finalize ex parte application for an extension of time to complete deposition of California Department of Education; File with Court; E-mail correspondence to Judge Torres with proposed order; E-mail correspondence to opposing counsel with ex parte application and proposed order. | 0.4 | $240 | 96 |
| 3087 | 03/15/25 | PMJ | Review ███████ therapy records for Child Poe. | 0.2 | $1,368 | 273.6 |
| 3088 | 03/17/25 | JMT | Review ███████ records for Child Poe for redaction and production. | 0.4 | $1,050 | 420 |
| 3089 | 03/17/25 | PMJ | Review e-mail correspondence from Attorney General's office regarding meet and confer on discovery requests. | 0.2 | $1,368 | 273.6 |
| 3090 | 03/17/25 | JMT | Draft reply to the CDE's supplemental briefing in support of motion to dismiss. | 3.4 | $1,050 | 3570 |
| 3091 | 03/17/25 | PMJ | Review and revise reply regarding CDE supplemental briefing regarding motion to dismiss. | 0.4 | $1,368 | 547.2 |
| 3092 | 03/17/25 | JMT | Redraft of reply regarding CDE motion to dismiss as moot. | 1.2 | $1,050 | 1260 |
| 3093 | 03/17/25 | PMJ | Review final edits to supplemental reply regarding CDE motion to dismiss briefing. | 0.2 | $1,368 | 273.6 |
| 3094 | 03/17/25 | KD | Review and finalize ex parte application for leave to file reply to California Department of Education's supplemental briefing; File with Court; E-mail correspondence to Judge Benitez with proposed order; E-mail correspondence to opposing counsel with ex parte application and proposed order. | 0.4 | $240 | 96 |
| 3095 | 03/18/25 | PMJ | Schedule telephone call with expert Dr. Szajnberg. | 0.2 | $1,368 | 273.6 |
| 3096 | 03/18/25 | JMT | Review and propose edits to Dr. Szajnberg expert report. | 4.6 | $1,050 | 4830 |
| 3097 | 03/18/25 | PMJ | Review CDE's response to motion to file reply regarding CDE motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 3098 | 03/19/25 | PMJ | Review slide deck with Escondido Union School District gender support plan process. | 0.2 | $1,368 | 273.6 |
| 3099 | 03/19/25 | PMJ | Follow-up with DOJ regarding filing a statement of interest. | 0.2 | $1,368 | 273.6 |

146

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3100 | 03/19/25 | JMT | Follow-up calls to ▮▮▮▮ and ▮▮▮▮ regarding therapy records for Child POE. | 0.2 | $1,050 | 210 |
| 3101 | 03/19/25 | BMM | Review and analyze U.S. Department of Justice's intervention in ▮▮▮▮ case ▮▮▮▮ ▮▮▮▮ ▮▮▮▮. | 0.2 | $610 | 122 |
| 3102 | 03/19/25 | KD | E-mail correspondence to opposing counsel with signature pages and errata sheets of Jane and John Doe for their deposition transcripts taken on January 27, 2025 | 0.2 | $240 | 48 |
| 3103 | 03/19/25 | PMJ | Telephone call with expert Dr. Szanberg regarding addendum to expert report. | 0.4 | $1,368 | 547.2 |
| 3104 | 03/19/25 | JMT | Conference call with expert Dr. Szajnberg regarding his expert testimony. | 0.4 | $1,050 | 420 |
| 3105 | 03/19/25 | JMT | Further research on gender identity for summary judgment motion. | 1.8 | $1,050 | 1890 |
| 3106 | 03/19/25 | JMT | Review ▮▮▮▮ therapy records for Child Poe. | 0.4 | $1,050 | 420 |
| 3107 | 03/19/25 | RM | Redact medical document for Child Poe. | 0.4 | $240 | 96 |
| 3108 | 03/19/25 | JMT | Begin drafting renewed motion for summary judgment. | 1.8 | $1,050 | 1890 |
| 3109 | 03/19/25 | KD | E-mail correspondence to opposing counsel with DropBox link for document production Bates Nos. POE000421 - POE000470, and redacted Child Poe subpoenaed DRQ documents. | 0.2 | $240 | 48 |
| 3110 | 03/20/25 | PMJ | Assess potential amicus support in case. | 0.2 | $1,368 | 273.6 |
| 3111 | 03/20/25 | JMT | Draft joint ex parte application for an order compelling production of Child Poe's therapy records. | 1.8 | $1,050 | 1890 |
| 3112 | 03/20/25 | JMT | Further review and proposed edits to Dr. Szajnberg declaration. | 3 | $1,050 | 3150 |
| 3113 | 03/20/25 | PMJ | Review Coast Guard ruling for notice of supplemental authority | 0.2 | $1,368 | 273.6 |
| 3114 | 03/20/25 | PMJ | Review and revise notice of supplemental authority regarding Jackson v. Noem case. | 0.2 | $1,368 | 273.6 |
| 3115 | 03/20/25 | JMT | Draft notice of supplemental authority. | 0.6 | $1,050 | 630 |
| 3116 | 03/20/25 | PMJ | Review and revise notice of supplemental authority in opposition to motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 3117 | 03/20/25 | PMJ | Review updated expert disclosures. | 0.2 | $1,368 | 273.6 |
| 3118 | 03/20/25 | KD | Review and finalize notice of supplemental authority in support of opposition to CDE's motion to dismiss as moot; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3119 | 03/20/25 | KD | Discussion with Mr. Trissell regarding adding expert curriculum vitae to the first expert designation; Finalize same and serve on opposing counsel with same. | 0.2 | $240 | 48 |
| 3120 | 03/21/25 | PMJ | Review media article regarding case. | 0.2 | $1,368 | 273.6 |

147

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3121 | 03/21/25 | JMT | Proposed edits to declaration of Dr. Nathan Szajnberg; Research regarding opposing experts Darlene Tando and Christine Brady. | 6.4 | $1,050 | 6720 |
| 3122 | 03/21/25 | PMJ | Review draft ex parte application for an order compelling production of Child POE therapy records; Review expert disclosures. | 0.2 | $1,368 | 273.6 |
| 3123 | 03/22/25 | PMJ | Review and analyze Roe v. Critchfield case. | 0.4 | $1,368 | 547.2 |
| 3124 | 03/24/25 | PMJ | Assess possible history and tradition analysis regarding motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 3125 | 03/24/25 | JMT | Send e-mail correspondence to Attorney Wessell with proposed ex parte regarding compelling production of therapy records from ███████ and ██████. | 0.2 | $1,050 | 210 |
| 3126 | 03/24/25 | PMJ | Follow-up e-mail correspondence with DOJ regarding filing a supporting brief. | 0.2 | $1,368 | 273.6 |
| 3127 | 03/24/25 | JMT | Draft CDE deposition outline. | 5 | $1,050 | 5250 |
| 3128 | 03/24/25 | PMJ | Review and analyze SCOTUS ruling in Lackey v. Stinnie regarding fee awards in 1983 cases. | 0.2 | $1,368 | 273.6 |
| 3129 | 03/25/25 | PMJ | Assess history and tradition analysis for summary judgement. | 0.2 | $1,368 | 273.6 |
| 3130 | 03/25/25 | JMT | Listen to recent podcast of our expert Erica Anderson. | 2 | $1,050 | 2100 |
| 3131 | 03/25/25 | JMT | Review book interviewing opposing expert Darlene Mando, "My Child Told me They're Trans... What do I do?" | 1 | $1,050 | 1050 |
| 3132 | 03/25/25 | JMT | Listen to Podcast selections of our expert Dr. Szajnberg. | 0.6 | $1,050 | 630 |
| 3133 | 03/25/25 | JMT | Draft deposition outline for CDE. | 0.2 | $1,050 | 210 |
| 3134 | 03/25/25 | PMJ | Assess strategy on expert discovery with team. | 0.2 | $1,368 | 273.6 |
| 3135 | 03/25/25 | JMT | Review and file joint ex parte application for an order compelling production of Child POE therapy records. | 0.2 | $1,050 | 210 |
| 3136 | 03/25/25 | JMT | Proposed edits to Dr. Szajnberg expert report. | 2.4 | $1,050 | 2520 |
| 3137 | 03/25/25 | PMJ | Assess expert discovery; Telephone call with counsel for ███████. | 0.2 | $1,368 | 273.6 |
| 3138 | 03/25/25 | PMJ | Prepare for continued deposition of CDE. | 0.4 | $1,368 | 547.2 |
| 3139 | 03/25/25 | JMT | Meeting with Mr. Jonna regarding outline for continued deposition of CDE. | 0.6 | $1,050 | 630 |
| 3140 | 03/25/25 | PMJ | Telephone call with Andrew Hayes regarding ████ ████████████. | 0.2 | $1,368 | 273.6 |
| 3141 | 03/25/25 | WTD | Conference with Mr. Trissell regarding opposing expert Darlene Tando; Review Attorney General's expert disclosure; Begin review of Ms. Tando's blog. | 2.2 | $450 | 990 |
| 3142 | 03/25/25 | WTD | Research and draft memorandum of expert deposition strategies and forward to Mr. Jonna. | 2 | $450 | 900 |
| 3143 | 03/26/25 | JMT | Review new Ninth Circuit opinion Roe v. Critchfield. | 0.8 | $1,050 | 840 |

148

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3144 | 03/26/25 | PMJ | Review treatise on history of parent and child rights in American jurisprudence. | 0.2 | $1,368 | 273.6 |
| 3145 | 03/26/25 | JMT | Edits to ex parte application for an order compelling production of Child POE therapy records. | 0.2 | $1,050 | 210 |
| 3146 | 03/27/25 | PMJ | Review and analyze Department of Education press release regarding CDE investigation. | 0.2 | $1,368 | 273.6 |
| 3147 | 03/27/25 | PMJ | Review and analyze Department of Education press release regarding CDE investigation and plan supplemental request for judicial notice. | 0.2 | $1,368 | 273.6 |
| 3148 | 03/27/25 | JMT | Finalize joint ex parte application for an order compelling production of Child POE therapy records. | 0.4 | $1,050 | 420 |
| 3149 | 03/27/25 | JMT | Draft ex parte application for supplemental request for judicial notice in opposition to motion to dismiss. | 0.4 | $1,050 | 420 |
| 3150 | 03/27/25 | PMJ | Prepare for continued CDE deposition. | 2.4 | $1,368 | 3283.2 |
| 3151 | 03/27/25 | KD | Review and finalize ex parte application for leave to submit supplemental request for judicial notice in opposition to motion to dismiss; File with Court; E-mail correspondence to Judge Benitez with proposed order; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3152 | 03/27/25 | KD | Finalize joint ex parte application for an order compelling production of Child Poe therapy records; File with Court; E-mail correspondence to Judge Torres with proposed order; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3153 | 03/27/25 | KD | Prepare amended proof of service for ex parte application for leave to submit supplemental request for judicial notice in opposition to motion to dismiss to include Attorney Stephanie Shin and ▮▮▮▮▮▮▮▮; File with Court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3154 | 03/27/25 | KD | E-mail correspondence to clients with link for the continued deposition of Richard Barrera for the California Department of Education. | 0.2 | $240 | 48 |
| 3155 | 03/27/25 | KD | E-mail correspondence to opposing counsel with link for the continued deposition of Richard Berrera for the California Department of Education. | 0.2 | $240 | 48 |
| 3156 | 03/27/25 | KD | E-mail correspondence to opposing counsel with signature pages and errata sheets of Elizabeth Mirabelli and Lori West for their deposition transcripts taken on January 7, 2025 | 0.2 | $240 | 48 |
| 3157 | 03/27/25 | PMJ | Take deposition of CDE. | 2 | $1,368 | 2736 |
| 3158 | 03/27/25 | JMT | Prepare for and participate in CDE deposition. | 4 | $1,050 | 4200 |
| 3159 | 03/27/25 | JMT | Review legal treatise Law & Jurisprudence in American History. | 0.2 | $1,050 | 210 |
| 3160 | 03/27/25 | PMJ | Review various articles regarding U.S. DOE investigation into CDE. | 0.2 | $1,368 | 273.6 |

149

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3161 | 03/27/25 | WTD | Review article regarding federal investigation into FERPA violations by California Department of Education. | 0.2 | $450 | 90 |
| 3162 | 03/27/25 | TGA | Searched online databases of 19th, 18th, and 17th century printed books (mostly treatises) and newspapers for material on parental and children's rights, particularly pertaining to schooling and health care. Aslo searched my own collection of legal treatises. Reviewed the sources I found. | 2 | $1,368 | 2736 |
| 3163 | 03/28/25 | PMJ | Review objection to ex parte application to file request for judicial notice by CDE. | 0.2 | $1,368 | 273.6 |
| 3164 | 03/28/25 | PMJ | Interview with ███████████ regarding ███ █████████████████. | 0.2 | $1,368 | 273.6 |
| 3165 | 03/28/25 | PMJ | Interview with ████████ regarding ████████ ████████. | 0.6 | $1,368 | 820.8 |
| 3166 | 03/28/25 | JMT | Review Darlene Tando's book, "The Conscious Parent's Guide to Gender Identity." | 0.2 | $1,050 | 210 |
| 3167 | 03/28/25 | PMJ | Review and analyze edits to Dr. Szanjberg's report. | 0.2 | $1,368 | 273.6 |
| 3168 | 03/28/25 | TGA | Searched online databases for published cases relating to parental rights and children's rights, as above, during the period before about 1830. Also searched books that transcribed early legal manuscripts (including case reports and treatises) for relevant material. Reviewed the sources I found. Started outlining my findings. | 2 | $1,368 | 2736 |
| 3169 | 03/29/25 | PMJ | Review ██████████ article regarding lawsuit. | 0.2 | $1,368 | 273.6 |
| 3170 | 03/29/25 | PMJ | Telephone calls and e-mail correspondence with ███ ██████ regarding Newsom gender secrecy statements. | 0.2 | $1,368 | 273.6 |
| 3171 | 03/29/25 | CSL | Review article on federal government review of state transgender policies in schools; Emails regarding same. | 0.6 | $1,512 | 907.2 |
| 3172 | 03/30/25 | PMJ | Respond to Governor Newsom press office tweet on gender secrecy policies. | 0.2 | $1,368 | 273.6 |
| 3173 | 03/31/25 | JMT | Review new journal articles on parental rights. | 0.2 | $1,050 | 210 |
| 3174 | 03/31/25 | PMJ | Follow-up posts on X regarding case status. | 0.4 | $1,368 | 547.2 |
| 3175 | 03/31/25 | PMJ | Telephone conference with Tom Ciesielka regarding ████████ interview. | 0.2 | $1,368 | 273.6 |
| 3176 | 03/31/25 | TGA | Searched for and reviewed secondary sources (some that I previously ordered from other libraries and others available in local libraries) relating to 18th-century parental and children's rights, as above. Continued outlining my findings. | 2 | $1,368 | 2736 |
| 3177 | 04/01/25 | PMJ | Review Judge Torres order regarding Child POE therapy records. | 0.2 | $1,368 | 273.6 |
| 3178 | 04/01/25 | PMJ | Review Assembly Speaker Robert Rivas' full comments on Protecting the Rights of Transgender Children. | 0.2 | $1,368 | 273.6 |

150

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3179 | 04/01/25 | JMT | Draft e-mail response to clerk regarding Child POE's therapy records. | 0.4 | $1,050 | 420 |
| 3180 | 04/01/25 | PMJ | Review and revise response to clerk regarding records requests to ▮▮▮▮▮ and ▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 3181 | 04/01/25 | PMJ | Revise e-mail correspondence to clerk regarding Child POE records. | 0.2 | $1,368 | 273.6 |
| 3182 | 04/01/25 | TGA | Continued reviewing historical sources and outlining my findings. | 2 | $1,368 | 2736 |
| 3183 | 04/02/25 | PMJ | Assess expert discovery and next steps. | 0.4 | $1,368 | 547.2 |
| 3184 | 04/02/25 | PMJ | Prepare for and participate in ▮▮▮▮▮▮▮▮ zoom meeting; Discuss case status with ▮▮▮▮ and Mr. Trissell. | 1 | $1,368 | 1368 |
| 3185 | 04/02/25 | PMJ | E-mail correspondence with ▮▮▮▮ and ▮▮▮▮ ▮▮▮▮ regarding potentially ▮▮▮▮▮ as defendants. | 0.2 | $1,368 | 273.6 |
| 3186 | 04/03/25 | JMT | Research into Judge Benitez's practice regarding allowing amicus briefs. | 0.2 | $1,050 | 210 |
| 3187 | 04/03/25 | JMT | Prepare subpoenas and serve on therapists ▮▮▮▮▮ and ▮▮▮▮. | 1 | $1,050 | 1050 |
| 3188 | 04/03/25 | JMT | Prepare rebuttal expert designations. | 0.4 | $1,050 | 420 |
| 3189 | 04/03/25 | PMJ | Review rebuttal expert designations and order regarding medical records. | 0.6 | $1,368 | 820.8 |
| 3190 | 04/03/25 | TGA | Finished memorandum and outline of my findings. | 2 | $1,368 | 2736 |
| 3191 | 04/04/25 | JMT | Review new opinion Regino v. Staley, and new documents from U.S. Department of Education. | 1 | $1,050 | 1050 |
| 3192 | 04/04/25 | BMM | Review and analyze appellate court decision in Regino v. Staley. | 0.4 | $610 | 244 |
| 3193 | 04/04/25 | PMJ | Review research from Tomas Gomez regarding history of parental rights. | 0.2 | $1,368 | 273.6 |
| 3194 | 04/07/25 | JMT | Telephone call with Attorney Shin regarding medical records of Child POE. | 0.2 | $1,050 | 210 |
| 3195 | 04/07/25 | KD | E-mail correspondence to opposing counsel with subpoena for production of documents on ▮▮▮▮ ▮▮▮▮. | 0.2 | $240 | 48 |
| 3196 | 04/07/25 | KD | Exchange e-mail correspondence to attorney service regarding custodian of records locations and service of subpoenas to ▮▮▮▮▮. | 0.2 | $240 | 48 |
| 3197 | 04/08/25 | PMJ | Review e-mail correspondence from Dr. Szajnberg regarding edits to his expert report. | 0.2 | $1,368 | 273.6 |
| 3198 | 04/08/25 | PMJ | Review correspondence from counsel for therapist ▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 3199 | 04/08/25 | PMJ | Review records produced by therapist ▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 3200 | 04/08/25 | RM | Redact and Bates-stamp Child POE's medical records from therapist ▮▮▮▮. | 0.6 | $240 | 144 |
| 3201 | 04/09/25 | PMJ | Prepare for and participate in ▮▮▮ interview. | 0.8 | $1,368 | 1094.4 |

151

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3202 | 04/09/25 | PMJ | Review e-mail correspondence with Attorney Shin regarding motion to compel records. | 0.2 | $1,368 | 273.6 |
| 3203 | 04/09/25 | JMT | E-mail correspondence to Attorney Shin regarding production of therapy records from ███████. | 0.2 | $1,050 | 210 |
| 3204 | 04/09/25 | JMT | Review and finalize redaction of therapy records from Child POE for therapist ████████ an for service on opposing counsel. | 0.6 | $1,050 | 630 |
| 3205 | 04/09/25 | KD | E-mail correspondence to opposing counsel with document production Bates Nos. POE000471 - POE000487, redacted Child POE therapy records subpoenaed records from ███████. | 0.2 | $240 | 48 |
| 3206 | 04/10/25 | JMT | Review order denying CDE's motion to dismiss; Review emails regarding same. | 0.4 | $1,050 | 420 |
| 3207 | 04/11/25 | PMJ | Review CDE motion to dismiss order and discuss next steps with team. | 0.4 | $1,368 | 547.2 |
| 3208 | 04/11/25 | PMJ | Review and respond to e-mail correspondence from Attorney Shin regarding production of records from therapist. | 0.2 | $1,368 | 273.6 |
| 3209 | 04/11/25 | PMJ | Review and analyze court's order denying CDE motion to dismiss and discuss same with team; Prepare statement in press release with TMS. | 0.4 | $1,368 | 547.2 |
| 3210 | 04/11/25 | PMJ | Assess next steps regarding challenging AB 1955 going forward. | 0.2 | $1,368 | 273.6 |
| 3211 | 04/11/25 | PMJ | Review and revise press release regarding CDE motion to dismiss. | 0.2 | $1,368 | 273.6 |
| 3212 | 04/11/25 | CSL | Review articles on new favorable ruling. | 0.4 | $1,512 | 604.8 |
| 3213 | 04/11/25 | WTD | Review order denying CDE's motion to dismiss. | 0.4 | $450 | 180 |
| 3214 | 04/14/25 | JMT | Review Attorney General's notice of supplemental authority. | 0.2 | $1,050 | 210 |
| 3215 | 04/14/25 | PMJ | Assess status and next steps regarding expert reports. | 0.2 | $1,368 | 273.6 |
| 3216 | 04/14/25 | PMJ | Review Regino v. Stayley Ninth Circuit Court of Appeals decision. | 0.2 | $1,368 | 273.6 |
| 3217 | 04/14/25 | BMM | Conference with Mr. Jonna and Mr. Trissell regarding case status. | 0.2 | $610 | 122 |
| 3218 | 04/15/25 | PMJ | Interview with ████████████ regarding case status. | 0.2 | $1,368 | 273.6 |
| 3219 | 04/15/25 | PMJ | Review memorandum from Tomas Gomez regarding parental rights. | 0.2 | $1,368 | 273.6 |
| 3220 | 04/15/25 | BMM | Review and analyze Regino v. Staley decision. | 0.4 | $610 | 244 |
| 3221 | 04/18/25 | JMT | Prepare for and participate in telephone call with Attorney Shin regarding production of minor therapy records. | 1 | $1,050 | 1050 |
| 3222 | 04/18/25 | PMJ | E-mail correspondence with Attorney Shin regarding court records. | 0.2 | $1,368 | 273.6 |
| 3223 | 04/18/25 | PMJ | Telephone conference with Attorney Shin regarding records and next steps. | 0.2 | $1,368 | 273.6 |
| 3224 | 04/21/25 | JMT | Review order dismissing CVUSD v. Newsom. | 0.2 | $1,050 | 210 |

152

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3225 | 04/21/25 | PMJ | Review order dismissing CVUSD v. Newsom. | 0.2 | $1,368 | 273.6 |
| 3226 | 04/22/25 | PMJ | Review Child POE therapy records from ███████. | 0.2 | $1,368 | 273.6 |
| 3227 | 04/22/25 | JMT | Review and redact Child POE therapy records from ███████ for production. | 0.6 | $1,050 | 630 |
| 3228 | 04/22/25 | KD | E-mail correspondence to opposing counsel with document production Bates Nos. POE000488 - POE000509, redacted Child Poe therapy records subpoenaed from ███████. | 0.2 | $240 | 48 |
| 3229 | 04/23/25 | PMJ | Review motion to dismiss ruling in Chino v. Newsom. | 0.2 | $1,368 | 273.6 |
| 3230 | 04/24/25 | PMJ | Correspond with clients regarding ███████. | 0.2 | $1,368 | 273.6 |
| 3231 | 04/24/25 | PMJ | Review and analyze expert Dr. Szajnberg deposition transcript from a different case. | 0.6 | $1,368 | 820.8 |
| 3232 | 04/25/25 | PMJ | Review errata sheet for DOJ "person most knowledgeable." | 0.2 | $1,368 | 273.6 |
| 3233 | 04/29/25 | PMJ | Assess expert discovery and next steps with team. | 0.2 | $1,368 | 273.6 |
| 3234 | 04/30/25 | PMJ | E-mail correspondence regarding appearance on ███████. | 0.2 | $1,368 | 273.6 |
| 3235 | 04/30/25 | PMJ | Telephone call with Attorney Sell at DOJ regarding filing a statement of interest. | 0.6 | $1,368 | 820.8 |
| 3236 | 04/30/25 | PCB | Telephone call with Attorney Sell at DOJ regarding filing a statement of interest. | 0.6 | $1,368 | 820.8 |
| 3237 | 04/30/25 | JMT | Review and edit expert reports of Dr. Szajnberg and Dr. Anderson. | 10 | $1,050 | 10500 |
| 3238 | 04/30/25 | PMJ | Review and respond to client e-mail correspondence regarding ███████. | 0.2 | $1,368 | 273.6 |
| 3239 | 04/30/25 | PMJ | Telephone conference with expert Dr. Szanjberg regarding his report. | 0.2 | $1,368 | 273.6 |
| 3240 | 04/30/25 | PMJ | Review and propose edits to expert Dr. Szajnberg report. | 0.4 | $1,368 | 547.2 |
| 3241 | 05/01/25 | PMJ | Additional proposed revisions to expert reports of experts Dr. Szajnberg and Dr. Anderson. | 0.4 | $1,368 | 547.2 |
| 3242 | 05/01/25 | JMT | Multiple telephone calls with expert Dr. Szajnberg; Additional edits to Dr. Szajnberg and Dr. Anderson's reports. | 10 | $1,050 | 10500 |
| 3243 | 05/01/25 | RO | Telephone call with Mr. Trissell regarding sending report via DocuSign to expert Dr. Anderson; Send report to Dr. Anderson via DocuSign; E-mail correspondences with Mr. Trissell regarding today's HHS publication. | 0.2 | $240 | 48 |
| 3244 | 05/01/25 | PMJ | Review and revise expert Dr. Szajnberg's report. | 1.2 | $1,368 | 1641.6 |
| 3245 | 05/01/25 | KD | Review and finalize expert reports of experts Dr. Szajnberg and Dr. Anderson; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3246 | 05/01/25 | CSL | E-mail correspondence regarding statistics on social transitioning. | 0.4 | $1,512 | 604.8 |
| 3247 | 05/02/25 | JMT | Research into content of expert disclosures. | 0.4 | $1,050 | 420 |

153

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3248 | 05/02/25 | PMJ | Review reports of defendants' experts. | 1 | $1,368 | 1368 |
| 3249 | 05/02/25 | PMJ | Review expert Dr. Szanjberg report and prior testimony. | 0.4 | $1,368 | 547.2 |
| 3250 | 05/06/25 | JMT | Prepare for and participate in lengthy telephone call with expert Dr. Anderson regarding rebuttal report. | 1.4 | $1,050 | 1470 |
| 3251 | 05/06/25 | JMT | Careful review of expert reports of Dr. Brady and Ms. Tando. | 1 | $1,050 | 1050 |
| 3252 | 05/06/25 | PMJ | Prepare for status conference and review Attorney General's consent order. | 0.2 | $1,368 | 273.6 |
| 3253 | 05/06/25 | JMT | Review next case deadlines; Research on expert discovery. | 0.6 | $1,050 | 630 |
| 3254 | 05/06/25 | JMT | Listen to defense expert Darlene Tando talk on gender identity, part 1 of 3. | 1 | $1,050 | 1050 |
| 3255 | 05/06/25 | JMT | Read defense expert Darlene Tando's book "My Child Told Me They're Trans…What Do I Do?" | 0.4 | $1,050 | 420 |
| 3256 | 05/07/25 | JMT | Review defense expert reports and send comprehensive e-mail correspondence to expert Dr. Anderson. | 3 | $1,050 | 3150 |
| 3257 | 05/07/25 | JMT | Research into next steps regarding expert discovery. | 1.4 | $1,050 | 1470 |
| 3258 | 05/07/25 | PMJ | Prepare for status conference. | 0.6 | $1,368 | 820.8 |
| 3259 | 05/07/25 | JMT | Telephone call with Mr. Jonna regarding next steps in case and preparation for case status conference. | 0.6 | $1,050 | 630 |
| 3260 | 05/07/25 | JMT | E-mail correspondence to clients regarding ███ ██████████████████████████ . | 0.2 | $1,050 | 210 |
| 3261 | 05/07/25 | JMT | E-mail correspondence to opposing counsel regarding expert depositions. | 0.2 | $1,050 | 210 |
| 3262 | 05/07/25 | WTD | Review Mr. Trissell's research regarding experts and studies. | 0.2 | $450 | 90 |
| 3263 | 05/08/25 | PMJ | Review client e-mail correspondence regarding ███ ██████ . | 0.2 | $1,368 | 273.6 |
| 3264 | 05/08/25 | JMT | Preparation for status conference. | 0.6 | $1,050 | 630 |
| 3265 | 05/09/25 | PMJ | Travel to and from and attend status conference with Judge Benitez. | 2.2 | $1,368 | 3009.6 |
| 3266 | 05/09/25 | JMT | Travel to and from and attend status conference in case; Review Darlene Tando's book while waiting before hearing. | 2.4 | $1,050 | 2520 |
| 3267 | 05/09/25 | RO | Discussion with Mr. Jonna and Mr. Trissell regarding WPATH hiding evidence, and attorney sanctions; Forward relevant e-mail correspondences to Mr. Jonna and Mr. Trissell. | 0.2 | $240 | 48 |
| 3268 | 05/09/25 | JMT | Review expert Dr. Laidlaw's report discussing problems with WPATH SOC8 from Boe v. Marshall. | 0.2 | $1,050 | 210 |
| 3269 | 05/09/25 | BMM | Review and analyze portions of Attorney General's motion for stay of summary judgement and forward same to Mr. Trissell for use at status conference. | 0.2 | $610 | 122 |

154

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3270 | 05/09/25 | CSL | Telephone conference with Mr. Jonna regarding status conference; E-mail correspondence regarding same. | 0.4 | $1,512 | 604.8 |
| 3271 | 05/12/25 | JMT | Review expert Dr. Anderson's draft rebuttal report. | 1.8 | $1,050 | 1890 |
| 3272 | 05/13/25 | JMT | Review new preliminary injunction ruling in S.E. v. Grey. | 0.4 | $1,050 | 420 |
| 3273 | 05/13/25 | PMJ | Review ruling in S.E. v. Grey. | 0.2 | $1,368 | 273.6 |
| 3274 | 05/13/25 | PMJ | Review and analyze federal district court opinion in WIlley v. Sweetwater School District on parental rights and free exercise. | 0.4 | $1,368 | 547.2 |
| 3275 | 05/13/25 | JMT | Edits to expert Dr. Anderson's rebuttal report. | 5 | $1,050 | 5250 |
| 3276 | 05/13/25 | PMJ | Review and respond to e-mail correspondence from Jane Poe regarding Child Poe's non-compliance letter. | 0.2 | $1,368 | 273.6 |
| 3277 | 05/14/25 | JMT | Edits to rebuttal report of expert Dr. Anderson. | 0.4 | $1,050 | 420 |
| 3278 | 05/14/25 | PMJ | Review defense expert reports to prepare for edits to our expert rebuttal reports. | 1.8 | $1,368 | 2462.4 |
| 3279 | 05/14/25 | JMT | Review expert Dr. Laidlaw declaration from the Boe v. Marshall litigation regarding WPATH malfeasance. | 0.4 | $1,050 | 420 |
| 3280 | 05/14/25 | JMT | Edits to expert Dr. Szajnberg's rebuttal report. | 2.2 | $1,050 | 2310 |
| 3281 | 05/14/25 | PMJ | Review and revise rebuttal report of expert Dr. Anderson. | 0.6 | $1,368 | 820.8 |
| 3282 | 05/15/25 | PMJ | Review and revise expert Dr. Szajnberg's declaration. | 0.2 | $1,368 | 273.6 |
| 3283 | 05/15/25 | PMJ | E-mail correspondence regarding expert deposition scheduling. | 0.2 | $1,368 | 273.6 |
| 3284 | 05/15/25 | JMT | Finalize experts Dr. Anderson and Dr. Szajnberg rebuttal reports; Telephone call with Dr. Anderson regarding report. | 4.2 | $1,050 | 4410 |
| 3285 | 05/15/25 | KD | Review and finalize rebuttal expert reports of Drs. Szajnberg and Anderson reports; Prepare same and upload to DropBox; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3286 | 05/16/25 | PMJ | Review and analyze supplemental report of defense expert Dr. Brady. | 0.2 | $1,368 | 273.6 |
| 3287 | 05/16/25 | PMJ | Review and analyze expert Dr. Laidlaw's declaration in Boe case regarding WPATH and SOC8; Review HHS report dated May 1, 2025 regarding same. | 0.6 | $1,368 | 820.8 |
| 3288 | 05/19/25 | REW | Telephone call with Mr. Trissell regarding deposition preparation of Drs. Szajnberg and Anderson. | 0.2 | $1,050 | 210 |
| 3289 | 05/19/25 | REW | E-mail correspondence to Mr. Trissell with sample deposition outlines. | 0.2 | $1,050 | 210 |
| 3290 | 05/19/25 | PMJ | E-mail correspondence regarding expert depositions. | 0.2 | $1,368 | 273.6 |
| 3291 | 05/19/25 | PMJ | E-mail correspondence with opposing counsel regarding expert deposition scheduling. | 0.2 | $1,368 | 273.6 |
| 3292 | 05/19/25 | PMJ | E-mail correspondence with experts regarding pre-deposition scheduling. | 0.2 | $1,368 | 273.6 |
| 3293 | 05/19/25 | PMJ | Telephone call with client Mirabelli regarding ██████ ████████████████████████. | 0.2 | $1,368 | 273.6 |

155

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3294 | 05/19/25 | JMT | Work on deposition outline for defense expert Dr. Christine Brady. | 6.8 | $1,050 | 7140 |
| 3295 | 05/19/25 | JMT | Review Darlene Tando's book "My Child Told Me They're Trans…What Do I Do?" in preparation of deposition outline. | 2.8 | $1,050 | 2940 |
| 3296 | 05/20/25 | PMJ | E-mail correspondence regarding deposition of defense expert Dr. Brady. | 0.2 | $1,368 | 273.6 |
| 3297 | 05/20/25 | PMJ | E-mail correspondence with Andrew Mirabelli regarding ███████████████████████. | 0.2 | $1,368 | 273.6 |
| 3298 | 05/20/25 | PMJ | Review article summarizing data regarding social transition by Dr. Andre Van Mol. | 0.2 | $1,368 | 273.6 |
| 3299 | 05/20/25 | PMJ | E-mail correspondence with client regarding ████████ ███████. | 0.2 | $1,368 | 273.6 |
| 3300 | 05/20/25 | JMT | Lengthy e-mail correspondence with Andrew Mirabelli regarding ███████████████████. | 0.4 | $1,050 | 420 |
| 3301 | 05/20/25 | JMT | Work on deposition outline for defense expert Dr. Brady. | 1.4 | $1,050 | 1470 |
| 3302 | 05/20/25 | PMJ | Pre-deposition conference call with expert Dr. Szanjberg. | 0.8 | $1,368 | 1094.4 |
| 3303 | 05/20/25 | JMT | Telephone conference with Dr. Szajnberg to prepare for deposition; Follow-up e-mail correspondence with materials to review. | 1.2 | $1,050 | 1260 |
| 3304 | 05/20/25 | PMJ | Assess ████████████████ for client Mirabelli. | 0.2 | $1,368 | 273.6 |
| 3305 | 05/21/25 | PMJ | Review e-mail correspondence from client regarding ████████████████. | 0.2 | $1,368 | 273.6 |
| 3306 | 05/21/25 | KD | Review e-mail correspondence and telephone call with Mr. Trissell regarding obtaining expert deposition transcript in another case; Telephone call to Nelson Reporting regarding same. | 0.2 | $240 | 48 |
| 3307 | 05/21/25 | PMJ | E-mail correspondence with opposing counsel regarding expert depositions. | 0.2 | $1,368 | 273.6 |
| 3308 | 05/21/25 | JMT | Continue working on deposition outline for defense expert Dr. Brady. | 7 | $1,050 | 7350 |
| 3309 | 05/21/25 | JMT | Respond to Andrew Mirabelli's e-mail correspondence regarding ████████████. | 0.2 | $1,050 | 210 |
| 3310 | 05/22/25 | PMJ | Multiple e-mail correspondence and telephone calls regarding expert depositions. | 0.2 | $1,368 | 273.6 |
| 3311 | 05/22/25 | JMT | Continue working on deposition outline for defense expert Dr. Brady. | 6.4 | $1,050 | 6720 |
| 3312 | 05/22/25 | JMT | Telephone call with Andrew Mirabelli regarding ███ ████████████. | 0.2 | $1,050 | 210 |
| 3313 | 05/23/25 | JMT | Continue working on deposition outline for defense expert Dr. Brady. | 3 | $1,050 | 3150 |
| 3314 | 05/23/25 | RO | Discussions with Mr. Jonna regarding defense expert "gender case manager;" E-mail correspondences to Mr. Jonna and Mr. Trissell regarding same. | 0.2 | $240 | 48 |

156

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3315 | 05/23/25 | REW | Telephone calls with Mr. Jonna regarding deposition strategy for defense expert. | 0.2 | $1,050 | 210 |
| 3316 | 05/23/25 | PMJ | Prepare for deposition of defense expert Dr. Brady. | 1 | $1,368 | 1368 |
| 3317 | 05/23/25 | JMT | Meeting with Mr. Jonna regarding deposition of defense expert Dr. Brady. | 1 | $1,050 | 1050 |
| 3318 | 05/23/25 | PMJ | Review documents to prepare for defense expert Dr. Brady's deposition | 0.4 | $1,368 | 547.2 |
| 3319 | 05/23/25 | PMJ | Prepare for expert depositions of Drs. Szajnberg and Anderson. | 0.6 | $1,368 | 820.8 |
| 3320 | 05/23/25 | REW | Prepare collection of deposition materials from transgender med-mal cases in support of deposition of expert. | 1 | $1,050 | 1050 |
| 3321 | 05/23/25 | JMT | Prepare expert deposition subpoenas for Dr. Brady and Darlene Tando. | 1.2 | $1,050 | 1260 |
| 3322 | 05/23/25 | JMT | Respond to opposing counsel with subpoenas for experts; Send opposing party's subpoenas to our experts with instructions. | 0.8 | $1,050 | 840 |
| 3323 | 05/23/25 | PMJ | Review and revise draft subpoenas to experts. | 0.2 | $1,368 | 273.6 |
| 3324 | 05/25/25 | PMJ | Review suggested edits to deposition outline for defense expert Dr. Brady focusing on scientific studies from Kaiser litigation. | 0.2 | $1,368 | 273.6 |
| 3325 | 05/26/25 | PMJ | Review multiple e-mail correspondence from expert Dr. Szajnberg. | 0.2 | $1,368 | 273.6 |
| 3326 | 05/27/25 | JMT | Prepare for and participate in pre-deposition conference call with expert Dr. Anderson. | 1.4 | $1,050 | 1470 |
| 3327 | 05/27/25 | PMJ | Pre-deposition conference call with expert Dr. Anderson. | 1.2 | $1,368 | 1641.6 |
| 3328 | 05/27/25 | JMT | Prepare for depositions; E-mail correspondence to expert Dr. Szajnberg with deposition link; E-mail correspondence to clients with same; Prepare material from record for expert Dr. Anderson. | 0.4 | $1,050 | 420 |
| 3329 | 05/27/25 | PMJ | Pre-deposition conference call with expert Dr. Szajnberg. | 1 | $1,368 | 1368 |
| 3330 | 05/27/25 | JMT | Continue working on deposition outlines for defense experts Dr. Brady and Darlene Tando. | 2 | $1,050 | 2100 |
| 3331 | 05/27/25 | JMT | Pre-deposition conference call with expert Dr. Szajnberg. | 1 | $1,050 | 1050 |
| 3332 | 05/27/25 | JMT | Review and gather Dr. Szajnberg's emails for production to opposing counsel. | 0.8 | $1,050 | 840 |
| 3333 | 05/27/25 | PMJ | Prepare for expert depositions of Drs. Anderson and Szajnberg. | 0.2 | $1,368 | 273.6 |
| 3334 | 05/27/25 | KD | E-mail correspondence to expert Dr. Szajnberg with plaintiffs' first and rebuttal expert designations for review. | 0.2 | $240 | 48 |
| 3335 | 05/27/25 | PMJ | Prepare for defense expert Dr. Brady deposition; Review key documents to prepare for expert Dr. Szajnberg's deposition. | 1.2 | $1,368 | 1641.6 |

157

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3336 | 05/27/25 | CSL | Legal research regarding expert witness depositions; Conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 3337 | 05/28/25 | PMJ | Defend deposition of expert Dr. Szajnberg. | 7 | $1,368 | 9576 |
| 3338 | 05/28/25 | JMT | Continue working on deposition outlines for defense experts Dr. Brady and Darlene Tando. | 1 | $1,050 | 1050 |
| 3339 | 05/28/25 | JMT | Prepare for and participate in deposition of expert Dr. Szajnberg. | 4.6 | $1,050 | 4830 |
| 3340 | 05/28/25 | CSL | E-mail correspondence on Roe v. Critchfield appellate decision; Conference with Mr. Jonna regarding same. | 0.4 | $1,512 | 604.8 |
| 3341 | 05/28/25 | JMM | Attend deposition of expert Dr. Szajnberg. | 4.4 | $1,368 | 6019.2 |
| 3342 | 05/29/25 | PMJ | Review and analyze expert Dr. Anderson's deposition transcript in L.B. v. Premera Blue Cross case. | 0.2 | $1,368 | 273.6 |
| 3343 | 05/29/25 | PMJ | Review amended opinion in Roe v. Critchfield. | 0.2 | $1,368 | 273.6 |
| 3344 | 05/29/25 | PMJ | Prepare for deposition of defense expert Dr. Brady. | 0.2 | $1,368 | 273.6 |
| 3345 | 05/29/25 | PMJ | Pre-deposition telephone call with expert Dr. Anderson. | 0.6 | $1,368 | 820.8 |
| 3346 | 05/29/25 | JMT | Telephone conference with expert Dr. Anderson to prepare for deposition. | 0.4 | $1,050 | 420 |
| 3347 | 05/29/25 | JMT | Participate in pre-deposition conference call with expert Dr. Anderson and Mr. Jonna. | 0.6 | $1,050 | 630 |
| 3348 | 05/29/25 | JMT | Prepare file documents for production to opposing counsel on behalf of expert Dr. Anderson. | 1.4 | $1,050 | 1470 |
| 3349 | 05/29/25 | PMJ | Review and revise deposition outline for defense expert Dr. Brady. | 2.4 | $1,368 | 3283.2 |
| 3350 | 05/29/25 | JMT | Continue working on deposition outline for defense expert Darlene Tando. | 2.6 | $1,050 | 2730 |
| 3351 | 05/30/25 | PMJ | Defend deposition of expert Dr. Anderson. | 4.8 | $1,368 | 6566.4 |
| 3352 | 05/30/25 | JMT | Prepare for and participate in deposition of expert Dr. Anderson. | 5 | $1,050 | 5250 |
| 3353 | 05/30/25 | PMJ | Review videos of defense expert Darlene Tando to prepare for deposition. | 0.2 | $1,368 | 273.6 |
| 3354 | 05/30/25 | PMJ | Continue to prepare for deposition of defense expert Dr. Brady. | 0.4 | $1,368 | 547.2 |
| 3355 | 05/30/25 | JMT | Continue working on deposition outline for defense expert Darlene Tando. | 6 | $1,050 | 6300 |
| 3356 | 05/30/25 | BMM | Review and analyze videos produced by defense expert Darlene Tando. | 0.2 | $610 | 122 |
| 3357 | 05/30/25 | CSL | Telephone conference with Mr. Jonna regarding scope of testimony of expert. | 0.2 | $1,512 | 302.4 |
| 3358 | 05/30/25 | CSL | E-mail correspondence and research on social transitions. | 0.6 | $1,512 | 907.2 |
| 3359 | 05/30/25 | JMM | Attend deposition of expert Dr. Anderson. | 4.8 | $1,368 | 6566.4 |
| 3360 | 05/31/25 | PMJ | Additional preparation for defense expert Dr. Brady deposition. | 1.8 | $1,368 | 2462.4 |
| 3361 | 05/31/25 | CSL | E-mail correspondence on anticipated U.S. Supreme court case on parental rights; Review article regarding same. | 0.4 | $1,512 | 604.8 |

158

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3362 | 05/31/25 | CSL | Review research on harms of social transitioning; E-mail correspondence regarding same. | 0.6 | $1,512 | 907.2 |
| 3363 | 05/31/25 | CSL | E-mail correspondence regarding questions for defense expert witnesses at depositions. | 0.8 | $1,512 | 1209.6 |
| 3364 | 06/01/25 | PMJ | Continue to prepare for deposition of defense expert Dr. Christine Brady. | 1.2 | $1,368 | 1641.6 |
| 3365 | 06/01/25 | CSL | E-mail correspondence regarding additional questions for defense expert witnesses at depositions. | 0.4 | $1,512 | 604.8 |
| 3366 | 06/02/25 | PMJ | Review and analyze e-mail correspondence from expert Dr. Anderson regarding the deposition of defense expert Dr. Brady. | 0.2 | $1,368 | 273.6 |
| 3367 | 06/02/25 | PMJ | Assess motion to exclude defense duplicative experts Dr. Brady and Darlene Tando. | 0.2 | $1,368 | 273.6 |
| 3368 | 06/02/25 | JMT | Edits to defense expert Dr. Brady's deposition outline. | 3.6 | $1,050 | 3780 |
| 3369 | 06/02/25 | PMJ | Review file documents produced by defense experts Dr. Brady and Darlene Tando. | 0.4 | $1,368 | 547.2 |
| 3370 | 06/02/25 | PMJ | Review edits to deposition outline of defense expert Dr. Brady. | 0.2 | $1,368 | 273.6 |
| 3371 | 06/02/25 | PMJ | Prepare for defense expert depositions of Dr. Brady and Darlene Tando. | 0.2 | $1,368 | 273.6 |
| 3372 | 06/02/25 | JMT | Continue working on deposition outline for defense expert Darlene Tando. | 4.8 | $1,050 | 5040 |
| 3373 | 06/03/25 | PMJ | Prepare for defense expert Dr. Brady deposition. | 1.2 | $1,368 | 1641.6 |
| 3374 | 06/03/25 | PMJ | Take afternoon session of the deposition of defense expert Dr. Brady. | 3 | $1,368 | 4104 |
| 3375 | 06/03/25 | KD | E-mail correspondence to court reporter with a copy of form proof of service. | 0.2 | $240 | 48 |
| 3376 | 06/03/25 | WTD | Attend and assist Mr. Jonna and Mr. Trissell with Zoom deposition of defense expert Dr. Brady; Conference with Mr. Jonna and Mr. Trissell regarding same. | 1.8 | $450 | 810 |
| 3377 | 06/03/25 | JMT | Continue working on deposition outline for defense expert Darlene Tando. | 3.8 | $1,050 | 3990 |
| 3378 | 06/03/25 | JMT | Prepare for and participate in defense expert Dr. Christine Brady's deposition. | 7.4 | $1,050 | 7770 |
| 3379 | 06/03/25 | PMJ | Take morning session of the deposition of defense expert Dr. Brady. | 4.6 | $1,368 | 6292.8 |
| 3380 | 06/03/25 | PMJ | E-mail correspondence with team regarding the deposition of defense expert Dr. Brady. | 0.2 | $1,368 | 273.6 |
| 3381 | 06/03/25 | CSL | Telephone conference with Mr. Jonna regarding deposition of defense expert; E-mail correspondence regarding same. | 0.6 | $1,512 | 907.2 |
| 3382 | | JMM | Attend deposition of the defense expert Dr. Brady. | 7.4 | $1,368 | 10123 |
| 3383 | 06/04/25 | PMJ | Review draft deposition outline for defense expert Darlene Tando. | 0.2 | $1,368 | 273.6 |

159

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3384 | 06/04/25 | JMT | Respond to e-mail correspondence from Andrew Mirabelli regarding ██████████████. | 0.2 | $1,050 | 210 |
| 3385 | 06/04/25 | JMT | E-mail correspondence to opposing counsel regarding deposition start time. | 0.2 | $1,050 | 210 |
| 3386 | 06/04/25 | JMT | Review invoices from experts for their depositions. | 0.2 | $1,050 | 210 |
| 3387 | 06/04/25 | PMJ | E-mail correspondence with expert Dr. Anderson regarding defense expert Darlene Tando's deposition. | 0.2 | $1,368 | 273.6 |
| 3388 | 06/04/25 | PMJ | Prepare for deposition of defense expert Darlene Tando. | 1 | $1,368 | 1368 |
| 3389 | 06/04/25 | KD | Review e-mail correspondence and telephone call with Mr. Trissell regarding experts Drs. Szajnberg and Anderson's deposition invoices; E-mail correspondence to Dr. Anderson requesting W-9. | 0.4 | $240 | 96 |
| 3390 | 06/04/25 | KD | E-mail correspondence to opposing counsel with expert deposition invoices and W-9s for Drs. Szajnberg and Anderson. | 0.2 | $240 | 48 |
| 3391 | 06/04/25 | PMJ | Prepare for deposition of defense expert Darlene Tando. | 1.4 | $1,368 | 1915.2 |
| 3392 | 06/04/25 | PMJ | Review and respond to client e-mail correspondence regarding ██████████████ ████████. | 0.2 | $1,368 | 273.6 |
| 3393 | 06/04/25 | KD | Review multiple emails regarding the start time for the deposition of defense expert Darlene Tando; E-mail correspondence to court reporter with new start time. | 0.2 | $240 | 48 |
| 3394 | 06/05/25 | PMJ | Review proposed questions for defense expert Darlene Tando's deposition from expert Dr. Anderson. | 0.2 | $1,368 | 273.6 |
| 3395 | 06/05/25 | PMJ | Telephone call with expert Dr. Anderson to prepare for deposition of defense expert Darlene Tando. | 0.8 | $1,368 | 1094.4 |
| 3396 | 06/05/25 | JMT | Telephone conference with expert Dr. Anderson regarding depositions of defense experts. | 0.8 | $1,050 | 840 |
| 3397 | 06/05/25 | PMJ | Review documents produced by opposing counsel on behalf of defense expert Darlene Tando. | 0.2 | $1,368 | 273.6 |
| 3398 | 06/05/25 | JMT | Edits to deposition outline for defense expert Darlene Tando. | 1.6 | $1,050 | 1680 |
| 3399 | 06/06/25 | PMJ | Take the morning session of the deposition of defense expert Darlene Tando; Debrief regarding same. | 3.4 | $1,368 | 4651.2 |
| 3400 | 06/06/25 | WTD | Attend and assist Mr. Jonna and Mr. Trissell in the deposition of defense expert Darlene Tando. | 1.4 | $450 | 630 |
| 3401 | 06/06/25 | BMM | Attend deposition of defense expert Darlene Tando. | 1.8 | $610 | 1098 |
| 3402 | 06/06/25 | PMJ | Take afternoon session of the deposition of defense expert Darlene Tando. | 4.4 | $1,368 | 6019.2 |
| 3403 | 06/06/25 | CSL | Conference with Mr. Jonna regarding depositions of defense experts; Research regarding harms of chest binding. | 0.6 | $1,512 | 907.2 |

160

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3404 | 06/06/25 | WTD | Review Olson-Kennedy research paper on Mental and Emotional Health of Youth; Prepare notes on same for Darlene Tando's deposition. | 0.6 | $450 | 270 |
| 3405 | 06/06/25 | JMM | Attend deposition of defense expert Darlene Tando. | 7.6 | $1,368 | 10397 |
| 3406 | 06/11/25 | KD | Review and respond to e-mail correspondence from opposing counsel's office requesting review and signature of STD204 forms for experts Drs. Szajnberg and Anderson; Review forms; E-mail correspondence to Drs. Szajnberg and Anderson with same. | 0.4 | $240 | 96 |
| 3407 | 06/11/25 | KD | Review e-mail correspondence from opposing counsel's office requesting payment of fees for defense expert Dr. Brady; Forward same to TMS accountant James O'Connor with same. | 0.2 | $240 | 48 |
| 3408 | 06/11/25 | KD | Review e-mails from experts Drs. Szajnberg and Anderson with signed STD204 forms; Forward same to opposing counsel's office with same. | 0.2 | $240 | 48 |
| 3409 | 06/11/25 | JMT | Telephone conference with expert Dr. Anderson regarding expert depositions. | 0.6 | $1,050 | 630 |
| 3410 | 06/11/25 | PMJ | Telephone call with expert Dr. Anderson regarding recap of deposition of defense expert Darlene Tando and next steps. | 0.6 | $1,368 | 820.8 |
| 3411 | 06/11/25 | JMT | Receive and review deposition transcript of expert Dr. Anderson; Forward same to Dr. Anderson with instructions regarding corrections. | 0.2 | $1,050 | 210 |
| 3412 | 06/11/25 | KD | Prepare attorney hours chart and forward to Mr. Trissell for use in mandatory settlement conference brief. | 0.2 | $240 | 48 |
| 3413 | 06/11/25 | JMT | Draft mandatory settlement conference brief. | 0.4 | $1,050 | 420 |
| 3414 | 06/11/25 | PMJ | E-mail correspondence with expert Dr. Anderson regarding corrections to deposition transcript. | 0.2 | $1,368 | 273.6 |
| 3415 | 06/12/25 | KD | Review e-mail correspondence from opposing counsel's office requesting a formal invoice for expert Dr. Szajnberg; Prepare formal invoice and forward to Dr. Szajnberg for review. | 0.4 | $240 | 96 |
| 3416 | 06/12/25 | KD | Review e-mail correspondence from opposing counsel's office requesting payment of fees for defense expert Darlene Tando and follow-up on payment for Dr. Brady; Forward same to James O'Connor with same. | 0.2 | $240 | 48 |
| 3417 | 06/13/25 | KD | Review e-mail correspondence from expert Dr. Szajnberg regarding formal invoice; E-mail correspondence to opposing counsel's office with same for payment. | 0.2 | $240 | 48 |
| 3418 | 06/16/25 | PMJ | E-mail correspondence with client regarding ██████ ████████████. | 0.2 | $1,368 | 273.6 |
| 3419 | 06/16/25 | KD | E-mail correspondence to all clients regarding ██ ██████████████████████████. | 0.2 | $240 | 48 |

161

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3420 | 06/16/25 | KD | Review e-mail correspondence from opposing counsel rejecting experts Drs. Anderson and Szajnberg's deposition invoices because they did not have the name of their companies; E-mail correspondence to Dr. Anderson with revised invoice and to Dr. Szajnberg requesting the name of his company. | 0.4 | $240 | 96 |
| 3421 | 06/16/25 | JMT | Draft mandatory settlement conference brief. | 1.2 | $1,050 | 1260 |
| 3422 | 06/16/25 | PMJ | Review e-mail correspondence regarding expert deposition invoices. | 0.2 | $1,368 | 273.6 |
| 3423 | 06/16/25 | PMJ | Telephone call with ████████ regarding ████ talk regarding Mirabelli case. | 0.8 | $1,368 | 1094.4 |
| 3424 | 06/16/25 | PMJ | Telephone conference with client regarding ████ ████████. | 0.2 | $1,368 | 273.6 |
| 3425 | 06/17/25 | KD | Review file for deposition transcripts, signature page, and errata sheets; Update deposition chart regarding same. | 0.4 | $240 | 96 |
| 3426 | 06/17/25 | KD | Prepare costs incurred chart and forward to Mr. Trissell for use in mandatory settlement conference brief. | 0.4 | $240 | 96 |
| 3427 | 06/17/25 | JMT | Continue working on mandatory settlement conference brief. | 2 | $1,050 | 2100 |
| 3428 | 06/18/25 | PMJ | Assess impact of Skrmetti decision on case. | 0.4 | $1,368 | 547.2 |
| 3429 | 06/18/25 | PMJ | Review e-mail correspondence from Andrew Mirabelli regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 3430 | 06/18/25 | JMT | Review U.S. v. Skrmetti. | 2 | $1,050 | 2100 |
| 3431 | 06/18/25 | PMJ | Prepare for mandatory settlement conference with Andrew and Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 3432 | 06/18/25 | JMT | Continue working on mandatory settlement conference brief. | 1.4 | $1,050 | 1470 |
| 3433 | 06/18/25 | KD | E-mail correspondence to all clients regarding ████████████ ████. | 0.2 | $240 | 48 |
| 3434 | 06/18/25 | PMJ | Review and revise mandatory settlement conference brief. | 0.8 | $1,368 | 1094.4 |
| 3435 | 06/18/25 | PMJ | Review and analyze Skrmetti ruling. | 0.6 | $1,368 | 820.8 |
| 3436 | 06/18/25 | PMJ | Review and analyze Skrmetti case. | 0.4 | $1,368 | 547.2 |
| 3437 | 06/23/25 | PMJ | Prepare for and participate in pre-mandatory settlement conference call with clients. | 1 | $1,368 | 1368 |
| 3438 | 06/23/25 | JMT | Meeting with clients in advance of mandatory settlement conference. | 1.2 | $1,050 | 1260 |
| 3439 | 06/24/25 | JMT | Gather material to send to Matt Heffron for him to work on Daubert motion. | 0.8 | $1,050 | 840 |
| 3440 | 06/25/25 | PMJ | Participate in mandatory settlement conference with clients. | 4 | $1,368 | 5472 |
| 3441 | 06/25/25 | JMT | Prepare for and participate in mandatory settlement conference. | 4 | $1,050 | 4200 |
| 3442 | 06/25/25 | PMJ | Review and revise draft editorial on the case. | 0.2 | $1,368 | 273.6 |

162

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|-----|------|-------|-------------|-----|------|------|
| 3443 | 06/25/25 | KD | Review e-mail correspondence from opposing counsel regarding rejection of experts Drs. Anderson and Szajnberg's deposition invoices because it was not address to the DOJ; Revise invoices; E-mail correspondence to Dr. Anderson and Dr. Szajnberg with revised invoices and approval to send to opposing counsel; E-mail correspondence to Jin Nam with same. | 0.4 | $240 | 96 |
| 3444 | 06/26/25 | PMJ | Review edits to draft oped. | 0.2 | $1,368 | 273.6 |
| 3445 | 06/27/25 | JMT | Review Mahmoud v. Taylor. | 0.6 | $1,050 | 630 |
| 3446 | 06/27/25 | PMJ | Review and analyze syllabus of Mahmoud decision. | 0.2 | $1,368 | 273.6 |
| 3447 | 06/27/25 | CSL | Review and analysis of U.S. Supreme court case on parental rights in education of children; Telephone conference with Mr. Trissell and Mr. Jonna regarding same. | 1.6 | $1,512 | 2419.2 |
| 3448 | 06/28/25 | PMJ | Review and revise oped article on the case. | 1 | $1,368 | 1368 |
| 3449 | 06/30/25 | PMJ | Review and analyze Mahmoud v Taylor. | 1.2 | $1,368 | 1641.6 |
| 3450 | 06/30/25 | JMT | Review Mahmoud v. Taylor. | 0.8 | $1,050 | 840 |
| 3451 | 06/30/25 | WTD | Review deposition transcripts of Poe and Doe families in preparation for drafting declarations; Review and revise Jane and John Poe declarations according to new information identified in their individual deposition transcripts; Begin revision of Jane and John Doe declarations. | 3.2 | $450 | 1440 |
| 3452 | 06/30/25 | JMT | Being drafting motion for summary judgment. | 3.4 | $1,050 | 3570 |
| 3453 | 06/30/25 | WTD | Draft Jane and John Doe declarations for motion for summary judgment. | 1.4 | $450 | 630 |
| 3454 | 06/30/25 | CSL | Conference with Mr. Jonna regarding effect of class action injunction; Conference with Mr. Trissell regarding same. | 0.4 | $1,512 | 604.8 |
| 3455 | 07/01/25 | JMT | Continue working on renewed motion for summary judgment. | 3 | $1,050 | 3150 |
| 3456 | 07/01/25 | JMT | Draft Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 3.4 | $1,050 | 3570 |
| 3457 | 07/01/25 | KD | Exchange follow-up e-mail correspondence to opposing counsel regarding payment of experts Drs. Anderson and Szajnberg's deposition invoices. | 0.2 | $240 | 48 |
| 3458 | 07/02/25 | JMT | Conference with Mr. Duke regarding drafting updated declarations for all clients. | 0.4 | $1,050 | 420 |
| 3459 | 07/02/25 | PMJ | Participate in ▮▮▮▮▮▮▮ webinar. | 0.4 | $1,368 | 547.2 |
| 3460 | 07/02/25 | JMT | Review Dr. Anderson's deposition transcript and errata sheet to confirm no further changes are necessary. | 1.8 | $1,050 | 1890 |
| 3461 | 07/02/25 | WTD | Conference with Mr. Trissell regarding edits to clients' declarations; E-mail correspondence with Mr. Trissell regarding same. | 0.4 | $450 | 180 |
| 3462 | 07/03/25 | PMJ | Review recent authority in Wood v. Florida Department of Education case. | 0.2 | $1,368 | 273.6 |

163

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3463 | 07/03/25 | PMJ | Review SCOTUS ruling in Montana v. Planned Parenthood case. | 0.2 | $1,368 | 273.6 |
| 3464 | 07/03/25 | JMT | Research new Planned Parenthood v. Montana case and add to summary judgment briefing. | 0.4 | $1,050 | 420 |
| 3465 | 07/03/25 | JMT | Review new 11th Circuit Court of Appeal pronoun case, Wood v. Fla. Dep't of Educ. | 0.4 | $1,050 | 420 |
| 3466 | 07/03/25 | WTD | Review deposition transcripts of Jane and John Doe identifying additional information for updated declarations. | 1.4 | $450 | 630 |
| 3467 | 07/03/25 | PCB | Email about new case Montana v. Planned Parenthood. | 0.2 | $1,368 | 273.6 |
| 3468 | 07/04/25 | PMJ | Review PRISM training materials. | 0.2 | $1,368 | 273.6 |
| 3469 | 07/07/25 | JMT | Continue working on Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 0.4 | $1,050 | 420 |
| 3470 | 07/07/25 | PMJ | Telephone conference with Andrew Mirabelli regarding ███████████████████. | 0.2 | $1,368 | 273.6 |
| 3471 | 07/07/25 | JMT | Continue working on Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 7.6 | $1,050 | 7980 |
| 3472 | 07/07/25 | PMJ | Telephone call with Elizabeth Mirabelli regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 3473 | 07/07/25 | WTD | Review e-mail correspondence from Mr. Jonna regarding PRISM training materials; Prepare summary of same. | 0.6 | $450 | 270 |
| 3474 | 07/07/25 | WTD | Continue review of John and Jane Doe deposition transcripts; Revise declarations with additional information. | 2.2 | $450 | 990 |
| 3475 | 07/07/25 | WTD | Conference with Mr. Trissell regarding status of Does and Poes declarations; Begin review of Jane and John Poe deposition transcripts identifying additional information to include in motion for summary judgment declarations. | 1.4 | $450 | 630 |
| 3476 | 07/08/25 | JMT | Continue working on Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 7.2 | $1,050 | 7560 |
| 3477 | 07/08/25 | WTD | Complete review of Jane and John Poe deposition transcripts; Revise declarations to include additional information; E-mail correspondence with Mr. Trissell regarding same. | 2.4 | $450 | 1080 |
| 3478 | 07/09/25 | JMT | Continue drafting renewed motion for summary judgment. | 5 | $1,050 | 5250 |
| 3479 | 07/09/25 | PMJ | Assess renewed motion for summary judgment and Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 3480 | 07/09/25 | JMT | Review Dr. Szajnberg deposition transcript for possible confidentiality designations. | 1.4 | $1,050 | 1470 |

164

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3481 | 07/09/25 | WTD | Telephone conference with Mr. Trissell regarding updating plaintiffs Jane Roe and Jane Boe declarations; Begin reviewing deposition transcripts regarding same. | 1.8 | $450 | 810 |
| 3482 | 07/09/25 | MFH | Daubert Motion: Analyze and revise; emails. | 4.8 | $1,278 | |
| 3483 | 07/10/25 | JMT | Continue working on renewed motion for summary judgment. | 6.2 | $1,050 | 6510 |
| 3484 | 07/10/25 | PMJ | Attend ▇▇ webinar regarding Mahmoud decision. | 0.6 | $1,368 | 820.8 |
| 3485 | 07/10/25 | PMJ | E-mail correspondence with opposing counsel regarding expert depositions. | 0.2 | $1,368 | 273.6 |
| 3486 | 07/10/25 | PMJ | Review and revise Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 0.4 | $1,368 | 547.2 |
| 3487 | 07/10/25 | WTD | Continue review of Jane Boe and Jane Roe deposition transcripts; Revise declarations for same. | 2.8 | $450 | 1260 |
| 3488 | 07/10/25 | WTD | Review and revise Jane Boe and Jane Roe declarations to include section detailing the burden the school policies have placed on each; Review deposition transcripts for information regarding same. | 1.4 | $450 | 630 |
| 3489 | 07/10/25 | MFH | Daubert Motion: Analyze and revise. | 4.1 | $1,278 | |
| 3490 | 07/11/25 | PMJ | Review lawsuit filed by Trump DOJ against CDE. | 0.2 | $1,368 | 273.6 |
| 3491 | 07/11/25 | PMJ | Review and analyze edits to Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady from Matt Heffron. | 0.2 | $1,368 | 273.6 |
| 3492 | 07/11/25 | JMT | Continue working on renewed motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 3493 | 07/11/25 | PMJ | Review Dr. Szajnberg errata sheet to his deposition transcript. | 0.2 | $1,368 | 273.6 |
| 3494 | 07/11/25 | PMJ | Follow-up regarding potential interview regarding case status with ▇▇▇. | 0.2 | $1,368 | 273.6 |
| 3495 | 07/11/25 | JMT | Work on reviewing discovery and preparing exhibits for renewed motion for summary judgment; Begin comprehensive review of all deposition transcripts of defense witnesses. | 8 | $1,050 | 8400 |
| 3496 | 07/11/25 | WTD | Begin review of deposition transcript of Elizabeth Mirabelli to identify additional information for draft declaration in support of renewed motion for summary judgment. | 1.8 | $450 | 810 |
| 3497 | 07/11/25 | WTD | Draft declaration of Elizabeth Mirabelli in support of renewed motion for summary judgment. | 1.6 | $450 | 720 |
| 3498 | 07/11/25 | WTD | Draft declaration of Lori Ann West in support of renewed motion for summary judgment. | 1.8 | $450 | 810 |
| 3499 | 07/11/25 | WTD | Begin review of deposition transcript of Lori Ann West to identify additional information for draft declaration in support of renewed motion for summary judgment. | 2 | $450 | 900 |

165

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3500 | 07/11/25 | MFH | Daubert Motion: Analyze and revise; emails with Jeff Trissell. | 2.7 | $1,278 | 3450.6 |
| 3501 | 07/12/25 | PMJ | Review and revise client declarations in support of renewed motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 3502 | 07/12/25 | JMT | Continue working on renewed motion for summary judgment; Incorporate into brief historical information from memorandum prepared by Professor Tomas Arestegui and continue review of depositions. | 9.8 | $1,050 | 10290 |
| 3503 | 07/12/25 | CSL | E-mail correspondence regarding evidence in support of renewed motion for summary judgment. | 0.4 | $1,512 | 604.8 |
| 3504 | 07/12/25 | MFH | Daubert Motion: Analyze and revise. | 1.3 | $1,278 | |
| 3505 | 07/13/25 | JMT | Continue working on renewed motion for summary judgment; Continue reviewing depositions and incorporating into brief. | 6.8 | $1,050 | 7140 |
| 3506 | 07/14/25 | JMT | Continue working on renewed motion for summary judgment; Continue reviewing deposition transcripts. | 5.8 | $1,050 | 6090 |
| 3507 | 07/14/25 | PMJ | Review draft letter from Elizabeth Mirabelli to Audrey Frank regarding EUSD letters of recommendation. | 0.2 | $1,368 | 273.6 |
| 3508 | 07/14/25 | PMJ | Team meeting to prepare for ███████████ and mediation regarding renewed summary judgment motion hearing. | 0.8 | $1,368 | 1094.4 |
| 3509 | 07/14/25 | PMJ | Review updated declaration of Jane Roe in support of renewed motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 3510 | 07/14/25 | PMJ | Review edits to Poes declarations. | 0.2 | $1,368 | 273.6 |
| 3511 | 07/14/25 | JMT | Further edits to client declarations in support of renewed motion for summary judgment. | 1.8 | $1,050 | 1890 |
| 3512 | 07/14/25 | JMT | Further edits to Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 1 | $1,050 | 1050 |
| 3513 | 07/14/25 | KD | Exchange e-mail correspondence with Dr. Szajnberg regarding deadline date for leaving the country and payment of outstanding deposition testimony, wiring information, and Zelle QR code. | 0.2 | $240 | 48 |
| 3514 | 07/14/25 | CSL | View Podcast on ███████████████ ██████. | 0.6 | $1,512 | 907.2 |
| 3515 | 07/14/25 | WTD | Review and revise draft declarations for Ms. West and Ms. Mirabelli; Review deposition transcripts regarding same; E-mail correspondence with Mr. Trissell regarding same. | 1.4 | $450 | 630 |
| 3516 | 07/14/25 | WTD | Review Mr. Trissell's revisions to plaintiffs' declarations in support of renewed motion for summary judgment; Incorporate similar changes into other declarations. | 1.2 | $450 | 540 |
| 3517 | 07/14/25 | MFH | Daubert Motion: Review expert opinions; continuing revision of brief. | 5.3 | $1,278 | 6773.4 |
| 3518 | 07/15/25 | PMJ | Telephone conference with ██████ regarding ██████ ███████████. | 0.2 | $1,368 | 273.6 |

166

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3519 | 07/15/25 | PMJ | Review and revise renewed motion for summary judgment. | 0.4 | $1,368 | 547.2 |
| 3520 | 07/15/25 | JMT | Additional edits to Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 3.8 | $1,050 | 3990 |
| 3521 | 07/15/25 | PMJ | Review and revise renewed motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 3522 | 07/15/25 | KD | Follow-up e-mail correspondence to Attorney Bunshoft regarding payment of experts Drs. Anderson and Szajnberg's deposition invoices and payment by Zelle or wire. | 0.2 | $240 | 48 |
| 3523 | 07/15/25 | JMT | Draft renewed motion for class certification. | 1.4 | $1,050 | 1470 |
| 3524 | 07/15/25 | JMT | Edits to declarations of Elizabeth Mirabelli and Lori West in support of renewed motion for summary judgment; Continue working on renewed motion for class certification. | 4.6 | $1,050 | 4830 |
| 3525 | 07/15/25 | PMJ | Review and revise renewed motion for summary judgment. | 1 | $1,368 | 1368 |
| 3526 | 07/15/25 | KD | Telephone call with Attorney Bunshoft regarding confirmation of approval of experts Drs. Anderson and Szajnberg's deposition invoices and request to revise the payee data record form for Dr. Anderson; E-mail correspondence to Dr. Anderson regarding same. | 0.4 | $240 | 96 |
| 3527 | 07/15/25 | WTD | Review and incorporate Mr. Trissell's edits to declarations of Elizabeth Mirabelli and Lori West; E-mail correspondence with Mr. Trissell regarding same. | 0.8 | $450 | 360 |
| 3528 | 07/15/25 | WTD | Review Mr. Trissell's e-mail correspondence from July 11, 2025 and begin review of draft renewed motion for summary judgment. | 1.2 | $450 | 540 |
| 3529 | 07/15/25 | MFH | Daubert Motion: Review expert opinions. | 1.8 | $1,278 | |
| 3530 | 07/16/25 | PMJ | Review and revise Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 1.2 | $1,368 | 1641.6 |
| 3531 | 07/16/25 | RO | Prepare table of authorities for motion to exclude defendants' experts Christine Brady and DarleneTando; Telephone calls with Mr. Trissell regarding same. | 1.2 | $240 | 288 |
| 3532 | 07/16/25 | PMJ | Review and revise Elizabeth Mirabelli declaration in support of renewed motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 3533 | 07/16/25 | PMJ | Review and revise Lori West declaration in support of renewed motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 3534 | 07/16/25 | JMT | Continue working on renewed motion for class certification, renewed motion for summary judgment, Daubert motion; Finalize and ensure all are filed. | 11.4 | $1,050 | 11970 |
| 3535 | 07/16/25 | PMJ | Review and revise press release regarding renewed motion for summary judgment. | 0.6 | $1,368 | 820.8 |

167

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3536 | 07/16/25 | PMJ | Review and revise motion for class certification. | 1.4 | $1,368 | 1915.2 |
| 3537 | 07/16/25 | PMJ | Review and revise notice of manual filing and ex parte application to seal. | 0.2 | $1,368 | 273.6 |
| 3538 | 07/16/25 | PMJ | Review and revise Paul Jonna declaration in support of renewed motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 3539 | 07/16/25 | PMJ | Review edits to Elizabeth Mirabelli declaration from client. | 0.2 | $1,368 | 273.6 |
| 3540 | 07/16/25 | PMJ | Review EUSD motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 3541 | 07/16/25 | RO | Telephone calls with Ms. Denworth and Mr. Duke regarding filing Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady; Review final versions of same; File and serve same. | 0.6 | $240 | 144 |
| 3542 | 07/16/25 | PMJ | Review declaration of Paul Jonna in support of Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady. | 0.2 | $1,368 | 273.6 |
| 3543 | 07/16/25 | KD | Prepare table of authorities for clients' renewed motion for summary judgment. | 7 | $240 | 1680 |
| 3544 | 07/16/25 | KD | Prepare Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady; Prepare emails to Judge Benitez with proposed orders; Prepare emails to opposing counsel with all motions; Prepare DropBox link for same. | 0.8 | $240 | 192 |
| 3545 | 07/16/25 | PMJ | Review final edits to class certification motion. | 0.2 | $1,368 | 273.6 |
| 3546 | 07/16/25 | PMJ | Review and revise renewed motion for summary judgment papers. | 0.6 | $1,368 | 820.8 |
| 3547 | 07/16/25 | KD | Review and finalize renewed motion for class certification, notice, memorandum of points and authorities, declaration of Paul Jonna, and proposed order; File with court; E-mail correspondence to Judge Benitez with proposed order; E-mail correspondence to opposing counsel with same. | 0.8 | $240 | 192 |
| 3548 | 07/16/25 | KD | Review and finalize renewed motion for summary judgment and supporting documents; Correct Exhibits F&G; File with court; E-mail correspondence to Judge Benitez with proposed order; Email to opposing counsel with same. | 1.4 | $240 | 336 |
| 3549 | 07/16/25 | PMJ | Review and revise renewed motion for summary judgment. | 1 | $1,368 | 1368 |
| 3550 | 07/16/25 | KD | Review and finalize ex parte application to seal manually filed videos in support of renewed motion for motion for summary judgment, redacted exhibits, and proposed order; File with court; E-mail correspondence to Judge Benitez with proposed order; Email to opposing counsel with same. | 0.6 | $240 | 144 |

168

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3551 | 07/16/25 | KD | Begin preparing Daubert motion to exclude testimony of defendants' experts Darlene Tando and Christine Brady for filing with court; Discussion with Ms. Oakley regarding same. | 0.4 | $240 | 96 |
| 3552 | 07/16/25 | WTD | Draft ex parte application to seal Rincon Middle School surveillance footage of Lori West. | 1.6 | $450 | 720 |
| 3553 | 07/16/25 | WTD | Draft notice of manual filing for Rincon Middle School footage of Lori West. | 0.8 | $450 | 360 |
| 3554 | 07/16/25 | WTD | Review and revise record citations in various motion; Conference with Mr. Trissell regarding same. | 3.6 | $450 | 1620 |
| 3555 | 07/16/25 | WTD | Review and revise record citations in renewed motion for summary judgment. | 0.6 | $450 | 270 |
| 3556 | 07/16/25 | WTD | Draft and revise Paul Jonna declaration in support of renewed motion for summary judgment; Conference with Mr. Trissell and Mr. Muldowney regarding same. | 1.6 | $450 | 720 |
| 3557 | 07/16/25 | WTD | Compile and organize all exhibits to declaration of Paul Jonna into volumes; Conference with Mr. Trissell and Mr. Muldowney regarding same. | 3.8 | $450 | 1710 |
| 3558 | 07/16/25 | RM | Prepare table of authorities for memorandum of points and authorities in support of motion for class certification. | 0.8 | $240 | 192 |
| 3559 | 07/16/25 | RM | Prepare declaration of Paul Jonna regarding authentication of exhibits; Prepare exhibits for same. | 1.6 | $240 | 384 |
| 3560 | 07/16/25 | CSL | Review e-mail correspondence regarding multiple court filings. | 0.4 | $1,512 | 604.8 |
| 3561 | 07/16/25 | KD | Exchange emails and text messages regarding filing of all motions. | 0.2 | $240 | 48 |
| 3562 | 07/17/25 | KD | Review and respond to e-mail correspondence from Joe Barnas requesting conformed copies of file documents; Prepare same. | 0.4 | $240 | 96 |
| 3563 | 07/17/25 | JMT | Review and edit press release for renewed motion for summary judgment filings. | 0.2 | $1,050 | 210 |
| 3564 | 07/17/25 | PMJ | Assess case deadlines and lack of motion for summary judgment from state; Outline letter to State regarding settlement and next steps. | 0.2 | $1,368 | 273.6 |
| 3565 | 07/17/25 | JMT | Draft settlement meet and confer letter. | 0.6 | $1,050 | 630 |
| 3566 | 07/17/25 | PMJ | Review and revise letter to CDE and Attorney General regarding settlement. | 0.4 | $1,368 | 547.2 |
| 3567 | 07/17/25 | PMJ | Telephone conference with client regarding ▮▮▮▮▮▮▮. | 0.2 | $1,368 | 273.6 |
| 3568 | 07/17/25 | JMT | Edits to settlement meet and confer letter. | 0.4 | $1,050 | 420 |
| 3569 | 07/17/25 | KD | Discussion with Mr. Jonna and Mr. Trissell regarding proposed order excluding testimony of defendants' experts Darlene Tando and Christine Brady; Finalize same and forward to Judge Benitez and opposing counsel. | 0.2 | $240 | 48 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3570 | 07/17/25 | KD | Review e-mail correspondence from Mr. Jonna regarding motion(s) filed; Discussion with Ms. Oakley regarding same and proposed order for motion to exclude. | 0.2 | $240 | 48 |
| 3571 | 07/17/25 | PMJ | Review voicemail message from Attorney Spence regarding extension of briefing schedule and discuss same with team. | 0.2 | $1,368 | 273.6 |
| 3572 | 07/17/25 | PMJ | Review and revise letter regarding settlement and continuance of hearing. | 0.4 | $1,368 | 547.2 |
| 3573 | 07/17/25 | KD | Review and respond to e-mail correspondence from court reporter Adrian Baule with hearing transcript request for the May 9, 2025 status conference; Prepare form. | 0.2 | $240 | 48 |
| 3574 | 07/17/25 | CSL | Review letter to opposing counsel regarding settlement; Conference with Mr. Jonna regarding same; E-mail correspondence regarding briefing schedule. | 0.4 | $1,512 | 604.8 |
| 3575 | 07/17/25 | WTD | Review correspondence to Attorney Spence regarding settlement. | 0.4 | $450 | 180 |
| 3576 | 07/17/25 | WTD | Listen to voicemail message from Attorney Spence regarding possible extension; Review e-mail correspondence with Attorney Spence regarding same. | 0.4 | $450 | 180 |
| 3577 | 07/18/25 | PMJ | E-mail correspondence with opposing counsel and team regarding renewed motion for summary judgment hearing date. | 0.2 | $1,368 | 273.6 |
| 3578 | 07/18/25 | PMJ | Review hearing transcript from May 9, 2025 status conference. | 0.2 | $1,368 | 273.6 |
| 3579 | 07/18/25 | PMJ | Respond to reporter from ▮▮▮▮▮▮ regarding status of case. | 0.2 | $1,368 | 273.6 |
| 3580 | 07/18/25 | PMJ | Review substack article on Dr. Anderson; Discuss same with team. | 0.4 | $1,368 | 547.2 |
| 3581 | 07/19/25 | PMJ | Follow-up e-mail correspondence with experts regarding payment of invoices. | 0.2 | $1,368 | 273.6 |
| 3582 | 07/19/25 | KD | Review multiple emails between Dr. Anderson and Mr. Jonna regarding payment of deposition invoice and opposing counsel's request for revision to the payee data record form; Discussion with Mr. Jonna regarding same. | 0.4 | $240 | 96 |
| 3583 | 07/21/25 | PMJ | Assess status of Foote v. Town of Ludlow petition for certiorari and next steps. | 0.2 | $1,368 | 273.6 |
| 3584 | 07/21/25 | PMJ | Review defense expert Darlene Tando deposition errata sheet. | 0.2 | $1,368 | 273.6 |
| 3585 | 07/21/25 | PMJ | Prepare outline for renewed motion for summary judgment hearing. | 0.2 | $1,368 | 273.6 |
| 3586 | 07/21/25 | JMT | Review changes to defense expert Darlene Tando deposition transcript. | 0.2 | $1,050 | 210 |
| 3587 | 07/21/25 | PMJ | Continue working on outline for renewed motion for summary judgment hearing. | 0.4 | $1,368 | 547.2 |
| 3588 | 07/21/25 | JMT | Review Foote v. Town of Ludlow petition for certiorari. | 0.8 | $1,050 | 840 |

170

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3589 | 07/21/25 | JMT | Review EUSD motion for summary judgment. | 0.2 | $1,050 | 210 |
| 3590 | 07/21/25 | JMT | Draft opposition to ex parte application to continue hearing on motion for summary judgment and supporting motions. | 0.8 | $1,050 | 840 |
| 3591 | 07/22/25 | PMJ | Review Attorney General's motion to continue summary judgment hearing. | 0.2 | $1,368 | 273.6 |
| 3592 | 07/22/25 | KD | Revise Dr. Anderson's payee data record form; E-mail correspondence to Mr. Jonna for review and draft e-mail correspondence to Attorney Bunshoft regarding same and canceling Dr. Szajnberg's payment. | 0.2 | $240 | 48 |
| 3593 | 07/22/25 | PMJ | Follow-up regarding expert payments for deposition testimony. | 0.2 | $1,368 | 273.6 |
| 3594 | 07/22/25 | PMJ | Assess opposition to ex parte application to continue hearings. | 0.2 | $1,368 | 273.6 |
| 3595 | 07/22/25 | JMT | Continue working on opposition to ex parte application to continue the hearing. | 2 | $1,050 | 2100 |
| 3596 | 07/22/25 | PMJ | Review order granting ex parte application to continue hearing and assess next steps. | 0.2 | $1,368 | 273.6 |
| 3597 | 07/22/25 | PMJ | E-mail correspondence regarding expert payments for deposition testimony. | 0.2 | $1,368 | 273.6 |
| 3598 | 07/22/25 | JMT | Review Olympus Spa v. Armstrong case. | 0.6 | $1,050 | 630 |
| 3599 | 07/22/25 | KD | Exchange e-mail correspondence with Attorney Bunshoft regarding canceling Dr. Szajnberg's payment and reimbursing our office. | 0.2 | $240 | 48 |
| 3600 | 07/22/25 | KD | Exchange e-mail correspondence with Dr. Szajnberg regarding email from opposing counsel regarding payment being expedited and reimbursement to our office if payment is received from opposing counsel. | 0.2 | $240 | 48 |
| 3601 | 07/22/25 | KD | Discussion with Mr. Jonna regarding payment to Dr. Szajnberg via Zelle. | 0.2 | $240 | 48 |
| 3602 | 07/23/25 | KD | Review and respond to e-mail correspondence from Attorney Bunshoft confirming a check was sent to Dr. Szajnberg' on July 21, 2025. | 0.2 | $240 | 48 |
| 3603 | 07/23/25 | KD | E-mail correspondence to Dr. Szajnberg confirming that opposing counsel sent payment on July 21, 2025 and request for reimbursement of previous payment sent. | 0.2 | $240 | 48 |
| 3604 | 07/23/25 | JMT | Research for opposition to EUSD's motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 3605 | 07/24/25 | PMJ | Review new Ninth Circuit Court of Appeals authority Bates v. Pakseresht. | 0.2 | $1,368 | 273.6 |
| 3606 | 07/24/25 | JMT | Review new case from the Ninth Circuit Court of Appeals Bates v. Pakseresht. | 0.8 | $1,050 | 840 |
| 3607 | 07/24/25 | KD | Review and respond to e-mail correspondence from Attorney Bunshoft confirming Dr. Anderson's deposition payment was being sent via Federal Express today; E-mail correspondence to Dr. Anderson regarding same. | 0.2 | $240 | 48 |

171

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3608 | 07/25/25 | JMT | Research for reply in support of renewed motion for summary judgment. | 0.8 | $1,050 | 840 |
| 3609 | 07/26/25 | KD | Follow-up e-mail correspondence to Dr. Szajnberg regarding receipt of deposition check from opposing counsel. | 0.2 | $240 | 48 |
| 3610 | 07/28/25 | PMJ | Review updates regarding new authority. | 0.2 | $1,368 | 273.6 |
| 3611 | 07/28/25 | JMT | Review Lee v. Poudre School District case and cert petition. | 0.2 | $1,050 | 210 |
| 3612 | 07/28/25 | JMT | Review various new cases from the Ninth Circuit, International Partners for Ethical Care v. Ferguson, Burch v. City of Chubbuck, and Khatibi v. Hawkins cases. | 1 | $1,050 | 1050 |
| 3613 | 07/29/25 | JMT | Review new case Lavigne v. Great Salt Bay Community School Board. | 0.2 | $1,050 | 210 |
| 3614 | 08/04/25 | JMT | Review new parental rights case, In re: L.M. | 0.2 | $1,050 | 210 |
| 3615 | 08/05/25 | JMT | Review new California Court of Appeal case Wimber v. Scott. | 0.6 | $1,050 | 630 |
| 3616 | 08/06/25 | JMT | Respond to e-mail correspondence from Joan Mannix regarding case status. | 0.2 | $1,050 | 210 |
| 3617 | 08/07/25 | JMT | Review new cases, Kluge v. Brownsburg and Munoz v. University of California. | 1 | $1,050 | 1050 |
| 3618 | 08/08/25 | JMT | Review new Blair v. Appomatox Schools case. | 0.4 | $1,050 | 420 |
| 3619 | 08/08/25 | PMJ | Review new Fourth Circuit case Blair v Appomattox County Schools. | 0.2 | $1,368 | 273.6 |
| 3620 | 08/08/25 | PMJ | Prepare for case interview with Elizabeth Mirabelli. | 0.2 | $1,368 | 273.6 |
| 3621 | 08/08/25 | PMJ | Prepare for TMS interview regarding case. | 0.2 | $1,368 | 273.6 |
| 3622 | 08/12/25 | JMT | Review new Brandt v. Griffin case. | 0.2 | $1,050 | 210 |
| 3623 | 08/13/25 | CSL | Conference with Mr. Jonna regarding upcoming hearing and potential trial. | 0.2 | $1,512 | 302.4 |
| 3624 | 08/15/25 | JMT | Review new gender identity cases Sandoval v. Pali Institute and People v. Zarazua. | 0.8 | $1,050 | 840 |
| 3625 | 08/17/25 | PMJ | Review e-mail correspondence regarding new gender ideology case Sandoval v. Pali Institute. | 0.2 | $1,368 | 273.6 |
| 3626 | 08/18/25 | JMT | E-mail correspondence to Andrew and Elizabeth Mirabelli regarding ███████████ ██████. | 0.2 | $1,050 | 210 |
| 3627 | 08/18/25 | PMJ | Review draft e-mail correspondence to Audrey Frank regarding letters of recommendation. | 0.2 | $1,368 | 273.6 |
| 3628 | 08/20/25 | JMT | Draft opposition to EUSD's motion for summary judgment. | 1.8 | $1,050 | 1890 |
| 3629 | 08/20/25 | JMT | E-mail correspondence to client regarding ████████. | 0.2 | $1,050 | 210 |
| 3630 | 08/21/25 | PMJ | Review client e-mail correspondence regarding ███████████████████████ ██████. | 0.2 | $1,368 | 273.6 |

172

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3631 | 08/21/25 | PMJ | Review and respond to e-mail correspondence from opposing counsel regarding ex parte motion for 50-page limit for State defendants' joint motion for summary judgment opposition. | 0.2 | $1,368 | 273.6 |
| 3632 | 08/25/25 | CSL | Review article on petition for certiorari in Foote v. Town of Ludlow. | 0.4 | $1,512 | 604.8 |
| 3633 | 08/29/25 | JMT | Telephone conference with ███████ regarding case status. | 0.6 | $1,050 | 630 |
| 3634 | 09/02/25 | PMJ | Review Attorney General's ex parte application for leave to file oversized memoranda. | 0.2 | $1,368 | 273.6 |
| 3635 | 09/02/25 | JMT | Draft opposition to EUSD motion for summary judgment. | 4.4 | $1,050 | 4620 |
| 3636 | 09/03/25 | JMT | Continue working on opposition to EUSD motion for summary judgment. | 7.6 | $1,050 | 7980 |
| 3637 | 09/04/25 | JMT | Continue working on opposition to EUSD motion for summary judgment. | 4.8 | $1,050 | 5040 |
| 3638 | 09/05/25 | JMT | Continue working on opposition to EUSD motion for summary judgment. | 4.2 | $1,050 | 4410 |
| 3639 | 09/05/25 | PMJ | Review and revise motion for summary judgment opposition. | 0.6 | $1,368 | 820.8 |
| 3640 | 09/06/25 | PMJ | Review and revise opposition to EUSD motion for summary judgment. | 1.4 | $1,368 | 1915.2 |
| 3641 | 09/06/25 | JMT | Edits to opposition to EUSD's motion for summary judgment; Draft declarations of Elizabeth Mirabelli and Lori West. | 2.6 | $1,050 | 2730 |
| 3642 | 09/07/25 | PMJ | Review and revise edits to opposition to EUSD motion for summary judgment. | 0.4 | $1,368 | 547.2 |
| 3643 | 09/08/25 | PMJ | Review edits to motion for summary judgment opposition from Attorney Coughlin. | 0.2 | $1,368 | 273.6 |
| 3644 | 09/08/25 | JMT | Finalize opposition to EUSD motion for summary judgment; Draft declarations and evidentiary objections. | 5.4 | $1,050 | 5670 |
| 3645 | 09/08/25 | PMJ | Review case management order issued by the court. | 0.2 | $1,368 | 273.6 |
| 3646 | 09/08/25 | KD | Review and finalize opposition to EUSD's motion for summary judgment and supporting papers; File with court; E-mail correspondence to opposing counsel with same; E-mail correspondence to copy service to have courtesy copy delivered to Judge Benitez. | 0.4 | $240 | 96 |
| 3647 | 09/09/25 | PMJ | Review final edits to opposition to EUSD motion for summary judgment | 0.2 | $1,368 | 273.6 |
| 3648 | 09/09/25 | JMT | Draft opposition to motion to seal. | 2.2 | $1,050 | 2310 |
| 3649 | 09/09/25 | JMT | Review Daubert motion and opposition; Begin outlining reply. | 1.2 | $1,050 | 1260 |
| 3650 | 09/09/25 | JMT | Review motion for class certification and opposition to same; Begin outlining reply. | 1 | $1,050 | 1050 |
| 3651 | 09/09/25 | JMT | Review State defendants' opposition to motion for summary judgment. | 1.2 | $1,050 | 1260 |

173

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3652 | 09/09/25 | JMT | Review objections to evidence and evidence submitted by defendants regarding summary judgment; Begin drafting our objections | 2 | $1,050 | 2100 |
| 3653 | 09/09/25 | PMJ | Assess motion for summary judgment, class certification, and next steps. | 0.2 | $1,368 | 273.6 |
| 3654 | 09/10/25 | PMJ | Review and respond to e-mail correspondence from John Poe regarding ███████████ position on use of preferred pronouns for 2025-2026 school year. | 0.2 | $1,368 | 273.6 |
| 3655 | 09/10/25 | JMT | Further drafting of objections to CDE evidence. | 1.8 | $1,050 | 1890 |
| 3656 | 09/10/25 | JMT | Draft reply in support of motion for summary judgment. | 4.8 | $1,050 | 5040 |
| 3657 | 09/10/25 | PMJ | Review and analyze motion for summary judgment opposition filed by Attorney General. | 0.2 | $1,368 | 273.6 |
| 3658 | 09/10/25 | KD | Review order from court regarding creating an index for all motions filed; Discussion with Mr. Trissell regarding same; Beigin preparing indexes for renewed motion for summary judgment, renewed class certification, motion to exclude testimony on defendants experts, and ex parte application to seal. | 0.4 | $240 | 96 |
| 3659 | 09/11/25 | PMJ | Review and analyze Attorney General's opposition to motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 3660 | 09/11/25 | JMT | Draft reply in support of motion for summary judgment. | 9.4 | $1,050 | 9870 |
| 3661 | 09/11/25 | PMJ | Review and analyze Attorney General's opposition to motion for summary judgment. | 0.2 | $1,368 | 273.6 |
| 3662 | 09/11/25 | PMJ | Review and analyze motion for summary judgment opposition, Daubert opposition, and class certification opposition. | 0.8 | $1,368 | 1094.4 |
| 3663 | 09/11/25 | PMJ | Review and analyze motion for summary judgment briefing. | 0.6 | $1,368 | 820.8 |
| 3664 | 09/12/25 | JMT | Draft reply in support of motion for summary judgment. | 1.4 | $1,050 | 1470 |
| 3665 | 09/12/25 | PMJ | Review and revise reply in support of motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 3666 | 09/12/25 | JMT | Draft reply in support of motion for class certification; Draft reply in support of Daubert motion. | 6.2 | $1,050 | 6510 |
| 3667 | 09/12/25 | KD | Continue working on indexes for court regarding renewed motion for summary judgment and renewed class certification; E-mail correspondence to Mr. Trissell with same for review; e-mail correspondence to copy service to include with courtesy copies. | 0.4 | $240 | 96 |
| 3668 | 09/12/25 | PMJ | Assess motion for summary judgment reply and next steps. | 0.2 | $1,368 | 273.6 |
| 3669 | 09/12/25 | PMJ | Review and analyze motion for summary judgment briefing | 1.4 | $1,368 | 1915.2 |
| 3670 | 09/13/25 | PMJ | Review and revise reply in support of motion for class certification. | 1.2 | $1,368 | 1641.6 |

174

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3671 | 09/13/25 | PMJ | Review and revise Daubert reply, opposition to motion to seal, and reply in support of motion for class certification. | 0.6 | $1,368 | 820.8 |
| 3672 | 09/13/25 | JMT | Draft replies in support of dispositive motions. | 8.6 | $1,050 | 9030 |
| 3673 | 09/14/25 | PMJ | Review and analyze motion for summary judgment briefing to prepare for review of reply brief. | 1.2 | $1,368 | 1641.6 |
| 3674 | 09/14/25 | PMJ | Review and analyze opposition to motion for summary judgment to prepare for review of reply brief | 0.4 | $1,368 | 547.2 |
| 3675 | 09/14/25 | PMJ | Review and analyze Attorney General's opposition to motion for summary judgment. | 1.6 | $1,368 | 2188.8 |
| 3676 | 09/15/25 | PMJ | Review and revise reply in support of motion for summary judgment. | 0.4 | $1,368 | 547.2 |
| 3677 | 09/15/25 | JMT | Draft replies in support of dispositive motions. | 9.4 | $1,050 | 9870 |
| 3678 | 09/15/25 | PMJ | Review and revise reply in support of motion for summary judgment. | 1.6 | $1,368 | 2188.8 |
| 3679 | 09/15/25 | PMJ | Review and revise replies in support of motion for class cert and motion for summary judgment. | 1 | $1,368 | 1368 |
| 3680 | 09/15/25 | KD | Review emails from Peter Breen regarding pro hac vice application to the Southern District for this case; Telephone call to Mr. Breen regarding Pacer account. | 0.2 | $240 | 48 |
| 3681 | 09/15/25 | KD | Apply to Pacer for Peter Breen for pro hac vice application to the Southern District for this case. | 0.4 | $240 | 96 |
| 3682 | 09/15/25 | PMJ | Review and analyze class certification briefing to assess reply arguments. | 0.8 | $1,368 | 1094.4 |
| 3683 | 09/15/25 | PMJ | Review and analyze motion for summary judgment, class certification, and Daubert reply briefs. | 1.4 | $1,368 | 1915.2 |
| 3684 | 09/15/25 | PMJ | Review and revise reply in support of motion for summary judgment. | 1.2 | $1,368 | 1641.6 |
| 3685 | 09/15/25 | KD | Revise and finalize pro hac vice application for Peter Breen to the Southern District for this case; File with court. | 0.4 | $240 | 96 |
| 3686 | 09/15/25 | CSL | Review new complaint on transgender issues in schools; Telephone conference with ▓▓▓▓▓▓▓▓ regarding second new case against schools. | 1.2 | $1,512 | 1814.4 |
| 3687 | 09/15/25 | PCB | Mulitple emails about pro hac vice application; corrections to same. | 0.6 | $1,368 | 820.8 |
| 3688 | 09/16/25 | PMJ | Assess case status and next steps regarding case management conference and motion for summary judgment. | 0.4 | $1,368 | 547.2 |
| 3689 | 09/16/25 | JMT | Draft opposition to EUSD's ex parte application for leave to file a late summary judgment opposition brief. | 3.2 | $1,050 | 3360 |
| 3690 | 09/16/25 | PMJ | Review and revise opposition to EUSD ex parte application. | 0.4 | $1,368 | 547.2 |

175

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3691 | 09/16/25 | KD | Revise and finalize opposition to EUSD's ex parte application for leave to file late opposition to motion for summary judgment; File with court; e-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3692 | 09/16/25 | PMJ | Review and analyze Daubert motion and prepare outline for argument. | 0.2 | $1,368 | 273.6 |
| 3693 | 09/16/25 | PMJ | Prepare outline for Daubert motion. | 0.6 | $1,368 | 820.8 |
| 3694 | 09/16/25 | PMJ | Review and analyze Daubert motion. | 0.2 | $1,368 | 273.6 |
| 3695 | 09/17/25 | PMJ | Prepare for status conference. | 0.2 | $1,368 | 273.6 |
| 3696 | 09/17/25 | PMJ | Travel to and from and attend case management conference. | 2.6 | $1,368 | 3556.8 |
| 3697 | 09/17/25 | JMT | Begin drafting reply in support of summary judgment with respect to EUSD. | 1 | $1,050 | 1050 |
| 3698 | 09/17/25 | JMT | Travel to and from and attend status conference with Judge Benitez. | 2.4 | $1,050 | 2520 |
| 3699 | 09/17/25 | PMJ | Review class certification and summary judgement briefs to prepare for status conference. | 0.8 | $1,368 | 1094.4 |
| 3700 | 09/17/25 | PMJ | E-mail correspondence to clients regarding ███████. | 0.2 | $1,368 | 273.6 |
| 3701 | 09/17/25 | PMJ | Telephone call with ████████ regarding status of ████ ███████. | 0.2 | $1,368 | 273.6 |
| 3702 | 09/18/25 | JMT | Draft reply in support of EUSD motion for summary judgment. | 5 | $1,050 | 5250 |
| 3703 | 09/18/25 | PMJ | Review court's order regarding mandatory settlement conference, Daubert motion, and vacating of dates; E-mail correspondence with team. | 0.2 | $1,368 | 273.6 |
| 3704 | 09/19/25 | JMT | Draft reply to EUSD in support of motion for summary judgment. | 0.4 | $1,050 | 420 |
| 3705 | 09/19/25 | JMT | Draft reply in support of motion for summary judgment against EUSD. | 3.6 | $1,050 | 3780 |
| 3706 | 09/22/25 | JMT | Continue working on reply in support of motion for summary judgment regarding EUSD. | 3.4 | $1,050 | 3570 |
| 3707 | 09/22/25 | PMJ | Telephone call with Attorney General's office to discuss settlement. | 0.2 | $1,368 | 273.6 |
| 3708 | 09/22/25 | JMT | Conference with Mr. Jonna regarding potential settlement of case; Telephone call with Attorney Spence regarding same. | 0.4 | $1,050 | 420 |
| 3709 | 09/22/25 | PMJ | Review and revise reply in support of motion for summary judgment against EUSD. | 0.6 | $1,368 | 820.8 |
| 3710 | 09/22/25 | PMJ | Review final edits to reply in support of motion for summary judgment against EUSD. | 0.2 | $1,368 | 273.6 |

176

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3711 | 09/22/25 | KD | Review and finalize reply to EUSD defendants' opposition to renewed motion for summary judgment and notice of second manual filing of flash drive in support of renewed motion for summary judgment; File with court; E-mail correspondence to opposing counsel with same; E-mail correspondence to copy service to deliver courtesy copy to judge. | 0.4 | $240 | 96 |
| 3712 | 09/22/25 | KD | Discussion with Mr. Trissell regarding notice of second manual filing of flash drive and preparing same for opposing counsel and the court. | 0.2 | $240 | 48 |
| 3713 | 09/23/25 | PMJ | Telephone call to clerk regarding motion hearing date. | 0.2 | $1,368 | 273.6 |
| 3714 | 09/25/25 | JMT | Review motion to dismiss ruling in T.S. v. Riverside Unified School District. | 0.2 | $1,050 | 210 |
| 3715 | 09/25/25 | PMJ | Review ECF notice regarding motion for summary judgment hearing; E-mail correspondence to clients regarding same. | 0.2 | $1,368 | 273.6 |
| 3716 | 09/27/25 | PMJ | Review court's order regarding settlement conference; Draft e-mail correspondence to court regarding same. | 0.4 | $1,368 | 547.2 |
| 3717 | 09/27/25 | PMJ | Draft e-mail correspondence to court regarding settlement conference. | 0.2 | $1,368 | 273.6 |
| 3718 | 09/29/25 | PMJ | Review and respond to court's order regarding settlement conference. | 0.2 | $1,368 | 273.6 |
| 3719 | 09/30/25 | PMJ | Telephone call with Attorney Shinoff regarding settlement conference with EUSD. | 0.2 | $1,368 | 273.6 |
| 3720 | 09/30/25 | PMJ | Telephone call to chambers regarding motion for summary judgment hearing and class cert hearing dates; Discuss same with Mr. Trissell. | 0.2 | $1,368 | 273.6 |
| 3721 | 10/06/25 | KD | Review e-mail correspondence from Mr. Trissell regarding updated attorneys' fees for settlement conference; Prepare chart of attorneys' fees and forward to Mr. Trissell. | 0.4 | $240 | 96 |
| 3722 | 10/07/25 | JMT | Begin drafting mandatory settlement conference brief. | 1.6 | $1,050 | 1680 |
| 3723 | 10/09/25 | JMT | Continue working on mandatory settlement conference brief. | 1.8 | $1,050 | 1890 |
| 3724 | 10/09/25 | PMJ | Review and revise mandatory settlement conference brief. | 0.4 | $1,368 | 547.2 |
| 3725 | 10/10/25 | WTD | Review Plaintiffs' confidential settlement brief. | 0.2 | $450 | 90 |
| 3726 | 10/16/25 | JMT | Review order granting motion for class certification. | 0.4 | $1,050 | 420 |
| 3727 | 10/16/25 | JMT | Review order denying certiorari in Lee v. Poudre. | 0.2 | $1,050 | 210 |
| 3728 | 10/16/25 | PMJ | Review order granting motion for class certification; Review and revise press statements; Multiple e-mail correspondence to clients ███████████ ██ | 2 | $1,368 | 2736 |
| 3729 | 10/16/25 | CSL | Review and analysis of order granting class certification; Emails regarding same; Conference with Mr. Jonna and Mr. Trissell regarding above. | 1 | $1,512 | 1512 |
| 3730 | 10/16/25 | PCB | Review order granting class certification. | 0.4 | $1,368 | 547.2 |

177

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3731 | 10/16/25 | JMM | Review order granting class certification. | 0.4 | $1,368 | 547.2 |
| 3732 | 10/17/25 | PMJ | Prepare for mandatory settlement conference with EUSD; Discuss same with client. | 0.6 | $1,368 | 820.8 |
| 3733 | 10/17/25 | JMT | Prepare for and participate in mandatory settlement conference. | 2 | $1,050 | 2100 |
| 3734 | 10/17/25 | PMJ | Participate in mandatory settlement conference with EUSD. | 1.4 | $1,368 | 1915.2 |
| 3735 | 10/17/25 | PMJ | Review court order regarding status conference. | 0.2 | $1,368 | 273.6 |
| 3736 | 10/17/25 | WTD | Review order granting class certification. | 0.2 | $450 | 90 |
| 3737 | 10/20/25 | PMJ | Interview with ▓▓▓▓ at ▓▓▓▓ regarding class certification ruling. | 0.4 | $1,368 | 547.2 |
| 3738 | 10/20/25 | JMT | Review new California Court of Appeal decision, N.S. v. H.C. regarding parental rights. | 0.6 | $1,050 | 630 |
| 3739 | 10/21/25 | PMJ | E-mail correspondence with opposing counsel regarding settlement and next steps. | 0.2 | $1,368 | 273.6 |
| 3740 | 10/21/25 | JMT | Research into next steps now that action has been certified as class action. | 0.4 | $1,050 | 420 |
| 3741 | 10/21/25 | PMJ | Assess next steps regarding class certification and class notice. | 0.2 | $1,368 | 273.6 |
| 3742 | 10/21/25 | JMT | Draft settlement letter to EUSD regarding damages. | 2 | $1,050 | 2100 |
| 3743 | 10/21/25 | PMJ | Review e-mail correspondence to client regarding damages. | 0.2 | $1,368 | 273.6 |
| 3744 | 10/22/25 | JMT | Draft settlement letter to EUSD. | 2.2 | $1,050 | 2310 |
| 3745 | 10/22/25 | PMJ | Review and revise answers for inquiry from ▓▓▓▓ ▓▓▓▓ | 0.6 | $1,368 | 820.8 |
| 3746 | 10/22/25 | JMT | Edits to Katie Clancy's proposed answer to ▓▓ ▓▓▓▓ interview questions regarding the case. | 0.2 | $1,050 | 210 |
| 3747 | 10/22/25 | PMJ | Prepare for motion for summary judgment hearing. | 0.4 | $1,368 | 547.2 |
| 3748 | 10/22/25 | PMJ | Prepare for motion for summary judgment hearing | 0.4 | $1,368 | 547.2 |
| 3749 | 10/23/25 | JMT | Review order denying Daubert motion. | 0.2 | $1,050 | 210 |
| 3750 | 10/24/25 | JMT | Review order severing case; Conference with Mr. Jonna regarding same. | 0.2 | $1,050 | 210 |
| 3751 | 10/24/25 | PMJ | Review and analyze ruling severing claims and discuss same with team. | 0.2 | $1,368 | 273.6 |
| 3752 | 10/24/25 | PMJ | Review and analyze order severing for trial claims of teachers against EUSD. | 0.2 | $1,368 | 273.6 |
| 3753 | 10/24/25 | PMJ | Prepare for motion for summary judgment hearing. | 1 | $1,368 | 1368 |
| 3754 | 10/24/25 | JMT | Draft meet and confer letter to EUSD regarding settlement. | 1.8 | $1,050 | 1890 |
| 3755 | 10/24/25 | PMJ | Review and revise settlement letter to EUSD. | 0.2 | $1,368 | 273.6 |
| 3756 | 10/24/25 | WTD | Review order granting stay to EUSD. | 0.2 | $450 | 90 |
| 3757 | 10/25/25 | PMJ | Prepare for motion for summary judgment hearing. | 1 | $1,368 | 1368 |
| 3758 | 10/27/25 | PMJ | Continue preparing for motion for summary judgment hearing. | 0.6 | $1,368 | 820.8 |

178

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3759 | 10/27/25 | WTD | Conference with Mr. Jonna regarding need for notes on California Department of Education enforcement actions and summaries of named and pseudonym plaintiffs' declarations; Prepare enforcement action notes for motion to summary judgment hearing; Conference with Mr. Jonna regarding same. | 1.8 | $450 | 810 |
| 3760 | 10/27/25 | WTD | Begin preparing summary of plaintiffs' declarations for upcoming motion for summary judgment hearing. | 0.6 | $450 | 270 |
| 3761 | 10/28/25 | PMJ | Continue preparing for motion for summary judgment hearing. | 1 | $1,368 | 1368 |
| 3762 | 10/28/25 | JMT | Conference with Mr. Jonna to prepare for motion for summary judgment hearing. | 0.6 | $1,050 | 630 |
| 3763 | 10/29/25 | PMJ | Review evidence to prepare for motion for summary judgment hearing. | 0.6 | $1,368 | 820.8 |
| 3764 | 10/29/25 | JMT | Conference with Mr. Jonna to continue to prepare for motion for summary judgment hearing. | 0.2 | $1,050 | 210 |
| 3765 | 10/29/25 | PMJ | Continue preparing for motion for summary judgment hearing. | 2.6 | $1,368 | 3556.8 |
| 3766 | 10/30/25 | PMJ | Review Supreme Court cases to prepare for summary judgment hearing. | 1.8 | $1,368 | 2462.4 |
| 3767 | 10/30/25 | PMJ | Review Attorney General's opposition to prepare for motion for summary judgment hearing. | 1 | $1,368 | 1368 |
| 3768 | 10/30/25 | PMJ | Continue preparing for motion for summary judgment hearing. | 3 | $1,368 | 4104 |
| 3769 | 10/31/25 | PMJ | Review reply brief to prepare for motion for summary judgment hearing. | 0.8 | $1,368 | 1094.4 |
| 3770 | 10/31/25 | PMJ | Prepare cases for motion for summary judgment hearing. | 0.2 | $1,368 | 273.6 |
| 3771 | 10/31/25 | PMJ | Continue preparing for motion for summary judgment hearing. | 1.4 | $1,368 | 1915.2 |
| 3772 | 10/31/25 | PMJ | Review client e-mail correspondence regarding ███████ ███████████████████. | 0.2 | $1,368 | 273.6 |
| 3773 | 11/01/25 | PMJ | Prepare for motion for summary judgment hearing. | 0.6 | $1,368 | 820.8 |
| 3774 | 11/03/25 | JMT | Work on EUSD settlement letter. | 0.8 | $1,050 | 840 |
| 3775 | 11/03/25 | PMJ | Continue preparing for motion for summary judgment hearing. | 2.6 | $1,368 | 3556.8 |
| 3776 | 11/03/25 | JMT | Assist Mr. Jonna in preparing for motion for summary judgment hearing. | 0.8 | $1,050 | 840 |
| 3777 | 11/04/25 | PMJ | Continue to prepare for motion for summary judgment hearing; Research California law on emancipation. | 0.6 | $1,368 | 820.8 |
| 3778 | 11/04/25 | JMT | Draft notice of new authority. | 0.6 | $1,050 | 630 |
| 3779 | 11/04/25 | PMJ | Continue to prepare for motion for summary judgment hearing. | 1.2 | $1,368 | 1641.6 |
| 3780 | 11/04/25 | PMJ | Draft outline for motion for summary judgment hearing. | 0.4 | $1,368 | 547.2 |
| 3781 | 11/05/25 | PMJ | Review briefs in preparation for motion for summary judgment hearing. | 0.4 | $1,368 | 547.2 |

179

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3782 | 11/05/25 | JMT | Draft notice of new authorities with five cases. | 2.8 | $1,050 | 2940 |
| 3783 | 11/05/25 | PMJ | Continue preparing for motion for summary judgment hearing. | 0.8 | $1,368 | 1094.4 |
| 3784 | 11/05/25 | JMT | Begin drafting ex parte application for leave to submit a sur reply and for sanctions; Review oral argument in City of Huntington Beach v. Newsom. | 2 | $1,050 | 2100 |
| 3785 | 11/05/25 | JMT | Prepare for and participate in status conference with Judge Torres regarding settlement. | 0.4 | $1,050 | 420 |
| 3786 | 11/05/25 | PMJ | Participate in status conference regarding settlement; Participate in webinar with ██████████████ regarding claims; Assess impact of PRISM training. | 1.4 | $1,368 | 1915.2 |
| 3787 | 11/05/25 | PMJ | Assess next steps regarding PRISM training. | 0.2 | $1,368 | 273.6 |
| 3788 | 11/05/25 | PMJ | Telephone conference with ████████ regarding PRISM training. | 0.4 | $1,368 | 547.2 |
| 3789 | 11/05/25 | PMJ | Review video from Tony Thurmond regarding PRISM training. | 0.2 | $1,368 | 273.6 |
| 3790 | 11/06/25 | PMJ | Prepare ex parte contempt evidence regarding FAQ page. | 0.4 | $1,368 | 547.2 |
| 3791 | 11/06/25 | JMT | Work on ex parte application for leave to submit a surreply. | 4 | $1,050 | 4200 |
| 3792 | 11/06/25 | JMT | Review new California Supreme Court opinion in Taking Offense v. State. | 1 | $1,050 | 1050 |
| 3793 | 11/06/25 | PMJ | Review and revise ex parte application re: sanctions. | 0.2 | $1,368 | 273.6 |
| 3794 | 11/06/25 | CSL | E-mail correspondence regarding social transitions; Review and analysis of HHS Umbrella Systematic Review regarding same. | 1.2 | $1,512 | 1814.4 |
| 3795 | 11/07/25 | PMJ | Review and respond to e-mail correspondence from ████ ████ regarding ████████████. | 0.2 | $1,368 | 273.6 |
| 3796 | 11/07/25 | PMJ | Review and revise ex parte application re: sanctions. | 1 | $1,368 | 1368 |
| 3797 | 11/07/25 | KD | Review and finalize ex parte application for an order to show cause re: sanctions, declaration of Paul Jonna, and notice of manual filing of videos. | 0.4 | $240 | 96 |
| 3798 | 11/07/25 | KD | Review and finalize ex parte application for an order to show cause re: sanctions; Prepare exhibits to declaration of Paul Jonna; E-mail correspondence to team with same; Discussion with Mr. Duke regarding proposed order. | 0.4 | $240 | 96 |
| 3799 | 11/07/25 | KD | Review and revise proposed order in support of ex parte application for an order to show cause re: sanctions; Discussion with Mr. Duke regarding proposed order. | 0.2 | $240 | 48 |
| 3800 | 11/07/25 | PMJ | Work on Mirabelli video for TMS. | 0.8 | $1,368 | 1094.4 |
| 3801 | 11/07/25 | PMJ | Review and revise proposed order regarding sanctions | 0.2 | $1,368 | 273.6 |
| 3802 | 11/07/25 | KD | Finalize ex parte application for an order to show cause re: sanctions, declaration of Paul Jonna, proposed order, and notice of manual filing; File with court; E-mail correspondence to Judge Benitez with proposed order; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |

180

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3803 | 11/07/25 | PMJ | Prepare videos for TMS regarding Mirabelli case. | 2 | $1,368 | 2736 |
| 3804 | 11/07/25 | PMJ | Review and analyze order to show cause regarding sanctions ruling from court | 0.2 | $1,368 | 273.6 |
| 3805 | 11/07/25 | PMJ | Review and revise TMS press release regarding order setting a sanctions hearing. | 0.8 | $1,368 | 1094.4 |
| 3806 | 11/07/25 | KD | E-mail correspondence to copy service to deliver courtesy copies to Judge Benitez with ex parte application for an order to show cause re: sanctions, declaration of Paul Jonna, proposed order, and notice of manual filing, and thumb drive of videos. | 0.2 | $240 | 48 |
| 3807 | 11/07/25 | PMJ | Multiple telephone calls with ███████████████, and clients regarding ████████████. | 1 | $1,368 | 1368 |
| 3808 | 11/07/25 | CSL | Conference with Mr. Jonna regarding order re: sanctions; Review order; Review press release regarding same. | 0.6 | $1,512 | 907.2 |
| 3809 | 11/07/25 | WTD | Review ex parte application, declaration, and notice of manual filing in preparation for drafting proposed order; Draft proposed order for order to show cause regarding sanctions; Conference with Mr. Jonna regarding same; Review and revise based on Mr. Jonna's edits. | 1.6 | $450 | 720 |
| 3810 | 11/07/25 | WTD | Telephone conference with Mr. Trissell regarding proposed order for order to show cause regarding sanctions and subsequent briefing schedule. | 0.2 | $450 | 90 |
| 3811 | 11/07/25 | WTD | Conference with Mr. Jonna regarding status of proposed order. | 0.2 | $450 | 90 |
| 3812 | 11/07/25 | WTD | Review and revise draft proposed order to include briefing schedule; Review and revise to remove same. | 0.2 | $450 | 90 |
| 3813 | 11/08/25 | PMJ | Review PRISM materials from ████████. | 0.2 | $1,368 | 273.6 |
| 3814 | 11/08/25 | PMJ | Review PRISM materials from ███████. | 0.4 | $1,368 | 547.2 |
| 3815 | 11/08/25 | PMJ | Telephone conference with ██████████████████ regarding PRISM training. | 0.4 | $1,368 | 547.2 |
| 3816 | 11/08/25 | PMJ | Telephone call with Sonja Shaw regarding PRISM slides. | 0.2 | $1,368 | 273.6 |
| 3817 | 11/08/25 | PMJ | Prepare for motion for summary judgment hearing and analyze PRISM materials. | 1.6 | $1,368 | 2188.8 |
| 3818 | 11/08/25 | PMJ | Review briefs to prepare for motion for summary judgment hearing. | 0.4 | $1,368 | 547.2 |
| 3819 | 11/08/25 | WTD | Telephone conference with Mr. Jonna regarding need to review PRISM training documents and draft supplemental brief for sanctions; Review documents and PRISM training video in preparation for same. | 2.6 | $450 | 1170 |
| 3820 | 11/09/25 | PMJ | Watch PRISM training video. | 0.6 | $1,368 | 820.8 |
| 3821 | 11/09/25 | WTD | Draft supplemental brief for order to show cause regarding sanctions. | 2.4 | $450 | 1080 |
| 3822 | 11/10/25 | PMJ | Assess supplemental brief regarding sanctions and next steps. | 0.4 | $1,368 | 547.2 |

181

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3823 | 11/10/25 | PMJ | Review and analyze draft order to show cause supplemental brief. | 0.2 | $1,368 | 273.6 |
| 3824 | 11/10/25 | PMJ | Review and analyze Sixth Circuit Defending Education en banc ruling. | 1 | $1,368 | 1368 |
| 3825 | 11/10/25 | PMJ | Review and analyze 14th Amendment substantive due process cases; Edit Sonja Shaw and Greg Burt declarations. | 0.4 | $1,368 | 547.2 |
| 3826 | 11/10/25 | PMJ | Review and revise supplemental brief in support of ex parte application for an order to show cause re: sanctions. | 0.8 | $1,368 | 1094.4 |
| 3827 | 11/10/25 | PMJ | Review cases to prepare for motion for summary judgment hearing. | 0.2 | $1,368 | 273.6 |
| 3828 | 11/10/25 | PMJ | Review cases to prepare for motion for summary judgment hearing; Review and revise declarations of Greg Burt and Sonja Shaw regarding sanctions briefing. | 0.8 | $1,368 | 1094.4 |
| 3829 | 11/10/25 | PMJ | Review and revise supplemental brief in support of ex parte application for an order to show cause re: sanctions. | 2 | $1,368 | 2736 |
| 3830 | 11/10/25 | KD | Finalize supplemental brief in support of ex parte application for an order to show cause re: sanctions, supplemental declaration of Paul Jonna, declaration of Sonja Shaw, declaration of Greg Burt, and supplemental notice of manual filing; File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3831 | 11/10/25 | KD | E-mail correspondence to copy service to deliver courtesy copies to Judge Benitez with supplemental brief in support of ex parte application for an order to show cause re: sanctions, declaration of Paul Jonna, declaration of Sonja Shaw, declaration of Greg Burt, and supplemental notice of manual filing, and thumb drive of videos. | 0.2 | $240 | 48 |
| 3832 | 11/10/25 | JMT | Draft, edit and re-edit supplemental brief in support of ex parte application for an order to show cause re: sanctions. | 9 | $1,050 | 9450 |
| 3833 | 11/10/25 | WTD | Revise brief for order to show cause re: sanctions; E-mail correspondence to Mr. Jonna and Mr. Trissell regarding same; Telephone conference with Mr. Jonna and Mr. Trissell regarding same. | 1.8 | $450 | 810 |
| 3834 | 11/10/25 | WTD | Telephone conference with Mr. Trissell regarding need for declarations for Mr. Burt and Ms. Shaw; Review and revise same following feedback from each declarant. | 1.4 | $450 | 630 |
| 3835 | 11/10/25 | WTD | Conference with Mr. Jonna regarding need for one-page summaries for all plaintiffs' declarations before the hearing on motion for summary judgment; Review declarations for each plaintiff; Create summaries for each declaration. | 3.2 | $450 | 1440 |
| 3836 | 11/11/25 | PMJ | Multiple e-mail correspondence with team regarding sanctions filing. | 0.4 | $1,368 | 547.2 |
| 3837 | 11/11/25 | PMJ | E-mail correspondence with ▇▇▇▇▇ regarding PRISM training. | 0.2 | $1,368 | 273.6 |

182

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3838 | 11/11/25 | PMJ | Continue to prepare for motion for summary judgment hearing and read key cases. | 5 | $1,368 | 6840 |
| 3839 | 11/12/25 | PMJ | Draft statement for ▮▮▮▮ in response to inquiry. | 0.2 | $1,368 | 273.6 |
| 3840 | 11/12/25 | PMJ | Hearing preparation with team for motion for summary judgment hearing. | 0.2 | $1,368 | 273.6 |
| 3841 | 11/12/25 | JMT | Draft notice of new authorities in support of renewed motion for summary judgment. | 1.6 | $1,050 | 1680 |
| 3842 | 11/12/25 | PMJ | Prepare for motion for summary judgment hearing and observe AB 1955 Ninth Circuit Court of Appeals argument. | 0.8 | $1,368 | 1094.4 |
| 3843 | 11/12/25 | PMJ | E-mail correspondence with client regarding ▮▮. | 0.2 | $1,368 | 273.6 |
| 3844 | 11/12/25 | PMJ | Edit press release with media advisory about upcoming hearing. | 0.2 | $1,368 | 273.6 |
| 3845 | 11/12/25 | PMJ | Observe argument in City of Huntington Beach v. Newsom case. | 1.4 | $1,368 | 1915.2 |
| 3846 | 11/12/25 | JMT | Assist Mr. Jonna in preparing for oral argument. | 2.4 | $1,050 | 2520 |
| 3847 | 11/12/25 | PMJ | Continue preparation for motion for summary judgment hearing. | 1 | $1,368 | 1368 |
| 3848 | 11/12/25 | KD | Review and finalize notice of new authorities in support of renewed motion for summary judgment; File with Court; E-mail correspondence to opposing counsel with same; E-mail correspondence to copy service to deliver courtesy copy to Judge Benitez. | 0.4 | $240 | 96 |
| 3849 | 11/12/25 | CSL | Review multiple emails and articles on upcoming hearing on motion for summary judgment and order to show cause regarding sanctions; Conference with Mr. Jonna regarding same. | 1 | $1,512 | 1512 |
| 3850 | 11/12/25 | WTD | Review e-mail correspondence from ▮▮▮▮ regarding ▮▮▮▮▮; Conference with Mr. Jonna regarding same; Research into connections with California Department of Education. | 1.4 | $450 | 630 |
| 3851 | 11/13/25 | PMJ | Review cases in preparation for motion for summary judgment hearing. | 1.4 | $1,368 | 1915.2 |
| 3852 | 11/13/25 | PMJ | Review e-mail correspondence from ▮▮▮▮ member regarding PRISM; Review cases to prepare for motion for summary judgment hearing. | 1.6 | $1,368 | 2188.8 |
| 3853 | 11/13/25 | JMT | Telephone conference with ▮▮▮▮ regarding upcoming motion for summary judgment hearing. | 0.6 | $1,050 | 630 |
| 3854 | 11/13/25 | PMJ | Continue to prepare for motion for summary judgment hearing. | 3.2 | $1,368 | 4377.6 |
| 3855 | 11/13/25 | PMJ | Telephone call with ▮▮▮▮ to prepare for motion for summary judgment hearing. | 0.6 | $1,368 | 820.8 |
| 3856 | 11/13/25 | JMT | Assist Mr. Jonna with preparing for motion for summary judgment hearing. | 0.4 | $1,050 | 420 |
| 3857 | 11/13/25 | CSL | Conference with Mr. Jonna regarding hearing on motion for summary judgment; emails regarding same. | 0.6 | $1,512 | 907.2 |

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3858 | 11/14/25 | PMJ | Continue to prepare for motion for summary judgment hearing. | 4.8 | $1,368 | 6566.4 |
| 3859 | 11/14/25 | PMJ | Read prior court rulings to prepare for motion for summary judgment hearing. | 0.8 | $1,368 | 1094.4 |
| 3860 | 11/14/25 | JMT | Assist Mr. Jonna with preparing for motion for summary judgment hearing; Edits to hearing outline. | 3.8 | $1,050 | 3990 |
| 3861 | 11/14/25 | PMJ | Prepare for order to show cause regarding sanctions and motion for summary judgment hearings. | 1.4 | $1,368 | 1915.2 |
| 3862 | 11/14/25 | PMJ | Prepare for motion for summary judgment hearing and review order to show cause papers | 0.8 | $1,368 | 1094.4 |
| 3863 | 11/14/25 | JMT | Draft reply in support of order to show cause re: sanctions and declaration of Paul Jonna. | 4 | $1,050 | 4200 |
| 3864 | 11/14/25 | PMJ | Review and revise reply in support of order to show cause re: sanctions and declaration of Paul Jonna. | 0.8 | $1,368 | 1094.4 |
| 3865 | 11/14/25 | KD | Review and finalize reply in support of order to show cause re: sanctions and declaration of Paul Jonna; File with court; E-mail correspondence to opposing counsel; E-mail correspondence to attorney to deliver courtesy copy to judge. | 0.4 | $240 | 96 |
| 3866 | 11/15/25 | PMJ | Prepare for order to show cause re: sanctions hearing. | 0.2 | $1,368 | 273.6 |
| 3867 | 11/15/25 | PMJ | Continue to prepare for motion for summary judgment hearing. | 7 | $1,368 | 9576 |
| 3868 | 11/15/25 | JMT | Prepare for motion for summary judgment hearing with Mr. Jonna; Edits to hearing outline. | 8 | $1,050 | 8400 |
| 3869 | 11/15/25 | CSL | Conference with Mr. Jonna regarding defendants' opposition to motion for sanctions; Review emails regarding same. | 0.6 | $1,512 | 907.2 |
| 3870 | 11/16/25 | PMJ | Prepare for motion for summary judgment and order to show cause re: sanctions hearings. | 9.8 | $1,368 | 13406 |
| 3871 | 11/16/25 | CSL | Conference with Mr. Jonna regarding supplemental brief on order to show cause re: sanctions; emails regarding same. | 0.4 | $1,512 | 604.8 |
| 3872 | 11/16/25 | JMT | Prepare for motion for summary judgment hearing; Edits to hearing outline. | 4 | $1,050 | 4200 |
| 3873 | 11/16/25 | CSL | Telephone conference with Mr. Jonna regarding hearing on motion for summary judgment; E-mail correspondence regarding sanctions hearing. | 0.4 | $1,512 | 604.8 |
| 3874 | 11/17/25 | PMJ | Continue to prepare for motion for summary judgment hearing. | 1.8 | $1,368 | 2462.4 |
| 3875 | 11/17/25 | PMJ | Travel to and from and argue order to show cause re: sanctions and motion for summary judgment hearings. | 9.4 | $1,368 | 12859 |
| 3876 | 11/17/25 | CSL | Travel to and from and attend order to show cause re: sanction and motion for summary judgment hearings; Consult with Mr. Jonna and clients regarding strategy for oral argument. | 3.8 | $1,512 | 5745.6 |

184

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3877 | 11/17/25 | CSL | Attend hearing on order to show cause re: sanction and motion for summary judgment hearings. | 5 | $1,512 | 7560 |
| 3878 | 11/17/25 | JMT | Travel to and from, attend, and assist at motion for summary judgment hearing. | 9.4 | $1,050 | 9870 |
| 3879 | 11/17/25 | JMT | Review new Ninth Circuit transgender case Pritchard v. Blue Cross. | 0.6 | $1,050 | 630 |
| 3880 | 11/18/25 | PMJ | Review and revise press release. | 0.2 | $1,368 | 273.6 |
| 3881 | 11/18/25 | PCB | Review and revise press release. | 0.2 | $1,368 | 273.6 |
| 3882 | 11/18/25 | PMJ | Telephone call with ▮▮▮▮▮ regarding motion for summary judgment hearing and AB 1955 appeal. | 0.2 | $1,368 | 273.6 |
| 3883 | 11/18/25 | KD | E-mail correspondence to court reporter Juliette regarding request for rush transcript of hearing on order to show cause re: sanction and motion for summary judgment. | 0.2 | $240 | 48 |
| 3884 | 11/18/25 | KD | Prepare transcript request for hearings on order to show cause re: sanction and motion for summary judgment; E-mail correspondence to Mr. Trissell for review. | 0.2 | $240 | 48 |
| 3885 | 11/18/25 | KD | Telephone call to court reporter Juliette regarding request for hearing transcript; Exchange emails regarding same and she no longer works for the court; Telephone call and e-mail correspondence to supervisor Noey Martinez requesting name of court reporter for hearing. | 0.2 | $240 | 48 |
| 3886 | 11/18/25 | KD | Discussion with Mr. Jonna regarding availability for conference call with ▮▮▮▮▮; e-mail correspondence to ▮▮▮▮▮ regarding same. | 0.2 | $240 | 48 |
| 3887 | 11/18/25 | KD | Review e-mail correspondence from court reporter Stephanie-Whitehead regarding request for rush transcript of hearing on order to show cause re: sanction and motion for summary judgment; E-mail correspondence to attorney service to have a check delivered for prepayment of the transcript. | 0.2 | $240 | 48 |
| 3888 | 11/18/25 | CSL | Review multiple emails regarding hearing on motion for summary judgment; emails regarding same. | 0.4 | $1,512 | 604.8 |
| 3889 | 11/19/25 | PMJ | Prepare for and participate in interview regarding case for ▮▮▮▮▮. | 0.8 | $1,368 | 1094.4 |
| 3890 | 11/19/25 | PMJ | E-mail correspondence regarding PRISM training materials back online. | 0.2 | $1,368 | 273.6 |
| 3891 | 11/19/25 | PMJ | Telephone call with Sonja Shaw regarding PRISM materials back online. | 0.2 | $1,368 | 273.6 |
| 3892 | 11/19/25 | PMJ | Review HHS report regarding medical transitions. | 0.2 | $1,368 | 273.6 |
| 3893 | 11/19/25 | PMJ | Follow-up with Mr. Trissell regarding notice of new authority renew HHS report. | 0.2 | $1,368 | 273.6 |
| 3894 | 11/19/25 | RO | Discussion and e-mail correspondence with Mr. Jonna regarding review of PRISM training; Review same. | 1.8 | $240 | 432 |

185

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3895 | 11/19/25 | CSL | E-mail correspondence regarding new HHS report; Telephone conference with Mr. Jonna regarding same. | 0.6 | $1,512 | 907.2 |
| 3896 | 11/20/25 | KD | Review and respond to e-mail correspondence from court reporter Stephanie-Whitehead regarding correct case law cited names of people cited at hearing; Research same and provide information. | 0.4 | $240 | 96 |
| 3897 | 11/20/25 | JMT | Download and review PRISM material provided by ███ ███. | 0.2 | $1,050 | 210 |
| 3898 | 11/20/25 | JMT | E-mail correspondence to court reporter regarding names in transcript. | 0.2 | $1,050 | 210 |
| 3899 | 11/20/25 | KD | Review and respond to e-mail correspondence from ███████████ regarding conference call; Send Teams invite for same. | 0.2 | $240 | 48 |
| 3900 | 11/20/25 | PMJ | Review and respond to public records act request notice from EUSD. | 0.2 | $1,368 | 273.6 |
| 3901 | 11/20/25 | RO | Continue review of PRISM training and preparation of Mr. Jonna declaration; Discussions and e-mail correspondence with Mr. Jonna and Mr. Trissell regarding same. | 4.6 | $240 | 1104 |
| 3902 | 11/20/25 | PMJ | Listen to ████████████ interview regarding case. | 0.4 | $1,368 | 547.2 |
| 3903 | 11/20/25 | PMJ | Review and analyze new PRISM slides. | 0.2 | $1,368 | 273.6 |
| 3904 | 11/20/25 | JMT | Draft supplemental request for judicial notice on new HHS review. | 0.8 | $1,050 | 840 |
| 3905 | 11/20/25 | PMJ | Review draft supplemental request for judicial notice regarding HHS review. | 0.2 | $1,368 | 273.6 |
| 3906 | 11/20/25 | PMJ | Edit revised request for judicial notice regarding HHS report. | 0.2 | $1,368 | 273.6 |
| 3907 | 11/20/25 | JMT | Draft supplemental declaration on order to show cause regarding sanctions. | 0.4 | $1,050 | 420 |
| 3908 | 11/20/25 | KD | Review and upate supplemental request for judicial notice in support of renewed motion for summary judgment; file with court; E-mail correspondence to opposing counsel; E-mail correspondence to copy service to delivery courtesy copy to judge. | 0.4 | $240 | 96 |
| 3909 | 11/20/25 | WTD | Review e-mail correspondence from Attorney Shinoff regarding public records requests for plaintiffs Lori West and Elizabeth Mirabelli; Conference with Mr. Jonna regarding research into same; Conduct quick research into whether Ms. West and Ms. Mirabelli can object to same; Conference with Mr. Jonna regarding same. | 0.6 | $450 | 270 |
| 3910 | 11/21/25 | RO | Continue review of PRISM training and preparation of Mr. Jonna declaration; E-mail correspondences with Mr. Jonna regarding same; Discussions with Ms. Denworth regarding same. | 6.8 | $240 | 1632 |
| 3911 | 11/21/25 | PMJ | Telephone call with DOJ regarding statement of interest; E-mail correspondence to DOJ with materials regarding same. | 1.2 | $1,368 | 1641.6 |

186

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3912 | 11/21/25 | PMJ | Review draft declaration regarding PRISM materials. | 0.2 | $1,368 | 273.6 |
| 3913 | 11/21/25 | KD | Discussion with Ms. Oakley regarding declaration for PRISM training. | 0.2 | $240 | 48 |
| 3914 | 11/21/25 | CSL | Telephone conference with attorneys for DOJ regarding facts, legal issues, and amicus brief. | 0.8 | $1,512 | 1209.6 |
| 3915 | 11/24/25 | RO | Review further PRISM materials from Mr. Trissell; E-mail correspondence to Mr. Trissell regarding same. | 1.4 | $240 | 336 |
| 3916 | 11/24/25 | KD | Review e-mail correspondence from court reporter Stephanie Whitehead with final hearing transcript of the order to show cause regarding sanctions; E-mail correspondence to all clients ██████. | 0.2 | $240 | 48 |
| 3917 | 11/24/25 | PMJ | Review and respond to e-mail correspondence from Attorney Shinoff regarding ████████ reporter document request. | 0.2 | $1,368 | 273.6 |
| 3918 | 11/25/25 | PMJ | E-mail correspondence with third-party ████ ████████ regarding court decision. | 0.2 | $1,368 | 273.6 |
| 3919 | 11/25/25 | RO | Review e-mail correspondences between Mr. Jonna and third-party ████████ regarding Judge Benitez's motion for summary judgment decision; E-mail correspondence and telephone calls with ████████ regarding PRISM documents she sent us; E-mail correspondence with Mr. Jonna regarding same. | 1.4 | $240 | 336 |
| 3920 | 12/02/25 | JMT | Edits to draft press release regarding ultimate victory. | 0.2 | $1,050 | 210 |
| 3921 | 12/02/25 | JMT | Edits to supplemental Jonna declaration in support of ex parte application for an order to show cause re: sanctions | 3.4 | $1,050 | 3570 |
| 3922 | 12/02/25 | PMJ | Review draft press release. | 0.2 | $1,368 | 273.6 |
| 3923 | 12/02/25 | PMJ | Review and revise supplemental Jonna declaration in support of ex parte application for an order to show cause re: sanctions | 0.8 | $1,368 | 1094.4 |
| 3924 | 12/03/25 | RO | E-mail correspondences with Mr. Trissell regarding supplemental declaration of Paul Jonna regarding PRISM training in support of ex parte application for an order to show cause re: sanctions | 0.2 | $240 | 48 |
| 3925 | 12/03/25 | PMJ | Follow-up with team regarding PRISM training and supplemental Jonna declaration in support of ex parte application for an order to show cause re: sanctions | 0.2 | $1,368 | 273.6 |
| 3926 | 12/03/25 | JMT | Further edits to supplemental Jonna declaration in support of ex parte application for an order to show cause re: sanctions | 4.4 | $1,050 | 4620 |
| 3927 | 12/03/25 | RO | E-mail correspondences, text message, and telephone call to Mr. Trissell regarding supplemental Jonna declaration in support of ex parte application for an order to show cause re: sanctions; Review same. | 0.4 | $240 | 96 |
| 3928 | 12/03/25 | PMJ | Review and revise supplemental Jonna declaration in support of ex parte application for an order to show cause re: sanctions. | 0.4 | $1,368 | 547.2 |

187

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3929 | 12/04/25 | KD | Review and finalize supplemental declaration of Paul M. Jonna, Esq., supplemental Jonna declaration in support of ex parte application for an order to show cause re: sanctions. File with court; E-mail correspondence to opposing counsel with same. | 0.4 | $240 | 96 |
| 3930 | 12/11/25 | JMT | Review new declarations filed by CDE in opposition to ex parte application for an order to show cause re: sanctions. | 0.2 | $1,050 | 210 |
| 3931 | 12/11/25 | PMJ | E-mail correspondence with US Department of Education to discuss ███████████████████. | 0.2 | $1,368 | 273.6 |
| 3932 | 12/15/25 | JMT | Telephone conference with U.S. Department of Education attorneys, ████████████████████████████████████████████████. | 2 | $1,050 | 2100 |
| 3933 | 12/15/25 | PMJ | Telephone call with US Department of Education regarding ████████████████. | 1 | $1,368 | 1368 |
| 3934 | 12/16/25 | PMJ | Review follow-up e-mail correspondence to US Department of Education ███████████████████. | 0.2 | $1,368 | 273.6 |
| 3935 | 12/16/25 | RO | Review videos sent to us by third-party ████ ███████████. | 0.2 | $240 | 48 |
| 3936 | 12/17/25 | PMJ | Telephone call with ██████████ regarding new authority in Mirabelli from the Sixth Circuit. | 0.2 | $1,368 | 273.6 |
| 3937 | 12/18/25 | PMJ | Review and analyze supplemental declarations of Len Garfinkel and CDE regarding ex parte application for an order to show cause re: sanctions | 0.2 | $1,368 | 273.6 |
| 3938 | 12/19/25 | JMT | Review new case law for potential supplemental authority letter. | 1.2 | $1,050 | 1260 |
| 3939 | 12/22/25 | PMJ | Review and analyze ruling granting motion for summary judgment. | 0.6 | $1,368 | 820.8 |
| 3940 | 12/22/25 | JMT | Review ruling on motion for summary judgment. | 0.6 | $1,050 | 630 |
| 3941 | 12/22/25 | PMJ | Assess ruling on motion for summary judgment and next steps. | 1 | $1,368 | 1368 |
| 3942 | 12/22/25 | PMJ | Analyze motion for summary judgment ruling and next steps with team; Media interviews regarding same. | 1.4 | $1,368 | 1915.2 |
| 3943 | 12/22/25 | CSL | Review order on preliminary injunction; Emails regarding same; Telephone conference with Mr. Jonna regarding above. | 0.8 | $1,512 | 1209.6 |
| 3944 | 12/22/25 | WTD | Review order for motion for summary judgment and permanent injunction; Conference with Mr. Jonna and Mr. Trissell regarding same. | 1.6 | $450 | 720 |
| 3945 | 12/22/25 | PCB | Review ruling granting summary judgment. | 1.6 | $1,368 | 2188.8 |
| 3946 | 12/22/25 | MGM | Review ruling granting summary judgment. | 1.6 | $1,050 | 1680 |
| 3947 | 12/22/25 | CJG | Review ruling granting summary judgment. | 1.6 | $840 | 1344 |
| 3948 | 12/23/25 | JMT | Draft opposition to ex parte application for administrative stay or stay pending appeal. | 1.8 | $1,050 | 1890 |

188

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3949 | 12/23/25 | PMJ | Review and revise opposition to ex parte application for administrative stay or stay pending appeal. | 0.2 | $1,368 | 273.6 |
| 3950 | 12/23/25 | PMJ | Analyze motion for summary judgment ruling and discuss same with ▮▮▮▮▮▮. | 0.4 | $1,368 | 547.2 |
| 3951 | 12/23/25 | PMJ | Review and analyze state defendants' ex parte application for administrative stay or stay pending appeal. | 0.8 | $1,368 | 1094.4 |
| 3952 | 12/23/25 | PMJ | Multiple telephone calls with team regarding appeal and next steps. | 0.4 | $1,368 | 547.2 |
| 3953 | 12/23/25 | PMJ | Multiple media statements. | 0.8 | $1,368 | 1094.4 |
| 3954 | 12/23/25 | PMJ | Review and analyze opposition to ex parte application for administrative stay or stay pending appeal. | 0.2 | $1,368 | 273.6 |
| 3955 | 12/23/25 | PMJ | Assess standing for class claims. | 0.4 | $1,368 | 547.2 |
| 3956 | 12/23/25 | JMT | Draft opposition to emergency motion for administrative stay pending appeal. | 2.6 | $1,050 | 2730 |
| 3957 | 12/24/25 | PMJ | Review standing cases. | 0.2 | $1,368 | 273.6 |
| 3958 | 12/24/25 | PMJ | Review order denying defendants' ex parte application for administrative stay or stay pending appeal. | 0.2 | $1,368 | 273.6 |
| 3959 | 12/24/25 | PMJ | Follow-up regarding media statements. | 0.6 | $1,368 | 820.8 |
| 3960 | 12/24/25 | CSL | Review articles on preliminary injunction; Emails regarding same. | 0.6 | $1,512 | 907.2 |
| 3961 | 12/26/25 | PMJ | ▮▮▮▮ interview regarding case win; Travel to and from studio; Prepare for interview. | 1.8 | $1,368 | 2462.4 |
| 3962 | 12/28/25 | PMJ | Travel to and from and attend ▮▮▮▮ interview regarding case. | 1.2 | $1,368 | 1641.6 |
| 3963 | 12/30/25 | PMJ | Draft answers to ▮▮▮▮▮▮▮ regarding media inquiry. | 0.4 | $1,368 | 547.2 |
| 3964 | 12/30/25 | WTD | Draft joint motion for extension of deadlines to file bill of costs and motion for attorneys' fees; Review local rules regarding same; Conference with Mr. Trissell regarding same; Review and revise same. | 2.2 | $450 | 990 |
| 3965 | 12/31/25 | PMJ | Review and respond to media request from ▮▮▮▮▮ ▮▮. | 0.2 | $1,368 | 273.6 |
| 3966 | 12/31/25 | PMJ | Review draft joint motion for extension of deadlines to file bill of costs and motion for attorneys' fees. | 0.2 | $1,368 | 273.6 |
| 3967 | 12/31/25 | RO | E-mail correspondences and text messages with Mr. Jonna, Mr. Trissell, and Mr. Duke regarding joint motion for extension of deadlines to file bill of costs and motion for attorneys' fees and proposed order; Finalize same, file and serve same; E-mail correspondence and telephone call to clerk regarding same. | 0.8 | $240 | 192 |
| 3968 | 12/31/25 | PMJ | ▮▮▮▮▮▮▮▮ interview regarding case. | 0.4 | $1,368 | 547.2 |

189

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|---|---|---|---|---|---|---|
| 3969 | 12/31/25 | WTD | Review final versions of joint motion for extension of deadlines to file bill of costs and motion for attorneys' fees and proposed order; Emails with Mr. Trissell and Ms. Oakley regarding same. | 0.6 | $450 | 270 |
| 3970 | 12/31/25 | WTD | Review edits from Attorney Spence to joint motion for extension of deadlines to file bill of costs and motion for attorneys' fees. | 0.2 | $450 | 90 |
| 3971 | 01/05/26 | JMT | Review order extending time to file motion for fees and costs. | 0.2 | $1,050 | 210 |
| 3972 | 01/05/26 | KD | Prepare slip listing of attorneys hours and forward to Mr. Trissell with same. | 0.2 | $240 | 48 |
| 3973 | 01/05/26 | PMJ | Review trial court order granting stipulation to defer motion for attorneys fees. | 0.2 | $1,368 | 273.6 |
| 3974 | 01/21/26 | RM | E-mail correspondences with paralegal Knapp regarding fee motion; Telephone call with Mr. Trissell regarding same; Review excel spreadsheet regarding attorney fees and mark potential redactions. | 3 | $240 | 720 |
| 3975 | 01/21/26 | AK | Proposing redactions on attorneys timeslips | 1 | $240 | 240 |
| 3976 | 01/21/26 | AK | Proposing redactions on attorneys timeslips | 0.25 | $240 | 60 |
| 3977 | 01/21/26 | AK | Proposing redactions on attorneys timeslips | 1 | $240 | 240 |
| 3978 | 01/22/26 | RO | Continue review excel spreadsheet regarding attorney fees and mark potential redactions; E-mail correspondence to Mr. Trissell regarding same. | 1.2 | $240 | 288 |
| 3979 | 01/22/26 | AK | Proposing redactions on attorneys timeslips | 1 | $240 | 240 |
| 3980 | 01/22/26 | AK | Various emails re: redactions on attorneys timeslips | 0.2 | $240 | 48 |
| 3981 | 01/23/26 | JMT | Work on motion for attorneys fees. | 1.8 | $1,050 | 1890 |
| 3982 | 01/23/26 | PMJ | Call with clients to discuss ███████████████ ██████████. | 0.6 | $1,368 | 820.8 |
| 3983 | 01/23/26 | JMT | Call with clients about ████████████████. | 0.6 | $1,050 | 630 |
| 3984 | 01/24/26 | PMJ | E-mail correspondence with clients regarding ████████ ████████████. | 0.2 | $1,368 | 273.6 |
| 3985 | 01/24/26 | KD | Begin working on bill of costs; Prepare documents and separate charts for same; Draft Bill of costs. | 5.8 | $240 | 1392 |
| 3986 | 01/26/26 | JMT | Work on motion for attorneys' fees. | 5.4 | $1,050 | 5670 |
| 3987 | 01/27/26 | JMT | Review Bill of Costs. | 1.6 | $1,050 | 1680 |
| 3988 | 01/27/26 | JMT | Work on motion for fees; review timeslips. | 3.8 | $1,050 | 3990 |
| 3989 | 01/28/26 | RO | Review and respond to e-mail correspondence from Mr. Trissell regarding attorneys' fee motion. | 0.2 | $240 | 48 |
| 3990 | 01/28/26 | JMT | Work on fees motion. | 6.4 | $1,050 | 6720 |
| 3991 | 01/28/26 | KD | Revise separate charts for bill of costs and update documents for same. | 1.2 | $240 | 288 |
| 3992 | 01/29/26 | JMT | Work on motion for fees. | 7 | $1,050 | 7350 |

190

| No. | Date | Atty. | Description | Hrs | Rate | Fees |
|-----|------|-------|-------------|-----|------|------|
| 3993 | 01/30/26 | KD | Gather invoices for court reporters in support of bill of costs; Review and redact information of same; Forward to Mr. Trissell for review. | 3.4 | $240 | 816 |
| 3994 | 01/30/26 | PMJ | Call clerk regarding motion for attorneys' fees hearing | 0.2 | $1,368 | 273.6 |
| 3995 | 01/30/26 | JMT | Edits to motion for fees. | 1.6 | $1,050 | 1680 |
| 3996 | 01/30/26 | PMJ | Call with clerk regarding motion for attorneys fees hearing; calendar same. | 0.2 | $1,368 | 273.6 |
| 3997 | 01/30/26 | JMT | Work on motion for fees. | 1.6 | $1,050 | 1680 |
| 3998 | 01/30/26 | KD | Telephone call to clerk to schedule hearing date for bill of costs; Draft e-mail correspondence to clerk regarding same. | 0.2 | $240 | 48 |
| 3999 | 01/30/26 | KD | Discussion with Mr. Trissell regarding telephone call with clerk regarding sending e-mail correspondence to schedule hearing date for bill of costs; Review revised draft e-mail correspondence to clerk regarding same; Forward to clerk. | 0.2 | $240 | 48 |
| 4000 | 01/30/26 | JMT | Review amended bill of costs. | 0.4 | $1,050 | 420 |
| 4001 | 01/30/26 | PMJ | Review final versions and edits to motion for attorneys' fees | 0.2 | $1,368 | 273.6 |
| 4002 | 01/30/26 | JMT | E-mail correspondence to Kathy about bill of costs. | 0.2 | $1,050 | 210 |
| 4003 | 01/30/26 | KD | Begin working on gather invoices for non-taxable costs; Draft chart regarding same. | 1 | $240 | 240 |

**TOTAL HOURS:**          **3,807.15**

**TOTAL FEES:**          **$4,045,917**

191

**EXHIBIT 3**

# USAO ATTORNEY'S FEES MATRIX — 2015-2021

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 | 2016-17 | 2017-18 | 2018-19 | 2019-20 | 2020-21 |
|---|---|---|---|---|---|---|
| 31+ years | 568 | 581 | 602 | 613 | 637 | 665 |
| 21-30 years | 530 | 543 | 563 | 572 | 595 | 621 |
| 16-20 years | 504 | 516 | 536 | 544 | 566 | 591 |
| 11-15 years | 455 | 465 | 483 | 491 | 510 | 532 |
| 8-10 years | 386 | 395 | 410 | 417 | 433 | 452 |
| 6-7 years | 332 | 339 | 352 | 358 | 372 | 388 |
| 4-5 years | 325 | 332 | 346 | 351 | 365 | 380 |
| 2-3 years | 315 | 322 | 334 | 340 | 353 | 369 |
| Less than 2 years | 284 | 291 | 302 | 307 | 319 | 333 |
| Paralegals & Law Clerks | 154 | 157 | 164 | 166 | 173 | 180 |

*Explanatory Notes*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act). The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases. The matrix does **not** apply to cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2. A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index. The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics. The PPI-OL index is available at http://www.bls.gov/ppi. On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multi-screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers" and "product code" 541110541110 for "Offices of Lawyers." The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3. The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-

Legal Services index measures. Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*, 793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should minimize disputes about whether the inflator is sufficient.

4. The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area. The USAO rates for years prior to and including 2014-15 remains the same as previously published on the USAO's public website.

5. The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law. Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school. Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school). *See Laffey*, 572 F. Supp. at 371. An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression. *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same). The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data. Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level. The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

6. ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks. Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index. The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

7. The attorney's fees matrices issued by the United States Attorney's Office are intended to facilitate the settlement of attorney's fees claims in actions in which the United States may be liable to pay attorney's fees to the prevailing party and the United States Attorney's Office is handling the matter. The United States Attorney's Office is presently working to develop a revised rate schedule, based upon current, realized rates paid to attorneys handling complex federal litigation in the District of Columbia federal courts. This effort is motivated in part by the D.C. Circuit's urging the development of "a reliable assessment of fees charged for complex federal litigation in the District." *D.L. v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019). This new matrix should address the issues identified by the majority in *D.L.*, but it is expected that it will be some time before a new matrix can be prepared. In the interim, for matters in which a prevailing party agrees to payment pursuant to the matrices issued by the United States Attorney's Office, the United States Attorney's Office will not demand that a prevailing party offer the additional evidence that the law otherwise requires. *See Eley*, 793 F.3d at 104 (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995)) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for *similar services*'").

**EXHIBIT 4**

# LAFFEY MATRIX











| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|------|-------------------|----------------------|------|------|------|-------|------|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/24- 5/31/25 | 1.080182 | $258 | $473 | $581 | $839 | $948 | $1141 |
| 6/01/23- 5/31/24 | 1.059295 | $239 | $437 | $538 | $777 | $878 | $1057 |
| 6/01/22- 5/31/23 | 1.085091 | $225 | $413 | $508 | $733 | $829 | $997 |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |

| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* ï¿½Years Out of Law Schoolï¿½ is calculated from June 1 of each year, when most law students graduate. ï¿½1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). ï¿½4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier ï¿½1-3" from June 1, 1996 until May 31, 1999, would move into tier ï¿½4-7" on June 1, 1999, and tier ï¿½8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

**EXHIBIT 5**

## THE FITZPATRICK MATRIX

Hourly Rates ($) for Legal Fees for Complex Federal Litigation in the District of Columbia

| Years Exp. / Billing Yr. | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 35+ | 535 | 563 | 591 | 619 | 647 | 675 | 703 | 731 | 736 | 760 | 807 |
| 34 | 534 | 562 | 590 | 618 | 646 | 674 | 702 | 729 | 734 | 758 | 805 |
| 33 | 532 | 560 | 588 | 616 | 644 | 672 | 700 | 728 | 733 | 757 | 804 |
| 32 | 530 | 558 | 586 | 614 | 642 | 670 | 698 | 726 | 730 | 754 | 801 |
| 31 | 527 | 555 | 583 | 611 | 639 | 667 | 695 | 723 | 728 | 752 | 799 |
| 30 | 524 | 552 | 580 | 608 | 636 | 664 | 692 | 720 | 725 | 749 | 795 |
| 29 | 521 | 549 | 577 | 605 | 633 | 661 | 689 | 717 | 721 | 745 | 791 |
| 28 | 517 | 545 | 573 | 601 | 629 | 657 | 685 | 713 | 717 | 741 | 787 |
| 27 | 512 | 540 | 568 | 596 | 624 | 652 | 680 | 708 | 713 | 736 | 782 |
| 26 | 508 | 536 | 564 | 592 | 620 | 648 | 676 | 704 | 708 | 731 | 776 |
| 25 | 502 | 530 | 558 | 586 | 614 | 642 | 670 | 698 | 703 | 726 | 771 |
| 24 | 497 | 525 | 553 | 581 | 609 | 637 | 665 | 693 | 697 | 720 | 765 |
| 23 | 491 | 519 | 547 | 575 | 603 | 630 | 658 | 686 | 691 | 714 | 758 |
| 22 | 484 | 512 | 540 | 568 | 596 | 624 | 652 | 680 | 684 | 707 | 751 |
| 21 | 477 | 505 | 533 | 561 | 589 | 617 | 645 | 673 | 677 | 699 | 742 |
| 20 | 470 | 498 | 526 | 553 | 581 | 609 | 637 | 665 | 670 | 692 | 735 |
| 19 | 462 | 490 | 518 | 546 | 574 | 602 | 630 | 658 | 662 | 684 | 726 |
| 18 | 453 | 481 | 509 | 537 | 565 | 593 | 621 | 649 | 653 | 675 | 717 |
| 17 | 445 | 473 | 500 | 528 | 556 | 584 | 612 | 640 | 645 | 666 | 707 |
| 16 | 435 | 463 | 491 | 519 | 547 | 575 | 603 | 631 | 635 | 656 | 697 |
| 15 | 426 | 454 | 482 | 510 | 538 | 566 | 593 | 621 | 626 | 647 | 687 |
| 14 | 416 | 443 | 471 | 499 | 527 | 555 | 583 | 611 | 615 | 635 | 674 |
| 13 | 405 | 433 | 461 | 489 | 517 | 545 | 573 | 601 | 605 | 625 | 664 |
| 12 | 394 | 422 | 450 | 478 | 506 | 534 | 562 | 590 | 594 | 614 | 652 |
| 11 | 382 | 410 | 438 | 466 | 494 | 522 | 550 | 578 | 582 | 601 | 638 |
| 10 | 371 | 399 | 427 | 455 | 483 | 510 | 538 | 566 | 570 | 589 | 625 |
| 9 | 358 | 386 | 414 | 442 | 470 | 498 | 526 | 554 | 558 | 576 | 612 |
| 8 | 345 | 373 | 401 | 429 | 457 | 485 | 513 | 541 | 545 | 563 | 598 |
| 7 | 332 | 360 | 388 | 416 | 444 | 472 | 500 | 528 | 532 | 550 | 584 |
| 6 | 319 | 347 | 375 | 403 | 431 | 458 | 486 | 514 | 518 | 535 | 568 |
| 5 | 305 | 332 | 360 | 388 | 416 | 444 | 472 | 500 | 504 | 521 | 553 |
| 4 | 290 | 318 | 346 | 374 | 402 | 430 | 458 | 486 | 489 | 505 | 536 |
| 3 | 275 | 303 | 331 | 359 | 387 | 415 | 443 | 471 | 474 | 490 | 520 |
| 2 | 260 | 287 | 315 | 343 | 371 | 399 | 427 | 455 | 458 | 473 | 502 |
| 1 | 244 | 272 | 300 | 328 | 356 | 384 | 412 | 439 | 442 | 457 | 485 |
| 0 | 227 | 255 | 283 | 311 | 339 | 367 | 395 | 423 | 426 | 440 | 467 |
| P* | 130 | 140 | 150 | 160 | 169 | 179 | 189 | 199 | 200 | 207 | 220 |

* = Paralegals/Law Clerks

*Published by the U.S. Attorney's Office for the District of Columbia, Civil Division*

Explanatory Notes

1.  This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared to assist with resolving requests for attorney's fees in complex civil cases in District of Columbia federal courts handled by the Civil Division of the United States Attorney's Office for the District of Columbia.  It has been developed to provide "a reliable assessment of fees charged for complex federal litigation in the District [of Columbia]," as the United States Court of Appeals for the District of Columbia Circuit urged.  *DL v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019).  The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, nor has it been adopted by other Department of Justice components.

2.  The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees.  *E.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b).  A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).  The matrix is not intended for use in cases in which the hourly rate is limited by statute.  *E.g.*, 28 U.S.C. § 2412(d).

3.  For matters in which a prevailing party agrees to payment pursuant to this fee matrix, the United States Attorney's Office will not request that a prevailing party offer the additional evidence that the law otherwise requires.  *See, e.g., Eley v. District of Columbia*, 793 F.3d 97, 104 (D.C. Cir. 2015) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for similar services'")).

4.  The years in the column on the left refer to an attorney's years of experience practicing law.  Normally, an attorney's experience will be calculated based on the number of years since an attorney graduated from law school.  If the year of law school graduation is unavailable, the year of bar passage should be used instead.  Thus, an attorney who graduated from law school in the same year as the work for which compensation is sought has 0 years of experience.  For all work beginning on January 1 of the calendar year following graduation (or bar admission), the attorney will have 1 year of experience. (For example, an attorney who graduated from law school on May 30 will have 0 years of experience until December 31 of that same calendar year.  As of January 1, all work charged will be computed as performed by an attorney with 1 year of experience.)  Adjustments may be necessary if an attorney did not follow a typical career progression or was effectively performing law clerk work.  *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate).

5.  The data for this matrix was gathered from the dockets of cases litigated in the U.S. District Court for the District of Columbia using the following search in July 2020 in Bloomberg Law: keywords ("motion n/5 fees AND attorney!") + filing type ("brief," "motion," or "order") + date ("May 31, 2013 – May 31, 2020" under "Entries (Docket and Documents)").  This returned a list of 781 cases.  Of those, cases were excluded if there was no motion for fees filed, the motions for fees lacked necessary information, or the motions involved fees not based on hourly rates, involved rates explicitly or implicitly based on an existing fee matrix, involved rates explicitly or implicitly subject to statutory fee caps (e.g., cases subject to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)), or used lower rates prescribed by case law (*e.g., Eley*, 793 F.3d at 105 (Individuals with Disabilities in Education Act

cases)).  After these excisions, 86 cases, many of which included data for multiple billers (and 2 of which only provided hourly rate data for paralegals), remained.

6.  The cases used to generate this matrix constitute complex federal litigation—which caselaw establishes as encompassing a broad range of matters tried in federal court.  *E.g.*, *Reed v. District of Columbia*, 843 F.3d 517, 527-29 (D.C. Cir. 2016) (Tatel, J., concurring) (noting that cases arising under the Freedom of Information Act, Title VII, the Americans with Disabilities Act, Constitutional Amendments, antitrust statutes, and others have been deemed complex, and even "relatively small" cases can constitute complex federal litigation, as they too require "specialized legal skills" and can involve "complex organizations," such as "large companies"); *Miller v. Holzmann*, 575 F. Supp. 2d 2, 14-16, 17 (D.D.C. 2008) (prevailing market rates for complex federal litigation should be determined by looking to "a diverse range of cases").  That the attorneys handling these cases asked the court to award the specified rates itself demonstrates that the rates were "'adequate to attract competent counsel, [while] not produc[ing] windfalls to attorneys.'"  *West v. Potter*, 717 F.3d 1030, 1033 (D.C. Cir. 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  As a consequence, the resulting analysis yields the "prevailing market rate[] in the relevant community" for complex litigation undertaken in federal courts in the District of Columbia.  *See Blum*, 465 U.S. at 895.

7.  From these 86 complex federal cases, the following information was recorded for 2013 and beyond: hourly rate, the calendar year the rate was charged, and the number of years the lawyer was out of law school when the rate was charged (or, if law school graduation year was unavailable, years since bar passage), as defined above.  If the graduation or bar passage year was not stated in a motion or its exhibits, then the lawyer's biography was researched on the internet.  Although preexisting fee matrices for the District of Columbia provide for mid-year rate changes, very few lawyers in the data submitted rates that changed within a calendar year.  For this reason, the matrix was modeled using one rate for each calendar year.  On the occasions when a lawyer expressed an hourly rate as a range or indicated the rate had increased during the year, the midpoint of the two rates was recorded for that lawyer-year.

8.  The matrix of attorney rates is based on 675 lawyer-year data points (one data point for each year in which a lawyer charged an hourly rate) from 419 unique lawyers from 84 unique cases.  The lawyer-year data points spanned from years 2013 to 2020, from $100 to $1250, and from less than one year of experience to 58 years.

9.  Paralegal/law clerk rates were also recorded.  The following titles in the fee motions were included in the paralegal/law clerk data: law clerk, legal assistant, paralegal, senior legal assistant, senior paralegal, and student clerk.  The paralegal/law clerk row is based on 108 paralegal-year data points from 42 unique cases.  They spanned from 2013 to 2019 and from $60 to $290.  (It is unclear how many unique persons are in the 108 data points because paralegals were not always identified by name.)

10. The matrix was created with separate regressions for the lawyer data and the paralegal data.  For the paralegal data, simple linear least-squares regression was used with the dependent variable hourly rate and the independent variable the year the rate was charged subtracted from 2013; years were

combined into one variable and subtracted from 2013 rather than modeled as separate indicator variables to constrain annual inflation to a constant, positive number. The resulting regression formula was rate = 129.8789 + 9.902107 * (year-2013). For the lawyer data, least-squares regression was used with the dependent variable hourly rate and independent variables the year the rate was charged and the number of years of experience of the lawyer when the rate was charged. The year the rate was charged was subtracted from 2013 and modeled linearly as with the paralegal data. The number of years out of law school (or since year of bar passage) was modeled with both linear and squared terms, as is common in labor economics to account for non-linear wage growth (e.g., faster growth earlier in one's career than at the end of one's career). *See, e.g.*, Jacob Mincer, *Schooling, Experience, and Earnings* (1974). The resulting regression formula was rate = 227.319 + 16.54492 * experience - 0.2216217 * experience ^ 2 + 27.97634 * (year-2013). Regressions were also run with log transformed rates and with a random-effect model (to account for several lawyers appearing more than once in the data), but both alternatives resulted in mostly lower rates than those reflected here; in order to minimize fee disputes, these models were therefore rejected in favor of the more generous untransformed, fixed-effect model. Rates from one case comprised 20% of the data; the regression was also run without that case, but the resulting rates were mostly lower and therefore rejected, again to minimize fee disputes.

11. The data collected for this matrix runs through 2020. To generate rates for 2021 and subsequent years, an inflation adjustment (rounded to the nearest whole dollar) was added. The United States Attorney's Office determined that, because courts and many parties have employed the legal services index of the Consumer Price Index to adjust attorney hourly rates for inflation, this matrix will do likewise. *E.g.*, *Salazar v. District of Columbia*, 809 F.3d 58, 64-65 (D.C. Cir. 2015); *Eley*, 793 F.3d at 101-02; *DL*, 924 F.3d at 589-90.

12. This matrix was researched and prepared by Brian Fitzpatrick, the Milton R. Underwood Chair in Free Enterprise and Professor of Law at Vanderbilt Law School, with the help of his students.

13. This matrix and an alternative, preexisting matrix were extensively examined, and, based on that analysis, this matrix was the one selected for computation of the hourly rates for the attorneys' fees awarded in *J.T. v. District of Columbia*, Civ. A. No. 19-0989, 2023 WL 355940 (D.D.C. Jan. 23, 2023) (Howell, C.J.).

**EXHIBIT 6**

*ELM Solutions*

# 2024 Real Rate Report®

The industry's leading analysis of law firm rates, trends, and practices


Wolters Kluwer



## Report Editor

**Jennifer McIver**
Director, Legal Operations and Industry Insights
Wolters Kluwer ELM Solutions

## Lead Data Analysts

**Carol Au**
Business Systems Quantitative Analyst
Wolters Kluwer ELM Solutions

**Aaryak Shandilya**
Data Scientist
Wolters Kluwer ELM Solutions

## ELM Solutions Creative

**David Andrews**
Senior Graphic Designer
Wolters Kluwer ELM Solutions

## Contributing Analysts and Authors

**Jason Bender**
Legal Analytics Product Manager
Wolters Kluwer ELM Solutions

**Haemi Jung**
Strategic Business Intelligence Manager
Wolters Kluwer ELM Solutions

**Margie Sleboda**
Lead Technology Product Manager
Wolters Kluwer ELM Solutions

## Executive Sponsor

**Brian Jorgenson**
Vice President, Product Management
Wolters Kluwer ELM Solutions

© 2004 – 2024 Wolters Kluwer ELM Solutions. All rights reserved. This material may not be reproduced, displayed, modified, or distributed in any form without the express prior written permission of the copyright holders. To request permission, please contact:

ELM Solutions, a Wolters Kluwer business
2929 Allen Pkwy Ste 3300
Houston, TX 77019 United States
ATTN: Marketing
ELMSolutionsSales@wolterskluwer.com

**LEGAL CAVEAT**

Wolters Kluwer ELM Solutions has worked to ensure the accuracy of the information in this report; however, Wolters Kluwer ELM Solutions cannot guarantee the accuracy of the information or analyses in all cases. Wolters Kluwer ELM Solutions is not engaged in rendering legal, accounting, or other professional services. This report should not be construed as professional advice on any particular set of facts or circumstances. Wolters Kluwer ELM Solutions is not responsible for any claims or losses that may arise from any errors or omissions in this report or from reliance upon any recommendation made in this report.

# Table of Contents – 2024 Real Rate Report

**A Letter to Our Readers • 4**

**Report Use Considerations • 5**

**Section I: High-Level Data Cuts • 8**
- Partners, Associates, and Paralegals
- Partners and Associates by City and Matter Type
- Partners and Associates by City
- Partners, Associates, and Paralegals by Practice Area and Matter Type
- Partners and Associates by Firm Size and Matter Type
- Partners by City and Years of Experience
- Associates by City and Years of Experience

**Section II: Industry Analysis • 65**
- Partners, Associates, and Paralegals by Industry Group
- Partners and Associates by Industry Group and Matter Type
- Basic Materials and Utilities
- Consumer Goods
- Consumer Services
- Financials (Excluding Insurance)
- Health Care
- Industrials
- Insurance
- Technology and Telecommunications

**Section III: Practice Area Analysis • 88**
- Bankruptcy and Collections
- Commercial
- Corporate: Mergers, Acquisitions, and Divestitures
- Corporate: Regulatory and Compliance
- Corporate: Other
- Employment and Labor
- Environmental
- Finance and Securities
- General Liability (Litigation Only)
- Insurance Defense (Litigation Only)
- Intellectual Property: Other
- Intellectual Property: Patents
- Intellectual Property: Trademarks
- Real Estate

**Section IV: In-Depth Analysis for Select US Cities • 175**
- Boston, MA
- Chicago, IL
- Los Angeles, CA
- New York, NY
- Philadelphia, PA
- San Francisco, CA
- Washington, DC

**Section V: International Analysis • 195**

**Section VI: Matter Staffing Analysis • 220**

**Appendix: Data Methodology • 225**

# A Letter to Our Readers

**Welcome to the latest edition of Wolters Kluwer ELM Solutions Real Rate Report®, the industry's leading data-driven benchmark report for lawyer and paralegal rates.**

Our Real Rate Report has been a relied upon data analytics resource to the legal industry since its inception in 2010 and continues to evolve, providing you with the most comprehensive rate benchmarking insights, trends, and practices. The Real Rate Report is powered by the Wolters Kluwer ELM Solutions LegalVIEW® data warehouse, which has grown to include $180B+ in anonymized legal data.

The depth and granularity of the data within the Real Rate Report empowers users to benchmark and negotiate effectively and make well-informed investment and resourcing decisions for the organization.

As with previous Real Rate Reports, our data is sourced from corporations' and law firms' e-billing and time management solutions. We have included lawyer and paralegal rate data filtered by specific practice and sub-practice areas, metropolitan areas, and types of matters. This level of detail gives legal departments and law firms the precision they need to identify areas of opportunity. We strive to make the Real Rate Report a valuable and actionable reference tool for legal departments and law firms.

As always, we welcome your comments and suggestions on what information would make this publication more valuable to you. We thank our data contributors for participating in this program. And we thank you for making Wolters Kluwer ELM Solutions your trusted partner for legal industry domain expertise, data, and analytics and look forward to continuing to provide market-leading, expert solutions that deliver the best business outcomes for collaboration among legal departments and law firms.

Sincerely,

**Brian Jorgenson**
Vice President, Product Management
Wolters Kluwer ELM Solutions

# Report Use Considerations

**2024 Real Rate Report**

- Examines law firm rates over time
- Identifies rates by location, experience, firm size, areas of expertise, industry, and timekeeper role (i.e., partner, associate, and paralegal)
- Itemizes variables that drive rates up or down

All the analyses included in the report derive from the actual rates charged by law firm professionals as recorded on invoices submitted and approved for payment.

Examining real, approved rate information, along with the ranges of those rates and their changes over time, highlights the role these variables play in driving aggregate legal cost and income. The analyses can energize questions for both corporate clients and law firm principals.

Legal departments might ask whether they are paying the right amount for different types of legal services, while law firm principals might ask whether they are charging the right amount for legal services and whether to modify their pricing approach.

**Some key factors[1] that drive rates[2]:**

**Attorney location -** Lawyers in urban and major metropolitan areas tend to charge more when compared with lawyers in rural areas or small towns.

**Litigation complexity -** The cost of representation will be higher if the case is particularly complex or time-consuming; for example, if there are a large number of documents to review, many witnesses to depose, and numerous procedural steps, the case is likely to cost more (regardless of other factors like the lawyer's level of experience).

**Years of experience and reputation -** A more experienced, higher-profile lawyer is often going to charge more, but absorbing this higher cost at the outset may make more sense than hiring a less expensive lawyer who will likely take time and billable hours to come up to speed on unfamiliar legal and procedural issues.

**Overhead -** The costs associated with the firm's support network (paralegals, clerks, and assistants), document preparation, consultants, research, and other expenses.

**Firm size –** The rates can increase if the firm is large and has various timekeeper roles at the firm. For example, the cost to work with an associate or partner at a larger firm will be higher compared to a firm that has one to two associates and a paralegal.

---

1 David Goguen, J.D., University of San Francisco School of Law (2020) Guide to Legal Services Billing Retrieved from:
   https://www.lawyers.com/legal-info/research/guide-to-legal-services-billing-rates.html
2 **Source: 2018 RRR.** Factor order validated in multiple analyses since 2010



# Section I: High-Level Data Cuts

All data and analysis based on data collected thru Q2 2024

# Section I: High-Level Data Cuts

## Cities
By Matter Type

**2024 - Real Rates for Associate and Partner**                    **Trend Analysis - Mean**

| City | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2024 | 2023 | 2022 |
|------|-------------|------|---|----------------|--------|----------------|------|------|------|
| San Diego CA | Litigation | Partner | 43 | $252 | $400 | $907 | $568 | $539 | $550 |
| | | Associate | 44 | $195 | $250 | $343 | $315 | $303 | $303 |
| | Non-Litigation | Partner | 75 | $401 | $523 | $889 | $678 | $676 | $717 |
| | | Associate | 57 | $250 | $374 | $458 | $412 | $393 | $378 |
| San Francisco CA | Litigation | Partner | 166 | $420 | $825 | $1,208 | $856 | $821 | $760 |
| | | Associate | 120 | $431 | $614 | $824 | $659 | $606 | $534 |
| | Non-Litigation | Partner | 220 | $460 | $770 | $1,172 | $838 | $832 | $790 |
| | | Associate | 167 | $342 | $575 | $860 | $625 | $578 | $566 |
| San Jose CA | Litigation | Partner | 36 | $650 | $830 | $1,303 | $996 | $990 | $899 |
| | | Associate | 29 | $497 | $640 | $833 | $682 | $678 | $674 |
| | Non-Litigation | Partner | 57 | $703 | $931 | $1,350 | $1,069 | $1,097 | $1,046 |
| | | Associate | 46 | $474 | $600 | $1,055 | $752 | $759 | $637 |

# Section I: High-Level Data Cuts

## Cities
By Role

**2024 - Real Rates for Associate and Partner**

**Trend Analysis - Mean**

| City | Role | n | First Quartile | Median | Third Quartile | 2024 | 2023 | 2022 |
|------|------|---|----------------|--------|----------------|------|------|------|
| **Richmond VA** | Partner | 81 | $424 | $665 | $878 | $656 | $666 | $640 |
| | Associate | 56 | $320 | $406 | $553 | $457 | $485 | $395 |
| **Rochester NY** | Partner | 19 | $354 | $440 | $583 | $466 | $426 | $517 |
| **Sacramento CA** | Partner | 19 | $430 | $556 | $718 | $600 | $531 | $503 |
| | Associate | 14 | $318 | $397 | $431 | $374 | $344 | $316 |
| **Salt Lake City UT** | Partner | 59 | $291 | $395 | $458 | $404 | $396 | $390 |
| | Associate | 21 | $236 | $315 | $367 | $319 | $292 | $247 |
| **San Diego CA** | Partner | 102 | $316 | $491 | $904 | $637 | $625 | $661 |
| | Associate | 94 | $225 | $295 | $435 | $365 | $359 | $353 |
| **San Francisco CA** | Partner | 338 | $430 | $788 | $1,188 | $846 | $828 | $778 |
| | Associate | 265 | $395 | $595 | $849 | $639 | $591 | $553 |
| **San Jose CA** | Partner | 82 | $693 | $864 | $1,335 | $1,043 | $1,058 | $994 |
| | Associate | 70 | $495 | $600 | $921 | $729 | $735 | $647 |
| **San Juan PR** | Partner | 12 | $240 | $255 | $385 | $315 | $313 | $248 |

**EXHIBIT 7**

2025 WL 3403370

2025 WL 3403370
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

Christopher GARNIER, et al., Plaintiffs,

v.

POWAY UNIFIED SCHOOL
DISTRICT, et al., Defendants.

Case No.: 17-cv-2215-BEN-JLB
|
Signed October 20, 2025

**Attorneys and Law Firms**

Cory J. Briggs, Briggs Law Corporation, Upland, CA, for Plaintiffs.

Daniel R. Shinoff, Jack M. Sleeth, Jr., Jesse Benjamin Basel, Michelle M. Brookfield, Artiano Shinoff, San Diego, CA, for Defendants Michelle O'Connor-Ratcliff, T. J. Zane.

**ORDER ON PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEY'S FEES**

**[ECF No. 138]**

ROGER T. BENITEZ, United States District Judge

**\*1** Before the Court is Plaintiffs' Motion for Award of Attorney Fees (Pre-and Post-Appeal) (Doc. No. 138). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Attorneys' fees.

**I. BACKGROUND**

Plaintiffs Christopher and Kimberly Garnier sued on October 30, 2017, after Defendants Michelle O'Connor-Ratcliff and T.J. Zane, elected Poway Unified School District Board members, blocked Plaintiffs from their social media accounts, alleging First Amendment violations under 42 U.S.C. § 1983.[1]

[1] The Complaint also alleged state law claims subsequently dismissed.

After a bench trial, the Court found for Plaintiffs on January 15, 2021, ordering Defendants to unblock them. (ECF No.

90).[2] The Court granted Defendants qualified immunity on damages but awarded declaratory and injunctive relief. (ECF No. 90).

[2] "Defendants are hereby ordered to unblock Plaintiffs on their public Facebook pages and Defendant O'Connor-Ratcliff is ordered to unblock Plaintiff Christopher Garnier on her Public Twitter account."

The Ninth Circuit affirmed, confirming qualified immunity on damages while upholding injunctive relief. *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1183 (9th Cir. 2022). The Supreme Court granted certiorari, vacated the Ninth Circuit decision, and remanded for reconsideration under *Lindke v. Freed*, 601 U.S. 187 (2024).[3] *O'Connor-Ratcliff v. Garnier*, 601 U.S. 205 (2024) (per curiam). The Supreme Court granted certiorari in this case and in *Lindke* to resolve a Circuit split about how to identify state action in the context of public officials using social media -- elaborating on the new test in *Lindke*. *Garnier*, 601 U.S. at 208 ("We granted certiorari in this case and in *Lindke v. Freed*, to resolve a Circuit split about how to identify state action in the context of public officials using social media. Because the approach that the Ninth Circuit applied is different from the one we have elaborated in *Lindke*, we vacate the judgment below and remand the case to the Ninth Circuit for further proceedings consistent with our opinion in that case.") (citations omitted).

[3] *Lindke*, provides an official test for when a government employee's social media becomes state use. The Court provides that the employee must "(1) ha[ve] actual authority to speak on behalf of the State on a particular matter, and (2) purported to exercise that authority in the relevant posts." *Id.* at 204.

On remand, the Ninth Circuit again affirmed this Court's decision, this time under the new test in *Lindke*, expressly noting: "We hold that O'Connor-Ratcliff's blocking of the Garniers on her social media accounts constituted state action under *Lindke*" and "[o]ur earlier holding that the Trustees are entitled to qualified immunity on the Garniers' damages claim, which the Garniers did not appeal, remains in effect." *Garnier v. O'Connor-Ratcliff*, 136 F.4th 1181, 1186, 1194 (9th Cir. 2025). The case was well and thoroughly litigated on both sides.

2025 WL 3403370

Following the successful conclusion of the underlying litigation, Plaintiffs seek $966,781.75 in attorneys' fees under 42 U.S.C. § 1988, an upward multiplier not exceeding 1.5, and $49,473.00 in costs. (ECF No. 138-16 at 1; Decl. Briggs at ¶ 9).

## II. DISCUSSION

### A. The Relief Obtained Establishes Plaintiffs Are Prevailing Parties

**\*2** A plaintiff "prevails" by succeeding "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[4] This requires "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). The Supreme Court recently reaffirmed that "[s]ection 1988(b) permits courts to award attorney's fees to a 'prevailing party.' A party 'prevails' when a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties. Critically, both the change in relationship and its permanence must result from a judicial order." *Lackey v. Stinnie*, 604 U.S. 192, 207 (2025). This favorable judicial order obtained by Plaintiffs in this litigation remains in place today. (ECF No. 141 p.11).

[4] *Price v. City of Stockton*, 390 F.3d 1105, 1116 (9th Cir. 2004), also embraces the "catalyst theory," where a plaintiff prevails if the lawsuit "was a material contributing factor in motivating the defendant to provide the relief obtained." Plaintiffs need not establish this here, given that they obtained a formal judgment.

Plaintiffs filed this lawsuit to vindicate their free speech rights and obtain an order requiring the Defendants to unblock their social media accounts. (ECF No. 1).[5] They achieved precisely that through the Court's Judgment declaring Defendants violated Plaintiffs' First Amendment rights and granting Plaintiffs relief.[6] The Ninth Circuit twice affirmed. *Garnier*, 41 F. 4th at 1183; *Garnier*, 136 F. 4th at 1186. *See infra*.

[5] *Hensley*, 461 U.S. at 433, Plaintiffs "succeed[ed] on [a] significant issue in litigation which achieve[d] some of the benefit the parties sought."

[6] *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792 (1989) ("Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.") (citation omitted); *see also Herrington v. County of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989).

The relief "materially alter[ed] the legal relationship between the parties by modifying the defendant[s'] behavior in a way that directly benefit[ed] the plaintiff[s]." *Farrar*, 506 U.S. at 111-12.[7] Obtaining injunctive rather than monetary relief does not diminish prevailing party status. *See Gerling Glob. Reinsurance Corp. of Am. v. Garamendi*, 400 F.3d 803, 806 (9th Cir. 2005) ("Obtaining a permanent injunction is sufficient to confer 'prevailing party' status on a Section 1983 plaintiff."); *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) ("So, too, is declaratory relief.").

[7] *Id.* at 114 (1992) (holding that "the prevailing party inquiry does not turn on the magnitude of the relief obtained").

Additionally, the litigation produced a published Ninth Circuit opinion clarifying First Amendment principles for social media blocking by public officials in this Circuit. These clarifications protect a citizen's right to engage with elected officials in modern digital forums while providing public officials with guidance on maintaining personal accounts without triggering constitutional liability. The decision ensures that constituents retain First Amendment protections when participating in the digital equivalent of traditional public forums. This significant public benefit aligns with § 1988's deterrent purpose and policy objectives, further justifying fee recovery despite qualified immunity on damages.[8]

[8] *See also Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991) ("Allowing for the recovery of attorneys' fees helps to eliminate financial barriers to the vindication of constitutional rights.")

## 1. Defendants' Counterarguments Are Unpersuasive

**\*3** Defendants attempt to defeat prevailing party status with two unpersuasive theories. First, Defendants suggest Plaintiffs' "harassing posts" and "largely unreasonable behavior" justify denying fees. (ECF No. 89, Findings of Fact and Conclusions of Law, p. 29:1-9). The Court addressed these arguments at trial and ruled for Plaintiffs. While the Court found Defendants' initial blocking reasonably responded to Plaintiffs' initial "repetitive and largely unreasonable behavior," the continued blocking -- continuing over three years after suit -- violated the First Amendment because it was no longer narrowly tailored. *Garnier*, 513 F. Supp. 3d at 1251. The Ninth Circuit twice affirmed. Defendants cannot now relitigate that issue to defeat Plaintiffs' entitlement to fees.

Second, Defendants invoke *Farrar's* principle that when a plaintiff "recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, [citation omitted] the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115. This principle does not apply to injunctive relief. *Farrar* addressed a plaintiff who sought $17 million but recovered only one dollar in nominal damages, with no declaratory or injunctive relief. *Id.* at 107-08 (citation modified). [9] Here, Plaintiffs obtained their primary relief sought: a judicial declaration of constitutional violations and an order requiring unblocking.

[9]  *Rivera*, 477 U.S. at 578, ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting § 1988. Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights."); *Farrah*, 506 U.S. at 115 (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his 'absolute' right to procedural due process through enforcement of a judgment against the defendant.")

## B. Qualified Immunity Does Not Bar Fee Awards to Prevailing Parties

Defendants offer another argument. Defendants contend their qualified immunity precludes any fee award under § 1988. However, this argument also fails as a matter of law. [10]

[10]  *Riverside v. Rivera*, 477 U.S. 561, 577 (1986) ("[While] damages are theoretically available under the statutes covered by [§ 1988], it should be observed that, in some cases, immunity doctrines and special defenses, available only to public officials, preclude *or severely limit the damage remedy.* Consequently, awarding counsel fees to prevailing plaintiffs in such litigation is particularly important and necessary if Federal civil and constitutional rights are to be adequately protected.") (quoting House Report, at 9.) (footnote omitted).

### 1. Doctrinal Framework

Qualified immunity and § 1988 fee awards serve distinct purposes and operate independently. Qualified immunity protects officials from money damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Absolute judicial immunity provides much greater protection than qualified immunity for other officials. Yet, the Supreme Court held that "[j]udicial immunity is no bar to the award of attorney's fees under 42 U.S.C. § 1988." *Pulliam v. Allen*, 466 U.S. 522, 544 (1984). Before *Pulliam*, in *Pierson v. Ray*, the Court stated that Congress, when enacting § 1983, did not "abolish all common-law immunities" such as immunities for acts "within the legislative role" [absolute immunity] and acts within the judicial role [absolute immunity]. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). The *Pierson* Court further emphasized that the "common law has never granted police officers [public officials] an absolute and unqualified immunity." *Id.* at 555. Importantly, *Pulliam* establishes that courts may award attorneys' fees when an immunity applies but a prospective injunction issues.

**\*4** Qualified immunity may shield officials with dismissal before discovery for suits seeking money damages; however, it does not apply to undismissed constitutional violations,

which a court must remedy by issuing a writ. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."). [11]

11    *Id.* at 526-27 ("Accordingly, the reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable; in each case, the district court's decision is effectively unreviewable on appeal from a final judgment."). Qualified immunity shields officials from damages for past constitutional violations unless the violated rights were clearly established. This immunity, however, does not bar prospective relief. When plaintiffs seek injunctions to stop ongoing violations, officials cannot invoke qualified immunity—they must either cease the unconstitutional conduct or proceed to challenge allegations. Here, the Court found ongoing violations requiring injunctive relief to prevent continuing harm to Plaintiffs. Because this relief was prospective, qualified immunity did not apply. Defendants exercised their right to challenge Plaintiffs' claim through litigation but ultimately lost. Under § 1988, this unsuccessful defense resulted in liability for both the injunction and the prevailing party's attorney's fees—a statutory consequence parties must consider when deciding whether to continue litigation.

Section 1988, by contrast, ensures § 1983 plaintiffs with meritorious claims can obtain competent counsel. *Hensley*, 461 U.S. at 429. Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in § 1983 actions to "attract competent counsel to prosecute civil rights cases." *See Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008); *Farrah*, 506 U.S. at 572.

When a plaintiff obtains injunctive or declaratory relief establishing a constitutional violation, the plaintiff prevails regardless of qualified immunity on damages. *See Farrar*, 506 U.S. at 111-12. The Supreme Court held in *Rivera*, that "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief. Rather, Congress made clear that it 'intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation[.]' " *Rivera*, 477 U.S. at 575 (citation omitted). The Supreme Court explains that "Congress recognized that reasonable attorney's fees under § 1988 are not conditioned upon and need not be proportionate to an award of money damages." *Id.* at 576. [12]

12    "A rule that limits attorneys' fees in civil rights cases to a proportion of the damages awarded would seriously undermine Congress' purpose in enacting § 1988. Congress enacted § 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process." (citing House Report, at 3).

**\*5** For § 1983 cases, "a court's discretion to deny fees under § 1988 is very narrow and ... fee awards should be the rule rather than the exception." [13] *Am. Broad. Cos. v. Miller*, 550 F.3d 786, 787 (9th Cir. 2008). Fee applications warrant denial only if: (1) fees would not further § 1988's purposes; [14] or (2) the equities favor denial. *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005). [15], [16]

13    *Bravo v. City of Santa Maria*, 810 F.3d 659, 666 (9th Cir. 2016) (citing *McGinnis v. Ky. Fried Chicken*, 51 F.3d 805, 810 (9th Cir. 1994)) ("[i]t is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee.") (quoting *Farrar*, 506 U.S. at 116).

14    *Rivera*, 477 U.S. at 574, ("Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits [such as access to public officials' official social media accounts] that are not reflected in nominal or relatively small damages awards.")

15    Section 1988(b) states, "Attorney's fees. In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."

16      Neither exception applies here. An award of fees furthers § 1988's purpose (ensuring plaintiffs can vindicate constitutional rights). And the equities favor Plaintiffs, who vindicated First Amendment rights in a case of public importance.

Here, this Court entered a Judgment ordering: "Defendants are hereby ordered to unblock Plaintiffs on their public Facebook pages and Defendant O'Connor-Ratcliff is ordered to unblock Plaintiff Christopher Garnier on her public Twitter account." [17] (ECF No. 90). Both decisions confirmed that qualified immunity protected Defendants only from damages, not from injunctive relief establishing the constitutional violation.

17      *Ackerley Communications, Inc. v. Salem*, 752 F.2d 1394, 1397 (9th Cir. 1985) ("to enable private citizens who could otherwise not afford to vindicate their civil rights to do so" [...] "[t]he congressional purpose in providing attorney's fees in civil rights cases was to eliminate financial barriers to the vindication of constitutional rights *and to stimulate voluntary compliance with the law.*" "Thus there are public interest considerations that transcend the conferring of a financial benefit on a prevailing party."))

### 2. *Farnan* Is Inapposite

Defendants rely on *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011), asserting "[t]he rule in the Ninth Circuit is that qualified immunity bars all damages, including attorney fees and costs." (ECF No. 140 at 12). This fundamentally misrepresents *Farnan.*

**\*6** *Farnan* addressed whether a district court abused its discretion in permitting defendant Corbett to assert qualified immunity after a ruling on the constitutional merits. 654 F.3d at 980. The district court had denied plaintiffs' request for injunctive and declaratory relief, then permitted defendant

Corbett's amended answer asserting qualified immunity and dismissed the remaining damages claims. *C.F. v. Capistrano Unified Sch. Dist.*, No. SACV 07-01434-JVS (ANx), 2009 U.S. Dist. LEXIS 140946, at 1-3 (C.D. Cal. Dec. 14, 2009).

The Ninth Circuit's reference to attorney's fees served only to identify prejudice relevant to the amended issue: "[a]lthough Farnan sought only nominal damages, the attorney's fees and costs for which Corbett could be liable absent the protection of qualified immunity undoubtedly would be considerable after more than three years of litigation." *Farnan*, 654 F.3d at 984. This constituted an equitable factor favoring amendment, not as a precedent that qualified immunity bars fee awards to plaintiffs who secure injunctive relief for constitutional violations.

Critically, in *Farnan*, plaintiffs lost on the merits and received no relief. The district court denied injunctive relief, and the prevailing defendant sought fees from the plaintiff. The Ninth Circuit ordered "[e]ach party shall bear its own costs on appeal," which is an outcome that is inconsistent with any purported categorical bar. *Farnan*, 654 F.3d at 989.

Defendants here also rely on *D'Aguanno v. Gallagher*, 50 F.3d 877 (11th Cir. 1995), which *Farnan* cited. But *Farnan* referenced *D'Aguanno* only in evaluating prejudice from allowing a late qualified-immunity amendment, not to announce any categorical bar to an award of fees. Moreover, *D'Aguanno* addressed a materially different posture—a plaintiff seeking retrospective monetary relief. Without the Ninth Circuit's adoption of the Eleventh Circuit's reasoning as a rule for this circuit, *D'Aguanno* remains, at most, persuasive authority. It is inapposite where, as here, a plaintiff obtains prospective injunctive relief. [18]

18      Importantly, adopting *D'Aguanno* would defeat § 1988's main purpose—as repeatedly held by the Supreme Court — by making injunctive relief against ongoing non-explicit constitutional violations financially impossible for the average citizen to obtain, thereby eviscerating Congress's remedial purpose.

This Court has found no Ninth Circuit precedent establishing that qualified immunity categorically bars § 1988 fees, because it does not. Such a rule would contradict § 1988's text, which authorizes fees to "the prevailing party" without defining an exception for defendants with qualified immunity on damages. [19]

19    42 U.S.C. § 1988(b) ("its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs ....")

## C. The Lodestar Calculation

District courts "must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The lodestar equals "the product of reasonable hours times a reasonable rate." *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992), with a "strong presumption that the lodestar represents the 'reasonable' fee." *Id.* at 562.

A "reasonable fee" is intended to "induce a capable attorney to undertake the representation of a meritorious civil rights case" without "produc[ing] windfalls to attorneys." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The moving party bears the burden on both hours and rates. *Hensley*, 461 U.S. at 437. Having established that the Plaintiffs are entitled to fees, the Court calculates the lodestar amount.

### 1. Reasonable Hours

**\*7** "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.* Furthermore, "[w]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). If a percentage cut to claimed hours is warranted, the court "must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.' " *Id.* (quoting *Gates*, 987 F.2d at 1400). However, "[t]he district court can impose a small reduction, no greater than 10 percent —a 'haircut'—based on its exercise of discretion and without

a more specific explanation." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

Plaintiffs seek fees for 1,767.45 hours from inception through the second Ninth Circuit appeal, plus 46 hours for this motion. [20] (ECF No. 138-8 (Ex. A).) This includes work by Briggs Law Corporation and Stanford Law School's Supreme Court Litigation Clinic. Defendants take no issue with the reasonableness of the hours worked.

20    *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (citing *Harris v. McCarthy*, 790 F.2d 753, 758-59 (9th Cir. 1986) ("affirming district court's award of fees incurred in connection with fees motion where counsel only received 11.5% of fees requested for merits work").

The Court reviewed Plaintiffs' detailed billing records. (ECF No. 138-9 (Ex. B); ECF No. 138-14 (Ex. G); ECF No. 138-15 (Ex. H)) documenting work on pre-trial matters (2017-2020), first appeal (2021-2022), Supreme Court (2022-2024), and second appeal (2024-2025)). Before arriving at the total fees requested, Plaintiffs' counsel made voluntary reductions totaling approximately $255,000, with Cory Briggs reducing his firm's entries by approximately $30,000 and Professor Karlan and Stanford reducing their hours by roughly $225,000, demonstrating billing judgment called for under *Hensley*. [21] (Briggs Decl. ¶ 10; Karlan Decl. ¶ 2).

21    *Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.")

The Court finds these hours reasonable for several reasons. First, the case complexity and duration justify substantial time. The litigation spanned nearly eight years, involved novel First Amendment questions, survived two Ninth Circuit appeals and one Supreme Court grant of certiorari, and resulted in published precedent.

Second, work quality demonstrates efficient staffing. For example, Mr. Briggs conducted strategic research (approximately 71.85 hours in April-May 2017) (ECF No. 138-9 Ex. "B" at 1-2), then delegated routine work to associates and paralegals while maintaining oversight.

Third, Supreme Court work appropriately utilized specialized experience. Professor Karlan's 92.5 hours included two moot courts, coordination with the Solicitor General, Supreme Court oral argument, and post-argument strategy. (ECF No. 138-14 Ex. "G"). The 762 hours by Stanford law students on outline development, briefing, and research, supervised by Professor Karlan, represent efficient use of lower-cost personnel. (ECF No. 138-15 Ex. "H").

Fourth, in contingency civil rights cases, courts often "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case[.]" *Moreno*, 534 F.3d at 1112.

**\*8** Defendants contend that Plaintiffs' fees should be limited to work performed pre-September 2019 because that was the date this Court granted qualified immunity. The contention carries little weight. As explained above, qualified immunity does not bar an award of § 1988 fees for successfully obtaining injunctive relief. Moreover, Plaintiffs prevailed at trial and on both appeals, generating continued fee entitlement.

The court need not *apportion* [22] fees between successful and unsuccessful claims because all claims arose from the same constitutional violation—Defendants' blocking of Plaintiffs from the official school board member social media accounts. The claims involved a common core of facts and related legal theories. The damages claim (subject to qualified immunity) and the injunctive relief claim (not barred by qualified immunity) are inextricably intertwined, arising from the identical constitutional violation and requiring the same legal and factual development. [23] Therefore, the Court finds **1,813.45** total hours reasonable. [24]

[22] *Hensley*, 461 U.S. at 438 ("Given the interrelated nature of the facts and legal theories in this case, the District Court did not err in refusing to apportion the fee award mechanically on the basis of respondents' success or failure on particular issues. [footnote omitted] And given the findings with respect to the level of respondents' success, the District Court's award may be consistent with our holding today.")

[23] *Gilbrook v. City of Westminster*, 177 F.3d 839, 876 (9th Cir. 1999) ("[L]awsuits usually involve many reasonably disputed issues and a lawyer who takes

on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is a part of winning.")

[24] 218.1 +29.5 + 22+8+ 28.2+ 224.4 +26+ 279.65 + 2+ 7.1 + 94 +92.5 + 762 +20 = 1,813.45 (ECF No. 138-8 Ex. "A")

**2. Reasonable Hourly Rates**

The reasonable rate reflects "the prevailing market rate in the relevant community," *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019), meaning "[the] rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979. [25]

[25] *Perdue*, 559 U.S. at 552, ("[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.")

The relevant community generally comprises "the forum in which the district court sits." *Id.* Rates outside the forum apply "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

"Satisfactory evidence" may include "affidavits of the plaintiffs' attorneys and other attorney[s] regarding prevailing fees in the community." *Camacho*, 523 F.3d at 980 (quoting *United Steelworkers*, 896 F.2d at 407). [26] Courts may "consider the fees awarded by others in the same locality for similar cases" and "use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.' " *Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015).

[26] *Id.* at 407, Courts may also consider attorney affidavits and fee awards in similar cases in the forum and may rely on their own experience.

**\*9** Unless enhanced for undue delay, rates should reflect "current prevailing market rates for litigation that has taken years to complete without compensation (as opposed to the use of historic rates over the course of the litigation)." *Gates*

*v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992); *accord Camacho*, 523 F.3d at 981.

Plaintiffs request the following rates, supported by extensive evidence of prevailing market rates in this district. The Defendants take no issue with the hourly rates.

### a. Evidence of Prevailing Market Rates

Richard M. Pearl, an expert on California attorney fee law who authored the authoritative California treatise on fee awards and who has served as an expert witness in over 200 fee cases, declares that Mr. Briggs $925 per hour rate is "readily in line with the rates charged and awarded to attorneys of comparable experience and skill." (Pearl Decl. ¶ 12 (ECF No. 138-5).) He cites the Adjusted Laffey Matrix listing current rates of $1,141 per hour for attorneys with 20+ years' experience as of May 31, 2025. (*Id.* ¶ 16.)

John G. McClendon, an attorney with 35 years' experience, provides Inland Empire survey data from 2020 to the present indicating attorneys with 25+ years' experience in general litigation range from $500-800/hour, and for constitutional matters from $750-$1,050/hour. (McClendon Decl. ¶ 10 (ECF No. 138-4).) Also indicated are associate attorney rates ranging from $345 to $475/hour, and paralegal rates from $150 to $265/hour. (*Id.*)

Cory J. Briggs attests his surveys show San Diego attorneys with 20+ years' experience in specialty fields like free speech and civil rights generally charge "in excess of $750.00 per hour and some in excess of $1,000.00 per hour." (Briggs Decl. ¶ 5 (ECF No. 138-7).)

Pamela S. Karlan states, "based on recent surveys, an appropriate hourly rate for private, fee-for-service clients should be at least $2,000.00" for Supreme Court advocates, though she reduced her hourly rate to $1,500 as "a sign of good faith." (Karlan Decl. ¶ 3 (ECF No. 138-6).)

Plaintiffs complete their supporting evidence with citation to numerous Southern District of California fee orders, including recent cases approving comparable or higher rates for attorneys with less experience. [27]

27    Cases cited include: *Dunsmore v. San Diego County Sheriff's Dep't*, 2025 U.S. Dist. LEXIS

153688 (S.D. Cal. Aug. 8, 2025) (approving $975/hour for 17-year attorney, $900/hour for 19-year attorney); *Bloom v. City of San Diego*, 2024 U.S. Dist. LEXIS 187817 (S.D. Cal. Oct. 15, 2024) (approving $990-$1,250 for 1999 graduates, $1,200 for a 2006 graduate, and $280-$390 for paralegals); *Orthopaedic Hosp. v. Encore Med. L.P.*, 2021 U.S. Dist. LEXIS 225014, at 40 (S.D. Cal. 2021) (finding $925-$1,260 reasonable); *Herring v. Maddow*, 2021 U.S. Dist. LEXIS 23163 (S.D. Cal. 2021) (finding $1,050-$1,150/hour reasonable for 30+ year attorneys, $720/hour for senior associates, $265-$280 for paralegals); *Hollis v. Union Pac.* R.R. Co., 2018 U.S. Dist. LEXIS 161232 (S.D. Cal. 2018) (approving $890 and $800/hour for 45-year attorneys, $717/hour for 14-year attorney, $125-$195 for paralegals).

### b. Application to Requested Rates

Mr. Briggs seeks a fee award at the rate of $925/hour. The Court finds this hourly rate to be reasonable. With 30 years of experience focusing on civil rights and First Amendment litigation, Mr. Briggs possesses specialized expertise that justifies higher rates. Recent cases like *Dunsmore* approved hourly rates of $975 and $900 for attorneys with 17- and 19-years of experience. 2025 U.S. Dist. LEXIS 153688. Mr. Pearl confirms that an hourly rate of $925 falls within the range of prevailing hourly rates. (Pearl Decl. ¶¶ 12-16.)

**\*10** Plaintiffs seek fees for associate attorneys at $375/hour. This rate falls within McClendon's survey range of $345-$475 and below rates approved in *Bloom* ($440 for 2022 graduate) and *Herring* ($470 for 3rd year associate). The Court finds a $375 hourly rate for associate attorney time to be reasonable.

Paralegals at $175/hour. This rate is consistent with McClendon's surveys ($150-$265) and below rates approved in *Bloom* ($280-$390) and *Herring* ($265-$280). (McClendon Decl. ¶ 10.) Given the voluntary reductions and routine work documentation, $175/hour is reasonable.

Professor Karlan seeks a fee award at the rate of $1,500/hour. While substantially higher than typical civil rights litigation rates, Karlan's rate finds justification in: (1) Supreme Court specialization commanding premium rates, with her rate representing a 25% reduction from the $2,000 market rate; (2) her unique qualification as Co-Director of Stanford's Supreme Court Litigation Clinic with 20+ Supreme Court

arguments;[28] (3) demonstrated success achieving reversal and remand; and (4) limited hours minimizing overall impact (92.5 hours).

> [28]    *See Barjon*, 132 F.3d at 500 (citing *Gates); Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) ("However, rates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.' ")

Stanford Law School law clerk work at $175/hour. While law school clinic students lack licensed attorney experience, their supervised work on substantial research and briefing justifies an award of fees at paralegal rates. The favorable outcome achieved supports the requested rate.

### 3. The Lodestar Amount

Applying reasonable rates to reasonable hours yields:

**Briggs Law Corporation (Pre-Appeal, through January 25, 2021):**

- Cory J. Briggs: 218.1 hours × $925 = $201,742.50
- Nora Pasin: 224.4 hours × $375 = $84,150.00
- Associate MW: 29.5 hours × $375 = $11,062.50
- Paralegals: 58.2 hours × $175 = $10,185.00
- Westlaw: $27,317.00
- **Subtotal: $334,457.00**

**Briggs Law Corporation (Post-Appeal):**

- Cory J. Briggs: 279.65 hours × $925 = $258,676.25
- Nora Pasin: 94.0 hours × $375 = $35,250.00
- Paralegals: 9.1 hours × $175 = $1,592.50
- Westlaw: $22,156.00
- **Subtotal: $317,674.75**

**Stanford Law School (Post-Appeal):**

- Pamela S. Karlan: 92.5 hours × $1,500 = $138,750.00
- Law Clerks: 762 hours × $175 = $133,350.00
- **Subtotal: $272,100.00**

**Fee Motion:**

- Cory J. Briggs: 46 hours × $925 = $42,550.00

**TOTAL LODESTAR: $966,781.75**

### 4. No Enhancement Warranted

Plaintiffs request a 1.5 multiplier. Though presumptively reasonable, "courts may adjust the lodestar "based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). However, "adjustments to the lodestar 'are the exception rather than the rule.' " *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016); *see also Perdue*, 559 U.S. at 552 (enhancements occur only in " 'rare' and 'exceptional' circumstances.")

The Supreme Court identifies three enhancement circumstances: (1) where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value; (2) where the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted; and (3) where extraordinary circumstances involve exceptional delay in the payment of fees.[29],[30] *Id.* at 555-56 (citation modified and quotation omitted).

> [29]    *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (risk of nonpayment is not a permissible basis for enhancement).

> [30]    *Id.* at 556, ("compensation for this delay is generally made either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.")

**\*11**  Courts may also consider the *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted) factors when evaluating fee requests. The Court has

considered the *Kerr* factors: (1) the time and labor required (reflected in 1,813.45 hours over eight years); (2) the novelty and difficulty (a case of first impression reaching the Supreme Court); (3) the skill requisite (requiring constitutional expertise and Supreme Court advocacy); (4) preclusion of other employment (counsel took this case on contingency); (5) the customary fee (addressed through market rates); (6) whether the fee is fixed or contingent (purely contingent); (7) time limitations (none imposed); (8) the amount involved and results obtained (establishing important First Amendment precedent); (9) counsel's experience and reputation (highly qualified specialists); (10) the "undesirability" of the case (challenging public officials carries inherent risk); (11) the nature and length of the professional relationship (arm's length representation); and (12) awards in similar cases (consistent with similar civil rights litigation). *Kerr*, 526 F.2d at 70 (citation omitted).

While these factors demonstrate impressive representation in a challenging case, they do not establish the rare and exceptional circumstances warranting enhancement. First, the Court has awarded current market rates, which compensate for the delay in payment. [31] Second, the reasonable hours and rates already approved reflect the quality of representation and results; the lodestar subsumes these considerations. [32] Third, to the extent Plaintiffs invoke litigation risk, *City of Burlington v. Dague* forecloses a risk-based premium. 505 U.S. at 567. [33] , [34] Fourth, while the matter proved protracted and resource-intensive, the record does not show that the lodestar fails to capture counsel's true market value or that the costs award cannot address any extraordinary expense.

[31]    *Perdue*, 559 U.S. at 556 (citing *Missouri v Jenkins*, 491 U.S. 274, 282 (1989) ("[T]here may be extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees. An attorney who expects to be compensated under § 1988 presumably understands that payment of fees will generally not come until the end of the case, if at all. See *ibid.* Compensation for this delay is generally made 'either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.' ")

[32]    *See Id.* at 553 "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee,'" [citation omitted], "and

have held that an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation[.]"

[33]    ("[W]e hold that enhancement for contingency is not permitted under the fee-shifting statutes at issue.")

[34]    The recent decision in *Alvarado v. Wal-Mart Associates, Inc.*, No. 23-3297, 2025 LEXIS 25289, at *20 (9th Cir. Sept. 30, 2025) is noted. However, that decision addressed a different posture and legal framework and does not change the § 1988 lodestar or enhancement framework employed here.

The Court therefore maintains the lodestar without enhancement.

### D. Costs

Plaintiffs also seek $49,473.00 in Westlaw (computer-assisted research) expenses incurred over 7.5 years. [35] (Briggs Decl. ¶ 9.) "Attorneys may recover their reasonable expenses that would typically be billed to paying clients." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008). Mr. Briggs attests that his firm charges clients for Westlaw use and "most of the co-counsel who work on my clients' matters charge for computerized research." (Briggs Decl. ¶ 9 n.4.)

[35]    The Court's reasonableness finding rests on several factors: (1) Duration and Complexity: 7.5 years of litigation involving novel First Amendment issues, two Ninth Circuit appeals, and Supreme Court review necessitated extensive legal research; (2) Per-Month Rate: at approximately $550/month ($49,473 ÷ 90 months), charges align with typical Westlaw subscription rates for small firms handling complex federal litigation; (3) Proportionality: research costs represent approximately 5% of total fees requested, reasonable for analyzing evolving constitutional doctrine; (4) Documentation: Plaintiffs provided itemized Westlaw invoices (ECF No. 138-9, Ex. B) correlating to key litigation events; (5) Industry Standard: courts routinely award Westlaw costs as reasonable litigation expenses. *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (citing and quoting *InvesSys, Inc. v. McGraw-Hill*

Case 3:23-cv-00768-BEN-VET   Document 323-2   Filed 02/02/26   PageID.17858
Page 259 of 497

*Cos.*, 369 F.3d 16, 22 (1st Cir. 2004) ("[C]omputer-assisted research should be... reimbursed under attorney's fee statutes...so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement"); *Case by Case v. Unified Sch. Dist.* No. 233, 157 F.3d 1243, 1257 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case [such as Westlaw charges] should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate*"); see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004)). The Ninth Circuit in *Redland* held that "reasonable charges for computerized research may be recovered as 'attorney's fees' under § 1132(g)(2)(D) if separate billing for such expenses is 'the prevailing practice in the local community.' " 460 F.3d at 1259.

**\*12**  Given this case's complexity, duration, and extensive research required on novel First Amendment questions, the Court finds these costs to be reasonable.

## III. CONCLUSION

An award of the lodestar fee will advance the purpose of § 1988 — preventing out-of-pocket legal costs from deterring attorney representation in meritorious constitutional claims. For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion. (ECF. No. 138).

Therefore

1. Plaintiffs shall recover **$966,781.75** in attorneys' fees.

2. Plaintiffs shall recover **$49,473.00** in costs.

3. Plaintiffs are entitled to a total award of **$1,016,254.75.**

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 3403370

**End of Document**   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT 8**

2025 WL 2301940
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

Darryl DUNSMORE, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, County of San Diego, San Diego County Probation Department, and Does 1 to 20, inclusive, Defendants

Case No.: 20-cv-00406-AJB-DDL
|
Signed August 7, 2025
|
Filed August 8, 2025

**Attorneys and Law Firms**

Christopher M. Young, Isabella Maria Neal, Oliver M. Kiefer, DLA Piper US LLP, San Diego, CA, Gay Crosthwait Grunfeld, Michael L. Freedman, Benjamin Wycliffe Holston, Eric A. Ho, Eric D. Monek Anderson, Hannah M. Chartoff, Richard Van Swearingen, Rosen Bien Galvan & Grunfeld, LLP, San Francisco, CA, Aaron J. Fischer, Law Office of Aaron J. Fischer, Berkeley, CA, for Plaintiff Darryl Dunsmore.

Gay Crosthwait Grunfeld, Michael L. Freedman, Benjamin Wycliffe Holston, Eric A. Ho, Eric D. Monek Anderson, Hannah M. Chartoff, Richard Van Swearingen, Rosen Bien Galvan & Grunfeld, LLP, San Francisco, CA, Oliver M. Kiefer, DLA Piper US LLP, San Diego, CA, for Plaintiffs Josue Lopez, Reanna Levy, Christopher Norwood, Ernest Archuleta, Anthony Edwards, Laura Zoerner, Jesse Olivares, Gustavo Sepulveda, Andree Andrade, James Clark, Michael Taylor.

Deann Rivard, Susan E. Coleman, Burke, Williams & Sorensen, LLP, Los Angeles, CA, Elizabeth Marie Pappy, Burke, Williams & Sorensen, LLP, San Jose, CA, for Defendants San Diego County Sheriff's Department, San Diego County Probation Department.

Deann Rivard, Susan E. Coleman, Burke, Williams & Sorensen, LLP, Los Angeles, CA, Elizabeth Marie Pappy,

Burke, Williams & Sorensen, LLP, San Jose, CA, Steven Paul Inman II, San Diego Office of County Counsel, San Diego, CA, for Defendant County of San Diego.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR INTERIM ATTORNEYS' FEES**

Anthony J. Battaglia, United States District Judge

**\*1** Before the Court is Plaintiffs' Motion for Interim Attorneys' Fees and Costs pertaining to the ADA Settlement Agreement ("Motion for Attorneys' Fees") (Doc. No. 807). Defendants filed an opposition to Plaintiffs' Motion for Attorneys' Fees (Doc. No. 831), to which Plaintiffs replied (Doc. No. 867). On July 31, 2025, the Court held a hearing on Plaintiffs' Motion for Attorneys' Fees. (Doc. No. 942.) For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Attorneys' Fees. (Doc. No. 807.)

**I. BACKGROUND**

The facts of this case have been recited in previous orders. (*See* Doc. No. 219.) Plaintiffs are current or former inmates of San Diego County Jail facilities (the "Jail"), operated by Defendants San Diego County Sheriff's Department and the County of San Diego. Plaintiffs bring this action on behalf of "themselves and the approximately 4,000 incarcerated people who are similarly situated on any given day" to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." (Third Amended Complaint ("TAC"), Doc. No. 231, ¶ 4.) Specifically, Plaintiffs contend Defendants' policies and practices contribute to the high death rates in the Jail, which "has for years exceeded the rates nationally and in other large California jails, [and] it reached chilling heights in 2021 when 18 people died, amounting to a death rate of 458 incarcerated people per 100,000." (*Id.* ¶ 1.)

In the operative complaint, Plaintiffs' Third Claim alleges a failure to provide reasonable accommodations to incarcerated people with disabilities in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and California Government Code § 11135. (*See* TAC ¶¶ 454–68.)

An abbreviated procedural history of this case is as follows. On November 3, 2023, the Court granted the parties' joint motion to certify three subclasses under Federal Rule of Civil Procedure 23(b)(2). (Doc. No. 435.) Fact discovery closed

Dunsmore v. San Diego County Sheriff's Department, Slip Copy (2025)
2025 WL 2301940

in May 2024, (*see* Doc. Nos. 470; 636; 654), and expert discovery closed in November 2024 (Doc. No. 721).

Between August 25, 2023, and November 20, 2024, the parties participated in at least seventeen settlement conferences with Magistrate Judge David D. Leshner ("Judge Leshner"), including several all-day, in-person conferences. (Doc. No. 867-8, Reply Declaration of Van Swearingen ("Swearingen Reply Decl."), ¶ 25.) The San Diego County Board of Supervisors approved the ADA Settlement as to Plaintiffs' third claim on December 11, 2024. (*Id.*) On December 12, 2024, the parties filed the ADA Settlement Agreement as a joint motion (the "ADA Settlement" or "Settlement") (Doc. No. 776), which the Court approved the same day (Doc. No. 777).

The parties subsequently filed a joint motion for preliminary approval of the ADA Settlement. (Doc. No. 792.) The Court granted the joint motion and entered the order granting preliminary approval. (Doc. No. 828.)

On February 3, 2025, Plaintiffs filed the instant Motion for Attorneys' Fees (Doc. No. 807), which Defendants oppose (Doc. No. 831). In support of the motion, Plaintiffs filed seven declarations. (Doc. Nos. Nos. 807-2–807-8.) The first is by Gay C. Grunfeld, managing partner at Rosen Bien Galvan & Grunfeld LLP ("RBGG") (Doc. No. 807-2, "Grunfeld Decl."), which incorporates the resumes of Plaintiffs' counsel at RBGG and outlines the experience, skills, and reputation of each RBGG attorney and staff member. (Grunfeld Decl. ¶ 3.) The second is by RBGG partner, Van Swearingen (Doc. No. 807-3, "Swearingen Decl."), which incorporates RBGG's billing invoices, costs, and expenses for RBGG's merits and fees work through January 20, 2025, as well as the invoices from SZS Engineering Access Inc., Plaintiffs' ADA expert's vendor. The third declaration is by Christopher M. Young, partner at DLA Piper LLP (US) ("DLA Piper") (Doc. No. 807-4, "Young Decl."), which incorporates the resumes of Plaintiffs' counsel at DLA Piper, as well as DLA Piper's time entries, costs, and expenses for merits and fees work through January 20, 2025. The fourth declaration is by Aaron J. Fischer, solo practitioner in the Law Office of Aaron J. Fischer (Doc. No. 807-5, "Fischer Decl."), which incorporates Mr. Fischer's resume, time entries, costs, and expenses for his merits and fees work through January 20, 2025. The fifth declaration is by Plaintiffs' counsel's retained expert, Richard M. Pearl, to opine on the reasonableness of Plaintiffs' requested attorneys' fees. (Doc. No. 807-6, "Pearl Decl.") The sixth declaration is by Claudia Center, the

Legal Director at Disability Rights Education and Defense Fund, Inc. (Doc. No. 807-7, "Center Decl."), which evaluates the relief provided to Subclass Members through the ADA Settlement. The seventh declaration is by Shawna Parks, Chief Litigation Officer at Disability Rights Advocates (Doc. No. 807-8, "Parks Decl."), which attests to the reasonableness of RBGG's and Aaron Fischer's billing rates. RBGG, DLA Piper, and Aaron J. Fischer are collectively referred to as "Plaintiffs' Counsel."

**\*2** In opposition, Defendants filed two declarations. (*See* Doc. Nos. 831-1; 831-3.) The first is by Elizabeth M. Pappy, partner at Burke, Williams & Sorenson, LLP, attorneys for Defendants. (Doc. No. 831-1.) The second declaration is by Defendants' retained fee expert, John O'Connor, principal of O'Connor and Associates, who opines on Plaintiffs' requested fees and hours. (Doc. No. 831-3.)

## II. MOTION FOR ATTORNEYS' FEES

Plaintiffs filed the instant motion seeking an award of $2,111,562.63 in attorneys' fees in reaching the ADA settlement ("merits work"), $158,002.58 in fees for work on the instant motion ("fees work"), and $471,716.85 in costs.[1] (Doc. Nos. 807-1; 876.) Plaintiffs bring their motion for attorneys' fees and costs under the ADA, Rehabilitation Act, and California's private attorney general statute. (Doc. No. 807-1 at 17)(citing 42 U.S.C. § 12205 (ADA); 29 U.S.C. § 794a(b) (Rehabilitation Act); Cal. Code Civ. Proc. § 1021.5).) Defendants oppose Plaintiffs' motion, arguing that the requested amounts for attorneys' fees and expenses are "excessive." (Doc. No. 831 at 16.) For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Plaintiffs' motion for attorneys' fees and litigation expenses.

[1]    Plaintiffs originally sought $476,469.35 in costs (Doc. No. 807-1 at 7) but later reduced the amount after "Plaintiffs inadvertently included $4,751.50 in costs that should not be included in the cost award." (Doc. No. 867 at 13; *see also* Doc. No.867-7, "Grunfeld Reply Decl." ¶¶ 6–7.)

### A. Statutory Bases for Interim Attorneys' Fees Award

#### 1. ADA Fee Shifting Provision

Section 12205 of the ADA stipulates:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. Under the ADA, "a plaintiff 'prevails' and thus is entitled to attorney's fees and costs, when he or she enters into a legally enforceable settlement agreement with the defendant." *Richard S. v. Dep't of Developmental Servs. of State of California*, 317 F.3d 1080, 1086 (9th Cir. 2003) (quoting *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir.2002)).

### 2. Rehabilitation Act

A prevailing party pursuant to the Rehabilitation Act (29 U.S.C. § 794(a)) is also entitled to reasonable attorneys' fees and costs. *See Doe by Gonzales v. Maher*, 793 F.2d 1470, 1499 (9th Cir. 1986), *aff'd as modified sub nom. Honig v. Doe*, 484 U.S. 305 (1988) ("Pursuant to 29 U.S.C. § 794a ... , plaintiffs, as prevailing parties, are awarded reasonable attorneys' fees and costs in an amount to be determined upon the submission of appropriate affidavits by plaintiffs' counsel.")

### 3. California Law

A party may recover fees under California Code of Civil Procedure Section 1021.5 for obtaining a public interest result when:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a

> significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

**\*3** Cal. Civ. Proc. Code § 1021.5; *see also Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1073 (N.D. Cal. 2010).

### 4. Interim Fee Award

Under federal law, "[a] party may be awarded attorney fees as a prevailing party at an interlocutory stage of the proceeding if the party 'prevails on the merits as to one or more of his or her claims.'" *Marks v. Clarke*, 102 F.3d 1012, 1034 (9th Cir. 1996), *as amended on denial of reh'g* (Feb. 26, 1997) (quoting *Ward v. County of San Diego*, 791 F.2d 1329 (9th Cir. 1986)). The same principle holds true under California state law. *See La Mirada Ave. Neighborhood Assn. of Hollywood v. City of Los Angeles*, 22 Cal. App. 5th 1149, 1160 (2018) ("[S]ection 1021.5 contemplates interim attorney fee awards for successes conferring a significant benefit before the matter is finally litigated.") (internal quotation marks and citation omitted).

### 5. Plaintiffs' Attorney Award

Plaintiffs assert, and Defendants do not dispute, that pursuant to the terms of the ADA Settlement, and in accordance with the ADA, Rehabilitation Act, and California Code of Civil Procedure Section 1021.5, Plaintiffs are the prevailing party and entitled to an interim award of attorneys' fees and costs. (*See* ADA Settlement ¶ 160 ("The parties agree that Plaintiffs and the disability subclass are entitled to reasonable attorneys' fees and costs on all issues covered by the Third Claim for Relief in Plaintiffs' Third Amended Complaint, including the 2023 ADA Order and this ADA Settlement and Order.").)

### B. Reasonable Attorneys' Fees

### 1. Legal Standard – Lodestar Method

Under both federal and California law, calculation of reasonable attorneys' fees is determined using the lodestar method. *See e.g., Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997) ("The customary method of determining fees ... is known as the lodestar method."); *see also Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222 (9th Cir. 2013) ("In general, California courts, like their federal counterparts, utilize the lodestar ... approach to determine a proper fee award to a prevailing plaintiff in a civil rights law suit.")

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d 935, 941 (9th Cir. 2011) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003)). The burden is on the party seeking fees to establish their reasonableness. *See Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). "Though the lodestar figure is 'presumptively reasonable,' the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors, 'including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment[.]' " *In re Bluetooth*, 654 F.3d at 941–42 (quoting first *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) and then *Hanlon*, 150 F.3d at 1029). However, "adjustments to the lodestar 'are the exception rather than the rule.' " *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (quoting *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007).

### 2. Reasonableness Analysis – Plaintiffs' Merits & Fees Work

**\*4** Plaintiffs' Counsel seek a merits lodestar of $2,111,562.63 for their work securing the ADA Settlement through January 20, 2025. (Doc. No. 807-1.) They also seek $158,002.58 for their work through January 20, 2025, on the instant fees motion. (*Id.*) Defendants contest, arguing the requested rates are excessive (Doc. No. 831 at 15), and the requested number of hours are unreasonable (*id.* at 21).

The Court first analyzes the reasonableness of Plaintiffs' Counsels' requested hourly rates and then analyzes the reasonableness of the hours billed.

### 3. Plaintiffs' Counsels' Rates

In determining a reasonable hourly rate, reasonable fees "are to be calculated according to the prevailing market rates in the relevant community[.]" *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996), *disapproved of on other grounds by Gaffney v. City of Allentown*, No. 97-4455, 1998 WL 32758 (E.D. Pa. Jan. 7, 1998). Additionally, when a prevailing party has incurred fees over years without payment, the proper rate to use in calculating the lodestar is the current rate at the time of the award. *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). Moreover, "a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Determining the prevailing market rate requires "close attention ... to the fees charged by lawyers of reasonably comparable skill, experience, and reputation." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992*), opinion vacated in part on other grounds denial of reh'g*, 984 F.2d 345 (9th Cir. 1993) (internal quotation marks and citation omitted). Moreover, "the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The exception is that "rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (internal quotation marks and citations omitted.)

Here, Plaintiffs' Counsel is comprised of attorneys working at three different law firms: 1) RBGG, 2) Law Office of Aaron J. Fischer, and 3) DLA Piper. *See* Sec. I, *supra.* The Court considers the reasonableness of the hourly rates of each firm in turn.

RBGG's hourly rates range from $975 to $1,625 for partners, $750 to $850 for senior counsel, $500 to $600 for associates, and $350 for paralegals. (Doc. No. 807-1 at 20; *see also* Grunfeld Decl. In Support of Fees ¶ 18.) RBGG is lead counsel in this case (Young Decl. ¶ 7), and attests to spending 2,339 hours on its merits work (Grunfeld Decl. In Support of Fees ¶ 32). After applying a 5% across-the-board discount,

RBGG requests $1,782,930.08 as its merits lodestar (*Id.* ¶ 33), and $144,910.63 as its fees lodestar (Swearingen Decl. ¶ 15).

Aaron Fischer's hourly rate is $900. (Fischer Decl. ¶ 7.) Plaintiffs seek an award of 216.7 hours of Mr. Fischer's merits time, amounting to $185,278.50. (*Id.*) Fischer also requests $4,617.00 for his fees work. (*Id.* ¶ 8.)

Finally, DLA Piper's hourly rates range from $1,670 for partner Christopher M. Young, and from $895 to $1,250 for associates. (Doc. No. 807-1 at 20–21.) Plaintiffs seek an award of 131.4 hours incurred by DLA Piper attorneys for merits work, amounting to $143,354.05. (Young Decl. ¶ 20.) DLA also seeks a fees work lodestar of $8,474. (*Id.* ¶ 21.)

**\*5** In support of the reasonableness of RBGG's rates, Plaintiffs' Counsel submits three declarations from Counsel (*see generally* Grunfeld Decl.; Fischer Decl.; Young Decl.), as well as the declarations from their fee expert (*see* Pearl Decl.), and from two other disability rights attorneys (*see* Parks Decl; Center Decl). Because declarations from applicant attorneys "do not conclusively establish the prevailing market rate," *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008), especially where the "value of these declarations [can be] both self-serving and self-perpetuating," *Kochenderfer v. Reliance Standard Life Ins. Co.*, 2010 WL 1912867, \*4 (S.D. Cal. Apr. 21, 2010), the Court places greater weight on the declarations from outside counsel.

First, Plaintiffs' fee expert, Richard Pearl, finds Plaintiffs' Counsel's hourly rates reasonable "based on numerous findings of reasonable hourly rates made by San Diego courts." (Pearl Decl. ¶ 33.) In support, he cites to *Bloom v. City of San Diego*, No. 17-CV-02324-AJB-DEB, 2024 WL 4495512, at \*6 (S.D. Cal. Oct. 15, 2024) ("*Bloom*") where this Court approved an unopposed motion for attorneys' fees including hourly rates ranging from $990 to $1,250 for 1999 law school graduates. (*Id.*) Pearl does not recognize, however, that the *Bloom* plaintiffs proactively incorporated a 53% across-the-board reduction in fees to enhance the reasonableness of their request, which this Court considered in approving their attorneys' fees. *See Bloom*, 2024 WL 4495512, at \*6. Here, RBGG only proposes a 5% across-the-board cut. (Doc. No. 807-1 at 26.) Second, Pearl identifies a number of other courts that have approved RBGG's requested fees, yet none are in this district, and none approved RBGG's increased 2025 rates.[2] Finally, in support of applying the San Francisco rates of RBGG and Aaron Fischer, Pearl finds based on his review of DLA Piper's Young Declaration, "that

no other attorneys in the San Diego market were willing to take on the role of serving as lead counsel for Plaintiffs' Third Claim for Relief." (*Id.* ¶ 17 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (upholding award of San Francisco rates in a Sacramento-based prison conditions case where counsel demonstrated "issues in prisoner civil rights cases are extremely complex" and "require experienced and sophisticated counsel")).) This claim is contested by Defendants' fee expert, which the Court considers below. (*See* O'Connor Decl. ¶ 44.)

2   The cases where courts have approved RBGG's hourly rates and which are cited by Grunfeld and Pearl in their respective declarations (*see* Grunfeld Decl. In Support of Fees ¶ 19; Pearl Decl. ¶ 31), include: *U.S. v. Academy Mortgage Corporation*, No. 3:16-cv-02120-EMC, Dkt. 500 (N.D. Cal May 31, 2024) (awarding RBGG's requested 2023 rates for its fees work); *Prison Legal News v. Ryan*, No. CV-15-02245-PHX-ROS, 2024 WL 1195548, at \*2 (D. Ariz. Mar. 20, 2024) (awarding RBGG's requested 2023 rates); *Prison Legal News v. Ryan*, No. 19-17449, 2023 WL 9190364, at \*1 (9th Cir. Mar. 21, 2023) (awarding RBGG's requested 2022 rates plus multiplier); *Andrews v. Equinox Holdings, Inc.*, 570 F. Supp. 3d 803, 806 (N.D. Cal. 2021) (awarding RBGG's requested 2021 rates); *Hum. Rts. Def. Ctr. v. Cnty. of Napa*, No. 20-CV-01296-JCS, 2021 WL 1176640, at \*11-12 (N.D. Cal. Mar. 28, 2021) (awarding RBGG's requested 2020 rates); *Nat'l Fed'n of the Blind v. Uber Techs. Inc.*, 14-cv-04083 (N.D. Cal. Nov. 8, 2019), Dkt. 203 at 5 (awarding RBGG its requested 2019 rates).

Shawna Parks, Chief Litigation Officer at Disability Rights Advocates ("DRA"), states the hourly rates of RBGG and Aaron Fischer are "all in line with the rates [she] see[s] in the Bay Area and Los Angeles, and are comparable to DRA's rates." (*Id.* ¶ 39.) While well-intentioned, the Court does not find this persuasive given that this case is in San Diego, and "[a]s this Court has noted before, attorneys in the San Diego community charge different [lower] rates than 'attorneys who practice in our neighbor to the North.' " *Soler v. Cnty. of San Diego*, No. 14cv2470-MMA (RBB), 2021 WL 2515236, at \*5 (S.D. Cal. June 18, 2021) (quoting *T.B. v. San Diego Unified Sch. Dist.*, 293 F. Supp. 3d 1177, 1189 (S.D. Cal. 2018)); *see also Erhart v. BofI Fed. Bank*, No. 15-CV-02287-BAS-NLS, 2023 WL 6382460, at \*14 (S.D. Cal. Sept. 28, 2023) (court "assigned reduced weight" to declarations from "Los

2025 WL 2301940

Angeles-based litigators" and "a partner at a Washington, D.C. firm" in determining "the prevailing rate in the San Diego community"). Next, she states that her 2025 hourly rate is $1075 (Parks Decl. ¶ 29), and DRA's 2024 rates were approved by this Court in *Bloom*, 2024 WL 4495512, at *6. (*Id.* ¶ 36.) As previously noted, while Ms. Park's statement is factually accurate, Ms. Parks does not acknowledge that the attorneys' fees requested in *Bloom* were unopposed and Court considered the 53% reduction in attorneys' fees requested in its approval of the attorney hourly rates in *Bloom. See Bloom*, 2024 WL 4495512, at *6.

 **\*6**  Finally, Claudia Center, Legal Director at Disability Rights Education and Defense Fund, Inc. evaluates the relief the ADA Settlement brings to the subclass by noting, "[t]he relief that Plaintiffs obtained ... is extraordinary in its scope and will meaningfully improve the lives of the disability Subclass members while they are incarcerated in San Diego Jails." (Center Decl. ¶ 14.) While the result obtained for the class is one factor to consider in a lodestar analysis, *In re Bluetooth*, 654 F.3d at 942, Ms. Center does not directly opine on the reasonableness of Plaintiffs' Counsel's rates in this district.

Defendants proffer their own expert report. (*See generally* O'Connor Decl.) First, O'Connor claims that this case, "while styled a class action, did not have the complex issues involved in most class actions" including compared to the complex issues in *Bloom.* (*Id.* ¶¶ 22–23.) O'Connor opines, "[t]he rates here awarded should reflect those awarded in other ADA barrier/access cases, as opposed to complex civil rights actions. A failure to have a grab bar for a toilet in a private facility is the same issue as not having a grab bar for a toilet in a prison." (*Id.* ¶ 25.) Consistent with this proposal but acknowledging Mr. Fischer's and Ms. Grunfeld's experience in civil rights litigation, O'Connor recommends that lead counsel Ms. Grunfeld and Mr. Fischer be awarded $760 per hour. (*Id.* ¶ 27.)

In response, Plaintiffs characterize O'Connor statement that the underlying case is "not complex" as a "a routine playbook employed by ... O'Connor, which has been soundly rejected by numerous courts." (Doc. No. 867 at 4 (citing *Perfect 10 v. Giganews*, CV 11-07098-AB SHX, 2015 WL 1746484, at *19 (C.D. Cal. Mar. 24, 2015), *aff'd* 847 F. 3d 657 (9th Cir. 2015) (rejecting O'Connor's expert opinion that case was a "straightforward copyright case" which the court found "is not supported by the record")).) Plaintiffs also take issue with O'Connor's proposal to award Plaintiffs' Counsel hourly rates

based on "run-of-the-mill" ADA cases. (*Id.* at 6.) While the Court does not dispute this case is a complex civil rights action, and its scope is wide ranging to multiple facilities operated by the county, O'Connor's sentiment rings true with respect to the legal services provided in settling Plaintiffs' ADA claim. The Jail's facilities had a myriad of ADA violations, yet unlike some other complex class actions, the legal concepts at issue in settling Plaintiffs' Third Claim are not complicated.

Second, O'Connor notes that generally, "the hourly rates for lawyers in the Southern District of California are modestly below those of the Central and Northern District." (*Id.* ¶¶ 31, 57.) In support, he cites to the Real Rate Report stipulating the "median" litigation partner rate in San Diego is $400 per hour, compared to $825 per hour in San Francisco; the upper third quartile is $907 per hour in San Diego, compared to $1,208 per hour in San Francisco; and the average litigation partner hourly rate is $568 in San Diego, compared to $856 in San Francisco. (*Id.* ¶ 52; *see also* Doc. No. 831-4 at 13 ("Real Rate Report" for San Diego and San Francisco).) The Court finds this data persuasive in demonstrating litigation attorney rates in San Diego are lower than those in San Francisco as the Real Rate Report is "a national publication that provides statistical data on attorneys' fees by location and practice areas" that "has been cited with approval by courts inside and outside this district." *Erhart*, 2023 WL 6382460, at *14 (collecting cases).

In response, Plaintiffs assert that their San Francisco rates should apply because despite wide news coverage of deficiencies in the San Diego County Jail, no other lawyers in San Diego brought the instant case against Defendants and no San Diego law firms have the same prison litigation expertise as RBGG and Aaron Fischer. (*See* Young Decl. ¶ 7; Pearl Decl. ¶ 17.) Ms. Grunfeld also states that she reached out to a nonprofit that specializes in jail litigation, who did not have the resources to bring the case, and to "another prominent, large law firm in San Diego, which also declined." (Grunfeld Decl. ¶ 19.) O'Connor opines that Plaintiffs failed to submit sufficient evidence to support their assertion of unavailability of local counsel. (*Id.* ¶ 43.) While the Court acknowledges the attorney declarations of Grunfeld, Young, and Pearl, the Court is not persuaded that the rejections of one nonprofit and one other law firm signify that no law firm or attorney in San Diego has the resources or capabilities to bring this case.

 **\*7**  Confronted with conflicting expert opinions, the Court "may [also] rely on its own familiarity with the legal market to determine the reasonable rates of [counsel]." *Fitzgerald*

Case 3:23-cv-00768-BEN-VET Document 323-2 Filed 02/02/26 PageID.17866
Page 267 of 497

*v. Pollard*, No. 20CV848 JM(MSB), 2024 WL 4596401, at *11 (S.D. Cal. Oct. 28, 2024). Indeed, the "experienced trial judge is the best judge of the value of professional services rendered in his court[.]" *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977).[3] As noted by Plaintiffs' fee expert, in *Bloom*, the Court approved rates "ranging from $990 to $1,250 for 1999 graduates, $1,200 for a 2006 graduate, $1,125 for a 2002 graduate, a $1,050 hour rate for a 1998 graduate, $585 for a 2017 graduate, $440 for a 2022 graduate, and $280 to $390 rates for paralegals" (Pearl Decl. ¶ 33), within the context of a 53% across-the-board reduction to the plaintiffs' lodestar. *See Bloom*, No. 2024 WL 4495512. Other courts in this district approved slightly lower attorney fees in civil rights cases. *See Fitzgerald* 2024 WL 4596401, at *11 (in civil rights class action, approving hourly rates of $825 for partner with 31 years' experience, $775 for senior associate, and $525 for 4-year attorney as "within the range normally charged within this legal community"); *see also Soler v. Cnty. of San Diego*, No. 14cv2470-MMA (RBB), 2021 WL 2515236, at *5 (S.D. Cal. June 18, 2021) (finding $650 per hour reasonable for experienced civil rights trial attorney with 25 years' experience and collecting cases).

3    The Court notes that the California Supreme Court's 1895 statement still rings true today: "Attorneys are inclined to place a very high estimate upon the value of their services when rendered in important litigation; and, also, inclined to look with kindly eyes and sympathetic feelings upon the efforts of brother attorneys when engaged in establishing before the court the value of services performed ... [W]hen upon the witness-stand as experts, they entertain most liberal views as to what should be the amount of a brother attorney's allowance and hold large ideas as to the importance of the litigation in which he has been engaged. It is well, and it is the law, that the court should temper this kind of evidence with its own calm judgment, based upon the amount and kind of labor performed, and to thereupon make its decree." *Freese v. Pennie*, 110 C. 467, 469 (1895).

Here, RBGG serves as lead counsel and has performed the vast majority of work in the litigation. (Grunfeld Decl. ¶¶ 2-3, 32-34; Young Decl. ¶ 7.) Based on Plaintiffs' evidence citing to approved attorney rates in this district, which Plaintiffs' expert describes as "highly probative," (Pearl Decl. ¶ 33), the Real Rate Report data, and the Court's own understanding of prevailing rates in this district, the Court finds it proper in

its discretion to reduce RBGG's rates by 23% such that the highest approved hourly rate of an RBGG attorney mirrors the highest approved hourly rate in the *Bloom* civil rights case, which was $1,250. *See Bloom*, 2024 WL 4495512, at *6. Here, reducing RBGG's rates by 23% sets Sanford Jay Rosen's hourly rate at $1,251.25. To the Court's knowledge, without accounting for the 53% across-the-board reduction in fees that *Bloom* plaintiffs' counsel self-imposed to enhance the reasonableness of their request, the approved hourly rates in *Bloom* were the highest approved attorney rates in any civil rights case in the district. (*See* Pearl Decl. ¶ 33 (listing the approved attorney rates in S.D. Cal cases).) While Defendants' expert proposed assigning rates to RBGG's lead attorneys "topping out at $760 per hour" (*see* O'Connor Decl. ¶¶ 42, 55), based in part on a finding that *Bloom* "is far different from this case in terms of the complexity of the issues and skill needed to litigate them" (*id.* ¶ 24), the Court finds RBGG's expertise in prison class actions and the favorable outcome of the ADA Settlement merit a higher award.

Given Aaron Fischer's expertise in disability access and accommodations and prison litigation (*see* Fischer Decl. ¶¶ 2, 4–6; Pearl Decl. ¶ 29), the Court finds his hourly rate of $900 reasonable. *See Bloom*, 2024 WL 4495512, at *6 (approving rates ranging from $990 to $1,250 for 1999 graduates, $1,200 for a 2006 graduate, $1,125 for a 2002 graduate, $1,050 for a 1998 graduate).

 **\*8**  By contrast, DLA Piper's rates are significantly higher than the rates of lead counsel and of those typically approved in the district. Defendants find DLA Piper's billing suggests that its lawyers primarily conducted interviews with incarcerated persons, yet DLA Piper seeks "hourly rates for these brand-new attorneys in the amounts of $895, $990, $1085, and $1145." (Doc. No. 831 at 11.) In response, Young states, "DLA attorneys assisted with FRCP Rule 30(b)(6) depositions, contributed to the preliminary injunction motion as to ADA issues, drafted declarations filed in this action, interviewed class members, and provided comments on the settlement of the ADA claim." (Doc. No. 867-10 ¶ 3.) Young also declares his hourly rate "is within the range of reasonable and customary rates for an attorney in San Diego with my level of experience and expertise in handling very complex class action litigation such as that at issue here." (Young Decl. ¶ 10.)

For DLA Piper's legal services rendered in this case, the Court is not persuaded DLA Piper's requested fees are reasonable.

As noted by Young himself, DLA Piper does not have the corrections litigation expertise possessed by lead counsel (*id.* ¶ 7), and despite DLA Piper's proclaimed experience in complex class actions, in this case, DLA Piper does not purport to have worked on Plaintiffs' class certification briefing. (*See generally id.*) Moreover, neither Young nor Pearl cite to any cases in this district awarding an hourly rate of $1,250 for an associate. (*See generally id.*; Pearl Decl.) Some securities cases, where prevailing market rates tend to be higher than civil rights cases, have found rates up to $875 for an associate to be reasonable. *See e.g., In re Qualcomm Incorp. Sec. Litig.*, No. 3:17-cv-00121-JO-MSB, Doc. Nos. 441 (S.D. Cal. Aug. 23, 2024), 450 (S.D. Cal. Sept. 27, 2024) (approving hourly rates ranging from $425 to $875 for associates); *Ziegler v. GW Pharms.*, PLC, No. 21-CV-1019-

BAS-MSB, 2024 WL 1470532, at *8 (S.D. Cal. Apr. 3, 2024) (finding hourly rates of $975 for a managing partner, $850 for a senior associate, $750 for of counsels, $475–575 for associates, $350 for staff attorneys, and $275 for support staff reasonable). Accordingly, based on prevailing market rates for the legal services DLA provided in this civil rights case, the Court reduces DLA Piper's hourly rates by 40% to more closely align with the hourly rates of RBGG's attorneys of similar seniority.

The approved hourly rates accounting for the 23% reduction to RBGG's rates and 40% reduction to DLA Piper's rates are reflected in the table below.

| Attorney | Position | 2025 Approved Requested Rate | Approved Reduced Rate |
|---|---|---|---|
| **RBGG** | | | |
| Sanford Jay Rosen | Partner | $1,625 | $1,251.25 |
| Gay Crosthwait Grunfeld | Partner | $1,325 | $1,020.25 |
| Van Swearingen | Partner | $975 | $750.75 |
| Michael Nunez | Senior Counsel | $850 | $654.50 |
| Priyah Kaul | Senior Counsel | $750 | $577.50 |
| Eric Monek Anderson | Associate | $600 | $462.00 |
| Hannah Chartoff | Associate | $575 | $442.75 |
| Benjamin Holston | Associate | $500 | $385.00 |
| Ellinor Heywood | Paralegal | $350 | $269.50 |
| Kedra Chan | Paralegal | $350 | $269.50 |
| Lindsy Newfeld | Paralegal | $350 | $269.50 |
| **Law Office of Aaron J. Fischer** | | | |
| Aaron J. Fischer | Principal | $900 | $900 |
| **DLA Piper** | | | |
| Christopher M. Young | Partner | $1,670 | $1,002 |
| Oliver Kiefer | Associate | $1,250 | $750 |

| | | | |
|---|---|---|---|
| Isabella Maria Neal | Associate | $1,200 | $720 |
| Chelsea Rissmiller | Associate | $1,145 | $687 |
| Alberto Julian Corona | Associate | $1,085 | $651 |
| Mary Grace Braun | Associate | $990 | $594 |
| Matt Danaher | Associate | $895 | $537 |
| Joseph Jaein Kim | Associate | $895 | $537 |

Without yet considering the reasonableness of the claimed hours billed by Plaintiffs' Counsel, the revised lodestars which incorporate the above rates would be the following:

- **RBGG merits lodestar:** For 2,339 hours billed for merits work in connection with Plaintiffs' Third Claim through January 20, 2025, RBGG requests $1,782,930.08. (Grundfeld Decl. ¶¶ 32–33.) After applying a 23% reduction in attorney hourly rates to arrive at a reasonable rate in this case, the RBGG merits lodestar is $1,372,856.16.

- **\*9 • RBGG fees lodestar:** For 160.8 hours billed for fees work in preparing Plaintiffs' instant motion, RBGG requests $144,910.63. (Swearingen Decl. ¶ 15.) After applying a 23% reduction in attorney hourly rates to arrive at a reasonable rate in this case, the RBGG fees lodestar is $111,581.181.

- **Aaron Fischer merits lodestar:** For 216.7 hours billed for merits work in connection with Plaintiffs' Third Claim through January 20, 2025, Aaron Fischer requests $185,278.50. (Fischer Decl. ¶ 7.) Because the Court finds his hourly rate of $900 reasonable, his merits lodestar is not decreased due to any reduction in rate.

- **Aaron Fischer fees lodestar:** For 5.4 hours billed for fees work, Mr. Fischer requests $4,617.00. Because the Court finds his hourly rate of $900 reasonable, his fees lodestar is not decreased due to any reduction in rate.

- **DLA Piper merits lodestar:** For 131.4 hours billed for merits work in connection with Plaintiffs' Third Claim through January 20, 2025, DLA Piper requests $143,354.05. (Young Decl. ¶ 20.) After applying a 40% reduction in attorney hourly rates to arrive at a reasonable rate in this case, the DLA merits lodestar is $86,012.43.

- **DLA Piper fees lodestar:** For 6.9 hours billed for fees work for fees work in preparing Plaintiffs' instant motion, DLA Piper requests $8,474.95. (Young Decl. ¶ 21.) After applying a 40% reduction in attorney hourly rates to arrive at a reasonable rate in this case, the DLA fee lodestar is $5,084.97.

The Court now considers the reasonableness of Plaintiffs' Counsels' hours and time entries.

### 4. Reasonable Hours

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.* Furthermore, "[w]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Gonzalez v. City of Maywood*, 729 F.3d 11196, 1203 (9th Cir. 2013) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). If a percentage cut to claimed hours is warranted, the court "must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.' " *Id.* (quoting *Gates*, 987 F.2d at 1400). However, "[t]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

To enhance the reasonableness of Plaintiffs' Counsels' fee request, RBGG wrote off the time of all timekeepers who claimed fewer than 10 hours to the case and wrote off meetings between attorneys. (Swearingen Decl. ¶¶ 9–10.) Aaron Fischer applied 4.5 hours of discrete billing judgment reductions (Fischer Decl. ¶ 7), and DLA Piper applied 8.2 hours of discrete billing judgment reductions (Young Decl. ¶ 20). Moreover, Plaintiffs assert they are not claiming attorneys' fees "for a substantial number of time entries for which work related to the Third Claim for Relief was significantly intermingled with work related to other claims in this action." (Doc. No. 807-1 at 26.) Finally, to further account for time that could be considered duplicative, administrative, or excessive, all Plaintiffs' Counsel reduced their claims by an additional 5% across the board. (*See id.* ¶ 11; Fischer Decl. ¶ 7; Young Decl. ¶ 20.) Plaintiffs' Counsel estimates in total, they have reduced the merits work lodestar by 14% and the fee motion lodestar by 24.9%. (Doc. No. 807-1 at 26, 29.)

**\*10** In response, Defendants assert the requested number of hours are still unreasonable. (Doc. No. 831 at 21.) First, Defendants argue Plaintiffs engaged in overbroad discovery not calculated to lead to the discovery of admissible evidence. (Doc. No. 831 at 19 ("The theme of the litigation for Plaintiffs was to over-litigate ....").) Second, Defendants assert Plaintiffs overstaffed and that "it was excessive and unnecessary for more than one attorney to attend depositions, meet and confer conferences, and most hearings." (*Id.* at 22.) Third, Defendants posit that reimbursement for hours billed in preparation of unsuccessful claims is unwarranted. (*Id.* at 21, 23, 25.) The Court addresses Defendants' arguments in turn.

### i. Overreaching Discovery

In support of Defendants' argument that Plaintiffs overbilled for excessive discovery, Defendants point to Judge Leshner's Order following a motion to compel hearing where he found Plaintiffs' approach in serving 252 requests for production of documents ("RFPs") "unfairly shifts the burden to Defendants to define the universe of documents Plaintiffs require and prejudices the Court and the parties alike by building delay into an already protracted course of discovery." (Doc. No. 831 at 20–21 (citing Doc. No. 536 at 4–5).) He further found that Plaintiffs' "approach is inconsistent with ... Plaintiffs' obligation to reasonably tailor their discovery and to endeavor in good faith to 'control[ ] the expense and time demands of [this] litigation.' " (*Id.* (quoting *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594,

603 (D. Nev. 2016)).) In response, Plaintiffs state they did not claim any time in the instant fee motion for work on their motion to compel discovery or for attending the hearing. (Doc. No. 867 at 11 (citing Doc. No. 867-8 "Swearingen Reply Decl." ¶ 4).) Upon a review of Plaintiffs' bills, it appears that 5.1 hours are attributed to drafting RFPs. (Swearingen Decl. at 31, 54, 59, 61, 74, 111, 113.) However, there are far more, in fact, hundreds of generic entries regarding "discovery." (*See id.* at 27–229; *see also* O'Connor Decl. ¶ 79 ("Plaintiffs' discovery billings are particularly excessive, given the expansive discovery sought that was ultimately narrowed by the Court.").) Given Judge Leshner's concerns and frustration with the overbreadth of Plaintiffs' discovery, (*see* Doc. No. 536 at 4–5), the Court is hesitant to assume that Plaintiffs' billing reductions adequately account for all unreasonable hours billed to discovery that Judge Leshner characterized as "protracted" and which "prejudice[d] the Court." (*Id.*)

### ii. Overstaffing

Second, Defendants argue Plaintiffs overstaffed and that "it was excessive and unnecessary for more than one attorney to attend depositions, meet and confer conferences, and most hearings." (Doc. No. 831 at 22.) In support, Defendants' Counsel, Elizabeth Pappy states, "[t]here were two attorneys present for the February 10th inspection of Rock Mountain along with two experts, and two attorneys plus two experts at the inspection of Central Jail. There were three attorneys present for almost every settlement conference meeting whether by Zoom or in person." (Pappy Decl. ¶ 20; *see also* O'Connor Decl. ¶ 79 ("Three attorneys ... attended the March 14 and 15 PMK depositions.").)

Plaintiffs respond, "multiple attorneys conferencing, attending important case events, and working together on significant projects is the norm in complex cases like this one and is commonly paid for by fee paying clients." (Doc. No. 867 at 11.) With the respect to the number of attorneys present at the expedited Rule 30(b)(6) depositions, Plaintiffs claim the total number of hours billed for three of the five depositions was 29 hours of time for two additional attorneys, which amount to 1.08% of the total claimed merits time "and is subsumed under billing reductions already made." (*Id.* at 12.)

**\*11** Indeed, "courts ought to examine with skepticism claims that several lawyers were needed to perform a task,

and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). While "[p]articipation of more than one attorney does not necessarily amount to unnecessary duplication of effort[,]" *see id.*, Plaintiffs' decision to have three attorneys billing at depositions or settlement conferences for this case is excessive.

### iii. Unsuccessful Motions and Claims

Third, Defendants object to hours billed for preparing and drafting Plaintiffs' unsuccessful motions and claims. For example, Defendants protest reimbursement for fees related to Plaintiffs' noticing the deposition of Sheriff Kelly Martinez, which Defendants characterize as a "publicity stunt," as well as Plaintiffs' motion to compel her deposition, which was denied under the Apex doctrine. (Doc. No. 831 at 21, 23.) Defendants also challenge the number of hours billed in advancing Plaintiffs' Seventh Claim for Overincarceration of Disabled People, which the Court dismissed. (*Id.* at 25.) In response, Plaintiffs acknowledge they "inadvertently claimed 0.5 hours for work on Sheriff Martinez' deposition and 1.1 hours on Plaintiffs' Seventh Claim, totaling less than six one-hundredths of one percent (0.059 %) of claimed time, much less than the billing reduction already taken." (Doc. No. 867 at 12.) The Court notes while it is proper to reduce the number of hours billed related to unsuccessful claims, *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1150 (9th Cir. 2001), here, Defendants do not identify any additional entries that would fall within this category besides the two entries noted by Plaintiffs, which is a small enough portion of time to be encompassed in Plaintiffs' 5% across-the-board cut for duplicative or unnecessary billing.

### iv. Hours Billed to Instant Fees Motion

Defendants' expert, O'Connor, critiques the number of timekeepers who worked on the fee application and finds the 41.6 hours for communications among counsel and with Plaintiffs' fees expert as "excessive." (O'Connor Decl. ¶ 84 ("The excessive fee motion communications are emblematic of the excessive co-counsel communications that permeated all three phases [of litigation].").) While Plaintiffs respond that the communications were necessary and O'Connor fails to account for Plaintiffs' 24.9% billing judgment reductions related to preparing the fees motion (Doc. No. 867 at 13),

Plaintiffs do not respond if the hours reduced in "billing judgments" reflect those 41.6 hours for communications among counsel or other extraneous hours. The Court agrees with Defendants that the sheer quantity of hours billed to these communications appears excessive.

### v. Time Entries for Clerical Tasks

"In calculating the lodestar, courts typically exclude time spent on clerical or ministerial tasks because such tasks are properly considered part of an attorney's overhead and are reflected in his or her hourly rate." *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 461 (C.D. Cal. 2014).

The Court identifies eight (8) time entries totaling 2.5 hours billed by Plaintiffs' Counsel regarding "oversee[ing] e-filing" that are duplicative of RBGG's paralegals' time entries for e-filing. *See* Doc. No. 807-3 at 37 (GCG billing .1 hours with description, "Oversee e-filing"); *id.* at 42 (GCG billing .2 hours with description, "Oversee e-filing of statement"); *id.* at 94 (GCG billing .4 hours for "Oversee e-filing of motions for PI and provisional class cert"); *id.* at 108 (GCG billing .4 hours for "Oversee e-filing of same"); *id.* at 110 (GCG billing .3 hours for "Oversee e-filing of supple declaration ISO Pl."); *id.* at 113 (GCG billing .8 hours for "Oversee e-filing of stipulation and joint motion for approval"); *id.* at 120 (GCG billing .2 for "Oversee e-filing of objections"); *id.* at 189 (GCG billing .1 for "Oversee KC [paralegal] e-filing of motion"). While the Court appreciates that Plaintiffs proactively elected to reduce their lodestar by 5% to account for administrative time, the Court advises Plaintiffs' Counsel to not seek reimbursement for such clerical tasks.

### vi. 10% Reduction in Hours

**\*12** While Defendants' expert recommends discounting 20% to 40% of Plaintiffs' hours (*see* O'Connor Decl. ¶¶ 70, 81, 85), the Court recognizes that Plaintiffs proactively cut 5% of their hours. However, based on evidence demonstrating Plaintiffs' overreaching discovery, overstaffing at depositions and settlement conferences, and hours spent conferencing related to the instant fees motion, the Court in its discretion reduces Plaintiffs' hours by 10%. *See Gonzalez*, 729 F.3d at 1203. Accordingly, accounting for the rate and hours reductions, the new lodestar values are calculated as follows:

• **RBGG merits lodestar:** A 10% reduction to RBGG's merits lodestar equates to $1,235,570.54. [4]

• **RBGG fees lodestar:** A 10% reduction to RBGG's fees lodestar equates to $100,423.06. [5]

• **Aaron Fischer merits lodestar:** A 10% reduction to Mr. Fischer's merits lodestar equates to $166,750.65. [6]

• **Aaron Fischer fees lodestar:** A 10% reduction to Mr. Fischer's fees lodestar equates to $4,155.30. [7]

• **DLA Piper merits lodestar:** A 10% reduction to DLA Piper's merits lodestar equates to is $77,411.19. [8]

• **DLA Piper fees lodestar:** A 10% reduction to RBGG's fees lodestar equates to $4,576.47. [9]

[4] After applying the 23% reduction in RBGG's hourly rates, RBGG's merits lodestar was $1,372,856.16. A 10% reduction due to excessive hours equates to $1,235,570.54.

[5] After applying the 23% reduction in RBGG's hourly rates, RBGG's fees lodestar was $111,581.18. A 10% reduction due to excessive hours equates to $100,423.06.

[6] Mr. Fischer's merits lodestar was $185,278.50. A 10% reduction due to excessive hours equates to $166,750.65.

[7] Mr. Fischer's fees lodestar was $4,617.00. A 10% reduction due to excessive hours equates to $4,155.30.

[8] After applying the 40% reduction to DLA Piper's hourly rates, DLA Piper's merits lodestar was $86,012.43. A 10% reduction due to excessive hours equates to $77,411.19.

[9] After applying the 40% reduction to DLA Piper's hourly rates, DLA Piper's fees lodestar was $5,084.97. A 10% reduction due to excessive hours equates to $4,576.47.

### 5. Whether a Multiplier is Warranted

Pursuant to both federal and California law, the court has discretion to apply a multiplier to the lodestar figure and adjust it upward or downward. *See In re Bluetooth*, 654 F.3d at 941–42; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The "reasonableness" factors a Court may consider under federal law include "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth*, 654 F.3d at 942 (internal quotation marks and citations omitted). Similarly, under California law, a court may adjust the lodestar based on factors including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. However, the court "should not consider these factors to the extent that they are already encompassed within the lodestar." *Id.* at 1138. Under federal law, the lodestar is "presumptively reasonable," *Cunningham*, 879 F.2d at 488, and "adjustments to the lodestar 'are the exception rather than the rule.' " *Stanger*, 812 F.3d at 738 (quoting *Fischel*, 307 F.3d at 1007).

Here, Plaintiffs do not argue that the Court should apply a multiplier (*see generally* Doc. No. 807-1), and the Court already considered the novelty and difficulty of the legal questions at issue in Plaintiffs' ADA claim, the skill and expertise of Plaintiffs' Counsel, and the delay in receiving payments, in arriving at a reasonable lodestar, *see* Sec. II (B) and II (C), *supra.* Accordingly, the Court awards the adjusted lodestar values without applying an additional multiplier.

### 6. Conclusion

**\*13** In independently reviewing Plaintiffs' Counsels' rates and billing records, the Court finds justification in reducing the rates of RBGG by 23% and of DLA Piper by 40% to align with prevailing market rates for civil rights work in this district. Due to excessive billing for inefficient and overbroad discovery as well as overstaffing, the Court in its discretion makes a 10% across-the-board reduction in the number of hours Plaintiffs billed to arrive at a reasonable lodestar figure. Accordingly, the Court **GRANTS in PART** Plaintiffs' motion for reasonable attorneys' fees in connection with Plaintiffs' merit work and fees work. Specifically, the Court makes the following awards:

- RBGG: $1,235,570.54 as its merits work lodestar, and $100,423.06 for its fees work lodestar, totaling **$1,335,993.60** in attorneys' fees.

- Aaron Fischer: $166,750.65 as his merits work lodestar, and $4,155.30 as his fees work lodestar, totaling **$170,905.95** in attorneys' fees.

- DLA Piper: $77,411.19 as its merits work lodestar and $4,576.47 as its fees work lodestar, totaling **$81,987.66** in attorneys' fees. [10]

[10]  A 20% reduction to DLA Piper's merits work lodestar ($143,354.05) equates to $114,683.24 ($143,354.05 - 28,670.81 = $114,683.24). A 20% reduction to DLA Piper's fees work lodestar ($8,474.95) equates to $6,779.96. ($8,474.95 - $1,694.99 = $6,779.96.)

In sum, the Court **AWARDS** $1,588,887.21 in attorneys' fees to Plaintiffs' Counsel.

### C. Costs

Plaintiffs seek a total of $471,716.85 in costs, with $438,608.45 allocated to cover Plaintiffs' ADA expert, Syroun Sanossian, who worked at SZS Engineering, Inc. (Doc. Nos. 807-3 at 8, ¶ 18; 807-1 at 30–31; 867 at 13.) In support, Plaintiffs filed invoices and expense records to substantiate their request. (*See* Swearingen Decl. at 234–522; Young Decl. at 41–67; Fischer Decl. at 24–82.)

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)). "In assessing the reasonableness of the reimbursement request, the Court is 'reminded that it is generally not the practice of an attorney to bill a client for every expense incurred in connection with the litigation in question,' and 'the attorney is expected to absorb some of the cost of doing business as an attorney.' " *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (quoting *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996)).

### 1. Expert Costs

Plaintiffs' Counsel requests reimbursement for $438,608.45 in expert costs incurred by Plaintiffs' ADA expert, Syroun Sanossian, a Certified Access Specialist ("CASp"), who works at SZS Engineering. Ms. Sanossian drafted one 237-page report identifying barriers to disability access at Rock Mountain. (Grunfeld Decl. ¶ 53.) She also drafted a 358-page report identifying barriers to disability access at Central Jail. (*Id.* ¶ 55.) Plaintiffs represent that "[f]inding and retaining Ms. Sanossian was no easy task. There are a few CASp-certified ADA experts in the state of California with expertise assessing correctional systems." (Grunfeld Decl. ¶ 46.) Plaintiffs continue:

> The ADA and the California Building Code both contain highly technical accessibility standards, about which Ms. Sanossian possesses vast expertise. Without Ms. Sanossian's expertise, Plaintiffs could not have identified or remedied the inaccessible facilities or revised the inadequate policies.

(*Id.* ¶ 110.) Plaintiffs contend that her "most time-consuming tasks pertained to inspecting six different [J]ail facilities ... and drafting reports documenting the findings of those inspections." (*Id.*) Notably, Defendants comment that "[t]he billing by Ms. Sanossian is certainly high as compared to that of Defendants' physical barrier expert ... and Defendants' policy and procedure expert, ... however, the need for the *expert* work is not in dispute." (Doc. No. 831 at 18–19.)

 **\*14**  Upon request by the Court (Doc. No. 941), following the July 31, 2025 hearing, Plaintiffs' Counsel submitted the final expert reports of Ms. Sanossian as well as Defendants' expert reports for the Court's review. (*See* Doc. Nos. 945-1–945-4.) While the Court also requested itemization of SZS Engineering invoices because the invoices Plaintiffs' Counsel provided to the Court provide no detail or description of work to allow the Court to determine the reasonableness of the charges incurred (Doc. No. 941 ¶ 6), at the July 31, 2025 hearing, Plaintiffs' Counsel represented that itemized invoices for SZS Engineering do not exist. (Doc. No. 942.)

While the Court is impressed by the detail and thoroughness of Ms. Sanossian's report that exceeds 1,700 pages (*see* Doc. No. 945-1), without greater itemization to see if Ms.

Sanoissian's billing reflects time traveling or performing administrative tasks, compared to investigating the Jail's conditions or drafting her expert report or declarations, the Court is unable to fully assess the reasonableness of the lofty charge. Therefore, in its discretion, the Court decreases the expert costs by 10%. *See Ali v. Franklin Wireless Corp.*, No. 21-CV-00687-AJB-MSB, 2024 WL 5179910, at *27 (S.D. Cal. Dec. 19, 2024) (declining to reimburse plaintiffs' counsel for investigator charges where "invoice lacks sufficient detail to allow the Court to determine the reasonableness of the charges incurred").

Accordingly, after applying a 10% reduction to the SZS Engineering costs, the Court awards Plaintiffs $394,747.61 for expert costs.

### 2. Remaining Costs

Plaintiffs' remaining costs are "routine litigation expenses" including "flights, hotels, meals, and transportation in connection with site inspections, a court hearing and settlement conferences, as well as sign language interpreter fees and court reporter and travel costs associated with taking depositions." (Grunfeld Decl. ¶ 115); *see also In re Immune Response*, 497 F. Supp. 2d at 1177 (approving reimbursement of "(1) meals, hotels, and transportation; (2) photocopies; (3) postage, telephone, and fax; (4) filing fees; (5) messenger and overnight delivery; (6) online legal research; (7) class action notices; (8) experts, consultants, and investigators; and (9) mediation fees").

The single cost Defendants find particularly unreasonable is Plaintiffs' lead counsel's use of $113.45 and $151.55 Pacific Town Car rides for airport transportation in San Francisco. (Doc. No. 831 at 9–10, 26.) Defendants note "[t]he other attorneys in her office do not use such expensive modes of transportation ... [.]" (*Id.* at 26.) Based on the receipts filed by Plaintiffs' Counsel, most attorneys used Uber for transportation to and from the airport in connection with their travel to San Diego with expenses ranging from $9.23 to $67.10. (*See* Swearingen Decl. at 195, 197.) The total amount Ms. Grunfeld seeks in reimbursement for use of Pacific Town Car charges is $719.65. (Grunfeld Reply Decl. ¶ 2.)

In response, Ms. Grunfeld states she "only seek[s] reimbursement for Pacific Town Car when [she] needed to be picked up at [her] home at 4:15 a.m. to make the 6 a.m. flight from San Francisco to San Diego. The 6 a.m.

flight was the only way to ensure my arrival by 9:00 a.m. for the settlement conferences." (*Id.* ¶ 3.) Further, she states Defendants' concern of the cost "is misplaced" because Pacific Town Car is "less expensive than spending the night in San Diego." (*Id.* ¶ 4.) Finally, she states that "[t]he reason I chose to use Pacific Town Car, which is admittedly more expensive than an Uber, Lyft or taxi, is because I live in an area of San Francisco where it is not guaranteed that a taxi, Uber, or Lyft will arrive at around 4 a.m. Pacific Town Car guarantees that they will do so." (*Id.* ¶ 5.)

**\*15** The Court is unpersuaded by Ms. Grunfeld's statements. More affordable ride sharing or taxi services can be reserved ahead of departure. In its discretion, the Court reduces the reimbursement of costs for the Pacific Town Cars by half, which more closely resembles Plaintiffs' other attorneys' transportation reimbursement requests. Accordingly, the Court reduces Plaintiffs' Counsels' award for costs by $359.82.

## V. CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Attorneys' Fees. (Doc. No. 807.) Specifically, the Court:

    i. Reduces RBGG's rates by 23% and the hours billed by RBGG by 10% and **AWARDS $1,335,993.60** in attorneys' fees for merits and fees work to RBGG;

    ii. Reduces the hours billed by Aaron Fischer by 10% and **AWARDS $170,905.95** in attorneys' fees.

    iii. Reduces DLA Piper's rates by 40% and the hours billed by DLA Piper by 10% and **AWARDS $81,987.66** in attorneys' fees for merits and fees work to DLA Piper; and

    iv. **GRANTS IN PART** Counsel's request for costs and **AWARDS** Counsel a reduced amount of **$427,496.18**. [11]

[11] $427,496.18 is the value of Plaintiffs' requested reimbursement for costs of $471,716.85, reduced by $43,860.85 (10% of Plaintiffs' expert costs) and $359.82 (Plaintiffs' Counsel use of Pacific Town Car for airport commuting). *See* Sec. IV(C)(2), *supra*.

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17874
Page 275 of 497

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 2301940

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---

**EXHIBIT 9**

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)

2024 WL 4495512

**2024 WL 4495512**
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

Michael BLOOM, Stephen Chatzky, Tony Diaz,
Valerie Grischy, Penny Helms, Benjamin Hernandez,
Doug Higgins, Suzonne Keith, Gerald Stark, Anna
Stark, and David Wilson, individually and on behalf of
themselves and all others similarly situated, [1] Plaintiffs,
v.
CITY OF SAN DIEGO, Defendant.

1       Plaintiffs Michael Bloom and David Wilson passed
away during the course of this litigation. (Doc. No.
336 at 9 n.1.) Plaintiffs' counsel informed the Court
during the October 10, 2024 hearing that there are
no survival claims for the decedent plaintiffs.

Case No.: 17-cv-02324-AJB-DEB
|
Signed October 14, 2024
|
Filed October 15, 2024

**Attorneys and Law Firms**

Alexandra Ania Matak, Pro Hac Vice, National Law Center
on Homelessness and Poverty, Brooklyn, NY, Anthony
Christian Abasto, Disability Rights, San Diego, CA, Manfred
P. Muecke, Manfred, APC, San Diego, CA, Ann E. Menasche,
Law Office of Ann E. Menasche, San Diego, CA, Madelyn
S. McCormick, Michael Ari Amon, Fish & Richardson P.C.,
San Diego, CA, Robert Scott Dreher, Dreher Law Firm, San
Diego, CA, Jameelah Najieb, Jinny Kim, Stuart Seaborn,
Disability Rights Advocates, Berkeley, CA, Madeleine J.
Reichman, Pro Hac Vice, Disability Rights Advocates, New
York, NY, Maria Foscarinis, Pro Hac Vice, William Knight,
Pro Hac Vice, National Law Center on Homelessness &
Poverty, Washington, DC, Melinda R. Bird, Disability Rights,
Los Angeles, CA, Tristia Bauman, Law Foundation of Silicon
Valley, San Jose, CA, for Plaintiff Michael Bloom.

Alexandra Ania Matak, Pro Hac Vice, National Law Center
on Homelessness and Poverty, Brooklyn, NY, Anthony
Christian Abasto, Disability Rights, San Diego, CA, Manfred
P. Muecke, Manfred, APC, San Diego, CA, Ann E. Menasche,
Law Office of Ann E. Menasche, San Diego, CA, Madelyn
S. McCormick, Michael Ari Amon, Fish & Richardson P.C.,

San Diego, CA, Robert Scott Dreher, Dreher Law Firm, San
Diego, CA, Jameelah Najieb, Jinny Kim, Stuart Seaborn,
Disability Rights Advocates, Berkeley, CA, Madeleine J.
Reichman, Pro Hac Vice, Disability Rights Advocates, New
York, NY, Maria Foscarinis, Pro Hac Vice, William Knight,
Pro Hac Vice, National Law Center on Homelessness &
Poverty, Washington, DC, Melinda R. Bird, Disability Rights,
Los Angeles, CA, for Plaintiffs Stephen Chatzky, Tony Diaz,
Valerie Grischy, Penny Helms, Benjamin Hernandez, Doug
Higgins, Suzonne Keith, David Wilson.

Alexandra Ania Matak, Pro Hac Vice, National Law Center
on Homelessness and Poverty, Brooklyn, NY, Anthony
Christian Abasto, Disability Rights, San Diego, CA, Ann
E. Menasche, Law Office of Ann E. Menasche, San Diego,
CA, Madelyn S. McCormick, Michael Ari Amon, Fish &
Richardson P.C., San Diego, CA, Jameelah Najieb, Jinny
Kim, Stuart Seaborn, Disability Rights Advocates, Berkeley,
CA, Madeleine J. Reichman, Pro Hac Vice, Disability Rights
Advocates, New York, NY, Maria Foscarinis, Pro Hac Vice,
William Knight, Pro Hac Vice, National Law Center on
Homelessness & Poverty, Washington, DC, Melinda R. Bird,
Disability Rights, Los Angeles, CA, for Plaintiffs Anna Stark,
Gerald Stark.

Jacqueline J. McQuarrie, Michelle T. Neff, Kathy J.
Steinman, Marni Lynn Von Wilpert, San Diego City
Attorney's Office, San Diego, CA, for Defendant.

**ORDER GRANTING MOTIONS FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES**

Anthony J. Battaglia, United States District Judge

**\*1** Presently before the Court is Plaintiffs' unopposed
motions for final approval of class action settlement and for
attorneys' fees. (Doc. Nos. 336, 337.) Defendant City of
San Diego (the "City") has filed notices of non-opposition
as to each motion. (Doc. Nos. 340, 341.) The deadline
to object to the Settlement was July 10, 2023, and class
member Christopher Scott Endres filed an Opposition to the
Settlement. (*See* Doc. No. 335.) The Court held a hearing on
Plaintiffs' Final Approval Motion on October 10, 2024, at
2:00 p.m. For the reasons stated herein, the Court **GRANTS**
the motions.

**I. BACKGROUND**

2024 WL 4495512

On November 15, 2017, Plaintiffs filed a class action complaint against the City, alleging violations of the constitutional and statutory rights of San Diego residents, including those with disabilities who rely on their vehicles for shelter and cannot access alternative housing. (Doc. No. 1.) The operative complaint specifically challenges two of the City's ordinances: one prohibiting recreational vehicle ("RV") parking from 2:00 a.m. to 6:00 a.m. ("Oversized Vehicle Ordinance" or "OVO"), and another prohibiting vehicle human habitation in most areas of San Diego any time of the day or night ("New VHO"). (Second Amended Complaint, Doc. No. 137, ¶¶ 61, 63.)

Between May 9, 2017 and October 2023, the parties participated in approximately twenty-four settlement conferences and informal discussions with the Honorable Magistrate Judges Nita Stormes and Daniel Berg, in addition to private mediation before the Honorable Carla M. Woehrle (Ret.), all of which were unsuccessful. (Doc. No. 329 at 13.) In January 2022, the Honorable Magistrate Judge Daniel Butcher began negotiations with the parties, and the parties eventually reached a complete settlement on all substantive issues on March 29, 2023, pending final approval by City Council. (*Id.*) On May 5, 2023, the parties reached an agreement on reasonable attorneys' fees. (*Id.*) After a hiccup in the settlement agreement terms, the parties returned to negotiations with Judge Butcher, and a second agreement was finalized in August 2023. (*Id.*) On October 30, 2023, the City Council voted to approve the settlement in closed session, and in January 2024, voted to approve the settlement in open session. (*Id.*) The Mayor did not veto the action of the City Council within the ten-day period allotted to him. (*Id.*)

On March 18, 2024, the Court preliminarily approved the Settlement Agreement and the proposed class notice, and further directed that the notice be distributed. (*See* Doc. No. 333.) As part of the Order, the Court approved the Parties' proposal for distribution of the notice at places where class members tend to park; that Plaintiffs engage in press coverage and interviews and that the notice be published in periodicals of general circulation; that Plaintiffs create and post a website with a copy of the Notice of Settlement Agreement and points of contact; and that Plaintiffs establish a telephone number for class members to call to have their questions answered. (*Id.*) In addition, the City was to conspicuously communicate the settlement notice on the City's webpage. The Parties have distributed the notice as agreed.

**\*2** On June 12, 2024, Christopher Scott Endres filed an opposition and objection to the Settlement. (Doc. No. 335.) He asserts the Settlement "falls short of delivering justice and equity" for a number of reasons and provides proposed alternative settlement terms, as discussed further below. (*Id.* at 1, 3–5.)

## II. SETTLEMENT AGREEMENT
Plaintiffs and the City have executed a proposed Settlement Agreement ("Settlement Agreement" or "Settlement"). The primary terms of Settlement are provided below:

### A. Substantive Relief:

1. Ticket Forgiveness: The City of San Diego will forgive all outstanding OVO tickets incurred by class members for parking oversized vehicles between 2:00 a.m. and 6:00 a.m., and tickets for "violation of signs" prohibiting vehicle habitation between November 15, 2017, and the date of the Settlement. The City, if feasible, will promptly forgive the class members' unpaid parking tickets and other debts related to unpaid parking tickets upon request. The City will inform the Department of Motor Vehicles that the fines are null and void.

2. Amended VHO Training Bulletin and Limitations on VHO Enforcement: The City will issue an amended VHO training bulletin for law enforcement. The amendments to the training bulletin are intended to avoid VHO enforcement for sheltering in, resting in, sleeping in, and/or storing property in vehicles while being otherwise law-abiding, *i.e.*, without committing a criminal law violation other than the VHO. Enforcement of the VHO will only occur if the police determine reasonable suspicion of a crime or violation of a law *other than* residing in one's vehicle. A class member parked illegally will have an opportunity to move the vehicle to a legal parking location before they can be cited under the VHO. In addition, people who live in their vehicle may use the same vehicle for transportation without being cited under the VHO, such as traveling and temporarily parking to visit parks, beaches, shops, libraries, go to the doctor, attend school, work, or religious services, or to visit family or friends.

3. Safe Parking Program: This Settlement expands and improves the City's designated parking program ("safe lots"). Additional options for legal nighttime

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17878
Page 279 of 497

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)
2024 WL 4495512

parking will be provided in various locations throughout the City. The City will update a list of available spots in the parking program on its website nightly, including indicating if the spaces are suitable for oversized vehicles. Each parking lot in the City's program will have safe, accessible bathrooms, security and/or personnel on-site. The City will also make improvements to the Mission Valley Safe Lot in order to enhance the health and safety for residents of oversized vehicles (*e.g.*, widening the entrance to the lot and adding running water, showers, electric hookups, improved lighting, and shade). Class members may have a second vehicle at the Mission Valley Safe Lot. Mission Valley Safe Lot will continue to operate on a 24-hour basis during the three-year period of the Settlement.

4. Nighttime Enforcement When Safe Lot Options Are Unavailable: The City will not enforce by arrest, citation, or ticket the VHO or OVO during the hours of 9:00 p.m. to 6:00 a.m. when legal parking under the City's designated parking lot program is unavailable to a class member because the lots are full, closed, or there is no spot reasonably available to the class member, considering, among other factors, the type of vehicle, the distance to the lot, and whether there is adequate space for the vehicle. Members of the Settlement Class will be provided an opportunity to relocate to an available space in a "safe lot" before enforcement or issuing of tickets or citations to the class member under the VHO or OVO may occur.

**\*3** 5. Consideration of ADA-Related Requests for Class Members with Disabilities: In compliance with Title II of the ADA, the City agrees to evaluate all requests for reasonable modifications from Plaintiffs and class members in good faith but retains the right to refrain from actions that would fundamentally change the nature of its programs or services or impose an undue financial or administrative burden.

B. **Enforcement and Monitoring**: Under the Settlement, the Court shall have jurisdiction to enforce the terms of the settlement agreement for three years. During this period, the City will provide Plaintiffs' counsel every three months with available records of: (i) enforcement of the VHO, including records of grounds for reasonable suspicion of criminal activity; (ii) enforcement of the OVO; (iii) ticket forgiveness; and (iv) reasonable accommodation/modification requests and responses regarding enforcement of the VHO and/or the OVO.

C. **Dispute Resolution**: The parties have agreed to a multi-step process to resolve disputes. First, any party notified of a dispute through a written Notice of Dispute has 45 days to cure or identify a plan to cure any non-compliance. Second, if the alleging party maintains that the violation or failure to perform has not been cured within 45 days, the alleging party can petition Judge Butcher for resolution of systemic issues. In the case of systemic violations, Judge Butcher has the authority to extend jurisdiction and prescribe suitable remedies.

D. **Released and Unreleased Claims**: The members of the Settlement Class will release the City and its relevant departments from all claims for equitable relief relating to the allegations in the operative Complaint up through the three-year settlement term. The Named Plaintiffs will also release their claims for monetary damages, but the release does not apply to claims for monetary damages by other class members.

E. **Damages and Service Awards**:

1. The City will pay Fifteen Thousand Dollars ($15,000.00) in monetary damages to each of the nine current Plaintiffs. This award of monetary damages does not extinguish or otherwise disturb any claim for monetary damages that other members of the class may have against the City.

2. In addition to the individual monetary damages to current Plaintiffs, the seven class representatives will each receive a Service Award of $7,500.00.

F. **Reasonable Attorneys' Fees, Costs, and Expenses**.

1. The City will pay Plaintiffs' counsel $2,950,000 in attorneys' fees and costs for work through final approval of the Agreement. The City also agrees to pay reasonable attorneys' fees and costs in an amount not to exceed $25,000 to monitor the Settlement. Class Counsel will file a motion to recover their reasonable attorneys' fees, costs, and expenses pursuant to Federal Rule of Civil Procedure 23(h).

(*See* Ex. 1, Doc. No. 329-2, Proposed Settlement Agreement.)

## III. LEGAL STANDARD

2024 WL 4495512

A class action may not be settled without court approval, "which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing Fed. R. Civ. P. 23(e)(2)). The Ninth Circuit Court of Appeals has a "strong judicial policy" in support of class action settlements. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, when presented with a motion to finally approve a class action settlement, "judges have the responsibility of ensuring fairness to all members of the class ...." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

## IV. OBJECTION TO THE SETTLEMENT

**\*4** Mr. Endres raises an objection to the proposed settlement, asserting "the settlement falls short of delivering justice and equity." (Doc. No. 335 at 1.) Mr. Endres specifically asserts the settlement does not adequately address the following issues:

1. **The State Action Doctrine**: asserting the OVO and VHO do not pass the State Action Doctrine scrutiny because the ordinances are discriminatory either on its face or administration;

2. **Discriminatory Practices**: The City's policies and enforcement of the OVO and VHO disproportionately target and harm homeless individuals through vague ordinances and unequal access to resources;

3. **Misapplication of Law**: The OVO and VHO ordinances unfairly impose restrictions and punishments on non-sex offender homeless individuals, though these restrictions and punishments are typically reserved for sex offenders;

4. **Color of Law Violations**: The City is responsible for color of law violations through issuance of unlawful orders via policing agency;

5. **Equal Protection**: The City's policies violate the equal protection clause by discriminating against homeless individuals, particularly those with disabilities, by denying them access to the same parking permits and opportunities as housed individuals;

6. **California Constitution**: The City's actions violate the due process and equal protection provisions of the California Constitution;

7. **Right to Associate**: The City violates the right to association via the Safe Parking Lots, which "segregate the undesired socioeconomically disadvantaged population[;]"

8. **California Coastal Act**: The City disregards the Act by way of assertive privatization management practices, including unlawful signage and unlawful enforcement in areas designated for 24 hours a day, 7 days a week public coastal access;

9. **Bane Act**: The City's policies and practices are seen as threats, intimidation, and coercion that interfere with the homeless individuals' rights, including their right to be present on public streets. Objector asserts the ordinances are punitive and restrictive;

10. **The ADA**: The City discriminates against individuals with disabilities by failing to provide reasonable modifications to its policies;

11. **Rehabilitation Act**: As a recipient of federal funds, requiring it to ensure meaningful access to its programs for individuals with disabilities, the City's refusal to modify its policies is a violation of this act;

12. **Lack of Sustainable Solutions**: The settlement focuses on punitive measures rather than investing in sustainable housing solutions that could effectively address the root causes of homelessness. The ordinances fail to address the root causes and instead are a punitive measure to assault the victim and therefore must be voided.

(Doc. No. 335 at 1–3.)

In his objection, Mr. Endres also provides a proposed alternative settlement, which includes such terms as a permanent injunction to enjoin the City from enforcing the ordinances, an award of $700 million in compensatory damages, implementing sustainable housing programs, forgiving all tickets issued under the ordinances and ensuring the return of impounded property, and holding city council members, the mayor, and other officials accountable for their roles in enforcing the ordinances. (*Id.* at 3–4.)

## V. MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

### A. Class Certification

Case 3:23-cv-00768-BEN-VET   Document 323-2   Filed 02/02/26   PageID.17880
Page 281 of 497

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)
2024 WL 4495512

**\*5** Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees). In the present case, the Court previously granted in part Plaintiffs' motion for class certification. (*See* Doc. No. 180.) Accordingly, the Court reaffirms and incorporates by reference its prior analysis under Rules 23(a) and (b)(2) as set forth in its Order Granting in Part Plaintiffs' Motion for Class Certification. (*See id.* at 5–25.)

### B. Adequacy of Notice

Next, the Court must determine whether the Class received adequate notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

In its Preliminary Approval Order, the Court approved the Parties' proposed notice and notice plan. (*See* Doc. No. 333 at 12–13.) As part of their Final Approval Motion, Plaintiffs filed the Declaration Ann E. Menasche, who is lead counsel for Plaintiffs and all class members in this action. (Declaration of Ann E. Menasche ("Menasche Decl."), Doc. No. 336-1, ¶ 1.) Ms. Menasche details the actions taken by herself, co-counsel, several Plaintiffs and Class Representatives, and the cooperation of the City Attorney's Office to provide notice in accordance with the Preliminary Approval Order. (*Id.* ¶ 5.) Having reviewed Ms. Menasche's declaration, the Court finds the Settlement Class received adequate notice of the Settlement.

### C. Fairness of the Settlement

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C), while considering the fairness factors.

In its Preliminary Approval Order, the Court addressed each of the fairness factors in turn and found all the pertinent factors weighed in favor of approving the Settlement. (*See* Doc. No. 333 at 8–12.) Among other criteria, the ticket forgiveness, expanded and improved safe parking program, and an amended VHO training bulletin restricting VHO enforcement to settle and resolve all claims in the action by or

on behalf of the potentially over 800 Class Members against the City is a fair, reasonable, and appropriate settlement amount to resolve all claims in this action. Under the Parties' proposed settlement, every class member, including Plaintiffs, will benefit from the same policy changes that will protect class members from unrestricted enforcement of the VHO and OVO. The only difference in recovery between the Plaintiffs and other class members is a service award in the amount of $7,500 for each of the Plaintiffs who were appointed Class Representatives and $15,000 to each Named Plaintiff for damages.[2] The Settlement Agreement, however, preserves unnamed class members' rights to sue for individual damages, in contrast to Named Plaintiffs, who otherwise waive the right to sue for additional damages.

[2]     In the Court's Order granting in part and denying in part Plaintiffs' motion for class certification, the Court concluded Named Plaintiffs Tony Diaz and Doug Higgins were inadequate to serve in representative capacities. (Doc. No. 180 at 12.)

One Class Member, Mr. Endres, has filed an objection against the settlement as discussed above. (Doc. No. 335.) In response, Plaintiffs assert that with respect to the issue of compensatory damages for class members, the Settlement Agreement does not prevent Mr. Endres from suing the City for his own damages; while Named Plaintiffs have released the City from additional claims for damages, the Settlement Agreement's release of claims on behalf of class members only applies to equitable relief. (Doc. No. 336 at 29.) Moreover, the Settlement Agreement's release of claims on behalf of class members for equitable relief only lasts three years, and so Mr. Endres is free to sue the City for additional equitable relief after the period of reserved jurisdiction expires. (*Id.* at 30.) Plaintiffs assert all class representatives support the Settlement Agreement and believe it is fair, and that the reaction from other class members to the proposed settlement has been overwhelmingly positive. (*Id.*)

**\*6** During the October 10, 2024 hearing, Mr. Endres was given an opportunity to voice his objections to the Settlement Agreement. Plaintiffs' counsel and the Court emphasized the narrow scope of the instant action, and that Mr. Endres and other class members are free to independently file suit for damages. Plaintiffs' counsel further highlighted that the instant case did not seek damages, but rather was for injunctive relief. Plaintiffs' counsel and the Court are unaware of any other objections to the proposed Settlement Agreement.

Case 3:23-cv-00768-BEN-VET   Document 323-2   Filed 02/02/26   PageID.17881
Page 282 of 497

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)
2024 WL 4495512

Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the Rule 23(e) requirements as set forth in its Preliminary Approval Order. (*See* Doc. No. 333 at 8–12.) Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

## VI. MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs' counsel request attorneys' fees and costs for a total of $2,950,000.00 ("Agreed Amount"). (Doc. No. 337 at 10.) Of this Agreed Amount, $2,845,567.06 is requested for attorneys' fees and $104,432.94 is requested for costs and expenses. (*Id.* at 24.)

### A. Attorneys' Fees

In its moving papers, Plaintiffs' counsel state that through June 1, 2024, they devoted more than 8,819.4 hours to this action over the course of 7 years, for a full lodestar totaling $6,215,338.30. (*Id.* at 21–22.) However, Plaintiffs are requesting an approximate 53% reduction of its actual fees expended to demonstrate the reasonableness of its request. (*Id.* at 24–25.) As such, they request $2,845,567.06 in attorneys' fees for the work done by the Law Office of Ann Menasche; Disability Rights Advocates ("DRA"); Disability Rights California ("DRC"); Dreher Law Firm; Law Foundation of Silicon Valley; Fish & Richardson P.C.; National Homelessness Law Center ("NHLC"); Manfred, APC; and Bonnett, Fairbourn, Friedman & Balint, PC ("BFFB"). (*Id.*) The full lodestar of $6,215,338.30 is calculated as follows: [3]

[3] On October 4, 2024, the Court requested more information from counsel regarding the billable time, hourly rate, and total billable amount for each timekeeper. Counsel thereafter provided the Court with a spreadsheet with the requested information, and filed a declaration stating that, in responding to the Court's order, Fish & Richardson, P.C. ("Fish") discovered two discrepancies: (1) in the total hours calculated for Fish's time as reflected in the July 8, 2024 declaration, and (2) in the billing rate used to calculate Fish's total billed amount across all timekeepers. (Declaration of Michael A. Amon, Doc. No. 343, ¶ 4.) Thus, Fish made two adjustments to its calculation but has not changed the total amount that it is claiming for its work on the case, and indeed has reduced the total number of hours. (*Id.* ¶ 8.) Thus, this change does not impact the City, given the parties have agreed on a reduced total attorneys' fees and costs as part of the settlement agreement. (*Id.*)

| Attorney/Staff | Billable Time | Hourly Rate | Billable Amount |
|---|---|---|---|
| Ann E. Menasche (Law Office of Ann E. Menasche) (Beginning January 2023) | 545.2 | $915 | $498,858 |
| Stuart Seaborn (DRA) | 477 | $1050 | $500,850 |
| Jinny Kim (DRA) | 36.2 | $990 | $35,838 |
| Kevin Knestrick (DRA) | 151.3 | $930 | $140,709 |
| Madeleine Reichman (DRA) | 199.2 | $585 | $116,532 |
| Jameelah Najieb (DRA) | 171.6 | $440 | $75,504 |
| Shira Tevah (DRA) | 390.1 | $635 | $247,713.50 |
| Jess Miller-Suchet (DRA) | 76.2 | $280 | $21,336 |
| Nathan Weister (DRA) | 89.2 | $300 | $26,760 |

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)
2024 WL 4495512

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17882
Page 283 of 497

| | | | |
|---|---|---|---|
| Robert Scott Dreher (Dreher Law Firm) | 191.5 | $810 | $155,115 |
| Tristia Bauman (The Law Foundation) | 79.1 | $725 | $57,347.50 |
| Ann Menasche (DRC until May 2022) | 2,394.20 | $915 | $2,190,693 |
| Stuart Seaborn (DRC) | 34.1 | $1050 | $35,805 |
| Nichole Mendoza (DRC) | 175.8 | $625 | $109,875 |
| Lili Graham (DRC) | 180.8 | $720 | $130,176 |
| Natasha Reyes (DRC) | 63.2 | $505 | $31,916 |
| Kendra Muller (DRC) | 509.1 | $305 | $155,275 |
| Michael Amon (Fish & Richardson P.C.) | 192.6 | $1125 | $216,699 |
| Geoff Biegler (Fish & Richardson P.C.) | 124.7 | $1200 | $149,608 |
| Angela Castagnola (Fish & Richardson P.C.) | 1.4 | $455 | $624 |
| Ahmed Davis (Fish & Richardson P.C.) | 1.1 | $1250 | $1,423 |
| Ryan Frei (Fish & Richardson P.C.) | 151.7 | $505 | $76,614 |
| Monika Kapuscinska-Kass (Fish & Richardson P.C.) | 18.3 | $390 | $7,118 |
| Nancy Ly (Fish & Richardson P.C.) | 277.2 | $830 | $230,099 |
| Madelyn McCormick (Fish & Richardson P.C.) | 369.8 | $795 | $293,982 |
| Kathryn Quisenberry (Fish & Richardson P.C.) | 1.9 | $795 | $1,508 |
| Jeanel Sunga (Fish & Richardson P.C.) | 3.3 | $620 | $2,025 |
| Tucker Terhufen (Fish & Richardson P.C.) | 0.4 | $760 | $315 |
| Elizabeth Wilton (Fish & Richardson P.C.) | 7.4 | $310 | $2,285 |

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)
2024 WL 4495512

| | | | |
|---|---|---|---|
| Robert Yeh (Fish & Richardson P.C.) | 55.4 | $760 | $42,093 |
| Tristia Bauman (NHLC) | 233.5 | $778 | $181,663 |
| Maria Foscarinis (NHLC) | 0.3 | $864 | $259.20 |
| Will Knight (NHLC) | 80.7 | $698 | $56,328.60 |
| Alex Matak (NHLC) | 51.5 | $574 | $29,561 |
| Lily Milwit (NHLC) | 73.5 | $574 | $42,189 |
| Eric Tars (NHLC) | 1.8 | $795 | $1,431 |
| Manfred Muecke (Manfred, APC) (Beginning 2020) | 239.2 | $750 | $179,312.50 |
| Manfred Muecke (BFFB) (through 2019) | 511.4 | $425 | $217,345 |
| Patricia Syverson (BFFB) | 67.2 | $600 | $40,320 |

**\*7** Under 42 U.S.C. section 12205 of the ADA, 29 U.S.C. section 794a(b) of the Civil Rights Act of 1964, and California Code of Civil Procedure section 1021.5, reasonable attorney's fees and litigation costs are available to the prevailing party in a claim, in the Court's discretion. Moreover, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941.

The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id.* at 945–46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.' " *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[ ] on their own knowledge of customary rates and

their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiffs bear the burden of demonstrating its counsels' hourly rates are reasonable and in line with prevailing rates in the relevant legal community of the Southern District of California. *See Herring Networks, Inc. v. Maddow*, No. 19-cv-1713, 2021 WL 409724, at *4 (S.D. Cal. Feb. 5, 2021). To do so, Plaintiffs must produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Roberts v. City & Cnty. of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate").

To support the requested lodestar amount, Plaintiffs submit the declarations of Ann Menasche (Doc. No. 337-1), Jinny Kim (Doc. No. 337-3), Robert Scott Dreher (Doc. No. 337-11), Tristia Bauman (Doc. No. 337-13), Melinda Bird (Doc. No. 337-15), Michael Amon (Doc. No. 337-19), William Knight (Doc. No. 337-21), Manfred Muecke (Doc. No. 337-25), and Francis Balint, Jr. (Doc. No. 337-27), and accompanying exhibits, which explain in detail the amount of experience, skills, and reputation of each attorney and staff member involved in this case. Significantly, the City filed

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17884
Page 285 of 497

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)
2024 WL 4495512

a notice of non-opposition to the motion for attorneys' fees and did not challenge the hourly rates set forth in Plaintiffs' fee application, nor did it argue that the hours expended by Plaintiffs' counsel were unreasonable. (*See* Doc. No. 341.) Moreover, the hourly rates above are generally in line with rates prevailing in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See, e.g., Soler v. Cnty. of San Diego*, No. 14cv2470-MMA (RBB), 2021 WL 2515236, at *5 (S.D. Cal. June 18, 2021) (collecting cases and noting that "courts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in the range of $550 per hour to more than $1000 per hour"); *Herring Networks, Inc.*, 2021 WL 409724, at *8 (collecting cases awarding fees based on hourly rates in the range of $295 to $943 and concluding that "reasonable rates in this district for those of comparable skill, experience, and reputation" justified rates between $470 to $1,150).

**\*8** In reviewing the billing invoices of Plaintiffs' counsel, the Court finds 54.8 hours were billed for clerical tasks. Time billed for clerical tasks is not recoverable as the tasks should be absorbed into law firm overhead rather than billed at the rate of paralegals. *Rosemary G. V. v. Saul*, 3:19-CV-00715-RBM, 2020 WL 6703123 at *4 (S.D. Cal. Nov. 12, 2020). Tasks such as calendaring, organizing exhibits, and circulating ECF filings are clerical in nature. *Id.* However, because Plaintiffs have reduced their own request by 53%, the Court ultimately finds Plaintiffs' request of $2,845,567.06 to be reasonable.

### B. Litigation Expenses

In their motion, Plaintiffs seek an award of $104,432.94 in litigation costs for experts, translators, distributing class notice, and deposition expenses, transcripts, and necessary travel. (Doc. No. 337 at 24.) Class Counsel is entitled to reimbursement of the out-of-pocket costs they reasonably incurred investigating and prosecuting this case. *See Staton*, 327 F.3d at 974. The Court finds Class Counsel's out-of-pocket costs were reasonably incurred in connection with the prosecution of this litigation, were advanced by Class Counsel for the benefit of the Class, and shall be reimbursed in full in the amount requested. The Court approves the request for litigation costs and expenses in the amount of $104,432.94.

### C. Incentive and Individual Damages Awards to Class Plaintiffs

Finally, the Settlement Agreement provides each of the seven Class Representative will receive $7,500.00, totaling $52,500.00. (Doc. No. 329 at 26.)

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representatives." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (internal citation and quotations omitted). Named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton*, 327 F.3d at 977. The incentive award for the Class Plaintiffs in this case is presumptively reasonable. *See, e.g., Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280-BAS-RBB, 2019 WL 2269958, at * (S.D. Cal. May 28, 2019) (awarding a service award of $5,000 to each Class Representative); *Vasquez v. Kraft Heinz Foods Co.*, No.: 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at *9 (S.D. Cal. Apr. 1, 2020) (finding reasonable incentive awards of $7,500 and $3,000). Accordingly, the Court finds the service awards to the Class Representatives are appropriate.

Further, each of the nine Named Plaintiff will also receive $15,000.00 in individual monetary damages under the Settlement Agreement, totaling $135,000.00. (Doc. No. 336 at 17, 22.) The Court finds the individual damages award to the Named Plaintiffs to compensate Plaintiffs' claims is reasonable given the alleged individual harms each Plaintiff experienced.

### VII. CONCLUSION

Based on the foregoing and the entire record, the Court **GRANTS** Plaintiffs' motions for final approval of the Settlement and for attorneys' fees. The Court also **ORDERS:**

1. The claims of Plaintiffs and Class Members are hereby released as against Defendant consistent with Paragraph 12 of the Settlement Agreement;

2. The City pay $15,000 in monetary damages to each of the nine current Named Plaintiffs, and $7,500 to each of the seven Class Representatives within thirty (30) days of this Order;

3. Without affecting the finality of this Final Approval Order, the Court **RETAINS JURISDICTION** over implementation of the settlement for a period of three

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17885
Page 286 of 497

Bloom v. City of San Diego, Not Reported in Fed. Supp. (2024)
2024 WL 4495512

years, with enforcement delegated to Magistrate Judge Butcher;

**\*9** 4. This action be **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's Orders;

5. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a); and

6. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4495512

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT 10**

CliniComp International, Inc. v. Cerner Corporation, Not Reported in Fed. Supp. (2023)

2023 WL 2604816

2023 WL 2604816
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

CLINICOMP INTERNATIONAL, INC., Plaintiff,
v.
CERNER CORPORATION, Defendant.

Case No.: 17-cv-02479-GPC (DEB)
|
Signed March 22, 2023

**Attorneys and Law Firms**

Amardeep Lal Thakur, Shawn E. McDonald, Manatt, Phelps & Phillips, LLP, Costa Mesa, CA, Bruce R. Zisser, Manatt, Phelps & Phillips, Los Angeles, CA, Timothy W. Lohse, Manatt, Phelps & Phillips LLP Technology & IP Litigation, Redwood City, CA, for Plaintiff.

Basil Trent Webb, Pro Hac Vice, Shook, Hardy & Bacon L. L. P., Kansas City, MO, Fiona A. Bell, Pro Hac Vice, Robert H. Reckers, Pro Hac Vice, Sharon A. Israel, Pro Hac Vice, Kyle E. Friesen, Pro Hac Vice, Shook, Hardy & Bacon L.L.P., Houston, TX, Jared Bobrow, Jason K. Yu, Diana Marie Rutowski, Orrick, Herrington & Sutcliffe LLP, Menlo Park, CA, Ryan Joseph Williams, Shook, Hardy & Bacon, Irvine, CA, Benjamin Henry Austin, Orrick, Herrington & Sutcliffe LLP, Irvine, CA, for Defendant.

**ORDER AWARDING DEFENDANT ATTORNEYS' FEES UNDER 35 U.S.C. § 285**

Gonzalo P. Curiel, United States District Judge

**\*1** On February 3, 2023, the Court granted Defendant Cerner Corporation ("Cerner")'s motion for attorneys' fees pursuant to 35 U.S.C. § 285; found this case to be "exceptional;" and awarded Cerner its reasonable attorneys' fees incurred since August 29, 2022. (Dkt. No. 133.) On February 24, 2023, Cerner filed its brief in support of its request for its attorneys' fees incurred since August 29, 2022. (Dkt. No. 136.) On March 10, 2023, CliniComp filed its response to Cerner's request for attorneys' fees. (Dkt. No. 141.) On March 17, 2023, Cerner filed its reply. (Dkt. No. 149.) For the reasons set forth below, the Court awards Cerner $802,334.60 in attorneys' fees under 35 U.S.C. § 285.

## I. BACKGROUND

CliniComp is the owner of U.S. Patent No. 6,665,647 ("the '647 Patent") by assignment. (Dkt. No. 1, Compl. ¶ 2.) In the present action, CliniComp alleged that Cerner directly infringes claims 1, 2, 5, 10-13, 15-18, and 20-23 of the '647 Patent by making, using, selling, and/or offering to sell within the United States Cerner's CommunityWorks, PowerWorks, and Lights on Network services (collectively "the accused services"). (Dkt. No. 103, Ex. 2 at 21; see also Dkt. No. 1, Compl. ¶¶ 15-16.)

On December 11, 2017, CliniComp filed a complaint for patent infringement against Cerner, alleging infringement of the '647 Patent. (Dkt. No. 1, Compl.) On May 16, 2018, the Court granted Cerner's motion to dismiss CliniComp's claims for willful infringement and indirect infringement as well as the relief sought in connection with these claims of injunctive relief, treble damages, and exceptionality damages. (Dkt. No. 18 at 21.) On June 25, 2018, Cerner filed an answer to CliniComp's complaint. (Dkt. No. 19.)

On March 5, 2019, the Patent Trial and Appeal Board ("PTAB") instituted an *inter partes* review ("IPR") as to claims 1-25 and 50-55 of the '647 Patent. (Dkt. No. 30-1, Ex. A.) On March 7, 2019, the Court granted a stay of the action pending completion of the IPR proceedings. (Dkt. No. 31.) On March 26, 2020, the PTAB issued a final written decision, determining that claims 50-55 of the '647 Patent are not patentable in light of the prior art, but that claims 1-25 of the '647 Patent are patentable.[1] (Dkt. No. 32, Ex. A at 93-94.) On April 20, 2021, the Federal Circuit affirmed the PTAB's determination that claims 1-25 of the '647 Patent are patentable.[2] (Dkt. No. 38-2, Ex. B at 10.) On June 24, 2021, the Court granted the parties' joint motion to lift the stay of the action. (Dkt. No. 44.)

---

[1]   Specifically, the PTAB concluded that Cerner had shown by a preponderance of the evidence that: (1) claims 50-52 are not patentable based on Evans; (2) claims 53 and 54 are not patentable based on Evans and Rai; (3) claims 50-53, and 55 are not patentable based on Johnson and Evans; and (4) claim 54 is not patentable based on Johnson, Evans, and Rai. (Dkt. No. 32, Ex. A at 93-94.) The PTAB further concluded that Cerner had not shown by a preponderance of the evidence: (1) that claims

1-5, 10-13, and 15-25 are unpatentable based on Johnson and Evans; or (2) that claims 6-9, and 14 are unpatentable based on Johnson, Evans, and Rai. (Id. at 93.)

2    On November 15, 2021, the PTO issued an *inter partes* review certificate for the '647 Patent, stating: "Claims 1-25 are found patentable" and "Claims 50-55 are cancelled." (Dkt. No. 71-2, Ex. A at A-20–A-21.)

**\*2** On July 23, 2021, Cerner filed an amended answer to CliniComp's complaint. (Dkt. No. 52.) On October 7, 2021, the Court issued a scheduling order for the action. (Dkt. No. 55.) On July 28, 2022, the Court issued a claim construction order, construing the disputed claim terms from the '647 Patent. (Dkt. No. 91.)

On November 15, 2022, the Court granted Cerner's motion for summary judgment of non-infringement. (Dkt. No. 120.) Specifically, the Court held that Cerner demonstrated that the accused services do not infringe the asserted claims of the '647 Patent as a matter of law. (Id. at 44.) On November 16, 2022, the Court entered a judgment in the action in favor of Defendant Cerner and against Plaintiff CliniComp. (Dkt. No. 121.)

On December 30, 2022, the Clerk of Court taxed costs in favor of Cerner in the amount of $8,265.80. (Dkt. No. 131 at 3.) On February 3, 2023, the Court granted Cerner's motion for attorneys' fees pursuant to 35 U.S.C. § 285, and the Court awarded Cerner its reasonable attorneys' fees incurred since August 29, 2022. (Dkt. No. 133 at 23.) By the present briefing, Cerner requests that the Court award it $802,334.60 for its attorneys' fees incurred since August 29, 2022. (Dkt. No. 144 at 1, 11; Dkt. No. 149 at 6.)

## II. DISCUSSION

Cerner requests that the Court award it $802,334.60 in attorneys' fees under the lodestar method. (Dkt. No. 144 at 1-2; Dkt. No. 149 at 6.) An award of attorneys' fees under 35 U.S.C. § 285 must be "reasonable." Kilopass Tech., Inc. v. Sidense Corp., 82 F. Supp. 3d 1154, 1164 (N.D. Cal. 2015); see SRI Int'l, Inc. v. Cisco Sys., Inc., 930 F.3d 1295, 1311 (Fed. Cir. 2019) ("Section 285 permits a prevailing party to recover reasonable attorneys' fees."). "The requirement that fees awarded be reasonable is a safeguard against excessive reimbursement." IPS Grp., Inc. v. Duncan Sols., Inc., No. 15-

CV-1526-CAB (MDD), 2018 WL 3956019, at \*1 (S.D. Cal. Aug. 17, 2018) (citing Mathis v. Spears, 857 F.2d 749, 754 (Fed. Cir. 1988)).

In calculating an attorneys' fee award under § 285, "a district court usually applies the lodestar method, which provides a presumptively reasonable fee amount by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 483 (Fed. Cir. 2016) (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 554 (2010)); see also Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003) ("When a statute provides for such fees, it is termed a 'fee-shifting' statute. Under a fee-shifting statute, the court 'must calculate awards for attorneys' fees using the 'lodestar' method.' "). "Ultimately, a 'reasonable' number of hours equals 'the number of hours which could reasonably have been billed to a private client.' " Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A district court should not award "fees for hours expended by counsel that were 'excessive, redundant, or otherwise unnecessary.' " SRI, 930 F.3d at 1311 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); accord Gonzalez, 729 F.3d at 1203.

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437; see Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945–46 (9th Cir. 2007) ("The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."). "Once the party seeking fees meets that initial burden of adequately documenting the hours requested, the burden shifts to the opposing party" to challenge the accuracy and reasonableness of the hours billed. Maloney v. T3Media, Inc., No. CV 14-05048-AB VBKX, 2015 WL 3879634, at \*4 (C.D. Cal. May 27, 2015); see Hiken v. Dep't of Def., 836 F.3d 1037, 1045 (9th Cir. 2016) (" '[T]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.' ") (quoting Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

**\*3** The determination of the amount of reasonable attorneys' fees under § 285 is " 'a matter that is committed to the

CliniComp International, Inc. v. Cerner Corporation, Not Reported in Fed. Supp. (2023)

2023 WL 2604816

sound discretion of a district court judge.' " In re Rembrandt Techs. LP Pat. Litig., 899 F.3d 1254, 1278 (Fed. Cir. 2018) (quoting Lumen View, 811 F.3d at 483). In awarding fees, a district court must "explain how it came up with the amount," and that explanation "must be 'concise but clear.' " Moreno, 534 F.3d at 1111 (quoting Hensley, 461 U.S. at 437); see also United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("[H]ours actually expended in the litigation are not to be disallowed without a supporting rationale."). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." Moreno, 534 F.3d at 1111.

In support of its fees request, Cerner explains that the undiscounted hourly rates for defense counsel in this action are as follows: (1) $1,465, $1,120, and $1,055 for the three partners; (2) $805 and $610 for the two associates; and (3) $495, $420, and $415 for the three paralegals. (Dkt. No. 144 at 2-3.) Cerner further explains that the actual hourly rates paid by Cerner are lower than this due to the benefit of a negotiated discount that Cerner received from defense counsel. (Id. at 2-3.)

The Court finds these hourly rates to be reasonable. First, "rate determinations in other cases ... are satisfactory evidence of the prevailing market rate." United Steelworkers, 896 F.2d at 407. District courts in other complex patent cases have found similar rates to be reasonable in awarding attorneys' fees. See, e.g., Orthopaedic Hosp. v. Encore Med., L.P., No. 319CV00970JLSAHG, 2021 WL 5449041, at *13 (S.D. Cal. Nov. 19, 2021) (approving hourly rates of up to $1,260 for partners and $1,065 for associates as reasonable); NuVasive, Inc. v. Alphatec Holdings, Inc., No. 3:18-CV-347-CAB-MDD, 2020 WL 6876300, at *3 (S.D. Cal. Mar. 20, 2020) (approving hourly rates of $1,005 and $860 for partners as reasonable); Facebook, Inc. v. Power Ventures, Inc., No. 08-CV-05780-LHK, 2017 WL 3394754, at *7 (N.D. Cal. Aug. 8, 2017) (approving Orrick's hourly rates of up to $1,200 for a partner, $800 for an associate, and $430 for a paralegal as reasonable); Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc., No. 1:20-CV-4816-TCB, 2022 WL 870206, at *4 (N.D. Ga. Feb. 22, 2022) (approving hourly rates of up to $1,318 for partners, $935 for associates, and $450 for paralegals as reasonable). [3] Second, "[t]he reasonableness of the requested rates is strongly supported by the fact that these are the rates that counsel billed to [Cerner] and that [Cerner] has already paid." Facebook, 2017 WL 3394754, at *7; see

Wi-LAN, 2022 WL 1224901, at *4 ("The Federal Circuit has explicitly approved the award of attorney fees under § 285 at the rates that the attorneys actually charged." (citing SRI, 930 F.3d at 1311)). Third, that Cerner received a discount on the hourly rates at issue also supports the reasonableness of the rates. See Orthopaedic Hosp., 2021 WL 5449041, at *14. Fourth, "the fact that this matter is a complex, high-stakes patent litigation" further supports the reasonableness of the rates. Id.; see also Yufa v. TSI Inc., No. 09-CV-01315-KAW, 2014 WL 4071902, at *5 (N.D. Cal. Aug. 14, 2014) ("[T]he field of intellectual property law requires specialized knowledge."). Finally, CliniComp does not challenge the reasonableness of Cerner's hourly rates.

3    Although the Court cites to cases from the Northern District of California and the Northern District of Georgia, this is permissible because as another court in this District has explained: "based on the Court's knowledge of local billing rates and of the practices of national law firms, large national law firms ... do not charge different rates based on the jurisdiction in which a complex patent lawsuit is filed." NuVasive, 2020 WL 6876300, at *3 n.1; see also Wi-LAN Inc. v. Sharp Elecs. Corp., No. CV 15-379-LPS, 2022 WL 1224901, at *4 (D. Del. Apr. 25, 2022) ("[T]his Court remains of the view that the appropriate 'market' for assessing rates in a high-stakes patent litigation like the instant case is the market for national (and Delaware) counsel who litigate patent cases in Delaware.").

*4 Turning to the reasonable number of hours expended, "to determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted." Gonzalez, 729 F.3d at 1202. As part of its fee request, Cerner has provided the Court with detailed billing records with time billed in one-tenth of an hour increments and with specific narratives detailing each billed task. (See Dkt. No. 144, Bobrow Decl. Ex. 1.) After reviewing these billing records, the Court finds the hours expended by Cerner's counsel to be reasonable.

Although CliniComp does not challenge the total number of hours billed by Cerner's attorneys, CliniComp challenges Cerner's requested fees on the grounds that the amount reflects a disproportionately high use of partners for routine matters. (Dkt. No. 141 at 1-5.) CliniComp contends that district courts have held that when a case is appropriately staffed, partner time should account for no more than 30% of

CliniComp International, Inc. v. Cerner Corporation, Not Reported in Fed. Supp. (2023)

2023 WL 2604816

the total time. (Id. at 2) (citing Larson v. United Nat. Foods W. Inc., No. CV-10-00185-PHX-DGC, 2013 WL 4507473, at *2 (D. Ariz. Aug. 23, 2013).) [4] CliniComp notes, for example, that Cerner's partners accounted for 71% of the hours expended on Cerner's motion for summary judgment and 72% of the hours expended on Cerner's motion for attorneys' fees. [5] (Id. at 3.) CliniComp argues that, in light of this "top-heavy billing" by Cerner, the Court should exercise its discretion and reduce Cerner's requested fee amount by 50%, to correct a purported 82% overbilling by partners. (Id. at 4-5.)

[4]   The Court notes that to support this contention, CliniComp cites to a single district court case that involved claims for violation of the Family Medical Leave Act and for disability discrimination and did not involve complex claims for patent infringement. See Larson, 2013 WL 4507473, at *1. Further, in that case, the district court did not broadly state that when a case is appropriately staffed, partner time should generally account for no more than 30% of the total time. Rather, the district court specifically stated "a reasonable fee *in this case* includes no more than 30% of the time at partner rates." Id. at *2 (emphasis added).

[5]   In its brief, CliniComp asserts that achieving summary judgment on claims that a party considered to be meritless does not require that most of the work be done by a partner, and CliniComp notes that Cerner asserted that CliniComp's claim for patent infringement was meritless following the issuance of the Court's claim construction order. (Dkt. No. 141 at 3) (citing Larson, 2013 WL 4507473, at *2.) The Court notes that although this may generally be true, the present case involved complex technology. Further, as explained in the Court's February 3, 2023 order granting Cerner's motion for attorneys' fees, CliniComp changed its theory of infringement at least three times during the summary judgment stage of this case. (See Dkt No. 133 at 13-19.) A theory of infringement that changes three times in a few months, even if meritless, probably demands more attention from partners at the summary judgment stage than a meritless claim for patent infringement that is static. (See also Dkt. No. 149 at 2-4.)

In response, Cerner contends that its staffing decisions were reasonable and justified by the demands of its clients in the legal market. (Dkt. No. 149 at 1.) Cerner contends: "It is widely recognized that, for the last decade, clients have been pushing back on the use of junior lawyers, particularly given the increase in associate salaries and billing rates. Clients, including Cerner, find it more efficient to use more senior attorneys because they get the work done in significantly less time than junior lawyers." (Id. (citing Dkt. No. 149-1, Bobrow Decl. ¶ 5).) Cerner explains that this is underscored by "the shrinking delta between partner and non-partner billing rates as associate salaries increase." (Id.) Cerner further notes that the discounted hourly rates for two of its partners on this case were less than or commensurate with the rates of non-partner attorneys that courts in this District have found to be reasonable in other cases. (Id. at 1-2.)

**\*5**  Although the Court agrees with CliniComp that Cerner's law firm could have better utilized its associates in this case, [6] Cerner's counsel has provided reasonable explanations for its staffing decisions. (See Dkt. No. 149 at 1-4; Dkt. No. 149-1, Bobrow Decl. ¶¶ 5-7.) Further, the Court agrees with Cerner that the problem with CliniComp's challenge is that it fails to consider the discounted hourly rates that Cerner was paying the partners at issue. In light of those discounts, Cerner was essentially paying reasonable senior associate-level hourly rates for the work of two of three partners in this case. See, e.g., Orthopaedic Hosp., 2021 WL 5449041, at *13 (approving hourly rates of up to $1,065 for associates as reasonable); Healthier Choices, 2022 WL 870206, at *4 (approving hourly rates of up to $935 for associates as reasonable); Facebook, 2017 WL 3394754, at *7 (approving Orrick's hourly rates of up to $800 for an associate). As such, the Court rejects CliniComp's characterization of Cerner's staffing decisions as "top-heavy billing," and the Court rejects CliniComp's request to reduce Cerner's requested fee amount by 50%. See also Finjan, Inc. v. Juniper Network, Inc., No. 3:17-CV-05659-WHA, 2021 WL 3674101, at *4 (N.D. Cal. May 20, 2021), report and recommendation adopted by Finjan, Inc. v. Juniper Networks, Inc., No. C 17-05659 WHA, 2021 WL 3140716 (N.D. Cal. July 26, 2021) ("In its strongest form, Finjan's argument appears to be that Juniper could only reasonably defend the case by employing a model where its lead counsel only parachuted in for hearings and trial. That is not the only way to reasonably staff a case, or even necessarily advisable given the benefits that experienced counsel can bring to a case.").

Case 3:23-cv-00768-BEN-VET     Document 323-2     Filed 02/02/26     PageID.17891
Page 292 of 497

CliniComp International, Inc. v. Cerner Corporation, Not Reported in Fed. Supp. (2023)
2023 WL 2604816

6     The Court acknowledges that it also appears to be true that CliniComp's law firm could have better utilized its associates in this case as well. (See Dkt. No. 149 at 2; Dkt. No. 149-1, Bobrow Decl. ¶ 8.)

Finally, CliniComp asserts that even if the Court finds Cerner's hourly rates and hours expended to be reasonable, the Court may make a discretionary 10% reduction to the requested fees. (Dkt. No. 141 at 5.) The Ninth Circuit has explained that in determining the reasonableness of a fees request, a " 'district court can impose a small reduction, no greater than 10 percent—a "haircut"—based on its exercise of discretion and without a ... specific explanation.' " Gonzalez, 729 F.3d at 1203 (quoting Moreno, 534 F.3d at 1112). The Court, exercising its sound discretion, declines to perform a "haircut" to Cerner's requested amount of fees.

### III. CONCLUSION

For the reasons above, the Court awards Cerner $802,334.60 in attorneys' fees under 35 U.S.C. § 285.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2023 WL 2604816

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 11

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17893
Page 294 of 497

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

2021 WL 5449041
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

ORTHOPAEDIC HOSPITAL, Plaintiff,
v.
ENCORE MEDICAL, L.P., Defendant.

Case No.: 3:19-cv-00970-JLS-AHG
|
Signed 11/19/2021

**Attorneys and Law Firms**

April Elise Weisbruch, Christopher Michael Bruno, Pro Hac Vice, David Mlaver, Pro Hac Vice, Nicole Jantzi, Pro Hac Vice, Paul Schoenhard, Pro Hac Vice, McDerrmott Will & Emery LLP, Washington, DC, Elham Ellie Hourizadeh, McDerrmott Will & Emery LLP, Los Angeles, CA, Jodi L. Benassi, McDermott Will & Emery, Menlo Park, CA, for Plaintiff.

Amardeep Lal Thakur, Manatt, Phelps & Phillips, LLP, Mesa, CA, Brianne Straka, Pro Hac Vice, John Peter Poulos, Pro Hac Vice, Quinn Emanuel Urquhart & Sullivan LLP, Lazar Raynal, Pro Hac Vice, King & Spalding LLP, Chicago, IL, Steven Cherny, Pro Hac Vice, Quinn Emanuel Urquhart & Sullivan LLP, Boston, MA, Bruce R. Zisser, Manatt, Phelps & Phillips, William Michael Odom, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, CA, for Defendant.

### ORDER:

### (1) GRANTING IN PART AND DENYING IN PART RULE 37 SANCTIONS ASSOCIATED WITH DEFENDANT'S MOTION TO COMPEL, and

### (2) GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

Allison H. Goddard, United States Magistrate Judge

### I. BACKGROUND

**\*1** On July 1, 2021, the Court issued an Order Granting in Part and Deferring in Part Defendant's Motion to Compel and for Sanctions (ECF No. 173) ("Motion to Compel"). ECF No. 238 (the "July 1 Order"). The July 1 Order concerned a discovery dispute regarding Defendant's pursuit of materials from a prior litigation involving Plaintiff and the patents-in-suit (the "DePuy litigation").

The parties' dispute regarding DePuy litigation materials was first addressed in part by the Court in its December 22, 2020 Order (ECF No. 144) (the "December 22 Order"), in which the Court granted in part and denied in part the relief sought by Defendant in the parties' Joint Motion for Resolution of Discovery Dispute (ECF No. 106). In compliance with the December 22 Order, Plaintiff provided a supplemental privilege log ("First Supplemental Privilege Log") to Defendant by the Court-imposed deadline of January 11, 2021. *See* ECF No. 173-7. In the Motion to Compel, Defendant argued that the First Supplemental Privilege Log did not comply with the December 22 Order, because the descriptions were insufficient to allow Defendant to verify the claims of privilege, and, further, Defendant contended the log still failed to account for numerous withheld and redacted documents. ECF No. 173 at 8. After meeting and conferring, Plaintiff produced a Second Supplemental Privilege Log and additional documents on February 12, 2021. *See* ECF No. 173-11. After further meet-and-confer attempts and a discovery conference with the Court, Defendant brought the Motion to Compel. ECF No. 173.

In its motion, Defendant contended that Plaintiff had improperly refused to produce all documents responsive to Defendant's Request No. 36 in its First Set of Requests for Production of Documents ("RFP No. 36"), which sought "[a]ll pleadings discovery, expert reports and disclosures, and correspondence from [the DePuy litigation]." ECF No. 173-2 at 48. Defendant further asserted that the new materials Plaintiff produced on February 12, 2021—including 13 new documents, 9 unredacted copies of previously redacted documents, 25 new privilege log entries, and 14 revisions of existing log entries— "strongly suggest[ ] that [Plaintiff's] withholding of the information is less than innocent." ECF No. 173 at 9. To remedy Plaintiff's purported misconduct, Defendant asked the Court to (1) conduct *in camera* review of the DePuy litigation documents that Plaintiff continued to withhold and redact, (2) compel Plaintiff to produce all non-privileged documents responsive to RFP No. 36 "related to patent infringement, damages, or validity," [1] and (3) impose fee-shifting sanctions on Plaintiff.

---

1    During the meet-and-confer process, the parties had agreed to narrow the scope of RFP No. 36

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

to documents within these parameters. ECF No. 173-3 at 3.

In the July 1 Order, the Court granted Defendant's motion to compel the depositions of Richard Tarr and Brian Tomko from the DePuy litigation, which Plaintiff had withheld as non-responsive but not privileged, and granted Defendant's request for *in camera* review of certain other materials from the DePuy litigation that Plaintiff had redacted on the basis of privilege. *See* ECF No. 238. The Court deferred ruling on Defendant's request for sanctions pending the completion of its *in camera* review.

**\*2** On August 23, 2021, the Court issued an Order Regarding Defendant's Motion to Compel and for Sanctions Following In Camera Review (ECF No. 256) (the "August 23 Order"), which resolved all remaining privilege disputes that the Court had previously deferred pending *in camera* review. The Court discusses the rulings in the August 23 Order in more detail in the Discussion section below. Broadly, however, the Court granted in part and denied in part Defendant's Motion to Compel, ordered Plaintiff to produce the unredacted versions of certain previously redacted DePuy litigation documents, ordered Plaintiff to review and update certain privilege log entries and to supplement its privilege log to include deposition exhibits that were withheld on the basis of privilege, and gave the parties a further opportunity to be heard through supplemental briefing on Defendant's request for sanctions in the Motion to Compel in light of the Court's rulings in the August 23 Order. *See id.* at 20-21.

The parties submitted their supplemental briefing to the Court as ordered (*see* ECF Nos. 259, 269, 272). Additionally, the parties submitted Motions to Seal in connection with each supplemental brief on sanctions. *See* ECF Nos. 257, 267, 270. The Court held a hearing on the supplemental briefing on October 12, 2021. ECF No. 275. During the hearing, the Court gave a tentative ruling and heard oral argument from both sides.

Having considered the briefing and the parties' oral arguments, the Court now **GRANTS in part** and **DENIES in part** Defendant's request for Rule 37 sanctions against Plaintiff, as described in more detail in Section III below.

However, before turning to the merits of Defendant's request for sanctions, the Court will address the parties' Motions to Seal in turn.

## II. DISCUSSION OF MOTIONS TO SEAL

### A. Legal Standard

As discussed in the Court's July 1 Order, for discovery documents attached to non-dispositive motions and filed under seal pursuant to a valid protective order, "the usual presumption of the public's right of access [to court filings] is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Therefore, a particularized showing of "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure will suffice to seal documents produced in discovery. *Kamakana*, 447 F.3d at 1180.

Because the underlying motions both relate to a non-dispositive dispute regarding discovery documents, the "good cause" standard applies. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 308 F.3d at 1210-11 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test")). This standard is incorporated into the undersigned's Chambers Rules, [2] which explain that "[t]he Court will scrutinize any request to file information under seal, and a request will only be granted if a specific showing is made that justifies sealing. Generic and vague references to 'competitive harm' will almost always be insufficient to justify sealing." Chmbr. R. at 2.

[2] Judge Goddard's Chambers Rules are available at https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

### B. Defendant's First Motion to Seal

First, Defendant filed a Motion to File Supplemental Sanctions Briefing Under Seal ("Defendant's First Motion to Seal") on September 7, 2021. Defendant seeks to seal (1) Exhibits 1, 2, and 3 of counsel Brianne Straka's Declaration in Support of Defendant's Motion for Sanctions (ECF No. 258-2); (2) portions of the Straka Declaration that summarize and describe the contents of Exhibits 1, 2, and 3, as well as "specifics about the sensitive and confidential business

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

arrangement between Defendant and Quinn Emanuel"; and (3) portions of the Supplemental Brief that summarize and describe the timekeeping records, as well as contents of other Exhibits that the Court previously granted leave to file under seal.

### i. Timekeeping Records

**\*3** Defendant's argument for why the Court should permit it to file its timekeeping records under seal is that it includes "Quinn Emanuel's billing rates, as well as the work that Quinn Emanuel has performed for Defendant throughout this matter." Defendant contents this "information is non-public, and in the normal course of business, both Defendant and Quinn Emanuel take all reasonable steps to maintain it in confidence." ECF No. 257-1, Straka Decl. ¶ 2.

Defendant's argument falls short of the "good cause" standard. Defendant fails to meet its burden to explain what, if any, "specific prejudice or harm will result" if the Court does not allow the timekeeping records to be filed under seal. *See Phillips*, 308 F.3d at 1210-11. Moreover, courts frequently deny requests to file attorney billing records and hourly rates under seal, because "[i]t is commonplace for the number of hours billed and the hourly rate of attorneys to be openly filed on court dockets; without this information the final fees award appears to be drawn from thin air." *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744, at \*1 (N.D. Cal. Dec. 8, 2014). *See also, e.g.*, *Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-CV-02954-LB, 2019 WL 8752333, at \*2 (N.D. Cal. Sept. 27, 2019) (rejecting a party's motion to seal its counsel's billing rates and invoices because the party "[did] not adequately explain why disclosure of [the firm's] billing rates and number of hours billed would prejudice it or allow competitors to exploit this sensitive information" and otherwise had "not shown it will suffer any 'specific prejudice or harm' if the documents are not filed under seal").

Accordingly, the Court **DENIES** the Motion to Seal the timekeeping records. To the extent the records may have contained privileged information, it appears Defendant has already adequately redacted the records to avoid disclosure of privileged materials.

### ii. Portions of Straka Declaration

For the same reasons the Court denied the request to seal the timekeeping records, the Court also denies the request to seal portions of the Straka Declaration referring to contents of the records and to "specifics about the sensitive and confidential business arrangement between Defendant and Quinn Emanuel." Defendant asks that this information be sealed because the details of the business arrangement between Defendant and Quinn Emanuel are "non-public, and in the normal course of business, both Defendant and Quinn Emanuel take all reasonable steps to maintain it in confidence." ECF No. 257-1, Straka Decl. ¶ 3.

Once more, Defendant's reason does not constitute a showing of particularized harm, as needed to justify sealing. The Court's conclusion in this regard holds firm even where, as here, the timekeeping records and portions of Straka Declaration reveal that Defendant's counsel have offered a discounted billing rate to Defendant. *See, e.g.*, *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-CV-01927-WHO, 2013 WL 6698465, at \*2 (N.D. Cal. Dec. 18, 2013) ("Billing rates for legal services, even discounted ones, are not entitled to be sealed."); *United States ex rel. Doe v. Biotronik, Inc.*, No. 2:09-CV-3617-KJM-EFB, 2015 WL 6447489, at \*6–7 (E.D. Cal. Oct. 23, 2015). In *Biotronik*, the court rejected a request to seal a party's fee arrangements with its law firm under very similar circumstances, even in the face of declarations from lead outside counsel and corporate counsel insisting that disclosure of the firm's discounted rates "would hamper the firm's financial relationships with other clients and provide cannon fodder to the firm's competitors" and that "disclosure of the rates Biotronik pays Holland & Knight would impair [Biotronik's] negotiations with other firms." *Id.* at \*6. The declarations produced there set forth far more extensive argument than the argument Defendant puts before the Court here,[3] and yet the Court still found it fell short of a "particularized explanation of harm" because the declarations "sketch only rough outlines of hypothetical competitive and litigation difficulties. The same harms could befall any large corporation that employs any large law firm." *Id.* at \*7.

3    Specifically, the court explained that corporate counsel's declaration "generally describes 'a significant legal matter' in which Biotronik now pursues settlement, and he believes disclosure of Biotronik's obligations to Holland & Knight in this case may derail those negotiations. On a similar note, he reports that Biotronik is currently litigating disputes with one of its three princip[al]

2021 WL 5449041

competitors and that disclosure of amounts owed to Holland & Knight here would put the firm at a disadvantage in those cases." *Biotronik*, 2015 WL 6447489, at \*6.

**\*4** For these reasons, the Court **DENIES** the request to seal those portions of the Straka Declaration discussing the contents of the timekeeping records and the discounted rates offered by Quinn Emanuel to Defendant in this litigation.

### *iii. Portions of the Supplemental Brief*

Finally, Defendant seeks to seal portions of the Supplemental Brief that summarize and describe the timekeeping records, as well as contents of other Exhibits that the Court previously granted leave to file under seal.

Specifically, Defendant redacted portions of pages 8, 15, 16, and 17 of the Supplemental Brief. The redacted portions on pages 15-16 and 16-17 discuss the total fees associated with the briefing and the discounted rates that Quinn Emanuel has offered to Defendant throughout this matter. For the reasons already discussed, the request to maintain these portions of the Supplemental Brief under seal is **DENIED**.

Page 8 of the supplemental brief contains two separate redactions. First, Defendant has redacted a portion of the brief that discusses the so-called "Tomko letter," which the Court previously allowed to be filed under seal. *See* ECF No. 238 at 7. Defendant's request to keep this portion of the brief under seal is **GRANTED**.

Second, Defendant has redacted a portion of the brief that quotes deposition testimony from Dr. Harry McKellop. *See* ECF No. 258 at 8. However, the Court previously ordered the McKellop deposition transcript to be filed publicly after Plaintiff dropped its request to be filed under seal. ECF No. 238 at 4, 7. For that reason, the Court **DENIES** the request to maintain the reference to the McKellop testimony in Defendant's Supplemental Brief under seal.

### C. **Plaintiff's Motion to Seal**

Plaintiff filed a Motion to Seal along with its Supplemental Brief in Opposition to Sanctions ("Response Brief") on September 28, 2021. ECF No. 267. Plaintiff seeks to seal portions of the Response Brief and Exhibit 3 to the accompanying Declaration of Christopher Bruno. *Id.* at 2.

In support, Plaintiff argues both the redacted portions of the Response Brief and Exhibit 3 to the Bruno Declaration "contain confidential business information" about DePuy. *Id.* Specifically, the brief "contains information that appears to be sensitive communications among DePuy employees related to patent prosecution opinions designated as 'Highly Confidential – Attorneys' Eyes Only' " in the DePuy Litigation. *Id.* Similarly, Plaintiff contends that Exhibit 3 to the Bruno Declaration contains "information that appears to be sensitive communications among DePuy employees related to patent prosecution opinions and competitive royalty rate information designated as 'Highly Confidential – Attorneys' Eyes Only' " in the DePuy litigation. *Id.*

Plaintiff has failed to meet its burden of showing that specific harm or prejudice will result if the Court does not seal Exhibit 3 to the Bruno Declaration or the portions of the Response Brief at issue. Indeed, Plaintiff does not point to any harm or prejudice that will result at all, much less specific harm or prejudice. Although Plaintiff mentions that Exhibit 3 "appears to" contain "competitive royalty rate information," as explained above, the Court generally finds "[g]eneric and vague references to 'competitive harm' " to be insufficient to justify sealing. Chmbr. R. at 2. Therefore, Plaintiff's Motion to Seal is **DENIED**.

### D. **Defendant's Second Motion to Seal**

**\*5** In connection with its reply, Defendant filed another Motion to File Supplemental Reply Brief in Support of Sanctions Request Under Seal ("Second Motion to Seal") on October 5, 2021. ECF No. 270. The Second Motion to Seal seeks the same relief as the First Motion to Seal. Namely, Defendant seeks to seal (1) Exhibit 7 to the Supplemental Declaration of Brianna Straka in Support of Defendant's Motion for Sanctions ("Supplemental Straka Declaration"), which contains the timekeeping records associated with the Reply Brief (ECF No. 271-2); (2) portions of the Supplemental Straka Declaration (ECF No. 271-1), all of which refer to defense counsel's billing rates and the discounted rate negotiated by Quinn Emanuel and Defendant; and (3) portions of the Reply Brief, which also indirectly refer to the billing rates of counsel by setting forth the total fee amounts sought by Defendant in connection with the Reply Brief.

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17897
Page 298 of 497

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)
2021 WL 5449041

## III. DISCUSSION OF FEE-SHIFTING SANCTIONS

### A. Legal Standard

If the Court grants a motion to compel discovery, Rule 37 of the Federal Rules of Civil Procedure provides that "the court must, after giving an opportunity to be heard, require the party [ ] whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the Court must not order such payment if the opposing party's nondisclosure was substantially justified or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). "The party contesting the discovery sanction on a properly brought motion under Rule 37(a)(5) bears the burden of establishing substantial justification or that other circumstances make an award of expenses unjust." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194FLAMAAX, 2021 WL 4974050, at \*16 (C.D. Cal. July 8, 2021) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994)). *See also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) ("The party against whom an award of expenses is sought has the burden of showing the special circumstances that make his or her failure to comply substantially justified").

Additionally, where—as here—the motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(B).

Ultimately, the imposition of Rule 37 sanctions is "left to the sound discretion" of the Court. *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959), *cert denied*, 361 U.S. 816).

### B. Summary of the Court's Rulings on Defendant's Motion to Compel

In Defendant's Motion to Compel (ECF No. 173), Defendant requested three forms of relief: (1) that the Court conduct *in camera* review of five deposition transcripts from the DePuy litigation (Tarr, Tomko, Hanes, Narayan, Shen) and certain redacted discovery responses from the DePuy litigation;

(2) that the Court compel production of all non-privileged documents subject to its review that are responsive to Defendant's RFP No. 36 "related to patent infringement, damages, or validity," and require Plaintiff to properly log each privileged document; and (3) that the Court impose Rule 37 fee-shifting sanctions for costs Defendant incurred in "exposing and seeking the Court's assistance with [Plaintiff's] conduct." ECF No. 173 at 11-17.

The Court granted the Motion to Compel in part in its July 1 Order, by requiring Plaintiff to produce the Tarr and Tomko depositions to Defendant outright and granting *in camera* review of the majority of the remaining DePuy litigation materials requested by Defendant. In the August 23 Order, the Court made privilege rulings following its *in camera* review of the unredacted versions of: (1) the deposition transcript of Dr. Mark Hanes; (2) the deposition transcript of Venkat Narayan; (3) the deposition transcript of Dr. Fu-Wen Shen; and (4) certain of Plaintiff's discovery responses from the DePuy litigation (ECF Nos. 172-10, 172-11, 172-12), with certain exceptions.[4] A summary of the Court's privilege rulings from the August 23 Order is as follows, with findings of improper privilege designations or log descriptions provided in bold:

*i. Hanes Deposition*

(1) Hanes Dep. 23:14-27:17: **Not privileged**

(2) Hanes Dep. 43:10-19: **Not privileged**

\*6   (3) Hanes Dep. 44:17-45:7: Privileged and properly logged

(4) Hanes Dep. 45:19-46:14: **Not privileged**

(5) Hanes Dep. 46:15-24: Privileged and properly logged

(6) Hanes Dep. 47:16-48:9: Privileged and properly logged

(7) Hanes Dep. 50:16-63:7: **Not privileged**

(8) Hanes Dep. 181:19-198:5: **Privileged but improperly logged**

(9) Hanes Dep. 203:13-208:9: **Privileged but improperly logged**

(10) Hanes Dep. 211:10-218:4: **Privileged but improperly logged**

For the same reasons the Court denied Plaintiff's requests to seal billing rate information in its First Motion to Seal, the Court **DENIES** Plaintiff's Second Motion to Seal.

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17898
Page 299 of 497

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

(11) Hanes Dep. 237:11-249:5: **Privileged but improperly logged**

(12) Hanes Dep. 249:6-251:3: **Not privileged and improperly logged**

(13) Hanes Dep. 252:23-253:18: **Not privileged**

*ii. Narayan Deposition*

(1) Narayan Dep. 210:7-216:14: **Not privileged**

(2) Narayan Dep. 267:23-292:20: **Privileged but improperly logged**

*iii. Shen Deposition*

(1) Shen Dep. 60:19-63:5: **Not privileged**

(2) Shen Dep. 154:7-156:24: **Not privileged**

*iv. Discovery Responses from DePuy Litigation*

(1) Supplemental Response to DePuy Interrogatory No. 6: Properly redacted and logged

(2) Additional Supplemental Response to DePuy Interrogatory No. 6: **Not privileged** [5]

(3) Supplemental Response to DePuy Interrogatory No. 8: Defendant's request for *in camera* review denied in July 1 Order

(4) Supplemental Response to DePuy Interrogatory No. 10: Defendant's request for *in camera* review denied in July 1 Order

(5) Supplemental Response to DePuy Interrogatory No. 14: **Not privileged**

(6) Response to DePuy Interrogatory No. 24: **Not privileged**

4    Plaintiff was not required to produce its responses to DePuy's Interrogatories Nos. 8 or 10 to the Court for *in camera* review, because the Court found Defendant failed to meet its burden under the test set forth in *United States v. Zolin*, 491 U.S. 554, 572 (1989) to "show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *See In re Grand*

*Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992) (applying the *Zolin* test to determine the propriety of *in camera* review of materials subject to a claimed attorney-client privilege).

5    The Court allowed Plaintiff an opportunity to be heard regarding whether a certain portion of this response summarizing the contents of "[i]nternal DePuy communications" is privileged. Plaintiff declined to do so and voluntarily produced that portion along with the remainder of the response the Court found not privileged. Therefore, the Court treats the entire response as not privileged.

In sum, of 23 redactions, the Court ruled fully in Plaintiff's favor with respect to only six, by denying *in camera* review of two of the redactions and finding four others were properly redacted and logged. The Court also found that five other redacted portions were privileged but were improperly logged. The Court found the remaining 12 redacted portions that it reviewed were not privileged and were improperly redacted on that basis.

Based on these rulings, Defendant asks the Court to order Plaintiff to compensate Defendant's counsel for three discrete categories of the attorney fees Defendant argues it incurred as a result of Plaintiff's discovery abuses: (1) fees associated with Defendant's first motion to compel, filed on October 1, 2020 as a Joint Motion for Resolution of Discovery Dispute (ECF No. 106) and precipitating the Court's December 22 Order; (2) fees associated with Defendant's second Motion to Compel and for Sanctions (ECF No. 173), filed on March 25, 2021, which precipitated the Court's July 1 and August 23 Orders; and (3) fees associated with Defendant's supplemental briefing and attorney fees application, including the supplemental reply brief ("fees on fees").

### C. Whether Plaintiff's Position was Substantially Justified

**\*7**  In its supplemental response brief, Plaintiff argues that the Court should award no fees to Defendant because Plaintiff's position was substantially justified under Rule 37(a)(5). Specifically, Plaintiff argues that the "substantially justified" standard of Rule 37 is satisfied "if there is a 'genuine dispute' ... or 'if reasonable people could differ as to the appropriateness of the contested action.' " ECF No. 268 at 5 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1998)). While true, the Court finds that Plaintiff has failed to show why this principle is apposite here. Plaintiff was given

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17899
Page 300 of 497

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)
2021 WL 5449041

the opportunity both in its supplemental brief and during the subsequent hearing to explain why any given redaction was substantially justified, even where the Court found the redacted material was not privileged and ordered it to be produced to Defendant. Yet Plaintiff fails to point to any specific unfavorable ruling in the Court's August 23 Order that is "subject to reasonable debate[.]" *See id.* at 6.

Instead, Plaintiff makes broad, general arguments about the complexity of the privilege analysis required under the specific circumstances of reviewing documents from the DePuy Litigation. Namely, Plaintiff explains that, because DePuy and Plaintiff had once been joint clients when pursuing the patents at issue, the joint client doctrine applies to many of the discovery materials from the DePuy Litigation—i.e., certain documents relating to the patent prosecution are not privileged as between DePuy and Orthopaedic Hospital, and thus could be produced freely in that litigation, but remain privileged as to the outside world. Because Plaintiff wished to exercise due care to protect documents potentially subject to the joint privilege, it erred on the side of caution when making redactions. Additionally, Plaintiff cites to case law for the various propositions that (1) communications between non-lawyer employees about matters on which the parties intend to seek legal advice are covered by the attorney-client privilege; (2) a communication of technical information that is primarily concerned with giving legal guidance remains privileged; (3) two parties jointly prosecuting a patent application are commonly considered joint clients; and (4) confidential communications between inventors or employees who work for the same employer can retain their privilege so long as they are made in furtherance of securing legal advice. Based on these principles, Plaintiff explains that it "had to make determinations regarding whether DePuy employees and OH employees (including non-lawyers), even when discussing technical information, were doing so in the context of their efforts to seek legal advice. That is no easy task nor one amenable to bright line drawing." ECF No. 268 at 8.

Plaintiff's argument stops short of establishing its position was substantially justified, however, because Plaintiff gives no example of any of the 17 redactions listed above that the Court found not privileged or improperly logged to illustrate how its complex privilege analysis resulted in a mis-designation or inaccurate log description. The only example Plaintiff offers is the so called "Tomko letter" discussed in the Court's July 1 Order (OH_DJO_00075245), a letter from a DePuy representative, Brian Tomko, to Plaintiff's CEO, Dr. Anthony Scaduto, regarding the licensing agreement between DePuy

and Plaintiff. *See* ECF No. 172-2. Plaintiff explains that it previously redacted the Tomko letter because it "reasonably believed DePuy's understanding [regarding the value of the patents] was likely based on communications with DePuy's and OH's joint prosecution counsel." ECF No. 268 at 9. However, the Tomko letter was not one of the documents the Court compelled Plaintiff to produce following *in camera* review. Rather, Plaintiff voluntarily provided an unredacted version of the Tomko letter to Defendant in February 2021 along with its Second Supplemental Privilege Log, following meet-and-confer efforts regarding Plaintiff's First Supplemental Privilege Log. Therefore, whether Plaintiff's previous redaction of the Tomko letter was substantially justified has no bearing on the question at hand—namely, whether Plaintiff's 17 redactions and corresponding privilege log entries that the Court found improper when evaluating the documents Defendant sought to compel were substantially justified.

**\*8** Plaintiff has thus failed to meet its burden of showing that its conduct was substantially justified.

### D. Whether Other Circumstances Make an Award of Fees Unjust

Plaintiff also argues that a fee award would be unjust here for four reasons. First, Plaintiff argues that where the results of a discovery dispute are a "mixed bag," Rule 37 fees are often inappropriate. ECF No. 268 at 9. To bolster this point, Plaintiff notes that the Court refused to award Plaintiff attorney fees in the December 22 Order because the Court had granted Defendant at least some of the relief it sought. *Id.* at 10 (citing ECF No. 144 at 16).

The Court rejects Plaintiff's first argument. A key purpose of Rule 37 sanctions in a situation where one party's discovery conduct necessitates a motion to compel is to "discourage unnecessary involvement of the court in discovery." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). For that reason, the rule incorporates a ***presumption*** that fee-shifting sanctions will be awarded to the moving party where the Court orders disclosure of materials that are the subject of a motion to compel. Fed. R. Civ. P. 37(a)(5)(A); *see also Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786–87 (7th Cir. 1994) ("Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries [ ] without regard to the merits of the claims.") (citation omitted).

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17900
Page 301 of 497

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)
2021 WL 5449041

As the Court discussed in its August 23 Order, Plaintiff's unwillingness to review and revise its privilege designations and log during the meet-and-confer process with Defendant in February 2021—when Defendant pointed out apparent and suspected deficiencies with Plaintiff's supplemental production and Second Supplemental Privilege Log—led to a significant amount of unnecessary court involvement, often on issues that were not at all close calls. *See* ECF No. 256 at 17 ("It is concerning to the Court that Plaintiff failed to recognize at any point during this lengthy process of meeting and conferring, reviewing, and supplementing its privilege log that many of its redactions of the DePuy litigation documents based on claims of privilege were improper").

For example, Plaintiff chose to stand by privilege designations with respect to such materials as deposition testimony regarding deposition exhibits ***that were already produced to Defendant***. *See id.* at 7-8 (discussing redacted deposition testimony concerning an email that was already produced to Defendant); 10 (same). Similarly, many of Plaintiff's privilege log descriptions were completely inaccurate with respect to the authors, recipients, and subject matter of the redacted material. *See id.* at 6, 7, 8, 9 (discussing various deposition exhibits discussed in redacted deposition testimony with corresponding log entries that inaccurately described the conversation participants, authors, and/or the nature or subject matter of the communication). Plaintiff also redacted certain materials on the basis that they "summariz[ed] communication" between attorneys and clients even where the content of any such discussion was not revealed, or where there was no indication whatsoever that an attorney-client communication formed the basis of the redacted statements at issue. *See, e.g.*, *id.* at 12 (discussing a response that referenced an attorney only in a citation to the statement that "[o]ver the course of the 110 Patent Family prosecution, Dr. McKellop had regular contact with DePuy personnel and researchers to exchange confidential information regarding patent prosecution and patent development" but that made no mention of the content of such conversations); *id.* at 13 (discussing a response that merely stated that the inventors "worked closely with prosecution counsel" to file a provisional and final application for a certain patent, which Plaintiff redacted as a response that summarized communication between the inventors and prosecution counsel).

**\*9** Although not every improper redaction or log entry is necessarily as egregious as these examples, only Plaintiff was in a position to know which redactions were proper

and which were not, and, for the reasons discussed in the Court's July 1 Order granting *in camera* review, Defendant had ample reason to believe that at least some of the redacted materials were not in fact privileged. Thus, these circumstances are quite different from the circumstances before the Court in its December 22 Order. Here, Plaintiff's refusal to reconsider its privilege designations ultimately spawned multiple rounds of unnecessary briefing on issues that could have been easily avoided if Plaintiff's counsel had taken a more cooperative and collaborative tack. *See, e.g.*, *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) ("Instead of forcing judicial oversight of every dispute, attorneys are expected to approach discovery with an eye toward cooperation, practicality, and sensibility. The governing rules reflect this in several ways, including providing a presumption that reasonable expenses —including attorneys' fees—will be awarded to the party that prevails on a discovery motion. By design, these 'rules should deter the abuse implicit in carrying or forcing a discovery dispute to the court when no genuine dispute exists.' ") (quoting Fed. R. Civ. P. 37(a)(4) [6] advisory committee's note to 1970 amendment) (other internal citations omitted). It is under such circumstances that Rule 37 sanctions are typically granted. *See Rickels*, 33 F.3d at 786–87; *Marquis*, 577 F.2d at 642.

[6]     Subdivision (a)(4) of Rule 37 previously provided for an award of expenses, including attorney fees, to the prevailing party on a motion to compel. That provision is now contained in subdivision (a)(5).

Second, Plaintiff characterizes Defendant's privilege-related complaints as "an ever-shifting target" and contends it was "[a]mbushed by [Defendant's] no-win scenario with its revised position regarding the scope of necessary production from the *DePuy* case and its changed stance on the privilege log in violation of the parties' prior agreement[.]" ECF No. 269 at 10. This position relies on arguments that the Court has already rejected. The Court found in the December 22 Order that there was no evidence that Defendant had changed its stance on the privilege log in violation of the parties' prior agreement. *See* ECF No. 144 at 10-12. The Court also found in its July 1 Order that "Plaintiff's assertion that Defendant is newly seeking materials beyond the agreed-upon scope of documents responsive to RFP No. 36 is easily refuted by the motion itself" and accordingly rejected Plaintiff's argument in that regard. ECF No. 238 at 12.

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17901
Page 302 of 497

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)
2021 WL 5449041

The parties' entire dispute stems from a single Request for Production for documents from the DePuy litigation related to validity, damages, and infringement. The Court disagrees that this represents an "ever-shifting target." And even if the Court accepted that Defendant had repeatedly changed its request or "demanded more and more," as Plaintiff argues, that would still offer no explanation for Plaintiff's improper privilege designations and completely inaccurate privilege log descriptions. If a party believes that another party is not engaging in discovery in good faith, retaliating in kind is not an appropriate solution. Plaintiff forced the Court to intervene in basic issues like whether a privilege log description accurately describes the authors, recipients, or subject matter of a withheld communication, or whether a deponent's description of a deposition exhibit is privileged notwithstanding the fact that the exhibit itself has not been withheld as privileged. That cannot be justified by any conduct of Defendant. There is no valid reason why those issues could not have been resolved by Plaintiff through further review of the privilege log and redacted materials.

Third, Plaintiff argues that Defendant has not shown it was prejudiced by Plaintiff's discovery conduct. However, as discussed during the hearing, Defendant seeks only attorney fees to compensate it for the unnecessary briefing caused by Plaintiff's unreasonable withholding of certain materials. The cost incurred in briefing what would otherwise be an unnecessary issue to bring to the Court is itself sufficiently prejudicial to warrant fee-shifting sanctions, as is clear from the very structure of Rule 37. That is, Rule 37(a)(5) provides that a party whose improper nondisclosure necessitates a motion to compel should "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, other, more serious sanctions are available under other provisions of Rule 37 dealing with conduct that results in additional prejudice beyond the incursion of unnecessary fees and expenses—i.e., Rule 37(b)(2) sanctions, which include evidentiary, exclusionary, and even default sanctions to mitigate prejudice that cannot be addressed by fee-shifting sanctions alone. *See* Fed. Rs. Civ. P. 37(b)(2) (providing for more serious sanctions where a party disobeys a court order to provide or permit discovery or fails to produce a person for an IME under Rule 35), (c)(1) (providing for more serious sanctions where a party fails to disclose or supplement its disclosures as required by Rule 26(a) or (e)), (d)(3) (providing for more serious sanctions where a party fails to appear for deposition or to answer interrogatories or a request for inspection).

**\*10** Therefore, Defendant need not establish prejudice beyond the fees and expenses associated with its motion to compel and subsequent briefing on sanctions, all of which would not have been necessary if not for Plaintiff's misconduct. Indeed, in ordering supplemental briefing on sanctions, the Court required Defendant to "address whether, after reviewing the compelled materials ... Defendant believes additional Rule 37 sanctions are warranted ***beyond the fee-shifting sanctions requested in the March 25, 2021 Motion to Compel.***" ECF No. 256 at 19 (emphasis added). To that end, the Court required Defendant to "explain whether it has been prejudiced by the late production of any information compelled by this Order or by the July 1 Order." *Id.* In other words, a showing of prejudice caused by the late production of the compelled materials might support a request for additional sanctions beyond payment of the fees and expenses necessitated by Plaintiff's discovery misconduct. Because Defendant does not seek additional sanctions, however, it need not show additional prejudice.

Finally, Plaintiff argues an award of fees would be unjust here because Defendant has wasted court resources through its litigiousness, while Plaintiff has sought to compromise when disputes have arisen. Plaintiff contends that the defense counsel who "got more involved" in this case in mid-August 2020 is the source of the discovery conflicts between the parties, because discovery had previously proceeded "unremarkably" with only one discovery dispute when another attorney had been "running the case day to day[.]" ECF No. 268 at 12. Additionally, Plaintiff notes that it did not seek sanctions against Defendant for what it considered unreasonable litigation behavior with respect to an earlier dispute between the parties (the so-called "entities dispute"), instead "stipulat[ing] away discovery sanctions in exchange for an agreement to move forward." *Id.* Plaintiff insists that it has avoided unnecessary disputes by examining its own prior decision-making and voluntarily producing information when Defendant has raised deficiencies with its production. Finally, Plaintiff contends that it has avoided overzealous litigation and the unnecessary incursion of fees by choosing not to object to the Court's privilege determinations, despite its disagreement with the Court's rulings. *Id.* at 13.

The Court finds these arguments unavailing. Defendant's prior conduct is not squarely before the Court and, in any event, is not relevant to the Court's determination of whether Plaintiff's at-issue conduct is sanctionable. While the Court appreciates that Plaintiff made efforts to review its supplemental production and log and voluntarily produce

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

a Second Supplemental Privilege Log in February 2021 when Defendant raised deficiencies with the same, Plaintiff's efforts ultimately fell far short of curing its privilege mis-designations and inaccurate log descriptions, as the Court explained in detail in the August 23 Order. And, for the same reasons the Court found Plaintiff's conduct was not substantially justified, the Court finds the improper claims of privilege and inadequate log entries that Plaintiff failed to remedy—thus forcing court intervention—are in many cases so egregious that the Court is unpersuaded by Plaintiff's claim that its course of conduct is that of a "conscientious, cost-sensitive litigant." *Id.* As for Plaintiff's argument that the Court should credit Plaintiff for judiciously choosing not to object to the Court's discovery orders under Rule 72, the Court once more notes that Plaintiff was invited to explain why its conduct was substantially justified in the very supplemental brief where it indicates it would have had valid objections to the Court's rulings. Yet Plaintiff failed to defend its designations or privilege log entries underlying any of the Court's unfavorable privilege rulings from the August 23 Order.

Therefore, Plaintiff has failed to meet its burden of showing that other circumstances would make an award of fees unjust pursuant to Rule 37(a)(5).

**\*11** For these reasons, the Court will award fee-shifting sanctions to Defendant pursuant to Rule 37(a)(5). However, because Defendant's Motion to Compel was granted in part and denied in part, the Court must consider whether to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(B).

### E. Whether the Court Should Apportion Fees

Defendant argues that the Court should not apportion the fee award, and should instead grant the entirety of the fees incurred in all three categories. In support, Defendant points to the "blatant willfulness" of Plaintiff's conduct, and argues that although the Court denied both motions to compel in part, the result is that Plaintiff was ordered to produce "nearly all of the information Defendant sought[.]" Thus, Defendant contends "the equities here support granting Defendant's full fee request without apportionment." ECF No. 258 at 14-15.

The Court agrees with Defendant in part. However, as discussed at oral argument, the Court will not reimburse Defendant for the fees it incurred in connection with the parties' October 1, 2020 Joint Motion for Resolution of Discovery Dispute (ECF No. 106) (the "Joint Motion"),

which led to the Court's December 22 Order. The Court finds that these fees are too far afield from the sanctionable conduct at issue. Although the Court recognizes that at least some of the disputes raised by Defendant in the October 2020 Joint Motion developed over time into the disputes raised in Defendant's later Motion to Compel, the Court denied the majority of the relief Defendant sought in the first motion. More significantly, the Court's decision to award sanctions at this juncture is driven primarily by its finding that Plaintiff acted unreasonably *after* the Court issued its December 22 Order, by refusing to continue reviewing and revising its privilege claims and privilege log when Defendant raised obvious persistent deficiencies. Therefore, the Court **DENIES** Defendant's request for fees incurred on the Joint Motion.

For its part, Plaintiff asserts that because the Court found numerous of Plaintiff's privilege claims justified, any fee-shifting sanction should be apportioned accordingly. ECF No. 269 at 14-15. This argument misses the mark. Prior to the Court's *in camera* review, only Plaintiff had access to the redacted materials. For Defendant, the withheld and redacted documents were a black box. Thus, only Plaintiff could meaningfully assess whether its claims of privilege were valid. Yet despite numerous meet-and-confer efforts and even in the face of a Court order requiring Plaintiff to revisit its privilege designations and privilege log, Plaintiff failed to reasonably reassess its designations. Indeed, Plaintiff has presented argument to the Court indicating that Plaintiff may not have reassessed its claims of privilege at all. As the Court noted in its August 23 Order:

> [I]t seems that Plaintiff believed its only obligation pursuant to the December 22 Order was to log the redactions and include descriptions allowing Defendant to verify its claims of privilege—never mind if the descriptions were accurate or if the redacted portions of the documents were actually privileged. If so, that belief would be based on an unreasonable reading of the December 22 Order.

**\*12** ECF No. 256 at 18.

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

Apportioning fees based on how many redactions were found proper in the end would only condone this unreasonable, uncooperative discovery conduct. In its Motion to Compel, Defendant sought *in camera* review of a very limited universe of DePuy litigation documents. Plaintiff had ample opportunity both before and after Defendant filed the Motion to Compel to reevaluate whether its claims of privilege over those documents (or redacted portions thereof) were legitimate. Instead, Plaintiff left it to Defendant to initiate motion practice on the issue, and left it to the Court to parse through which redactions were proper and which were not. All of that time was wasted. Therefore, in its discretion, the Court finds that apportioning the fees according to the percentage of privilege claims that were ultimately found to be valid and properly logged would run counter to the purpose of Rule 37 sanctions, which is to incentivize attorneys to act cooperatively and to deter parties from forcing unnecessary motion practice. *Big City Dynasty*, 336 F.R.D. at 513. [7]

[7] Additionally, the Court notes that Plaintiff's argument regarding fee apportionment for Defendant's second Motion to Compel focuses only on which of Plaintiff's claims of privilege were found to be proper. *See* ECF No. 269 at 14-15. This argument is not well-taken insofar as it ignores the significant amount of redacted material that the Court found to be improperly logged. The Court finds it important to drive home that providing an accurate privilege log is essential to allow the opposing party the ability to evaluate the basis of the claimed privilege. An inaccurate log description is no more justified than an improper privilege designation.

Therefore, the Court will require Plaintiff to pay Defendant all reasonable expenses that Defendant incurred in preparing the second Motion to Compel, as well as the supplemental briefing Defendant was ordered to prepare regarding Rule 37 sanctions.

### F. Reasonableness of the Fees Sought

The task of apportionment involves not only an evaluation of which work performed by the movant's attorneys is fairly compensable as a result of the conduct that "necessitated the motion," but also an analysis of whether counsel's reported hourly rates and hours expended on the motion are "reasonable." Reasonable attorney fees are calculated based on the lodestar method, which requires the Court to "multiply[ ] the number of hours the prevailing party

reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). *See also Allergan USA, Inc. v. Prescriber's Choice, Inc.*, No. SACV1701550DOCJDEX, 2018 WL 4745303, at *1 (C.D. Cal. July 16, 2018) (explaining that the lodestar method is generally used to calculate attorney fees for the purpose of Rule 37(a)(5) fee-shifting sanctions); *Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-0824 JWS, 2014 WL 2569157, at *1 (D. Ariz. June 9, 2014) (same).

Defendant bears the burden of demonstrating that its counsel's hourly rates are reasonable and in line with prevailing rates in the relevant legal community of the Southern District of California. *See Herring Networks, Inc. v. Maddow*, No. 19-cv-1713, 2021 WL 409724, at *4 (S.D. Cal. 2021). To do so, Defendant must produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Roberts v. City & Cty. of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate").

**\*13** In calculating the number of reasonable hours to include in the lodestar, the Court may award fees under Rule 37(a)(5) only for time expended "in actually preparing the moving papers[.]" *Shaw v. Ultimate Franchises*, No. 81802273JLSADSX, 2020 WL 5539963, at *3 (C.D. Cal. Aug. 25, 2020). On the other hand, "hours actually expended in the litigation are not to be disallowed without a supporting rationale." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Only in rare or exceptional cases will an attorney's reasonable expenditure of time on a case not be commensurate with the fees to which he is entitled." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

Additionally, although Defendant bears the initial burden of documenting its reasonable hours and submitting evidence in support, Plaintiff bears "a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations omitted). The Court "has a great deal of discretion in determining the reasonableness of the fee[,]" including "the

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

reasonableness of the hours claimed by the prevailing party." *Id.* at 1398.

In its fee application, Defendant reports that its counsel expended 133.1 total hours on the March 2021 Motion to Compel and 77.6 total hours on the supplemental "fees on fees" briefing, amounting to attorney fees of $99,320.43 on the Motion to Compel and $50,199.18 on the supplemental briefing, for a total of **$149,519.61**.

Specifically, defense counsel's billing rates and hours are broken down as follows:

- Lazar Raynal, partner and lead trial counsel: hourly billing rate of **$1,225** from October 2019 - August 2020 and **$1,260** from September 2020 to the present

    o 16.4 hours on Defendant's Second Motion to Compel

    o 2 hours on supplemental sanctions briefing

- Brianne Straka, partner: hourly billing rate of **$925** in August 2020, **$1,005** from September 2020 – August 2021, and **$1,140** from September 2021 to the present

    o 27.2 hours on Defendant's Second Motion to Compel

    o 8.9 hours on supplemental sanctions briefing

- John Poulos, fifth-year associate: hourly billing rate of **$770** from October 2019 – August 2020 and **$875** from September 2020 to August 2021

    o 32.8 hours on Defendant's Second Motion to Compel

    o 1 hour on supplemental sanctions briefing

- William Odom, fifth-year associate: hourly billing rate of **$875** from September 2020 – August 2021 and **$1,065** from September 2021 to present.

    o 56.7 hours on Defendant's Second Motion to Compel

    o 65.7 hours on supplemental sanctions briefing

Additionally, Defendant explains that Quinn Emanuel has provided a flat percentage discount on its attorney fees (15% during the relevant period related to the Second Motion to Compel and 35% during the relevant period related to the supplemental sanctions briefing), resulting in a total request of **$99,320.43** in attorney fees for 133.1 hours spent on Defendant's Second Motion to Compel, and **$50,199.18**

in attorney fees for 77.6 hours spent on the supplemental sanctions briefing.

To support the requested lodestar amount, Defendant submits a Declaration of defense counsel Brianne Straka, which explains in detail the amount of experience, skill, and reputation of each attorney involved in working on the Second Motion to Compel and supplemental sanctions briefing. Specifically, Ms. Straka and Lazar Raynal are both partners at Quinn Emanuel. ECF No. 258-1, Straka Decl. ¶¶ 3, 4. Mr. Raynal is an "internationally recognized, preeminent trial lawyer" admitted to practice before the Supreme Court, the United States Courts of Appeals for the Third, Seventh, and Tenth Circuits, and the United States District Courts for the Northern District of Illinois and Eastern District of Wisconsin. *Id.* ¶ 3. He has "served as lead trial counsel in dozens of high-stakes cases" and has been "widely recognized by leading publications" for his work throughout the United States. *Id.* Ms. Straka is admitted to practice before the Federal Circuit and the United States District Courts for the Northern District of Illinois and Eastern District of Texas, and is further admitted to practice before the United States Patent and Trademark Office ("USPTO"). Ms. Straka also has a Bachelor's of Science in Electrical Engineering, and background in designing and developing software, and has "represented both plaintiffs and defendants in high-stakes intellectual property disputes through all phases of litigation through trial." *Id.* ¶ 4. John Poulos and William Odom are both fifth-year associates. *Id.* ¶¶ 5, 6. Mr. Poulos has a master's degree in Electrical Engineering and is a registered patent attorney admitted to practice before the USPTO, and he has significant federal litigation experience. *Id.* ¶ 5. Mr. Odom, too, has litigated "all types of intellectual property disputes in state and federal court[s] across the United States[.]" *Id.* ¶ 6.

**\*14** Defendant explains that its counsel, Quinn Emanuel, "is one of the top law firms in the world." ECF No. 258 at 16 (quoting *Proofpoint, Inc. v. Vade Secure, Inc.*, 2020 WL 7398791, at \*3 (N.D. Cal. Dec. 17, 2020) (describing Quinn Emanuel as "a large international firm with a highly regarded reputation") and *Transweb, LLC v. 3M Innovative Properties Co.*, 2013 WL 11312429, at \*14 (D.N.J. Sep. 24, 2013) (describing Quinn Emanuel as "one of the premier litigation firms in the country, particularly in the field of patent litigation")). Defendant also points to another case before this Court where similar rates were approved for attorneys in the relevant legal community with similar experience at a premier law firm. *See Herring Networks*, 2021 WL. 409724, at \*5, \*7 (approving hourly rates of $1,150 and $1,050, respectively,

Case 3:23-cv-00768-BEN-VET   Document 323-2   Filed 02/02/26   PageID.17905
Page 306 of 497

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

for two partners at Gibson, Dunn & Crutcher LLP, each with over 30 years of legal experience, approving a rate of $720 for a senior associate with more than 10 years of legal experience, and approving a rate of $470 for two mid-level associates with three years of experience each, for work done in 2019 and 2020 on an anti-SLAPP motion). *See also Amphastar Pharms. Inc. v. Aventis Pharma SA*, No. 5:09-CV-00023-SHK, 2020 WL 8680070, at *25 (C.D. Cal. Nov. 13, 2020) (quoting an attorney fee expert's declaration opining in part that Quinn Emanuel is a "peer firm of" Gibson Dunn and of a "similar caliber").

Defendant also notes that this is a technically complex and high-stakes patent case, further justifying Defendant's choice to retain "top-flight counsel[.]" ECF No. 258 at 16. The Court agrees that the fact that this matter is a complex, high-stakes patent litigation justifies approval of higher billing rates. *See NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 3:18-CV-347-CAB-MDD, 2020 WL 6876300, at *3 (S.D. Cal. Mar. 20, 2020) (approving a Winston & Strawn partner's billing rate of $1,005 per hour and other attorneys' rates of $860 and $885 per hour, and collecting cases from this district to support that these rates were "consistent with the rates charged by attorneys at large national law firms like Winston & Strawn in complex high stakes patent litigation in this district.").

Finally, Defendant argues that its rates are made "all the more reasonable" by the "significant discount off its standard rates" that Quinn Emanuel has provided to Defendant. ECF No. 258 at 16-17. By the Court's calculations, the total discounted fee amount requested by Defendant for its Second Motion to Compel and supplemental sanctions briefing ($149,519.61) works out to an average hourly rate of **$709.63** for 210.7 hours of attorney work across both motions.

Significantly, Plaintiff did not challenge the hourly rates set forth in Defendant's fee application in its briefing, and Plaintiff's counsel confirmed during the October 12 hearing that Plaintiff does not object to the hourly rates reported. Plaintiff also did not argue in its supplemental briefing that the hours expended by defense counsel thus far were unreasonable. *See generally* ECF No. 272. However, during the hearing, Plaintiff's counsel argued that the hours that defense counsel incurred on the supplemental briefing are unreasonable, and that this argument was not waived with respect to the hours spent on Defendant's supplemental reply brief.

Considering all the evidence before it, the Court finds that Defendant has met its burden of establishing its reasonable expenses incurred as a result of unnecessary motion practice related to Plaintiff's improper privilege designations and inadequate privilege log. Defendant has adequately documented the hours its counsel expended on the Second Motion to Compel and the supplemental sanctions briefing, and has supported its attorneys' hourly billing rates with sufficient evidence in the form of Ms. Straka's Declaration documenting their experience, skill, and reputations, as well as citations to cases from this district awarding comparable rates to attorneys from comparable firms. The fact that this is a high-stakes, complex patent litigation further justifies the fee award. Thus, especially taking into account the discount afforded to Defendant by Quinn Emanuel, the Court approves the average hourly rate of $709.63 for 210.7 hours of attorney work, for a total of **$149,519.61**.

**\*15**  In reaching this conclusion, the Court emphasizes that Plaintiff has not refuted the reasonableness of Defendant's billing rates, only the reasonableness of Defendant's billed hours on its supplemental reply brief. Although Defendant bears the initial burden of documenting its reasonable hours, Plaintiff bears a burden of rebuttal requiring submission of evidence to the Court challenging the accuracy and reasonableness of the hours. *Gates*, 987 F.2d at 1398. Plaintiff did not object to the hours billed on Defendant's Second Motion to Compel or on the initial Supplemental Brief in Support of Sanctions. Plaintiff's sole objection was to the hours billed on Defendant's supplemental reply brief, which Plaintiff raised during oral argument and without submitting evidence to the Court in support. Accordingly, Plaintiff has failed to meet its burden of rebuttal in challenging the 77.6 hours expended by counsel on Defendant's supplemental reply brief.

### IV. CONCLUSION

Defendant's request for Rule 37 fee-shifting sanctions in connection with its Motion to Compel (ECF Nos. 173, 181) and supplemental briefing on sanctions (ECF Nos. 259, 272) is **GRANTED in part** and **DENIED in part**.

The Court awards Defendant fees in the amount of **$149,519.61** to reimburse it for the reasonable expenses and fees incurred in briefing the Motion to Compel and the supplemental sanctions briefing. This amount represents a total of 16.4 hours for Mr. Raynal at an average post-discount rate of approximately $1,040.27 per hour, a total of 36.1

Orthopaedic Hospital v. Encore Medical, L.P., Not Reported in Fed. Supp. (2021)

2021 WL 5449041

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17906
Page 307 of 497

hours for Ms. Straka at an average post-discount rate of approximately $772.54 per hour, a total of 33.8 hours for Mr. Poulos at an average post-discount rate of approximately $738.57 per hour, and a total of 122.4 hours for Mr. Odom at an average post-discount rate of approximately $636.99 per hour. Defendant's request for fee-shifting sanctions in connection with its briefing on the First Motion to Compel (ECF No. 106) is **DENIED**.

Defendant's First Motion to Seal (ECF No. 257) is **GRANTED in part** and **DENIED in part**. Defendant's request to file information related to its counsel's billing rates (including information regarding the discounted billing rates) is **DENIED**. Defendant is accordingly **ORDERED** to separately file Brianne Straka's Declaration in Support of Defendant's Motion for Sanctions (ECF No. 258-1) and Exhibits 1, 2, and 3 of the Straka Declaration (ECF No. 258-2) in a public docket entry. Additionally, Defendant is **ORDERED** to file its Supplemental Brief in Support of Motion for Sanctions (ECF No. 258) in a public docket entry, with only the redaction on page 8 on lines 9-11 related to the Tomko letter. All other redactions must be removed from the public filing.

Plaintiff's Motion to Seal (ECF No. 267) is **DENIED**. Plaintiff is **ORDERED** to separately file a completely unredacted version of its Supplemental Brief in Opposition to Sanctions (ECF No. 268) and Exhibit 3 to the accompanying

Declaration of Christopher Bruno (ECF No. 268-1) on the public docket.

Defendant's Second Motion to Seal (ECF No. 270) is **DENIED**. Defendant is **ORDERED** to separately file its Supplemental Reply Brief in Support of Sanctions Request Under Seal (ECF No. 271), the Supplemental Straka Declaration (ECF No. 271-1), and the timekeeping records regarding the fees expended on the Reply Brief (ECF No. 271-2) on a public docket entry. [8]

[8]      Defendant may maintain all existing redactions contained in its timekeeping records that are currently filed under seal (ECF Nos. 258-2 and 271-2). The Court recognizes that these redactions protect attorney-client privileged information. *See Real v. Cont'l Group, Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) (explaining that "attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided.").

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2021 WL 5449041

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT 12**

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17908
Page 309 of 497

Herring Networks, Inc. v. Maddow, Not Reported in Fed. Supp. (2021)
2021 WL 409724

2021 WL 409724
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

HERRING NETWORKS, INC., Plaintiff,
v.
Rachel MADDOW, et al., Defendants.

Case No.: 3:19-cv-1713-BAS-AHG
|
Signed 02/05/2021

**Attorneys and Law Firms**

Amnon Zvi Siegel, Miller Barondess, LLP, Los Angeles, CA, for Plaintiff.

Nathaniel Lesser Bach, Theodore Joseph Boutrous, Jr., Scott Alan Edelman, Theane E. Kapur, Gibson, Dunn & Crutcher LLP, Los Angeles, CA, for Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS**

**[ECF No. 35]**

Allison H. Goddard, United States Magistrate Judge

**\*1** Before the Court is Defendants' Motion for Attorney Fees and Costs. ECF No. 35. This matter was referred to the undersigned by District Judge Cynthia Bashant. ECF No. 30 at 16. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

**I. BACKGROUND**

Plaintiff Herring Networks, Inc. ("Plaintiff") filed a complaint for defamation against Defendants Rachel Maddow, Comcast Corporation, NBCUniversal Media, LLC, and MSNBC Cable LLC (collectively, "Defendants"). ECF No. 1. Plaintiff's claim stemmed from a statement Rachel Maddow made on The Rachel Maddow Show on MSNBC. *Id.* Soon after Plaintiff filed suit, Defendants filed a special motion to strike pursuant to California Code of Civil Procedure § 425.16, commonly known as the Anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") law. ECF No. 18. After considering the parties' arguments, the Court found that "the

contested statement is an opinion that cannot serve as the basis for a defamation claim" and granted Defendants' special motion to strike. ECF No. 30 at 16. Because the Court granted the anti-SLAPP motion, Defendants were permitted to file a motion for attorney fees and costs. *Id.* (citing CAL. CIV. PROC. CODE § 425.16(c)(1)). After Defendants filed their motion for attorney fees and costs (ECF No. 35), the Court set a briefing schedule. ECF No. 36. Plaintiff timely filed its opposition brief, and Defendants timely filed their reply brief. ECF Nos. 37, 38. Plaintiff also filed objections to evidence submitted in Defendants' motion and reply brief. ECF Nos. 37-4, 39. This Order follows.

**II. LEGAL STANDARD**

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney[ ] fees and costs." CAL. CIV. PROC. CODE § 425.16(c)(1). Under the anti-SLAPP statute, an award of attorney fees to a prevailing defendant is mandatory. *Ketchum v. Moses*, 24 Cal.4th 1122, 104 Cal.Rptr.2d 377, 17 P.3d 735, 741 (Cal. 2001); *Christian Research Inst. v. Alnor*, 165 Cal.App.4th 1315, 81 Cal. Rptr. 3d 866, 871 (Ct. App. 2008). The anti-SLAPP statute is "intended to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014) (quoting *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal.App.4th 15, 45 Cal. Rptr. 3d 633, 637 (Ct. App. 2006)).

To determine a reasonable attorney fee award for an anti-SLAPP motion, the California Supreme Court has found that "the lodestar adjustment approach should be applied." *Ketchum*, 104 Cal.Rptr.2d 377, 17 P.3d at 744. For the lodestar approach, the Court begins by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

**\*2** The party seeking attorney fees and costs carries the initial burden of production to establish the reasonableness of the requested fee. *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) and *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d

Herring Networks, Inc. v. Maddow, Not Reported in Fed. Supp. (2021)

2021 WL 409724

973, 980 (9th Cir. 2008)). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11, 104 S.Ct. 1541. Once the applicant meets its burden of production, the court then determines whether the fee is reasonable. *$28,000.00 in U.S. Currency*, 802 F.3d at 1105 (citing *Blum*, 465 U.S. at 895 n.11, 104 S.Ct. 1541 and *Camacho*, 523 F.3d at 980). A court has broad discretion in determining what is reasonable. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002); *see, e.g., Garrison v. Ringgold*, No. 19cv244-GPC-RBB, 2019 WL 5684401, at *3 (S.D. Cal. Nov. 1, 2019) (explaining that the "court has wide discretion in determining the reasonableness of attorney[ ] fees.") (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

## III. DISCUSSION

In the instant case, Defendants request an award of attorney fees in the amount of $347,244, based on 384.28 hours incurred in the process of strategizing, researching, and briefing the anti-SLAPP motion, and the fee motion. ECF No. 38 at 3–5; *see* ECF No. 35-1 at 13–14.[1] Additionally, Defendants request costs in the amount of $10,724.36. ECF No. 38 at 6–7. Plaintiff counters that the Court should substantially reduce the fees to $84,995.80. ECF No. 37 at 6, 18. Plaintiff does not contend that Defendants' requested costs should be reduced. *Compare* ECF No. 35-2 at 26 (Defendants initially requested $9,706.28 in costs) *with* ECF No. 37 at 17 (Plaintiffs listed $9,706.28 as a "reasonable [ ] rate" for initial costs).

[1] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing system.

### A. Evidentiary Objections

As a preliminary matter, the Court considers Plaintiff's evidentiary objections. First, Plaintiff objects to various statements made within the Edelman declaration in support of Defendants' attorney fees motion. ECF No. 37-4 (citing ECF No. 35-2). Second, Plaintiff objects to evidence included in Defendants' reply brief. ECF No. 39. The Court will address these objections in turn.

### *1. Objections to the Declaration of Scott A. Edelman in support of Defendants' Motion for Attorney Fees and Costs*

Plaintiff objects to fifteen statements in the Edelman declaration. ECF No. 37-4 at 2–9. A few examples of Mr. Edelman's statements at issue include his representations that "[s]ubstantial efforts went into the preparation of this dispositive motion;" "Defendants' counsel also researched the case law surrounding substantially true speech;" "Gibson Dunn was retained on a modified contingency fee basis NBCU agreed to pay Defendants' counsel a rate of $100,000 for the filing and argument on the Anti-SLAPP Motion;" and "[b]ased on my reading of the relevant case law, fee applications submitted in other district courts in California, and my overall familiarity with rates charged by my firm's competitors, it is my understanding that these rates are comparable to the rates charged by peer firms and attorneys with similar skill and experience." *Id.* (quoting ECF No. 35-2). Plaintiff's objections are based on a range of evidentiary principles, such as hearsay, relevance, vagueness, lack of foundation, speculation, lack of authentication, improper legal conclusions, and unfair prejudice outweighing probative value. ECF No. 37-4 at 2–9. Defendants contend that Plaintiff's objections lack merit and are "nothing more than a collateral" attack on Defendants' motion. ECF No. 38 at 5 n.3. Defendants argue that the facts and observations set forth in the Edelman declaration are based on his personal knowledge and experience, and relate directly to their motion. *Id.*

**\*3** Plaintiff's objections are largely boilerplate objections that cite to evidentiary rules without analysis. *See, e.g., Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 310 F. Supp. 3d 1089, 1107 (S.D. Cal. 2018). Plaintiff's objections based on lack of personal knowledge, lack of foundation, improper opinion, and hearsay are overruled. There is no information to contradict Mr. Edelman's testimony that the statements in his declaration are within his personal knowledge and based on his review of the business records in this case. *See Makaeff v. Trump Univ., LLC*, No. 10cv940-GPC, 2015 WL 1579000, at *2–*3, *4 n.5 (S.D. Cal. April 9, 2015) (overruling similar objections); *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1275 n.2 (N.D. Cal. 2014) ("personal knowledge can come from the review of the contents of business records and an affiant may testify to acts that she

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17910
Page 311 of 497

Herring Networks, Inc. v. Maddow, Not Reported in Fed. Supp. (2021)
2021 WL 409724

did not personally observe but which have been described in business records").

As for the remaining objections, "[t]he Court notes the objections. To the extent that the evidence is proper under the Federal Rules of Evidence, the Court considered the evidence. To the extent the evidence is not proper, the Court did not consider it." *Makaeff*, 2015 WL 1579000, at *4 n.5.

### 2. Objections to Defendants' Reply Brief

Plaintiff also objects to evidence included in Defendants' reply brief, specifically Defendants' submission of a 2014 motion for attorney fees filed by Plaintiff's counsel, Miller Barondess LLP, in *Margosian v. Bank of the West.* ECF No. 39 at 2 (citing ECF No. 38-3). Since reply briefs are limited to matters raised by the opposition or unforeseen at the time of the original motion, Plaintiff argues that it was improper for Defendants to submit the *Margosian* fee application for the first time with its reply. ECF No. 39 at 2.

The remainder of Plaintiff's objection contains unauthorized argument, distinguishing *Margosian* to undermine Defendants' fee application in the instant case by noting the differences in procedural posture, hourly rates, and staffing levels. ECF No. 39 at 2–3. Although the Court would normally consider striking information from a reply that raises new evidence or argument, it will not do so here. Plaintiff is not prejudiced by Defendants' reference to the *Margosian* fee application, since the Court will also consider the arguments presented by Plaintiff in its objections, which are in effect an unauthorized sur-reply.[2]

[2]     The practical effect of this is minimal, since the *Margosian* fee application is entitled to little weight. The *Margosian* fee application is from a state court within the Eastern District of California, outside the relevant community for attorney rates, and the court's ruling on the motion offers no analysis of the court's reasoning. *See Margosian v. Bushell*, No. 10-VCU-238202, 2014 WL 12650875, at *5 (Cal. Super. Ct. Oct. 24, 2014).

### B. Parties' Positions Regarding Attorney Fees

In their motion, Defendants seek fees for 384.28[3] hours of work, and contend that the number of hours are reasonable

because they are related to briefing the anti-SLAPP motion, responding to Plaintiff's motion to supplement the record, or briefing the instant attorney fees motion and reply brief. ECF No. 35-1 at 13–14; ECF No. 38 at 3. Defendants seek hourly rates ranging from $1,335 to $1,525 per hour for partners, $625 to $960 per hour for associates, $460 per hour for paralegals, and $270 for researchers. ECF No. 35-2 at 5–6. Defendants contend that these billing rates are reasonable by touting the experience of their staff and comparing their rates with fee awards in multiple cases in the Central District and Northern District of California. ECF No. 35-1 at 17–18. In support of their motion, Defendants provided a declaration from Mr. Edelman itemizing time spent on each task and amount spent on each cost (ECF No. 35-2); biographies of the partners, senior associate, and mid-level associates who worked on the case (ECF Nos. 35-3, 35-4, 35-5, 35-6, 35-7); the transcript of the oral argument on the anti-SLAPP motion (ECF No. 35-8); an April 2020 Northern District bankruptcy court attorney fee application from another law firm with similar billing rates (ECF No. 35-9); and excerpts from the 2020 and 2018 Thomson Reuters Public Rates Reports (ECF Nos. 35-10, 35-11).

[3]     355.5 hours relate to briefing the anti-SLAPP motion or responding to Plaintiff's motion to supplement the record, and 28.78 hours relate to briefing the instant attorney fees motion and reply brief. ECF No. 38 at 3.

**\*4** As for Defendants' hourly rate, Plaintiff argues that Defendants are not relying on the "relevant community," the district in which the lawsuit is pending, which is the Southern District of California. Plaintiff notes that the reasonable rates in the Southern District are much lower than the examples used by Defendants from the Central District or Northern District. ECF No. 37 at 5–6, 9–11. Thus, Plaintiff requests that the Court reduce the recoverable hourly rates to $535 for partners, $300 for senior associates, and $260 for junior associates. *Id.* at 11–12. As for Defendants' request for paralegal and researcher fees, Plaintiff argues that Defendants failed to meet their burden of establishing prevailing rates, and thus those should be eliminated. *Id.* at 12–13.

As for Defendants' hours worked, Plaintiff argues that they are excessive relative to the procedural posture of the case. ECF No. 37 at 13. Plaintiff also argues that many of the hours worked are duplicative, noting that junior associates' work was revised by a senior associate and then again by two partners. *Id.* at 14–15. Plaintiff submits that only one of the partners' hours should be considered, and that the remaining

Herring Networks, Inc. v. Maddow, Not Reported in Fed. Supp. (2021)

2021 WL 409724

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17911
Page 312 of 497

hours should be subject to a 10% reduction. *Id.* at 15. Plaintiff also argues that certain categories of work performed were not related to the anti-SLAPP motion or were ministerial, and requests that those thirteen hours be deducted. *Id.* at 15–16. Plaintiff's proposed final recoverable amount is $84,995.80. *Id.* at 18.

Defendants respond that although the Southern District is the focus for the reasonable rate inquiry, the Court should consider attorney rates and fee approvals from neighboring districts. ECF No. 38 at 7. Defendants also included numerous cases from the Southern District to support their fees. *Id.* at 7–9. Defendants contend that their paralegal and researcher rates are reasonable because a court has approved similar rates for the same paralegal and researcher in another case. *Id.* at 8–9. As for the hours worked, Defendants respond that the entire lawsuit is the subject of the anti-SLAPP motion and thus all attorney fees expended in the case are recoverable. *Id.* at 3. Defendants further respond that their team structure was reasonable, and that junior attorneys always spend substantial time researching and writing, and more senior attorneys then write, revise, and fine-tune arguments. *Id.* at 5. Defendants also reiterate their detailed time entries and argue that counsel did not overlap by researching the same issues or cases. *Id.* Additionally, upon completing the briefing on the attorney fees motion, Defendants included the time entries for preparation of the motion and reply brief, which brings the updated total requested to 384.28 hours and $347,244.00. *Id.*

### C. Reasonable Attorney Fees

"When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). To determine a reasonable attorney fee award under the lodestar approach, the Court first considers whether the hourly rates and number of hours expended are both reasonable.

### 1. Reasonable Hourly Rates

To determine the reasonable hourly rate, the Court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979 (internal quotation marks and citation omitted). The burden is on the party requesting attorney fees to produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see Roberts v. City & County of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate"). Evidence that the Court should consider includes "[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). A court can consider other factors, including its own knowledge of the relevant legal market, the complexity of the legal issues at stake, and the reputation and experience of counsel. *See FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15cv1879-BEN-BLM, 2020 WL 5645331, at *3–*4 (S.D. Cal. Sept. 21, 2020); *569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 212 Cal. Rptr. 3d 304, 314 (Ct. App. 2016).

**\*5** The parties disagree as to the relevant legal community for setting a reasonable rate in this case. Generally, the relevant community is the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (citing *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991)). Rates outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Gates*, 987 F.2d at 1405. Plaintiff argues that the Southern District of California is the relevant community. ECF No. 37 at 9–11. Defendants do not dispute that "the Southern District of California is the focus of the reasonable rate inquiry," but they also point out that courts within the Southern District have relied on cases from the Central and Northern Districts to establish a reasonable rate within this district. ECF No. 38 at 7.

The Court finds that the relevant community is the Southern District of California. *Camacho*, 523 F.3d at 979. Although the Southern District is the Court's primary focus, the Court will consider rates for similar work in neighboring and nearby districts, albeit they will be accorded minimal weight. *See, e.g.*, *Smith v. Aetna Life Ins. Co.*, No. 18cv1463-JLS-WVG, 2020 WL 6055147, at *6 (S.D. Cal. Oct. 14, 2020) (explaining that "Plaintiff also cites to numerous other cases in which courts have approved similar rates as reasonable, although these all appear to be cases in the Northern and Central

Case 3:23-cv-00768-BEN-VET Document 323-2 Filed 02/02/26 PageID.17912 Page 313 of 497

Herring Networks, Inc. v. Maddow, Not Reported in Fed. Supp. (2021)
2021 WL 409724

Districts of California. [ ] However, 'the relevant community is the Southern District of California because it is the forum in which the district court sits.' [ ] Accordingly, the Court accords minimal weight to these authorities from outside the Southern District of California"); *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg.*, No. 10cv419-GPC-WVG, 2014 WL 5438532, at *4 n.5 (S.D. Cal. Oct. 24, 2014) (noting that "Plaintiff also presents attorney fee awards in other districts in California; however, those cases are not considered the relevant community for purposes of a reasonable hourly rate and not helpful to the Court"); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 644 (S.D. Cal. 2011) (considering rates from the Central and Northern Districts, but relying on the Court's "familiarity with the rates charged by other firms in the San Diego area"); *Deanda v. Savings Investment, Inc.*, No. 05cv0139-DMS-RBB, 2006 WL 8443522, at *4 (S.D. Cal. June 8, 2006) (reducing attorney's rate based on his approved rate in the Central District).

### a. Attorneys

Defendants seek hourly rates for Theodore J. Boutrous, Jr., a partner at Gibson Dunn, who charged $1,450 for 2019 and $1,525 for 2020.[4] ECF No. 35-1 at 16. Mr. Boutrous has over 30 years of legal experience and has received numerous awards for his work as a First Amendment attorney. ECF No. 35-1 at 16. Defendants seek hourly rates for Scott A. Edelman, a partner at Gibson Dunn, of $1,335 for 2019 and $1,395 for 2020. ECF No. 35-1 at 16. Mr. Edelman has over 30 years of experience, and has received numerous awards for his work as a media and entertainment attorney. *Id.* Defendants seek hourly rates for Nathaniel L. Bach, a senior associate at Gibson Dunn, of $915 for 2019 and $960 for 2020. *Id.* Mr. Bach has over ten years of legal experience working as a media and entertainment litigator. *Id.* Defendants seek hourly rates for Marissa B. Moshell, a mid-level associate at Gibson Dunn, of $625 for 2019 and $740 for 2020. *Id.* at 17. Ms. Moshell has three years of legal experience, working on a variety of commercial disputes, including First Amendment, anti-SLAPP, and other media and entertainment actions. *Id.* Defendants seek an hourly rate for Daniel Rubin, a mid-level associate at Gibson Dunn, of $625 for 2019. *Id.* Mr. Rubin has three years of legal experience as a general commercial litigator, including experience with media and entertainment disputes. *Id.*

4    As a preliminary matter, just because an attorney charges clients a certain amount does not conclusively make that amount the prevailing market rate—i.e., an attorney's usual hourly rate is relevant, but not determinative, evidence of the prevailing market rate. *See Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006).

**\*6** To support these rates, Defendants rely principally on court-approved hourly rates in the Central and Northern Districts. *See* ECF No. 35-1 at 17–18. One of the cases cited from the Central District involved attorneys from Gibson Dunn. *See ScripsAmerica, Inc. v. Ironridge Global LLC*, No. CV14-03962-SJO-AGRx, 2016 WL 6871280, at *4–*5 (C.D. Cal. Jan. 12, 2016). Defendants also provided a recent fee application from the PG&E bankruptcy case in the Northern District, where the attorneys sought similar rates. ECF No. 35-1 at 18 (referring to ECF No. 35-9). Additionally, Defendants provided the Public Rates Report issued by Thomson Reuters in 2020 ("2020 Rates Report"), which includes rates from the Central and Northern Districts, and the Public Rates Report issued by Thomson Reuters in 2018 ("2018 Rates Report"), which includes rates from the Central, Eastern, Northern, and Southern Districts. ECF No. 35-1 at 18; ECF No. 35-2 at 7 (referring to ECF Nos. 35-10, 35-11). In their reply brief, Defendants cited five cases from the Southern District that approved a range of $622 to $943. ECF No. 38 at 7–8.

Plaintiff responds that these billing rates are excessive, and that Mr. Boutrous and Mr. Edelman should instead rate $525, Mr. Bach should instead rate $300, and Ms. Moshell and Mr. Rubin should instead rate $260. ECF No. 37 at 9–11. Plaintiff focused much of its argument on Defendants' lack of support from the Southern District as the relevant community, and presented four cases from the Southern District that purport to illustrate the district's lower rates. *Id.* at 11. Plaintiff also listed figures from Defendants' 2018 Rate Report, which showed lower rates in the Southern District than those requested by Defendants. *Id.* at 10.

For the most part, the Court does not find the cases that Defendants rely on from the Central and Northern Districts to be persuasive. They are outside the relevant community, and the subject matter and complexity of the cases are not analogous. Although it is from the Central District, the Court finds that *ScripsAmerica*, a 2016 case from the Central District that analyzed the rates of attorneys from the same law firm, Gibson Dunn, to be relevant. There, the court approved rates of $950 for a partner with 37 years

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17913
Page 314 of 497

Herring Networks, Inc. v. Maddow, Not Reported in Fed. Supp. (2021)

2021 WL 409724

of experience and numerous awards, $700 for a ten-year associate, and $450 for a three-year associate. 2016 WL 6871280, at *4–*5 (reducing from counsel's initial requests of $1,125 for a 37-year partner, $770 for a ten-year associate, and $625 for a three-year associate). The Court has also considered Defendants' proffered 2018 Rate Report insofar as it documents Southern District rates, although these figures refer to rates from 2011 to 2015 and are somewhat dated. *See Camacho*, 523 F.3d at 981 ("in determining the prevailing market rate a [ ] court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services."). The Court has also considered recent fee awards in the Southern District. *See Moreno*, 534 F.3d at 1115 ("judges can certainly consider the fees awarded by other judges in the same locality in similar cases"); *see, e.g.*, *San Diego Comic Convention v. Dan Farr Productions*, No. 14cv1865-AJB-JMA, 2019 WL 1599188, at *13–*14 (S.D. Cal. Apr. 15, 2019) (in a complex, well-known trademark infringement case, finding reasonable the hourly rates of $760 for partners with 28–29 years of experience, $685 for a partner with 14 years of experience, $585 for attorney with 16 years of experience, $545 for an associate with 5 years of experience, from a Top 100 law firm), *attorney fees aff'd by* 807 F. App'x 674 (9th Cir. Apr. 20, 2020); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2, *2 n.1 (S.D. Cal. July 30, 2018) (an unopposed fee motion after a successful social security appeal, finding *de facto* hourly rate of $943 reasonable, citing other decisions in the district approving rates from $656 to $886); *Medina v. Metropolitan Interpreters & Translators, Inc.*, 139 F. Supp. 3d 1170, 1179 (S.D. Cal. 2015) (in a consolidated employment case, finding $850 for a partner with 38 years of experience, $625 for a partner with 17 years of experience, and $295 for an associate with 3 years of experience was reasonable); *Makaeff*, 2015 WL 1579000, at *4–*5 (in a complex class action with a successful anti-SLAPP motion, finding reasonable the rates of $250 to $440 for associates and $600 to $825 for partners).

 **\*7** The Court has also considered the complexity of the legal issues at stake and the reputation and experience of counsel. *See FlowRider Surf*, 2020 WL 5645331, at *3–*4. Although the issue of defamation is not complex, the posture of this litigation demonstrates that the stakes were high. This case was brought by a competing media outlet and has achieved a high degree of publicity. Defendants had a great incentive to hire the most experienced and qualified counsel available to protect their reputation. Defendants' counsel have a strong reputation for expertise in First Amendment issues and in high-stakes litigation. *See* ECF No. 35-3 (noting

Mr. Boutrous's credentials, including numerous awards, his experience arguing "more than 100 appeals, including before the Supreme Court of the United States, 12 different federal circuit courts of appeals, nine different state supreme courts and a multitude of other appellate and trial courts in complex civil, constitutional and criminal matters[,]" and his success in representing the prevailing parties in three recent, high-stakes Supreme Court cases); ECF No. 35-4 (noting Mr. Edelman's credentials, including numerous awards and accolades, and his success in several high-stakes, complex, multi-week jury trials); ECF No. 35-5 (noting Mr. Bach's credentials, including being awarded "2020 Litigator of the Week," and listing his numerous successful high-stakes case outcomes). The Court also relies on its own knowledge of and familiarity with rates in the relevant community. *See PLCM Group v. Drexler*, 22 Cal.4th 1084, 95 Cal.Rptr.2d 198, 997 P.2d 511, 519 (Cal. 2000) ("The value of legal services performed in a case is a matter in which the trial court has its own expertise.").

Based on all of this information, the Court finds that reasonable rates for comparable work in San Diego are not as high as Defendants assert, but not as low as Plaintiff suggests. The Court finds that reasonable rates in San Diego for attorneys of comparable skill, experience, and reputation are as follows: $1,150 for Mr. Boutrous, $1,050 for Mr. Edelman, $720 for Mr. Bach, $470 for Ms. Moshell, and $470 for Mr. Rubin. [5]

5      Though Defendants separately list rates for work done in 2019 and in 2020 (see ECF No. 35-2 at 5–6), the Court has determined that the current rates listed above are reasonable, without a distinction regarding the year the work was completed. *See Gates*, 987 F.2d at 1406 (finding that "district courts have the discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use funds.").

### b. Paralegals

Defendants also seek fees for two paralegals. ECF No. 35-1 at 17. The paralegals are "Lolita Gadberry, a paralegal with 35 years of experience with a standard hourly rate of $460 in 2019 and $480 in 2020, and Duke Amponsah, a paralegal with over twenty years of experience with a standard hourly rate

of $480 in 2020." *Id.* Defendants rely on the same cases and information to support the reasonable rate for their paralegals. Plaintiff argues that Defendants have not met their burden as to the paralegal and researcher fees, because they presented no evidence of prevailing rates in the relevant community. ECF No. 37 at 12. Plaintiff also points to two cases from the Southern District, in which the courts denied paralegal fees because insufficient facts were presented. *Id.* (citing *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10cv0541-GPC-WVG, 2014 WL 6851612, at *6 (S.D. Cal. Dec. 3, 2014) and *Brighton Collectibles*, 2014 WL 5438532, at *5).

The 2018 Rates Report attached to the motion includes paralegal rates in the Southern District from 2011 to 2014. ECF No. 35-11. The range of these rates varies widely from $50 to $305. ECF No. 35-11 at 73, 118, 167–69, 185–87, 197–98, 200–01, 212, 214–16, 258, 261–62, 313–14, 324, 356. Courts in the Southern District have recently approved paralegal fees in the middle of this range. *See, e.g.*, *Aispuro v. Ford Motor Co.*, No. 18cv2045-DMS-KSC, 2020 WL 4582677 at *8, 2020 U.S. Dist. LEXIS 142806 at *11 (S.D. Cal. Aug. 10, 2020) ($200); *James Holcomb & Rotoco, Inc. v. BMW of N. Am., LLC*, No. 18cv475-JM-BGS, 2020 WL 759285, 2020 U.S. Dist. LEXIS 26094 (S.D. Cal. Feb. 14, 2020) ($100); *Puccio v. Love*, No. 16cv2890-W-BGS, 2020 WL 434481, at *1, 2020 WL 434481, at *4 (S.D. Cal. Jan. 28, 2020) ($195); *San Diego Comic Convention*, 2019 WL 1599188, at *15 ($290); *Lewis v. County of San Diego*, No. 13cv2818-H-JMA, 2017 WL 6326972, at *12–*13 (S.D. Cal. Dec. 11, 2017) ($100 and $200).

Based on its judgment and extensive experience in the Southern District, its thorough review of the parties' submissions regarding paralegal fees, and its independent review of recent paralegal fee awards in the district, the Court finds that, in light of her 35 years of experience, $280 is a reasonable paralegal fee for Ms. Gadberry and, in light of his 20 years of experience, $265 is a reasonable paralegal fee for Mr. Amponsah.

### c. Researchers

 **\*8** Defendants also seek fees for two researchers, Erin Kurinsky and Carla Jones, who charge a standard hourly rate of $270. ECF No. 35-1 at 17. With respect to the researchers, the Court finds that Defendants have failed to produce satisfactory evidence to support the requested rates. Defendants offer no information or documentation justifying

the rates for Ms. Kurinsky or Ms. Jones, such as a curriculum vitae, resume, or description of their educational background or work experience. *See* ECF No. 35-1 at 17. "In the absence of any evidence as to the background and experience of the [researchers], the Court is unable to determine the prevailing rate." *Makaeff*, 2015 WL 1579000, at *5. Because Defendants have failed to carry their burden to demonstrate that the researchers' hourly rates are reasonable, the Court denies their request for researcher fees. *See cf. Garrison*, 2019 WL 5684401, at *4; *Zest IP Holdings*, 2014 WL 6851612, at *6.

### d. Summary

In sum, the Court concludes that reasonable rates in this district for those of comparable skill, experience, and reputation are as follows: $1,150 for Mr. Boutrous, $1,050 for Mr. Edelman, $720 for Mr. Bach, $470 for Ms. Moshell, $470 for Mr. Rubin, $280 for Ms. Gadberry, and $265 for Mr. Amponsah. The Court denies Defendants' request for fees for researchers Erin Kurinsky and Carla Jones.

### 2. Reasonable Hours Expended

The party seeking fees bears the "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 113 Cal. Rptr. 2d 625, 649 (Ct. App. 2001) (internal quotation marks and citation omitted). Although "it is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method," *Concepcion v. Amscan Holdings, Inc.*, 223 Cal.App.4th 1309, 168 Cal. Rptr. 3d 40, 53 (Ct. App. 2014), the "evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims and whether the hours were reasonably expended." *Christian Research Inst.*, 81 Cal. Rptr. 3d at 870. To that end, the Court may require a prevailing party to produce records sufficient to provide "a proper basis for determining how much time was spent on particular claims." *ComputerXpress*, 113 Cal. Rptr. 2d at 649 (internal quotation marks and citation omitted). The Court should exclude hours " 'that are excessive, redundant, or otherwise unnecessary.' " *McCown*, 565 F.3d at 1102 (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933).

Here, Defendants seek an award for 384.28 hours. ECF No. 38-1 at 5. This includes time spent analyzing Plaintiff's

*Herring Networks, Inc. v. Maddow*, Not Reported in Fed. Supp. (2021)
2021 WL 409724

complaint and discussing initial strategy; researching and drafting the anti-SLAPP Motion and supporting documents; responding to Plaintiff's opposition brief and evidentiary submission; responding to Plaintiff's *ex parte* Application to Supplement the Record; preparing for and attending the motion hearing; and researching and drafting the attorney fees motion, reply, and supporting documents. ECF No. 35-1 at 13, ECF No. 35-2 at 8–22; ECF No. 38-1 at 3–4.

Plaintiff contends that the hours requested are excessive. ECF No. 37 at 13. First, Plaintiff contends that Mr. Edelman's and Mr. Boutrous's hours should be reduced, or Mr. Edelman's hours completely excluded, because hiring two renowned partners was redundant and unnecessary. *Id.* at 14. Second, Plaintiff contends that Defendants overstaffed this case and used it as a training opportunity. *Id.* at 14–15. Third, Plaintiff contends that the anti-SLAPP fee provision only applies to motion to strike, and not the entire action. *Id.* at 15. Fourth, Plaintiff asserts that Defendants should not recover for ministerial or administrative tasks. *Id.* at 16. The Court will address these challenges in turn.

### a. Whether Fees Beyond the Anti-SLAPP Motion should be Considered

**\*9** As a threshold issue, the Court will examine whether Defendants' request for attorney fees should be limited to those fees directly related to the anti-SLAPP motion. Plaintiff cites three cases in support of its argument: *S. B. Beach Props. v. Berti*, 39 Cal.4th 374, 46 Cal.Rptr.3d 380, 138 P.3d 713, 717 (Cal. 2006); *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 39 Cal.App.4th 1379, 46 Cal. Rptr. 2d 542, 544–45 (Ct. App. 1995), and *Christian Research Inst.*, 81 Cal. Rptr. 3d at 872–74. ECF No. 37 at 15. In *Lafeyette Morehouse*, the court reversed the fee award because the trial court awarded fees for work other than on the anti-SLAPP motion. However, *Lafayette Morehouse* was decided prior to the 1997 amendment of section 425.16, which mandated the statute be construed broadly. *See* CAL. CIV. CODE § 425.16; *see also Metabolife*, 213 F. Supp. 2d at 1222–24 (discussing *Lafayette Morehouse* after the 1997 amendment of § 425.16). In addition, the *Lafayette Morehouse* court reduced fees to those directly related to the anti-SLAPP motion because the motion concerned only one of seven causes of action. 46 Cal. Rptr. 2d at 545 (referring to 37 Cal.App.4th 855, 44 Cal. Rptr. 2d. 46 (Ct. App. 1995)). Plaintiff's references to *Christian Research Institute* and *S. B. Beach Properties* are likewise unpersuasive. In *Christian Research Institute*, the

court affirmed the trial court's reductions to the requested 600 hours, not based on counsel working on non-anti-SLAPP filings, but because the case was vastly overstaffed for a simple motion and the billing entries were vague. 81 Cal. Rptr. 3d at 874. In *S. B. Beach Properties*, the court affirmed the trial court's denial of defendants' fee motion, because they were seeking fees for an anti-SLAPP motion they never filed —the plaintiff voluntarily dismissed the case the day before they planned to file the anti-SLAPP motion. 46 Cal.Rptr.3d 380, 138 P.3d at 715, 717–18.

In this case, "granting the special motion to strike effectively dismissed all of plaintiff['s] claims against defendant[s]. Thus, the entire lawsuit here is subject to the anti-SLAPP motion and, therefore, all attorney[ ] fees and costs expended in this case 'occurred in the context of, and were inextricably intertwined with, the anti-SLAPP motion.' " *Zwebner v. Coughlin*, No. 05cv1263-JAH-AJB, 2006 WL 8455423, at *2 (S.D. Cal. Jan. 24, 2006) (quoting *Metabolife*, 213 F. Supp. 2d at 1223). Thus, as in *Metabolife* and *Zwebner*, "[a]ll of [Defendant]'s attorney fees and expenses were in incurred in connection with the anti-SLAPP motion." *Metabolife*, 213 F. Supp. 2d at 1223 (internal quotation marks omitted). Accordingly, the Court finds Plaintiff's initial argument unavailing, and will consider all of the requested hours, not just the hours spent preparing the anti-SLAPP motion.

### b. Overstaffing

Regarding the use of multiple attorneys, the Ninth Circuit has recognized that " 'the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort.' " *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)). Instead, "[a] reduction of fees is warranted only if the attorneys are *unreasonably* doing the *same* work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Noyes v. Grossmont Union High Sch. Dist.*, 331 F. Supp. 2d 1233, 1250 (S.D. Cal. 2004) (emphasis in original) (internal quotations omitted).

Thus, the Court is not persuaded that Defendants should have been limited to one partner. *See, e.g.*, *Hammett v. Sherman*, No. 19cv605-JLS-AHG, 2020 WL 1332591, at *26, 2020 U.S. Dist. LEXIS 49793, at *82 (S.D. Cal. Mar. 23, 2020)

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17916
Page 317 of 497

Herring Networks, Inc. v. Maddow, Not Reported in Fed. Supp. (2021)
2021 WL 409724

(approving anti-SLAPP fees for two partners with over 30 years of experience); *Zwebner*, 2006 WL 8455423, at *3 n.2 (noting approval of the use of five attorneys in anti-SLAPP case). Similarly, the Court is not persuaded that the pyramid law firm model of having associates complete work that is then reviewed by partners, without more, is a reason to reduce hours. *Cf. Moreno*, 534 F.3d at 1114–15, 1114 n.2 (discussing various law firm models and concluding that it was error for the district court to speculate "that other firms could have staffed the case differently").

 **\*10** However, the Court finds that some of the time spent was duplicative. "[C]ounsel should not bill for attending the same meetings, internal communications, and communicating with each other, as such time is unnecessary." *Salgado v. T-Mobile USA, Inc.*, No. 17cv339-JLT, 2020 WL 3127931, at *21–*22 (E.D. Cal. June 12, 2020). Courts have "reduced fee awards for time spent in 'interoffice conferences' or other internal communications." *Id.*; *Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1194–95 (S.D. Cal. 2003). Here, Plaintiff points out many examples of internal communications between co-counsel, totaling approximately 19.6 hours. ECF No. 37-1 at 4–5. Accordingly, while the Court recognizes the value of coordination between co-counsel, the Court believes a 5%[6] reduction to the requested fees is appropriate, to more accurately reflect the time billed. *See Moreno*, 534 F.3d at 1112 (explaining that the "court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation"); *see also Klein v. Gordon*, No. 8:17-cv-00123-AB-JPRx, 2019 WL 1751839, at *4 (C.D. Cal. Feb. 12, 2019) (exercising discretion to impose a ten percent "haircut" reduction for clerical work, conferences calls, conversations amongst co-counsel, and preparation of submissions).

6    In recognition of the value of coordination between co-counsel, and in the interest of transparent calculations, the Court exercises its discretion to reduce the 384.28 requested hours by 5% (i.e., 19.2 hours) instead of excluding the approximately 19.6 hours identified by Plaintiff.

### c. Ministerial or Administrative Tasks

"[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (noting that "[i]t is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available"); *Lewis*, 2017 WL 6326972, at *8 ("A fee award should not include time spent on clerical matters, whether billed at an attorney's or paralegal's hourly rate"). Thus, courts have discounted billing entries for "clerical tasks." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).

Plaintiff identified three entries that it labels ministerial. The first, from May 17, 2020, where Ms. Moshell corresponded with the court reporter about the hearing transcript, is already subsumed in the Court's earlier reduction for interoffice communication, since the same entry includes her speaking with Mr. Boutrous and Mr. Bach. *Compare* ECF No. 37-1 at 9 *with id.* at 7. As to the second, the Court does not agree that finalizing a stipulation is ministerial, and will not exclude that entry. ECF No. 37-1 at 9. However, the Court does agree with Plaintiff that the time spent "research[ing] court reporting and hearing transcription" is ministerial, and will exclude 0.3 hours from Ms. Moshell's total accordingly. ECF No. 37-1 at 9.

### d. Summary

Using the Court's judgment and experience, and upon a thorough review of the hours expended in this case, in light of the case's complexity and procedural history, the remaining billing entries and total hours billed are appropriate. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

In sum, Defendants' requested 384.28 hours are reduced to 363.1 as follows: Mr. Boutrous's hours are reduced from 56.4 to 53.5; Mr. Edelman's hours are reduced from 20.1 to 19.1; Mr. Bach's hours are reduced from 137.5 to 130.6; Ms. Moshell's hours are reduced from 134.9 to 128.2 and then to 127.9; Mr. Rubin's hours are reduced from 16.6 to 15.8; Ms. Gadberry's hours are reduced from 15.7 to 14.9; Mr. Amponsah's hours are reduced from 1.4 to 1.3; Ms. Kurinsky's hours are reduced from 1.58 to 0; and Ms. Jones's hours are reduced from 0.1 to 0.

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17917
Page 318 of 497

### D. Costs

**\*11** Defendants request costs in the amount of $10,724.36. ECF No. 35-2 at 24–26; ECF No. 38-1 at 6–7. These costs include transcript costs, research costs, photocopying costs, process server costs, document retrieval service costs, and courier costs. *Id.* Plaintiff does not contend that Defendants' requested costs should be reduced. *Compare* ECF No. 35-2 at 26 (Defendants initially requested $9,706.28 in costs) *with* ECF No. 37 at 17 (Plaintiffs listed $9,706.28 as a "reasonable [ ] rate" for initial costs).

Attorneys charging "such expenses to paying clients separate from their hourly rates, [ ] is consistent with the Court's experience, as well as prior orders in this District addressing the issue of awardable non-statutory costs." *See Smith*, 2020 WL 6055147, at *12 (collecting cases from the Southern District which approved costs such as: copying fees, courier and messenger fees, mailing charges, legal research fees, electronic research costs, telephone charges, filing fees, and court reporter fees). Accordingly, the Court finds the $10,724.36 in costs included [7] by Defendants as part of their fee request reasonable.

7    Both Federal Rule of Civil Procedure Rule 54(d) and this district's Civil Local Rule 54.1, requiring a bill of costs, are based on an entry of judgment, which has not yet occurred here. *See* ECF No. 30 at 17; ECF No. 12 n.2; *see also James Holcomb*

*& Rotoco, Inc.*, 2020 WL 759285, at *8, 2020 U.S. Dist. LEXIS 26094, at *25–*27 (rejecting argument that prevailing party is not entitled to costs because they failed to submit a bill of costs).

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Attorney Fees. ECF No. 35. The Court awards Defendants **fees in the amount of $247,667.50** representing 53.5 hours billed by Mr. Boutrous at $1,150 per hour, 19.1 hours billed by Mr. Edelman at $1,050 per hour, 130.6 hours billed by Mr. Bach at $720 per hour, 127.9 hours billed by Ms. Moshell at $470 per hour, 15.8 hours billed by Mr. Rubin at $470 per hour, 14.9 hours billed by Ms. Gadberry at $280 per hour, and 1.3 hours billed by Mr. Amponsah at $265 per hour, and **costs in the amount of $10,724.36**.

As explained by District Judge Bashant in her order granting Defendants' anti-SLAPP motion: "[a]fter Defendants' motion for attorney fees is resolved, the Court will instruct the Clerk to close this case." ECF No. 30 at 17.

**IT IS SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 409724

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT 13**

**2023 WL 11053298 (Cal.Super.) (Trial Order)**
Superior Court of California.
Los Angeles County

Melanie MCCRACKEN, an individual; and Jessica Negron, an individual, Plaintiffs,

v.

RIOT GAMES, INC., a Delaware Corporation; and Does l through 10, inclusive, Defendants.
DIVISION OF LABOR STANDARDS ENFORCEMENT, Department of
Industrial Relations, an agency of the State of California, Plaintiff-Intervenor,

v.

RIOT GAMES, INC., a Delaware Corporation; and Does l through 10, inclusive, Defendants.
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, Plaintiff-Intervenor,

v.

RIOT GAMES, INC., a Delaware Corporation; Riot Games Direct, Inc., a Delaware
Corporation; Riot Games Merchandise, Inc., a Delaware Corporation; Riot Games
Productions, Inc., a Delaware Corporation; and Does l through 10, inclusive, Defendants.

No. 18STCV03957.
June 15, 2023.

**\*1**  Action Filed: November 6, 2018
Trial Date: None set

**Order Granting Final Approval of Class Action Settlement & Consent Decree and Judgment**

Genie Harrison, SBN 163641, Mia Munro, SBN 281317, Andrea Fields, SBN 309502, Genie Harrison Law Firm, APC, 523 W. 6th Street, Suite 707, Los Angeles, CA 90014, T: 212.805.5301 F: 213.805.5306, genie@genieharrisonlaw.com, mia@genieharrisonlaw.com, andie@genieharrisonlaw.com.

Nicholas W. Sarris, SBN 242011, JML Law, APLC, 5855 Topanga Canyon Boulevard, Suite 300, Woodland Hills, CA 91367, T: 818.610.8800 F: 818.610.3030, nsarris@jmllaw.com, for the Private plaintiffs.

Honorable Elihu M. Berle, Judge.

In *DFEH v. Riot Games, Inc. et al*, Case No. 18STCV03957 and DLSE v. Riot Games, Inc., Case No. 18STCV03957 ("Government Enforcement Actions"), and *McCracken et al. v. Riot Games, Inc.*, Case No. 18STCV03957 ("Class Action") (collectively, the "Actions"), Plaintiffs Gabriela Downie, Jessica Negron, Irina Crudu, Mayanna Berrin, Jessica Seifert, Antonia Galindo, and Gina Cruz Rivera ("Plaintiffs"); Plaintiff-Intervenors Department of Fair Employment and Housing ("DFEH"), now called the California Civil Rights Department ("CRD"), and Division of Labor Standards Enforcement, Department of Industrial Relations ("DLSE") ("Plaintiff-Intervenors"); and Defendants Riot Games, Inc., Riot Games Direct, Inc., Riot Games Merchandise, Inc., and Riot Games Productions, Inc. ("Riot") (collectively, the "Parties") appeared before this Court on May 16, 2023, for a hearing on: Plaintiffs' Motion for an Order Granting Final Approval of Amended Consent Decree and Class Action Settlement ("Settlement") and Motion for Attorneys' Fees and Costs; DFEH's Motion for Attorneys' Fees and Costs; and Rosen Saba, LLP's (former Plaintiffs' counsel) Motion for Attorneys' Fees and Costs.

Previously, on August 10, 2022, this Court entered an Order Granting Preliminary Approval of the Amended Consent Decree/ Class Settlement, resulting in certification of the following provisional class for settlement purposes: "All current and former

female Riot employees, temporary agency contractors who applied for permanent positions, and temporary agency contractors who worked in California from November 6, 2014 through December 27, 2021."

The Court further approved the form of, and directed the Parties to provide, the proposed Notice of Settlement of Government Actions and the Private Class Action ("Notice") to Group/Class Members, which informed Group/Class Members of: (a) the proposed Amended Consent Decree/Class Settlement and its key terms; (b) the date, time, and location of the Final Approval Hearing; (c) the right of any Group/Class Member to object to the proposed Amended Consent Decree/Class Settlement, and an explanation of the procedures to exercise that right; (d) the right of any Group/Class Member to exclude themselves from the proposed Amended Consent Decree/Class Settlement, and an explanation of the procedures to exercise that right; and (e) an explanation of the procedures for Group/Class Member to participate in the proposed Amended Consent Decree/Class Settlement.

No objections were made, timely or otherwise, nor did any objectors appear at the hearing on May 16, 2023.

The Court, finding that due and adequate notice has been given to Group/Class Members, having considered and being duly informed of all papers filed and proceedings had herein, and good cause appearing therefore, hereby **ORDERS, ADJUDGES, AND DECREES THAT:**

**\*2** 1. This Court has jurisdiction over the subject matter of the Actions and over all of the parties thereto.

2. The Court finds that the applicable requirements of California Code of Civil Procedure section 382 and California Rule of Court 3.769, *et seq.,* have been satisfied with respect to the Group/Class Members and the Amended Consent Decree/Class Settlement. The Court hereby makes final its earlier provisional certification of the class for settlement purposes, as set forth in the Preliminary Approval Order and subsequent modifications thereto. The Group/Class is hereby defined to include:

> All current and former female Riot employees, temporary agency contractors who applied for permanent positions, and temporary agency contractors who worked in California from November 6, 2014 through December 27, 2021.

3. The Group/Class Notice provided to Group/Class Members conforms with the requirements of California Code of Civil Procedure § 382, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Group/Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the Group/Class. The Notice fully satisfied the requirements of Due Process.

4. The Court finds the Amended Consent Decree/Class Settlement was entered into in good faith, that the Amended Consent Decree/Class Settlement is fair, reasonable and adequate, and that the Amended Consent Decree/Class Settlement satisfies the standards and applicable requirements for final approval of the Settlement under applicable California law. The Court finds that the Amended Consent Decree/Class Settlement was reached following meaningful discovery and investigation conducted by Plaintiffs' counsel and the DFEH, that the Amended Consent Decree/Class Settlement is the result of arms-length negotiations between the parties, and that the terms of the Amended Consent Decree/Class Settlement are in all respects fair, adequate, and reasonable.

5. No Group/Class Members have objected to the terms of the Amended Consent Decree/Class Settlement.

6. The following Group/Class Members have validly requested exclusion from the Amended Consent Decree/Class Settlement:

  a. Amy Lyu

  b. Antonia Galindo

  c. Elena Bespalova

  d. Elizabeth Fuentes

  e. Lorena Molina Boyer

  f. Lydia Zanotti

  g. Yoko Colby

7. Upon entry of this Final Approval Order and Judgment, compensation to Group/Class Members who did not validly submit Requests for Exclusion shall be effected pursuant to the terms of the Amended Consent Decree/Class Settlement.

8. The Court finds that the allocation of $4,000,000 toward penalties under the California Private Attorneys General Act of 2004 ("PAGA Payment") is fair, reasonable, and appropriate, and is hereby approved. The Settlement Administrator shall distribute the PAGA Payment as follows: the amount of $3,000,000 to the California Labor and Workforce Development Agency, and the remaining amount to the Group/Class Members consistent with the terms of the Amended Consent Decree/Class Settlement.

**\*3** 9. The Court finds that the request for attorneys' fees and reimbursement of expenses by JML Law, the Genie Harrison Law Firm, the DFEH, and Rosen Saba are fair, reasonable, and appropriate, and are hereby approved. Pursuant to the terms of the Amended Consent Decree/Class Settlement, the Court approves the payment of attorneys' fees and costs as follows:

  a. JML Law and the Genie Harrison Law Firm are awarded $8,500,000 in attorneys' fees and the reimbursement of litigation expenses in the sum of $350,000;

  b. The DFEH is awarded $6,967,382.76 in attorneys' fees and the reimbursement of litigation expenses in the sum of $276,490.04. In accordance with the DFEH's Motion for Attorneys' Fees and Costs, of the total fees awarded, $36,179.91 shall be made payable directly to Olivier & Schreiber, LLP, with the remainder, in the amount of $6,931,202.85, made payable to the DFEH; and

  c. Rosen Saba is awarded $1,200,000 in attorneys' fees and the reimbursement of litigation expenses in the sum of $21,240.67. Riot shall separately pay $600,000 to Rosen Saba towards payment of attorneys' fees. The remaining $600,000 in attorneys' fees shall be paid to Rosen Saba via a reduction from the fees awarded to JML and the Genie Harrison Law Firm. The litigation expenses awarded to Rosen Saba shall be paid as a reduction from the litigation expenses awarded to JML Law and the Genie Harrison Law Firm.

10. The Court approves and orders payment in an amount of $197,348 to the Settlement Administrator, Rust Consulting, for performance of its settlement administration services pursuant to the terms of the Settlement.

11. The Court hereby enters Judgment by which Group/Class Members who have not timely submitted valid Requests for Exclusion from the Private Class Action Settlement shall be conclusively determined to have given a release of any and all claims identified in Section IV(A) of the Amended Consent Decree/Class Settlement.

12. Group/Class Members who only participate in the Government Enforcement Actions, as set forth in Section IV(C) describing full participation therewith, will be deemed to have released claims consistent with Exhibit C-1 to the Amended Consent Decree/Class Settlement.

13. It is hereby ordered that Defendants fund the Settlement in accordance with the methodology and terms set forth in Sections VIII, IX, X and XI of the Amended Consent Decree/Class Settlement.

14. It is hereby ordered that the Settlement Administrator shall distribute the settlement funds in accordance with the methodology and terms set forth in Sections VIII, IX and X of the Amended Consent Decree/Class Settlement and the supplemental declaration of Abigail Schwartz for Rust Consulting, Inc., filed on May 10, 2023, which modifies the methodology for the tenure payment calculation from months worked to days worked.

15. After entry of this Final Approval Order and Judgment, pursuant to California Rules of Court, Rule 3.769(h), the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Amended Consent Decree/Class Settlement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits or the requirements of the injunctive and programmatic relief set forth in Section XI.

**\*4** 16. Notice of entry of this Final Approval Order and Judgment shall be given to the Group/Class Members by posting a copy of the Final Approval Order and Judgment on Rust Consulting's website for a period of at least six (6) months after the date of entry of this Final Approval Order and Judgment. Individualized notice is not required.

17. The Court's Minute Order issued after the hearing on the Motions on May 16, 2023 is attached hereto as Exhibit A and is incorporated by reference herein.

18. The Court sets an Order to Show Cause Hearing regarding Compliance with Amended Consent Decree/Class Settlement on January 9, 2024, at 8:30 a.m. The Court orders the Parties to file a Joint Report regarding Compliance with Amended Consent Decree/Class Settlement, as well as a declaration from the Settlement Administrator, by December 29, 2023.

**IT IS SO ORDERED.**

Dated: 06/15/2023, ~~2023~~

**Elihu M. Berie**

Elihu M. Berle / Judge

HONORABLE ELIHU M. BERLE

---

**End of Document**                                            © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT 14**

Electronically FILED by Superior Court of California, County of Los Angeles on 09/30/2022 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Valenzuela, Deputy Clerk

JAMIE CROOK (#245757)
 Chief Counsel
ALEXIS S. McKENNA (#197120)
 Assistant Chief Counsel
ANTONIO LAWSON (#140823)
 Associate Chief Counsel
DEPARTMENT OF FAIR EMPLOYMENT
 AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA  95758
Telephone:  (916) 478-7251
Facsimile:   (888) 382-5293

Attorneys for Plaintiff-Intervenor, DFEH

(Fee Exempt, Gov. Code, § 6103)

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MELANIE MCCRACKEN, an individual; and JESSICA NEGRON, an individual; , <br><br> Plaintiffs, <br><br> vs. <br><br> RIOT GAMES, INC., a Delaware Corporation; and DOES l through l0, inclusive, <br><br> Defendants. <br><br> DIVISION OF LABOR STANDARDS ENFORCEMENT, DEPARTMENT OF INDUSTRIAL RELATIONS, an agency of the State of California, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> RIOT GAMES, INC., a Delaware Corporation; and DOES l through l0, inclusive, <br><br> Defendants. | **Case No.: 18STCV03957** <br><br> **DECLARATION OF ALEXIS S. McKENNA IN SUPPORT OF PLAINTIFF-INTERVENOR DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S MOTION FOR ATTORNEY FEES AND COSTS** <br><br> Hearing:        January 4, 2023 <br> Time:            10:00 AM <br> Department:   6 <br> Judge:          Hon. Elihu M. Berle <br><br> Action Filed:  November 6, 2018 <br> Trial Date:     N/A <br><br> *[Filed concurrently with Pl. DFEH's Motion for Attorney Fees and Costs]* |

-1-

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,

Plaintiff-Intervenor,

vs.

RIOT GAMES, INC., a Delaware Corporation; RIOT GAMES DIRECT, INC., a Delaware Corporation; RIOT GAMES MERCHANDISE, INC., a Delaware Corporation; RIOT GAMES PRODUCTIONS, INC., a Delaware Corporation; and DOES l through l0, inclusive,

Defendants.

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

## DECLARATION OF ALEXIS S. McKENNA

I, Alexis S. McKenna, state and declare as follows:

1.     I am attorney at law duly licensed to practice in the courts of the State of California. I am employed as Assistant Chief Counsel by Plaintiff-Intervenor Department of Fair Employment and Housing (DFEH). In my official capacity, I represent DFEH in this matter. I have personal knowledge of the above-captioned case and the matters in this declaration, except those statements made upon information and belief. If called on to testify, I could do so competently.

2.     I make this declaration in support of DFEH's Motion for Attorney Fees and Costs.

**PROCEDURAL HISTORY OF INVESTIGATION AND LITIGATION**

3.     On October 25, 2018, the Director of the DFEH, Kevin Kish, issued a group or class complaint of discrimination against Defendants Riot Games, Inc., Riot Games Direct, Inc., Riot Games Merchandise, Inc., and Riot Games Productions, Inc., (collectively, Riot or Defendants) and initiated a government investigation into gender discrimination at Riot.

4.     Around the same time, on November 6, 2018, former Riot employees Melanie McCracken and Jessica Negron filed a putative class action in Los Angeles Superior Court, *McCracken et al. v. Riot Games, Inc. et al* ("McCracken").

5.     DFEH spent over two years investigating Riot, during which DFEH propounded investigative discovery, reviewed documents and data, and conducted an economic damages analysis. In addition, DFEH engaged in a difficult and time-consuming meet and confer process with Riot to ensure compliance with DFEH's investigative discovery requests, which included filing a petition to compel production of key documents such as employee and tax records. Though later withdrawn, DFEH ultimately obtained and reviewed over ten thousand pages of documents during its investigation.

6.     In August 2019, while Riot was under government investigation and as DFEH tried to obtain critical pay data from Riot, Riot publicly announced that it had reached a $10 million proposed class action settlement in the *McCracken* litigation. Riot and the putative class representatives subsequently presented the agreement to the Court for preliminary approval.

7.     On September 6, 2019, Riot sent a letter to DFEH, stating that its proposed private class action settlement in *McCracken* mooted the information DFEH was seeking in its investigation and that

-3-

the claims brought by DFEH on behalf of Riot Games employees would be released as part of the *McCracken* settlement.

8.      The proposed $10 million class action settlement contained no enforceable injunctive relief. Thus, DFEH and the Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE) formally objected to the settlement as inadequate using data DFEH obtained in its investigation to dispute the fairness of the proposed settlement.

9.      After the government objections were filed, the private plaintiffs (hereinafter "Plaintiffs") retained new counsel who withdrew the motion for preliminary approval of settlement.

10.      Over Riot's objections, this Court granted the motions of DFEH and DLSE to intervene as of right. In granting DFEH's motion, the Court noted the procedural advantages DFEH had over Plaintiffs and that denying intervention would have prejudiced DFEH's claims. (Hearing Transcript (July 6, 2020) at 18:7-10 [noting that "[disallowing DFEH to intervene would no doubt impede its ability to protect those interests"].) A true and correct copy of an excerpt from the July 6, 2020 Hearing Transcript is attached as **Exhibit 1.**

11.      On July 10, 2020, DFEH filed its Complaint-in-Intervention against Riot alleging (1) hiring discrimination, (2) discrimination in compensation, (3) discrimination in promotion and terms and conditions of employment, (4) sexual harassment, (5) retaliation, (6) a failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring on behalf of the class of women, (7) a failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring on behalf of DFEH, and (8) recordkeeping violations.

12.      Since DFEH's intervention into this matter, DFEH has expended an extraordinary amount of time and resources litigating this case, including time spent on preparing and responding to discovery requests, meeting and conferring and convening informal discovery conferences, preparing various discovery and dispositive motions, opposing numerous motions filed by Riot, attending hearings, and simultaneously pursuing mediation, as discussed in further detail below.

13.      On August 10, 2020, Riot filed its answer to DFEH's complaint in intervention. In its answer to DFEH's complaint in intervention, Riot included the following defense concerning alleged arbitration agreements: "(Claims Subject to Binding Arbitration) [¶] The relief that the DFEH seeks on

-4-

behalf of the allegedly affected group of employees is improper because all or some of the individuals in the allegedly affected group signed binding agreements requiring their claims to be brought in bilateral arbitration." (Riot's Answer (Aug. 10, 2020) at 31:7-11 ["THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE"].) Riot filed an Amended Answer on October 26, 2020.

14.    On July 6, 2020, the Court opened discovery on a limited basis as to class issues only. (*See* Ex. 1 at 24:9-10.) DFEH, DLSE, and Plaintiffs (collectively, Plaintiff Parties) served Riot with a list of informal discovery requests, including the following: "2(a). All agreements with any current or former employees that, in Riot's view, would exclude a person from recovery of any claims brought in this case, including the 100+ settlements and agreements with Melanie McCracken, Jessica Negron, Chanel Dawnee, Gabriela Downie, Jessica Seifert, Antonia Galindo, Irina Crudu, Gina Cruz Rivera, and Mayanna Berrin."

15.    On October 16, 2020, the parties attended an Informal Discovery Conference (IDC) before Judge Elihu M. Berle concerning the informal discovery requests served on Riot. At the IDC, Judge Berle ordered the parties to stipulate to an expedited formal discovery and briefing schedule such that any hearing on a motion to compel responses would be heard on December 4, 2020.

16.    On October 20, 2020, by stipulation and agreement of the parties, DFEH served Riot with Request for Production of Documents, Set One, (RFP, Set One) to all four defendant entities. On October 23, 2020, by stipulation and agreement of the parties, Riot served their responses to DFEH's RFP, Set One. Riot's responses were incomplete. Defendant Riot Games Direct, Inc. responded stating that it "has determined that no documents responsive to this request exist," and Defendants Riot Games, Inc., Riot Games Merchandise, Inc., and Riot Games Productions, Inc. refused to produce any documents. On October 30, 2020, DFEH subsequently filed its first motion to compel on this action to compel further responses to RFP, Set One. DFEH's motion was eventually granted on January 25, 2021.

17.    On October 27, 2020, Riot filed motions to compel arbitration and a motion to stay the entire action based on alleged arbitration agreements with individual Plaintiffs.

18.    On January 25, 2021, the Court granted Riot's motions to compel arbitration but denied its Motion to Stay. The Court also opened discovery.

19.    Between October 26 and December 23, 2021, DFEH, DLSE, Riot and the Plaintiffs participated in several sessions of private mediation and court-ordered Mandatory Settlement Conferences with the assistance of mediator Mark Rudy and the Honorable Daniel Buckley. As a result of these efforts, the parties negotiated the terms of a Consent Decree which was first presented to the Court on December 27, 2021.

20.    The Joint Motion for Preliminary Approval of Consent Decree was eventually heard on June 2, 2022, at which time the Court requested several revisions and clarifications before ruling. Accordingly, on July 13, 2022, the parties filed a Notice of Filing of Amended Consent Decree, Class Action Settlement Agreement, and Order ("Amended Consent Decree/Class Settlement"), which incorporated all revisions previously requested by the Court. The Parties appeared again before the Court on July 22, 2022 for a hearing on the Amended Consent Decree/Class Settlement. On August 10, 2022, the Court granted the Amended Consent Decree/Class Settlement on a preliminary basis. A true and correct copy of the Notice of Filing of Amended Consent Decree, Class Action Settlement Agreement, and Order is attached as **Exhibit 2**.

21.    Under the Amended Consent Decree/Class Settlement, the parties agreed that DFEH Counsel would file a fee petition and that the parties would not contest DFEH's request for appropriate fees and costs so long as it conformed to the terms of the Consent Decree, which states that DFEH Counsel shall petition the Court for fees between $5,000,0000 to $8,500,000, with the final amount to be determined by the Court upon a fee petition. (*See* Ex. 3, Section X.) In addition, the Consent Decree states that DFEH may seek costs for approval, in an amount to not exceed $350,000. (*Id.*)

22.    At various times during the litigation of this matter, including most recently after the Court preliminarily granted the Amended Consent Decree/Class Settlement, Riot has filed several appeals, all relating to the collateral issue of sealing and unsealing of certain documents that had been identified as confidential. Those appeals remain ongoing. DFEH has retained the law firm of Olivier & Schreiber LLP to handle those appeals.

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

**DESCRIPTION OF THE WORK AND EXPENSES FOR WHICH DFEH SEEKS FEES AND COSTS**

23.     As discussed more fully below, DFEH seeks reasonable attorney fees and costs for time and resources expended on the following: (1) investigation of the Director's Complaint; (2) researching, preparing, and filing DFEH's Objection to Plaintiffs' Motion for Preliminary Approval of Settlement; (3) researching, preparing, and filing DFEH's Motion to Intervene; (4) researching, preparing, and filing DFEH's Motion for Protective Order and for Corrective Notice to Class; (5) researching, preparing, and filing DFEH's Motion for Summary Adjudication; (6) researching, preparing, and filing various *ex parte* applications or oppositions thereto; (7) researching, preparing, and filing DFEH's legal memoranda opposing motions filed by Riot; (8) propounding and responding to numerous sets of discovery, including time spent meeting and conferring and attending IDCs regarding discovery disputes; (9) researching, preparing, and filing various motions to compel and other discovery motions; and (10) settlement negotiations and preparation of settlement and approval documents. In addition, DFEH seeks reimbursement for fees of outside counsel retained by DFEH to handle various appeals by Riot, including some that remain ongoing.

24.     Prior to the Court granting DFEH's intervention, DFEH expended substantial resources investigating Riot and objecting to and opposing Riot's proposed settlement with Plaintiffs, which ultimately led to Plaintiffs retaining new counsel and withdrawing the motion for preliminary approval of a woefully inadequate settlement. DFEH formally objected to the settlement as inadequate using data DFEH obtained in its investigation. DFEH then prepared and filed its motion to intervene.

25.     Following DFEH's intervention in this litigation, DFEH filed three complex motions, two of which were granted or partially granted and one declared moot. DFEH seeks compensation for the time spent on these motions, including briefing and appearing at the hearing on the motions. First, after DFEH opened its systemic sex bias and harassment investigation, Riot continued to enter into misleading agreements with existing employees regarding the claims at issue in this case. As a result, on May 10, 2021, DFEH filed a Motion for Protective Order and for Corrective Notice requesting that the Court enter a protective order prohibiting Riot from entering into any agreement related to the claims, relief, or subject matter in this action without first obtaining approval from the Court, a Court-Appointed Settlement Judge, or DFEH and DLSE. DFEH also requested that the Court compel Riot to

-7-

issue a corrective notice to all current and former workers informing them of their rights. DFEH's motion was partially granted, and Riot was ordered to provide a corrective notice to employees. Second, on June 28, 2021, DFEH filed a Motion for Summary Adjudication as to Defendants' affirmative defenses of release and res judicata/collateral estoppel/judicial estoppel. Riot opposed the motion. DFEH's motion was granted in an order dated October 7, 2021. Third, on October 27, 2020, DFEH filed a motion to bifurcate the government claims after learning that Riot intended to seek a stay based on arbitration agreements with individual Plaintiffs. Because Riot's motion to stay was denied, DFEH's motion was declared moot.

26.     Additionally, DFEH prepared and filed several *ex parte* applications in connection with motions seeking corrective class notice and protective orders relating to Riot's attempts to secure individual settlements.

27.     DFEH also seeks compensation for work opposing six motions filed by Riot to which DFEH filed an opposing brief:

    a.   Opposition to Riot's Motion to Stay Pending Arbitration, filed November 10, 2020;

    b.   Opposition to Riot's Motion to Seal DFEH's Ex Parte Application, filed May 21, 2021

    c.   Opposition to Riot's Motion for Protective Order, filed May 21, 2021;

    d.   Opposition to Riot's Ex Parte Application Regarding Ruling on Motion to Seal, filed June 11, 2021;

    e.   Opposition to Riot's Second Motion to Seal, filed on June 28, 2021; and

    f.   Opposition to Riot's Third Motion to Seal, filed on June 28, 2021

28.     Throughout the course of this litigation, DFEH engaged in extensive, time-consuming, and difficult discovery negotiations and discovery motion practice requiring a high degree of skill and expertise for which DFEH seeks fees and costs.

29.     DFEH served seven sets of requests for production on each Defendant, two requests for production on Plaintiffs, as well as three sets of special interrogatories and one set of form interrogatories on each Defendant. With nearly every single request, DFEH was forced to engage in a

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

lengthy and time-consuming meet and confer process to obtain Code-compliant discovery responses from Riot.

30.     As Riot routinely obstructed DFEH's right to discovery, DFEH exchanged dozens of meet and confer letters regarding Riot's inadequate responses and spent numerous hours engaged in meet and confer calls with Riot's counsel attempting informal resolution of the discovery issues. The parties also engaged in a lengthy meet and confer process to agree on an ESI protocol and protective order regarding confidentiality.

31.     Despite these exhaustive negotiations, DFEH was forced to seek assistance from the Court. In total, DFEH appeared at and participated in at least four IDCs on October 16, 2020; March 22, 2021; July 12, 2021 (two); and September 9, 2021.

32.     In addition, DFEH expended substantial resources preparing and/or filing numerous discovery motions for which it seeks fees and costs. DFEH's filed motions include:

       a.  DFEH's Motion to Compel Further Responses to Request for Production of Documents, Set One, filed on October 30, 2020;

       b.  DFEH's Motion to Compel Further Responses to Request for Production of Documents, Set Three, filed on August 31, 2021;

       c.  DFEH's Motion to Compel Further Responses to Request for Production of Documents, Set Two, filed on September 13, 2021; and

       d.  DFEH's Motion to Compel Further Responses to Request for Production of Documents, Set Four, filed on September 15, 2021

33.     Those discovery motions were all granted. Furthermore, up until the settlement of this matter, DFEH expended time and resources preparing to file additional discovery motions as well as a motion for contempt for Riot's refusal to follow the Court's October 7, 2021 order.

34.     DFEH also took the deposition of one of Riot's employees, and attempted to depose several other individuals.

35.     In addition, because Riot failed to provide complete personnel records for temporary contract workers, DFEH prepared and served over 20 subpoenas on third parties to obtain these records, for which DFEH seeks fees and costs.

36.    As a direct result of DFEH's diligent discovery efforts, Riot produced over 113,000 documents and over seven years of personnel records.

37.    DFEH also expended time and resources responding to discovery from Riot. DFEH prepared and served responses to four sets of requests for production, two sets of form interrogatories, a set of requests for admission, and a set of special interrogatories from Riot.

38.    Likewise, DFEH seeks compensation for the time and resources expended attempting to settle the matter. From the beginning, DFEH diligently attempted to settle this case and seeks compensation for time spent preparing, negotiating, and filing settlement and preliminary approval documents. In addition, DFEH seeks compensation for time spent on administration of the settlement process to date as well as the preparation of DFEH's Motion for Attorney Fees and Costs and supporting documents.

39.    The parties also paid for and participated in two private mediation sessions with Mediator Mark Rudy.

40.    DFEH also seeks compensation for time expended by outside counsel from Olivier & Schreiber LLP, whom DFEH retained to represent it in Riot's appeals related to the Court's unsealing orders. Riot filed appeals in the Second Appellate District on June 23, 2021; July 1, 2021; July 6, 2021; and August 31, 2022.

**DFEH'S COUNSEL'S EXPERIENCE AND EXPERTISE**

41.    I am an Assistant Chief Counsel with DFEH. I am a 1998 graduate of the University of California, Hastings School of Law. From 1998 to 1999, I worked for the Alameda County Public Defender's Office. From 2000 to 2002, I was an associate at the law firm Gillin, Jacobsen, Ellis & Larsen, where I handled primarily employment litigation matters. From 2005 to 2006, I was an associate at the Law Offices of John Winer, until I became a partner, from 2006 to 2019, when the firm became Winer, McKenna & Davis, and later Winer, McKenna & Burritt, LLP. At this firm, I litigated hundreds of cases, mostly employment matters on behalf of plaintiffs. Before coming to DFEH as an Assistant Chief Counsel, I was Counsel at California's Department of Industrial Relations at the Office of the Director, Legal Unit, from April 2019 to July 2019, where I worked on matters to further the Department's mission to protect the health, safety and economic well-being of California wage earners.

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

I have tried six jury trials and four binding arbitrations involving employment matters. I have written or co-written several writs and appellate briefs to the Court of Appeal and one to the California Supreme Court and have argued twice at the Court of Appeal. A true and correct copy of my resume is attached as **Exhibit 3**. A reasonable hourly rate for my services in the Los Angeles area is $875 per hour.

42.    Mari Mayeda was an Associate Chief Counsel with DFEH from December 2012 to August 2021. She is currently an attorney with the California Department of Justice. Ms. Mayeda specializes in complex civil rights litigation having practiced in this area – mostly class actions and mostly in federal court – for over thirty years. She was lead counsel for the California plaintiffs in an Unruh race discrimination case against the Denny's restaurant chain for differential treatment of African American customers and lead counsel in gender-discrimination cases involving promotion of women at the Save Mart and Albertson's grocery chains. With her former law partners, she represented plaintiffs in recovering over $200 million from the State Farm Insurance Companies for failing to hire female sales agents. She served as co-counsel in disability-access class-action cases against the Burger King and Taco Bell restaurant chains. She also has expertise in attorneys' fees law and litigation, having litigated approximately twenty such motions on behalf of her former firm, other clients or DFEH. Her past fees clients have included both private counsel as well as public interest law firms, such as the Disability Rights Education and Defense Fund, the Lawyers Committee for Civil Rights, the ACLU of Southern California and Equal Rights Advocates. She served by request of the Court on the Ninth Circuit Task Force on Racial, Religious and Ethnic Fairness, chairing the Task Force's Civil Litigation Sub-Committee. She served as a Lawyer Delegate to the Ninth Circuit Judicial Conference and have served by appointment of the U.S. District Court for the Northern District of California on a number of court committees, including on three occasions as a member or Chair of the Magistrate Merit Selection Panel. She is a 1983 graduate cum laude of Harvard Law School. Following law school, she clerked for the California Supreme Court. A true and correct copy of Ms. Mayeda's resume is attached as **Exhibit 4**. A reasonable hourly rate for Ms. Mayeda's services in the Los Angeles is $975 per hour.

43.    Antonio Lawson is an Associate Chief Counsel with DFEH. Mr. Lawson started his legal career at an international law firm in San Francisco before joining a civil rights law firm in

-11-

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

Oakland, California in 1990. In that role, he litigated employment class actions focusing on race and gender discrimination including *Haynes v. Shoney's Restaurants, Inc.*, No. 3:89-cv-30093 (N.D. Fla. 1993) ($132 million settlement of employment race discrimination case). He was also one of the lead attorneys in the matter of *Ridgeway v. Denny's Restaurants*, No. 93-20202-JW (N.D. Cal. 1993), a civil rights class action alleging discrimination under Title II of the 1964 Civil Rights Act for failure to provide public accommodations. In 1995, Mr. Lawson started his own firm, Lawson Law Offices. For the past 25 years, Mr. Lawson has represented plaintiffs in individual and class civil rights and labor rights cases. He has litigated race discrimination, gender discrimination, age discrimination, privacy and wage/hour cases before the California Superior Courts, California Courts of Appeal, California Supreme Court and Ninth Circuit Court of Appeals. Mr. Lawson is a graduate of U.C. Berkeley and Harvard Law School. A true and correct copy of his resume is attached as **Exhibit 5**. A reasonable hourly rate for Mr. Lawson's services in the Los Angeles area is $950 per hour.

44.    Anthony Grumbach was an Associate Chief Counsel with DFEH until May 2021. Mr. Grumbach is currently an Attorney for the California Department of Housing and Community Development. At DFEH, Mr. Grumbach investigated and litigated high-impact fair housing and other civil rights cases and supervised the Attorney General's Office work on appeals of DFEH's cases. Prior to DFEH, he spent 10 years as a private law firm's Director of Professional Development and eight years as a Deputy City Attorney in the San Francisco City Attorney's Office. He has tried cases in federal and California courts. Mr. Grumbach graduated from Harvard Law School in 1993. A reasonable hourly rate for Mr. Grumbach's services in the Los Angeles area is $900 per hour.

45.    Melanie Proctor was an Assistant Chief Counsel with DFEH until April 2022. She is a 2003 graduate of the University of California, Davis School of Law. From 2003 to 2017, she worked for the United States Department of Justice, entering that federal agency through the Attorney General's Honors Program. From 2005 to 2007, she worked as a civil Assistant U.S. Attorney in the Southern District of California. From 2007 to 2017, she worked as a civil Assistant U.S. Attorney in the Northern District of California. During that time, she litigated hundreds of cases, tried five cases to verdict or decision, briefed dozens of Ninth Circuit appeals, and presented nine appellate arguments. A

true and correct copy of her resume is attached as **Exhibit 6**. A reasonable hourly rate for her services in the Los Angeles is $850 per hour.[1]

46.    Andrew Lah was an Associate Chief Counsel with DFEH until April 2021. He is currently a managing partner at Moeel Lah Fakhoury LLP in Oakland, California. Over the course of his 20-year career, Mr. Lah has tried cases in federal and state courts. In addition to his work with DFEH, Mr. Lah was a Managing Attorney with the San Francisco District Attorney's Office, where he supervised a staff of prosecutors and investigators working on criminal civil rights cases. Mr. Lah also created the Community Lawyering and Civil Rights Unit at the Oakland City Attorney's Office. In the private sector, Mr. Lah worked at Lewis, Feinberg, Lee, and Jackson, P.C. where he litigated complex civil rights and employment cases. In addition to his legal practice, Mr. Lah teaches courses on criminal procedure, evidence, and police use of force at University of California, Hastings College of the Law, University of California, Berkeley School of Law, and Golden Gate Law School. Mr. Lah received his B.A. from Cornell University, and his J.D. from the University of California, Los Angeles School of Law. A reasonable hourly rate for Mr. Lah's services in the Los Angeles area is $825 per hour.

47.    Grace Shim joined DFEH in 2017, serving as Staff Counsel and then Senior Staff Counsel prior to transferring to the Dispute Resolution Division in 2021. As Staff Counsel and then Senior Staff Counsel in the Legal Division, she represented the DFEH as lead attorney in court hearings and mediations, obtaining damages and injunctive relief for individuals who have suffered housing and employment discrimination. She was also a co-lead in a jury trial involving employment discrimination allegations. Before working for DFEH, she worked as a staff attorney, deputy director, and executive director of the MinKwon Center for Community Action, a nonprofit organization in Flushing, New York. She has also worked as an attorney for New York City's Administration for Children's Services in the Bronx Family Court, litigating child abuse and neglect cases. She received her B.A with Honors from U.C. Berkeley and her J.D. from Columbia Law School in 2006. She has been licensed to practice

---

[1] In October 2021, DFEH sought sanctions against Riot Games in its Motion to Compel Defendants' Further Responses to Request for Production (Set Four) and Request for Monetary Sanctions. Melanie Proctor sought fees at an hourly rate of $725 per hour, as part of an exercise of billing discretion for seeking sanctions in a discovery motion. Herein, DFEH seeks Ms. Proctor's 2022 market rate for purposes of the litigation and DFEH's Motion for Attorney Fees and Costs.

-13-

law in New York since 2007 and in California since 2016. A true and correct copy of her resume is attached as **Exhibit 7**. A reasonable hourly rate for Ms. Shim's services in the Los Angeles area is $800 per hour.

48.    Rumduol Vuong has been an Associate Chief Counsel with DFEH since August 2020. Ms. Vuong graduated in 2008 from UCLA School of Law and clerked for Magistrate Judge John M. Dixon, Jr. in the Eastern District of California from 2008 to 2010. After her clerkship, Ms. Vuong worked for almost a decade at the United States Equal Employment Opportunity Commission (EEOC) as a trial attorney before serving as senior trial attorney and supervisory trial attorney until 2019. During her tenure at the EEOC, Ms. Vuong litigated or supervised the litigation of hundreds of employment discrimination cases ranging from single victim cases to nationwide cases involving thousands of victims. A true and correct copy of her resume is attached as **Exhibit 8**. A reasonable hourly rate for Ms. Vuong's services in the Los Angeles area is $775 per hour.

49.    Olivia N. Tran was an Associate Chief Counsel with DFEH from January 2017 to September 2021 and is currently an attorney with the State Compensation Insurance Fund. Prior to joining DFEH, she was an associate at Winston & Strawn, LLP and Fulbright & Jaworski, LLP. Ms. Tran has second chaired over 15 trials and arbitrations. She has extensive experience in both prosecuting and defending employment-law cases, from pre-filing investigation through trial. Ms. Tran graduated from the University of California, Berkeley School of Law in 2009. A true and correct copy of her resume is attached as **Exhibit 9**. A reasonable hourly rate for Ms. Tran's services in the Los Angeles area is $725 per hour.

50.    Siri Thanasombat is currently Associate Chief Counsel with DFEH. She is a 2009 graduate of New York University School of Law, where she was a Root Tilden Kern Fellow and an Editor for the NYU Law Review. She received her B.A. at UC Berkeley and Master's degree in Public Affairs at the Woodrow Wilson School at Princeton University. She has worked at the ACLU-Northern California, Morrison and Foerster, the Impact Fund, the Migration Policy Institute, and the U.S. Department of Labor. She also worked for the United Nations International Labour Organization in Bangkok, Thailand, and the Asia Foundation in Taiwan as a National Security Education Program Boren Fellow. From 2009 to 2018, she served as a trial attorney for the EEOC based in San Francisco

and Los Angeles, where she entered the federal agency as an EEOC Honors Attorney. At the EEOC, Ms. Thanasombat litigated or prepared charges for litigation in over a hundred employment discrimination cases and complex multiple-claimant civil rights lawsuits on behalf of the federal agency. Her educational background and legal experience include statistical analyses, regression models, and working with labor economists and statistical experts. A true and correct copy of her resume is attached as **Exhibit 10**. A reasonable hourly rate for Ms. Thanasombat's services in the Los Angeles area is $725 per hour.

51.    Gwendolyn Leachman has been Senior Staff Counsel with DFEH since August 2021. She has led the analysis of pay data collected under SB 973, contributed to litigation and investigations involving employment discrimination matters, and acted as a subject-matter expert for data analysis. Ms. Leachman received a J.D. from Berkeley Law in 2011 and a Ph.D. in Jurisprudence and Social Policy from UC Berkeley in 2014. Before joining DFEH, Ms. Leachman was a law professor at the University of Wisconsin Law School (UW) and an affiliate in the university's Sociology Department. She taught courses on employment discrimination, labor relations, and torts while at UW and published articles in peer review and law journals including the Annual Review of Law and Social Science, Cardozo Law Review, Harvard Journal of Law and Gender, Wisconsin Law Review, and U.C. Davis Law Review. Ms. Leachman previously taught courses on sexual orientation and gender identity law at UCLA Law School while conducting research funded by the Williams Institute and the National Science Foundation. A true and correct copy of her resume is attached as **Exhibit 11**. A reasonable hourly rate for Ms. Leachman's services in the Los Angeles area is $675 per hour.

52.    Irina Trasovan was Staff Counsel with the DFEH from September 2013 to March 2022. Ms. Trasovan was co-lead counsel for DFEH in *Dept. of Fair Employment and Housing v. Airbnb, Inc.*, an investigation and settlement involving racial discrimination in housing on the Airbnb platform. In addition, Ms. Trasovan represented DFEH as lead counsel in over 20 mediations and litigation matters, obtaining damages and injunctive relief for individuals who have experienced discrimination. Ms. Trasovan represented the Department as trial counsel in *Dept. of Fair Employ. & Housing v. David Grimberg*, a sexual harassment case against a landlord, obtaining a $45,000 judgment for the tenant and injunctive relief. She is a 2012 graduate of the University of California, Irvine School of Law, joining

-15-

the DFEH in the first class of Civil Rights Fellows. A true and correct copy of Ms. Trasovan's resume is attached as **Exhibit 12**. A reasonable hourly rate for Ms. Trasovan's services in the Los Angeles is $650 per hour.

53.    Denise Levey was Staff Counsel with DFEH from 2016 to March 2022. She is a 2012 graduate of the University of California, Davis School of Law and has been licensed to practice law in California since December 2012. At DFEH, she represented the DFEH as lead attorney in numerous court hearings and mediations, obtaining damages and injunctive relief for individuals who have suffered housing and employment discrimination. Before working for DFEH, she worked as a staff attorney at California Rural Legal Assistance, Inc., a nonprofit legal aid organization in Stockton, California, working on employment and housing cases. She has practiced civil rights law for over 9 years. A true and correct copy of Ms. Levey's resume is attached as **Exhibit 13**. A reasonable hourly rate for Ms. Levey's services in the Los Angeles area is $650 per hour.

54.    Brett D. Watson has been Senior Staff Counsel with DFEH since May 2022. He is a 2013 graduate of Northeastern University School of Law. At DFEH, he has contributed to the investigation and litigation of employment discrimination matters. Prior to DFEH, he was an Associate at Schneider Wallace Cottrell Konecky LLP for several years litigating numerous wage and hour class actions on behalf of workers. Mr. Watson began his career in private practice in the Baltimore/Washington, DC area representing workers, students, whistleblowers, and individuals with disabilities in civil rights litigation. Throughout his career, Mr. Watson has contributed to the litigation of hundreds of cases on behalf of plaintiffs and second-chaired a federal jury trial and administrative hearing before the United States Department of Labor. A true and correct copy of Mr. Watson's resume is attached as **Exhibit 14**. A reasonable hourly rate for Mr. Watson's services in the Los Angeles area is $625 per hour.

55.    Kaitlin Toyama was Staff Counsel with DFEH from March 2019 to September 2021. Ms. Toyama is currently an Attorney Advisor with the U.S. Department of Justice, Civil Rights Division, Federal Coordination and Compliance Section in Washington, DC, where she enforces Title VI of the Civil Rights Act of 1964. Ms. Toyama joined the DFEH as a Civil Rights Fellow and later became Staff Counsel. While at DFEH, Ms. Toyama led and co-led cases in investigation, litigation, and mediation,

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

including six Director's Complaint investigations, and oversaw over 30 individual investigations. Ms. Toyama is a 2017 graduate of the University of California, Hastings College of the Law where she externed in the United States District Court for the Northern District of California and also represented clients in the Ninth Circuit Court of Appeals and San Francisco County Superior Court. A true and correct copy of her resume is attached as **Exhibit 15**. A reasonable hourly rate for Ms. Toyama's services in the Los Angeles area is $550 per hour.

56.     Jennifer Reynolds previously served as a Civil Rights Fellow with DFEH, beginning in 2018. Prior to DFEH, Ms. Reynolds was a Fair Housing Staff Attorney at Project Sentinel, a nonprofit organization dedicated to assisting individuals with housing issues including discrimination. She is a 2017 graduate of the University of California, Los Angeles School of Law. A reasonable hourly rate for Ms. Reynolds's services in the Los Angeles area is $550 per hour.

57.     Nicholas Keats has been Staff Counsel with DFEH since November 2019. He is a 2017 graduate of University of California, Hastings College of the Law. At DFEH, he has focused on employment discrimination investigations and litigation. Before Mr. Keats became Staff Counsel, he was a Civil Rights Fellow with DFEH during which time he also focused on employment discrimination matters. Immediately prior to joining DFEH, he was a contract attorney for the law firm of Wilson Elser Moskowitz Edelman & Dicker where he largely focused on a complex breach of contract matter defending a public entity. Mr. Keats also previously was a research fellow for the Center for WorkLife Law where he researched developments in employment discrimination law. A true and correct copy of his resume is attached as **Exhibit 16**. A reasonable hourly rate for Mr. Keats's services in the Los Angeles area is $550 per hour

58.     Miriam Rofael is Staff Counsel with DFEH since September 2021. Prior to DFEH, Ms. Rofael worked for two years as a law clerk and legal research attorney for Judge Ethan P. Schulman at the San Francisco Superior Court. Ms. Rofael graduated from UC Berkeley School of Law in 2019. During law school, she had internships as a law clerk with the CA Department of Justice's Civil Rights Enforcement Division, Legal Aid at Work in San Francisco, and the East Bay Community Law Center. Miriam received her BA/BS in Law, Society & Justice, and Political Science from the University of

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

Washington in 2015. A true and correct copy of her resume is attached as **Exhibit 17**. A reasonable hourly rate for Ms. Rofael's services in the Los Angeles area is $475 per hour.

59.    Iva Townsel has been a Senior Legal Analyst with DFEH since July 2007, providing paralegal litigation support for attorneys, including DFEH's Chief Counsel and Assistant Chief Counsels. She has worked for DFEH since April 1998 in roles as Legal Secretary, Legal Assistant, and Legal Analyst. A true and correct copy of her resume is attached as **Exhibit 18**. A reasonable hourly rate for Ms. Townsel's services in the Los Angeles area is $225 per hour.

**APPELLATE COUNSEL EXPERTISE AND EXPERIENCE**

60.    DFEH has retained the law firm of Olivier & Schreiber LLP to represent DFEH in various appeals stemming from this matter.

61.    DFEH engaged the law firm of Olivier & Schreiber on a partial-contingency basis. (*See* Declaration of Monique Olivier in support of DFEH's Motion for Attorney Fees and Costs, ¶ 15.) DFEH has paid Olivier & Schreiber a modified hourly rate for time spent on the appeals related to this action, with the understanding that Olivier & Schreiber would receive the remainder of its market hourly rate should the Court award fees in connection with DFEH's Motion for Attorney Fees and Costs. (*Id.*)[2] A true and correct copy of Monique Olivier's declaration is attached as **Exhibit 19.**

62.    Monique Olivier is a partner of Olivier & Schreiber, an Oakland-based firm representing individuals and classes in civil litigation and appeals. O&S specializes in employment, consumer, and civil rights matters. Prior to forming Olivier & Schreiber in 2018, she was a partner at Duckworth Peters Lebowitz Olivier LLP in San Francisco. She is an Appellate Specialist certified by the California State Bar Board of Legal Specialization. She is a Mediator and an Early Neutral Evaluator for the U.S. District Court, Northern District of California's ADR Program and a member of the Northern District's Pro Bono Panel. She is the current President of the Federal Bar Association's Northern California Chapter. She received her J.D. (Order of the Coif) from the U.C. Davis King Hall School of Law in

---

[2] DFEH requests that the Court allocate a portion of DFEH's fee award directly to the law firm of Olivier & Schreiber, LLP at a rate equal to the difference between the discounted hourly rate DFEH has paid to Olivier & Schreiber thus far and the market rates of Olivier & Schreiber timekeepers listed in the table below. (*See* ¶ 89, *infra.*) DFEH further requests that the Court consider the discounted hourly rate DFEH has paid to Olivier & Schreiber to date as part of DFEH's costs incurred. This arrangement will spare DFEH, as a government agency, of having to seek authorization to transfer a portion of its awarded fees and costs to Olivier & Schreiber.

-18-

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

1997 and her B.A. from Boston College in 1991. A true and correct copy of her resume is attached as **Exhibit 20**. A reasonable hourly rate for Ms. Olivier's services in the Los Angeles area is $925 per hour.

63.    Christian Schreiber is also a partner of Olivier & Schreiber. He has been practicing law for sixteen years. He obtained his J.D. from the UCLA School of Law in 2006 with a concentration in Critical Race Studies and having completed the Program in Public Interest Law & Policy. Prior to founding Olivier & Schreiber, he was a partner at Chavez & Gertler LLP, where he prosecuted class action and other complex litigation matters across the country. Mr. Schreiber has served as class counsel in class actions filed in courts across the United States, including numerous wage and hour cases in California. A true and correct copy of his resume is attached as **Exhibit 21**. A reasonable hourly rate for Mr. Schreiber's services in the Los Angeles area is $825 per hour.

64.    Hannah Shirey is an Associate Attorney of Olivier & Schreiber. Before working at Olivier & Schreiber, Ms. Shirey served as a law clerk for the Honorable Michael J. Melloy of the United States Court of Appeals for the Eighth Circuit and for the Honorable James E. Gritzner of the United States District Court for the Southern District of Iowa. Ms. Shirey earned her law degree from the University of Iowa College of Law in 2018. A true and correct copy of her resume is attached as **Exhibit 22**. A reasonable hourly rate for Ms. Shirey's services in the Los Angeles area is $500 per hour.

65.    Various paralegals and legal assistants from Olivier & Schreiber LLP also worked on this matter. A reasonable hourly rate for their services in the Los Angeles area is $225 per hour.

**COUNSEL'S REQUESTED RATES ARE REASONABLE AND CONSISTENT WITH COURT AWARDS OF FEES**

66.    DFEH seeks compensation for the time expended by attorneys and legal support staff on this matter at the market rates listed in the table below. (*See* ¶ 89, *infra.*)

67.    The hourly rates are reasonable and consistent with the rates charged by attorneys in the area for work on comparable cases, as further described in the attached declaration of Richard M. Pearl, an expert on attorney fee issues. DFEH retained the services of Richard M. Pearl to draft a sworn declaration in support of its Motion for Attorney Fees and Costs, to which this declaration is attached. Richard M. Pearl's declaration supports the DFEH's request for fees. A true and correct copy of Richard M. Pearl's declaration is attached as **Exhibit 23.**

68. The requested rates are consistent with rates awarded or approved by the courts for DFEH counsel in the matter of *Dept. of Fair Employ. & Housing v. M&N Financing Corp., et al* No. BC591206 (Los Angeles Superior Court), with reasonable increases in rates over three years for counsel who worked on this action. (*See Dept. of Fair Employ. & Housing v. M&N Financing Corp., et al* No. BC591206 [2019 decision awarding Ms. Mayeda's then current rate of $875/hour, Ms. Tran $600/hour.].)

**COUNSEL'S REQUESTED HOURS ARE REASONABLE BASED ON THE NATURE OF THE CASE AND WORK PERFORMED**

69. DFEH seeks compensation for hours spent on the investigation and litigation of this matter, including time spent propounding and responding to numerous sets of discovery, reviewing tens of thousands of pages of documents, taking a deposition, briefing, responding to, and/or arguing over 10 motions, and attempting to settle the case. DFEH staffed the case with experienced lead attorneys, senior attorneys, and several junior attorneys due to the complex and contentious nature of the litigation. Below is a description of the work performed by each:[3]

70. I assisted with the litigation and settlement of this matter beginning in August 2021 and took over as lead counsel for DFEH in April 2022. I facilitated and co-managed all aspects of litigation and discovery including document review, deposition preparation, and drafting of third-party subpoenas. I also facilitated and handled meet and confer communications with Riot. I prepared for and attended mediation sessions and participated in settlement discussions among the various parties. Lastly, I have overseen preliminary approval of the settlement documents and administration of the settlement process and procedures. DFEH is seeking fees for 468.1 hours at my market rate.

71. Mari Mayeda served as co-lead counsel for DFEH from the inception of the investigation through much of the litigation of this matter. Ms. Mayeda managed and led DFEH's pursuit of pay data and other relevant documents during the investigation. She also oversaw the preparation and drafting of DFEH's formal objection to Riot's proposed settlement with Plaintiffs. In litigation, Ms. Mayeda actively managed discovery and spent time reviewing data and documents and correspondence with Riot

---

[3] DFEH's detailed billing records total more than 700 pages. In lieu of providing complete billing records, the nature of the work performed is summarized here. Should the Court wish to review compete billing records, DFEH will provide them at the Court's request.

-20-

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

regarding discovery disputes. Ms. Mayeda was involved in briefing many of DFEH's discovery and dispositive motions as well as drafting the briefs in opposition to Riot's numerous motions. Ms. Mayeda drafted mediation briefs and attended mediation sessions. She oversaw the work of all other attorneys and managed communications with the other parties. DFEH is seeking fees for 1348.1 hours at Ms. Mayeda's market rate.

72. Antonio Lawson assisted with the litigation and settlement of this matter beginning in September 2021. He appeared at various court hearings on behalf of DFEH. Mr. Lawson also prepared for and attended mediation sessions. Mr. Lawson has overseen preliminary approval of the settlement documents and administration of the settlement process and procedures. DFEH is seeking fees for 40.6 hours at Mr. Lawson's market rate.

73. Anthony Grumbach primarily assisted with researching and drafting DFEH's formal objection to Riot's proposed settlement with Plaintiffs. Mr. Grumbach also drafted portions of DFEH's petition to compel Riot's responses to DFEH's investigative document requests. DFEH is seeking fees for 44.9 hours at Mr. Grumbach's market rate.

74. Melanie Proctor served as lead counsel for DFEH throughout the litigation and settlement of this matter. Ms. Proctor managed and oversaw the preparation and drafting of DFEH's Motion for Protective Order and for Corrective Notice to Class as well as DFEH's Motion for Summary Adjudication. She assisted in drafting various *ex parte* applications, motions to compel, and other discovery motions. She also contributed to DFEH's legal memoranda opposing numerous motions and *ex parte* applications filed by Riot. Ms. Proctor was integral to DFEH's lengthy and time-consuming efforts to obtain litigation discovery, which included propounding and responding to many sets of discovery, meeting and conferring with Riot, drafting and exchanging correspondence with Riot and the Court, and attending IDCs regarding numerous discovery disputes. Ms. Proctor also prepared for and attended mediation sessions. Lastly, she was instrumental to the settlement negotiations and preparation of the settlement and approval documents. DFEH is seeking fees for 988.6 hours at Ms. Proctor's market rate.

75. Andrew Lah assisted with litigation discovery matters such as reviewing discovery responses and documents produced as well as preparing for potential depositions. Mr. Lah was also

-21-

involved in internal discussions and communications regarding litigation strategy and case planning. DFEH is seeking fees for 44.4 hours at Mr. Lah's market rate.

76.     Grace Shim was integrally involved in both the investigation and litigation of this matter. During the investigation, she assisted with preparing investigative discovery requests, reviewing documents and data, and drafting and reviewing correspondence with Riot. She also drafted pleadings including DFEH's petition to compel Riot's responses to investigative discovery. In addition, Ms. Shim assisted in all facets of litigation, which included preparing discovery requests, reviewing and managing documents and data from Riot, drafting briefs, pleadings, and correspondence in connection with discovery and other motion practice, and preparing for mediation. She conducted research, managed court and other litigation deadlines, and participated in internal discussions and communications regarding litigation strategy and case planning. DFEH is seeking fees for 1537.4 hours at Ms. Shim's market rate.

77.     Rumduol Vuong primarily assisted with drafting and preparing motions to compel Riot's responses to litigation discovery. She also conducted research on several discrete legal issues. Ms. Vuong prepared for and appeared at the hearing on preliminary approval of the settlement documents. DFEH is seeking fees for 37.1 hours at Ms. Vuong's market rate.

78.     Olivia Tran assisted with the litigation of this matter beginning in March 2021. Ms. Tran was involved in reviewing and managing documents and data produced by Riot, preparing discovery responses, and drafting briefs, pleadings, and correspondence in connection with various discovery matters and motions. She drafted briefs in opposition to Riot's numerous motions to seal documents and took a leading role in preparing motions to compel Riot's responses to litigation discovery. Ms. Tran also conducted research and participated in internal discussions and communications regarding litigation strategy and case planning. DFEH is seeking fees for 487.2 hours at Ms. Tran's market rate.

79.     Siri Thanasombat primarily assisted with the investigation of this matter by preparing investigative discovery requests and drafting and reviewing meet and confer correspondence with Riot regarding Riot's responses to DFEH's investigative discovery requests. She also conducted research on several discrete legal issues and participated in internal discussions and communications regarding strategy and case planning. In addition, Ms. Thanasombat assisted with mediation preparation by

-22-

drafting portions of DFEH's mediation briefs. DFEH is seeking fees for 128.9 hours at Ms. Thanasombat's market rate.

80.    Gwendolyn Leachman exclusively performed class data analysis functions following preliminary approval of settlement. After Riot produced pay data for settlement administration purposes, Ms. Leachman reviewed and analyzed the data and preliminary calculations of settlement awards for accuracy. DFEH is seeking fees for 43.3 hours at Ms. Leachman's market rate.

81.    Irina Trasovan assisted with both the investigation and litigation of this matter. During the investigation, she assisted with drafting and reviewing correspondence with Riot, preparing documents related to DFEH's petition to compel Riot's responses to investigative discovery, and drafting various pleadings, status reports, and other filings. With regard to litigation, Ms. Trasovan assisted with drafting documents related to DFEH's Motion to Intervene as well as *ex parte* applications and other briefs. Ms. Trasovan assisted with mediation preparation and participated in internal discussions and communications regarding litigation strategy and case planning. DFEH is seeking fees for 149.7 hours at Ms. Trasovan's market rate.

82.    Denise Levey assisted with the litigation of this matter beginning in May 2021. Ms. Levey was involved in reviewing documents and data produced by Riot, preparing discovery requests and responses, preparing documents related to third party subpoenas, and drafting briefs and correspondence in connection with various discovery matters and motions. Ms. Levey took a leading role in researching, drafting, and preparing several motions to compel Riot's responses to litigation discovery. She also conducted research on various legal issues and participated in internal discussions and communications regarding litigation strategy and case planning. Lastly, Ms. Levey assisted in preparing DFEH's Motion for Attorney Fees and Costs and supporting documents. DFEH is seeking fees for 424.8 hours at Ms. Levey's market rate.

83.    Brett Watson primarily assisted with the drafting and preparation of DFEH's Motion for Attorney Fees and Costs and supporting documents. Mr. Watson also contributed to preparing the Amended Consent Decree/Class Settlement and supporting documents. In addition, he assisted with settlement administration tasks. DFEH is seeking fees for 64.8 hours at Mr. Watson's market rate.

84.    Kaitlin Toyama worked on this matter from the inception of the administrative investigation in 2018. She was integrally involved in all facets of the investigation and litigation of this matter. She assisted with conducting research, reviewing documents, preparing internal memoranda, interviewing witnesses, and drafting discovery, motions, and other pleadings. As one of DFEH's dedicated junior attorneys on the case, she was tasked with near daily assignments. Ms. Toyama contributed to almost every event, filing, or issue in the case until her departure from DFEH in September 2021. DFEH is seeking fees for 1746.2 hours at Ms. Toyama's market rate.

85.    Jennifer Reynolds primarily assisted with the administrative investigation of Riot. Ms. Reynolds assisted with various tasks in connection with DFEH's petition to compel responses to DFEH's investigative discovery requests. She also conducted research on several discrete legal issues and participated in internal discussions and communications regarding strategy and case planning. DFEH is seeking fees for 37.6 hours at Ms. Reynolds's market rate.

86.    Nicholas Keats primarily assisted with class outreach. He interviewed numerous potential class members and witnesses for evidence and information. DFEH is seeking fees for 41.5 hours at Mr. Keats's market rate.

87.    Miriam Rofael primarily assisted with briefing motions to seal documents and drafting various motions to compel discovery. She also conducted research on several discrete legal issues. In addition, Ms. Rofael drafted class notice materials and answers to frequently asked questions (FAQ) for settlement administration purposes. DFEH is seeking fees for 191.6 hours at Ms. Rofael's market rate.

88.    Iva Townsel almost exclusively reviewed documents and data produced by Riot in response to DFEH's litigation discovery requests. She also created indexes of Riot's documents. DFEH is seeking fees for 69 hours at Ms. Townsel's market rate.

**DFEH HAS EXERCISED BILLING JUDGMENT**

89.    The total lodestar of time reasonably expended by, and on behalf of, DFEH includes the following:

-24-

| Name | Role | Year of Graduation | Hourly Rate ($) | No. of Hours Requested | Subtotal ($) |
|---|---|---|---|---|---|
| Mari Mayeda | Attorney | 1983 | 975 | 1348.1 | 1,314,397.50 |
| Antonio Lawson | Lead Attorney | 1988 | 950 | 40.6 | 35,525.00 |
| Anthony Grumbach | Attorney | 1993 | 900 | 44.9 | 40,410.00 |
| Monique Olivier | Appellate Counsel | 1997 | 220*/925 market rate | 29.7 | 20,938.50 (difference between modified rate paid and market rate) |
| Alexis McKenna | Lead Attorney | 1998 | 875 | 468.1 | 397,885.00 |
| Melanie Proctor | Lead Attorney | 2003 | 850 | 988.6 | 840,310.00 |
| Andrew Lah | Attorney | 2004 | 825 | 44.4 | 36,630.00 |
| Grace Shim | Attorney | 2006 | 800 | 1537.4 | 1,229,920.00 |
| Christian Schreiber | Appellate Counsel | 2006 | 220*/825 market rate | 4.7 | 2,843.50 (difference between modified rate paid and market rate) |
| Rumie Vuong | Attorney | 2008 | 775 | 37.1 | 28,752.50 |
| Olivia Tran | Attorney | 2009 | 725 | 487.2 | 353,220.00 |
| Siri Thanasombat | Attorney | 2009 | 725 | 128.9 | 93,452.50 |
| Gwendolyn Leachman | Attorney | 2011 | 675 | 43.3 | 29,227.50 |
| Irina Trasovan | Attorney | 2012 | 650 | 149.7 | 97,305.00 |
| Denise Levey | Attorney | 2012 | 650 | 424.8 | 276,120.00 |
| Brett Watson | Attorney | 2013 | 625 | 64.8 | 40,500.00 |
| Kaitlin Toyama | Attorney | 2017 | 550 | 1746.2 | 960,410.00 |
| Jennifer Reynolds | Attorney | 2017 | 550 | 37.6 | 20,680.00 |
| Nicholas Keats | Attorney | 2017 | 550 | 41.5 | 22,825.00 |
| Hannah Shirey | Appellate Counsel | 2018 | 220*/500 market rate | 22.0 | 6,160.00 (difference between modified rate paid and market rate) |
| Miriam Rofael | Attorney | 2019 | 475 | 191.6 | 91,010.00 |
| Iva Townsel | Legal Support Staff | N/A | 225 | 69.0 | 15,525.00 |
| Olivier & Schreiber Paralegals | Appellate Paralegal | N/A | 205*/250 market rate | 21.8 | 981.00 (difference between modified rate paid and market rate) |

*As agreed to be paid by DFEH per Olivier & Schreiber LLP's modified rate sheet. DFEH is seeking the difference between the modified rate and the market rate as fees for purposes of its Motion. DFEH seeks to recover as costs the modified rate already paid to Olivier & Schreiber LLP.

90.    I have reviewed and confirmed the accuracy of the table above that sets out the hourly rates, the number of hours, and the fees requested in DFEH's Motion for Attorney Fees and Costs, to

-25-

which this declaration is attached. The time reflected in the table above was expended in the litigation of this action and necessary for the prosecution of the claims of the DFEH. The table is based on contemporaneous time records all staff are required to keep and sets out the total lodestar amount for each attorney litigating this matter on behalf of DFEH after exercising billing judgment.

91.     I facilitated DFEH's exercise of extensive billing judgment and considerably reduced the overall hours expended to include only critical time spent on this case. For example, DFEH has included only timekeepers that expended at least 25 hours on the case. Several DFEH attorneys, paralegals, and legal assistants worked on this case to process and review Riot's document productions, research legal issues, and assist in discrete projects, yet DFEH is excluding many of those hours for which it could seek compensation in its exercise of billing judgment, amounting to a reduction in approximately 118.5 attorney hours. Moreover, although former DFEH Chief Counsel Janette Wipper expended significant time on this case, including participating in all mediation sessions of this matter, DFEH does not seek fees for Ms. Wipper's time.

92.     In total, after excluding the time billed by the timekeepers described in the foregoing paragraph, DFEH expended 7,893.8 hours amounting to **$5,924,105** in fees at the market rates requested. In addition, Olivier & Schreiber expended 78.2 hours and incurred **$30,923** in fees on a contingency basis.

93.     In addition to exercising the discretion and billing judgment discussed above, the fee award DFEH requests in its Motion for Attorney Fees and Costs incorporates a 10% discretionary reduction to the total lodestar value to ensure that any redundant, administrative, and less consequential time is removed from the lodestar.

94.     Accordingly, DFEH requests a final lodestar of **$5,331,694.50** on behalf of DFEH and **$27,830.70** on behalf of Olivier & Schreiber**.**

**DFEH REQUESTS A MODEST POSITIVE MULTIPLIER**

95.     DFEH requests a modest 1.3 upward adjustment to its final lodestar request in this case. DFEH achieved an extraordinary result that will have an immediate and lasting impact, and thus a multiplier is warranted. The Court has the authority to adjust the lodestar. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122.)

-26-

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

96.    DFEH has brought tremendous value and expertise to this case to produce exceptional benefits to the both the class and public interest. Notably, the DFEH prosecuted this matter to benefit the public interest of the State of California. DFEH filed suit to enforce California's civil rights law because Riot's discriminatory treatment of this large group of female workers located throughout the State is detrimental to the citizens of the State of California. At the time DFEH intervened in this case, Plaintiffs were prepared to accept a wholly inadequate settlement of only $10 million that lacked any affirmative relief. DFEH objected to that settlement and intervened. With DFEH primarily seeking and enforcing discovery, the parties negotiated a monetary settlement that was *10 times higher* and includes significant injunctive relief to the benefit of Riot's women workers in particular and in the interests of California workers more broadly.

97.    DFEH's total request is also consistent with previous fee awards received. In *Department of Fair Employment and Housing v. M&N Financing Corporation*, Los Angeles Superior Court Case No. BC591206, DFEH obtained an upward adjustment on its requested fees on May 21, 2019.

98.    Based on an upward adjustment in the amount of a 1.3 multiplier, DFEH requests a **total fee award** in the amount of **$6,967,382.76**. DFEH requests that the Court allocate $6,931,202.85 to DFEH and $36,179.91 directly to Olivier & Schreiber. (*See* footnote 2, *supra*.)

99.    DFEH and Olivier & Schreiber intend to seek a further award from the Court from the allocated funds—after final resolution of Riot's ongoing appeals—for additional fees and costs incurred for reasonable hours expended on the ongoing appellate work related to this matter. The remainder of the maximum fee award authorized by the Amended Consent Decree/Class Settlement ($8,500,000), after any additional fees for the ongoing appeals in this case, shall be awarded to the class.

**DFEH IS ENTITLED TO COSTS**

100.    In addition to time records, DFEH maintained contemporaneous records of expenses incurred through the litigation of this matter.

101.    DFEH claims costs of **$276,490.04** for filing fees and court costs, expert fees and costs, mediations, depositions, appellate counsel, and a jury fee.

102.    DFEH retained two experts who assisted significantly with DFEH's preparation of this case: an electronic discovery expert and an expert on pay disparity. Additionally, DFEH retained the

-27-

services of Richard M. Pearl for purposes of preparing its Motion for Attorney Fees and Costs and accompanying documents.

103.    As noted above, DFEH retained Olivier & Schreiber LLP to represent DFEH in the ongoing appeals in this matter. To date, DFEH has paid $16,877 to Olivier & Schreiber for its services. DFEH seeks to recover as costs the modified rate already paid to Olivier & Schreiber LLP. (*See* footnote 2, *supra*.)

104.    All costs claimed by the DFEH are permitted by statute and/or not prohibited under the law. Further, all claimed costs were reasonably incurred in the conduct of the instant litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 30th day of September 2022, at Oakland, California.

_____
Alexis S. McKenna

*McCracken, et al. v. Riot Games, Inc., et al.*
Declaration of Alexis S. McKenna ISO Plaintiff-Intervenor DFEH's Motion for Attorney Fees and Costs

**EXHIBIT 15**



# Los Angeles Times

CALIFORNIA

# DWP secures law firm, at up to $1,975 an hour, to defend against Palisades fire lawsuits



Palisades High School sits across the street from homes destroyed in the Palisades fire. (Genaro Molina / Los Angeles Times)




**By Matt Hamilton and David Zahniser**

Feb. 14, 2025 **Updated** 10:02 AM PT

Faced with a deluge of litigation from the Palisades fire, the Los Angeles Department of Water and Power approved a three-year, $10-million contract with a top law firm to

defend the utility.

The Board of Water and Power, which is made up of mayoral appointees, voted Tuesday to retain the L.A. firm Munger, Tolles & Olson to investigate anticipated claims related to the fire and respond to lawsuits from residents whose homes were destroyed or damaged.

Although the firm is to be paid by DWP, it was selected by L.A. City Atty. Hydee Feldstein Soto.

Under the deal, partners at the firm will charge the utility up to $1,975 per hour for their legal work. Associates will bill from $745 to $1,180 per hour. A spokesperson for Feldstein Soto said this "discounted rate structure" was among the factors that led to the selection of the firm.

Although the agreement was formally approved this week, Munger, Tolles & Olson began representing the city on Jan. 12, five days after the Palisades fire broke out, destroying nearly 7,000 homes and other structures and killing at least 12.

The swift hiring of the law firm contrasts sharply with DWP's pace in finding a contractor to repair the Santa Ynez Reservoir, a 117-million-gallon water storage complex in the Palisades that was empty during the Palisades fire. Utility workers found a tear in the reservoir's floating cover in January 2024 and emptied it a few months later in preparation for repairs.

ADVERTISEMENT

Why the reservoir was taken offline, and why it has remained out of service for so long, is likely to be a major part of Munger Tolles' work. DWP has pointed to the competitive bidding process for the repairs as among the reasons for the delay. The law firm is also expected to defend against claims about fire hydrants running dry.

Karen Richardson, another spokesperson for Feldstein Soto, said in an email that the law firm was retained for several reasons, including its specialized expertise and the DWP's "pressing need" for representation during an emergency. The city attorney's office interviewed three law firms before selecting Munger Tolles, Richardson said.

In a memo discussing the firm's scope of work, DWP Chief Executive Janisse Quiñones and general counsel Benjamin Chapman noted that Munger, Tolles & Olson lawyers have handled lawsuits related to several large wildfires.

As part of the massive litigation from the 2023 fires in Maui, about 75 Munger Tolles staffers and lawyers helped represent Hawaiian Electric Industries and Hawaiian Electric Co., according to the law firm's website. Those lawsuits were ultimately settled for more than $4 billion, although the payouts have been held up after insurance companies opposed the deal.

Munger Tolles also represented Pacific Gas & Electric Co. in connection with the 2018 Camp fire, which destroyed the town of Paradise and left 84 people dead. PG&E ultimately pleaded guilty to 84 counts of involuntary manslaughter. Munger Tolles also represented the utility in regulatory matters and litigation arising from the fire.

In their memo, the DWP officials wrote that wildfires involving utilities "require aggressive and thorough investigation and defense on multiple fronts," with numerous

claims brought by individuals and insurance companies. Seeking out significant prior experience, they wrote, was "proper and prudent."

Munger Tolles was also chosen because of its presence in L.A., Feldstein Soto spokesperson Ivor Pine said.

A spokesperson for the law firm, which also represents Southern California Edison, declined to comment, referring The Times to the city attorney's office.

Munger Tolles partner Daniel Levin will serve as the point person for day-to-day work on the DWP cases. He was part of the team defending the city of L.A. in a lawsuit that accused the city of creating affordable housing that was not accessible to people with disabilities.

That long-running suit was settled in August, with the city agreeing to pay $40 million. For that case, Munger Tolles partners billed $1,045 to $1,245 per hour, according to a 2024 rate sheet reviewed by The Times.

The city is expected to face hundreds, and potentially thousands, of claims from homeowners, businesses and insurance companies over the Palisades fire. So far, at least five lawsuits with more than three dozen plaintiffs, including reality TV stars Heidi Montag and Spencer Pratt, have been filed against the city in L.A. County Superior Court.

The lawsuits are alleging "inverse condemnation," which allows landowners to pursue compensation when damage to their property is caused by public use. In these cases, the homeowners are tracing the fire damage to DWP.

Those who lost homes or businesses in the Eaton fire are suing Southern California Edison under the same concept. Whereas plaintiffs have accused Southern California

Edison of sparking the Eaton fire with its equipment, the DWP's electrical equipment has not been implicated in the Palisades fire.

The suits against DWP generally allege that "improper design, installation, construction, ownership, operation" or maintenance of the water system in the Palisades caused or worsened the damage from the fire. They also focus on the fact that scores of hydrants went dry as firefighters battled the Palisades fire.

The DWP has maintained that its water system was built according to city standards and that only one-fifth of hydrants in the Palisades, largely in higher-elevation areas, lost water pressure. DWP officials said that they were required to empty the reservoir to comply with water quality regulations, and that the repair process was prolonged by the city's competitive bidding process and the availability of the contractor who was eventually retained to carry out the work.

---

## More to Read

### After the Fires: L.A.'s double disaster left thousands of scars, and the healing will take years

Dec. 17, 2025



---



## Sign up for Essential California

The most important California stories and recommendations in your inbox every morning.

By continuing, you agree to our Terms of Service and our Privacy Policy.

| Enter email address | **Agree & Continue** |



**Matt Hamilton**

Matt Hamilton is a former reporter for the Los Angeles Times. He won the 2019 Pulitzer Prize for investigative reporting with colleagues Harriet Ryan and Paul Pringle and was part of the team of reporters that won a Pulitzer Prize for its coverage of the San Bernardino terrorist attack. A graduate of Boston College and the University of Southern California, he joined The Times in 2013.

 **David Zahniser**

David Zahniser covers Los Angeles City Hall for the Los Angeles Times.

Copyright © 2026, Los Angeles Times | Terms of Service | Privacy Policy | CA Notice of Collection | Do Not Sell or Share My Personal Information

**EXHIBIT 16**



FILED
KERN COUNTY SUPERIOR COURT
6/14/2021

BY Taylor, Geena
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KERN

METROPOLITAN DIVISION

| | |
|---|---|
| **FATHER TREVOR BURFITT,** | Case No. BCV-20-102267 |
| Plaintiff, | [PROPOSED] **FINAL JUDGMENT ENTERING PERMANENT INJUNCTION, AWARDING ATTORNEY'S FEES, AND DISMISSING ACTION WITH PREJUDICE** |
| v. | |
| **GAVIN NEWSOM et al.,** | Judge: The Honorable Gregory A. Pulskamp |
| Defendants. | Action Filed: September 29, 2020 |

1

It is hereby **ORDERED** that Defendant Gavin Newsom, in his official capacity as Governor of the State of California, all State officers, agents, employees, and all other persons in active concert or participation with him, are hereby permanently enjoined state-wide from issuing or enforcing regulations issued in connection with the COVID-19 State of Emergency declared on March 4, 2020, that impose:

(1)  any capacity or numerical restrictions on religious worship services and gatherings at places of worship, provided that if

(a)  hospital admissions for individuals aged 1-17 suffering from COVID-19 rise at least 100% statewide, or at least 200% in a county with at least 10 hospitalizations in the prior week, in each of two consecutive weeks; or

(b)  statewide daily case rates for COVID-19 rise above 25 cases per hundred thousand persons, and the statewide four-week total projected available adult intensive care unit bed capacity falls below 20%,

the State may impose capacity or numerical restrictions on religious worship services and gatherings at places of worship that are either identical to, or at least as favorable as, the restrictions imposed on other similar gatherings of similar risk, as identified by the Supreme Court in *Tandon v. Newsom* (2021) 141 S.Ct. 1294, *South Bay United Pentecostal Church v. Newsom* (2021) 141 S.Ct. 716, *Harvest Rock Church, Inc. v. Newsom* (2021) 141 S.Ct. 1289, and *Roman Catholic Diocese of Brooklyn v. Cuomo* (2020) 141 S.Ct. 63;

(2)  any new public health precautions on religious worship services and gatherings at places of worship not in the current guidance, unless those precautions are either identical to, or at least as favorable as, the precautions imposed on other similar gatherings of similar risk, as identified by the Supreme Court in *Tandon v. Newsom* (2021) 141 S.Ct. 1294, *South Bay United Pentecostal Church v. Newsom* (2021) 141 S.Ct. 716, *Harvest Rock Church, Inc. v. Newsom* (2021) 141 S.Ct. 1289, and *Roman Catholic Diocese of Brooklyn v. Cuomo* (2020) 141 S.Ct. 63; and

[PROPOSED] JUDGMENT (BCV-20-102267)

(3) any restrictions or prohibitions on the religious exercise of singing and chanting during religious worship services and gatherings at places of worship besides generally applicable restrictions or prohibitions included in the guidance for live events and performances.

This Order does not prohibit the State from issuing recommendations, best practices, precautions, or other measures, as long as such promulgations make clear to the public that they are voluntary and not enforceable.

It is further **ORDERED** that Plaintiff should be and hereby is declared a successful party for purposes of section 1021.5 of the Code of Civil Procedure and that Defendant Governor Gavin Newsom shall pay Plaintiff the sum of $550,000 in full satisfaction of Plaintiff's reasonable attorney's fees (exclusive of costs of suit, any right of which to recover Plaintiff expressly waives) necessarily incurred in this case;

It is further **ORDERED** that this action is dismissed with prejudice in its entirety, as to all Defendants; and

It is further **ORDERED** that this Court shall retain jurisdiction over this action pursuant to section 664.6 of the Code of Civil Procedure for purposes of implementing and enforcing the stipulated final judgment.

It is so **ORDERED.**

Signed: 6/14/2021 10:56 AM

June 14, 2021
Dated: May ___, 2021

_Gregory A. Pulskamp_
Hon. Gregory A. Pulskamp
Judge of the Superior Court

3

[PROPOSED] JUDGMENT (BCV-20-102267)

**EXHIBIT 17**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOUTH BAY UNITED PENTECOASTAL CHURCH, et al., | Case No. 3:20-cv-865-BAS-AHG |
| Plaintiffs, | **JUDGMENT ENTERING PERMANENT INJUNCTION, AWARDING ATTORNEY'S FEES, AND DISMISSING ACTION WITH PREJUDICE** |
| v. | |
| GAVIN NEWSOM, in his official capacity as the Governor of California, *et al.*, | |
| Defendant. | |

It is hereby **ORDERED** that Defendant Gavin Newsom, in his official capacity as Governor of the State of California, all State officers, agents, employees, and all other persons in active concert or participation with him, are hereby permanently enjoined state-wide from issuing or enforcing regulations issued in connection with the COVID-19 State of Emergency declared on March 4, 2020, that impose:

(1)     any capacity or numerical restrictions on religious worship services and gatherings at places of worship, provided that if

(a)     hospital admissions for individuals aged 1-17 suffering from COVID-19 rise at least 100% statewide, or at least 200% in a county with at least 10 hospitalizations in the prior week, in each of two consecutive weeks; or

- 1 -

20cv865

(b)    statewide daily case rates for COVID-19 rise above 25 cases per hundred thousand persons, and the statewide four week total projected available adult intensive care unit bed capacity falls below 20%, the State may impose capacity or numerical restrictions on religious worship services and gatherings at places of worship that are either identical to, or at least as favorable as, the restrictions imposed on other similar gatherings of similar risk, as identified by the Supreme Court in *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), *South Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021), *Harvest Rock Church, Inc. v. Newsom*, 141 S. Ct. 1289 (2021), and *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020);

(2)    any new public health precautions on religious worship services and gatherings at places of worship not in the current guidance, unless those precautions are either identical to, or at least as favorable as, the precautions imposed on other similar gatherings of similar risk, as identified by the Supreme Court in *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), *South Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021), *Harvest Rock Church, Inc. v. Newsom*, 141 S. Ct. 1289 (2021), and *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020); and

(3)    any restrictions or prohibitions on the religious exercise of singing and chanting during religious worship services and gatherings at places of worship besides generally applicable restrictions or prohibitions included in the guidance for live events and performances.

This Order does not prohibit the State from issuing recommendations, best practices, precautions, or other measures, as long as such promulgations make clear to the public that they are voluntary and not enforceable.

It is further **ORDERED** that Plaintiffs should be and hereby are declared prevailing parties for purposes of 42 U.S.C. § 1988; and that Defendant Governor Gavin Newsom shall pay Plaintiffs the sum of $1,600,000 for Plaintiffs' reasonable attorney's fees (exclusive of costs of suit, any right of which to recover Plaintiffs expressly waive)

- 2 -

necessarily incurred in this case.  Pursuant to 28 U.S.C. § 1961, post-judgment interest shall begin to accrue 60 days from the date this Court signs this Order;

It is further **ORDERED** that this action is dismissed with prejudice in its entirety, as to all Defendants; and

It is further **ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment.

**IT IS SO ORDERED.**

**DATED: June 1, 2021**

Hon. Cynthia Bashant
United States District Judge

- 3 -

20cv865

**EXHIBIT 18**

**Learn more about  LSEG**

# More lawyers join the $3,000-an-hour club, as other firms close in

By **David Thomas** and **Mike Scarcella**

February 27, 2025 1:15 PM PST · Updated February 27, 2025

  

U.S. dollar notes are seen in this November 7, 2016 picture illustration. REUTERS/Dado Ruvic/Illustration Purchase Licensing
Rights ⤢

**Summary**     Companies

- Plus: Tesla pays plaintiffs' lawyers $176 million in Musk case
- More Trump nominees disclose law firm pay

Feb 27 (Reuters) - (Billable Hours is Reuters' weekly report on lawyers and money. Please send tips or suggestions to D.Thomas@thomsonreuters.com ⧉ )

Some top partners at U.S. law firm Quinn Emanuel Urquhart & Sullivan are now charging a standard fee of $3,000 an hour, Reuters reported this week, signaling a new high for the industry.

> Jumpstart your morning with the latest legal news delivered straight to your inbox from The Daily Docket newsletter. Sign up here.

Lawyers at at least one other firm have hit the same milestone: Litigator Neal Manne said on Thursday that he and his partner Bill Carmody at Susman Godfrey also adopted $3,000 hourly rates this year, though he said they often agree on case-specific fees instead of charging by the hour.

Manne's clients include Chevron and Live Nation, and Carmody has represented ride-sharing giant Uber.

With law firm billing rates swiftly rising at big firms around the country and nearly doubling in the past decade, lawyers at other large firms are not far behind.

A review of court filings in bankruptcies and other cases shows that several firms are now charging top hourly rates above $2,500.

Wilson Sonsini Goodrich & Rosati said ⧉ last year that some of its partners would begin billing client Rite Aid up to $2,720 an hour for bankruptcy work.

Some partners at Kirkland & Ellis, ranked the highest-grossing U.S. law firm by The American Lawyer, said ⧉ in December they would bill at $2,675 an hour this year, up from $2,445 in 2024.

Second-ranked Latham & Watkins said ⧉ in December that its partners were charging up to $2,745 an hour in the Chapter 11 bankruptcy of online used car seller Vroom.

Sidley Austin said ⧉ in a January 29 application to represent Prospect Medical Group in the hospital group's bankruptcy that its partners would charge $2,610 an hour this year.

Law firms do not typically publicize their rates, but they are sometimes required to disclose them in bankruptcies and class actions or may reveal them in public contracts with governmental clients.

More lawyers join the $3,000-an-hour club, as other firms close in | Reuters

Reuters reached out to more than 35 of the largest U.S. firms to ask about their rates, and whether any of their lawyers charge $3,000 or more. The firms either declined to comment or did not immediately respond to a request for one.

At Quinn Emanuel, the $3,000 dollar rate applies to a handful of partners such as Alex Spiro, whose clients have included billionaire Tesla CEO Elon Musk and rapper Jay-Z. Even associates at the firm now bill as much as $1,665 an hour, according to court filings.

U.S. law firms often raise their billing rates each year, and average hourly partner rates reached $1,114 last year, according to a survey of large firms by legal recruiter and consultancy Major, Lindsey & Africa. That's up 36% from the company's last survey in 2022, and up 83% from 2014.

A survey of more than 130 U.S. law firms by Wells Fargo's legal business division found that billing rates rose by 9.1% on average in 2024, with the 50 highest-grossing U.S. law firms raising them by 10% on average.

As billing rates rise, so do law firm revenue, profits and lawyer pay. The same survey by Wells Fargo's Legal Specialty Group found that law firm revenue rose by 12.5% on average last year. Equity partner profits increased by 16.9% on average, Wells Fargo found.

Major Lindsey in its 2024 report said rate increases were a key factor in "the highest-ever average total compensation figure and the highest percentage increase in the survey's history."

-- Tesla (TSLA.O) ⬀ said in a court filing ⬀ on Tuesday that it has paid $176.1 million in attorney fees awarded to plaintiffs' lawyers who negotiated a $919 million settlement with the electric carmaker over allegations that Tesla's board members overpaid themselves, despite earlier disputing the fee. Tesla's chief accounting officer Vaibhav Taneja said the company paid the fee on February 11.

Tesla is still appealing Chancellor Kathaleen McCormick's January decision awarding the fees, court records show. The fee award was the fourth-largest in the history of shareholder litigation in Delaware.

A Tesla spokesperson did not immediately respond to a request for comment, nor did the plaintiffs' lawyers at Fields Kupka & Shukurov, McCarter & English and Bleichmar Fonti & Auld.

The carmaker has argued the fee should be capped at $64 million, while the plaintiffs' lawyers sought $230 million.

-- Financial disclosures by officials tapped to join the Trump administration show that Gibson, Dunn & Crutcher's David Fotouhi, Trump's pick to serve as the second-in-charge at the U.S. Environmental Protection Agency, reported earning at least $3.2 million in fees representing clients including Chevron, Ford and the U.S. Chamber of Commerce.

Trump's choice for deputy secretary of state, Christopher Landau, is collecting $378,341 a year in annual retirement benefits from his former law firm Kirkland & Ellis, according to his financial

disclosure ⧉ .

Landau resigned from Kirkland in 2018, after more than 25 years at the firm. He then was employed at Quinn Emanuel and more recently at law firm Ellis George.

In another new financial disclosure ⧉ , Trump's pick to lead the Justice Department's civil rights division, Harmeet Dhillon, listed her legal services to clients, including Musk's X Corp, conservative media star Tucker Carlson and the Republican National Committee.

Dhillon said she would sell her stake in her firm Dhillon Law Group to her brother, a partner at the small firm.

Read more:

Law firm Venable hit with $10 mln lawsuit by ex-client in FDA fight

Trump lawyer Blanche reveals income, clients in bid for DOJ post

Panama Canal Authority hires US law firm amid Trump threats

Our Standards: **The Thomson Reuters Trust Principles.** ⧉

Suggested Topics:

Legal Industry    Supply Chain    Sustainable & EV Supply Chain    EV Strategy    Worker Rights

Feedback

Purchase Licensing Rights



**David Thomas**

Thomson Reuters

David Thomas reports on the business of law, including law firm strategy, hiring, mergers and litigation. He is based out of Chicago. He can be reached at d.thomas@thomsonreuters.com and on Twitter @DaveThomas5150.

 

## Read Next / Editor's Picks

**EXHIBIT 19**

**Exclusive news, data and analytics for financial market professionals     LSEG**

Reuters

World ∨    Business ∨    Markets ∨    More ∨                    My News  🔍          Sign In          Subscribe - $1/wk

# As lawyer rates surge, US firm charges $4,000 an hour for top partners

By **David Thomas** and **Mike Scarcella**

January 26, 2026 2:17 PM PST · Updated January 26, 2026

  

A man opens his briefcase during a meeting in Brussels, Belgium November 5, 2018. REUTERS/Francois Lenoir Purchase Licensing Rights ↗

WASHINGTON, Jan 26 (Reuters) - The topmost hourly billing rates at U.S. law firm Susman Godfrey have reached $4,000 an hour for 2026, surpassing already sky-high fees charged by the priciest lawyers last year.

Susman partner Neal Manne said the new rates apply to him and fellow litigator Bill Carmody.

> Jumpstart your morning with the latest legal news delivered straight to your inbox from The Daily Docket newsletter. Sign up here.

As lawyer rates surge, US firm charges $4,000 an hour for top partners | Reuters

"If there's someone out there who bills at a higher rate than Bill and me on hourly cases, please let us know so we may raise our rates," Manne said in an email.

Advertisement · Scroll to continue

He said most of their work is handled on a contingency or fixed-fee basis, not billed by the hour. The pair charged hourly rates of $3,000 last year, putting them near the top of known rates for top U.S. lawyers.

Manne, a former managing partner at Susman, said rates are set by management at the firm but declined to say how the amount was determined.

"The process by which Bill's and my billing rates are set each year is as mysterious as a papal conclave," Manne said. Carmody, the firm's leaders and a Susman Godfrey spokesperson did not immediately respond to requests for comment.

Susman Godfrey, founded in Houston, is known for plaintiff and defense-side litigation, and competes with large corporate firms. The firm touts above-average attorney compensation, especially for associates.

Advertisement · Scroll to continue

Billing rate increases are key revenue and profit drivers for law firms, and major firms typically raise rates each year. Hourly rates among large U.S. firms grew by an average of 7% in 2025, according to a 2026 report ⬈ by the Thomson Reuters Institute and Georgetown Law's Center on Ethics and the Legal Profession. The Thomson Reuters Institute and Reuters share the same parent company.

Law firms do not typically disclose rates, but they sometimes appear in public contracts and court records.

Federal bankruptcy court filings in the ModivCare Chapter 11 in Houston show top hourly rates for Latham & Watkins partners reached $3,050 this year, up 15% from $2,650 last year. Hourly rates for some associates reached $1,850 this year. A spokesperson for Latham did not immediately respond to a request for comment.

As lawyer rates surge, US firm charges $4,000 an hour for top partners | Reuters



Top billing rates reported by Reuters last year included $3,250 an hour for leading appellate lawyer Neal Katyal at Milbank. Katyal did not immediately respond to a request for comment.

Quinn Emanuel partners William Burck, Michael Carlinsky and Alex Spiro each charged $3,000 an hour last year, according to court records. A spokesperson for the firm declined to comment.

Read more:

Big Law rates for small firms? US appeals court takes up fee fight

More lawyers join the $3,000-an-hour club, as other firms close in

Trump allies Clark, Giuliani push for legal fees after Georgia prosecution

Musk's X ends $90 million lawsuit against law firm Wachtell

## Sponsored Content

Dianomi Advertise Here



**2026 Schwab Market Outlook: What's Ahead?**

Sponsored by
Charles Schwab



**Infrastructure finance in 2026 – explore the analysis now.**

Sponsored by
BNY



**Seniors Born Between 1941-1979 Can Receive These 10 Benefits**

Sponsored by
FinanceBuzz

Reporting by David Thomas and Mike Scarcella

Our Standards: **The Thomson Reuters Trust Principles.**

Suggested Topics:   Litigation    Worker Rights    Employee Benefits & Executive Compensation    Employment

**EXHIBIT 20**

Directory                                                                    Logins  Support  Contact

 Thomson Reuters



**LEGAL PRACTICE MANAGEMENT**

## Law Firm Rates Report 2026: Law firms discover the hidden engine driving their pricing power

20 Oct 2025 · 5 minute read

Despite previous record increases, law firms continue to raise their rates at a historic clip; but, amid fundamental questions about what's driving rates higher, a new report shows that long-held beliefs about what constitutes better rate performance may be incorrect — and coming exactly at the wrong time

### *Key insights:*

- ***Rates have never been stronger, but concerns are mounting*** — Law firms continue to benefit from historically high rate increases, well above the rate of inflation, a new report shows.

- ***Market forces drive pricing convergence across different configurations*** — While law firms employ a variety of rate and realization strategies, firms across all major configurations consistently collect similar amounts per hour despite employing highly distinctive realization strategies.

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17979
Page 380 of 497

1/26/26, 3:19 PM                    Law Firm Rates Report 2026: Law firms discover the hidden engine driving their pricing power - Thomson Reuters Institute

- ***Client relationships enable rates but don't win business***— The relationship factors that allow firms to push through significant annual rate increases with existing clients contribute only slightly to competitive differentiation, the report notes.

---

The legal profession has achieved what most industries can only imagine: The ability to raise prices year after year, with clients consistently agreeing to pay more. Over the past decade, law firms have pushed rates at twice (or more) the rate of inflation, and 2025 is no exception — worked rates are up 7.4% compared to just a 2.8% inflation rate. This isn't just a routine cost-of-living adjustment, rather it's a demonstration of genuine pricing power that has fundamentally reshaped how legal services firms generate revenue.

Jump to ↓

## Law Firm Rates Report 2026

Yet, beneath this historic run of rate increases, warning signs are beginning to emerge. Law firm revenues are now more influenced by rate hikes than by legal demand, and with economic uncertainty on the horizon, there is growing anxiety about whether law firms' pricing prowess can withstand future headwinds. Indeed, clients are becoming more cost-conscious, shifting work to lower-cost legal providers, and financial red flags are starting to appear in firm balance sheets. The sustainability of these record rates is far from guaranteed.



Against this backdrop, the Thomson Reuters Institute and the True Value Partnering Institute have released the *Law Firm Rates Report 2026* which examines these developments in fuller detail, based on law firm data sources and interviews with legal services buyers and Stand-out Lawyers.

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.17980
Page 381 of 497

1/26/26, 3:19 PM                    Law Firm Rates Report 2026: Law firms discover the hidden engine driving their pricing power - Thomson Reuters Institute

Not surprisingly, the prevailing wisdom among law firms to best address this situation has been to invest in technology — especially generative AI (GenAI) — in order to deliver more value per hour and justify their higher rates. Firms have pursued a variety of AI optimization strategies, including maintaining strict realization discipline, offering strategic volume discounts, and absorbing write-offs to preserve client relationships. The assumption has long been that one approach must be superior.

However, as the report shows, a surprising pattern emerges. Despite radically different approaches to discounting and realization, firms end up collecting roughly the same amount per hour. Understanding why these different paths all lead to the same destination is the next challenge for law firm leaders if they want to truly get ahead of their competition.

## 3 distinct models, 1 revenue outcome

The data reveals firms have self-sorted into three distinct operational models based on their level of aggressiveness when setting rates and their willingness to accept write-downs and discounts. Yet, for all this differentiation, firms generally collect the same hourly rate, right in line with the industry average, no matter what their strategy. As the report shows, market forces — such as client expectations, competitive pressures, and economic realities — act as gravitational pull, drawing everyone toward a common outcome.

Yet, far from meaning that strategy doesn't matter, the report goes on to explain how the true differentiator is to find the best approach that fits your firm's culture, client relationships, and operational strengths.

Indeed, analysis of client decision-making reveals that the factors which enable rate increases with existing clients contribute minimally to competitive advantage in attracting new ones. This means that those factors which make clients *stick* are totally different from those that attract new clients to begin with. So, to grow both rates and market share, leaders must run two games simultaneously — leveraging relationships for rate increases with existing clients while competing on entirely different set of attributes for new ones.

As the report illustrates, those firms that will thrive won't be those with perfect strategies. They'll be those whose leaders understand their specific rates and discounting configuration well enough to adapt when needed. Because when you're pushing systems to their limits, the question isn't whether you have the optimal settings — it's whether you understand your system well enough to keep it running when conditions change.

---

*You can download*

*a full copy of the "Law Firm Rates Report 2026" from the Thomson Reuters Institute and the True Value Partnering Institute by filling out the form below:*

**EXHIBIT 21**

# ABAJOURNAL

Home (/)  /  Daily News (/news/)  /  'Very strong performance' reported for law...

LAW FIRMS

# 'Very strong performance' reported for law firms in 2024, with revenue increasing 12.5%

BY DEBRA CASSENS WEISS (HTTPS://WWW.ABAJOURNAL.COM/AUTHORS/4/)

JANUARY 29, 2025, 11:59 AM CST



*Growth in billing rates contributed to a 12.5% increase in law firm revenue in 2024, up from 6% in 2023, according to a year-end survey. (Image from Shutterstock)*

Growth in billing rates contributed to a 12.5% increase in law firm revenue in 2024, up from 6% in 2023, according to a year-end survey by Wells Fargo's Legal Specialty Group.

The 2024 increase was topped only by a 14% increase in revenue reported in 2021.

"The law firm industry experienced very strong performance in 2024," Wells Fargo reported in a media summary.

More than 130 firms, most of them among the nation's 200 top-grossing firms,

participated in the survey.

Other survey findings for 2024 included:

   • Standard billing rates increased 9.1%, up from an 8.3% increase in 2023.

• Average profits per equity partner increased 16.9% as firms kept "tight control" over the size of equity partner ranks, which increased by only 0.3%.

• Demand, measured by billable hours, increased 3.5% for the year, up from 0.7% in 2023.

• Total expenses increased 9%, up from 6% in 2023. The number likely reflected higher associate bonuses and more year-end expense prepayments.

Firms among the Am Law 50, representing the nation's 50 highest-grossing firms, did better than the rest. They had growth of 13.9% for revenue, 10% for billing rates, 3.9% for demand and 18.9% for profits per equity partner.

_Write a letter to the editor, share a story tip or update, or report an error._ _(/contact? referrer=https://www.abajournal.com/news/article/very-strong-performance-reported-for-law-firms-in-2024-with-revenue-increasing-12.5)_

Copyright 2026 American Bar Association. All rights reserved.

**EXHIBIT 22**



# LiMandri & Jonna LLP

CHARLES S. LiMANDRI†*
PAUL M. JONNA†

MARK D. MYERS
JEFFREY M. TRISSELL†
JOSHUA A. YOUNGKIN
ROBERT E. WEISENBURGER
MILAN L. BRANDON II
JOHANNA DELEISSEGUES

BRIAN D. MILLER
RICHARD SALPIETRA
    Of Counsel

**MAILING ADDRESS:**

POST OFFICE BOX 9120
RANCHO SANTA FE, CALIFORNIA 92067
TELEPHONE: (858) 759-9930
FACSIMILE: (858) 759-9938

WEBSITE: www.limandri.com

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA 92091

KATHY DENWORTH
Office Administrator

**\*BOARD CERTIFIED CIVIL TRIAL ADVOCATE**
   **ADMITTED TO THE DISTRICT OF COLUMBIA BAR**
   **ADMITTED TO THE NEW YORK BAR**
**†ADMITTED TO THE U.S. SUPREME COURT**

September 18, 2023

**VIA EMAIL ONLY:**
**dshinoff@as7law.com;**
**jbasel@as7law.com;**
**mbumbu@as7law.com**

**lgarfinkel@cde.ca.gov**
**rfeil@cde.ca.gov**
**cmandarano@cde.ca.gov**

Daniel R. Shinoff, Esq.
Jesse Basel, Esq.
Maurice A. Bumbu, Esq.
Artiano Shinoff APC
3636 Fourth Avenue, Suite 200
San Diego, CA 92103

Len Garfinkel, Esq.
Rebecca P. Feil, Esq.
Christopher Mandarano, Esq.
California Department of Education
1430 "N" Street, Room 5319
Sacramento, CA 95814

> Re: Next Steps in *Mirabelli & West v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)

Dear Counsel:

This letter is written to discuss the next steps in this action now that Judge Benitez has granted Plaintiffs' motion for a preliminary injunction and denied the two motions to dismiss. ECF No. 42; 2023 WL 5976992. As you know, absent leave of court, the complaint must be answered by Thursday, September 28, 2023. *See* Fed. R. Civ. P. 12(a)(4)(A); S.D. Cal. CivLR 12.1. Further, now that the pleadings challenges have failed, it is appropriate for the parties to hold their Rule 26(f) discovery conference so that discovery can begin. *See* Fed. R. Civ. P. 26(f)(1) (conference should occur "as soon as practicable").

However, it has been nearly five months since the complaint was filed, and both the facts and legal theories have evolved since then. Thus, Plaintiffs intend to update their complaint to match the briefing and Judge Benitez's order. Since amendment shall be allowed with "extreme

Daniel R. Shinoff, Esq.; Len Garfinkel, Esq.
**Re:  Next Steps in *Mirabelli v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)**
September 18, 2023
Page 2

_____

liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), we would hope that the Defendants would stipulate to amendment. If the Defendants need additional time to prepare their answers, we are also willing to extend such professional courtesies. Please let us know your thoughts on this so that the appropriate request can be made of Judge Benitez, whether a motion for leave to amend or a stipulation and request for an extension of time to answer.

Please also confirm your availability for a Rule 26(f) conference in mid-October, once we have amended our complaint. We are also amenable to negotiating a deadline for exchange of initial disclosures separate from the regular deadline of 14 days after the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(C) (initial disclosures are due 14 days after the Rule 26(f) conference "unless a different time is set by stipulation").

Alternatively, Plaintiffs are open to creative ways to resolve this action without unnecessary additional work. For example, in a recent case we handled, the parties agreed to enter into a stipulated judgment and permanent injunction following issuance of preliminary injunctive relief by the Supreme Court. *See S. Bay United Pentecostal Church v. Newsom*, No. 3:20-CV-865, 2021 WL 2250818 (S.D. Cal. June 1, 2021). In light of the settlement in *K.C. v. O'Connell*, No. 3:05-CV-4077 (N.D. Cal. Aug. 3, 2007), it would seem that the California Department of Education could be open to creative solutions.

Although Judge Benitez's preliminary injunction order only reached the Free Exercise Clause, that is not unusual in the preliminary injunction context. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1139 (9th Cir. 2011) ("not reach[ing]" the plaintiff's remaining claims after finding a likelihood of success on the first). In any event, Judge Benitez still proceeded to find that AR 5145.3—whether EUSD's version of it, or the CDE model AR 5145.3—is "*likely* [] unlawful and in derogation of the constitutional rights of parents. *See* ECF No. 42 at 23:7-14 (original emphasis). In light of this statement, the eventuality of a permanent injunction appears to be a foregone conclusion. *See, e.g., Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2473 (2018) (under Free Speech analysis, "the employer may insist that the employee deliver any *lawful* message.") (emphasis added); Cal. Labor Code § 1102.5(c) ("An employer … shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute").

In considering whether an informal resolution is desirable, please note that as of September 14, 2023, we have incurred 893.20 hours of attorney and paralegal time representing the Plaintiffs. This includes both assisting the Plaintiffs through the administrative process of requesting a religious accommodation, and litigating the current civil rights action. When litigating civil rights actions, our office seeks hourly rates commensurate with large law firms and earlier this year received hourly rates up to $1,260. *See Cal. Dept. of Fair Emp't & Hous. v.*

Daniel R. Shinoff, Esq.; Len Garfinkel, Esq.
**Re:  Next Steps in *Mirabelli v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)**
September 18, 2023
Page 3

_____

*Cathy's Creations, Inc.*, No. BCV-18-102633, 2023 WL 4147473 (Cal. Super. Ct., Kern County, Apr. 3, 2023) (award of $3,624,011.50). Using the hourly rates judicially awarded in that case, our lodestar here to date comes to $778,380.00. This will, of course, increase significantly if we are forced to proceed through discovery and obtain our permanent injunction following summary judgment. In such a case, we would seek even higher rates. *See, e.g., CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17-CV-2479, 2023 WL 2604816 (S.D. Cal. Mar. 22, 2023) (awarding partner rate of $1,465).

Thank you for your anticipated courtesy and cooperation. I look forward to receiving a substantive response as soon as possible.

Respectfully submitted,

LiMANDRI & JONNA LLP

Paul M. Jonna

PMJ/

**EXHIBIT 23**



## LiMANDRI & JONNA LLP

CHARLES S. LiMANDRI†*
PAUL M. JONNA†

JEFFREY M. TRISSELL†
JOSHUA A. YOUNGKIN
ROBERT E. WEISENBURGER
BRIAN M. McPHERSON
WILLIAM T. DUKE

RICHARD SALPIETRA
MICHAEL J. ALTI
   Of Counsel

**MAILING ADDRESS:**

POST OFFICE BOX 9120
RANCHO SANTA FE, CALIFORNIA 92067
TELEPHONE: (858) 759-9930
FACSIMILE:  (858) 759-9938

WEBSITE: www.limandri.com

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA 92091

KATHY DENWORTH
Office Administrator

**\*BOARD CERTIFIED CIVIL TRIAL ADVOCATE**
   **ADMITTED TO THE DISTRICT OF COLUMBIA BAR**
   **ADMITTED TO THE NEW YORK BAR**
**†ADMITTED TO THE U.S. SUPREME COURT**

July 17, 2025

**Via E-Mail Only: darrell.spence@doj.ca.gov**

Darrell W. Spence, Esq.
Supervising Deputy Attorney General
California Department of Justice
1300 "I" Street, Suite 125
Sacramento, CA 94244-2550

> **Re:** *Mirabelli & West v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)

Dear Mr. Spence:

At the May 9, 2025, status conference, Judge Benitez encouraged the parties to take a serious look at settling this case. He also suggested that we consider private mediation given the limited availability and resources of magistrate judges.

From the outset of this case, we have endeavored to explore settlement. Our clients had no desire to commence litigation. We initially sought a religious accommodation from EUSD, and initiated litigation only after EUSD refused to provide them with an accommodation—pointing to directives from your clients. After the Court issued its groundbreaking Preliminary Injunction in this case on September 14, 2023, we thought the State Defendants might be serious about re-evaluating settlement—but that was not the case. At that time, our lodestar was approximately $778,380. *See* Ex. A, Letter from Paul M. Jonna, Esq. to Daniel R. Shinoff, Esq. and Len Garfinkel, Esq. (Sep. 18, 2023).

As of June 2025, after proceeding through voluminous discovery, our lodestar had increased to approximately $2,665,311. It will only continue increasing, and with the new *Mahmoud* decision, there is no doubt that we will eventually prevail. Further, these lodestars were calculated quickly using the hourly rate we negotiated with the Department of Justice in *South Bay*

Darrell W. Spence, Esq.
**Re:  *Mirabelli v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)**
July 17, 2025
Page 2

_____

*United Pentecostal Church v. Newsom*, No. 3:20-CV-865, 2021 WL 2250818 (S.D. Cal. June 1, 2021). These rates are nearly four years old and should be higher today.

As you know, yesterday we filed our renewed motions for class certification and summary judgment. As shown therein, we believe the facts and law were clearly in favor of our clients back in 2023, but even more so now. The extensive discovery in this case—especially concerning Child Poe and Child Doe—has shown that a school's facilitation of a child's social gender transition is not benign, but a serious and active intervention.

Turning to the law, the Supreme Court recently instructed that when the government "substantially interfer[es] with the religious development of the parents' children," then "we need not ask whether the law at issue is neutral or generally applicable before proceeding to strict scrutiny." *Mahmoud v. Taylor*, 606 U.S. __, 2025 WL 1773627, at *22 (U.S. June 27, 2025). In *Mahmoud*, the issue concerned reading story books to children that taught them about gender theory. The burden on our clients' religion is much more severe here and there is no conceivable way in which California can hope to survive strict scrutiny—which presumably explains why you did not file your own motion for summary judgment by yesterday's motion cutoff.

We hope that the State Defendants have the wisdom to appreciate the benefits of an informal resolution. Any resolution would require your clients to stipulate to the permanent injunctive relief outlined in our papers, similar to as occurred in the *South Bay* litigation. We could then discuss the process for payment of attorneys' fees and costs. If the State Defendants continue to refuse to engage in serious settlement talks, then we will use our letters as evidence in our subsequent fee application to show the Court how the State has refused our genuine offers to discuss a resolution, and to justify the substantial time and effort involved in obtaining the full and complete relief that we will inevitably obtain in the end. Please confirm your clients' position on these issues as soon as possible, and before August 1.

We look forward to hearing from you,

Sincerely,

LiMANDRI & JONNA LLP

Paul M. Jonna

PMJ/jmt

Darrell W. Spence, Esq.
**Re:  *Mirabelli v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)**
July 17, 2025
Page 3

_____


cc: Darin L. Wessel, Esq., darin.wessel@doj.ca.gov
    Jennifer Ann Bunshoft, Esq., jennifer.bunshoft@doj.ca.gov
    Kevin L. Quade, Esq., kevin.quade@doj.ca.gov
    Shatti A. Hoque, Esq., shatti.hoque@doj.ca.gov

    Daniel R. Shinoff, Esq., dshinoff@as7law.com
    Jack M. Sleeth, Esq., jsleeth@as7law.com
    Lauren Cambronero, Esq., lcambronero@as7law.com
    Nopealey Lay, nlay@as7law.com

**EXHIBIT A**



# LIMANDRI & JONNA LLP

CHARLES S. LiMANDRI†*
PAUL M. JONNA†

MARK D. MYERS
JEFFREY M. TRISSELL†
JOSHUA A. YOUNGKIN
ROBERT E. WEISENBURGER
MILAN L. BRANDON II
JOHANNA DELEISSEGUES

BRIAN D. MILLER
RICHARD SALPIETRA
    Of Counsel

**\*BOARD CERTIFIED CIVIL TRIAL ADVOCATE**
   **ADMITTED TO THE DISTRICT OF COLUMBIA BAR**
   **ADMITTED TO THE NEW YORK BAR**
**†ADMITTED TO THE U.S. SUPREME COURT**

**MAILING ADDRESS:**

POST OFFICE BOX 9120
RANCHO SANTA FE, CALIFORNIA  92067
TELEPHONE:  (858) 759-9930
FACSIMILE:   (858) 759-9938

WEBSITE:  www.limandri.com

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA  92091

KATHY DENWORTH
Office Administrator

September 18, 2023

**VIA EMAIL ONLY:**
**dshinoff@as7law.com;**
**jbasel@as7law.com;**
**mbumbu@as7law.com**

**lgarfinkel@cde.ca.gov**
**rfeil@cde.ca.gov**
**cmandarano@cde.ca.gov**

Daniel R. Shinoff, Esq.
Jesse Basel, Esq.
Maurice A. Bumbu, Esq.
Artiano Shinoff APC
3636 Fourth Avenue, Suite 200
San Diego, CA 92103

Len Garfinkel, Esq.
Rebecca P. Feil, Esq.
Christopher Mandarano, Esq.
California Department of Education
1430 "N" Street, Room 5319
Sacramento, CA 95814

     **Re:**    **Next Steps in *Mirabelli & West v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)**

Dear Counsel:

     This letter is written to discuss the next steps in this action now that Judge Benitez has granted Plaintiffs' motion for a preliminary injunction and denied the two motions to dismiss. ECF No. 42; 2023 WL 5976992. As you know, absent leave of court, the complaint must be answered by Thursday, September 28, 2023. *See* Fed. R. Civ. P. 12(a)(4)(A); S.D. Cal. CivLR 12.1. Further, now that the pleadings challenges have failed, it is appropriate for the parties to hold their Rule 26(f) discovery conference so that discovery can begin. *See* Fed. R. Civ. P. 26(f)(1) (conference should occur "as soon as practicable").

     However, it has been nearly five months since the complaint was filed, and both the facts and legal theories have evolved since then. Thus, Plaintiffs intend to update their complaint to match the briefing and Judge Benitez's order. Since amendment shall be allowed with "extreme

Daniel R. Shinoff, Esq.; Len Garfinkel, Esq.
**Re: Next Steps in *Mirabelli v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)**
September 18, 2023
Page 2

_____

liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), we would hope that the Defendants would stipulate to amendment. If the Defendants need additional time to prepare their answers, we are also willing to extend such professional courtesies. Please let us know your thoughts on this so that the appropriate request can be made of Judge Benitez, whether a motion for leave to amend or a stipulation and request for an extension of time to answer.

Please also confirm your availability for a Rule 26(f) conference in mid-October, once we have amended our complaint. We are also amenable to negotiating a deadline for exchange of initial disclosures separate from the regular deadline of 14 days after the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(C) (initial disclosures are due 14 days after the Rule 26(f) conference "unless a different time is set by stipulation").

Alternatively, Plaintiffs are open to creative ways to resolve this action without unnecessary additional work. For example, in a recent case we handled, the parties agreed to enter into a stipulated judgment and permanent injunction following issuance of preliminary injunctive relief by the Supreme Court. *See S. Bay United Pentecostal Church v. Newsom*, No. 3:20-CV-865, 2021 WL 2250818 (S.D. Cal. June 1, 2021). In light of the settlement in *K.C. v. O'Connell*, No. 3:05-CV-4077 (N.D. Cal. Aug. 3, 2007), it would seem that the California Department of Education could be open to creative solutions.

Although Judge Benitez's preliminary injunction order only reached the Free Exercise Clause, that is not unusual in the preliminary injunction context. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1139 (9th Cir. 2011) ("not reach[ing]" the plaintiff's remaining claims after finding a likelihood of success on the first). In any event, Judge Benitez still proceeded to find that AR 5145.3—whether EUSD's version of it, or the CDE model AR 5145.3—is "*likely* [] unlawful and in derogation of the constitutional rights of parents. *See* ECF No. 42 at 23:7-14 (original emphasis). In light of this statement, the eventuality of a permanent injunction appears to be a foregone conclusion. *See, e.g., Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2473 (2018) (under Free Speech analysis, "the employer may insist that the employee deliver any *lawful* message.") (emphasis added); Cal. Labor Code § 1102.5(c) ("An employer … shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute").

In considering whether an informal resolution is desirable, please note that as of September 14, 2023, we have incurred 893.20 hours of attorney and paralegal time representing the Plaintiffs. This includes both assisting the Plaintiffs through the administrative process of requesting a religious accommodation, and litigating the current civil rights action. When litigating civil rights actions, our office seeks hourly rates commensurate with large law firms and earlier this year received hourly rates up to $1,260. *See Cal. Dept. of Fair Emp't & Hous. v.*

Daniel R. Shinoff, Esq.; Len Garfinkel, Esq.
**Re: Next Steps in *Mirabelli v. Olson*, No. 3:23-cv-0768-BEN (S.D. Cal. Apr. 27, 2023)**
September 18, 2023
Page 3

_____

*Cathy's Creations, Inc.*, No. BCV-18-102633, 2023 WL 4147473 (Cal. Super. Ct., Kern County, Apr. 3, 2023) (award of $3,624,011.50). Using the hourly rates judicially awarded in that case, our lodestar here to date comes to $778,380.00. This will, of course, increase significantly if we are forced to proceed through discovery and obtain our permanent injunction following summary judgment. In such a case, we would seek even higher rates. *See, e.g., CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17-CV-2479, 2023 WL 2604816 (S.D. Cal. Mar. 22, 2023) (awarding partner rate of $1,465).

Thank you for your anticipated courtesy and cooperation. I look forward to receiving a substantive response as soon as possible.

Respectfully submitted,

LiMANDRI & JONNA LLP

Paul M. Jonna

PMJ/

**EXHIBIT 24**

**From:** Paul Jonna
**To:** Darrell Spence; Jeffrey Trissell
**Subject:** RE: Mirabelli v. Olson
**Date:** Tuesday, October 21, 2025 11:54:08 AM
**Attachments:** image001.png

Feel free to call anytime if you want to brainstorm ideas...

**Paul M. Jonna** | Partner
**LiMANDRI & JONNA LLP** | P.O. Box 9120 | Rancho Santa Fe, CA 92067
Tel: (858) 759-9930 |Direct: (858) 759-9133 |Fax: (858) 759-9938
pjonna@limandri.com | www.limandri.com



This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s). If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law. If you receive this transmission by error, please notify us by telephone immediately. Thank you.

**From:** Paul Jonna
**Sent:** Tuesday, October 21, 2025 11:54 AM
**To:** 'Darrell Spence' <Darrell.Spence@doj.ca.gov>; Jeffrey Trissell <jtrissell@limandri.com>
**Subject:** RE: Mirabelli v. Olson

Sounds good, thanks Darrell.

**Paul M. Jonna** | Partner
**LiMANDRI & JONNA LLP** | P.O. Box 9120 | Rancho Santa Fe, CA 92067
Tel: (858) 759-9930 |Direct: (858) 759-9133 |Fax: (858) 759-9938
pjonna@limandri.com | www.limandri.com



This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s).  If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law.  If you receive this transmission by error, please notify us by telephone immediately.  Thank you.

**From:** Darrell Spence <Darrell.Spence@doj.ca.gov>
**Sent:** Tuesday, October 21, 2025 11:47 AM
**To:** Paul Jonna <pjonna@limandri.com>; Jeffrey Trissell <jtrissell@limandri.com>
**Subject:** RE: Mirabelli v. Olson

Paul –

Sorry, it is taking longer than I had anticipated to get you my clients' settlement position.  We are now expecting to provide that to you by the middle of next week.

Best,
Darrell
916-474-1221

**From:** Paul Jonna <pjonna@limandri.com>
**Sent:** Tuesday, October 21, 2025 9:42 AM
**To:** Darrell Spence <Darrell.Spence@doj.ca.gov>; Jeffrey Trissell <jtrissell@limandri.com>
**Subject:** RE: Mirabelli v. Olson

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Darrell, obviously we would like to know your client's position on settlement well in advance of the 11/5 status conference with Judge Torres. That way, we can properly advise the court re whether another settlement conference would be helpful/necessary. Any idea when we can expect to hear from you on this? You originally indicated mid-October. Thanks

**Paul M. Jonna** | Partner

**LiMANDRI & JONNA LLP** | P.O. Box 9120 | Rancho Santa Fe, CA 92067

Tel: (858) 759-9930 |Direct: (858) 759-9133 |Fax: (858) 759-9938

pjonna@limandri.com | www.limandri.com



This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s). If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law. If you receive this transmission by error, please notify us by telephone immediately. Thank you.

**From:** Darrell Spence <Darrell.Spence@doj.ca.gov>
**Sent:** Thursday, October 16, 2025 11:57 AM
**To:** Jeffrey Trissell <jtrissell@limandri.com>
**Cc:** Paul Jonna <pjonna@limandri.com>
**Subject:** RE: Mirabelli v. Olson

Jeff –

We will get back to you on settlement soon.

**From:** Jeffrey Trissell <jtrissell@limandri.com>
**Sent:** Thursday, October 16, 2025 11:53 AM
**To:** Darrell Spence <Darrell.Spence@doj.ca.gov>
**Cc:** Paul Jonna <pjonna@limandri.com>
**Subject:** Mirabelli v. Olson

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Darrell,

We have a settlement conference with EUSD tomorrow before Judge Torres and Paul had mentioned that you were planning to circle back with any proposed settlement offer by mid-

October. Now with the Court certifying the class, please let us know if you are still planning to send us one that includes a stipulated permanent injunction. If so, we can discuss negotiating the contours of the injunction and the payment of fees.

Sincerely,
Jeff

**************************

**Jeffrey M. Trissell** | Senior Associate
**LiMANDRI & JONNA LLP** | P.O. Box 9120 | Rancho Santa Fe, CA 92067
Tel: (858) 759-9930 | Fax: (858) 759-9938
jtrissell@limandri.com | www.limandri.com

This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s). If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law. If you receive this transmission by error, please notify us by telephone immediately. If you receive this communication, and it contains serious allegations against you or a person(s) you represent which you do not repudiate, the failure to repudiate will constitute an admission of the allegations. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

| | |
|---|---|
| **From:** | Paul Jonna |
| **To:** | Darrell Spence; Jeffrey Trissell |
| **Subject:** | RE: Mirabelli v. Olson |
| **Date:** | Wednesday, October 29, 2025 2:13:41 PM |
| **Attachments:** | image001.png |

Darrell:

Thanks for the update. We look forward to hearing further this week so that we can evaluate whether another settlement conference would be a good use of the Court's resources.

**Paul M. Jonna** | Partner

**LiMANDRI & JONNA LLP** | P.O. Box 9120 | Rancho Santa Fe, CA 92067

Tel: (858) 759-9930 |Direct: (858) 759-9133 |Fax: (858) 759-9938

pjonna@limandri.com | www.limandri.com



This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s). If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law. If you receive this transmission by error, please notify us by telephone immediately. Thank you.

**From:** Darrell Spence <Darrell.Spence@doj.ca.gov>
**Sent:** Wednesday, October 29, 2025 2:10 PM
**To:** Jeffrey Trissell <jtrissell@limandri.com>
**Cc:** Paul Jonna <pjonna@limandri.com>
**Subject:** RE: Mirabelli v. Olson

Jeff and Paul –

We are still in discussions with our clients regarding ideas for settlement, but—so far—it does not look promising. At this point, we are focusing on ideas for settling the teachers' claims. We hope to follow up with you this week.

Best,

Darrell

**From:** Darrell Spence
**Sent:** Thursday, October 16, 2025 11:57 AM
**To:** Jeffrey Trissell <jtrissell@limandri.com>
**Cc:** Paul Jonna <pjonna@limandri.com>
**Subject:** RE: Mirabelli v. Olson

Jeff –

We will get back to you on settlement soon.

**From:** Jeffrey Trissell <jtrissell@limandri.com>
**Sent:** Thursday, October 16, 2025 11:53 AM
**To:** Darrell Spence <Darrell.Spence@doj.ca.gov>
**Cc:** Paul Jonna <pjonna@limandri.com>
**Subject:** Mirabelli v. Olson

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Darrell,

We have a settlement conference with EUSD tomorrow before Judge Torres and Paul had mentioned that you were planning to circle back with any proposed settlement offer by mid-October. Now with the Court certifying the class, please let us know if you are still planning to send us one that includes a stipulated permanent injunction. If so, we can discuss negotiating the contours of the injunction and the payment of fees.

Sincerely,
Jeff

*************************

**Jeffrey M. Trissell | Senior Associate**
**LiMANDRI & JONNA LLP | P.O. Box 9120 | Rancho Santa Fe, CA 92067**
Tel: (858) 759-9930 | Fax: (858) 759-9938
jtrissell@limandri.com | www.limandri.com

This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s). If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law. If you receive this transmission by error, please notify us by telephone immediately. If you receive this communication, and it contains serious allegations against you or a person(s) you represent which you do not repudiate, the failure to repudiate will constitute an admission of the allegations. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

| | |
|---|---|
| **From:** | Paul Jonna |
| **To:** | Jennifer Bunshoft; Jeffrey Trissell |
| **Cc:** | Darrell Spence; Kevin Quade; Shatti Hoque |
| **Subject:** | RE: Mirabelli v. Olson - Settlement |
| **Date:** | Monday, November 3, 2025 12:00:09 PM |
| **Attachments:** | image001.png |

Thank you for the update.

**Paul M. Jonna** | Partner
**LiMANDRI & JONNA LLP** | P.O. Box 9120 | Rancho Santa Fe, CA 92067
Tel: (858) 759-9930 |Direct: (858) 759-9133 |Fax: (858) 759-9938
pjonna@limandri.com | www.limandri.com



This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s). If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law. If you receive this transmission by error, please notify us by telephone immediately. Thank you.

---

**From:** Jennifer Bunshoft <Jennifer.Bunshoft@doj.ca.gov>
**Sent:** Monday, November 3, 2025 11:51 AM
**To:** Paul Jonna <pjonna@limandri.com>; Jeffrey Trissell <jtrissell@limandri.com>
**Cc:** Darrell Spence <Darrell.Spence@doj.ca.gov>; Kevin Quade <Kevin.Quade@doj.ca.gov>; Shatti Hoque <Shatti.Hoque@doj.ca.gov>
**Subject:** Mirabelli v. Olson - Settlement

Counsel,

We have spent considerable time over the past month exploring the possibility of a settlement of this matter, both within the litigation team and with our clients, including contemplating options for a proposed settlement of at least some of the claims. Based on those efforts, we have determined that, at this time, there is no counteroffer that State Defendants can make to settle this matter, nor would a further settlement conference be productive.

Best,

Jennifer


Jennifer A. Bunshoft

Deputy Attorney General

Office of the Attorney General

455 Golden Gate Ave., Suite 11000

San Francisco, CA 94102

Tel. (415) 510-3377

Fax (415) 703-5480


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**EXHIBIT 25**

**NON-TAXABLE COSTS**

| 1. | Docket Retrieval Fees | | | |
|---|---|---|---|---|
| | **Name** | **Date** | **Re:** | **Amount** |
| a. | San Bernardino Superior Court | 01/05/24 | Copies of Ex Parte Appl. To File Amicus Brief iso Motion for Preliminary Injunction | $9.50 |
| b. | Pacer | 01/31/24 | Pacer Fees October Thru January 2024 Paid With Our Visa | $3.40 |
| c. | Riverside Superior Court | 02/29/24 | Copies of Minute Order & Notice of Ruling re Motion for Preliminary Injunction - *Mae v. Komrosky* | $12.00 |
| d. | Riverside Superior Court | 05/28/24 | Copies of First Amended Complaint, Notice of Rulings on Demurrer & anti-SLAPP Motion - *Mae v. Komrosky* | $68.50 |
| e. | San Diego Superior Court | 02/28/25 | SDSC - Copies of Petition for Writ of Mandate - Case No. 25CU010642 | $21.40 |
| | | | **Sub-Total:** | **$114.80** |

| 2. | Transcription Fees | | | |
|---|---|---|---|---|
| | **Name** | **Date** | **Re:** | **Amount** |
| a. | San Diego Transcription | 09/23/22 | TRANSCRIPT OF GENDER IDENTITY POLICY PAID WITH OUR CHECK # 5465 | $96.00 |
| b. | San Diego Transcription | 01/22/23 | GENDER IDENTITY TRANSCRIPT PAID WITH OUR CHECK # 6159 | $92.00 |
| c. | San Diego Transcription | 03/12/24 | TRANSCRIPT OF NEWSOM LIVESTREAM PAID WITH OUR CHECK # 7038 | $199.75 |
| d. | San Diego Transcription | 06/05/25 | TRANSCRIPT OF YOUTH'S RELATIONSHIP WITH BEING TRANSGENDER OVER TIME; PARENTS PATH TO ACCEPTANCE; PRESENTATION OF CHRISTINE BRADY, MD PAID WITH OUR CHECK # 8136 | $1,177.25 |
| | | | **Sub-Total:** | **$1,565.00** |

| 3. | Research Fees | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **Invoice No.** | **Re:** | **Amount** |
| a. | Soring Nature | 03/20/25 | 1452874081 | Book - Clinical Handbook of Psych Material | $29.95 |
| b. | Amazon - Digital Book | 05/02/25 | 1770453-3318667 | Book - Essential Psychopathology & Its Treatment by Mark D. Kilgus, et a. | $56.88 |
| | | | | **Sub-Total:** | **$86.83** |

| 4. | Medical Records Retrieval Fees | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **Invoice No.** | **Re:** | **Amount** |
| a. | MRO | 02/07/25 | 93979211 | Hailey Ann Frederick - Medical Record Request from Clovis Community Medical Center | $10.39 |
| b. | Community Medical Center | 01/15/25 | | Hailey Ann Frederick - Medical Records from Clovis Community Medical Center | $9.00 |
| | - | | | **Sub-Total:** | **$19.39** |

| 5. | Filing Fees in Other Courts (Amicus) | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **Invoice No.** | **Re:** | **Amount** |
| a. | First Legal Network | 09/05/23 | 50128012 | FIRST LEGAL NETWORK - DELIVER TO SAN BERNARDINO SUPERIOR COURT EX PARTE APPLICATION TO FILE AMICUS BRIEF THE PEOPLE OF CA v. CHINO VALLEY UNIFIED PAID WITH OUR CHECK # 6656 | $269.87 |
| b. | First Legal Network | 09/05/23 | 50130159 | FIRST LEGAL NETWORK - BONTA v. CHINO SCHOOL DISTR. - FILE EX PARTE APPLICATION PAID WITH OUR CHECK # 6698 | $190.67 |
| c. | First Legal Network | 10/02/23 | 50130159 | FIRST LEGAL NETWORK - BONTA v. CHINO SCHOOL DISTR. - FILE EX PARTE APPLICATION PAID WITH OUR CHECK # 6698 | $801.07 |
| d. | First Legal Network | 10/06/23 | 50130159 | FIRST LEGAL NETWORK - BONTA v. CHINO SCHOOL DISTR. - FILE REPLY ISO EX PARTE APPLICATION PAID WITH OUR CHECK # 6698 | $134.07 |
| e. | Cockle/Counsel Press | 07/10/24 | 0009164067 | COCKLE/COUNSEL PRESS - AMICUS BRIEF FILED IN PARENTS PROTECTING OUR CHILDREN V. EAU CLAIRE AREA SCHOOL DIST. PAID WITH OUR CHECK # 7292 | $1,313.04 |
| f. | TrueFiling | 10/02/24 | | TRUEFILING - FILE APPLICATION FOR LEAVE TO FILE AMICUS BRIEF IN MAE M. V. KOMROSKY PAID WITH OUR VISA | $10.50 |
| g. | TrueFiling | 10/02/24 | | TRUEFILING - FILE AMICUS BRIEF IN MAE M. V. KOMROSKY PAID WITH OUR VISA | $10.50 |
| | | | | **Sub-Total:** | **$2,729.72** |

Non-Taxable Costs                                                                                     2

| 6. | **Deposition Officer Fees** | | | |
|---|---|---|---|---|
| | **Name** | **Date** | **Re:** | **Amount** |
| a. | First Legal Records | 06/12/24 | FIRST LEGAL RECORDS - SUBPOENA AND DEPOSITION OFFICER FEE FOR EQUALITY CALIFORNIA, INC. PAID WITH OUR CHECK # 7228 | $84.00 |
| b. | First Legal Records | 06/12/24 | FIRST LEGAL RECORDS - SUBPOENA AND DEPOSITION OFFICER FEE FOR NAT'L CENTER FOR LESBIAN RIGHT, INC. PAID WITH OUR CHECK # 7228 | $84.00 |
| c. | First Legal Records | 06/12/24 | FIRST LEGAL RECORDS - SUBPOENA AND DEPOSITION OFFICER FEE FOR GENDER SEXUALITIES ALLIANCE NETWORK PAID WITH OUR CHECK # 7228 | $84.00 |
| d. | First Legal Records | 06/19/24 | FIRST LEGAL RECORDS - SUBPOENA AND DEPOSITION OFFICER FEE FOR CALIFORNIA SCHOOL BOARDS ASSOCIATION | $84.00 |
| | | | **Sub-Total:** | **$336.00** |

| 7. | **Outside Copying Fees** | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **Invoice No.** | **Re:** | **Amount** |
| a. | CopyScan, Inc. | 04/14/23 | 61462 | CASE LAW NOTEBOOK PAID WITH OUR CHECK # 6284 | $178.53 |
| b. | CopyScan, Inc. | 06/10/24 | 62535 | COPIES MISCELLANEOUS PLEADINGS | $287.30 |
| c. | CopyScan, Inc. | 09/13/24 | 62849 | COPIES VOLUMINOUS DISCOVERY REQUESTS PAID WITH OUR CHECK # 7457 | $21.10 |
| d. | CopyScan, Inc. | 10/14/24 | 62933 | COPIES FOR HEARING NOTEBOOK PAID WITH OUR CHECK # 7559 | $528.26 |
| e. | CopyScan, Inc. | 11/04/24 | 63006 | COPIES REPLY MOTION CLASSWIDE PRELIM. INJUNCTION PAID WITH OUR CHECK # 7590 | $283.75 |
| f. | CopyScan, Inc. | 11/27/24 | 63045 | COPIES SECOND AMENDED COMPLAINT | $306.40 |
| g. | CopyScan, Inc. | 01/31/25 | 63186 | COPIES EUSD DEPOSITION EXHIBIT NOTEBOOK PAID WITH OUR CHECK # 7822 | $219.84 |

Non-Taxable Costs                                                                                          3

| 7. | **Outside Copying Fees** | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **Invoice No.** | **Re:** | **Amount** |
| h. | CopyScan, Inc. | 09/08/25 | 63735 | COPIES OF MSJ, MOTION TO EXCLUDE, MOTION CLASS CERT. PAID WITH OUR CHECK # 8347 | $709.62 |
| i. | CopyScan, Inc. | 09/12/25 | 63743 | COPIES OF OPPOSITION TO MSJ & MOTION TO EXCLUDE PAID WITH OUR CHECK # 8347 | $747.94 |
| j. | CopyScan, Inc. | 09/25/25 | 63780 | COPIES DEPOSITION TRANSCRIPTS OF TANDO & BRADY | $77.97 |
| k. | CopyScan, Inc. | 11/07/25 | 63894 | COPIES - RENEWED MSJ KEY CASES PAID WITH OUR CHECK # 8501 | $80.81 |
| | | | | **Sub-Total:** | **$3,441.52** |

| **In-House Copying Fees (No Invoices)** | | | |
|---|---|---|---|
| **Date** | **Re:** | | **Amount** |
| 09/30/22 | PHOTOCOPIES FOR THE MONTH OF SEPTEMBER | 7x0.25 | $1.75 |
| 10/31/22 | PHOTOCOPIES FOR THE MONTH OF OCTOBER | 277x0.25 | $69.25 |
| 10/31/22 | COLOR PHOTOCOPIES FOR THE MONTH OF OCTOBER | 43x0.50 | $21.50 |
| 11/30/22 | PHOTOCOPIES FOR THE MONTH OF NOVEMBER | 62x0.25 | $15.50 |
| 12/31/22 | PHOTOCOPIES FOR THE MONTH OF DECEMBER | 9x0.25 | $2.25 |
| 01/31/23 | COLOR PHOTOCOPIES FOR THE MONTH OF JANUARY | 11x0.50 | $5.50 |
| 02/28/23 | PHOTOCOPIES FOR THE MONTH OF FEBRUARY | 61x0.25 | $15.25 |
| 03/31/23 | PHOTOCOPIES FOR THE MONTH OF MARCH | 297x0.25 | $74.25 |
| 04/30/23 | PHOTOCOPIES FOR THE MONTH OF APRIL | 511x0.25 | $127.75 |
| 04/30/23 | COLOR PHOTOCOPIES FOR THE MONTH OF APRIL | 50x0.50 | $25.00 |
| 05/31/23 | PHOTOCOPIES FOR THE MONTH OF MAY | 385x0.25 | $96.25 |
| 06/30/23 | PHOTOCOPIES FOR THE MONTH OF JUNE | 1626x0.25 | $406.50 |
| 06/30/23 | COLOR PHOTOCOPIES FOR THE MONTH OF JUNE | 484x0.50 | $242.00 |
| 07/31/23 | PHOTOCOPIES FOR THE MONTH OF JULY | 253x0.25 | $63.25 |
| 07/31/23 | COLOR PHOTOCOPIES FOR THE MONTH OF JULY | 237x0.50 | $118.50 |
| 08/31/23 | PHOTOCOPIES FOR THE MONTH OF AUGUST | 605x0.25 | $151.25 |
| 08/31/23 | COLOR PHOTOCOPIES FOR THE MONTH OF AUGUST | 122x0.50 | $61.00 |
| 09/30/23 | PHOTOCOPIES FOR THE MONTH OF SEPTEMBER | 1106x0.25 | $276.50 |
| 09/30/23 | COLOR PHOTOCOPIES FOR THE MONTH OF SEPTEMBER | 122x0.50 | $61.00 |
| 10/31/23 | PHOTOCOPIES FOR THE MONTH OF OCTOBER | 131x0.25 | $32.75 |
| 12/02/23 | PHOTOCOPIES FOR THE MONTH OF NOVEMBER | 108x0.25 | $27.00 |
| 12/31/23 | PHOTOCOPIES FOR THE MONTH OF DECEMBER | 871x0.25 | $217.75 |

Non-Taxable Costs

| In-House Copying Fees (No Invoices) | | | |
|---|---|---|---|
| **Date** | **Re:** | **_** | **Amount** |
| 01/31/24 | PHOTOCOPIES FOR THE MONTH OF JANUARY | 70x0.25 | $17.50 |
| 01/31/24 | COLOR PHOTOCOPIES FOR THE MONTH OF JANUARY | 725x0.50 | $362.50 |
| 02/29/24 | PHOTOCOPIES FOR THE MONTH OF FEBRUARY | 2354x0.25 | $588.50 |
| 03/31/24 | PHOTOCOPIES FOR THE MONTH OF MARCH | 575x0.25 | $143.75 |
| 04/30/24 | PHOTOCOPIES FOR THE MONTH OF APRIL | 1910x0.25 | $477.50 |
| 05/31/24 | PHOTOCOPIES FOR THE MONTH OF MAY | 810x0.25 | $202.50 |
| 07/31/24 | PHOTOCOPIES FOR THE MONTH OF JULY | 2078x0.25 | $519.50 |
| 08/31/24 | PHOTOCOPIES FOR THE MONTH OF AUGUST | 1330x0.25 | $332.50 |
| 10/31/24 | PHOTOCOPIES FOR THE MONTH OF OCTOBER | 1652x0.25 | $413.00 |
| 11/30/24 | PHOTOCOPIES FOR THE MONTH OF NOVEMBER | 182x0.25 | $45.50 |
| 12/31/24 | PHOTOCOPIES FOR THE MONTH OF DECEMBER | 1240x0.25 | $310.00 |
| 01/31/25 | PHOTOCOPIES FOR THE MONTH OF JANUARY 2025 | 2448x0.25 | $612.00 |
| 02/28/25 | PHOTOCOPIES FOR THE MONTH OF FEBRUARY | 2162x0.25 | $540.50 |
| 03/31/25 | PHOTOCOPIES FOR THE MONTH OF MARCH | 1189x0.25 | $297.25 |
| 04/30/25 | PHOTOCOPIES FOR THE MONTH OF APRIL | 799x0.25 | $199.75 |
| 05/31/25 | PHOTOCOPIES FOR THE MONTH OF MAY | 2889x0.25 | $722.25 |
| 06/30/25 | PHOTOCOPIES FOR THE MONTH OF JUNE | 983x0.25 | $245.75 |
| 07/31/25 | PHOTOCOPIES FOR THE MONTH OF JULY | 1023x0.25 | $255.75 |
| 08/31/25 | PHOTOCOPIES FOR THE MONTH OF AUGUST | 70x0.25 | $17.50 |
| 09/30/25 | PHOTOCOPIES FOR THE MONTH OF SEPTEMBER | 1141x0.25 | $285.25 |
| 10/31/25 | PHOTOCOPIES FOR THE MONTH OF OCTOBER | 528x0.25 | $132.00 |
| 11/30/25 | PHOTOCOPIES FOR THE MONTH OF NOVEMBER | 1262x0.25 | $315.50 |
| 12/31/25 | PHOTOCOPIES FOR THE MONTH OF DECEMBER | 930x0.25 | $232.75 |
| | | **Sub-Total:** | **$9,380.75** |

| 8. | Postage (No USPS Invoices) | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **Re:** | | **Amount** |
| a. | Federal Express | 09/01/23 | Juliet Eichenlaub, Court Reporter - Expedite transcript for the Motion for Preliminary Injunction/Motion to Dismiss Hearing, Invoice No. 8-248-75288 | | $47.46 |
| b. | USPS | 02/28/23 | POSTAGE FOR THE MONTH OF FEBRUARY | | $0.60 |
| c. | USPS | 05/31/23 | POSTAGE FOR THE MONTH OF MAY | | $1.20 |
| d. | USPS | 06/30/23 | POSTAGE FOR THE MONTH OF JUNE | | $10.92 |
| e. | USPS | 07/31/23 | POSTAGE FOR THE MONTH OF JULY | | $6.06 |
| f. | USPS | 08/31/23 | POSTAGE FOR THE MONTH OF AUGUST | | $1.26 |
| g. | USPS | 09/30/23 | POSTAGE FOR THE MONTH OF SEPTEMBER | | $0.63 |
| h. | USPS | 01/31/24 | POSTAGE FOR THE MONTH OF JANUARY | | $10.35 |
| i. | USPS | 02/29/24 | POSTAGE FOR THE MONTH OF FEBRUARY | | $9.10 |
| j. | USPS | 03/31/24 | POSTAGE FOR THE MONTH OF MARCH | | $1.12 |
| k. | USPS | 07/31/24 | POSTAGE FOR THE MONTH OF JULY | | $0.69 |

Non-Taxable Costs                                                                                           5

| 8. | **Postage** **(No USPS Invoices)** | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **Re:** | | **Amount** |
| l. | USPS | 12/31/24 | POSTAGE FOR THE MONTH OF DECEMBER | | $1.94 |
| m. | USPS | 02/28/25 | POSTAGE FOR THE MONTH OF FEBRUARY | | $1.38 |
| n. | USPS | 03/31/25 | POSTAGE FOR THE MONTH OF MARCH | | $2.29 |
| o. | USPS | 05/31/25 | POSTAGE FOR THE MONTH OF MAY | | $0.69 |
| | | | **Sub-Total:** | | **$95.69** |

| 9. | **Travel/Parking/Mileage** | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | _ | **Hearings** | **Amount** |
| | **PAUL M. JONNA** | | | | |
| a. | Paul Jonna | 08/30/23 | Mileage | Motion for Preliminary Injunction/Motion to Dismiss Hearing | $31.44 |
| b. | Paul Jonna | 08/30/23 | Parking | Motion for Preliminary Injunction/Motion to Dismiss Hearing | $30.00 |
| c. | Paul Jonna | 09/13/23 | Mileage | KUSI Studio re Interview on Motion for Preliminary Injunction/Motion to Dismiss Hearing | $26.20 |
| d. | Paul Jonna | 09/15/23 | Mileage | KUSI Studio re Interview on Motion for Preliminary Injunction/Motion to Dismiss Hearing | $26.20 |
| e. | Paul Jonna | 01/08/24 | Mileage | CDE - Motion for Judgment on Pleadings Hearing | $32.56 |
| f. | Paul Jonna | 01/08/24 | Parking | CDE - Motion for Judgment on Pleadings Hearing | $28.00 |
| g. | Paul Jonna | 01/10/24 | Mileage | Motion for OSC re Contempt Hearing | $32.56 |
| h. | Paul Jonna | 01/10/24 | Parking | Motion for OSC re Contempt Hearing | $28.00 |
| i. | Paul Jonna | 01/10/24 | Lunch | Lunch Meeting with Clients re Hearing | $139.49 |
| j. | Paul Jonna | 04/29/24 | Mileage | Motion to Dismiss Hearing | $32.56 |
| k. | Paul Jonna | 04/29/24 | Parking | Motion to Dismiss Hearing | $20.00 |
| l. | Paul Jonna | 06/07/24 | Mileage | Meeting with Board of Directors for Lakeside Union School District | $41.54 |
| m. | Paul Jonna | 07/10/24 | Mileage | Motion to Amend Complaint Hearing | $32.56 |
| n. | Paul Jonna | 07/10/24 | Parking | Motion to Amend Complaint Hearing | $30.00 |
| o. | Paul Jonna | 12/02/24 | Mileage | Mirabelli - Motion for Class-Wide Prelim. Injunction + Defendants Motion to Dismiss Hearings | $32.16 |

Non-Taxable Costs                                                                                                                  6

| 9. | Travel/Parking/Mileage | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **.** | **Hearings** | **Amount** |
| p. | Paul Jonna | 12/02/24 | Parking | Mirabelli - Motion for Class-Wide Prelim. Injunction + Defendants Motion to Dismiss Hearings | $30.00 |
| q. | Paul Jonna | 12/02/24 | Lunch | Lunch Meeting with Clients re Hearing | $87.54 |
| r. | Paul Jonna | 02/24/25 | Mileage | Defendants Motion to Dismiss Hearing | $33.60 |
| s. | Paul Jonna | 02/24/25 | Parking | Defendants Motion to Dismiss Hearing | $36.00 |
| t. | Paul Jonna | 05/09/25 | Mileage | Status Conference | $33.60 |
| u. | Paul Jonna | 05/09/25 | Parking | Status Conference | $32.00 |
| v. | Paul Jonna | 09/17/25 | Mileage | Status Conference | $33.60 |
| w. | Paul Jonna | 11/17/25 | Mileage | Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $33.60 |
| x. | Paul Jonna | 11/17/25 | Parking | Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $25.00 |
| | **CHARLES S. LiMANDRI** | | | | |
| a. | Charles LiMandri | 11/17/25 | Mileage | Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $33.60 |
| b. | Charles LiMandri | 11/17/25 | Parking | Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $36.00 |
| | **JEFFREY M. TRISSELL** | | | | |
| a. | Jeffrey Trissell | 01/08/24 | Mileage | CDE - Motion for Judgment on Pleadings Hearing | $32.00 |
| b. | Jeffrey Trissell | 01/08/24 | Parking | CDE - Motion for Judgment on Pleadings Hearing | $22.00 |
| c. | Jeffrey Trissell | 01/10/24 | Mileage | Motion for OSC re Contempt Hearing | $32.00 |
| d. | Jeffrey Trissell | 01/10/24 | Parking | Motion for OSC re Contempt Hearing | $28.00 |
| e. | Jeffrey Trissell | 04/29/24 | Mileage | Motion to Dismiss Hearing | $32.56 |
| f. | Jeffrey Trissell | 04/29/24 | Parking | Motion to Dismiss Hearing | $20.00 |
| g. | Jeffrey Trissell | 07/10/24 | Mileage | Motion to Amend Complaint Hearing | $32.56 |
| h. | Jeffrey Trissell | 07/10/24 | Parking | Motion to Amend Complaint Hearing | $20.00 |
| i. | Jeffrey Trissell | 12/02/24 | Mileage | Mirabelli - Motion for Class-Wide Prelim. Injunction + Defendants Motion to Dismiss Hearings | $32.16 |

Non-Taxable Costs                                                                 7

| 9. | **Travel/Parking/Mileage** | | | | |
|---|---|---|---|---|---|
| | **Name** | **Date** | **.** | **Hearings** | **Amount** |
| j. | Jeffrey Trissell | 12/02/24 | Parking | Mirabelli - Motion for Class-Wide Prelim. Injunction + Defendants Motion to Dismiss Hearings | $30.00 |
| k. | Jeffrey Trissell | 09/17/25 | Mileage | Status Conference | $33.60 |
| l. | Jeffrey Trissell | 09/1725 | Parking | Status Conference | $28.00 |
| m. | Jeffrey Trissell | 11/17/25 | Mileage | Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $33.60 |
| n. | Jeffrey Trissell | 11/17/25 | Parking | Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $37.00 |
| | **PETER C. BREEN** | | | | |
| a. | Peter Breen | 11/17/25 | Lyft | Transportation from Home to Airport Chicago IL (Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $63.87 |
| b. | Peter Breen | 11/17/25 | Lyft | Transportation from Airport to Hotel San Diego | $33.77 |
| c. | Peter Breen | 11/17/25 | Lyft | Transportation from Hotel to Airport San Diego | $19.79 |
| d. | Peter Breen | 11/17/25 | Lyft | Transportation from Airport Chicago to Home | $78.64 |
| e. | Peter Breen | 11/17/25 | United Airlines | Travel from Chicago, IL to San Diego, CA (Mirabelli - Motion for Class-Wide Prelim. Injunction, Daubert Hearing | $796.96 |
| f. | Peter Breen | 11/17/25 | United Airlines | Inflight WiFi | $8.00 |
| g. | Peter Breen | 11/17/25 | Hotel | Pendry San Diego | $376.82 |
| h. | Peter Breen | 11/17/25 | Dinner | Dinner at Pendry San Diego | $94.26 |
| | **CLIENTS** | | | | |
| a. | Clients | 06/25/25 | Lunch | RANCH DELI - LUNCH FOR CLIENTS RE: MANDATORY SETTLEMENT CONFERENCE | $122.00 |
| | | | | **Sub-Total:** | **$2,985.40** |

**TOTAL: $20,755.10**

Non-Taxable Costs                                                                                     8

# ATTACHMENT 1:
# DOCKET RETREIVAL FEES

**Kathy Denworth**

| | |
|---|---|
| **From:** | SB Court - No Reply <DoNotReply@sb-court.org> |
| **Sent:** | Friday, January 5, 2024 12:41 PM |
| **To:** | Kathy Denworth |
| **Subject:** | MIRABELLI - Document Purchase Receipt Chino Case - Ex PArte Appl. to File Amicus Brief iso Motion PI |



# Court Access Portal
### Superior Court of California, County of San Bernardino

## RECEIPT

Thank you for your purchase. Please keep a copy of this receipt for your records.

| Item | Amount |
|---|---|
| 01. Document - 19 pages x $0.50 | $9.50 |

| | |
|---|---|
| Total Amount: | **$9.50** |
| Purchase Date: | **01/05/2024 12:40** |
| Payment Method: | **Visa ending in 1806** |
| Payor Name: | **Charles LiMandri** |
| Document Count: | **1** |
| Payment Transaction ID: | **256970923** |
| Processor Transaction ID: | **4961738** |
| Court Reference Number: | **2024-01700-WEB** |

1

(Myers)

ⓘ   PACER Maintenance, 01/14/2024

Our systems will undergo maintenance on Sunday, January 14, 2024, from 5:00 a.m. to 4:00 p.m. ET. Access to certain portions of this site may be temporarily unavailable.

An official website of the United States government.   Here's how you know. ∨

# BILLING HISTORY

Close

**Detailed Transaction Report by Date**
**All**
**from 01/01/2024 to 01/10/2024**

Wed Jan 10 07:38:08 CST 2024
**Oklamm2021**

Back    New Search

| | | | | | Billing Transactions | | |
|---|---|---|---|---|---|---|---|
| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
| **01/05/2024** | | | | | | | |
| 01/05/2024 | 11:09:16 | 17 | CASDC | MIRABELLI | Docket Report | 3:23-cv-00768-BEN-VET | $1.70 ✓ |

Back    New Search

PACER FAQ                    Privacy & Security                    Contact Us

This site is maintained by the Administrative Office of the
U.S. Courts on behalf of the Federal Judiciary.

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

Mirabelli — 3.40 ✓

Case 3:23-cv-00768-BEN-VET     Document 323-2     Filed 02/02/26     PageID.18018
Page 419 of 497

| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
|------|------|-------|-------|-------------|-------------|--------|------|
| | | | | | | | $3.00 |

**12/01/2023**

**12/07/2023**

| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
|------|------|-------|-------|-------------|-------------|--------|------|
| 12/07/2023 | 10:51:05 | 16 | CASDC | MIRABELLI | DOCKET REPORT | 3:23-CV-00768-BEN-KSC | $1.60 |
| 12/07/2023 | 15:34:39 | 1 | DCDC | MIRABELLI | IMAGE28-0 | 1:22-CV-01092-APM DOCUMENT 28-0 | $0.10 |
| Subtotal: | | | | 17 | pages | | $1.70 |
| | | | | 0 | audio files ($2.40 each) | | $0.00 |
| | | | | | | | $1.70 |

**Kathy Denworth**

| Subject: | FW: Mirabelli - M. v. Komrosky case - Transaction Receipt from SMT Court Epay Fine Pmt for $12.00 (USD) |

Minuto Order re Motion PI + Notice ruling on Motion PI

**From:** Auto-Receipt <noreply@mail.authorize.net>
**Sent:** Thursday, February 29, 2024 9:07 AM
**To:** Kathy Denworth <kdenworth@limandri.com>
**Subject:** Mirabelli - M. v. Komrosky case - Transaction Receipt from SMT Court Epay Fine Pmt for $12.00 (USD)

Superior Court of California, County of Riverside Paid Searches and Documents Payment Receipt

**Order Information**

Description:        Paid Documents

Invoice Number    PR-NKBJ64CF9DC9DNN8S
Customer ID       3f4d2a9c1fac8107b207

**Billing Information**                    **Shipping Information**
Paul Jonna
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, California 92067
US
kdenworth@limandri.com
8587599930

| Item | Name | Description | Qty | Taxable | Unit Price | Item Total |
|------|------|-------------|-----|---------|------------|------------|
| 1 | DOCUMENT_DOWNLOAD | Paid Documents | 1 | N | $12.00 (USD) | $12.00 (USD) |

**Total: $12.00 (USD)**

**Payment Information**

Date/Time:          29-Feb-2024 9:06:56 PST
Transaction ID:     120304023076
Payment Method:     Visa xxxx1806
Transaction Type:   Purchase
Auth Code:          029999

**Merchant Contact Information**
SMT Court Epay Fine Pmt
LOS ANGELES, CA 90012
US
hoa_to@dailyjournal.com
For additional assistance contact Journal Technologies: Support 877.587.8927 Option 5

1

## Kathy Denworth

| | |
|---|---|
| **From:** | Auto-Receipt <noreply@mail.authorize.net> |
| **Sent:** | Tuesday, May 28, 2024 5:55 PM |
| **To:** | Kathy Denworth |
| **Subject:** | Mirabelli - M. v. Komrosky Case - Transaction Receipt from SMT Court Epay Fine Pmt for $68.50 (USD) |

Superior Court of California, County of Riverside Paid Searches and Documents Payment Receipt

### Order Information

| | |
|---|---|
| Description: | Paid Documents |
| Invoice Number | PR-Y6COYW9SNFSXC96D8 |
| Customer ID | 3f4d2a9c1fac8107b207 |

**Billing Information**
Paul Jonna
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, California 92067
US
kdenworth@limandri.com
8587599930

**Shipping Information**

| Item | Name | Description | Qty | Taxable | Unit Price | Item Total |
|---|---|---|---|---|---|---|
| 1 | DOCUMENT_DOWNLOAD | Paid Documents | 1 | N | $68.50 (USD) | $68.50 (USD) |

**Total: $68.50 (USD)**

### Payment Information

| | |
|---|---|
| Date/Time: | 28-May-2024 17:55:16 PDT |
| Transaction ID: | 120459253479 |
| Payment Method: | Visa xxxx1806 |
| Transaction Type: | Purchase |
| Auth Code: | 028774 |

### Merchant Contact Information

SMT Court Epay Fine Pmt
LOS ANGELES, CA 90012
US
hoa_to@dailyjournal.com
For additional assistance contact Journal Technologies: Support 877.587.8927 Option 5

1

# San Diego Superior Court
**Document Order # 143376**

Paid: 02/28/2025 10:02 PST



**Billed To**          (MIRABELLI)

Charles LiMandro
PO Box 9120
Rancho Santa Fe, CA 92067

| # | Case Number | Document Name | # Pages | Cost |
|---|---|---|---|---|
| 1 | 25CU010642C | Petition for Writ of Mandate | 46 | $21.40 |

Subtotal: $21.40

**Total Cost (46 pages): $21.40**

Page 1

# ATTACHMENT 2:
# TRANSCRIPTION FEES

**San Diego Transcription**

9490 Stargaze Avenue
San Diego, CA 92129
www.SDTranscription.com

# Invoice Statement

| Date | Invoice # |
|------|-----------|
| 10/3/2022 | 1092 |

Bill To

LIMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 9/23/2022 | Mirabelli v. Escondido Union Elementary - Transcribe IMG_2517, gender identity policy. | 2.4 | 40.00 | 96.00 |

| | Balance Due | $352.00 |
|--|-------------|---------|

Payment due and appreciated within ten days of the
date of this invoice. Thank you.

(858) 922-2750                     www.SDTranscription.com

**San Diego Transcription**

9490 Stargaze Avenue
San Diego, CA 92129
www.SDTranscription.com

# Invoice Statement

| Date | Invoice # |
|------|-----------|
| 3/1/2023 | 1129 |

**Bill To**

LIMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 1/22/2023 | Transcribe new section into Gender Identity transcript; proof and certify entire transcript. *Mirabelli* | 2.3 | 40.00 | 92.00 |

Payment due and appreciated within ten days of the date of this invoice.  Thank you.

| | |
|---|---|
| **Balance Due** | **$92.00** |

(858) 922-2750          www.SDTranscription.com

# San Diego Transcription

9490 Stargaze Avenue
San Diego, CA 92129
www.SDTranscription.com

# Invoice Statement

| Date | Invoice # |
|------|-----------|
| 3/12/2024 | 1203 |

**Bill To**

LIMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 3/6/2024 | Mirabelli - Transcribe Newsom livestream; transcribe Newsom post on X re: Temecula School District; proof and certify same. | 4.7 | 42.50 | 199.75 |

Payment due and appreciated within ten days of the
date of this invoice.  Thank you.

| Balance Due | $199.75 |
|-------------|---------|

(858) 922-2750                www.SDTranscription.com

**San Diego Transcription**

9490 Stargaze Avenue
San Diego, CA 92129
www.SDTranscription.com

# Invoice Statement

| Date | Invoice # |
|------|-----------|
| 6/5/2025 | 1285 |

Bill To

LIMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067

| Date | Description ( Mirabelli ) | Hours | Rate | Amount |
|------|----------------------------|-------|------|--------|
| 5/27/2025 | Transcribe Youth's Relationship With Being Transgender Over Time; proof and certify same. | 8.8 | 42.50 | 374.00 |
| 5/28/2025 | Transcribe Parents' Path To Acceptance; proof and certify same. | 7.9 | 42.50 | 335.75 |
| 5/29/2025 | Transcribe presentation of Christine Brady; proof and certify same. | 11 | 42.50 | 467.50 |

| | |
|---|---|
| **Balance Due** | **$1,177.25** |

Payment due and appreciated within ten days of the
date of this invoice. Thank you.

(858) 922-2750 ███████████ www.SDTranscription.com

# ATTACHMENT 3: RESEARCH FEES

# INVOICE

Springer Nature Customer Service Center LLC
1 New York Plaza, Suite 4600
New York, New York 10004-1562
customerservice@springernature.com
www.springernature.com

VAT Reg. No. 321326254420
GST# 14137145300
QST# 1218563852

**SPRINGER NATURE**

Discover. Learn. Achieve.

*Mirabelle*

| Our Reference No. > 1452874081 | Finance Account No. > 2203294606 | Customer Account No. > 3003683972 | Purchase Order No. > | | Date 03/20/2025 | Pages 1 / 1 |
|---|---|---|---|---|---|---|

| Bill to | Ship to |
|---|---|
| CHARLES LIMANDRI<br>LIMANDRI & JONNA LLP<br>PO BOX 9120<br>RANCHO SANTA FE CA 92067 | CHARLES LIMANDRI<br>LIMANDRI & JONNA LLP<br>PO BOX 9120<br>RANCHO SANTA FE CA 92067 |

| Quantity | Product No. | Description | Unit Price | Discount | Amount |
|---|---|---|---|---|---|
| 1 | PPVB | Book chapter Pay-per View<br>Carter (Eds), Clinical Handbook of Psych<br>/ Material: PPVB<br>Pack List Ref# : 0019049694 | 29.95 | 0.00 | 29.95 |

| Delivery Method | | | | Total Net Value of Goods | 29.95 |
|---|---|---|---|---|---|
| Units | | Weight | 0.000 KG | Delivery Charges | 0.00 |
| WS_AGENT | Incoterms | DDP | Tax | Total Tax | 0.00 |
| | | | | Subtotal | 29.95 |
| | | | | Prepaid | 29.95 |
| | | | | TOTAL DUE    USD | 0.00 |

**Questions regarding this order?**
> **Tel: 800 - SPRINGERNATURE  (777-4643)**
> Call us 24 hours a day, 7 days a week
> **Email:**customerservice@springernature.com
> **Web:**www.springernature.com

> **Remittance to:**
Springer Nature Customer Service Center LLC
P.O. Box 13301 | Newark | New Jersey 07101-3301

> **Bank Details:** Deutsche Bank Trust Co
Springer Nature Customer Service Center LLC
Swift: BKTRUS33
Acct: 00-460-699
Routing or Transit #: 021001033

In the event this account is forwarded to an
independent collector for collection, the purchaser,
shall be liable for all reasonable fees, not to exceed
25% of original amount owed.
General terms and conditions of payment can be
found at https://link.springer.com/termsandconditions

### Settlement via webshop

### Thank you for your business.

> **US Returns to:** Springer Nature Returns Dept. c/o IPS
1250 Ingram Drive | Chambersburg, PA 17202
> **Canadian Returns to:** c/o Georgetown Terminal Warehouse |
34 Armstrong Ave. | Georgetown | Ontario L7G 4R9

           



**Details for Order # D01-1770453-3318667**
Print this page for your records.

Amazon.com order number: ▮▮▮▮▮▮▮

▮▮▮▮▮▮

*Mirabelli*

### Digital Order: May 2, 2025

| Items Ordered | Price |
|---|---|
| **Essential Psychopathology & Its Treatment (Fourth Edition)[Kindle Edition]** <br> By: Mark D. Kilgus, Jerrold S. Maxmen, Nicholas G. Ward <br> Quantity: 1 <br> Sold By: Amazon.com Services LLC | $56.88 |

Item(s) Subtotal: $56.88
----
Total Before Tax: $56.88
Tax Collected: $0.00
----
**Total for this Order: $56.88**

### Payment Information

**Payment method**
   Mastercard
▮▮▮▮▮▮

**Billing address**
Paul Jonna
PO BOX 9120
RANCHO SANTA FE,
CA 92067-4120
United States
8587599930

| | |
|---|---|
| Item(s) Subtotal: | $56.88 |
| Total Before Tax: | $56.88 |
| Tax Collected: | $0.00 |
| **Grand Total:** | **$56.88** |

Return to the Order Summary.

**Please note:** This is not a VAT invoice.

Back to top

| English | | United States | | Help |

Conditions of Use   Privacy Notice   Consumer Health Data Privacy Disclosure   Your Ads Privacy Choices
© 1996-2025, Amazon.com, Inc. or its affiliates

# ATTACHMENT 4:
# MEDICAL RECORDS RETRIEVAL FEES

MRO Corporation

**MRO**
1000 Madison Avenue, Suite 100
Norristown, PA 19403

PREPAYMENT REQUIRED
**Invoice**
93979211
February 07, 2025



Phone: (610) 994-7500 Opt. 1
Fax: (610) 962-8421

**Records Dept.**
Limandri & Jonna, LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067

You can track and pay for your request online at: **www.roilog.com**

On 1/15/2025   the following healthcare provider received your request for copies of medical records:

**Clovis Community Medical Center**
2755 Herndon Avenue
Clovis, CA 93611

(Child Poe)

You requested records for: ████████████

Your Reference ID:
MRO Request ID: 93979211
MRO Online Tracking Number: CMCA4S6BMBMKH

Records consisting of more than 75 pages may
be sent on CD-ROM.

Cancelled requests or unpaid invoices may be
subject to a cancellation fee.

**PAYMENT**

*You may pay this invoice online at:* **www.roilog.com**

This is your invoice for providing the copies of the medical records.

### Fees

| | |
|---|---|
| Search and Retrieval Fee: | $8.00 |
| Number of Pages: | 6 |
| Tier 1: | $0.60 |
| Tier 2: | $0.00 |
| Tier 3: | $0.00 |
| Media pages/materials: | 0 |
| Media Fee: | $0.00 |
| Certification Fee: | $0.00 |
| Adjustments: | $0.00 |
| Postage: | $1.74 |
| Sales Tax: | $0.05 |
| **TOTAL:** | $10.39 |
| Paid at Facility: | ( $0.00) |
| Paid to MRO: | ( $0.00) |
| **BALANCE DUE:** | $10.39 |

You can send a check to:

**MRO**
**P.O. Box 6410,**
**Southeastern, PA 19398-6410**
**MRO Tax ID (EIN): 01-0661910**

*Please write invoice # on the check or*
*return this invoice with the payment*

By proceeding with this order, you are representing that you: have reviewed, understood, and approved the charges; have agreed to pay them; and have agreed to the following terms. Any dispute relating to the charges in this invoice must be presented before proceeding with this order. Any dispute not so presented is waived. Presentation of a dispute must be made by telephone (610) 994-7500 Opt. 1. All disputes regarding the charges in this invoice, whether presented by you or by MRO, must be resolved by arbitration under the Federal Arbitration Act through one or more neutral arbitrators before the American Arbitration Association (AAA). Your dispute will be resolved by the arbitrators, and not by a judge or a jury. Class arbitrations are not permitted. Disputes must be brought only in the claimant's individual capacity and not as a representative or member of a class. An arbitrator may not consolidate your dispute with the dispute of anyone else nor preside over any form of class proceeding. Upon request by you at the time a dispute is presented, MRO will pay the AAA fee for arbitration of your dispute.

**Please contact MRO at (610) 994-7500 Opt. 1 for any questions regarding this invoice.**
**MRO is the medical copy request processor for: Clovis Community Medical Center.**

MB - Mirabelli



COMMUNITY
MEDICAL CENTERS

1/15/25

Limandri & Jonna Llp
P.O Box 9120
Rancho Santa Fe, Ca  92067

(Child Poe)

Thank you for your request of medical  records on the following patient ██████████

In order to process the documents, please remit the amount set forth below.

Requested Dates of Service:09/01/2023  to 12/31/2023

INVOICE:

| Media | Quantity | Flat Fee | Fee Details | Total |
|---|---|---|---|---|
| CD/Thumb Drive | 1 | $0.00 | 1 to 1 x $5.00 = $5.00 | $5.00 |
| $4 Clerical Fee | 1 | $0.00 | 1 to 1 x $4.00 = $4.00 | $4.00 |
| | | | Subtotal: | $9.00 |

Less Payment Received:
Total Amount Due: 9.00

**REMITTANCE: PLEASE REMIT BOTTOM PORTION OF INVOICE WITH PAYMENT**

--------------------------------------------------------------------------------

**ENCLOSED IS THE PAYMENT FOR THE REPRODUCTION OF MEDICAL RECORDS:**
**Patient Name:** ████████████  **Invoice #153961**
**Release ID: 163639691**

| Date | |
|---|---|
| Check # | |
| Amount Enclosed | |

**Attn:Leticia Alvary**
Clovis Community Medical Center
Health Information Management Department
2755 Herndon Ave
Clovis, Ca 93611
(559)-324-4066

# ATTACHMENT 5:
# FILING FEES IN OTHER COURTS (AMICUS)



**First Legal Network, LLC**
P.O. Box 743451
Los Angeles CA 90074-3451

TAX ID# 27-3093840

# INVOICE

| Invoice No. | Customer No. |
|---|---|
| 50128012 | 85064 |
| Invoice Date | Total Due |
| 9/15/23 | 416.24 |

LIMANDRI & JONNA LLP
P.O. BOX 9120
RANCHO SANTA FE, CA 92067

BILLING/PAYMENT QUESTIONS
CLIENT CARE (877)350-8698

| Customer No. | Invoice No. | Period Ending | Amount Due | Pg |
|---|---|---|---|---|
| 85064 | 50128012 | 9/15/23 | 416.24 | 1 |

| Date | Ordr No. | Svc | Service Detail | Charges | Total |
|---|---|---|---|---|---|

| 9/05/23 | 15107925 | BFX | LIMANDRI & JONNA LLP   SAN BERNARDINO SUPERIOR COURT | Base Chg : 123.00 | |
| FILING-BRNCH PDF RUSH | | | 16236 SAN DIEGUITO RD   247 W 3RD ST | Wait : 10.40 | |
| | | | RANCHO SANTA FE CA 92067   SAN BERNARDINO CA 92401 | PDF/Ship : 125.40 | |
| | | | Caller: Kathy Denworth   Wait: 28 Min | Fuel Chg : 11.07 | 269.87 |

CIVSB2317301
PEOPLE V CHINO VALLEY UNIFIED SCHOOL DIST.
EX PARTE APP; DECL; PO; POS
*****ASAP*****
Signed: not reserved          Ref: BONTA V CHINO SCHOOL

Invoice Amount:      387.24
Fees Advanced:        29.00
Total  Amount Due:    416.24

Total      416.24

# INVOICE PAYMENT DUE UPON RECEIPT



**First Legal Network, LLC**
P.O. Box 743451
Los Angeles CA 90074-3451

TAX ID# 27-3093840

# INVOICE

| Invoice No | Customer No |
|---|---|
| 50130159 | 85064 |
| Invoice Date | Total Due |
| 10/15/23 | 1,298.01 |

LIMANDRI & JONNA LLP
P.O. BOX 9120
RANCHO SANTA FE, CA 92067

BILLING/PAYMENT QUESTIONS
CLIENT CARE (877)350-8698

| Customer No | Invoice No | Period Ending | Amount Due | Po |
|---|---|---|---|---|
| 85064 | 50130159 | 10/15/23 | 1,298.01 | 1 |

| Date | Ordr No | Svc | Service Detail | | Charges | Total |
|---|---|---|---|---|---|---|
| 9/05/23<br>FILING-BRNCH PDF RUSH | 15107928 | BFX | LIMANDRI & JONNA LLP<br>16236 SAN DIEGUITO RD<br>RANCHO SANTA FE CA 92067<br>Caller: Kathy Denworth   Wait: 28 Min<br>CIVSB2317301<br>PEOPLE V CHINO VALLEY UNIFIED SCHOOL DIST.<br>EX PARTE APP; MEMORANDUM; PROPOSED OPP; PO; POS<br>*****ASAP*****<br>Signed: rejected not reserved | SAN BERNARDINO SUPERIOR COURT<br>247 W 3RD ST<br>SAN BERNARDINO   CA 92401<br><br><br><br><br><br>Ref: BONTA V CHINO SCHOOL | Base Chg : 123.00<br>Wait....... : 10.40<br>PDF/Ship : 46.20<br>Fuel Chg : 11.07 | 190.67 |
| 10/02/23<br>FILING-BRNCH PDF RUSH | 15112135 | BFX | LIMANDRI & JONNA LLP<br>16236 SAN DIEGUITO RD<br>RANCHO SANTA FE CA 92067<br>Caller: Kathy Denworth<br>CIVSB2317301<br>People of CA v. Chino Vally USD<br>ExParteApp;Dec;Prop.Order<br>FILE/CONFORM/RETURN<br>Signed: drop box dept s28 | SAN BERNARDINO SUPERIOR COURT<br>247 W 3RD ST<br>SAN BERNARDINO   CA 92401<br><br><br><br><br>Ref: BONTA V. CHINO SCHOOL | Base Chg : 123.00<br>PDF/Ship : 117.00<br>Fuel Chg : 11.07<br>Adv/Wit Ck: 500.00<br>Check Chg : 50.00 | 801.07 |
| 10/06/23<br>FILING-BRNCH PDF RUSH | 15112989 | BFX | LIMANDRI & JONNA LLP<br>16236 SAN DIEGUITO RD<br>RANCHO SANTA FE CA 92067<br>Caller: Kathy Denworth<br>CIV SB 2317301<br>The People of CA v. Chino Valley USD<br>Reply<br>FILE/CONFORM/RETURN<br>Signed: drop box dept s28 | SAN BERNARDINO SUPERIOR COURT<br>247 W 3RD ST<br>SAN BERNARDINO   CA 92401<br><br><br><br><br>Ref: BONTA V. CHINO | Base Chg : 123.00<br>Fuel Chg : 11.07 | 134.07 |

# INVOICE PAYMENT DUE UPON RECEIPT



**First Legal Network, LLC**
P.O. Box 743451
Los Angeles CA 90074-3451

TAX ID# 27-3093840

# INVOICE

| Invoice No. | Customer No. |
|---|---|
| 50130159 | 85064 |
| **Invoice Date** | **Total Due** |
| 10/15/23 | 1,298.01 |

LIMANDRI & JONNA LLP
P.O. BOX 9120
RANCHO SANTA FE, CA 92067

BILLING/PAYMENT QUESTIONS
CLIENT CARE (877)350-8698

| Customer No. | Invoice No. | Period Ending | Amount Due | Po |
|---|---|---|---|---|
| 85064 | 50130159 | 10/15/23 | 1,298.01 | 1 |

| Date | Ordr No | Svc | Service Detail | | Charges | Total |
|---|---|---|---|---|---|---|
| 9/05/23 FILING-BRNCH PDF RUSH | 15107928 | BFX | LIMANDRI & JONNA LLP 16236 SAN DIEGUITO RD RANCHO SANTA FE CA 92067 Caller: Kathy Denworth Wait: 28 Min CIVSB2317301 PEOPLE V CHINO VALLEY UNIFIED SCHOOL DIST. EX PARTE APP; MEMORANDUM; PROPOSED OPP; PO; POS *****ASAP***** Signed: rejected not reserved | SAN BERNARDINO SUPERIOR COURT 247 W 3RD ST SAN BERNARDINO CA 92401<br><br>Ref: BONTA V CHINO SCHOOL | Base Chg : 123.00<br>Wait....... : 10.40<br>PDF/Ship : 46.20<br>Fuel Chg : 11.07 | 190.67 |
| 10/02/23 FILING-BRNCH PDF RUSH | 15112135 | BFX | LIMANDRI & JONNA LLP 16236 SAN DIEGUITO RD RANCHO SANTA FE CA 92067 Caller: Kathy Denworth CIVSB2317301 People of CA v. Chino Vally USD ExParteApp;Dec;Prop.Order FILE/CONFORM/RETURN Signed: drop box dept s28 | SAN BERNARDINO SUPERIOR COURT 247 W 3RD ST SAN BERNARDINO CA 92401<br><br>Ref: BONTA V. CHINO SCHOOL | Base Chg : 123.00<br>PDF/Ship : 117.00<br>Fuel Chg : 11.07<br>Adv/Wit Ck: 500.00<br>Check Chg : 50.00 | 801.07 |
| | | | ███████████████████████████████ | | | |
| 10/06/23 FILING-BRNCH PDF RUSH | 15112989 | BFX | LIMANDRI & JONNA LLP 16236 SAN DIEGUITO RD RANCHO SANTA FE CA 92067 Caller: Kathy Denworth CIV SB 2317301 The People of CA v. Chino Valley USD Reply FILE/CONFORM/RETURN Signed: drop box dept s28 | SAN BERNARDINO SUPERIOR COURT 247 W 3RD ST SAN BERNARDINO CA 92401<br><br>Ref: BONTA V. CHINO | Base Chg : 123.00<br>Fuel Chg : 11.07 | 134.07 |
| | | | ███████████████████████████████ | | | |

## INVOICE PAYMENT DUE UPON RECEIPT

 **First Legal Network, LLC**
P.O. Box 743451
Los Angeles CA 90074-3451

TAX ID# 27-3093840

# INVOICE

| Invoice No. | Customer No. |
|---|---|
| 50130159 | 85064 |
| Invoice Date | Total Due |
| 10/15/23 | 1,298.01 |

LIMANDRI & JONNA LLP
P.O. BOX 9120
RANCHO SANTA FE, CA 92067

BILLING/PAYMENT QUESTIONS
CLIENT CARE (877)350-8698

| Customer No. | Invoice No. | Period Ending | Amount Due | Po |
|---|---|---|---|---|
| 85064 | 50130159 | 10/15/23 | 1,298.01 | 1 |

| Date | Ordr No | Svc | Service Detail | | Charges | Total |
|---|---|---|---|---|---|---|
| 9/05/23<br>FILING-BRNCH PDF RUSH | 15107928 | BFX | LIMANDRI & JONNA LLP<br>16236 SAN DIEGUITO RD<br>RANCHO SANTA FE  CA 92067<br>Caller: Kathy Denworth    Wait: 28 Min<br>CIVSB2317301<br>PEOPLE V CHINO VALLEY UNIFIED SCHOOL DIST.<br>EX PARTE APP; MEMORANDUM; PROPOSED OPP; PO; POS<br>*****ASAP*****<br>Signed: rejected not reserved | SAN BERNARDINO SUPERIOR COURT<br>247 W 3RD ST<br>SAN BERNARDINO    CA 92401<br><br><br><br><br>Ref: BONTA V CHINO SCHOOL | Base Chg : 123.00<br>Wait...... : 10.40<br>PDF/Ship : 46.20<br>Fuel Chg : 11.07 | 190.67 |
| 10/02/23<br>FILING-BRNCH PDF RUSH | 15112135 | BFX | LIMANDRI & JONNA LLP<br>16236 SAN DIEGUITO RD<br>RANCHO SANTA FE  CA 92067<br>Caller: Kathy Denworth<br>CIVSB2317301<br>People of CA v. Chino Vally USD<br>ExParteApp;Dec;Prop.Order<br>FILE/CONFORM/RETURN<br>Signed: drop box dept s28 | SAN BERNARDINO SUPERIOR COURT<br>247 W 3RD ST<br>SAN BERNARDINO    CA 92401<br><br><br><br>Ref: BONTA V. CHINO SCHOOL | Base Chg : 123.00<br>PDF/Ship : 117.00<br>Fuel Chg : 11.07<br>Adv/Wit Ck: 500.00<br>Check Chg : 50.00 | 801.07 |
| 10/06/23<br>FILING-BRNCH PDF RUSH | 15112989 | BFX | LIMANDRI & JONNA LLP<br>16236 SAN DIEGUITO RD<br>RANCHO SANTA FE  CA 92067<br>Caller: Kathy Denworth<br>CIV SB 2317301<br>The People of CA v. Chino Valley USD<br>Reply<br>FILE/CONFORM/RETURN<br>Signed: drop box dept s28 | SAN BERNARDINO SUPERIOR COURT<br>247 W 3RD ST<br>SAN BERNARDINO    CA 92401<br><br><br><br>Ref: BONTA V. CHINO | Base Chg : 123.00<br>Fuel Chg : 11.07 | 134.07 |

# INVOICE PAYMENT DUE UPON RECEIPT

# Invoice

**Counsel Press Inc.**
PO Box 65019
Baltimore, Maryland 21264-5019

Phone: (800) 427-7325

| | |
|---|---|
| Invoice Number: | 0009164067 |
| Date: | 07/10/2024 |
| Fed. Tax ID: | 47-3380949 |
| Terms: | ON RECEIPT |

**Sold To**

LiMandri & Jonna LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067   USA

Attention:  Kathy DenWorth, Esq.

File No.:  116860
Court:  US SUPREME CT
Case Name:  Parents Protecting our Children v. Eau

| | | | | | Amount |
|---|---|---|---|---|---|
| | AMICUS BRIEF | | | | |
| 1.00 | Cover(s) - 1st Side | @ | $45.80 | | $45.80 |
| 1.00 | Page(s) Table of Contents | @ | $45.80 | | $45.80 |
| 6.00 | Page(s) Table of Citations | @ | $45.80 | | $274.80 |
| 1.00 | Index Page(s) | @ | $22.90 | | $22.90 |
| 21.00 | Typeset Brief Pages | @ | $22.90 | | $480.90 |
| 21.00 | Footnote Lines | @ | $0.90 | | $18.90 |
| 50.00 | Volumes Bound | @ | $1.00 | | $50.00 |
| 1.00 | Certificate of Compliance | @ | $47.50 | | $47.50 |
| 1.00 | Electronic File Production and Review | @ | $75.00 | | $75.00 |
| 2.00 | Service(s) of Documents | @ | $16.00 | | $32.00 |
| 1.00 | Shipping & Handling | @ | $125.00 | | $125.00 |

**23-SB**
07/10/2024 15:25 PM

| This Invoice is Due Upon Receipt. Please Show Invoice Number on Check When Submitting Payment. |
|---|

| | |
|---|---|
| Subtotal | $1,218.60 |
| Sales Tax | $94.44 |
| | $0.00 |
| Payment/Credit | $0.00 |
| Balance | $1,313.04 |

Page 1 of 1

 **TrueFiling**

# Receipt

**AUTHORIZATION DATE**
10-02-2024

**RECEIPT #**
66FD70D3196059EBE8AEDA32

**AUTHORIZATION CODE**
00290Q

*Mirabelli*

**MATTER NUMBER**
AMICUS - MIRABELLI

| COURT | CASE NUMBER | CASE TITLE |
|---|---|---|
| CA 4th District Court of Appeal Division 3 | G064332 | M. et al. v. Schwartz et al. |

*Mae v. Komrosky*

| PAYMENT ACCOUNT ID | PAYMENT ACCOUNT NUMBER | PAYMENT EXPIRATION DATE |
|---|---|---|
| a0a77195-0cba-4f7d-b20a-d3a394d04b21 | XXXX-XXXX-XXXX-4408 | 04-30-2026 |

| DOCUMENT TITLE | FILING TYPE | FILING FEE |
|---|---|---|
| Appl. for Leave to File Amicus Brief | APPLICATION - APPLICATION TO FILE AMICUS CURIAE BRIEF | $0.00 |
| | SERVICING FEE | $10.50 |
| | **TOTAL** | **$10.50** |

TrueFiling is a trademark of i3-ImageSoft, LLC. Visit www.truefiling.info for more information

 **TrueFiling**

# Receipt

**AUTHORIZATION DATE**
10-02-2024

**RECEIPT #**
66FD70D3196059EBE8AEDA32

**AUTHORIZATION CODE**
00290Q

**MATTER NUMBER**
AMICUS - MIRABELLI

*Mirabelli*

| COURT | CASE NUMBER | CASE TITLE |
|---|---|---|
| CA 4th District Court of Appeal Division 3 | G064332 | M. et al. v. Schwartz et al. |

| PAYMENT ACCOUNT ID | PAYMENT ACCOUNT NUMBER | PAYMENT EXPIRATION DATE |
|---|---|---|
| a0a77195-0cba-4f7d-b20a-d3a394d04b21 | XXXX-XXXX-XXXX-4408 | 04-30-2026 |

| DOCUMENT TITLE | FILING TYPE | FILING FEE |
|---|---|---|
| Amicus Brief | BRIEF - AMICUS CURIAE BRIEF | $0.00 |
| | SERVICING FEE | $10.50 |
| | **TOTAL** | **$10.50** |

**TrueFiling is a trademark of i3-ImageSoft, LLC. Visit www.truefiling.info for more information**

# ATTACHMENT 6:
# DEPOSITION OFFICER FEES



**FIRSTLEGAL**
RECORDS

PO Box 841441
Dallas, TX 75284-1441
Tax ID: 27-1441384
Billing Inquiries: (877) 350-8698

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 12, 2024 | 185677-03-01 |

Professional Photocopier Registration #2013191915
County of Registration: Los Angeles

**Bill To:**
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

**Ordered by:**
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

| | | | |
|---|---|---|---|
| Claim No: | | File Ref: | |
| Case No: | 3:23-cv-00768-BEN-VET | Subject: | SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) |
| Court: | UNITED STATES DISTRICT COURT | | |
| Plaintiff: | ELIZABETH MIRABELLI AND LORI ANN WEST | DOI: | |
| Defendant: | MARK OLSON, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE EUSD BOARD OF EDUCATION... | Date Ordered: | 4/24/2024 |

| LOCATION AND DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Basic Fee | | | 49.00 |
| Deposition Officer Fee | | | 35.00 |

| | | |
|---|---|---|
| Regarding: SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) at NATIONAL CENTER FOR LESBIAN RIGHT, INC. San Francisco | SUB-TOTAL | 84.00 |
| | SALES TAX | .00 |
| | TOTAL DUE | $ 84.00 |

Thank you for choosing First Records Retrieval! For billing inquiries, please call (877) 350-8698.

---

## PLEASE DETACH THIS PORTION AND RETURN WITH YOUR REMITTANCE



**FIRSTLEGAL**
RECORDS

1. Please include invoice number on payment
2. Invoice payment due upon receipt
3. Make check payable to First Records Retrieval

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 12, 2024 | 185677-03-01 |

| TOTAL DUE: | $ 84.00 |
|---|---|

**Mail Payment to:**

First Records Retrieval
PO Box 841441
Dallas, TX 75284-1441

**Bill To:**
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

Order#:185677-03-01/ARINV



# FIRST LEGAL
### RECORDS

PO Box 841441
Dallas, TX 75284-1441
Tax ID: 27-1441384
Billing Inquiries: (877) 350-8698

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 12, 2024 | 185677-02-01 |

**Professional Photocopier Registration #2013191915**
**County of Registration: Los Angeles**

Bill To:
**JEFFREY M. TRISSELL, ESQ.**
**LiMandri & Jonna LLP**
**PO Box 9120**
**Rancho Santa Fe, CA 92067**

Ordered by:
**JEFFREY M. TRISSELL, ESQ.**
**LiMandri & Jonna LLP**
**PO Box 9120**
**Rancho Santa Fe, CA 92067**

| | |
|---|---|
| Claim No: | File Ref: |
| Case No: 3:23-cv-00768-BEN-VET | Subject: SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) |
| Court: UNITED STATES DISTRICT COURT | |
| Plaintiff: ELIZABETH MIRABELLI AND LORI ANN WEST | DOI: |
| Defendant: MARK OLSON, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE EUSD BOARD OF EDUCATION... | Date Ordered: 4/24/2024 |

| LOCATION AND DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Basic Fee | | | 49.00 |
| Deposition Officer Fee | | | 35.00 |

Regarding: SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) at EQUALITY CALIFORNIA, INC. Los Angeles

| | |
|---|---|
| SUB-TOTAL | 84.00 |
| SALES TAX | .00 |
| TOTAL DUE | $ 84.00 |

Thank you for choosing First Records Retrieval! For billing inquiries, please call (877) 350-8698.

---

## PLEASE DETACH THIS PORTION AND RETURN WITH YOUR REMITTANCE

# FIRST LEGAL
### RECORDS

1. Please include invoice number on payment
2. Invoice payment due upon receipt
3. Make check payable to First Records Retrieval

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 12, 2024 | 185677-02-01 |

| TOTAL DUE: | $ 84.00 |
|---|---|

Mail Payment to:

**First Records Retrieval**
PO Box 841441
Dallas, TX 75284-1441

Bill To:
**JEFFREY M. TRISSELL, ESQ.**
**LiMandri & Jonna LLP**
**PO Box 9120**
**Rancho Santa Fe, CA 92067**

Order#:185677-02-01/ARINV



## FIRST LEGAL RECORDS

PO Box 841441
Dallas, TX 75284-1441
Tax ID: 27-1441384
Billing Inquiries: (877) 350-8698

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 12, 2024 | 185677-04-01 |

**Professional Photocopier Registration #2013191915**
**County of Registration: Los Angeles**

**Bill To:**
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

**Ordered by:**
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

| | |
|---|---|
| Claim No: | File Ref: |
| Case No: 3:23-cv-00768-BEN-VET | Subject: SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) |
| Court: UNITED STATES DISTRICT COURT | |
| Plaintiff: ELIZABETH MIRABELLI AND LORI ANN WEST | DOI: |
| Defendant: MARK OLSON, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE EUSD BOARD OF EDUCATION... | Date Ordered: 4/24/2024 |

| LOCATION AND DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Basic Fee | | | 49.00 |
| Deposition Officer Fee | | | 35.00 |

Regarding: SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) at GENDER & SEXUALITIES ALLIANCE NETWORK San Francisco

| | |
|---|---|
| SUB-TOTAL | 84.00 |
| SALES TAX | .00 |
| TOTAL DUE | $ 84.00 |

Thank you for choosing First Records Retrieval! For billing inquiries, please call (877) 350-8698.

---

### PLEASE DETACH THIS PORTION AND RETURN WITH YOUR REMITTANCE



1. Please include invoice number on payment
2. Invoice payment due upon receipt
3. Make check payable to First Records Retrieval

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 12, 2024 | 185677-04-01 |

**TOTAL DUE:** $ 84.00

**Mail Payment to:**

**First Records Retrieval**
PO Box 841441
Dallas, TX 75284-1441

**Bill To:**
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

Order#:185677-04-01/ARINV

Case 3:23-cv-00768-BEN-VET    Document 323-2    Filed 02/02/26    PageID.18045
Page 446 of 497



**FIRSTLEGAL RECORDS**

INVALID
(REPRINT)

PO Box 841441
Dallas, TX 75284-1441
Tax ID: 27-1441384
Billing Inquiries: (877) 350-8698

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 19, 2024 | 185677-01-01 |

Professional Photocopier Registration #2013191915
County of Registration: Los Angeles

Bill To:
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

Ordered by:
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

| Claim No: | File Ref: |
|---|---|
| Case No: 3:23-cv-00768-BEN-VET | Subject: SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) |
| Court: UNITED STATES DISTRICT COURT | |
| Plaintiff: ELIZABETH MIRABELLI AND LORI ANN WEST | DOI: |
| Defendant: MARK OLSON, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE EUSD BOARD OF EDUCATION... | Date Ordered: 4/24/2024 |

| LOCATION AND DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Basic Fee | | | 49.00 |
| Deposition Officer Fee | | | 35.00 |

Regarding: SCHOOL SUCCESS AND OPPORTUNITIES ACT, CAL, STATS. 2013, CH.85 (AB 1266) at CALIFORNIA SCHOOL BOARDS ASSOCIATION, INC.  West Sacramento

| | |
|---|---|
| SUB-TOTAL | 84.00 |
| SALES TAX | .00 |
| TOTAL DUE | $ 84.00 |

Thank you for choosing First Records Retrieval!  For billing inquiries, please call (877) 350-8698.

---

## PLEASE DETACH THIS PORTION AND RETURN WITH YOUR REMITTANCE



**FIRSTLEGAL RECORDS**

1. Please include invoice number on payment
2. Invoice payment due upon receipt
3. Make check payable to First Records Retrieval

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 46611 | June 19, 2024 | 185677-01-01 |

| TOTAL DUE: | $ 84.00 |
|---|---|

Mail Payment to:
First Records Retrieval
PO Box 841441
Dallas, TX 75284-1441

Bill To:
JEFFREY M. TRISSELL, ESQ.
LiMandri & Jonna LLP
PO Box 9120
Rancho Santa Fe, CA 92067

Order#:185677-01-01/ARINV

# ATTACHMENT 7:
# OUTSIDE COPYING FEES

# COPYSCAN, INC.
### Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/14/2023 | 61462 |

| Bill To | Ship To |
|---------|---------|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY | LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 57970 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 651 | HEAVY LITIGATION COPYING | 0.20 | 130.20T |
| 33 | DIVIDER SHEETS | 0.05 | 1.65T |
| 6 | ALPHA/NUMERIC TABS-CUSTOM | 0.50 | 3.00T |
| 684 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 6.84T |
| 1 | BINDERS(4") | 24.00 | 24.00T |
| | RE:MIRABELLI 4/13/23 | | |
| | Sales Tax | 7.75% | 12.84 |

Please remit to above address.
Federal ID 33-0888027

| Total | $178.53 |
|-------|---------|

# COPYSCAN, INC.

Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|---|---|
| 6/10/2024 | 62535 |

| Bill To |
|---|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY |

| Ship To |
|---|
| LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|---|---|---|
| 59054 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 140 | MEDIUM LITIGATION COPYING | 0.15 | 21.00T |
| 356 | COLOR COPIES | 0.69 | 245.64T |
| | RE: MIRABELLI 6/6/24 | | |
| | Sales Tax | 7.75% | 20.66 |

Please remit to above address.
Federal ID 33-0888027

| Total | $287.30 |
|---|---|

# **COPYSCAN, INC.**
### Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/13/2024 | 62849 |

| Bill To |
|---------|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY |

| Ship To |
|---------|
| LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 59393 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 178 | LASER PRINTS<br>RE: MIABELLI V. OLSON | 0.11 | 19.58T |
| | Sales Tax  ~Disc Regrests | 7.75% | 1.52 |

Please remit to above address.
Federal ID 33-0888027

| Total | $21.10 |
|-------|--------|

# COPYSCAN, INC.

**Litigation Document Management**

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|---|---|
| 10/14/2024 | 62933 |

| Bill To |
|---|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY |

| Ship To |
|---|
| LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|---|---|---|
| 59478 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 200 | HEAVY LITIGATION COPYING | 0.20 | 40.00T |
| 616 | COLOR COPIES | 0.69 | 425.04T |
| 64 | ALPHA/NUMERIC TABS | 0.25 | 16.00T |
| 7 | DIVIDER SHEETS | 0.05 | 0.35T |
| 887 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 8.87T |
| | RE: PRINTING FOR MIRABELLI 10-11-24 | | |
| | Sales Tax | 7.75% | 38.00 |

Please remit to above address.
Federal ID 33-0888027

| Total | $528.26 |
|---|---|

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/4/2024 | 63006 |

| Bill To |
|---------|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY |

| Ship To |
|---------|
| LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 59537 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 633 | LASER PRINTS | 0.10 | 63.30T |
| 284 | COLOR COPIES | 0.69 | 195.96T |
| 4 | DIVIDER SHEETS | 0.05 | 0.20T |
| 388 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 3.88T |
| | RE: MIRABELLI-REPLY ISO MOT CLASSWIDE PI AND DISCOVERY RESPONSES | | |
| | Sales Tax | 7.75% | 20.41 |

Please remit to above address.
Federal ID 33-0888027

**Total**          $283.75

# COPYSCAN, INC.
### Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/27/2024 | 63045 |

| Bill To | Ship To |
|---------|---------|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY | LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 59595 | Due on receipt | |

| Quantity | * Description | Rate | Amount |
|----------|---------------|------|--------|
| 391 | COLOR COPIES | 0.69 | 269.79T |
| 41 | ALPHA/NUMERIC TABS | 0.25 | 10.25T |
| 432 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 4.32T |
| | RE: MIRABELLI- 2ND AMMENDED COMPLAINT VIA DROPBOX | | |
| | Sales Tax | 7.75% | 22.04 |

| | Total | $306.40 |
|--|-------|---------|

# COPYSCAN, INC.
### Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/31/2025 | 63186 |

| Bill To | Ship To |
|---------|---------|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY/PETER | LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 59734 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 488 | HEAVY LITIGATION COPYING | 0.20 | 97.60T |
| 122 | COLOR COPIES | 0.69 | 84.18T |
| 89 | ALPHA/NUMERIC TABS | 0.25 | 22.25T |
| | RE: MIRABELLI V. EUSD-EUSD DEPO EXHIBIT NOTEBOOK | | |
| | Sales Tax | 7.75% | 15.81 |

Please remit to above address.
Federal ID 33-0888027

| Total | $219.84 |
|-------|---------|

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/8/2025 | 63735 |

| Bill To | Ship To |
|---------|---------|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY | LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 60283 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1,094 | COLOR COPIES | 0.59 | 645.46T |
| 4 | ALPHA/NUMERIC TABS | 0.25 | 1.00T |
| 19 | DIVIDER SHEETS | 0.05 | 0.95T |
| 1,117 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 11.17T |
| | RE: MIRABELLI V. EUSD MSJ | | |
| | Sales Tax | 7.75% | 51.04 |

Please remit to above address.
Federal ID 33-0888027

| Total | $709.62 |
|-------|---------|

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|---|---|
| 9/12/2025 | 63743 |

| Bill To | Ship To |
|---|---|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY | LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|---|---|---|
| 60291 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 763 | HEAVY LITIGATION COPYING | 0.20 | 152.60T |
| 763 | COLOR COPIES | 0.69 | 526.47T |
| 24 | ALPHA/NUMERIC TABS | 0.25 | 6.00T |
| 807 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 8.07T |
| 20 | DIVIDER SHEETS | 0.05 | 1.00T |
| | RE: MIRABELLI V. EUSD OPPOS TO PLTFS MSJ | | |
| | Sales Tax | 7.75% | 53.80 |

Please remit to above address.
Federal ID 33-0888027

**Total** $747.94

# COPYSCAN, INC.

Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/25/2025 | 63780 |

| Bill To | Ship To |
|---------|---------|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY | LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 60318 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 603 | LASER PRINTS | 0.11 | 66.33T |
| 603 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 6.03T |
| | RE: MIRABELLI V. EUSD-TANDY AND BRADY DEPO TRANSCRIPTS | | |
| | Sales Tax | 7.75% | 5.61 |

Please remit to above address.
Federal ID 33-0888027

**Total**    $77.97

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|---|---|
| 11/7/2025 | 63894 |

| Bill To |
|---|
| LIMANDRI AND JONNA<br>P.O. BOX 9120<br>RANCHO SANTA FE, CA 92067<br>ATTN:KATHY |

| Ship To |
|---|
| LIMANDRI AND JONNA<br>16236 SAN DIEGITO ROAD #3-15<br>RANCHO SANTA FE, CA 92067 |

| Work Order # | Terms | Job Reference |
|---|---|---|
| 60433 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 462 | MEDIUM LITIGATION COPYING | 0.15 | 69.30T |
| 18 | DIVIDER SHEETS | 0.05 | 0.90T |
| 480 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 4.80T |
| | RE: MIRABELLI V. EUSD-RENEWED MSJ KEY CASES | | |
| | Sales Tax | 7.75% | 5.81 |

Please remit to above address.
Federal ID 33-0888027

**Total**     $80.81

# ATTACHMENT 8:
# POSTAGE

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 8-248-75288 | Sep 08, 2023 | | 2 of 2 |

## FedEx Express Shipment Summary By Payor Type



## FedEx Express Shipment Detail By Payor Type (Original)

**Ship Date:** Sep 01, 2023     **Cust. Ref.:** MIPABELL     **Ref.#2:**
**Payor:** Shipper     **Ref.#3:**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 17.50% to this shipment.
- Distance Based Pricing, Zone 2
- Package Delivered to Recipient Address - Release Authorized
- Your revenue threshold for this ship date was not met, therefore no Earned Discounts were applied.

| | | | | |
|---|---|---|---|---|
| Automation | AWB | **Sender** | **Recipient** | |
| Tracking ID | 815811502342 | LIMANDRI & JONNA LLP | JULIET ELCHENCUB | |
| Service Type | FedEx Priority Overnight | 16236 SAN DIEGUITO RD STE 3-15 | 6550 PONT DR 37 | |
| Package Type | FedEx Envelope | RANCHO SANTA FE CA 92091-9802 US | CARLSBAD CA 92011 US | |
| Zone | 02 | | | |
| Packages | 1 | Transportation Charge | | 30.25 |
| Rated Weight | N/A | Discount | | -10.50 |
| Delivered | Sep 02, 2023 10:58 | Fuel Surcharge | | 7.07 |
| Svc Area | A1 | Saturday Delivery | | 16.00 |
| Signed by | see above | Residential Delivery | | 4.64 |
| FedEx Use | 024458982/186/02 | **Total Charge** | USD | **$47.46** |
| | | Shipper Subtotal | USD | $47.46 |
| | | Total FedEx Express | USD | $47.46 |

## FedEx® Billing Online

FedEx Billing Online allows you to efficiently manage and pay your FedEx invoices online. It's free, easy and secure. FedEx Billing Online helps you streamline your billing process. With all your FedEx shipping information available in one secure online location, you never have to worry about misplacing a paper invoice or sifting through reams of paper to find information for past shipments. Go to fedex.com to sign up today!

1250-01-00-0021885-0001-0053524

# ATTACHMENT 9: TRAVEL/PARKING/MILEAGE

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   PAUL M. JONNA

DATE:  8/31

| Date 2023 | Case | Misc. | Parking | Mileage (0.65.5) $ | Description |
|---|---|---|---|---|---|
| 8/30 | TMS.- mitchell | | 30.00 | 48  $31.44 | Travel to/from PI/MTD nearby |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

LAZ PARKING

(619) 378-1481

LAZ Parking Meridian Garage

Meridian Garage

733 Union Street

San Diego, California 92101

(619) 378-1481

Date:     3:36 PM 30 Aug 2023

Receipt #:         377649381

Ticket #:          10116404

Arrived:  9:04 AM 30 Aug 2023

Departed: 3:36 PM 30 Aug 2023

Total Duration:    6 hrs 32 mins

Parking Fee:        $30.00

Tax                 $0.00

**Total:**          **$30.00**

Payment Method:    Visa 1806

Powered By

FL\SH

| SUB-TOTAL | | | | $31.44 | |
| TOTAL AMOUNT DUE | | | | | |

DATE PAID:  9/8/23

CHECK NO:  6099

TOTAL PAID:

# LiMANDRI & JONNA LLP

## EXPENSE SHEET

PAYABLE TO:    PAUL M. JONNA          DATE:   9/18/23

| Date 2023 | Case | Misc. | Parking | Mileage (0.65.5) | Description |
|---|---|---|---|---|---|
| | 7 ms. | | | $ | |
| 9/15 | Mirchelli (Mirabelli) | | | 40   26.20 | Trvl to form |
| 9/16 | " " | | | 40   26.20 | fosl studio re |
| | | | | | interview |
| | Mirchelli (Mirabelli) | $5 valet tip | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | SUB-TOTAL | | | | DATE PAID:  9/18/23 |
| | | | | | CHECK NO:  4619 |
| | TOTAL AMOUNT DUE | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO: _Paul Jonna_     DATE: 1/10/24

| Date 2023 2024 | Case | Misc. | Parking | Mileage (0.65.5) | Description | |
|---|---|---|---|---|---|---|
| | | | | $ | | |
| 1/8 | Mirabelli | | 28.00 | 48.6 | $32.56 | Hearing — |
| 1/10 | ↓ | $139.49 | 28.00 | 48.6 | $32.56 | Hearing — / lunch meeting |
| | | | | | | |

LAZ PARKING

LAZ Parking Meridian Garage

Meridian Garage

Main Entry

(619) 378-1481

Arrived: 1:08 PM 08 Jan 2024

**10123856**

$28.00

Powered By
FLASH

LAZ PARKING

(619) 378-1481

LAZ Parking Meridian Garage

Meridian Garage

733 Union Street

San Diego, California 92101

(619) 378-1481

Date:    12:26 PM 10 Jan 2024
Receipt #:         426451232
Ticket #:          10123998
Arrived:  9:05 AM 10 Jan 2024
Departed: 12:26 PM 10 Jan 2024
Total Duration:   3 hrs 20 mins
Parking Fee:         $28.00
Tax                   $0.00
Total:               $28.00
Payment Method:   Visa 1806

Powered By
FLASH

Athens Market Taverna
109 West "F" Street
San Diego,CA 92101
(619) 234-1955

Server: gustavo            DOB: 01/10/2024
12:15 PM                        01/10/2024
Table 45/1                        2/20003

                    SALE

01/10/2024                        12:15:22
MID:        TID:        RRN: 000554

PURCHASE          — APPROVED
Visa Credit       Entry Method:    Chip
CARD #:              XXXXXXXXXXXXX1806
AUTH CODE:010450

Mode:                          Issuer
AID:              A0000000031010
TVR:              0000008000
IAD:              06031203A0A002
TSI:   E800               ARC:    00
TC:               153EE18298B2BA95
  SubTotal         USD $  119.49

  Tip             USD $ 20.00
                        139.49
  Total           USD $ 139.49

Signature: _____

PAUL JONNA

| | | | | |
|---|---|---|---|---|
| SUB-TOTAL | | | | DATE PAID: 1/12/24 |
| | | | | CHECK NO: 6896 |
| TOTAL AMOUNT DUE | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO: Paul Jonna          DATE:

| Date 2023 | Case | Misc. | Parking | Mileage (0.65.5) | Description |
|-----------|------|-------|---------|-------------------|-------------|
| 4/29 | Mirabelli | | 20.00 | $ 32.65 | MTD Hearing |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| SUB-TOTAL | | | | | |
| TOTAL AMOUNT DUE | | | | | |

**LAZ PARKING**

LAZ Parking Meridian Garage

Meridian Garage

733 Union Street

San Diego, California 92101

(619) 378-1481

| | |
|---|---|
| Date: | 11:49 AM 29 Apr 2024 |
| Receipt #: | 470224115 |
| Ticket #: | 10131802 |
| Arrived: | 9:29 AM 29 Apr 2024 |
| Departed: | 11:49 AM 29 Apr 2024 |
| Total Duration: | 2 hrs 19 mins |
| Parking Fee: | $20.00 |
| Tax | $0.00 |
| **Total:** | **$20.00** |
| Payment Method: | Visa 1806 |

Powered By
FLASH

DATE PAID: 5/8/24

CHECK NO: 7150

TOTAL PAID:

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

*Paul Jonna*

PAYABLE TO: ~~KATHY DENWORTH~~          DATE: 6/10/24

| Date 2023 2024 | Case | Misc. | Parking | Mileage (0.65.5) .67 | | Description |
|---|---|---|---|---|---|---|
| 6/7 | Mirabelli | | | 62 | $ 41.54 | Meet w/ Board Lakeside Union School District |
| | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| SUB-TOTAL | | | | | DATE PAID: 6/13/24 |
| | | | | | CHECK NO: 7216 |
| TOTAL AMOUNT DUE | | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   PAUL M. JONNA                                      DATE:

| Date 2024 | Case | Misc. | Parking | Mileage (0.655) $ | Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| 7/10 | Mirabelli | | 30.00 | 32.50 | Mtd Arron & Weading |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| SUB-TOTAL | | | | | |
| TOTAL AMOUNT DUE | | | | | |

**LAZ** PARKING

LAZ Parking Meridian Garage
Meridian Garage
733 Union Street
San Diego, California 92101
(619) 378-1481

Date:       1:15 PM 10 Jul 2024
Receipt #:          500302584
Ticket #:            10137214
Arrived:   9:45 AM 10 Jul 2024
Departed:   1:15 PM 10 Jul 2024
Total Duration:   3 hrs 30 mins
Parking Fee:        $30.00
Tax                   $0.00
Total:              $30.00
Payment Method:   MC 4408

Powered By
FL∧SH

DATE PAID: 7/10/24
CHECK NO: 371
TOTAL PAID:

# LiMANDRI & JONNA LLP

## EXPENSE SHEET

PAYABLE TO:  **PAUL JONNA**                                                 DATE:

| Date 2024 | Case | Misc. | Parking | Mileage | (0.67) | Description |
|---|---|---|---|---|---|---|
| 12/2 | MiRabelli | 87.54 | 30.00 | 48 | $32.16 | MTO Hearing |
| | | | | | | |
| | | | | | | |

**west**

Ace Parking

Courthouse Commons

1011 Union St

San Diego, California 92101

Date:    2:53 PM 02 Dec 2024

Receipt #:              563825479

Ticket #:              10011876

Arrived:  9:32 AM 02 Dec 2024

Departed:  2:53 PM 02 Dec 2024

Total Duration:    5 hrs 20 mins

Parking Fee:          $30.00

Tax                        $0.00

Total:                    $30.00

Payment Method:    MC 4408

Powered By
**FLASH**

Restaurant
Westin San Diego
400 W Broadway
San Diego, CA 92101
(619) 239-4500
12/2/2024 1:25 PM

TABLE#      21
SERVER      917620208/ Viridiana
CHECK#      11823
2024/12/02 01:25:00
*****Authorize*****
REF No:                    CHIP READ
CT No:
EXP:
CARD:
CheckNo:11823
TableNo:21
APPROVAL CODE: 00268Q
      EMV Receipt Section
Application Label: Mastercard
CHIP READ
AID: A0000000041010
TVR: 0000008000
IAD: 03106070012200008AE000000000000000FF
TSI: E800
ARC: 00
AID: A0000000041010
AUTH MODE: Issuer
      Subtotal: $73.54
                Tip: 14.00
                      87.54
            Total: 1...

| | | | |
|---|---|---|---|
| SUB-TOTAL | | | DATE PAID: 12/6/24 |
| | | | CHECK NO: 7657 |
| TOTAL AMOUNT DUE | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   PAUL JONNA                                    DATE:

| Date 2024 | Case | Misc. | Parking | Mileage | .70 (0.67) | Description |
|---|---|---|---|---|---|---|
| 2/21/25 | Mirabelli | PMJ | 36.00 | | | MTD Hearing |
| | ↓ | JMT | 36.00 | | | ↓ ↓ |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | DATE PAID: | 3/11/25 | |
| | | | | CHECK NO: | 7934 | |
| TOTAL AMOUNT DUE | | | | TOTAL PAID: | | |

# LiMANDRI & JONNA LLP

## EXPENSE SHEET

**PAYABLE TO:   PAUL JONNA** _____     **DATE:** _____

| Date 2025 | Case | Misc. | Parking | Mileage | (0.70) | Description |
|---|---|---|---|---|---|---|
| 2/24 | Mirabelli | | | 48 | $ 33.60 | MTD Hearing |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **SUB-TOTAL** | | | | | | |
| | | | | | | DATE PAID: 4/4/25 |
| | | | | | | CHECK NO: 7984 |
| **TOTAL AMOUNT DUE** | | | | | | TOTAL PAID: _____ |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   PAUL JONNA

DATE:

| Date 2025 | Case | Misc. | Parking | Mileage | (0.70) | Description |
|-----------|------|-------|---------|---------|--------|-------------|
| ████ | ████ | ████ | ████ | ████ | ████ | ████ |
| 5/9 | Mirabelli | 32 00 | | 48? | 33 60 | Status Conf. |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| SUB-TOTAL | | | | | | DATE PAID: 5/12/25 |
| | | | | | | CHECK NO: 8088 |
| TOTAL AMOUNT DUE | | | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

**PAYABLE TO:**   PAUL JONNA                    **DATE:**

| Date 2025 | Case | Misc. | Parking | Mileage | (0.70) $ | Description |
|---|---|---|---|---|---|---|
| 9/17 | Mirabelli | | 36.00 | | 33.60 | Status Conf. |
| ███████████████████████████████████████████ |
| | | | | | | |
| | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| SUB-TOTAL | | | | | | |
| | | | | | DATE PAID: 9/22/25 | |
| | | | | | CHECK NO: 8369 | |
| TOTAL AMOUNT DUE | | | | | TOTAL PAID: | |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

**PAYABLE TO:  PAUL JONNA**　　　　　　　　　　　　　**DATE:**

| Date 2025 | Case | Misc. | Parking | Mileage | (0.70) | Description |
|---|---|---|---|---|---|---|
| 11/17 | Mirabelli | PMS SMT (25.00 k2) | 50.00 ✓ | 48.0 | $ 33.60 | MSJ + OSC evidentiary hearing |
|  |  |  |  |  |  |  |

| | | | | | | |
|---|---|---|---|---|---|---|
| SUB-TOTAL | | | | | | DATE PAID: 11/21/25 |
| | | | | | | CHECK NO: 8515 |
| TOTAL AMOUNT DUE | | | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   CHARLES LiMANDRI                              DATE:

| Date 2025 | Case | Misc. | Parking | Mileage | (0.70) | Description |
|-----------|------|-------|---------|---------|--------|-------------|
| 11/17 | Mirabelli | | 36.00 ✓ | 48.0 | $ 33.60 | MSJ + OSC Sanction Hearing |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| SUB-TOTAL | | | | | | DATE PAID: 11/21/25 |
| | | | | | | CHECK NO: 8513 |
| TOTAL AMOUNT DUE | | | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   CHARLES LiMANDRI _____                DATE: _____

| Date 2025 | Case | Misc. | Parking | Mileage | (0.70) | Description |
|---|---|---|---|---|---|---|
| 11/17 | Mirabelli | | 36.00 | 48.0 | $ 33.60 | MSJ + OSC Sanction Hearing |
| | | | | | | |
| | | | | | | |

| | | | | |
|---|---|---|---|---|
| SUB-TOTAL | | | | DATE PAID: 11/21/25 |
| | | | | CHECK NO: 8513 |
| TOTAL AMOUNT DUE | | | | TOTAL PAID: _____ |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:    JEFFREY TRISSELL                                    DATE:

| Date 2023 | Case | Misc. | Parking | Mileage (0.65.5) | | Description |
|---|---|---|---|---|---|---|
| 1/8/24 | Mirabelli v. Olson | | $22 | 49m | $32.00 | Rule 12(c) hearing |
| 1/10/24 | " | | $28 | 49m | 32.00 | Contempt hearing |

LAZ PARKING

(619) 378-1481
LAZ Parking Meridian Garage
Meridian Garage
733 Union Street
San Diego, California 92101
(619) 378-1481

Date:    3:52 PM 08 Jan 2024
Receipt #:    425835471
Ticket #:    10123857
Arrived:  1:09 PM 08 Jan 2024
Departed  3:53 PM 08 Jan 2024
Total Duration:    2 hrs 44 mins
Parking Fee:    $22.00
Tax    $0.00
Total:    $22.00
Payment Method:    Visa 4476

Powered By
FLASH

LAZ PARKING

(619) 378-1481
LAZ Parking Meridian Garage
Meridian Garage
733 Union Street
San Diego, California 92101
(619) 378-1481

Date:    12:27 PM 10 Jan 2024
Receipt #:    426452019
Ticket #:    10123994
Arrived:  9:03 AM 10 Jan 2024
Departed:  12:27 PM 10 Jan 2024
Total Duration:    3 hrs 24 mins
Parking Fee:    $28.00
Tax    $0.00
Total:    $28.00
Payment Method:    Visa 4476

Powered By
FLASH

| SUB-TOTAL | | | | 2/6/24 |
|---|---|---|---|---|
| | | | | CHECK NO: 6952 |
| TOTAL AMOUNT DUE | | | | TOTAL PAID: |

PAYABLE TO: Jeff Trissell

LiMANDRI & JONNA

| DATE | CASE | MISC | PARKING | MILEAGE (.57.5 /mi) |
|---|---|---|---|---|
| 4/29/24 | Mirabelli v. Olson | | $20 | 32.5¢  Motion to dis |

SUB-TOTALS: $20.00   $32.5¢

TOTAL AMOUNT DUE

CHECK NO: 7440
TOTAL PAID:
DATE PAID: 5/8/24

---

**IRVINE COMPANY**

ACE Parking Horton Pacific Garage

Horton Pacific Garage

1069 First Avenue

San Diego, California 92101

(619) 540-5422

Date:     11:48 AM 29 Apr 2024

Receipt #:          470224415

Ticket #:          10065989

Arrived:   9:12 AM 29 Apr 2024

Departed:  11:49 AM 29 Apr 2024

Total Duration:    2 hrs 37 mins

Parking Fee:          $20.00

Tax          $0.00

**Total:          $20.00**

Payment Method:    Visa 6413

Powered By

FLASH

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   JEFFREY TRISSELL                           DATE: 7/15/24

| Date 2024 | Case | Misc. | Parking | Mileage (0.65.5) | Description |
|---|---|---|---|---|---|
| | | | | .67 $ | |
| 7/10 | Mirabelli | | 20.00 | 32.54 | Mtr to Amend Hearing |
| | | | | | |
| | | | | | |
| | | | | | |

IRVINE COMPANY

ACE Parking Horton Pacific Garage

Horton Pacific Garage

1069 First Avenue

San Diego, California 92101

(619) 540-5422

Date:        1:17 PM 10 Jul 2024
Receipt #:        500305652
Ticket #:        10074124
Arrived:    9:54 AM 10 Jul 2024
Departed:   1:21 PM 10 Jul 2024
Total Duration:   3 hrs 26 mins
Parking Fee:      $20.00
Tax                $0.00
Total:            $20.00
Payment Method:    Visa 6413

Powered By
FLASH

| | SUB-TOTAL | | | | |
|---|---|---|---|---|---|

DATE PAID: 7/16/24
CHECK NO: 7298

TOTAL AMOUNT DUE

TOTAL PAID: ____

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

**PAYABLE TO:  JEFFREY TRISSELL**                    DATE: 12/4/24

| Date 2024 | Case | Misc. | Parking | Mileage (0.67) | | Description |
|---|---|---|---|---|---|---|
| 12/2 | Mirabelli v. olson | | $30.00 | 48 | $32.16 | Attend hearing on motions to dismiss |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

west

Ace Parking
Courthouse Commons
1011 Union St
San Diego, California 92101

Date:      2:55 PM 02 Dec 2024
Receipt #:          563826547
Ticket #:           10011878
Arrived:  9:38 AM 02 Dec 2024
Departed:  2:55 PM 02 Dec 2024
Total Duration:    5 hrs 17 mins
Parking Fee:          $30.00
Tax                    $0.00
**Total:**              **$30.00**
Payment Method:    Visa 6413

Powered By
FLASH

| SUB-TOTAL | | | | | DATE PAID: 12/6/24 |
|---|---|---|---|---|---|
| | | | | | CHECK NO: 7655 |
| TOTAL AMOUNT DUE | | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO: **JEFFREY TRISSELL**                DATE: 9/22/25

| Date 2024 | Case | Misc. | Parking | Mileage (0.67) | Description |
|---|---|---|---|---|---|
| 9/17/25 | Mirabelli | | ✓ $28 | 48.0 $33.60 | Status Conference |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**FLASH**

ACE Parking Horton Pacific Garage
Horton Pacific Garage
1069 First Avenue
San Diego, California 92101
(619) 540-5422

| | |
|---|---|
| Date: | 11:18 AM 17 Sep 2025 |
| Receipt #: | 706282738 |
| Ticket #: | 10124526 |
| Arrived: | 9:47 AM 17 Sep 2025 |
| Departed: | 11:18 AM 17 Sep 2025 |
| Total Duration: | 1 hr 30 mins |
| Parking Fee: | $28.00 |
| Tax | $0.00 |
| Total: | $28.00 |
| Payment Method: | Visa 6413 |

Powered By
**FLASH**

| SUB-TOTAL | | | | DATE PAID: 9/24/25 |
|---|---|---|---|---|
| | | | | CHECK NO: 8374 |
| TOTAL AMOUNT DUE | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   JEFFREY TRISSELL                    DATE: 11/18/25

| Date 2024 | Case | Misc. | Parking | Mileage (0.67) | | Description |
|---|---|---|---|---|---|---|
| 11/17/25 | Mirabelli | | $12 | 48.10 | $ 33.00 | —Tip for Paul + Jeff to Valet for parking at MSJ Hearing |
| | | | | | | |
| SUB-TOTAL | | | | | | |
| | | | | | | DATE PAID: 11/21/25 |
| | | | | | | CHECK NO: 8579 |
| TOTAL AMOUNT DUE | | | | | | TOTAL PAID: |

## LiMANDRI & JONNA LLP

### EXPENSE SHEET

PAYABLE TO:   PAUL JONNA _____     DATE: _____

| Date 2025 | Case | Misc. | Parking | Mileage | (0.70) | Description |
|---|---|---|---|---|---|---|
| 11/17 | Mirabelli | | 50.00 | 48.0 | $ 33.60 | MSJ + OSC functions hearing |
| | | JMT (25.00 x2) | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| SUB-TOTAL | | | | | | |
| | | | | | | DATE PAID: 11/21/25 |
| | | | | | | CHECK NO: 8515 |
| TOTAL AMOUNT DUE | | | | | | TOTAL PAID: _____ |

 Outlook

**Your receipt for rides on November 16**

**From** Lyft Receipts <no-reply@lyftmail.com>
**Date** Mon 11/17/2025 9:23 AM
**To** breenp ▮▮▮▮▮▮▮▮▮ >

Lyft

# Your total charges for November 16

R
ide   November 16, 2025 2:26 PM   *(Home to Airport)*   **$63.87**
Ride fare

☐ **Pickup** **2:26 PM**
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

☐ **Drop-off** **3:05 PM**
10000 W O'Hare Ave, Chicago, IL 60666, United States

R
ide   November 16, 2025 6:57 PM   *(Airport to Hotel)*   **$33.77**
Ride fare

☐ **Pickup** **6:57 PM**
3861 N Harbor Dr, San Diego, CA 92101, United States

☐ **Drop-off** **7:11 PM**
470 5th Ave, San Diego, CA 92101, United States

☐ Visa ▮▮▮    **$97.64**

Help Center

 Outlook

**Your receipt for rides on November 17**

From Lyft Receipts <no-reply@lyftmail.com>
Date Tue 11/18/2025 11:27 AM
To      breenp <​██████████​>

Lyft

# Your total charges for November 17

*(Hotel to Airport)*

R ide      November 17, 2025 3:33 PM                                    $19.79
                                                                    Ride fare

☐ **Pickup 3:33 PM**
339 W Broadway, San Diego, CA 92101, United States

☐ **Drop-off 3:43 PM**
3861 N Harbor Dr, San Diego, CA 92101, United States

*(Airport to Home)*

R ide      November 17, 2025 10:59 PM                                $78.64
                                                                    Ride fare

☐ **Pickup 10:59 PM**
618 Mannheim Rd, Chicago, IL 60666, United States

☐ **Drop-off 11:28 PM**
██████████████████████████

☐ Visa ████                                            **$98.43**

Help Center

 Outlook

---

**Fwd: Travel Reservation Center Trip ID #** ███████

---

**From** Peter Breen ███████████████

**Date** Sat 11/15/2025 12:46 PM

**To** ████████████████████████

—

Sent from my mobile device. Please excuse any informalities or errors.

---------- Forwarded message ---------
From: **Chase Travel** <donotreply@chasetravel.com>
Date: Thu, Nov 13, 2025 at 4:28 PM
Subject: Travel Reservation Center Trip ID # ███████████
To: <████████████████



Trip ID: ████████████     | See trip |

Hi PETER,

Thank you for choosing Chase Travel. Please carefully review your itinerary below to verify all information is correct.

---

**Manage your trip online**

Simply sign in and navigate to the "My Trips" page. From there, you can view your upcoming trips and make changes online.

**Airline confirmation:** ▮▮▮▮▮

---

# Chicago (ORD) → San Diego (SAN)

| | | |
|---|---|---|
| 04:20 pm<br>ORD | → | 06:50 pm<br>SAN |

4h 30m

## United Airlines

**UA 2417** Boeing 737 MAX 9
operated by UNITED AIRLINES

**Fare: Economy**
economy class V

Included in fare : Carry-on bag, Seats, Exchange

Available for fee : Checked bags

Not included: Refund

---

**Traveler 1:** PETER CHRISTOPHER BREEN

---

## Important flight information

- To verify a seat request, or if seat assignments are not available, please contact the airline directly for assistance.

- Certain airlines permit free cancellation if your reservation was booked more than 7 days before your travel date.

- See Rules and Policies below.

### Real ID Requirements

Approved, government issued photo identification is required at check in and must match the full name on the reservation for travel. Due to the Real ID requirements, your driver's license or ID card may not be accepted for travel after certain dates.

For the most current information on the Real ID requirements, please visit: **https://www.dhs.gov/real-id**.

Airline confirmation: ███████

---

## San Diego (SAN) → Chicago (ORD)

| | 05:15 pm | | 11:24 pm |
|---|---|---|---|
| | SAN | → | ORD |

4h 9m

### United Airlines

**UA 2486** Airbus A321neo
operated by UNITED AIRLINES

**Fare: Economy**
economy class V

Included in fare : Carry-on bag, Seats, Exchange
Available for fee : Checked bags

Not included: Refund

---

**Traveler 1:** PETER CHRISTOPHER BREEN

---

### Important flight information

- To verify a seat request, or if seat assignments are not available, please contact the airline directly for assistance.

- Certain airlines permit free cancellation if your reservation was booked more than 7 days before your travel date.

- See Rules and Policies below.

**Real ID Requirements**
Approved, government issued photo identification is required at check in and must match the full name on the reservation for travel. Due to the Real ID requirements, your driver's license or ID card may not be accepted for travel after certain dates.

For the most current information on the Real ID requirements, please visit: **https://www.dhs.gov/real-id**.

⚠ **This is a Mix & Match fare**

- Your flight booking is two separate one-way flight bookings, each with its own fare rules and restrictions.

- If either of the two flights is changed or canceled, it does not impact the other flight.

- Change to or cancellation of each flight may incur a separate fee.

# Payment summary

ORD ⇄ SAN

| | |
|---|---|
| Departure flight | $398.48 |
| Return flight | $398.48 |
| **Trip total** | **$796.96** |

| | |
|---|---|
| **Billed to card** | **$796.96** |

Visa ending in ▮▮▮

Please note that you will see CL * Chase Travel on your card billing statement for any amount of your transaction that is charged to your credit card.

# Add to your trip



**Book a stay**

Choose from thousands of hotels worldwide  >



**Book a car**

Compare options from major car rental companies  >

 Outlook

**Fwd: Thanks for your purchase with United**

**From** Peter Breen ███████████████
**Date** Wed 11/19/2025 2:55 PM
**To** ████████████████████████████

---------- Forwarded message ---------
From: **United Airlines** <Receipts@united.com>
Date: Sun, Nov 16, 2025 at 5:21 PM
Subject: Thanks for your purchase with United
To: <████████████████>

                                    Sun, Nov 16, 2025

# Thank you for choosing United.
A receipt of your purchase is shown below. Please retain this email receipt for your records.

Flight 1 of 1 ████████

| Sun, Nov 16, 2025 | Sun, Nov 16, 2025 |
|---|---|
| **04:20 PM** | **06:50 PM** |
| Chicago, IL, US (ORD) | San Diego, CA, US (SAN) |

**Traveler Details**

BREEN/PETER
Inflight Wi-Fi Premium Full Flight (████████████)                    **ORD-SAN**

**Purchase Summary**

| | |
|---|---|
| Method of payment: | **Visa ending in** ██ |
| Date of purchase: | **Sun, Nov 16, 2025** |



Inflight Wi-Fi Premium Full Flight (Reference Number:
████████████:                                                  **8.00**

**Total:**                                                                 **8.00 USD**

The base price of some ancillary items on your receipt may include taxes, when applicable.

**Refund Information -** You can request a refund by visiting the <u>Refunds section on united.com.</u> We apologize for any inconvenience this may have caused. A member of our team will respond to your inquiry.

## Share your Experience

After using our Wi-Fi service, please take a moment to <u>tell us about your Wi-Fi experience</u>

## Additional Information

- If you experience technical difficulty or system outage from your United Wi-Fi purchase today and would like to request a refund, please visit the <u>Refunds section of united.com</u> to submit your request. We apologize for the inconvenience. A member of our team will respond to your inquiry.
- **Tip:** MileagePlus members can switch Internet access to another device while in flight. Learn about free enrollment and benefits at <u>united.com/MileagePlus</u>



Copyright © 2025 United Airlines, Inc. All Rights Reserved

## E-mail Information
**Please do not reply to this message using the "reply" address.**
The information contained in this email is intended for the original recipient only.

View our Privacy Policy          View our Legal Notices

 Outlook

---

**Fwd: Confirmed: your trip to San Diego**

---

From Peter Breen <██████████

Date Sat 11/15/2025 12:47 PM

To ████████████████████

---------- Forwarded message ---------
From: **American Express** <AmericanExpress@welcome.americanexpress.com>
Date: Thu, Nov 13, 2025 at 4:17 PM
Subject: Confirmed: your trip to San Diego
To: ██████████

Here are the details



 PETER BREEN
Account Ending: ██

Your trip ████████████████ is confirmed



AMERICAN EXPRESS **TRAVEL**°

Thank you for booking through American Express Travel. We're happy to share that the following trip is now confirmed. Please carefully review all the details mentioned below.

We recommend that you stay up to date on any requirements and restrictions that may impact your travel - both prior to any cancellation deadlines and your date of travel.

You can view your itinerary or manage your booking anytime by logging in to **Manage My Trips**.

Manage My Trips

## Trip to San Diego

Nov 16, 2025 - Nov 17, 2025



**Sunday, November 16, 2025**
Pendry San Diego

**FINE HOTELS + RESORTS·**

Pendry San Diego

550 J Street
San Diego
CA, United States, 92101

 +1-619-7388000

**Hotel Confirmation #:** ███████

| | |
|---|---|
| **Check-in:** | **Check-out:** |
| **Sunday, November 16, 2025** | **Monday, November 17, 2025** |
| 04:00 PM | 12:00 PM |

**Number of Nights:**     1

**Room 1**

**Guest Name:**     Peter Breen

**Number of Guests:**     2

**Room Type:**     Room, 1 King Bed (City)

**Cancellation Policy:**

We understand that plans may change, and we aim to be as transparent as possible with our cancellation terms: - Refundable: Yes Cancellation Penalty Window: - If you cancel between November 13, 2025, 4:00 PM UTC-08 (property local time) and November 16, 2025, 4:00 PM UTC-08 (property local time), a 1 night cancellation fee will apply to the total reservation amount.

Cancellation policy deadlines are in 24-hour clock format, unless otherwise stated.

Hotel and short-term rental reservations at properties located in California can be cancelled without penalty for at least 24 hours after the reservation is confirmed if the reservation is made 72 hours or more before the time of check-in.

**FINE HOTELS + RESORTS**

With every Fine Hotels + Resorts booking made through Amex Travel™, eligible Card Members receive an exclusive suite of benefits that offer an average total value of $550[†] at over 1,600 extraordinary properties worldwide.

[†]Average value based on Fine Hotels + Resorts bookings in 2023 for stays of two nights. Actual value will vary based on property, room rate, upgrade availability, and use of benefits.

**12pm check-in**

Start your day sooner with 12pm check-in, when available

**Room Upgrade**

Receive a room upgrade upon arrival, when available[1]

**Daily Breakfast for Two**

Enjoy complimentary daily breakfast for two

**USD$100 Property credit to be used during your stay.**

**Complimentary Wi-Fi**

Stay connected during your stay with complimentary Wi-Fi

**Guaranteed 4pm check-out**

Keep your vacation going with guaranteed 4pm check-out

[1]Certain room categories are not available for upgrade.

Cost & Billing

## Cost Information:

| | |
|---|---|
| Cost: | $325.00 |
| Taxes & Fees: | $51.82 |
| Total Cost: | $376.82 |
| Due at Hotel: | $52.60 Hotel fees |

Any currency conversion for the above rate is based on the exchange rate on the day the booking was made. The actual price upon final payment may be different. A foreign transaction fee may be imposed by your Card issuer.

# PENDRY

SAN DIEGO

## INVOICE

| | |
|---|---|
| Mr Peter Breen | |
| United States | |

| | |
|---|---|
| Room No. | 0932 |
| Arrival | 11-16-25 |
| Departure | 11-17-25 |
| Confirmation No. | ▉ |
| Folio No. | ▉ |
| Cashier No. | ▉ |

| | |
|---|---|
| Company Name | American Express |
| Group Name | |
| Guest Name | |

| | |
|---|---|
| Custom Ref. | |
| Page No. | 1 of 2 |

| Date | Description | Charges | Credits |
|---|---|---|---|
| 11-16-25 | Lionfish Dinner Wine | 47.84 | |
| | Room# 0932 : CHECK# ▉ | | |
| 11-16-25 | Amenity Fee | 40.00 | |
| 11-16-25 | Occupancy Tax | 5.50 | |
| 11-16-25 | City Tax | 0.80 | |
| 11-16-25 | Tourism Assessment | 0.12 | |
| 11-17-25 | American Express | | 94.26 |
| | ▉ XX/XX | | |

| | | |
|---|---|---|
| Total Charges | 94.26 | |
| Total Credits | | 94.26 |
| Balance | | 0.00 |

| | | | |
|---|---|---|---|
| Merchant ID | | Credit Card # | ▉ |
| Transaction ID | ▉ | Credit Card Expiry | XX/XX |
| Approval Code | ▉ | Capture Method | Swiped |
| | | Transaction Amount | |
| Approval Amount | 94.26 | | 94.26 |

I agree that I am personally liable for payment of this account, and if this person, company or association indicated does not settle within a reasonable period, my liability for payment should be joint and several with such person, company or association.

Pendry San Diego | 550 J Street | San Diego, CA 92101
Telephone: (619) 738 7000 | Email: psdreservations@pendry.com | www.pendry.com/san-diego

# PENDRY

SAN DIEGO

## INVOICE

| | | |
|---|---|---|
| Mr Peter Breen | Room No. | 0932 |
| United States | Arrival | 11-16-25 |
| | Departure | 11-17-25 |
| | Confirmation No. | ██████ |
| | Folio No. | ████ |
| Company Name   American Express | Cashier No. | ██ |
| Group Name | Custom Ref. | |
| Guest Name | Page No. | 2 of 2 |

I agree that I am personally liable for payment of this account, and if this person, company or association indicated does not settle within a reasonable period, my liability for payment should be joint and several with such person, company or association.

Pendry San Diego | 550 J Street | San Diego, CA 92101
Telephone: (619) 738 7000 | Email: psdreservations@pendry.com | www.pendry.com/san-diego

Mirabelli

Ranch Mkt & Deli
16236 San Dieguito Rd. #213
Rancho Santa Fe, CA 92067
Ph# 858-756-5200

Check:202540
Customer: CHARLES LAMANDRI
Server:sam M
06/25/25                                11:47am
Ticket Number     119

                                       $122.00
    Subtotal:                            $0.00
  Sub w/Tax:
     Total:              $122.00

                                         $0.00
        Tax:

                                       $122.00
House Charge

                "Thank-You"