| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | DARRELL W. SPENCE<br>Supervising Deputy Attorney General |
| 3 | HANNAH NAYLOR |
| 4 | Deputy Attorney General<br>State Bar No. 360691 |
| 5 | 600 West Broadway, Suite 1800<br>San Diego, CA 92101 |
| 6 | Telephone: (619) 321-5553<br>Fax: (916) 732-7920 |
| 7 | E-mail: Hannah.Naylor@doj.ca.gov<br>*Attorneys for State Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BEN-VET<br><br>**EX PARTE REQUEST TO STAY BRIEFING AND HEARING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS, OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO RESPOND**<br><br>[Declaration of Darrell Spence filed concurrently]<br><br>Courtroom: 5A<br>Judge: The Honorable Roger T. Benitez<br>Action Filed: April 27, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the California Superintendent of Public Instruction, the State Board of Education, and the California Attorney General (collectively, State Defendants), request that the Court stay all briefing and hearing on Plaintiffs' Motion for Attorneys' Fees (ECF No. 323) and Bill of Costs (ECF No. 322) pending appeal of the underlying judgment. A stay of all briefing and

1

hearing on fees and costs pending appeal will conserve judicial resources and is warranted because Plaintiffs are not currently a prevailing party under 42 U.S.C. §1988 and State Defendants are likely to succeed on the merits of their appeal.

In the alternative, State Defendants request a five-month extension of time to oppose Plaintiffs' requests for fees and costs, because they have insufficient time to meaningfully respond to Plaintiffs' voluminous fees motion and billing records.

Plaintiffs have informed counsel for State Defendants that they oppose the *ex parte* application. Decl. of Darrell Spence ¶¶ 4–5.

In light of the foregoing, the concurrently filed Memorandum of Points and Authorities, the accompanying Declaration of Darrell Spence, and the pleadings and papers filed in this matter, State Defendants respectfully request an *ex parte* order staying all briefing and hearing on Plaintiffs' requests for fees and costs, or, in the alternative, a five-month extension of time to oppose the requests.

Given the *ex parte* status of this request, State Defendants provide the following contact information for Plaintiffs' counsel:

CHARLES S. LIMANDRI
   cslimandri@limandri.com
PAUL M. JONNA
   pjonna@limandri.com
MARK D. MYERS
   mmyers@limandri.com
JEFFREY M. TRISSELL
   jtrissell@limandri.com
MILAN L. BRANDON II
   mbrandon@limandri.com

LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

THOMAS BREJCHA, *pro hac vice*\*
   tbrejcha@thomasmoresociety.org
PETER BREEN, *pro hac vice*\*
   pbreen@thomasmorsociety.org

THOMAS MORE SOCIETY
309 W. Washington St.
Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

| | | |
|---|---|---|
| 1 | Dated: February 5, 2026 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | DARRELL W. SPENCE<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Hannah Naylor<br>HANNAH NAYLOR<br>Deputy Attorney General |
| 6 | | *Attorneys for State Defendants* |

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Following the Ninth Circuit's stay of the permanent injunction, Plaintiffs are not currently a prevailing party and therefore are not entitled to fees and costs. Yet Plaintiffs now seek approximately $4.5 million in fees and $56,000 in costs, supporting their request with a 497-page declaration. Rather than expending considerable resources to consider Plaintiffs' premature requests, the Court should stay briefing and hearing on Plaintiffs' requests for fees and costs while the State Defendants' appeal is pending.

In the alternative, because State Defendants do not have sufficient time to meaningfully oppose Plaintiffs' extensive fee motion and supporting evidence, the Court should grant State Defendants a five-month extension of time to retain an expert and respond to Plaintiffs' fee motion and cost bill.

## RELEVANT PROCEDURAL HISTORY

On December 22, 2025, the Court granted summary judgment to the Plaintiffs and issued a class-wide permanent injunction. ECF Nos. 307, 308. State Defendants appealed. ECF No. 312. Within hours of the permanent injunction order, State Defendants filed a notice of appeal asked this Court for a stay of the injunction pending appeal. ECF No. 309. When the Court denied the request for stay pending appeal, ECF No. 313, State Defendants immediately filed a request for stay pending appeal in the Ninth Circuit. *Mirabelli v. Bonta*, Case No. 25-8056, Docket No. 6 (9th Cir. Dec. 24, 2025). On December 26, 2025, the Ninth Circuit issued an administrative stay of the injunction. *Mirabelli v. Bonta*, Case No. 25-8056, Docket No. 8 (9th Cir. Dec. 26, 2025).

On January 5, 2026, the Ninth Circuit stayed the Court's permanent injunction pending appeal based on the State Defendants' likelihood of success on the merits, irreparable harm to the State Defendants, and the public interest in protecting students and avoiding confusion among schoolteachers and

4

Ex Parte Request to Stay Briefing and Hearing on Plaintiffs' Fees Motion and Bill of Costs, or for an Extension of Time in the Alternative (3:23-cv-00768-BEN-VET)

administrators. *See Mirabelli v. Bonta*, No. 25-8056, 2026 WL 44874, at *4 (9th Cir. Jan. 5, 2026).

On January 8, 2026, Plaintiffs filed an emergency application with the United States Supreme Court seeking to vacate the Ninth Circuit's stay of the permanent injunction. *See Mirabelli v. Bonta*, No. 25A810 (U.S. Jan. 8, 2026). The matter is fully briefed, and the application remains pending.

On February 2, 2026, Plaintiffs filed their Bill of Costs, ECF No. 322, and Motion for Attorney's Fees, ECF No. 323. A hearing on the Bill of Costs is set for February 20, 2026, with State Defendants' response due by February 11, 2026. *See* ECF No. 324. A hearing on the Motion for Attorneys' Fees is set for March 9, 2026, with State Defendants' response due by February 16, 2026. *See* ECF No. 323.

## ARGUMENT

### I. A STAY OF BRIEFING AND HEARING ON PLAINTIFFS' REQUEST FOR FEES AND COSTS IS PRUDENT

As this Court has previously explained, "[w]hen an appeal on the merits is filed, a district court has discretion to rule on a claim for fees, defer its ruling on the motion, or deny the motion without prejudice and direct a new filing period for filing after the claim has been resolved." *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 3:15-cv-01879-BEN-BLM, 2018 WL 6830611, at *2 (S.D. Cal. Dec. 21, 2018). "[T]he district court also has discretionary power to stay proceedings[.]" *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In exercising this judgment, the court must 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Some courts also consider the following factors "to determine whether to stay awarding attorneys' fees and costs pending appeal: (1) 'whether the stay

5

Ex Parte Request to Stay Briefing and Hearing on Plaintiffs' Fees Motion and Bill of Costs, or for an Extension of Time in the Alternative (3:23-cv-00768-BEN-VET)

applicant has made a strong showing that he is likely to succeed on the merits;' (2) 'whether the applicant will be irreparably injured absent a stay;' (3) 'whether issuance of the stay will substantially injure the other parties interested in the proceeding;' and (4) 'where the public interest lies.'" *United States v. Hall Fam. Tr.*, No. 16-cv-0538-AJB-BGS, 2020 WL 516360, at *1 (S.D. Cal. Jan. 31, 2020) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The relevant factors weigh in favor of a stay on briefing and hearing concerning fees and costs during the pendency of State Defendants' appeal.

First, a stay would serve judicial economy because the request for fees and costs "is likely to be affected by the appellate decision." *See FlowRider*, 2018 WL 6830611, at *2 (quoting Fed. R. Civ. P. 58, advisory committee's note (1993 amendments)). If the Ninth Circuit rules in State Defendants' favor, an award of fees and costs "would need to be vacated." *See Hall Fam. Tr.*, 2020 WL 516360, at *1; *see also Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067-BEN-JLB, 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014) (denying fee motion without prejudice where "the appellate court's decision could have an impact" on whether movant was entitled to fees); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, No. 3:18-cv-00373-BEN-MSB, 2021 WL 2826076, at *4 (S.D. Cal. July 6, 2021) (staying execution of bill of costs pending appeal).

A stay would also serve judicial economy because Plaintiffs' request for $4.5 million in fees "involves substantial issues." *See FlowRider*, 2018 WL 6830611, at *2 (quoting Fed. R. Civ. P. 58, advisory committee's note (1993 amendments)). The Court would need to expend substantial judicial resources to consider Plaintiffs' supporting declaration, which totals 497 pages. The "bone-crushing labor required to vet the large amount of fees requested" weighs in favor of deferring consideration of the fee motion. *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-cv-03695-MMC, 2021 WL 4051420, at *2 (N.D. Cal. Aug. 27, 2021).

6

Ex Parte Request to Stay Briefing and Hearing on Plaintiffs' Fees Motion and Bill of Costs, or for an Extension of Time in the Alternative (3:23-cv-00768-BEN-VET)

  Second, Plaintiffs will not be harmed by a stay because they are not the prevailing party—and thus are not entitled to fees and costs—following the Ninth Circuit's stay of the permanent injunction. To be considered a prevailing party under 42 U.S.C. § 1988, the plaintiff must receive "actual relief on the merits of his claim" that "materially alters the legal relationship between the parties *by modifying the defendant's behavior in a way that directly benefits the plaintiff*." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) (emphasis added); *see also Yamada v. Snipes*, 786 F.3d 1182, 1208 (9th Cir. 2015). "[A] judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party." *Farrar*, 506 U.S. at 112; *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 606 (2001).

  Applying this rule, the Ninth Circuit has held that where, as here, a plaintiff was awarded a permanent injunction against a state policy, but a court "stayed the implementation of the permanent injunction before the [s]tate had to change its behavior," the plaintiff "cannot be considered the 'prevailing party'" for purposes of attorneys' fees under § 1988. *UFO Chuting of Hawaii, Inc. v. Smith*, 508 F.3d 1189, 1198 (9th Cir. 2007). This binding precedent disentitles Plaintiffs to fees and costs. *See id.*; *see also Mich. State A. Philip Randolph Inst. v. Johnson*, No. 16-cv-11844, 2019 WL 2314861, at *4 (E.D. Mich. May 31, 2019) (plaintiffs were not the prevailing party where they were granted a permanent injunction that was subsequently stayed by the Sixth Circuit, because "the permanent injunction never forced [d]efendant to alter her behavior towards [p]laintiffs").

  Third, State Defendants are likely to succeed on the merits of their appeal. The Ninth Circuit has signaled that it will likely reverse the District Court's grant of summary judgment. *See Mirabelli v. Bonta*, No. 25-8056, 2026 WL 44874, at *4 (9th Cir. Jan. 5, 2026) ("State Appellants are likely to defeat the parents' constitutional claims."). Given the "substantial issues" raised by Plaintiffs' fee

7

Ex Parte Request to Stay Briefing and Hearing on Plaintiffs' Fees Motion and Bill of Costs, or for an Extension of Time in the Alternative (3:23-cv-00768-BEN-VET)

motion, *see FlowRider*, 2018 WL 6830611, at *2, State Defendants will need to expend significant time and resources to respond.  This expense of public resources would be wasteful if State Defendants do ultimately prevail on the merits.

Finally, the public interest—which merges with the state's interests, *see Sierra Club v. Trump*, 929 F.3d 670, 704 (9th Cir. 2019)—favors a stay.  The public, like the Court, "has an interest in efficient use of judicial resources," and staying consideration of fees and costs pending appeal "would ensure the proper resolution of the important issues raised in this case by preventing potentially wasteful work on the part of the court and the parties while the Ninth Circuit considers the serious legal question[s] raised[.]"  *See Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019).  Moreover, the public has an interest in avoiding a needless "drain on its fiscal resources," *Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir. 1986), and in ensuring that "tax dollars [are] spent in an efficient manner," *Lonberg v. City of Riverside*, No. 97-cv-0237S-GLA-JWX, 2006 WL 8437955, at *3 (C.D. Cal. Aug. 10, 2006).  Given that Plaintiffs are not currently entitled to fees and costs, and are not likely to become entitled to fees and costs at the conclusion of the pending appeal, "the public interest weighs in favor of granting the stay" in order to "save taxpayers costs."  *See Dibenedetto v. Valley View Drugs, Inc.*, No. 2:16-cv-05504-CAS-AJW, 2023 WL 219313, at *3 (C.D. Cal. Jan. 13, 2023).

Because the relevant factors weigh in favor of a stay on briefing and hearing concerning fees and costs during the pendency of State Defendants' appeal, the Court should grant the requested stay.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT STATE DEFENDANTS AN EXTENSION OF TIME TO OPPOSE THE REQUESTS FOR FEES AND COSTS

Federal Rule of Civil Procedure 6(b)(1)(A) provides in relevant part that a court may, "for good cause," grant an extension of time where a request is made

8

Ex Parte Request to Stay Briefing and Hearing on Plaintiffs' Fees Motion and Bill of Costs, or for an Extension of Time in the Alternative (3:23-cv-00768-BEN-VET)

before the original time expires. This Rule is "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). "Consequently, requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (citation modified).

Given the voluminous billing records provided by Plaintiffs, State Defendants need additional time to both obtain agency approval for retention of a fees expert and to retain that expert, after which the expert will need sufficient time to review Plaintiffs' records and provide State Defendants with a report. Once State Defendants are able to review the expert's assessment of the fees request, State Defendants may want to explore negotiation or mediation with opposing counsel. Granting an extension of time will allow State Defendants to evaluate the basis for Plaintiffs' fee request and increase the chance that Plaintiffs' request can be resolved without additional litigation. Defendants make this request in good faith after conferring with opposing counsel, and have filed this request with the Court as soon as practicable. And as discussed above, Plaintiffs will not be prejudiced by deferring consideration of their request for fees and costs.

Accordingly, if the Court is not inclined to grant the requested stay, there is good cause to grant State Defendants an extension of time to respond to Plaintiffs' request for fees and costs.

## CONCLUSION

Given that Plaintiffs are not currently a prevailing party and an appeal on the merits remains pending before the Ninth Circuit, the Court should stay all briefing and hearing on Plaintiffs' requests for fees and costs in the interest of judicial economy.

In the alternative, the Court should grant State Defendants a five-month extension of time to respond to the request for fees and costs.

9

Ex Parte Request to Stay Briefing and Hearing on Plaintiffs' Fees Motion and Bill of Costs, or for an Extension of Time in the Alternative (3:23-cv-00768-BEN-VET)

| | | |
|---|---|---|
| 1 | Dated: February 5, 2026 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | DARRELL W. SPENCE<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Hannah Naylor<br>HANNAH NAYLOR<br>Deputy Attorney General |
| 6 | | *Attorneys for State Defendants* |

10

Ex Parte Request to Stay Briefing and Hearing on Plaintiffs' Fees Motion and Bill of Costs, or for an Extension of Time in the Alternative (3:23-cv-00768-BEN-VET)