Charles S. LiMandri, SBN 110841
cslimandri@limandri.com
Paul M. Jonna, SBN 265389
pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
jtrissell@limandri.com
William T. Duke, SBN 361823
wduke@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Peter Breen, *pro hac vice*
pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,

Plaintiffs,

v.

MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,

Defendants.

Case No.: 3:23-cv-0768-BEN-VET

**PLAINTIFFS' RESPONSE TO DEFENDANTS' *EX PARTE* REQUEST TO STAY BRIEFING AND HEARING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS, OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO RESPOND**

Judge: Hon. Roger T. Benitez
Courtroom: 5A

Action Filed: April 27, 2024

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants ask—*ex parte*, no less—to halt an orderly, court-approved briefing and hearing schedule governing Plaintiffs' Bill of Costs and Motion for Attorneys' fees. That request does not seek to preserve the status quo (the existing schedule) but to gain a tactical advantage. Defendants helped create and then stipulated to that schedule. Induced to rely on it, Plaintiffs fully complied with it and completed their briefing even under the press of expedited proceedings before the Ninth Circuit and the Supreme Court. In contrast, Defendants dawdled and then near the deadline for their response ambushed Plaintiffs with the request for a stay.

The *ex parte* motion offers no argument for a stay that can be reconciled with precedent. Courts routinely adjudicate fee and cost motions notwithstanding a pending appeal. Indeed, the ordinary practice is to promote judicial economy by resolving fees promptly while the record is fresh, and—when appropriate—to allow any fee appeal to proceed alongside the merits appeal. *See, e.g.*, *Lynwood Invs. CY Ltd. v. Konovalov*, No. 20-cv-3778, 2022 WL 17812925, at *2 (N.D. Cal. Dec. 19, 2022) (noting preference).

To be sure, fee proceedings pending appeal may be stayed in extraordinary circumstances. But Defendants barely even hazard an attempt to show they carry the necessary burden. Defendants speculate about appellate outcomes; generally complain about their workload; and novelly claim that Plaintiffs are not prevailing parties simply because the Ninth Circuit entered an interlocutory stay of the district court's injunction. What they fail to do is to provide *any* justification for derailing the current stipulated fees schedule. The Court should deny Defendants' *ex parte* motion in full or, at minimum, reject Defendants' request for an extra five *months* to respond to a motion Plaintiffs wrote in a matter of weeks. Defendants' poor planning or organization do not justify a stay.

## RELEVENT PROCEDURAL HISTORY

This Court awarded Plaintiffs summary judgment and issued a class-wide permanent injunction on December 22, 2025. Dkt. 307; Dkt. 308. Defendants sought

an administrative stay of the injunction, which the Ninth Circuit granted a week later. Dkt. 316.

On December 31, 2025, two days after the administrative stay, Defendants joined Plaintiffs in requesting that the Court extend the deadline for Plaintiffs' Bill of Costs and Motion for Attorneys' Fees to February 2, 2026. Dkt. 317. The Court granted the parties' joint motion. Dkt. 318. Plaintiffs then timely filed their Bill of Costs and Motion for Attorneys' Fees. Dkt. 322; Dkt. 323. The Court promptly set a hearing on the Bill of Costs for February 20, 2026, Dkt. 324, and a hearing on Plaintiffs' Motion for Attorneys' Fees for March 9, 2026. Dkt. 323.

After waiting for Plaintiffs to file their Motion for Attorneys' Fees and Bill of Costs, Defendants on February 5 informed Plaintiffs they did not intend to file a timely response to either document. Defendants instead filed an *Ex parte* Motion to Stay Briefing and Hearing on Plaintiffs' Motion for Attorneys' Fees and Bill of Costs. Dkt. 327. So, Defendants waited a full month after the Ninth Circuit granted an emergency stay of this Court's permanent injunction to file their *ex parte* motion. Dkt. 320.

## ARGUMENT

### I. Resolving Plaintiffs' fees and costs claims now benefits judicial economy by allowing adjudication with fresh memories of this case.

Federal practice contemplates prompt fee litigation. As this Court has recognized, "[w]hen an appeal on the merits is filed, a district court has discretion to rule on a claim for fees." *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15-cv-1879, 2018 WL 6830611, at *2 (S.D. Cal. Dec. 21, 2018). That's because "[a]n appeal from a decision on the merits does not foreclose an award of attorney's fees by the district court." *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-cv-3695, 2021 WL 4051420, at *1 (N.D. Cal. Aug. 27, 2021). And while the Court may also defer ruling or deny a fee motion without prejudice, its decision must "giv[e] regard to conservation of judicial resources and comprehensive disposition of litigation." *FlowRider Surf, Ltd.*, 2018 WL 6830611 at *2. "[J]udicial economy is better served by

determining attorneys' fees promptly while the details of the proceedings are still fresh." *Lynwood Invs. CY Ltd.*, 2022 WL 17840270, at *3 (citations omitted). A prompt decision on fresh memories is imperative here, where this complex case concluded just over eight weeks ago with a thorough fifty-two-page decision granting class-wide summary judgment for Plaintiffs, and where the Court's staff is already intimately familiar with this case's proceedings.

Defendants offer no real argument for upending the status quo and wasting court resources. At bottom, they simply assume they will prevail on appeal based on an unpublished analysis by a Ninth Circuit motions panel that—straitjacketed in an emergency posture—could perform only cursory analysis of Plaintiffs' constitutional claims. *Mirabelli v. Bonta*, No. 25-8056, 2026 WL 44874, at *4 (9th Cir. Jan. 5, 2026). More deliberate appellate proceedings since then reveal Defendants' assumption to be a foolhardy one: the Ninth Circuit ordered Defendants to respond to Plaintiffs' Motion for Reconsideration En Banc, *Mirabelli v. Bonta*, No. 25-8056, Dkt. 16 (9th Cir. Jan. 16, 2026), and the Supreme Court requested a response to Plaintiffs' Application to Vacate the Ninth Circuit's Interlocutory Stay, *Mirabelli v. Bonta*, No. 25A810, (U.S. Jan. 13, 2026). And in opposing *en banc* reconsideration, Defendants stressed that an interlocutory stay order is a "step removed from the underlying merits." Response to Motion for Reconsideration En Banc at p.15, *Mirabelli v. Bonta*, No. 25-8056, Dkt. 17 (9th Cir. Feb. 6, 2026).

If Defendants' logic were valid, every court would delay fees proceedings so long as the party opposing fees believes they will prevail on the merits on appeal—in other words, in every appeal. But no district court in the Ninth Circuit understands itself to be so handcuffed. Rather, district courts regularly grant attorneys' fee motions under 42 U.S.C. § 1988 while a merits appeal is pending. *See, e.g., Doria v. Yavapai Coll. Dist. Governing Bd.*, No. 25-cv-8043, 2026 WL 98766, at *1 (D. Ariz. Jan. 14, 2026); *Tapia v. NaphCare Inc.*, No. 22-cv-1141, 2025 WL 3294972, at *2 (W.D. Wash. Nov. 26, 2025); *Briggs v. Gallatin Cty.*, No. 18-cv-10, 2022 WL 3139069, at *2 (D.

Mont. Aug. 5, 2022); *Yu v. Idaho State Univ.*, No. 15-cv-430, 2021 WL 1165926, at *1 (D. Idaho Mar. 26, 2021); *Plasola v. California*, No. 19-cv-5592, 2020 WL 2790010, at *2 (C.D. Cal. Apr. 24, 2020); *Latta v. Otter*, No. 13-cv-482, 2014 WL 7245631, at *1 (D. Idaho Dec. 19, 2014); *Hedrick v. Grant*, No. 76-cv-162, 2014 WL 4425816, at *12 (E.D. Cal. Sept. 8, 2014).

In fact, Defendants failed to identify a *single* 42 U.S.C. § 1988 fees claim where briefing *was* deferred pending appeal. Two cases they cite concerned unopposed stay motions. *See United States v. Hall Family Trust Dated June 8, 2001*, No. 16-cv-538, 2020 WL 516360 (S.D. Cal. Jan. 31, 2020); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, No. 18-cv-373, 2021 WL 2826076 (S.D. Cal. July 6, 2021). One saw the court defer ruling on a claim for fees under California's Anti-SLAPP statute, but only because plaintiffs made a "substantial showing … as to the potential of reversal" on the merits by citing a Supreme Court ruling hinting that the statute was unconstitutional and concurrence of many Ninth Circuit judges. *Planet Aid, Inc.*, 2021 WL 4051420, at *2. And the other two involved complex patent litigation requiring appeal to the Federal Circuit to determine whether fees were warranted under unique patent law provisions. *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067, 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014); *FlowRider Surf, Ltd.*, 2018 WL 6830611, at *3. None remotely resembles a contested § 1988 fee schedule dispute following a final merits judgment and permanent injunction.[1]

"The Ninth Circuit *encourages* district courts to rule on attorney's fees motions notwithstanding an appeal to 'prevent postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge.'" *Plasola*, 2020 WL 2790010, at *2 (citing *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (emphasis added)).

[1] In each case where a fee claimant opposed deferral, the party requesting deferral had already completed its fee motion response. *See Planet Aid, Inc.,* 2021 WL 4051420, at *1; *Pacing Techs., LLC*, 2014 WL 2872219, at *1; *FlowRider Surf, Ltd.,* 2018 WL 6830611, at *1.

The Ninth Circuit would not encourage practices that waste judicial resources. The Court should deny Defendants' *ex parte* motion.

**II. No stay factor favors upsetting the current briefing and hearing schedule.**

Some courts consider traditional stay factors when assessing a request for a deferral of fees briefing while an appeal is pending. *See, e.g., Lynwood Invs. CY Ltd.*, 2022 WL 17812925 at *2. These traditional factors are (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4) "where the public interest lies." *Pers. Web Techs., LLC v. EMC Corp.*, No. 14-cv-1358, 2020 WL 1557441, at *1 (N.D. Cal. Apr. 1, 2020). "The first two factors of the traditional standard are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," and accordingly "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433-34.

In the context of attorneys' fees, "the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Sports Dimension v. Coleman Co., Inc.*, No. 14-cv-438, 2015 WL 10013784, at *3 n.1 (C.D. Cal. June 4, 2015). None of the stay factors favor Defendants' request to upset the usual course.

First, Defendants struggle to make a "substantial case" they are likely to succeed on the merits. *Leiva-Perez v. Holder*, 640 F.3d 962, 966-68 (9th Cir. 2011). They merely speculate they will, based on what they read as the panel's "signal" in a rushed and unpublished emergency interlocutory order that they will do so. Dkt. 327 at 7. They conveniently ignore stronger competing signals from the Ninth Circuit and Supreme Court that the panel's emergency temporary stay may soon fall. *See supra*. But even if they did not, Defendants' mere speculation of future success falls far short

of the "strong likelihood" of success on the merits that a stay of a fees adjudication requires. *See Planet Aid, Inc.*, 2021 WL 4051420, at *2.

Second, Defendants identify no irreparable injury absent a stay—a decisive failure, as "a stay may not issue, regardless of the petitioner's proof regarding the other stay factors" absent a showing of irreparable harm. *Doe #1 v. Trump*, 957 F.3d 1050, 1061 (9th Cir. 2020). Defendants' argument distills to litigation workload, *i.e.*, the effort they would need to expend to respond to Plaintiffs' submissions. But routine litigation burdens are not irreparable harm. *See Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1075-77 (S.D. Cal. 2019) (contrasting routine costs with concrete, case-specific harms). Even in large attorneys' fee disputes, "generic waste-of-time-and-resources arguments fail to establish irreparable harm." *In re Pers. Web Techs., LLC et al., Pat. Litig.*, No. 18-md-2834, 2020 WL 13655903, at *2 (N.D. Cal. Apr. 20, 2020). Here, at most, Defendants show that a fee dispute requires effort—true of every § 1988 case and insufficient to justify a stay.

Third, Defendants argue that a stay will not harm Plaintiffs. Not so. Plaintiffs dutifully complied with the parties' stipulated deadline, and briefed their entire fee motion while also briefing an appeal response, a Supreme Court application, and a motion for reconsideration *en banc*. If Defendants secure a stay, they will be able to leisurely interrogate Plaintiffs' fees and costs for months while polishing their response. Defendants' proposed alternative relief—a five-month extension because they have "insufficient time to meaningfully respond" to a brief Plaintiffs drafted in a few weeks—shows that Defendants are truly seeking an asymmetric advantage to benefit one of the nation's largest and best equipped state attorney's general's office.

Plaintiffs also have an interest in prompt payment of their fees. Courts have recognized that a successful plaintiff has at least an "interest in the prompt payment of its taxable costs" that is presumptively injured by delay. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846, 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014); *see also Emblaze Ltd. v. Apple Inc.*, No. 11-cv-1079, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20,

2015) (a successful litigant faces a "presumptive injury" from "delay of taxation of costs") (citation omitted).

Defendants argue that Plaintiffs' permanent injunction is temporarily stayed, and so they cannot be prevailing parties. But the temporary stay only means that Plaintiffs may or may not be prevailing parties at the conclusion of this case, not that they will *never* be prevailing parties. This is no different from the cases cited above where courts determined attorneys' fees despite the possibility that prevailing party status could flip after appeal.

Defendants' cases are not to the contrary. Take *UFO Chuting of Hawaii, Inc. v. Smith*, 508 F.3d 1189 (9th Cir. 2007). There, a plaintiff won a permanent injunction allowing it to operate parasailing excursions during whale breeding periods, only to see the district court stay its own permanent injunction prior to going into effect due to a federal law blessing the enjoined state ban. *Id.* at 1192. The court then granted the state defendant summary judgment on all issues. *Id.* Since the plaintiff never benefitted from the injunction, and never would, it was not a prevailing party. *Id.* at 1198. Similar is *Michigan State A. Philip Randolph Institute v. Johnson*, No. 16-cv-11844, 2019 WL 2314861 (E.D. Mich. May 31, 2019). There, voters won a permanent injunction blocking a ban on straight ticket voting. *Id.* at *1. The Sixth Circuit stayed the injunction prior to the November 2018 General Election, and the stay remained in place until after the election. *Id.* Voters then amended the state constitution to permit straight ticket voting, mooting plaintiffs' claims. *Id.* As a result, the plaintiffs never enjoyed a benefit from the permanent injunction, nor would they. Defendants' precedent is thin and inapplicable here.

Fourth, the public interest favors efficient resolution of Plaintiffs' motion and weighs against a stay. Plaintiffs' motion and the events underlying it are fresh in the mind of the Court, and resolving the matter now promotes the efficient use of judicial and fiscal resources. Defendants' delay would impose "the burden on this court [of] reengaging with the facts of this case many months in the future, long after law clerks

familiar with this record have moved on and the [judge's] memory has begun to fade." *Emblaze Ltd.,* 2015 WL 1304779, at *3. And as Defendants noted, there is a public interest in efficient use of judicial resources. Dkt. 327 at 8 (citing *Sierra Club v. Trump*, 929 F.3d 670, 704 (9th Cir. 2019)).

Additionally, there is a public interest in holding parties to their stipulations. *Pers. Web Techs., LLC*, 2020 WL 1557441, at *2. Plaintiffs timely filed their Motion for Attorneys' Fees, relying on Defendants' intent to file a timely response. The Court also relied on Defendants' intent when scheduling hearings. Defendants made their intent clear on December 31, five days after the Ninth Circuit issued an administrative stay. Dkt. 317; Dkt. 316. And they allowed Plaintiffs and the Court to continue in their reliance to their detriment for a month after the Ninth Circuit granted a stay pending appeal. Dkt. 327; Dkt. 320. "[R]ather than following the stipulated briefing schedule, and weeks after [Plaintiffs] filed [their] motion, [Defendants] requested a stay pending appeal.... In sum, the fourth factor supports denying a stay." *In re Pers. Web Techs., LLC et al., Pat. Litig.*, 2020 WL 13655903, at *2.

Each factor favors resolution of Plaintiffs' fee motion now. The Court should deny Defendants' motion.

**III. A five-month extension is unreasonable and prejudices Plaintiffs.**

Defendants' fallback request is that the Court grant a five-month extension if a stay should be denied. Dkt. 327 at 9. As touched on above, it would impose a stark and prejudicial asymmetry. Plaintiffs timely filed their comprehensive brief within six weeks, despite intervening holidays and multiple filings in district, appellate, and supreme courts. Defendants offer no explanation for why they require nearly one month to respond to each week of Plaintiffs' work, let alone why this eye-popping ratio is fair. This extension request prejudices Plaintiffs, unduly delays resolution of their motion, and is simply unreasonable. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) (absence of prejudice and undue delay indicate that an extension request is reasonable). The Court should deny Defendants' request.

## CONCLUSION

Defendants' motion undermines judicial efficiency, and Defendants have not met their burden to show that a stay is warranted. Nor have Defendants shown that their extension request is reasonable. The Court should deny their *ex parte* motion.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: February 12, 2026 By: ______________________

Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
William T. Duke
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

***Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.***

USDC Court Case No.: 3:23-cv-00768-BEN-VET

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **PLAINTIFFS' RESPONSE TO DEFENDANTS' EX PARTE REQUEST TO STAY BRIEFING AND HEARING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS, OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO RESPOND.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Darrell Spence, Superv. Dep. Att'y Gen.
Kevin L. Quade, Dep. Att'y Gen.
California Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6089
E-Mail: Darrell.Spence@doj.ca.gov
E-Mail: kevin.quade@doj.ca.gov
E-Mail: Julie.Veroff@doj.ca.gov
E-Mail: Helen.Hong@doj.ca.gov
E-Mail: Samuel.Harbourt@doj.ca.gov
E-Mail: Joshua.Klein@doj.ca.gov

Darin L. Wessel, Dep. Att'y Gen.
California Department of Justice
600 W Broadway Ste 1800
San Diego, CA 92101-3375
Telephone: (619) 738-9125
E-Mail: Darin.Wessel@doj.ca.gov
**Attorneys for CDE Defendants**

Emmanuelle Soichet, Dep. Att'y Gen.
Jennifer Bunshoft, Dep. Att'y Gen.
Shatti Hoque, Dep. Att'y Gen.
California Department of Justice
455 Golden Gate Ave., Ste. 1100
San Francisco, CA 94102-7004
E-Mail: emmanuelle.soichet@doj.ca.gov
E-Mail: Jennifer.Bunshoft@doj.ca.gov
E-Mail: shatti.hoque@doj.ca.gov

Daniel R. Shinoff, Esq.
Jack Sleeth, Esq.
Maurice Bumbu, Esq.
Lauren Cambronero, Esq.
Artiano Shinoff
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
Tel: 619-232-3122
E-Mail: dshinoff@as7law.com
E-Mail: nlay@as7law.com
E-Mail: jsleeth@as7law.com
E-Mail: mbumbu@as7law.com
E-Mail: lcambronero@as7law.com
**Attorneys for EUSD Defendants**

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on February 12, 2026, at Rancho Santa Fe, California.

Kathy Denworth