Charles S. LiMandri, SBN 110841
  cslimandri@limandri.com
Paul M. Jonna, SBN 265389
  pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
  jtrissell@limandri.com
William T. Duke, SBN 361823
  wduke@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Peter Breen, *pro hac vice*
  pbreen@thomasmoresociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,<br><br>Defendants. | Case No.: 3:23-cv-0768-BEN-VET<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Judge:     Hon. Roger T. Benitez<br>Courtroom:  5A<br>Hearing Date:  March 2, 2026<br>Hearing Time:  2:30 p.m. |

## INTRODUCTION

Plaintiffs obtained a complete victory—a classwide permanent injunction on all of their constitutional claims in a hotly contested case of nationwide importance. *See* Dkt. 307, 308. In that context, binding precedent is clear: "In civil rights actions such as this, the Supreme Court has held that plaintiff's counsel 'should recover a fully compensatory fee' for 'excellent results.'" *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

Nevertheless, following the same pattern by which they have litigated this entire case, Defendants have raised plainly erroneous roadblocks. First, they say Plaintiffs are not the prevailing party because of the interlocutory stay. Binding Ninth Circuit precedent disagrees. *G&G Fire Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893, 906 (9th Cir. 1998), *rev'd on other grounds*, 532 U.S. 189 (2001). Second, they argue that Plaintiffs' counsels' hourly rates are approximately 40% too high because the firms are too small. Again, binding Ninth Circuit precedent disagrees: "History reminds us that brilliance at the bar is not measured by the number of associates a lawyer commands." *LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, -- F.4th --, No. 24-3776, 2026 WL 504763, at *13 (9th Cir. Feb. 24, 2026).

Third, they nitpick counsels' hours, suggesting another 40% reduction, via an attorney masquerading as an expert. Other courts have seen through Mr. Schratz and this Court should also. Even fifteen years ago, one court noted that he is not "an independent witness" and "[t]here can be no doubt as to his partisanship." *Duran v. U.S. Bank Nat'l Ass'n*, No. 2001-035537, 2010 WL 5607042 (Cal. Super. Ct., Alameda Cty., Dec. 16, 2010). Perhaps more damning, his testimony is irrelevant because "the billing practices of firms that serve as panel counsel for insurance companies or staff counsel for insurance companies" are "not pertinent" to the issues here. *Id*. And just last year, the California Court of Appeal reached the same conclusion, stating that a "trial judge had an ample basis for disregarding the defense expert 'declaration,' which was more of an argumentative legal brief than an objective

analysis of a reliable data set by an economist. *Bronshteyn v. Dep't of Consumer Affs.*, 114 Cal. App. 5th 537, 547 (2025).[1]

Because Defendants have failed to rebut the reasonableness of Plaintiffs' lodestar, the Court should grant Plaintiffs' motion, totaling $4,620,066.53 in fees and $20,755.10 in non-taxable costs.[2] Supp. Jonna Decl., ¶2 & Ex. 26.

## ARGUMENT

### I. Plaintiffs Are Entitled to Fees as Prevailing Parties

Defendants first repeat verbatim the argument from their ex parte papers that Plaintiffs are not currently the prevailing party in light of the Ninth Circuit's interlocutory stay order. *See* Dkt. 333, Opp. Memo., p.11-12; Dkt. 327, Ex Parte Memo., p.7-8 (both citing *UFO Chuting of Hawaii, Inc. v. Smith*, 508 F.3d 1189, 1198 (9th Cir. 2007)). But as Plaintiffs explained in opposing that ex parte, *see* Dkt. 330, in *UFO Chuting*, the issue was simply that the district court granted a permanent injunction and then quickly vacated it in light of a change in law before it went into effect. In that context, the Court held that the plaintiffs did not prevail. 508 F.3d at 1191-92. But in the exact same procedural context as this case, where the Ninth Circuit stayed an injunction pending appeal, the Ninth Circuit has expressly rejected this argument, holding that "a stay … issued after the district court's grant of the injunction does not alter G&G's status as the prevailing party in the district court." *G&G Fire Sprinklers*, 156 F.3d at 906.

### II. Plaintiffs' Requested Hourly Rates Are Reasonable

On Plaintiffs' hourly rates, Defendants' and Mr. Schratz's primary argument is that Plaintiffs have not submitted sufficient evidence to justify the rates requested. *See* Schratz Decl., ¶55. Thus, Mr. Schratz proposes lowering the hourly rates by 29%

---

[1] Although the opinion never mentions Mr. Schratz by name, he was the defense expert. See Respondent's Brief, *Bronshteyn v. Dep't of Consumer Affs.*, No. B329890 (Cal. Ct. App. Feb. 18, 2025), 2025 WL 2095148 (discussing Mr. Schratz). Intriguingly, this case is not listed in Mr. Schratz's supposedly comprehensive list of courts that have rejected his opinions. Schratz Decl., ¶¶1, 9 & Ex. 2.

[2] Defendants do not challenge Plaintiffs' non-taxable costs.

for Mr. LiMandri, 42% for Mr. Jonna, and 40% for Mr. Trissell. *Id.*, ¶88. The legal rule is undisputed: Defendants agree that Plaintiffs' burden is merely to show that "the requested rates are *in line* with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added); *see* Schratz Decl., ¶54.

Plaintiffs have plainly met this burden by identifying hourly rates charged by and/or awarded to attorneys in San Diego handling complex litigation and who have a unique specialty, *including themselves*. *See* Jonna Decl., ¶¶69-72. It bears repeating that counsel were *awarded* rates up to $1,260 in 2023 for the case *DFEH v. Cathy's Creations*, and negotiated a *settlement* with the State of California for rates up to $1,150 in 2021 in the case of *South Bay Pentecostal Church v. Newsom*. *Id.*, ¶¶69-72.[3] These awards are the most clear analogs as they both involved highly complex, contentious, and novel constitutional issues. As such, during Plaintiffs' repeated efforts to settle, Plaintiffs repeatedly reminded Defendants that they would seek these rates (as updated for 2025 and beyond). *See id.*, ¶¶75-78 & Exs. 22-23.

Ignoring this evidence,[4] Defendants argue that the relevant community should include an analysis of the size of the law firm and that LiMandri & Jonna LLP is too small. Opp., p.16-18; Schratz Decl., ¶¶56-77. But the Ninth Circuit long ago rejected this, *see Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992), and—as noted in the introduction—has just reaffirmed this rule: "As we have held

---

[3] Defendants state that it is unclear whether the $1,260 rate came from the *DFEH v. Cathy's Creations* case. Opp., p.19; Schratz Decl., ¶41. It did. Jonna Decl., ¶72. Mr. Schratz also notes that Plaintiffs have not submitted documents to confirm Mr. Jonna's declaration testimony. Schratz Decl., ¶41. But Mr. Jonna's declaration was submitted under penalty of perjury. *See also* Supp. Jonna Decl., ¶¶53-45.

[4] Defendants argue that these rates are irrelevant because the *DFEH v. Cathy's Creations* case was vacated on other grounds. Opp., p.19 n.5. That, of course, makes no sense at all. And Defendants state that rates used in a settlement are irrelevant. *See* Opp., p.20. But Defendants' cited cases deal with settlement demands, not actual settlements, or collusive settlements in class actions or shareholder derivative actions. *Id.* In the *South Bay v. Newsom* action, there was no incentive for California to pay anything more than it had to.

before, the district court is meant to compare *lawyers*, not *firms*." *LA Int'l Corp.*, 2026 WL 504763, at *13-14 (original emphasis).

Instead of looking to the comparators that Plaintiffs identified, *see* Jonna Decl., ¶¶69-72, Mr. Schratz points to other fee requests that Plaintiffs counsel have made, but those are all distinguishable. *See* Schratz Decl., ¶¶78-81. Most notably, Mr. Schwartz was the opposing expert in *Gadinis v. USAA*, No. 37-2018-15334 (Cal. Super. Ct., S.D. Cty., Mar. 28, 2018), in which Mr. LiMandri served as co-counsel and charged $700 per hour. The case involved an automobile accident and a wrongful denial of insurance coverage. *See* Supp. Jonna Decl., ¶42. It is unclear how it is analogous here at all, and the Ninth Circuit has explicitly instructed that "it is perfectly appropriate for a district court to award an hourly rate higher than is customarily charged by the plaintiff's attorney." *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 697 (9th Cir. 1996).

Defendants also point to the rates awarded in *Harrison v. Roman Catholic Faithful, Inc.*, No. BCV-19-102204 (Cal. Super. Ct., Kern Cty., Aug. 6, 2019). But that case required the use of lower Bakersfield rates because it involved a defamation action and an anti-SLAPP motion that could have been handled by local counsel. In contrast, at the same time (Spring 2023), Plaintiffs counsel sought fees in the *DFEH v. Cathy's Creations* case in Kern County. Because that case involved highly complex constitutional issues that local counsel could not have handled, *the same judge* awarded San Diego rates, including Mr. LiMandri's requested hourly rate of $1,260. *See* Jonna Decl., ¶¶72, 81; Supp. Jonna Decl., ¶¶43-45.

Defendants also cite *Cox v. Renfree*, No. 3:21-cv-1341 (S.D. Cal. July 27, 2021), a case that had been improperly removed to federal court and for which counsel sought fees for the remand motion. Schratz Decl., ¶79 & Ex.17. But as stated in that application, the rates sought there were explicitly "substantially lower than the hourly rates which formed the basis of Judge Bashant's recent fee award in the *South Bay* action, an average of $141 less." *Id.* at p.241. Lower rates were requested because the

5
Reply Memorandum ISO
Plaintiffs' Motion for Attorneys' Fees

issue (whether the case was removable) was relatively simple. Supp. Jonna Decl., ¶46.

Lastly, Defendants argue that this Court's opinion in *Garnier v. Poway Unified School District*, No. 17-cv-2215, 2025 WL 3403370 (S.D. Cal. Oct. 20, 2025), is not analogous because the $1,500 hourly rate was awarded to a Supreme Court advocate. Defendants then proceed to criticize the credentials of Mr. Jonna and Mr. Trissell. *See* Opp. Memo., p.21-23. But only Mr. LiMandri, whose constitutional experience is unimpeachable, is seeking a rate that high. Mr. Jonna and other principals or executives only seek $1,368 per hour, and Mr. Trissell seeks only $1,050 per hour. *See* Jonna Decl., ¶84. And contrary to Defendants' argument that their constitutional law practice only began in 2019, they have extensive experience in constitutional and religious liberty law extending back more than a decade. Supp. Jonna Decl., ¶¶4-40 & Ex. 27. Here, in light of the evidence that Plaintiffs submitted, the burden shifted to Defendants to convincingly rebut Plaintiffs' hourly rate. *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105-06 (9th Cir. 2015). This they failed to do.

## III. ALL HOURS INCURRED SHOULD BE COMPENSATED.

Defendants and Mr. Schratz also argue that the Court should strike approximately 40% of Plaintiffs' total hours, lowering them from 3,807.15 to 2,317.23. *See* Schratz Decl., p.58. This is not warranted.

**1.** Mr. Schratz first states that this was a contingency case and so the time incurred was not subject to meaningful oversight. Schratz Decl., ¶¶29-31. He then states that Mr. Jonna cannot attest to the time incurred in this case because he lacks personal knowledge of whether his employees actually follow firm guidelines or the actual practice of co-counsel. *Id.*, ¶¶32-37. The first point is simply incorrect. LiMandri & Jonna LLP's partnership with Thomas More Society, the details of which are confidential, requires the submission of monthly invoices to Thomas More Society which it scrupulously reviews. *See* Supp. Jonna Decl., ¶5.

On the second point, as a principal and the supervising attorney, Mr. Jonna does have personal knowledge of the operations of his firm, including whether associates

follow firm policies. That is what it means to supervise. "Indeed, courts routinely accept declarations from one attorney in support of a fee request that comprises the work of other attorneys with whom the declarant works." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. 14-cv-143053, 2018 WL 11242038, at *4 (C.D. Cal. Apr. 26, 2018). As to the time submitted by other firms, as stated, invoices from them were simply incorporated into a single excel sheet. *See* Jonna Decl., ¶10.

**2.** Mr. Schratz then accuses Plaintiffs of overstaffing the case. He recommends that the Court deny fees for all attorneys who billed less than 50 hours. *See* Schratz Decl., ¶¶92-99; *see* Jonna Decl., p.37 (hours per biller). But he provides no justification for this recommendation and it makes little sense. For example, Professor Gómez-Arostegui billed only ten hours but provided unique historical research that would have taken an associate much longer to find. *See* Jonna Decl., p.37, 186-87; Supp. Jonna Decl., ¶51. In any event, the Ninth Circuit has explained that "there is a strong presumption that the lodestar represents a reasonable fee," *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992), and "a court may not reduce a fee award based on 'speculation as to how other firms would have staffed the case'." *Vargas v. Howell*, 949 F.3d 1188, 1197 (9th Cir. 2020) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114-15 (9th Cir. 2008). Mr. Schratz's arbitrary 50 hour limit may be appropriate for panel insurance defense counsel, but it is no basis for striking 206.85 hours from a complex constitutional case. *See Auto. Prods. PLC v. Tilton Eng'g, Inc.*, 855 F. Supp. 1101, 1103 (C.D. Cal. 1994).

Mr. Schratz then complains of multiple attorneys attending depositions. *See* Schratz Decl., ¶¶100-117. Mr. Jonna attended all depositions in this matter, and Mr. Trissell attended nearly all of them. In addition, some depositions had a third attorney attend, and the deposition of Darlene Tando actually had four attorneys in attendance at different times. *Id*. Mr. Schratz states that two attorneys were appropriate for the named Plaintiffs, but not other depositions—such as the expert depositions—and that he would cut the time of the third and fourth attorneys (except

that they were already cut because they billed less than 50 hours). *Id.*

Again, the Ninth Circuit has explained that in complex litigation, "the participation of more than one attorney does not constitute an unnecessary duplication of effort." *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 785 (9th Cir. 1986). Here, two attorneys were needed at every deposition. At the first deposition which Plaintiffs took, a junior associate (Mr. McPherson) also attended. But that was necessary as counsel got a feel for how such depositions would go, with three separate teams of opposing attorneys—EUSD, CDE, and DOJ (and the DOJ even having multiple attorneys objecting). *See* Supp. Jonna Decl., ¶¶52, 55.

In taking the depositions of the defense experts, a junior associate (Mr. McPherson or Mr. Duke), and a Thomas More Society attorney, Joan Mannix, all attended. And Ms. Mannix also attended the depositions of Plaintiffs' experts Anderson and Szajnberg as the third attorney. But the expert depositions were, in fact, the most important depositions in the entire case. Because Ms. Mannix and Mr. McPherson billed less than 50 hours total, Mr. Schratz has already struck their time. Now, he proposes striking 42.8 hours from Mr. Trissell's time for attending depositions alongside Mr. Jonna. Oddly, he also proposed striking 3.2 hours from Mr. Jonna's time, instead of Mr. Duke's time, for depositions they both attended. This striking should be denied since multiple attorneys attended depositions due to the complexity of the issues. *See* Supp. Jonna Decl., ¶¶52-55.[5]

Next, Mr. Schratz argues that the Court should strike attorney conferencing. *See* Schratz Decl., ¶¶118-129. Adding up the hours identified by Mr. Schratz totals 251.05 hours. *Id.*, ¶119 & Ex.20. He contends that 130.77 should be cut as excessive

---

[5] Mr. Schratz also notes the not all attorneys had their appearance recorded on the deposition transcripts. *See* Schratz Decl., ¶¶104, 106, 108, 110, 113, 115. But all attorneys who billed were in attendance. Specifically, Mr. Trissell did attend the depositions of Jane Poe, Katie Terrill, Kathleen Barlow, and the CDE; Mr. Duke did attend the deposition of Dr. Brady and Ms. Tando; and Ms. Mannix did attend the deposition of Ms. Tando. Supp. Jonna Decl., ¶56. Mr. Schratz questions whether Mr. Jonna accidentally duplicated his time entry for the deposition of Jane Poe. Schratz Decl., ¶103. He did not. Supp. Jonna Decl., ¶56.

hours because conferencing should not exceed 4% of an attorneys' individual lodestar—based on his ipse dixit. *Id.*, ¶119, 128. However, Mr. Schratz did not segregate out conferencing from other tasks in the same bill. For example, many entries essentially say: "Perform task; conference with Mr. Jonna about same." *Id.* at Ex. 20. Nor does the 4% rule make sense. Mr. LiMandri's ratio of conferencing to performance of discrete tasks is particularly high because the value he brought to the case was his institutional wisdom, the actual conferencing itself. *Id.* at ¶119. The Court should allow the allegedly excessive 130.77 hours.[6]

  **3.** The next category Mr. Schratz attacks is 27 hours of supposed clerical work performed largely by paralegals and clerks, but also some by attorneys. Schratz Decl., ¶¶130-136 & Ex. 24. But clerical work is recoverable, just usually at the rate of a legal assistant and not a paralegal or attorney. *Sierra Club v. EPA*, 625 F. Supp. 2d 863, 868-69 (N.D. Cal. 2007). More, as a matter of practicality, "[i]t is inevitable that attorneys will spend some of their time on quasi-clerical tasks." *See Smith v. Citifinancial Retail Servs.*, No. 06-cv-2966, 2007 WL 2221072, at *2 (N.D. Cal. Aug. 2, 2007). Indeed, if particularly important, it is perfectly appropriate for an attorney to engage in "deposition scheduling, calendaring, and emailing court reporters." *Dixon v. City of Oakland*, No. 12-cv-5207, 2014 WL 6951260, at *12 (N.D. Cal. Dec. 8, 2014). The Court should reject this argument from Mr. Schratz. *See also Rosenfeld v. U.S. Dep't of Just.*, 904 F. Supp. 2d 988, 1007 (N.D. Cal. 2012).

  **4.** Mr. also Schratz advises the Court to impose a 10% reduction for time incurred to prepare various pleadings as excessive. Schratz Decl., ¶¶149-52 & Ex. 29. This advice is a wash since Plaintiffs already imposed a 10% reduction and, in any event, the issues here were complex and hotly contested. Mr. Schratz also objects to Plaintiffs' practice of billing in increments of 0.2 hours and recommends an

---

[6] *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 854 (N.D. Cal. 2017) (awarding conferencing time representing approximately 12.5% of lodestar); *Gober v. Ralphs Grocery*, No. N72142, 2007 WL 5465707 (Cal. Super. Ct., S.D. Cty., Mar. 28, 2007) ("The Court also disagrees with Mr. Schratz's opinion that conferencing fees should be limited to 2% of the requested amount.").

additional 15% reduction, or striking *a massive* 480.37 hours. *Id.*, ¶¶153-61 & pp.54-57.

This is not warranted. Twelve minute billing *actually* reflects a decision not to charge *at all* for items that took simply 1 minute—whereas 6 minute billing often captures those 1 minute tasks. Thus, by using 0.2 billing, Plaintiffs' lodestar is *lower*. *See, e.g.*, *Millard v. La Baer Inn*, No. 2:03-cv-1467, 2005 WL 8179720, at *7 (E.D. Cal. Apr. 7, 2005) (approving 0.2 billing); *Whitaker v. Reeder*, No. 2:19-cv-4341, 2022 WL 22329130, at *5 (C.D. Cal. Dec. 28, 2022) (criticizing 0.1 billing as inflationary). Nor does Mr. Schratz's proposed 15% reduction make any logical sense. Based on this, he suggests striking 250.23 hours from Mr. Trissell's time, or approximately 14% of his total 1,839 hours. Schratz Decl., p.55. But from his 1,190 entries, only 250 are for 0.2. *See* Supp. Jonna Decl., ¶60.

This leads into Mr. Schratz's criticisms of vague billing for which he recommends a 20% reduction, Schratz Decl., ¶¶143-48 & Ex. 27, and block-billing for which he recommends a 10% cut. *Id.* at ¶¶163-71 & Ex. 32. These arguments are related because block-billing is problematic only to the extent that it makes the entry vague and prevents a meaningful analysis of what time was spent. *See United Steelworkers of Am. v. Ret. Income Plan*, 512 F.3d 555, 565 (9th Cir. 2008). More, "[m]any courts recognize that block billing is not automatically suspect or grounds for a fee reduction" and "is commonly used and is not intended to facilitate 'padding' of hours but simply reflects the interrelated nature of many tasks performed during a day." 2 Richard M. Pearl, *California Attorney Fee Awards* § 9.84. (3d ed. 2022 Update). Here, the alleged block-billing, at worst, combines a few related tasks into one entry. It is not improper. *See* Schratz Decl., Ex. 32. As for the allegedly vague entries, they are again—at worst—vague when taken out of the context of the whole bill and the entries before and after. *See id.* at Ex. 27. There is nothing here warranting a reduction.

**6.** Defendants lastly ask the Court to strike 40.4 hours for media appearances on the basis that it was insufficiently tied to success in the litigation. Opp., p.26-27; Schratz Decl., ¶¶137-39 & Ex. 25. But communicating Plaintiffs' position to the

media was a core part of the successful representation. *See, e.g.*, *Paeste v. Gov't of Guam*, 624 F. App'x 488, 491 (9th Cir. 2015); *Stormans Inc. v. Selecky*, 906 F. Supp. 2d 1093, 1101 (W.D. Wash. 2012); *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1029 (C.D. Cal. 2012). Indeed, "[a]n attorney's duties do not begin inside the courtroom door," *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1043 (1991), especially when—as here—the opposing party is misrepresenting the Court's orders in the media. *See* Dkt. 133, Second Amend. Compl., Ex. 38 (press release advising school districts to not abide by the Court's preliminary injunction).

Defendants make the same *ipse dixit* argument with respect to 78.6 hours incurred preparing amicus briefs on Plaintiffs' behalf. Opp., p.27-28; Schratz Decl., ¶¶140-42 & Ex. 26. But the Ninth Circuit is clear that this time is compensable. *Armstrong v. Davis*, 318 F.3d 965, 971-73 (9th Cir. 2003). Mr. Schratz notably does *not opine* that fees allegedly related to the Title VII employment claims should be denied, but notes that is Defendants' legal position. *See* Schratz Decl., ¶177 & Ex. 33. This is also telling. As stated in Plaintiffs' moving papers, since the fees all related to the same core nucleus of facts, and were all necessary for the ultimate relief on Plaintiffs' 42 U.S.C. § 1983 claims, they are all recoverable without apportionment. *See* Mtn., p.26-28. Here, Plaintiffs only ever had to sue EUSD because the State ordered them to implement their Parental Exclusion Policies. Defendants' cases stand for the unremarkable proposition that fees should only be awarded after a final judgment. *See* Opp. Memo., p.13. But here, Plaintiffs have a final judgment. *See* Dkt. 307, 308.

**7.** Lastly, Defendants agree with Plaintiffs that a multiplier is warranted when the lodestar is not fully sufficient by "not adequately measur[ing] the attorney's true market value," but then state that it is a "baseless assertion[]," for counsel to value their worth as similar to "the most exceptional lawyers in the entire State." Opp., p.33-34. Plaintiffs disagree. The results obtained here are truly exceptional.

## CONCLUSION

Plaintiffs respectfully request that this Court grant their motion in full.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: February 26, 2026   By: _____
Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
William T. Duke
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

*Elizabeth Mirabelli v. Mark Olson, President of the EUSD Board of Education, et al.*

USDC Court Case No.: 3:23-cv-00768-BEN-VET

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES; and**
- **SUPPLEMENTAL DECLARATION OF PAUL M. JONNA, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Darrell Spence, Superv. Dep. Att'y Gen.<br>Kevin L. Quade, Dep. Att'y Gen.<br>California Department of Justice<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6089<br>E-Mail: Darrell.Spence@doj.ca.gov<br>E-Mail: kevin.quade@doj.ca.gov<br>E-Mail: Julie.Veroff@doj.ca.gov<br>E-Mail: Helen.Hong@doj.ca.gov<br>E-Mail: Samuel.Harbourt@doj.ca.gov<br>E-Mail: Joshua.Klein@doj.ca.gov<br><br>Darin L. Wessel, Dep. Att'y Gen.<br>California Department of Justice<br>600 W Broadway Ste 1800<br>San Diego, CA 92101-3375<br>Telephone: (619) 738-9125<br>E-Mail: Darin.Wessel@doj.ca.gov<br>**Attorneys for CDE Defendants** | Emmanuelle Soichet, Dep. Att'y Gen.<br>Jennifer Bunshoft, Dep. Att'y Gen.<br>Shatti Hoque, Dep. Att'y Gen.<br>California Department of Justice<br>455 Golden Gate Ave., Ste. 1100<br>San Francisco, CA 94102-7004<br>E-Mail: emmanuelle.soichet@doj.ca.gov<br>E-Mail: Jennifer.Bunshoft@doj.ca.gov<br>E-Mail: shatti.hoque@doj.ca.gov<br><br>Daniel R. Shinoff, Esq.<br>Jack Sleeth, Esq.<br>Maurice Bumbu, Esq.<br>Lauren Cambronero, Esq.<br>Artiano Shinoff<br>3636 Fourth Avenue, Suite 200<br>San Diego, CA 92103<br>Tel: 619-232-3122<br>E-Mail: dshinoff@as7law.com<br>E-Mail: nlay@as7law.com<br>E-Mail: jsleeth@as7law.com<br>E-Mail: mbumbu@as7law.com<br>E-Mail: lcambronero@as7law.com<br>**Attorneys for EUSD Defendants** |

__X__ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on February 26, 2026, at Rancho Santa Fe, California.

*/s/ Rebecca M. Oakley*
Rebecca M. Oakley