| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | DARRELL W. SPENCE<br>Supervising Deputy Attorney General |
| 3 | KATHERINE BRUCK (SBN: 342536)<br>Deputy Attorney General |
| 4 | 455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102 |
| 5 | Telephone: (415) 229-0125<br>Fax: (916) 732-7920 |
| 6 | E-mail: Katherine.Bruck@doj.ca.gov |
| 7 | *Attorneys for State Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BEN-VET<br><br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR NON-TAXABLE COSTS**<br><br>Date: March 9, 2026<br>Time: 10:30 a.m.<br>Courtroom: 5A<br>Judge: The Honorable<br>  Roger T. Benitez<br>Action Filed: April 27, 2023 |

On February 2, 2026, Plaintiffs filed their Bill of Costs, ECF No. 322, and Motion for Attorneys' Fees, ECF No. 323. State Defendants timely opposed both the Bill of Costs, ECF No. 329, and the Motion for Attorneys' Fees, ECF No. 333.

State Defendants' opposition to the Bill of Costs argued that costs for expedited transcripts and expedited service were not taxable under 28 U.S.C. § 1920(2). *See* ECF No. 329. Plaintiffs have now moved ex parte to seek those non-taxable costs as part of their attorneys' fees award, indicating that those "non-

1

taxable expenses [were] erroneously included in the bill of costs." *See* ECF No. 342 at 3.

State Defendants oppose the recovery of costs associated with expedited transcripts and expedited service sought in Plaintiffs' ex parte application, as well as the non-taxable costs associated with amicus work in other cases, unnecessary travel and accommodations, and unexplained photocopying.

## ARGUMENT

"[O]ut-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees under [42 U.S.C. §] 1988." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.12 (9th Cir. 1986). Under § 1988, the fee applicant "must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citation modified).

Plaintiffs improperly included non-taxable costs in their Bill of Costs and, after realizing their mistake, now seek to recover those additional non-taxable costs as part of their attorneys' fees. *See Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1291 (N.D. Cal. 2014) ("Plaintiff's approach to seeking costs and expenses is puzzling. If counsel knew the Clerk would only approve taxable costs, it is unclear why plaintiff's bill of costs included so many expenses that are plainly not taxable under [local rules].").

Nonetheless, given the tight timeline for briefing on costs and fees in this matter, *see* ECF No. 330 at 7, Plaintiffs' "erroneous" inclusion of non-taxable costs in their original Bill of Costs, ECF No. 342 at 3, is understandable. Likewise, State Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees (ECF No. 333) erroneously failed to address the non-taxable costs briefly raised in Plaintiffs' Motion for Attorneys' Fees. Despite this inadvertence, the Court has a duty to ensure that all fees and costs sought pursuant to 42 U.S.C. § 1988 are reasonable. *See Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992) (courts have a "duty

to independently review the applicant's fee request" under § 1988); *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) ("It is central to the awarding of attorney's fees under § 1988 that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case.").

### I. EXPEDITED SERVICE & TRANSCRIPTS

Plaintiffs' counsel has now had two opportunities—their original Bill of Costs and the instant ex parte application—to explain why the costs associated with expediting service and transcripts were necessary. They have failed to do so.

Expediting costs should be denied where they were "not required to meet any case deadlines or prepare any immediate court filings." *See Barranco v. 3D Sys. Corp.*, No. 13-cv-00412 LEK-RLP, 2018 WL 2376564, at *3 (D. Haw. Apr. 27, 2018), *report and recommendation adopted*, 2018 WL 2376088 (D. Haw. May 24, 2018); *see also Ko Olina Dev., LLC v. Centex Homes*, No. 09-cv-00272 DAE-LEK, 2012 WL 13018941, at *11 (D. Haw. Feb. 28, 2012) (denying expediting costs where the expedited transcripts "were merely for the convenience of counsel").

Because Plaintiffs' counsel has "offer[ed] no explanation" as to why expedited transcripts or service were necessary, the requested $9,205.19 in expediting costs must be denied. *See Dunn v. CSK Auto, Inc.*, No. 05-cv-116-HU, 2006 WL 8459221, at *15 (D. Or. Nov. 13, 2006); *see also Fox*, 563 U.S. at 838.

### II. OTHER NON-TAXABLE COSTS SOUGHT BY PLAINTIFFS

As argued in State Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, Plaintiffs' counsel's amicus work in separate cases—*California v. Chino Valley Unified School District*, No. CIVSB2317301 (Cal. Super. 2023), *Parents Protecting Our Children v. Eau Claire Area School District*, No. 23-1534 (7th Cir. 2024), and *Mae M. v. Komrosky*, No. G064332 (Cal. App. 2024)—is not recoverable. *See* ECF No. 333 at 18–19. That amicus work was not necessary to protect the rights and claims of the Plaintiffs in the instant case. Plaintiffs' counsel

seeks a total of $2,819.72 in costs for docket retrievals and filing fees in the amicus cases, *see* ECF No. 323-2 at 408–409, which are likewise not recoverable.

Separately, Plaintiffs' counsel seeks to recover $1,472.11 in costs associated with Mr. Peter Breen's travel and accommodations for a trip to San Diego to attend the November 17, 2025, Order to Show Cause hearing, including the cost of flights between San Diego and Chicago, a 2-person hotel stay, and wine at the hotel. *See* ECF No. 323-2 at 415, 491–496. Mr. Breen's costs are as follows:

| Lyft ride from home to Chicago airport | $63.87 |
| Lyft ride from San Diego airport to hotel | $33.77 |
| Lyft ride from hotel to San Diego airport | $19.79 |
| Lyft from Chicago airport to home | $78.64 |
| United Airlines fare for travel between Chicago and San Diego | $796.96 |
| Inflight Wi-Fi | $8.00 |
| Hotel room for 2 guests at Pendry San Diego | $376.82 |
| Wine at Pendry San Diego | $47.84 |
| "Amenity Fee" and other fees at Pendry San Diego | $46.42 |

*See* ECF No. 323-2 at 415, 491–496.

The costs associated with cross-country travel and accommodations for Mr. Breen—who is non-local, non-lead counsel in this case and did not provide any oral argument at the hearing, *see* ECF No. 303—would not be recoverable from a private client, and therefore are not recoverable here. *See Stormans Inc. v. Selecky*, 906 F. Supp. 2d 1093, 1107 (W.D. Wash. 2012) ("Fee paying clients would not normally be charged expenses for attorneys to travel across the country to observe, but not engage in trial."); *MW Builders, Inc. v. Safeco Ins. Co. of Am.*, No. CV 02-1578-AC, 2010 WL 11655445, at *6 (D. Or. Apr. 30, 2010) ("[O]n the record before the court, local counsel was able to render the service needed in this litigation and any costs incurred from travel time for these out-of-district attorneys should be excluded from the total award.").

Finally, Plaintiffs' counsel has not provided sufficient supporting explanation or documentation for their "in-house copying fees." *See* ECF No. 323-2 at 412. State Defendants do not dispute that photocopying fees are generally recoverable as attorneys' fees. However, Plaintiffs' counsel merely provides photocopying cost totals for each month, unsupported by any general description of what the photocopies were of, let alone why they were necessary. *See, e.g., id.* (line item for "PHOTOCOPIES FOR THE MONTH OF FEBRUARY [2024]," totaling $588.50 for 2,354 pages). Again, while Plaintiffs' counsel is entitled to recover reasonable photocopying costs, they must support their request for those costs with "appropriate documentation." *See Fox*, 563 U.S. at 838. They have failed to do so. Accordingly, the requested $9,380.75 for "in-house copying" costs should be denied, or at the very least reduced. *See Marsh v. Digital Equip. Corp.*, 699 F. Supp. 1411, 1416–17 (D. Ariz. 1988) (denying unexplained photocopying costs); *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1047 (C.D. Cal. 2012) (25% reduction to inadequately documented photocopying costs); *Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1035 (D. Or. 1996), *aff'd*, 116 F.3d 485 (9th Cir. 1997) (30% reduction to inadequately documented photocopying costs).

## CONCLUSION

For the foregoing reasons, the non-taxable costs associated with expediting service and transcripts, amicus work in other cases, unnecessary travel and accommodations for Mr. Breen, and unexplained photocopying should be denied.

| | | |
|---|---|---|
| 1 | Dated: March 5, 2026 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | DARRELL W. SPENCE<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Katherine Bruck |
| 6 | | KATHERINE BRUCK<br>Deputy Attorney General<br>*Attorneys for State Defendants* |

# CERTIFICATE OF SERVICE

Case Name:   <u>**Mirabelli et al. v. Olson, et al.**</u>   No.   <u>**3:23-cv-00768-BEN-VET**</u>

I hereby certify that on <u>March 5, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR NON-TAXABLE COSTS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 5, 2026</u>, at San Francisco, California.

Avery Luo
Declarant

*Avery Luo*
Signature

SA2024300204
44984305