ROB BONTA
Attorney General of California
DARRELL W. SPENCE (SBN: 248011)
Supervising Deputy Attorney General
JENNIFER A. BUNSHOFT (SBN: 197306)
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3377
 Fax:  (415) 703-5480
 E-mail:  Jennifer.Bunshoft@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, et al.,**<br><br>                          Plaintiffs,<br><br>          v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>                          Defendants. | 3:23-cv-00768-BEN-VET<br><br>**STATE DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION TO MODIFY INJUNCTION ORDER**<br><br>Date:           March 30, 2026<br>Time:          10:30 a.m.<br>Courtroom:  5A<br>Judge:         The Honorable Roger T. Benitez<br><br>Trial Date:   Not Set<br>Action Filed:      4/27/2023 |

The State Superintendent of Public Instruction, the State Board of Education, and the California Attorney General (collectively, State Defendants), submit the following reply in support of their request that the Court modify its permanent injunction order, to address certain points made in Plaintiffs' opposition to State Defendants' request, D.Ct. Dkt. 359:

1.     State Defendants request that the permanent injunction be modified to confirm that the injunction order does not compel disclosure "to parents who would engage in abuse," *Mirabelli v. Bonta*, 607 U.S. __, 146 S.Ct. 797, 802-3 (2026), for

1

the reasons previously explained in their Ex Parte Application.  D.Ct. Dkt. 358 at 6-8.  This requested modification is consistent the Supreme Court's opinion, 146 S.Ct. at 803, and the Ninth Circuit observed that State Defendants' request reflects "important concerns."  C.A. Dkt. 33 at 2.  However, if the Court is not inclined to make that requested modification, it should at least adopt State Defendants' proposed alternative language, which Plaintiffs generally agree with and set out as paragraph 5(a) in their proposal.  D.Ct. Dkt. 359 at 15-16 ("Plaintiffs believe that California's later proposed language—with clarifying additional language ensuring fidelity to this Court's Orders and the Supreme Court's parental rights jurisprudence—would meet State Defendants' asserted aims.").

2.    State Defendants strongly object to the additional language Plaintiffs seek to add to the injunction in their proposed section (b) of paragraph 5.  Plaintiffs ask the Court to add to the injunction language providing that "Defendants shall not permit or require any employee in the California state-wide education system to . . . giv[e] a child access to opposite-sex facilities and activities" before providing the parent notice and an opportunity to object or obtaining a judicial termination of parental rights.  D.Ct. Dkt. 359 at 16.  Plaintiffs contend that this term was an "aspect of the . . . injunction," *id.*, but that is not so.  The injunction says nothing about bathrooms or activities; Item 1(b), the term concerned with parental consent, is specific to names and pronouns.  *See* D.Ct. Dkt. 308 at 2.  That focus makes sense, because this case was not litigated as a challenge to laws allowing access to opposite-sex facilities and activities.  Indeed, Plaintiffs stated in their operative complaint that the state law concerning sex-segregated facilities and activities, Cal. Educ. Code § 221.5(f), "is irrelevant to the issue of deceiving parents."  D.Ct. Dkt. 133 at ¶ 255.  And the Supreme Court certainly did not consider or address whether access to sex-segregated facilities and activities implicates or violates a parental substantive due process or free exercise right.  Plaintiffs' briefs in the Supreme Court did not even cite § 221.5(f).  Plaintiffs' attempt to use their opposition to

State Defendants' motion to get the Court to expand the injunction well beyond what was litigated in the case or addressed in the Supreme Court per curium decision is clearly improper.[1]

3.   Plaintiffs argue that "schools are effectively mandated to report [gender transition] information to parents in order to inquire about their consent." D.Ct. Dkt. 359 at 18.  But that is not what the Supreme Court held.  It is also not how this Court described the relief plaintiffs sought in its summary judgment opinion, where it explained that "[t]he class seeks an injunction which would permit teachers to disclose (of their own volition) gender identity information to parents." D.Ct. Dkt. 307 at 8.  Plaintiffs' argument is also wrong as a practical matter. There are other ways school employees can give parents an opportunity to object to school officials referring to their child with a name and pronouns different from those assigned to the child at birth—for example, they could ask all parents at the beginning of the school year whether they object to school employees using a student's preferred name and pronouns.  Accepting Plaintiffs' suggestion that school officials must disclose a student's gender identity in order to obtain consent would eviscerate the distinction the Supreme Court made between parents who object to the challenged policies and are therefore covered by the injunction and parents who do not.  *See Mirabelli*, 146 S.Ct. at 803.

4.   Plaintiffs also oppose State Defendants' request for clarification regarding the second sentence of the notice required in Item 3.  D.Ct. Dkt. 359 at

---

[1] Plaintiffs also propose adding language as section (c) of paragraph 5, that "A parent or guardian's disagreement with a child's stated gender identity, or a parent or guardian's religious or conscientious inability to affirm a child's stated gender identity, is not abuse." D.Ct. Dkt. 359 at 16.  This language is unnecessary. State Defendants have not argued that a parent or guardian's mere disagreement with or an unwillingness to affirm a child's gender identity is abuse under Penal Code section 11165.6, and Plaintiffs provide no basis for their suggestion that the State will now argue otherwise.  *Id*. at 13.  And contrary to Plaintiffs' suggestion, State Defendants' experts did not testify that a parent's disagreement constitutes abuse—Plaintiffs themselves said in their motion for summary judgment that State Defendants' two experts "do not think that saying 'no' to a social transition rises to the level of abuse or neglect."  D.Ct. Dkt. 247-1 at 45.

State Defendants' Reply ISO Ex Parte App. to Modify Inj. Order  (3:23-cv-00768-BEN-VET)

19-20.  Plaintiffs contend the Supreme Court's decision not to disturb the stay of the injunction with respect to the teachers' claims is not precedential, *id.*, but there can be no dispute that those aspects of the injunction that follow from the teachers' claims are stayed pending appeal, and the second sentence is clearly about the teachers' claims.  *See Mirabelli*, 607 U.S. at 803.  Because the Ninth Circuit's stay as to the teachers' claims remains in effect, *see* C.A. Dkt. 19, State Defendants should not be required to post the second sentence of the Item 3 notice.

5.    Regarding the equitable factors, Plaintiffs' suggestion that State Defendants need to identify a "specific parent who 'would engage in abuse' as a result of the injunction" or a "specific child" who would suffer abuse, D.Ct. Dkt. 359 at 21, is neither tenable nor warranted to show imminent harm.  Moreover, Plaintiffs' position, if adopted, likely would result in actual, real-world harm to children.

6.    Plaintiffs point to prefatory language that the Attorney General has included above the statement required in Item 3 of the Court's permanent injunction.  *Id.* at 17; *see also* 359-1, Exhs. 1-2.  There is nothing improper about that language.  It does not state that the permanent injunction should not be complied with.  Its purpose is to provide notice that State Defendants have sought modification and clarification of the permanent injunction.  Once that request has been resolved, State Defendants will update the language accordingly.  State Defendants are not precluded from accurately informing the public that they are continuing to litigate this matter and that they have sought to modify the injunction based on their belief that the current required statement does not fully reflect the Supreme Court's per curium decision.  *Id.* at 359-1, Exhs. 1-2.

/ / /

/ / /

/ / /

State Defendants' Reply ISO Ex Parte App. to Modify Inj. Order  (3:23-cv-00768-BEN-VET)

Dated:  March 24, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

*Jennifer Bunshoft*

JENNIFER A. BUNSHOFT
Deputy Attorney General
*Attorneys for State Defendants*

SA2024300204

5

# CERTIFICATE OF SERVICE

Case Name:    **Mirabelli et al. v. Olson, et al.**        No.    **3:23-cv-00768-BEN-VET**

I hereby certify that on <u>March 24, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **STATE DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION TO MODIFY INJUNCTION ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 24, 2026</u>, at San Francisco, California.

<table>
<tr><td>G. Guardado</td><td><i>/s/ G. Guardado</i></td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

SA2024300204
45009650