Charles S. LiMandri, SBN 110841
  cslimandri@limandri.com
Paul M. Jonna, SBN 265389
  pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
  jtrissell@limandri.com
William T. Duke, SBN 361823
  wduke@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Peter Breen, *pro hac vice*
  pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,

Plaintiffs,

v.

MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,

Defendants.

Case No.: 3:23-cv-0768-BEN-VET

**SUPPLEMENTAL DECLARATION OF PAUL M. JONNA, ESQ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' EX PARTE APPLICATION TO MODIFY THE PERMANENT INJUNCTION**

Judge:        Hon. Roger T. Benitez
Courtroom:    5A

I, Paul M. Jonna, Esq., declare and state as follows:

1.    I am an attorney at law duly licensed to practice in the State of California and in the Southern District of California. I am a Partner with LiMandri & Jonna LLP, and am counsel of record for Plaintiffs in this action. The matters discussed below are based on my own personal knowledge. I could and would testify to them if called upon to do so in court.

2.    On Monday, March 23, 2026, my office filed our opposition to Defendants' ex parte application to modify the permanent injunction order. My office does not include any attorneys who practice family law or dependency law. Instead, this week, I consulted with several currently practicing and retired family law attorneys and judges in order to obtain a better familiarity with how California's mandatory reporting regime works in practice. As a result of that subsequent consultation, Plaintiffs are now even more concerned about Defendants' proposed modification of the injunction, and Defendants having rejected Plaintiffs' proposed modification language, have decided to withdraw their prior proposal to modify the permanent injunction. Plaintiffs continue to believe no modification to the injunction is necessary. But to the extent that the Court believes clarifying language is appropriate, attached hereto as **Exhibit 1** is a proposed modified injunction in redline. Attached as **Exhibit 2** is a clean version of the injunction.

3.    On Friday, March 27, 2026, my office provided ex parte notice to Defendants via email of this application for leave to supplement our opposition.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 28, 2026, in Rancho Santa Fe, California.

_____
Paul M. Jonna, Esq.

Suppl. Declaration of Paul M. Jonna, Esq. ISO Opposition to Defendants' Ex Parte Application to Modify the Permanent Injunction

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al., | Case No.: 3:23-cv-0768-BEN-VET |
| | **[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION** |
| Plaintiffs, | |
| v. | |
| MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al., | |
| Defendants. | |

[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION

# I.    INTRODUCTION

Plaintiffs Elizabeth Mirabelli, Lori Ann West, Jane Roe, and Jane Boe ("Teacher Plaintiffs"), and Plaintiffs John Poe, Jane Poe, John Doe, and Jane Doe ("Parent Plaintiffs"), brought this action under 42 U.S.C. § 1983 seeking injunctive and declaratory relief against Defendants Attorney General Rob Bonta ("AG Bonta"), Defendants State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Anya Ayyappan ("CDE Defendants") (collectively, "State Defendants").

Before this Court is ~~Plaintiffs' Motion for Summary Judgment and for a Class-Wide Permanent Injunction.~~ State Defendants' Ex Parte Application to Modify the Class-Wide Permanent Injunction. The Court heard oral argument on the motion on ~~November 17, 2025~~ March 30, 2026. After considering the papers submitted, supporting documentation, and applicable law, the Court ~~**GRANTS** the Motion~~ **MODIFIES** the injunction as follows.

# II.    PERMANENT INJUNCTION

**IT IS HEREBY ORDERED** that:

1.    Defendants Attorney General Rob Bonta, State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Anya Ayyappan, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from implementing or enforcing: (1) the Privacy Provision of the California Constitution, Cal. Const. art. I, § 1; (2) any other provision of California law, including equal protection provisions such as Cal. Educ. Code §§ 200, 220, Cal. Gov. Code § 11135; or (3) any regulations or guidance, such as the 2016 "Legal

[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION

Advisory regarding application of California's antidiscrimination statutes to transgender youth in schools" and accompanying FAQ page, or Cal. Code Regs., tit. 5, §§4900-4965, or the newly produced PRISM cultural competency training, in such a manner as to:

(a): permit or require any employee in the California state-wide education system from misleading the parent or guardian of a minor child in the education system about their child's gender presentation at school, whether by: (i) directly lying to the parent; (ii) preventing the parent from accessing educational records of the child; or (iii) using a different set of preferred pronouns/names when speaking with the parents than is being used at school;

(b): permit or require any employee in the California state-wide education system to use a name or pronoun to refer to that child that do not match the child's legal name and natal pronouns, where a child's parent or legal guardian has communicated their objection to such use;

(c): require any employee in the California state-wide education system to use a name or pronoun to refer to a child that do not match the child's legal name and natal pronouns while concealing that social gender transition from the child's parents, over the employee's conscientious or religious objection;

(d): or in any way interfere with a teacher or other school administrator, counselor or staff from communicating to parents that his, her, or their child has manifested a form of gender incongruity such as changing preferred names or pronouns.

(e): The above is declaratory of existing constitutional rights which can only be waived where the facts and circumstances make it clear that the waiving party acted of his own volition, with full understanding of the consequences of the waiver. Mere notice with a lack of objection cannot constitute waiver of the above rights. If the purported waiver appears in an annual set of disclosures, State Defendants must obtain a specific affirmative waiver of the above rights.

3

[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION

2.      Defendants shall provide forthwith, by personal service or otherwise, actual notice of this order to all personnel who are responsible for implementing or enforcing the enjoined provisions. Within 20 days, the government shall file a declaration establishing proof of such notice.

3.      Defendants shall include in a prominent place in PRISM training materials, and in any other state-created or approved instruction on the gender-related rights of student and faculty, the following statement. This statement shall not be prefaced or followed by any contrary statement:

**"Parents and guardians have a federal constitutional right to be informed if their public school student child expresses gender incongruence, and unconsented facilitation of a child's gender transition violates the constitutional rights of parents and guardians. Teachers and school staff have a federal constitutional right to accurately inform the parent or guardian of their student when the student expresses gender incongruence. These federal constitutional rights are superior to any state or local laws, state or local regulations, or state or local policies to the contrary."**

4.      Further, because enjoining Defendants from enforcing unconstitutional policies will impose no financial burden, Plaintiffs are not required to post a bond or undertaking.

5.      This injunction is intended to promote child safety by guaranteeing fit parents a role in some of the most consequential decisions of their children's lives, while permitting the State to shield children from unfit parents by enforcing child abuse laws in cases of compelling need. Specifically, this means that:

(a): A school cannot socially transition a minor without parental notice and an opportunity to object. School officials shall follow the parent's instructions concerning socially transitioning their child at school.

(b): The right to notice and to object belongs to the parents, until and unless the California Department of Health and Human Services, Children Services, has

made a showing of parental unfitness after a formal hearing in which all available sources were considered and the parents were afforded due process, and a court of competent jurisdiction concludes that the parents are abusive as defined by Cal. Pen. Code § 11165.6 and Cal. Wel. & Inst. Code § 300, consistent with *Parham v. J.R.*, 442 U.S. 584, 606-07 (1979). Pending a final determination of parental unfitness by a court of competent jurisdiction, a parent's right to notice and an opportunity to object can only be suspended pursuant to a court order. During the pendency of any investigation or adjudication of parental unfitness, the school cannot facilitate or participate in the social transition of the child.

(c): For purposes of this order, the following are not abuse, emotional abuse, neglect or maltreatment of a child: (i) a parent affirming a child's biological sex or referring to and raising the child as his or her sex; or (ii) a parent's refusal to consent to affirmation of a child's stated gender identity contrary to his or her biological sex.

(d): Absent a validly reportable threat of imminent physical injury, willful cruelty or unjustifiable punishment, sexual abuse or exploitation or abuse as defined by Cal. Pen. Code § 11165.6 and Cal. Welf. & Inst. Code § 300, a minor child's mere subjective expression of fear, apprehension or complaints related to a parent's decision to raise the child as his or her sex or refusal to agree to the child's desire to socially transition to a different gender, does not constitute evidence of abuse. To clarify, this does not include: (i) the refusal of a parent to allow a child to identify as a gender different from the child's sex, or (ii) a teacher's or administrator's subjective view that parental refusal to allow a child's purported transition to a gender different from the child's sex is abusive.

**IT IS SO ORDERED.**

DATED: _____, 2026        _____
                                    HON. ROGER T. BENITEZ
                                    United States District Judge

5
[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION

**EXHIBIT 2**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH MIRABELLI, an individual, on behalf of herself and all others similarly situated; LORI ANN WEST, an individual, on behalf of herself and all others similarly situated; et al.,

        Plaintiffs,

    v.

MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,

        Defendants.

Case No.: 3:23-cv-0768-BEN-VET

**[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION**

# I.     <u>INTRODUCTION</u>

Plaintiffs Elizabeth Mirabelli, Lori Ann West, Jane Roe, and Jane Boe ("Teacher Plaintiffs"), and Plaintiffs John Poe, Jane Poe, John Doe, and Jane Doe ("Parent Plaintiffs"), brought this action under 42 U.S.C. § 1983 seeking injunctive and declaratory relief against Defendants Attorney General Rob Bonta ("AG Bonta"), Defendants State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Anya Ayyappan ("CDE Defendants") (collectively, "State Defendants").

Before this Court is State Defendants' Ex Parte Application to Modify the Class-Wide Permanent Injunction. The Court heard oral argument on the motion on March 30, 2026. After considering the papers submitted, supporting documentation, and applicable law, the Court **MODIFIES** the injunction as follows.

# II.     <u>PERMANENT INJUNCTION</u>

**IT IS HEREBY ORDERED** that:

1. Defendants Attorney General Rob Bonta, State Superintendent Tony Thurmond and State Board of Education Members Linda Darling-Hammond, Cynthia Glover Woods, Francisco Escobedo, Brenda Lewis, James J. McQuillen, Sharon Olken, Gabriela Orozco-Gonzalez, Kim Pattillo Brownson, Haydee Rodriguez, Alison Yoshimoto-Towery, and Anya Ayyappan, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from implementing or enforcing: (1) the Privacy Provision of the California Constitution, Cal. Const. art. I, § 1; (2) any other provision of California law, including equal protection provisions such as Cal. Educ. Code §§ 200, 220, Cal. Gov. Code § 11135; or (3) any regulations or guidance, such as the 2016 "Legal Advisory regarding application of California's antidiscrimination statutes to transgender youth in schools" and accompanying FAQ page, or Cal. Code Regs., tit. 5,

[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION

§§4900-4965, or the newly produced PRISM cultural competency training, in such a manner as to:

(a): permit or require any employee in the California state-wide education system from misleading the parent or guardian of a minor child in the education system about their child's gender presentation at school, whether by: (i) directly lying to the parent; (ii) preventing the parent from accessing educational records of the child; or (iii) using a different set of preferred pronouns/names when speaking with the parents than is being used at school;

(b): permit or require any employee in the California state-wide education system to use a name or pronoun to refer to that child that do not match the child's legal name and natal pronouns, where a child's parent or legal guardian has communicated their objection to such use;

(c): require any employee in the California state-wide education system to use a name or pronoun to refer to a child that do not match the child's legal name and natal pronouns while concealing that social gender transition from the child's parents, over the employee's conscientious or religious objection;

(d): or in any way interfere with a teacher or other school administrator, counselor or staff from communicating to parents that his, her, or their child has manifested a form of gender incongruity such as changing preferred names or pronouns.

(e): The above is declaratory of existing constitutional rights which can only be waived where the facts and circumstances make it clear that the waiving party acted of his own volition, with full understanding of the consequences of the waiver. Mere notice with a lack of objection cannot constitute waiver of the above rights. If the purported waiver appears in an annual set of disclosures, State Defendants must obtain a specific affirmative waiver of the above rights.

2.    Defendants shall provide forthwith, by personal service or otherwise, actual notice of this order to all personnel who are responsible for implementing or

[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION

enforcing the enjoined provisions. Within 20 days, the government shall file a declaration establishing proof of such notice.

3.    Defendants shall include in a prominent place in PRISM training materials, and in any other state-created or approved instruction on the gender-related rights of student and faculty, the following statement. This statement shall not be prefaced or followed by any contrary statement:

**"Parents and guardians have a federal constitutional right to be informed if their public school student child expresses gender incongruence, and unconsented facilitation of a child's gender transition violates the constitutional rights of parents and guardians. Teachers and school staff have a federal constitutional right to accurately inform the parent or guardian of their student when the student expresses gender incongruence. These federal constitutional rights are superior to any state or local laws, state or local regulations, or state or local policies to the contrary."**

4.    Further, because enjoining Defendants from enforcing unconstitutional policies will impose no financial burden, Plaintiffs are not required to post a bond or undertaking.

5.    This injunction is intended to promote child safety by guaranteeing fit parents a role in some of the most consequential decisions of their children's lives, while permitting the State to shield children from unfit parents by enforcing child abuse laws in cases of compelling need. Specifically, this means that:

(a): A school cannot socially transition a minor without parental notice and an opportunity to object. School officials shall follow the parent's instructions concerning socially transitioning their child at school.

(b): The right to notice and to object belongs to the parents, until and unless the California Department of Health and Human Services, Children Services, has made a showing of parental unfitness after a formal hearing in which all available sources were considered and the parents were afforded due process, and a court of

[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION

competent jurisdiction concludes that the parents are abusive as defined by Cal. Pen. Code § 11165.6 and Cal. Wel. & Inst. Code § 300, consistent with *Parham v. J.R.*, 442 U.S. 584, 606-07 (1979). Pending a final determination of parental unfitness by a court of competent jurisdiction, a parent's right to notice and an opportunity to object can only be suspended pursuant to a court order. During the pendency of any investigation or adjudication of parental unfitness, the school cannot facilitate or participate in the social transition of the child.

(c): For purposes of this order, the following are not abuse, emotional abuse, neglect or maltreatment of a child: (i) a parent affirming a child's biological sex or referring to and raising the child as his or her sex; or (ii) a parent's refusal to consent to affirmation of a child's stated gender identity contrary to his or her biological sex.

(d): Absent a validly reportable threat of imminent physical injury, willful cruelty or unjustifiable punishment, sexual abuse or exploitation or abuse as defined by Cal. Pen. Code § 11165.6 and Cal. Welf. & Inst. Code § 300, a minor child's mere subjective expression of fear, apprehension or complaints related to a parent's decision to raise the child as his or her sex or refusal to agree to the child's desire to socially transition to a different gender, does not constitute evidence of abuse. To clarify, this does not include: (i) the refusal of a parent to allow a child to identify as a gender different from the child's sex, or (ii) a teacher's or administrator's subjective view that parental refusal to allow a child's purported transition to a gender different from the child's sex is abusive.

**IT IS SO ORDERED.**

DATED: _____, 2026

_____
HON. ROGER T. BENITEZ
United States District Judge

[PROPOSED] ORDER MODIFYING CLASS-WIDE PERMANENT INJUNCTION