ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
KATHERINE BRUCK (SBN: 342536)
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102
  Telephone: (415) 229-0125
  Fax: (916) 732-7920
  E-mail: Katherine.Bruck@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BAS-VET<br><br>**NOTICE OF MOTION AND MOTION TO STAY EXECUTION OF ATTORNEYS' FEES ORDERS PENDING APPEAL**<br><br>[Declarations of Darrell W. Spence and Katherine Bruck filed concurrently]<br><br>Date:          June 19, 2026<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>Courtroom:  12B<br>Judge:          The Honorable Cynthia A. Bashant<br>Action Filed: April 27, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

**RECORD:**

PLEASE TAKE NOTICE that on June 19, 2026, the California

Superintendent of Public Instruction, the State Board of Education, and the

California Attorney General (collectively, State Defendants), will and do hereby

move for a stay of execution of the attorneys' fees orders (ECF Nos. 364, 366)

i

pending appeal thereof.  An unsecured stay is warranted here because the State has an established process for paying judgments and will indisputably be able to pay the judgment.  Furthermore, an unbonded stay of enforceability pending appeal serves equitable considerations.  Forcing State Defendants to pay the fee award now runs the risk that they will be unable to claw back the fees if successful on appeal.

This motion is made following the conference of counsel that took place on May 12, 2026, as set forth in the attached Declaration of Darrell Spence.

Respectfully submitted,

Dated:  May 20, 2026

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

*/s/ Katherine Bruck*

KATHERINE BRUCK
Deputy Attorney General
*Attorneys for State Defendants*

ii

Notice of Motion and Motion to Stay Execution of Attorneys' Fees Orders Pending Appeal
(3:23-cv-00768-BAS-VET)

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
KATHERINE BRUCK (SBN: 342536)
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102
 Telephone:  (415) 229-0125
 Fax:  (916) 732-7920
 E-mail:  Katherine.Bruck@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BAS-VET<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY EXECUTION OF ATTORNEYS' FEES ORDERS PENDING APPEAL** |

1

**INTRODUCTION**

This Court previously granted Plaintiffs' fee request almost in its entirety, including hourly rates up to $1,512 and a 1.25 multiplier, resulting in a total fee award of $4,818,675.20.  (*See* ECF Nos. 364, 366.)  State Defendants appealed the fee award (ECF No. 369) and the Court stayed execution of the fee award until June 26, 2026 (ECF No. 382).  State Defendants now respectfully request an extension of the stay pending appeal.

**RELEVANT PROCEDURAL HISTORY**

On December 22, 2025, the Court granted summary judgment to the Plaintiffs and issued a class-wide permanent injunction.  (ECF Nos. 307, 308.)  State Defendants appealed.  (ECF No. 312.)  That appeal remains pending.

On January 5, 2026, the Ninth Circuit stayed the Court's permanent injunction pending appeal based on the State Defendants' likelihood of success on the merits, irreparable harm to the State Defendants, and the public interest in protecting students and avoiding confusion among schoolteachers and administrators.  *See Mirabelli v. Bonta*, No. 25-8056, 2026 WL 44874, at *4 (9th Cir. Jan. 5, 2026).

On January 8, 2026, Plaintiffs filed an emergency application with the United States Supreme Court seeking to vacate the Ninth Circuit's stay of the permanent injunction.  *See Mirabelli v. Bonta*, No. 25A810 (U.S. Jan. 8, 2026).  On March 9, 2026, the Supreme Court granted that request in part.  The Court vacated the stay of the injunction as to the parents' claims, but left the stay in place as to the teachers' claims.  *See Mirabelli v. Bonta*, 607 U.S. -- (2026).

On February 2, 2026, Plaintiffs filed their Motion for Attorney's Fees.  (ECF No. 323.)[1]  On March 30, 2026, this Court granted Plaintiffs' fee request.  (*See* ECF No. 364.)  On April 2, 2026, the Court granted Plaintiffs' request for subsequent

---

[1] On February 5, 2026, State Defendants requested a stay of briefing and hearing on attorneys' fees pending their merits appeal, or in the alternative an extension of time.  (ECF No. 327.)  That request was never ruled on.

fees not covered by their initial motion.  (ECF No. 366.)  The attorneys' fees assessed against State Defendants total $4,818,675.20.

Pursuant to Federal Rule of Civil Procedure 62(a), the first fee order was set to become enforceable on April 29, 2026, and the second fee order was set to become enforceable on May 2, 2026.

State Defendants moved ex parte for a stay of the fee awards pending appeal.  (ECF No. 377.)  Plaintiffs opposed the request and unilaterally asked the Court to grant a temporary 60-day stay until June 26, 2026, to allow the parties to "meet and confer." (ECF No. 379 at 2.)  Plaintiffs also stated that "[i]f the parties cannot come to an agreement, then State Defendants can file a renewed motion for an unsecured stay pending appeal." (*Id.*)

On April 27, 2026, the Court stayed enforcement of the fee orders until June 26, 2026, pursuant to Plaintiffs' request.  (*See* ECF No. 382.)  In the stay order, the Court stated that "[i]f a longer stay is required, Defendants shall file a noticed motion." (*Id.* at 2.)

The parties have been unable to resolve the dispute thus far.  Accordingly, State Defendants now bring this noticed motion in order to provide sufficient time for briefing by the parties and consideration by the Court in advance of the expiration of the stay.

### ARGUMENT

Federal Rule of Civil Procedure 62(a) provides that "execution of a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the Court orders otherwise."  Federal Rule of Civil Procedure 62(b) provides that a money judgment shall be stayed if a party provides "a bond or other security."

The District Court may grant an unsecured stay of a money judgment pursuant to its "broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989),

*vacated on other grounds*, 929 F.2d 1358 (9th Cir. 1990); *see also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

In determining whether to grant an unsecured stay, courts in the Ninth Circuit consider the following factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *See Lewis v. Cnty. of San Diego*, No. 13-cv-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

A stay is appropriate under these factors.[2]  With respect to the first and second factors, the State has a clear, established process of appropriating funds to pay judgments against it.  *See, e.g.*, S.B. 251, 2025–26 Reg. Sess. (Cal. 2025) (appropriating $1,221,491.30 from the General Fund for the payment of claims, settlements, or judgments); S.B. 1481, 2023–24 Reg. Sess. (Cal. 2024) (appropriating $19,289,000 from the General Fund for the payment of claims, settlements, or judgments); S.B. 383, 2023–24 Reg. Sess. (Cal. 2023) (appropriating $6,773,000 from the General Fund for the payment of claims, settlements, or judgments).  This weighs in favor of an unsecured stay.

With respect to the third and fourth factors, State Defendants have (and will have) more than sufficient funds to pay the judgment.  The State has a yearly budget in the hundreds of billions, with the 2025–26 California State Budget

---

[2] The fifth factor—precarious financial situation leading to a risk for other creditors—is not relevant here.  Further, "Courts often find an inability to pay weighs in favor of requiring a bond in order to protect the interests of the appellees."  *Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC*, No. 21-cv-08924-HSG, 2023 WL 6310263, at *11 (N.D. Cal. Sept. 27, 2023).  The absence of a precarious financial situation thus weighs against requiring a bond.

4

allotting $228 billion to the General Fund. (*See* Ex. A to Bruck Decl. at 8.) And the General Fund contains several billion dollars at any given point in time. For example, publicly available records from the State Controller's Office show that the State of California's General Fund had a cash balance of $17.1 billion as of March 2026; $27.1 billion as of July 2025; and $11.7 billion as of January 2025. (*See* Exs. B–D to Bruck Decl.) This evidence establishes that the State continuously maintains a multi-billion-dollar General Fund that far exceeds the $4.8 million fee award at issue here.

Based on the evidence, there can be no question that State Defendants will be able to satisfy the judgment. Indeed, "[c]ourts often grant unbonded stays in cases involving 'demonstrably solvent government entities.'" *Hackworth v. Arevalos*, No. 1:19-cv-01362-KES-CDB, 2025 WL 240832, at *4 (E.D. Cal. Jan. 17, 2025) (quoting *Edmo v. Idaho Dep't of Corr.*, 2022 WL 17975984, at *6 n.9 (D. Idaho Dec. 28, 2022)); *see also, e.g.*, *Lewis v. Cnty. of San Diego*, 2018 WL 1071704, at *2; *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-cv-02726-TSH, 2025 WL 2689262, at *6 (N.D. Cal. Sept. 18, 2025); *Est. of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1038 (E.D. Cal. 2020). And where there is no question as to "the state's willingness [or] ability to satisfy an adverse judgment," "principles of state sovereignty and federalism" militate against requiring a state to post a bond. *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 255 (N.D.N.Y. 2002) (quoting *Easter House v. State of Ill. Dep't of Children and Family Services*, 645 F. Supp. 107, 108 (N.D. Ill. 1986)).

State Defendants' ability to pay is so plain that the cost of a bond would be a waste of money. *See Lewis v. Cnty. of San Diego*, 2018 WL 1071704, at *2. And requiring a bond here would constitute a waste of *taxpayer* money, which weighs even more strongly in favor of a stay. *See Est. of Casillas*, 471 F. Supp. 3d at 1038 (citing *Safeco Ins. Co. of Am. v. Cnty. of San Bernardino*, No. 05-cv-194, 2007 WL 9719254, at *3 (C.D. Cal. July 27, 2007)) (where government defendants

5

established ability to pay, requiring them to incur fees associated with posting a bond "would be a waste of public resources").

As the Ninth Circuit has explained, a supersedeas bond is "essentially a judgment insurance policy." *Townsend*, 881 F.2d at 797. Given that there is no risk of non-payment by the State, a bond is unnecessary to protect Plaintiffs from an uncollectible judgment.

In contrast, a stay is necessary to protect State Defendants from the risk that they will be unable to claw back the fee award following appeal. While the State of California has an established, reliable process for payment of federal court judgments, there is no clear procedure for disgorgement of fees from a private firm. And in contrast to the extremely well-resourced State, Plaintiffs' counsel—a small, local firm—can provide no guarantee that the funds will be available at all following appeal.

While Plaintiffs face no risk of non-payment following appeal, State Defendants face a substantial risk of being unable to recoup the already-paid fees if their appeal is successful. And this is a real concern, given that State Defendants' appeal of the fee award is likely to be successful. The order approving the massive fee request largely ignored the evidence of reasonable hours and rates offered by State Defendants, granted a 1.25 multiplier without supporting evidence in defiance of the Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542, 552–55 (2010), and failed to address State Defendants' argument that they should not have to pay fees associated with unadjudicated employment discrimination claims against a separate defendant.

## CONCLUSION

For the foregoing reasons, State Defendants respectfully request that the Court stay execution of the attorneys' fees orders pending appeal, without bond.

6

Respectfully submitted,

Dated:  May 20, 2026

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

*/s/ Katherine Bruck*

KATHERINE BRUCK
Deputy Attorney General
*Attorneys for State Defendants*

SA2024300204
45067329

7

# CERTIFICATE OF SERVICE

Case Name:   **Mirabelli et al. v. Olson, et al.**      No.   **3:23-cv-0768-BAS-VET**

I hereby certify that on May 20, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

NOTICE OF MOTION AND MOTION TO STAY EXECUTION OF ATTORNEYS' FEES AWARDS

DECLARATION OF KATHERINE BRUCK

DECLARATION OF DARRELL SPENCE

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 20, 2026, at San Francisco, California.

| Katherine Bruck | /s/ Katherine Bruck |
|---|---|
| Declarant | Signature |

SA2024300204
45083253