ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
KATHERINE BRUCK (SBN: 342536)
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102
 Telephone: (415) 229-0125
 Fax: (916) 732-7920
 E-mail: Katherine.Bruck@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MIRABELLI, an individual, and LORI ANN WEST, an individual,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**MARK OLSON, in his official capacity as President of the EUSD Board of Education, et al.,**<br><br>Defendants. | 3:23-cv-00768-BAS-VET<br><br>**REPLY IN SUPPORT OF MOTION TO STAY EXECUTION OF ATTORNEYS' FEES ORDERS PENDING APPEAL** |

## INTRODUCTION

The instant motion presents a straightforward procedural issue: whether the Court should stay enforcement of the attorneys' fees orders pending appeal, without requiring State Defendants to post a bond. (ECF No. 384 (Mot.).) A stay is warranted here because the State has an established process for paying judgments and will indisputably be able to pay the judgment, and therefore requiring a bond

1

would be a waste of public funds.  Granting the requested stay is within the District Court's broad discretion.

In response to State Defendants' motion, Plaintiffs' counsel accuses defense counsel of engaging in "bad faith" argument and gamesmanship.  (ECF No. 386 (Opp'n) at 2.)  They imagine that defense counsel has renewed the motion to stay with few revisions as a ploy to somehow prevent Plaintiffs from effectively responding.  They therefore threaten to bring an ex parte motion to strike this reply brief if State Defendants address any arguments raised in the opposition.  (*Id.*)

There is no justification for this accusation.  In bringing the renewed motion, State Defendants simply reiterated the arguments raised in the ex parte request to stay, which the Court did not previously have occasion to consider given Plaintiffs' proposal of a limited stay.  (*See* ECF No. 382 (declining to address the substance of State Defendants' ex parte request in light of Plaintiffs' proposed 60-day stay).)  Plaintiffs provide no support for the extraordinary proposition that State Defendants should be denied the right to file a reply brief under these circumstances.  Indeed, in all the cases they cite, the moving party sought to introduce new evidence on reply, which is not remotely similar to the procedural posture in this case.  *See Luminate Home Loans, Inc. v. Better Mortg. Co.*, No. 24-cv-2251-BAS, 2025 WL 437903, at *5 n.4 (S.D. Cal. Feb. 7, 2025); *Alarcon v. Bostic*, No. 15-cv-1606-MMA-RBM, 2019 WL 2088838, at *8 (S.D. Cal. May 13, 2019); *Ward v. Sutter Valley Hosps.*, No. 2:19-cv-00581, 2022 WL 2805965, at *5 (E.D. Cal. July 18, 2022); *Khan v. Seton*, No. 21-cv-03020, 2022 WL 2235845, at *3 (C.D. Cal. Mar. 4, 2022).

Plaintiffs' opposition also accuses defense counsel of squandering the stay that this Court granted to allow the parties to meet and confer, insinuating that this is a basis for denying the motion.  (Opp'n at 3.)  While State Defendants appreciate the Court's prior order and have made good-faith efforts to meet and confer, the brief continuance for the purpose of conferring was requested solely by *Plaintiffs*.  (*See* ECF No. 379 at 2.)  State Defendants should not now be penalized for failing

to reach a resolution that is satisfactory to Plaintiffs, especially within Plaintiffs' counsel's chosen timeframe.

These irrelevant arguments aside, State Defendants respectfully request a stay of the attorneys' fee award pending appeal.

## ARGUMENT

**I.    THE *DILLON* FACTORS WEIGH IN FAVOR OF AN UNSECURED STAY**

As the motion explains, and as Plaintiffs appear to agree, the relevant legal framework is set out by *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988). *See Lewis v. County of San Diego*, No. 13-cv-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018). In determining whether to grant an unsecured stay of a money judgment, courts consider "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id.*

As the motion established, it is indisputable that the State will have sufficient funds to satisfy the judgment. (*See* Mot. at 4.) Plaintiffs do not rebut this argument, nor could they. It is obvious that the State of California—with a General Fund budget over 47,000 times larger[1] than the fee award at issue—will be able to satisfy the attorneys' fee award.

Nor is there any serious suggestion that the State will refuse to pay the fee award. Plaintiffs point to a single case from forty-five years ago in which there were issues with the legislative appropriation for payment of a fee award. *See*

---

[1] $228,366,000,000 (the State's 2025–26 General Fund expenditures, *see* Ex. A to Bruck Decl. at 8) divided by $4,818,675.20 (the amount of the fee award) equals 47,391.86.

3

*Mandel v. Myers*, 29 Cal. 3d 531, 538 (1981). Yet there is no basis to believe this would occur here. To the contrary, legislative appropriations for attorneys' fees awards and other settlements or judgments are routine, with several such multi-million-dollar appropriations—frequently exceeding the amount of the instant fee award—being made yearly. *See, e.g.*, S.B. 251, 2025–26 Reg. Sess. (Cal. 2025); S.B. 1481, 2023–24 Reg. Sess. (Cal. 2024); S.B. 383, 2023–24 Reg. Sess. (Cal. 2023). Plaintiffs' contention that the State will violate a court order and refuse to pay a fee award because the Legislature once failed to pass an appropriations bill nearly a half-century ago is entirely unfounded. Indeed, counsel for State Defendants has been unable to identify any case during the intervening 45 years in which the Legislature refused to make an appropriation for a fee award. Nor is counsel aware of any cases in which a court refused the State's request to waive the bond requirement based on *Mandel*.

Plaintiffs also point to State Defendants' ongoing litigation of the merits in this case and argue that they are "entitled to be protected in the interim through the posting of security." (*See* Opp'n at 8.) It is unclear how the merits appeal is relevant to State Defendants' motion, which requests a stay of the fee award *pending appeal of the fee award*, not of the merits. Indeed, the merits and the fee award are the subject of separate appeals on different tracks. *Compare Mirabelli v. Bonta*, No. 25-8056, Dkt. No. 44 (9th Cir. May 14, 2026) *with Mirabelli v. Bonta*, No. 26-2334, Dkt. No. 2 (9th Cir. Apr. 15, 2026) (setting different deadlines for opening briefs in merits appeal and attorneys' fees appeal). The length of the merits litigation does not dictate the length of the instant fee appeal, which is likely to be far simpler. Further, State Defendants' exercise of their appellate rights does not suggest that the State is unwilling to pay the judgment once it is subject to appellate review. State Defendants have filed appeals, not refused to pay.[2]

_____

[2] Plaintiffs also point to the parties' dispute over taxable costs. (Opp'n at 1 n.1.) It is unclear how Plaintiffs' pending bills of costs or State Defendants' limited (continued…)

Plaintiffs finally assert that State Defendants "wrongly appl[y] the test for the stay of an injunction pending appeal—which looks to likelihood of success on appeal." (Opp'n at 9.) State Defendants did no such thing. The motion makes clear that the relevant standard is the *Dillon* test. (*See* Mot. at 4.) State Defendants are not asking this Court to analyze the likelihood of success on their fee appeal; rather, the motion merely provided two sentences of context concerning the grounds for the fee appeal to explain State Defendants' practical concern about clawing back part of an already-paid fee award, discussed in greater depth below. (*See id.* at 6.)

It is undisputed that the State has the process and funds required for payment of the fee award in this case, following the conclusion of the appeal thereof. Given the State's clear willingness and ability to pay the fee award following appeal, requiring a bond would be a waste of public funds and would not serve any purpose other than increasing the State's costs in this matter. *See, e.g.*, *Lewis v. Cnty. of San Diego*, 2018 WL 1071704, at *2 (granting government entity's request to stay enforcement of fee award without bond); *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-cv-02726-TSH, 2025 WL 2689262, at *6 (N.D. Cal. Sept. 18, 2025) (same); *Est. of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1038 (E.D. Cal. 2020) (same); *see also Hackworth v. Arevalos*, No. 1:19-cv-01362-KES-CDB, 2025 WL 240832, at *4 (E.D. Cal. Jan. 17, 2025) (waiving bond requirement for the portion of a judgment that was subject to indemnification by the State of California). And because there is no question as to the State's "willingness [or] ability to satisfy an adverse judgment," "principles of state sovereignty and federalism" militate against requiring the State to post a bond. *See Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 255 (N.D.N.Y. 2002) (quoting *Easter House v. State of Ill. Dep't*

---

objections thereto are relevant to the instant procedural motion. And while Plaintiffs apparently believe that any litigation position State Defendants take that Plaintiffs do not agree with is a "waste of . . . time" (*see id.*), State Defendants naturally disagree.

*of Children and Family Services*, 645 F. Supp. 107, 108 (N.D. Ill. 1986)).  The District Court has broad discretion to waive the bond requirement in these circumstances.  *See Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *vacated on other grounds*, 929 F.2d 1358 (9th Cir. 1990).  It should do so here.

**II.    PLAINTIFFS FAIL TO REBUT STATE DEFENDANTS' CONCERN THAT THEY WILL BE UNABLE TO RECOVER FEES PAID TO PLAINTIFFS IF THE FEE AWARD IS DECREASED**

Given the size of the fee award, State Defendants face a substantial risk of being unable to recoup paid fees from Plaintiffs if the appeal of the fee award is successful.  Plaintiffs respond to this reasonable concern by making the self-serving prediction that the appeal will fail, arguing that "[t]he notion that there is any meaningful risk that the State Defendants will need to 'claw back' the attorneys' fees award is fanciful." (Opp'n at 9–12.)

State Defendants disagree with Plaintiffs' view of the strength of the appeal of the fee orders.  But more importantly, Plaintiffs offer nothing that might establish that they would be able to repay the State if the appeal *is* successful and the fee award is substantially reduced.  Nor does Plaintiffs' counsel assert that their firm typically has sufficient funds on hand to repay the State if the need for repayment arises.  In stark contrast to the State's clear willingness and ability to pay money judgments against it—alongside a track record of actually doing so— Plaintiffs' counsel provides no assurances concerning their small firm's ability to repay a potentially large sum of taxpayer funds.  The State's concern that Plaintiffs' counsel will be unable to repay fees paid to them if the appeal of the fee award is successful remains valid.

## CONCLUSION

For these reasons, State Defendants respectfully request that the Court stay execution of the attorneys' fees orders pending appeal, without bond.

Respectfully submitted,

Dated:  June 12, 2026

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

 /s/ Katherine Bruck

KATHERINE BRUCK
Deputy Attorney General
*Attorneys for State Defendants*

SA2024300204
45111988

7

# CERTIFICATE OF SERVICE

Case Name:    **Mirabelli et al. v. Olson et al.**        No.    **3:23-cv-00768-BAS-VET**

I hereby certify that on June 12, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY IN SUPPORT OF MOTION TO STAY EXECUTION OF ATTORNEYS' FEES ORDERS PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 12, 2026, at San Francisco, California.

| Katherine Bruck | /s/ Katherine Bruck |
|:---:|:---:|
| Declarant | Signature |