**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH MIRABELLI, *et al.*,<br><br>                              Plaintiffs,<br><br>   v.<br><br>MARK OLSON, *et al.*,<br><br>                              Defendants. | Case No. 23-cv-00768-BAS-VET<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY ENFORCEMENT OF ATTORNEYS' FEE AWARD (ECF No. 384)** |

Presently before the Court is a motion by State Defendants to stay enforcement of the Court's attorneys' fee award without a supersedeas bond pending appeal. (ECF No. 384.) Plaintiffs are a certified class led by Elizabeth Mirabelli and Lori Ann West, along with others similarly situated. The motion has been fully briefed. (ECF Nos. 384, 386, 389.) Pursuant to Local Rule 7.1(d)(1), the Court finds State Defendants' motion suitable for determination on the papers submitted. For the following reasons, the Court **GRANTS** State Defendants' motion.

## I.     FACTUAL BACKGROUND

Plaintiffs prevailed in the district court before the Honorable Roger T. Benitez; the Court granted summary judgment in Plaintiffs' favor and entered a permanent injunction affecting the certified class. (ECF Nos. 307, 308.) The Court also awarded a total of $4,526,888.00 in attorneys' fees. (ECF Nos. 364, 366.)

- 1 -

State Defendants subsequently sought a stay of enforcement of the attorneys' fee award.[1] (ECF No. 377.) Plaintiffs objected to the ex parte nature of the motion but suggested a temporary stay through June 26, 2026. (ECF No. 379.) The Court granted that temporary stay, instructing the parties to file a noticed motion if a longer stay was required.[2] (ECF No. 382.) The parties subsequently met and conferred but did not reach an agreement. (ECF No. 384.) Now before the Court is a fully briefed motion in which State Defendants seek an unbonded stay of the attorneys' fee award. (*Id.*)

## II.    LEGAL STANDARD

Rule 62(b) provides that "a party may obtain a stay [of execution on a judgment] by providing a bond or other security" any time after judgment is entered. Fed. R. Civ. P. 62(b). A district court has both "inherent discretionary authority in setting supersedeas bonds," *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and "broad discretionary power to waive the bond requirements if it sees fit," *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc). "A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing reasons for such a departure." *Lewis v. Cty. of San Diego*, No. 13-CV-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (citation omitted).

In *Dillon*, the Seventh Circuit identified several factors courts may consider in deciding whether to waive or reduce the bond requirement. *See Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988); *see also San Diego Comic Convention v. Dan Farr Prods.*, No. 14-CV-1865 AJB (JMA), 2018 WL 4852199, at *2 (S.D. Cal. Oct. 5, 2018) (discussing that courts within the Ninth Circuit apply the *Dillon* factors); *Sarver v. Hurt*

---

[1] State Defendants have appealed both the Court's merits decision and the attorneys' fee award. The motion at issue asks only that the Court stay enforcement of the attorneys' fee award pending appeal.

[2] The Court has continued the stay sua sponte for an additional sixty days since then. (ECF No. 390.)

23cv0768

*Locker LLC*, No. 2:10-cv-09034-JHN-JCx, 2012 WL 12892147, at *3 (C.D. Cal. Feb. 2, 2012) (collecting cases).

The *Dillon* factors include:

> (1) The complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

866 F.2d at 904–05 (citation modified).

## III.   ANALYSIS

State Defendants argue for an unsecured stay because: California has an established appropriations process for paying judgments and the State's ability to pay is beyond doubt, making a bond wasteful.

Plaintiffs respond that the appropriations process is cumbersome and legislature dependent. And State Defendants' objection to the fee award is weak on the merits. Plaintiffs ask the Court to deny the stay or set a bond if a stay is granted.

The first *Dillon* factor—the complexity of the collection process—weighs in favor of an unsecured stay of the fee award against State Defendants. When a government entity is solvent, courts have granted unbonded stays given established processes for paying settlements and judgments. *See Est. of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1038 (E.D. Cal. 2020) ("[T]he Court sees no need for embarking on that murky path given the remoteness of the risk that [the City of] Fresno will become insolvent while the appeal in this case is pending.").

Here, the California Legislature has an established process for appropriating funds to pay judgments against it and has routinely used that process to satisfy settlements and judgments. *See*, *e.g.*, S.B. 251, 2025–26 Reg. Sess. (Cal. 2025) (appropriating $1,221,491.30 from the General Fund to satisfy the court's adverse judgment against the

state government); S.B. 1481, 2023–24 Reg. Sess. (Cal. 2024) (appropriating $19,289,000.00 from the General Fund to satisfy the court's adverse judgment against the state government).

Plaintiffs assert that some courts have found a government entity's appropriation process too uncertain to support an unsecured stay. In those cases, however, additional factors exacerbated the courts' underlying concerns with the appropriation process. *See Contreras v. City of Los Angeles*, No. 2:11-CV-1480-SVW-SH, 2013 WL 12474477, at *3 (C.D. Cal. May 20, 2013) (holding that an unsecured stay was not warranted in part because of uncertainty in the City of Los Angeles' finances); *Lewis v. Kern Cnty.*, No. 1:21-CV-00378-KES-CDB, 2025 WL 1865995, at *4 (E.D. Cal. July 7, 2025) (holding that an unsecured stay was not warranted where the defendant neglected to address the *Dillon* factors). Given that the present case contains no additional factors to raise suspicion of the appropriation process, the Court has no reason for heightened doubt. Thus, the first *Dillon* factor weighs in favor of an unsecured stay.

The second *Dillon* factor—the time required to collect after affirmance—likewise favors an unsecured stay of the fee award against State Defendants. As discussed in the first factor, California has an established process through which adverse judgments are paid, which bolsters the likelihood that Plaintiffs will be paid after appeal.

In arguing the heightened risk of delayed payment, Plaintiffs rely on a single state court case from over forty years ago. In *Mandel*, the California Legislature refused to appropriate funds to satisfy a fee award, resulting in additional litigation and an appeal in California state court to enforce payment, leading to a delay of nearly eight years before payment was made. *See Mandel v. Myers*, 29 Cal. 3d 531, 542, 547 (1981). But that concern does not justify requiring a bond here. In the four decades since *Mandel*, courts have permitted government entities to proceed on appeal without a supersedeas bond where the entity provides adequate assurance it will pay the judgment. *See, e.g.*, *Manriquez v. Vangilder*, No. 16-CV-01320-HSG, 2021 WL 1749915, at *2 (N.D. Cal. May 4, 2021) (waiving the bond requirement where the state confirmed it would pay the fee award "as it

- 4 -

always does," and the plaintiffs offered no reason to discredit that assurance). Here, State Defendants have affirmed their willingness to pay, stating that there is "no question as to the State's willingness or ability" to satisfy the judgment. (Reply 5:22, ECF No. 389; *see* Mot. 5:17–19, ECF No. 384.) This statement provides assurance. The second factor, accordingly, weighs in favor of an unsecured stay.

The third *Dillon* factor—the Court's degree of confidence that funds will be available to satisfy the judgment—favors an unsecured stay of the judgment against State Defendants. Where a government entity has greater resources than needed to satisfy a judgment, courts have reasoned this factor supports granting an unsecured stay. *See Ramirez v. Escondido Unified School District*, No. 11-cv-1823-DMS(BGS), 2014 WL 12675341, at *2 (S.D. Cal. Apr. 17, 2014) (granting an unsecured stay where the government entity demonstrated "more than sufficient funds to satisfy the judgment").

Here, State Defendants point to the $228 billion allotted to the General Fund in the 2025–26 California State Budget as evidence of the State's capacity to pay the adverse judgment. (Bruck Decl. at 8, Ex. A, ECF No. 384-2.) As such, California's General Fund is tens of thousands of times larger than the fee award. *See Manriquez*, 2021 WL 1749915, at *2 ("[T]he Court agrees that the State's ability to pay the modest award in this case is so plain that the cost of bond would be a waste of money."). And, as discussed in the second *Dillon* factor, California has appropriated funds in both lesser and greater amounts. For this reason, California has provided confidence that funds will be available to satisfy the judgment. The third factor, therefore, weighs in favor of an unsecured stay.

The fourth *Dillon* factor—whether the defendant's ability to pay is so plain that the cost of a bond would be a waste of money—also favors an unsecured stay of the judgment. Where a public entity's ability to satisfy the judgment is clear and certain, requiring it "to post a bond would be a waste of public resources." *Safeco Ins. Co. of Am. v. Cnty. of San Bernardino*, No. 05-cv-194, 2007 WL 9719254, at *3 (C.D. Cal. July 27, 2007). Here, given the State's demonstrated financial capacity and the absence of any serious dispute regarding its ability to satisfy the judgment, as discussed under the third *Dillon* factor, State

- 5 -

Defendants' ability to pay is clear. Requiring a supersedeas bond would therefore impose unnecessary costs on public funds. *See Jones v. Nat'l R.R. Passenger Corp.*, No. 15-CV-02726-TSH, 2025 WL 2689262, at *7 (N.D. Cal. Sept. 18, 2025) (noting that "the fact that the cost of any bond premium would be 'imposed onto California's taxpayers' is salient" (citation omitted)). The fourth factor weighs in favor of an unsecured stay.

Finally, the fifth *Dillon* factor—whether requiring a bond would place other creditors in an insecure position—does not carry significant weight here. Neither party has identified other creditors who would be harmed if the Court stayed the fee award or required security.

On balance, the *Dillon* factors support extending the stay without requiring State Defendants to post a bond or other security. The record shows that California has an established process for paying judgments and that the State has financial capacity to satisfy the fee award; moreover, Plaintiffs have not indicated a risk of nonpayment or substantial delay. Accordingly, the Court grants the stay and exercises its discretion to waive the requirement of a bond in this case pending State Defendants' appeal.

## IV. CONCLUSION

For the foregoing reasons, State Defendants' motion to stay execution of the attorneys' fee award without a supersedeas bond is **GRANTED**. (ECF No. 384.)

**IT IS SO ORDERED.**

DATED: August 13, 2026

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

23cv0768